UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
(NORTHERN DIVISION)

RECEIVED

2006 OCT 11 P 3: 59

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA.

**STATE OF ALABAMA**

**Plaintiff,**

v.

**ABBOTT LABORATORIES, INC.;
AGOURON PHARMACEUTICALS, INC.;
ALCON LABORATORIES, INC.;
ALLERGAN, INC.; ALPHARMA, INC.;
ALZA CORPORATION; AMGEN, INC.;
ANDRX PHARMACEUTICALS, INC.;
ASTRAZENECA PHARMACEUTICALS LP;
ASTRAZENECA LP; AVENTIS
PHARMACEUTICALS, INC.; AVENTIS
BEHRING, L.L.C.; BARR LABORATORIES,
INC.; BAXTER HEALTHCARE
CORPORATION; BAXTER
INTERNATIONAL, INC.; BAYER
CORPORATION; BAYER
PHARMACEUTICALS CORPORATION;
BAYER HEALTHCARE, LLC; BIOVAIL
PHARMACEUTICALS, INC.; BOEHRINGER
INGELHEIM CORPORATION;
BOEHRINGER INGELHEIM
PHARMACEUTICALS, INC.; BRISTOL-
MYERS SQUIBB COMPANY; DEY, L.P.;
EISAI, INC.; ENDO PHARMACEUTICALS,
INC.; ETHEX CORPORATION; FOREST
LABORATORIES, INC.; FOREST
PHARMACEUTICALS, INC.; FUJISAWA
HEALTHCARE, INC.; FUJISAWA USA,
INC.; G.D. SEARLE, L.L.C.; GENZYME
CORPORATION; GILEAD SCIENCES, INC.;
HOFFMAN-LAROCHE, INC.; IMMUNEX
CORPORATION; IVAX CORPORATION;
IVAX PHARMACEUTICALS, INC.;
JANSSEN PHARMACEUTICA PRODUCTS,
LP; JOHNSON & JOHNSON; KING
PHARMACEUTICALS, INC.; MCNEIL-PPC,
INC.; MEDIMMUNE, INC.; MERCK & CO.,**

Civil Action No. 2:06cv920 - MEF

[Case No. CV-05-219 in the Circuit
Court of Montgomery County,
Alabama]

**NOTICE OF REMOVAL**

INC.; MONARCH PHARMACEUTICALS,
INC.; MYLAN LABORATORIES, INC.;
MYLAN PHARMACEUTICALS, INC.;
NOVARTIS PHARMACEUTICALS
CORPORATION; NOVO NORDISK
PHARMACEUTICALS, INC.; ORGANON
PHARMACEUTICALS USA, INC.; ORTHO
BIOTECH PRODUCTS, LP; ORTHO-
MCNEIL PHARMACEUTICAL, INC.; PAR
PHARMACEUTICAL, INC.; PFIZER, INC.;
PHARMACIA CORPORATION;
PHARMACIA & UPJOHN COMPANY
CORPORATION; PURDUE PHARMA, L.P.;
PUREPAC PHARMACEUTICAL CO.;
ROCHE LABORATORIES, INC.; ROXANE
LABORATORIES, INC.; SANDOZ, INC.;
SANOFI-SYNTHELABO, INC.; SCHERING-
PLOUGH CORPORATION; SMITHKLINE
BEECHAM CORPORATION D/B/A GLAXO-
SMITHKLINE; TAKEDA
PHARMACEUTICALS NORTH AMERICA,
INC.; TAP PHARMACEUTICAL
PRODUCTS, INC.; TEVA
PHARMACEUTICALS USA, INC.; UDL
LABORATORIES, INC.; WARRICK
PHARMACEUTICALS CORPORATION;
WATSON LABORATORIES, INC.; WATSON
PHARMA, INC.; WATSON
PHARMACEUTICALS, INC.; WYETH, INC.;
WYETH PHARMACEUTICALS, INC.; ZLB
BEHRING, L.L.C., and FICTITIOUS
DEFENDANTS 1 through 200, whose true
names are not presently know, but who are
manufacturers, distributors, marketers, and/or
sellers of prescription drugs who reported or
caused to be reported false and inflated pricing
information to industry publishers upon which
information the Alabama Medicaid Agency
relied in reimbursing providers for the
dispensing of such drugs, and whose true names
will be added upon discovery,

Defendants.

Pursuant to 28 U.S.C. § 1441 *et seq.*, 28 U.S.C. §§ 1331 and 1367(a), and

31 U.S.C. § 3732(b), Defendant Dey, L.P. ("Dey") hereby gives notice of removal of this

civil action from the Circuit Court of Montgomery County, Alabama (the "State of

Alabama Action") to the United States District Court for the Middle District of

Alabama.[1]

## I.   THIS COURT HAS ORIGINAL JURISDICTION OF THIS ACTION PURSUANT TO 31 U.S.C. § 3732(b) AND 28 U.S.C. § 1331

1.    On September 11, 2006, the United States delivered to Dey's

counsel the unsealed complaint in an action entitled *United States of America ex rel. Ven-

A-Care of the Florida Keys, Inc. v. Dey, Inc. et al.*, Civil Action No. 05-11084-MEL (D.

Mass.) (the "Federal *Qui Tam* Action"). The unsealed complaint alleges that the "United

States brings this action to recover treble damages and civil penalties under the False

Claims Act ("FCA"), 31 U.S.C. § 3729-33 . . . ." Federal *Qui Tam* Action Complaint at ¶

1. (A copy of the unsealed complaint in the Federal *Qui Tam* Action is annexed hereto as

Exhibit A.)

2.    One of the FCA provisions under which the United States is suing

Dey provides that:

> The district courts shall have jurisdiction over any action
> brought under the laws of any State for the recovery of
> funds paid by a State or local government *if the action*

---

[1]    Notices of removal or supplemental notices of removal are being filed contemporaneously in similar actions pending in the following jurisdictions in addition to Alabama:  Arizona, Florida, Hawaii, Illinois, Kentucky, Mississippi, Nevada, Ohio, Pennsylvania, South Carolina, Wisconsin, and in three actions brought in the courts of the State of New York by the counties of Erie, Oswego, and Schenectady. Dey intends to notify the *Judicial Panel on Multidistrict Litigation* ("JPML") that this action is closely related to several actions pending before the United States District Court for the District of Massachusetts, which has been designated by the JPML to oversee the federal pricing litigation and where the Department of Justice has two pending actions relating to Average Wholesale Price.

> *arises from the same transaction or occurrence as an*
> *action brought under section 3730 [of Title 31].*

31 U.S.C. § 3732(b) (emphasis added).

      3.     The United States brought the Federal *Qui Tam* Action against Dey

pursuant to an Order by the United States District Court for the District of Massachusetts

dated September 9, 2006 (the "September 9 Order"), granting, *inter alia*, the motion of

the United States to lift the seal and serve the unsealed complaint in the Federal *Qui Tam*

Action on Dey. (A copy of the September 9 Order is attached hereto as Exhibit B.)

      4.     The Federal *Qui Tam* Action arises from the same alleged

transactions and occurrences that form the basis for the State of Alabama Action against

Dey.

      5.     The State of Alabama Action seeking recovery of funds paid by

Alabama has become removable under 28 U.S.C. §§ 1441 and 1446 because the district

courts of the United States have original jurisdiction over the State of Alabama Action

pursuant to 31 U.S.C. § 3732(b) and 28 U.S.C. § 1331. Dey is filing this notice of

removal within thirty (30) days of its receipt of the September 9 Order and the unsealed

Federal *Qui Tam* Complaint against it, and removal is therefore timely. 28 U.S.C. §

1446(b). Any claims in this action over which the Court does not have original

jurisdiction under 31 U.S.C. § 3732(b) and 28 U.S.C. § 1331 are within the Court's

supplemental jurisdiction under 28 U.S.C. § 1367(a).

      6.     Pursuant to 28 U.S.C. § 1446(a) and Local Rule 81.1, annexed

hereto as Exhibit C is a true and correct copy of Plaintiff's Second Amended Complaint

in this action along with all other process, pleadings, and orders heretofore served upon

Defendants in this action.

- 4 -

In further support of removal to this Court, Dey states:

7.      Both the State of Alabama Action and the Federal *Qui Tam* Action alleged that Dey fraudulently manipulated its published drug prices as part of an unlawful scheme to increase sales by guaranteeing excessive Medicaid reimbursement to providers selling Dey products. *See, e.g.*, Second Amended Complaint at ¶¶ 1, 103; Federal *Qui Tam* Complaint at ¶¶ 3, 50. Dey denies all of these allegations.[2]

8.      The Medicaid program is a joint federal and state program that provides medical coverage for the indigent and disabled. *See* Federal *Qui Tam* Complaint at ¶¶ 17-18[3]; Second Amended Complaint at ¶ 98; *see also* 42 U.S.C. §§ 1396a, 1396d(b).

9.      Alabama provides coverage for prescription pharmaceutical products, including drugs sold by Dey, as part of the Medicaid program. *See* Federal *Qui Tam* Complaint at ¶ 21; Second Amended Complaint at ¶¶ 1, 99.

10.     Local drug providers – primarily retail pharmacies – dispense prescription drugs to Medicaid beneficiaries and then submit a claim for reimbursement to the Medicaid program for the state in which they are located. *See* Second Amended Complaint at ¶¶ 99-100; Federal *Qui Tam* Complaint at ¶¶ 30-32.

11.     Under federal supervision and within limits set by the federal Medicaid regulations, reimbursement for prescription drugs dispensed to Medicaid beneficiaries is set by the states pursuant to formulas adopted by the state and approved at

---

[2]     The Federal *Qui Tam* Action also contains allegations concerning the federal Medicare program. The alleged "scheme" concerning Medicare set forth in the Federal *Qui Tam* Action is substantially similar to the "scheme" alleged with regard to the Medicaid program in both the Federal *Qui* Tam Action and the Second Amended Complaint in this action.

[3]     This citation refers to paragraph 17-18 under heading VI, subheading A in the Federal *Qui Tam* Complaint.

the federal level by the Secretary of the Department of Health and Human Services. *See*

42 C.F.R. §§ 447.301, 447.331-447.333; *see also* Federal *Qui Tam* Complaint at ¶¶ 37-

38. Alabama alleges that it calculates the reimbursement for pharmaceuticals dispensed

to Alabama Medicaid beneficiaries according to "statutory and administrative formulas."

Second Amended Complaint ¶¶ 99-100. The same formulas are alleged in the Federal

*Qui Tam* Complaint. *Compare* Federal *Qui Tam* Complaint at ¶¶ 37-41 *with* Second

Amended Complaint at ¶¶ 99-100.

12.    Alabama alleges that its Medicaid reimbursement formula relied,

in part, on prices set by Dey and other manufacturers to reimburse Alabama pharmacies

and other Alabama drug providers. *See* Second Amended Complaint at ¶ 100. These

reported benchmark prices are known in the industry by two commonly used acronyms

alleged in the Second Amended Complaint: AWP and WAC. The letters AWP stand for

"average wholesale price"; and WAC stands for "wholesale acquisition cost." *Id.* The

Federal *Qui Tam* Complaint makes the same allegations. *See, e.g.*, Federal *Qui Tam*

Complaint at ¶¶ 39, 42, 50.

13.    The Medicare Part B program is a federal program which provides

medical coverage for the elderly and disabled. Federal *Qui Tam* Complaint at ¶ 24;

Second Amended Complaint at ¶ 101; *see also* 42 U.S.C. § 1396k.

14.    The Medicare Part B program also provides coverage for certain

prescription pharmaceutical products, including drugs sold by Dey. Federal *Qui Tam*

Complaint at ¶¶ 25-26, 48; Second Amended Complaint at ¶¶ 99, 101-02. For covered

drugs, the Medicare Part B program pays 80% of the cost of covered pharmaceutical

products and the beneficiaries pay the remaining 20%. *See id.*

15.    Alabama, through its Medicaid program, pays drug providers the 20% co-payment for drugs dispensed under the Medicare Part B program for those Alabama residents who qualify for both Medicaid and Medicare, subject to a limit equal "to the amount Alabama Medicaid would have paid if it were the only payor." Second Amended Complaint at ¶ 99.

16.    Medicare reimbursement under the Part B program is governed by federal statutes and regulations. *See* Federal *Qui Tam* Complaint at ¶¶ 45-48; 42 U.S.C. § 1395u; 42 C.F.R. §§ 405.517 (1992-2004), 414.707 (2005). The Federal *Qui Tam* Complaint alleges that from 1992 through January 1, 2005, these reimbursement statutes and regulations provided reimbursement based, in part, on AWPs allegedly set by manufacturers, such as Dey. *See* Federal *Qui Tam* Complaint at ¶¶ 45-47. Thus, an allegedly "inflated" AWP would lead to allegedly "inflated" amounts of reimbursement for co-payments, including any co-payments paid by a state Medicaid program, such as Alabama's Medicaid program, as the same underlying transaction is allegedly at issue.

17.    The Federal *Qui Tam* Action and the Alabama Action both allege that Dey reports to certain publishers the AWP and WAC prices for its products. *See, e.g.*, Second Amended Complaint at ¶ 103; Federal *Qui Tam* Complaint at ¶¶ 50-51.

18.    The Federal *Qui Tam* Complaint alleges that the "AWPs and WACs relied upon by State Medicaid programs have generally been those published by" Thompson Publishing (*Red Book*), First DataBank (*Blue Book*), and Medi-Span, Inc. (*Hospital Formulary Pricing Guide*). Federal *Qui Tam* Complaint at ¶ 42. Alabama alleges that its Medicaid program relies on the AWPs and WACs published by First

DataBank in the *Blue Book* and AWPs and WACs published in the *Red Book*. Second Amended Complaint at ¶ 103.

19.    The central allegation underlying both the State of Alabama Action and the Federal *Qui Tam* Action are that Dey intentionally reported "inflated" AWP and WAC prices to these pharmaceutical pricing publishers, including First DataBank, and that these allegedly "inflated" prices caused the United States and Alabama's Medicaid program to pay excessive reimbursement to providers for drugs dispensed to beneficiaries of the Medicaid program and to qualified beneficiaries of the Medicare Part B program. *Compare* Second Amended Complaint at ¶¶ 103-07 *with* Federal *Qui Tam* Complaint at ¶¶ 50-61.

20.    Both Alabama, in this action, and the United States, in the Federal *Qui Tam* Action, seek to recover from Dey alleged overpayments made by the Medicaid program for each and every Medicaid pharmaceutical claim in Alabama for a Dey product dispensed or administered by a pharmacy or other health care provider. The amount of these alleged overpayments in Alabama, if any, has been paid by Alabama and the federal government since the federal government is responsible for a portion of Alabama's Medicaid costs. *See* 42 U.S.C. § 1396a; 42 U.S.C. § 1396d(b); Federal *Qui Tam* Complaint at ¶ 18[4]; Second Amended Complaint at ¶ 98.

21.    On or about January 26, 2005, the State of Alabama filed this action in the Circuit Court of Montgomery County, Alabama (Case No. CV-05-219).

22.    The State of Alabama Action could not be removed by Dey to the United States District Court on the grounds set forth herein until September 11, 2006

---

[4]    This citation refers to paragraph 18 under heading VI, subheading A in the Federal *Qui Tam* Complaint.

because the Federal *Qui Tam* Action remained under seal and the Government had not

intervened against Dey. By virtue of the Government's intervention, the unsealing of the

Federal *Qui Tam* Complaint against Dey, and delivery of the unsealed Federal *Qui Tam*

Complaint to Dey's counsel on September 11, 2006 pursuant to the September 9 Order

directing service and severing the claims of the United States from the Relator's, the

State of Alabama Action became removable, on September 11, 2006, under 28 U.S.C. §§

1441 and 1446(b) on the grounds that an action under 31 U.S.C. § 3730 had been brought

against Dey and a federal question was created under 28 U.S.C. § 1331.

## II.    PRIOR PROCEEDINGS IN THE STATE OF ALABAMA ACTION

23.    Dey was served with the summons and complaint in this action on

or about April 13, 2005.

24.    On or about April 14, 2005, the State of Alabama filed its First

Amended Complaint in this action.

25.    On or about April 29, 2005, Dey served and filed a motion to

dismiss the claims in this action or, in the alternative, a motion for a more definite

statement. The other Defendants also filed motions to dismiss on or about April 28 and

April 29, 2005, and June 19, 2006, with most of the other Defendants also filing, in the

alternative, motions for a more definite statement.

26.    While the motions to dismiss were pending, Defendants, on or

about July 13, 2005, removed this action to the United States District Court for the

Middle District of Alabama. The grounds for the July 13, 2005 removal were different

from the grounds alleged in this notice.

27.    On or about July 21, 2005, Alabama moved to remand this action. This action was remanded to the Circuit Court of Montgomery County, Alabama, on or about August 11, 2005.

28.    On September 30, 2005, a hearing was held on the motions to dismiss or for a more definite statement, and on or about October 13, 2005 all of the Defendants' motions to dismiss were denied and the motions for a more definite statement were granted, in part, and Alabama was ordered to amend its complaint.

29.    On or about January 11, 2006, the State of Alabama filed its Second Amended Complaint. The Second Amended Complaint did not contain grounds that would have made it removable.

30.    On or about January 30, 2006, Dey filed its answer to the Second Amended Complaint.

31.    On or about September 15, 2006, Dey filed a motion to sever or for separate trial and its opposition to the state's proposed trial tracks.

32.    On or about September 28, 2006, the Alabama state court denied Dey's motion to sever or for a separate trial and denied similar motions filed by certain of the other Defendants, finding that "there are questions of law and facts common to all the parties and that the transactions and occurrences in question all dealt with the Alabama Medicaid Agency . . . ." *See State of Alabama v. Abbott Laboratories, Inc.*, et al., No. CV-05-219 (Ala. Cir. Ct. filed Sept. 29, 2006). (A copy of the state court's Order is annexed hereto as Exhibit D.)

## III.   THE GROUNDS OF THE JULY 13, 2005 REMOVAL ARE DIFFERENT THAN THE GROUNDS ALLEGED IN THIS NOTICE

33.   The July 13, 2005 removal was based on the premise that there existed federal question jurisdiction in this action pursuant to *Grable & Sons Metal Prods., Inc. v. Darue Engineering & Manufacturing*, 125 S. Ct. 2363 (June 13, 2005).

34.   In the August 11, 2005 Order remanding this action, the court held that:

> After careful consideration of the state-law claims
> presented in this case, the court does not believe that the
> claims "necessarily raise a stated federal issue, actually
> disputed and substantial, which a federal forum may
> entertain without disturbing any congressionally approved
> balance of federal and state judicial responsibilities."

*State of Alabama v. Abbott Laboratories, Inc., et al.*, No. 2:05cv647-T (M.D. Ala. Filed Aug. 11, 2005) (quoting *Grable & Sons Metal Prods., Inc.*, 125 S. Ct. at 2368 (June 13, 2005)).  (A copy of the August 11 Order is annexed hereto as Exhibit E).  Here, the grounds for removal are different.

35.   The basis for removal under the FCA, as alleged in this notice, was not previously presented, argued or considered.

## IV.   THE NOTICE OF REMOVAL IS TIMELY

36.   Dey's counsel first received on September 11, 2006 a copy of the unsealed United States' Complaint filed against Dey in the Federal *Qui Tam* Action.[5]

37.   Prior to September 11, 2006, Dey had not received any other paper advising it that the Federal *Qui Tam* Action was unsealed as against Dey.

38.   This Notice of Removal is timely because it has been filed within 30 days of Dey's first receipt of the pleading, order, and other paper from which Dey was

---

[5]   Dey did not receive a copy of the September 9, 2006 Order until after September 11, 2006.

first able to ascertain that the State of Alabama Action had become removable, pursuant to 28 U.S.C. § 1446(b), and removal is not based on 28 U.S.C. § 1332. While citizenship of Defendants is not relevant to a removal based on federal question jurisdiction, we note that no Defendant in the State of Alabama Action is a citizen of Alabama.

39.    The Federal *Qui Tam* Action is "an action brought under section 3730" of Title 31 in that it asserts claims on behalf of the relator, Ven-A-Care of the Florida Keys, Inc. ("Ven-A-Care"), and the United States for alleged violations of 31 U.S.C. § 3729. *See* 31 U.S.C. § 3730(b)(1); *see also* Federal *Qui Tam* Complaint at ¶¶ 62-64, 65-67. The State of Alabama Action also now presents a federal question by virtue of the Federal Government's assertion in the Federal *Qui Tam* Action of the same claims asserted by Alabama.

## V.    REMOVAL WILL PERMIT THIS ACTION TO BE LITIGATED ALONG WITH THE FEDERAL *QUI TAM* AND OTHER SIMILAR PRICING ACTIONS CONSOLIDATED IN A MULTIDISTRICT LITIGATION

40.    State law actions arising in connection with a *qui tam* action should be litigated in a single forum. *See United States ex rel. LaCorte v. Merck & Co.*, 99-3807, 2004 U.S. Dist. LEXIS 4860, *25 (E.D. La. Mar. 24, 2004) (granting state's motion to intervene in a false claims act suit concerning alleged excess Medicaid expenditures for a drug because, among other things, "it would serve judicial economy to finalize the matter . . . in one action as opposed to requiring the State to file a separate action . . . based on the same facts."). 31 U.S.C. § 3732(b) creates federal subject matter jurisdiction for related state actions.

41.    31 U.S.C. § 3730(c) provides that the United States Government shall have "primary responsibility" for prosecuting the Federal *Qui Tam* Action, which encompasses the claims asserted by Alabama in this action.

42.     In addition, though sealed, the Federal *Qui Tam* Action preceded the State of Alabama Action. Accordingly, this action must yield to the federal action in the event of any conflict. 31 U.S.C. § 3730(b)(5) provides "no person other than the Government may intervene or bring a related action based on the facts underlying the pending action [*i.e.*, a federal *qui tam* action]."

43.     This action is also virtually identical to other cases against Dey that have been transferred from district courts and consolidated in a multidistrict litigation proceeding, *In re Pharmaceutical Industry Average Wholesale Price Litigation*, MDL No. 1456 (the "AWP MDL"), which is currently pending before the Honorable Patti B. Saris in the United States District Court for the District of Massachusetts.

44.     The United States recently filed a Notice of Related Action in the Federal *Qui Tam* Action for the purpose of transferring that action to Judge Saris.

45.     Like this action, other cases now pending in the AWP MDL were originally filed in the state courts before removal to federal court and transfer to the AWP MDL. The AWP MDL currently includes similar actions brought by the States of California, Montana, Nevada and Arizona.[6] Dey will shortly notify the Judicial Panel on Multidistrict Litigation that this action is closely related to those pending before Judge Saris in the AWP MDL and thus should be treated as a "tag-along action" within the meaning of the Rules of the Judicial Panel on Multidistrict Litigation.

---

[6]     As in the Federal *Qui Tam* Action, Ven-A-Care is the relator in *State of California ex rel. Ven-A-Care of the Florida Keys, Inc. v. Abbott Laboratories, Inc. et al.*, California's action against Dey (and other defendants), brought under the California False Claims Act, which is pending in the AWP MDL.

## VI.    ALL DEFENDANTS CONSENT TO REMOVAL

46.    All Defendants who have been served in the State of Alabama
Action consent to the removal of this action to this Court.  (Annexed hereto as Exhibit F
are each served Defendant's written consent to removal of the State of Alabama Action to
this Court.)

47.    The District Court also will have supplemental jurisdiction,
pursuant to 28 U.S.C. § 1367(a), over the claims asserted against the other Defendants in
this action.  Original jurisdiction exists over the claims in this action asserted against
Dey.  The state court has denied Defendants' numerous motions to sever or for separate
trials.  (*See* Exhibit D.)  The Defendants' time to seek review of the state court's denial of
their motions to sever or for separate trials has not yet run.  In denying the motions to
sever, the state court has ruled that the claims against the other Defendants are part of the
same case and controversy.   This Court has supplemental jurisdiction over those claims
pursuant to 28 U.S.C. § 1367(a).

48.    No Defendant waives any defense to the Complaint, including but
not limited to lack of service, improper service or lack of personal jurisdiction.

## VII.    COMPLIANCE WITH 28 U.S.C. § 1446(d)

49.    Pursuant to 28 U.S.C. § 1446(d), Dey shall file a copy of this
Notice of Removal with the Clerk of the Court of the Circuit Court of Montgomery
County, Alabama and will serve all counsel of record in this action with this Notice of
Removal promptly after its filing.

**WHEREFORE**, Dey notices the removal of this case to the United States
District Court for the Middle District of Alabama pursuant to 28 U.S.C. § 1441 and 31
U.S.C. § 3732(b).

NY01/MALOMJ/1138650.5

Dated this  11th  day of October, 2006.

                                        Respectfully Submitted,


Of Counsel:
                                        Joseph W. Letzer (LET002)
Paul F. Doyle                           Gary M. London (LON001)
William A. Escobar                      Burr & Forman LLP
Neil Merkl                              420 North 20th Street
Christopher C. Palermo                  Suite 3100 SouthTrust Tower
KELLEY DRYE & WARREN LLP                Birmingham, Alabama 35203-5206
101 Park Avenue                         Telephone: (205) 251-3000
New York, NY 10178                      Facsimile: (205) 458-5100
Phone: (212) 808-7800
Facsimile: (212) 808-7897               Warren C. Matthews (MAT030)
                                        Burr & Forman LLP
                                        Suite 1950, RSA Tower
                                        201 Monroe Street
                                        Montgomery, Alabama 36104
                                        Telephone: (334) 241-7000
                                        Facsimile: (334) 262-0020

                                        Attorneys for Dey, L.P.

NY01/MALOMI/1138650.5

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing *Notice of Removal* (the "Removal") upon Plaintiff's counsel by placing a copy in the United States Mail, postage prepaid, and properly addressed this the 11th day of October, 2006.

Troy King
ATTORNEY GENERAL
STATE OF ALABAMA
300 State House
11 S. Union Street
Montgomery, Alabama 36130
(334) 242-7300

Jere L. Beasley (BEA020)
W. Daniel "Dee" Miles, III (MIL060)
Clinton C. Carter (CARL 12)
Roger L. Bates (BAT006)
Caine O'Rear III (ORE003).
Windy C. Bitzer (BIT005)
DEPUTY ATTORNEY GENERALS

BEASLEY, ALLEN, CROW,
METHVIN, PORTIS & MILES, P.C.
Post Office Box 4160 (36103-4160)
272 Commerce Street
Montgomery, Alabama 36104
(334) 269-2343
(334) 954-7555 – fax

HAND ARENDALL, L.L.C.
1200 Park Place Tower
2001 Park Place North
Birmingham, Alabama 35203.
(205) 324-4400
(205) 322-1163 – fax

HAND ARENDALL, L.L.C.
Post Office Box 123
Mobile, Alabama 36601
(251) 432-5511
(251) 694-6375 – fax

*Attorneys for Plaintiff*

1508349

I further certify that, in accordance with an agreement among defense counsel, I have served a copy of the Removal by electronic mail upon counsel for each of the remaining parties listed below on the same date.



OF COUNSEL

Toni-Ann Citera
JONES DAY
222 East 41st Street
New York, New York 10017-6702

James R. Daly
J. Ryan Mitchell
Daniel E. Reidy.
JONES DAY
77 West Wacker Drive, Suite 3500
Chicago, Illinois 60601

Betsy Collins
Leah Pointer
ALSTON & BIRD LLP
One Atlantic Center
1201 West Peachtree Street
Atlanta, Georgia 30309-3424

*Attorneys for Defendants Abbott Laboratories, Inc. and TAP Pharmaceutical Products, Inc.*

Philip H. Butler
George R. Parker
BRADLEY ARRANT ROSE & WHITE LLP
Alabama Center for Commerce
401 Adams Avenue, Suite 780
Montgomery, Alabama 36104

John C. Dodds
Kimberly K. Heuer
MORGAN LEWIS & BOCKIUS LIP
1701 Market Street
Philadelphia, Pennsylvania 19103
Scott A. Stempel
MORGAN LEWIS & BOCKIUS LLP
111 Pennsylvania Avenue NW
Washington, DC 20004

*Attorneys for Defendants Agouron Pharmaceuticals, Inc. and G.D. Searle, LLC*

Archibald Reeves, IV
Edward S. Sledge, III
MCDOWELL KNIGHT ROEDDER & SLEDGE, L.L.C.
63 South Royal Street, Suite 900
Mobile, Alabama 36602

*Attorneys for Defendant Alcon Laboratories, Inc.*

Richard Raskin
Michael Doss
SIDLEY AUSTIN BROWN & WOOD
Bank One Plaza
10 South Dearborn Street
Chicago, Illinois 60603

Fred M. (Tripp) Haston, III
BRADLEY ARANT LLP
One Federal Place
1819 Fifth Avenue North
Birmingham, Alabama 35203

*Attorneys for Defendants Allergan, Inc., Bayer Corporation, Bayer Pharmaceuticals
Corporation, Bayer Healthcare, LLC, and Novo Nordisk Pharmaceuticals, Inc.*

John R. Fleder
HYMAN, PHELPS & MCNAMARA, P.C.
700 Thirteenth Street, N.W., Suite 1200
Washington, D.C. 20005

Steven F. Casey
Christopher F. Heinss
BALCH & BINGHAM LLP
Post Office Box 306
Birmingham, Alabama 35201-0306.

Donald R. Jones, Jr.
ATTORNEY AT LAW
2000 Interstate Park Drive, Suite 104
Montgomery, Alabama 36109

*Attorneys for Defendants Alpharma, Inc. and PurePac Pharmaceutical Co.*

Andy Schau
PATTERSON BELKNAP WEBB

3

& TYLER LLP
1133 Avenue of the Americas
New York, New York 10036-6710

James H. McLemore
Robert F. Northcutt
CAPELL HOWARD, PC
Post Office Box 2069
Montgomery, Alabama 36102-2069

*Attorneys for Defendant ALZA Corporation*


Joseph Hanison "Hank" Young
Steven F. Barley
HOGAN & HARTS ON LLP
111 S. Calvert Street, Suite 1600
Baltimore, Maryland 21202

Anthony A. Joseph •
JOHNSTON BARTON PROCTOR & POWELL LLP
2900 AmSouth/Harbert Plaza
1901 Sixth Avenue North
Birmingham, Alabama 35203-2618

*Attorneys for Defendant Amgen, Inc.*


James W. Matthews
Courtney A. Clark
Katy E. Koski
Robert J. Muldoon, Jr.
SHERIN LODGEN LLP
101 Federal Street
Boston, MA 02110

James H. Anderson
BEERS ANDERSON JACKSON
PATTY & VAN HEIST PC
Post Office Box 1988
Montgomery, Alabama 36102-1988

*Attorneys for Defendants Andrx Corporation and Andrx Pharmaceuticals, Inc.*


D. Scott Wise
Michael S. Flynn
Carlos M. Pelayo
Kimberly D. Harris

DAVIS POLK & WARD WELL
450 Lexington Avenue, Room 3055
New York, New York 10017

Thomas W. Christian
Sharon D. Stuart
CHRISTIAN& SMALL
1800 Financial Center
505 North  20th Street
Birmingham, Alabama 35203

*Attorneys for Defendants AstraZeneca Pharmaceuticals LP and AstraZeneca LP*


Carlos B. Provencio
SHOOK HARDY & BACON L.L.P.
Hamilton Square
600 14th Street, N.W., Suite 800
Washington, D.C. 20005-2004

Michael L. Koon
Nicola Heskett
Joseph G. Matye
SHOOK HARDY .& BACON L.L.P.
2555 Grand Blvd.
Kansas City, Missouri 6410.81

Richard H. Gill
Charles N. Gill
COPELAND, FRANCO, SCREWS & GILL, P.A.
Post Office Box 347
Montgomery, Alabama 36101-0347

William D. Nussbaum
Jonathon T. Rees
Gregory M. Petouvis
HOGAN & HARTSON, LLP
555 Thirteenth Street, NW
Washington, DC 20004

*Attorneys for Defendant Aventis Pharmaceuticals, Inc.*


Karen N. Walker
Barak Cohen
Edwin John U
KIRKLAND & ELLIS LLP
655 Fifteenth Street, N.W., Suite 1200
Washington, DC 20005

Bruce F. Rogers
BAINBRIDGE, MIMS, ROGERS & SMITH LLP
600 Luckie Drive
Post Office Box 530886
Birmingham, Alabama 35253

*Attorneys for Defendant Barr Laboratories, Inc.*


Merle M. DeLancey, Jr.
Jason D. Wallach
DICKSTEIN SHAPIRO MORIN
 & OSHINSKY LLP
2101 L Street,N.W.
Washington, DC 20037-1526

Julian R.. McClees
SIROTE & PERMUTE, P.C.
Post Office Box 55727
Birmingham, Alabama 35255:5727.

