

Jan 30 2006
2:09PM

**IN THE CIRCUIT COURT OF**
**MONTGOMERY COUNTY, ALABAMA**

|  |  |  |
|---|---|---|
| STATE OF ALABAMA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 2005-219 |
| | ) | |
| ABBOTT LABORATORIES, INC., *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**ANSWER TO SECOND AMENDED COMPLAINT**

Defendant Abbott Laboratories, Inc. ("Abbott") hereby files its Answer and Affirmative

Defenses to Plaintiff State of Alabama's Second Amended Complaint ("Complaint").

**PREFACE**

The Complaint improperly and repetitively refers to Abbott and certain other defendants

and third parties on a collective basis, failing to plead with requisite particularity allegations

against Abbott or other defendants or third parties. Intentionally ambiguous pleading is improper

and insufficient to apprise Abbott in any meaningful sense of the allegations asserted against it.

Abbott nevertheless attempts to respond to Plaintiff's allegations to the extent possible under the

circumstances. In answering the Complaint, Abbott responds for itself only, even when

Plaintiff's allegations refer to alleged conduct by Abbott and other persons or entities. To the

extent the allegations in the Complaint refer to the knowledge, conduct or actions of persons,

entities or defendants other than Abbott, Abbott is without knowledge or information sufficient

to form a belief as to the truth of those allegations, and therefore denies those allegations.

The Complaint also improperly mixes factual allegations with inflammatory rhetoric so

as to make it virtually impossible to respond meaningfully. Many of the allegations of the

Complaint are vague or conclusory. The Complaint also includes terms which are undefined and which are susceptible of different meanings, and is therefore ambiguous.

Abbott specifically denies the existence of, or its participation in any fraud, fraudulent scheme, fraudulent suppression, concealment, conspiracy or any other wrongdoing. Abbott further denies each and every allegation contained in the Complaint, except as specifically admitted, and any factual averment admitted is admitted only as to the specific facts and not as to any conclusions, characterizations, implications, innuendoes or speculations which are contained in any averment or in the Complaint as a whole. Moreover, Abbott specifically denies any allegations contained in headings, footnotes or unnumbered paragraphs in the Complaint. Abbott also denies all allegations that contain legal arguments and conclusions of law as those allegations do not require a response.

These comments and objections are incorporated, to the extent appropriate, into each numbered paragraph of this Answer.

## INTRODUCTION

1.    Abbott denies each and every allegation contained in paragraph 1 of the Complaint. Furthermore, the allegations contained in paragraph 1 contain conclusions of law to which no response is required. To the extent any response is required, Abbott denies the allegations. By way of further answer, to the extent the allegations contained in paragraph 1 are directed at defendants other than Abbott, Abbott is without knowledge or information sufficient to form a belief as to the truth of these allegations. These allegations are, therefore, denied.

2.    Abbott denies the existence of a fraudulent pricing scheme or that Abbott has been involved in any such scheme. Furthermore, to the extent the allegations contained in paragraph 2 state legal arguments or conclusions of law, no response is required. To the extent a response is required, Abbott denies those allegations. After reasonable investigation, Abbott is

-2-

without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph regarding the State's expenditures for prescription drugs, the State's Medicaid expenditures or what is or is not of importance to the State. These allegations are, therefore, denied. Abbott denies that any action is necessary to ensure fair dealing between Abbott and the State. Any remaining allegations of paragraph 2 are denied. By way of further answer, to the extent the allegations contained in paragraph 2 are directed at defendants other than Abbott, Abbott is without knowledge or information sufficient to form a belief as to the truth of these allegations. These allegations are, therefore, denied.

      3.     Abbott admits that the State of Alabama has purported to bring this action, but denies that the State is entitled to maintain this action. Abbott further denies that it has engaged in any unlawful conduct or any "drug pricing scheme," and denies that Abbott is or has been involved in any such scheme and denies that Abbott has obtained any profits as a result of any such imagined scheme. The remainder of the allegations contained in Paragraph 3 are legal arguments or conclusions of law to which no response is required. To the extent a response is required, Abbott denies the allegations contained in paragraph 3. By way of further answer, to the extent the allegations contained in paragraph 3 are directed at defendants other than Abbott, Abbott is without knowledge or information sufficient to form a belief as to the truth of these allegations. These allegations are, therefore, denied.

      4.     Abbott admits that the State purports to seek legal and equitable redress for alleged wrongful conduct, but denies that the State is entitled to maintain this action. The remaining allegations are legal arguments or conclusions of law to which no response is required. To the extent that any response is required, Abbott denies the remaining allegations of this paragraph. By way of further answer, to the extent the allegations in this paragraph are

-3-

directed to defendants other than Abbott, Abbott is without knowledge or information sufficient to form a belief as to the truth of these allegations. These allegations are, therefore, denied.

