

IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

| | | |
|---|---|---|
| STATE OF ALABAMA, | * | |
| Plaintiff, | * | |
| vs. | * | CASE NO. CV-05-219 |
| ABBOTT LABORATORIES, INC., et al., | * | |
| Defendants. | * | |

### ANSWER OF DEFENDANT ALCON LABORATORIES, INC. TO THE STATE OF ALABAMA'S SECOND AMENDED COMPLAINT

Defendant Alcon Laboratories, Inc. ("Alcon") responds to the Second Amended Complaint ("Complaint") as follows:

### INTRODUCTION

1. Defendant denies the allegations of this paragraph directed to it.

2. Defendant denies that it has been involved in any fraudulent pricing scheme. Defendant is without knowledge or information sufficient to admit or deny the remaining allegations of this paragraph, therefore, they are denied.

3. Defendant denies that it has been involved in the activities set forth in this paragraph. Defendant is without knowledge or information sufficient to admit or deny the remaining allegations of this paragraph, therefore, they are denied.

4. Denied.

## PARTIES

5. Defendant admits that the Plaintiff purports to bring this action in its capacity as sovereign and on behalf of the Alabama Medicaid Agency but denies any basis which would permit it to do so.

6. Defendant is without knowledge or information sufficient to admit or deny the allegations of this paragraph, therefore, they are denied.

7. The allegations of this paragraph are not directed at Alcon and no response is required. If Defendant is mistaken, it is without knowledge or information sufficient to admit or deny the allegations of this paragraph, therefore, they are denied.

8. Defendant denies that it manufactured, distributed, marketed, and/or sold Neomycin/Polymyxin/HC, Nutren®, Peptamen Junior®, Prednisolone Acetate or Timolol Maleate. Defendant admits the remaining allegations of this paragraph.

9. 9-93. The allegations of these paragraphs are not directed at Alcon and no response is required. If Defendant is mistaken, it is without knowledge or information sufficient to admit or deny the allegations of these paragraphs, therefore, they are denied.

94. Defendant denies the allegations of this paragraph directed to it. Defendant is without knowledge or information sufficient to admit or deny the remaining allegations of this paragraph, therefore, they are denied.

## JURISDICTION AND VENUE

95. Denied.

96. Defendant admits that its products are for sale in Alabama but denies the remaining allegations of paragraph 96.

97. Defendant admits that venue is proper in Montgomery County, Alabama, but denies the remaining allegations of paragraph 97.

## FACTUAL BACKGROUND

98. Defendant admits that the Alabama Medicaid Program is a state-administered program with federal matching funds which pays for medical care, including prescription drug benefits, for Alabama citizens. Defendant is without knowledge or information sufficient to admit or deny the remaining allegations of this paragraph, therefore, they are denied.

99. Defendant is without knowledge or information sufficient to admit or deny the allegations of this paragraph, therefore, they are denied.

100. Defendant admits that, from time to time during the relevant time period, it provided price lists to third party publications but denies the remaining allegations of this paragraph directed to it.

101. Admitted.

101. Defendant admits that Medicare pays 80% of the allowable amount under federal regulations for Medicare Part B Covered Drugs, which, until recently, was 95% of the national AWP for the drug, and that the remaining 20% is paid by the Medicare beneficiary as a co-payment, and denies the remaining allegations of this paragraph.

102. Defendant denies the allegations of this paragraph directed to it.

103. Defendant denies the allegations of this paragraph directed to it. Defendant is without knowledge or information sufficient to admit or deny the remaining allegations of this paragraph, therefore, they are denied.

104. Defendant denies the allegations of this paragraph directed to it.

105. Defendant denies the allegations of this paragraph directed to it.

106. Defendant denies the allegations of this paragraph directed to it.

107. Defendant denies the allegations of this paragraph directed to it.

108. Defendant denies the allegations of this paragraph directed to it.

109. Defendant denies the allegations of this paragraph directed to it.

110. Defendant denies the allegations of this paragraph directed to it.

111. Defendant admits that other plaintiffs have filed complaints with similar allegations but denies the remaining allegations of this paragraph.

