

Jan 30 2006
2:27PM

## IN THE CIRCUIT COURT OF
## MONTGOMERY COUNTY, ALABAMA

| | |
|---|---|
| STATE OF ALABAMA,<br>    Plaintiff<br><br>    v.<br><br>ABBOTT LABORATORIES, INC., et al.<br><br>    Defendants | )<br>)<br>)<br>)    Civil Action No.: CV – 05-219<br>)<br>)<br>)<br>) |

### ANSWER OF DEFENDANT ALLERGAN, INC. TO
### PLAINTIFF'S SECOND AMENDED COMPLAINT

Defendant Allergan, Inc. ("Allergan"), for its Answer to the State of Alabama's Second Amended Complaint ("Complaint") in the captioned action, by its undersigned counsel, alleges upon knowledge as to itself, and upon information and belief as to all other matters, as follows:

### Preliminary Statement

The Complaint improperly and repetitively refers to Allergan and certain other defendants and third parties on a collective basis, failing to plead with the requisite particularity allegations against Allergan. Intentionally ambiguous pleading is improper and insufficient to apprise Allergan in any meaningful sense of the allegations asserted against it. Allergan has nevertheless attempted to respond to Plaintiff's allegations to the extent possible under the circumstances. Allergan responds only to the extent that the Complaint is susceptible to a response and to the extent that Allergan has information sufficient to form a belief as to the allegations. To the extent allegations refer to knowledge, conduct, or actions of other defendants or entities, Allergan is generally without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, Allergan denies those allegations. Allergan states that it is answering Plaintiff's allegations on behalf of itself only, even when Plaintiff's allegations refer to alleged conduct by Allergan and other persons or entities.

The Complaint mixes factual allegations with inflammatory rhetoric so as to make it virtually impossible to respond meaningfully. Many of the allegations of the Complaint are vague or conclusory. The Complaint also includes terms that are undefined and which are susceptible to different meanings.

The Complaint also contains purported quotations from a number of sources, many of which are unidentified. If any of the quotations originate in documents protected by the attorney-client privilege, the work-product doctrine, or the joint-defense privilege, Allergan reserves the right to assert such privileges, hereby moves to strike such references, and demands return of any such documents that Plaintiff may have in its possession, custody, or control. In answering allegations consisting of quotations, an admission that the material quoted was contained in a document or was uttered by the person or entity quoted shall not constitute an admission that the substantive content of the quote is or is not true or that the material is relevant or admissible in this action.

Allergan denies each and every allegation contained in the Complaint, except as specifically herein admitted, and any factual averment admitted herein is admitted only as to the specific facts and not as to any conclusions, characterizations, implications, innuendos, or speculations which are contained in any averment or in the Complaint as a whole. Allergan denies all allegations that contain legal arguments and conclusions of law as those allegations do not require a response. Moreover, Allergan specifically denies any allegations contained in headings, footnotes, or unnumbered paragraphs in the Complaint.

The foregoing comments and objections are incorporated, to the extent appropriate, into each numbered paragraph of this Answer.

Without waiver of the grounds asserted in the preliminary statement, Allergan responds to the specifically-numbered paragraphs of the Plaintiff's Second Amended Complaint as follows:

## INTRODUCTION

1.    Allergan denies each and every allegation set forth in paragraph 1 of the Complaint as to Allergan, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

2.    Allergan denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 2 of the Complaint, except denies the existence of a fraudulent pricing scheme or that Allergan is or has been involved in any such scheme.

3.    Allergan denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 3 of the Complaint, except admits that the State of Alabama purports to bring this action, denies that there is any basis on which to permit the State to do so, denies the existence of any "drug pricing scheme," denies that Allergan is or has been involved in any such scheme, and denies that Allergan has obtained any profits as a result of any such imagined scheme.

4.    Allergan denies each and every allegation set forth in paragraph 4 of the Complaint as to Allergan, except admits that the State of Alabama purports to seek legal and equitable redress but denies there is any basis on which to permit it to do so, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

## PARTIES

5.     Answering paragraph 5 of the Complaint, Allergan admits that the State of Alabama purports to bring this action in its capacity as sovereign and on behalf of the Alabama Medicaid Agency but denies that there is any basis on which to permit it to do so.

6.     Allergan denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 6 of the Complaint and alleges that Alabama Code § 36-15-12 is the best evidence of its contents.

