LEXISNEXIS' FILE & SERVE
10498277
E-SERVICE
Feb 3 2006
4:38PM

IN THE CIRCUIT COURT OF
MONTGOMERY COUNTY, ALABAMA

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

STATE OF ALABAMA,       )
             )
    Plaintiff,     )
             )
  - against -      )  Civil Action No. 2005-219
             )
ABBOTT LABORATORIES, INC., et al., )
             )
    Defendants.   )
             )

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANTS ASTRAZENECA PHARMACEUTICALS LP AND ASTRAZENECA LP TO THE STATE OF ALABAMA'S SECOND AMENDED COMPLAINT

Defendants AstraZeneca Pharmaceuticals LP and AstraZeneca LP

(collectively "AstraZeneca"), by and through their undersigned counsel, hereby Answers the

State of Alabama's ("Plaintiff" or the "State") Second Amended Complaint (the "Complaint") as

follows:

### Preface

The State purports to bring this action on behalf of the Alabama Medicaid

agency ("Alabama Medicaid"), alleging that it paid "grossly excessive prices" for defendants'

prescription drugs. (Compl. ¶¶ 98-102). The State alleges, in essence, that AstraZeneca and

other defendants provided "false and inflated" drug pricing information, including its Average

Wholesale Prices ("AWP") and Wholesale Acquisition Cost ("WAC") data for certain products,

to various third-party publishers, and that the State unwittingly relied upon that information in

determining the reimbursement rates by which Alabama Medicaid would pay medical or

pharmacy providers who administered or sold drugs to Alabama Medicaid recipients. (Compl.

¶¶ 103-105). The State further contends that AstraZeneca and other defendants "concealed" from Alabama Medicaid the "true" price of their drugs and that because the reported AWP and WAC information were different from "actual prices" the defendants wrongfully profited. (Compl. ¶¶ 106-111). AstraZeneca denies these allegations.

To begin with, AstraZeneca avers that it plays absolutely no role in the State's decisions concerning whether and how to reimburse pharmacists, other providers and its pharmacy benefit managers. The State alone set the reimbursement levels under various state programs, consistent with the State's obligations under federal law. The State did so, moreover, with full knowledge, developed over decades, that AWP does not represent an actual average of wholesale prices of drugs. The State's allegation that Alabama Medicaid overpaid for prescription drugs manufactured by AstraZeneca also fails to account for certain federally mandated rebates that AstraZeneca, and all defendants who participate in Alabama Medicaid, must extend to the State. These rebates effectively insulate the State from price increases greater than the consumer price index and ensure that the State is given the benefit of price discounts that are comparable, if not better, than the discounts extended to AstraZeneca's most favored commercial customers.

In addition to the foregoing deficiencies, the Complaint contains allegations that are vague, ambiguous, inflammatory or otherwise improper. AstraZeneca responds to such allegations only to the extent that they may be susceptible to a response, and only where AstraZeneca has information sufficient to form a belief as to such allegations. In many cases, the State has lumped together allegations concerning AstraZeneca with allegations concerning other defendants; with respect to such "group pleading," AstraZeneca conducted reasonable investigations, but in many cases was left unable to answer these allegations as to other

2

defendants because relevant information was not in AstraZeneca's possession or control. Unless expressly admitted, AstraZeneca denies each and every allegation in the Complaint. AstraZeneca denies all allegations containing legal arguments and/or conclusions of law on the ground that such allegations do not require a response.

Following are AstraZeneca's specific Answers and Affirmative Defenses to the State's Complaint.

## INTRODUCTION

1.      AstraZeneca denies the allegations contained in paragraph 1 of the Complaint. By way of further response, AstraZeneca avers that the State is wrongfully seeking damages from AstraZeneca since AstraZeneca did not sell any prescription drugs to the State, and because AstraZeneca played no role in setting reimbursement rates used by Alabama Medicaid.

2.      AstraZeneca is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 2 of the Complaint, and on that that basis denies the allegations. AstraZeneca expressly denies the existence of a "fraudulent pricing scheme" and the allegation that AstraZeneca is been involved in any such "scheme." By way of further response, AstraZeneca avers that the State did not pay or reimburse AstraZeneca for any drugs taken by the recipients of Alabama Medicaid.

3.      AstraZeneca admits only that the State purports to bring this action by and through its Attorney General to recover amounts allegedly overpaid for prescription drugs by Alabama Medicaid, and further admits that the state purports to seek injunctive relief by this action. With respect to the remaining allegations in paragraph 3, AstraZeneca is without knowledge or information sufficient to form a belief as to the truth of these allegations, and on that basis denies the allegations. AstraZeneca expressly denies the existence of a "drug pricing

3

scheme," and further denies that AstraZeneca engaged in any "fraudulent," "wanton," "unlawful" or otherwise improper conduct, and further denies that the State is entitled to any monetary or injunctive relief. By way of further response, AstraZeneca avers that the state did not pay or reimburse AstraZeneca for any prescription drugs taken by recipients of Alabama Medicaid. Moreover, the State has always been free to use any methodology or benchmark that it deems appropriate in connection with its reimbursement of prescription pharmaceuticals under its pharmaceutical benefits programs.

4.      AstraZeneca admits only that the State seeks legal and equitable relief by this action, and denies the remaining allegations in paragraph 4. AstraZeneca expressly denies that it has engaged in any "fraudulent" or "wanton" conduct or any "wrongful acts and practices at the expense of the state," or that it sold any drugs covered by Alabama Medicaid to the State or was otherwise reimbursed or paid by the State such that it gained any "profits" in any way from this alleged conduct. AstraZeneca further denies that the State is entitled to any damages or other form of relief from AstraZeneca.

## PARTIES

5.      AstraZeneca admits that the State purports to bring this action in its capacity as sovereign and on behalf of Alabama Medicaid, but denies that there exist any bases on which to do so.

6.      The allegations contained in paragraph 6 of the Complaint are legal conclusions to which no response is required. To the extent a response may be required, AstraZeneca is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 6 of the Complaint, and on that basis denies the allegations.

### Defendant Abbott

4

7.      The allegations in paragraph 7 of the Complaint are directed to a party other than AstraZeneca, and therefore AstraZeneca need not respond to this paragraph. To the extent a response is required, AstraZeneca is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 7, and on that basis denies the allegations.

<u>Defendant Alcon</u>

8.      The allegations in paragraph 8 of the Complaint are directed to a party other than AstraZeneca, and therefore AstraZeneca need not respond to this paragraph. To the extent a response is required, AstraZeneca is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 8, and on that basis denies the allegations.

