

Jan 26 2006
12:40PM

### IN THE CIRCUIT COURT OF
### MONTGOMERY COUNTY, ALABAMA

STATE OF ALABAMA,　　　　　　　　　)
　　　　　　　　　　　　　　　　　　)
　　　　　　　Plaintiff,　　　　　　　　)
　　　　　　　　　　　　　　　　　　)
　　　　v.　　　　　　　　　　　　　　)　　　Civil Action No. 2005-219
　　　　　　　　　　　　　　　　　　)
ABBOTT LABORATORIES, INC., et al.,　　)
　　　　　　　　　　　　　　　　　　)
　　　　　　　Defendants.　　　　　　　)

### DEFENDANT BARR LABORATORIES, INC.'S ANSWER TO THE
### STATE OF ALABAMA'S SECOND AMENDED COMPLAINT

Barr Laboratories, Inc. ("Barr"), by its counsel Kirkland & Ellis LLP, responds to the

corresponding numbered allegations in the State of Alabama's Second Amended Complaint

("Complaint") as follows:

### INTRODUCTION

1.　　　Barr denies the allegations in paragraph 1 of the Complaint as they purport to apply to

Barr. Barr lacks sufficient knowledge or information to form a belief as to the truth of

the allegations regarding other parties in paragraph 1 of the Complaint, and therefore

denies them.

2.　　　Barr denies the allegations in paragraph 2 of the Complaint as they purport to apply to

Barr. Barr lacks sufficient knowledge or information to form a belief as to the truth of

the allegations regarding other parties in paragraph 2 of the Complaint, and therefore

denies them.

3.　　　Barr denies the allegations in paragraph 3 of the Complaint as they purport to apply to

Barr. Barr lacks sufficient knowledge or information to form a belief as to the truth of

the allegations regarding other parties in paragraph 3 of the Complaint, and therefore denies them.

4.    Barr denies the allegations in paragraph 4 of the Complaint as they purport to apply to Barr.  Barr lacks sufficient knowledge or information to form a belief as to the truth of the allegations regarding other parties in paragraph 4 of the Complaint, and therefore denies them.

### PARTIES

5.    Barr admits that the purported plaintiff is the State of Alabama.  Barr further admits that the State claims to bring this action in its capacity as sovereign and on behalf of the Alabama Medicaid Agency.

6.    Barr admits that the Attorney General of the State of Alabama is the chief law officer of the State of Alabama.  Barr further admits that Alabama Code § 36-15-12 authorizes the Attorney General "to institute and prosecute, in the name of the state, all civil actions and other proceedings necessary to protect the rights and interests of the state."  Barr denies that plaintiff has asserted proper claims against Barr in this action or that any relief is appropriate.

7.    Barr lacks sufficient knowledge or information regarding other parties to form a belief as to the truth of the allegations in paragraph 7 of the Complaint, and therefore denies them.

8.    Barr lacks sufficient knowledge or information regarding other parties to form a belief as to the truth of the allegations in paragraph 8 of the Complaint, and therefore denies them.

9.    Barr lacks sufficient knowledge or information regarding other parties to form a belief as to the truth of the allegations in paragraph 9 of the Complaint, and therefore denies them.

10.    Barr lacks sufficient knowledge or information regarding other parties to form a belief as to the truth of the allegations in paragraph 10 of the Complaint, and therefore denies them.

11.    Barr lacks sufficient knowledge or information regarding other parties to form a belief as to the truth of the allegations in paragraph 11 of the Complaint, and therefore denies them.

12.    Barr lacks sufficient knowledge or information regarding other parties to form a belief as to the truth of the allegations in paragraph 12 of the Complaint, and therefore denies them.

13.    Barr lacks sufficient knowledge or information regarding other parties to form a belief as to the truth of the allegations in paragraph 13 of the Complaint, and therefore denies them.

14.    Barr lacks sufficient knowledge or information regarding other parties to form a belief as to the truth of the allegations in paragraph 14 of the Complaint, and therefore denies them.

15.    Barr lacks sufficient knowledge or information regarding other parties to form a belief as to the truth of the allegations in paragraph 15 of the Complaint, and therefore denies them.

16.  Barr lacks sufficient knowledge or information regarding other parties to form a belief as to the truth of the allegations in paragraph 16 of the Complaint, and therefore denies them.

17.  Barr lacks sufficient knowledge or information regarding other parties to form a belief as to the truth of the allegations in paragraph 17 of the Complaint, and therefore denies them.

18.  Barr lacks sufficient knowledge or information regarding other parties to form a belief as to the truth of the allegations in paragraph 18 of the Complaint, and therefore denies them.

19.  Barr lacks sufficient knowledge or information regarding other parties to form a belief as to the truth of the allegations in paragraph 19 of the Complaint, and therefore denies them.

20.  Barr lacks sufficient knowledge or information regarding other parties to form a belief as to the truth of the allegations in paragraph 20 of the Complaint, and therefore denies them.

21.  Barr lacks sufficient knowledge or information regarding other parties to form a belief as to the truth of the allegations in paragraph 21 of the Complaint, and therefore denies them.

22.  Barr lacks sufficient knowledge or information regarding other parties to form a belief as to the truth of the allegations in paragraph 22 of the Complaint, and therefore denies them.

23.    Barr lacks sufficient knowledge or information regarding other parties to form a belief as to the truth of the allegations in paragraph 23 of the Complaint, and therefore denies them.

