

Jan 30 2006
5:12PM

IN THE CIRCUIT COURT OF
MONTGOMERY COUNTY, ALABAMA

STATE OF ALABAMA,

            Plaintiff,

v.

ABBOTT LABORATORIES, et al.,

            Defendants.

CV-05-219

## ANSWER OF BAXTER INTERNATIONAL INC.
## TO THE PLAINTIFF'S SECOND AMENDED COMPLAINT

Defendant Baxter International Inc. ("BII"), by and through its attorneys, states as follows:

### PREFACE

The Plaintiff's Second Amended Complaint (the "Complaint") contains vague, ambiguous, inflammatory, or otherwise improper allegations that are not grounded in fact and for which there is no good faith basis. BII responds only to the extent that the Complaint is susceptible to a response and to the extent that BII has information sufficient to form a belief as to the allegations. Except where an allegation is expressly admitted, BII denies each and every allegation in the Complaint. For example, to the extent that "Defendants" are lumped together or an allegation relates to other parties, BII is unable to respond to those allegations and denies them. BII also denies all allegations that contain legal arguments and conclusions of law as those allegations do not require a response. Baxter International Inc. is solely a holding company that does not play any role in the pricing, sales, distribution, or marketing of any drugs or therapies.

### INTRODUCTION

1.     Denies each and every allegation set forth in paragraph 1 of the Complaint as to BII.

2.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 2 of the Complaint, except denies the existence of a fraudulent pricing scheme or that BII is or has been involved in any such scheme.

3.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 3 of the Complaint, except admits that the State of Alabama purports to bring this action as alleged in paragraph 3, denies that there is any basis on which to permit the State to do so, denies the existence of any fraudulent or wanton conduct on BII's part, denies the existence of any "drug pricing scheme," denies that BII is or has been involved in any such scheme, denies any implication that BII has failed to disclose "true drug prices," and denies that BII has obtained any profits as a result of any such imagined scheme. BII is solely a holding company that does not play any role in pricing, sales, distribution, or marketing of any drugs or therapies.

4.    Denies each and every allegation set forth in paragraph 4 of the Complaint as to BII, except admits that the State of Alabama purports to seek legal and equitable redress but denies there is any basis on which to permit it to do so, denies that BII engaged in any fraudulent or wanton marketing or pricing conduct or committed any wrongful acts or practices, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

## PARTIES

5.    Admits that the State of Alabama purports to bring this action in its capacity as sovereign and on behalf of the Alabama Medicaid Agency, but denies that there is any basis on which to permit it to do so.

6.    The averments of this paragraph contain conclusions of law to which no response is required. To the extent that a response is required, the averments of this paragraph are denied. To the extent the averments in this paragraph refer to statutes, those sources speak for themselves, and any characterizations thereof are denied.

Paragraphs 7 through 24. These paragraphs are directed at parties other than BII, and therefore BII need not respond to these paragraphs. To the extent that a response is required of BII, the allegations in these paragraphs are denied.

### The Baxter Defendants

25.    Admitted.

26.    Admitted.

27. Denies that BII is a diversified healthcare company that engages in the business of manufacturing, distributing, marketing, and/or selling prescription drugs that are reimbursed by state Medicaid agencies and further denies that it manufactured, distributed, marketed, and/or sold any pharmaceuticals reimbursed by Alabama Medicaid. BII is solely a holding company that does not play any role in pricing, sales, distribution, or marketing of any drugs or therapies. BII admits that Baxter Healthcare Corporation is a diversified healthcare company that engages in the business of manufacturing, distributing, marketing, and/or selling prescription drugs some of which are reimbursed by state Medicaid agencies and further admits that, for some periods of time relevant to the Complaint, Baxter Healthcare Corporation manufactured the following pharmaceuticals or therapies identified in Exhibit A to the Complaint:

Advate, Bebulin VH, Bioclate, Cisplatin, Dextrose, Dextrose with Sodium Chloride, Dipyridamole, Doxorubicin HCl, Etoposide, Feiba VH Immuno, Gammagard S/D, Hemofil M, Intralipid, Iveegam EN, Promethazine, Promethazine HCl, Recombinate, Sodium Chloride, Travasol, and Vancomycin HCl.

BII also admits that, for some periods of time relevant to the Complaint, Alabama Medicaid reimbursed providers for the following pharmaceuticals or therapies manufactured, distributed, marketed, and/or sold by Baxter Healthcare Corporation:

Advate, Dextrose, Dextrose with Sodium Chloride, Feiba VH Immuno, Gammagard S/D, Hemofil M, Intralipid, Iveegam EN, Promethazine, Promethazine HCl, Recombinate, Sodium Chloride, Travasol, and Vancomycin HCl.

