IN THE CIRCUIT COURT OF
MONTGOMERY COUNTY, ALABAMA

| | | |
|---|---|---|
| STATE OF ALABAMA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 2005-219 |
| | ) | |
| ABBOTT LABORATORIES, INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ANSWER OF BRISTOL-MYERS SQUIBB COMPANY TO
## PLAINTIFF'S SECOND AMENDED COMPLAINT

Defendant Bristol-Myers Squibb Company ("Bristol-Myers") responds to Plaintiff's

Second Amended Complaint, served on January 11, 2006 via Lexis Nexis File and Serve, as

follows:

### Preliminary Statement

The Second Amended Complaint improperly refers to Bristol-Myers, other defendants,

and third parties on a collective basis, failing to plead with requisite particularity allegations

against Bristol-Myers. This is insufficient to apprise Bristol-Myers of the allegations asserted

against it. Bristol-Myers has nevertheless attempted to respond to Plaintiff's allegations to the

extent possible.

To the extent the Second Amended Complaint's allegations refer to the knowledge,

conduct or actions of other persons or entities, Bristol-Myers is generally without knowledge or

information sufficient to form a belief as to the truth of those allegations. Bristol-Myers states

1

that it is answering Plaintiff's allegations solely on behalf of itself, even when Plaintiff's allegations refer to alleged conduct by Bristol-Myers and other persons or entities.

The Second Amended Complaint also contains purported quotations from a number of sources, some of which are unidentified. In answering allegations consisting of quotations, a failure to deny that the material quoted was contained in a document or was uttered by the person or entity quoted or a reference to the full document shall not constitute an admission that the substantive content of the quote or document is or is not true or that the material is relevant or admissible in this action.

Bristol-Myers denies each and every allegation contained in the Second Amended Complaint, except as specifically herein admitted, and any factual averment admitted herein is admitted only as to the specific facts and not as to any conclusions, characterizations, implications, innuendos or speculation contained in any averment or in the Second Amended Complaint as a whole. Moreover, Bristol-Myers specifically denies any allegations contained in headings, footnotes, or unnumbered paragraphs in the Second Amended Complaint.

These comments and objections are incorporated, to the extent appropriate, into each numbered paragraph of this Answer.

Specific Responses

1.      Bristol-Myers denies the allegations in Paragraph 1 of the Second Amended Complaint.

2.      Bristol-Myers denies that it has engaged in a fraudulent pricing scheme. Bristol-Myers is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 2 of the Second Amended Complaint.

3.    Bristol-Myers denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 3 of the Second Amended Complaint, except (a) admits that Plaintiff purports to bring this action and seeks certain relief, and (b) denies (i) that there is any basis on which to permit Plaintiff to do so, (ii) the existence of any "drug pricing scheme," (iii) that Bristol-Myers is or has been involved in any such scheme, (iv) that Bristol-Myers has obtained any profits as a result of any such purported scheme and, (v) that plaintiff is entitled to any relief.

4.    Bristol-Myers admits that Plaintiff purports to bring this action as alleged in Paragraph 4 of the Second Amended Complaint, but Bristol-Myers denies there is any basis on which to permit it to do so; and otherwise denies the allegations in Paragraph 4 of the Second Amended Complaint.

5.    Bristol-Myers admits that Plaintiff purports to bring this action in its capacity as sovereign and on behalf of the Alabama Medicaid Agency, as alleged in Paragraph 5 of the Second Amended Complaint, but denies that there is any basis on which to permit it to do so.

6.    Bristol-Myers denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 6 of the Second Amended Complaint and further respectfully refers the Court to Alabama Code § 36-15-12 for a full and complete reading of its provisions.

7-34.    The allegations in Paragraphs 7 through 34 of the Second Amended Complaint are directed to other defendants and require no response from Bristol-Myers. To the extent the allegations in Paragraphs 7 through 34 of the Second Amended Complaint are deemed to include allegations against Bristol-Myers, they are denied.

