IN THE CIRCUIT COURT OF
MONTGOMERY COUNTY, ALABAMA

*FILE COPY*

|                                         |     |            |
|-----------------------------------------|-----|------------|
| STATE OF ALABAMA,                       | )   |            |
|                                         | )   |            |
| Plaintiff,                              | )   |            |
|                                         | )   |            |
| v.                                      | )   | CV-05-219  |
|                                         | )   |            |
| ABBOTT LABORATORIES, INC., et al.,      | )   |            |
|                                         | )   |            |
| Defendants.                             | )   |            |
|                                         | )   |            |
|                                         | )   |            |

## ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT DEY, L.P. TO PLAINTIFF'S SECOND AMENDED COMPLAINT

Defendant Dey, L.P. (hereafter "Dey"), by its attorneys, Burr & Forman LLP, as and for its Answer to the Plaintiff's Second Amended Complaint (the "Complaint"), states as follows:

Dey specifically denies any and all allegations contained in headings, footnotes, or unnumbered Paragraphs in the Complaint.

1.    Dey denies the allegations in Paragraph 1 of the Complaint insofar as they pertain to Dey. To the extent the allegations in Paragraph 1 of the Complaint refer to the knowledge, conduct, or actions of persons, entities, or defendants other than Dey, Dey is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies those allegations.

2.    Dey denies having knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 2 of the Complaint, and therefore, denies those allegations.

3.    Dey denies the allegations in Paragraph 3 of the Complaint insofar as they pertain to Dey. To the extent the allegations in Paragraph 3 of the Complaint refer to the knowledge, conduct, or actions of persons, entities, or defendants other than Dey, Dey is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies those allegations.

4.    Dey denies the allegations in Paragraph 4 of the Complaint insofar as they pertain to Dey. To the extent the allegations in Paragraph 4 of the Complaint refer to the knowledge, conduct, or actions of persons, entities, or defendants other than Dey, Dey is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies those allegations.

5.    Dey admits that the State of Alabama purports to bring this action in its capacity as sovereign and on behalf of the Alabama Medicaid Agency but denies that there is any basis on which to permit it to do so.

6.    Dey denies the allegations in Paragraph 6 of the Complaint and respectfully refers the Court to the referenced statute as the best evidence of its terms.

7-35.    Dey denies having knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraphs 7 through 35 of the Complaint, and therefore, denies those allegations.

36.    Dey denies the allegations in Paragraph 36 of the Complaint.

37-93.    Dey denies having knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraphs 37 through 93 of the Complaint, and therefore, denies those allegations.

94.     Dey denies the allegations in Paragraph 94 of the Complaint insofar as they pertain to Dey. To the extent the allegations in Paragraph 94 of the Complaint refer to the knowledge, conduct, or actions of persons, entities, or defendants other than Dey, Dey is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies those allegations.

95.     Dey denies the allegations in Paragraph 95 of the Complaint.

96.     Dey denies the allegations in Paragraph 96 of the Complaint insofar as they pertain to Dey. To the extent the allegations in Paragraph 96 of the Complaint refer to the knowledge, conduct, or actions of persons, entities, or defendants other than Dey, Dey is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies those allegations.

97.     Dey denies the allegations in Paragraph 97 of the Complaint insofar as they pertain to Dey. To the extent the allegations in Paragraph 97 of the Complaint refer to the knowledge, conduct, or actions of persons, entities, or defendants other than Dey, Dey is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies those allegations.

98.     Dey denies having knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 98 of the Complaint, and therefore, denies those allegations.

99.     Dey denies having knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 99 of the Complaint, and therefore, denies those allegations.

100.    Dey denies the allegations in Paragraph 100 of the Complaint insofar as they pertain to Dey. To the extent the allegations in Paragraph 100 of the Complaint refer to the knowledge, conduct, or actions of persons, entities, or defendants other than Dey, Dey is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies those allegations.

101.    Dey admits that Medicare is a health insurance program created by the federal government, and refers the Court to the relevant statutes and regulations for a complete and accurate description of the program, and otherwise denies the balance of Paragraph 101 of the Complaint.

