LEXISNEXIS' FILE & SERVE
10450282
e-SERVICE
Jan 30 2006
2:39PM

IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

STATE OF ALABAMA,                 )
                                  )
    Plaintiff,                    )
                                  )
    v.                            )       CIVIL ACTION NUMBER:  CV-2005-219
                                  )
ABBOTT LABORATORIES, INC., et al., )
                                  )
    Defendants.                   )

## DEFENDANT EISAI INC.'S ANSWER TO
## PLAINTIFF'S SECOND AMENDED COMPLAINT

       Eisai Inc. ("Eisai"), by its undersigned attorneys, answers the Second Amended
Complaint of the State of Alabama (the "Plaintiff") as follows:

       1.     To the extent the allegations contained in Paragraph 1 refer to parties other
than Eisai, Eisai states that it is without knowledge or information sufficient to form a belief as to
the truth or falsity of the allegations.  To the extent the allegations contained in Paragraph 1 are
deemed to include allegations against Eisai, Eisai denies the allegations.

       2.     Eisai is without knowledge or information sufficient to form a belief as to
the truth or falsity of the allegations set forth in the first sentence of Paragraph 2.  Eisai denies
the allegations set forth in the second sentence of Paragraph 2.  Eisai is without knowledge or
information sufficient to form a belief as to the truth or falsity of the allegations set forth in
sentences 3 through 5 of Paragraph 2.  Finally, Eisai denies the allegations in the last sentence of
Paragraph 2.

       3.     Eisai is without knowledge or information sufficient to form a belief as to
the truth or falsity of the allegations set forth in the first sentence of Paragraph 3.  To the extent
the remaining allegations contained in Paragraph 3 refer to parties other than Eisai, Eisai states

that it is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations. To the extent the remaining allegations contained in Paragraph 3 are deemed to include allegations against Eisai, Eisai denies the allegations.

4.    To the extent the allegations contained in Paragraph 4 refer to parties other than Eisai, Eisai states that it is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations. To the extent the allegations contained in Paragraph 4 are deemed to include allegations against Eisai, Eisai denies the allegations.

5.    Eisai admits that the Plaintiff purports to bring this action in its capacity as sovereign and on behalf of the Alabama Medicaid Agency but denies that there is any basis on which to permit it to do so.

6.    The allegations set forth in Paragraph 6 state legal conclusions as to which no answer is required. To the extent that the allegations in Paragraph 6 refer to statutes or regulations, those sources speak for themselves. To the extent an answer is otherwise deemed to be required, Eisai denies the allegations in Paragraph 6.

7. – 36.    The allegations contained in Paragraphs 7 through 36 refer to parties other than Eisai. Eisai states that it is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in said Paragraphs. To the extent the allegations contained in said Paragraphs are deemed to include allegations against Eisai, Eisai denies the allegations.

37.    Eisai admits the allegations contained in the first sentence of Paragraph 37. Eisai further admits that it and other companies are engaged in the business of

manufacturing, marketing, selling, and distributing Aciphex®, Aricept®, and Zonegran®, which are reimbursed by Alabama Medicaid. Eisai denies the remaining allegations in Paragraph 37.

38. – 93.    The allegations contained in Paragraphs 38 through 93 refer to parties other than Eisai. Eisai states that it is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in said Paragraphs. To the extent the allegations contained in said Paragraphs are deemed to include allegations against Eisai, Eisai denies the allegations.

94.    To the extent the allegations contained in Paragraph 94 refer to parties other than Eisai, Eisai states that it is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations. To the extent the allegations contained in Paragraph 94 are deemed to include allegations against Eisai, Eisai denies the allegations.

95. – 97.    The allegations set forth in Paragraphs 95 through 97 state legal conclusions as to which no answer is required. To the extent an answer is deemed to be required, Eisai denies the allegations in Paragraphs 95 through 97.

98.    Eisai admits the allegations contained in the first sentence of Paragraph 98. Eisai states that it is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 98.

99.    To the extent the allegations in Paragraph 99 refer to statutes, regulations, or other documents, those sources speak for themselves and are the best evidence of their contents.

100.    To the extent the allegations in Paragraph 100 refer to statutes, regulations, or other documents, those sources speak for themselves and are the best evidence of their contents.    Eisai denies that Plaintiff's selective characterization of those statutes, regulations, or other documents is complete or accurate and therefore denies the allegations in Paragraph 100. To the extent the allegations contained in Paragraph 100 refer to parties other than Eisai, Eisai states that it is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained therein.

101.    To the extent the allegations in Paragraph 101 refer to statutes, regulations, or other documents, those sources speak for themselves and are the best evidence of their contents.

102.    To the extent the allegations in Paragraph 102 refer to statutes, regulations, or other documents, those sources speak for themselves and are the best evidence of their contents.    Eisai denies that Plaintiff's selective characterization of those statutes, regulations, or other documents is necessarily complete or accurate and therefore denies the allegations in Paragraph 102. To the extent the allegations contained in Paragraph 102 refer to parties other than Eisai, Eisai states that it is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained therein.

103.    To the extent the allegations contained in Paragraph 103 refer to parties other than Eisai, Eisai states that it is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained therein. To the extent the allegations contained in Paragraph 103 are deemed to include allegations against Eisai, Eisai denies the allegations.

104.    To the extent the allegations contained in Paragraph 104 refer to parties other than Eisai, Eisai states that it is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained therein. To the extent the allegations contained in Paragraph 104 are deemed to include allegations against Eisai, Eisai denies the allegations.

105.    To the extent the allegations contained in Paragraph 105 refer to parties other than Eisai, Eisai states that it is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained therein.  To the extent the allegations contained in Paragraph 105 are deemed to include allegations against Eisai, Eisai denies the allegations.

106.    To the extent the allegations contained in Paragraph 106 refer to parties other than Eisai, Eisai states that it is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained therein.  To the extent the allegations contained in Paragraph 106 are deemed to include allegations against Eisai, Eisai denies the allegations.

