

10475516

Feb 1 2006
3:50PM

## IN THE CIRCUIT COURT OF
## MONTGOMERY COUNTY, ALABAMA

STATE OF ALABAMA,                )
                                 )
     Plaintiff,            )
                                 )
     v.                    )   Case No.: CV 2005-219
                                 )
ABBOTT LABORATORIES, INC., et al.,)
                                 )
     Defendants.           )
_____)

## ANSWER OF DEFENDANT ENDO PHARMACEUTICALS INC. TO
## THE STATE OF ALABAMA'S SECOND AMENDED COMPLAINT

Defendant Endo Pharmaceuticals Inc. ("Endo") respectfully submits this Answer to the

State of Alabama's Second Amended Complaint ("Complaint") as follows:

## SECOND AMENDED COMPLAINT

Responding to the unnumbered paragraph under the heading "Second Amended

Complaint," Endo responds that it admits the averments set forth therein to the extent that they

refer or relate to Endo, except to the extent that they incorporate the averments in the numbered

paragraphs of the Complaint, which Endo denies unless specifically admitted otherwise below.

## INTRODUCTION

1.     Answering paragraph 1, Endo denies the averments in this paragraph to the extent

they refer or relate to Endo. Otherwise, Endo lacks knowledge or information sufficient to form

a belief as to the truth of the averments made in this paragraph.

2.     Answering paragraph 2, Endo denies the existence of any "fraudulent pricing

scheme" as it refers or relates to Endo. Otherwise, Endo lacks knowledge or information

sufficient to form a belief as to the truth of the averments made in this paragraph.

3.    Answering paragraph 3, Endo admits that the State of Alabama purports to bring this action seeking injunctive relief and damages.  Endo denies that there is any basis on which to permit the State to do so, denies the existence of any "drug pricing scheme" as it refers or relates to Endo, denies that Endo is or has been involved in any such scheme, denies that Endo has obtained any profits as a result of any such scheme, and denies that Endo has engaged in any fraudulent or wanton conduct.  Otherwise, Endo lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

4.    Answering paragraph 4, Endo admits that the State of Alabama purports to seek legal and equitable redress in this lawsuit.  Otherwise, Endo denies the averments in this paragraph to the extent they refer or relate to Endo.  Endo lacks knowledge or information sufficient to form a belief as to the truth of the remaining averments made in this paragraph.

**PARTIES**

5.    Answering paragraph 5, Endo admits the averments in the first sentence of this paragraph.  Otherwise, Endo lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

6.    Answering paragraph 6, Endo refers to Alabama Code § 36-15-12 referred to in paragraph 6 for its terms.  Otherwise, Endo lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

Defendant Abbott

7.    Answering paragraph 7, Endo lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

2

Defendant Alcon

8.    Answering paragraph 8, Endo lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

Defendant Allergan

9.    Answering paragraph 9, Endo lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

The Alpharma Defendants

10.    Answering paragraph 10, Endo lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

11.    Answering paragraph 11, Endo lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

12.    Answering paragraph 12, Endo lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

The Amgen Defendants

13.    Answering paragraph 13, Endo lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

14.    Answering paragraph 14, Endo lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

15.    Answering paragraph 15, Endo lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

Defendant Andrx

16.    Answering paragraph 16, Endo lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

3

The AstraZeneca Defendants

17.    Answering paragraph 17, Endo lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

18.    Answering paragraph 18, Endo lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

19.    Answering paragraph 19, Endo lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

The Aventis Defendants

20.    Answering paragraph 20, Endo lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

21.    Answering paragraph 21, Endo lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

22.    Answering paragraph 22, Endo lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

23.    Answering paragraph 23, Endo lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

Defendant Barr

24.    Answering paragraph 24, Endo lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

The Baxter Defendants

25.    Answering paragraph 25, Endo lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

4

26.    Answering paragraph 26, Endo lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

27.    Answering paragraph 27, Endo lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

The Bayer Defendants

28.    Answering paragraph 28, Endo lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

29.    Answering paragraph 29, Endo lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

30.    Answering paragraph 30, Endo lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

31.    Answering paragraph 31, Endo lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

Defendant Biovail

32.    Answering paragraph 32, Endo lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

The Boehringer Defendants

33.    Answering paragraph 33, including subparagraphs a and b, Endo lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

