

10453802

Jan 30 2006
4:50PM

## IN THE CIRCUIT COURT OF
## MONTGOMERY COUNTY, ALABAMA

STATE OF ALABAMA,                    )
                                     )
    Plaintiff,                   )
                                     )
    v.                           )      **Case No.: CV 2005-219**
                                     )
ABBOTT LABORATORIES, INC., et al.,   )
                                     )
    Defendants.                  )
                                     )

## ETHEX CORPORATION'S ANSWER TO THE
## SECOND AMENDED COMPLAINT

Defendant ETHEX Corporation ("ETHEX") respectfully submits this Answer to the Second Amended Complaint as follows:

Unless expressly admitted or denied, ETHEX lacks knowledge or information sufficient to form a belief as to the truth or falsity of averments referring or relating to the conduct of other defendants. ETHEX is aware that averments relating to such conduct, and related transactions and events involving such third parties, have been the subject of press reports or other public statements. ETHEX is not in a position, prior to discovery, to admit or deny such averments for purposes of Alabama Rule of Civil Procedure 8(b), except to acknowledge the existence of such averments.

### INTRODUCTION

1.    Answering paragraph 1, ETHEX denies the averments in this paragraph to the extent they refer or relate to ETHEX. Otherwise, ETHEX lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

2.     Answering paragraph 2, ETHEX lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph, except to deny them to the extent that they aver that ETHEX engaged in a "fraudulent pricing scheme" or any conduct that was unlawful, wrongful, or caused harm to the State of Alabama.

3.     Answering paragraph 3, ETHEX lacks knowledge or information sufficient to form a belief as to the truth of the averments made in the first sentence of this paragraph. ETHEX admits that the State of Alabama purports to bring this action for damages and injunctive relief, but denies that there is any basis on which to do so with respect to ETHEX, including the existence of any "drug-pricing scheme," "fraudulent or wanton conduct," "improper and unlawful actions" or profits obtained therefrom, or any other conduct on behalf of ETHEX that was unlawful, wrongful, or caused harm to the State of Alabama. Otherwise, ETHEX lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

4.     Answering paragraph 4, ETHEX admits that, through this lawsuit, the State of Alabama purports to seek "legal and equitable redress," but denies that there is any basis on which to do so with respect to ETHEX, including any "fraudulent and wanton marketing and pricing conduct" and/or "profit[] from . . . wrongful acts and practices at the expense of the State." Otherwise, ETHEX lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

## PARTIES

5.    Answering paragraph 5, ETHEX admits the averments in the first sentence of this paragraph.  ETHEX lacks knowledge or information sufficient to form a belief as to the truth of the averments made in the remainder of this paragraph.

6.    Answering paragraph 6, ETHEX refers to Alabama Code § 36-15-12 for its terms.  Otherwise, ETHEX lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

