

10451330
Jan 30 2006
3:29PM

## IN THE CIRCUIT COURT OF
## MONTGOMERY COUNTY, ALABAMA

STATE OF ALABAMA,⠀⠀⠀⠀⠀⠀⠀⠀⠀)
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
⠀⠀⠀⠀⠀⠀⠀⠀Plaintiff,⠀⠀⠀⠀⠀⠀)
⠀⠀v.⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)⠀⠀⠀Civil Action No. 2005-219
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
ABBOTT LABORATORIES, et al.⠀⠀⠀)
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
⠀⠀⠀⠀⠀⠀⠀⠀Defendants.⠀⠀⠀⠀⠀)

## ANSWER OF DEFENDANT FOREST LABORATORIES, INC. AND DEFENDANT FOREST PHARMACEUTICALS, INC. TO THE STATE OF ALABAMA'S SECOND AMENDED COMPLAINT

Defendant Forest Laboratories, Inc. and Defendant Forest Pharmaceuticals, Inc. (collectively, "Forest"), for its Answer to the State of Alabama's Second Amended Complaint "Complaint") in the captioned action, by its undersigned counsel, alleges upon knowledge as to itself, and upon information and belief as to all other matters, as follows:

1.⠀Denies each and every allegation set forth in paragraph 1 of the Complaint as to Forest, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

2.⠀Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 2 of the Complaint, except denies the existence of a fraudulent pricing scheme or that Forest is or has been involved in any such scheme.

3.⠀Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 3 of the Complaint, except admits that the State of Alabama purports to bring this action, denies that there is any basis on which to permit the State to do so, denies the existence of any "drug pricing scheme," denies that Forest is or has been involved in

any such scheme, and denies that Forest has obtained any profits as a result of any such imagined scheme.

4. Denies each and every allegation set forth in paragraph 4 of the Complaint as to Forest, except admits that the State of Alabama purports to seek legal and equitable redress but denies there is any basis on which to permit it to do so, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

5. Admits that the State of Alabama purports to bring this action in its capacity as sovereign and on behalf of the Alabama Medicaid Agency, but denies that there is any basis on which to permit it to do so.

6. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 6 of the Complaint and further respectfully refers the Court to Alabama Code § 36-15-12 for a full and complete reading of its provisions.

7. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 7 of the Complaint.

8. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 8 of the Complaint.

9. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 9 of the Complaint.

10. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 10 of the Complaint.

11. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 11 of the Complaint.

12. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 12 of the Complaint.

13. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 13 of the Complaint.

14. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 14 of the Complaint.

15. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 15 of the Complaint.

16. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 16 of the Complaint.

17. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 17 of the Complaint.

18. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 18 of the Complaint.

19. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 19 of the Complaint.

20. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 20 of the Complaint.

21. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 21 of the Complaint.

22. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 22 of the Complaint.

23. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 23 of the Complaint.

24. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 24 of the Complaint.

25. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 25 of the Complaint.

26. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 26 of the Complaint.

27. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 27 of the Complaint.

28. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 28 of the Complaint.

29. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 29 of the Complaint.

30. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 30 of the Complaint.

31. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 31 of the Complaint.

32. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 32 of the Complaint.

33. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 33 and lettered subparagraphs a and b of the Complaint.

34. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 34 of the Complaint.

35. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 35 of the Complaint.

36. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 36 of the Complaint.

37. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 37 of the Complaint.

38. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 38 of the Complaint.

39. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 39 of the Complaint.

40. Admits the allegations in paragraph 40 of the Complaint

41. Admits the allegations in paragraph 41 of the Complaint

42. Denies each and every allegation set forth in paragraph 42 of the Complaint as to Forest, except admits that Forest is engaged in the business of developing, marketing and selling prescription drugs in the United States and that it distributes, markets or sells the following prescription drugs that are reimbursed by Alabama Medicaid and which are identified in Exhibit A of the Complaint:

> Aerobid®
> Aerobid®-M
> AeroChamber®
> Benzonatate
> Celexa®
> Diltiazem HCI
> Esgic-Plus
> Flumadine®

Hydrocodone w/Acetaminophen
Isosorbide Dinitrate
Levothroid®
Lexapro®
Lorcet®
Namenda®
Theophyline Anhydrous
Tiazac®

43. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 43 of the Complaint.

44. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 44 of the Complaint.

45. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 45 of the Complaint.

46. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 46 of the Complaint.

47. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 47 of the Complaint.

48. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 48 of the Complaint.

49. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 49 of the Complaint.

50. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 50 of the Complaint.

51. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 51 of the Complaint.

52. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 52 of the Complaint.

53. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 53 of the Complaint.

54. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 54 of the Complaint.

55. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 55 and lettered subparagraphs a through e of the Complaint.

56. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 56 of the Complaint.

57. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 57 of the Complaint.

58. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 58 of the Complaint.

59. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 59 of the Complaint.

60. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 60 of the Complaint.

61. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 61 of the Complaint.

62. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 62 of the Complaint.

63. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 63 of the Complaint.

64. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 64 of the Complaint.

65. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 65 of the Complaint.

66. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 66 of the Complaint.

67. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 67 of the Complaint.

68. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 68 of the Complaint.

69. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 69 of the Complaint.

70. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 70 of the Complaint.

71. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 71 of the Complaint.

72. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 72 of the Complaint.

73. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 73 of the Complaint.

74. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 74 of the Complaint.

75. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 75 of the Complaint.

76. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 76 of the Complaint.

77. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 77 of the Complaint.

78. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 78 of the Complaint.

79. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 79 of the Complaint.

80. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 80 of the Complaint.

81. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 81 of the Complaint.

82. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 82 of the Complaint.

83. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 83 of the Complaint.

84. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 84 of the Complaint.

85. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 85 of the Complaint.

86. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 86 of the Complaint.

87. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 87 of the Complaint.

88. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 88 of the Complaint.

89. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 89 of the Complaint.

90. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 90 of the Complaint.

91. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 91 of the Complaint.

92. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 92 of the Complaint.

93. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 93 of the Complaint.

94. Denies each and every allegation set forth in paragraph 94 of the Complaint as to Forest, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

95. Denies each and every allegation set forth in paragraph 95 of the Complaint.

96. Admits the allegations set forth in paragraph 96 of the Complaint as to Forest, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

97. Admits the allegations set forth in paragraph 97 of the Complaint as to Forest and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

98. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 98 of the Complaint, except admits that the Alabama Medicaid Program is a state-administered program with federal matching funds that pays for medical care, including prescription drug benefits, for certain Alabama citizens.

99. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 99 of the Complaint.

100.    Denies each and every allegation set forth in paragraph 100 of the Complaint as to Forest, except admits that, from time to time during the relevant period, Forest issued price lists that contained, *inter alia*, "AWPs" and "WACs" for certain of its drugs and, affirmatively states that its AWP is commonly understood to be a benchmark used throughout the industry and not an average price charged by wholesalers to the entities identified in paragraph 100, that Forest's WAC ex-factory price is, in fact, the price Forest charges wholesalers for Forest products, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations therein.

101.    Admits the allegations set forth in paragraph 101 of the Complaint.

102.    Denies each and every allegation set forth in paragraph 102 of the Complaint as to Forest, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

103.    Denies each and every allegation set forth in paragraph 103 of the Complaint as to Forest, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

104.    Denies knowledge or information sufficient to form a belief about the truth of the allegations set forth in paragraph 104 of the Complaint.