*Attorneys for Defendants Baxter Healthcare Corporation and Baxter International, Inc.*


Fred M. "Tripp" Haston, III
BRADLEY ARANT ROSE & WHITE LLP
One Federal Place
1819 Fifth Avenue North
Birmingham, Alabama. 35203

*Attorneys for Defendant Biovail Pharmaceuticals, Inc.*


Paul T. Coval
Alexandra T. Schimmer
VORYS SATER SEYMOUR & PEASE LLP
52 East Gay Street
Post Office Box 1008
Columbus, Ohio 43216-1008

Sandra G. Robinson
Jarrod J. White
CABANISS, JOHNSTON, GARDNER,
 DUMAS & O'NEAL
Post Office Box 2906
Mobile, Alabama 36652

*Attorneys for Defendants Boehringer Ingelheim Corporation, Boehringer Ingelheim
Pharmaceuticals, Inc. and Roxane Laboratories, Inc.*

Lyndon M. Tretter.
Steven M. Edwards
Thomas J. Sweeney, III
HOGAN & HARTS ON LLP
875 Third Avenue, Suite 2600
New York, New York 10022

Harlan I. Prater, IV
Stephen J. Rowe
LIGHTFOOT, FRANKLIN & WHITE LLC
The Clark Building
400 20th Street North
Birmingham, Alabama 35203-3200

*Attorneys for Defendant Bristol-Myers Squibb Company*


Joseph W. Letzer
Gary M. London
BURR & FORMAN LLP
3100 South Trust Tower
420North 20th Street
Birmingham, Alabama 35203
(205) 458-5272

Warren C. Matthews
BURR & FORMAN, LLP
RSA Tower
201 Monroe Street, Suite 1950
Montgomery, Alabama 36104


Joseph W. Letzer, Esq.
BURR & FORMAN LLP
3100 Wachovia Tower,
420 North 20th Street
South Trust Tower
Suite 3100
Birmingham, AL 35203


Paul F. Doyle
Christopher C. Palermo
Neil Merkl
KELLEY DRYE & WARREN LLP
101 Park Avenue
New York, New York 10178

*Attorneys for Defendant Dey, Inc.*

Brien T. O'Connor
E. Abim Thomas
Eric Paul Christofferson
ROPES & GRAY LLP
One International Place
Boston, Massachusetts 02110

Julia B. Cooper
BRADLEY ARANT ROSE & WHITE LLP
One Federal Place
1819 Fifth Avenue North, Suite 1100
Birmingham, Alabama 35203

*Attorneys for Defendants Elsai, Inc. and Genzyme Corporation*

William A. Davis
MITZ LEVIN COHN FERRIS, GLOVSKY & POPEO PC
701 Pennsylvania Avenue, N.W., Suite 900
Washington, DC 20004

Tabor R Novak, Jr.
BALL, BALL, MATTHEWS & NOVAK, P.A.
Post Office Box 2l48
Montgomery, Alabama 36102-2148

*Attorneys for Defendant Eli Lilly and Company*

Jonathan L. Stern
Nancy L. Perkins
David D. Fauver
Rebecca Lynne Dubin
Jessica Lynne Medina
Joel Ernest Richardson
ARNOLD & PORTER
Thurman Arnold Building
555 Twelfth Street, NW
Washington, DC 20004-1206

Robert S. Litt
Justin S. Antonipillai
Stephen S. Diamond
Emily N. Glatfelter
ARNOLD & PORTER
Thurman Arnold Building
555 Twelfth Street, NW

Washington, DC 20004-1206

Robert D. Eckinger
Lawrence B. Clark
Gilbert C. Steindorff, IV
ADAMS AND REESE/LANGE SIMPSON LLP
2100 Third Avenue, North, Suite 1100
Birmingham, Alabama 35203-3367

*Attorneys for Defendants Endo Pharmaceuticals, Inc., ETHEX Corporation, Gilead Sciences, Inc. and K-V Pharmaceutical Company*

Peter J. Venaglia
Brian Rafferty .
DORNBUSH SCHAEFFER, STRONGIN & WEINSTEIN LLP
747ThirdAvenue
New York, New York 10017

William H. Hardie, Jr.
JOHNS TONE, ADAMS, BAILEY,:
GORDON & HARRIS
Post Office Box 1988
Mobile, Alabama 36633-1988

*Attorneys for Defendants Forest Laboratories, Inc. and Forest Pharmaceuticals, Inc.*

Andrew L. Hurst
REED SMITH LLP
1301 K Street, N.W.
Suite 1100, East Tower
Washington, DC 20005

Michael T. Scott
REED SMITH LLP
2500 One Liberty Place
1650 Market Street
Philadelphia, Pennsylvania 19103-7301

Richard L. Sharff Jr.
BRADLEY ARANT LLP
One Federal Place
1819 5th Avenue North
Birmingham, Alabama 35203-2104

*Attorneys for Defendants Fujisawa Healthcare, Inc. and Fujisawa USA, Inc.*

Joseph P. H. Babington
Patrick C. Finnegan
Jason R. Watkins
HELMSING LEACH HERLONG
  NEWMAN ROUSE, PC
Post Office Box 2767
Mobile, Alabama 36652-2767

Ronald O. Dove, Jr.
Geoffrey D. Hobart
Mark H. Lynch
Jason R.. Litow
COVINGTON & BURLING
1201 Pennsylvania Avenue W
Washington, DC 2004

Frederick G. Herold
Valerie M. Wagner
DECHERT LLP
1117 California Avenue
Palo Alto, California 94304

Thomas H. Lee, III
DECHERT, LLP
4000 Bell Atlantic Tower
1717 Arch Street
Philadelphia, Pennsylvania 19103

Mark D. Seltzer
Sarah Anne Franklin
Mona M. Patel
HOLLAND & KNIGHT, LLP
Commercial Litigation Branch, Civil Div.
10 Saint James Avenue
Boston, MA 02116

*Attorneys for Defendants Glaxo Wellcome, Inc., GlaxoSmithKline, PLC and SmithKline
Beecham Corporation d/b/a GlaxoSmithKline*

Graciela M. Rodriguez
Kevin R. Sullivan
John D. Shakow
KING & SPALDING LLP
1730 Pennsylvania Avenue, NW
Washington, DC 20006-4706

Edward S. Sledge, W.
Archibald T. Reeves, IV

10

MCDOWELL, KNIGHT, ROEDDER. & SLEDGE,LLC.
Post Office Box 350
Mobile, Alabama 36601

*Attorneys for Defendants Hoffman-LaRoche, Inc. and Roche Laboratories, Inc.*

David J. Burman
Kathleen M. O'Sullivan
Zoe Philippides
PERKINS COIE LLP
1201 Third Avenue, Suite 4800
Seattle, Washington 98101-3099

W. Stancil Stames
Laura Howard Peck
STARNES & ATCHISON LLP
Post Office Box 5.8512
Birmingham, Alabama 35259-8512

*Attorneys for Defendant Immunex Corporation*

Bruce Wessel
Brian D. Ledahl
IRELL & MANELLA LLP
1800 Avenue of the Stars, Suite 900
Los Angeles, California 90067-4276

George W. Walker, III
COPELAND FRANCO SCREWS & GILL
Post Office Box 347
Montgomery, Alabama 36101-0347

*Attorneys for Defendants IVAX Corporation and IVAX Pharmaceuticals, Inc.*

Ortho Biotech Products, LP
James H. McLeinore
Robert F. Northcutt
CAPELL & HOWARD PC
Post Office Box 2069
Montgomery, Alabama 36102-2069

Andrew D. Schau
PATTERSON BELKNAP WEBB & TYLER LLP
1133 Avenue of Americas
New York, New York 11215

*Attorneys for Defendants Janssen Pharmaceutica Products, LP, Johnson & Johnson and McNeil-PPC, Inc.*

Gary R. Greenberg.
Louis J. Scerra, Jr.
GREENBERG TRAURIG LLP
One International Place
Boston, MA 02110

Sam B. Blair, Jr.
John B. Starnes
Lisa W. Borden
BAKER DONELSON BEARMAN CALDWELL & BERKOWITZ, P.C.
1600 South Trust Tower, 420 20th Street
Birmingham, Alabama 35203

*Attorneys for Defendants King Pharmaceuticals, Inc. and Monarch Pharmaceuticals, Inc.*

Steven M. Umin
James V. Hayes
WILLIAMS & CONNOLLY LU'
725 Twelfth Street, N.W.
Washington, DC 20005-5901

Lee H. Copeland
COPELAND, FRANCO, SCREWS & GILL, P.A.
Post Office Box 347
Montgomery, Alabama 36101-0347

*Attorneys for Defendant Medimmune, Inc.*

John M. Townsend
Robert P. Reznick
Robert B. Funkhouser
HUGHES HUBBARD & REED LLP
1775 I Street N.W.
Washington, DC 20006-2401

Robert C. (Mike) Brock
Robert A. Huffaker
F. Chadwick Morriss
RUSHTON, STAKELY, JOHNSON & GARRETT, PA.
184 Commerce Street
Montgomery, Alabama 36104

*Attorneys for Defendant Merck & Co., Inc.*

1508349                                    12

Joseph W. Letzer, Esq.
BURR & FORMAN LLP
3100 Wachovia Tower,
420 North 20th Street
South Trust Tower
Suite 3100
Birmingham, AL 35203
(205) 458-5272

William A. Escobar
Neil Merkl
Christopher C. Palermo
KELLEY DRYE & WARREN LLP
101 Park Avenue
New York, New York 10178\
(212) 808-7800

*Attorneys for Defendants Mylan Laboratories, Inc., Mylan Pharmaceuticals, Inc. and UDL Laboratories, Inc.*

Saul P. Morgenstern
Jane W. Parver
Mark D. Godler
KAYE SCHOLER LLP
425 Park Avenue
New York, New York 10022-3598

William D. Coleman
James N. Walter, Jr.
CAPELL & HOWARD, P.C.
Post Office Box 2069
Montgomery, Alabama 36102-2069

*Attorneys for Defendant Novartis Pharmaceuticals Corporation*

Edward S. Sledge, III
Archibald T. Reeves, IV
MCDOWELL, KNIGHT, ROEDDER & SLEDGE, LLC
Post Office Box 350
Mobile, Alabama, 36601

*Attorneys for Defendant Organon Pharmaceuticals USA, Inc.*

Richard M. Cooper
Paul K. Dueffert
Thomas J. Roberts
WILLIAMS & CONNOLLY LLP
725 12th Street, NW.
Washington, DC 20005

George W. Walker, III
COPELAND; FRANCO, SCREWS & GILL, P.A.
Post Office Box 347
Montgomery; Alabama 36101-0347

*Attorneys for Defendant Par Pharmaceutical, Inc.*

Scott A. Stempel
MORGAN LEWIS & BOCKIUS LLP
1111 Pennsylvania Avenue, N.W.
Washington, DC 20004

John C. Dodds
Kimberly K. Heuer
MORGAN, LEWIS & BOCKIUS LLP
1701 Market Street
Philadelphia, Pennsylvania 19103

Philip H. Butler
George R. Parker
BRADLEY ARANT ROSE & WHITE LLP
Alabama Center for Commerce Bldg.
401 Adams Avenue, Suite 780
Montgomery, Alabama 36104

*Attorneys for Defendants Pfizer, Inc., Pharmacia Corporation and Pharmacia & Upjohn Company*

Lori A. Schechter
Tiffany Cheung
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105-2482

Harlan L Prater, IV
Derrick A. Mills
Stephen I. Rowe
LIGHTFOOT, FRANKLIN & WHITE L.L.C.
The Clark Building.

400 20th Street North
Birmingham, Alabama 35203-3200

*Attorneys for Defendant Purdue Pharma, L.P.*


Wayne A. Cross
J. Michael Gallagher
Brendan Woodard
WHITE & CASE
1155 Avenue of the Americas
New York, New York 10036-2787

C. Clay Torbert, III
Chad W. Bryan
CAPELL & HOWARD, P.C.
Post Office Box 2069
Montgomery, Alabama 36102-2069


*Attorneys for Defendant Sandoz, Inc.*


Graciela M. Rodriguez
Kevin R. Sullivan
John D. Shakow
KING & SPALDING LLP
1730 Pennsylvania Avenue, N.W.
Washington, DC 20006-4706

Richard H. Gill
COPELAND, FRANCO, SCREWS & GILL P.A.
Post Office Box 347
Montgomery, Alabama 36101-0347

*Attorneys for Defendant Sanofi-Synthelabo, Inc.*


Brian T. O'Conner
John T. Montgomery
ROPES & GRAY LLP
One International Place
Boston, MA 02110

Christopher May
I. Steven Baughman
ROPES & GRAY LLP
One Metro Center
700 12th Street, NW
Washington, DC 20005

1508349                                    15

John A. Henig, Jr.
COPELAND, FRANCO, SCREWS & GILL, P.A.
Post Office Box 347.
Montgomery, Alabama 36101-0347

*Attorneys for Defendants Schering-Plough Corporation and Warrick Pharmaceuticals*
*Corporation*

Robert R. Stauffer .
Anthony C. Porcelli
JENNER & BLOCK LLP
1 IBM Plaza, Suite 4200
Chicago, Illinois. 60611

Joseph C. Espy, III
MELTON, ESPY & WILLIAMS
Post Office Drawer 5130
Montgomery, Alabama 36103

*Attorneys for Defendant Takeda Pharmaceuticals North America, Inc.*

Elizabeth I. Hack
T. Reed Stephens
SONNENSCHEIN NATH & ROSENTHAL LLP
B1301 K Street, NW, Suite 1600 North Tower
Washington, DC 20005

W. Joseph McCorkle, Jr.
BALCH & BINGHAM LLP
Post Office Box 78
Montgomery, Alabama 36101-0078

F. Inge Johnstone
BALCH & BINGHAM LLP
Post Office Box 306
Birmingham, Alabama 35201

*Attorneys for Defendant Teva Pharmaceuticals USA, Inc.*

Douglas B. Farquhar
HYMAN PHELPS & MCNAMARA, P.C.
700 Thirteenth Street, N.W., Suite .1200
Washington, DC 20005

Steven F. Casey
Christopher F. Heinss
BALCH & BINGHAM LLP

1508349                                    16

Post Office Box 306
Birmingham, Alabama 35201-0306

*Attorneys for Defendants Watson Laboratories, Inc., Watson Pharmaceuticals, Inc. and Watson Pharma, Inc.*

S. Craig Holden
Kelly J. Davidson
OBER, KALER, GRIMES & SHRIVER
120 East Baltimore Street
Baltimore, Maryland 21202-1643

Maibeth J. Porter
Lee E. Bains, Jr.
MAYNARD, COOPER & GALE, P.C.
2400 AmSouth/Harbert Plaza
1901 Sixth Avenue North
Birmingham, Alabama 35203-2618

Alvin Latham (Peck) Fox, Jr.
MAYNARD, COOPER & GALE, P.C.
201 Monroe Street, Suite 1650
Montgomery, Alabama 36104-3720

*Attorneys for Defendants Wyeth, Inc. and Wyeth Pharmaceuticals, Inc.*

Richard H. Gill
Charles N. Gill
COPELAND, FRANCO, SCREWS & GILL, PA.
Post Office Box 347
Montgomery, Alabama 36101-0347

William D. Nussbaum
Jonathon T. Rees
Gregory M. Petouvis
HOGAN & HARTSON, LLP
555 Thirteenth Street, NW
Washington, DC 20004

*Attorneys for Defendant ZLB Behring, LLC*

1508349                                                    17

# EXHIBIT A

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA *ex rel.*<br>VEN-A-CARE OF THE FLORIDA<br>KEYS, INC., a Florida Corporation,<br>by and through its principal<br>officers and directors, ZACHARY<br>T. BENTLEY, T. MARK JONES,<br><br>     Plaintiffs,<br><br>     v.<br><br>DEY, INC., DEY L.P., INC., and DEY L.P.,<br><br>     Defendants. | Civil Action No. 05-11084-MEL<br>(Consolidated with certain claims<br>severed from Civil Action No.<br>00-10698-MEL)<br>**FILED <u>IN CAMERA</u><br>AND UNDER SEAL** |

## <u>UNITED STATES' COMPLAINT</u>

The United States brings this action to recover losses sustained by the Medicare and

Medicaid programs as a result of the sustained efforts of the defendants Dey, Inc., Dey L.P., Inc.,

and Dey L.P. (collectively, "Dey") to defraud these programs. Over the course of a number of

years, Dey has reported inflated drug prices knowing that Medicare and Medicaid would rely on

those prices to set reimbursement rates for Dey's pharmaceutical products. Dey's actual sales

prices for its pharmaceutical products were and are far less than the prices reported by Dey. By

knowingly reporting fraudulently inflated prices – sometimes 1000% higher than Dey's actual

prices – Dey has ensured that its retail customers and other providers who dispense its drugs

received inflated reimbursement and profits from Medicare and Medicaid. Dey has used the

public fisc as a marketing tool, actively promoting the government-funded "spread" between

(1) its fraudulently inflated prices and (2) its actual sales prices as an inducement to its

customers. These efforts have allowed Dey to increase its profits by boosting sales for its drugs.

## I. NATURE OF ACTION

1.      The United States brings this action to recover treble damages and civil penalties

under the False Claims Act ("FCA"), 31 U.S.C. §§ 3729-33, and to recover damages and other

monetary relief under the common law or equitable theories of fraud and unjust enrichment.

2.      The United States bases its claims on Dey having caused the submission of false

or fraudulent claims to the United States in violation of 31 U.S.C. § 3729(a)(1), and having made

and used false statements to get false or fraudulent claims paid by the United States in violation

of 31 U.S.C. § 3729(a)(2).

3.      Dey has engaged in a fraudulent scheme that has caused the Medicare and

Medicaid programs to pay excessive reimbursement to Dey's customers, including pharmacies,

homecare pharmacies, and other purchasers of Dey products. In furtherance of this scheme, Dey

reported false, fraudulent and inflated drug prices for certain drugs (listed in paragraph 29

below) to several price reporting compendia that the Medicare and Medicaid programs relied

upon to set reimbursement rates for Dey's customers. A chart showing examples of the

differences between the prices at which Dey actually has sold its drugs and the false prices

reported by Dey is attached as Exhibit A. At all relevant times, Dey knew that the Medicare and

Medicaid programs relied on Dey's reported prices to those compendia to set reimbursement

rates for claims submitted for Dey's drugs. Dey then sold its drugs for far lower prices, and

marketed to existing and potential customers the government-funded "spread" between the

inflated reimbursement amounts and the actual acquisition costs of the drugs to boost Dey's sales and profits.

4.      At all relevant times, Dey knew that its false price reporting and marketing efforts would cause its customers to submit claims for fraudulently inflated Medicare and Medicaid reimbursement.

5.      Dey's fraudulent scheme to induce customers to purchase its products by ensuring that federal and state reimbursement rates for those products would be set at artificially inflated levels violated the FCA, the federal anti-kickback statute, 42 U.S.C. § 1320a-7b(b), common law and numerous state laws.

6.      In order to get fraudulent claims paid by the United States, Dey also routinely made false statements directly to state Medicaid programs by reporting these same fraudulently inflated prices to the states. These statements violated the FCA, common law and various state laws.

7.      The United States timely asserts the causes of action alleged herein based on the filing of relator's complaint in this action.

## II. JURISDICTION

8.      The Court has subject matter jurisdiction to entertain this action under 28 U.S.C. §§ 1331 and 1345 and supplemental jurisdiction to entertain the common law causes of action pursuant to 28 U.S.C. § 1367(a). The Court may exercise personal jurisdiction over Dey pursuant to 31 U.S.C. § 3732(a) because Dey transacts business in the District of Massachusetts.

### III.  VENUE

9.     Venue is proper in the District of Massachusetts under 31 U.S.C. § 3732 and 28

U.S.C. § 1391(b) and (c) because Dey has transacted business in this District.

### IV.  PARTIES

10.     The United States brings this action on behalf of the Department of Health and

Human Services ("HHS") and the Centers for Medicare & Medicaid Services ("CMS")

(formerly known as the Health Care Financing Administration), which administer the Medicare

and Medicaid programs.

11.     Relator Ven-A-Care of the Florida Keys, Inc. ("Ven-A-Care"), is a corporation

organized under the laws of Florida, with its principal offices in Key West, Florida.  Ven-A-Care

is a pharmacy licensed to provide prescription drugs specified in this Complaint and has been,

during the relevant period of this Complaint, a Medicare and Florida Medicaid provider.  Ven-A-

Care's principal officers and/or directors during the relevant time period have included John M.

Lockwood, M.D., Zachary Bentley, Luis Cobo and T. Mark Jones, who are each citizens of the

United States and reside in Key West, Florida.  The FCA, 31 U.S.C. § 3730(b)(1), provides that

private parties may bring a lawsuit on behalf of the United States to recover damages for false

claims.  Ven-A-Care brought this action against Dey on behalf of itself and the United States.

12.     Defendant Dey, Inc. is a corporation organized under the laws of Delaware with

its principal offices in Napa, California.  Prior to June 30, 1998, Dey, Inc. was known as "Dey

Laboratories, Inc."

13.     Defendant Dey L.P., Inc. is a corporation organized in 1993 under the laws of

Delaware with its principal offices in Napa, California.  Prior to June 30, 1998, Dey L.P., Inc.

4

was known as "Dey Laboratories L.P., Inc." Upon information and belief, Dey L.P., Inc. is

wholly owned by Dey, Inc. Pursuant to rule 15(c) of the Federal Rules of Civil Procedure, the

claims against Dey L.P., Inc. relate back to the dates of the original pleadings in these

consolidated cases.

14.    Defendant Dey L.P. is a limited partnership organized in 1993 under the laws of

Delaware. Prior to June 30, 1998, Dey L.P. was known as "Dey Laboratories L.P.." Upon

information and belief, the general partner of Dey L.P. is Dey, Inc., and the sole limited partner

of Dey L.P. is Dey L.P., Inc., which owns 99 percent of the assets of Dey L.P. Pursuant to rule

15(c) of the Federal Rules of Civil Procedure, the claims against Dey L.P. relate back to the

dates of the original pleadings in these consolidated cases.

15.    At all times material to this action, Dey has transacted business in the District of

Massachusetts by, including but not limited to, selling and distributing its drugs, including those

identified in this Complaint, to purchasers within the District of Massachusetts.

## V. THE LAW

### A.    The False Claims Act

15.    The FCA provides in pertinent part, that:

> (a) Any person who (1) knowingly presents, or causes to be
> presented, to an officer or employee of the United States
> Government or a member of the Armed Forces of the United States
> a false or fraudulent claim for payment or approval; (2) knowingly
> makes, uses, or causes to be made or used, a false record or
> statement to get a false or fraudulent claim paid or approved by the
> Government; (3) conspires to defraud the Government by getting a
> false or fraudulent claim paid or approved by the Government . . . .
>
> * * *
>
> is liable to the United States Government for a civil penalty of not
> less than $5,000 and not more than $10,000, plus 3 times the

5

amount of damages which the Government sustains because of the
act of that person . . . .

(b) For purposes of this section, the terms "knowing" and
"knowingly" mean that a person, with respect to information
(1) has actual knowledge of the information; (2) acts in deliberate
ignorance of the truth or falsity of the information; or (3) acts in
reckless disregard of the truth or falsity of the information, and no
proof of specific intent to defraud is required.

31 U.S.C. § 3729.

16.    Pursuant to the Federal Civil Penalties Inflation Adjustment Act of 1990, as

amended by the Debt Collection Improvement Act of 1996, 28 U.S.C. § 2461 (notes), and 64

Fed. Reg. 47099, 47103 (1999), the civil penalties were adjusted to $5,500 to $11,000 for

violations occurring on or after September 29, 1999.

**B.    The Federal Anti-Kickback Statute**

17.    Congress first enacted the federal anti-kickback statute, 42 U.S.C. § 1320a-7b(b),

in 1972 to protect the integrity of the Medicare and Medicaid programs.  Congress strengthened

the statute in 1977, and again in 1987, to ensure that kickbacks masquerading as legitimate

transactions would not evade its reach.  *See* Social Security Amendments of 1972, Pub. L. No.

92-603, §§ 242(b) and (c); 42 U.S.C. § 1320a-7, Medicare-Medicaid Antifraud and Abuse

Amendments, Pub. L. No. 95-142; Medicare and Medicaid Patient and Program Protection Act

of 1987, Pub. L. No. 100-93.

18.    The anti-kickback statute prohibits any person or entity from making or accepting

payment to induce or reward any person for referring, recommending or arranging for federally-

funded medical items, including items provided under the Medicare and Medicaid programs.  In

pertinent part, the statute provides:

6

(b) Illegal remuneration

\* \* \*

(2) whoever knowingly and willfully offers or pays any
remuneration (including any kickback, bribe, or rebate)
directly or indirectly, overtly or covertly, in cash or in kind
to any person to induce such person --

(A) to refer an individual to a person for the
furnishing or arranging for the furnishing of any
item or service for which payment may be made in
whole or in part under a Federal health care
program, or

(B) to purchase, lease, order or arrange for or
recommend purchasing, leasing or ordering any
good, facility, service, or item for which payment
may be made in whole or in part under a Federal
health care program,

shall be guilty of a felony and upon conviction thereof, shall be fined not
more than $25,000 or imprisoned for not more than five years, or both.

42 U.S.C. § 1320a-7b(b). Those who violate the statute also are subject to exclusion from

participation in federal health care programs and, effective August 6, 1997, civil monetary

penalties of up to $50,000 per violation and up to three times the amount of remuneration paid.

42 U.S.C. §§ 1320a-7(b)(7) and 1320a-7a(a)(7).

## VI.  THE FEDERAL HEALTHCARE PROGRAMS

16.    The Medicare and Medicaid programs were created in order to provide access to

healthcare for elderly, indigent or disabled residents of the United States.

### A.    The Medicaid Program

17.    Medicaid is a joint federal-state program that provides health care benefits for

certain groups, primarily the poor and disabled.

7

18.     The federal Medicaid statute sets forth the minimum requirements for state Medicaid programs to qualify for federal funding.  42 U.S.C. § 1396a.

19.     The federal portion of states' Medicaid payments, known as the Federal Medical Assistance Percentage ("FMAP"), is based on a state's per capita income compared to the national average.  42 U.S.C. § 1396d(b).  Among the states, the FMAP is at least 50%, and as high as 83%.

20.     The Medicaid statute requires each participating state to implement a plan containing certain specified minimum criteria for coverage and payment of claims.  42 U.S.C. §§ 1396, 1396a(a)(13), 1396a(a)(30)(A).

21.     The Medicaid programs of all states reimburse for prescription drugs.

22.     The vast majority of states award contracts to private companies to evaluate and process Medicaid recipients' claims for payment.  Typically, after processing the claims, these private companies then generate funding requests to the state Medicaid program, which in turn obtains federal funds from the United States.

23.     By becoming a participating supplier in Medicaid, suppliers agree to abide by all laws, regulations, and procedures applicable to that program, including those governing reimbursement.

**B.     The Medicare Program**

24.     In 1965, Congress enacted Title XVIII of the Social Security Act, known as the Medicare program, to pay for the costs of certain healthcare services and items.  Entitlement to Medicare is based on age, disability or affliction with end-stage renal disease.  42 U.S.C. §§ 426-426a, 1395o.

8

25. HHS is responsible for the administration and supervision of the Medicare program. CMS is an agency of HHS and directly administers the Medicare program. The Medicare program has several parts, including Medicare Part B ("Supplementary Medical Insurance for the Aged and Disabled"), which covers physician services, as well as durable medical equipment ("DME") and certain drug products and supplies. 42 U.S.C. § 1395k; 42 C.F.R. § 410.10.

26. Medicare Part B generally covers drugs which are provided either: (a) incident to a physician's service and cannot usually be self-administered (42 C.F.R. § 410.26 (e.g., certain oncology drugs)); or (b) in conjunction with the medical necessity of an infusion pump or nebulizer or other DME device payable under Medicare's DME benefit. 42 C.F.R. §§ 405.517, 414.701.

27. During the relevant time period, CMS contracted with private insurance carriers ("Contractors") to administer and pay Part B claims from the Medicare Trust Fund. 42 U.S.C. § 1395u. In this capacity, the Contractors act on behalf of CMS. 42 C.F.R. § 421.5(b).

28. Contractors receive, process and pay claims under Medicare Part B for drugs from various Medicare providers and suppliers. Typically, once a contractor approves a claim, the contractor then submits a payment request to a Medicare bank account funded by federal funds.

**C.    Drug Reimbursement Under Medicaid and Medicare**

29. The Federal Food, Drug, and Cosmetic Act, 21 U.S.C. §§ 301-97, requires pharmaceutical companies to submit to the Food and Drug Administration ("FDA") a listing of every drug product in commercial distribution. 21 U.S.C. § 355. The FDA provides for the assignment to each listed drug product of a unique 11-digit, 3-segment number, known as the

9

National Drug Code ("NDC"). FDA has assigned approximately 170,000 NDCs to drug

products. The drugs and corresponding NDCs at issue in this case are listed below:

| Description | NDC number |
|---|---|
| Albuterol Inhalation Aerosol Metered-Dose Inhaler, 17g | 49502-0303-17 |
| Albuterol Inhalation Aerosol Metered-Dose Inhaler, 17g | 49502-0333-17 |
| Albuterol Inhalation Aerosol MDI Refill, 17g | 49502-0303-27 |
| Albuterol Inhalation Aerosol MDI Refill, 17g | 49502-0333-27 |
| Albuterol Sulfate Inhalation Solution .5% 5mg/ml Size, 20mL MD | 49502-0196-20 |
| Albuterol Sulfate .5% (Sterile) 20mL MD | 49502-105-01 |
| Albuterol Sulfate Unit Dose, 0.083% inhalation solution, package of 25, 2.5 mg/3ml | 49502-697-03, J7620 |
| Albuterol Sulfate Unit Dose, 0.083% inhalation solution, package of 30, 2.5 mg / 3 ml | 49502-697-33 |
| Albuterol Sulfate Unit Dose, 0.083% inhalation solution, package of 60, 2.5 mg 3 ml | 49502-697-60 |
| Cromolyn Sodium Inhalation Solution 20 mg/2 ml, unit dose vials, 120s | 49502-0689-12 |
| Cromolyn Sodium, Inhalation Solution 20 mg/2 ml, unit dose vials, 60s | 49502-0689-02, J7630 |
| Ipratropium Bromide Inhalation Solution .02%, .5mg/2.5 ml, 30s | 49502-685-33 |
| Ipratropium Bromide Inhalation Solution .02%, .5mg/2.5ml, 60s | 49502-685-60 |
| Ipratropium Bromide Inhalation Solution .02%, .5mg/2.5 ml, 25s | 49502-685-03 |

30.    Drug manufacturers, such as Dey, have not typically submitted claims for

reimbursement to federal health care programs. Instead, Dey has marketed its products to its

customers, who then purchased the product either directly or through wholesalers based on a price the customers negotiated with Dey. In addition to using wholesalers, customers also purchase Dey products through group purchasing organizations ("GPO"), who negotiate prices on behalf of Dey's customers.

31.    Dey's customers then submit claims for payment for Dey products to Medicare and Medicaid after dispensing or administering the Dey drug.

32.    For the most part, in the Medicaid program, claims submitted by retail pharmacies are processed and tracked using the NDC of the drug.

33.    The Medicare program generally uses the Healthcare Common Procedural Coding System ("HCPCS") to reimburse for drugs. The HCPCS utilizes 5-digit alphanumeric codes to identify and bill for medical products and supplies. The HCPCS code for the Dey drugs reimbursed by Medicare at issue here is J6744.

34.    During the relevant period, Dey has usually reported prices to various price publishers and services on an annual basis. The price publishers used the information to publish pricing compendia.

35.    The reimbursement amounts for claims submitted by Dey's customers were directly influenced by Dey's false price representations. The information contained in the published pricing compendia has been used by most third party payor insurance companies, including the Medicare program (through December 31, 2004) and Medicaid programs, in determining the reimbursement rates for prescription drugs. Dey documents show that Dey knew of the impact of its price representations on government reimbursement for claims submitted by its customers for Dey's drugs. Dey documents also show that the company

11

actively marketed the government-funded profits or "spreads" on its drugs created by its false price representations.

36.     No governmental payor knew of or sanctioned Dey's conduct as set forth in this Complaint, i.e., its deliberate manipulation of its published prices for certain of its products to induce its customers to purchase those products.

### D.     Medicaid Reimbursement Formulas

37.     When reimbursing for drugs, the State Medicaid programs' goal has been to pay an amount which, in the aggregate, reflects the lower of (1) the estimated acquisition cost ("EAC") of covered drugs, plus a reasonable dispensing fee, or (2) a provider's usual and customary charges to the general public. Federal regulations define "estimated acquisition cost" in part as "the agency's best estimate of the price generally and currently paid by providers for a drug . . . ." 42 C.F.R. § 447.301. To determine the EAC for a covered drug, State Medicaid programs are required to develop reimbursement formulas that must be approved by the Secretary of HHS. 42 C.F.R. §§ 447.331, 447.332, and 447.333 (2005).