## PARTIES

5.    Abbott admits that the State of Alabama is the plaintiff in this action and that the State has brought this action, but denies that the State is entitled to maintain this action. The remaining allegations in this paragraph are conclusions of law to which no response is required. To the extent that any response is required, Abbott denies the remaining allegations in this paragraph.

6.    Abbott is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 6 of the Complaint. These allegations are, therefore, denied. Furthermore, to the extent the allegations in this paragraph reference statutes and regulations, those sources speak for themselves, and any characterizations of them are denied. By way of further answer, the allegations in paragraph 6 contain conclusions of law to which no response is required. To the extent any response is required, the allegations are denied.

## Defendant Abbott

7.    Abbott admits that it is a Delaware corporation with its principal place of business at 100 Abbott Park Road in Abbott Park, IL. Abbott denies that Ross Products is a division of Abbott Laboratories, Inc., but admits that Ross Products is a division of Abbott Laboratories. Further, Abbott admits that during at least part of the relevant time period, Abbott has had marketing, sales, and/or distribution responsibilities for drug products identified in Exhibit A. Abbott denies that Abbott Laboratories, Inc. had manufacturing responsibilities for the drugs identified in Exhibit A during the relevant time period, but admits that Abbott Laboratories had manufacturing responsibilities for at least some of the drugs listed in Exhibit A. By way of further response, after reasonable investigation, Abbott is without knowledge or information

-4-

sufficient to form a belief as to whether its products were reimbursed by Alabama Medicaid and if so, under what circumstances. These allegations, therefore, are denied. Abbott denies all the remaining allegations contained in paragraph 7 of the Complaint.

8-93. **NOTE:** For the sake of brevity, paragraphs 8-93 have been omitted because they are directed to defendants other than Abbott and thus require no response from Abbott. To the extent the allegations in paragraphs 8-93 are deemed to include allegations against Abbott, Abbott is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in these paragraphs. These allegations are, therefore, denied.

94. Abbott admits that during at least part of the relevant time period, Abbott Laboratories, Inc. marketed, sold, and/or distributed drugs other than those listed in Exhibit A. Abbott denies that Abbott Laboratories, Inc. manufactured drugs other than those listed in Exhibit A, but admits that Abbott Laboratories manufactured drugs other than those listed in Exhibit A. But Abbott denies that those drugs (or any of its drugs) are involved in any type of fraudulent or unlawful pricing scheme. Abbott denies each and every remaining allegation set forth in paragraph 94 of the Complaint. Furthermore, the allegations in this paragraph contain legal arguments and conclusions of law to which no response is required. To the extent any response is required, the allegations are denied. By way of further answer, to the extent the allegations in this paragraph are directed to defendants other than Abbott, Abbott is without knowledge or information sufficient to form a belief as to the truth of these allegations. These allegations are, therefore, denied.

## JURISDICTION AND VENUE

95. Abbott denies each and every allegation contained in paragraph 95 of the Complaint.

96. Abbott admits that it does business in Alabama. Abbott denies the remaining allegations in paragraph 96. Furthermore, the allegations contained in paragraph 96 state legal arguments or conclusions of law, to which no response is required. To the extent any response is

-5-

required, these allegations are denied. By way of further answer, to the extent the allegations in this paragraph are directed to defendants other than Abbott, Abbott is without knowledge or information sufficient to form a belief as to the truth of these allegations. These allegations are, therefore, denied.

97.    Abbott denies each and every allegation contained in paragraph 97 of the Complaint. Furthermore, the allegations contained in this paragraph state legal arguments and conclusions of law to which no response is required. To the extent a response is required, Abbott denies these allegations. By way of further answer, to the extent the allegations reference statutes or regulations, those sources speak for themselves and any characterizations thereof are denied.

## FACTUAL BACKGROUND

### The Alabama Medicaid Program

98.    Abbott admits that the Alabama Medicaid program is a state-administered program with federal matching funds, which pays for medical care, including prescription drug benefits, for certain Alabama citizens. Abbott is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 98 of the Complaint. The remaining allegations are, therefore, denied.

99.    Abbott is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 99 of the Complaint. These allegations are, therefore, denied.

100.    Abbott admits that from time to time during the relevant time period, it provided certain pricing information for its various drug products to certain independent industry reporting services, but denies that Plaintiff has accurately characterized such pricing information. Abbott denies each and every remaining allegation contained in paragraph 100 of the Complaint. By

-6-

way of further answer, to the extent the allegations in this paragraph are directed to defendants other than Abbott, Abbott is without knowledge or information sufficient to form a belief as to the truth of these allegations. These allegations are, therefore, denied.

101.    Abbott admits the allegations contained in paragraph 101 of the Complaint.

102.    Abbott denies each and every allegation contained in paragraph 102 of the Complaint. By way of further answer, to the extent the allegations in this paragraph are directed to defendants other than Abbott, Abbott is without knowledge or information sufficient to form a belief as to the truth of these allegations. These allegations are, therefore, denied.