112. Defendant denies the allegations of this paragraph directed to it.

113. Defendant denies the allegations of this paragraph directed to it.

114. Defendant denies the allegations of this paragraph directed to it.

115-121. The allegations of these paragraphs are not directed at Alcon and no response is required. If Defendant is mistaken, it denies the allegations of these paragraphs directed to it.

122. The allegations of this paragraph do not appear to require a response. Should the Defendant be mistaken, it denies the allegations of this paragraph directed to it.

123. The allegations of this paragraph do not appear to require a response. Should the Defendant be mistaken, it denies the allegations of this paragraph directed to it.

124. Defendant denies the allegations of this paragraph directed to it.

125. Defendant denies the allegations of this paragraph directed to it.

126. Defendant denies the allegations of this paragraph directed to it.

## CLAIMS
## COUNT ONE - FRAUDULENT MISREPRESENTATION

127. Defendant adopts and incorporates its responses to the above paragraphs as if set forth fully herein.

128. Defendant denies the allegations of this paragraph directed to it.

129. Defendant denies the allegations of this paragraph directed to it.

130. Defendant denies the allegations of this paragraph directed to it.

## COUNT TWO - FRAUDULENT SUPPRESSION

131. Defendant adopts and incorporates its responses to the above paragraphs as if set forth fully herein.

140. Defendant denies the allegations of this paragraph directed to it.

141. Defendant denies the allegations of this paragraph directed to it.

142. Defendant denies the allegations of this paragraph directed to it.

## COUNT THREE - WANTONNESS

143. Defendant adopts and incorporates its responses to the above paragraphs as if set forth fully herein.

144. Defendant denies the allegations of this paragraph directed to it.

145. Defendant denies the allegations of this paragraph directed to it.

146. Defendant denies the allegations of this paragraph directed to it.

147. Defendant denies the allegations of this paragraph directed to it.

## COUNT FOUR - UNJUST ENRICHMENT

148. Defendant adopts and incorporates its responses to the above paragraphs as if set forth fully herein.

149. Defendant denies the allegations of this paragraph directed to it.

150. Defendant denies the allegations of this paragraph directed to it.

151. Defendant denies the allegations of this paragraph directed to it.

152. Defendant denies the allegations of this paragraph directed to it.

## GENERAL DENIAL

Defendant denies each allegation not specifically admitted and further denies that Plaintiff is entitled to any relief requested.

## FIRST DEFENSE

Plaintiff fails to state a claim against Alcon upon which relief may be granted.

## SECOND DEFENSE

Plaintiff's claims are barred, in whole or in part, by the political question and separation of powers doctrines.

## THIRD DEFENSE

Plaintiff has no standing or capacity to bring some or all of the claims raised in this suit to recover Medicaid expenditures or to seek injunctive relief.

## FOURTH DEFENSE

Plaintiff has not suffered, and will not suffer, any injury to a legally protected or cognizable interest by reason of the conduct of Alcon as alleged in the Complaint.

## FIFTH DEFENSE

To the extent plaintiff obtains recovery in any other case predicated on the same factual allegations, plaintiff is barred from seeking recovery against Alcon based on the Complaint pursuant to the doctrines of res judicata and collateral estoppel, and the prohibition on double recovery for the same injury.

## SIXTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by the First Amendment to the United States Constitution and the analogous provisions of the Constitution of the State of Alabama.

## SEVENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by the filed rate doctrine.

## EIGHTH DEFENSE

Plaintiff's claims are barred, in whole or in part, to the extent that plaintiff has released, settled, entered into an accord and satisfaction or otherwise compromised its claims.

## NINTH DEFENSE

Any and all actions taken by Alcon with respect to any of the matters alleged in the Complaint were taken in good faith and in accordance with established industry practice.

## TENTH DEFENSE

Plaintiff's claims are preempted, in whole or in part, by federal law, including without limitation, the Federal Employment Retirement Income and Security Act of 1974, the Federal Medicare Act, and the Federal Medicaid Act, including all amendments to the same and all regulations promulgated thereunder.

## ELEVENTH DEFENSE

Plaintiff's claims are preempted by the dormant Commerce Clause of the United States Constitution.

## TWELFTH DEFENSE

Plaintiff's claims against Alcon are barred because Alcon has complied with all applicable regulations of the federal and state governments.