### Defendant Abbott

7.     Allergan denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 7 of the Complaint.

### Defendant Alcon

8.     Allergan denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 8 of the Complaint.

### Defendant Allergan

9.     Answering paragraph 9 of the Complaint, Allergan admits that it is a Delaware corporation with its principle place of business located at 2525 DuPont Drive, Irvine, California, 92612.  Allergan admits that at times relevant to this litigation Allergan was a diversified healthcare company whose business included the manufacture, marketing, sale, and/or distribution of health care products and services, including pharmaceuticals.  Allergan admits that, at some point in time, it or its affiliates either manufactured, distributed, marketed, or sold the following pharmaceuticals as identified in Exhibit A to the Complaint: Acular®; Alocril®; Alphagan®; Alphagan P®; Betagan®; Blephamide®; Elimite®; Lumigan®; Ocuflox®;

Polytrim®; Pred Forte®; Propine®; Restasis®; and Tazorac®. Allergan is without knowledge or information sufficient to form a belief as to whether the foregoing drugs were "reimbursed by state Medicaid agencies nationwide . . . and by Alabama Medicaid," and, if so, at what times and under what circumstances. Accordingly, these averments are denied..

<u>**The Alpharma Defendants**</u>

10.     Allergan denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 10 of the Complaint.

11.     Allergan denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 11 of the Complaint.

12.     Allergan denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 12 of the Complaint.

<u>**The Amgen Defendants**</u>

13.     Allergan denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 13 of the Complaint.

14.     Allergan denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 14 of the Complaint.

15.     Allergan denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 15 of the Complaint.

<u>**Defendant Andrx**</u>

16.     Allergan denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 16 of the Complaint.

**The AstraZeneca Defendants**

17.     Allergan denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 17 of the Complaint.

18.     Allergan denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 18 of the Complaint.

19.     Allergan denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 19 of the Complaint.

**The Aventis Defendants**

20.     Allergan denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 20 of the Complaint.

21.     Allergan denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 21 of the Complaint.

22.     Allergan denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 22 of the Complaint.

23.     Allergan denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 23 of the Complaint.

**Defendant Barr**

24.     Allergan denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 24 of the Complaint.

**The Baxter Defendants**

25.    Allergan denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 25 of the Complaint.

26.    Allergan denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 26 of the Complaint.

27.    Allergan denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 27 of the Complaint.

**The Bayer Defendants**

28.    Allergan denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 28 of the Complaint.

29.    Allergan denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 29 of the Complaint.

30.    Allergan denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 30 of the Complaint.

31.    Allergan denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 31 of the Complaint.

**Defendant Biovail**

32.    Allergan denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 32 of the Complaint.

### The Boehringer Defendants

33.    Allergan denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 33 and lettered subparagraphs a and b of the Complaint.

34.    Allergan denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 34 of the Complaint.

### Defendant Bristol-Myers Squibb

35.    Allergan denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 35 of the Complaint.

### Defendant DEY

36.    Allergan denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 36 of the Complaint.

### Defendant Eisai

37.    Allergan denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 37 of the Complaint.

### Defendant Endo

38.    Allergan denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 38 of the Complaint.

### Defendant ETHEX

39.    Allergan denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 39 of the Complaint.

**The Forest Defendants**

40.    Allergan denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 40 of the Complaint.

41.    Allergan denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 41 of the Complaint.

42.    Allergan denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 42 of the Complaint.

**The Fujisawa Defendants**

43.    Allergan denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 43 of the Complaint.

44.    Allergan denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 44 of the Complaint.

45.    Allergan denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 45 of the Complaint.

**Defendant Genzyme**

46.    Allergan denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 46 of the Complaint.

**Defendant Gilead**

47.    Allergan denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 47 of the Complaint.

### Defendant GlaxoSmithKline

48.    Allergan denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 48 of the Complaint.

### The Hoffmann-LaRoche Defendants

49.    Allergan denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 49 of the Complaint.

50.    Allergan denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 50 of the Complaint.

51.    Allergan denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 51 of the Complaint.

### The IVAX Defendants

52.    Allergan denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 52 of the Complaint.

53.    Allergan denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 53 of the Complaint.

54.    Allergan denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 54 of the Complaint.

### The J&J Defendants

55.    Allergan denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 55 and lettered subparagraphs a through e of the Complaint.