<u>Defendant Allergan</u>

9.      The allegations in paragraph 9 of the Complaint are directed to a party other than AstraZeneca, and therefore AstraZeneca need not respond to this paragraph. To the extent a response is required, AstraZeneca is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 9, and on that basis denies the allegations.

<u>The Alpharma Defendants</u>

10-12.      The allegations in paragraphs 10-12 of the Complaint are directed to parties other than AstraZeneca, and therefore AstraZeneca need not respond to this paragraph. To the extent a response is required, AstraZeneca is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 10-12, and on that basis denies the allegations.

<u>The Amgen Defendants</u>

13-15.      The allegations in paragraphs 13-15 of the Complaint are directed to parties other than AstraZeneca, and therefore AstraZeneca need not respond to this paragraph. To the

5

extent a response is required, AstraZeneca is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 13-15, and on that basis denies the allegations.

Defendant Andrx

16.     The allegations in paragraph 16 of the Complaint are directed to a party other than AstraZeneca, and therefore AstraZeneca need not respond to this paragraph. To the extent a response is required, AstraZeneca is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 16, and on that basis denies the allegations.

The AstraZeneca Defendants

17.     AstraZeneca admits that AstraZeneca Pharmaceuticals LP is a Delaware limited partnership with its principal place of business located at 1800 Concord Pike, Wilmington, Delaware.  Otherwise, the allegations contained in paragraph 17 of the Complaint are denied.

18.     AstraZeneca admits only that AstraZeneca LP is a Delaware limited partnership with its principal place of business located at 1800 Concord Pike, Wilmington, but otherwise denies the allegations contained in paragraph 18 of the Complaint.

19.     AstraZeneca admits only that, at various points in time, it either manufactured, distributed, marketed or sold in the United States the following pharmaceutical products, listed in Exhibit A to the Complaint:  Accolate®, Arimidex®, Atacand®, Atacand HCT®, Casodex®, Crestor®, Emla®, Entocort EC®, Faslodex®, Foscavir®, Iressa®, Merrem®, Nexium®, Nolvadex®, Plendil®, Prilosec®, Pulmicort®, Rhinocort®, Rhinocort Aqua®, Seroquel®, Sular®, Tenoretic®,Tenormin®, Toprol-XL®, Zestoretic®, Zestril®, Zomig®, and Zomig

6

ZMT®. AstraZeneca denies the remaining allegations contained in paragraph 19. AstraZeneca expressly denies that the State has any viable claims relating to any of these products.

### The Aventis Defendants

20-23.    The allegations in paragraphs 20-23 of the Complaint are directed to parties other than AstraZeneca, and therefore AstraZeneca need not respond to this paragraph. To the extent a response is required, AstraZeneca is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 20-23, and on that basis denies the allegations.

### Defendant Barr

24.    The allegations in paragraph 24 of the Complaint are directed to a party other than AstraZeneca, and therefore AstraZeneca need not respond to this paragraph. To the extent a response is required, AstraZeneca is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 24, and on that basis denies the allegations.

### The Baxter Defendants

25-27.    The allegations in paragraphs 25-27 of the Complaint are directed to parties other than AstraZeneca, and therefore AstraZeneca need not respond to this paragraph. To the extent a response is required, AstraZeneca is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 25-27, and on that basis denies the allegations.

### The Bayer Defendants

28-31.    The allegations in paragraphs 28-31 of the Complaint are directed to parties other than AstraZeneca, and therefore AstraZeneca need not respond to this paragraph. To the extent a response is required, AstraZeneca is without knowledge or information sufficient to

form a belief as to the truth of the allegations in paragraphs 28-31, and on that basis denies the allegations.

Defendant Biovail

32.    The allegations in paragraph 32 of the Complaint are directed to a party other than AstraZeneca, and therefore AstraZeneca need not respond to this paragraph. To the extent a response is required, AstraZeneca is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 32, and on that basis denies the allegations.

The Boehringer Defendants

33-34.    The allegations in paragraphs 33-34 of the Complaint are directed to parties other than AstraZeneca, and therefore AstraZeneca need not respond to this paragraph. To the extent a response is required, AstraZeneca is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 33-34, and on that basis denies the allegations.

Defendant Bristol-Myers Squibb

35.    The allegations in paragraph 35 of the Complaint are directed to a party other than AstraZeneca, and therefore AstraZeneca need not respond to this paragraph. To the extent a response is required, AstraZeneca is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 35, and on that basis denies the allegations.

Defendant DEY

36.    The allegations in paragraph 36 of the Complaint are directed to a party other than AstraZeneca, and therefore AstraZeneca need not respond to this paragraph. To the extent a response is required, AstraZeneca is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 36, and on that basis denies the allegations.

## Defendant Eisai

37.    The allegations in paragraph 37 of the Complaint are directed to a party other than AstraZeneca, and therefore AstraZeneca need not respond to this paragraph. To the extent a response is required, AstraZeneca is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 37, and on that basis denies the allegations.

## Defendant Endo

38.    The allegations in paragraph 38 of the Complaint are directed to a party other than AstraZeneca, and therefore AstraZeneca need not respond to this paragraph. To the extent a response is required, AstraZeneca is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 38, and on that basis denies the allegations.

## Defendant ETHEX

39.    The allegations in paragraph 39 of the Complaint are directed to a party other than AstraZeneca, and therefore AstraZeneca need not respond to this paragraph. To the extent a response is required, AstraZeneca is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 39, and on that basis denies the allegations.

## The Forest Defendants

40-42.    The allegations in paragraphs 40-42 of the Complaint are directed to parties other than AstraZeneca, and therefore AstraZeneca need not respond to this paragraph. To the extent a response is required, AstraZeneca is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 40-42, and on that basis denies the allegations.

## The Fujisawa Defendants

43-45.    The allegations in paragraphs 43-45 of the Complaint are directed to parties other than AstraZeneca, and therefore AstraZeneca need not respond to this paragraph. To the

extent a response is required, AstraZeneca is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 43-45, and on that basis denies the allegations.

Defendant Genzyme

46.    The allegations in paragraph 46 of the Complaint are directed to a party other than AstraZeneca, and therefore AstraZeneca need not respond to this paragraph. To the extent a response is required, AstraZeneca is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 46, and on that basis denies the allegations.

Defendant Gilead

47.    The allegations in paragraph 47 of the Complaint are directed to a party other than AstraZeneca, and therefore AstraZeneca need not respond to this paragraph. To the extent a response is required, AstraZeneca is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 47, and on that basis denies the allegations.