24.    Barr admits that it is a subsidiary of Barr Pharmaceuticals, Inc.  Barr further admits that it is in the business of manufacturing, distributing, marketing and selling prescription drugs, some of which are reimbursed to third parties by state Medicaid agencies.  Barr also admits that plaintiff purports to assert claims regarding the drugs identified in Exhibit A of the Complaint, but denies that those claims are properly asserted or that any relief is appropriate.  Barr denies the remaining allegations in paragraph 24 of the Complaint, but states that it is a Delaware corporation with its principal executive offices at 400 Chestnut Ridge Rd., Woodcliff Lake, NJ.

25.    Barr lacks sufficient knowledge or information regarding other parties to form a belief as to the truth of the allegations in paragraph 25 of the Complaint, and therefore denies them.

26.    Barr lacks sufficient knowledge or information regarding other parties to form a belief as to the truth of the allegations in paragraph 26 of the Complaint, and therefore denies them.

27.    Barr lacks sufficient knowledge or information regarding other parties to form a belief as to the truth of the allegations in paragraph 27 of the Complaint, and therefore denies them.

28.     Barr lacks sufficient knowledge or information regarding other parties to form a belief as to the truth of the allegations in paragraph 28 of the Complaint, and therefore denies them.

29.     Barr lacks sufficient knowledge or information regarding other parties to form a belief as to the truth of the allegations in paragraph 29 of the Complaint, and therefore denies them.

30.     Barr lacks sufficient knowledge or information regarding other parties to form a belief as to the truth of the allegations in paragraph 30 of the Complaint, and therefore denies them.

31.     Barr lacks sufficient knowledge or information regarding other parties to form a belief as to the truth of the allegations in paragraph 31 of the Complaint, and therefore denies them.

32.     Barr lacks sufficient knowledge or information regarding other parties to form a belief as to the truth of the allegations in paragraph 32 of the Complaint, and therefore denies them.

33.     Barr lacks sufficient knowledge or information regarding other parties to form a belief as to the truth of the allegations in paragraph 33 of the Complaint, and therefore denies them.

34.     Barr lacks sufficient knowledge or information regarding other parties to form a belief as to the truth of the allegations in paragraph 34 of the Complaint, and therefore denies them.

35.    Barr lacks sufficient knowledge or information regarding other parties to form a belief as to the truth of the allegations in paragraph 35 of the Complaint, and therefore denies them.

36.    Barr lacks sufficient knowledge or information regarding other parties to form a belief as to the truth of the allegations in paragraph 36 of the Complaint, and therefore denies them.

37.    Barr lacks sufficient knowledge or information regarding other parties to form a belief as to the truth of the allegations in paragraph 37 of the Complaint, and therefore denies them.

38.    Barr lacks sufficient knowledge or information regarding other parties to form a belief as to the truth of the allegations in paragraph 38 of the Complaint, and therefore denies them.

39.    Barr lacks sufficient knowledge or information regarding other parties to form a belief as to the truth of the allegations in paragraph 39 of the Complaint, and therefore denies them.

40.    Barr lacks sufficient knowledge or information regarding other parties to form a belief as to the truth of the allegations in paragraph 40 of the Complaint, and therefore denies them.

41.    Barr lacks sufficient knowledge or information regarding other parties to form a belief as to the truth of the allegations in paragraph 41 of the Complaint, and therefore denies them.

42.    Barr lacks sufficient knowledge or information regarding other parties to form a belief as to the truth of the allegations in paragraph 42 of the Complaint, and therefore denies them.

43.    Barr lacks sufficient knowledge or information regarding other parties to form a belief as to the truth of the allegations in paragraph 43 of the Complaint, and therefore denies them.

44.    Barr lacks sufficient knowledge or information regarding other parties to form a belief as to the truth of the allegations in paragraph 44 of the Complaint, and therefore denies them.

45.    Barr lacks sufficient knowledge or information regarding other parties to form a belief as to the truth of the allegations in paragraph 45 of the Complaint, and therefore denies them.

46.    Barr lacks sufficient knowledge or information regarding other parties to form a belief as to the truth of the allegations in paragraph 46 of the Complaint, and therefore denies them.

47.    Barr lacks sufficient knowledge or information regarding other parties to form a belief as to the truth of the allegations in paragraph 47 of the Complaint, and therefore denies them.

48.    Barr lacks sufficient knowledge or information regarding other parties to form a belief as to the truth of the allegations in paragraph 48 of the Complaint, and therefore denies them.

49.     Barr lacks sufficient knowledge or information regarding other parties to form a belief as
        to the truth of the allegations in paragraph 49 of the Complaint, and therefore denies
        them.

50.     Barr lacks sufficient knowledge or information regarding other parties to form a belief as
        to the truth of the allegations in paragraph 50 of the Complaint, and therefore denies
        them.

51.     Barr lacks sufficient knowledge or information regarding other parties to form a belief as
        to the truth of the allegations in paragraph 51 of the Complaint, and therefore denies
        them.

52.     Barr lacks sufficient knowledge or information regarding other parties to form a belief as
        to the truth of the allegations in paragraph 52 of the Complaint, and therefore denies
        them.

53.     Barr lacks sufficient knowledge or information regarding other parties to form a belief as
        to the truth of the allegations in paragraph 53 of the Complaint, and therefore denies
        them.

54.     Barr lacks sufficient knowledge or information regarding other parties to form a belief as
        to the truth of the allegations in paragraph 54 of the Complaint, and therefore denies
        them.