As to all other averments in this paragraph, Baxter lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

Paragraphs 28-93. These paragraphs are directed at parties other than BII, and therefore BII need not respond to these paragraphs. To the extent that a response is required of BII, the allegations in these paragraphs are denied.

94. Denies each and every allegation set forth in paragraph 94 of the Complaint as to BII, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

**JURISDICTION AND VENUE**

95. The averments of this paragraph contain conclusions of law to which no response is required. To the extent that a response is required, the averments of this

paragraph are denied. To the extent the averments in this paragraph refer to statutes, those sources speak for themselves, and any characterizations thereof are denied.

96.  The averments of this paragraph contain conclusions of law to which no response is required. To the extent that a response is required, the averments of this paragraph are denied.

97.  This paragraph contains conclusions of law and refers to statutes, and no response is required. Furthermore, the statutes speak for themselves, and any characterizations thereof are denied. With respect to any remaining averments in this paragraph, BII denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

## FACTUAL BACKGROUND

### The Alabama Medicaid Program

98.  Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 98 of the Complaint, except admits that the Alabama Medicaid Program is a state-administered program with federal matching funds which pays for medical care, including prescription drug benefits, for certain Alabama citizens.

99.  Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 99 of the Complaint.

100.  Denies each and every allegation set forth in paragraph 100 of the Complaint as to BII.

101.  Admits the allegations set forth in paragraph 101 of the Complaint.

102.  Denies each and every allegation set forth in paragraph 102 of the Complaint as to BII and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein. To the extent the averments in this paragraph refer to statutes or regulations, those sources speak for themselves, and any characterizations thereof are denied.

### The Defendants' Reporting of Inflated Pricing Information

103.  Denies each and every allegation set forth in paragraph 103 of the Complaint as to BII, admits that in some circumstances end payors have independently

decided to use pricing information published by drug industry reporting services such as First DataBank, Red Book, and Medispan as the AWP in reimbursement calculations, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

104. Denies knowledge or information sufficient to form a belief about the truth of the allegations set forth in paragraph 104 of the Complaint.

105. Denies each and every allegation set forth in paragraph 105 of the Complaint as to BII, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein. BII is solely a holding company that does not play any role in pricing, sales, distribution, or marketing of any drugs or therapies.

106. Denies each and every allegation set forth in paragraph 106 of the Complaint as to BII, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein. BII is solely a holding company that does not play any role in pricing, sales, distribution, or marketing of any drugs or therapies.

107. Denies each and every allegation set forth in paragraph 107 of the Complaint as to BII, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein. BII is solely a holding company that does not play any role in pricing, sales, distribution, or marketing of any drugs or therapies.

**Defendants' Marketing of the "Spread"**

108. Denies each and every allegation set forth in paragraph 108 of the Complaint as to BII, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein. BII is solely a holding company that does not play any role in pricing, sales, distribution, or marketing of any drugs or therapies.

109. Denies each and every allegation set forth in paragraph 109 of the Complaint as to BII, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein. BII is solely a holding company that does not play any role in pricing, sales, distribution, or marketing of any drugs or therapies.

110. Denies each and every allegation set forth in paragraph 110 of the Complaint as to BII, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein. BII is solely a holding company that does not play any role in pricing, sales, distribution, or marketing of any drugs or therapies.

111. Denies each and every allegation set forth in paragraph 111 of the Complaint as to BII, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein. BII is solely a holding company that does not play any role in pricing, sales, distribution, or marketing of any drugs or therapies.

### Other Lawsuits, Settlements, Government Investigations, and Criminal Proceedings

112. Denies each and every allegation set forth in paragraph 112 of the Complaint, except admits that other plaintiffs have filed complaints alleging similarly meritless and ill-informed claims from which Plaintiff here appears to have largely copied its allegations.

113. Denies each and every allegation set forth in paragraph 113 of the Complaint as to BII, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

Paragraphs 114-122. These paragraphs are directed at parties other than BII, and therefore BII need not respond to these paragraphs. To the extent that a response is required of BII, the allegations in these paragraphs are denied.

123. Denies each and every allegation set forth in paragraph 123 of the Complaint as to BII, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein. Furthermore, BII responds that Plaintiff lacks a good faith basis for its allegations in this paragraph regarding the "AWP spreads" calculated by the Department of Justice ("DOJ") for Baxter Healthcare Corporation's Dextrose and Sodium Chloride products. BII and Baxter Healthcare Corporation previously have advised Plaintiff that these allegations are inaccurate, because DOJ erroneously used the Red Book price for these products without adjusting for the product packaging. The Red Book price was for a package of 96 units/eaches, while the "Actual AWP" determined by DOJ was a per unit/each price.