35.    Bristol-Myers admits that it is a Delaware corporation with its principal place of business located at 345 Park Avenue, New York, NY 10154-0037. Bristol-Myers admits it has offices, facilities and businesses in the United States and that it is involved in the manufacturing, marketing and sale of pharmaceuticals and health care products. Bristol-Myers admits that it has a number of divisions and/or subsidiaries but states that none of its subsidiaries are defendants herein, and denies that it may be held liable for the acts of its subsidiaries. Bristol-Myers admits that Plaintiffs have filed an attachment to the Second Amended Complaint. Bristol-Myers is without knowledge or information sufficient to form a belief as to whether the drugs listed as Bristol-Myers drugs in Exhibit A are reimbursed by Alabama Medicaid.

36-93.    The allegations in Paragraphs 36 through 93 of the Second Amended Complaint are directed to other defendants and require no response from Bristol-Myers. To the extent the allegations in Paragraphs 36 through 93 of the Second Amended Complaint are deemed to include allegations against Bristol-Myers, they are denied.

94.    Bristol-Myers denies the allegations in Paragraph 94 of the Second Amended Complaint. To the extent that allegations in Paragraph 94 of the Second Amended Complaint refer to the knowledge, conduct or actions of persons or entities other than Bristol-Myers, Bristol-Myers is without knowledge or information sufficient to form a belief as to the truth of those allegations.

95-97.    The allegations in Paragraphs 95 through 97 of the Second Amended Complaint state legal conclusions to which no response is required. To the extent a response is required, Bristol-Myers denies the allegations in Paragraphs 95 through 97 of the Second Amended Complaint.

4

98-99. Bristol-Myers is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraphs 98 through 99 of the Second Amended Complaint.

100.    Bristol-Myers denies the allegations in Paragraph 100 of the Second Amended Complaint, except that Bristol-Myers admits that it did supply certain information regarding Direct Price to industry reporting services prior to August 15, 2001, admits that it supplies certain information regarding Wholesale List Price ("WLP") to industry reporting services, but denies that Bristol-Myers supplied information regarding Average Wholesale Price ("AWP") to industry reporting services. To the extent that allegations in Paragraph 100 of the Second Amended Complaint refer to the knowledge, conduct or actions of persons or entities other than Bristol-Myers, Bristol-Myers is without knowledge or information sufficient to form a belief as to the truth of those allegations.

101.    Bristol-Myers admits the allegations set forth in Paragraph 101 of the Second Amended Complaint.

102.    Bristol-Myers denies each and every allegation set forth in Paragraph 102 of the Second Amended Complaint as to Bristol-Myers, except admits that, the issue of deductibles aside, federal regulations generally provide that Medicare pays eighty percent of the allowable amount for Medicare Part B covered drugs, the remaining 20% is to be paid by the Medicare Part B beneficiary or his or her insurers, and one criterion for the allowable amount has in the past been based on published AWPs for drugs. Bristol-Myers denies knowledge or information sufficient to form a belief as to the relationship between Medicare and Alabama Medicaid.

103.    Bristol-Myers denies the allegations in Paragraph 103 of the Second Amended Complaint. To the extent the allegations in Paragraph 103 of the Second Amended Complaint refer to the knowledge, conduct or actions of persons or entities other than Bristol-Myers,

5

Bristol-Myers is without knowledge or information sufficient to form a belief as to the truth of those allegations.

104.    Bristol-Myers denies that it has provided information regarding AWP or WAC (as opposed to WLP) to industry reporting services. Bristol-Myers is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 104 of the Second Amended Complaint.

105-111. Bristol-Myers denies the allegations in Paragraphs 105 through 111 of the Second Amended Complaint that are directed to Bristol-Myers and states that it engaged in legitimate competition regarding the prices of its drugs. To the extent that allegations in Paragraphs 105 through 111 of the Second Amended Complaint refer to the knowledge, conduct or actions of persons or entities other than Bristol-Myers, Bristol-Myers is without knowledge or information sufficient to form a belief as to the truth of those allegations.