102.    Dey admits that Medicare is a health insurance program created by the federal government, and refers the Court to the relevant statutes and regulations for a complete and accurate description of the program, and otherwise denies the balance of Paragraph 102 of the Complaint.

103.    Dey denies the allegations in Paragraph 103 of the Complaint insofar as they pertain to Dey. To the extent the allegations in Paragraph 103 of the Complaint refer to the knowledge, conduct, or actions of persons, entities, or defendants other than Dey, Dey is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies those allegations.

104.    Dey denies the allegations in Paragraph 104 of the Complaint insofar as they pertain to Dey. To the extent the allegations in Paragraph 104 of the Complaint refer to the knowledge, conduct, or actions of persons, entities, or defendants other than Dey, Dey is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies those allegations.

105.    Dey denies the allegations in Paragraph 105 of the Complaint insofar as they pertain to Dey. To the extent the allegations in Paragraph 105 of the Complaint refer to the knowledge, conduct, or actions of persons, entities, or defendants other than Dey, Dey is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies those allegations.

106.    Dey denies the allegations in Paragraph 106 of the Complaint insofar as they pertain to Dey. To the extent the allegations in Paragraph 106 of the Complaint refer to the knowledge, conduct, or actions of persons, entities, or defendants other than Dey, Dey is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies those allegations.

107.    Dey denies the allegations in Paragraph 107 of the Complaint insofar as they pertain to Dey. To the extent the allegations in Paragraph 107 of the Complaint refer to the knowledge, conduct, or actions of persons, entities, or defendants other than Dey, Dey is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies those allegations.

108.    Dey denies the allegations in Paragraph 108 of the Complaint insofar as they pertain to Dey. To the extent the allegations in Paragraph 108 of the Complaint refer to the knowledge, conduct, or actions of persons, entities, or defendants other than Dey, Dey is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies those allegations.

109.    Dey denies the allegations in Paragraph 109 of the Complaint insofar as they pertain to Dey. To the extent the allegations in Paragraph 109 of the Complaint refer to the knowledge, conduct, or actions of persons, entities, or defendants other than Dey, Dey is without

knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies those allegations.

110. Dey denies the allegations in Paragraph 110 of the Complaint insofar as they pertain to Dey. To the extent the allegations in Paragraph 110 of the Complaint refer to the knowledge, conduct, or actions of persons, entities, or defendants other than Dey, Dey is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies those allegations.

111. Dey denies the allegations in Paragraph 111 of the Complaint insofar as they pertain to Dey. To the extent the allegations in Paragraph 111 of the Complaint refer to the knowledge, conduct, or actions of persons, entities, or defendants other than Dey, Dey is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies those allegations.

112. Dey denies each and every allegation set forth in Paragraph 112 of the Complaint, except admits that other plaintiffs have filed complaints alleging similarly meritless and ill-informed claims from which Plaintiff here appears to have largely copied its allegations.

113. Dey denies the allegations in Paragraph 113 of the Complaint insofar as they pertain to Dey. To the extent the allegations in Paragraph 113 of the Complaint refer to the knowledge, conduct, or actions of persons, entities, or defendants other than Dey, Dey is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies those allegations.

114. Dey denies the allegations in Paragraph 114 of the Complaint insofar as they pertain to Dey. To the extent the allegations in Paragraph 114 of the Complaint refer to the knowledge, conduct, or actions of persons, entities, or defendants other than Dey, Dey is without

knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies those allegations.

115.    Dey denies the allegations in Paragraph 115 of the Complaint insofar as they pertain to Dey. To the extent the allegations in Paragraph 115 of the Complaint refer to the knowledge, conduct, or actions of persons, entities, or defendants other than Dey, Dey is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies those allegations.

116-122.    Dey denies having knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraphs 116 to 122 of the Complaint, and therefore, denies those allegations.

123.    Dey denies the allegations in Paragraph 123 of the Complaint, except admits that it manufactures Albuterol Sulfate.