107.    To the extent the allegations contained in Paragraph 107 refer to parties other than Eisai, Eisai states that it is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained therein.  To the extent the allegations contained in Paragraph 107 are deemed to include allegations against Eisai, Eisai denies the allegations.

108.    To the extent the allegations contained in Paragraph 108 refer to parties other than Eisai, Eisai states that it is without knowledge or information sufficient to form a

belief as to the truth or falsity of the allegations contained therein. To the extent the allegations contained in Paragraph 108 are deemed to include allegations against Eisai, Eisai denies the allegations.

109. To the extent the allegations contained in Paragraph 109 refer to parties other than Eisai, Eisai states that it is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained therein. To the extent the allegations contained in Paragraph 109 are deemed to include allegations against Eisai, Eisai denies the allegations.

110. To the extent the allegations contained in Paragraph 110 refer to parties other than Eisai, Eisai states that it is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained therein. To the extent the allegations contained in Paragraph 110 are deemed to include allegations against Eisai, Eisai denies the allegations.

111. To the extent the allegations contained in Paragraph 111 refer to parties other than Eisai, Eisai states that it is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained therein. To the extent the allegations contained in Paragraph 111 are deemed to include allegations against Eisai, Eisai denies the allegations.

112. To the extent the allegations contained in Paragraph 112 refer to parties other than Eisai, Eisai states that it is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained therein. Eisai admits that the State of Mississippi and New York's Erie County have filed similar suits against Eisai. Eisai

further avers that it was voluntarily dismissed from similar suits brought by the City of New York and by 29 New York counties. Eisai otherwise denies the allegations contained in Paragraph 112.

113. To the extent the allegations in Paragraph 113 refer to documents, those sources speak for themselves and are the best evidence of their contents, and any characterizations thereof are denied. To the extent the allegations contained in Paragraph 113 refer to parties other than Eisai, Eisai states that it is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained therein. To the extent the allegations contained in Paragraph 113 are deemed to include allegations against Eisai, Eisai denies the allegations. Eisai further avers that it was voluntarily dismissed from the action brought by the City of New York to which Plaintiff refers in Paragraph 113.

114. – 120. To the extent the allegations contained in Paragraphs 114 through 120 refer to parties other than Eisai, Eisai states that it is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained therein. To the extent the allegations contained in Paragraphs 114 through 120 are deemed to include allegations against Eisai, Eisai denies the allegations.

121. To the extent the allegations contained in Paragraph 121 refer to parties other than Eisai, Eisai states that it is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained therein. To the extent the allegations contained in Paragraph 121 are deemed to include allegations against Eisai, Eisai denies the allegations.

122.    To the extent the allegations in Paragraph 122 refer to other documents, those sources speak for themselves and are the best evidence of their contents, and any characterizations thereof are denied.  To the extent the allegations contained in Paragraph 122 refer to parties other than Eisai, Eisai states that it is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained therein.  To the extent the allegations contained in Paragraph 122 are deemed to include allegations against Eisai, Eisai denies the allegations.

123.    To the extent the allegations contained in Paragraph 123 refer to parties other than Eisai, Eisai states that it is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained therein.  To the extent the allegations contained in Paragraph 123 are deemed to include allegations against Eisai, Eisai denies the allegations.

124.    To the extent the allegations contained in Paragraph 124 refer to parties other than Eisai, Eisai states that it is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained therein.  To the extent the allegations contained in Paragraph 124 are deemed to include allegations against Eisai, Eisai denies the allegations.

125.    Eisai denies the allegations set forth in Paragraph 125.

126.    Eisai denies the allegations set forth in Paragraph 126.

127.    Eisai reasserts and incorporates by reference its responses to all preceding paragraphs as though fully set forth herein.

128.    To the extent the allegations contained in Paragraph 128 refer to parties other than Eisai, Eisai states that it is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained therein. To the extent the allegations contained in Paragraph 128 are deemed to include allegations against Eisai, Eisai denies the allegations.

129.    The allegations set forth in Paragraph 129 state legal conclusions as to which no answer is required. To the extent the allegations contained in Paragraph 129 refer to parties other than Eisai, Eisai states that it is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained therein. To the extent an answer is otherwise deemed to be required, Eisai denies the allegations.

130.    To the extent the allegations contained in Paragraph 130 refer to parties other than Eisai, Eisai states that it is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained therein. To the extent the allegations contained in Paragraph 130 are deemed to include allegations against Eisai, Eisai denies the allegations.

131.    Eisai reasserts and incorporates by reference its responses to all preceding paragraphs as though fully set forth herein.

132. – 139.    Plaintiff's Second Amended Complaint lacks Paragraphs 132 through 139. Therefore, no response is required.

140.    To the extent the allegations contained in Paragraph 140 refer to parties other than Eisai, Eisai states that it is without knowledge or information sufficient to form a

belief as to the truth or falsity of the allegations contained therein. To the extent the allegations contained in Paragraph 140 are deemed to include allegations against Eisai, Eisai denies the allegations.

141. The allegations set forth in Paragraph 141 state legal conclusions as to which no answer is required. To the extent the allegations contained in Paragraph 141 refer to parties other than Eisai, Eisai states that it is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained therein. To the extent an answer is otherwise deemed to be required, Eisai denies the allegations.

142. To the extent the allegations contained in Paragraph 142 refer to parties other than Eisai, Eisai states that it is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained therein. To the extent the allegations contained in Paragraph 142 are deemed to include allegations against Eisai, Eisai denies the allegations.

143. Eisai reasserts and incorporates by reference its responses to all preceding paragraphs as though fully set forth herein.

144. To the extent the allegations contained in Paragraph 144 refer to parties other than Eisai, Eisai states that it is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained therein. To the extent the allegations contained in Paragraph 144 are deemed to include allegations against Eisai, Eisai denies the allegations.