34.    Answering paragraph 34, Endo lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

### Defendant Bristol-Myers Squibb

35.    Answering paragraph 35, Endo lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

### Defendant DEY

36.    Answering paragraph 36, Endo lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

### Defendant Eisai

37.    Answering paragraph 37, Endo lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

### Defendant Endo

38.    Answering paragraph 38, Endo admits the averments contained in the first sentence of the paragraph, except that Endo's principal place of business is located at 100 Endo Boulevard, Chadds Ford, PA 19317.  Endo admits the averments contained in the second sentence of this paragraph.  With respect to the remaining averments made in this paragraph, Endo admits that it contracts with third-party manufacturers for the manufacture of all of Endo's products and Endo admits that the products identified in Exhibit A of the Complaint (Carbidopa/Levadopa, Cimetidine, Endocet®, Hydrocodone with Acetominophen, Lidoderm®, Moban®, Morphine Sulphate, and Percocet®) are or were marketed, distributed and/or sold in Alabama by Endo and may have been reimbursed by Alabama Medicaid.

### Defendant ETHEX

39.    Answering paragraph 39, Endo lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

<u>The Forest Defendants</u>

40.    Answering paragraph 40, Endo lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

41.    Answering paragraph 41, Endo lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

42.    Answering paragraph 42, Endo lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

<u>The Fujisawa Defendants</u>

43.    Answering paragraph 43, Endo lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

44.    Answering paragraph 44, Endo lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

45.    Answering paragraph 45, Endo lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

<u>Defendant Genzyme</u>

46.    Answering paragraph 46, Endo lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

<u>Defendant Gilead</u>

47.    Answering paragraph 47, Endo lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

<u>Defendant GlaxoSmithKline</u>

48.    Answering paragraph 48, Endo lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

7

## The Hoffman-LaRoche Defendants

49.     Answering paragraph 49, Endo lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

50.     Answering paragraph 50, Endo lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

51.     Answering paragraph 51, Endo lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

## The IVAX Defendants

52.     Answering paragraph 52, Endo lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

53.     Answering paragraph 53, Endo lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

54.     Answering paragraph 54, Endo lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

## The J&J Defendants

55.     Answering paragraph 55, including subparagraphs a through e, Endo lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

56.     Answering paragraph 56, Endo lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

## The King Defendants

57.     Answering paragraph 57, Endo lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

8

58.    Answering paragraph 58, Endo lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

59.    Answering paragraph 59, Endo lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

### Defendant MedImmune

60.    Answering paragraph 60, Endo lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

### Defendant Merck

61.    Answering paragraph 61, Endo lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

### The Mylan Defendants

62.    Answering paragraph 62, Endo lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

63.    Answering paragraph 63, Endo lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

64.    Answering paragraph 64, Endo lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

65.    Answering paragraph 65, Endo lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

### The Novartis Defendants

66.    Answering paragraph 66, Endo lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

67. Answering paragraph 67, Endo lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

68. Answering paragraph 68, Endo lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

<u>Defendant Novo Nordisk</u>

69. Answering paragraph 69, Endo lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

<u>Defendant Organon</u>

70. Answering paragraph 70, Endo lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

<u>Defendant Par</u>

71. Answering paragraph 71, Endo lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

<u>The Pfizer Defendants</u>

72. Answering paragraph 72, Endo lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

73. Answering paragraph 73, Endo lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

74. Answering paragraph 74, Endo lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

75. Answering paragraph 75, Endo lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

76.    Answering paragraph 76, Endo lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

77.    Answering paragraph 77, Endo lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

<u>Defendant Purdue</u>

78.    Answering paragraph 78, Endo lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

<u>Defendant Sanofi</u>

79.    Answering paragraph 79, Endo lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

<u>The Schering Defendants</u>

80.    Answering paragraph 80, Endo lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

81.    Answering paragraph 81, Endo lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

82.    Answering paragraph 82, Endo lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

<u>Defendant TAP Pharmaceutical</u>

83.    Answering paragraph 83, Endo lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

<u>Defendant Takeda Pharmaceuticals</u>

84.    Answering paragraph 84, Endo lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

### Defendant Teva

85.    Answering paragraph 85, Endo lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

### The Watson Defendants

86.    Answering paragraph 86, Endo lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

87.    Answering paragraph 87, Endo lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

88.    Answering paragraph 88, Endo lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

89.    Answering paragraph 89, Endo lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

### The Wyeth Defendants

90.    Answering paragraph 90, Endo lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

91.    Answering paragraph 91, Endo lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

92.    Answering paragraph 92, Endo lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

### Fictitious Defendants

93.    Answering paragraph 93, Endo lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

94.    Answering paragraph 94, Endo denies the averments contained in the first
sentence of this paragraph. Endo denies the existence of a "fraudulent or wanton pricing
scheme" as it refers or relates to Endo. Otherwise, Endo lacks knowledge or information
sufficient to form a belief as to the truth of the averments made in this paragraph.