### Defendant Abbott

7.    Answering paragraph 7, ETHEX lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

### Defendant Alcon

8.    Answering paragraph 8, ETHEX lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

### Defendant Allergan

9.    Answering paragraph 9, ETHEX lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

### The Alpharma Defendants

10.    Answering paragraph 10, ETHEX lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

11.    Answering paragraph 11, ETHEX lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

12.    Answering paragraph 12, ETHEX lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

3

<u>The Amgen Defendants</u>

13.    Answering paragraph 13, ETHEX lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

14.    Answering paragraph 14, ETHEX lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

15.    Answering paragraph 15, ETHEX lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

<u>Defendant Andrx</u>

16.    Answering paragraph 16, ETHEX lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

<u>The AstraZeneca Defendants</u>

17.    Answering paragraph 17, ETHEX lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

18.    Answering paragraph 18, ETHEX lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

19.    Answering paragraph 19, ETHEX lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

<u>The Aventis Defendants</u>

20.    Answering paragraph 20, ETHEX lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

21.    Answering paragraph 21, ETHEX lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

22.    Answering paragraph 22, ETHEX lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

23.    Answering paragraph 23, ETHEX lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

<u>Defendant Barr</u>

24.    Answering paragraph 24, ETHEX lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

<u>The Baxter Defendants</u>

25.    Answering paragraph 25, ETHEX lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

26.    Answering paragraph 26, ETHEX lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

27.    Answering paragraph 27, ETHEX lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

<u>The Bayer Defendants</u>

28.    Answering paragraph 28, ETHEX lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

29.    Answering paragraph 29, ETHEX lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

30.    Answering paragraph 30, ETHEX lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

31.    Answering paragraph 31, ETHEX lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

<u>Defendant Biovail</u>

32.    Answering paragraph 32, ETHEX lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

<u>The Boehringer Defendants</u>

33.    Answering paragraph 33, including subparagraphs a and b, ETHEX lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

34.    Answering paragraph 34, ETHEX lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

<u>Defendant Bristol-Myers Squibb</u>

35.    Answering paragraph 35, ETHEX lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

<u>Defendant DEY</u>

36.    Answering paragraph 36, ETHEX lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

<u>Defendant Eisai</u>

37.    Answering paragraph 37, ETHEX lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

<u>Defendant Endo</u>

38.    Answering paragraph 38, ETHEX lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

Defendant ETHEX

39.    Answering paragraph 39, ETHEX admits to the averments in the first sentence, except to respond that its principal place of business is located at One Corporate Woods Drive, St. Louis, Missouri 63044. ETHEX admits that, among other things, it is in the business of marketing and selling prescription drugs for which state Medicaid agencies reimburse pharmacies, but denies that it is in the business of manufacturing prescription drugs. ETHEX denies the remainder of this paragraph except that (a) it admits that it sells one or more specific drugs (each with a unique NDC number) within, or similar to, each of the following drug categories:

> Anemagen™
> Benazepril HCL
> Bromfenex™ PD
> Buspirone HCL
> Disopyramide Phosphate
> Doxazosin Mesylate
> Histinex® HC
> Hydro-Tussin™ HC
> Hyoscyamine Sulfate
> Isosorbide Mononitrate
> Ketorolac Tromethamine
> Naproxen
> NatalCare®
> NitroQuick®
> Oxocodone HCL
> Potassium Chloride
> Prednisolone;

and (b) it admits that Alabama Medicaid has reimbursed pharmacies for specific ETHEX drugs within the above-listed drug categories. ETHEX avers that the above-listed drug categories identified by the plaintiff contain certain technical inaccuracies in the nomenclature, e.g., ETHEX sells EC Naproxen (enteric coated) but it does not sell "Naproxen." ETHEX denies that the averments in the Second Amended Complaint,

7

including Exhibit A, are sufficient to "capture not only the drug names listed, but also all variations of the drug names which incorporate prefixes, suffixes, modifiers, supplements, application nomenclature, and/or drug delivery methods, to the extent not already specified," as stated in Exhibit A.

The Forest Defendants

40.    Answering paragraph 40, ETHEX lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

41.    Answering paragraph 41, ETHEX lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

42.    Answering paragraph 42, ETHEX lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

The Fujisawa Defendants

43.    Answering paragraph 43, ETHEX lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

44.    Answering paragraph 44, ETHEX lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

45.    Answering paragraph 45, ETHEX lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

Defendant Genzyme

46.    Answering paragraph 46, ETHEX lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

8

### Defendant Gilead

47.    Answering paragraph 47, ETHEX lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

### Defendant GlaxoSmithKline

48.    Answering paragraph 48, ETHEX lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

### The Hoffman-LaRoche Defendants

49.    Answering paragraph 49, ETHEX lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

50.    Answering paragraph 50, ETHEX lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

51.    Answering paragraph 51, ETHEX lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

### The IVAX Defendants

52.    Answering paragraph 52, ETHEX lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

53.    Answering paragraph 53, ETHEX lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

54.    Answering paragraph 54, ETHEX lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

### The J&J Defendants

55.    Answering paragraph 55, including subparagraphs a through e, ETHEX lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