105.    Denies each and every allegation set forth in paragraph 105 of the Complaint as to Forest, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

106.    Denies each and every allegation set forth in paragraph 106 of the Complaint as to Forest, except admits that Forest knows the WAC and Direct Price of its own products, and the AWP has, at times, been listed on its price lists for its own products. Otherwise, Forest denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

107.    Denies each and every allegation set forth in paragraph 107 of the Complaint as to Forest, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

108.    Denies each and every allegation set forth in paragraph 108 of the Complaint as to Forest, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

109.    Denies each and every allegation set forth in paragraph 109 of the Complaint as to Forest, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

110.    Denies each and every allegation set forth in paragraph 110 of the Complaint as to Forest, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

111.    Denies each and every allegation set forth in paragraph 111 of the Complaint as to Forest, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

112.    Denies each and every allegation set forth in paragraph 112 of the Complaint, except admits that other plaintiffs have filed complaints alleging similarly meritless and ill-founded claims from which Plaintiff here appears to have largely copied its allegations.

113.    Denies each and every allegation set forth in paragraph 113 of the Complaint as to Forest, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein except admits that Forest is one of the defendants named in *The City of New York v. Abbott Laboratories, Inc.*, 04-CV-06054, originally filed in the United States District Court for the Southern District of New York (August 4, 2004), an action in which the plaintiff has made meritless and ill-founded claims similar to those asserted in this action, and from which Plaintiff here appears to have largely copied its allegations.

114.    Denies each and every allegation set forth in paragraph 114 of the Complaint as to Forest, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

115.    Paragraph 115 of the Complaint appears to contain no allegations as to, or relevant to, any claims against Forest and therefore requires no answer; to the extent Plaintiff purports to make allegations as to Forest, Forest denies each and every allegation set forth in paragraph 115 of the Complaint as to Forest, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

116.    Paragraph 116 of the Complaint appears to contain no allegations as to, or relevant to, any claims against Forest and therefore requires no answer; to the extent Plaintiff purports to make allegations as to Forest, Forest denies each and every allegation set forth in paragraph 115 of the Complaint as to Forest, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

117.    Paragraph 117 of the Complaint appears to contain no allegations as to, or relevant to, any claims against Forest and therefore requires no answer; to the extent Plaintiff purports to make allegations as to Forest, Forest denies each and every allegation set forth in paragraph 117 of the Complaint as to Forest, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

118.    Paragraph 118 of the Complaint appears to contain no allegations as to, or relevant to, any claims against Forest and therefore requires no answer; to the extent Plaintiff purports to make allegations as to Forest, Forest denies each and every allegation set forth in paragraph 118 of the Complaint as to Forest, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

119.    Paragraph 119 of the Complaint appears to contain no allegations as to, or relevant to, any claims against Forest and therefore requires no answer; to the extent Plaintiff purports to make allegations as to Forest, Forest denies each and every allegation set forth in

paragraph 119 of the Complaint as to Forest, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

120.    Paragraph 120 of the Complaint appears to contain no allegations as to, or relevant to, any claims against Forest and therefore requires no answer; to the extent Plaintiff purports to make allegations as to Forest, Forest denies each and every allegation set forth in paragraph 120 of the Complaint as to Forest, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

121.    Paragraph 121 of the Complaint appears to contain no allegations as to, or relevant to, any claims against Forest and therefore requires no answer; to the extent Plaintiff purports to make allegations as to Forest, Forest denies each and every allegation set forth in paragraph 121 of the Complaint as to Forest, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

122.    Paragraph 122 of the Complaint appears to contain no allegations as to, or relevant to, any claims against Forest and therefore requires no answer; to the extent Plaintiff purports to make allegations as to Forest, Forest denies each and every allegation set forth in paragraph 122 of the Complaint as to Forest, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

123.    Paragraph 123 of the Complaint appears to contain no allegations as to, or relevant to, any claims against Forest and therefore requires no answer; to the extent Plaintiff purports to make allegations as to Forest, Forest denies each and every allegation set forth in paragraph 123 of the Complaint as to Forest, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

124.    Denies each and every allegation set forth in paragraph 124 of the Complaint as to Forest, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations therein.

125.    Denies each and every allegation set forth in paragraph 125 of the Complaint as to Forest, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations therein, and affirmatively states that if there were any merit to the claims alleged herein as to Forest, it would neither be impractical nor impossible for the Plaintiff to allege specifically its claims as to Forest, which Plaintiff has entirely failed to do.