38.     While the specific reimbursement formulas vary from state to state, the various State Medicaid programs have generally reimbursed for each drug based on the lowest of (a) the EAC as set by the states, (b) the maximum allowable cost ("MAC") set by the state Pharmaceutical Reimbursement Boards, or (c) the providers' usual and customary charge. For multiple source drugs subject to a federal upper limit, states must in the aggregate not pay more than those limits. 42 C.F.R. §§ 447.331, 447.332 and 447.333 (2005).

39.     The states' methodologies for arriving at EAC include:

A.     discounting a percentage off of the Average Wholesale Price ("AWP");

        B.      adding a percentage to the Wholesale Acquisition Cost ("WAC") ; and/or,

        C.      requiring the drug companies to certify prices directly in writing to the Medicaid program in response to state requests for particular pricing information.

40.     AWP is used to refer to the price at which a pharmaceutical firm or a wholesaler sells a drug to a retail Customer who then administers it to a patient.  WAC is used to refer to the price at which a pharmaceutical firm typically sells a drug to wholesalers who would then resell it to a retail Customer.

41.     While the majority of states have used published AWPs to calculate reimbursement, approximately six states (Alabama, Florida, Maryland, Massachusetts, Rhode Island, and Texas) have used the wholesale acquisition cost ("WAC") to set the EAC.

42.     The AWPs and WACs relied upon by the State Medicaid programs have generally been those published by (1) Thomson Publishing, publisher of the *Red Book* and various other price publications, (2) First Databank, publisher of the *Blue Book* and other electronic price publications; or (3) Medi-Span, Inc., publisher of an electronic or automated price service and the Hospital Formulary Pricing Guide.  Thompson Publishing, First Databank and Medi-Span, Inc. are hereafter referred to as the "Publishers" and their various publications and data services are hereinafter referred to as "Price Publications."

43.     In addition to relying on the manufacturers' reported prices as published in the Price Publications, some State Medicaid programs also received price representations directly from manufacturers, and relied on these representations to confirm the accuracy of the figures they use to determine state reimbursement amounts.

13

44.    Pursuant to section 6001 of the Deficit Reduction Act of 2005, Pub. L. 109-171, effective January 1, 2007, CMS is to provide States with "average manufacturer price" data which will give States additional drug price information.

E.    **Medicare Reimbursement Formulas**

45.    From 1992 through 1997, Medicare based its reimbursement for multi-source generic drugs, the drugs at issue here, at the lower of the EAC or the median AWP of all generic forms of a drug. 42 C.F.R. § 405.517 (1992-1998). In general, Medicare relied on median AWPs to set reimbursement rates.

46.    From January 1, 1998, until December 31, 1998, Medicare based its reimbursement for all generic forms of a drug at 95% of the median AWP for the drug. Balanced Budget Act of 1997, 42 U.S.C. § 1395u(o).

47.    From 1999 through 2003, Medicare reimbursed for Part B covered drugs at the lower of (a) 95% of the median published AWP for the drug; or (b) the AWP of the least expensive brand-name drug. 42 U.S.C. § 1395u(o); 42 C.F.R. § 405.517 (1999-2004). During 2004, Medicare reimbursed at a percentage of AWP dictated by statute, which, in the case of the drugs that are the subject of this complaint, was 80 percent. 42 C.F.R. § 414.707 (2005). For drugs furnished after January 1, 2005, reimbursement is no longer based on AWP but is generally based on average sales price. 42 C.F.R. § 414.904.

48.    After the reimbursement amount is calculated, Medicare pays 80 percent and the Medicare beneficiary is responsible for the remaining 20 percent co-payment. If the Medicare beneficiary is also a Medicaid recipient, the Medicaid program generally pays the 20 percent Medicare co-payment.

14

49.    Medicare generally relied upon the AWPs published by Thomson Publishing in its annual national compendium known as the Drug Topics Red Book ("Red Book"), as well as Red Book monthly updates to set reimbursement rates for covered drugs.

## VII. DEY'S SCHEME

50.    From on or before December 31, 1992, and continuing through 2004 in the case of the Medicare program, and to the present in the case of the Medicaid program, Dey has knowingly caused the Medicare and Medicaid programs to pay false or fraudulent claims for the following respiratory therapy medications: albuterol sulfate, albuterol MDI, cromolyn sodium, and ipratropium bromide. As part of its unlawful conduct, Dey knowingly made false or fraudulent representations about drug prices and costs to the *Red Book*, First DataBank, and Medispan, while knowing that Medicare and Medicaid would use this information in paying or approving claims for such drugs. Dey further made these representations in order to use the "spread" between cost and reimbursement to induce purchasers to buy Dey's drugs.

51.    To inflate the spread, and thereby induce purchases of its drugs, Dey purposely reported to the *Red Book*, First DataBank, and Medispan (and in some instances, the states) inflated AWPs and WACs for its drugs, while simultaneously arranging for its retail customers to purchase these drugs through wholesalers at far lower prices. The Medicare and Medicaid payments, made in response to claims submitted by Dey's customers, were set based on the inflated AWPs and WACs, and the payment amounts far exceeded the actual costs of the drugs.

52.    When Dey prepared to launch its albuterol, cromolyn sodium, and ipratropium bromide products in 1992, 1993, and 1996, respectively, Dey established and reported its AWP with the specific purpose of creating an attractive spread between the AWP and the actual price,

so as to create an inducement–at the expense of the Medicare and Medicaid programs–for providers to purchase the Dey product.

53.     For example, on February 24, 1992, senior marketing managers at Dey developed a pricing strategy for the upcoming launch of Dey's new generic albuterol product. Dey's Vice President for Sales and Marketing issued a memorandum to, among others, the President of Dey, stating that one of Dey's pricing objectives was to "[p]rovide an incentive to retail and chain pharmacies to purchase Dey's Albuterol unit dose by increasing the spread on Medicare/Medicaid reimbursements."

54.     Similarly, in late 1996, when Dey prepared to launch its ipratropium products, Dey marketing personnel prepared a marketing plan that expressly included as the company's strategy to "Set price and AWP to enhance sales while maximizing customer loyalty." Dey used a similar strategy when it launched its cromolyn sodium product in 1993.

55.     Dey's reported AWPs increasingly bore little or no relationship to the actual prices being paid by Dey's customers for the specified drugs. As a result, the spreads on Dey's drugs were large and exceeded 500% in some instances. Dey manipulated and controlled the size of the "spread" on its drugs by reporting inflated AWPs and WACs, while simultaneously decreasing its sales prices to wholesalers and providers. A chart setting out some examples showing the difference between the prices at which Dey actually sold its drugs and the false prices reported by Dey is attached hereto as Exhibit A.

56.     For example, the AWP per unit for Dey's most popular albuterol sulfate solution stayed constant at $30.25 per unit from 1994 through 2002. Meanwhile, the actual sales price to customers such as Ven-A-Care steadily dropped, reaching a low of $3.70 in 2002. Likewise, the

16

AWP per unit for Dey's ipratropium inhalation solution (size 30s) stayed constant at $52.80 per unit from 1997 through 2002, while the sales price to customers such as Ven-A-Care decreased significantly, declining to $8.25 in 2002.

57.    Dey trained its sales force on the significance of Medicare and Medicaid reimbursement and the importance of the "spread" between the AWP and the customer's actual cost. In order to induce customers to purchase Dey drugs, Dey sales personnel actively marketed the spread between the AWP and its customers' actual costs: Dey went so far as to create a "Reimbursement Comparison Worksheet" to show customers that, if they purchased Dey's version of a particular generic drug, they would receive greater net reimbursement than if they purchased a competitor's version of the same or similar drug.

58.    Dey also reported falsely inflated WAC prices to the *Red Book*, First DataBank, and Medispan in order to create a spread in states that relied on WAC prices as a basis for Medicaid reimbursement.

59.    On May 30, 1995, a senior Dey Marketing Manager informed Dey's Vice President for Sales and Marketing, along with Dey's entire sales and marketing force, that the WAC prices that Dey was transmitting to certain states were "*not representative of our published wholesale list prices, but like AWP, is used for calculation of reimbursement.*" (Emphasis added.) On that same day, Dey informed the pricing services of false, fraudulent and inflated AWPs and WACs for Dey's albuterol sulfate inhalation solution 0.083%.

60.    Throughout the relevant time period, despite steadily reducing the prices it charged its customers, Dey did not update its AWP pricing information to any of the price

17

reporting services. Over time, Dey's AWPs bore little or no relation to the price actually charged to any customer.

61.    As a result of Dey's conduct, pharmacists and other providers submitted thousands of claims to the Medicare and Medicaid programs and received millions of dollars in excessive reimbursement.

## FIRST CAUSE OF ACTION

(False Claims Act: Presentation of False Claims)
(31 U.S.C. § 3729(a)(1))

62.    The United States repeats and realleges paragraphs 1 through 61 as if fully set forth herein.

63.    Dey knowingly caused to be presented false or fraudulent claims for payment or approval to the United States for the drugs listed in Paragraph 29 for reimbursement that was substantially higher than providers' actual acquisition costs for those drugs and based on reported prices that were fraudulently and artificially created and manipulated by Dey. Dey knowingly used the spread as an unlawful inducement in violation of the federal anti-kickback statute, causing resulting false and fraudulent claims to be submitted.

64.    By virtue of the false or fraudulent claims that Dey caused to be made, the United States has suffered damages and therefore is entitled to treble damages under the False Claims Act, to be determined at trial, plus civil penalties of not less than $5,000 and up to $10,000 for each violation occurring before September 29, 1999, and not less than $5,500 and up to $11,000 for each violation occurring on or after September 29, 1999.

18

## SECOND CAUSE OF ACTION

(False Claims Act: Making or Using False
Records or Statements to Cause Claims to be Paid)
(31 U.S.C. § 3729(a)(2))

65.     The United States repeats and realleges paragraphs 1 through 61 as if fully set forth herein.

66.     Dey knowingly made, used, or caused to be made or used, false records or statements to cause false or fraudulent claims paid or approved by the United States.  The false records or statements consisted of the false certifications and representations made or caused to be made by Dey to state Medicaid programs when seeking to ensure that the Medicaid programs would reimburse for Dey' drugs, and the false representations to the pricing publishers and services upon which Medicare and Medicaid relied.

67.     By virtue of the false records or false statements made by the Dey, the United States has suffered damages and therefore is entitled to treble damages under the False Claims Act, to be determined at trial, plus civil penalties of not less than $5,000 and up to $10,000 for each violation occurring before September 29, 1999, and not less than $5,500 and up to $11,000 for each violation occurring on or after September 29, 1999.

## THIRD CAUSE OF ACTION

(Unjust Enrichment)

68.     The United States repeats and realleges paragraphs 1 through 61 as if fully set forth herein.

19

69.    The United States claims the recovery of all monies by which Dey has been unjustly enriched, including profits earned by Dey because of illegal inducements Dey arranged to be paid to its customers.

70.    By obtaining monies as a result of its violations of federal and state law, Dey was unjustly enriched, and is liable to account and pay such amounts, which are to be determined at trial, to the United States.

71.    By this claim, the United States requests a full accounting of all revenues (and interest thereon) and costs incurred by Dey on sales to customers to whom it arranged for unlawful inducements, and disgorgement of all profits earned and/or imposition of a constructive trust in favor of the United States on those profits.

## FOURTH CAUSE OF ACTION

(Common Law Fraud)

72.    The United States repeats and realleges paragraphs 1 through 61 as if fully set forth herein.

73.    Dey made material and false representations concerning the pricing of its drugs with knowledge of their falsity or with reckless disregard for the truth, with the intention that the United States act upon the misrepresentations to its detriment. The United States acted in justifiable reliance upon Dey' misrepresentations by making payments on the false claims.

74.    Had Dey made truthful representations, the United States would not have made such payments.

75.    By reason of these payments, the United States has been damaged in an as yet undetermined amount.

20

## **PRAYER FOR RELIEF**

WHEREFORE, the United States demands and prays that judgment be entered in its favor against Dey, Inc., Dey L.P., Inc., and Dey L.P., jointly and severally, as follows:

1.    On the First and Second Causes of Action, for the amount of the United States' damages, trebled as required by law, and such civil penalties as are required by law, together with all such further relief as may be just and proper.

2.    On the Third Cause of Action, for the damages sustained and/or amounts by which Dey was unjustly enriched, including an accounting of all revenues unlawfully obtained by Dey, the imposition of a constructive trust upon such revenues, and the disgorgement of the illegal profits obtained by Dey, plus interest, costs, and expenses, and all such further relief as may be just and proper.

   3.    On the Fourth Cause of Action, for compensatory and punitive damages in an

amount to be determined, together with costs and interest, and for all such further relief as may

be just and proper.

        DATED this _22d_ day of August, 2006.


                                        Respectfully submitted,

                                        PETER D. KEISLER
                                        ASSISTANT ATTORNEY GENERAL

                                        MICHAEL J. SULLIVAN
                                        UNITED STATES ATTORNEY


                            By:    /s/ George B. Henderson, II_____
                                        GEORGE B. HENDERSON, II
                                        Assistant U.S. Attorney
                                        United States Courthouse
                                        1 Courthouse Way, Suite 9200
                                        Boston, MA 02210
                                        (617) 748-3282

                                        MICHAEL F. HERTZ
                                        JOYCE R. BRANDA
                                        JUSTIN R. DRAYCOTT
                                        GEJAA T. GOBENA
                                        ANDY MAO
                                        LAURIE A. OBEREMBT
                                        JAMIE ANN YAVELBERG
                                        Civil Division
                                        Commercial Litigation Branch
                                        P. O. Box 261
                                        Ben Franklin Station
                                        Washington, D.C.  20044
                                        (202) 514-3345


                                        22

Exhibit A
Selected Dey AWPS, Actual Prices and Spreads

| DRUG/DOSAGE | NDC | YEAR* | RED BOOK AWP | FIRST DATABANK AWP | MEDISPAN AWP | PRICE TO PHARMACY CUSTOMER (VEN-A-CARE) | SPREAD (AWP less Price) | SPREAD % (Spread/Price) |
|---|---|---|---|---|---|---|---|---|
| Albuterol Inhalation Solution 0.5%, 20 ml | 49502-0105-01 | 2001 | $14.99 | $14.99 | $14.99 | $3.73 | $11.26 | 302% |
| Albuterol Inhalation Solution 0.5%, 20 ml | 49502-0196-20 | 1998 | $14.99 | $14.99 | NO DATA | $4.95 | $10.04 | 203% |
| Albuterol Inhalation Aerosol 17 gm (90 mcg Aerosol Inhaler) | 49502-0303-17 | 2000 | $21.70 | $21.70 | $21.70 | $3.09 | $18.61 | 602% |
| Albuterol Inhalation Aerosol (refill) 17 gm | 49502-0303-27 | 2000 | $19.79 | $19.79 | NO DATA | $2.98 | $16.81 | 564% |
| Albuterol Inhalation Aerosol 17 gm (90 mcg Aerosol Inhaler) | 49502-0333-17 | 2001 | $21.70 | $21.70 | $21.70 | $3.83 | $17.87 | 467% |
| Albuterol Sulfate 0.083% 3 ml, 25s | 49502-0697-03 | 2001 | $30.25 | $30.25 | $30.25 | $4.10 | $26.15 | 638% |
| Albuterol Sulfate 0.083%  3 ml, 30s | 49502-0697-33 | 2001 | $36.30 | $36.30 | $36.30 | $5.11 | $31.19 | 610% |
| Albuterol Sulfate 0.083% 3 ml 60s | 49502-0697-60 | 2001 | $72.60 | $72.60 | $72.60 | $9.95 | $62.65 | 630% |
| Ipratropium Bromide 0.02 % 2.5 ml, 25's | 49502-0685-03 | 2001 | $44.10 | $44.00 | $44.10 | $8.52 | $35.58 | 418% |
| Ipratropium Bromide 0.02 % 2.5 ml, 30's | 49502-0685-33 | 2001 | $52.80 | NO DATA | $52.80 | $10.22 | $42.58 | 417% |
| Ipratropium Bromide 0.02 % 2.5 ml, 60's | 49502-0685-60 | 2001 | $105.60 | $105.60 | $105.60 | $20.45 | $85.15 | 416% |
| Cromolyn Sodium 2 ml 60s | 49502-0689-02 | 2001 | $42.00 | $42.00 | $42.00 | $9.95 | $32.05 | 322% |
| Cromolyn Sodium 2 ml 120s | 49502-0689-12 | 2001 | $84.00 | $84.00 | $84.00 | $19.80 | $64.20 | 324% |

*Showing all drugs for 2001, or the last year if drug discontinued prior to 2001.

# EXHIBIT B

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA, ex rel. VEN-A- )
CARE OF THE FLORIDA KEYS, INC., by and )
through its principal officers and directors, ) Civil Action
ZACHARY T. BENTLEY and T. MARK JONES, ) No. 05-11084-MEL
) (Consolidated with certain
) claims severed from No. 00-
 Plaintiff, ) 10698-MEL)
)
v. )
) **FILED *IN CAMERA* AND**
DEY, INC.; EM PHARMA, INC.; EMD ) **UNDER SEAL**
PHARMACEUTICALS, INC.; LIPHA, S.A.; )
MERCK-LIPHA, S.A.; and MERCK KGaA, )
)
 Defendants. )

## **ORDER**

The United States having intervened with respect to certain claims and declined to

intervene as to certain other claims in this action pursuant to the False Claims Act, 31

U.S.C. § 3730(b)(4), the Court rules as follows:

IT IS ORDERED that,

1. the Redacted Third Amended Complaint in Civil Action No. 00-10698,

showing claims against defendants, and a copy of the relator's filed complaint in the

instant action, be unsealed and served upon the defendants by the relator within the time

limit set by Fed. R. Civ. P. 4;

2. the United States' Complaint be unsealed and served upon defendants by

the United States within the time limit set by Fed. R. Civ. P. 4;





3.    all other previously filed contents of the Court's file in this action remain under seal and not be made public or served upon the defendants, except for this Order and the Government's Notice of Election to Intervene, which will be served upon the defendants by the United States at the same time as service of the United States' Complaint;

4.    the seal be lifted on all other matters occurring in this action relating to defendants after the date of this Order;

5.    as to the part of the action in which the United States has declined to intervene, the parties shall serve all pleadings and motions filed in that part of the action, including supporting memoranda, upon the United States, as provided for in 31 U.S.C. § 3730(c)(3). The United States may order any deposition transcripts and is entitled to intervene in that part of the action, for good cause, at any time;

6.    all orders of this Court shall be sent to the United States; and that

7.    should the relator or the defendants propose that the part of the action in which the United States has declined to intervene be dismissed, settled, or otherwise

discontinued, the Court will solicit the written consent of the United States before ruling or granting its approval.

IT IS SO ORDERED,

This __9__ day of __Sep__, 2006.

_____
MORRIS E. LASKER
United States District Judge

3

# EXHIBIT C

# IN THE CIRCUIT COURT OF
## MONTGOMERY COUNTY, ALABAMA

| | |
|---|---|
| STATE OF ALABAMA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )    CV – 05-219 |
| | ) |
| ABBOTT LABORATORIES, INC.; AGOURON | ) |
| PHARMACEUTICALS, INC.; ALCON | )    <u>JURY TRIAL DEMANDED</u> |
| LABORATORIES, INC.; ALLERGAN, INC.; | ) |
| ALPHARMA, INC.; ALZA CORPORATION; | ) |
| AMGEN, INC.; ANDRX PHARMACEUTI- | ) |
| CALS, INC.; ASTRAZENECA PHARMACEU- | ) |
| TICALS LP; ASTRAZENECA LP; AVENTIS | ) |
| PHARMACEUTICALS, INC.; AVENTIS | ) |
| BEHRING, L.L.C.; BARR LABORATORIES, | ) |
| INC.; BAXTER HEALTHCARE CORPORA- | ) |
| TION; BAXTER INTERNATIONAL, INC.; | ) |
| BAYER CORPORATION; BAYER PHARMA- | ) |
| CEUTICALS CORPORATION; BAYER | ) |
| HEALTHCARE, LLC; BIOVAIL PHARMA- | ) |
| CEUTICALS, INC.; BOEHRINGER INGEL- | ) |
| HEIM CORPORATION; BOEHRINGER | ) |
| INGELHEIM PHARMACEUTICALS, INC.; | ) |
| BRISTOL-MYERS SQUIBB COMPANY; DEY, | ) |
| L.P.; EISAI, INC.; ENDO PHARMACEUTI- | ) |
| CALS, INC.; ETHEX CORPORATION; | ) |
| FOREST LABORATORIES, INC.; FOREST | ) |
| PHARMACEUTICALS, INC.; FUJISAWA | ) |
| HEALTHCARE, INC.; FUJISAWA USA, INC.; | ) |
| G.D. SEARLE, L.L.C.; GENZYME CORPOR- | ) |
| ATION; GILEAD SCIENCES, INC.; | ) |
| HOFFMANN-LAROCHE, INC.; IMMUNEX | ) |
| CORPORATION; IVAX CORPORATION; | ) |
| IVAX PHARMACEUTICALS, INC.; JANSSEN | ) |
| PHARMACEUTICA PRODUCTS, LP; | ) |
| JOHNSON & JOHNSON; KING PHARMA- | ) |
| CEUTICALS, INC.; MCNEIL-PPC, INC.; | ) |
| MEDIMMUNE, INC.; MERCK & CO., INC.; | ) |
| MONARCH PHARMACEUTICALS, INC.; | ) |
| MYLAN LABORATORIES, INC.; MYLAN | ) |
| PHARMACEUTICALS, INC.; NOVARTIS | ) |
| PHARMACEUTICALS CORPORATION; | ) |

2006 JAN 11 PM 3: 35

FILED
CIRCUIT COURT OF
MONTGOMERY COUNTY


SCANNED

NOVO NORDISK PHARMACEUTICALS,
INC.; ORGANON PHARMACEUTICALS USA,
INC.; ORTHO BIOTECH PRODUCTS, LP;
ORTHO-MCNEIL PHARMACEUTICAL,
INC.; PAR PHARMACEUTICAL, INC.;
PFIZER, INC.; PHARMACIA CORPORA-
TION; PHARMACIA & UPJOHN COMPANY
CORPORATION; PURDUE PHARMA, L.P.;
PUREPAC PHARMACEUTICAL CO.;
ROCHE LABORATORIES, INC.; ROXANE
LABORATORIES, INC.; SANDOZ, INC.;
SANOFI-SYNTHELABO, INC.; SCHERING-
PLOUGH CORPORATION; SMITHKLINE
BEECHAM CORPORATION D/B/A GLAXO-
SMITHKLINE; TAKEDA PHARMACEUTI-
CALS NORTH AMERICA, INC.; TAP
PHARMACEUTICAL PRODUCTS, INC.;
TEVA PHARMACEUTICALS USA, INC.; UDL
LABORATORIES, INC.; WARRICK
PHARMACEUTICALS CORPORATION;
WATSON LABORATORIES, INC.; WATSON
PHARMA, INC.; WATSON PHARMACEUTI-
CALS, INC.; WYETH, INC.; WYETH
PHARMACEUTICALS, INC.; ZLB BEHRING,
L.L.C., and FICTITIOUS DEFENDANTS 1
through 200, whose true names are not presently
known, but who are manufacturers, distributors,
marketers, and/or sellers of prescription drugs
who reported or caused to be reported false and
inflated pricing information to industry
publishers upon which information the Alabama
Medicaid Agency relied in reimbursing
providers for the dispensing of such drugs, and
whose true names will be added upon discovery,

Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

FILED
CIRCUIT COURT OF
MONTGOMERY COUNTY

2006 JAN 11 PM 3:35

## SECOND AMENDED COMPLAINT

The State of Alabama, by and through its Attorney General (hereinafter "the State"), files this second amended complaint against the above-named Defendants and alleges, on information and belief, the following:

## INTRODUCTION

1.     The Defendants have engaged in false, misleading, wanton, unfair, and deceptive acts and practices in the pricing and marketing of their prescription drug products.  The Defendants' fraudulent pricing and marketing of their prescription drugs have impacted elderly, disabled, and poor Alabama citizens covered by the State's Medicaid program ("Alabama Medicaid") by causing the Alabama Medicaid Agency to pay grossly excessive prices for the Defendants' prescription drugs.

2.     Fair and honest drug pricing is a matter of great importance to the State and its citizens.  Expenditures by the State and its agencies for prescription drug reimbursement have increased dramatically in the past several years as a result, in part, of Defendants' fraudulent pricing scheme. Each year Alabama spends hundreds of millions of dollars on prescription drugs under the Alabama Medicaid program.  In 2004 alone, Alabama Medicaid spent almost $600 million on prescription drugs.  Since 1990, Alabama Medicaid prescription drug expenditures have increased tenfold.  This exponential increase in prescription drug costs in recent years has contributed to a health care funding crisis within the State that requires action to ensure fair dealing between the Defendants and the State and its agencies.

3.     The State is accountable to its citizens and taxpayers for how it spends limited State resources, and it is obligated to pursue any party whose unlawful conduct has led to the overspending of State funds.  Consequently, the State, by and through its Attorney General,

3

brings this action to recover amounts overpaid for prescription drugs by Alabama Medicaid, including pharmacy dispensed drugs and co-payments for drugs covered by Medicare, as a result of the fraudulent and wanton conduct of Defendants. The State further seeks to prohibit and permanently enjoin Defendants from continuing to perpetrate their drug-pricing scheme, to require Defendants to publicly disclose true drug prices, and to require Defendants to account for and disgorge all profits obtained by Defendants as a result of their improper and unlawful actions.

4.    This lawsuit seeks legal and equitable redress for the fraudulent and wanton marketing and pricing conduct of Defendants, who have profited from their wrongful acts and practices at the expense of the State.

## PARTIES

5.    Plaintiff is the State of Alabama. The State brings this action in its capacity as sovereign and on behalf of the Alabama Medicaid Agency.

6.    The Attorney General, as chief law officer of the State of Alabama pursuant to Alabama Code § 36-15-12, is statutorily authorized to initiate and maintain this action.

### Defendant Abbott

7.    Defendant Abbott Laboratories, Inc. ("Abbott") is a Delaware corporation with its principal place of business located at 100 Abbott Park Road, Abbott Park, IL  60064. Ross Products is a division of Abbott.  Abbott is engaged in the business of manufacturing, distributing, marketing, and/or selling prescription drugs that are reimbursed by state Medicaid agencies nationwide. Pharmaceuticals that are manufactured, distributed, marketed, and/or sold by Abbott and reimbursed by Alabama Medicaid for which a claim is made in this litigation are identified in Exhibit A, attached.

4

### Defendant Alcon

8.    Defendant Alcon Laboratories, Inc. ("Alcon") is a Delaware corporation with its principal place of business located at 6201 S. Freeway (T1-3), Fort Worth, TX 76134-2099. Alcon is engaged in the business of manufacturing, distributing, marketing, and/or selling prescription drugs that are reimbursed by state Medicaid agencies nationwide. Pharmaceuticals that are manufactured, distributed, marketed, and/or sold by Alcon and reimbursed by Alabama Medicaid for which a claim is made in this litigation are identified in Exhibit A, attached.

### Defendant Allergan

9.    Defendant Allergan, Inc. ("Allergan") is a Delaware corporation with its principal place of business located at 2525 Dupont Drive, Irvine, CA 92612. Allergan is engaged in the business of manufacturing, distributing, marketing, and/or selling prescription drugs that are reimbursed by state Medicaid agencies nationwide. Pharmaceuticals that are manufactured, distributed, marketed, and/or sold by Allergan and reimbursed by Alabama Medicaid for which a claim is made in this litigation are identified in Exhibit A, attached.

### The Alpharma Defendants

10.    Defendant Alpharma, Inc. ("Alpharma") is a Delaware corporation with its principal place of business located at One Executive Drive, Fort Lee, NJ 07024-1399.

11.    Defendant Purepac Pharmaceutical Co. ("Purepac"), a wholly-owned subsidiary of Alpharma, is a Delaware corporation with its principal place of business located at 14 Commerce Drive, Suite 301, Cranford, NJ 07016.

12.    Alpharma and Purepac (collectively, the "Alpharma Defendants") are diversified healthcare companies that individually, and/or in combination with one another, engage in the business of manufacturing, distributing, marketing, and/or selling prescription drugs that are

reimbursed by state Medicaid agencies nationwide. Pharmaceuticals that are manufactured, distributed, marketed, and/or sold by the Alpharma Defendants and reimbursed by Alabama Medicaid for which a claim is made in this litigation are identified in Exhibit A, attached.

The Amgen Defendants

13.    Defendant Amgen, Inc. ("Amgen") is a Delaware corporation with its principal place of business located at One Amgen Center Drive, Thousand Oaks, CA 91320-1799.

14.    Defendant Immunex Corporation ("Immunex"), a Washington corporation with its principal place of business located at 51 University Street, Seattle, WA 98101, was acquired by Amgen in 2002.

15.    Amgen and Immunex (collectively, the "Amgen Defendants") are diversified healthcare companies that individually, and/or in combination with one another, engage in the business of manufacturing, distributing, marketing, and/or selling prescription drugs that are reimbursed by state Medicaid agencies nationwide. Pharmaceuticals that are manufactured, distributed, marketed, and/or sold by the Amgen Defendants and reimbursed by Alabama Medicaid for which a claim is made in this litigation are identified in Exhibit A, attached.

Defendant Andrx

16.    Defendant Andrx Pharmaceuticals, Inc. ("Andrx Pharm") is a Florida corporation with its principal place of business located a 4955 Orange Drive, Davie, FL 33314. Andrx Pharm is engaged in the business of manufacturing, distributing, marketing, and/or selling prescription drugs that are reimbursed by state Medicaid agencies nationwide. Pharmaceuticals that are manufactured, distributed, marketed, and/or sold by Andrx Pharm and reimbursed by Alabama Medicaid for which a claim is made in this litigation are identified in Exhibit A, attached.

6

## The AstraZeneca Defendants

17.    Defendant AstraZeneca Pharmaceuticals LP ("AstraZeneca Pharm") is a Delaware limited partnership with its principal place of business located at 1800 Concord Pike, P.O. Box 15437, Wilmington, DE 19850-5437.

18.    Defendant AstraZeneca LP ("AstraZeneca"), formerly Astra Pharmaceuticals LP, is a Delaware limited partnership with its principal place of business located at 725 Chesterbrook Boulevard, Wayne, PA 19087.

19.    AstraZeneca Pharm and AstraZeneca (collectively, the "AstraZeneca Defendants") are diversified healthcare companies that individually, and/or in combination with one another, engage in the business of manufacturing, distributing, marketing and/or selling prescription drugs that are reimbursed by state Medicaid agencies nationwide.  Pharmaceuticals that are manufactured, distributed, marketed, and/or sold by the AstraZeneca Defendants and reimbursed by Alabama Medicaid for which a claim is made in this litigation are identified in Exhibit A, attached.

## The Aventis Defendants

20.    Defendant Aventis Pharmaceuticals, Inc. ("Aventis") is a Delaware corporation with its principal place of business located at 300 Somerset Corporate Boulevard, Bridgewater, NJ 08807-2854.

21.    Defendant Aventis Behring, L.L.C. ("Aventis Behring") is a Delaware limited liability company with its principal place of business located at 1020 First Avenue, King of Prussia, PA 19406–1310.  Aventis Behring was formerly known as Centeon, L.L.C. and currently operates as ZLB Behring.

7

22.    Defendant ZLB Behring, L.L.C. ("ZLB Behring"), formerly known as Aventis Behring, is a Delaware limited liability company and a subsidiary of CSL Limited of Melbourne Australia, with its principal place of business located at 1020 First Avenue, P.O. Box 61501, King of Prussia, PA 19406-0901.

23.    Aventis, Aventis Behring, and ZLB Behring (collectively, the "Aventis Defendants") are diversified healthcare companies that individually, and/or in combination with one another, engage in the business of manufacturing, distributing, marketing, and/or selling prescription drugs that are reimbursed by state Medicaid agencies nationwide. Pharmaceuticals that are manufactured, distributed, marketed, and/or sold by the Aventis Defendants and reimbursed by Alabama Medicaid for which a claim is made in this litigation are identified in Exhibit A, attached.

Defendant Barr

24.    Defendant Barr Laboratories, Inc. ("Barr"), a subsidiary of Barr Pharmaceuticals, Inc., is a Delaware corporation with its principal place of business located at 2 Quaker Road, P.O. Box 2900, Pomona, NY 10970-0519. Barr is engaged in the business of manufacturing, distributing, marketing, and/or selling prescription drugs that are reimbursed by state Medicaid agencies nationwide. Pharmaceuticals that are manufactured, distributed, marketed, and/or sold by Barr and reimbursed by Alabama Medicaid for which a claim is made in this litigation are identified in Exhibit A, attached.