**The Defendants' Reporting of Inflated Pricing Information**

103.    Abbott admits that certain independent pharmaceutical compendia publish certain pricing information. Abbott denies that it knowingly, willfully, wantonly or intentionally provided or caused to be provided any false or inflated pricing information for its various drugs to any industry reporting service. For the remaining allegations of this paragraph, Abbott is without knowledge or information sufficient form a belief as to the truth of these allegations. These allegations are, therefore, denied. By way of further answer, to the extent the allegations in this paragraph are directed to defendants other than Abbott, Abbott is without knowledge or information sufficient to form a belief as to the truth of these allegations. These allegations are, therefore, denied.

104.    Abbott is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 104 of the Complaint. These allegations are, therefore, denied.

105.    Abbott denies each and every allegation contained in paragraph 105 of the Complaint. By way of further answer, to the extent the allegations in this paragraph are directed

-7-

to defendants other than Abbott, Abbott is without knowledge or information sufficient to form a belief as to the truth of these allegations. These allegations are, therefore, denied.

106.    Abbott admits that from time to time during the relevant time period it provided certain pricing information for its various drug products to certain independent industry reporting services. Abbott denies each and every remaining allegation contained in paragraph 106 of the Complaint. By way of further answer, to the extent the allegations in this paragraph are directed to defendants other than Abbott, Abbott is without knowledge or information sufficient to form a belief as to the truth of these allegations. These allegations are, therefore, denied.

107.    Abbott denies each and every allegation contained in paragraph 107 of the Complaint. By way of further answer, to the extent the allegations in this paragraph are directed to defendants other than Abbott, Abbott is without knowledge or information sufficient to form a belief as to the truth of these allegations. These allegations are, therefore, denied.

## Defendants' Marketing of the "Spread"

108.    Abbott denies each and every allegation contained in paragraph 108 of the Complaint. By way of further answer, to the extent the allegations in this paragraph are directed to defendants other than Abbott, Abbott is without knowledge or information sufficient to form a belief as to the truth of these allegations. These allegations are, therefore, denied.

109.    Abbott denies each and every allegation contained in paragraph 109 of the Complaint. By way of further answer, to the extent the allegations in this paragraph are directed to defendants other than Abbott, Abbott is without knowledge or information sufficient to form a belief as to the truth of these allegations. These allegations are, therefore, denied.

110.    Abbott denies each and every allegation contained in paragraph 110 of the Complaint. By way of further answer, to the extent the allegations in this paragraph are directed

to defendants other than Abbott, Abbott is without knowledge or information sufficient to form a belief as to the truth of these allegations. These allegations are, therefore, denied.

111. Abbott denies each and every allegation contained in paragraph 111 of the Complaint. By way of further answer, to the extent the allegations in this paragraph are directed to defendants other than Abbott, Abbott is without knowledge or information sufficient to form a belief as to the truth of these allegations. These allegations are, therefore, denied.

**Other Lawsuits, Settlements, Government Investigations, and Criminal Proceedings**

112. Abbott admits that other plaintiffs have filed complaints alleging similarly meritless and ill-informed claims from which Plaintiff here appears to have largely copied its allegations, and that Abbott is a party to litigation related to Medicaid drug reimbursement in certain states. Except as specifically admitted, Abbott denies each and every remaining allegation contained in paragraph 112 of the Complaint. By way of further answer, to the extent the allegations in this paragraph are directed to defendants other than Abbott, Abbott is without knowledge or information sufficient to form a belief as to the truth of these allegations. These allegations are, therefore, denied.

113. Abbott admits that it is a party to litigation filed by New York City. The remaining allegations contained in paragraph 113 are legal arguments and conclusions of law to which no response is required. To the extent any response is required, Abbott denies the allegations in paragraph 113. Furthermore, Abbott denies that the State has accurately characterized any alleged finding, opinion, statement or conclusion contained therein, or that such are applicable to Abbott. By way of further answer, to the extent the allegations are directed to defendants other than Abbott, Abbott is without knowledge or information sufficient to form a belief as to the truth of the allegations. These allegations are, therefore, denied.

-9-

114.    Abbott denies each and every allegation contained in paragraph 114 of the Complaint as to Abbott.    Furthermore, the allegations contained in paragraph 114 are legal arguments and conclusions of law to which no response is required. To the extent any response is required, Abbott denies the allegations on the basis that the pleas and settlement referenced therein are in writing and speak for themselves.  By way of further answer, Abbott denies that the State has accurately characterized any alleged finding, opinion, statement or conclusion contained therein, or that such are applicable to Abbott. To the extent the allegations are directed to defendants other than Abbott, Abbott is without knowledge or information sufficient to form a belief as to the truth of the allegations.  Those allegations are, therefore, denied.