## THIRTEENTH DEFENSE

Plaintiff's claims against Alcon are barred, in whole or in part, by the applicable statutes of limitations and repose, and by the doctrines of laches, estoppel and waiver.

## FOURTEENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because they violate Alcon's rights under the Due Process and *Ex Post Facto* clauses of the United States Constitution, as well as the Constitution of the State of Alabama, insofar as plaintiff seeks to impose liability retroactively for conduct that was not actionable at the time it occurred.

## FIFTEENTH DEFENSE

Alcon's statements or actions were not the proximate cause or cause in fact of any injury to or alleged loss by plaintiff.

## SIXTEENTH DEFENSE

To the extent that plaintiff attempts to seek equitable relief against Alcon, it is not entitled to such relief because it has an adequate remedy at law.

### SEVENTEENTH DEFENSE

Plaintiff's claims against Alcon for injunctive relief were mooted by the passage of the Medicare Prescription Drug, Improvement and Modernization Act of 2003.

### EIGHTEENTH DEFENSE

Plaintiff's claims for injunctive relief against Alcon are barred by the doctrines of *in pari delicto* and/or unclean hands.

### NINETEENTH DEFENSE

Plaintiff's claims against Alcon are barred, in whole or in part, due to its failure to join indispensable parties.

### TWENTIETH DEFENSE

Plaintiff's claims against Alcon are barred, in whole or in part, because it has suffered no damages as a result of the matters alleged in the Complaint.

### TWENTY-FIRST DEFENSE

Plaintiff's claims are barred, in whole or in part, because any injuries sustained by plaintiff were the result of its own conduct or the intervening or superceding conduct of third parties.

### TWENTY-SECOND DEFENSE

Plaintiff's claims against Alcon for damages are barred, in whole or in part: (1) because it failed to mitigate its damages, and its failure to mitigate damages should proportionately reduce the recovery of plaintiff and the allocation of any fault, if any exists, attributable to Alcon; (2) because it would be unjustly enriched if allowed to recover any portion of the damages alleged in the Complaint; (3) by the doctrine of consent and/or ratification to the extent that plaintiff has paid for products manufactured, marketed and sold by Alcon after the filing of plaintiff's original Complaint;

and (4) because they are speculative and remote and because of the impossibility of ascertaining and allocating of those alleged damages.

### TWENTY-THIRD DEFENSE

Alcon is entitled to a set-off, should any damages be awarded against it, for the entire amount of all damages or settlement amounts recovered by plaintiff, with respect to the same alleged injuries.

### TWENTY-FOURTH DEFENSE

Any damages recovered by the plaintiff from Alcon must be limited by the applicable statutory ceilings on recoverable damages, including without limitation, Alabama Code 6-11-21.

### TWENTY-FIFTH DEFENSE

Plaintiff fails to allege facts or a cause of action against Alcon sufficient to support a claim for compensatory damages, attorneys' fees and/or legal fees, or any other relief.

### TWENTY-SIXTH DEFENSE

To the extent punitive damages are sought, Plaintiff's punitive damages claims against Alcon: (1) have no basis in law or fact; (2) are not recoverable because the allegations of the Complaint are legally insufficient to support a claim for punitive damages against Alcon; (3) cannot be sustained because the laws regarding the standards for determining liability for and the amount of punitive damages fail to give Alcon prior notice of the conduct for which punitive damages may be imposed and the severity of the penalty that may be imposed, and are void for vagueness in violation of Alcon's Due Process rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and the Constitution of the State of Alabama; (4) cannot be sustained because any award of punitive damages exceeding the limits authorized by the laws or other comparable laws would violate Alcon's due process and equal protection rights guaranteed by the