56.    Allergan denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 56 of the Complaint.

## The King Defendants

57.    Allergan denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 57 of the Complaint.

58.    Allergan denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 58 of the Complaint.

59.    Allergan denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 59 of the Complaint.

## Defendant MedImmune

60.    Allergan denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 60 of the Complaint.

## Defendant Merck

61.    Allergan denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 61 of the Complaint.

## The Mylan Defendants

62.    Allergan denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 62 of the Complaint.

63.    Allergan denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 63 of the Complaint.

64.    Allergan denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 64 of the Complaint.

65.    Allergan denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 65 of the Complaint.

### The Novartis Defendants

66.    Allergan denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 66 of the Complaint.

67.    Allergan denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 67 of the Complaint.

68.    Allergan denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 68 of the Complaint.

### Defendant Novo Nordisk

69.    Allergan denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 69 of the Complaint.

### Defendant Organon

70.    Allergan denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 70 of the Complaint.

### Defendant Par

71.    Allergan denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 71 of the Complaint.

**The Pfizer Defendants**

72.     Allergan denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 72 of the Complaint.

73.     Allergan denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 73 of the Complaint.

74.     Allergan denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 74 of the Complaint.

75.     Allergan denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 75 of the Complaint.

76.     Allergan denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 76 of the Complaint.

77.     Allergan denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 77 of the Complaint.

**Defendant Purdue**

78.     Allergan denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 78 of the Complaint.

**Defendant Sanofi**

79.     Allergan denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 79 of the Complaint.

**The Schering Defendants**

80.    Allergan denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 80 of the Complaint.

81.    Allergan denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 81 of the Complaint.

82.    Allergan denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 82 of the Complaint.

**Defendant TAP Pharmaceutical**

83.    Allergan denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 83 of the Complaint.

**Defendant Takeda Pharmaceuticals**

84.    Allergan denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 84 of the Complaint.

**Defendant Teva**

85.    Allergan denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 85 of the Complaint.

**The Watson Defendants**

86.    Allergan denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 86 of the Complaint.

87.    Allergan denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 87 of the Complaint.

88.     Allergan denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 88 of the Complaint.

89.     Allergan denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 89 of the Complaint.

## The Wyeth Defendants

90.     Allergan denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 90 of the Complaint.

91.     Allergan denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 91 of the Complaint.

92.     Allergan denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 92 of the Complaint.

## Fictitious Defendants

93.     Allergan denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 93 of the Complaint.

94.     Allergan denies each and every allegation set forth in paragraph 94 of the Complaint as to Allergan, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

## JURISDICTION AND VENUE

95.     Allergan denies each and every allegation set forth in paragraph 95 of the Complaint.

96.    Allergan alleges that paragraph 96 of the Complaint contains conclusions of law to which no response is required.  To the extent that a response is deemed to be required, Allergan denies the averments in paragraph 96.

97.    Allergan alleges that paragraph 97 of the Complaint contains conclusions of law to which no response is required.  To the extent that a response is deemed to be required, Allergan denies the averments in paragraph 97.  To the extent that the averments in paragraph 97 refer to statutes and regulations, those sources are the best evidence of their contents, and any characterizations thereof are denied.

## FACTUAL BACKGROUND

### The Alabama Medicaid Program

98.    Allergan denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 98 of the Complaint.

99.    The averments in paragraph 99 of the Complaint contain Plaintiff's generalizations and self-serving conclusions regarding the prescription drug market without any factual allegations averred against Allergan, and thus no answer is required.  To the extent that an answer is deemed to be required, Allergan is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 99 of the Complaint, which are therefore denied.  To the extent that the averments in paragraph 99 of the Complaint refer to statutes and regulations, those sources are the best evidence of their contents, and any characterizations thereof are denied.

100.    Allergan denies each and every allegation set forth in paragraph 100 of the Complaint as to Allergan, except admits that at times relevant to this litigation Allergan reported certain pricing information for drugs to independent third party publications.

101.    The averments in paragraph 101 of the Complaint contain Plaintiff's generalizations and self-serving conclusions regarding the prescription drug market without any factual allegations averred against Allergan, and thus no answer is required. To the extent that an answer is deemed to be required, Allergan is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 101 of the Complaint, which are therefore denied. To the extent that the averments in paragraph 101 of the Complaint refer to statutes and regulations, those sources are the best evidence of their contents, and any characterizations thereof are denied.

102.    The averments in paragraph 102 of the Complaint contain Plaintiff's generalizations and self-serving conclusions regarding the prescription drug market without any factual allegations averred against Allergan, and thus no answer is required. To the extent that an answer is deemed to be required, Allergan is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 102 of the Complaint, which are therefore denied. To the extent that the averments in paragraph 102 of the Complaint refer to statutes and regulations, those sources are the best evidence of their contents, and any characterizations thereof are denied.