Defendant GlaxoSmithKline

48.    The allegations in paragraph 48 of the Complaint are directed to a party other than AstraZeneca, and therefore AstraZeneca need not respond to this paragraph. To the extent a response is required, AstraZeneca is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 48, and on that basis denies the allegations.

The Hoffman-LaRoche Defendants

49-51.    The allegations in paragraphs 49-51 of the Complaint are directed to parties other than AstraZeneca, and therefore AstraZeneca need not respond to this paragraph. To the extent a response is required, AstraZeneca is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 49-51, and on that basis denies the allegations.

10

### The IVAX Defendants

52-54.    The allegations in paragraphs 52-54 of the Complaint are directed to parties other than AstraZeneca, and therefore AstraZeneca need not respond to this paragraph. To the extent a response is required, AstraZeneca is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 52-54, and on that basis denies the allegations.

### The J&J Defendants

55-56.    The allegations in paragraphs 55-56 of the Complaint are directed to parties other than AstraZeneca, and therefore AstraZeneca need not respond to this paragraph. To the extent a response is required, AstraZeneca is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 55-56, and on that basis denies the allegations.

### The King Defendants

57-59.    The allegations in paragraphs 57-59 of the Complaint are directed to parties other than AstraZeneca, and therefore AstraZeneca need not respond to this paragraph. To the extent a response is required, AstraZeneca is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 57-59, and on that basis denies the allegations.

### Defendant MedImmune

60.    The allegations in paragraph 60 of the Complaint are directed to a party other than AstraZeneca, and therefore AstraZeneca need not respond to this paragraph. To the extent a response is required, AstraZeneca is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 60, and on that basis denies the allegations.

11

### Defendant Merck

61.     The allegations in paragraph 61 of the Complaint are directed to a party other than AstraZeneca, and therefore AstraZeneca need not respond to this paragraph.  To the extent a response is required, AstraZeneca is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 61, and on that basis denies the allegations.

### The Mylan Defendants

62-65.     The allegations in paragraphs 62-65 of the Complaint are directed to parties other than AstraZeneca, and therefore AstraZeneca need not respond to this paragraph.  To the extent a response is required, AstraZeneca is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 62-65, and on that basis denies the allegations.

### The Novartis Defendants

66-68.     The allegations in paragraphs 66-68 of the Complaint are directed to parties other than AstraZeneca, and therefore AstraZeneca need not respond to this paragraph.  To the extent a response is required, AstraZeneca is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 66-68, and on that basis denies the allegations.

### Defendant Novo Nordisk

69.     The allegations in paragraph 69 of the Complaint are directed to a party other than AstraZeneca, and therefore AstraZeneca need not respond to this paragraph.  To the extent a response is required, AstraZeneca is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 69, and on that basis denies the allegations.

### Defendant Organon

70.     The allegations in paragraph 70 of the Complaint are directed to a party other than AstraZeneca, and therefore AstraZeneca need not respond to this paragraph. To the extent a response is required, AstraZeneca is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 70, and on that basis denies the allegations.

### Defendant Par

71.     The allegations in paragraph 71 of the Complaint are directed to a party other than AstraZeneca, and therefore AstraZeneca need not respond to this paragraph. To the extent a response is required, AstraZeneca is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 71, and on that basis denies the allegations.

### The Pfizer Defendants

72-77.    The allegations in paragraphs 72-77 of the Complaint are directed to parties other than AstraZeneca, and therefore AstraZeneca need not respond to this paragraph. To the extent a response is required, AstraZeneca is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 72-77, and on that basis denies the allegations.

### Defendant Purdue

78.     The allegations in paragraph 78 of the Complaint are directed to a party other than AstraZeneca, and therefore AstraZeneca need not respond to this paragraph. To the extent a response is required, AstraZeneca is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 78, and on that basis denies the allegations.

### Defendant Sanofi

79.     The allegations in paragraph 79 of the Complaint are directed to a party other than AstraZeneca, and therefore AstraZeneca need not respond to this paragraph. To the extent a

response is required, AstraZeneca is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 79, and on that basis denies the allegations.

The Schering Defendants

80-82.    The allegations in paragraphs 80-82 of the Complaint are directed to parties other than AstraZeneca, and therefore AstraZeneca need not respond to this paragraph. To the extent a response is required, AstraZeneca is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 80-82, and on that basis denies the allegations.

Defendant TAP Pharmaceutical

83.    The allegations in paragraph 83 of the Complaint are directed to a party other than AstraZeneca, and therefore AstraZeneca need not respond to this paragraph. To the extent a response is required, AstraZeneca is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 83, and on that basis denies the allegations.

Defendant Takeda Pharmaceuticals

84.    The allegations in paragraph 84 of the Complaint are directed to a party other than AstraZeneca, and therefore AstraZeneca need not respond to this paragraph. To the extent a response is required, AstraZeneca is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 84, and on that basis denies the allegations.

Defendant Teva

85.    The allegations in paragraph 85 of the Complaint are directed to a party other than AstraZeneca, and therefore AstraZeneca need not respond to this paragraph. To the extent a response is required, AstraZeneca is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 85, and on that basis denies the allegations.

The Watson Defendants

14

86-89.    The allegations in paragraphs 86-89 of the Complaint are directed to parties other than AstraZeneca, and therefore AstraZeneca need not respond to this paragraph. To the extent a response is required, AstraZeneca is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 86-89, and on that basis denies the allegations.

The Wyeth Defendants

90-92.    The allegations in paragraphs 90-92 of the Complaint are directed to parties other than AstraZeneca, and therefore AstraZeneca need not respond to this paragraph. To the extent a response is required, AstraZeneca is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 90-92, and on that basis denies the allegations.

Fictitious Defendants

93.    The allegations in paragraph 93 of the Complaint are directed to parties other than AstraZeneca, and therefore AstraZeneca need not respond to this paragraph. To the extent a response is required, AstraZeneca is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 93, and on that basis denies the allegations.

94.    Allegations in paragraph 94 of the Complaint are directed to parties other than AstraZeneca, and therefore AstraZeneca need not respond to this paragraph. To the extent allegations in paragraph 94 are directed at AstraZeneca, they are denied. AstraZeneca expressly denies the existence of any "pricing scheme." Moreover, the State's purported attempt to include in this case "all drugs manufactured, distributed, marketed, and/or sold by Defendants . . . even though the names of some of those drugs are not identified . . ." is in blatant violation of the

Court's Order of October 13, 2005, which directed the State to re-plead its case in conformity with Rule 9(b).