55.     Barr lacks sufficient knowledge or information regarding other parties to form a belief as
        to the truth of the allegations in paragraph 55 of the Complaint, and therefore denies
        them.

56.  Barr lacks sufficient knowledge or information regarding other parties to form a belief as to the truth of the allegations in paragraph 56 of the Complaint, and therefore denies them.

57.  Barr lacks sufficient knowledge or information regarding other parties to form a belief as to the truth of the allegations in paragraph 57 of the Complaint, and therefore denies them.

58.  Barr lacks sufficient knowledge or information regarding other parties to form a belief as to the truth of the allegations in paragraph 58 of the Complaint, and therefore denies them.

59.  Barr lacks sufficient knowledge or information regarding other parties to form a belief as to the truth of the allegations in paragraph 59 of the Complaint, and therefore denies them.

60.  Barr lacks sufficient knowledge or information regarding other parties to form a belief as to the truth of the allegations in paragraph 60 of the Complaint, and therefore denies them.

61.  Barr lacks sufficient knowledge or information regarding other parties to form a belief as to the truth of the allegations in paragraph 61 of the Complaint, and therefore denies them.

62.  Barr lacks sufficient knowledge or information regarding other parties to form a belief as to the truth of the allegations in paragraph 62 of the Complaint, and therefore denies them.

63.    Barr lacks sufficient knowledge or information regarding other parties to form a belief as to the truth of the allegations in paragraph 63 of the Complaint, and therefore denies them.

64.    Barr lacks sufficient knowledge or information regarding other parties to form a belief as to the truth of the allegations in paragraph 64 of the Complaint, and therefore denies them.

65.    Barr lacks sufficient knowledge or information regarding other parties to form a belief as to the truth of the allegations in paragraph 65 of the Complaint, and therefore denies them.

66.    Barr lacks sufficient knowledge or information regarding other parties to form a belief as to the truth of the allegations in paragraph 66 of the Complaint, and therefore denies them.

67.    Barr lacks sufficient knowledge or information regarding other parties to form a belief as to the truth of the allegations in paragraph 67 of the Complaint, and therefore denies them.

68.    Barr lacks sufficient knowledge or information regarding other parties to form a belief as to the truth of the allegations in paragraph 68 of the Complaint, and therefore denies them.

69.    Barr lacks sufficient knowledge or information regarding other parties to form a belief as to the truth of the allegations in paragraph 69 of the Complaint, and therefore denies them.

70.    Barr lacks sufficient knowledge or information regarding other parties to form a belief as to the truth of the allegations in paragraph 70 of the Complaint, and therefore denies them.

71.    Barr lacks sufficient knowledge or information regarding other parties to form a belief as to the truth of the allegations in paragraph 71 of the Complaint, and therefore denies them.

72.    Barr lacks sufficient knowledge or information regarding other parties to form a belief as to the truth of the allegations in paragraph 72 of the Complaint, and therefore denies them.

73.    Barr lacks sufficient knowledge or information regarding other parties to form a belief as to the truth of the allegations in paragraph 73 of the Complaint, and therefore denies them.

74.    Barr lacks sufficient knowledge or information regarding other parties to form a belief as to the truth of the allegations in paragraph 74 of the Complaint, and therefore denies them.

75.    Barr lacks sufficient knowledge or information regarding other parties to form a belief as to the truth of the allegations in paragraph 75 of the Complaint, and therefore denies them.

76.    Barr lacks sufficient knowledge or information regarding other parties to form a belief as to the truth of the allegations in paragraph 76 of the Complaint, and therefore denies them.

77.    Barr lacks sufficient knowledge or information regarding other parties to form a belief as to the truth of the allegations in paragraph 77 of the Complaint, and therefore denies them.

78.    Barr lacks sufficient knowledge or information regarding other parties to form a belief as to the truth of the allegations in paragraph 78 of the Complaint, and therefore denies them.

79.    Barr lacks sufficient knowledge or information regarding other parties to form a belief as to the truth of the allegations in paragraph 79 of the Complaint, and therefore denies them.

80.    Barr lacks sufficient knowledge or information regarding other parties to form a belief as to the truth of the allegations in paragraph 80 of the Complaint, and therefore denies them.

81.    Barr lacks sufficient knowledge or information regarding other parties to form a belief as to the truth of the allegations in paragraph 81 of the Complaint, and therefore denies them.

82.    Barr lacks sufficient knowledge or information regarding other parties to form a belief as to the truth of the allegations in paragraph 82 of the Complaint, and therefore denies them.

83.    Barr lacks sufficient knowledge or information regarding other parties to form a belief as to the truth of the allegations in paragraph 83 of the Complaint, and therefore denies them.

84.    Barr lacks sufficient knowledge or information regarding other parties to form a belief as to the truth of the allegations in paragraph 84 of the Complaint, and therefore denies them.

85.    Barr lacks sufficient knowledge or information regarding other parties to form a belief as to the truth of the allegations in paragraph 85 of the Complaint, and therefore denies them.

86.    Barr lacks sufficient knowledge or information regarding other parties to form a belief as to the truth of the allegations in paragraph 86 of the Complaint, and therefore denies them.

87.    Barr lacks sufficient knowledge or information regarding other parties to form a belief as to the truth of the allegations in paragraph 87 of the Complaint, and therefore denies them.

88.    Barr lacks sufficient knowledge or information regarding other parties to form a belief as to the truth of the allegations in paragraph 88 of the Complaint, and therefore denies them.