124. Denies each and every allegation set forth in paragraph 124 of the Complaint as to BII, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations therein.

125. Denies each and every allegation set forth in paragraph 125 of the Complaint as to BII, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations therein, and affirmatively states that if there were any merit to the claims alleged herein as to BII, it would neither be impractical nor impossible for the Plaintiff to allege specifically its claims as to BII, which Plaintiff has entirely failed to do.

126. Denies each and every allegation set forth in paragraph 126 of the Complaint as to BII, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

## CLAIMS

### COUNT ONE - FRAUDULENT MISREPRESENTATION

127. BII repeats and incorporates by reference its responses to numbered paragraphs 1 through 126 above.

128. Denies each and every allegation set forth in paragraph 128 of the Complaint as to BII, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

129. Denies each and every allegation set forth in paragraph 129 of the Complaint as to BII, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations therein.

130. Denies each and every allegation set forth in paragraph 130 of the Complaint as to BII, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

### COUNT TWO - FRAUDULENT SUPPRESSION

131. BII repeats and incorporates by reference its responses to paragraphs 1 through 130 above.

132. Denies each and every allegation set forth in paragraph 140 of the Complaint as to BII, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

133. Denies each and every allegation set forth in paragraph 141 of the Complaint as to BII, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations therein.

134. Denies each and every allegation set forth in paragraph 142 of the Complaint as to BII, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

### COUNT THREE - WANTONNESS

135. BII repeats and incorporates by reference its responses in paragraphs 1 through 134 above.

136. Denies each and every allegation set forth in paragraph 144 of the Complaint as to BII, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein. BII is solely a holding company that does not play any role in pricing, sales, distribution, or marketing of any drugs or therapies.

137. Denies each and every allegation set forth in paragraph 145 of the Complaint as to BII, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

138. Denies each and every allegation set forth in paragraph 146 of the Complaint as to BII, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

139. Denies each and every allegation set forth in paragraph 147 of the Complaint as to BII, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

### COUNT FOUR - UNJUST ENRICHMENT

140. BII repeats and incorporates by reference its responses in numbered paragraphs 1 through 139 above.

141. Denies each and every allegation set forth in paragraph 149 of the Complaint as to BII, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

142. Denies each and every allegation set forth in paragraph 150 of the Complaint as to BII, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

143. Denies each and every allegation set forth in paragraph 151 of the Complaint as to BII, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

144. Denies each and every allegation set forth in paragraph 152 of the Complaint as to BII, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

BII further denies that plaintiffs are entitled to a judgment or any other relief requested in their section entitled "PRAYER FOR RELIEF" and unnumbered "WHEREFORE" paragraph following paragraph 152 of the Complaint.

### BAXTER INTERNATIONAL INC.'S AFFIRMATIVE DEFENSES

By alleging the matters set forth below, BII does not allege or admit that it has the burden of proof and/or the burden of persuasion with respect to any of these matters or that plaintiff is relieved of its burdens to prove each and every element of its claims and the damages, if any, to which it is entitled. As and for its affirmative defenses, BII alleges as follows:

### FIRST AFFIRMATIVE DEFENSE

1. Plaintiff fails to state a claim against BII upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

2. Plaintiff's claims are barred, in whole or in part, by the political question and separation of powers doctrines.

### THIRD AFFIRMATIVE DEFENSE

3. Plaintiff has no standing or capacity to bring some or all of the claims raised in this suit to recover Medicaid expenditures or to seek injunctive relief.

### FOURTH AFFIRMATIVE DEFENSE

4. Plaintiff has not suffered, and will not suffer, any injury to a legally protected or cognizable interest by reason of the conduct of BII as alleged in the Complaint.

**FIFTH AFFIRMATIVE DEFENSE**

5. To the extent plaintiff obtains recovery in any other case predicated on the same factual allegations, plaintiff is barred from seeking recovery against BII based on the Complaint pursuant to the doctrines of res judicata and collateral estoppel, and the prohibition on double recovery for the same injury.

**SIXTH AFFIRMATIVE DEFENSE**

6. Plaintiff's claims are barred, in whole or in part, by the First Amendment to the United States Constitution and the analogous provisions of the Constitution of the State of Alabama.

**SEVENTH AFFIRMATIVE DEFENSE**

7. Plaintiff's claims are barred, in whole or in part, by the filed rate doctrine.

**EIGHTH AFFIRMATIVE DEFENSE**

8. Plaintiff's claims are barred, in whole or in part, to the extent that plaintiff has released, settled, entered into an accord and satisfaction, or otherwise compromised its claims.