112.    To the extent the allegations in Paragraph 112 (and related footnotes) of the Second Amended Complaint refer to the knowledge, conduct or actions of persons or entities other than Bristol-Myers, Bristol-Myers is without knowledge or information sufficient to form a belief as to the truth of those allegations. Bristol-Myers denies that it is a defendant in litigations containing allegations of improper pricing practices in Arkansas, Connecticut, Florida, Massachusetts, Minnesota, Missouri, New Jersey, North Carolina, Ohio, Texas, and West Virginia; but admits that it is a defendant in litigations containing allegations of improper pricing practices in Arizona, California, Illinois, Kentucky, Mississippi, Montana, Nevada, Pennsylvania, Wisconsin, the City of New York, and multiple New York State counties. Bristol-Myers also admits that it is a defendant in MDL 1456 pending in Boston, Massachusetts. Bristol-Myers denies that any of these cases have merit.

113.    Bristol-Myers denies the allegations in Paragraph 113 of the Second Amended Complaint, except that it admits that it is a party to an action commenced by the City of New York in the United States District Court for the Southern District of New York. Bristol-Myers further states that the Plaintiff mischaracterizes published opinions and other public record documents which speak for themselves. Specifically, Bristol-Myers denies that it ever reported AWPs or any fraudulent pricing information to industry publications. To the extent the allegations in Paragraph 113 of the Second Amended Complaint refer to the knowledge, conduct or actions of persons or entities other than Bristol-Myers, Bristol-Myers is without knowledge or information sufficient to form a belief as to the truth of those allegations.

114.    Bristol-Myers denies each and every allegation set forth in Paragraph 114 of the Second Amended Complaint as to Bristol-Myers, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

115-120.    Paragraphs 115 through 120 of the Second Amended Complaint appear to contain no allegations as to, or relevant to, any claims against Bristol-Myers and therefore require no answer; to the extent Plaintiff purports to make allegations as to Bristol-Myers, Bristol-Myers denies each and every allegation set forth in Paragraphs 115 through 120 of the Second Amended Complaint, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

121.    Bristol-Myers is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 121 of the Second Amended Complaint.

122.    To the extent Plaintiff purports to make allegations as to Bristol-Myers, Bristol-Myers denies each and every allegation set forth in Paragraph 122 of the Second Amended

7

Complaint, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the other allegations set forth therein.

123.    Bristol-Myers denies the allegations in Paragraph 123 of the Second Amended Complaint, except admits that AWPs are publicly available. Bristol-Myers states that the *Red Book* and Department of Justice ("DOJ") prices cited in Paragraph 123 of the Second Amended Complaint speak for themselves and refers the Court to the underlying documents for the full content thereof. Bristol-Myers specifically denies that the comparison of the *Red Book* and DOJ prices made in Paragraph 123 of the Second Amended Complaint is meaningful or material. To the extent the allegations in Paragraph 123 of the Second Amended Complaint refer to the knowledge, conduct or actions of persons or entities other than Bristol-Myers, Bristol-Myers is without knowledge or information sufficient to form a belief as to the truth of those allegations.

124.    Bristol-Myers denies the allegations in Paragraph 124 of the Second Amended Complaint. To the extent that allegations in Paragraph 124 of the Second Amended Complaint refer to the knowledge, conduct or actions of persons or entities other than Bristol-Myers, Bristol-Myers is without knowledge or information sufficient to form a belief as to the truth of those allegations.

125-126. Bristol-Myers denies the allegations in Paragraphs 125 through 126 of the Second Amended Complaint. To the extent that allegations in Paragraphs 125 through 126 of the Second Amended Complaint refer to the knowledge, conduct or actions of persons or entities other than Bristol-Myers, Bristol-Myers is without knowledge or information sufficient to form a belief as to the truth of those allegations.