124.    Dey denies the allegations in Paragraph 124 of the Complaint.

125.    Dey denies the allegations in Paragraph 125 of the Complaint.

126.    Dey denies the allegations in Paragraph 126 of the Complaint insofar as they pertain to Dey. To the extent the allegations in Paragraph 126 of the Complaint refer to the knowledge, conduct, or actions of persons, entities, or defendants other than Dey, Dey is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies those allegations.

### COUNT I

127.    Answering Paragraph 127 of the Complaint, Dey repeats, restates, realleges, and incorporates by reference its responses to the allegations in Paragraphs 1 through 126 of the Complaint.

128.    Dey denies the allegations in Paragraph 128 of the Complaint insofar as they pertain to Dey.  To the extent the allegations in Paragraph 128 of the Complaint refer to the knowledge, conduct, or actions of persons, entities, or defendants other than Dey, Dey is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies those allegations.

129.    Dey denies the allegations in Paragraph 129 of the Complaint insofar as they pertain to Dey.  To the extent the allegations in Paragraph 129 of the Complaint refer to the knowledge, conduct, or actions of persons, entities, or defendants other than Dey, Dey is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies those allegations.

130.    Dey denies the allegations in Paragraph 130 of the Complaint insofar as they pertain to Dey.  To the extent the allegations in Paragraph 130 of the Complaint refer to the knowledge, conduct, or actions of persons, entities, or defendants other than Dey, Dey is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies those allegations.

## COUNT II

131.    Answering Paragraph 131 of the Complaint, Dey repeats, restates, realleges, and incorporates by reference its responses to the allegations in Paragraphs 1 through 130 of the Complaint.

132-139.    There are no Paragraphs 132 to 139 in the Complaint.

140.    Dey denies the allegations in Paragraph 140 of the Complaint insofar as they pertain to Dey.  To the extent the allegations in Paragraph 140 of the Complaint refer to the knowledge, conduct, or actions of persons, entities, or defendants other than Dey, Dey is without

knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies those allegations.

141.    Dey denies the allegations in Paragraph 141 of the Complaint insofar as they pertain to Dey. To the extent the allegations in Paragraph 141 of the Complaint refer to the knowledge, conduct, or actions of persons, entities, or defendants other than Dey, Dey is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies those allegations.

142.    Dey denies the allegations in Paragraph 142 of the Complaint insofar as they pertain to Dey. To the extent the allegations in Paragraph 142 of the Complaint refer to the knowledge, conduct, or actions of persons, entities, or defendants other than Dey, Dey is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies those allegations.

## COUNT III

143.    Answering Paragraph 143 of the Complaint, Dey repeats, restates, realleges, and incorporates by reference its responses to the allegations in Paragraphs 1 through 142 of the Complaint.

144.    Dey denies the allegations in Paragraph 144 of the Complaint insofar as they pertain to Dey. To the extent the allegations in Paragraph·144 of the Complaint refer to the knowledge, conduct, or actions of persons, entities, or defendants other than Dey, Dey is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies those allegations.

145.    Dey denies the allegations in Paragraph 145 of the Complaint insofar as they pertain to Dey. To the extent the allegations in Paragraph 145 of the Complaint refer to the

knowledge, conduct, or actions of persons, entities, or defendants other than Dey, Dey is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies those allegations.

146.    Dey denies the allegations in Paragraph 146 of the Complaint insofar as they pertain to Dey. To the extent the allegations in Paragraph 146 of the Complaint refer to the knowledge, conduct, or actions of persons, entities, or defendants other than Dey, Dey is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies those allegations.

147.    Dey denies the allegations in Paragraph 147 of the Complaint insofar as they pertain to Dey. To the extent the allegations in Paragraph 147 of the Complaint refer to the knowledge, conduct, or actions of persons, entities, or defendants other than Dey, Dey is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies those allegations.

## COUNT IV

148.    Answering Paragraph 148 of the Complaint, Dey repeats, restates, realleges, and incorporates by reference its responses to the allegations in Paragraphs 1 through 147 of the Complaint.