145.    To the extent the allegations contained in Paragraph 145 refer to parties other than Eisai, Eisai states that it is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained therein.  To the extent the allegations contained in Paragraph 145 are deemed to include allegations against Eisai, Eisai denies the allegations.

146.    The allegations set forth in Paragraph 146 state legal conclusions as to which no answer is required.  To the extent the allegations contained in Paragraph 146 refer to parties other than Eisai, Eisai states that it is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained therein.  To the extent an answer is otherwise deemed to be required, Eisai denies the allegations.

147.    To the extent the allegations contained in Paragraph 147 refer to parties other than Eisai, Eisai states that it is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained therein.  To the extent the allegations contained in Paragraph 147 are deemed to include allegations against Eisai, Eisai denies the allegations.

148.    Eisai reasserts and incorporates by reference its responses to all preceding paragraphs as though fully set forth herein.

149.    To the extent the allegations contained in Paragraph 149 refer to parties other than Eisai, Eisai states that it is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained therein.  To the extent the allegations contained in Paragraph 149 are deemed to include allegations against Eisai, Eisai denies the allegations.

150.    To the extent the allegations contained in Paragraph 150 refer to parties other than Eisai, Eisai states that it is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained therein. To the extent the allegations contained in Paragraph 150 are deemed to include allegations against Eisai, Eisai denies the allegations.

151.    To the extent the allegations contained in Paragraph 151 refer to parties other than Eisai, Eisai states that it is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained therein. To the extent the allegations contained in Paragraph 151 are deemed to include allegations against Eisai, Eisai denies the allegations.

152.    To the extent the allegations contained in Paragraph 152 refer to parties other than Eisai, Eisai states that it is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained therein. To the extent the allegations contained in Paragraph 152 are deemed to include allegations against Eisai, Eisai denies the allegations.

Eisai denies that Plaintiff is entitled to a judgment or to any other relief requested in its section entitled "Prayer for Relief" and unnumbered "Wherefore" Paragraph following Paragraph 152 of the Second Amended Complaint.

## AFFIRMATIVE AND OTHER DEFENSES

Further answering and responding to the allegations of the Plaintiff's Second Amended Complaint, and without assuming the burden of proof of such defenses that it would not otherwise have, Eisai asserts the following:

### FIRST DEFENSE

1.    No relief against Eisai is proper and any allegation against Eisai that is not specifically admitted is hereby denied.

### SECOND DEFENSE

2.    Plaintiff fails to state a claim against Eisai upon which relief may be granted.

### THIRD DEFENSE

3.    Some or all of Plaintiff's claims are barred, in whole or in part, by the political question and separation of powers doctrines.

### FOURTH DEFENSE

4.    Plaintiff has no standing or capacity to bring some or all of the claims raised in this suit to recover Medicaid expenditures or to seek injunctive relief.

### FIFTH DEFENSE

5.    Plaintiff has not suffered, and will not suffer, any injury to a legally protected or recognizable interest by reason of the conduct of Eisai as alleged in the Second Amended Complaint.

### SIXTH DEFENSE

6.    To the extent Plaintiff obtains recovery in any other case predicated on the same factual allegations, it is barred from seeking recovery against Eisai based on the Second Amended Complaint pursuant to the doctrines of res judicata and collateral estoppel and the prohibition on double recovery for the same injury.

## SEVENTH DEFENSE

7.    Plaintiff's claims are barred, in whole or in part, by the First Amendment to the United States Constitution and the analogous provisions of the Constitution of the State of Alabama.

## EIGHTH DEFENSE

8.    Plaintiff's claims are barred, in whole or in part, by the filed rate doctrine.

## NINTH DEFENSE

9.    Plaintiff's claims are barred, in whole or in part, to the extent that Plaintiff has released, settled, entered into an accord and satisfaction or otherwise compromised its claims.

## TENTH DEFENSE

10.    Any and all actions taken by Eisai with respect to any of the matters alleged in the Second Amended Complaint were taken in good faith and in accordance with established industry practice.

## ELEVENTH DEFENSE

11.    Plaintiff's state law claims are preempted, in whole or in part, by federal law, including without limitation, the Federal Employment Retirement Income and Security Act of 1974, the Federal Medicare Act, and the Federal Medicaid Act, including all amendments to the same and all regulations promulgated thereunder.

## TWELFTH DEFENSE

12.    Plaintiff's claims against Eisai are preempted by the dormant Commerce Clause of the United States Constitution.

### THIRTEENTH DEFENSE

13.    Plaintiff's claims against Eisai are barred because Eisai has complied with all applicable regulations of the federal and state governments.

### FOURTEENTH DEFENSE

14.    Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitation and repose, and by the doctrines of laches, estoppel and waiver.

### FIFTEENTH DEFENSE

15.    Plaintiff's claims are barred, in whole or in part, because they violate Eisai's rights under the Due Process and Ex Post Facto clauses of the United States Constitution, as well as the Constitution of the State of Alabama, insofar as Plaintiff seeks to impose liability retroactively for conduct that was not actionable at the time it occurred.

### SIXTEENTH DEFENSE

16.    Eisai's statements or actions were not the proximate cause or cause in fact of any injury or alleged loss.

### SEVENTEENTH DEFENSE

17.    Plaintiff fails to state with particularity facts to support its allegations of fraudulent misrepresentation and fraudulent suppression.

### EIGHTEENTH DEFENSE

18.    Plaintiff's claims against Eisai are barred, in whole or in part, because Eisai did not make any false statements to Plaintiff. As to any statement asserted against Eisai that Plaintiff alleges to be false or misleading, Eisai had no reasonable grounds to believe, and did not believe at the time such a statement was made, that the statement was false or misleading.

### NINETEENTH DEFENSE

19.     Plaintiff's claims against Eisai are barred because Eisai did not directly or indirectly engage in any conduct in violation of state or federal law.

### TWENTIETH DEFENSE

20.     To the extent that Plaintiff seeks equitable relief against Eisai, Plaintiff is not entitled to such relief because there is an adequate remedy at law.