## JURISDICTION AND VENUE

95.    Answering paragraph 95, Endo responds that the allegations of this paragraph
state legal conclusions to which no response is required. To the extent a response is deemed to
be required, Endo admits that, based on information presently available to Endo, this Court has
jurisdiction over this action. To the extent a response is deemed to be required, Endo lacks
knowledge or information sufficient to admit or deny the truth of the remaining averments made
in this paragraph.

96.    Answering paragraph 96, Endo admits the averments made in this paragraph to
the extent they refer or relate to Endo. Endo lacks knowledge or information sufficient to form a
belief as to the truth of the averments made in this paragraph with respect to other defendants.

97.    Answering paragraph 97, Endo refers to Alabama Code § 6-3-7 for its terms.
Otherwise, Endo lacks knowledge or information sufficient to admit or deny the truth of the
averments made in this paragraph.

## FACTUAL BACKGROUND

### The Alabama Medicaid Program

98.    Answering paragraph 98, Endo admits, based on currently available information,
that the Alabama Medicaid Program is a state-administered program with federal matching funds
that pays for medical care, including prescription drug benefits, for certain Alabama citizens.

Endo lacks knowledge or information sufficient to form a belief as to the truth of the remaining averments set forth in this paragraph.

99.    Answering paragraph 99, Endo lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

100.    Answering paragraph 100, Endo lacks knowledge or information sufficient to form a belief as to the truth of the averments made in the first sentence of this paragraph. Endo admits that at certain times relevant to the allegations in the Complaint, Endo provided information to third-party industry reporting services. That information included prices described by Endo as "AWP," "WAC," and "Direct Price." Endo denies that AWP is commonly understood as the average price charged by wholesalers to retailers, such as hospitals, doctors and pharmacies, for prescription drugs. Endo denies that WAC is commonly understood as the average price paid by wholesalers to the manufacturers for prescription drugs. Endo denies that Direct Price is commonly understood as the price charged by drug manufacturers to non-wholesaler customers for prescription drugs. Endo denies the averments made in the third sentence of this paragraph as they refer or relate to Endo. Otherwise, Endo lacks knowledge or information sufficient to form a belief as to the truth of the averments made in the third sentence of this paragraph.

101.    Answering paragraph 101, Endo admits the averments in the first and second sentences of this paragraph. Regarding the remaining averments in this paragraph, Endo refers to the relevant statutory and regulatory provisions pertaining to the Medicare Program for their terms.

102.    Answering paragraph 102, Endo refers to the relevant statutory and regulatory provisions pertaining to the Medicare Program for their terms. Otherwise, Endo lacks

knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

### The Defendants' Reporting of Inflated Pricing Information

103.    Answering paragraph 103, Endo denies the averments made in the first sentence of this paragraph to the extent they refer or relate to Endo. Otherwise, Endo lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

104.    Answering paragraph 104, Endo lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

105.    Answering paragraph 105, Endo denies the averments made in this paragraph to the extent they refer or relate to Endo. Otherwise, Endo lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

106.    Answering paragraph 106, Endo admits that it knows the prices that it describes as "AWP," "WAC," and "Direct Price" in the information provided by Endo to the third-party price reporting services. Endo denies the remaining averments made in this paragraph to the extent they refer or relate to Endo. Otherwise, Endo lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

107.    Answering paragraph 107, Endo denies the averments made in this paragraph to the extent they refer or relate to Endo. Otherwise, Endo lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

### Defendants' Marketing of the "Spread"

108.    Answering paragraph 108, Endo denies the averments made in this paragraph to the extent they refer or relate to Endo. Otherwise, Endo lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

109.    Answering paragraph 109, Endo denies the averments made in this paragraph to the extent they refer or relate to Endo. Otherwise, Endo lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

110.    Answering paragraph 110, Endo denies the averments made in this paragraph to the extent they refer or relate to Endo. Otherwise, Endo lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