56.    Answering paragraph 56, ETHEX lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

### The King Defendants

57.    Answering paragraph 57, ETHEX lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

58.    Answering paragraph 58, ETHEX lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

59.    Answering paragraph 59, ETHEX lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

### Defendant MedImmune

60.    Answering paragraph 60, ETHEX lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

### Defendant Merck

61.    Answering paragraph 61, ETHEX lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

### The Mylan Defendants

62.    Answering paragraph 62, ETHEX lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

63.   Answering paragraph 63, ETHEX lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

64.   Answering paragraph 64, ETHEX lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

65.   Answering paragraph 65, ETHEX lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

<u>The Novartis Defendants</u>

66.   Answering paragraph 66, ETHEX lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

67.   Answering paragraph 67, ETHEX lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

68.   Answering paragraph 68, ETHEX lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

<u>Defendant Novo Nordisk</u>

69.   Answering paragraph 69, ETHEX lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

<u>Defendant Organon</u>

70.   Answering paragraph 70, ETHEX lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

<u>Defendant Par</u>

71.   Answering paragraph 71, ETHEX lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

The Pfizer Defendants

72.    Answering paragraph 72, ETHEX lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

73.    Answering paragraph 73, ETHEX lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

74.    Answering paragraph 74, ETHEX lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

75.    Answering paragraph 75, ETHEX lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

76.    Answering paragraph 76, ETHEX lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

77.    Answering paragraph 77, ETHEX lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

Defendant Purdue

78.    Answering paragraph 78, ETHEX lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

Defendant Sanofi

79.    Answering paragraph 79, ETHEX lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

The Schering Defendants

80.    Answering paragraph 80, ETHEX lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

81.    Answering paragraph 81, ETHEX lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

82.    Answering paragraph 82, ETHEX lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

### Defendant TAP Pharmaceutical

83.    Answering paragraph 83, ETHEX lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

### Defendant Takeda Pharmaceuticals

84.    Answering paragraph 84, ETHEX lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

### Defendant Teva

85.    Answering paragraph 85, ETHEX lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

### The Watson Defendants

86.    Answering paragraph 86, ETHEX lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

87.    Answering paragraph 87, ETHEX lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

88.    Answering paragraph 88, ETHEX lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

89.    Answering paragraph 89, ETHEX lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

The Wyeth Defendants

90.     Answering paragraph 90, ETHEX lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

91.     Answering paragraph 91, ETHEX lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

92.     Answering paragraph 92, ETHEX lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

Fictitious Defendants

93.     Answering paragraph 93, ETHEX lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

94.     Answering paragraph 94, ETHEX lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph, except to deny them to the extent they refer or relate to ETHEX.  ETHEX denies that the averments in the Second Amended Complaint are sufficient "to cover all drugs manufactured, distributed, marketed, and/or sold by [ETHEX] which are subject to the fraudulent or wanton pricing scheme described herein, even though the names of some of those drugs are not identified because the information is not currently available to the State," as stated in the last sentence of this paragraph.

**JURISDICTION AND VENUE**

95.     Answering paragraph 95, ETHEX responds that the allegations of this paragraph state legal conclusions to which no response is required.

96.     Answering paragraph 96, ETHEX responds that the allegations of this paragraph state legal conclusions to which no response is required.

97.    Answering paragraph 97, ETHEX refers to Alabama Code § 6-3-7 for its terms. Otherwise, ETHEX lacks knowledge or information sufficient to admit or deny the truth of the averments made in this paragraph.

### FACTUAL BACKGROUND

### The Alabama Medicaid Program

98.    Answering paragraph 98, ETHEX admits, based on currently available information, that the Alabama Medicaid Program is a state-administered program with federal matching funds which pays for medical care, including prescription drug benefits, for certain Alabama citizens. Otherwise, ETHEX lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in this paragraph.

99.    Answering paragraph 99, ETHEX lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

100.    Answering paragraph 100, ETHEX lacks knowledge or information sufficient to form a belief as to the truth of the averments made in the first sentence of this paragraph. ETHEX denies the averments contained in the second sentence to the extent they refer or relate to ETHEX, except admits that, from time to time during the relevant period, ETHEX provided to third-party reporting services certain information containing "AWPs" for certain of its drugs. ETHEX denies that "AWP" is commonly understood as the average price charged by wholesalers to retailers, such as hospitals, doctors, and pharmacies, for prescription drugs and affirmatively states AWP is commonly understood in the industry to be a pricing benchmark. ETHEX denies the third sentence in this paragraph to the extent that it refers or relates to ETHEX.