126.    Denies each and every allegation set forth in paragraph 126 of the Complaint as to Forest, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

127.    Forest repeats and incorporates by reference its responses to paragraphs 1 through 126 above.

128.    Denies each and every allegation set forth in paragraph 128 of the Complaint as to Forest, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein, except admits that from time to time during the relevant period, Forest provided price lists to third party publications which contained, *inter alia*, "AWPs" and "WACs" for certain of its drugs and affirmatively states that Forest's listed WAC (ex-factory) prices accurately reflected Forest's prices to wholesalers.

129.    Denies each and every allegation set forth in paragraph 129 of the Complaint as to Forest, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations therein.

16

130.    Denies each and every allegation set forth in paragraph 130 of the Complaint as to Forest, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

131.    Forest repeats and incorporates by reference its responses to paragraphs 1 through 130 above.

132.    Denies each and every allegation set forth in paragraph 140 of the Complaint as to Forest, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

133.    Denies each and every allegation set forth in paragraph 141 of the Complaint as to Forest, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations therein.

134.    Denies each and every allegation set forth in paragraph 142 of the Complaint as to Forest, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

135.    Forest repeats and incorporates by reference its responses to paragraphs 1 through 142 above.

136.    Denies each and every allegation set forth in paragraph 144 of the Complaint as to Forest, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

137.    Denies each and every allegation set forth in paragraph 145 of the Complaint as to Forest, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

138.    Denies each and every allegation set forth in paragraph 146 of the Complaint as to Forest, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

139.    Denies each and every allegation set forth in paragraph 147 of the Complaint as to Forest, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

140.    Forest repeats and incorporates by reference its responses to paragraphs 1 through 147 above.

141.    Denies each and every allegation set forth in paragraph 149 of the Complaint as to Forest, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

142.    Denies each and every allegation set forth in paragraph 150 of the Complaint as to Forest, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

143.    Denies each and every allegation set forth in paragraph 151 of the Complaint as to Forest, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

144.    Denies each and every allegation set forth in paragraph 152 of the Complaint as to Forest, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

Forest further denies that plaintiffs are entitled to a judgment or any other relief requested in their section entitled "PRAYER FOR RELIEF" and unnumbered "WHEREFORE" paragraph following paragraph 144 of the Complaint.

## FOREST'S AFFIRMATIVE DEFENSES

By alleging the matters set forth below, Forest does not allege or admit that it has the burden of proof and/or the burden of persuasion with respect to any of these matters or that plaintiff is relieved of its burdens to prove each and every element of its claims and the damages, if any, to which it is entitled. As and for its affirmative defenses, Forest alleges as follows:

### FIRST AFFIRMATIVE DEFENSE

145.    Plaintiff fails to state a claim against Forest upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

146.    Plaintiff has failed to plead fraud with the requisite specificity.

### THIRD AFFIRMATIVE DEFENSE

147.    Plaintiff's claims are barred, in whole or in part, by the political question and separation of powers doctrines.

### FOURTH AFFIRMATIVE DEFENSE

148.    Plaintiff has no standing or capacity to bring some or all of the claims raised in this suit to recover Medicaid expenditures or to seek injunctive relief.

### FIFTH AFFIRMATIVE DEFENSE

149.    Plaintiff has not suffered, and will not suffer, any injury to a legally protected or cognizable interest by reason of the conduct of Forest as alleged in the Complaint.

### SIXTH AFFIRMATIVE DEFENSE

150.    To the extent plaintiff obtains recovery in any other case predicated on the same factual allegations, plaintiff is barred from seeking recovery against Forest based on the Complaint pursuant to the doctrines of res judicata and collateral estoppel, and the prohibition on double recovery for the same injury.