The Baxter Defendants

25.    Defendant Baxter International, Inc. ("Baxter International") is a Delaware corporation with its principal place of business located at One Baxter Parkway, Deerfield, IL 60015-4633.

26. Defendant Baxter Healthcare Corporation ("Baxter Healthcare"), a wholly-owned subsidiary of Baxter International, Inc., is a Delaware corporation with its principal place of business located at One Baxter Parkway, Deerfield, IL 60015.

27. Baxter International and Baxter Healthcare (collectively, the "Baxter Defendants") are diversified healthcare companies that individually, and/or in combination with one another, engage in the business of manufacturing, distributing, marketing, and/or selling prescription drugs that are reimbursed by state Medicaid agencies nationwide. Pharmaceuticals that are manufactured, distributed, marketed, and/or sold by the Baxter Defendants and reimbursed by Alabama Medicaid for which a claim is made in this litigation are identified in Exhibit A, attached.

### The Bayer Defendants

28. Defendant Bayer Corporation ("Bayer"), formerly Miles, Inc., is an Indiana corporation with its principal place of business located at 100 Bayer Road, Pittsburgh, PA 15205-9707. Bayer Corporation is a wholly-owned United States subsidiary of Bayer AG, a German corporation with its principal place of business located at 51368 Leverkusen, Germany.

29. Defendant Bayer Pharmaceuticals Corporation ("Bayer Pharm") is a Delaware corporation with its principal place of business located at 400 Morgan Lane, West Haven, CT 06516.

30. Defendant Bayer Healthcare, LLC ("Bayer Healthcare") is a legally independent company with six divisions operating under the Bayer AG umbrella. Bayer Healthcare is a Delaware limited liability company with its principal place of business located at 511 Benedict Avenue, Tarrytown, NY 10591.

9

31.    Bayer, Bayer Pharm, and Bayer Healthcare (collectively, the "Bayer Defendants") are diversified healthcare companies that individually, and/or in combination with one another, engage in the business of manufacturing, distributing, marketing, and/or selling prescription drugs and biological products that are reimbursed by state Medicaid agencies nationwide. Pharmaceuticals and biological products that are manufactured, distributed, marketed, and/or sold by the Bayer Defendants and reimbursed by Alabama Medicaid for which a claim is made in this litigation are identified in Exhibit A, attached.

Defendant Biovail

32.    Defendant Biovail Pharmaceuticals, Inc. ("Biovail") is a Delaware corporation with its principal place of business located at 700 Route 202/206, North Bridgewater, NJ 08807. Biovail is engaged in the business of manufacturing, distributing, marketing, and/or selling prescription drugs that are reimbursed by state Medicaid agencies nationwide. Pharmaceuticals that are manufactured, distributed, marketed, and/or sold by Biovail and reimbursed by Alabama Medicaid for which a claim is made in this litigation are identified in Exhibit A, attached.

The Boehringer Defendants

33.    Defendant Boehringer Ingelheim Corporation ("Boehringer") is a Nevada corporation with its principal place of business located at 900 Ridgebury Road, Ridgefield, CT 06877. Boehringer includes a number of subsidiary companies that manufacture, distribute, market, and/or sell prescription drugs, including, but not limited to, the following:

>     a.    Defendant    Boehringer    Ingelheim    Pharmaceuticals,    Inc.
>            ("Boehringer Pharm") is a Delaware corporation with its principal
>            place of business located at 900 Ridgebury Road, Ridgefield, CT
>            06877; and

10

     b.    Defendant Roxane Laboratories, Inc. ("Roxane"), a Delaware

corporation with its principal place of business located at 1809

Wilson Road, Columbus, OH 43228-9579.

34.  Boehringer, Boehringer Pharm, and Roxane (collectively "the Boehringer Defendants") are diversified healthcare companies that individually, and/or in combination with one another, engage in the business of manufacturing, distributing, marketing, and/or selling prescription drugs that are reimbursed by state Medicaid agencies nationwide. Pharmaceuticals that are manufactured, distributed, marketed, and/or sold by the Boehringer Defendants and reimbursed by Alabama Medicaid for which a claim is made in this litigation are identified in Exhibit A, attached.

<u>Defendant Bristol-Myers Squibb</u>

35.  Defendant Bristol-Myers Squibb Company ("Bristol-Myers Squibb"), formerly Bristol-Myers Company, is a Delaware corporation with its principal place of business located at 345 Park Avenue, New York, NY 10154-0037. Bristol-Myers Squibb, which includes a number of divisions and/or subsidiary companies, is engaged in the business of manufacturing, distributing, marketing, and/or selling prescription drugs that are reimbursed by state Medicaid agencies nationwide. Pharmaceuticals that are manufactured, distributed, marketed, and/or sold by Bristol-Myers Squibb, and/or its subsidiaries and divisions, and reimbursed by Alabama Medicaid for which a claim is made in this litigation are identified in Exhibit A, attached.

<u>Defendant DEY</u>

36.  Defendant DEY, L.P. ("DEY"), formerly DEY Laboratories, is a Delaware limited partnership with its principal place of business located at 2751 Napa Valley Corporate Drive, Napa, CA 94558. DEY is an indirect subsidiary of Merck KGaA, a German pharmaceutical

11

conglomerate, and is an affiliate of EMD, Inc. DEY is engaged in the business of manufacturing, distributing, marketing, and/or selling prescription drugs that are reimbursed by state Medicaid agencies nationwide. Pharmaceuticals that are manufactured, distributed, marketed, and/or sold by DEY and reimbursed by Alabama Medicaid for which a claim is made in this litigation are identified in Exhibit A, attached.

Defendant Eisai

37.    Defendant Eisai, Inc. ("Eisai"), the U.S. pharmaceutical subsidiary of Tokyo-based Eisai Co., Ltd., is a Delaware corporation with its principal place of business located at 500 Frank W. Burr Boulevard, Teaneck, NJ  07666.  Eisai is engaged in the business of manufacturing, distributing, marketing, and/or selling prescription drugs that are reimbursed by state Medicaid agencies nationwide.  Pharmaceuticals that are manufactured, distributed, marketed, and/or sold by Eisai and reimbursed by Alabama Medicaid for which a claim is made in this litigation are identified in Exhibit A, attached.

Defendant Endo

38.    Defendant Endo Pharmaceuticals, Inc. ("Endo"), formerly Endo Laboratories, L.L.C., and a subsidiary of Endo Pharmaceuticals Holdings, Inc., is a Delaware corporation with its principal place of business located at 100 Painters Drive, Chadds Ford, PA  19317.  Endo is engaged in the business of manufacturing, distributing, marketing, and/or selling prescription drugs that are reimbursed by state Medicaid agencies nationwide.  Pharmaceuticals that are manufactured, distributed, marketed, and/or sold by Endo and reimbursed by Alabama Medicaid for which a claim is made in this litigation are identified in Exhibit A, attached.

<u>Defendant ETHEX</u>

39.    Defendant ETHEX Corporation ("ETHEX"), a wholly-owned subsidiary of K-V Pharmaceutical Company, is a Missouri corporation with its principal place of business at 10888 Metro Court, St. Louis, MO 63043-2413. ETHEX is engaged in the business of manufacturing, distributing, marketing, and/or selling prescription drugs that are reimbursed by state Medicaid agencies nationwide. Pharmaceuticals that are sold by ETHEX and reimbursed by Alabama Medicaid for which a claim is made in this litigation are identified in Exhibit A, attached.

<u>The Forest Defendants</u>

40.    Defendant Forest Laboratories, Inc. ("Forest") is a Delaware corporation with its principal place of business located at 909 Third Avenue, New York, NY 10022.

41.    Defendant Forest Pharmaceuticals, Inc. ("Forest Pharm"), a wholly-owned subsidiary of Forest, is a Delaware corporation with its principal place of business located at 13600 Shoreline Drive, St. Louis, MO 63045.

42.    Forest and Forest Pharm (collectively, the "Forest Defendants") are diversified healthcare companies that individually, and/or in combination with one another, engage in the business of manufacturing, marketing, distributing, and/or selling prescription drugs that are reimbursed by State Medicaid agencies nationwide. Pharmaceuticals that are manufactured, distributed, marketed, and/or sold by the Forest Defendants and reimbursed by Alabama Medicaid for which a claim is made in this litigation are identified in Exhibit A, attached.

<u>The Fujisawa Defendants</u>

43.    Defendant Fujisawa Healthcare, Inc. ("Fujisawa") is a Delaware corporation and a wholly-owned subsidiary of Fujisawa Pharmaceutical Company, Ltd., of Osaka, Japan. Fujisawa's principal place of business is located at Three Parkway North, Deerfield, IL 60015.

13

44.    Defendant Fujisawa USA, Inc. ("Fujisawa USA") is or was a Delaware corporation with its principal place of business located at Three Parkway North, Deerfield, IL 60015.

45.    Fujisawa and Fujisawa USA (collectively, the "Fujisawa Defendants") are or were engaged in the business of manufacturing, distributing, marketing, and/or selling prescription drugs that are reimbursed by state Medicaid agencies nationwide. Pharmaceuticals that are or were manufactured, distributed, marketed, and/or sold by the Fujisawa Defendants and reimbursed by Alabama Medicaid for which a claim is made in this litigation are identified in Exhibit A, attached.

## Defendant Genzyme

46.    Defendant Genzyme Corporation ("Genzyme"), formerly Genzyme Massachusetts Corporation, is a Massachusetts corporation with its principal place of business located at 500 Kendall Street, Cambridge, MA 02139. Genzyme is engaged in the business of manufacturing, distributing, marketing, and/or selling prescription drugs that are reimbursed by state Medicaid agencies nationwide. Pharmaceuticals that are manufactured, distributed, marketed, and/or sold by Genzyme and reimbursed by Alabama Medicaid for which a claim is made in this litigation are identified in Exhibit A, attached.

## Defendant Gilead

47.    Defendant Gilead Sciences, Inc. ("Gilead") is a Delaware corporation with its principal place of business located at 333 Lakeside Drive, Foster City, CA 94404. Gilead is engaged in the business of manufacturing, distributing, marketing, and/or selling prescription drugs that are reimbursed by state Medicaid agencies nationwide. Pharmaceuticals that are manufactured, distributed, marketed, and/or sold by Gilead and reimbursed by Alabama Medicaid for which a claim is made in this litigation are identified in Exhibit A, attached.

14

Defendant GlaxoSmithKline

48. Defendant SmithKline Beecham Corporation d/b/a GlaxoSmithKline ("GlaxoSmithKline"), is a Pennsylvania corporation with its principal place of business located at One Franklin Plaza, 200 North 16th Street, Philadelphia, PA 19102. GlaxoSmithKline is engaged in the business of manufacturing, distributing, marketing, and/or and selling prescription drugs that are reimbursed by state Medicaid agencies nationwide. Pharmaceuticals that are manufactured, distributed, marketed, and/or sold by GlaxoSmithKline and reimbursed by Alabama Medicaid for which a claim is made in this litigation are identified in Exhibit A, attached.

The Hoffmann-LaRoche Defendants

49. Defendant Hoffmann-LaRoche, Inc. ("Hoffmann-LaRoche") is a New Jersey corporation with its principal place of business located at 340 Kingsland Street, Nutley, NJ 07110-1199. Hoffmann-LaRoche is the U.S. prescription drug unit of the Roche Group.

50. Defendant Roche Laboratories, Inc. ("Roche Labs") is a Delaware corporation with its principal place of business located at 340 Kingsland Street, Nutley, NJ 07110-1199. Roche Labs is a marketing and sales subsidiary of Hoffmann-LaRoche.

51. Hoffmann-LaRoche and Roche Labs (collectively, the "Hoffmann-LaRoche Defendants") are diversified healthcare companies that individually, and/or in combination with one another, engage in the business of manufacturing, distributing, marketing, and/or selling prescription drugs that are reimbursed by state Medicaid agencies nationwide. Pharmaceuticals that are manufactured, distributed, marketed, and/or sold by the Hoffmann-LaRoche Defendants and reimbursed by Alabama Medicaid for which a claim is made in this litigation are identified in Exhibit A, attached.

15

The IVAX Defendants

52.    Defendant IVAX Corporation ("IVAX") is a Florida corporation with its principal place of business located at 4400 Biscayne Blvd., Miami, FL 33137-3227.

53.    Defendant IVAX Pharmaceuticals, Inc. ("IVAX Pharm"), a wholly-owned subsidiary of IVAX, is a Florida corporation with its principal place of business located at 4400 Biscayne Blvd., Miami, FL 33137.

54.    IVAX and IVAX Pharm (collectively, the "IVAX Defendants") are diversified healthcare companies that individually, and/or in combination with one another, engage in the business of manufacturing, distributing, marketing, and/or selling prescription drugs that are reimbursed by state Medicaid agencies nationwide. Pharmaceuticals that are manufactured, distributed, marketed, and/or sold by the IVAX Defendants and reimbursed by Alabama Medicaid for which a claim is made in this litigation are identified in Exhibit A, attached.

The J&J Defendants

55.    Defendant Johnson & Johnson ("J&J") is a New Jersey corporation with its principal place of business located at One Johnson & Johnson Plaza, New Brunswick, NJ 08933. J&J includes a number of subsidiary or affiliate companies including, but not limited to, the following:

    a.    Defendant ALZA Corporation ("ALZA"), is a Delaware corporation with its principal place of business located at 1900 Charleston Road, Mountain View, CA 94039, and was acquired by J&J from Defendant Abbott in 2000;

    b.    Defendant Janssen Pharmaceutica Products, LP ("Janssen"), a wholly-owned subsidiary of J&J, is a New Jersey limited partnership with its principal place of business located at 1125 Trenton-Harbourton Road, Titusville, NJ 08560;

    c.    Defendant McNeil-PPC, Inc. ("McNeil"), a wholly-owned subsidiary of J&J, is a New Jersey corporation with its principal place of business

16

located at 7050 Camp Hill Road, Fort Washington, PA 19034. McNeil Consumer & Specialty Pharmaceuticals ("McNeil Cons") is a division of McNeil-PPC, Inc.;

d.    Defendant Ortho Biotech Products, LP ("Ortho Biotech"), a wholly-owned subsidiary of J&J, is a New Jersey limited partnership with its principal place of business located at 430 Rt. 22 East, Bridgewater, NJ 08807-0914; and

e.    Defendant Ortho-McNeil Pharmaceutical, Inc. ("Ortho-McNeil"), a wholly-owned subsidiary of J&J, is a Delaware corporation with its principal place of business located at 1000 U.S. Route 202 South, Raritan, NJ 08869.

56.    J&J, ALZA, Janssen, McNeil, Ortho Biotech, and Ortho-McNeil (collectively "the J&J Defendants") are diversified healthcare companies that individually, and/or in combination with one another, engage in the business of manufacturing, distributing, marketing, and/or selling prescription drugs that are reimbursed by state Medicaid agencies nationwide. Pharmaceuticals that are manufactured, distributed, marketed, and/or sold by the J&J Defendants and reimbursed by Alabama Medicaid for which a claim is made in this litigation are identified in Exhibit A, attached.

## The King Defendants

57.    Defendant King Pharmaceuticals, Inc. ("King") is a Tennessee corporation with its principal place of business located at 501 Fifth Street, Bristol, TN 37620.

58.    Defendant Monarch Pharmaceuticals, Inc. ("Monarch"), a wholly-owned subsidiary of King, is a Tennessee corporation with its principal place of business located at 501 Fifth Street, Bristol, TN 37620.

59.    King and Monarch (collectively, the "King Defendants") are diversified healthcare companies that individually, and/or in combination with one another, engage in the business of manufacturing, distributing, marketing, and/or selling prescription drugs that are reimbursed by

17

state Medicaid agencies nationwide.   Pharmaceuticals that are manufactured, distributed, marketed, and/or sold by the King Defendants and reimbursed by Alabama Medicaid for which a claim is made in this litigation are identified in Exhibit A, attached.

Defendant MedImmune

60.    Defendant MedImmune, Inc. ("MedImmune") is a Delaware corporation with its principal place of business located at One MedImmune Way, Gaithersburg, MD   20878. MedImmune is engaged in the business of manufacturing, distributing, marketing, and/or selling prescription drugs that are reimbursed by state Medicaid agencies nationwide.  Pharmaceuticals that are manufactured, distributed, marketed, and/or sold by MedImmune and reimbursed by Alabama Medicaid for which a claim is made in this litigation are identified in Exhibit A, attached.

Defendant Merck

61.    Defendant Merck & Co., Inc. ("Merck") is a New Jersey corporation with its principal place of business located at One Merck Drive, P.O. Box 100, Whitehouse Station, NJ 08889-0100. Merck is engaged in the business of manufacturing, distributing, marketing, and/or selling prescription drugs that are reimbursed by state Medicaid agencies nationwide. Pharmaceuticals that are manufactured, distributed, marketed, and/or sold by Merck and reimbursed by Alabama Medicaid for which a claim is made in this litigation are identified in Exhibit A, attached.

The Mylan Defendants

62.    Defendant Mylan Laboratories, Inc. ("Mylan") is a Pennsylvania corporation with its principal place of business located at 1500 Corporate Drive, Suite 400, Canonsburg, PA 15317.

18

63.   Defendant Mylan Pharmaceuticals, Inc. ("Mylan Pharm"), a wholly-owned subsidiary of Mylan, is a West Virginia corporation with its principal place of business located at 1500 Corporate Drive, Suite 400, Canonsburg, PA 15317.

64.   Defendant UDL Laboratories, Inc. ("UDL"), a wholly-owned subsidiary of Mylan, is an Illinois corporation with its principal place of business located at 1718 Northrock Court, Rockford, IL 61103.

65.   Mylan, Mylan Pharm, and UDL (collectively, the "Mylan Defendants") are diversified healthcare companies that individually, and/or in combination with one another, engage in the business of manufacturing, distributing, marketing, and/or selling prescription drugs that are reimbursed by state Medicaid agencies nationwide. Pharmaceuticals that are manufactured, distributed, marketed, and/or sold by the Mylan Defendants and reimbursed by Alabama Medicaid for which a claim is made in this litigation are identified in Exhibit A, attached.

## The Novartis Defendants

66.   Defendant Novartis Pharmaceuticals Corporation ("Novartis") is a Delaware corporation with its principal place of business located at One Health Plaza, East Hanover, NJ 07936-1080.

67.   Defendant Sandoz, Inc. ("Sandoz"), formerly known as Geneva Pharmaceuticals, Inc., and a member of the Novartis group of companies, is a Delaware corporation with its principal place of business located at 506 Carnegie Center, Suite 400, Princeton, NJ 08540-6243.

68.   Novartis and Sandoz (collectively, the "Novartis Defendants") are diversified healthcare companies that individually, and/or in combination with one another, engage in the

business of manufacturing, distributing, marketing, and/or selling prescription drugs that are reimbursed by state Medicaid agencies nationwide. Pharmaceuticals that are manufactured, distributed, marketed, and/or sold by the Novartis Defendants and reimbursed by Alabama Medicaid for which a claim is made in this litigation are identified in Exhibit A, attached.

### Defendant Novo Nordisk

69.    Defendant Novo Nordisk Pharmaceuticals, Inc. ("Novo Nordisk") is a Delaware corporation with its principal place of business located at 100 College Road West, Princeton, NJ 08540-7814. Novo Nordisk is the U.S. health care affiliate of Novo Nordisk A/S. Novo Nordisk is engaged in the business of manufacturing, distributing, marketing, and/or selling pharmaceuticals that are reimbursed by state Medicaid agencies nationwide. Pharmaceuticals that are manufactured, distributed, marketed, and/or sold by Novo Nordisk and reimbursed by Alabama Medicaid for which a claim is made in this litigation are identified in Exhibit A, attached.

### Defendant Organon

70.    Defendant Organon Pharmaceuticals USA, Inc. ("Organon"), a subsidiary of Akzo Nobel NV, is a Delaware corporation with its principal place of business located at 56 Livingston Avenue, Roseland, NJ    07068.    Organon is engaged in the business of manufacturing, distributing, marketing, and/or selling prescription drugs that are reimbursed by state Medicaid agencies nationwide. Pharmaceuticals that are manufactured, distributed, marketed, and/or sold by Organon and reimbursed by Alabama Medicaid for which a claim is made in this litigation are identified in Exhibit A, attached.

20

### Defendant Par

71.    Defendant Par Pharmaceutical, Inc. ("Par") is a New Jersey corporation with its principal place of business located at One Ram Ridge Road, Spring Valley, NY 10977. Par is engaged in the business of manufacturing, distributing, marketing, and/or selling prescription drugs that are reimbursed by state Medicaid agencies nationwide. Pharmaceuticals that are manufactured, distributed, marketed, and/or sold by Par and reimbursed by Alabama Medicaid for which a claim is made in this litigation are identified in Exhibit A, attached.

### The Pfizer Defendants

72.    Defendant Pfizer, Inc. ("Pfizer") is a Delaware corporation with its principal place of business located at 235 East 42nd Street, New York, NY 10017. With the merger of Pfizer and Pharmacia Corporation in 2003, Pfizer became the largest drug company in the world today.

73.    Defendant Pharmacia Corporation ("Pharmacia") is a Delaware corporation with its principal place of business located at 235 East 42nd Street, New York, NY 10017-5755.

74.    Defendant Pharmacia & Upjohn Company Corporation ("P & U"), a subsidiary of Pharmacia Corporation, is a Delaware corporation with its principal place of business located at 235 E. 42nd Street, New York, NY 10017-5703.

75.    Defendant G.D. Searle, L.L.C. ("Searle"), a subsidiary of Pharmacia Corporation, is a Delaware limited liability company with its principal place of business located at 4901 Searle Parkway, Skokie, IL 60077-2919.

76.    Defendant Agouron Pharmaceuticals, Inc. ("Agouron") is a California corporation with its principal place of business located at 10777 Science Center Drive, San Diego, CA 92121.

77.    Pfizer, Pharmacia, P & U, Searle and Agouron (collectively, the "Pfizer Defendants") are diversified healthcare companies that individually, and/or in combination with one another, engage in the business of manufacturing, distributing, marketing, and/or selling prescription drugs that are reimbursed by state Medicaid agencies nationwide. Pharmaceuticals that are manufactured, distributed, marketed, and/or sold by the Pfizer Defendants and reimbursed by Alabama Medicaid for which a claim is made in this litigation are identified in Exhibit A, attached.

### Defendant Purdue

78.    Defendant Purdue Pharma, L.P. ("Purdue") is a Delaware limited partnership with its principal place of business located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901-3431. Purdue is engaged in the business of manufacturing, distributing, marketing, and/or selling prescription drugs that are reimbursed by state Medicaid agencies nationwide. Pharmaceuticals that are manufactured, distributed, marketed, and/or sold by Purdue and reimbursed by Alabama Medicaid for which a claim is made in this litigation are identified in Exhibit A, attached.

### Defendant Sanofi

79.    Defendant Sanofi-Synthelabo, Inc. ("Sanofi"), the U.S. affiliate of the global pharmaceutical company Sanofi-Aventis, is a Delaware corporation with its principal place of business located at 90 Park Avenue, New York, NY 10016. Sanofi is engaged in the business of manufacturing, distributing, marketing, and/or selling prescription drugs that are reimbursed by state Medicaid agencies nationwide. Pharmaceuticals that are manufactured, distributed, marketed, and/or sold by Sanofi and reimbursed by Alabama Medicaid for which a claim is made in this litigation are identified in Exhibit A, attached.

22

## The Schering Defendants

80.     Defendant Schering-Plough Corporation ("Schering-Plough") is a New Jersey corporation with its principal place of business located at 2000 Galloping Hill Road, Kenilworth, NJ 07033.

81.     Defendant Warrick Pharmaceuticals Corporation ("Warrick"), a wholly-owned subsidiary of Schering-Plough, is a Delaware corporation with its principal place of business located at 12125 Moya Blvd., Reno, NV 89506-2600.

82.     Schering-Plough and Warrick (collectively, the "Schering Defendants") are diversified healthcare companies that individually, and/or in combination with one another, engage in the business of manufacturing, distributing, marketing, and/or selling prescription drugs that are reimbursed by state Medicaid agencies nationwide. Pharmaceuticals that are manufactured, distributed, marketed, and/or sold by the Schering Defendants and reimbursed by Alabama Medicaid for which a claim is made in this litigation are identified in Exhibit A, attached.

## Defendant TAP Pharmaceutical

83.     Defendant TAP Pharmaceutical Products, Inc. ("TAP"), a joint venture between Abbott Laboratories and Takeda Chemical Industries, Ltd., of Osaka, Japan, is a Delaware corporation with its principal place of business located at 675 North Field Drive, Lake Forest, IL 60045. TAP is engaged in the business of manufacturing, distributing, marketing, and/or selling prescription drugs that are reimbursed by state Medicaid agencies nationwide. Pharmaceuticals that are manufactured, distributed, marketed, and/or sold by TAP and reimbursed by Alabama Medicaid for which a claim is made in this litigation are identified in Exhibit A, attached.

## Defendant Takeda Pharmaceuticals

84.    Defendant Takeda Pharmaceuticals North America, Inc. ("Takeda Pharm"), a wholly-owned subsidiary of Takeda Pharmaceutical Company Limited, is a Delaware corporation with its principal place of business located at 475 Half Day Road, Suite 500, Lincolnshire, IL   60069.   Takeda Pharm is engaged in the business of manufacturing, distributing, marketing, and/or selling prescription drugs that are reimbursed by state Medicaid agencies nationwide.  Pharmaceuticals that are manufactured, distributed, marketed, and/or sold by Takeda Pharm and reimbursed by Alabama Medicaid for which a claim is made in this litigation are identified in Exhibit A, attached.

## Defendant Teva

85.    Defendant Teva Pharmaceuticals USA, Inc. ("Teva"), a wholly-owned American subsidiary of Teva Pharmaceutical Industries, Ltd. and formerly Lemmon Pharmaceutical Company, is a Delaware corporation with its principal place of business located at 1090 Horsham Road, P.O. Box 1090, North Wales, PA  19454-1090.  Teva is engaged in the business of manufacturing, distributing, marketing, and/or selling prescription drugs that are reimbursed by state Medicaid agencies nationwide.  Pharmaceuticals that are manufactured, distributed, marketed, and/or sold by Teva and reimbursed by Alabama Medicaid for which a claim is made in this litigation are identified in Exhibit A, attached.

## The Watson Defendants

86.    Defendant Watson Pharmaceuticals, Inc. ("Watson") is a Nevada corporation with its principal place of business located at 311 Bonnie Circle, Corona, CA  92880.

24

87.    Defendant Watson Laboratories, Inc. ("Watson Labs"), a wholly-owned subsidiary of Watson, is a Nevada corporation with its principal place of business located at 311 Bonnie Circle, Corona, CA 92880.

88.    Defendant Watson Pharma, Inc. ("Watson Pharma"), a wholly-owned subsidiary of Watson since 2000, is a Delaware corporation with its principal place of business located at 311 Bonnie Circle, Corona, CA 92880.

89.    Watson, Watson Labs, and Watson Pharma (collectively, the "Watson Defendants") are diversified healthcare companies that individually, and/or in combination with one another, engage in the business of manufacturing, distributing, marketing, and/or selling prescription drugs that are reimbursed by state Medicaid agencies nationwide. Pharmaceuticals that are manufactured, distributed, marketed, and/or sold by the Watson Defendants and reimbursed by Alabama Medicaid for which a claim is made in this litigation are identified in Exhibit A, attached.

## The Wyeth Defendants

90.    Defendant Wyeth, Inc. ("Wyeth"), formerly American Home Products Corp., is a Delaware corporation with its principal place of business located at Five Giralda Farms, Madison, NJ 07940.

91.    Defendant Wyeth Pharmaceuticals, Inc. ("Wyeth Pharm"), a division of Wyeth, is a Delaware corporation with its principal place of business located at 500 Arcola Road, Collegeville, PA 19426.

92.    Wyeth and Wyeth Pharm (collectively, the "Wyeth Defendants") are diversified healthcare companies that individually, and/or in combination with one another, engage in the business of manufacturing, distributing, marketing, and/or selling prescription drugs that are

reimbursed by state Medicaid agencies nationwide. Pharmaceuticals that are manufactured, distributed, marketed, and/or sold by the Wyeth Defendants and reimbursed by Alabama Medicaid for which a claim is made in this litigation are identified in Exhibit A, attached.

<u>Fictitious Defendants</u>

93.    Fictitious Defendants 1 through 200, whose true names are presently unknown, are manufacturers, distributors, marketers, and/or sellers of prescription drugs who reported or caused to be reported false and inflated pricing information to industry publishers upon which information the Alabama Medicaid Agency relied in reimbursing providers for the dispensing of such drugs, and whose true names will be added upon discovery.

94.    Upon information and belief, the drugs identified for each Defendant are involved in the fraudulent or wanton pricing scheme outlined in this complaint. In addition to those drugs, there may be other drugs which are or have been manufactured, distributed, marketed, and/or sold by Defendants and which are subject to the fraudulent pricing scheme, but the names of those drugs are unavailable to Alabama Medicaid at the present time. For example, some of the Defendants manufacture, distribute, market, and/or sell multiple source brand name and generic drugs not listed in Exhibit A which are also manufactured by other companies. Alabama Medicaid is unable to determine without additional investigation and information which Defendants sold these multiple source brand name drugs and/or generic drugs as part of the scheme (and, if so, to what extent) for which Alabama Medicaid paid reimbursement to the provider. Likewise, Alabama Medicaid is unable to determine without additional information which Defendants sold physician-dispensed (Medicare Part B) drugs as part of the scheme for which Alabama Medicaid paid reimbursement to the provider. The State intends for this complaint to cover all drugs manufactured, distributed, marketed, and/or sold by Defendants

(including Fictitious Defendants 1-200) which are subject to the fraudulent or wanton pricing scheme described herein, even though the names of some of those drugs are not identified because the information is not currently available to the State.

## JURISDICTION AND VENUE

95.    This Court has jurisdiction over the State's claims as they involve claims arising exclusively under Alabama law.

96.    This Court has personal jurisdiction over each Defendant either because the Defendant resides in Alabama, does business in Alabama, purposefully directs or directed its actions toward Alabama, and/or has the requisite minimum contacts with Alabama necessary to constitutionally permit the Court to exercise jurisdiction.

97.    Venue is proper in Montgomery County, Alabama pursuant to Alabama Code § 6-3-7, because the State pays reimbursement through Alabama Medicaid for prescription drugs dispensed in this County and throughout the State.  The events giving rise to the claims herein arose, in substantial part, in this County, the State's principal office and operations are located in this County, and the State regularly and systematically conducts business in this County.

## FACTUAL BACKGROUND

### The Alabama Medicaid Program

98.    The Alabama Medicaid program is a state-administered program with federal matching funds which pays for medical care, including prescription drug benefits, for Alabama's low-income and disabled citizens.  Alabama Medicaid currently covers approximately 900,000 individuals.  Prescription drug benefits represent over 15% of Alabama Medicaid's annual budget.  Since 1990, the total annual cost of pharmacy-dispensed prescription drugs to Alabama

27

Medicaid has increased tenfold, from total annual costs of approximately $60 million in 1990 to approximately $600 million in 2004.

99.    Alabama Medicaid reimburses medical providers, including physicians and pharmacists, for drugs prescribed for, and dispensed to, Alabama Medicaid recipients pursuant to statutory and administrative formulas. Alabama Medicaid also pays up to the 20% co-payment for physician administered prescription drugs for Alabama Medicare beneficiaries who are qualified to receive Medicaid benefits.

100.    Reimbursement for pharmacy-dispensed prescription drugs under the Alabama Medicaid program is based on information supplied by Defendants to industry reporting services. This information includes the following price indices: (i) Average Wholesale Price ("AWP"), which is commonly understood as the average price charged by wholesalers to retailers, such as hospitals, doctors and pharmacies, for prescription drugs, (ii) Wholesale Acquisition Cost ("WAC"), which is commonly understood as the average price paid by wholesalers to the manufacturers for prescription drugs, and (iii) on occasion (but prior to 2003), Direct Price, which is commonly understood as the price charged by drug manufacturers to non-wholesaler customers for prescription drugs. At all times relevant to this action, Defendants were aware of Alabama Medicaid's drug reimbursement formulas and procedures for pharmacy-dispensed drugs.

101.    Medicare is a health insurance program created by the federal government for the elderly, disabled, and other eligible persons. Individuals become eligible for Medicare health insurance benefits when they turn 65 years of age or earlier if they are certified as disabled. There are two major components of the Medicare Program, Part A and Part B. Medicare Part B is an optional program that provides coverage for some healthcare services for Alabama's

participating elderly, disabled and other eligible citizens not covered by Part A. Medicare Part B pays for a portion of the cost of prescription drugs, generally those drugs which are administered by a physician provider or used with certain medical equipment.