115.    The allegations contained in paragraph 115 are directed to defendants other than Abbott, and Abbott, therefore, need not respond to this paragraph.  To the extent the allegations in this paragraph are deemed to be allegations directed against Abbott, Abbott denies each and every allegation contained in this paragraph of the Complaint.   Abbott is otherwise without information or knowledge sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore denies these allegations. By way of further answer, Abbott denies that the State has accurately characterized any alleged findings, opinions, statements or conclusions contained therein, or that such are applicable to Abbott, and that the settlements referenced therein are in writing and speak for themselves.

116.    The allegations contained in paragraph 116 are directed to defendants other than Abbott, and Abbott, therefore, need not respond to this paragraph.  To the extent the allegations in this paragraph are deemed to be allegations directed against Abbott, the allegations contained in this paragraph are legal arguments and conclusions of law to which no response is required. To the extent any response is required, Abbott denies each and every allegation contained in this

-10-

paragraph of the Complaint on the basis that the plea and settlement referenced therein are in writing and speak from themselves. By way of further answer, Abbott denies that the State has accurately characterized any alleged findings, opinions, statements or conclusions contained therein, or that such are applicable to Abbott.

117. The allegations contained in paragraph 117 are directed to defendants other than Abbott, and Abbott, therefore, need not respond to this paragraph. To the extent the allegations in this paragraph are deemed to be allegations directed against Abbott, Abbott denies each and every allegation contained in this paragraph of the Complaint. Abbott is otherwise without information or knowledge sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore denies these allegations. By way of further answer, Abbott denies that the State has accurately characterized any alleged findings, opinions, statements or conclusions contained therein, or that such are applicable to Abbott, and that the settlements referenced therein are in writing and speak for themselves.

118. The allegations contained in paragraph 115 are directed to defendants other than Abbott, and Abbott, therefore, need not respond to this paragraph. To the extent the allegations in this paragraph are deemed to be allegations directed against Abbott, Abbott denies each and every allegation contained in this paragraph of the Complaint. Abbott is otherwise without information or knowledge sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore denies these allegations. By way of further answer, Abbott denies that the State has accurately characterized any alleged findings, opinions, statements or conclusions contained therein, or that such are applicable to Abbott, and that the settlements referenced therein are in writing and speak for themselves.

CHI-1515321

119.    The allegations contained in paragraph 119 are directed to defendants other than Abbott, and Abbott, therefore, need not respond to this paragraph. To the extent the allegations in this paragraph are deemed to be allegations directed against Abbott, Abbott denies each and every allegation contained in this paragraph of the Complaint. Abbott is otherwise without information or knowledge sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore denies these allegations. By way of further answer, Abbott denies that the State has accurately characterized any alleged findings, opinions, statements or conclusions contained therein, or that such are applicable to Abbott, and that the settlements referenced therein are in writing and speak for themselves.

120.    The allegations contained in paragraph 120 are directed to defendants other than Abbott, and Abbott, therefore, need not respond to this paragraph. To the extent the allegations in this paragraph are deemed to be allegations directed against Abbott, Abbott denies each and every allegation contained in this paragraph of the Complaint. Abbott is otherwise without information or knowledge sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore denies these allegations. By way of further answer, Abbott denies that the State has accurately characterized any alleged findings, opinions, statements or conclusions contained therein, or that such are applicable to Abbott, and that the settlements referenced therein are in writing and speak for themselves.

121.    The allegations contained in paragraph 121 are directed to defendants other than Abbott, and Abbott, therefore, need not respond to this paragraph. To the extent the allegations in this paragraph are deemed to be allegations directed against Abbott, Abbott admits that the State of Alabama has received settlement proceeds from the above-described cases, but Abbott denies each and every remaining allegation contained in this paragraph of the Complaint.

-12-

122.    Abbott admits that Representative Pete Stark sent a letter to Abbott's Chief Executive Officer in October 2000, containing certain allegations and characterizations by Congressman Stark, including the language quoted in paragraph 122 of the Complaint. Abbott denies the allegations, purported findings, opinions and characterizations contained in the Stark letter. Furthermore, Abbott denies that the State has accurately characterized the purported findings, opinions, statements or conclusions of Congressman Stark, or that such are applicable to Abbott. Abbott denies the remaining allegations in paragraph 122 of the Complaint.

123.    It appears the allegations contained in paragraph 123 are directed to defendants other than Abbott, and Abbott, therefore, need not respond to this paragraph. To the extent the allegations in this paragraph are deemed to be allegations directed against Abbott, Abbott denies each and every allegation contained in this paragraph of the Complaint. Abbott is otherwise without information or knowledge sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore denies these allegations. By way of further answer, to the extent that allegations in paragraph 123 are directed to defendants other than Abbott, Abbott is without knowledge or information sufficient to form a belief as to the truth of the allegations. These allegations are, therefore, denied.