Fifth and Fourteenth Amendments to the United States Constitution and would be improper under the Constitution, common law and laws of the State of Alabama; (5) cannot be sustained because an award of punitive damages in this case, combined with any prior, contemporaneous, or subsequent judgments against Alcon for punitive damages arising from the design, development, manufacture, fabrication, distribution, supply, marketing, sale, or use of Alcon's products would constitute impermissible multiple punishments for the same wrong, in violation of Alcon's Due Process and Equal Protection rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and would constitute double jeopardy in violation of the Constitution, common law, and statutory laws of the State of Alabama; (6) cannot be sustained because any award of punitive damages without the apportionment of the award separately and severally between or among the alleged joint tortfeasors, as determined by the alleged percentage of the wrong committed by each alleged tortfeasor, would violate Alcon's Due Process and Equal Protection rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and would be improper under the Constitution, common law, and public policies of the State of Alabama; and (7) cannot be sustained because any award of punitive damages, which are penal in nature, without according Alcon the same protections that are accorded to all criminal defendants, including the protection against unreasonable searches and seizures, the privilege against self-incrimination, and the rights to confront adverse witnesses, a speedy trial, and the effective assistance of counsel, would violate Alcon's rights guaranteed by the Fourth, Fifth, and Sixth Amendment as incorporated into the Fourteenth Amendment to the United States Constitution and would be improper under the Constitution, common law, and public policies of the State of Alabama.

### TWENTY-SEVENTH DEFENSE

To the extent punitive damages are sought, Plaintiff's claims for punitive damages against Alcon cannot be sustained because an award of punitive damages by a jury that: (1) is not provided constitutionally adequate standards of sufficient clarity for determining the appropriate imposition of, and the appropriate size of, a punitive damages award; (2) is not adequately instructed on the limits of punitive damages imposed by the applicable principles of deterrence and punishment; (3) is not expressly prohibited from awarding punitive damages, or determining the amount of an award of punitive damages, in whole or in part on the basis of invidiously discriminatory characteristics, including without limitation the residence, wealth, and corporate status of Alcon; (4) is permitted to award punitive damages under a standard for determining liability for punitive damages that is vague and arbitrary and does not define with sufficient clarity the conduct or mental state that makes punitive damages permissible; (5) is not properly instructed regarding plaintiff's burden of proof with respect to each and every element of a claim for punitive damages; and (6) is not subject to trial court and appellate judicial review for reasonableness and furtherance of legitimate purposes on the basis of constitutionally adequate and objective standards, would violate Alcon's Due Process and Equal Protection rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution, and would be improper under the Constitution, common law, and public policies of the State of Alabama.

### TWENTY-EIGHTH DEFENSE

To the extent punitive damages are sought, Plaintiff's claims for punitive damages against Alcon cannot be sustained because an award of punitive damages that is subject to no predetermined limit, such as a maximum multiple of compensatory damages or a maximum amount of punitive

damages that may be imposed, would: (1) violate Alcon's due process rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution; (2) violate Alcon's right not to be subjected to an excessive award; and (3) be improper under the Constitution, common law, and public policies of the State of Alabama.

### TWENTY-NINTH DEFENSE

Some or all of plaintiff's claims against Alcon arise from plaintiff's failure to follow its federal and state statutory and regulatory obligation to properly establish appropriate reimbursement rates.

### THIRTIETH DEFENSE

Plaintiff's unjust enrichment claims are barred, in whole or in part, because Alcon did not retain any money belonging to the State as a result of any alleged overpayments as required under Alabama law.

### THIRTY-FIRST DEFENSE

Plaintiff's claims against Alcon are misjoined with plaintiff's claims against other defendants and must be severed.

### THIRTY-SECOND DEFENSE

Alcon hereby gives notice that it intends to rely upon any other and additional defense that is now or may become available or appear during, or as a result of the discovery proceedings in this action and hereby reserves its right to amend its answer to assert such defense.

### THIRTY-THIRD DEFENSE

Plaintiff's claims against Alcon are barred because the negligence of the plaintiff contributed to the damages, if any, that are the subject of this complaint.

|  |  |
|---|---|
| ARCHIBALD T. REEVES, IV | (REE029) |
| EDWARD S. SLEDGE, III | (SLE003) |
| **Attorneys for Defendant** | |
| **Alcon Laboratories, Inc.** | |

Of Counsel:

McDOWELL KNIGHT ROEDDER
   & SLEDGE, L.L.C.
Suite 900, Riverview Plaza
63 South Royal (36602)
Post Office Box 350
Mobile, AL 36601
Phone: 251-432-5300
Fax: 251-432-5303

## CERTIFICATE OF SERVICE

    I hereby certify that I have on **January 30, 2006**, electronically served a true and correct copy of the foregoing pleading on counsel of record by transmission to LNFS pursuant to Case Management Order No. 2.