**The Defendants' Reporting of Inflated Pricing Information**

103.    Allergan denies each and every allegation set forth in paragraph 103 of the Complaint as to Allergan, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

104.    Allergan denies knowledge or information sufficient to form a belief about the truth of the allegations set forth in paragraph 104 of the Complaint.

105.    Allergan denies each and every allegation set forth in paragraph 105 of the Complaint as to Allergan, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

106.    Allergan denies each and every allegation set forth in paragraph 106 of the Complaint as to Allergan, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

107.    Allergan denies each and every allegation set forth in paragraph 107 of the Complaint as to Allergan, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

**Defendants' Marketing of the "Spread"**

108.    Allergan denies each and every allegation set forth in paragraph 108 of the Complaint as to Allergan, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

109.    Allergan denies each and every allegation set forth in paragraph 109 of the Complaint as to Allergan, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

110.    Allergan denies each and every allegation set forth in paragraph 110 of the Complaint as to Allergan, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

111.    Allergan denies each and every allegation set forth in paragraph 111 of the Complaint as to Allergan, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

### Other Lawsuits, Settlements, Government Investigations, and Criminal Proceedings

112.    Allergan denies each and every allegation set forth in paragraph 112 of the Complaint, except admits that other plaintiffs have filed complaints alleging similarly meritless and ill-informed claims from which Plaintiff here appears to have largely copied its allegations.

113.    Allergan denies each and every allegation set forth in paragraph 113 of the Complaint as to Allergan, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein, except admits that Allergan is one of the defendants named in The City of New York v. Abbott Laboratories, Inc., 04-CV-06054, in the United States District Court for the Southern District of New York (August 4, 2004), an action in which the plaintiff has made meritless and ill-founded allegations similar to those asserted in this action, and from which Plaintiff here appears to have largely copied its allegations. To the extent that the averments in this paragraph refer to "published opinions," "public record documents,"

and/or other documents, those sources are the best evidence of their contents, and any characterizations thereof are denied.

114.    Allergan denies each and every allegation set forth in paragraph 114 of the Complaint as to Allergan, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

115.    Paragraph 115 of the Complaint appears to contain no allegations as to, or relevant to, any claims against Allergan and therefore requires no answer; to the extent Plaintiff purports to make allegations as to Allergan, Allergan denies each and every allegation set forth in paragraph 115 of the Complaint as to Allergan, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

116.    Paragraph 116 of the Complaint appears to contain no allegations as to, or relevant to, any claims against Allergan and therefore requires no answer; to the extent Plaintiff purports to make allegations as to Allergan, Allergan denies each and every allegation set forth in paragraph 116 of the Complaint as to Allergan, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

117.    Paragraph 117 of the Complaint appears to contain no allegations as to, or relevant to, any claims against Allergan and therefore requires no answer; to the extent Plaintiff purports to make allegations as to Allergan, Allergan denies each and every allegation set forth in paragraph 117 of the Complaint as to Allergan, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

118.     Paragraph 118 of the Complaint appears to contain no allegations as to, or relevant to, any claims against Allergan and therefore requires no answer; to the extent Plaintiff purports to make allegations as to Allergan, Allergan denies each and every allegation set forth in paragraph 118 of the Complaint as to Allergan, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

119.     Paragraph 119 of the Complaint appears to contain no allegations as to, or relevant to, any claims against Allergan and therefore requires no answer; to the extent Plaintiff purports to make allegations as to Allergan, Allergan denies each and every allegation set forth in paragraph 119 of the Complaint as to Allergan, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

120.     Paragraph 120 of the Complaint appears to contain no allegations as to, or relevant to, any claims against Allergan and therefore requires no answer; to the extent Plaintiff purports to make allegations as to Allergan, Allergan denies each and every allegation set forth in paragraph 120 of the Complaint as to Allergan, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

121.     Paragraph 121 of the Complaint appears to contain no allegations as to, or relevant to, any claims against Allergan and therefore requires no answer; to the extent Plaintiff purports to make allegations as to Allergan, Allergan denies each and every allegation set forth in paragraph 121 of the Complaint as to Allergan, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

122.     Paragraph 122 of the Complaint appears to contain no allegations as to, or relevant to, any claims against Allergan and therefore requires no answer; to the extent Plaintiff

purports to make allegations as to Allergan, Allergan denies each and every allegation set forth in paragraph 122 of the Complaint as to Allergan, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

123.    Paragraph 123 of the Complaint appears to contain no allegations as to, or relevant to, any claims against Allergan and therefore requires no answer; to the extent Plaintiff purports to make allegations as to Allergan, Allergan denies each and every allegation set forth in paragraph 123 of the Complaint as to Allergan, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

124.    Allergan denies each and every allegation set forth in paragraph 124 of the Complaint as to Allergan, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations therein.