**JURISDICTION AND VENUE**

95.    AstraZeneca denies the allegations contained in paragraph 95 of the Complaint.

96.    AstraZeneca admits only that it has manufactured, distributed, marketed and/or sold certain of its products purportedly at issue in this litigation in the state of Alabama, and otherwise avers that the remaining allegations in paragraph 96 consist of conclusions of law to which no response is required. To the extent that a response may be required, AstraZeneca denies the remaining allegations.

97.    AstraZeneca admits only that certain of its pharmaceutical products are and have been for years covered by Alabama Medicaid, and otherwise avers that the remaining allegations in paragraph 97 consist of conclusions of law to which no response is required. To the extent that a response may be required, AstraZeneca denies the remaining allegations. AstraZeneca expressly denies that any events in which it has ever been involved have "giv[en] rise to the claims" in the Complaint.

**FACTUAL BACKGROUND**

**The Alabama Medicaid Program**

98.    AstraZeneca admits only that Alabama Medicaid is a state-administered program with federal matching funds which pays for medical care, including prescription drug benefits, for certain Alabama citizens, and otherwise is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 98 of the Complaint, and on that basis denies these allegations.

16

99.    AstraZeneca, on information and belief, admits only that Alabama Medicaid reimburses medical or pharmacy providers for pharmaceutical drugs dispensed to Medicaid recipients but makes no payments for such drugs to AstraZeneca or other pharmaceutical manufacturers. With respect to the remaining allegations in paragraph 99, AstraZeneca is without knowledge or information sufficient to form a belief as to the truth of these allegations, and on that basis denies the allegations.

100.    AstraZeneca admits only that, from time to time during the relevant period, it provided price lists to third party publications which contained, *inter alia*, suggested "AWPs" and "WACs" for certain of its drugs, and otherwise is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 100 of the Complaint, and on that basis denies these allegations. By way of further response, AstraZeneca avers it is common knowledge and universally understood, including by the State and/or its agents, that AWP does not, and is not intended to reflect, an actual average of wholesale prices. AstraZeneca further avers that, consistent with industry practice for branded products, the AWPs for AstraZeneca's products are and have been a standard 20% or 25% above the list price, or WAC, set by AstraZeneca for its products.

101.    The allegations in paragraph 101 purport to recite laws or regulations and, as such, no response is required. To the extent that a response may be required, AstraZeneca denies the allegations in paragraph 101.

102.    The allegations in paragraph 102 purport to recite laws or regulations and, as such, no response is required. To the extent that a response may be required, AstraZeneca denies the allegations in paragraph 102.

17

**The Defendants' Reporting of Inflated Pricing Information**

103.    To the extent the allegations in paragraph 103 are directed to parties other than AstraZeneca, AstraZeneca is without knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies these allegations. To the extent the allegations in paragraph 103 are directed to AstraZeneca, AstraZeneca admits only that pharmaceutical industry compendia periodically publish AWPs for prescription medicines sold in this country and that, prior to 2002, AstraZeneca provided WAC data along with a "suggested" AWP to various reporting companies. Otherwise, AstraZeneca denies the allegations in paragraph 103. AstraZeneca specifically denies any characterization, implied or express, that it provided or caused to be provided "false" and "inflated" AWP, WAC, and/or Direct Price information to drug industry reporting services. By way of further response, AstraZeneca avers it is common knowledge and universally understood, including by the State and/or its agents, that AWP does not, and is not intended to reflect, an actual average of wholesale prices. AstraZeneca further avers that, consistent with industry practice for branded products, the AWPs for AstraZeneca's products are and have been a standard 20% or 25% above the list price, or WAC, set by AstraZeneca for its products.

104.    AstraZeneca is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 104, and on that basis denies these allegations.

105.    To the extent the allegations in paragraph 105 are directed to parties other than AstraZeneca, AstraZeneca is without knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies these allegations. To the extent the allegations in paragraph 105 are directed to AstraZeneca, they are denied. By way of further response, AstraZeneca avers that it has been common knowledge and universally understood for

years, including by the State and/or its agents, that AWP is a reimbursement benchmark or reference price that does not equal an actual average of wholesale prices. AstraZeneca further avers that, consistent with industry practice for branded products, the AWP for AstraZeneca's products is and has been a standard 20% or 25% above the WAC, or list price, set by AstraZeneca for its products; thus the States allegation that "prices . . . bore no relation to any price" is plainly wrong. In addition, the State has always been free to use any methodology or benchmark that it deems appropriate in connection with its reimbursement of prescription pharmaceuticals under its pharmaceutical benefits programs. Further, the State's allegation that its Medicaid program overpaid for prescription pharmaceuticals manufactured by AstraZeneca fails to account for federally mandated rebates that AstraZeneca must extend to the State, which insulate the State from price increases greater than the consumer price index and ensure that the State is given the benefit of price discounts that are comparable, if not better, than the discounts extended to AstraZeneca's most favored commercial customers.

106.    To the extent the allegations in paragraph 106 are directed to parties other than AstraZeneca, AstraZeneca is without knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies these allegations. To the extent the allegations in paragraph 106 are directed to AstraZeneca, AstraZeneca admits only that it knows the WAC and the published AWP for its products, and otherwise denies the remaining allegations in paragraph 106. By way of further response, AstraZeneca avers that it has been common knowledge and universally understood for years, including by the State and/or its agents, that AWP is a reimbursement benchmark or reference price that does not equal an actual average of wholesale prices. Moreover, AstraZeneca avers that the State had the obligation, as a matter of federal law, to determine an appropriate Medicaid reimbursement rate based on, among

19

other things, the providers' actual acquisition costs, and the State had the opportunity and means to do so by requesting this information from pharmacists and other recipients of Medicaid reimbursement.

107.       To the extent the allegations in paragraph 107 are directed to parties other than AstraZeneca, AstraZeneca is without knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies these allegations. To the extent the allegations in paragraph 107 are directed to AstraZeneca, AstraZeneca admits only that it offers discounts and rebates from its list price, or WAC, for certain customers on certain products, and that it may require (as would be expected) its customers to keep competitively sensitive pricing information confidential. The remaining allegations in paragraph 107 are denied. By way of further response, AstraZeneca avers that it has been common knowledge and universally understood for years, including by the State and/or its agents, that AWP is a reimbursement benchmark or reference price that does not equal an actual average of wholesale prices.