89.    Barr lacks sufficient knowledge or information regarding other parties to form a belief as to the truth of the allegations in paragraph 89 of the Complaint, and therefore denies them.

90.    Barr lacks sufficient knowledge or information regarding other parties to form a belief as to the truth of the allegations in paragraph 90 of the Complaint, and therefore denies them.

91.   Barr lacks sufficient knowledge or information regarding other parties to form a belief as to the truth of the allegations in paragraph 91 of the Complaint, and therefore denies them.

92.   Barr lacks sufficient knowledge or information regarding other parties to form a belief as to the truth of the allegations in paragraph 92 of the Complaint, and therefore denies them.

93.   Barr lacks sufficient knowledge or information regarding other parties to form a belief as to the truth of the allegations in paragraph 93 of the Complaint, and therefore denies them.

94.   Barr denies the allegations in paragraph 94 of the Complaint as they purport to apply to Barr.  Barr lacks sufficient knowledge or information to form a belief as to the truth of the allegations regarding other parties in paragraph 94 of the Complaint, and therefore denies them.

## JURISDICTION AND VENUE

95.   Barr admits that plaintiff seeks to invoke the subject matter jurisdiction of this Court, but denies that plaintiff's claims arise exclusively under Alabama law.  Further answering, Barr denies that plaintiff has asserted proper claims under any of the statutes or sources of law cited or that any relief is appropriate.

96.   Barr denies the allegations in paragraph 96 of the Complaint as they purport to apply to Barr, except to state that its products are available for sale in Alabama just as in any other State.  Barr lacks sufficient knowledge or information to form a belief as to the truth of

the remaining allegations regarding other parties contained in paragraph 96 of the Complaint, and therefore denies them.

97.    Barr lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 97 of the Complaint, and therefore denies them.

## FACTUAL BACKGROUND

### The Alabama Medicaid Program

98.    Barr admits that the Alabama Medicaid program is a state-administered program with federal matching funds which pays for medical care, including prescription drug benefits, for Alabama's low-income and disabled citizens. Barr lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 98 of the Complaint, and therefore denies them.

99.    Barr admits that Alabama Medicaid reimburses medical providers, including physicians and pharmacists, for drugs prescribed for, and dispensed to, Alabama Medicaid recipients pursuant to statutory and administrative formulas. Barr lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 99 of the Complaint, and therefore denies them.

100.    Barr denies the allegations in paragraph 100 of the Complaint as they purport to apply to Barr. Barr lacks sufficient knowledge or information to form a belief as to the truth of the allegations regarding other parties in paragraph 100 of the Complaint, and therefore denies them.

101.    Barr admits the allegations in paragraph 101 of the Complaint.

102.    Paragraph 102 of the Complaint recites laws and regulations which speak for themselves. Barr denies that plaintiff's selective characterization of those laws and regulations is necessarily complete or accurate, and therefore denies the allegations in paragraph 102 of the Complaint.

**The Defendants' Reporting of Inflated Pricing Information**

103.    Barr denies the allegations in paragraph 103 of the Complaint as they purport to apply to Barr, and states that it has not made any misrepresentations about the nature of the prices it has quoted for its products. Barr lacks sufficient knowledge or information to form a belief as to the truth of the allegations regarding other parties in paragraph 103 of the Complaint, and therefore denies them.

104.    Barr lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 104 of the Complaint, and therefore denies them.

105.    Barr denies the allegations in paragraph 105 of the Complaint as they purport to apply to Barr, and states that it has not made any misrepresentations about the nature of the prices it has quoted for its products. Barr lacks sufficient knowledge or information to form a belief as to the truth of the allegations regarding other parties in paragraph 105 of the Complaint, and therefore denies them.

106.    Barr denies the allegations in paragraph 106 of the Complaint as they purport to apply to Barr, and states that it has not made any misrepresentations about the nature of the prices it has quoted for its products. Barr lacks sufficient knowledge or information to form a belief as to the truth of the allegations regarding other parties in paragraph 106 of the

Complaint, and therefore denies them. Barr also lacks sufficient knowledge or information to form a belief as to the truth of the allegations concerning Alabama Medicaid's access to information regarding "actual market prices," and therefore denies them.

107. Barr denies the allegations in paragraph 107 of the Complaint as they purport to apply to Barr. Barr lacks sufficient knowledge or information to form a belief as to the truth of the allegations regarding other parties in paragraph 107 of the Complaint, and therefore denies them.

**Defendants' Marketing of the "Spread"**

108. Barr denies the allegations in paragraph 108 of the Complaint as they purport to apply to Barr. Barr lacks sufficient knowledge or information to form a belief as to the truth of the allegations regarding other parties in paragraph 108 of the Complaint, and therefore denies them.

109. Barr denies the allegations in paragraph 109 of the Complaint as they purport to apply to Barr. Barr lacks sufficient knowledge or information to form a belief as to the truth of the allegations regarding other parties in paragraph 109 of the Complaint, and therefore denies them.

110. Barr denies the allegations in paragraph 110 of the Complaint as they purport to apply to Barr. Barr lacks sufficient knowledge or information to form a belief as to the truth of the allegations regarding other parties in paragraph 110 of the Complaint, and therefore denies them.

111.  Barr denies the allegations in paragraph 111 of the Complaint as they purport to apply to Barr.  Barr lacks sufficient knowledge or information to form a belief as to the truth of the allegations regarding other parties in paragraph 111 of the Complaint, and therefore denies them.