**NINTH AFFIRMATIVE DEFENSE**

9. Any and all actions taken by BII with respect to any of the matters alleged in the Complaint were taken in good faith and in accordance with established industry practice.

**TENTH AFFIRMATIVE DEFENSE**

10. Plaintiff's claims are preempted, in whole or in part, by federal law, including without limitation the Federal Employment Retirement Income and Security Act of 1974, the Federal Medicare Act, and the Federal Medicaid Act, including all amendments to the same and all regulations promulgated thereunder.

**ELEVENTH AFFIRMATIVE DEFENSE**

11. Plaintiff's claims are preempted by the dormant Commerce Clause of the United States Constitution.

### TWELFTH AFFIRMATIVE DEFENSE

12. Plaintiff's claims against BII are barred because BII has complied with all applicable regulations of the federal and state governments.

### THIRTEENTH AFFIRMATIVE DEFENSE

13. Plaintiff's claims against BII are barred, in whole or in part, by the applicable statutes of limitations and repose, and by the doctrines of laches, estoppel and waiver.

### FOURTEENTH AFFIRMATIVE DEFENSE

14. Plaintiff's claims are barred, in whole or in part, because they violate BII's rights under the Due Process and *Ex Post Facto* clauses of the United States Constitution, as well as the Constitution of the State of Alabama, insofar as plaintiff seeks to impose liability retroactively for conduct that was not actionable at the time it occurred.

### FIFTEENTH AFFIRMATIVE DEFENSE

15. BII's statements or actions were not the proximate cause or cause in fact of any injury to or alleged loss by plaintiff.

### SIXTEENTH AFFIRMATIVE DEFENSE

16. To the extent that plaintiff attempts to seek equitable relief against BII, it is not entitled to such relief because it has an adequate remedy at law.

### SEVENTEENTH AFFIRMATIVE DEFENSE

17. Plaintiff's claims against BII for injunctive relief were mooted by the passage of the Medicare Prescription Drug, Improvement and Modernization Act of 2003.

### EIGHTEENTH AFFIRMATIVE DEFENSE

18. Plaintiff's claims for injunctive relief against BII are barred by the doctrines of *in pari delicto* and/or unclean hands.

### NINETEENTH AFFIRMATIVE DEFENSE

19. Plaintiff's claims against BII are barred, in whole or in part, due to its failure to join indispensable parties.

### TWENTIETH AFFIRMATIVE DEFENSE

20. Plaintiff's claims against BII are barred, in whole or in part, because it has suffered no damages as a result of the matters alleged in the Complaint.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

21. Plaintiff's claims are barred, in whole or in part, because any injuries sustained by plaintiff were the result of its own conduct or the intervening or superceding conduct of third parties.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

22. Plaintiff's claims against BII for damages are barred, in whole or in part: (1) because it failed to mitigate its damages, and its failure to mitigate damages should proportionately reduce the recovery of plaintiff and the allocation of any fault, if any exists, attributable to BII; (2) because it would be unjustly enriched if allowed to recover any portion of the damages alleged in the Complaint; (3) by the doctrine of consent and/or ratification to the extent that plaintiff has paid for products manufactured, marketed and sold by BII after the filing of plaintiff's original Complaint; and (4) because they are speculative and remote and because of the impossibility of ascertaining and allocating of those alleged damages.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

23. BII is entitled to a set-off, should any damages be awarded against it, for the entire amount of all damages or settlement amounts recovered by plaintiff, with respect to the same alleged injuries.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

24. Any damages recovered by the plaintiff from BII must be limited by the applicable statutory ceilings on recoverable damages, including without limitation, Alabama Code 6-11-21.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

25. Plaintiff fails to allege facts or a cause of action against BII sufficient to support a claim for compensatory damages, attorneys' fees and/or legal fees, or any other relief.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