## COUNT 1 - FRAUDULENT MISREPRESENTATION

127.    Answering Paragraph 127 of the Second Amended Complaint, Bristol-Myers realleges and incorporates its responses to the allegations in Paragraphs 1 through 127 of the Second Amended Complaint.

128.    Bristol-Myers denies the allegations in Paragraph 128 of the Second Amended Complaint, except that Bristol-Myers admits that it did report certain information regarding Direct Price to industry reporting services prior to August 15, 2001, admits that it reports certain information regarding Wholesale List Price to industry reporting services, but denies that Bristol-Myers reported AWPs to industry reporting services. To the extent that allegations in Paragraph 128 of the Second Amended Complaint refer to the knowledge, conduct or actions of persons or entities other than Bristol-Myers, Bristol-Myers is without knowledge or information sufficient to form a belief as to the truth of those allegations.

129-130. Bristol-Myers denies the allegations in Paragraphs 129 through 130 of the Second Amended Complaint. To the extent that allegations in Paragraphs 129 through 130 of the Second Amended Complaint refer to the knowledge, conduct or actions of persons or entities other than Bristol-Myers, Bristol-Myers is without knowledge or information sufficient to form a belief as to the truth of those allegations.

## COUNT 2 - FRAUDULENT SUPPRESSION

131.    Answering Paragraph 131 of the Second Amended Complaint, Bristol-Myers realleges and incorporates its responses to the allegations in Paragraphs 1 through 130 of the Second Amended Complaint.

140[1].    Bristol-Myers denies the allegations in Paragraph 140 of the Second Amended Complaint, except that Bristol-Myers admits that it did report certain information regarding

---

[1] Paragraphs 132-139 were omitted by Plaintiff in their Second Amended Complaint.

Direct Price to industry reporting services prior to August 15, 2001, admits that it reports certain information regarding Wholesale List Price to industry reporting services, but denies that Bristol-Myers reported AWPs to industry reporting services. To the extent that allegations in Paragraph 140 of the Second Amended Complaint refer to the knowledge, conduct or actions of persons or entities other than Bristol-Myers, Bristol-Myers is without knowledge or information sufficient to form a belief as to the truth of those allegations.

141-142. Bristol-Myers denies the allegations in Paragraphs 141 through 142 of the Second Amended Complaint. To the extent that allegations in Paragraphs 141 through 142 of the Second Amended Complaint refer to the knowledge, conduct or actions of persons or entities other than Bristol-Myers, Bristol-Myers is without knowledge or information sufficient to form a belief as to the truth of those allegations.

## COUNT 3 - WANTONNESS

143.    Answering Paragraph 143 of the Second Amended Complaint, Bristol-Myers realleges and incorporates its responses to the allegations in Paragraphs 1 through 142 of the Second Amended Complaint.

144.    Bristol-Myers denies the allegations in Paragraph 144 of the Second Amended Complaint. To the extent that the allegations in Paragraph 144 of the Second Amended Complaint refer to the knowledge, conduct or actions of persons or entities other than Bristol-Myers, Bristol-Myers is without knowledge or information sufficient to form a belief as to the truth of those allegations.

145-147. Bristol-Myers denies the allegations in Paragraphs 145 through 147 of the Second Amended Complaint. To the extent that allegations in Paragraphs 145 through 147 of the Second Amended Complaint refer to the knowledge, conduct or actions of persons or entities

10

other than Bristol-Myers, Bristol-Myers is without knowledge or information sufficient to form a belief as to the truth of those allegations.

## COUNT 4 - UNJUST ENRICHMENT

148.    Answering Paragraph 148 of the Second Amended Complaint, Bristol-Myers realleges and incorporates its responses to the allegations in Paragraphs 1 through 147 of the Second Amended Complaint.