149.    Dey denies the allegations in Paragraph 149 of the Complaint insofar as they pertain to Dey. To the extent the allegations in Paragraph 149 of the Complaint refer to the knowledge, conduct, or actions of persons, entities, or defendants other than Dey, Dey is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies those allegations.

150.    Dey denies the allegations in Paragraph 150 of the Complaint insofar as they pertain to Dey. To the extent the allegations in Paragraph 150 of the Complaint refer to the knowledge, conduct, or actions of persons, entities, or defendants other than Dey, Dey is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies those allegations.

151.    Dey denies the allegations in Paragraph 151 of the Complaint insofar as they pertain to Dey. To the extent the allegations in Paragraph 151 of the Complaint refer to the knowledge, conduct, or actions of persons, entities, or defendants other than Dey, Dey is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies those allegations.

152.    Dey denies the allegations in Paragraph 152 of the Complaint insofar as they pertain to Dey. To the extent the allegations in Paragraph 152 of the Complaint refer to the knowledge, conduct, or actions of persons, entities, or defendants other than Dey, Dey is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies those allegations.

Dey denies that the State is entitled to judgment or any other relief requested in the Prayer for Relief on Page 42 of the Complaint.

## AFFIRMATIVE AND OTHER DEFENSES

### First Defense

The Complaint fails to state a claim against Dey upon which relief can be granted.

### Second Defense

The Complaint fails to satisfy the pleading requirements of Rule 8(a) of the Alabama Rules of Civil Procedure.

### Third Defense

Plaintiff has not suffered, and will not suffer, any injury to a legally protected or cognizable interest by reason of the conduct of Dey as alleged in the Complaint.

### Fourth Defense

Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitations, and the Plaintiff is not entitled to any tolling of any limitations period.

### Fifth Defense

Plaintiff is estopped from claiming entitlement to the sum it seeks because it has known throughout the relevant time period, from various public sources, including government reports provided to the Plaintiff, that the AWPs and WACs published in industry sources were not what Plaintiff now claims them to have been. The Plaintiff was aware that the reimbursement rates it was using to reimburse providers were greater than the estimated acquisition cost of those drugs, and knowingly set their reimbursement rates higher than estimated acquisition cost.

### Sixth Defense

Plaintiff fails to allege with particularity facts to support the fraud and/or fraudulent concealment allegations against Dey as required by Rule 9(b) of the Alabama Rules of Civil Procedure.

### Seventh Defense

During the relevant time period, the Alabama Medicaid Program did not regard AWP as anything other than a list or "sticker" price which it discounted for both branded and generic drugs when determining reimbursement rates.

## Eighth Defense

During the relevant period, the Alabama Medicaid Program did not regard WAC as anything other than an undiscounted wholesale price, not a net price reflective of all applicable discounts or incentives.

## Ninth Defense

Plaintiff's claims are barred, in whole or in part, by the doctrines of laches, estoppel, waiver, and unclean hands.

## Tenth Defense

Plaintiff's claims are barred to the extent that the claims involve drugs reimbursed without reference to AWP or WAC.

## Eleventh Defense

Plaintiff's claims are barred, in whole or in part, because Dey's alleged statements, actions, or omissions were not the proximate cause of any alleged loss by the Plaintiff.

## Twelfth Defense

Plaintiff was negligent, careless, committed willful misconduct or was otherwise at fault in and about the matter referred to in the Complaint, and such conduct on the part of the Plaintiff caused and contributed to the injury complained of, if any actually occurred.

## Thirteenth Defense

Plaintiff directed, ordered, approved and/or ratified Dey's conduct, and the Plaintiff is, therefore, barred from asserting any claims based thereon.

## Fourteenth Defense

Any and all actions taken by Dey with respect to any of the matters alleged in the Complaint were taken in good faith and in accordance with established industry practice.

Moreover, publishers, including First DataBank, rather than Dey, determine the AWP that they publish for drugs.

### Fifteenth Defense

Plaintiff's claims against Dey are barred because Dey has complied with all applicable regulations of the federal government and the State of Alabama.