### TWENTY-FIRST DEFENSE

21.     Plaintiff's claims against Eisai for injunctive relief were mooted by the passage of the Medicare Prescription Drug, Improvement and Modernization Act of 2003.

### TWENTY-SECOND DEFENSE

22.     Some or all of Plaintiff's claims for injunctive relief against Eisai are barred by the doctrines of *in pari delicto* and/or unclean hands.

### TWENTY-THIRD DEFENSE

23.     Plaintiff's claims against Eisai are barred, in whole or in part, due to its failure to join indispensable parties.

### TWENTY-FOURTH DEFENSE

24.     Plaintiff's claims against Eisai are misjoined with Plaintiff's claims against other defendants and must be severed.

### TWENTY-FIFTH DEFENSE

25.     Plaintiff's claims against Eisai are barred, in whole or in part, because it suffered no damages as a result of the matters alleged in the Second Amended Complaint.

### TWENTY-SIXTH DEFENSE

26.    Plaintiff's claims are barred, in whole or in part, because any injuries sustained by Plaintiff were the result of its own conduct or the intervening or superseding conduct of third parties.

### TWENTY-SEVENTH DEFENSE

27.    Plaintiff's claims are barred, in whole or in part: (1) because Plaintiff failed to mitigate its damages, and the failure to mitigate damages should proportionately reduce the recovery and the allocation of fault, if any exists, attributable to Eisai; (2) because Plaintiff would be unjustly enriched if allowed to recover any portion of the damages alleged in the Second Amended Complaint; (3) by the doctrine of consent and/or ratification to the extent that Plaintiff has received and paid for medicines manufactured, marketed and sold by Eisai after the filing of Plaintiff's original Complaint; and (4) because Plaintiff's claims are speculative and remote and because of the impossibility of ascertaining and allocating those alleged damages.

### TWENTY-EIGHTH DEFENSE

28.    Eisai is entitled to a set-off – should any damages be awarded against it – for the entire amount of all damages or settlement amounts recovered by Plaintiff, whether a result of *pro tanto* settlements or otherwise, with respect to the same alleged injuries.

### TWENTY-NINTH DEFENSE

29.    Any damages recovered by the Plaintiff from Eisai must be limited by the applicable statutory ceilings on recoverable damages, including without limitation, Alabama Code 6-11-21.

## THIRTIETH DEFENSE

30.    Plaintiff fails to allege facts or a cause of action against Eisai sufficient to support a claim for compensatory damages, attorneys' fees and/or legal fees, costs and/or prejudgment interest, or any other relief.

## THIRTY-FIRST DEFENSE

31.    Plaintiff's punitive damages claims against Eisai: (1) have no basis in law or fact; (2) are not recoverable because the allegations of the Second Amended Complaint are legally insufficient to support a claim for punitive damages against Eisai; (3) cannot be sustained because laws regarding the standards for determining liability for and the amount of punitive damages fail to give Eisai prior notice of the conduct for which punitive damages may be imposed and the severity of the penalty that may be imposed and are void for vagueness in violation of Eisai's due process rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and the Constitution of the State of Alabama; (4) cannot be sustained because any award of punitive damages exceeding the limits authorized by the laws or other comparable laws would violate Eisai's due process and equal protection rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and would be improper under the Constitution, common law and applicable state laws of Alabama; (5) cannot be sustained because an award of punitive damages in this case, combined with any prior, contemporaneous, or subsequent judgments against Eisai for punitive damages arising from the manufacture, distribution, marketing, or sale of Eisai's medicines, would constitute impermissible multiple punishments for the same wrong in violation of Eisai's due process and equal protection rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and would constitute double jeopardy in violation of the Constitution, common law

and statutory law of Alabama; (6) cannot be sustained because any award of punitive damages without the apportionment of the award separately and severally between or among the alleged joint tortfeasors, as determined by the alleged percentage of the wrong committed by each alleged tortfeasor, would violate Eisai's due process and equal protection rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and would be improper under the Constitution, common law and public policies of Alabama; and (7) cannot be sustained because any award of punitive damages, which are penal in nature, without according Eisai the same protections that are accorded to all criminal defendants, including the protection against unreasonable searches and seizures, the privilege against self-incrimination, and the rights to confront adverse witnesses, a speedy trial, and the effective assistance of counsel, would violate Eisai's rights guaranteed by the Fourth, Fifth, and Sixth Amendments as incorporated into the Fourteenth Amendment to the United States Constitution and would be improper under the Constitution, common law and public policies of Alabama.

THIRTY-SECOND DEFENSE

32.    Plaintiff's claim for punitive damages against Eisai cannot be sustained because an award of punitive damages by a jury that:   (1) is not provided constitutionally adequate standards of sufficient clarity for determining the appropriate imposition of, and the appropriate size of, a punitive damages award; (2) is not adequately instructed on the limits of punitive damages imposed by the applicable principles of deterrence and punishment; (3) is not expressly prohibited from awarding punitive damages, or determining the amount of an award of punitive damages, in whole or in part, on the basis of invidiously discriminatory characteristics, including without limitation, the residence, wealth, and corporate status of Eisai; (4) is permitted to award punitive damages under a standard for determining liability for punitive damages that is

vague and arbitrary and does not define with sufficient clarity the conduct or mental state that makes punitive damages permissible; (5) is not properly instructed regarding Plaintiff's burden of proof with respect to each and every element of a claim for punitive damages; and (6) is not subject to trial court and appellate judicial review for reasonableness and furtherance of legitimate purposes on the basis of constitutionally adequate and objective standards, would violate Eisai's Due Process and Equal Protection rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution, and would be improper under the Constitution, common law and public policies of Alabama.

THIRTY-THIRD DEFENSE

33.    Plaintiff's claim for punitive damages against Eisai cannot be sustained because an award of punitive damages that is subject to no predetermined limit, such as a maximum multiple of compensatory damages or a maximum amount of punitive damages that may be imposed, would:  (1) violate Eisai's Due Process rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution; (2) violate Eisai's right not to be subjected to an excessive award; and (3) be improper under the Constitution, common law and public policies of Alabama.