111.    Answering paragraph 111, Endo denies the averments made in this paragraph to the extent they refer or relate to Endo. Otherwise, Endo lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

### Other Lawsuits, Settlements, Government Investigations, and Criminal Proceedings

112.    Answering paragraph 112, Endo admits that other plaintiffs have sued defendants in state and federal actions alleging claims similar to the claims alleged in the Complaint. Otherwise, Endo lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

113.    Answering paragraph 113, Endo admits the averments made in the second and fourth sentence of this paragraph. Endo admits that, in the City of New York's complaint, the City of New York purports to set forth for each of the manufacturers and drugs at issue in the City of New York's complaint, the allegedly inflated AWP reported to third-party industry reporting services by the defendants in the action brought by the City of New York. Endo admits that the City of New York purports to set forth the estimated true AWP that the City of New York alleges should have been reported. Endo denies these allegations. Endo denies the averments made in the first sentence of this paragraph. Otherwise, Endo lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

16

114.   Answering paragraph 114, this paragraph does not appear to make any averments relating to Endo. To the extent that the averments in this paragraph refer or relate to Endo, Endo denies them. Otherwise, Endo lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

115.   Answering paragraph 115, this paragraph does not appear to make any averments relating to Endo. To the extent that the averments in this paragraph refer or relate to Endo, Endo denies them. Otherwise, Endo lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

116.   Answering paragraph 116, this paragraph does not appear to make any averments relating to Endo. To the extent that the averments in this paragraph refer or relate to Endo, Endo denies them. Otherwise, Endo lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

117.   Answering paragraph 117, this paragraph does not appear to make any averments relating to Endo. To the extent that the averments in this paragraph refer or relate to Endo, Endo denies them. Otherwise, Endo lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

118.   Answering paragraph 118, this paragraph does not appear to make any averments relating to Endo. To the extent that the averments in this paragraph refer or relate to Endo, Endo denies them. Otherwise, Endo lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

119.   Answering paragraph 119, this paragraph does not appear to make any averments relating to Endo. To the extent that the averments in this paragraph refer or relate to Endo, Endo

denies them. Otherwise, Endo lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

120.    Answering paragraph 120, this paragraph does not appear to make any averments relating to Endo. To the extent that the averments in this paragraph refer or relate to Endo, Endo denies them. Otherwise, Endo lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

121.    Answering paragraph 121, this paragraph does not appear to make any averments relating to Endo. To the extent that the averments in this paragraph refer or relate to Endo, Endo denies them. Otherwise, Endo lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

122.    Answering paragraph 122, this paragraph does not appear to make any averments relating to Endo. To the extent that the averments in this paragraph refer or relate to Endo, Endo denies them. Otherwise, Endo lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

123.    Answering paragraph 123, Endo admits that, from time to time, it was aware of the publicly available AWPs of products sold by Endo's competitors that are published by third-party price reporting services. Endo denies the remaining averments contained in this paragraph as they refer or relate to Endo. Otherwise, Endo lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

124.    Answering paragraph 124, Endo denies the averments made in this paragraph to the extent they refer or relate to Endo. Otherwise, Endo lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

18

125.    Answering paragraph 125, Endo denies the averments contained in the second sentence of this paragraph as they refer or relate to Endo. Otherwise, Endo lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

126.    Answering paragraph 126, Endo denies the averments made in this paragraph to the extent they refer or relate to Endo. Otherwise, Endo lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

## CLAIMS

## COUNT ONE - FRAUDULENT MISREPRESENTATION

127.    Answering paragraph 127, Endo repeats and incorporates by reference its responses to paragraphs numbered 1 through 126 above.

128.    Answering paragraph 128, Endo admits that, from time to time, Endo provided to third-party reporting services certain information described by Endo as "AWP," "WAC," and "Direct Price" for certain of its products. Otherwise, Endo denies the averments in this paragraph to the extent they refer or relate to Endo. Endo lacks knowledge or information sufficient to form a belief as to the truth of the remaining averments made in this paragraph.

129.    Answering paragraph 129, Endo denies the averments made in this paragraph to the extent they refer or relate to Endo. Otherwise, Endo lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

130.    Answering paragraph 130, Endo denies the averments made in this paragraph to the extent they refer or relate to Endo. Otherwise, Endo lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

## COUNT TWO - FRAUDULENT SUPPRESSION

131.   Answering paragraph 131, Endo repeats and incorporates by reference its responses to paragraphs numbered 1 through 130 above.