Otherwise, ETHEX lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

101.    Answering paragraph 101, ETHEX admits the averments in the first sentence of this paragraph. Regarding the remaining averments in this paragraph, ETHEX refers to the relevant statutory and regulatory provisions pertaining to the Medicare Program for their terms.

102.    Answering paragraph 102, ETHEX refers to the relevant statutory and regulatory provisions pertaining to the Medicare Program for their terms. ETHEX denies the last sentence of this paragraph to the extent that it refers or relates to ETHEX. Otherwise, ETHEX lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

### The Defendants' Reporting of Inflated Pricing Information

103.    Answering paragraph 103, ETHEX denies the averments made in the first sentence of this paragraph to the extent they refer or relate to ETHEX. Otherwise, ETHEX lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

104.    Answering paragraph 104, ETHEX lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

105.    Answering paragraph 105, ETHEX denies the averments made in this paragraph to the extent they refer or relate to ETHEX. Otherwise, ETHEX lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

106.    Answering paragraph 106, ETHEX denies the averments made in this paragraph to the extent they refer or relate to ETHEX. Otherwise, ETHEX lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

107.    Answering paragraph 107, ETHEX admits that it provides certain discounts and rebates to certain customers pursuant to sales agreements, certain of which may contain confidentiality provisions. ETHEX denies the remaining averments made in this paragraph to the extent that they refer or relate to ETHEX. Otherwise, ETHEX lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

**Defendants' Marketing of the "Spread"**

108.    Answering paragraph 108, ETHEX denies the averments made in this paragraph to the extent they refer or relate to ETHEX. Otherwise, ETHEX lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

109.    Answering paragraph 109, ETHEX denies the averments made in this paragraph to the extent they refer or relate to ETHEX. Otherwise, ETHEX lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

110.    Answering paragraph 110, ETHEX denies the averments made in this paragraph to the extent they refer or relate to ETHEX. Otherwise, ETHEX lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

111.    Answering paragraph 111, ETHEX denies the averments made in this paragraph to the extent they refer or relate to ETHEX. Otherwise, ETHEX lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

### Other Lawsuits, Settlements, Government Investigations, and Criminal Proceedings

112.    Answering paragraph 112, ETHEX except admits that other plaintiffs have filed complaints alleging similar claims from which plaintiff here appears to have largely copied its allegations. ETHEX denies the averments in this paragraph, as they refer or relate to ETHEX, to the extent that they imply that ETHEX has engaged in any improper conduct with respect to the sale and marketing of its pharmaceutical products. Otherwise, ETHEX lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

113.    Answering paragraph 113, ETHEX denies the averments made in this paragraph to the extent they refer or relate to ETHEX. Otherwise, ETHEX lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

114.    Answering paragraph 114, this paragraph does not appear to make any averments relating to ETHEX. To the extent that the averments in this paragraph refer or relate to ETHEX, ETHEX denies them. Otherwise, ETHEX lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

115.    Answering paragraph 115, this paragraph does not appear to make any averments relating to ETHEX. To the extent that the averments in this paragraph refer or

relate to ETHEX, ETHEX denies them. Otherwise, ETHEX lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

116. Answering paragraph 116, this paragraph does not appear to make any averments relating to ETHEX. To the extent that the averments in this paragraph refer or relate to ETHEX, ETHEX denies them. Otherwise, ETHEX lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

117. Answering paragraph 117, this paragraph does not appear to make any averments relating to ETHEX. To the extent that the averments in this paragraph refer or relate to ETHEX, ETHEX denies them. Otherwise, ETHEX lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

118. Answering paragraph 118, this paragraph does not appear to make any averments relating to ETHEX. To the extent that the averments in this paragraph refer or relate to ETHEX, ETHEX denies them. Otherwise, ETHEX lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

119. Answering paragraph 119, this paragraph does not appear to make any averments relating to ETHEX. To the extent that the averments in this paragraph refer or relate to ETHEX, ETHEX denies them. Otherwise, ETHEX lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