19

## SEVENTH AFFIRMATIVE DEFENSE

151.    Plaintiff's claims are barred, in whole or in part, by the First Amendment to the United States Constitution and the analogous provisions of the Constitution of the State of Alabama.

## EIGHTH AFFIRMATIVE DEFENSE

152.    Plaintiff's claims are barred, in whole or in part, by the filed rate doctrine.

## NINTH AFFIRMATIVE DEFENSE

153.    Plaintiff's claims are barred, in whole or in part, to the extent that plaintiff has released, settled, entered into an accord and satisfaction or otherwise compromised its claims.

## TENTH AFFIRMATIVE DEFENSE

154.    Any and all actions taken by Forest with respect to any of the matters alleged in the Complaint were taken in good faith and in accordance with established industry practice.

## ELEVENTH AFFIRMATIVE DEFENSE

155.    Plaintiff's claims are barred, in whole or in part, because Forest's alleged conduct was reasonable and based on independent, legitimate business and economic justifications.

## TWELFTH AFFIRMATIVE DEFENSE

156.    Any and all of Forest's actions alleged by Plaintiff were lawful, justified, pro-competitive, carried out in furtherance of Forest's legitimate business interests, and constitute *bona fide* business competition.

## THIRTEENTH AFFIRMATIVE DEFENSE

157.    Plaintiff's claims are preempted, in whole or in part, by federal law, including without limitation the Federal Employment Retirement Income and Security Act of 1974, the Federal Medicare Act, and the Federal Medicaid Act, including all amendments to the same and all regulations promulgated thereunder.

20

## FOURTEENTH AFFIRMATIVE DEFENSE

158.    Plaintiff's claims are preempted by the dormant Commerce Clause of the United States Constitution.

## FIFTEENTH AFFIRMATIVE DEFENSE

159.    Plaintiff's claims against Forest are barred because Forest has complied with all applicable regulations of the federal and state governments.

## SIXTEENTH AFFIRMATIVE DEFENSE

160.    Plaintiff's claims against Forest are barred, in whole or in part, by the applicable statutes of limitations and repose, and by the doctrines of laches, estoppel and waiver.

## SEVENTEENTH AFFIRMATIVE DEFENSE

161.    Plaintiff's claims are barred, in whole or in part, because they violate Forest's rights under the Due Process and *Ex Post Facto* clauses of the United States Constitution, as well as the Constitution of the State of Alabama, insofar as plaintiff seeks to impose liability retroactively for conduct that was not actionable at the time it occurred.

## EIGHTEENTH AFFIRMATIVE DEFENSE

162.    Forest's statements or actions were not the proximate cause or cause in fact of any injury to or alleged loss by plaintiff.

## NINETEENTH AFFIRMATIVE DEFENSE

163.    Plaintiff's claims are barred, in whole or in part, because plaintiff has not suffered injury proximately caused by any conduct of Forest and/or has not suffered, and will not suffer, injury of the type that the relevant statutes were designed to prevent.

## TWENTIETH AFFIRMATIVE DEFENSE

164.    To the extent that plaintiff attempts to seek equitable relief against Forest, it is not entitled to such relief because it has an adequate remedy at law.

21

## TWENTY-FIRST AFFIRMATIVE DEFENSE

165.    Plaintiff's claims against Forest for injunctive relief were mooted by the passage of the Medicare Prescription Drug, Improvement and Modernization Act of 2003.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

166.    Plaintiff's claims for injunctive relief against Forest are barred by the doctrines of *in pari delicto* and/or unclean hands.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

167.    Plaintiff's claims against Forest are barred, in whole or in part, due to its failure to join indispensable and necessary parties to this litigation.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

168.    Plaintiff's claims against Forest are barred, in whole or in part, because it has suffered no damages as a result of the matters alleged in the Complaint.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

169.    Plaintiff's claims are barred, in whole or in part, because any injuries sustained by plaintiff were the result of its own conduct or the intervening or superceding conduct of third parties.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