102.    For prescription drugs covered by Part B, Medicare pays eighty percent (80%) of the allowable amount under federal regulations. (Until recently, the allowable amount was 95% of the national AWP for the drug.) The remaining 20% is paid by the Medicare beneficiary as a co-payment. For Alabama Medicare beneficiaries who are also qualified to receive Medicaid benefits, Alabama Medicaid pays the 20% co-payment up to the amount Alabama Medicaid would have paid if it were the only payor. At all relevant times to this action, Defendants were aware of the Alabama Medicaid's drug reimbursement formulas and procedures for Medicare Part B drugs.

## The Defendants' Reporting of Inflated Pricing Information

103.    Defendants knowingly, willfully, wantonly, and/or intentionally provided or caused to be provided false and inflated AWP, WAC, and/or Direct Price information for their drugs to various nationally known drug industry reporting services, including First DataBank (a/k/a Blue Book), Medical Economics, Inc. (a/k/a Red Book), and Medispan. These reporting services published the pricing information to various reimbursers, such as Alabama Medicaid, who have contracted to receive the information (either in electronic or hard copy form) as a basis to provide reimbursement to the medical or pharmacy providers who provide the drugs to patients.

104.    Alabama Medicaid purchased and utilized the Defendants' published AWP, WAC, and Direct Price information from First DataBank (Blue Book), and Medical Economics, Inc. (Red Book). The information from Blue Book was and is used by Alabama Medicaid with

29

respect to reimbursement for pharmacy-dispensed drugs. As a general matter, the information from Red Book was and is used with respect to reimbursement for Medicare Part B drug co-payments. At all relevant times to this action, Alabama Medicaid relied upon the AWP, WAC, and/or Direct Price provided by Defendants to the industry reporting services in determining the amount Alabama Medicaid reimburses providers.

105. Defendants knew that the false and deceptive inflation of AWP, WAC, and/or Direct Price for their drugs would cause Alabama Medicaid to pay excessive amounts for these drugs. Defendants' inflated AWPs, WACs, and Direct Prices greatly exceeded the actual prices at which they sold their drugs to retailers (physicians, hospitals, and pharmacies) and wholesalers. Defendants' reported AWPs, WACs, and/or Direct Prices were false and misleading and bore no relation to any price, much less a wholesale or actual sales price.

106. Defendants knowingly, willfully, wantonly, and/or intentionally concealed the true AWP, WAC, and/or Direct Price information for their respective drugs from Alabama Medicaid. Each Defendant knows its own AWP, WAC, and Direct Price which it reports to the industry reporting services for use by Medicare and the state Medicaid agencies. Each Defendant also knows whether the prices it reports to the reporting services accurately and truthfully represent the actual prices as reflected by market experience and conditions. Unless governmental or industry surveys, lawsuits, or criminal or regulatory investigations publicly reveal the true AWP, WAC, or Direct Price for a particular drug at issue, Alabama Medicaid, like other state Medicaid agencies, is not privy to the actual market prices which it can then compare against the reported prices. Defendants have concealed true market pricing information from the State for the purpose of avoiding detection of the fraudulent scheme described herein.

30

107.    Defendants used undisclosed discounts, rebates and other inducements which had the effect of lowering the actual wholesale or sales prices charged to their customers as compared to the reported prices. In addition, Defendants employed secret agreements to conceal the lowest prices charged for their pharmaceutical products. As a result of these concealed inducements, Defendants have prevented third parties, including Alabama Medicaid, from determining the true prices it charges its customers.

**Defendants' Marketing of the "Spread"**

108.    Defendants refer to the difference between the reported AWP and WAC, on the one hand, and the actual price of a drug, on the other, as the "spread" or, alternatively, "return to practice" or "return on investment." Defendants knowingly and intentionally created a "spread" on their drugs and used the "spread" to increase their sales and market share of these drugs, thereby increasing their profits. Defendants induced physicians, pharmacies, and pharmacy chain stores to purchase their drugs, rather than competitors' drugs, by persuading them that the larger "spread" on Defendants' drugs would allow the physicians and pharmacies to receive more money, and make more of a profit, through reimbursement at the expense of Alabama Medicaid.

109.    Defendants manipulated and controlled the size of the "spread" on their drugs by both increasing their reported AWPs, WACs, and Direct Prices and decreasing their actual prices to wholesalers and providers over time.

110.    In addition to manipulating the reported AWP, WAC, and/or Direct Price, Defendants used free goods, educational grants and other incentives to induce providers to purchase their drugs, all of which lowered the actual prices of the Defendants' drugs, resulting in

31

increased profits for providers, as well as increased market share and profits of the Defendants, at the expense of Alabama Medicaid.

111.    The unfair, fraudulent, wanton, and deceptive practices engaged in by the Defendants in creating and reporting, or causing to be reported, false and inflated AWP, WAC, and/or Direct Price information for their drugs, or otherwise concealing actual pricing information, and marketing the "spread" on their drugs as an inducement to providers to utilize Defendants' drugs, has resulted in the State paying millions of dollars in excess Medicaid payments, while at the same time enriching Defendants with excessive, unjust and illegal profits.

## Other Lawsuits, Settlements, Government Investigations, and Criminal Proceedings

112.    The State's complaint was not drafted in a vacuum. Each family of Defendants in this case has been sued for the same or similar Medicaid drug pricing fraud scheme in one or more of at least twenty-one other states.[1]  A number of the Defendants have also been sued for related conduct in one or more of numerous pending federal actions.[2]

113.    Published opinions and other public record documents generated during the course of the parallel state and federal litigation reveal that these Defendants reported fraudulent AWPs or other pricing information for selected drugs that bore no relationship whatsoever to the price at which those drugs were actually being sold to pharmacies and providers. For example, a majority of the Defendants named herein have been made the subject of an action in New York alleging a fraudulent AWP pricing scheme.[3]  In that suit, New York City (which pays 25% of

---

[1] Lawsuits have been filed in the States of Arizona, Arkansas, California, Connecticut, Florida, Illinois, Kentucky, Massachusetts, Minnesota, Mississippi, Missouri, Montana, Nevada, New Jersey, New York, North Carolina, Ohio, Pennsylvania, Texas, West Virginia, and Wisconsin, the City of New York, and multiple New York counties.

[2] Most of the lawsuits that assert claims for violations of federal law have been consolidated for pretrial purposes in multi-district federal litigation in Boston, Massachusetts. However, no federal claims are being asserted in this case.

[3] *The City of New York v. Abbott Laboratories, Inc.*, 04-CV-06054, in the United States District Court for the Southern District of New York (August 4, 2004).

Medicaid costs for its residents) sets forth for each of the manufacturers and drugs at issue the inflated AWP reported to industry reporting services by the Defendants and the estimated true AWP which should have been reported. Depending on the drug in question, New York City alleges that, in some instances, the reported price is over 8 times the true price. New York City's reimbursement methodology, similar to Alabama Medicaid's, is based upon AWP reported by the manufacturers to the same reporting services upon which Alabama Medicaid relies. Because the reported AWP's and, correspondingly, the true AWP's are national (not regional) in scope, New York City's experience likely parallels Alabama's and lends obvious support to the State's allegations herein. The other state lawsuits, dealing with many of the same defendants and drugs at issue in Alabama, also lend corroborative support.

114.    Federal criminal actions have been instituted against various of the named Defendants.[4]  As part of those criminal proceedings, a number of the drug companies named in this lawsuit pled guilty to and/or agreed to settle criminal charges of having engaged in unlawful marketing and sales practices with respect to certain of their prescription drugs reimbursed under federal programs, such as Medicare, and state programs, such as Medicaid. These Defendants paid record fines and civil penalties for this admittedly wrongful conduct.

115.    The guilty pleas, settlements, and admissions of fault by the criminal defendants implicate some of the Defendants herein in what is becoming to be known as a far-reaching and widespread scheme in the pharmaceutical industry to unlawfully increase market share and profits for their products. For example, in early 2001, Bayer agreed to settle the federal criminal investigation into Bayer's marketing and sales practices with respect to KOaTE® and Kogenate®, and Bayer paid $14 million to the federal and state governments. The Government

---

[4] The criminal actions include: *USA v. TAP Pharmaceutical Products, Inc.*, 1:01-cr-10354-WGY (D. Mass); *USA v. AstraZeneca Pharmaceuticals, LP*, 1:03-cr-00055 (D. Del.); and *USA v. Bayer Corp.*, 1:03-cr-10118-RGS (D. Mass.).

had alleged that Bayer set and reported AWPs for the drugs at levels far higher than the actual acquisition costs of the products. Then, in 2003, Bayer agreed to plead guilty to federal criminal charges and paid fines and civil penalties totaling over $257 million for, among other things, illegally relabeling its drugs Cipro® and Adalat CC® in order to circumvent the Medicaid Rebate Program, thus defrauding the state Medicaid programs of millions of dollars in rebate payments.

116.    In October 2001, Defendant TAP, in order to resolve federal criminal charges, agreed to plead guilty to federal criminal and civil fraud charges for, among other things, conspiring to violate the Prescription Drug Marketing Act ("PDMA") by providing free samples of Lupron® to medical providers "knowing and expecting" that these medical providers would charge patients for such free samples. TAP agreed to pay over $875 million in fines and civil penalties to the federal government and the fifty (50) states.

117.    In June 2003, certain of the AstraZeneca Defendants agreed to plead guilty to criminal charges similar to those brought against TAP. In particular, the AstraZeneca Defendants pled guilty to federal criminal and civil fraud charges for, among other things, conspiring to violate the PDMA by providing free samples of Zoladex® to medical providers "knowing and expecting" that those medical providers would charge patients for such free samples and illegally bill those free samples to state Medicaid programs. The AstraZeneca Defendants were also charged with knowingly and willfully offering and paying illegal remuneration to physicians by marketing a "Return-to-Practice" program to induce orders to purchase Zoladex®. The Return-to-Practice program consisted of inflating the AWP used by Medicaid for reimbursement of the drug, deeply discounting the price paid by physicians for the drug, and marketing the spread between the AWP and the discounted price to physicians. The

34

AWP was set at levels far higher than the majority of its physician customers actually paid for the drug. In resolution of these charges, the AstraZeneca Defendants paid almost $355 million in damages and fines to the federal and state governments.

118. In April 2003, GlaxoSmithKline PLC agreed to resolve a federal criminal investigation and to pay fines and civil penalties to the federal and state governments totaling more than $87 million to resolve claims against the GSK Defendants similar to those made against the Bayer Defendants.

119. In October 2002, Pfizer agreed to resolve a federal criminal investigation into its marketing and sales practices. Pfizer admitted providing unrestricted "educational grants" to customers designed to hide the true best price of Lipitor®. While this case does not involve any "best price" claims, the wrongdoing admitted by Pfizer that led to liability under federal law also provides evidence of liability under state law – i.e., evidence of Pfizer's participation in the unfair and deceptive scheme in this case, including, but not limited to, evidence that Pfizer provided improper incentives and inducements to encourage sales of its products at inflated prices.

120. In 2004, Schering-Plough Corporation agreed to settle criminal and civil charges relating to the best price reporting of Claritin®. The Schering Plough Defendants paid $293 million to the federal and state governments to resolve its civil and administrative liabilities.

121. While a portion of the federal settlement proceeds from the above-described cases has been returned to the states, including Alabama, the State has not been compensated fully for its losses from the wrongful conduct that these guilty pleas or civil settlements evidence.[5]

122. Government investigations by Congress, the General Accounting Office ("GAO"), Health and Human Services, and the Department of Justice ("DOJ") have also

---

[5] None of the settlements described herein operate as a bar to any of the claims made in this complaint.

revealed fraudulent drug pricing schemes by various Defendants. For example, according to Representative Pete Stark of the U.S. House Ways and Means Committee, Abbott has engaged in a price manipulation scheme through inflated representations regarding AWP and direct prices. Representative Stark has stated that: "Abbott has intentionally reported inflated prices and has engaged in other improper business practices in order to cause its customers to receive windfall profits from . . . Medicaid . . . for the express purpose of expanding sales and increasing market share . . . This was achieved by arranging financial benefits or inducements that influenced the decisions of health care providers submitting . . . Medicaid claims" The U.S. Department of Justice has documented at least 81 instances in which Abbott's reported AWPs were substantially higher than the actual wholesale prices paid by wholesalers. Indeed, the federal government's investigation revealed that Abbott created spreads of *more than 20,000 percent* through the reporting of false and misleading average wholesale prices.

123. Generic or multi-source drug manufacturers are aware of the AWPs reported by their competitors and of the actual sales price of their generic competitors' products. Generic drug manufacturers manipulate their own AWPs in order to gain or maintain a competitive advantage in the market for their generic products. The natural and expected result is that multi-source drugs have some of the highest spreads of any drugs, sometimes resulting in an AWP exceeding actual costs by over 50,000%. A few examples collected by the DOJ are set forth below:

36

| Defendant | Multi-Source Drug | RedBook AWP | DOJ Determined Actual AWP | Percentage Spread |
|-----------|-------------------|-------------|---------------------------|-------------------|
| Baxter* | Dextrose | $ 928.51 | $ 2.25 | 41,167% |
| Baxter* | Sodium Chloride | $ 928.51 | $ 1.71 | 54,199% |
| Boehringer* | Leucovorin Calcium | $ 184.40 | $ 2.76 | 6,581% |
| B. Braun | Sodium Chloride | $ 11.33 | $ 1.49 | 660% |
| Bristol-Myers Group* | Etoposide (Vepesid) | $ 136.49 | $ 34.30 | 298% |
| Dey* | Albuterol Sulfate | $ 30.25 | $ 9.17 | 230% |
| Immunex* | Leucovorin Calcium | $ 137.94 | $ 14.58 | 846% |
| Pharmacia* | Etoposide | $ 157.65 | $ 9.47 | 1,565% |
| Sicor Group | Tobramycin Sulfate | $ 342.19 | $ 6.98 | 4,802% |
| Watson* | Vancomycin HCL | $ 70.00 | $ 3.84 | 1,567% |

* Defendants herein.

124.    Some of the conduct described herein goes back over 10 years prior to the filing of the original complaint in this action.  As explained above, however, the nature and extent of the fraudulent scheme were not known to the State because information concerning the true prices which should have been reported to the reporting services was concealed and not publicly available.  It has only been through recent regulatory investigations, criminal actions, and civil actions that the impact of the fraudulent scheme on the State has been indicated or revealed.  Even today, the true market prices for many of the drugs in question for the entire time period at issue are not known by the State.

125.    Additionally, it would be impractical, if not impossible, to list in this Complaint, for the entire time period that the inflated pricing scheme has been in effect, the true market price as compared to the reported price for each drug in question.  It is not unusual for a drug manufacturer to report fluctuating prices for a particular drug on multiple occasions within a particular year, month, week, or even day.  To display pricing reports for all of the Defendants and all of the drugs in question over a ten-year-plus period would be a massive undertaking, and

37

limitations of time and space do not permit that information, even if it were available, to be set forth in this pleading.

126. For purposes of specificity of pleading (particularly with respect to the fraud allegations), suffice it to say that Defendants are and have been on notice of the claims asserted herein as a result of the many investigations and actions undertaken around the country on this same subject. Indeed, each Defendant should know without further allegation from the State exactly how its reported prices compare to its true prices and whether it has engaged in an inflated pricing scheme regarding prescription drugs.

## CLAIMS

### COUNT ONE – FRAUDULENT MISREPRESENTATION

127. The State hereby repeats, incorporates by reference and realleges each and every allegation set forth above in this Complaint.

128. Defendants committed fraud against the State and its agency, Alabama Medicaid. Defendants reported or caused to be reported AWP, WAC, and Direct Price for their products on a periodic and continuing basis for publication and dissemination to state Medicaid agencies such as Alabama Medicaid. Defendants knew that the AWP, WAC, and Direct Price information which they provided and caused to be reported was false. Defendants misrepresented the pricing information with the intent of inducing Alabama Medicaid to rely on the false information in setting prescription drug reimbursement rates. Alabama Medicaid reasonably relied on the false pricing data in setting prescription drug reimbursement rates and making payment based on said rates. Defendants' misrepresentations are continuing, as they regularly and periodically continue to issue false and inflated AWP, WAC, and Direct Price information for publication by the industry reporting services. As a result of Defendants'

fraudulent conduct, the State has been damaged by paying grossly excessive amounts for Defendants' prescription drugs.

129.    By engaging in the acts and practices described above, the Defendants have engaged and continue to engage in repeated fraudulent acts and practices in violation of Alabama common law and Section 6-5-101 of the Alabama Code.

130.    Defendants' conduct was and is knowing, intentional, gross, oppressive, malicious, wanton, and/or committed with the intention to cause injury.

## COUNT TWO – FRAUDULENT SUPPRESSION

131.    The State hereby repeats, incorporates by reference and re-alleges each and every allegation set forth above in this Complaint.

140.    Defendants committed fraud against the State and its agency, Alabama Medicaid. Defendants voluntarily undertook to report or cause to be reported AWP, WAC, and Direct Price for their products on a periodic and continuing basis for publication and dissemination to state Medicaid agencies including Alabama Medicaid.  Defendants knew that the AWP, WAC, and Direct Price information which they provided and/or caused to be reported was false, incomplete and/or outdated and Defendants suppressed and concealed facts within their knowledge which would have materially qualified the reported prices.  Defendants had a duty under the particular circumstances to provide accurate and complete AWP, WAC, and Direct Price information.  By controlling the AWP, WAC, and Direct Price information for covered drugs which is reported to and through the publishers, Defendants concealed and suppressed their fraudulent conduct from Alabama Medicaid. Defendants knew that the AWP, WAC, and Direct Price information which they concealed or failed to disclose and/or update would induce Alabama Medicaid to rely on false pricing information in setting prescription drug reimbursement rates.  Alabama Medicaid

39

was in fact induced to rely on the false pricing data in setting prescription drug reimbursement rates and made payments based on said rates. Alabama Medicaid could not have reasonably discovered the fraudulent nature of the published AWP, WAC, and Direct Price information, as Defendants took active steps to conceal true market pricing information and to avoid detection of the fraudulent pricing scheme. Defendants' suppression and concealment of information was continuing, as they regularly and periodically continued to conceal material information regarding inflated AWP, WAC, and Direct Price information submitted by Defendants for publication by the industry reporting services. As a result of Defendants' fraudulent conduct, the State has been damaged by paying grossly excessive amounts for Defendants' prescription drugs.

141. By engaging in the acts and practices described above, the Defendants have engaged and continue to engage in repeated fraudulent suppression and concealment in violation of Alabama common law and Section 6-5-102 of the Alabama Code.

142. Defendants' conduct was and is knowing, intentional, gross, oppressive, malicious, wanton, and/or committed with the intention to cause injury.

### COUNT THREE – WANTONNESS

143. The State hereby repeats, incorporates by reference and realleges each and every allegation set forth above in this Complaint.

144. With reckless indifference to the consequences, Defendants consciously reported false and inflated pricing information, including AWP, WAC, and Direct Price, while knowing of the falsities and being conscious that, from reporting such false and inflated pricing information, injury would likely or probably result.

145.   Defendants' actions did, in fact, injure the State, and specifically Alabama Medicaid, by causing Alabama Medicaid to pay grossly excessive amounts for Defendants' prescription drugs.

146.   By engaging in such actions and practices, the Defendants have engaged and continue to engage in repeated wanton acts and practices in violation of Alabama common law.

147.   Defendants' conduct was and is knowing, intentional, gross, oppressive, malicious, fraudulent, and/or committed with the intention to cause injury.

## COUNT FOUR – UNJUST ENRICHMENT

148.   The State hereby repeats, incorporates by reference and realleges each and every allegation set forth above in this Complaint.

149.   As a result of the false and misleading statements and representations regarding drug prices contained in each Defendant's reporting of AWP, WAC, and Direct Price, Alabama Medicaid has paid excessive amounts in connection with purchases or reimbursements of purchases of Defendants' prescription drugs.

150.   Defendants knew that medical providers, including pharmacies and physicians, who obtained Medicaid reimbursement for Defendants' drug products were not entitled to improperly inflated reimbursement rates that were based on Defendants' false AWPs, WACs, and Direct Prices.

151.   As a result of the excessive payments to providers by Alabama Medicaid of all or part of the "spread," Defendants obtained increased sales and market share for their products, and, therefore, increased profits, and were unjustly enriched at the expense of the State and Alabama Medicaid.

41

152.    Defendants knew they were not entitled to the profits that resulted from the sales obtained through the use of the spreads they created, and Defendants should be required to account for and make restitution to the State of all such amounts obtained through the use of such spreads.

## PRAYER FOR RELIEF

Wherefore, Plaintiff prays for relief as follows:

(1)    an order enjoining each and every Defendant from continuing the fraudulent, wanton, deceptive and/or unfair acts or practices complained of herein, and requiring corrective measures;

(2)    an award of compensatory damages to the State in such amount as is proved at trial;

(3)    an award of punitive damages;

(4)    an accounting of all profits or gains derived in whole or in part by each Defendant through the fraudulent, wanton, unfair and/or deceptive acts or practices complained of herein;

(5)    an order imposing a constructive trust on and/or requiring disgorgement by each Defendant of all profits and gains earned in whole or in part through the fraudulent, wanton, unfair and/or deceptive acts or practices complained of herein;

(6)    an award of costs and prejudgment interest; and

(7)    such other and further relief as the Court may deem appropriate and just.

## JURY DEMAND

Plaintiff hereby requests a trial by jury on all claims so triable.

42

Dated: January _____, 2006.



TROY KING
ATTORNEY GENERAL

Roger L. Bates (BAT006)
Deputy Attorney General
HAND ARENDALL, L.L.C.
1200 Park Place Tower
2001 Park Place North
Birmingham, AL 35203
(205) 324-4400
(205) 322-1163 (facsimile)

Caine O'Rear III (ORE003)
Windy C. Bitzer (BIT005)
Deputy Attorneys General
HAND ARENDALL, L.L.C.
P. O. Box 123
Mobile, AL 36601
(251) 432-5511
(251) 694-6375 (facsimile)

Jere L. Beasley (BEA020)
W. Daniel "Dee" Miles, III (MIL060)
Clinton C. Carter (CAR112)
Deputy Attorneys General
BEASLEY, ALLEN, CROW, METHVIN, PORTIS
  & MILES, P.C.
P. O. Box 4160
Montgomery, AL 36103-4160
(334) 269-2343
(334) 954-7555 (facsimile)

## CERTIFICATE OF SERVICE

I hereby certify that I have on this 11th day of January, 2006, electronically served a true and correct copy of the foregoing pleading on counsel of record by transmission to LNFS, pursuant to Case Management Order No. 2.

Roger L. Bates

## EXHIBIT A

Through the following list, the State of Alabama intends to capture not only the drug names listed, but also all variations of the drug names which incorporate prefixes, suffixes, modifiers, supplements, application nomenclatures, and/or drug delivery methods, to the extent not already specified.

| Defendant Group | Drug Name |
|---|---|
| Abbott | Aminosyn |
| | Aminosyn II |
| | Anzemet® |
| | Biaxin® |
| | Biaxin® XL |
| | Clindamycin Phosphate |
| | Collagenase Santyl® |
| | Cylert® |
| | Depakene® |
| | Depakote® |
| | Depakote® ER |
| | Depakote® Sprinkle |
| | Dextrose in Water |
| | Dextrose w/Sodium Chloride |
| | Dipyridamole |
| | E.E.S.® 400 |
| | Ery-tab® |
| | Erythromycin |
| | Erythromycin Ethylsuccinate |
| | Gabitril® |
| | Gengraf® |
| | Humira® |
| | Hytrin® |
| | Isoptin® SR |
| | Kaletra® |
| | Ketorolac Tromethamine |
| | K-Lor® |
| | K-Tab® |
| | Leucovorin Calcium |
| | Liposyn® II |
| | Liposyn® III |
| | Mavik® |
| | Norvir® |
| | Omnicef® |
| | OxyContin® |
| | Paclitaxel |
| | PCE® |
| | PediaSure® |
| | Pediazole® |
| | Potassium Chloride |
| | Promethazine HCl |
| | Rondec® |
| | Rythmol® |
| | Sodium Chloride |
| | SSD |
| | Synagis® |
| | Synthroid® |

| Defendant Group | Drug Name |
|---|---|
| | Tarka® |
| | TriCor® |
| | Vancomycin HCl |
| | Vicodin ES® |
| | Vicoprofen® |
| | Zemplar® |
| Alcon | Azopt® |
| | Betoptic S® |
| | Betoptic® |
| | Ciloxan® |
| | Cipro® HC OTIC |
| | Ciprodex® |
| | Iopidine® |
| | Neomycin/Polymyxin/HC |
| | Nutren® |
| | Patanol® |
| | Peptamen Junior® |
| | Prednisolone Acetate |
| | Timolol Maleate |
| | TobraDex® |
| | Travatan® |
| | Vigamox™ |
| Allergan | Acular® |
| | Alocril® |
| | Alphagan® |
| | Alphagan® P |
| | Betagan® |
| | Blephamide® |
| | Elimite® |
| | Lumigan® |
| | Ocuflox® |
| | Polytrim® |
| | Pred Forte® |
| | Propine® |
| | Restasis® |
| | Tazorac® |
| Alpharma | Acetaminophen w/Codeine |
| | Acyclovir |
| | Albuterol Sulfate |
| | Amantadine HCl |
| | Bleomycin Sulfate |
| | Carbamazepine |
| | Carbidopa/Levodopa |
| | Carboplatin |
| | Cimeditine HCl |
| | Clonazepam |
| | Clonidine HCl |
| | Cyproheptadine HCl |
| | Diazepam |
| | Diclofenac Sodium |
| | Diltiazem HCl |
| | Enulose |
| | Erythromycin Estolate |
| | Erythromycin Ethylsuccinate |

| Defendant Group | Drug Name |
|---|---|
| | Etodolac |
| | Fluvoxamine Maleate |
| | Gabapentin |
| | Hydrochlorothiazide |
| | Ibuprofen |
| | Ipratropium Bromide |
| | Isosorbide Mononitrate |
| | Leucovorin Calcium |
| | Lindane |
| | Lorazepam |
| | Lovastatin |
| | Metformin HCl |
| | Metoclopramide HCl |
| | Naproxen |
| | Nifedipine |
| | Nystatin |
| | Nystatin w/Triamcinolone |
| | Oxazepam |
| | Paclitaxel |
| | Pentoxifylline |
| | Phenobarbital |
| | Phenytoin |
| | Potassium Chloride |
| | Promethazine |
| | Propoxyphene Napsylate w/APAP |
| | Spironolactone |
| | Sulfatrim® |
| | Tizanadine HCl |
| | Tramadol HCl |
| Amgen | Aranesp® |
| | Enbrel® |
| | Epogen® |
| | Hydrea® |
| | Kineret® |
| | Leucovorin Calcium |
| | Leukine® |
| | Methotrexate |
| | Methotrexate Sodium |
| | Neulasta® |
| | Neulasta® |
| | Neupogen® |
| | Neupogen® |
| | Novantrone |
| Andrx | Albuterol |
| | Altocor™ |
| | Cartia XT® |
| | Diltia XT® |
| | Embrex® 600 |
| | Famotidine |
| | Glipizide ER |
| | Histex® |
| | Metformin HCl |
| | Potassium Chloride |
| | Taztia XT® |

- 3 -

| Defendant Group | Drug Name |
|---|---|
| AstraZeneca | Accolate® |
| | Arimidex® |
| | Atacand® |
| | Atacand HCT® |
| | Casodex® |
| | Crestor® |
| | Emla® |
| | Entocort® EC |
| | Faslodex® |
| | Foscavir® |
| | Iressa® |
| | Merrem® |
| | Nexium® |
| | Nolvadex® |
| | Plendil® |
| | Prilosec® |
| | Pulmicort® |
| | Rhinocort® |
| | Rhinocort Aqua® |
| | Seroquel® |
| | Sular® |
| | Tenoretic® |
| | Tenormin® |
| | Toprol-XL® |
| | Zestoretic® |
| | Zestril® |
| | Zomig® |
| | Zomig® ZMT |
| Aventis | Actonel® |
| | Allegra® |
| | Allegra-D® |
| | Altace® |
| | Amaryl® |
| | Anzemet® |
| | Anzemet® |
| | Arava® |
| | Azmacort® |
| | BenzaClin® |
| | Benzamycin® |
| | Bioclate™ |
| | Calcimar |
| | Carafate® |
| | Cardizem® |
| | Cardizem® CD |
| | Cardizem® SR |
| | Carimune NF |
| | Claforan® |
| | Copaxone® |
| | Cromolyn Sodium |
| | DDAVP® |
| | Desmopressin Acetate |
| | DiaBeta® |
| | Dilacor XR® |
| | Gammar-P I.V. |
| | Helixate® |
| | Helixate® FS |

| Defendant Group | Drug Name |
|---|---|
| | Humate-P® |
| | Indapamide |
| | Intal® |
| | Lantus® |
| | Lasix® |
| | Lovenox® |
| | Lozol® |
| | Monoclate-P® |
| | Nasacort® |
| | Nasacort® AQ |
| | Penlac® |
| | Psorcon® |
| | Psorcon® E™ |
| | Rhophylac® |
| | Rifadin® |
| | Rilutek® |
| | Seldane® |
| | Seldane-D® |
| | Slo-Bid |
| | Taxotere® |
| | Theophylline Anhydrous |
| | Topicort® |
| | Trental® |
| | Zaroxolyn |
| Barr | Acetaminophen w/Codeine |
| | Amphetamine Salt Combinations |
| | Aviane® |
| | Cenestin® |
| | Cephalexin |
| | Ciprofloxacin HCl |
| | Danazol |
| | Dextroamphetamine Sulfate |
| | Diazepam |
| | Digoxin |
| | Erythromycin w/Sulfisoxazole |
| | Fluoxetine HCl |
| | Hydroxyurea |
| | Hydroxyzine Pamoate |
| | Megestrol Acetate |
| | Methotrexate |
| | Methylprednisolone |
| | Metoclopramide HCl |
| | Mirtazapine |
| | Naltrexone HCl |
| | Oxycodone w/Acetaminophen |
| | Tamoxifen Citrate |
| | Trazodone HCl |
| | Warfarin Sodium |
| Baxter | Advate™ |
| | Bebulin® VH |
| | Bioclate™ |
| | Cisplatin |
| | Decadron® |
| | Dextrose |
| | Dextrose w/Sodium Chloride |

| Defendant Group | Drug Name |
|---|---|
| | Dipyridamole |
| | Doxorubicin HCl |
| | Etoposide |
| | Feiba® VH Immuno |
| | Gammagard® S/D |
| | Hemofil™ M |
| | Intralipid |
| | Iveegam™ EN |
| | Leucovorin Calcium |
| | Mesna |
| | Peptamen Junior® |
| | Promethazine |
| | Promethazine HCl |
| | Recombinate™ |
| | Sodium Chloride |
| | Toradol® |
| | Travasol® |
| | Vancomycin HCl |
| Bayer | Adalat® |
| | Adalat® CC |
| | Avelox® |
| | Baycol® |
| | Cipro® |
| | Cipro® I.V. |
| | Cipro® XR |
| | Gamimune® N |
| | Gamunex® |
| | Koate®-DVI |
| | Koate-HP |
| | Kogenate® |
| | Kogenate® FS |
| | Mycelex |
| | Precose® |
| | Prolastin® |
| Biovail | Cardizem®  LA |
| | Cedax® |
| | Rondec® |
| | Rondec® DM |
| | Vasotec® |
| | Zovirax® |
| Boehringer | Aggrenox® |
| | Alupent® |
| | Atrovent® |
| | Azathioprine |
| | Butorphanol Tartrate |
| | Catapres® |
| | Catapres-TTS® |
| | Combivent® |
| | Dexamethasone |
| | Diclofenac Sodium |
| | Digoxin |
| | Duraclon® |
| | Flomax® |
| | Furosemide |

| Defendant Group | Drug Name |
|---|---|
| | Haloperidol |
| | Hydroxyurea |
| | Ipratropium Bromide |
| | Lactulose |
| | Leucovorin Calcium |
| | Lithium Carbonate |
| | Marinol® |
| | Megestrol Acetate |
| | Methadone HCl |
| | Methotrexate |
| | Metoclopramide HCl |
| | Mexitil® |
| | Micardis HCT® |
| | Micardis® |
| | Mirapex® |
| | Mirtazapine |
| | Mobic® |
| | Morphine Sulfate |
| | Naproxen |
| | Oramorph® SR |
| | Oxycodone w/Acetaminophen |
| | Prednisone |
| | Roxicet® |
| | Roxicodone® |
| | Sodium Polystyrene Sulfonate |
| | Viramune® |
| Bristol-Myers Squibb | Abilify® |
| | Albuterol |
| | Amantadine HCl |
| | Avalide® |
| | Avapro® |
| | BiCNU® |
| | Blenoxane NovaPlus |
| | Blenoxane® |
| | BuSpar® |
| | Capoten® |
| | Capozide® |
| | Captopril |
| | Carboplatin |
| | Cefaclor |
| | Cefadroxil |
| | Cefzil® |
| | Cephalexin |
| | Clonazepam |
| | Corgard® |
| | Coumadin® |
| | Cytoxan® |
| | Dovonex® |
| | Duricef® |
| | Etodolac |
| | Etopophos® |
| | Florinef® Acetate |
| | Glucophage® |
| | Glucophage® XR |
| | Glucovance® |
| | Hydrea |