124.    Abbott denies each and every allegation contained in paragraph 124 of the Complaint. By way of further answer, to the extent the allegations in paragraph 124 are directed to defendants other than Abbott, Abbott is without knowledge or information sufficient to form a belief as to the truth of the allegations. These allegations are, therefore, denied.

125.    The allegations of paragraph 125 contain legal arguments and conclusions of law to which no response is required. To the extent any response is required, Abbott denies these allegations. Abbott affirmatively states that if there were any merit to the claims alleged herein

-13-

as to Abbott, it would neither be impractical nor impossible for the Plaintiff to allege specifically its claims as to Abbott, which Plaintiff has entirely failed to do.

126.    The allegations of paragraph 126 contain legal arguments and conclusions of law to which no response is required. To the extent any response is required, Abbott denies these allegations. By way of further answer, to the extent the allegations in this paragraph are directed to defendants other than Abbott, Abbott is without knowledge or information sufficient to form a belief as to the truth of these allegations. These allegations are, therefore, denied.

## CLAIMS

### COUNT ONE - FRAUDULENT MISREPRESENTATION

127.    Abbott realleges and incorporates by reference its responses to paragraphs 1-126 of the Complaint.

128.    Abbott admits that from time to time during the relevant time period it provided certain pricing information for its drug products to various independent industry reporting services. Abbott denies each and every remaining allegation contained in paragraph 128 of the Complaint. Furthermore, the allegations of paragraph 128 contain legal arguments and conclusions of law to which no response is required. To the extent any response is required, Abbott denies these allegations. By way of further answer, to the extent that allegations in paragraph 128 are directed to defendants other than Abbott, Abbott is without knowledge or information sufficient to form a belief as to the truth of the allegations. These allegations are, therefore, denied.

129.    Abbott denies each and every allegation contained in paragraph 129 of the Complaint. Furthermore, the allegations of paragraph 129 contain legal arguments and conclusions of law to which no response is required. To the extent any response is required, Abbott denies these allegations. By way of further answer, to the extent that allegations in

-14-

paragraph 129 are directed to defendants other than Abbott, Abbott is without knowledge or information sufficient to form a belief as to the truth of the allegations. These allegations are, therefore, denied.

130.    Abbott denies each and every allegation contained in paragraph 130 of the Complaint. Furthermore, the allegations of paragraph 130 contain legal arguments and conclusions of law to which no response is required. To the extent any response is required, Abbott denies these allegations. By way of further answer, to the extent that allegations in paragraph 130 are directed to defendants other than Abbott, Abbott is without knowledge or information sufficient to form a belief as to the truth of the allegations. These allegations are, therefore, denied.

## COUNT TWO - FRAUDULENT SUPPRESSION

131.    Abbott realleges and incorporates by reference its responses to paragraphs 1-130 of the Complaint.

**NOTE: The State's paragraph numbering scheme omits numbers 132 - 139.**

140.    Abbott denies each and every allegation contained in paragraph 140 of the Complaint. Furthermore, the allegations of paragraph 140 contain legal arguments and conclusions of law to which no response is required. To the extent any response is required, Abbott denies these allegations. By way of further answer, to the extent that allegations in paragraph 140 are directed to defendants other than Abbott, Abbott is without knowledge or information sufficient to form a belief as to the truth of the allegations. These allegations are, therefore, denied.

141.    Abbott denies each and every allegation contained in paragraph 141 of the Complaint. Furthermore, the allegations of paragraph 141 contain legal arguments and conclusions of law to which no response is required. To the extent any response is required,

-15-

Abbott denies these allegations. By way of further answer, to the extent that allegations in paragraph 141 are directed to defendants other than Abbott, Abbott is without knowledge or information sufficient to form a belief as to the truth of the allegations. These allegations are, therefore, denied.

142.    Abbott denies each and every allegation contained in paragraph 142 of the Complaint. Furthermore, the allegations of paragraph 142 contain legal arguments and conclusions of law to which no response is required. To the extent any response is required, Abbott denies these allegations. By way of further answer, to the extent that allegations in paragraph 142 are directed to defendants other than Abbott, Abbott is without knowledge or information sufficient to form a belief as to the truth of the allegations. These allegations are, therefore, denied.

## COUNT THREE - WANTONNESS

143.    Abbott realleges and incorporates by reference its responses to paragraphs 1-142 of the Complaint.

144.    Abbott denies each and every allegation contained in paragraph 144 of the Complaint. Furthermore, the allegations of paragraph 144 contain legal arguments and conclusions of law to which no response is required. To the extent any response is required, Abbott denies these allegations. By way of further answer, to the extent that allegations in paragraph 140 are directed to defendants other than Abbott, Abbott is without knowledge or information sufficient to form a belief as to the truth of the allegations. These allegations are, therefore, denied.