125.    Allergan denies each and every allegation set forth in paragraph 125 of the Complaint as to Allergan, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations therein, and affirmatively states that if there were any merit to the claims alleged herein as to Allergan, it would neither be impractical nor impossible for the Plaintiff to allege specifically its claims as to Allergan, which Plaintiff has entirely failed to do.

126.    Allergan denies each and every allegation set forth in paragraph 126 of the Complaint as to Allergan, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

## CLAIMS

### COUNT ONE -FRAUDULENT MISREPRESENTATION

127.    Answering paragraph 127 of the Complaint, Allergan repeats and incorporates by reference its responses to numbered paragraphs 1 through 126 above.

128.    Allergan denies each and every allegation set forth in paragraph 128 of the Complaint as to Allergan, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein, except admits that at times relevant to this litigation Allergan reported certain pricing information for drugs to independent third party publications.

129.    Allergan denies each and every allegation set forth in paragraph 129 of the Complaint as to Allergan, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations therein.

130.    Allergan denies each and every allegation set forth in paragraph 130 of the Complaint as to Allergan, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

### COUNT TWO - FRAUDULENT SUPPRESSION

131.    Answering paragraph 131 of the Complaint, Allergan repeats and incorporates by reference its responses to paragraphs 1 through 130 above.

140.1  Allergan denies each and every allegation set forth in paragraph 140 of the Complaint as to Allergan, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

141.    Allergan denies each and every allegation set forth in paragraph 141 of the Complaint as to Allergan, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations therein.

142.    Allergan denies each and every allegation set forth in paragraph 142 of the Complaint as to Allergan, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

### COUNT THREE - WANTONNESS

143.    Answering paragraph 143 of the Complaint, Allergan repeats and incorporates by reference its responses to paragraphs 1 through 142 above.

144.    Allergan denies each and every allegation set forth in paragraph 144 of the Complaint as to Allergan, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

145.    Allergan denies each and every allegation set forth in paragraph 145 of the Complaint as to Allergan, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

---

[1] Allergan notes that the paragraph numbering in the Complaint proceeds directly from paragraph 131 to paragraph 140. The Complaint does not contain any paragraphs numbered 132 to 139. For ease of reference, Allergan alleges that this is simply a typographical error on the part of Plaintiff and will proceed to respond to the paragraph numbers as they appear in the Complaint.

146.    Allergan denies each and every allegation set forth in paragraph 146 of the Complaint as to Allergan, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

147.    Allergan denies each and every allegation set forth in paragraph 147 of the Complaint as to Allergan, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

## COUNT FOUR -UNJUST ENRICHMENT

148.    Answering paragraph 148 of the Complaint, Allergan repeats and incorporates by reference its responses to numbered paragraphs 1 through 147 above.

149.    Allergan denies each and every allegation set forth in paragraph 149 of the Complaint as to Allergan, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

150.    Allergan denies each and every allegation set forth in paragraph 150 of the Complaint as to Allergan, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

151.    Allergan denies each and every allegation set forth in paragraph 151 of the Complaint as to Allergan, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

152.    Allergan denies each and every allegation set forth in paragraph 152 of the Complaint as to Allergan, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

153. Allergan denies that Plaintiff is entitled to a judgment or any other relief requested in its section entitled "PRAYER FOR RELIEF" and unnumbered "WHEREFORE" paragraph following paragraph 152 of the Complaint.

154. Allergan denies that Plaintiff is entitled to any relief or to a trial by jury.

### ALLERGAN, INC.'S AFFIRMATIVE DEFENSES

By alleging the matters set forth below, Allergan does not allege or admit that it has the burden of proof and/or the burden of persuasion with respect to any of these matters or that Plaintiff is relieved of its burdens to prove each and every element of its claims and the damages, if any, to which it is entitled. As and for its affirmative defenses, Allergan alleges as follows:

### First Affirmative Defense

The Plaintiff fails to state a claim against Allergan upon which relief may be granted.

### Second Affirmative Defense

The Plaintiff's claims are barred, in whole or in part, to the extent that the Plaintiff has released, settled, entered into an accord and satisfaction, and otherwise compromised its claims.