**Defendants' Marketing of the "Spread"**

108.       To the extent the allegations in paragraph 108 are directed to parties other than AstraZeneca, AstraZeneca is without knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies these allegations. To the extent the allegations in paragraph 108 are directed to AstraZeneca, they are denied.

109.       To the extent the allegations in paragraph 109 are directed to parties other than AstraZeneca, AstraZeneca is without knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies these allegations. To the extent the allegations in paragraph 109 are directed to AstraZeneca, they are denied. AstraZeneca expressly denies that it "manipulated and controlled the size of the 'spread.'" By way of further

response, AstraZeneca avers that it has been common knowledge and universally understood for years, including by the State and/or its agents, that AWP is a reimbursement benchmark or reference price that does not equal an actual average of wholesale prices.

110.    To the extent the allegations in paragraph 110 are directed to parties other than AstraZeneca, AstraZeneca is without knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies these allegations. To the extent the allegations in paragraph 110 are directed to AstraZeneca, they are denied.

111.    To the extent the allegations in paragraph 111 are directed to parties other than AstraZeneca, AstraZeneca is without knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies these allegations. To the extent the allegations in paragraph 111 are directed to AstraZeneca, they are denied.

### Other Lawsuits, Settlements, Government Investigations, and Criminal Proceedings

112.    To the extent the allegations in paragraph 112 are directed to parties other than AstraZeneca, AstraZeneca is without knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies these allegations. To the extent the allegations in paragraph 112 are directed to AstraZeneca, AstraZeneca admits only that other plaintiffs in other jurisdictions have filed complaints containing similarly meritless and ill-informed claims from which Plaintiff here appears to have largely copied its allegations, and otherwise denies the allegations in paragraph 112.

113.    To the extent the allegations in paragraph 113 are directed to parties other than AstraZeneca, AstraZeneca is without knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies these allegations. To the extent the allegations in paragraph 113 are directed to AstraZeneca, AstraZeneca admits only that

21

AstraZeneca is a named defendant in *City of New York v. Abbott Laboratories, Inc.*, 04-CV-06054, filed in the United States District Court for the Southern District of New York (August 4, 2004), an action in which the plaintiff has made meritless and ill-founded allegations similar to those asserted in this action, and from which Plaintiff here appears to have largely copied its allegations. AstraZeneca denies the remaining allegations in paragraph 113.

114.    To the extent the allegations in paragraph 114 are directed to parties other than AstraZeneca, AstraZeneca is without knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies these allegations. To the extent the allegations in paragraph 114 are directed to AstraZeneca, AstraZeneca admits only that in June 2003 AstraZeneca Pharmaceuticals LP pled guilty to a one count Information alleging a conspiracy to violate the Prescription Drug Marketing Act and entered into a settlement agreement with the federal and state governments, including Alabama, pursuant to which AstraZeneca paid approximately $355 million. The remaining allegations in paragraph 114 are denied. By way of further response, AstraZeneca avers that its plea agreement and civil settlement are not relevant to the claims asserted by the State and are included in the Complaint solely to unfairly prejudice AstraZeneca.

115.    To the extent the allegations in paragraph 115 are directed to parties other than AstraZeneca, AstraZeneca is without knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies these allegations. To the extent the allegations in paragraph 115 are directed to AstraZeneca, AstraZeneca admits only that in June 2003 AstraZeneca Pharmaceuticals LP pled guilty to a one count Information alleging a conspiracy to violate the Prescription Drug Marketing Act and entered into a settlement agreement with the federal and state governments, including Alabama, pursuant to which

AstraZeneca paid approximately $355 million. The remaining allegations in paragraph 114 are denied. By way of further response, AstraZeneca avers that its plea agreement and civil settlement are not relevant to the claims asserted by the State and are included in the Complaint solely to unfairly prejudice AstraZeneca.

116.    The allegations in paragraph 116 of the Complaint are directed to a party other than AstraZeneca, and therefore AstraZeneca need not respond to this paragraph. To the extent a response is required, AstraZeneca is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 116, and on that basis denies the allegations.

117.    AstraZeneca admits only that in June 2003 AstraZeneca Pharmaceuticals LP pled guilty to a one count Information alleging a conspiracy to violate the Prescription Drug Marketing Act and entered into a settlement agreement with the federal and state governments, including Alabama, pursuant to which AstraZeneca paid approximately $355 million. The remaining allegations in paragraph 117 are denied. By way of further response, AstraZeneca avers that its plea agreement and civil settlement are not relevant to the claims asserted by the State and are included in the Complaint solely to unfairly prejudice AstraZeneca.

118.    The allegations in paragraph 118 of the Complaint are directed to a party other than AstraZeneca, and therefore AstraZeneca need not respond to this paragraph. To the extent a response is required, AstraZeneca is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 118, and on that basis denies the allegations.

119.    The allegations in paragraph 119 of the Complaint are directed to a party other than AstraZeneca, and therefore AstraZeneca need not respond to this paragraph. To the extent a response is required, AstraZeneca is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 119, and on that basis denies the allegations.

120.    The allegations in paragraph 120 of the Complaint are directed to a party other than AstraZeneca, and therefore AstraZeneca need not respond to this paragraph. To the extent a response is required, AstraZeneca is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 120, and on that basis denies the allegations.

121.    To the extent the allegations in paragraph 121 are directed to parties other than AstraZeneca, AstraZeneca is without knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies these allegations. To the extent the allegations in paragraph 121 are directed to AstraZeneca, they are denied.

122.    The allegations in paragraph 122 of the Complaint are directed to a party other than AstraZeneca, and therefore AstraZeneca need not respond to this paragraph. To the extent a response is required, AstraZeneca is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 122, and on that basis denies the allegations.

123.    The allegations in paragraph 123 of the Complaint are directed to a party other than AstraZeneca, and therefore AstraZeneca need not respond to this paragraph. To the extent a response is required, AstraZeneca is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 123, and on that basis denies the allegations.

124.    To the extent the allegations in paragraph 124 are directed to parties other than AstraZeneca, AstraZeneca is without knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies these allegations. To the extent the allegations in paragraph 124 are directed to AstraZeneca, they are denied. By way of further response, AstraZeneca avers that it has been common knowledge and universally understood for years, including by the State and/or its agents, that AWP is a reimbursement benchmark or reference price that does not equal an actual average of wholesale prices.