**Other Lawsuits, Settlements, Government Investigations, and Criminal Proceedings**

112.  Barr denies the allegations in paragraph 112 of the Complaint as they purport to apply to Barr, except to admit that other plaintiffs have filed complaints alleging similarly meritless and ill-informed claims from which plaintiff here appears to have largely copied its allegations.

113.  Barr denies the allegations in paragraph 113 of the Complaint as they purport to apply to Barr, except to state that it has been named as a Defendant in an action in New York related to Medicaid drug pricing.  Barr lacks sufficient knowledge or information to form a belief as to the truth of the allegations regarding other parties in paragraph 113 of the Complaint, and therefore denies them.

114.  Barr denies the allegations in paragraph 114 of the Complaint as they purport to apply to Barr.  Barr lacks sufficient knowledge or information to form a belief as to the truth of the allegations regarding other parties in paragraph 114 of the Complaint, and therefore denies them.

115.  Barr denies the allegations in paragraph 115 of the Complaint as they purport to apply to Barr.  Barr lacks sufficient knowledge or information to form a belief as to the truth of

the allegations regarding other parties in paragraph 115 of the Complaint, and therefore denies them.

116.  Barr lacks sufficient knowledge or information regarding other parties to form a belief as to the truth of the allegations in paragraph 116 of the Complaint, and therefore denies them.

117.  Barr lacks sufficient knowledge or information regarding other parties to form a belief as to the truth of the allegations in paragraph 117 of the Complaint, and therefore denies them.

118.  Barr lacks sufficient knowledge or information regarding other parties to form a belief as to the truth of the allegations in paragraph 118 of the Complaint, and therefore denies them.

119.  Barr lacks sufficient knowledge or information regarding other parties to form a belief as to the truth of the allegations in paragraph 119 of the Complaint, and therefore denies them.

120.  Barr lacks sufficient knowledge or information regarding other parties to form a belief as to the truth of the allegations in paragraph 120 of the Complaint, and therefore denies them.

121.  Barr lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 121 of the Complaint, and therefore denies them.

122.    Barr denies the allegations in paragraph 122 of the Complaint as they purport to apply to Barr. Barr lacks sufficient knowledge or information to form a belief as to the truth of the allegations regarding other parties in paragraph 122 of the Complaint, and therefore denies them.

123.    Barr denies the allegations in paragraph 123 of the Complaint as they purport to apply to Barr, except to state that Barr sells generic drugs at lower prices than their brand-name equivalents, thereby saving money for consumers and the public at large. Barr lacks sufficient knowledge or information to form a belief as to the truth of the allegations regarding other parties in paragraph 123 of the Complaint, and therefore denies them.

124.    Barr denies the allegations in paragraph 124 of the Complaint as they purport to apply to Barr. Barr lacks sufficient knowledge or information to form a belief as to the truth of the allegations regarding other parties contained in paragraph 124 of the Complaint, and consequently denies them.

125.    Barr denies the allegations in paragraph 125 of the Complaint as they purport to apply to Barr, and specifically states that plaintiff's failure to provide adequate notice of the allegations against Barr cannot be excused on the claimed ground that it would be a "massive undertaking." Barr lacks sufficient knowledge or information to form a belief as to the truth of the allegations regarding other parties contained in paragraph 125 of the Complaint, and consequently denies them.

126.    Barr denies the allegations in paragraph 126 of the Complaint as they purport to apply to Barr, and specifically states that plaintiff's failure to provide adequate notice of the allegations against Barr cannot be excused or cured by conclusory allegations that the

21

Defendants know what the case is about. Barr lacks sufficient knowledge or information to form a belief as to the truth of the allegations regarding other parties in paragraph 126 of the Complaint, and therefore denies them.

## CLAIMS

### COUNT ONE – FRAUDULENT MISREPRESENTATION

127.  Barr incorporates by reference its responses to the preceding paragraphs of the Complaint as though set forth verbatim herein.

128.  Barr denies the allegations in paragraph 128 of the Complaint as they purport to apply to Barr. Barr lacks sufficient knowledge or information to form a belief as to the truth of the allegations regarding other parties in paragraph 128 of the Complaint, and therefore denies them.

129.  Barr denies the allegations in paragraph 129 of the Complaint as they purport to apply to Barr. Barr lacks sufficient knowledge or information to form a belief as to the truth of the allegations regarding other parties in paragraph 129 of the Complaint, and therefore denies them.

130.  Barr denies the allegations in paragraph 130 of the Complaint as they purport to apply to Barr. Barr lacks sufficient knowledge or information to form a belief as to the truth of the allegations regarding other parties in paragraph 130 of the Complaint, and therefore denies them.

### COUNT TWO -- FRAUDULENT SUPPRESSION

131.  Barr incorporates by reference its responses to the preceding paragraphs of the Complaint as though set forth verbatim herein.

132.    Barr denies the allegations in paragraph 132 of the Complaint (which plaintiff has
        mislabeled as Paragraph 140) as they purport to apply to Barr.  Barr lacks sufficient
        knowledge or information to form a belief as to the truth of the allegations regarding
        other parties in paragraph 132 of the Complaint (which plaintiff has mislabeled as
        Paragraph 140), and therefore denies them.