26. To the extent punitive damages are sought, Plaintiff's punitive damages claims against BII: (1) have no basis in law or fact; (2) are not recoverable because the allegations of the Complaint are legally insufficient to support a claim for punitive damages against BII; (3) cannot be sustained because the laws regarding the standards for determining liability for and the amount of punitive damages fail to give BII prior notice of the conduct for which punitive damages may be imposed and the severity of the penalty that may be imposed, and are void for vagueness in violation of BII's Due Process rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and the Constitution of the State of Alabama; (4) cannot be sustained because any award of punitive damages exceeding the limits authorized by the laws or other comparable laws would violate BII's due process and equal protection rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and would be improper under the Constitution, common law and laws of the State of Alabama; (5) cannot be sustained because an award of punitive damages in this case, combined with any prior, contemporaneous, or subsequent judgments against BII for punitive damages arising from the design, development, manufacture, fabrication, distribution, supply, marketing, sale, or use of BII's products would constitute impermissible multiple punishments for the same wrong, in violation of BII's Due Process and Equal Protection rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and would constitute double jeopardy in violation of the Constitution, common law, and statutory laws of the State of Alabama; (6) cannot be sustained because any award of punitive damages without the apportionment of the award separately and severally between or among the alleged joint tortfeasors, as determined by the alleged percentage of the wrong committed by each alleged tortfeasor, would violate BII's Due Process and Equal Protection rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and would be improper under the Constitution, common law, and public policies of the State of Alabama; and (7) cannot be sustained because any award of punitive damages, which are penal in nature, without according BII the same protections that are accorded to all criminal defendants, including the protection against unreasonable searches and seizures, the privilege against self-incrimination, and the rights to confront adverse witnesses, a speedy trial, and the effective assistance of counsel, would violate BII's rights guaranteed by the Fourth, Fifth, and Sixth Amendment as incorporated into the Fourteenth Amendment to the United States Constitution and would be improper under the Constitution, common law, and public policies of the State of Alabama.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

27. To the extent punitive damages are sought, Plaintiff's claims for punitive damages against BII cannot be sustained because an award of punitive damages by a jury that: (1) is not provided constitutionally adequate standards of sufficient clarity for determining the appropriate imposition of, and the appropriate size of, a punitive damages award; (2) is not adequately instructed on the limits of punitive damages imposed by the applicable principles of deterrence and punishment; (3) is not expressly prohibited from awarding punitive damages, or determining the amount of an award of punitive damages, in whole or in part on the basis of invidiously discriminatory characteristics, including without limitation the residence, wealth, and corporate status of BII; (4) is permitted to award punitive damages under a standard for determining liability for punitive damages that is vague and arbitrary and does not define with sufficient clarity the conduct or mental state that makes punitive damages permissible; (5) is not properly instructed regarding plaintiff's burden of proof with respect to each and every element of a claim for punitive damages; and (6) is not subject to trial court and appellate judicial review for reasonableness and furtherance of legitimate purposes on the basis of constitutionally adequate and objective standards, would violate BII's Due Process and Equal Protection rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution, and would be improper under the Constitution, common law, and public policies of the State of Alabama.

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

28. To the extent punitive damages are sought, Plaintiff's claims for punitive damages against BII cannot be sustained because an award of punitive damages that is subject to no predetermined limit, such as a maximum multiple of compensatory damages or a maximum amount of punitive damages that may be imposed, would: (1) violate BII's due process rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution; (2) violate BII's right not to be subjected to an excessive award; and (3) be improper under the Constitution, common law, and public policies of the State of Alabama.

### TWENTY-NINTH AFFIRMATIVE DEFENSE

29. Some or all of Plaintiff's claims against BII arise from Plaintiff's failure to follow its federal and state statutory and regulatory obligation to properly establish appropriate reimbursement rates.

DSMDB.2035580.1

### THIRTIETH AFFIRMATIVE DEFENSE

30. Plaintiff's unjust enrichment claims are barred, in whole or in part, because BII did not retain any money belonging to the State as a result of any alleged overpayments as required under Alabama law.

### THIRTY-FIRST AFFIRMATIVE DEFENSE

31. Plaintiff's claims against BII are misjoined with Plaintiff's claims against other defendants and must be severed.

### THIRTY-SECOND AFFIRMATIVE DEFENSE

32. BII hereby gives notice that it intends to rely upon any other and additional defense that is now or may become available or appear during, or as a result of the discovery proceedings in this action and hereby reserves its right to amend its answer to assert such defense.

WHEREFORE, defendant Baxter International Inc. demands that: (1) the Complaint be in all respects dismissed as to it; (2) it be awarded its costs of defending this action, including its reasonable attorneys' fees; and (3) it be awarded such other and further relief as the Court may deem just and proper.

*/s/ Rushton McClees*

J. Rushton McClees
Stephen R. Geisler
**Counsel for Defendant,**
**Baxter International, Inc.**

**OF COUNSEL:**

SIROTE & PERMUTT, P.C.
2311 Highland Avenue South
Birmingham, AL 35205
Telephone:   (205) 930-5100
Facsimile:   (205) 930-5101

DSMDB.2035580.1

## CERTIFICATE OF SERVICE

I hereby certify that I have on the 30th day of January, 2006, electronically served a true and correct copy of the foregoing pleading on counsel of record by transmission to LNFS, pursuant to Case Management Order No. 2.

_____
Of Counsel