149-150.  Bristol-Myers denies the allegations in Paragraphs 149 through 150 of the Second Amended Complaint.  To the extent that allegations in Paragraphs 149 through 150 of the Second Amended Complaint refer to the knowledge, conduct or actions of persons or entities other than Bristol-Myers, Bristol-Myers is without knowledge or information sufficient to form a belief as to the truth of those allegations.

151-152.  Bristol-Myers denies the allegations in Paragraphs 151 through 152 of the Second Amended Complaint.  To the extent that allegations in Paragraphs 151 through 152 of the Second Amended Complaint refer to the knowledge, conduct or actions of persons or entities other than Bristol-Myers, Bristol-Myers is without knowledge or information sufficient to form a belief as to the truth of those allegations.

## PRAYER FOR RELIEF

Bristol-Myers denies that Plaintiff is entitled to any of the relief sought.

## DEFENSES

Without assuming any burden of proof or burden of going forward not required by law, Bristol-Myers alleges the following defenses:

### First Defense

Plaintiff fails to state a claim against Bristol-Myers upon which relief may be granted.

11

## Second Defense

Plaintiff lacks standing to bring its claim.

## Third Defense

Plaintiff's claim is barred, in whole or in part, by the political question and separation of powers doctrines.

## Fourth Defense

Plaintiff's claim is barred, in whole or in part, by the filed rate doctrine.

## Fifth Defense

Plaintiff's claim is barred, in whole or in part, by the state action doctrine.

## Sixth Defense

Plaintiff's claims are barred, in whole or in part, by the *Noerr-Pennington* doctrine to the extent that such claims are premised, in whole or in part, on alleged statements or conduct by Bristol-Myers in judicial, legislative or administrative proceedings of any kind or at any level of government.

## Seventh Defense

Plaintiff's claims are preempted, in whole or in part, by federal law, including without limitation the Federal Employment Retirement Income and Security Act of 1974, the Federal Medicare Act, and the Federal Medicaid Act, including all amendments to the same and all regulations promulgated thereunder.

## Eighth Defense

Plaintiff's claims against Bristol-Myers are barred, in whole or in part, by the applicable statutes of limitations and repose, rule of repose, and by the doctrines of laches, estoppel, and waiver.

12

### Ninth Defense

Any and all actions taken by Bristol-Myers with respect to any of the matters alleged in the Second Amended Complaint were taken in good faith and in accordance with established industry practice.

### Tenth Defense

Bristol-Myers' statements or actions were not the proximate cause or cause in fact of any injury to or alleged loss by Plaintiff.

### Eleventh Defense

To the extent that Plaintiff attempts to seek equitable relief against Bristol-Myers, Plaintiff is not entitled to such relief because it has an adequate remedy at law.

### Twelfth Defense

Plaintiff's claims against Bristol-Myers for injunctive relief were mooted by the passage of the 2003 Medicare reform legislation.

### Thirteenth Defense

Plaintiff's claims against Bristol-Myers are barred, in whole or in part, due to its failure to join indispensable parties and for misjoinder of parties.

### Fourteenth Defense

Plaintiff's claims against Bristol-Myers are barred, in whole or in part, because it has suffered no damages as a result of the matters alleged in the Second Amended Complaint.

### Fifteenth Defense

To the extent Plaintiff obtains recovery in any other case predicated on the same factual allegations, plaintiff is barred from seeking recovery against Bristol-Myers based on the Second Amended Complaint pursuant to the doctrine of res judicata and collateral estoppel, and the prohibition on double recovery for the same injury.

### Sixteenth Defense

Plaintiff's claims are barred, in whole or in part, to the extent that plaintiff has released, settled, entered into an accord and satisfactions or otherwise compromised its claims.

### Seventeenth Defense

Plaintiff's claims against Bristol-Myers are barred because Bristol-Myers has complied with all applicable regulations of the federal and state governments.