### Sixteenth Defense

Plaintiff's claims are barred, in whole or in part, because any injuries sustained by the Plaintiff, if any, were the result of its own conduct or intervening or superceding acts or omissions of third parties.

### Seventeenth Defense

Plaintiff's claims against Dey for damages are barred, in whole or in part, because the Plaintiff failed to mitigate and/or neglected to minimize its damages, and its failure to mitigate damages should proportionately reduce its recovery and the allocation of any fault, if any exists, attributable to Dey.

### Eighteenth Defense

Plaintiff receives funding from the federal government for a percentage of the prescription drug reimbursements made under the Alabama Medicaid program. Any of Plaintiff's recovery should be substantially if not entirely set off by appropriate percentages of those amounts and should also be reduced by any benefits and rebates they received from Dey. Plaintiff's claims against Dey for damages are barred, in whole or in part, because the Plaintiff would be unjustly enriched if allowed to recover any portion of the damages alleged in the Complaint.

### Nineteenth Defense

Dey is entitled to a set-off, should any damages be awarded against it, for the entire amount of all damages or settlement amounts recovered by the Plaintiff with respect to the same alleged injuries.

### Twentieth Defense

Plaintiff's claims for damages against Dey are barred, in whole or in part, by the doctrine of consent and/or ratification to the extent that the Plaintiff has received and paid for pharmaceuticals manufactured, marketed and sold by Dey after the filing of the Plaintiff's Complaint and after first learning of the information that forms the basis for the allegations in the Complaint.

### Twenty-First Defense

Any damages recovered by the Plaintiff must be limited by the applicable statutory ceilings on recoverable damages, including without limitation, Alabama Code 6-11-21.

### Twenty-Second Defense

Plaintiff fails to state a claim against Dey sufficient to support an award for investigative costs, treble damages, attorneys' fees and/or legal fees.

### Twenty-Third Defense

Plaintiff's claims are barred, in whole or in part, by the doctrines of mistake and mutual mistake.

### Twenty-Fourth Defense

The civil penalties sought against Dey cannot be sustained because an award of the civil penalties sought by the Plaintiff would violate the United States Constitution, Excessive Fines Clause of the Eighth Amendment, U.S. Const. amend. VIII, and the Due Process Clauses

of the Fifth and Fourteenth Amendments, U.S. Const. amend. V and XIV, and the analogous provisions in the Constitution of the State of Alabama.

### Twenty-Fifth Defense

Plaintiff's claims are barred, in whole or in part, because they violate Dey's rights under the Due Process and Ex Post Facto clauses of the United States Constitution and the analogous provisions of the Constitution of the State of Alabama insofar as the Plaintiff seeks to impose liability retroactively for conduct that was not actionable at the time it occurred.

### Twenty-Sixth Defense

The granting of relief prayed for in Plaintiff's Complaint is unconstitutional under the United States Constitution and Constitution of the State of Alabama in that it violates Due Process and Equal Protection guarantees, places an undue burden on interstate commerce, and violates Constitutional proscriptions against excessive fines.

### Twenty-Seventh Defense

The granting of the relief prayed for in Plaintiff's Complaint is unconstitutional in that it would violate Dey's right of commercial speech under the United States Constitution and Constitution of the State of Alabama.

### Twenty-Eighth Defense

Plaintiff has failed to join all persons and parties necessary for a just adjudication of the controversy.

### Twenty-Ninth Defense

Any or all causes of action in Plaintiff's Complaint are barred because of the lack of privity between the Plaintiff and Dey.

### Thirtieth Defense

Any or all causes of action in Plaintiff's Complaint are barred because the statutes upon which the Plaintiff relies are vague and ambiguous.

### Thirty-First Defense

Plaintiff's claims for injunctive relief against Dey are barred by the doctrines of *in pari delicto* and/or unclean hands.

### Thirty-Second Defense

Plaintiff's claims are barred, in whole or in part, because Dey did not make any statements to the Plaintiff.  As to any statement asserted against Dey that Plaintiff claims to be false or misleading, Dey had no reasonable grounds to believe, and did not believe at the time such statements were made, that the statements were false or misleading.