THIRTY-FOURTH DEFENSE

34.    Imposition of punitive damages in this case would violate the Excessive Fines Clause of the Eighth Amendment to the United States Constitution and Article I, Section 15, of the Alabama Constitution.

THIRTY-FIFTH DEFENSE

35.    Plaintiff's fraud-based claims are barred because Plaintiff knew or should have known for more than a decade before the filing of the complaint that published AWPs do

not represent actual averages of the prices at which providers or pharmacies are able to purchase drugs.

### THIRTY-SIXTH DEFENSE

36.    Some or all of Plaintiff's claims against Eisai arise from Plaintiff's failure to follow its federal and state statutory and regulatory obligations to properly establish reimbursement rates.

### THIRTY-SEVENTH DEFENSE

37.    Plaintiff's unjust enrichment claims are barred, in whole or in part, because Eisai did not retain any money belonging to the State as a result of any alleged overpayments as required under Alabama law.

### THIRTY-EIGHTH DEFENSE

38.    Plaintiff's claim for equitable relief in the form of a constructive trust or an accounting is without grounds and is barred by equitable principles.

### THIRTY-NINTH DEFENSE

39.    Eisai adopts by reference any additional applicable defense pled by any other Defendant not otherwise pled herein.

### FORTIETH DEFENSE

40.    Eisai hereby gives notice that it intends to rely upon any other and additional defense that is now or may become available or appear during, or as a result of the discovery proceedings in this action and hereby reserves its right to amend its answer to assert such defense.

WHEREFORE, Eisai prays that this Court: (1) Dismiss Plaintiff's Second Amended Complaint with prejudice and enter judgment in favor of Eisai and against Plaintiff;

(2) Award Eisai its costs and expenses; and (3) Grant such other and further relief for Eisai as

this Court deems just and proper.

Respectfully submitted,

Julia Boaz Cooper
One of the Attorneys for Defendant Eisai, Inc.

OF COUNSEL
Bradley Arant Rose & White LLP
One Federal Place
1819 Fifth Avenue North
Birmingham, AL 35203-2104
Telephone: (205) 521-8000
Facsimile: (205) 521-8800

Brien T. O'Connor
E. Abim Thomas
Ropes & Gray LLP
One International Place
Boston, MA 02110
Telephone: (617) 951-7000
Facsimile: (617) 951-7050

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing upon Plaintiff's counsel by placing a copy in the United States Mail, postage prepaid, and properly addressed to them on this the 30th day of January, 2006. I further certify that, in accordance with an agreement among defense counsel, I have served a copy of the foregoing by electronic mail upon counsel for each of the remaining parties listed below on the same date.

OF COUNSEL

**Abbott Laboratories, Inc.**
Toni Ann Citera
Jones Day
222 East 41st Street
New York, New York 10017-6702

James R. Daly
Jeremy P. Cole
Jones Day
77 West Wacker Drive, Suite 3500
Chicago, Illinois 60601

Betsy Collins
Leah Poynter
Alston & Bird LLP
One Atlantic Center
1201 West Peachtree Street
Atlanta, Georgia 30309-3424

**Alcon Laboratories, Inc.**
Edward S. Sledge, III
Archibald Reeves, IV
McDowell Knight Roedder & Sledge, L.L.C.
63 South Royal Street
Suite 900
Mobile, Alabama 36602

**Allergan, Inc.**
Richard Raskin
Michael Doss
Sidley Austin Brown & Wood
Bank One Plaza
10 South Dearborn Street
Chicago, Illinois 60603

F.M. Haston, III
Bradley Arant Rose & White LLP
One Federal Place
1819 Fifth Avenue North
Birmingham, Alabama 35203

**Alpharma, Inc.**
**PurePac Pharmaceutical Co.**
John R. Fleder
Hyman, Phelps & McNamara, P.C.
700 Thirteenth Street, N.W., Suite 1200
Washington, D.C. 20005

Steven F. Casey
Balch & Bingham LLP
Post Office Box 306
Birmingham, Alabama 35201-0306

**Amgen Inc.**
Joseph H. Young
Steven F. Barley
Hogan & Hartson, LLP
111 S. Calvert Street, Suite 1600
Baltimore, Maryland 21202

Anthony A. Joseph
Johnston Barton Proctor & Powell LLP
2900 AmSouth/Harbert Plaza
1901 Sixth Avenue North
Birmingham, Alabama 35203-2618

**Andrx Corporation**
**Andrx Pharmaceuticals, Inc.**
Robert J. Muldoon, Jr.
James W. Matthews
Katy E. Koski
Sherin Lodgen LLP
101 Federal Street
Boston, MA 02110

James H. Anderson
Beers, Anderson, Jackson, Patty
& Van Heest, P.C.
P.O. Box 1988
Montgomery, AL 36102

**AstraZeneca Pharmaceuticals LP**
**AstraZeneca LP**
D. Scott Wise
Michael Flynn
Kim Harris
Davis Polk & Wardwell
450 Lexington Avenue
New York, New York 10017

Tom Christian
Sharon Stuart
Christian & Small
1800 Financial Center
505 North 20th Street
Birmingham, Alabama 35203

**Aventis Pharmaceuticals Inc.**
Carlos Provencio
Shook Hardy & Bacon L.L.P.
Hamilton Square
600 14th Street, N.W.
Suite 800
Washington, D.C. 20005-2004

Michael Koon
Joseph Matye
Nicola Heskett
Shook Hardy & Bacon L.L.P.
2555 Grand Blvd.
Kansas City, Missouri 64108

Richard H. Gill
Copeland, Franco, Screws & Gill, P.A.
444 South Perry Street
Post Office Box 347
Montgomery, Alabama 36101-0347

**Aventis Behring, LLC**
**ZLB Behring, LLC**
William D. Nussbaum
Jonathan T. Rees
Gregory Petouvis
Hogan & Hartson, LLP
555 Thirteenth Street, NW
Washington, DC 20004