*Endo notes that the Complaint contains no paragraphs numbered 132 through 139.

140.   Answering paragraph 140, Endo admits that, from time to time, Endo provided to third-party reporting services certain information described by Endo as "AWP," "WAC," and "Direct Price" for certain of its products. Otherwise, Endo denies the averments in this paragraph to the extent they refer or relate to Endo. Endo lacks knowledge or information sufficient to form a belief as to the truth of the remaining averments made in this paragraph.

141.   Answering paragraph 141, Endo denies the averments made in this paragraph to the extent they refer or relate to Endo. Otherwise, Endo lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

142.   Answering paragraph 142, Endo denies the averments made in this paragraph to the extent they refer or relate to Endo. Otherwise, Endo lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

## COUNT THREE - WANTONNESS

143.   Answering paragraph 143, Endo repeats and incorporates by reference its responses to paragraphs numbered 1 through 142 above.

144.   Answering paragraph 144, Endo denies the averments made in this paragraph to the extent they refer or relate to Endo. Otherwise, Endo lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

145.    Answering paragraph 145, Endo denies the averments made in this paragraph to the extent they refer or relate to Endo. Otherwise, Endo lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

146.    Answering paragraph 146, Endo denies the averments made in this paragraph to the extent they refer or relate to Endo. Otherwise, Endo lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

147.    Answering paragraph 147, Endo denies the averments made in this paragraph to the extent they refer or relate to Endo. Otherwise, Endo lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

### COUNT FOUR - UNJUST ENRICHMENT

148.    Answering paragraph 148, Endo repeats and incorporates by reference its responses to paragraphs numbered 1 through 147 above.

149.    Answering paragraph 149, Endo denies the averments made in this paragraph to the extent they refer or relate to Endo. Otherwise, Endo lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

150.    Answering paragraph 150, Endo denies the averments made in this paragraph to the extent they refer or relate to Endo. Otherwise, Endo lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

151.    Answering paragraph 151, Endo denies the averments made in this paragraph to the extent they refer or relate to Endo. Otherwise, Endo lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

152.    Answering paragraph 152, Endo denies the averments made in this paragraph to the extent they refer or relate to Endo. Otherwise, Endo lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

## PRAYER FOR RELIEF

Endo denies that any relief is appropriate.

## DEFENSES

Without assuming any burden of proof that it would not otherwise bear, Endo also asserts the following defenses:

## FIRST AFFIRMATIVE DEFENSE

Plaintiff fails to state a claim against Endo upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the political question and separation of powers doctrines.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff has no standing or capacity to bring some or all of the claims raised in this suit to recover Medicaid expenditures or to seek injunctive relief.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff has not suffered, and will not suffer, any injury to a legally protected or cognizable interest by reason of the conduct of Endo as alleged in the Second Amended Complaint.

## FIFTH AFFIRMATIVE DEFENSE

To the extent plaintiff obtains recovery in any other case predicated on the same factual allegations, plaintiff is barred from seeking recovery against Endo based on the Complaint

pursuant to the doctrines of res judicata and collateral estoppel, and the prohibition on double recovery for the same injury.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the First Amendment to the United States Constitution and the analogous provisions of the Constitution of the State of Alabama.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the filed rate doctrine.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, to the extent that plaintiff has released, settled, entered into an accord and satisfaction or otherwise compromised its claims.

### NINTH AFFIRMATIVE DEFENSE

Any and all actions taken by Endo with respect to any of the matters alleged in the Second Amended Complaint were taken in good faith and in accordance with established industry practice.

### TENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are preempted, in whole or in part, by federal law, including without limitation the Federal Employment Retirement Income and Security Act of 1974, the Federal Medicare Act, and the Federal Medicaid Act, including all amendments to the same and all regulations promulgated thereunder.

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are preempted by the dormant Commerce Clause of the United States Constitution.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's claims against Endo are barred because Endo has complied with all applicable regulations of the federal and state governments relating to the allegations in the Complaint.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims against Endo are barred, in whole or in part, by the applicable statutes of limitations and repose, and by the doctrines of laches, estoppel and waiver.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because they violate Endo's rights under the Due Process and *Ex Post Facto* clauses of the United States Constitution, as well as the Constitution of the State of Alabama, insofar as plaintiff seeks to impose liability retroactively for conduct that was not actionable at the time it occurred.