120. Answering paragraph 120, this paragraph does not appear to make any averments relating to ETHEX. To the extent that the averments in this paragraph refer or relate to ETHEX, ETHEX denies them. Otherwise, ETHEX lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

121. Answering paragraph 121, this paragraph does not appear to make any averments relating to ETHEX. To the extent that the averments in this paragraph refer or relate to ETHEX, ETHEX denies them. Otherwise, ETHEX lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

122. Answering paragraph 122, this paragraph does not appear to make any averments relating to ETHEX. To the extent that the averments in this paragraph refer or relate to ETHEX, ETHEX denies them. Otherwise, ETHEX lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

123. Answering paragraph 123, this paragraph does not appear to make any averments relating to ETHEX. To the extent that the averments in this paragraph refer or relate to ETHEX, ETHEX denies them, except that ETHEX admits that it, like the State of Alabama and pharmacies within the State of Alabama, has access (through pricing service publications) to at least some of the AWPs reported by ETHEX's competitors. Otherwise, ETHEX lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

124.    Answering paragraph 124, ETHEX denies the averments made in this
paragraph to the extent they refer or relate to ETHEX, except that ETHEX admits that
certain conduct alleged by the State is alleged to have occurred more than ten years prior
to the filing of the original complaint in this action. Otherwise, ETHEX lacks knowledge
or information sufficient to form a belief as to the truth of the averments made in this
paragraph.

125.    Answering paragraph 125, ETHEX denies the averments made in the first
sentence of this paragraph to the extent they refer or relate to ETHEX. ETHEX admits
the averments in the second sentence of this paragraph to the extent they refer or relate to
ETHEX. ETHEX denies the averments in the third sentence of this paragraph, except to
admit plaintiff has failed to allege its claims against ETHEX with any specificity.
Otherwise, ETHEX lacks knowledge or information sufficient to form a belief as to the
truth of the averments made in this paragraph.

126.    Answering paragraph 126, ETHEX denies the averments made in this
paragraph to the extent they refer or relate to ETHEX. Otherwise, ETHEX lacks
knowledge or information sufficient to form a belief as to the truth of the averments made
in this paragraph.

## CLAIMS

### COUNT ONE - FRAUDULENT MISREPRESENTATION

127.    Answering paragraph 127, ETHEX repeats and incorporates by reference
its responses to paragraphs numbered 1 through 126 above.

128.    Answering paragraph 128, ETHEX denies the averments in this paragraph
to the extent they refer or relate to ETHEX, except to admit ETHEX provided to third-

party reporting services certain information containing the AWP for certain of its drugs. Otherwise, ETHEX lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

129.    Answering paragraph 129, ETHEX denies the averments made in this paragraph to the extent they refer or relate to ETHEX. Otherwise, ETHEX lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

130.    Answering paragraph 130, ETHEX denies the averments made in this paragraph to the extent they refer or relate to ETHEX. Otherwise, ETHEX lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

## COUNT TWO - FRAUDULENT SUPPRESSION

131.    Answering paragraph 131, ETHEX repeats and incorporates by reference its responses to paragraphs numbered 1 through 130 above.

**ETHEX notes that the Second Amended Complaint contains no paragraphs numbered 131 through 139.

140.    Answering paragraph 140, ETHEX denies the averments in this paragraph to the extent they refer or relate to ETHEX, except to admit ETHEX provided to third-party reporting services certain information containing the AWP for certain of its drugs. Otherwise, ETHEX lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

141.    Answering paragraph 141, ETHEX denies the averments made in this paragraph to the extent they refer or relate to ETHEX. Otherwise, ETHEX lacks

knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

142.    Answering paragraph 142, ETHEX denies the averments made in this paragraph to the extent they refer or relate to ETHEX. Otherwise, ETHEX lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

## COUNT THREE - WANTONNESS

143.    Answering paragraph 143, ETHEX repeats and incorporates by reference its responses to paragraphs numbered 1 through 142 above.