170.    Plaintiff's claims against Forest for damages are barred, in whole or in part: (1) because it failed to mitigate its damages, and its failure to mitigate damages should proportionately reduce the recovery of plaintiff and the allocation of any fault, if any exists, attributable to Forest; (2) because it would be unjustly enriched if allowed to recover any portion of the damages alleged in the Complaint; (3) by the doctrine of consent and/or ratification to the extent that plaintiff has paid for products manufactured, marketed and sold by Forest after the

filing of plaintiff's original Complaint; and (4) because they are speculative and remote and because of the impossibility of ascertaining and allocating of those alleged damages.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

171.    Forest is entitled to a set-off, should any damages be awarded against it, for the entire amount of all damages or settlement amounts recovered by plaintiff, with respect to the same alleged injuries.

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

172.    Plaintiff's claims are barred, in whole or in part, because plaintiff's alleged damages, if any, are too speculative and uncertain.

### TWENTY-NINTH AFFIRMATIVE DEFENSE

173.    Any damages recovered by the plaintiff from Forest must be limited by the applicable statutory ceilings on recoverable damages, including, without limitation, Alabama Code 6-11-21.

### THIRTIETH AFFIRMATIVE DEFENSE

174.    Plaintiff fails to allege facts or a cause of action against Forest sufficient to support a claim for compensatory damages, attorneys' fees and/or legal fees, or any other relief.

### THIRTY-FIRST AFFIRMATIVE DEFENSE

175.    To the extent punitive damages are sought, plaintiff's punitive damages claims against Forest: (1) have no basis in law or fact; (2) are not recoverable because the allegations of the Complaint are legally insufficient to support a claim for punitive damages against Forest; (3) cannot be sustained because the laws regarding the standards for determining liability for and the amount of punitive damages fail to give Forest prior notice of the conduct for which punitive damages may be imposed and the severity of the penalty that may be imposed, and are void for vagueness in violation of Forest's Due Process rights guaranteed by the Fifth and Fourteenth

Amendments to the United States Constitution and the Constitution of the State of Alabama; (4) cannot be sustained because any award of punitive damages exceeding the limits authorized by the laws or other comparable laws would violate Forest's due process and equal protection rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and would be improper under the Constitution, common law and laws of the State of Alabama; (5) cannot be sustained because an award of punitive damages in this case, combined with any prior, contemporaneous, or subsequent judgments against Forest for punitive damages arising from the design, development, manufacture, fabrication, distribution, supply, marketing, sale, or use of Forest's products would constitute impermissible multiple punishments for the same wrong, in violation of Forest's Due Process and Equal Protection rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and would constitute double jeopardy in violation of the Constitution, common law, and statutory laws of the State of Alabama; (6) cannot be sustained because any award of punitive damages without the apportionment of the award separately and severally between or among the alleged joint tortfeasors, as determined by the alleged percentage of the wrong committed by each alleged tortfeasor, would violate Forest's Due Process and Equal Protection rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and would be improper under the Constitution, common law, and public policies of the State of Alabama; and (7) cannot be sustained because any award of punitive damages, which are penal in nature, without according Forest the same protections that are accorded to all criminal defendants, including the protection against unreasonable searches and seizures, the privilege against self-incrimination, and the rights to confront adverse witnesses, a speedy trial, and the effective assistance of counsel, would violate Forest's rights guaranteed by the Fourth, Fifth, and Sixth Amendment as incorporated into the Fourteenth

Amendment to the United States Constitution and would be improper under the Constitution, common law, and public policies of the State of Alabama.