| Defendant Group | Drug Name |
|---|---|
| | Hydroxychloroquine Sulfate |
| | Ifex® |
| | Lac-Hydrin® |
| | Megace® |
| | Mesnex® |
| | Methylphenidate HCl |
| | Monopril® |
| | Monopril®-HCT |
| | Nadolol |
| | Paraplatin® |
| | Paraplatin® Novaplus |
| | Percocet® |
| | Platinol® |
| | Plavix® |
| | Potassium Chloride |
| | Pravachol® |
| | Prochlorperazine Maleate |
| | Prolixin® |
| | Prolixin® Decanoate |
| | Questran® |
| | Reyataz® |
| | Rubex® |
| | Serzone® |
| | Sinemet® |
| | Sinemet®  CR |
| | Stadol |
| | Stadol NS® |
| | Sustiva® |
| | Taxol® |
| | Tequin® |
| | Trazodone HCl |
| | Trimox® |
| | Ultracal® |
| | Ultravate® |
| | VePesid® |
| | Videx® |
| | Videx® EC |
| | Warfarin Sodium |
| | Westcort® |
| | Zerit® |
| DEY | AccuNeb® |
| | Albuterol |
| | Albuterol Sulfate |
| | Cromolyn Sodium |
| | DuoNeb® |
| | EpiPen® |
| | EpiPen® Jr |
| | Ipratropium Bromide |
| | Sodium Chloride |
| Eisai | AcipHex® |
| | Aricept® |
| | Zonegran® |
| Endo | Carbidopa/Levodopa |
| | Cimetidine |

| Defendant Group | Drug Name |
|---|---|
| | Endocet® |
| | Hydrocodone w/Acetaminophen |
| | Lidoderm® |
| | Moban® |
| | Morphine Sulfate |
| | Percocet® |
| ETHEX | Anemagen™ |
| | Benazepril HCl |
| | Bromfenex™ PD |
| | Buspirone HCl |
| | Disopyramide Phosphate |
| | Doxazosin Mesylate |
| | Histinex® HC |
| | Hydro-Tussin™ HC |
| | Hyoscyamine Sulfate |
| | Isosorbide Mononitrate |
| | Ketorolac Tromethamine |
| | Naproxen |
| | NatalCare® |
| | NitroQuick® |
| | Oxycodone HCl |
| | Potassium Chloride |
| | Prednisolone |
| Forest | Aerobid® |
| | Aerobid®-M |
| | AeroChamber® |
| | Benzonatate |
| | Celexa® |
| | Diltiazem HCl |
| | Esgic-Plus |
| | Flumadine® |
| | Hydrocodone w/Acetaminophen |
| | Isosorbide Dinitrate |
| | Levothroid® |
| | Lexapro® |
| | Lorcet Plus® |
| | Lorcet® |
| | Namenda® |
| | Theophylline Anhydrous |
| | Tiazac® |
| Fujisawa | AmBisome® |
| | Cyclocort® |
| | Fluphenazine Decanoate |
| | Haloperidol Decanoate |
| | Prograf® |
| | Protopic® |
| Genzyme | Ceredase® |
| | Cerezyme® |
| | Fabrazyme® |
| | Renagel® |
| Gilead | Truvada® |
| | Viread® |

| Defendant Group | Drug Name |
|---|---|
|  |  |
| GlaxoSmithKline | Advair Diskus® |
|  | Agenerase® |
|  | Amerge® |
|  | Amoxil® |
|  | Augmentin ES-600® |
|  | Augmentin XR® |
|  | Augmentin® |
|  | Avandamet® |
|  | Avandia® |
|  | Bactroban® |
|  | Beclovent |
|  | Beconase AQ® |
|  | Beconase® |
|  | Ceftin® |
|  | Combivir® |
|  | Compazine |
|  | Coreg® |
|  | Cortisporin |
|  | Cutivate® |
|  | Dexedrine® |
|  | Dibenzyline® |
|  | Dyazide |
|  | Epivir® |
|  | Eskalith CR® |
|  | Famvir® |
|  | Flolan® |
|  | Flonase® |
|  | Flovent® |
|  | Fortaz® |
|  | Granisetron HCl |
|  | Hycamtin® |
|  | Imitrex® |
|  | Imuran™ |
|  | Kytril® |
|  | Lamictal® |
|  | Lanoxin® |
|  | Lotronex® |
|  | Mepron® |
|  | Navelbine® |
|  | Oxistat® |
|  | Paxil CR® |
|  | Paxil® |
|  | Purinethol® |
|  | Relafen® |
|  | Requip® |
|  | Retrovir® |
|  | Serevent® |
|  | Serevent® Diskus® |
|  | Tagamet® |
|  | Tazicef® |
|  | Trandate® |
|  | Trizivir® |
|  | Urispas® |
|  | Valtrex® |
|  | Ventolin® |

| Defendant Group | Drug Name |
|---|---|
| | Wellbutrin SR® |
| | Wellbutrin XL® |
| | Wellbutrin® |
| | Zantac® |
| | Ziagen® |
| | Zofran ODT® |
| | Zofran® |
| | Zovirax® |
| Hoffman-LaRoche | Accutane® |
| | Anaprox® |
| | Anaprox® DS |
| | Bumex® |
| | Cardene® |
| | Cardene® SR |
| | CellCept® |
| | Copegus® |
| | Cytovene® |
| | Demadex® |
| | EC-Naprosyn® |
| | Fortovase® |
| | Fuzeon® |
| | Granisetron HCl |
| | Intron® A |
| | Invirase® |
| | Klonopin® |
| | Kytril® |
| | Naprosyn® |
| | Naproxen |
| | Naproxen Sodium |
| | Pegasys® |
| | Rocaltrol® |
| | Rocephin® |
| | Roferon® A |
| | Soriatane® |
| | Tamiflu® |
| | Ticlid® |
| | Toradol® |
| | Valcyte™ |
| | Xeloda® |
| | Xenical® |
| IVAX | Acetaminophen w/Codeine |
| | Albuterol |
| | Albuterol Sulfate |
| | Amantadine HCl |
| | Amitriptyline HCl |
| | Amitriptyline w/Perphenazine |
| | Amox Tr-Potassium Clavulanate |
| | Amoxicillin |
| | Aspirin |
| | Baclofen |
| | Benztropine Mesylate |
| | Biohist LA® |
| | Bumetanide |
| | Carbamazepine |
| | Cefaclor |

| Defendant Group | Drug Name |
|---|---|
| | Cefadroxil |
| | Cephalexin |
| | Chemdal HD |
| | Cimetidine |
| | Clozapine |
| | Cyclobenzaprine HCl |
| | Cyproheptadine HCl |
| | Diazepam |
| | Doxazosin Mesylate |
| | Doxepin HCl |
| | Enalapril Maleate |
| | Etodolac |
| | Famotidine |
| | Ferrous Sulfate |
| | Fluphenazine HCl |
| | Fluvoxamine Maleate |
| | Furosemide |
| | Gabapentin |
| | Glyburide w/Metformin HCl |
| | Hydrochlorothiazide |
| | Hydrocodone w/Acetaminophen |
| | Hydroxyzine HCl |
| | Hydroxyzine Pamoate |
| | Ibuprofen |
| | Indomethacin |
| | Ipratropium Bromide |
| | Labetalol HCl |
| | Lactulose |
| | Levothyroxine Sodium |
| | Lisinopril |
| | Lorazepam |
| | Loxapine Succinate |
| | Meclizine HCl |
| | Megestrol Acetate |
| | Metformin HCl |
| | Metformin HCl ER |
| | Methyldopa |
| | Methylphenidate HCl |
| | Metoclopramide HCl |
| | Misoprostol |
| | Nifedipine |
| | Nitrofurantoin Macrocrystal |
| | Nov-Onxol |
| | Nystatin |
| | Onxol™ |
| | Oxazepam |
| | Oxybutynin Chloride |
| | Oxycodone w/Acetaminophen |
| | Paclitaxel Novaplus |
| | Perphenazine |
| | Phenobarbital |
| | Potassium Chloride |
| | Primidone |
| | Proglycem® |
| | Propoxyphene Napsylate w/Acetaminophen |
| | Propranolol HCl |
| | Quinine Sulfate |

| Defendant Group | Drug Name |
|---|---|
| | Cefadroxil |
| | Cephalexin |
| | Chemdal HD |
| | Cimetidine |
| | Clozapine |
| | Cyclobenzaprine HCl |
| | Cyproheptadine HCl |
| | Diazepam |
| | Doxazosin Mesylate |
| | Doxepin HCl |
| | Enalapril Maleate |
| | Etodolac |
| | Famotidine |
| | Ferrous Sulfate |
| | Fluphenazine HCl |
| | Fluvoxamine Maleate |
| | Furosemide |
| | Gabapentin |
| | Glyburide w/Metformin HCl |
| | Hydrochlorothiazide |
| | Hydrocodone w/Acetaminophen |
| | Hydroxyzine HCl |
| | Hydroxyzine Pamoate |
| | Ibuprofen |
| | Indomethacin |
| | Ipratropium Bromide |
| | Labetalol HCl |
| | Lactulose |
| | Levothyroxine Sodium |
| | Lisinopril |
| | Lorazepam |
| | Loxapine Succinate |
| | Meclizine HCl |
| | Megestrol Acetate |
| | Metformin HCl |
| | Metformin HCl ER |
| | Methyldopa |
| | Methylphenidate HCl |
| | Metoclopramide HCl |
| | Misoprostol |
| | Nifedipine |
| | Nitrofurantoin Macrocrystal |
| | Nov-Onxol |
| | Nystatin |
| | Onxol™ |
| | Oxazepam |
| | Oxybutynin Chloride |
| | Oxycodone w/Acetaminophen |
| | Paclitaxel Novaplus |
| | Perphenazine |
| | Phenobarbital |
| | Potassium Chloride |
| | Primidone |
| | Proglycem® |
| | Propoxyphene Napsylate w/Acetaminophen |
| | Propranolol HCl |
| | Quinine Sulfate |

| Defendant Group | Drug Name |
|---|---|
| MedImmune | Ethyol®<br>Synagis® |
| Merck | Cancidas®<br>Cosopt®<br>Cozaar®<br>Crixivan®<br>Decadron®<br>Dolobid®<br>Flexeril®<br>Fosamax®<br>Hyzaar®<br>Maxalt®<br>Maxalt-MLT®<br>Mevacor®<br>Noroxin®<br>Pepcid®<br>Plendil®<br>Prilosec®<br>Primaxin®<br>Prinivil®<br>Prinzide®<br>Proscar®<br>Sinemet® CR<br>Singulair®<br>Timoptic®<br>Timoptic-XE®<br>Trusopt®<br>Vaseretic®<br>Vasotec®<br>Vioxx®<br>Zetia®<br>Zocor® |
| Mylan | Acebutolol HCl<br>Acticin®<br>Albuterol Sulfate<br>Allopurinol<br>Amitriptyline Chlordiazepoxide<br>Amitriptyline HCl<br>Amitriptyline w/Perphenazine<br>Atenolol<br>Benazepril HCl<br>Bisoprolol Fumarate/HCTZ<br>Bumetanide<br>Buspirone HCl<br>Butorphanol Tartrate<br>Captopril<br>Carbidopa/Levodopa<br>Cefaclor<br>Cimetidine<br>Clonazepam<br>Clonidine HCl<br>Clorazepate Dipotassium<br>Clozapine |

| Defendant Group | Drug Name |
|---|---|
| | Cyclobenzaprine HCl |
| | Diazepam |
| | Digitek® |
| | Diltiazem HCl |
| | Diphenoxylate w/Atropine |
| | Doxepin HCl |
| | Enalapril Maleate |
| | Enalapril Maleate w/HCTZ |
| | Estradiol |
| | Etodolac |
| | Famotidine |
| | Fluphenazine HCl |
| | Flurbiprofen |
| | Fluvoxamine Maleate |
| | Furosemide |
| | Glipizide |
| | Glyburide Micronized |
| | Granulex® |
| | Guanfacine HCl |
| | Haloperidol |
| | Hydrochlorothiazide |
| | Hydroxychloroquine Sulfate |
| | Ketoprofen |
| | Kristalose |
| | Leucovorin Calcium |
| | Lisinopril |
| | Lisinopril w/HCTZ |
| | Loperamide HCl |
| | Lorazepam |
| | Lovastatin |
| | Meclofenamate Sodium |
| | Mentax |
| | Metformin HCl |
| | Methotrexate |
| | Methyldopa |
| | Methyldopa/Hydrochlorothiazide |
| | Metoprolol Tartrate |
| | Mirtazapine |
| | Nadolol |
| | Naproxen |
| | Naproxen Sodium |
| | Nifedipine Extended-release |
| | Nitrek |
| | Nitrofurantoin |
| | Nitroglycerin |
| | Nizatidine |
| | Nortriptyline HCl |
| | Omeprazole |
| | Orphenadrine Citrate |
| | Paclitaxel |
| | Pentoxifylline |
| | Phenytek |
| | Phenytoin Sodium Extended |
| | Piroxicam |
| | Propoxyphene HCl w/APAP |
| | Propoxyphene Napsylate w/APAP |
| | Propranolol HCl |

| Defendant Group | Drug Name |
|---|---|
| | Ranitidine HCl |
| | Spironolactone |
| | Sulindac |
| | Tamoxifen Citrate |
| | Temazepam |
| | Terazosin HCl |
| | Thioridazine HCl |
| | Thiothixene |
| | Tramadol HCl |
| | Triamterene w/HCTZ |
| | Verapamil HCl |
| Novartis | Acetaminophen w/Codeine |
| | Actigall® |
| | Amiodarone HCl |
| | Amitriptyline HCl |
| | Amox Tr/Potassium Clavulanate |
| | Amphetamine Salt Combinations |
| | Anafranil® |
| | Aredia® |
| | Aspirin |
| | Atenolol |
| | Azathioprine |
| | Bisoprolol Fumarate |
| | Bisoprolol Fumarate with HCTZ |
| | Brethine |
| | Bromocriptine Mesylate |
| | Bumetanide |
| | Bupropion HCl |
| | Carisoprodol |
| | Cataflam® |
| | Chlorpromazine HCl |
| | Cimetidine |
| | Clemastine Fumarate |
| | Clomipramine HCl |
| | Clonazepam |
| | Clozaril® |
| | COMTan® |
| | Desferal® |
| | Desferal® Mesylate |
| | Desipramine HCl |
| | Diclofenac Sodium |
| | Diovan HCT® |
| | Diovan® |
| | DynaCirc CR® |
| | DynaCirc® |
| | Elidel® |
| | Enalapril Maleate |
| | Enalapril Maleate/HCTZ |
| | Estraderm® |
| | Etodolac |
| | Exelon® |
| | Famotidine |
| | Famvir® |
| | Femara® |
| | Ferrous Sulfate |
| | Fiorinal® w/Codeine #3 |

| Defendant Group | Drug Name |
|---|---|
| | Fluoxetine HCl |
| | Fluphenazine HCl |
| | Fluvoxamine Maleate |
| | Focalin™ |
| | Foradil® |
| | Fosinopril Sodium |
| | Furosemide |
| | Gleevec™ |
| | Glyburide |
| | Haloperidol |
| | Hydergine LC |
| | Hydergine® |
| | Hydrochlorothiazide |
| | Hydrocodone w/Acetaminophen |
| | Hydroxychloroquine Sulfate |
| | Hydroxyzine Pamoate |
| | Ibuprofen |
| | Imipramine HCl |
| | Isosorbide Dinitrate |
| | Labetalol HCl |
| | Lamisil® |
| | Lescol® |
| | Lescol® XL |
| | Levothyroxine Sodium |
| | Lindane |
| | Lisinopril |
| | Lisinopril-HCTZ |
| | Livostin® |
| | Lonox® |
| | Lopressor HCT® |
| | Lopressor® |
| | Loratadine |
| | Lorazepam |
| | Lotensin HCT® |
| | Lotensin® |
| | Lotrel® |
| | Lovastatin |
| | Loxapine Succinate |
| | Melleril® |
| | Melleril-S |
| | Metformin HCl |
| | Methocarbamol |
| | Methyldopa |
| | Methylphenidate HCl |
| | Metoprolol Tartrate |
| | Miacalcin® |
| | Mirtazapine |
| | Nabumetone |
| | Naproxen |
| | Neoral® |
| | Nitrofurantoin Macrocrystal |
| | Nizatidine |
| | Nortriptyline HCl |
| | Omeprazole |
| | Oxaprozin |
| | Oxazepam |
| | Pamelor® |

| Defendant Group | Drug Name |
|---|---|
| | Parlodel® |
| | Perphenazine |
| | Potassium Chloride |
| | Promethazine HCl |
| | Propoxyphene Napsylate w/APAP |
| | Propranolol HCl |
| | Ranitidine HCl |
| | Ritalin LA® |
| | Ritalin® |
| | Ritalin® SR |
| | Sandimmune® |
| | Sandoglobulin® |
| | Sandostatin LAR® |
| | Sandostatin LAR® Depot |
| | Sandostatin® |
| | Sotalol |
| | Spironolactone |
| | Starlix® |
| | Tegretol® |
| | Tegretol®-XR |
| | Terazosin HCl |
| | Theophylline Anhydrous |
| | Thioridazine HCL |
| | Thiothixene |
| | Tizanidine HCl |
| | Tramadol HCl |
| | Transderm-Nitro® |
| | Trazodone HCl |
| | Triamterene w/HCTZ |
| | Trifluoperazine HCl |
| | Trileptal® |
| | Valproic Acid |
| | Vivelle® |
| | Voltaren® |
| | Warfarin Sodium |
| | Zaditor™ |
| | Zelnorm® |
| | Zometa® |
| Novo Nordisk | NovoFine® 30 |
| | Novolin® 70/30 |
| | Novolin® N |
| | Novolin® R |
| | Novolog® |
| | NovoLog® Mix 70/30 |
| | NovoSeven® |
| | Prandin® |
| Organon | Remeron® |
| Par | Benztropine Mesylate |
| | Buspirone HCl |
| | Doxepin HCl |
| | Enalapril Maleate |
| | Famotidine |
| | Flecainide Acetate |
| | Fluoxetine HCl |

| Defendant Group | Drug Name |
|---|---|
| | Glyburide w/Metformin HCl |
| | Ibuprofen |
| | Imipramine HCl |
| | Lovastatin |
| | Meclizine HCl |
| | Megestrol Acetate |
| | Metformin HCL ER |
| | Minoxidil |
| | Oxaprozin |
| | Paroxetine HCl |
| | Ranitidine HCl |
| | Sotalol |
| | SSD® |
| | Tizanidine HCl |
| | Torsemide |
| Pfizer | Accupril® |
| | Activella® |
| | Adriamycin |
| | Aldactone® |
| | Ambien® |
| | Ansaid® |
| | Aromasin® |
| | Arthrotec® |
| | Atgam® |
| | Axert® |
| | Azulfidine® |
| | Bextra® |
| | Bleomycin Sulfate |
| | Calan® SR |
| | Camptosar® |
| | Cardura® |
| | Caverject® |
| | Celebrex® |
| | Cleocin HCl® |
| | Cleocin Pediatric® |
| | Cleocin T® |
| | Cleocin® |
| | Clindamycin HCl |
| | Clindamycin Phosphate |
| | Cognex® |
| | Colestid® |
| | Cortef® |
| | Covera-HS® |
| | Cytotec® |
| | Daypro® |
| | Depo®-Testoterone |
| | Depo-Medrol® |
| | Depo-Provera® |
| | Detrol® |
| | Detrol® LA |
| | Diflucan® |
| | Dilantin® |
| | Dilantin-125® |
| | Dostinex® |
| | Ellence® |
| | Estring® |

| Defendant Group | Drug Name |
|---|---|
| | Estrostep® Fe |
| | Etoposide |
| | Feldene® |
| | FemHRT® |
| | Flagyl® |
| | Fragmin® |
| | Gabapentin |
| | Genotropin® |
| | Geodon® |
| | Glucotrol XL® |
| | Glucotrol® |
| | Glyburide |
| | Glyburide Micronized |
| | Glynase® |
| | Glyset® |
| | Ibuprofen |
| | Kerlone® |
| | Lipitor® |
| | Loestrin® Fe |
| | Lopid® |
| | Lunelle™ |
| | Methylprednisolone |
| | Micronase® |
| | Mirapex® |
| | Mycobutin® |
| | Navane® |
| | Neurontin® |
| | Nitrodisc |
| | Nitrostat® |
| | Norpace® CR |
| | Norvasc® |
| | Omnicef® |
| | Piroxicam |
| | Procardia XL® |
| | Procardia® |
| | Provera® |
| | Relpax® |
| | Rescriptor® |
| | Rezulin® |
| | Spironolactone |
| | Toposar® |
| | Trovan® |
| | Vagifem® |
| | Vantin® |
| | Vfend® |
| | Viracept® |
| | Vistaril® |
| | Xalatan® |
| | Zarontin® |
| | Zithromax® |
| | Zithromax® Tri-Pak |
| | Zoloft® |
| | Zyrtec® |
| | Zyrtec-D® |
| | Zyvox® |
| Purdue | Cerumenex® |

| Defendant Group | Drug Name |
|---|---|
| | MS Contin®<br>OxyContin®<br>Trilisate®<br>Uniphyl® |
| Sanofi | Ambien®<br>Eligard®<br>Eloxatin®<br>Hyalgan®<br>Plaquenil®<br>Talacen® |
| Schering | Albuterol<br>Albuterol Sulfate<br>Cedax®<br>Celestone Soluspan<br>Clarinex®<br>Claritin®<br>Claritin-D®<br>Clotrimazole<br>Diprolene®<br>Diprolene® AF<br>Elocon®<br>Eulexin®<br>Foradil®<br>Imdur®<br>Intron® A<br>Isosorbide Mononitrate<br>K-Dur®<br>Labetalol HCl<br>Lotrimin®<br>Lotrisone®<br>Nasonex®<br>Nitro-Dur®<br>Normodyne®<br>Peg-Intron®<br>Potassium Chloride<br>Proventil®<br>Proventil® HFA<br>Rebetol®<br>Rebetron®<br>Temodar®<br>Theo-Dur®<br>Theophylline Anhydrous<br>Trinalin®<br>Vancenase®<br>Vancenase® AQ<br>Vanceril®<br>Zetia® |
| TAP | Prevacid®<br>Prevpac® |
| Takeda | Actos® |
| TEVA | Acetaminophen w/Codeine<br>Acyclovir |

- 21 -

| Defendant Group | Drug Name |
|---|---|
| | Albuterol |
| | Albuterol Sulfate |
| | Amiodarone HCl |
| | Amox Tr/Potassium Clavulanate |
| | Amoxicillin |
| | Amoxicillin Trihydrate |
| | Benzonatate |
| | Budeprion SR |
| | Bupropion HCl |
| | Calcitriol |
| | Carbamazepine |
| | Carbidopa/Levodopa |
| | Cephalexin |
| | Chlorzoxazone |
| | Cimetidine |
| | Clemastine Fumarate |
| | Clindamycin HCl |
| | Clonazepam |
| | Diclofenac Sodium |
| | Diflunisal |
| | Diltiazem HCl |
| | Doxazosin Mesylate |
| | Enalapril Maleate |
| | Etodolac |
| | Famotidine |
| | Fluocinonide |
| | Fluoxetine HCl |
| | Fluphenazine Decanoate |
| | Fosinopril Sodium |
| | Gabapentin |
| | Gemfibrozil |
| | Glyburide |
| | Glyburide Micronized |
| | Haloperidol Decanoate |
| | Hydrocodone Bitartrate and Ibuprofen |
| | Hydroxychloroquine Sulfate |
| | Ketoconazole |
| | Ketoprofen |
| | Loperamide HCl |
| | Lovastatin |
| | Mebendazole |
| | Methylphenidate HCl |
| | Metoclopramide HCl |
| | Metoprolol Tartrate |
| | Minocycline HCl |
| | Mirtazapine |
| | Moban |
| | Moexipril HCl |
| | Mupirocin |
| | Nabumetone |
| | Naproxen |
| | Naproxen Sodium |
| | Nifediac® CC |
| | Nifedical® XL |
| | Nifedipine |
| | Nortriptyline HCl |
| | Nystatin |

- 22 -

| Defendant Group | Drug Name |
|---|---|
| | Oxycodone HCl |
| | Penicillin V Potassium |
| | Pentoxifylline |
| | Potassium Chloride |
| | Prednisolone |
| | Propoxyphene Napsylate and Acetaminophen |
| | Propranolol HCl |
| | Ranitidine HCl |
| | Sotalol |
| | Sucralfate |
| | Sulfamethoxazole/Trimethoprim |
| | Ticlopidine HCl |
| | Tizanidine HCl |
| | Torsemide |
| | Tramadol HCl |
| | Trazodone HCl |
| | Ursodiol |
| | Valproic Acid |
| Watson | Acyclovir |
| | Amoxapine |
| | Aspirin |
| | Baclofen |
| | Bisoprolol Fumarate with HCTZ |
| | Bupropion HCl |
| | Buspirone HCl |
| | Butalbital Compound w/Codeine |
| | Carisoprodol |
| | Cimetidine |
| | Clindamycin HCl |
| | Clonazepam |
| | Clorazepate Dipotassium |
| | Cyclobenzaprine HCl |
| | Diazepam |
| | Diclofenac Sodium |
| | Dicyclomine HCl |
| | Diltiazem HCl |
| | Diltiazem XR |
| | Doxepin HCl |
| | Enalapril Maleate |
| | Famotidine |
| | Ferrlecit® |
| | Ferrous Sulfate |
| | Furosemide |
| | Glipizide |
| | Glipizide ER |
| | Guanfacine HCl |
| | Hydrochlorothiazide |
| | Hydrocodone w/Acetaminophen |
| | Hydroxychloroquine Sulfate |
| | Hydroxyzine HCl |
| | Hydroxyzine Pamoate |
| | Ibuprofen |
| | INFeD® |
| | Ketoprofen |
| | Labetalol HCl |
| | Lactulose |

| Defendant Group | Drug Name |
|---|---|
| | Lisinopril |
| | Lorazepam |
| | Low-Ogestrel® |
| | Loxapine Succinate |
| | Meclizine HCl |
| | Meprobamate |
| | Metformin HCl |
| | Methocarbamol |
| | Methylphenidate HCl |
| | Minocycline HCl |
| | Minoxidil |
| | Mirtazapine |
| | Naproxen |
| | Naproxen Sodium |
| | Necon® |
| | Neomycin/Polymyxin/HC |
| | Nephro-Vite® RX |
| | Nifedipine |
| | Nifurantoin Monohyd Macro |
| | Norco® |
| | Nortriptyline HCl |
| | Oxybutynin Chloride |
| | Oxycodone/APAP |
| | Pentazocine/Naloxone |
| | Prednisone |
| | Primidone |
| | Promethazine HCl |
| | Propranolol HCl |
| | Quinine Sulfate |
| | Ranitidine HCl |
| | Sucralfate |
| | Sulindac |
| | Thioridazine HCl |
| | Thiothixene |
| | Trazodone HCl |
| | Triamterene w/HCTZ |
| | Trihexyphenidyl HCl |
| | TriNessa™ |
| | Trivora® |
| | Valproic Acid |
| | Vancomycin HCl |
| | Verapamil HCl |
| Wyeth | Alesse® |
| | Atenolol |
| | Ativan® |
| | BeneFIX® |
| | Cefaclor |
| | Cimetidine |
| | Cordarone® |
| | Declomycin® |
| | Diamox® Sequels® |
| | Diazepam |
| | Diltiazem HCl |
| | Effexor XR® |
| | Effexor® |
| | Erythromycin w/Sulfisoxazole |

- 24 -

| Defendant Group | Drug Name |
|---|---|
| | Lisinopril |
| | Lorazepam |
| | Low-Ogestrel® |
| | Loxapine Succinate |
| | Meclizine HCl |
| | Meprobamate |
| | Metformin HCl |
| | Methocarbamol |
| | Methylphenidate HCl |
| | Minocycline HCl |
| | Minoxidil |
| | Mirtazapine |
| | Naproxen |
| | Naproxen Sodium |
| | Necon® |
| | Neomycin/Polymyxin/HC |
| | Nephro-Vite® RX |
| | Nifedipine |
| | Nifurantoin Monohyd Macro |
| | Norco® |
| | Nortriptyline HCl |
| | Oxybutynin Chloride |
| | Oxycodone/APAP |
| | Pentazocine/Naloxone |
| | Prednisone |
| | Primidone |
| | Promethazine HCl |
| | Propranolol HCl |
| | Quinine Sulfate |
| | Ranitidine HCl |
| | Sucralfate |
| | Sulindac |
| | Thioridazine HCl |
| | Thiothixene |
| | Trazodone HCl |
| | Triamterene w/HCTZ |
| | Trihexyphenidyl HCl |
| | TriNessa™ |
| | Trivora® |
| | Valproic Acid |
| | Vancomycin HCl |
| | Verapamil HCl |
| Wyeth | Alesse® |
| | Atenolol |
| | Ativan® |
| | BeneFIX® |
| | Cefaclor |
| | Cimetidine |
| | Cordarone® |
| | Declomycin® |
| | Diamox® Sequels® |
| | Diazepam |
| | Diltiazem HCl |
| | Effexor XR® |
| | Effexor® |
| | Erythromycin w/Sulfisoxazole |

- 24 -

| Defendant Group | Drug Name |
|---|---|
| | Etodolac |
| | Furosemide |
| | Hydrochlorothiazide |
| | Inderal® |
| | Inderal® LA |
| | Ismo® |
| | Ketoprofen |
| | Lo/Ovral® |
| | Lodine® |
| | Lorazepam |
| | Maxzide® |
| | Methotrexate |
| | Micro-K |
| | Mysoline® |
| | Naproxen |
| | Neptazane® |
| | Norplant |
| | Novantrone |
| | Orudis® |
| | Oruvail® |
| | Pentoxifylline |
| | Phenergan® |
| | Premarin® |
| | Premphase® |
| | Prempro™ |
| | Promethazine HCl |
| | Propranolol HCl |
| | Protonix® |
| | Quinidex Extentabs® |
| | Rapamune® |
| | ReFacto® |
| | Sectral® |
| | Sonata® |
| | Sulindac |
| | Suprax® |
| | Tenex® |
| | Triphasil® |
| | Vancomycin HCl |
| | Verelan® |
| | Ziac® |
| | Zosyn® |

EXHIBIT C IS CONTAINED IN BOXES SUBMITTED
HEREWITH

# EXHIBIT D

IN THE CIRCUIT COURT OF
MONTGOMERY COUNTY, ALABAMA

FILE
COURT OF
MONTGOMERY
2005 SEP 28  AM 11: 30
Sep 29 2006
9:19AM
12496122

| | | |
|---|---|---|
| STATE OF ALABAMA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV-05-219 |
| | ) | |
| ABBOTT LABORATORIES, INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Before the Court are various Motions to Sever and/or Motions for Separate Trials, filed by the majority of Defendants, approximately sixty-five (65) of the seventy-nine (79) Defendants in this case. The Court has met and discussed these issues with both appointed liaison counsel and the appointed Special Masters. The Court has undertaken a review of all of the allegations in the State's Complaint and of all the defenses thereto in this matter. Based on the Court's review of all of the pleadings thus far filed in this case, the Court finds that there are questions of law and facts common to all the parties and that the transactions and occurrences in question all dealt with the Alabama Medicaid Agency, thus in the interest of judicial economy the Court hereby **DENIES** all pending Motions to Sever and/or Motions for Separate Trials.

The Court **ORDERS** liaison counsel and the Special Masters to immediately meet and confer to discuss and attempt to resolve the trial tracking issues of Defendants for the purposes of Trial.

The Court further **ORDERS** that the Special Masters shall set forth a report which recommends the trial tracks of the Defendants, with each track containing ten (10) to fifteen (15) Defendants. The Court shall receive this report no later than October 20, 2006.

The Court once again states that the first Trial in this matter remains set for November 29, 2007. The Court will not entertain requests to continue this Trial.