145.    Abbott denies each and every allegation contained in paragraph 145 of the Complaint. Furthermore, the allegations of paragraph 145 contain legal arguments and conclusions of law to which no response is required. To the extent any response is required,

-16-

Abbott denies these allegations. By way of further answer, to the extent that allegations in paragraph 145 are directed to defendants other than Abbott, Abbott is without knowledge or information sufficient to form a belief as to the truth of the allegations. These allegations are, therefore, denied.

146. Abbott denies each and every allegation contained in paragraph 146 of the Complaint. Furthermore, the allegations of paragraph 146 contain legal arguments and conclusions of law to which no response is required. To the extent any response is required, Abbott denies these allegations. By way of further answer, to the extent that allegations in paragraph 146 are directed to defendants other than Abbott, Abbott is without knowledge or information sufficient to form a belief as to the truth of the allegations. These allegations are, therefore, denied.

147. Abbott denies each and every allegation contained in paragraph 147 of the Complaint. Furthermore, the allegations of paragraph 147 contain legal arguments and conclusions of law to which no response is required. To the extent any response is required, Abbott denies these allegations. By way of further answer, to the extent that allegations in paragraph 147 are directed to defendants other than Abbott, Abbott is without knowledge or information sufficient to form a belief as to the truth of the allegations. These allegations are, therefore, denied.

## COUNT FOUR - UNJUST ENRICHMENT

148. Abbott realleges and incorporates by reference its responses to paragraphs 1-147 of the Complaint.

149. Abbott denies each and every allegation contained in paragraph 149 of the Complaint. Furthermore, the allegations of paragraph 149 contain legal arguments and conclusions of law to which no response is required. To the extent any response is required,

CHI-1515321

Abbott denies these allegations. By way of further answer, to the extent that allegations in paragraph 149 are directed to defendants other than Abbott, Abbott is without knowledge or information sufficient to form a belief as to the truth of the allegations. These allegations are, therefore, denied.

150. Abbott denies each and every allegation contained in paragraph 150 of the Complaint. Furthermore, the allegations of paragraph 150 contain legal arguments and conclusions of law to which no response is required. To the extent any response is required, Abbott denies these allegations. By way of further answer, to the extent that allegations in paragraph 150 are directed to defendants other than Abbott, Abbott is without knowledge or information sufficient to form a belief as to the truth of the allegations. These allegations are, therefore, denied.

151. Abbott denies each and every allegation contained in paragraph 151 of the Complaint. Furthermore, the allegations of paragraph 151 contain legal arguments and conclusions of law to which no response is required. To the extent any response is required, Abbott denies these allegations. By way of further answer, to the extent that allegations in paragraph 151 are directed to defendants other than Abbott, Abbott is without knowledge or information sufficient to form a belief as to the truth of the allegations. These allegations are, therefore, denied.

152. Abbott denies each and every allegation contained in paragraph 152 of the Complaint. Furthermore, the allegations of paragraph 152 contain legal arguments and conclusions of law to which no response is required. To the extent any response is required, Abbott denies these allegations. By way of further answer, to the extent that allegations in paragraph 152 are directed to defendants other than Abbott, Abbott is without knowledge or

-18-

information sufficient to form a belief as to the truth of the allegations. These allegations are, therefore, denied.

### PRAYER FOR RELIEF

Abbott denies Plaintiff is entitled to a judgment or any other relief requested in its Prayer for Relief following Paragraph 152 of the Complaint.

Listed below, Abbott has provided a list of defenses without assuming any burden of proof:

### FIRST DEFENSE

The State fails to state a claim against Abbott upon which relief may be granted.

### SECOND DEFENSE

The State's claims are barred, in whole or in part, by the political question and separation of powers doctrines.

### THIRD DEFENSE

The State has not suffered, and will not suffer, any injury to a legally protected or cognizable interest by reason of the conduct of Abbott as alleged in the Complaint.

### FOURTH DEFENSE

To the extent the State or any of its citizens for whom it is seeking relief obtains recovery in any other case predicated on the same factual allegations, it is barred from seeking recovery against Abbott based on the Complaint pursuant to the doctrines of res judicata and collateral estoppel and the prohibition on double recovery for the same injury.

### FIFTH DEFENSE

The State's claims are barred, in whole or in part, by the First Amendment to the United States Constitution and the analogous provisions of the Constitution of the State of Alabama.

-19-

### SIXTH DEFENSE

The State's claims are barred, in whole or in part, to the extent that the State's or any of its citizens for whom it is seeking relief has released, settled, entered into an accord and satisfaction or otherwise compromised its claims.

### SEVENTH DEFENSE

Any and all actions taken by Abbott with respect to any of the matters alleged in the Complaint were taken in good faith and in accordance with established industry practice.

### EIGHTH DEFENSE

The State's state law claims are preempted, in whole or in part, by federal law, including without limitation, the Federal Employment Retirement Income and Security Act of 1974, the Federal Medicare Act, and the Federal Medicaid Act, including all amendments to the same and all regulations promulgated thereunder.

### NINTH DEFENSE

The State's claims are preempted by the dormant Commerce Clause of the United States Constitution.