### Third Affirmative Defense

The Plaintiff's claims are barred, in whole or in part, by the political question and separation of powers doctrines.

### Fourth Affirmative Defense

The Plaintiff's claims are barred, in whole or in part, by the filed rate doctrine.

## Fifth Affirmative Defense

The Plaintiff has not suffered, and will not suffer, any injury to a legally protected or cognizable interest by reason of the conduct of Allergan as alleged.

## Sixth Affirmative Defense

To the extent the Plaintiff obtains recovery in any other case predicated on the same factual allegations, the Plaintiff is barred from seeking recovery against Allergan pursuant to the doctrines of res judicata and collateral estoppel, and the prohibition on double recovery for the same injury.

## Seventh Affirmative Defense

The Plaintiff's claims are barred, in whole or in part, by the First Amendment to the United States Constitution and the analogous provisions of the Constitution of the State of Alabama and any other States whose laws are or become relevant in the course of this litigation.

## Eighth Affirmative Defense

The Plaintiff's claims are barred, in whole or in part, by the *Noerr-Pennington* doctrine to the extent that such claims are premised, in whole or in part, on alleged statements or conduct by Allergan in judicial, legislative, or administrative proceedings of any kind or at any level of government.

## Ninth Affirmative Defense

Any and all actions taken by Allergan with respect to any of the matters alleged were taken in good faith and in accordance with established industry practice.

**Tenth Affirmative Defense**

The Plaintiff's state law claims are preempted, in whole or in part, by federal law, including without limitation the Federal Employment Retirement Income and Security Act of 1974, the Federal Medicare Act, and the Federal Medicaid Act, including all amendments to the same and all regulations promulgated thereunder.

**Eleventh Affirmative Defense**

The Plaintiff's claims are preempted by the Commerce Clause of the United States Constitution.

**Twelfth Affirmative Defense**

The Plaintiff's claims against Allergan are barred because Allergan has compiled with all applicable regulations of the federal and state governments.

**Thirteenth Affirmative Defense**

The Plaintiff's claims against Allergan are barred, in whole or in part, by the applicable statutes of limitations and repose and by the doctrines of laches, estoppel, and waiver.

**Fourteenth Affirmative Defense**

The Plaintiff's claims are barred, in whole or in part, because they violate Allergan's rights under the *Due Process* and *Ex Post Facto* clauses of the United States Constitution, as well as all applicable state constitutions, insofar as the Plaintiff seeks to impose liability retroactively for conduct that was not actionable at the time it occurred.

**Fifteenth Affirmative Defense**

The Plaintiff's claims are barred because Allergan's statements or actions were not the proximate cause or cause in fact of any injury to or alleged loss by the Plaintiff.

## Sixteenth Affirmative Defense

The Plaintiff fails to state with particularity facts to support the fraud allegations and to plead with particularity the fraudulent concealment, fraudulent suppression, and multi-source medicine allegations against Allergan.

## Seventeenth Affirmative Defense

The Plaintiff's claims against Allergan are barred, in whole or in part, because Allergan did not make any false statements to the Plaintiff or any of the citizens for whom the Plaintiff is seeking relief. As to any statement asserted against Allergan that the Plaintiff alleges to be false or misleading, Allergan had no reasonable grounds to believe, and did not believe at the time such a statement was made, that the statement was false or misleading.

## Eighteenth Affirmative Defense

Any allegedly fraudulent statements or conduct of Allergan did not directly or proximately cause the alleged injuries of the Plaintiff.

## Nineteenth Affirmative Defense

Allergan's conduct was neither "deceptive," "misleading," "unlawful," nor "illegal" as required under certain state fraud laws, including without limitation those of Alabama.

## Twentieth Affirmative Defense

To the extent that the Plaintiff attempts to seek equitable relief against Allergan, it is not entitled to such relief because Plaintiff has an adequate remedy at law.

## Twenty-First Affirmative Defense

The Plaintiff lacks standing to bring some or all of the claims in this suit.

### Twenty-Second Affirmative Defense

The Plaintiff did not rely on the allegedly fraudulent statements or conduct of Allergan.

### Twenty-Third Affirmative Defense

The Plaintiff's claims against Allergan under the various state statutes are barred in whole or in part to the extent those statutes: (1) do not allow (or did not allow at the time the conduct was alleged herein) recovery of damages by indirect purchasers; and (2) do not govern conduct that is predominantly interstate in nature.