24

125.     To the extent the allegations in paragraph 125 are directed to parties other than AstraZeneca, AstraZeneca is without knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies these allegations. To the extent the allegations in paragraph 125 are directed to AstraZeneca, they are denied. By way of further response, AstraZeneca avers that the State's "group pleading" in paragraph 125 is in blatant violation of the Court's Order of October 13, 2005, which directed the State to re-plead its case in conformity with Rule 9(b), and further avers that if there were any merit to the claims alleged in this paragraph as to AstraZeneca it would neither be "impractical" nor "impossible" for the State to allege specifically its claims as to AstraZeneca, which the State has failed to do.

126.     To the extent the allegations in paragraph 126 are directed to parties other than AstraZeneca, AstraZeneca is without knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies these allegations. To the extent the allegations in paragraph 126 are directed to AstraZeneca, they are denied. AstraZeneca expressly denies that it has ever "engaged in an inflated pricing scheme regarding prescription drugs."

## CLAIMS

### COUNT ONE—FRAUDULENT MISREPRESENTATION

127.     AstraZeneca repeats and incorporates as if fully set forth herein each and every response to the preceding paragraphs 1 through 126.

128.     To the extent the allegations in paragraph 128 are directed to parties other than AstraZeneca, AstraZeneca is without knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies these allegations. To the extent the allegations in paragraph 128 are directed to AstraZeneca, they are denied. By way of further

response, AstraZeneca avers that it has been common knowledge and universally understood for years, including by the State and/or its agents, that AWP is a reimbursement benchmark or reference price that does not equal an actual average of wholesale prices, and, indeed, the federal government has repeatedly instructed the State to this effect. AstraZeneca further alleges that, consistent with industry practice for branded products, the AWP for AstraZeneca's products is and has been a standard 20% or 25% above the WAC, or list price, set by AstraZeneca for its products.

129.    To the extent the allegations in paragraph 129 are directed to parties other than AstraZeneca, AstraZeneca is without knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies these allegations. To the extent the allegations in paragraph 129 are directed to AstraZeneca, they are denied.

130.    To the extent the allegations in paragraph 130 are directed to parties other than AstraZeneca, AstraZeneca is without knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies these allegations. To the extent the allegations in paragraph 130 are directed to AstraZeneca, they are denied.

## COUNT TWO—FRAUDULENT SUPPRESSION

131.    AstraZeneca repeats and incorporates as if fully set forth herein each and every response to the preceding paragraphs 1 through 130.

140[1].    To the extent the allegations in paragraph 140 are directed to parties other than AstraZeneca, AstraZeneca is without knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies these allegations. To the extent the allegations in paragraph 140 are directed to AstraZeneca, they are denied. By way of further

---

[1] The Complaint lacks any paragraphs numbered 132-139, and therefore no further response is necessary as to those paragraphs.

response, AstraZeneca avers that it has been common knowledge and universally understood for years, including by the State and/or its agents, that AWP is a reimbursement benchmark or reference price that does not equal an actual average of wholesale prices and, indeed, the federal government has repeatedly instructed the State to this effect. Moreover, AstraZeneca avers that the State had the obligation, as a matter of federal law, to determine an appropriate Medicaid reimbursement rate based on, among other things, the providers' actual acquisition costs, and the State had the opportunity and means to do so.

141.    To the extent the allegations in paragraph 141 are directed to parties other than AstraZeneca, AstraZeneca is without knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies these allegations. To the extent the allegations in paragraph 141 are directed to AstraZeneca, they are denied.

142.    To the extent the allegations in paragraph 142 are directed to parties other than AstraZeneca, AstraZeneca is without knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies these allegations. To the extent the allegations in paragraph 142 are directed to AstraZeneca, they are denied.

## COUNT THREE—WANTONNESS

143.    AstraZeneca repeats and incorporates as if fully set forth herein each and every response to the preceding paragraphs 1 through 142.

144.    To the extent the allegations in paragraph 144 are directed to parties other than AstraZeneca, AstraZeneca is without knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies these allegations. To the extent the allegations in paragraph 144 are directed to AstraZeneca, they are denied.

145.    To the extent the allegations in paragraph 142 are directed to parties other than AstraZeneca, AstraZeneca is without knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies these allegations. To the extent the allegations in paragraph 142 are directed to AstraZeneca, they are denied. By way of further response, AstraZeneca avers that the State's allegation that it paid "grossly excessive amounts for . . .prescription drugs" fails to account for federally mandated rebates that AstraZeneca must extend to the State, which insulate the State from price increases greater than the consumer price index and ensure that the State is given the benefit of price discounts that are comparable, if not better, than the discounts extended to AstraZeneca's most favored commercial customers.

146.    To the extent the allegations in paragraph 146 are directed to parties other than AstraZeneca, AstraZeneca is without knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies these allegations. To the extent the allegations in paragraph 146 are directed to AstraZeneca, they are denied.

147.    To the extent the allegations in paragraph 147 are directed to parties other than AstraZeneca, AstraZeneca is without knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies these allegations. To the extent the allegations in paragraph 147 are directed to AstraZeneca, they are denied.

### COUNT FOUR—UNJUST ENRICHMENT

148.    AstraZeneca repeats and incorporates as if fully set forth herein each and every response to the preceding paragraphs 1 through 147.

149.    To the extent the allegations in paragraph 149 are directed to parties other than AstraZeneca, AstraZeneca is without knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies these allegations. To the extent the

28

allegations in paragraph 149 are directed to AstraZeneca, they are denied. By way of further response, AstraZeneca avers that it has been common knowledge and universally understood for years, including by the State and/or its agents, that AWP is a reimbursement benchmark or reference price that does not equal an actual average of wholesale prices. Moreover, AstraZeneca avers that the State had the obligation, as a matter of federal law, to determine an appropriate Medicaid reimbursement rate based on, among other things, the providers' actual acquisition costs, and the State had the opportunity and means to do so.

150.    To the extent the allegations in paragraph 150 are directed to parties other than AstraZeneca, AstraZeneca is without knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies these allegations. To the extent the allegations in paragraph 150 are directed to AstraZeneca, they are denied.

151.    To the extent the allegations in paragraph 151 are directed to parties other than AstraZeneca, AstraZeneca is without knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies these allegations. To the extent the allegations in paragraph 151 are directed to AstraZeneca, they are denied.

152.    To the extent the allegations in paragraph 152 are directed to parties other than AstraZeneca, AstraZeneca is without knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies these allegations. To the extent the allegations in paragraph 152 are directed to AstraZeneca, they are denied.

## PRAYER FOR RELIEF

AstraZeneca denies that the State is entitled to a judgment or any other relief as requested in the unnumbered paragraph, and its various sub-paragraphs, entitled "Prayer for Relief."