133.    Barr denies the allegations in paragraph 133 of the Complaint (which plaintiff has
        mislabeled as Paragraph 141) as they purport to apply to Barr.  Barr lacks sufficient
        knowledge or information to form a belief as to the truth of the allegations regarding
        other parties in paragraph 133 of the Complaint (which plaintiff has mislabeled as
        Paragraph 141), and therefore denies them.

134.    Barr denies the allegations in paragraph 134 of the Complaint (which plaintiff has
        mislabeled as Paragraph 142) as they purport to apply to Barr.  Barr lacks sufficient
        knowledge or information to form a belief as to the truth of the allegations regarding
        other parties in paragraph 134 of the Complaint (which plaintiff has mislabeled as
        Paragraph 142), and therefore denies them.

## COUNT THREE -- WANTONNESS

135.    Barr incorporates by reference its responses to the preceding paragraphs of the Complaint
        as though set forth verbatim herein.

136.    Barr denies the allegations in paragraph 136 of the Complaint (which plaintiff has
        mislabeled as Paragraph 144) as they purport to apply to Barr.  Barr lacks sufficient
        knowledge or information to form a belief as to the truth of the allegations regarding

other parties in paragraph 136 of the Complaint (which plaintiff has mislabeled as Paragraph 144), and therefore denies them.

137. Barr denies the allegations in paragraph 137 of the Complaint (which plaintiff has mislabeled as Paragraph 145) as they purport to apply to Barr. Barr lacks sufficient knowledge or information to form a belief as to the truth of the allegations regarding other parties in paragraph 137 of the Complaint (which plaintiff has mislabeled as Paragraph 145), and therefore denies them.

138. Barr denies the allegations in paragraph 138 of the Complaint (which plaintiff has mislabeled as Paragraph 146) as they purport to apply to Barr. Barr lacks sufficient knowledge or information to form a belief as to the truth of the allegations regarding other parties in paragraph 138 of the Complaint (which plaintiff has mislabeled as Paragraph 146), and therefore denies them.

139. Barr denies the allegations in paragraph 139 of the Complaint (which plaintiff has mislabeled as Paragraph 147) as they purport to apply to Barr. Barr lacks sufficient knowledge or information to form a belief as to the truth of the allegations regarding other parties in paragraph 139 of the Complaint (which plaintiff has mislabeled as Paragraph 147), and therefore denies them.

## COUNT FOUR -- UNJUST ENRICHMENT

140. Barr incorporates by reference its responses to the preceding paragraphs of the Complaint as though set forth verbatim herein.

24

141.  Barr denies the allegations in paragraph 141 of the Complaint (which plaintiff has mislabeled as Paragraph 149) as they purport to apply to Barr. Barr lacks sufficient knowledge or information to form a belief as to the truth of the allegations regarding other parties in paragraph 141 of the Complaint (which plaintiff has mislabeled as Paragraph 149), and therefore denies them.

142.  Barr denies the allegations in paragraph 142 of the Complaint (which plaintiff has mislabeled as Paragraph 150) as they purport to apply to Barr. Barr lacks sufficient knowledge or information to form a belief as to the truth of the allegations regarding other parties in paragraph 142 of the Complaint (which plaintiff has mislabeled as Paragraph 150), and therefore denies them.

143.  Barr denies the allegations in paragraph 143 of the Complaint (which plaintiff has mislabeled as Paragraph 151) as they purport to apply to Barr. Barr lacks sufficient knowledge or information to form a belief as to the truth of the allegations regarding other parties in paragraph 143 of the Complaint (which plaintiff has mislabeled as Paragraph 151), and therefore denies them.

144.  Barr denies the allegations in paragraph 144 of the Complaint (which plaintiff has mislabeled as Paragraph 152) as they purport to apply to Barr. Barr lacks sufficient knowledge or information to form a belief as to the truth of the allegations regarding other parties in paragraph 144 of the Complaint (which plaintiff has mislabeled as Paragraph 152), and therefore denies them.

## PRAYER FOR RELIEF

Barr denies that any relief is appropriate.

## JURY DEMAND

Barr denies that a jury trial is appropriate on all issues raised by the Complaint.

## DEFENSES

Without assuming any burden that it would not otherwise bear, Barr asserts the following affirmative defenses:

### First Affirmative Defense

Plaintiff fails to state a claim upon which relief can be granted.

### Second Affirmative Defense

Plaintiff has failed to plead fraud with the requisite specificity.

### Third Affirmative Defense

Plaintiff's claims are barred, in whole or in part, because it lacks standing to sue under the contracts at issue.

### Fourth Affirmative Defense

Plaintiff's claims are barred, in whole or in part, because Barr's alleged conduct was reasonable and based on independent, legitimate business and economic justifications.

### Fifth Affirmative Defense

Any and all of Barr's actions alleged by Plaintiff were lawful, justified, pro-competitive, carried out in furtherance of Barr's legitimate business interests, and constitute *bona fide* business competition.

### Sixth Affirmative Defense

Plaintiff's claims are barred, in whole or in part, because plaintiff has not suffered injury proximately caused by any conduct of Barr and/or has not suffered, and will not suffer, injury of the type that the relevant statutes were designed to prevent.

### Seventh Affirmative Defense

Plaintiff's claims are barred, in whole or in part, because plaintiff's alleged injuries and damages were not legally or proximately caused by any acts or omissions of Barr and/or were caused, if at all, by the conduct of plaintiff and/or third parties.

### Eighth Affirmative Defense

Plaintiff has not suffered any actual injury or damage as a result of any conduct alleged as a basis of this lawsuit.