### Eighteenth Defense

Plaintiff's claims against Bristol-Myers for damages are barred, in whole or in part: (1) because it failed to mitigate its damages, and its failure to mitigate damages should proportionately reduce the recovery of plaintiff and the allocation of any fault, if any exists, attributable to Bristol-Myers; (2) because it would be unjustly enriched if allowed to recover any portion of the damages alleged in the Second Amended Complaint; (3) by the doctrine of consent and/or ratification to the extent that plaintiff has paid for products manufactured, marketed and sold by Bristol-Myers after the filing of plaintiff's original Complaint; and (4) because they are speculative and remote and because of the impossibility of ascertaining and allocating of those alleged damages.

14

## Nineteenth Defense

Bristol-Myers is entitled to a set-off, should any damages be awarded against it, for the entire amount of all damages or settlement amounts recovered by plaintiff, with respect to the same alleged injuries.

## Twentieth Defense

Any damages recovered by the plaintiff from Bristol-Myers must be limited by the applicable statutory ceilings on recoverable damages.

## Twenty-First Defense

Plaintiff fails to allege facts or a cause of action against Bristol-Myers sufficient to support a claim for compensatory damages, attorneys' fees and/or legal fees, or any other relief.

## Twenty-Second Defense

To the extent punitive damages are sought, Plaintiff's punitive damages claims against Bristol-Myers: (1) have no basis in law or fact; (2) are not recoverable because the allegations of the Second Amended Complaint are legally insufficient to support a claim for punitive damages against Bristol-Myers; (3) cannot be sustained because the laws regarding the standards for determining liability for and the amount of punitive damages fail to give Bristol-Myers prior notice of the conduct for which punitive damages may be imposed and the severity of the penalty that may be imposed, and are void for vagueness in violation of Bristol-Myers' Due Process rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and the Constitution of the State of Alabama; (4) cannot be sustained because any award of punitive damages exceeding the limits authorized by the laws or other comparable laws would violate Bristol-Myers' due process and equal protection rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and would be improper under the Constitution, common law and laws of the State of Alabama; (5) cannot be sustained because an award of

15

punitive damages in this case, combined with any prior, contemporaneous, or subsequent judgments against Bristol-Myers for punitive damages arising from the design, development, manufacture, fabrication, distribution, supply, marketing, sale, or use of Bristol-Myers' products would constitute impermissible multiple punishments for the same wrong, in violation of Bristol-Myers' Due Process and Equal Protection rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and would constitute double jeopardy in violation of the Constitution, common law, and statutory laws of the State of Alabama; (6) cannot be sustained because any award of punitive damages without the apportionment of the award separately and severally between or among the alleged joint tortfeasors, as determined by the alleged percentage of the wrong committed by each alleged tortfeasor, would violate Bristol-Myers' Due Process and Equal Protection rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and would be improper under the Constitution, common law, and public policies of the State of Alabama; and (7) cannot be sustained because any award of punitive damages, which are penal in nature, without according Bristol-Myers the same protections that are accorded to all criminal defendants, including the protection against unreasonable searches and seizures, the privilege against self-incrimination, and the rights to confront adverse witnesses, a speedy trial, and the effective assistance of counsel, would violate Bristol-Myers' rights guaranteed by the Fourth, Fifth, and Sixth Amendment as incorporated into the Fourteenth Amendment to the United States Constitution and would be improper under the Constitution, common law, and public policies of the State of Alabama.