### Thirty-Third Defense

Plaintiff's claims are barred, in whole or in part, by the political question and separation of powers doctrines.

### Thirty-Fourth Defense

Plaintiff's claims are preempted, in whole or in part, by federal law, including without limitation the Federal Employment Retirement Income and Security Act of 1974, the Federal Medicare Act, and the Federal Medicaid Act, including all amendments to the same and all regulations promulgated thereunder.

### Thirty-Fifth Defense

Plaintiff's claims are preempted by the dormant Commerce Clause of the United States Constitution.

### Thirty-Sixth Defense

Dey did not owe any duty to the Plaintiff and did not breach any duty owed to the Plaintiff.

### Thirty-Seventh Defense

Plaintiff's claims are barred, in whole or in part, by the government contractor and similar defenses because the reimbursement system, including the use of AWP in excess of actual average prices, was designed and approved by the Plaintiff to serve its purposes.

### Thirty-Eighth Defense

Plaintiff's claims against Dey are barred, in whole or in part, because it has suffered no damages as a result of the matters alleged in the Complaint.

### Thirty-Ninth Defense

Plaintiff's claims for damages are barred, in whole or in part, because its alleged damages, if any, are speculative and because of the impossibility of the ascertainment and allocation of these alleged damages.

### Fortieth Defense

To the extent equitable relief is sought, such claims cannot be sustained because the Plaintiff has an adequate remedy at law.

### Forty-First Defense

Plaintiff's claims are barred, in whole or in part, by the filed rate doctrine.

### Forty-Second Defense

Plaintiff has no standing or capacity to bring some or all of the claims raised in this suit to recover Medicaid expenditures or to seek injunctive relief.

**<u>Forty-Third Defense</u>**

Plaintiff's claims against Dey for injunctive relief were mooted by the passage of the Medicare Prescription Drug, Improvement and Modernization Act of 2003.

**<u>Forty-Fourth Defense</u>**

To the extent punitive damages are sought, Plaintiff's punitive damages claims against Dey: (1) have no basis in law or fact; (2) are not recoverable because the allegations of the Complaint are legally insufficient to support a claim for punitive damages against Dey; (3) cannot be sustained because the laws regarding the standards for determining liability for and the amount of punitive damages fail to give Dey prior notice of the conduct for which punitive damages may be imposed and the severity of the penalty that may be imposed, and are void for vagueness in violation of Dey's Due Process rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and the Constitution of the State of Alabama; (4) cannot be sustained because any award of punitive damages exceeding the limits authorized by the laws or other comparable laws would violate Dey's Due Process and Equal Protection rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and would be improper under the Constitution, common law and laws of the State of Alabama; (5)  cannot be sustained because an award of punitive damages in this case, combined with any prior, contemporaneous, or subsequent judgments against Dey for punitive damages arising from the design, development, manufacture, fabrication, distribution, supply, marketing, sale, or use of Dey's products would constitute impermissible multiple punishments for the same wrong, in violation of Dey's Due Process and Equal Protection rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and would constitute double jeopardy in violation of the Constitution, common law, and statutory laws of the State of Alabama; (6)

cannot be sustained because any award of punitive damages without the apportionment of the award separately and severally between or among the alleged joint tortfeasors, as determined by the alleged percentage of the wrong committed by each alleged tortfeasor, would violate Dey's Due Process and Equal Protection rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and would be improper under the Constitution, common law, and public policies of the State of Alabama; and (7) cannot be sustained because any award of punitive damages, which are penal in nature, without according Dey the same protections that are accorded to all criminal defendants, including the protection against unreasonable searches and seizures, the privilege against self-incrimination, and the rights to confront adverse witnesses, a speedy trial, and the effective assistance of counsel, would violate Dey's rights guaranteed by the Fourth, Fifth, and Sixth Amendment as incorporated into the Fourteenth Amendment to the United States Constitution and would be improper under the Constitution, common law, and public policies of the State of Alabama.