Richard H. Gill
Copeland, Franco, Screws & Gill, P.A.
444 South Perry Street
Post Office Box 347
Montgomery, Alabama  36101-0347

**Barr Laboratories, Inc.**
Karen Walker
Pamela Auerbach
Sean Trende
Kirkland & Ellis LLP
655 Fifteenth Street, N.W., Suite 1200
Washington, DC  20005

Bruce F. Rogers
Bainbridge, Mims, Rogers & Smith LLP
600 Luckie Drive
Post Office Box 530886
Birmingham, Alabama  35253

**Baxter International**
**Baxter Healthcare Corporation**
Merle DeLancey
Tina Reynolds
Jason D. Wallach
Dickstein Shapiro Morin & Oshinsky LLP
2101 L Street, N.W.
Washington, DC  20037-1526

Rushton McClees
Sirote & Permutt, P.C.
2311 Highland Avenue
Birmingham, Alabama 35205

**Bayer Corporation**
**Bayer Pharmaceuticals Corporation**
**Bayer Healthcare, LLC**
Richard Raskin
Michael Doss
Sidley Austin Brown & Wood
Bank One Plaza
10 South Dearborn Street
Chicago, Illinois  60603

F.M. Haston, III
Bradley Arant Rose & WhiteLLP
One Federal Place
1819 Fifth Avenue North
Birmingham, Alabama  35203

**Biovail Pharmaceuticals, Inc.**
F.M. Haston, III
Bradley Arant Rose & White LLP
One Federal Place
1819 Fifth Avenue North
Birmingham, Alabama  35203

**Boehringer Ingelheim Corporation**
**Boehringer Ingelheim Pharmaceuticals**
**Roxane Labs, Inc.**
Paul Coval
Douglas L. Rogers
Darrell A. H. Miller
Vorys Sater Seymour & Pease LLP
52 East Gay Street
Post Office Box 1008
Columbus, Ohio  43216-1008

Sandy Robinson
Cabaniss, Johnston, Gardner, Dumas & O'Neal
Post Office Box 2906
Mobile, Alabama  36652

**Bristol-Myers Squibb Co.**
Lyndon M. Tretter
Steven M. Edwards
James Zucker
Hogan & Hartson L.L.P.
875 Third Avenue
New York, New York  10022

Harlan I. Prater, IV
Lightfoot, Franklin & White, LLC
The Clark Building
400 20th Street North
Birmingham, Alabama  35203-3200

**Dey, L.P.**
Paul F. Doyle
Christopher C. Palermo
Neil Merkl
Kelley Drye & Warren LLP
101 Park Avenue
New York, New York 10178

Joseph W. Letzer
Gary M. London
Burr & Forman LLP
3100 SouthTrust Tower
420 North 20th Street
Birmingham, Alabama 35203

**Eisai, Inc.**
Brien T. O'Connor
E. Abim Thomas
Ropes & Gray LLP
One International Place
Boston, MA 02110

Julia Boaz Cooper
Bradley, Arant, Rose & White, LLP
One Federal Place
1819 5th Avenue North
Birmingham, Alabama 35203-2104

**Eli Lilly and Company**
William Davis
Mintz, Levin, Cohen, Ferris
Glovsky & Popeo
701 Pennsylvania Avenue, N.W., Suite 900
Washington, DC 20004

Tabor R. Novak, Jr.
Ball, Ball, Matthews & Novak, P.A.
2000 Interstate Park Drive
Suite 204
Montgomery, Alabama 36109

**Endo Pharmaceuticals, Inc.**
Jonathan Stern
Nathan Cortez
David Fauvre
Arnold & Porter
Thurman Arnold Building
555 Twelfth Street, NW
Washington, DC 20004-1206

Lawrence Clark
Robert Eckinger
Michael Wade
Adams & Reese LLP
Concord Center
2100 Third Avenue North
Suite 1100
Birmingham, Alabama 35203

**ETHEX Corporation**
Robert S. Litt
Justin Antonipillai
Michael Rinaldi
Arnold & Porter
Thurman Arnold Building
555 Twelfth Street, NW
Washington, DC 20004-1206

Lawrence Clark
Robert Eckinger
Michael Wade
Adams & Reese LLP
Concord Center
2100 Third Avenue North
Suite 1100
Birmingham, Alabama 35203

**Forest Laboratories, Inc.**
**Forest Pharmaceuticals, Inc.**
Peter Venaglia
Brian Rafferty
Dornbush Schaeffer, Strongin
& Weinstein, LLP
747 Third Avenue
New York, New York 10017

William Hardie
Johnstone Adams
Post Office Box 1988
Mobile, Alabama 36633-1988

**Fujisawa Healthcare, Inc.**
**Fujisawa USA, Inc.**
Kathleen McGuan
Andrew Hurst
Reed Smith LLP
1301 K Street, N.W.
Suite 1100, East Tower
Washington, DC 20005

Richard L. Sharff, Jr.
Bradley, Arant, Rose & White LLP
One Federal Place
1819 Fifth Avenue North
Birmingham, Alabama 35203-2104

**Genzyme Corporation**
Brien T. O'Connor
Eric Christofferson
Ropes & Gray LLP
One International Place
Boston, MA 02110

Julia Boaz Cooper
Bradley, Arant, Rose & White, LLP
One Federal Place
1819 5th Avenue North
Birmingham, Alabama 35203-2104

**Gilead Sciences, Inc.**
Robert S. Litt
Jessica Medina
Rebecca Dubin
Arnold & Porter LLP
Thurman Arnold Building
555 Twelfth Street, NW
Washington, DC 20004-1206

Lawrence Clark
Robert Eckinger
Michael Wade
Adams & Reese LLP
Concord Center
2100 Third Avenue North
Suite 1100
Birmingham, Alabama 35203

**Hoffmann-La Roche Inc.**
Kevin Sullivan
Grace Rodriguez
John Shakow
King & Spalding LLP
1700 Pennsylvania Avenue, NW
Washington, DC  20006-4706