## FIFTEENTH AFFIRMATIVE DEFENSE

Endo's statements or actions were not the proximate cause or cause in fact of any injury to or alleged loss by plaintiff.

## SIXTEENTH AFFIRMATIVE DEFENSE

To the extent that plaintiff attempts to seek equitable relief against Endo, it is not entitled to such relief because it has an adequate remedy at law.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims against Endo for injunctive relief were mooted by the passage of the Medicare Prescription Drug, Improvement and Modernization Act of 2003.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims for injunctive relief against Endo are barred by the doctrines of *in pari delicto* and/or unclean hands.

24

## NINETEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims against Endo are barred, in whole or in part, due to its failure to join indispensable parties.

## TWENTIETH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because any injuries sustained by plaintiff were the result of its own conduct or the intervening or superseding conduct of third parties.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

Plaintiff's claims against Endo for damages are barred, in whole or in part: (1) because it failed to mitigate its damages, and its failure to mitigate damages should proportionately reduce the recovery of plaintiff and the allocation of any fault, if any exists, attributable to Endo; (2) because it would be unjustly enriched if allowed to recover any portion of the damages alleged in the Complaint; (3) by the doctrine of consent and/or ratification to the extent that plaintiff has paid for products manufactured, marketed and sold by Endo after the filing of plaintiff's original complaint; and (4) because they are speculative and remote and because of the impossibility of ascertaining and allocating of those alleged damages.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

Any damages recovered by the plaintiff from Endo must be limited by the applicable statutory ceilings on recoverable damages, including without limitation, Alabama Code 6-11-21.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

Plaintiff fails to allege facts or a cause of action against Endo sufficient to support a claim for compensatory damages, attorneys' fees and/or legal fees, or any other relief.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

To the extent punitive damages are sought, plaintiff's punitive damages claims against Endo: (1) have no basis in law or fact; (2) are not recoverable because the allegations of the Second Amended Complaint are legally insufficient to support a claim for punitive damages against Endo; (3) cannot be sustained because the laws regarding the standards for determining liability for and the amount of punitive damages fail to give Endo prior notice of the conduct for which punitive damages may be imposed and the severity of the penalty that may be imposed, and are void for vagueness in violation of Endo's Due Process rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and the Constitution of the State of Alabama; (4) cannot be sustained because any award of punitive damages exceeding the limits authorized by the laws or other comparable laws would violate Endo's Due Process and Equal Protection rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and would be improper under the Constitution, common law and laws of the State of Alabama; (5) cannot be sustained because an award of punitive damages in this case, combined with any prior, contemporaneous, or subsequent judgments against Endo for punitive damages arising from the design, development, manufacture, fabrication, distribution, supply, marketing, sale, or use of Endo's products would constitute impermissible multiple punishments for the same wrong, in violation of Endo's Due Process and Equal Protection rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and would constitute double jeopardy in violation of the Constitution, common law, and statutory laws of the State of Alabama; (6) cannot be sustained because any award of punitive damages without the apportionment of the award separately and severally between or among the alleged joint tortfeasors, as determined by the alleged percentage of the wrong committed by each alleged tortfeasor, would violate Endo's Due Process and Equal Protection rights guaranteed by the Fifth

26

and Fourteenth Amendments to the United States Constitution and would be improper under the

Constitution, common law, and public policies of the State of Alabama; and (7) cannot be

sustained because any award of punitive damages, which are penal in nature, without according

Endo the same protections that are accorded to all criminal defendants, including the protection

against unreasonable searches and seizures, the privilege against self-incrimination, and the

rights to confront adverse witnesses, a speedy trial, and the effective assistance of counsel, would

violate Endo's rights guaranteed by the Fourth, Fifth, and Sixth Amendments as incorporated

into the Fourteenth Amendment to the United States Constitution and would be improper under

the Constitution, common law, and public policies of the State of Alabama.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