144.    Answering paragraph 144, ETHEX denies the averments made in this paragraph to the extent they refer or relate to ETHEX. Otherwise, ETHEX lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

145.    Answering paragraph 145, ETHEX denies the averments made in this paragraph to the extent they refer or relate to ETHEX. Otherwise, ETHEX lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

146.    Answering paragraph 146, ETHEX denies the averments made in this paragraph to the extent they refer or relate to ETHEX. Otherwise, ETHEX lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

147.    Answering paragraph 147, ETHEX denies the averments made in this paragraph to the extent they refer or relate to ETHEX. Otherwise, ETHEX lacks

knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

## COUNT FOUR - UNJUST ENRICHMENT

148.    Answering paragraph 148, ETHEX repeats and incorporates by reference its responses to paragraphs numbered 1 through 147 above.

149.    Answering paragraph 149, ETHEX denies the averments made in this paragraph to the extent they refer or relate to ETHEX. Otherwise, ETHEX lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

150.    Answering paragraph 150, ETHEX denies the averments made in this paragraph to the extent they refer or relate to ETHEX. Otherwise, ETHEX lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

151.    Answering paragraph 151, ETHEX denies the averments made in this paragraph to the extent they refer or relate to ETHEX. Otherwise, ETHEX lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

152.    Answering paragraph 152, ETHEX denies the averments made in this paragraph to the extent they refer or relate to ETHEX. Otherwise, ETHEX lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

## PRAYER FOR RELIEF

ETHEX denies that any relief is appropriate.

24

## DEFENSES

Without assuming any burden of proof that it would not otherwise bear, ETHEX also asserts the following defenses:

### FIRST AFFIRMATIVE DEFENSE

Plaintiff fails to state a claim against ETHEX upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff has no standing or capacity to bring some or all of the claims raised in this suit to recover Medicaid expenditures or to seek injunctive relief.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff has not suffered, and will not suffer, any damages or injury to a legally protected or cognizable interest by reason of the conduct of ETHEX as alleged in the Second Amended Complaint.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the filed rate doctrine.

### FIFTH AFFIRMATIVE DEFENSE

Any and all actions taken by ETHEX with respect to any of the matters alleged in the Second Amended Complaint were taken in good faith and in accordance with established industry practice.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are preempted, in whole or in part, by federal law, including without limitation the Federal Employment Retirement Income and Security Act of 1974, the Federal Medicare Act, and the Federal Medicaid Act, including all amendments to the same and all regulations promulgated thereunder.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims against ETHEX are barred because ETHEX has complied with all applicable regulations of the federal and state governments.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims against ETHEX are barred, in whole or in part, by the applicable statutes of limitations and repose, and by the doctrines of laches, estoppel, and waiver.

### NINTH AFFIRMATIVE DEFENSE

ETHEX's statements or actions were not the proximate cause or cause in fact of any injury to or alleged loss by plaintiff.

### TENTH AFFIRMATIVE DEFENSE

To the extent that plaintiff attempts to seek equitable relief against ETHEX, it is not entitled to such relief because it has an adequate remedy at law.

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims for injunctive relief against ETHEX are barred by the doctrines of *in pari delicto* and/or unclean hands.

### TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's claims against ETHEX are barred, in whole or in part, due to its failure to join indispensable parties.

### THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because any injuries sustained by plaintiff were the result of its own conduct or the intervening or superseding conduct of third parties.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims against ETHEX for damages are barred, in whole or in part, because it failed to mitigate its damages, and its failure to mitigate damages should proportionately reduce the recovery of plaintiff and the allocation of any fault, if any exists, attributable to ETHEX.

## FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims against ETHEX for damages are barred, in whole or in part, because it would be unjustly enriched if allowed to recover any portion of the damages alleged in the Second Amended Complaint.

## SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims against ETHEX for damages are barred, in whole or in part, by the doctrine of consent and/or ratification to the extent that plaintiff has paid for products manufactured, marketed and sold by ETHEX after the filing of plaintiff's original complaint.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims against ETHEX for damages are barred, in whole or in part, because they are speculative and remote and because of the impossibility of ascertaining and allocating those alleged damages.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Any damages recovered by the plaintiff from ETHEX must be limited by the applicable statutory ceilings on recoverable damages, including without limitation Alabama Code 6-11-21.