## THIRTY-SECOND AFFIRMATIVE DEFENSE

176. To the extent punitive damages are sought, plaintiff's claims for punitive damages against Forest cannot be sustained because an award of punitive damages by a jury that: (1) is not provided constitutionally adequate standards of sufficient clarity for determining the appropriate imposition of, and the appropriate size of, a punitive damages award; (2) is not adequately instructed on the limits of punitive damages imposed by the applicable principles of deterrence and punishment; (3) is not expressly prohibited from awarding punitive damages, or determining the amount of an award of punitive damages, in whole or in part on the basis of invidiously discriminatory characteristics, including without limitation the residence, wealth, and corporate status of Forest; (4) is permitted to award punitive damages under a standard for determining liability for punitive damages that is vague and arbitrary and does not define with sufficient clarity the conduct or mental state that makes punitive damages permissible; (5) is not properly instructed regarding plaintiff's burden of proof with respect to each and every element of a claim for punitive damages; and (6) is not subject to trial court and appellate judicial review for reasonableness and furtherance of legitimate purposes on the basis of constitutionally adequate and objective standards, would violate Forest's Due Process and Equal Protection rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution, and would be improper under the Constitution, common law, and public policies of the State of Alabama.

## THIRTY-THIRD AFFIRMATIVE DEFENSE

177. To the extent punitive damages are sought, plaintiff's claims for punitive damages against Forest cannot be sustained because an award of punitive damages that is subject to no

predetermined limit, such as a maximum multiple of compensatory damages or a maximum amount of punitive damages that may be imposed, would: (1) violate Forest's due process rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution; (2) violate Forest's right not to be subjected to an excessive award; and (3) be improper under the Constitution, common law, and public policies of the State of Alabama.

### THIRTY-FOURTH AFFIRMATIVE DEFENSE

178.    Forest has made it clear that any AWP reported on its price lists were not intended to be a price charged by Forest for any product to any customer. Accordingly, plaintiff is estopped from claiming to have been defrauded by virtue of any action by Forest.

### THIRTY-FIFTH AFFIRMATIVE DEFENSE

179.    Some or all of the State's claims against Forest arise from the State's failure to follow its federal and state statutory and regulatory obligations to properly establish appropriate reimbursement rates.

### THIRTY-SIXTH AFFIRMATIVE DEFENSE

180.    Plaintiff's unjust enrichment claims are barred, in whole or in part, because Forest did not retain any money belonging to the State as a result of any alleged overpayments as required under Alabama law.

### THIRTY-SEVENTH AFFIRMATIVE DEFENSE

181.    Forest hereby gives notice that it intends to rely upon any other and additional defense that is now or may become available or appear during, or as a result of the discovery proceedings in this action and hereby reserves its right to amend its answer to assert such defense.

## THIRTY-EIGHTH AFFIRMATIVE DEFENSE

182.    Plaintiff's claims against Forest are misjoined with plaintiff's claims against other defendants and must be severed.

## THIRTY-NINTH AFFIRMATIVE DEFENSE

183.    Forest adopts by reference any additional, applicable defense pleaded by any other Defendant in this matter.

WHEREFORE, Defendant Forest Laboratories, Inc. and Defendant Forest Pharmaceuticals, Inc. demand that: (1) the Complaint be in all respects dismissed as to them; (2) they be awarded its costs of defending this action, including their reasonable attorneys' fees; and (3) they be awarded such other and further relief as the Court may deem just and proper.

Dated: January 30, 2006

Respectfully submitted,

DORNBUSH SCHAEFFER STRONGIN & WEINSTEIN, LLP

Peter J. Venaglia, Esq.
Brian Rafferty, Esq.
Attorneys for Forest Laboratories, Inc. and Forest
    Pharmaceuticals, Inc.
747 Third Avenue
New York, New York 10017
Telephone: (212) 759-3300
Facsimile: (212) 753-7673

JOHNSTON, ADAMS, BAILEY, GORDON
   & HARRIS, L.L.C.
William H. Hardie, Esq. (HAR084)
Royal St. Francis Building
104 St. Francis Street
P.O. Box 1988
Mobile, Alabama 36633
Telephone: (251) 432-7682
Facsimile: (251) 432-0712

CERTIFICATE OF SERVICE

I hereby certify that I have on this 30th day of January, 2006, electronically served a true and correct copy of the foregoing pleading on counsel of record by transmission to LNFS, pursuant to Case Management Order No. 2.

_____
Clair Seu