CHARLES PRICE, CIRCUIT JUDGE

cc:    W. Daniel "Dee" Miles, III
       Lee H. Copeland
       Jimmy B. Poole
       Simeon Franklin Penton II

# EXHIBIT E

IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| STATE OF ALABAMA, in its | ) | |
| capacity as sovereign and | ) | |
| on behalf of the Alabama | ) | |
| Medicaid Agency, | ) | |
| | ) | |
|     Plaintiff, | ) | |
| | ) | CIVIL ACTION NO. |
|     v. | ) | 2:05cv647-T |
| | ) | |
| ABBOTT LABORATORIES, | ) | |
| INC., et al., | ) | |
| | ) | |
|     Defendants. | ) | |

**ORDER**

After careful consideration of the state-law claims

presented in this case, the court does not believe that the

claims "necessarily raise a stated federal issue, actually

disputed and substantial, which a federal forum may entertain

without disturbing any congressionally approved balance of

federal and state judicial responsibilities." <u>Grable & Sons</u>

<u>Metal Prods., Inc. v. Darue Eng'g. & Mfr.</u>, 545 U.S. ___, ___,

125 S. Ct. 2363, 2368 (2005); <u>see also</u> <u>Caterpillar, Inc. v.</u>

<u>Williams</u>, 482 U.S. 386, 107 S.Ct. 2425 (1987); <u>Metropolitan</u>

<u>Life Ins. Co. v. Taylor</u>, 481 U.S. 58, 107 S.Ct. 1542 (1987);

Merrell Dow Pharmaceuticals, Inc. v. Thompson, 478 U.S. 804,

106 S.Ct. 3229 (1986); Franchise Tax Bd. v. Construction

Laborers Vacation Trust, 463 U.S. 1, 103 S.Ct. 2841 (1983);

Gully v. First National Bank of Meridian, 299 U.S. 109, 57

S.Ct. 96 (1936).

Accordingly, it is the ORDER, JUDGMENT, and DECREE of the

court that plaintiff's motion to remand (Doc. no. 69) is

granted and that, pursuant to 28 U.S.C.A. § 1447(c), this

cause is remanded to the Circuit Court of Montgomery County,

Alabama, for want of subject-matter jurisdiction.

It is further ORDERED that plaintiff's and defendants'

motions to stay (Doc. nos. 71 & 109) and plaintiff's motion

for expedited ruling (Doc. no. 73) are denied.

It is further ORDERED that all other substantive motions

are left for disposition by the state court after remand.

The clerk of the court is DIRECTED to take appropriate

steps to effect the remand.

DONE, this the 11th day of August, 2005.


                        /s/ Myron H. Thompson
                    UNITED STATES DISTRICT JUDGE

# EXHIBIT F

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA**

STATE OF ALABAMA,

       Plaintiff,

    v.

ABBOTT LABORATORIES, INC., et al.,

       Defendants.

Civil Action No.

[Civ. Action No. 2005-219 in the
Circuit Court of Montgomery County,
Alabama]

**DEFENDANT ABBOTT LABORATORIES, INC.'S
<u>NOTICE OF CONSENT TO REMOVAL</u>**

       Defendant Abbott Laboratories, Inc. hereby serves notice that it consents

to the removal of this action to the United States District Court for the Middle District of

Alabama.

Dated:    October __, 2006

Respectfully submitted,

*Betsy P. Collins*

Betsy P. Collins
ALSTON AND BIRD LLP
One Atlantic Center
1201 West Peachtree St.
Atlanta, GA  30309
Telephone:  (404) 881-7378
Facsimile:    (404) 881-7777

James R. Daly
Rachael E. Dehner
JONES DAY
77 West Wacker
Chicago, IL  60601-1692
Telephone:  (312) 782-3939
Facsimile:    (312) 782-8585

Counsel for Defendant,
ABBOTT LABORATORIES, INC.

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

RECEIVED

2006 OCT 11  P 4:00

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA.

STATE OF ALABAMA

Plaintiff,

v.

ABBOTT LABORATORIES, INC., *et al.*,

Defendants.

Case No. 2:06cv920-MEF

[Case No. CV-05-219 in the Circuit
Court of Montgomery County,
Alabama]

DEFENDANT ALCON LABORATORIES, INC NOTICE OF
CONSENT TO REMOVAL

Defendant Alcon Laboratories, Inc hereby serves notice that it consents to

the removal of this action to the United States District Court for the Middle District of

Alabama.

Dated:    October 10, 2006

Respectfully submitted,

EDWARD S. SLEDGE, III      (SLEDE7917)
ARCHIBALD T. REEVES, IV (REEVA2720)
Attorneys for Defendant
Alcon Laboratories, Inc

Of Counsel:

McDOWELL KNIGHT ROEDDER
& SLEDGE, L.L.C.
Suite 900, Riverview Plaza
63 South Royal Street (36602)
Post Office Box 350
Mobile, Alabama
T: 251-432-5300
F: 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

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
## NORTHERN DIVISION

| | |
|---|---|
| STATE OF ALABAMA, | ) |
| | ) |
| Plaintiff, | ) Case No. 2:06 CV 920 - MEF |
| v. | ) |
| | ) [Removed from Case No. CV-05-219 in |
| ABBOTT LABORATORIES, INC., et | ) the Circuit Court of Montgomery County, |
| al., | ) Alabama] |
| Defendants. | ) |

## DEFENDANT ALLERGAN INC.'S
## NOTICE OF CONSENT TO REMOVAL

Defendant Allergan Inc. hereby serves notice that it consents to the removal of

this action to the United States District Court for the Middle District of Alabama.

Dated:  October 10, 2006.

Fred M. Haston, III (ASB-8858-A64F)
Bradley Arant Rose & White LLP
One Federal Place
1819 Fifth Avenue North
Birmingham, AL 35203-2104
Telephone: (205) 521-8303
Facsimile: (205) 488-6303
E-mail: thaston@bradleyarant.com

One of the Attorneys for Defendant *Allergan Inc.*

OF COUNSEL

William C. McGowin (ASB-6770-I136W)
Bradley Arant Rose & White LLP
The Alabama Center for Commerce
401 Adams Avenue, Suite 780
Montgomery, AL 36104
Telephone: (334) 956-7700
Facsimile: (334) 956-7701
Email: wmcgowin@bradleyarant.com

Richard D. Raskin
Michael Doss
SIDLEY AUSTIN LLP
One South Dearborn Street
Chicago, IL 60603
Telephone: (312) 853-7000
Facsimile: (312) 853-7036
Email: rraskin@sidley.com
Email: mdoss@sidley.com

**UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**

RECEIVED

2006 OCT 11 P 4:00

**STATE OF ALABAMA**

Plaintiff,

v.

**ABBOTT LABORATORIES, INC.,** *et al.,*

Defendants.

DEBRA HACKETT, CLK
U.S. DISTRICT COURT

Case No. 2:06 cv 920 - MEF

[Case No. CV-05-219 in the Circuit
Court of Montgomery County,
Alabama]

**DEFENDANTS ALPHARMA INC., PUREPAC PHARMACEUTICAL CO., WATSON**
**LABORATORIES, INC., WATSON PHARMA, INC., AND WATSON**
**PHARMACEUTICALS, INC'S NOTICE OF**
**CONSENT TO REMOVAL**

Defendants Alpharma Inc., Purepac Pharmaceutical Co., Watson Laboratories, Inc.,

Watson Pharma, Inc., and Watson Pharmaceuticals, Inc. hereby serve notice that they consent to

the removal of this action to the United States District Court for the Middle District of Alabama.

Dated:    October 10, 2006

Respectfully submitted,

Steven F. Casey
Attorney for Defendants,
Alpharma, Inc., Purepac Pharmaceutical
Co., Watson Laboratories, Inc., Watson Pharma,
Inc., and Watson Pharmaceuticals, Inc.

**Of Counsel**:
Steven F. Casey
BALCH & BINGHAM LLP
Post Office Box 306
Birmingham, AL 35201-0306
Telephone: (205) 251-8100
Facsimile: (205) 226-8798

Donald R. Jones
2000 Interstate Park Drive
Suite 104
Montgomery, AL 36109
Telephone: (334) 277-3939
Facsimile: (334) 277-3772

Douglas B. Farquhar
John R. Fleder
Dara S. Katcher
Riette van Laack
Brian J. Wesoloski
HYMAN, PHELPS & MCNAMARA, P.C.
700 Thirteenth Street, N.W.
Suite 1200
Washington, D.C. 20005
Telephone: (202) 737-9624
Facsimile: (202) 737-9329

**UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA** RECEIVED

| | |
|---|---|
| **STATE OF ALABAMA** | 2006 OCT 11  P 4: 00 |
| **Plaintiff,** | CECILA P. HACKETT, CLK |
| | U.S. DISTRICT COURT |
| **v.** | MIDDLE DISTRICT ALA. |
| | Case No. 2:06 CV 920-MEF |
| **ABBOTT LABORATORIES, INC.,** *et al.,* | |
| **Defendants.** | [Case No. CV-05-219 in the Circuit Court of Montgomery County, Alabama] |

**DEFENDANT AMGEN INC.'S NOTICE OF**
**CONSENT TO REMOVAL**

Defendant Amgen Inc. hereby serves notice that it consents to the removal of this action to the United States District Court for the Middle District of Alabama.

Dated:    October 10, 2006

Respectfully submitted,

Anthony A. Joseph
Marcia Pratt
Maynard, Cooper & Gale, P.C.
2400 AmSouth/Harbert Plaza
1901 Sixth Avenue North
Birmingham, Alabama 35203-2618
Telephone: (205) 254-1224
Facsimile:  (205) 254-1999

Of Counsel:
        Joseph H. Young
        Steven F. Barley
        Hogan & Hartson LLP
        111 S. Calvert Street
        Baltimore, Maryland 21202
        Telephone: (410) 659-2700
        Facsimile:  (410) 539-6981

NY01/MALOMI/1139075.1

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
RECEIVED

STATE OF ALABAMA

Plaintiff,

v.

ABBOTT LABORATORIES, INC., *et al.*,

Defendants.

2006 OCT 11 P 4: 00

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DIST. OF AL

Case No. 2:06CV920- MEF

[Case No. CV-05-219 in the Circuit
Court of Montgomery County,
Alabama]

DEFENDANT ANDRX PHARMACEUTICAL INC.'S
NOTICE OF CONSENT TO REMOVAL

Defendant Andrx Pharmaceuticals, Inc. hereby serves notice that it consents to the

removal of this action to the United States District Court for the Middle District of Alabama.

Dated:    October 9, 2006

Respectfully submitted,

ANDRX PHARMACEUTICALS, INC.,
By its attorneys,

James H. Anderson (AND021)
BEERS, ANDERSON, JACKSON, PATTY,
VAN HEEST & FAWALL, P.C.
250 Commerce Street, Suite 100
P.O. Box 1988
Montgomery, Alabama 36102
Telephone: (334) 834-5311
Facsimile: (334) 834-5362

*Of Counsel:*

Robert J. Muldoon, Jr.
James W. Matthews
Katy E. Koski
SHERIN AND LODGEN LLP
101 Federal Street
Boston, Massachusetts 02110
Telephone: (617) 646-2000
Facsimile: (617) 646-2222

00134714.DOC /

# UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA

RECEIVED

**STATE OF ALABAMA**

**Plaintiff,**

v.

**ABBOTT LABORATORIES, INC.,** *et al.,*

**Defendants.**

2006 OCT 11  P 4: 00

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA.

Case No.

2:06CV 920 - MEF

## DEFENDANTS ASTRAZENECA PHARMACEUTICALS LP'S AND ASTRAZENECA LP'S NOTICE OF <u>CONSENT TO REMOVAL</u>

Defendants AstraZeneca Pharmaceuticals LP and AstraZeneca LP hereby serve notice that

they consent to the removal of this action to the United States District Court for the Middle

District of Alabama.

Dated:    October 10, 2006

Respectfully submitted,

THOMAS W. CHRISTIAN
SHARON D. STUART

**OF COUNSEL:**

CHRISTIAN & SMALL LLP
505 North 20th Street, Suite 1800
Birmingham, AL 35203
Telephone: (205) 795-6588
Facsimile: (205) 328-7234

D. Scott Wise
Kimberley D. Harris
Carlos M. Pelayo
DAVIS POLK & WARDWELL
450 Lexington Avenue
New York, New York 10017
Telephone: (212) 450-4000
Facsimile: (212) 450-3800

Attorneys for Defendants
AstraZeneca Pharmaceuticals LP and
AstraZeneca LP

**UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**

RECEIVED

**STATE OF ALABAMA**

      **Plaintiff,**

      v.

**ABBOTT LABORATORIES, INC.,** *et al.*,

      **Defendants.**

2006 OCT 11  P 4:00

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

Case No. 2:06CV920-MEF

**[Case No. CV-05-219 in the Circuit Court of Montgomery County, Alabama]**

**DEFENDANT AVENTIS PHARMACEUTICALS INC.'S NOTICE OF**
**CONSENT TO REMOVAL**

      Defendant Aventis Pharmaceuticals Inc. hereby serves notice that it consents to

the removal of this action to the United States District Court for the Middle District of Alabama.

Dated:    October 10, 2006

Of counsel:

Michael Koon
Joseph Matye
Shook Hardy & Bacon L.L.P.
2555 Grand Blvd.
Kansas City, Missouri 64108
Telephone: (816) 474-6550
Facsimile: (816) 421-5547

Respectfully submitted,

Richard H. Gill (GIL007)
Mitchel H. Boles (BOL029)
Copeland, Franco, Screws & Gill, P.A.
P. O. Box 347
Montgomery, AL 36101-0347
Telephone: (334) 834-1180
Facsimile: (334) 834-3172

Attorneys for Defendant
    Aventis Pharmaceuticals Inc.

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

| | | |
|---|---|---|
| STATE OF ALABAMA, | ) | RECEIVED |
| | ) | |
| Plaintiff, | ) | Civil Action No. 2:06 LV 920-MEF |
| | ) | 2006 OCT 11 P 4: 00 |
| v. | ) | [Case No. CV-2005-219 in the |
| | ) | Circuit Court of Montgomery, |
| ABBOTT LABORATORIES, INC., et al., | ) | County, Alabama] |
| | ) | |
| Defendants. | ) | |

DEFENDANT BARR LABORATORIES, INC.'S
NOTICE OF CONSENT TO REMOVAL

Defendant Barr Laboratories, Inc. hereby serves notice that it consents to the removal of

this action to the United States District Court for the Middle District of Alabama.

DATED: October 10, 2006

_____
Bruce F. Rogers
Charles K. Hamilton
Bainbridge, Mims, Rogers & Smith, LLP
The Luckie Building, Suite 415
600 Luckie Drive
P.O. Box 530886
Birmingham, Alabama  35253
(205) 879-1100
(205) 879-4300 (fax)

Karen N. Walker (*pro hac vice*)
Edwin John U (*pro hac vice*)
Judson D. Brown (*pro hac vice*)
KIRKLAND & ELLIS LLP
655 15th Street, N.W.
Washington, DC  20005
(202) 879-5000
(202) 879-5200 (fax)

Attorneys for Defendant Barr Laboratories, Inc.

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

RECEIVED

2006 OCT 11  P 4: 01

_____ _. HACKETT, CLK
FEDERAL DISTRICT COURT,
U.S. DISTRICT ALA.

| | | |
|---|---|---|
| STATE OF ALABAMA | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 2:06CV920-MEF |
| | ) | |
| ABBOTT LABORATORIES, INC., *et al.*, | ) | [Case No. CV-05-219 in the Circuit |
| | ) | Court of Montgomery County, |
| | ) | Alabama] |
| Defendants. | ) | |

DEFENDANT BAXTER HEALTHCARE CORPORATION'S
NOTICE OF CONSENT TO REMOVAL

Defendant Baxter Healthcare Corporation hereby serves notice that it consents to the
removal of this action to the United States District Court for the Middle District of Alabama.

Dated:    October 10, 2006

Respectfully submitted,

J. Rushton McClees (ASB-8805-C39J)
Sirote & Permutt, P.C.
2311 Highland Avenue South
Birmingham, AL 35205

Of Counsel:

Merle M. DeLancey
Jason D. Wallach
Dickstein Shapiro LLP
1825 Eye Street NW
Washington, D.C. 20006
Tel: (202) 420-2668
Fax: (202) 420-2201

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

RECEIVED

| | |
|---|---|
| STATE OF ALABAMA | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| ABBOTT LABORATORIES, INC., *et al.*, | ) |
| | ) |
| | ) |
| Defendants. | ) |

2006 OCT 11  P 4: 01

~~DRA P. HACKETT, CLK~~
~~US DISTRICT COURT~~  2:0U CV920-MEF
Case No. ~~MIDDLE ALA.~~

[Case No. CV-05-219 in the Circuit
Court of Montgomery County,
Alabama]

DEFENDANT BAXTER INTERNATIONAL, INC.'S
NOTICE OF CONSENT TO REMOVAL

Defendant Baxter International, Inc. hereby serves notice that it consents to the removal of

this action to the United States District Court for the Middle District of Alabama.

Dated:    October 10, 2006

Respectfully submitted,

J. Rushton McClees (ASB-8805-C39J)
Sirote & Permutt, P.C.
2311 Highland Avenue South
Birmingham, AL 35205

Of Counsel:

Merle M. DeLancey
Jason D. Wallach
Dickstein Shapiro LLP
1825 Eye Street NW
Washington, D.C. 20006
Tel: (202) 420-2668
Fax: (202) 420-2201

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| STATE OF ALABAMA, | ) |
| | ) |
| Plaintiff, | ) Case No. 2:06 CV 920-M E F |
| v. | ) |
| | ) [Removed from Case No. CV-05-219 in |
| ABBOTT LABORATORIES, INC., et al., | ) the Circuit Court of Montgomery County, |
| | ) Alabama] |
| Defendants. | ) |

**DEFENDANTS BAYER CORPORATION, BAYER PHARMACEUTICALS
CORPORATION, AND BAYER HEALTHCARE, LLC'S
<u>NOTICE OF CONSENT TO REMOVAL</u>**

Defendants Bayer Corporation, Bayer Pharmaceuticals Corporation, and Bayer

Healthcare, LLC (collectively, "Bayer") hereby serve notice that they consent to the removal of

this action to the United States District Court for the Middle District of Alabama.

Dated: October 10, 2006

Fred M. Haston, III (ASB-8858-A64F)
Bradley Arant Rose & White LLP
One Federal Place
1819 Fifth Avenue North
Birmingham, AL 35203-2104
Telephone: (205) 521-8303
Facsimile: (205) 488-6303
E-mail: thaston@bradleyarant.com

*One of the Attorneys for Defendants Bayer
Corporation, Bayer Pharmaceuticals
Corporation, and Bayer Healthcare, LLC*

OF COUNSEL:

William C. McGowin (ASB-6770-I136W)
Bradley Arant Rose & White LLP
The Alabama Center for Commerce
401 Adams Avenue, Suite 780
Montgomery, AL 36104
Telephone: (334) 956-7700
Facsimile: (334) 956-7701
E-mail: wmcgowin@bradleyarant.com

Richard D. Raskin, Esq.
Michael P. Doss, Esq.
SIDLEY AUSTIN LLP
One South Dearborn Street
Chicago, IL 60603
Telephone:  (312) 853-7000
Facsimile:  (312) 853-7036
rraskin@sidley.com
mdoss@sidley.com

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION      RECEIVED

2006 OCT 11  P 4: 01

| | | |
|---|---|---|
| STATE OF ALABAMA, | ) | |
| | ) | DEBRA P. HACKETT, CLK |
| Plaintiff, | ) | Case No. _____ 2:06 CV 920-MEF |
| | ) | U.S. DISTRICT COURT MID. DIST. ALA. |
| v. | ) | [Removed from Case No. CV-05-219 in the |
| | ) | Circuit Court of Montgomery County, |
| ABBOTT LABORATORIES, INC., et al., | ) | Alabama] |
| | ) | |
| Defendants. | ) | |

**DEFENDANT BIOVAIL PAHARMACEUTICALS, INC.'S
NOTICE OF CONSENT TO REMOVAL**

Defendant Biovail Pharmaceuticals, Inc., hereby serves notice that it consents to

the removal of this action to the United States District Court for the Middle District of Alabama

from the Circuit Court of Montgomery County, Alabama.

Dated:  October 10, 2006.


_____
Fred M. Haston, III (ASB-8858-A64F)
Bradley Arant Rose & White llp
One Federal Place
1819 Fifth Avenue North
Birmingham, AL 35203-2104
Telephone: (205) 521-8303
Facsimile: (205) 488-6303
E-mail: thaston@bradleyarant.com

One of the Attorneys for Defendant
Biovail Pharmaceuticals, Inc.

OF COUNSEL

William C. McGowin (ASB-6770-I136W)
Bradley Arant Rose & White LLP
The Alabama Center for Commerce
401 Adams Avenue, Suite 780
Montgomery, AL 36104
Telephone: (334) 956-7700
Facsimile: (334) 956-7701

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

RECEIVED

| | |
|---|---|
| **STATE OF ALABAMA** | 2006 OCT 11 P 4: 01 |
| **Plaintiff,** | DEBRA P. HACKETT, CLK<br>U.S. DISTRICT COURT<br>MIDDLE DISTRICT ALA |
| v. | Case No. 2:06CV920-MEF |
| **ABBOTT LABORATORIES, INC.,** *et al.*, | |
| **Defendants.** | **[Case No. CV-05-219 in the Circuit<br>Court of Montgomery County,<br>Alabama]** |

**DEFENDANTS BOEHRINGER INGELHEIM CORPORATION'S,
BOEHRINGER INGELHEIM PHARMACEUTICALS, INC.'S,
AND BOEHRINGER INGELHEIM ROXANE, INC.'S
<u>NOTICE OF CONSENT TO REMOVAL</u>**

Defendants Boehringer Ingelheim Corporation, Boehringer Ingelheim Pharmaceuticals,

Inc. and Roxane Laboratories, Inc., now named Boehringer Ingelheim Roxane, Inc., hereby serve

notice that they consent to the removal of this action to the United States District Court for the

Middle District of Alabama.

Dated:    October 10, 2006

Respectfully submitted,

**SANDY G. ROBINSON - ROBIS5756
JARROD J. WHITE - WHITJ1010
CABANISS, JOHNSTON, GARDNER,
DUMAS & O'NEAL LLP**
Post Office Box 2906
Mobile, Alabama  36652
251/415-7308 Telephone
251/415-7350 Facsimile
sgr@cabaniss.com
jjw@cabaniss.com

**Of Counsel:**

Helen E. Witt P.C.
Brian P. Kavanaugh
KIRKLAND & ELLIS LLP
200 East Randolph Drive
Chicago, Illinois 60601
(312) 861-2000
(312) 861-2200 (Facsimile)

Attorneys for Defendants Boehringer Ingelheim
Corporation, Boehringer Ingelheim
Pharmaceuticals, Inc. and Boehringer Ingelheim
Roxane, Inc.

# UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA

RECEIVED

2006 OCT 11  P 4: 01

_____

**STATE OF ALABAMA**

**Plaintiff,**

v.

**ABBOTT LABORATORIES, INC.,** *et al.*,

**Defendants.**

_____

Case No. 2:06CV920- MEF

**[Case No. CV-05-219 in the Circuit Court of Montgomery County, Alabama]**

## DEFENDANT BRISTOL-MYERS SQUIBB COMPANY'S
## NOTICE OF CONSENT TO REMOVAL

Defendant Bristol-Myers Squibb Company hereby serves notice that it consents to

the removal of this action to the United States District Court for the Middle District of Alabama.

Dated:    October 10, 2006

Respectfully submitted,

Harlan I. Prater, IV
Attorney for Defendant
Bristol-Myers Squibb Company

OF COUNSEL:
Harlan I. Prater, IV (PRA004)
Stephen J. Rowe (ROW013)
Derrick A. Mills (MIL119)
LIGHTFOOT, FRANKLIN & WHITE, L.L.C.
The Clark Building
400 North 20th Street
Birmingham, Alabama  35203-3200
(205) 581-0700
(205) 581-0799  (fax)

Thomas J. Sweeney, III
Lyndon M. Tretter
Steven M. Edwards
James Zucker
HOGAN & HARTSON L.L.P.
875 Third Avenue
New York, New York  10022
(212) 918-3000

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

RECEIVED

2006 OCT 11  P 4: 01

_____

STATE OF ALABAMA

Plaintiff,

v.

ABBOTT LABORATORIES, INC., *et al.*,

Defendants.

_____

Case No. 2:06 cv 920-MEF

[Case No. CV-05-219 in the Circuit
Court of Montgomery County,
Alabama]

DEFENDANT EISAI INC.'S NOTICE OF
CONSENT TO REMOVAL

Defendant Eisai Inc. hereby serves notice that it consents to the removal of this

action to the United States District Court for the Middle District of Alabama.

Dated:    October 10, 2006

Respectfully submitted,

Julia Boaz Cooper
BRADLEY ARANT ROSE & WHITE LLP
One Federal Place
1819 Fifth Avenue North
Birmingham, AL 35203
Telephone: 205-521-8000
Facsimile: 205-521-8800

Of Counsel:
Brien T. O'Connor
E. Abim Thomas
Ropes & Gray LLP
One International Place
Boston, MA 02110
Telephone: (617) 951-7000
Facsimile: (617) 951-7050

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

2006 OCT 11 P 4:01

STATE OF ALABAMA,

                Plaintiff,

v.

ABBOTT LABORATORIES, INC., et al.,

                Defendants.

Case No. _____ 2:06cv920-MEF
[Case No. CV-05-219 in the Circuit
Court of Montgomery County,
Alabama]

## DEFENDANT ENDO PHARMACEUTICALS, INC.'S NOTICE OF CONSENT TO REMOVAL

Defendant Endo Pharmaceuticals, Inc. hereby serves notice that it

consents to the removal of this action to the United States District Court for the Middle

District of Alabama.

Dated:    October 10, 2006

Respectfully submitted,

Stephen A. Rowe
Asb-3804-e65s
ADAMS AND REESE LLP
2100 Third Avenue North, Suite 1100
Birmingham, Alabama USA 35203
Main: 205-250-5000
Fax:205-250-5034
Cell:205-305-8172

*Attorneys for Endo Pharmaceuticals, Inc.*

*Of Counsel:*
Jonathan L. Stern
ARNOLD & PORTER, LLC
555 Twelfth Street, NW
Washington DC 20004
(202) 942-5000 (telephone)
(202) 942-4999 (facsimile)

# UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA

STATE OF ALABAMA

        Plaintiff,

    v.

ABBOTT LABORATORIES, INC., *et al.*,

        Defendants.

Case No. 2:06 CV 920 - MEF

[Case No. CV-05-219 in the Circuit Court of Montgomery County, Alabama]

## DEFENDANT ETHEX CORPORATION'S NOTICE OF CONSENT TO REMOVAL

Defendant ETHEX Corporation hereby serves notice that it consents to the removal of this action to the United States District Court for the Middle District of Alabama.

Dated:    October 10, 2006

Respectfully submitted,

Stephen A. Rowe
Asb-3804-e65s
Robert D. Eckinger
ADAMS & REESE LLP
Concord Center
2100 Third avenue North,
   Suite 1100
Birmingham, Alabama 35203
Phone: (205) 250-5000
Fax: (205) 250-5034

*Of Counsel:*

Robert S. Litt
Steven S. Diamond
Justin S. Antonipillai
ARNOLD & PORTER LLP
555 Twelfth Street, N.W.
Washington, D.C. 20004
Phone: (202) 942-5000
Fax: (202) 942-5999

# UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA

RECEIVED

| | |
|---|---|
| **STATE OF ALABAMA** | 2006 OCT 11  P 4: 01 |
| **Plaintiff,** | |
| **v.** | |
| **ABBOTT LABORATORIES, INC.,** *et al.,* | Case No. 2:06CV920-MEF |
| **Defendants.** | [Case No. CV-05-219 in the Circuit Court of Montgomery County, Alabama] |

## DEFENDANTS FOREST PHARMACEUTICALS, INC. AND FOREST LABORATORIES, INC.'s NOTICE OF CONSENT TO REMOVAL

Defendants Forest Pharmaceuticals, Inc. and Forest Laboratories, Inc.

(collectively, "Forest") hereby serve notice that they consent to the removal of this action to the

United States District Court for the Western District of New York.

Dated:    October 10, 2006

Respectfully submitted,

*[signature]*

William H. Hardie
Rick A. La Trace
JOHNSTONE, ADAMS, BAILEY,
GORDON & HARRIS, LLC
Royal St. Francis Bldg.
104 St. Francis Street, 8th Floor
P.O. Box 1988
Mobile, AL  36633
Tel:  (251) 432-7682
Fax:  (251) 432-0712

*Attorneys for Forest Pharmaceuticals, Inc. and Forest Laboratories, Inc.*

# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
### NORTHERN DIVISION

STATE OF ALABAMA,

      Plaintiff,

v.

ABBOTT LABORATORIES, INC., et al.,

      Defendants.

)
)
)
)
)
)
)
)
)
)
)

Case No. 2:06cv920-MEF

[Removed from Case No. CV-05-219 in the Circuit Court of Montgomery County, Alabama]

## DEFENDANTS FUJISAWA HELATHCARE, INC. AND FUJISAWA USA, INC.'S NOTICE OF CONSENT TO REMOVAL

        Defendants Fujisawa Healthcare, Inc. and Fujisawa USA, Inc. ("Fujisawa"), hereby serves notice that it consents to the removal of this action to the United States District Court for the Middle District of Alabama.

Dated: October 10, 2006

                            _____
                            Ty E. Dedmon (ASB-4832-Y79D)
                            Bradley Arant Rose & White LLP
                            One Federal Place
                            1819 Fifth Avenue North
                            Birmingham, AL 35203-2104
                            Telephone: (205) 521-8729
                            Facsimile: (205) 488-6729
                            E-mail: tdedmon@bradleyarant.com

                            One of the Attorneys for Defendants
                            Fujisawa Healthcare, Inc. and Fujisawa USA, Inc.

OF COUNSEL:
Richard L. Sharff
Bradley Arant Rose & White LLP
1819 Fifth Avenue North
Birmingham, Alabama 35203-2104
Telephone: (205) 521-8524
Facsimile: (205) 488-6524
E-mail: rsharff@bradleyarant.com

Michael T. Scott, Esq.
Reed Smith LLP
2500 One Liberty Place
1650 Market Street
Philadelphia, PA 19103-7301
Telephone: (215) 851-8100
E-mail: mscott@reedsmith.com

Andrew L. Hurst
Reed Smith LLP
1301 K Street N.W.
Suite 1100 -- East Tower
Washington, D.C. 20005
Telephone: (202) 414-9200
E-mail: ahurst@reedsmith.com

# UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
### NORTHERN DIVISION RECEIVED

2006 OCT 11  P 4: 01

STATE OF ALABAMA

            Plaintiff,

       v.

ABBOTT LABORATORIES, INC., *et al.*,

            Defendants.

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DIST. OF ALA.

Case No. 2:06 CV 920-MEF

[Case No. CV-05-219 in the Circuit
Court of Montgomery County,
Alabama]

## DEFENDANT GENZYME CORPORATION'S NOTICE OF
## <u>CONSENT TO REMOVAL</u>

Defendant Genzyme Corporation hereby serves notice that it consents to the

removal of this action to the United States District Court for the Middle District of Alabama.

Dated:   October 10, 2006

                    Respectfully submitted,

                    Julia Boaz Cooper
                    BRADLEY ARANT ROSE & WHITE LLP
                    One Federal Place
                    1819 Fifth Avenue North
                    Birmingham, AL 35203
                    Telephone: 205-521-8000
                    Facsimile: 205-521-8800

Of Counsel:
Brien T. O'Connor
Eric P. Christofferson
Ropes & Gray LLP
One International Place
Boston, MA 02110
Telephone: (617) 951-7000
Facsimile: (617) 951-7050

# UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA

RECEIVED

2006 OCT 11  P 4: 01

STATE OF ALABAMA

Plaintiff,

v.

ABBOTT LABORATORIES, INC., *et al.*,

Defendants.

Case No. 2:06CV 920-MEF

[Case No. CV-05-219 in the Circuit Court of Montgomery County, Alabama]

## DEFENDANT SMITHKLINE BEECHAM CORPORATION'S NOTICE OF CONSENT TO REMOVAL

Defendant SmithKline Beecham Corporation d/b/a GlaxoSmithKline hereby serves notice that it consents to the removal of this action to the United States District Court for the Middle District of Alabama.[1]

Dated:    October 10, 2006

Respectfully submitted,

Joseph P. Babington (BAB004)
Patrick Finnegan (FIN028)
HELMSING LEACH HERLONG NEWMAN & ROUSE
150 Government St., Suite 2000

---

[1] In addition to "SmithKline Beecham Corporation," Plaintiff's Complaint names as Defendants the entities "Glaxo Wellcome, Inc." and "GlaxoSmithKline P.L.C." Glaxo Wellcome Inc. no longer exists, as it was previously merged into SmithKline Beecham Corporation to form SmithKline Beecham Corporation d/b/a GlaxoSmithKline. GlaxoSmithKline P.L.C. has not been properly served in this action. Although not required to do so, GlaxoSmithKline P.L.C. hereby consents, through undersigned counsel, to the removal of this action. Undersigned counsel is appearing for GlaxoSmithKline P.L.C. for the limited purpose of this removal and does not waive any rights, defenses or objections, including those related to service of process and jurisdiction, which GlaxoSmithKline P.L.C. might assert.