### TENTH DEFENSE

The State's claims against Abbott are barred because Abbott has complied with all applicable regulations of the federal and state governments.

### ELEVENTH DEFENSE

The State's claims against Abbott are barred, in whole or in part, by the applicable statutes of limitations and repose, and by the doctrines of laches, estoppel and waiver.

### TWELFTH DEFENSE

The State's claims are barred, in whole or in part, because they violate Abbott's rights under the Due Process and *Ex Post Facto* clauses of the United States Constitution, as well as the

-20-

Constitution of the State of Alabama, insofar as the State seeks to impose liability retroactively for conduct that was not actionable at the time it occurred.

### THIRTEENTH DEFENSE

Abbott's statements or actions were not the proximate cause or cause in fact of any injury or alleged loss to the State.

### FOURTEENTH DEFENSE

The State's claims against Abbott are barred, in whole or in part, because the State has failed to state with particularity facts to support its fraud allegations.

### FIFTEENTH DEFENSE

The State's claims against Abbott are barred, in whole or in part, because the State has no standing or capacity to bring some or all of the claims raised in this suit to recover Medicaid expenditures or to seek injunctive relief.

### SIXTEENTH DEFENSE

The State's claims against Abbott are barred, in whole or in part, because Abbott did not make any false statements to the State or any of the agencies, departments, or citizens for whom the State is seeking relief. As to any statement asserted against Abbott that the State alleges to be false or misleading, Abbott had no reasonable grounds to believe, and did not believe at the time such a statement was made, that the statement was false or misleading.

### SEVENTEENTH DEFENSE

The State's claims against Abbott are barred because Abbott did not directly or indirectly engage in any conduct in violation of state or federal law.

### EIGHTEENTH DEFENSE

To the extent that the State seeks equitable relief against Abbott, the State is not entitled to such relief because there is an adequate remedy at law.

### NINETEENTH DEFENSE

The State's claims against Abbott for injunctive relief were mooted by the passage of the 2003 Medicare reform legislation.

### TWENTIETH DEFENSE

Some or all of the State's claims for injunctive relief against Abbott are barred by the doctrines of in pari delicto and/or unclean hands.

### TWENTY-FIRST DEFENSE

Some or all of the State's claims against Abbott arise from The State's failure to follow its federal and state statutory and regulatory obligations to properly establish appropriate reimbursement rates.

### TWENTY-SECOND DEFENSE

The State's claims against Abbott are barred, in whole or in part, due to it failure to join indispensable parties.

### TWENTY-THIRD DEFENSE

The State's claims against Abbott are barred, in whole or in part, because it suffered no damages as a result of the matters alleged in the Complaint.

### TWENTY-FOURTH DEFENSE

The State's claims are barred, in whole or in part, because any injuries sustained by the State were the result of its own conduct or the intervening or superseding conduct of third parties.

### TWENTY FIFTH DEFENSE

The State's claims against Abbott for damages are barred, in whole or in part, because: (1) the State failed to mitigate its damages, and that failure to mitigate damages should proportionately reduce the recovery of such persons and the allocation of any fault, if any exists,

attributable to Abbott; (2) the State would be unjustly enriched if allowed to recover any portion

of the damages alleged in the Complaint; (3) by the doctrine of consent and/or ratification to the

extent that Plaintiff has received and paid for medicines manufactured, marketed and sold by

Abbott after the filing of the State's original complaint; and (4) the State's claims are speculative

and remote and because of the impossibility of ascertaining and allocating those alleged

damages.

## TWENTY-SIXTH DEFENSE

Abbott is entitled to a set-off, should any damages be awarded against it, for the entire

amount of all damages or settlement amounts recovered by the State, with respect to the same

alleged injuries.

## TWENTY-SEVENTH DEFENSE

The applicable statutory ceilings on recoverable damages, including without limitation,

Alabama Code 6-11-21, must limit any damages recovered by the State from Abbott.

## TWENTY-EIGHTH DEFENSE

The State's punitive damages claims against Abbott: (1) have no basis in law or fact; (2)

are not recoverable because the allegations of the Complaint are legally insufficient to support a

claim for punitive damages against Abbott; (3) cannot be sustained because laws regarding the

standards for determining liability for and the amount of punitive damages fail to give Abbott

prior notice of the conduct for which punitive damages may be imposed and the severity of the

penalty that may be imposed and are void for vagueness in violation of Abbott's due process

rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and

the Constitution of the State of Alabama; (4) cannot be sustained because any award of punitive

damages exceeding the limits authorized by the laws or other comparable laws would violate

Abbott's due process and equal protection rights guaranteed by the Fifth and Fourteenth