### Twenty-Fourth Affirmative Defense

To the extent the Plaintiff seeks injunctive relief against Allergan, such claims were mooted by the passage of the Medicare Prescription Drug, Improvement, and Modernization Act of 2003.

### Twenty-Fifth Affirmative Defense

To the extent the Plaintiff seeks injunctive relief against Allergan, such claims are barred by the doctrines of *in pari delicto* and/or unclean hands.

### Twenty-Sixth Affirmative Defense

Any claims brought on behalf of third party payors against Allergan are barred, in whole or part, with respect to any alleged overcharge or on the ground that third party payors passed on any effect of the alleged inflated prices to their customers or employees in the form of higher premiums.

### Twenty-Seventh Affirmative Defense

The Plaintiff's claims against Allergan are barred, in whole or in part, with respect to any alleged overcharge because such overcharge, if any, was absorbed, in whole or part, by a person

and/or entity which purchased the medicine directly, and/or by an intermediate indirect purchaser, and was not passed on to the Plaintiff.

### Twenty-Eighth Affirmative Defense

The Plaintiff's claims against Allergan are barred, in whole or in part, due to its failure to join indispensable parties.

### Twenty-Ninth Affirmative Defense

The Plaintiff's claims against Allergan are barred, in whole or in part, because it has suffered no damages.

### Thirtieth Affirmative Defense

The Plaintiff's claims are barred, in whole or in part, because any injuries sustained by the Plaintiff were the result of intervening or superseding conduct of third parties.

### Thirty-First Affirmative Defense

The Plaintiff's claims are barred, in whole or in part, because some or all of the State's claims arise from the State's failure to follow its federal and state statutory and regulatory obligations to properly establish appropriate reimbursement rates.

### Thirty-Second Affirmative Defense

The Plaintiff's claims against Allergan for damages are barred, in whole or in part:  (1) because it failed to mitigate its damages, and its failure to mitigate damages should proportionately reduce the recovery of such persons and the allocation of any fault, if any exists, attributable to Allergan; (2) because it would be unjustly enriched if allowed to recover; (3) by the doctrine of consent and/or ratification to the extent that the Plaintiff has received and paid for medicines manufactured, marketed and sold by Allergan or its affiliates after the filing of the

Plaintiff's original Complaint; and (4) because any purported damages are speculative and remote and because of the impossibility of ascertaining and allocating the damages.

### Thirty-Third Affirmative Defense

Allergan is entitled to a set-off, should any damages be awarded against it, for the entire amount of all damages or settlement amounts recovered by the Plaintiff with respect to the same injuries.

### Thirty-Fourth Affirmative Defense

Any damages recovered by the Plaintiff from Allergan must be limited by the applicable statutory ceilings on recoverable damages.

### Thirty-Fifth Affirmative Defense

The Plaintiff fails to allege facts or a cause of action against Allergan sufficient to support a claim for compensatory damages, prejudgment interest, attorneys' fees and/or legal fees, or any other relief.

### Thirty-Sixth Affirmative Defense

To the extent punitive damages are sought, the Plaintiff's punitive damages claims against Allergan: (1) have no basis in law or fact; (2) are not recoverable because the allegations are legally insufficient to support a claim for punitive damages against Allergan; and (3) cannot be sustained because: (i) laws regarding the standards for determining liability for and the amount of punitive damages fail to give Allergan prior notice of the conduct for which punitive damages may be imposed and the severity of the penalty that may be imposed and are void for vagueness in violation of Allergan's due process rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and the constitutions of any applicable states'

laws; (ii) an award of punitive damages would violate Allergan's due process and equal protection rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and would be improper under the constitutions, common law, statutes, and public policy of any applicable states' laws; (iii) an award of punitive damages in this case, combined with any prior, contemporaneous, or subsequent judgments against Allergan for punitive damages arising from the design, development, manufacture, fabrication, distribution, supply, marketing, sale, or use of Allergan's medicines would constitute impermissible multiple punishments for the same wrong, in violation of Allergan's due process and equal protection rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and would constitute double jeopardy in violation of the constitutions, common law, and statutory law of any applicable states' laws; (iv) any award of punitive damages without the apportionment of the award separately and severally between or among the alleged joint tortfeasors, as determined by the alleged percentage of the wrong committed by each alleged tortfeasor, would violate Allergan's due process and equal protection rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and would be improper under the constitutions, common law, and public policies of any applicable states' law; and (v) any award of punitive damages, which are penal in nature, without according Allergan the same protections that are accorded to all criminal defendants, including the protection against unreasonable searches and seizures, the privilege against self-incrimination, and the rights to confront adverse witnesses, a speedy trial, and the effective assistance of counsel, would violate Allergan's rights guaranteed by the Fourth, Fifth, and Sixth Amendments as incorporated into the Fourteenth Amendment to the United States Constitution and would be improper under the constitutions, common law, and public policies of any applicable states' laws.