## JURY DEMAND

AstraZeneca denies that the State has asserted any viable claims that would necessitate a trial by jury.

## ASTRAZENECA'S AFFIRMATIVE DEFENSES

By alleging the matters set forth below, AstraZeneca does not allege or admit that it has the burden of proof and/or the burden of persuasion with respect to any of these matters or that plaintiff is relieved of its burdens to prove each and every element of its claims and the damages, if any, to which it is entitled. As and for its affirmative defenses, AstraZeneca reasserts and incorporates as if fully set forth herein its responses to paragraphs 1 through 152 above:

### FIRST AFFIRMATIVE DEFENSE

The State and/or its agents knew and were aware that AWP was not an actual average wholesale price or the actual acquisition cost of drugs. Legal and equitable principles preclude the action for damages and injunctive relief, and the Due Process Clause precludes the State from bringing claims and seeking damages as alleged in the Complaint.

### SECOND AFFIRMATIVE DEFENSE

Some or all of the State's claims against AstraZeneca arise from the State's failure to follow its federal and state statutory and regulatory obligations to properly establish appropriate reimbursement rates. To the extent that the State established Medicaid reimbursement rates by reference to AWP, the State violated federal law in failing to establish Medicaid reimbursement rates as prescribed by federal law. The State is precluded by federal law from seeking damages, especially by reference to a different, lower AWP as alleged.

30

### THIRD AFFIRMATIVE DEFENSE

The State was required by federal law to conduct surveys and have statistics and data justifying, and to represent and warrant to the federal government, that its Medicaid reimbursement rates for single source drugs was necessary and appropriate, as a condition to obtaining federal funds. This action, with respect to single source drugs, is inconsistent with and precluded by the State's actions, representations and promises, and assumes that, with respect to single source drugs, the State made false claims to the federal government to obtain federal funds.

### FOURTH AFFIRMATIVE DEFENSE

The claims alleged herein, based on the facts alleged, are barred by the State's own negligence or gross negligence. Among other things, the claims disregard the State's obligations under federal law, and they ignore the State's affirmative misstatements and declarations that were intended to cover up and hide from view of the federal regulatory authority, the State's citizens and taxpayers, the State's failings referred to herein, as well as other inappropriate conduct by the State.

### FIFTH AFFIRMATIVE DEFENSE

The State's reimbursement rates for drugs for Medicaid recipients were filed with, reviewed, and approved by a federal regulatory agency with authority to do so under the Medicaid Act. Actions in a State court seeking relief, including alleged damages, contending that rates approved by a federal regulatory agency do not apply or are not binding are, as the United States Supreme Court directed, precluded by the Supremacy Clause. This action is barred by the Supremacy Clause of the Constitution.

### SIXTH AFFIRMATIVE DEFENSE

The State's claims are preempted by the dormant Commerce Clause of the United States Constitution.

### SEVENTH AFFIRMATIVE DEFENSE

The State's claims are preempted, in whole or in part, by federal law, including without limitation the Federal Employment Retirement Income and Security Act of 1974, the Federal Medicare Act, and the Federal Medicaid Act, including all amendments to the same and all regulations promulgated thereunder.

### EIGHTH AFFIRMATIVE DEFENSE

The State's claims are barred, in whole or in part, by the First Amendment to the United States Constitution and the analogous provisions of the Constitution of the State of Alabama.

### NINTH AFFIRMATIVE DEFENSE

The State's claims are barred, in whole or in part, by the political question and separation of powers doctrines.

### TENTH AFFIRMATIVE DEFENSE

The State's claims are barred, in whole or in part, by the *Noerr-Pennington* doctrine to the extent that such claims are premised, in whole or in part, on alleged statements or conduct by AstraZeneca in judicial, legislative, or administrative proceedings of any kind or at any level of government.

### ELEVENTH AFFIRMATIVE DEFENSE

The State fails to state a claim against AstraZeneca upon which relief may be granted.

### TWELFTH AFFIRMATIVE DEFENSE

The State has no standing or capacity to bring some or all of the claims raised in this suit to recover expenditures by Alabama Medicaid or to seek injunctive relief.

### THIRTEENTH AFFIRMATIVE DEFENSE

The State has not suffered, and will not suffer, any injury to a legally protected or cognizable interest by reason of the conduct of AstraZeneca as alleged in the Complaint.

### FOURTEENTH AFFIRMATIVE DEFENSE

To the extent that the State obtains recovery in any other case predicated on the same factual allegations, the State is barred from seeking recovery against AstraZeneca based on the Complaint pursuant to the doctrines of *res judicata* and collateral estoppel, and the prohibition on double recovery for the same injury.

### FIFTEENTH AFFIRMATIVE DEFENSE

The State's claims are barred, in whole or in part, to the extent that the State has released, settled, entered into an accord and satisfaction or otherwise compromised its claims.

### SIXTEENTH AFFIRMATIVE DEFENSE

Any and all actions taken by AstraZeneca with respect to any of the matters alleged in the Complaint were taken in good faith and in accordance with established industry practice.

### SEVENTEENTH AFFIRMATIVE DEFENSE

The State's claims against AstraZeneca are barred because AstraZeneca has complied with all applicable regulations of the federal and state governments.

### EIGHTEENTH AFFIRMATIVE DEFENSE

The State's claims against AstraZeneca are barred, in whole or in part, by the applicable statutes of limitations and repose, and by the doctrines of laches, estoppel and waiver.

### NINETEENTH AFFIRMATIVE DEFENSE

The State's claims are barred, in whole or in part, because they violate AstraZeneca' rights under the Due Process and *Ex Post Facto* clauses of the United States Constitution, as well as the Constitution of the State of Alabama, insofar as the State seeks to impose liability retroactively for conduct that was not actionable at the time it occurred.

### TWENTIETH AFFIRMATIVE DEFENSE

AstraZeneca' statements or actions were not the proximate cause or cause in fact of any injury to or alleged loss by the State.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

The State's claims against AstraZeneca for injunctive relief were mooted by the passage of the Medicare Prescription Drug, Improvement and Modernization Act of 2003.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

The State's claims for injunctive relief against AstraZeneca are barred by the doctrines of *in pari delicto* and/or unclean hands.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

The State's claims are barred, in whole or in part, because any injuries sustained by plaintiff were the result of its own conduct or the intervening or superceding conduct of third parties.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

The State's claims against AstraZeneca are barred, in whole or in part, due to the State's failure to join indispensable parties.