### Ninth Affirmative Defense

Plaintiff's claims are barred, in whole or in part, because plaintiff's alleged damages, if any, are too speculative and uncertain.

### Tenth Affirmative Defense

Plaintiff's claims are barred, in whole or in part, because plaintiff failed to mitigate damages, if any, allegedly suffered as a result of the conduct it alleges. Plaintiff's failure to mitigate damages should proportionately reduce the recovery of plaintiff and the allocation of any fault, if any exists, attributable to Barr.

### Eleventh Affirmative Defense

Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitations.

### Twelfth Affirmative Defense

Plaintiff's claims are barred, in whole or in part, by the doctrines of waiver, estoppel, and/or laches.

### Thirteenth Affirmative Defense

Plaintiff's claims are barred, in whole or in part, because plaintiff has failed to join necessary parties to this litigation.

## Fourteenth Affirmative Defense

To the extent plaintiff's claims would result in Barr paying damages to more than one claimant for the same alleged overcharge, they are barred because such multiple liability would violate rights guaranteed to Barr by the United States Constitution, including, without limitation, rights guaranteed under the Due Process Clause of the Fourteenth Amendment.

## Fifteenth Affirmative Defense

Plaintiff's claims are barred, in whole or in part, by the political question and separation of powers doctrines.

## Sixteenth Affirmative Defense

To the extent plaintiff obtains recovery in any other case predicated on the same factual allegations, plaintiff is barred from seeking recovery against Barr based on the Complaint pursuant to the doctrines of res judicata and collateral estoppel, and the prohibition on double recovery for the same injury.

## Seventeenth Affirmative Defense

Plaintiff's claims are barred, in whole or in part, by the First Amendment to the United States Constitution and the analogous provisions of the Constitution of the State of Alabama.

## Eighteenth Affirmative Defense

Plaintiff's claims are barred, in whole or in part, by the filed rate doctrine.

## Nineteenth Affirmative Defense

Plaintiff's claims are barred, in whole or in part, to the extent that plaintiff has released, settled, entered into an accord and satisfaction or otherwise compromised its claims.

## Twentieth Affirmative Defense

Any and all actions taken by Barr with respect to any of the matters alleged in the Complaint were taken in good faith and in accordance with established industry practice.

### Twenty-First Affirmative Defense

Plaintiff's claims are preempted, in whole or in part, by federal law, including without limitation the Federal Employment Retirement Income and Security Act of 1974, the Federal Medicare Act, and the Federal Medicaid Act, including all amendments to the same and all regulations promulgated thereunder.

### Twenty-Second Affirmative Defense

Plaintiff's claims are preempted by the dormant Commerce Clause of the United States Constitution.

### Twenty-Third Affirmative Defense

Plaintiff's claims against Barr are barred because Barr has complied with all applicable regulations of the federal and state governments.

### Twenty-Fourth Affirmative Defense

Plaintiff's claims against Barr are barred, in whole or in part, by the applicable statutes of limitations and repose.

### Twenty-Fifth Affirmative Defense

Plaintiff's claims are barred, in whole or in part, because they violate Barr's rights under the Due Process and *Ex Post Facto* clauses of the United States Constitution, as well as the Constitution of the State of Alabama, insofar as plaintiff seeks to impose liability retroactively for conduct that was not actionable at the time it occurred.

### Twenty-Sixth Affirmative Defense

To the extent that plaintiff attempts to seek equitable relief against Barr, plaintiff is not entitled to such relief because it has an adequate remedy at law.

### Twenty-Seventh Affirmative Defense

Plaintiff's claims against Barr for injunctive relief were mooted by the passage of the Medicare Prescription Drug, Improvement and Modernization Act of 2003.

### Twenty-Eighth Affirmative Defense

Plaintiff's claims for injunctive relief against Barr are barred by the doctrines of *in pari delicto* and/or unclean hands.

### Twenty-Ninth Affirmative Defense

Plaintiff's claims against Barr for damages are barred, in whole or in part, because plaintiff would be unjustly enriched if allowed to recover any portion of the damages alleged in the Complaint.

### Thirtieth Affirmative Defense

Plaintiff's claims against Barr for damages are barred, in whole or in part, by the doctrine of consent and/or ratification to the extent that plaintiff has paid for products manufactured, marketed, and sold by Barr after the filing of the plaintiff's original Complaint.

### Thirty-First Affirmative Defense

Barr is entitled to a set-off, should any damages be awarded against it, for the entire amount of all damages or settlement amounts recovered by plaintiff, with respect to the same alleged injuries.

### Thirty-Second Affirmative Defense

Any damages recovered by the plaintiff from Barr must be limited by the applicable statutory ceilings on recoverable damages.

### Thirty-Third Affirmative Defense

Plaintiff fails to allege facts or a cause of action against Barr sufficient to support a claim for compensatory damages, attorneys' fees and/or legal fees, or any other relief.