Twenty-Third Defense

To the extent punitive damages are sought, Plaintiff's claims for punitive damages against Bristol-Myers cannot be sustained because an award of punitive damages by a jury that: (1) is not provided constitutionally adequate standards of sufficient clarity for determining the

appropriate imposition of, and the appropriate size of, a punitive damages award; (2) is not

adequately instructed on the limits of punitive damages imposed by the applicable principles of

deterrence and punishment; (3) is not expressly prohibited from awarding punitive damages, or

determining the amount of an award of punitive damages, in whole or in part on the basis of

invidiously discriminatory characteristics, including without limitation the residence, wealth, and

corporate status of Bristol-Myers; (4) is permitted to award punitive damages under a standard

for determining liability for punitive damages that is vague and arbitrary and does not define

with sufficient clarity the conduct or mental state that makes punitive damages permissible; (5) is

not properly instructed regarding plaintiff's burden of proof with respect to each and every

element of a claim for punitive damages; and (6) is not subject to trial court and appellate

judicial review for reasonableness and furtherance of legitimate purposes on the basis of

constitutionally adequate and objective standards, would violate Bristol-Myers' Due Process and

Equal Protection rights guaranteed by the Fifth and Fourteenth Amendments to the United States

Constitution, and would be improper under the Constitution, common law, and public policies of

the State of Alabama.

Twenty-Fourth Defense

To the extent punitive damages are sought, Plaintiff's claims for punitive damages

against Bristol-Myers cannot be sustained because an award of punitive damages that is subject

to no predetermined limit, such as a maximum multiple of compensatory damages or a maximum

amount of punitive damages that may be imposed, would: (1) violate Bristol-Myers' due process

rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution; (2)

violate Bristol-Myers' right not to be subjected to an excessive award; and (3) be improper under

the Constitution, common law, and public policies of the State of Alabama as well as Alabama

Code § 6-11-21, which places a cap on punitive damages.

17

### Twenty-Fifth Defense

To the extent punitive damages are sought, Plaintiff's claims for punitive damages against Bristol-Myers cannot be sustained because Alabama Code § 6-11-21(l) prohibits the State from recovering punitive damages.

### Twenty-Sixth Defense

Some or all of Plaintiff's claims against Bristol-Myers arise from Plaintiff's failure to follow its federal and state statutory and regulatory obligations to properly establish appropriate reimbursement rates.

### Twenty-Seventh Defense

Plaintiff's unjust enrichment claims are barred, in whole or in part, because Bristol-Myers did not retain any money belonging to the State as a result of any alleged overpayments as required under Alabama law.

### Twenty-Eighth Defense

Plaintiff's claims for injunctive relief against BMS are barred by the doctrines of *in pari delicto* and/or unclean hands.

### Twenty-Ninth Defense

BMS adopts by reference any additional applicable defense pled by any other defendant not otherwise pled herein.

### Thirtieth Defense

Bristol-Myers hereby gives notice that it intends to rely upon any other and additional defense that is now or may become available or appear during, or as a result of the discovery proceedings in this action and hereby reserve its right to amend its answer to assert such defense.

18

WHEREFORE, Bristol-Myers prays that this Court:

1.    Dismiss the Second Amended Complaint with prejudice and enter judgment in favor of Bristol-Myers and against Plaintiff;

2.    Award Bristol-Myers its costs and expenses; and

3.    Grant such other and further relief for Bristol-Myers as this Court deems just and proper.

Dated:        January 30, 2006

                                              /s/ Harlan I. Prater, IV
                                              Harlan I. Prater, IV
                                              Stephen J. Rowe
                                              Derrick A. Mills
                                              LIGHTFOOT, FRANKLIN AND WHITE, LLC
                                              The Clark Building
                                              400 20th Street North
                                              Birmingham, AL  35203
                                              (205) 581-0700

                                              Thomas J. Sweeney (admitted *pro hac vice*)
                                              HOGAN & HARTSON L.L.P.
                                              875 Third Avenue
                                              New York, New York  10022
                                              (212) 918-3000

                                              *Attorneys for Defendant Bristol-Myers Squibb Company*

## CERTIFICATE OF SERVICE

I hereby certify that I have on this 30th day of January, 2006, electronically served a true and correct copy of the foregoing pleading on counsel of record by transmission to LNFS, pursuant to Case Management Order No. 2.

/s/ Harlan I. Prater, IV