### Forty-Fifth Defense

To the extent punitive damages are sought, Plaintiff's claims for punitive damages against Dey cannot be sustained because an award of punitive damages by a jury that: (1) is not provided constitutionally adequate standards of sufficient clarity for determining the appropriate imposition of, and the appropriate size of, a punitive damages award; (2) is not adequately instructed on the limits of punitive damages imposed by the applicable principles of deterrence and punishment; (3) is not expressly prohibited from awarding punitive damages, or determining the amount of an award of punitive damages, in whole or in part on the basis of invidiously discriminatory characteristics, including without limitation the residence, wealth, and corporate status of Dey; (4) is permitted to award punitive damages under a standard for determining

liability for punitive damages that is vague and arbitrary and does not define with sufficient clarity the conduct or mental state that makes punitive damages permissible; (5) is not properly instructed regarding Plaintiff's burden of proof with respect to each and every element of a claim for punitive damages; and (6) is not subject to trial court and appellate judicial review for reasonableness and furtherance of legitimate purposes on the basis of constitutionally adequate and objective standards, would violate Dey's Due Process and Equal Protection rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution, and would be improper under the Constitution, common law, and public policies of the State of Alabama.

### Forty-Sixth Defense

To the extent punitive damages are sought, Plaintiff's claims for punitive damages against Dey cannot be sustained because an award of punitive damages that is subject to no predetermined limit, such as a maximum multiple of compensatory damages or a maximum amount of punitive damages that may be imposed, would: (1) violate Dey's due process rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution; (2) violate Dey's right not to be subjected to an excessive award; and (3) be improper under the Constitution, common law, and public policies of the State of Alabama.

### Forty-Seventh Defense

Plaintiff's unjust enrichment claims are barred, in whole or in part, because Dey did not retain any money belonging to the State as a result of any alleged overpayments as required under Alabama law.

### Forty-Eighth Defense

Dey hereby adopts and incorporates by reference, as if fully set forth herein, any affirmative defenses listed by any other defendant in its answer to Plaintiff's Complaint to the extent that such defenses are factually and/or legally consistent with Dey's position.

### Forty-Ninth Defense

Subject to confirmation during discovery, Dey hereby reserves those affirmative defenses required to be specifically pled under Rule 8(b) of the Alabama Rules of Civil Procedure not specifically pled above and incorporates them as if fully set forth in separate paragraphs. Dey reserves the right to amend its answer to assert additional affirmative defenses and to supplement those asserted herein upon discovery of further information regarding the claims asserted in the Complaint. These additional defenses cannot be asserted at this time because of the lack of detail in the Complaint concerning Plaintiff's claims.

### Fiftieth Defense

Some or all of Plaintiff's claims against Dey arise from Plaintiff's failure to follow its federal and state statutory and regulatory obligation to properly establish appropriate reimbursement rates.

### Fifty-First Defense

Plaintiff's claims against Dey are misjoined with Plaintiff's claims against other defendants and must be severed.

WHEREFORE, Dey prays for judgment: (i) dismissing the Complaint in its entirety; (ii) awarding to Dey costs and fees incurred in this action; and (iii) granting to Dey such other and additional relief, both legal and equitable, as justice and the nature of the cause may require.

Dated:  January 30, 2006

Respectfully submitted,

By:_____

Joseph W. Letzer (LET002)
Gary M. London (LON001)
Ricky McKinney (MCK030)
Warren C. Matthews (MAT0300)
BURR & FORMAN LLP
3100 SouthTrust Tower
420 North 20th Street
Birmingham, Alabama 35203
Telephone: (205) 251-3000
Facsimile: (205) 458-5100
Attorneys for Defendant
Dey, L.P.

**OF COUNSEL:**
William A. Escobar
Neil Merkl
Christopher C. Palermo
KELLEY DRYE & WARREN LLP
101 Park Avenue
New York, New York  10178
Telephone: (212) 808-7609
Facsimile: (212) 808-7897

## CERTIFICATE OF SERVICE

I, Joseph W. Letzer, hereby certify that on January 30, 2006, copies of the foregoing Answer and Affirmative Defenses of Defendant Dey, L.P. to Plaintiff's Second Amended Complaint were served on all counsel of record via ECF electronic filing.

Joseph W. Letzer