Edward S. Sledge, III
Archibald T. Reeves, IV
McDowell, Knight, Roedder & Sledge, LLC
Post Office Box 350
Mobile, Alabama  36601

**Immunex Corporation**
David J. Burman
Kathleen M. O'Sullivan
Zoe Philippides
Perkins Coie LLP
1201 Third Avenue, Suite 4800
Seattle, WA  98101-3099

W. Stancil Starnes
Starnes & Atchison LLP
7th Floor
100 Brookwood Place
Post Office Box 598512
Birmingham, AL  35259-8512

**IVAX Corporation**
**IVAX Pharmaceuticals, Inc.**
Bruce Wessel
Irell & Manella LLP
1800 Avenue of the Stars
Suite 900
Los Angeles, California  90067-4276

George W. Walker, III
Copeland, Franco, Screws & Gill, P.A.
Montgomery, AL 36101-0347

**Johnson & Johnson**
**ALZA Corporation**
**Janssen Pharmaceutica Products, L.P.**
**McNeil-PPC, Inc.**
**Ortho Biotech Products, L.P.**
**Ortho-McNeil Pharmaceutical, Inc.**
William F. Cavanaugh
Andrew D. Schau
Erik Haas
Patterson, Belknap, Webb & Tyler LLP
1133 Avenue of the Americas
New York, New York 10036-6710

Robert F. Northcutt
James H. McLemore
Capell & Howard, P.C.
150 South Perry Street [36104]
Post Office Box 2069
Montgomery, Alabama 36102-2069
Telephone: (334) 241-8000
Telecopier: (334) 323-8888

**K-V Pharmaceutical Company**
Robert S. Litt
Justin Antonipillai
Michael Rinaldi
Arnold & Porter
Thurman Arnold Building
555 Twelfth Street, NW
Washington, DC 20004-1206

Lawrence Clark
Robert Eckinger
Michael Wade
Adams & Reese LLP
Concord Center
2100 Third Avenue North
Suite 1100
Birmingham, Alabama 35203

**King Pharmaceuticals, Inc.**
**Monarch Pharmaceuticals, Inc.**
Gary Greenberg
Louis J. Scerra, Jr.
Greenberg Traurig, LLP
One International Place
Boston, MA 02110

Lisa Borden
Baker Donelson Bearman Caldwell & Berkowitz, P.C.
1600 SouthTrust Tower, 420 20th Street
Birmingham, Alabama 35203

Sam Blair
John Starnes
Baker Donelson Bearman Caldwell & Berkowitz, P.C.
165 Madison Avenue
Suite 2000
Memphis, TN 38103

**MedImmune, Inc.**
Steve Umin
James Hayes
Williams & Connolly LLP
725 Twelfth Street, N.W.
Washington, DC 20005-5901

Lee H. Copeland
Copeland, Franco, Screws & Gill, P.A.
Post Office Box 347
Montgomery, Alabama 36101-0347

**Merck & Co., Inc.**
John Townsend
Robert Reznick
Robert Funkhouser
Hughes Hubbard & Reed LLP
1775 I Street N.W.
Washington, DC 20006-2401

Robert C. Brock
Robert Huffaker
Rushton, Stakely, Johnson & Garrett, P.A.
P.O. Box 270
Montgomery, AL 36101-0270

**Mylan Laboratories Inc.**
**Mylan Pharmaceuticals Inc.**
**UDL Laboratories, Inc.**
Gary Greenberg
Louis J. Scerra, Jr.
Greenberg Traurig, LLP
One International Place
Boston, MA  02110

David Long-Daniels
Greenberg Traurig, LLP
3290 Northside Parkway, Suite 400
Atlanta, Georgia  30327

**Novartis Pharmaceuticals Corporation**
Saul Morgenstern
Jane W. Parver
Mark Godler
Kaye Scholer LLP
425 Park Avenue
New York, New York  10022-3598

William D. Coleman
James N. Walter, Jr.
Capell & Howard, P.C.
Post Office Box 2069
Montgomery, Alabama  36102-2069

**Novo Nordisk**
Richard Raskin
Michael Doss
Sidley Austin Brown & Wood
Bank One Plaza
10 South Dearborn Street
Chicago, Illinois  60603

F.M. Haston, III
Bradley, Arant Rose & White LLP
One Federal Place
1819 Fifth Avenue North
Birmingham, Alabama  35203

**Organon Pharmaceuticals USA**
William Campos
David Covey
Sedgwick, Detert, Moran & Arnold LLP
125 Broad Street
New York, New York   10004

Edward S. Sledge, III
Archibald T. Reeves, IV
McDowell, Knight, Roedder & Sledge, LLC
Post Office Box 350
Mobile, Alabama  36601

**Par Pharmaceutical, Inc.**
Richard Cooper
Paul K. Dueffert
Thomas J. Roberts
Catherine Levy
Williams & Connolly LLP
725 12th Street, NW
Washington, DC  20005

George W. Walker
Copeland, Franco, Screws & Gill, P.A.
Post Office Box 347
Montgomery, Alabama  36101-0347

**Pfizer Inc.**
**Agouron Pharmaceuticals, Inc.**
**Pharmacia Corporation**
**Pharmacia & Upjohn Company**
**G.D. Searle, LLC**
Scott Stempel
Morgan Lewis & Bockius, LLP
1111 Pennsylvania Avenue, N.W.
Washington, DC  20004

John C. Dodds
Kimberly K. Heuer
Morgan, Lewis & Bockius, LLP
1701 Market Street
Philadelphia, Pennsylvania  19103

Philip H. Butler
George R. Parker
Bradley, Arant, Rose & White LLP
Alabama Center for Commerce Bldg.
401 Adams Avenue, Suite 780
Montgomery, Alabama 36104

**Purdue Pharma, L.P.**
Lori A. Schechter
Morrison & Foerster LLP
425 Market Street
San Francisco, California 94105-2482

Harlan Prater
Lightfoot, Franklin & White, L.L.C.
The Clark Building
400 20th Street North
Birmingham, Alabama 35203-3200