To the extent punitive damages are sought, plaintiff's claims for punitive damages

against Endo cannot be sustained because an award of punitive damages by a jury that: (1) is not

provided constitutionally adequate standards of sufficient clarity for determining the appropriate

imposition of, and the appropriate size of, a punitive damages award; (2) is not adequately

instructed on the limits of punitive damages imposed by the applicable principles of deterrence

and punishment; (3) is not expressly prohibited from awarding punitive damages, or determining

the amount of an award of punitive damages, in whole or in part on the basis of invidiously

discriminatory characteristics, including without limitation the residence, wealth, and corporate

status of Endo; (4) is permitted to award punitive damages under a standard for determining

liability for punitive damages that is vague and arbitrary and does not define with sufficient

clarity the conduct or mental state that makes punitive damages permissible; (5) is not properly

instructed regarding plaintiff's burden of proof with respect to each and every element of a claim

for punitive damages; and (6) is not subject to trial court and appellate judicial review for

reasonableness and furtherance of legitimate purposes on the basis of constitutionally adequate

and objective standards, would violate Endo's Due Process and Equal Protection rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution, and would be improper under the Constitution, common law, and public policies of the State of Alabama.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

To the extent punitive damages are sought, plaintiff's claims for punitive damages against Endo cannot be sustained because an award of punitive damages that is subject to no predetermined limit, such as a maximum multiple of compensatory damages or a maximum amount of punitive damages that may be imposed, would: (1) violate Endo's Due Process rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution; (2) violate Endo's right not to be subjected to an excessive award; and (3) be improper under the Constitution, common law, and public policies of the State of Alabama.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

From time to time, Endo has affirmatively stated on its published price lists that the AWP reported on its lists was an estimate or the published price reported by one of the price-reporting services. Endo did not state that AWP reflects discounts, rebates or price concessions and Endo did not state that AWP represented the actual price paid by wholesalers or direct customers. Accordingly, plaintiff is estopped from claiming to have been defrauded by virtue of any action by Endo.

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

Some or all of plaintiff's claims against Endo arise from plaintiff's failure to follow its federal and state statutory and regulatory obligation to properly establish appropriate reimbursement rates.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

Plaintiff's unjust enrichment claims are barred, in whole or in part, because Endo did not retain any money belonging to the State as a result of any alleged overpayments as required under Alabama law.

## THIRTIETH AFFIRMATIVE DEFENSE

Any damage, loss, or liability sustained by plaintiff must be reduced, diminished, and/or eliminated in proportion to the wrongful or negligent conduct of entities or individuals other than Endo under the principles of equitable allocation, recoupment, set-off, proportionate responsibility, and comparative fault, including the provisions of applicable state law.

## THIRTY-FIRST AFFIRMATIVE DEFENSE

Under the principles of contribution and indemnity, persons or entities other than Endo are wholly or partially responsible for the purported damages, if any, plaintiff may have sustained.

## THIRTY-SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrines of express and implied waiver, mistake, and mutual mistake.

## THIRTY-THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the failure to exhaust applicable administrative remedies.

## THIRTY-FOURTH AFFIRMATIVE DEFENSE

The lack of particularity in the Complaint makes it impossible for Endo to determine at this time the extent of the defenses it may have. Endo hereby gives notice that it intends to rely upon any other and additional defense that is now or may become available or appear during, or

as a result of the discovery proceedings in this action and hereby reserves its right to amend its answer to assert such defense.

**THIRTY-FIFTH AFFIRMATIVE DEFENSE**

Endo hereby adopts and incorporates by reference any and all other defenses asserted, or that may hereafter be asserted, by any other defendant to the extent such defense may be applicable to Endo.

**CONCLUSION**

Endo reserves the right to amend this Answer and to assert other defenses as this action proceeds.

WHEREFORE, Endo denies that plaintiff is entitled to any relief from Endo and

demands judgment in its favor, together with all costs of this proceeding (including attorneys'

fees) and such other and further relief as the Court deems appropriate.

Respectfully submitted,

Robert D. Eckinger
ADAMS & REESE LLP
Concord Center
2100 Third Avenue North,
    Suite 1100
Birmingham, Alabama 35203
Phone: (205) 250-5000
Fax: (205) 250-5034

*Counsel for Defendant Endo
Pharmaceuticals Inc.*

*Of Counsel*
Jonathan L. Stern
David D. Fauvre
ARNOLD & PORTER LLP
555 Twelfth Street, N.W.
Washington, D.C. 20004
(202) 942-5000 (telephone)
(202) 942-5999 (facsimile)

Dated: February 1, 2006

31

## CERTIFICATE OF SERVICE

I hereby certify that I have filed the original foregoing document, Endo Pharmaceuticals' Answer to the Second Amended Complaint, with the Circuit Court of Montgomery County, Alabama via U.S. Mail and served a copy of same via LexisNexis File & Serve electronic filing system on February 1, 2006.


                                        _____
                                        OF COUNSEL