## NINETEENTH AFFIRMATIVE DEFENSE

Plaintiff fails to allege facts or a cause of action against ETHEX sufficient to support a claim for compensatory damages, attorneys' fees and/or legal fees, or any other relief.

## TWENTIETH AFFIRMATIVE DEFENSE

To the extent punitive damages are sought, Plaintiff's punitive damages claims against ETHEX have no basis in law or fact.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

To the extent punitive damages are sought, Plaintiff's punitive damages claims against ETHEX are not recoverable because the allegations of the Second Amended Complaint are legally insufficient to support a claim for punitive damages against ETHEX.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

To the extent punitive damages are sought, Plaintiff's punitive damages claims against ETHEX are not recoverable because an award of punitive damages in this case would violate constitutional protections to which ETHEX is entitled.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

Since at least 2001, ETHEX has affirmatively stated on its published price lists that the AWP reported on its lists was a suggested wholesale price and not the actual price wholesalers charge to their customers. ETHEX thus disclosed in its price announcements that reported AWPs for ETHEX drugs did not, and were not intended to, represent the actual price paid by purchasers of such products. Accordingly, plaintiffs are estopped from claiming to have been defrauded by virtue of any action by ETHEX.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

Some or all of plaintiff's claims against ETHEX arise from plaintiff's failure to follow its federal and state statutory and regulatory obligation to properly establish appropriate reimbursement rates.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

Plaintiff's unjust enrichment claims are barred, in whole or in part, because ETHEX did not retain any money belonging to the State as a result of any alleged overpayments as required under Alabama law.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

ETHEX hereby gives notice that it intends to rely upon any other additional defense that is now or may become available or appear during, or as a result of, the discovery proceedings in this action and hereby reserves its right to amend its answer to assert such defense.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

The lack of particularity in the Second Amended Complaint makes it impossible for ETHEX to determine at this time the extent of the defenses it may have, and ETHEX reserves the right to assert all applicable defenses once the precise nature of the relevant circumstances or events is determined through discovery.

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

Any damage, loss, or liability sustained by plaintiff must be reduced, diminished, and/or eliminated in proportion to the wrongful or negligent conduct of entities or individuals other than ETHEX under the principles of equitable allocation, recoupment, set-off, proportionate responsibility, and comparative fault, including the provisions of applicable state law.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

Under the principles of contribution and indemnity, persons or entities other than ETHEX are wholly or partially responsible for the purported damages, if any, plaintiff may have sustained.

## THIRTIETH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrines of express and implied waiver, mistake, and mutual mistake.

## THIRTY-FIRST AFFIRMATIVE DEFENSE

ETHEX hereby adopts and incorporates by reference any and all other defenses asserted, or that may hereafter be asserted, by any other defendant to the extent such defense may be applicable to ETHEX.

## CONCLUSION

ETHEX reserves the right to amend this Answer and to assert other defenses as this action proceeds.

WHEREFORE, ETHEX denies that plaintiff is entitled to any relief from ETHEX and demands judgment in its favor, together with all costs of this proceeding (including attorneys' fees) and such other and further relief as the Court deems appropriate.

Respectfully submitted,

Lawrence B. Clark
Robert D. Eckinger
ADAMS & REESE LLP
Concord Center
2100 Third avenue North,
    Suite 1100
Birmingham, Alabama 35203
Phone: (205) 250-5000
Fax: (205) 250-5034


*Of counsel:*
Robert S. Litt
Steven S. Diamond
Justin S. Antonipillai
ARNOLD & PORTER LLP
555 Twelfth Street, N.W.
Washington, D.C. 20004
Phone: (202) 942-5000
Fax: (202) 942-5999


Dated:  January 30, 2006

## CERTIFICATE OF SERVICE

I hereby certify that I have filed the original foregoing document, Ethex Corporation's Answer to the Second Amended Complaint, with the Circuit Court of Montgomery County, Alabama via U.S. Mail and served a copy of same via LexisNexis File & Serve electronic filing system on January 30, 2006.

OF COUNSEL