DC: 2314349-1

Mobile, AL 36602
Telephone: (251) 432-5521
Facsimile: (251) 432-0633

Of Counsel:

Mark H. Lynch
Ronald G. Dove, Jr.
COVINGTON & BURLING LLP
1201 Pennsylvania Avenue, N.W.
Washington, DC 20004
Telephone: (202) 662-6000
Facsimile: (202) 662-6291

Frederick G. Herold
Valerie M. Wagner
DECHERT LLP
1117 California Avenue
Palo Alto, CA 94304
Telephone: (650) 813-4930
Facsimile: (650) 813-4848

Mark D. Seltzer
HOLLAND & KNIGHT LLP
10 St. James Avenue
Boston, MA 02116
Telephone: (617) 523-2700
Facsimile: (617) 523-6850

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

STATE OF ALABAMA                    2006 OCT 11  P 4: 02

                    Plaintiff,

          v.

                                         Case No. 2:06cv920-MEF
ABBOTT LABORATORIES, INC., *et al.*,

                    Defendants.          [Case No. CV-05-219 in the Circuit
                                         Court of Montgomery County,
                                         Alabama]

## DEFENDANTS HOFFMANN-LA ROCHE INC. AND
## ROCHE LABORATORIES INC. NOTICE OF CONSENT TO REMOVAL

         Defendants Hoffmann-La Roche Inc. and Roche Laboratories Inc. hereby

serve notice that they consent to the removal of this action to the United States District

Court for the Middle District of Alabama.

Dated:    October 10, 2006

                              Respectfully submitted,


                              EDWARD S. SLEDGE, III     (SLEDE7917)
                              ARCHIBALD T. REEVES, IV (REEVA2720)
                              Attorneys for Defendants
                              Hoffmann-La Roche Inc. and
                              Roche Laboratories Inc.


Of Counsel:

McDOWELL KNIGHT ROEDDER
& SLEDGE, L.L.C.
Suite 900, Riverview Plaza
63 South Royal Street (36602)
Post Office Box 350
Mobile, Alabama
T: 251-432-5300
F: 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

# UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA

RECEIVED

2006 OCT 11  P 4: 02

| | |
|---|---|
| **STATE OF ALABAMA** | |
| **Plaintiff,** | |
| **v.** | Case No. 2:06 CV 920 - MEF |
| **ABBOTT LABORATORIES, INC.,** *et al.,* | |
| **Defendants.** | [Case No. CV-05-219 in the Circuit Court of Montgomery County, Alabama] |

## DEFENDANT IMMUNEX CORPORATION'S NOTICE OF CONSENT TO REMOVAL

Defendant Immunex Corporation hereby serves notice that it consents to the

removal of this action to the United States District Court for the Middle District of Alabama.

Dated:    October 10, 2006

Respectfully submitted,

W. Stancil Starnes, STA025
STARNES & ATCHISON LLP
Seventh Floor, 100 Brookwood Place
Post Office Box 598512
Birmingham, AL 35259-8512
(205) 868-6000

*Counsel for Immunex Corporation*

Of Counsel for Immunex Corporation:

David J. Burman
Kathleen M. O'Sullivan
Perkins Coie LLP
1201 Third Avenue, Suite 4800
Seattle, Washington 98101-3099

# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA

RECEIVED

| | |
|---|---|
| STATE OF ALABAMA, | ) 2006 OCT 11  P 4: 02 |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CASE NO. 2:06cv920-MEF |
| | ) (Case No. CV-05-219 in the Circuit Court |
| ABBOTT LABORATORIES, INC., et al., | ) of Montgomery County, Alabama) |
| | ) |
| Defendants. | ) |
| | ) |

## DEFENDANT IVAX CORPORATION'S NOTICE OF CONSENT TO REMOVAL

Defendant IVAX Corporation hereby serves notice that it consents to the removal of this

action to the United States District Court for the Middle District of Alabama.


_____

One of the Attorneys for Defendant
IVAX Corporation

OF COUNSEL:

F. Inge Johnstone                    W. Joseph McCorkle, Jr.
BALCH & BINGHAM LLP                  BALCH & BINGHAM LLP
Post Office Box 306                  Post Offfice Box 78
Birmingham, AL 35201-0306            Montgomery, AL 36101-0078
Telephone: (205) 251-8100            Telephone: (334) 834-6500
Facsimile: (205) 226-8798            Facsimile: (334) 269-3115

Elizabeth I. Hack
T. Reed Stephens
SONNENSCHEIN NATH & ROSENTHAL LLP
1301 K Street, NW
Suite 1600 East Tower
Washington, DC  20005

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

RECEIVED

| | |
|---|---|
| STATE OF ALABAMA, | ) |
| | 2006 OCT 11 P 4: 02 ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CASE NO. 2 06 CV 920 - MEF |
| | ) (Case No. CV-05-219 in the Circuit Court |
| ABBOTT LABORATORIES, INC., et al., | ) of Montgomery County, Alabama) |
| | ) |
| Defendants. | ) |
| | ) |
| | ) |

## DEFENDANT IVAX PHARMACEUTICALS, INC.'S
## NOTICE OF CONSENT TO REMOVAL

Defendant IVAX Pharmaceuticals, Inc. hereby serves notice that it consents to the

removal of this action to the United States District Court for the Middle District of Alabama.

_____
One of the Attorneys for Defendant
IVAX Pharmaceuticals, Inc.

OF COUNSEL:

F. Inge Johnstone
BALCH & BINGHAM LLP
Post Office Box 306
Birmingham, AL 35201-0306
Telephone: (205) 251-8100
Facsimile: (205) 226-8798

Elizabeth I. Hack
T. Reed Stephens
SONNENSCHEIN NATH & ROSENTHAL LLP
1301 K Street, NW
Suite 1600 East Tower
Washington, DC  20005

W. Joseph McCorkle, Jr.
BALCH & BINGHAM LLP
Post Office Box 78
Montgomery, AL 36101-00778
Telephone: (334) 834-6500
Facsimile: (334) 269-3115

172517.1

IN THE CIRCUIT COURT OF
MONTGOMERY COUNTY, ALABAMA

STATE OF ALABAMA,                     )
                                      )
              Plaintiff,              )
                                      )
vs.                                   )    CIVIL ACTION NO.: CV-2005-219
                                      )
ABBOTT LABORATORIES, INC., et al.     )
                                      )
              Defendants.             )

NOTICE OF CONSENT TO REMOVAL FILED ON BEHALF OF
THE JOHNSON & JOHNSON DEFENDANTS

Defendants Johnson & Johnson, ALZA Corporation, Janssen, L.P. (sued herein as

Janssen Pharmaceutica Products, L.P.), McNeil-PPC, Inc., Ortho Biotech Products, L.P., and

Ortho-McNeil Pharmaceutical, Inc., (collectively referred to as the "Johnson & Johnson

Defendants") hereby serve notice that they each consent to the removal of this action to the

United States District Court for the Middle District of Alabama.

Dated this the _9th_ day of October, 2006.

_____
Robert F. Northcutt (NOR015)
Attorney for the Johnson & Johnson Defendants

OF COUNSEL:
CAPELL & HOWARD, P.C.
150 South Perry Street (36104)
Post Office Box 2069
Montgomery, Alabama 36102-2069
Telephone:    (334) 241-8000
Facsimile:    (334) 241-8282

William F. Cavanaugh, Jr., Esq.
Andrew D. Schau, Esq.
Erik Haas, Esq.
PATTERSON BELKNAP WEBB & TYLER LLP
1133 Avenue of the Americas
New York, New York  10036-6710
Telephone:    (212) 336-2000
Facsimile:    (212) 336-2222

# IN THE UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF ALABAMA

RECEIVED

**STATE OF ALABAMA**

2006 OCT 11  P 4: 02

**Plaintiff,**

~~EBRA P. HACKETT, CLK~~

**v.**

**Case No.** 2:06CV920-MEF

**ABBOTT LABORATORIES, INC.,** *et al.,*

**Defendants.**

[Case No. CV-05-219 in the Circuit
Court of Montgomery County,
Alabama]

## DEFENDANTS KING PHARMACEUTICALS, INC. AND
## MONARCH PHARMACEUTICALS, INC.'S NOTICE OF CONSENT TO REMOVAL

Defendants King Pharmaceuticals, Inc. and Monarch Pharmaceuticals, Inc. hereby give

notice that they consent to the removal of the above-styled action to the United States District

Court for the Middle District of Alabama.

Dated:  October 10, 2006.

_____
LISA W. BORDEN (WRI 027)

Attorney for Defendants
King Pharmaceuticals, Inc. and
Monarch Pharmaceuticals, Inc.

OF COUNSEL:

BAKER, DONELSON, BEARMAN,
       CALDWELL & BERKOWITZ, P.C.
1600 SouthTrust Tower
Birmingham, Alabama  35203
(205) 328-0480

**UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**

RECEIVED

**STATE OF ALABAMA**

2006 OCT 11  P 4: 02

**Plaintiff,**

**v.**                                    Case No. 2:06 CV 970 - MEF

**ABBOTT LABORATORIES, INC.,** *et al.,*

**Defendants.**                          [Case No. CV-05-219 in the Circuit
                                         **Court of Montgomery County,**
                                         **Alabama]**

**DEFENDANT MEDIMMUNE, INC.'S NOTICE OF**
**CONSENT TO REMOVAL**

Defendant MedImmune, Inc. hereby serves notice that it consents to the removal

of this action to the United States District Court for the Middle District of Alabama.

Dated:    October 10, 2006

Respectfully submitted,

Lee H. Copeland, Esq.
COPELAND, FRANCO, SCREWS &
GILL, P.A.
P.O. BOX 347
Montgomery, Alabama 6101-0347
Telephone: (334)-834-1180
Facsimile: (334)-834-3172

Of Counsel:

Steven M. Umin (pro hac vice)
Beth A. Levene (pro hac vice)
James V. Hayes (pro hac vice)
WILLIAMS & CONNOLLY LLP
725 Twelfth Street N.W.
Washington, D.C. 20005
Telephone: (202)-434-5000
Facsimile: (202)-434-5029

*Attorneys for MedImmune, Inc.*

# UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA

2006 OCT 11 P 4: 02

**STATE OF ALABAMA**

**Plaintiff,**

**v.**

**ABBOTT LABORATORIES, INC.,** *et al.,*

**Defendants.**

Case No. 2:06 CV 970- MEF

[Case No. CV-05-219 in the Circuit
Court of Montgomery County,
Alabama]

## DEFENDANT MERCK & CO., INC.'S NOTICE OF CONSENT TO REMOVAL

Defendant Merck & Co., Inc. hereby serves notice that it consents to the removal

of this action to the United States District Court for the Middle District of Alabama.

Dated:    October 10, 2006.

By _____

Robert C. Brock (BRO040)
Robert A. Huffaker (HUF003)
F. Chadwick Morriss (MOR033)
RUSHTON, STAKELY, JOHNSTON &
     GARRETT, P.A.
Post Office Box 270
184 Commerce Street
Montgomery, Alabama 36104
Tel: (334) 206-3100
Fax: (334) 481-0801

John M. Townsend
Robert P. Reznick
Robert B. Funkhouser
HUGHES HUBBARD & REED LLP
1775 I Street, N.W., Suite 600
Washington, DC 20006-2401
Tel: (202) 721-4600
Fax: (202) 721-4646

*Attorneys for Defendant Merck & Co., Inc.*

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

RECEIVED

STATE OF ALABAMA

       Plaintiff,

    v.

ABBOTT LABORATORIES, INC., *et al.*,

       Defendants.

2006 OCT 11  P 4: 02

Case No. 2:06 CV 920 - MEF

[Case No. CV-05-219 in the Circuit
Court of Montgomery County,
Alabama]

## DEFENDANTS MYLAN LABORATORIES, INC.'S, MYLAN PHARMACEUTICALS INC.'S AND UDL LABORATORIES, INC.'S NOTICE OF CONSENT TO REMOVAL

      Defendants Mylan Laboratories Inc., Mylan Pharmaceuticals Inc. and UDL

Laboratories Inc. hereby serve notice that they consent to the removal of this action to the United

States District Court for the Middle District of Alabama.

Dated:   October 10, 2006

                        Respectfully submitted,

                        Joseph W. Letzer, Esq.
                        BURR & FORMAN LLP
                        3100 Wachovia Tower,
                        420 North 20th Street
                        South Trust Tower
                        Suite 3100
                        Birmingham, AL 35203
                        (205) 458-5272

Of Counsel:

William A. Escobar (pro hac vice)
Christopher C. Palermo (pro hac vice)
Neil Merkl (pro hac vice)
KELLEY DRYE & WARREN LLP
101 Park Avenue
New York, New York 10178\
(212) 808-7800

# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF ALABAMA
### NORTHERN DIVISION

STATE OF ALABAMA,                          )

      Plaintiff,                          )
                                           )
                                           )       Case No.: 2:06 CV 920- MEF
v.                                         )
                                           )
ABBOTT LABORATORIES INC., et al.,          )       [Case No. CV-05-219 in the Circuit
                                           )       Court of Montgomery County,
      Defendants.                          )       Alabama]


## DEFENDANT NOVARTIS PHARMACEUTICALS CORPORATION'S
## NOTICE OF CONSENT TO REMOVAL

Defendant Novartis Pharmaceuticals Corporation hereby serves notice that it consents to

the removal of this action to the United States District Court for the Middle District of Alabama.

Dated:    October 10, 2006

Respectfully submitted,

William D. Coleman (COL030)
James N. Walter, Jr. (WAL021)

Of Counsel:
Capell & Howard, P.C.
P.O. Box 2069
Montgomery, Alabama 36104
(334) 241-8000


Attorneys for Defendant
Novartis Pharmaceuticals Corporation

# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
### NORTHERN DIVISION

STATE OF ALABAMA,

      Plaintiff,

v.

ABBOTT LABORATORIES, INC., et al.,

      Defendants.

)
)
)
)
)
)
)
)
)

Case No. 2 06 CV 920 -MEF

[Removed from Case No. CV-05-219 in the Circuit Court of Montgomery County, Alabama]

## DEFENDANT NOVO NORDISK, INC.'S
## NOTICE OF CONSENT TO REMOVAL

Defendant Novo Nordisk, Inc. hereby serves notice that it consents to the removal of this action to the United States District Court for the Middle District of Alabama.

Dated:  October 10, 2006.

                                  Fred M. Haston, III (ASB-8858-A64F)
                                  Bradley Arant Rose & White LLP
                                  One Federal Place
                                  1819 Fifth Avenue North
                                  Birmingham, AL 35203-2104
                                  Telephone: (205) 521-8303
                                  Facsimile: (205) 488-6303
                                  E-mail: thaston@bradleyarant.com

                                  One of the Attorneys for Defendant *Novo Nordisk, Inc.*

OF COUNSEL

William C. McGowin (ASB-6770-I136W)
Bradley Arant Rose & White LLP
The Alabama Center for Commerce
401 Adams Avenue, Suite 780
Montgomery, AL 36104
Telephone: (334) 956-7700
Facsimile: (334) 956-7701
Email: wmcgowin@bradleyarant.com

Richard D. Raskin
Michael Doss
SIDLEY AUSTIN LLP
One South Dearborn Street
Chicago, IL 60603
Telephone: (312) 853-7000
Facsimile: (312) 853-7036
Email: rraskin@sidley.com
Email: mdoss@sidley.com

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

STATE OF ALABAMA                    2006 OCT 11  P 4: 02

        Plaintiff,

    v.                                        Case No. 2:06 CV 920 -MEF

ABBOTT LABORATORIES, INC., *et al.*,

        Defendants.                    [Case No. CV-05-219 in the Circuit
                                       Court of Montgomery County,
                                       Alabama]

DEFENDANT ORGANON PHARMACEUTICALS USA INC. LLC'S
NOTICE OF CONSENT TO REMOVAL

        Defendant Organon Pharmaceuticals USA Inc. LLC hereby serves notice

that it consents to the removal of this action to the United States District Court for the

Middle District of Alabama.

Dated:   October 10, 2006

                            Respectfully submitted,

                            EDWARD S. SLEDGE, III    (SLEDE7917)
                            ARCHIBALD T. REEVES, IV (REEVA2720)
                            Attorneys for Defendant
                            Organon Pharmaceuticals USA Inc. LLC

Of Counsel:

McDOWELL KNIGHT ROEDDER
& SLEDGE, L.L.C.
Suite 900, Riverview Plaza
63 South Royal Street (36602)
Post Office Box 350
Mobile, Alabama
T: 251-432-5300
F: 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

# UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA

RECEIVED

**STATE OF ALABAMA**

2006 OCT 11  P 4: 02

**Plaintiff,**

v.

Case No. 2:06cv 970 -MEF

**ABBOTT LABORATORIES, INC.,** *et al.,*

**[Case No. CV-05-219 in the Circuit Court of Montgomery County, Alabama]**

**Defendants.**

## DEFENDANT PAR PHARMACEUTICAL INC.'S NOTICE OF <u>CONSENT TO REMOVAL</u>

Defendant Par Pharmaceutical Inc. hereby serves notice that it consents to the

removal of this action to the United States District Court for the Middle District of Alabama.

Dated:    October 10, 2006

Of counsel:

Richard M. Cooper (*pro hac vice*)
Paul K. Dueffert (*pro hac vice*)
Thomas J. Roberts (*pro hac vice*)
WILLIAMS & CONNOLLY, LLP
725 Twelfth Street, N.W.
Washington, D.C.  20005
Tel:  (202) 434-5000
Fax:  (202) 434-5029

Respectfully submitted,

George W. Walker, III (WAL097)
COPELAND, FRANCO, SCREWS & GILL, P.A.
P. O. Box 347
Montgomery, Alabama 36101-0347
Telephone: (334) 834-1180
Facsimile:  (334) 834-3172

Attorneys for Defendant
Par Pharmaceutical, Inc.

# UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA

STATE OF ALABAMA

        Plaintiff,

    v.

ABBOTT LABORATORIES, INC., *et al.*,

        Defendants.

Case No. 2:06 CV 920 -MEF

[Case No. CV-05-219 in the Circuit Court of Montgomery County, Alabama]

## NOTICE OF
## CONSENT TO REMOVAL

Defendants Pfizer Inc., Agouron Pharmaceuticals, Inc., Pharmacia Corporation, G.D. Searle LLC, and Pharmacia & Upjohn Company hereby serve notice that they consent to the removal of this action to the United States District Court for the Middle District of Alabama.

Dated:    October 10, 2006

        Respectfully submitted,

        Philip H. Butler (BUT007)
        George Parker (PAR086)
        Bradley, Arant Rose & White LLP
        Alabama Center for Commerce Building
        401 Adams Avenue, Suite 780
        Montgomery, AL 36104
        (334) 956-7700
        (334) 956-7701 (fax)

Of Counsel:

John C. Dodds
Kimberly K. Heuer
MORGAN, LEWIS & BOCKIUS, LLP
1701 Market Street
Philadelphia, PA 19103
Tele: 215.963.5000
Fax: 215.963.5001

Scott A. Stempel
MORGAN, LEWIS & BOCKIUS, LLP
1111 Pennsylvania Avenue, NW
Washington, D.C. 20004
Tele: 202.739.3000
Fax: 202.739.3001

# UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA

STATE OF ALABAMA

        Plaintiff,

        v.

ABBOTT LABORATORIES, INC., *et al.*,

        Defendants.

Case No. 2:06 cv 920-MEF

[Case No. CV-05-219 in the Circuit Court of Montgomery County, Alabama]

## DEFENDANT PURDUE PHARMA, LP'S
## NOTICE OF CONSENT TO REMOVAL

        Defendant Purdue Pharma, LP hereby serves notice that it consents to the removal

of this action to the United States District Court for the Middle District of Alabama.

Dated:   October 10, 2006

                         Respectfully submitted,

                         Harlan I. Prater, IV
                         Attorney for Defendant
                         Purdue Pharma, L.P.

OF COUNSEL:
Harlan I. Prater, IV (PRA004)
Stephen J. Rowe (ROW013)
Derrick A. Mills (MIL119)
LIGHTFOOT, FRANKLIN & WHITE, L.L.C.
The Clark Building
400 North 20th Street
Birmingham, Alabama 35203-3200
phone: (205) 581-0700
(205) 581-0799 (fax)

Lori A. Schechter
Tiffany Cheung
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, CA 94105-2482
(415) 268-7000
(415) 268-7522 (fax)

# UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA

RECEIVED

STATE OF ALABAMA,

          **Plaintiff,**    2006 OCT 11  P 4: 03

      **v.**

                          **Case No.** $\underline{2:06\ CV\ 920\ -MEF}$

**ABBOTT LABORATORIES, INC.,** *et al.,*

           **Defendants.**         **[Case No. CV-05-219 in the Circuit Court of Montgomery County, Alabama]**

## DEFENDANT SANDOZ INC'S NOTICE OF
## CONSENT TO REMOVAL

      Defendant Sandoz Inc. hereby serves notice that it consents to the removal of this action

to the United States District Court for the Middle District of Alabama.

Dated:    October 9, 2006

                                Respectfully submitted,

                                C. Clay Torbert III (TOR006)
                                Chad W. Bryan (BRY032)
                                CAPELL & HOWARD, P.C.
                                150 South Perry Street (36104)
                                Post Office Box 2069
                                Montgomery, Alabama 36102-2069
                                Telephone:  (334) 241-8000
                                Facsimile:  (334) 241-8274

**OF COUNSEL:**
Wayne A. Cross
Michael J. Gallagher
WHITE & CASE LLP
1155 Avenue of the Americas
New York, New York 10036-2787
Telephone:  (212) 819-8200
Facsimile:  (212) 354-8113
*Counsel for Defendant Sandoz Inc.*

# UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA

**STATE OF ALABAMA**

        **Plaintiff,**

    v.

**ABBOTT LABORATORIES, INC.,** *et al.*,

        **Defendants.**

Case No. 2:06 CV 920- MEF

**[Case No. CV-05-219 in the Circuit Court of Montgomery County, Alabama]**

## DEFENDANT SANOFI-SYNTHELABO INC.'S NOTICE OF CONSENT TO REMOVAL

Defendant Sanofi-Synthelabo Inc. hereby serves notice that it consents to the removal of this action to the United States District Court for the Middle District of Alabama.

Dated:    October 10, 2006

Of Counsel:

Michael Koon
Joseph Matye
Shook Hardy & Bacon L.L.P.
2555 Grand Blvd.
Kansas City, Missouri 64108
Telephone: (816) 474-6550
Facsimile: (816) 421-5547

Respectfully submitted,

Richard H. Gill (GIL007)
Mitchel H. Boles (BOL029)
COPELAND, FRANCO, SCREWS & GILL, P.A.
444 South Perry Street (36104)
P. O. Box 347
Montgomery, AL 36101-0347
Telephone: (334) 834-1180
Facsimile: (334) 834-3172

*Attorneys for Defendant
Sanofi-Synthelabo Inc.*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA

**STATE OF ALABAMA**

Plaintiff,

v.

**ABBOTT LABORATORIES, INC.,** *et al.,*

Defendants.

Case No. ___2:06 CV 920-MEF___

[Case No. CV-05-219 in the Circuit
Court of Montgomery County,
Alabama]

## DEFENDANT SCHERING-PLOUGH CORPORATION'S NOTICE OF
## <u>CONSENT TO REMOVAL</u>

Defendant Schering-Plough Corporation hereby serves notice that it consents to

the removal of this action to the United States District Court for the Middle District of Alabama.

Dated:    October 10, 2006

Respectfully submitted,

John A. Henig, Jr.
COPELAND, FRANCO, SCREWS & GILL, P.A.
444 South Perry Street
Post Office Box 347
Montgomery AL  36101-0347
Tel:  (334) 834-1180
Fax: (334) 834-3172

Attorneys for Defendant
Schering-Plough Corporation

Of Counsel:
Brien T. O'Connor
John T. Montgomery
ROPES & GRAY LLP
One International Place
Boston, MA  02110
Tel:  (617) 951-7000
Fax: (617) 951-7050

J. Steven Baughman
Christopher May
ROPES & GRAY LLP
One Metro Center
700 12th Street N.W., Suite 900
Washington, D.C. 20005
Tel:  (202) 508-4606
Fax: (202) 508-4650

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

**STATE OF ALABAMA**

Plaintiff,

v.

**ABBOTT LABORATORIES, INC.,** *et al.*,

**Defendants.**

Case No. 2:06 CV970-MEF

[Case No. CV-05-219 in the Circuit
Court of Montgomery County,
Alabama]

**DEFENDANT TAKEDA PHARMACEUTICALS
NORTH AMERICA, INC.'S NOTICE OF
CONSENT TO REMOVAL**

Defendant TAKEDA PHARMACEUTICALS NORTH AMERICA, INC. hereby

serves notice that it consents to the removal of this action to the United States District Court for

the Middle District of Alabama.

Dated:    October 10, 2006

Respectfully submitted,

Joe Espy, III (ESP002)
One of the Attorneys for Takeda Pharmaceuticals
North America, Inc.

OF COUNSEL:

MELTON, ESPY & WILLIAMS, P.C.
P.O. Drawer 5130
Montgomery, AL 36103
Telephone:  334-263-6621
Facsimile:  334-263-7252

Robert R. Stauffer
Anthony C. Porcelli
JENNER & BLOCK, LLP
One IBM Plaza, Chicago, IL 60611
Telephone:  (312) 222-9350
Facsimile:  (312) 840-7305

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

STATE OF ALABAMA,

      Plaintiff,

      v.

ABBOTT LABORATORIES, INC., et al.,

      Defendants.

Civil Action No. 2:06cv920 - MEF

[Civ. Action No. 2005-219 in the
Circuit Court of Montgomery County,
Alabama]

**DEFENDANT TAP PHARMACEUTICAL PRODUCTS INC.'S
NOTICE OF CONSENT TO REMOVAL**

Defendant TAP Pharmaceutical Products Inc. hereby serves notice that it

consents to the removal of this action to the United States District Court for the Middle

District of Alabama.

Dated:    October 9th, 2006

Respectfully submitted,

*Betsy P. Collins*

Betsy P. Collins
ALSTON AND BIRD LLP
One Atlantic Center
1201 West Peachtree St.
Atlanta, GA  30309
Telephone:  (404) 881-7378
Facsimile:   (404) 881-7777

James R. Daly
Rachael E. Dehner
JONES DAY
77 West Wacker
Chicago, IL  60601-1692
Telephone:  (312) 782-3939
Facsimile:   (312) 782-8585

Counsel for Defendant,
TAP PHARMACEUTICAL
PRODUCTS INC.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA

STATE OF ALABAMA,

    Plaintiff,

v.

ABBOTT LABORATORIES, INC., et al.,

    Defendants.

)
)
)
)
)
)
)
)
)
)

CASE NO. _____ 2:06 CV 920- MEF

(Case No. CV-05-219 in the Circuit Court
of Montgomery County, Alabama)

## DEFENDANT TEVA PHARMACEUTICALS USA, INC.'S
## NOTICE OF CONSENT TO REMOVAL

    Defendant Teva Pharmaceuticals USA, Inc. hereby serves notice that it consents to the

removal of this action to the United States District Court for the Middle District of Alabama.

_____

One of the Attorneys for Defendant
Teva Pharmaceuticals USA, Inc.

OF COUNSEL:

F. Inge Johnstone
BALCH & BINGHAM LLP
Post Office Box 306
Birmingham, AL 35201-0306
Telephone: (205) 251-8100
Facsimile: (205) 226-8798

Elizabeth I. Hack
T. Reed Stephens
SONNENSCHEIN NATH & ROSENTHAL LLP
1301 K Street, NW
Suite 1600 East Tower
Washington, DC 20005

W. Joseph McCorkle, Jr.
BALCH & BINGHAM LLP
Post Office Box 78
Montgomery, AL 36101-0078
Telephone: (334) 834-6500
Facsimile: (334) 269-3115

172514.1

# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| **STATE OF ALABAMA** | |
| **Plaintiff,** | |
| **v.** | Case No. 2:06 cv 920-mEF |
| **ABBOTT LABORATORIES, INC.,** *et al.,* | |
| **Defendants.** | **[Case No. CV-05-219 in the Circuit Court of Montgomery County, Alabama]** |

## DEFENDANT WARRICK PHARMACEUTICALS CORPORATION'S NOTICE OF CONSENT TO REMOVAL

Defendant Warrick Pharmaceuticals Corporation hereby serves notice that it consents to the removal of this action to the United States District Court for the Middle District of Alabama.

Dated:    October 10, 2006

Respectfully submitted,

John A. Henig, Jr.
COPELAND, FRANCO, SCREWS & GILL, P.A.
444 South Perry Street
Post Office Box 347
Montgomery AL  36101-0347
Tel:  (334) 834-1180
Fax: (334) 834-3172

Attorneys for Defendant
Warrick Pharmaceuticals Corporation

Of Counsel:
Brien T. O'Connor
John T. Montgomery
ROPES & GRAY LLP
One International Place
Boston, MA 02110
Tel: (617) 951-7000
Fax: (617) 951-7050

J. Steven Baughman
Christopher May
ROPES & GRAY LLP
One Metro Center
700 12th Street N.W., Suite 900
Washington, D.C. 20005
Tel: (202) 508-4606
Fax: (202) 508-4650

# IN THE UNITED STATES DISTRICT COURT FOR THE
## MIDDLE DISTRICT OF ALABAMA

| | | |
|---|---|---|
| **STATE OF ALABAMA,** | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | Case No. 2:06CV920 -MEF |
| | ) | |
| **ABBOTT LABORATORIES, INC.,** | ) | [Case No. CV-08-219 in the Circuit |
| | ) | Court of Montgomery County, |
| **Defendants.** | ) | Alabama] |

## DEFENDANTS WYETH, INC. AND WYETH PHARMACEUTICAL, INC.'S
## NOTICE OF CONSENT TO REMOVAL

Defendants Wyeth, Inc. and Wyeth Pharmaceuticals, Inc. hereby serve notice that they

consent to the removal of this action to the United States District Court for the Middle District of

Alabama.

Dated: October 10, 2006

Respectfully submitted,

*Lee E. Bains*

LEE E. BAINS, JR. (BAI005)

One of the attorneys for Defendants, Wyeth, Inc.
and Wyeth Pharmaceuticals, Inc.

OF COUNSEL:

Maibeth J. Porter (POR003)
MAYNARD, COOPER & GALE, P.C.
Attorneys at Law
Suite 2400 AmSouth/Harbert Plaza
1901 Sixth Avenue, North
Birmingham, Alabama 35203-2602
Telephone: (205) 254-1000
Telecopier: (205) 254-1999

Alvin L. (Peck) Fox, Jr. (FOX005)
MAYNARD, COOPER & GALE, P.C.
201 Monroe Street, Suite 1650
Montgomery, Alabama 36104
Telephone: (334) 262-2001
Facsimile: (334) 2626-2043

S. Craig Holden
Kelly J. Davison
OBER, KALER, GRIMES & SHRIVER
A Professional Corporation
120 East Baltimore Street
Baltimore, Maryland 21202-1643

01399943.1

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

STATE OF ALABAMA

Plaintiff,

v.

ABBOTT LABORATORIES, INC., *et al.*,

Defendants.

Case No. 2:06cv920-MEF

[Case No. CV-05-219 in the Circuit
Court of Montgomery County,
Alabama]

## DEFENDANT ZLB BEHRING, L.L.C.'S NOTICE OF CONSENT TO REMOVAL

Defendant ZLB Behring, L.L.C., f/k/a Aventis Behring, L.L.C., hereby serves

notice that it consents to the removal of this action to the United States District Court for the

Middle District of Alabama.

Dated:    October 10, 2006

Of counsel:

William D. Nussbaum
Jonathan T. Rees
Hogan & Hartson, LLP
555 Thirteenth Street, NW
Washington, DC 20004
Telephone: (202) 637-5600
Facsimile: (202) 637-5910

Respectfully submitted,

Richard H. Gill (GIL007)
Mitchel H. Boles (BOL029)
C. Nelson Gill (GIL055)
Copeland, Franco, Screws & Gill, P.A.
P. O. Box 347
Montgomery, AL 36101-0347
Telephone: (334) 834-1180
Facsimile: (334) 834-3172

Attorneys for Defendant ZLB Behring, LLC,
f/k/a Aventis Behring, L.L.C.