-23-

Amendments to the United States Constitution and would be improper under the Constitution, common law and applicable state laws of Alabama; (5) cannot be sustained because an award of punitive damages in this case, combined with any prior, contemporaneous, or subsequent judgments against Abbott for punitive damages arising from the design, development, manufacture, fabrication, distribution, supply, marketing, sale, or use of Abbott's medicines, would constitute impermissible multiple punishments for the same wrong in violation of Abbott's due process and equal protection rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and would constitute double jeopardy in violation of the Constitution, common law and statutory law of Alabama; (6) cannot be sustained because any award of punitive damages without the apportionment of the award separately and severally between or among the alleged joint tortfeasors, as determined by the alleged percentage of the wrong committed by each alleged tortfeasor, would violate Abbott's due process and equal protection rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and would be improper under the Constitution, common law and public policies of Alabama; and (7) cannot be sustained because any award of punitive damages, which are penal in nature, without according Abbott the same protections that are accorded to all criminal defendants, including the protection against unreasonable searches and seizures, the privilege against self-incrimination, and the rights to confront adverse witnesses, a speedy trial, and the effective assistance of counsel, would violate Abbott's rights guaranteed by the Fourth, Fifth, and Sixth Amendments as incorporated into the Fourteenth Amendment to the United States Constitution and would be improper under the Constitution, common law and public policies of Alabama.

**TWENTY-NINTH DEFENSE**

The State's claim for punitive damages against Abbott cannot be sustained because an award of punitive damages by a jury that: (1) is not provided constitutionally adequate standards of sufficient clarity for determining the appropriate imposition of, and the appropriate size of, a punitive damages award; (2) is not adequately instructed on the limits of punitive damages imposed by the applicable principles of deterrence and punishment; (3) is not expressly prohibited from awarding punitive damages, or determining the amount of an award of punitive damages, in whole or in part, on the basis of invidiously discriminatory characteristics, including without limitation, the residence, wealth, and corporate status of Abbott; (4) is permitted to award punitive damages under a standard for determining liability for punitive damages that is vague and arbitrary and does not define with sufficient clarity the conduct or mental state that makes punitive damages permissible; (5) is not properly instructed regarding the State's burden of proof with respect to each and every element of a claim for punitive damages; and (6) is not subject to trial court and appellate judicial review for reasonableness and furtherance of legitimate purposes on the basis of constitutionally adequate and objective standards, would violate Abbott's Due Process and Equal Protection rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution, and would be improper under the Constitution, common law and public policies of Alabama.

**THIRTIETH DEFENSE**

The State's claim for punitive damages against Abbott cannot be sustained because an award of punitive damages that is subject to no predetermined limit, such as a maximum multiple of compensatory damages or a maximum amount of punitive damages that may be imposed, would: (1) violate Abbott's Due Process rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution; (2) violate Abbott's right not to be subjected to

-25-

an excessive award; and (3) be improper under the Constitution, common law and public policies

of Alabama.

### THIRTY-FIRST DEFENSE

The State's claims are barred, in whole or in part, by the filed rate doctrine.

### THIRTY-SECOND DEFENSE

The State's unjust enrichment claims are barred, in whole or in part, because Abbott did

not retain any money belonging to the State as a result of any alleged overpayments as required

under Alabama law.

### THIRTY-THIRD DEFENSE

The State's claims against TAP are misjoined with the State's claims against other

defendants and must be severed.

### THIRTY-FOURTH DEFENSE

Abbott adopts by reference any additional applicable defense pled by any other defendant

in this case, not otherwise pled herein.

### THIRTY-FIFTH DEFENSE

Abbott hereby gives notice that it intends to rely upon any other and additional defense

that is now or may become available or appear during, or as a result of the discovery proceedings

in this action and hereby reserves its right to amend its answer to assert such defense.

WHEREFORE, Abbott prays that this Court:

1.     Dismiss the State of Alabama's Second Amended Complaint with prejudice and

enter judgment in favor of Abbott and against Plaintiff;

2.     Award Abbott its costs and expenses, including its attorney's fees; and

3.     Grant such other and further relief for Abbott as this Court deems just and proper.

-26-

Dated:  January 30, 2006                              Respectfully submitted,


                                                      /s/ Betsy P. Collins
                                                      Betsy P. Collins (COL055)
                                                      Alston & Bird, LLP
                                                      One Atlantic Center
                                                      1201 W. Peachtree Street
                                                      Atlanta, Georgia 30309-3424
                                                      404 881-7000
                                                      404 881-7777 (fax)


                                                      James R. Daly
                                                      J. Ryan Mitchell
                                                      Jones Day
                                                      77 West Wacker
                                                      Chicago, Illinois 60601-1692
                                                      (312) 782-3939
                                                      (312) 782-8585 (fax)

CHI-1515321

## CERTIFICATE OF SERVICE

I hereby certify that I have on this 30th day of January, 2006, electronically served a true and correct copy of the foregoing pleading on counsel of record by transmission to LNFS, pursuant to Case Management Order No. 2.

/s/ Betsy P. Collins

-28-