### Thirty-Seventh Affirmative Defense

To the extent punitive damages are sought, the Plaintiff's claim for punitive damages against Allergan cannot be sustained because an award of punitive damages by a jury that: (1) is not provided constitutionally adequate standards of sufficient clarity for determining the appropriate imposition of, and the appropriate size of, a punitive damages award; (2) is not adequately instructed on the limits of punitive damages imposed by the applicable principles of deterrence and punishment; (3) is not expressly prohibited from awarding punitive damages, or determining the amount of an award of punitive damages, in whole or in part on the basis of invidiously discriminatory characteristics, including without limitation the residence, wealth, and corporate status of Allergan; (4) is permitted to award punitive damages under a standard for determining liability for punitive damages that is vague and arbitrary and does not define with sufficient clarity the conduct or mental state that makes punitive damages permissible; (5) is not properly instructed regarding The Plaintiff's burden of proof with respect to each and every element of a claim for punitive damages; and (6) is not subject to trial court and appellate judicial review for reasonableness and furtherance of legitimate purposes on the basis of constitutionally adequate and objective standards, would violate Allergan's due process and equal protection rights guaranteed by the fifth and Fourteenth Amendments to the United States Constitution, and would be improper under the constitutions, common law, and public policies of any applicable states' laws.

### Thirty-Eighth Affirmative Defense

To the extent punitive damages are sought, the Plaintiff's claim for punitive damages against Allergan cannot be sustained because an award of punitive damages that is subject to no predetermined limit, such as a maximum multiple of compensatory damages or a maximum

amount of punitive damages that may be imposed, would: (1) violate Allergan's due process rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution; (2) violate Allergan's right not to be subject to an excessive award; and (3) be improper under the constitutions, common law, and public policies of any applicable states' laws.

### Thirty-Ninth Affirmative Defense

Plaintiff's unjust enrichment claims are barred, in whole or in part, because Allergan did not retain any money belonging to the State as a result of any alleged overpayments, as required by Alabama law.

### Fortieth Affirmative Defense

Plaintiff's claims against Allergan are misjoined with Plaintiff's claims against other defendants and must be severed.

### Forty-First Affirmative Defense

Allergan adopts by reference any additional applicable defense pled by any other defendant not otherwise pled herein.

### Forty-Second Affirmative Defense

Allergan hereby gives notice that it intends to rely upon any additional defense that is now or may become available or appear during or as a result of the discovery proceedings in this action and hereby reserve its right to amend its answer to assert such defense. Allergan also reserves the right to assert such other and related defenses as may become available in the event of a determination that the action, or some part thereof, is governed by the substantive law of a state other than Alabama, and/or any other State whose law is or becomes relevant in the course of this litigation.

## REQUEST FOR RELIEF

Based upon the foregoing, Allergan requests the following relief:

1.    That the Court dismiss the Complaint with prejudice and enter judgment in favor of Allergan and against the Plaintiff;

2.    That the Court award Allergan its costs and expenses and, to the extent allowed by law, its legal fees;

3.    For such other and further relief as this Court may deem just and proper.

Respectfully submitted,

By:_____

Fred M. Haston, III (HAS012)
BRADLEY ARANT ROSE & WHITE
One Federal Place
1819 Fifth Ave. North
Birmingham, AL 35203-2104
Telephone: (205) 521-8303
Facsimile: (205) 488-6303

Attorney for Defendant Allergan, Inc.

Of Counsel:

Michael P. Doss
Richard D. Raskin
SIDLEY AUSTIN LLP
One South Dearborn Street
Chicago, Illinois 60603
Telephone: (312) 853-7000
Facsimile: (312) 853-7036

## CERTIFICATE OF SERVICE

I, Fred Marion Haston, III, hereby certify that I have on this 30th day of January, 2006, electronically served a true and correct copy of the foregoing ANSWER OF DEFENDANT ALLERGAN, INC. TO PLAINTIFF'S SECOND AMENDED COMPLAINT on counsel of record by transmission to LNFS, pursuant to Case Management Order No. 2.

Fred M. Haston, III