34

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

The State's claims against AstraZeneca are misjoined with the State's claims against other defendants and must be severed.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

The State's claims against AstraZeneca for damages are barred, in whole or in part: (1) because it failed to mitigate its damages, and its failure to mitigate damages should proportionately reduce the recovery of plaintiff and the allocation of any fault, if any exists, attributable to AstraZeneca; (2) because it would be unjustly enriched if allowed to recover any portion of the damages alleged in the Complaint; (3) by the doctrine of consent and/or ratification to the extent that plaintiff has paid for products manufactured, marketed and sold by AstraZeneca after the filing of the State's original Complaint; and (4) because they are speculative and remote and because of the impossibility of ascertaining and allocating of those alleged damages.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

AstraZeneca is entitled to a set-off, should any damages be awarded against it, for the entire amount of all damages or settlement amounts recovered by the State, with respect to the same alleged injuries.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

Any damages recovered by the State from AstraZeneca must be limited by the applicable statutory ceilings on recoverable damages, including without limitation, Alabama Code 6-11-21.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

The State fails to allege facts or a cause of action against AstraZeneca sufficient to support a claim for compensatory damages, attorneys' fees and/or legal fees, or any other relief.

## THIRTIETH AFFIRMATIVE DEFENSE

Defendant denies that it is guilty of any conduct which entitles the State to recover punitive damages and avers that the State's Complaint fails to state a claim upon which punitive damages may be awarded to the State.

## THIRTY-FIRST AFFIRMATIVE DEFENSE

The claims contained in the complaint, which seek the recovery of punitive damages, under present Alabama law, violate the Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments to the Constitution of the United States of America on the following grounds:

a)    it is a violation of the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the United States Constitution to impose punitive damages, which are penal in nature, against a civil defendant upon the State's satisfying a burden of proof which is less than the "beyond a reasonable doubt" burden of proof required in criminal cases;

b)    the procedures pursuant to which any punitive damages would be awarded fail to provide a reasonable limit on the amount of the award against Defendant, which violates the Due Process Clause of the Fourteenth Amendment of the United States Constitution;

c)    the procedures pursuant to which any punitive damages would be awarded fail to provide specific standards for the amount of the award of punitive damages, which violates the Due Process Clause of the Fourteenth Amendment of the United States Constitution;

d)    the procedures pursuant to which any punitive damages would be awarded result in the imposition of different penalties for the same or similar acts, and thus violates the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution;

e)    the procedures pursuant to which any punitive damages would be awarded permit the imposition of punitive damages in excess of the maximum criminal fine for the same or similar conduct, which thereby infringes the Due Process Clause of the Fifth and Fourteenth Amendments and the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution; and

37

f) the procedures pursuant to which any punitive damages would be awarded permit the imposition of excessive fines in violation of the Eighth Amendment of the United States Constitution.

## THIRTY-SECOND AFFIRMATIVE DEFENSE

The recovery of punitive damages by the State in this action would violate the Due Process Clause of Article One, Section Six of the Constitution of Alabama on the following grounds:

a) it is a violation of the Due Process Clause to impose punitive damages, which are penal in nature, upon a civil defendant upon the plaintiff satisfying a burden of proof less than the "beyond a reasonable doubt" burden of proof required in criminal cases;

b) the procedures pursuant to which any punitive damages would be awarded fail to provide a limit on the amount of the award against this defendant;

c) the procedures pursuant to which any punitive damages would be awarded are unconstitutionally vague;

d) the procedures pursuant to which any punitive damages would be awarded fail to provide specific standards for the amount of the award of punitive damages; and

e) the award of punitive damages in this case would constitute a deprivation of property without due process.

## THIRTY-THIRD AFFIRMATIVE DEFENSE

The procedures pursuant to which any punitive damages would be awarded permit the imposition of an excessive fine in violation of Article One, Section Sixteen of the Constitution of Alabama.

38

### THIRTY-FOURTH AFFIRMATIVE DEFENSE

The State fails to state with particularity facts to support claims of fraudulent conduct, fraudulent concealment and the multi-source averments against AstraZeneca contained in the Complaint.

### THIRTY-FIFTH AFFIRMATIVE DEFENSE

To the extent that the State attempts to seek equitable relief against AstraZeneca, the State is not entitled to such relief because the State has an adequate remedy at law.

### THIRTY-SIXTH AFFIRMATIVE DEFENSE

The State's unjust enrichment claims are barred, in whole or in part, because AstraZeneca did not collect or retain any money belonging to the State as a result of any alleged overpayments as required under Alabama law.

### THIRTY-SEVENTH AFFIRMATIVE DEFENSE

AstraZeneca hereby adopts by reference any additional applicable defense pled by any other defendant not otherwise pled herein. AstraZeneca hereby gives notice that it intends to rely upon any other and additional defense that is now or may become available or appear during, or as a result of the discovery proceedings in this action and hereby reserve its right to amend its answer to assert such defense.

WHEREFORE, AstraZeneca demands that: (1) the Complaint be in all respects dismissed as to it; (2) it be awarded its costs of defending this action, including its

reasonable attorneys' fees; and (3) it be awarded such other and further relief as the Court may deem just and proper.

February 3, 2006

                                        Respectfully submitted,


                            By    /s/ Lynn S. Darty

                                        Thomas W. Christian, Esq.
                                        Sharon D. Stuart, Esq.
                                        Lynn S. Darty, Esq.
                                        **CHRISTIAN & SMALL LLP**
                                        1800 Financial Center
                                        505 North 20th Street
                                        Birmingham, Alabama 35203
                                        Telephone: (205) 795-6588
                                        Facsimile: (205) 328-7234

                                        D. Scott Wise, Esq.
                                        Kimberley D. Harris, Esq.
                                        Carlos M. Pelayo, Esq.
                                        **DAVIS POLK & WARDWELL**
                                        450 Lexington Avenue
                                        New York, New York 10017
                                        Telephone:    (212) 450-4000
                                        Facsimile:    (212) 450-3800

                                        *Attorneys for Defendants AstraZeneca*
                                        *Pharmaceuticals LP and AstraZeneca LP*

## CERTIFICATE OF SERVICE

I, Lynn S. Darty, hereby certify that on this 3rd day of February, 2006, a true and correct copy of the foregoing Answer and Affirmative Defenses of Defendants AstraZeneca Pharmaceuticals LP and AstraZeneca LP to the State of Alabama's Second Amended Complaint was served on all counsel of record by Lexis Nexis File & Serve®.

Dated: February 3, 2006

/s/ Lynn S. Darty
Lynn S. Darty