### Thirty-Fourth Affirmative Defense

To the extent punitive damages are sought, plaintiff's punitive damages claims against Barr (1) have no basis in law or fact; (2) are not recoverable because the allegations of the Complaint are legally insufficient to support a claim for punitive damages against Barr; (3) cannot be sustained because the laws regarding the standards for determining liability for and the amount of punitive damages fail to give Barr prior notice of the conduct for which punitive damages may be imposed and the severity of the penalty that may be imposed, and are void for vagueness in violation of Barr's Due Process rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and the Constitution of the State of Alabama; (4) cannot be sustained because any award of punitive damages exceeding the limits authorized by the laws or other comparable laws would violate Barr's Due Process and Equal Protection rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and would be improper under the Constitution, common law and laws of the State of Alabama; (5) cannot be sustained because an award of punitive damages in this case, combined with any prior, contemporaneous, or subsequent judgments against Barr for punitive damages arising from the design, development, manufacture, fabrication, distribution, supply, marketing, sale, or use of Barr's products would constitute impermissible multiple punishments for the same wrong, in violation of Barr's Due Process and Equal Protection rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and would constitute double jeopardy in violation of the Constitution, common law, and statutory laws of the State of Alabama; (6) cannot be sustained because any award of punitive damages without the apportionment of the award separately and severally between or among the alleged joint tortfeasors, as determined by the alleged percentage of the wrong committed by each alleged tortfeasor, would violate Barr's Due Process and Equal Protection rights guaranteed by the Fifth and Fourteenth Amendments to

the United States Constitution and would be improper under the Constitution, common law, and public policies of the State of Alabama; and (7) cannot be sustained because any award of punitive damages, which are penal in nature, without according Barr the same protections that are accorded to all criminal defendants, including the protection against unreasonable searches and seizures, the privilege against self-incrimination, and the rights to confront adverse witnesses, a speedy trial, and the effective assistance of counsel, would violate Barr's rights guaranteed by the Fourth, Fifth, and Sixth Amendment as incorporated into the Fourteenth Amendment to the United States Constitution and would be improper under the Constitution, common law, and public policies of the State of Alabama.

### Thirty-Fifth Affirmative Defense

To the extent punitive damages are sought, plaintiff's claims for punitive damages against Barr cannot be sustained because an award of punitive damages by a jury that (1) is not provided constitutionally adequate standards of sufficient clarity for determining the appropriate imposition of, and the appropriate size of, a punitive damages award; (2) is not adequately instructed on the limits of punitive damages imposed by the applicable principles of deterrence and punishment; (3) is not expressly prohibited from awarding punitive damages, or determining the amount of an award of punitive damages, in whole or in part on the basis of invidiously discriminatory characteristics, including without limitation the residence, wealth, and corporate status of Barr; (4) is permitted to award punitive damages under a standard for determining liability for punitive damages that is vague and arbitrary and does not define with sufficient clarity the conduct or mental state that makes punitive damages permissible; (5) is not properly instructed regarding plaintiff's burden of proof with respect to each and every element of a claim for punitive damages; and (6) is not subject to trial court and appellate judicial review for reasonableness and furtherance of legitimate purposes on the basis of constitutionally adequate

32

and objective standards, would violate Barr's Due Process and Equal Protection rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution, and would be improper under the Constitution, common law, and public policies of the State of Alabama.

### Thirty-Sixth Affirmative Defense

To the extent punitive damages are sought, plaintiff's claims for punitive damages against Barr cannot be sustained because an award of punitive damages that is not subject to a predetermined limit, such as a maximum multiple of compensatory damages or a maximum amount of punitive damages that may be imposed, would (1) violate Barr's Due Process rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution; (2) violate Barr's right not to be subjected to an excessive award; and (3) be improper under the Constitution, common law, and public policies of the State of Alabama.

### Thirty-Seventh Affirmative Defense

Barr has affirmatively stated on its published price lists that the AWP reported on its lists was only a "suggested" AWP. Accordingly, plaintiffs are estopped from claiming to have been defrauded by virtue of any action by Barr.

### Thirty-Eighth Affirmative Defense

Some or all of plaintiff's claims against Barr arise from plaintiff's failure to follow its federal and state statutory and regulatory obligation to set reimbursement rates at Estimated Acquisition Cost.

### Thirty-Ninth Affirmative Defense

Plaintiff's unjust enrichment claims are barred, in whole or in part, because Barr did not retain any money belonging to the State as a result of any alleged overpayments as required under Alabama law.

### Fortieth Affirmative Defense

Barr adopts by reference any additional, applicable defense pleaded by any other Defendant in this matter.

### CONCLUSION

Barr reserves the right to amend this Answer and to assert other defenses as this action proceeds.

WHEREFORE, Barr denies that the plaintiff is entitled to any relief whatsoever and respectfully requests judgment dismissing the Complaint with prejudice, and with costs and fees, as may be allowed by law, and such further relief as the Court deems appropriate.

Dated this 26th day of January, 2006.

Respectfully submitted,

/s/ **Bruce F. Rogers**
Karen N. Walker (*pro hac vice*)
Edwin John U (*pro hac vice*)
Barak Cohen (*pro hac vice*)
KIRKLAND & ELLIS LLP
655 15th Street, N.W.
Washington, DC 20005
Main:        (202) 879-5000
Facsimile: (202) 879-5200

*With*

Bruce F. Rogers
BAINBRIDGE, MIMS, ROGERS &
SMITH, LLP

34

The Luckie Building, Suite 415
600 Luckie Drive
P.O. Box 530886
Birmingham, Alabama 35253
Main:    (205) 879-1100
Facsimile: (205) 879-4300

Attorneys for Defendant Barr
Laboratories, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that I have on this 26th day of January, 2006, electronically served a true

and correct copy of the foregoing pleading on counsel of record by transmission to LNFS,

pursuant to Case Management Order No. 2.

/s/ **Bruce F. Rogers**
Of Counsel