**Roche Laboratories, Inc.**
Kevin Sullivan
Grace Rodriguez
John Shakow
King & Spalding LLP
1700 Pennsylvania Avenue, N.W.
Washington, DC 20006-4706

Edward S. Sledge, III
Archibald T. Reeves, IV
McDowell, Knight, Roedder & Sledge, LLC
Post Office Box 350
Mobile, Alabama 36601

**Sandoz, Inc.**
Wayne Cross
Michael Gallagher
Brendan Woodard
White & Case
1155 Avenue of the Americas
New York, New York 10036-2787

C. Clay Torbert, III
Capell & Howard, P.C.
150 South Perry Street
Montgomery, Alabama 36104

1/1415659.2

36

**Sanofi-Synthelabo Inc.**
Kevin Sullivan
Grace Rodriguez
John Shakow
King & Spalding LLP
1700 Pennsylvania Avenue, N.W.
Washington, DC  20006-4706

Richard H. Gill
Copeland, Franco, Screws & Gill, P.A.
Post Office Box 347
Montgomery, Alabama  36101-0347

**Schering-Plough Corporation**
**Warrick Pharmaceuticals Corporation**
Brien T. O'Connor
John T. Montgomery
Ropes & Gray LLP
One International Place
Boston, MA  02110

J. Steven Baughman
Christopher May
Ropes & Gray LLP
One Metro Center
700 12th Street N.W., Suite 900
Washington, D.C. 20005

John A. Henig, Jr.
Copeland, Franco, Screws & Gill, P.A.
P.O. Box 347
Montgomery, AL 36101-0347

**SmithKline Beecham Corporation**
**d/b/a GlaxoSmithKline**
Joseph P. Babington
HELMSING LEACH HERLONG NEWMAN & ROUSE
150 Government St.
Suite 2000
Mobile, Alabama 36602
Telephone: (251) 432-5521
Facsimile: (251) 432-0633

Mark H. Lynch
Geoffrey E. Hobart
Ronald G. Dove, Jr.
COVINGTON & BURLING
1201 Pennsylvania Avenue NW
Washington, D.C. 20004
Telephone: (202) 662-6000
Facsimile: (202) 662-6291

Frederick G. Herold
DECHERT LLP
1117 California Avenue
Palo Alto, CA 94304
Telephone: (650) 813-4930
Facsimile: (650) 813-4848

Thomas H. Lee II
DECHERT LLP
4000 Bell Atlantic Tower
1717 Arch Street
Philadelphia, PA 19103-2793
Telephone: (215) 994-2994
Facsimile: (215) 994-2222

Mark D. Seltzer
HOLLAND & KNIGHT LLP
10 St. James Avenue
Boston, MA 02116
Telephone: (617) 523-2700
Facsimile: (617) 523-6850

Counsel for Defendant SmithKline Beecham
   Corporation dba GlaxoSmithKline

**Takeda Pharmaceuticals North America, Inc.**
Robert Stauffer
Anthony C. Porcelli
Jenner & Block LLP
1 IBM Plaza
Suite 4200
Chicago, Illinois 60611

Joseph C. Espy, III
Melton, Espy & Williams
Post Office Drawer 5130
Montgomery, Alabama 36103

**TAP Pharmaceutical Products, Inc.**
Toni Ann Citera
Jones Day
222 East 41st Street
New York, New York 10017-6702

James R. Daly
Jeremy P. Cole
Jones Day
77 West Wacker Drive, Suite 3500
Chicago, Illinois 60601

Betsy Collins
Leah Poyntner
Alston & Bird LLP
One Atlantic Center
1201 West Peachtree Street
Atlanta, Georgia 30309-3424

**TEVA Pharmaceutical Industries LTD.**
Elizabeth I. Hack
Elizabeth Finberg
Sonnenschein Nath & Rosenthal LLP
1301 K Street, NW
Suite 1600 East Tower
Washington, DC 20005

W. Joseph McCorkle, Jr.
Balch & Bingham, LLP
2 Dexter Avenue
Montgomery, AL 36104

F. Inge Johnstone
Balch & Bingham LLP
1710 6th Avenue North
P.O. Box 306
Birmingham, AL 35201-0306

**Watson Pharmaceuticals, Inc.**
**Watson Laboratories, Inc.**
**Watson Pharma, Inc.**
Douglas B. Farquhar
Hyman, Phelps & McNamara, P.C.
700 Thirteenth Street, N.W., Suite 1200
Washington, DC 20005

Steven F. Casey
Balch & Bingham LLP
Post Office Box 306
Birmingham, Alabama 35201-0306

**Wyeth Pharmaceuticals, Inc.**
**Wyeth, Inc.**
Craig Holden
Kelly Davidson
Ober, Kaler, Grimes & Shriver
120 East Baltimore Street
Baltimore, Maryland 21202-1643

Maibeth J. Porter
Lee E. Bains, Jr.
Maynard, Cooper & Gale, P.C.
2400 AmSouth/Harbert Plaza
1901 Sixth Avenue North
Birmingham, Alabama 35203-2618

Peck Fox
Maynard, Cooper & Gale, P.C.
201 Monroe Street
Suite 1650
Montgomery, Alabama 36104-3720

**State of Alabama**
Troy King, Attorney General
State of Alabama
300 State House
11 South Union Street
Montgomery, Alabama 36130

Roger L. Bates
Hand, Arendall, L.L.C.
1200 Park Place Tower
2001 Park Place North
Birmingham, Alabama  35203

Caine O'Rear III
Windy C. Bitzer
Hand Arendall, L.L.C.
Post Office Box 123
Mobile, Alabama  36601

Jere L. Beasley
W. Daniel Miles, III
Clinton C. Carter
Beasley, Allen Crow, Methvin,
Portis & Miles, PC
P. O. Box 4160
Montgomery, Alabama  36103-4160