

10450282

Jan 30 2006
2:39PM

IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

|  |  |  |
|---|---|---|
| STATE OF ALABAMA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NUMBER:  CV-2005-219 |
| | ) | |
| ABBOTT LABORATORIES, INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |

### DEFENDANT GENZYME CORPORATION'S ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT

Genzyme Corporation ("Genzyme"), by its undersigned attorneys, answers the Second Amended Complaint of the State of Alabama (the "Plaintiff") as follows:

1.    The allegations set forth in Paragraph 1 state legal conclusions as to which no answer is required.  To the extent an answer is deemed to be required, Genzyme denies the allegations in Paragraph 1.

2.    Genzyme is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in the first sentence of Paragraph 2.  Genzyme denies the allegations set forth in the second sentence of Paragraph 2.  Genzyme is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in sentences 3 through 5 of Paragraph 2.  Finally, Genzyme denies the allegations in the last sentence of Paragraph 2.

3-4.    The allegations set forth in Paragraphs 3 and 4 state legal conclusions as to which no answer is required.  To the extent an answer is deemed to be required, Genzyme denies the allegations in Paragraphs 3 and 4.

1/1415855.1

5.    The allegations set forth in Paragraph 5 state legal conclusions as to which no answer is required. To the extent an answer is deemed to be required, Genzyme denies the allegations in Paragraph 5.

6.    The allegations set forth in Paragraph 6 state legal conclusions as to which no answer is required. To the extent that the allegations in Paragraph 6 refer to statutes or regulations, those sources speak for themselves and are the best evidence of their contents, and any characterizations thereof are denied. To the extent an answer is otherwise deemed to be required, Genzyme denies the allegations in Paragraph 6.

7-45.    The allegations contained in Paragraphs 7 through 45 refer to parties other than Genzyme. Genzyme states that it is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in said Paragraphs. To the extent said Paragraphs are deemed to include allegations against Genzyme, Genzyme denies the allegations.

46.    Answering Paragraph 46, Genzyme admits that it is a Massachusetts Corporation. Answering further, Genzyme states that its principal place of business is located at 500 Kendall Street, Cambridge, MA. 02142. Genzyme further admits that it is engaged in the business of manufacturing, distributing, marketing, and/or selling prescription drugs, some of which are reimbursed by some state Medicaid agencies. The last sentence of paragraph 46 contains legal conclusions to which no response is required. To the extent a further answer is deemed required, Genzyme denies the allegations.

47-93.    The allegations contained in Paragraphs 47 through 93 refer to parties other than Genzyme. Genzyme states that it is without knowledge or information sufficient to form a belief

as to the truth or falsity of the allegations contained in said Paragraphs. To the extent said Paragraphs are deemed to include allegations against Genzyme, Genzyme denies the allegations.

94.    To the extent the allegations set forth in Paragraph 94 state legal conclusions, no answer is required. To the extent the allegations contained in Paragraph 94 refer to parties other than Genzyme, Genzyme states that it is without knowledge or information sufficient to form a belief as to their truth or falsity.   Genzyme otherwise denies the allegations contained in Paragraph 94.

95-97. The allegations set forth in Paragraphs 95 through 97 state legal conclusions as to which no answer is required.  To the extent an answer is deemed to be required, Genzyme denies the allegations in Paragraphs 95 through 97.

98.    Genzyme admits the allegations contained in the first sentence of Paragraph 98. Genzyme states that it is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 98.

99.    To the extent the allegations in Paragraph 99 refer to statutes, regulations, or other documents, those sources speak for themselves and are the best evidence of their contents.

100.    To the extent the allegations in Paragraph 100 refer to statutes, regulations, or other documents, those sources speak for themselves and are the best evidence of their contents, and any characterizations thereof are denied.   To the extent the allegations contained in Paragraph 100 refer to parties other than Genzyme, Genzyme states that it is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained

therein. To the extent the allegations contained in Paragraph 100 are deemed to include allegations against Genzyme, Genzyme denies the allegations.

101.    To the extent the allegations in Paragraph 101 refer to statutes, regulations, or other documents, those sources speak for themselves and are the best evidence of their contents, and any characterizations thereof are denied.

102.    To the extent the allegations in Paragraph 102 refer to statutes, regulations, or other documents, those sources speak for themselves and are the best evidence of their contents, and any characterizations thereof are denied. To the extent the allegations contained in Paragraph 102 refer to parties other than Genzyme, Genzyme states that it is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained therein. Genzyme otherwise denies the allegations contained in Paragraph 102.

103.    The allegations set forth in Paragraph 103 state legal conclusions as to which no answer is required. To the extent the allegations contained in Paragraph 103 refer to parties other than Genzyme, Genzyme states that it is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained therein. To the extent an answer is otherwise deemed to be required, Genzyme denies the allegations in Paragraph 103.

104.    To the extent the allegations contained in Paragraph 104 refer to parties other than Genzyme, Genzyme states that it is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained therein. Genzyme otherwise denies the allegations in paragraph 104.

105-111.    The allegations set forth in Paragraphs 105 through 111 state legal conclusions as to which no answer is required.  To the extent the allegations contained in Paragraphs 105 through 111 refer to parties other than Genzyme, Genzyme states that it is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained therein.  To the extent an answer is otherwise deemed to be required, Genzyme denies the allegations in Paragraphs 105 through 111.

112.    To the extent the allegations contained in Paragraph 112 refer to parties other than Genzyme, Genzyme states that it is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained therein.  Genzyme admits that the State of Mississippi and Erie and Nassau Counties, New York have filed similar suits against Genzyme. Genzyme further avers that it was voluntarily dismissed from actions brought by the City of New York and by 29 New York counties.  Genzyme denies any further allegations in Paragraph 112.

113.    The allegations set forth in Paragraph 113 state legal conclusions as to which no answer is required.  To the extent the allegations in Paragraph 113 refer to other documents, those sources speak for themselves and are the best evidence of their contents, and any characterizations thereof are denied.  To the extent the allegations contained in Paragraph 113 refer to parties other than Genzyme, Genzyme states that it is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained therein.  To the extent an answer is otherwise deemed to be required, Genzyme denies the allegations in Paragraph 113.  Genzyme further avers that it was voluntarily dismissed from the action brought by the City of New York to which Plaintiff refers in Paragraph 113.

114-120.    To the extent the allegations contained in Paragraph 114 through 120 refer to parties other than Genzyme, Genzyme states that it is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained therein. To the extent the allegations contained in Paragraphs 114 through 120 refer to Genzyme, Genzyme denies the allegations.

121-123.    The allegations set forth in Paragraphs 121 through 123 state legal conclusions as to which no answer is required. To the extent the allegations contained in Paragraph 121 through 123 refer to parties other than Genzyme, Genzyme states that it is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained therein. To the extent an answer is otherwise deemed to be required, Genzyme denies the allegations in Paragraphs 121 through 123.

124.    The allegations set forth in Paragraph 124 state legal conclusions as to which no answer is required. To the extent the allegations contained in Paragraph 124 refer to parties other than Genzyme, Genzyme states that it is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained therein. To the extent an answer is otherwise deemed to be required, Genzyme denies the allegations in Paragraphs 124.

125-126.    Genzyme denies the allegations set forth in Paragraph 125 through 126.

127.    Genzyme reasserts and incorporates by reference all preceding paragraphs as though fully set forth herein.

128-130.    The allegations set forth in Paragraphs 128 through 130 state legal conclusions as to which no answer is required. To the extent the allegations contained in

Paragraphs 128 through 130 refer to parties other than Genzyme, Genzyme states that it is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained therein. To the extent an answer is deemed to be required, Genzyme otherwise denies the allegations in Paragraphs 128 through 130.

131.    Genzyme reasserts and incorporates by reference all preceding paragraphs as though fully set forth herein.

132-139.    Plaintiff's Second Amended Complaint lacks Paragraphs 132 through 139. Therefore, no response is required.

140-142.    The allegations set forth in Paragraphs 140 through 142 state legal conclusions as to which no answer is required. To the extent the allegations contained in Paragraphs 140 through 142 refer to parties other than Genzyme, Genzyme states that it is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained therein. To the extent an answer is otherwise deemed to be required, Genzyme denies the allegations in Paragraphs 140 through 142.

143.    Genzyme reasserts and incorporates by reference all preceding paragraphs as though fully set forth herein.

144-147.    The allegations set forth in Paragraphs 144 through 147 state legal conclusions as to which no answer is required. To the extent the allegations contained in Paragraphs 144 through 147 refer to parties other than Genzyme, Genzyme states that it is without knowledge or information sufficient to form a belief as to the truth or falsity of the

allegations contained therein. To the extent an answer is otherwise deemed to be required, Genzyme denies the allegations in Paragraphs 144 through 147.

148.    Genzyme reasserts and incorporates by reference all preceding paragraphs as though fully set forth herein.

149-152.    The allegations set forth in Paragraphs 149 through 152 state legal conclusions as to which no answer is required. To the extent the allegations contained in Paragraphs 149 through 152 refer to parties other than Genzyme, Genzyme states that it is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained therein. To the extent an answer is otherwise deemed to be required, Genzyme denies the allegations in Paragraphs 149 through 152.

Genzyme denies that Plaintiff is entitled to a judgment or to any other relief requested in its section entitled "Prayer for Relief" and unnumbered "Wherefore" Paragraph following Paragraph 152 of the Second Amended Complaint.

## AFFIRMATIVE AND OTHER DEFENSES

Further answering and responding to the allegations of the Plaintiff's Second Amended Complaint, and without assuming the burden of proof of such defenses that it would not otherwise have, Genzyme asserts the following:

### FIRST DEFENSE

153.    No relief against Genzyme is proper and any allegation against Genzyme that is not specifically admitted is hereby denied.

### SECOND DEFENSE

154.    Plaintiff fails to state a claim against Genzyme upon which relief may be granted.

THIRD DEFENSE

155.    Some or all of Plaintiff's claims are barred, in whole or in part, by the political question and separation of powers doctrines.

FOURTH DEFENSE

156.    Plaintiff has no standing or capacity to bring some or all of the claims raised in this suit to recover Medicaid expenditures or to seek injunctive relief.

FIFTH DEFENSE

157.    Plaintiff has not suffered, and will not suffer, any injury to a legally protected or recognizable interest by reason of the conduct of Genzyme as alleged in the Second Amended Complaint.

SIXTH DEFENSE

158.    To the extent Plaintiff obtains recovery in any other case predicated on the same factual allegations, it is barred from seeking recovery against Genzyme based on the Second Amended Complaint pursuant to the doctrines of res judicata and collateral estoppel and the prohibition on double recovery for the same injury.

SEVENTH DEFENSE

159.    Plaintiff's claims are barred, in whole or in part, by the First Amendment to the United States Constitution and the analogous provisions of the Constitution of the State of Alabama.

EIGHTH DEFENSE

160.    Plaintiff's claims are barred, in whole or in part, by the filed rate doctrine.

### NINTH DEFENSE

161.    Plaintiff's claims are barred, in whole or in part, to the extent that Plaintiff has released, settled, entered into an accord and satisfaction or otherwise compromised its claims.

### TENTH DEFENSE

162.    Any and all actions taken by Genzyme with respect to any of the matters alleged in the Second Amended Complaint were taken in good faith and in accordance with established industry practice.

### ELEVENTH DEFENSE

163.    Plaintiff's state law claims are preempted, in whole or in part, by federal law, including without limitation, the Federal Employment Retirement Income and Security Act of 1974, the Federal Medicare Act, and the Federal Medicaid Act, including all amendments to the same and all regulations promulgated thereunder.

### TWELFTH DEFENSE

164.    Plaintiff's claims against Genzyme are preempted by the dormant Commerce Clause of the United States Constitution.

### THIRTEENTH DEFENSE

165.    Plaintiff's claims against Genzyme are barred because Genzyme has complied with all applicable regulations of the federal and state governments.

### FOURTEENTH DEFENSE

166.    Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitation and repose, and by the doctrines of laches, estoppel and waiver.

### FIFTEENTH DEFENSE

167.   Plaintiff's claims are barred, in whole or in part, because they violate Genzyme's rights under the Due Process and Ex Post Facto clauses of the United States Constitution, as well as the Constitution of the State of Alabama, insofar as Plaintiff seeks to impose liability retroactively for conduct that was not actionable at the time it occurred.

### SIXTEENTH DEFENSE

168.   Genzyme's statements or actions were not the proximate cause or cause in fact of any injury or alleged loss.

### SEVENTEENTH DEFENSE

169.   Plaintiff fails to state with particularity facts to support its allegations of fraudulent misrepresentation and fraudulent suppression.

### EIGHTEENTH DEFENSE

170.   Plaintiff's claims against Genzyme are barred, in whole or in part, because Genzyme did not make any false statements to Plaintiff.  As to any statement asserted against Genzyme that Plaintiff alleges to be false or misleading, Genzyme had no reasonable grounds to believe, and did not believe at the time such a statement was made, that the statement was false or misleading.

### NINETEENTH DEFENSE

171.   Plaintiff's claims against Genzyme are barred because Genzyme did not directly or indirectly engage in any conduct in violation of state or federal law.

### TWENTIETH DEFENSE

172.   To the extent that Plaintiff seeks equitable relief against Genzyme, Plaintiff is not entitled to such relief because there is an adequate remedy at law.

### TWENTY-FIRST DEFENSE

173.    Plaintiff's claims against Genzyme for injunctive relief were mooted by the passage of the Medicare Prescription Drug, Improvement and Modernization Act of 2003.

### TWENTY-SECOND DEFENSE

174.    Some or all of Plaintiff's claims for injunctive relief against Genzyme are barred by the doctrines of *in pari delicto* and/or unclean hands.

### TWENTY-THIRD DEFENSE

175.    Plaintiff's claims against Genzyme are barred, in whole or in part, due to its failure to join indispensable parties.

### TWENTY-FOURTH DEFENSE

176.    Plaintiff's claims against Genzyme are barred, in whole or in part, because it suffered no damages as a result of the matters alleged in the Second Amended Complaint.

### TWENTY-FIFTH DEFENSE

177.    Plaintiff's claims are barred, in whole or in part, because any injuries sustained by Plaintiff were the result of its own conduct or the intervening or superseding conduct of third parties.

### TWENTY-SIXTH DEFENSE

178.    Plaintiff's claims are barred, in whole or in part: (1) because Plaintiff failed to mitigate its damages, and the failure to mitigate damages should proportionately reduce the recovery and the allocation of fault, if any exists, attributable to Genzyme; (2) because Plaintiff would be unjustly enriched if allowed to recover any portion of the damages alleged in the Second Amended Complaint; (3) by the doctrine of consent and/or ratification to the extent that Plaintiff has received and paid for medicines manufactured, marketed and sold by Genzyme after

the filing of Plaintiff's original Complaint; and (4) because Plaintiff's claims are speculative and remote and because of the impossibility of ascertaining and allocating those alleged damages.

## TWENTY-SEVENTH DEFENSE

179.    Genzyme is entitled to a set-off – should any damages be awarded against it – for the entire amount of all damages or settlement amounts recovered by Plaintiff, whether a result of *pro tanto* settlements or otherwise, with respect to the same alleged injuries.

## TWENTY-EIGHTH DEFENSE

180.    The applicable statutory ceilings on recoverable damages must limit any damages recovered by Plaintiff from Genzyme.

## TWENTY-NINTH DEFENSE

181.    Plaintiff fails to allege facts or a cause of action against Genzyme sufficient to support a claim for compensatory damages, attorneys' fees and/or legal fees, costs and/or prejudgment interest, or any other relief.

## THIRTIETH DEFENSE

182.    Plaintiff's punitive damages claims against Genzyme: (1) have no basis in law or fact; (2) are not recoverable because the allegations of the Second Amended Complaint are legally insufficient to support a claim for punitive damages against Genzyme; (3) cannot be sustained because laws regarding the standards for determining liability for and the amount of punitive damages fail to give Genzyme prior notice of the conduct for which punitive damages may be imposed and the severity of the penalty that may be imposed and are void for vagueness in violation of Genzyme's due process rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and the Constitution of the State of Alabama; (4) cannot be sustained because any award of punitive damages exceeding the limits authorized

by the laws or other comparable laws would violate Genzyme's due process and equal protection rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and would be improper under the Constitution, common law and applicable state laws of Alabama; (5) cannot be sustained because an award of punitive damages in this case, combined with any prior, contemporaneous, or subsequent judgments against Genzyme for punitive damages arising from the manufacture, distribution, marketing, or sale of Genzyme's medicines, would constitute impermissible multiple punishments for the same wrong in violation of Genzyme's due process and equal protection rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and would constitute double jeopardy in violation of the Constitution, common law and statutory law of Alabama; (6) cannot be sustained because any award of punitive damages without the apportionment of the award separately and severally between or among the alleged joint tortfeasors, as determined by the alleged percentage of the wrong committed by each alleged tortfeasor, would violate Genzyme's due process and equal protection rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and would be improper under the Constitution, common law and public policies of Alabama; and (7) cannot be sustained because any award of punitive damages, which are penal in nature, without according Genzyme the same protections that are accorded to all criminal defendants, including the protection against unreasonable searches and seizures, the privilege against self-incrimination, and the rights to confront adverse witnesses, a speedy trial, and the effective assistance of counsel, would violate Genzyme's rights guaranteed by the Fourth, Fifth, and Sixth Amendments as incorporated into the Fourteenth Amendment to the United States Constitution and would be improper under the Constitution, common law and public policies of Alabama.

## THIRTY-FIRST DEFENSE

183.    Plaintiff's claim for punitive damages against Genzyme cannot be sustained because an award of punitive damages by a jury that: (1) is not provided constitutionally adequate standards of sufficient clarity for determining the appropriate imposition of, and the appropriate size of, a punitive damages award; (2) is not adequately instructed on the limits of punitive damages imposed by the applicable principles of deterrence and punishment; (3) is not expressly prohibited from awarding punitive damages, or determining the amount of an award of punitive damages, in whole or in part, on the basis of invidiously discriminatory characteristics, including without limitation, the residence, wealth, and corporate status of Genzyme; (4) is permitted to award punitive damages under a standard for determining liability for punitive damages that is vague and arbitrary and does not define with sufficient clarity the conduct or mental state that makes punitive damages permissible; (5) is not properly instructed regarding Plaintiff's burden of proof with respect to each and every element of a claim for punitive damages; and (6) is not subject to trial court and appellate judicial review for reasonableness and furtherance of legitimate purposes on the basis of constitutionally adequate and objective standards, would violate Genzyme's Due Process and Equal Protection rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution, and would be improper under the Constitution, common law and public policies of Alabama.

## THIRTY-SECOND DEFENSE

184.    Plaintiff's claim for punitive damages against Genzyme cannot be sustained because an award of punitive damages that is subject to no predetermined limit, such as a maximum multiple of compensatory damages or a maximum amount of punitive damages that may be imposed, would: (1) violate Genzyme's Due Process rights guaranteed by the Fifth and

Fourteenth Amendments to the United States Constitution; (2) violate Genzyme's right not to be subjected to an excessive award; and (3) be improper under the Constitution, common law and public policies of Alabama.

## THIRTY-THIRD DEFENSE

185.    Imposition of punitive damages in this case would violate the Excessive Fines Clause of the Eighth Amendment to the United States Constitution and Article I, Section 15, of the Alabama Constitution.

## THIRTY-FOURTH DEFENSE

186.    Plaintiff's fraud-based claims are barred because Plaintiff knew or should have known for more than a decade before the filing of the complaint that published AWPs do not represent actual averages of the prices at which providers or pharmacies are able to purchase drugs.

## THIRTY-FIFTH DEFENSE

187.    Some or all of Plaintiff's claims against Genzyme arise from Plaintiff's failure to follow its federal and state statutory and regulatory obligation to set reimbursement rates at Estimated Acquisition Cost.

## THIRTY-SIXTH DEFENSE

188.    Plaintiff's unjust enrichment claims are barred, in whole or in part, because Genzyme did not retain any money belonging to the State as a result of any alleged overpayments as required under Alabama law.

## THIRTY-SEVENTH DEFENSE

189.    Plaintiff's claim for equitable relief in the form of a constructive trust or an accounting is without grounds and is barred by equitable principles.

### THIRTY-EIGHTH DEFENSE

190.    Genzyme adopts by reference any additional applicable defense pled by any other Defendant not otherwise pled herein.

### THIRTY-NINTH DEFENSE

191.    Genzyme hereby gives notice that it intends to rely upon any other and additional defense that is now or may become available or appear during, or as a result of the discovery proceedings in this action and hereby reserves its right to amend its answer to assert such defense.

WHEREFORE, Genzyme prays that this Court: (1) Dismiss Plaintiff's Second Amended Complaint with prejudice and enter judgment in favor of Genzyme and against Plaintiff; (2) Award Genzyme its costs and expenses; and (3) Grant such other and further relief for Genzyme as this Court deems just and proper.

Respectfully submitted,

Julia Boaz Cooper
One of the Attorneys for Defendant
Genzyme Corporation

OF COUNSEL
Bradley Arant Rose & White LLP
One Federal Place
1819 Fifth Avenue North
Birmingham, AL 35203-2104
Telephone: (205) 521-8000
Facsimile: (205) 521-8800

Brien T. O'Connor
Eric Christoffersen
Ropes & Gray LLP
One International Place
Boston, MA 02110
Telephone: (617) 951-7000
Facsimile: (617) 951-7050

1/1415855.1

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing upon Plaintiff's counsel by placing a copy in the United States Mail, postage prepaid, and properly addressed to them on this the 30ᵗʰ day of January, 2006. I further certify that, in accordance with an agreement among defense counsel, I have served a copy of the foregoing by electronic mail upon counsel for each of the remaining parties listed below on the same date.

OF COUNSEL

**Abbott Laboratories, Inc.**
Toni Ann Citera
Jones Day
222 East 41st Street
New York, New York  10017-6702

James R. Daly
Jeremy P. Cole
Jones Day
77 West Wacker Drive, Suite 3500
Chicago, Illinois  60601

Betsy Collins
Leah Poynter
Alston & Bird LLP
One Atlantic Center
1201 West Peachtree Street
Atlanta, Georgia  30309-3424

**Alcon Laboratories, Inc.**
Edward S. Sledge, III
Archibald Reeves, IV
McDowell Knight Roedder & Sledge, L.L.C.
63 South Royal Street
Suite 900
Mobile, Alabama  36602

**Allergan, Inc.**
Richard Raskin
Michael Doss
Sidley Austin Brown & Wood
Bank One Plaza
10 South Dearborn Street
Chicago, Illinois  60603

F.M. Haston, III
Bradley Arant Rose & White LLP
One Federal Place
1819 Fifth Avenue North
Birmingham, Alabama 35203

**Alpharma, Inc.**
**PurePac Pharmaceutical Co.**
John R. Fleder
Hyman, Phelps & McNamara, P.C.
700 Thirteenth Street, N.W., Suite 1200
Washington, D.C. 20005

Steven F. Casey
Balch & Bingham LLP
Post Office Box 306
Birmingham, Alabama 35201-0306

**Amgen Inc.**
Joseph H. Young
Steven F. Barley
Hogan & Hartson, LLP
111 S. Calvert Street, Suite 1600
Baltimore, Maryland 21202

Anthony A. Joseph
Johnston Barton Proctor & Powell LLP
2900 AmSouth/Harbert Plaza
1901 Sixth Avenue North
Birmingham, Alabama 35203-2618

**Andrx Corporation**
**Andrx Pharmaceuticals, Inc.**
Robert J. Muldoon, Jr.
James W. Matthews
Katy E. Koski
Sherin Lodgen LLP
101 Federal Street
Boston, MA 02110

James H. Anderson
Beers, Anderson, Jackson, Patty
& Van Heest, P.C.
P.O. Box 1988
Montgomery, AL 36102

**AstraZeneca Pharmaceuticals LP**
**AstraZeneca LP**
D. Scott Wise
Michael Flynn
Kim Harris
Davis Polk & Wardwell
450 Lexington Avenue
New York, New York 10017

Tom Christian
Sharon Stuart
Christian & Small
1800 Financial Center
505 North 20th Street
Birmingham, Alabama 35203

**Aventis Pharmaceuticals Inc.**
Carlos Provencio
Shook Hardy & Bacon L.L.P.
Hamilton Square
600 14th Street, N.W.
Suite 800
Washington, D.C. 20005-2004

Michael Koon
Joseph Matye
Nicola Heskett
Shook Hardy & Bacon L.L.P.
2555 Grand Blvd.
Kansas City, Missouri 64108

Richard H. Gill
Copeland, Franco, Screws & Gill, P.A.
444 South Perry Street
Post Office Box 347
Montgomery, Alabama 36101-0347

**Aventis Behring, LLC**
**ZLB Behring, LLC**
William D. Nussbaum
Jonathan T. Rees
Gregory Petouvis
Hogan & Hartson, LLP
555 Thirteenth Street, NW
Washington, DC 20004

Richard H. Gill
Copeland, Franco, Screws & Gill, P.A.
444 South Perry Street
Post Office Box 347
Montgomery, Alabama  36101-0347

**Barr Laboratories, Inc.**
Karen Walker
Pamela Auerbach
Sean Trende
Kirkland & Ellis LLP
655 Fifteenth Street, N.W., Suite 1200
Washington, DC  20005

Bruce F. Rogers
Bainbridge, Mims, Rogers & Smith LLP
600 Luckie Drive
Post Office Box 530886
Birmingham, Alabama  35253

**Baxter International**
**Baxter Healthcare Corporation**
Merle DeLancey
Tina Reynolds
Jason D. Wallach
Dickstein Shapiro Morin & Oshinsky LLP
2101 L Street, N.W.
Washington, DC  20037-1526

Rushton McClees
Sirote & Permutt, P.C.
2311 Highland Avenue
Birmingham, Alabama 35205

**Bayer Corporation**
**Bayer Pharmaceuticals Corporation**
**Bayer Healthcare, LLC**
Richard Raskin
Michael Doss
Sidley Austin Brown & Wood
Bank One Plaza
10 South Dearborn Street
Chicago, Illinois  60603

F.M. Haston, III
Bradley Arant Rose & WhiteLLP
One Federal Place
1819 Fifth Avenue North
Birmingham, Alabama 35203

**Biovail Pharmaceuticals, Inc.**
F.M. Haston, III
Bradley Arant Rose & White LLP
One Federal Place
1819 Fifth Avenue North
Birmingham, Alabama 35203

**Boehringer Ingelheim Corporation**
**Boehringer Ingelheim Pharmaceuticals**
**Roxane Labs, Inc.**
Paul Coval
Douglas L. Rogers
Darrell A. H. Miller
Vorys Sater Seymour & Pease LLP
52 East Gay Street
Post Office Box 1008
Columbus, Ohio 43216-1008

Sandy Robinson
Cabaniss, Johnston, Gardner, Dumas & O'Neal
Post Office Box 2906
Mobile, Alabama 36652

**Bristol-Myers Squibb Co.**
Lyndon M. Tretter
Steven M. Edwards
James Zucker
Hogan & Hartson L.L.P.
875 Third Avenue
New York, New York 10022

Harlan I. Prater, IV
Lightfoot, Franklin & White, LLC
The Clark Building
400 20th Street North
Birmingham, Alabama 35203-3200

**Dey, L.P.**
Paul F. Doyle
Christopher C. Palermo
Neil Merkl
Kelley Drye & Warren LLP
101 Park Avenue
New York, New York  10178

Joseph W. Letzer
Gary M. London
Burr & Forman LLP
3100 SouthTrust Tower
420 North 20th Street
Birmingham, Alabama 35203

**Genzyme, Inc.**
Brien T. O'Connor
E. Abim Thomas
Ropes & Gray LLP
One International Place
Boston, MA  02110

Julia Boaz Cooper
Bradley, Arant, Rose & White, LLP
One Federal Place
1819 5th Avenue North
Birmingham, Alabama  35203-2104

**Eli Lilly and Company**
William Davis
Mitz, Levin, Cohen, Ferris
Glovsky & Popeo
701 Pennsylvania Avenue, N.W., Suite 900
Washington, DC  20004

Tabor R. Novak, Jr.
Ball, Ball, Matthews & Novak, P.A.
2000 Interstate Park Drive
Suite 204
Montgomery, Alabama  36109

**Endo Pharmaceuticals, Inc.**
Jonathan Stern
Nathan Cortez
David Fauvre
Arnold & Porter
Thurman Arnold Building
555 Twelfth Street, NW
Washington, DC 20004-1206

Lawrence Clark
Robert Eckinger
Michael Wade
Adams & Reese LLP
Concord Center
2100 Third Avenue North
Suite 1100
Birmingham, Alabama 35203

**ETHEX Corporation**
Robert S. Litt
Justin Antonipillai
Michael Rinaldi
Arnold & Porter
Thurman Arnold Building
555 Twelfth Street, NW
Washington, DC 20004-1206

Lawrence Clark
Robert Eckinger
Michael Wade
Adams & Reese LLP
Concord Center
2100 Third Avenue North
Suite 1100
Birmingham, Alabama 35203

**Forest Laboratories, Inc.**
**Forest Pharmaceuticals, Inc.**
Peter Venaglia
Brian Rafferty
Dornbush Schaeffer, Strongin
& Weinstein, LLP
747 Third Avenue
New York, New York 10017

William Hardie
Johnstone Adams
Post Office Box 1988
Mobile, Alabama 36633-1988

**Fujisawa Healthcare, Inc.**
**Fujisawa USA, Inc.**
Kathleen McGuan
Andrew Hurst
Reed Smith LLP
1301 K Street, N.W.
Suite 1100, East Tower
Washington, DC 20005

Richard L. Sharff, Jr.
Bradley, Arant, Rose & White LLP
One Federal Place
1819 Fifth Avenue North
Birmingham, Alabama 35203-2104

**Genzyme Corporation**
Brien T. O'Connor
Eric Christofferson
Ropes & Gray LLP
One International Place
Boston, MA 02110

Julia Boaz Cooper
Bradley, Arant, Rose & White, LLP
One Federal Place
1819 5th Avenue North
Birmingham, Alabama 35203-2104

**Gilead Sciences, Inc.**
Robert S. Litt
Jessica Medina
Rebecca Dubin
Arnold & Porter LLP
Thurman Arnold Building
555 Twelfth Street, NW
Washington, DC 20004-1206

Lawrence Clark
Robert Eckinger
Michael Wade
Adams & Reese LLP
Concord Center
2100 Third Avenue North
Suite 1100
Birmingham, Alabama 35203

**Hoffmann-La Roche Inc.**
Kevin Sullivan
Grace Rodriguez
John Shakow
King & Spalding LLP
1700 Pennsylvania Avenue, NW
Washington, DC  20006-4706

Edward S. Sledge, III
Archibald T. Reeves, IV
McDowell, Knight, Roedder & Sledge, LLC
Post Office Box 350
Mobile, Alabama  36601

**Immunex Corporation**
David J. Burman
Kathleen M. O'Sullivan
Zoe Philippides
Perkins Coie LLP
1201 Third Avenue, Suite 4800
Seattle, WA  98101-3099

W. Stancil Starnes
Starnes & Atchison LLP
7th Floor
100 Brookwood Place
Post Office Box 598512
Birmingham, AL  35259-8512

**IVAX Corporation**
**IVAX Pharmaceuticals, Inc.**
Bruce Wessel
Irell & Manella LLP
1800 Avenue of the Stars
Suite 900
Los Angeles, California  90067-4276

George W. Walker, III
Copeland, Franco, Screws & Gill, P.A.
Montgomery, AL 36101-0347

**Johnson & Johnson**
**ALZA Corporation**
**Janssen Pharmaceutica Products, L.P.**
**McNeil-PPC, Inc.**
**Ortho Biotech Products, L.P.**
**Ortho-McNeil Pharmaceutical, Inc.**
William F. Cavanaugh
Andrew D. Schau
Erik Haas
Patterson, Belknap, Webb & Tyler LLP
1133 Avenue of the Americas
New York, New York 10036-6710

Robert F. Northcutt
James H. McLemore
Capell & Howard, P.C.
150 South Perry Street [36104]
Post Office Box 2069
Montgomery, Alabama 36102-2069
Telephone: (334) 241-8000
Telecopier: (334) 323-8888

**K-V Pharmaceutical Company**
Robert S. Litt
Justin Antonipillai
Michael Rinaldi
Arnold & Porter
Thurman Arnold Building
555 Twelfth Street, NW
Washington, DC  20004-1206

Lawrence Clark
Robert Eckinger
Michael Wade
Adams & Reese LLP
Concord Center
2100 Third Avenue North
Suite 1100
Birmingham, Alabama 35203

**King Pharmaceuticals, Inc.**
**Monarch Pharmaceuticals, Inc.**
Gary Greenberg
Louis J. Scerra, Jr.
Greenberg Traurig, LLP
One International Place
Boston, MA  02110

Lisa Borden
Baker Donelson Bearman Caldwell & Berkowitz, P.C.
1600 SouthTrust Tower, 420 20th Street
Birmingham, Alabama  35203

Sam Blair
John Starnes
Baker Donelson Bearman Caldwell & Berkowitz, P.C.
165 Madison Avenue
Suite 2000
Memphis, TN 38103

**MedImmune, Inc.**
Steve Umin
James Hayes
Williams & Connolly LLP
725 Twelfth Street, N.W.
Washington, DC  20005-5901

Lee H. Copeland
Copeland, Franco, Screws & Gill, P.A.
Post Office Box 347
Montgomery, Alabama  36101-0347

**Merck & Co., Inc.**
John Townsend
Robert Reznick
Robert Funkhouser
Hughes Hubbard & Reed LLP
1775 I Street N.W.
Washington, DC  20006-2401

Robert C. Brock
Robert Huffaker
Rushton, Stakely, Johnson & Garrett, P.A.
P.O. Box 270
Montgomery, AL  36101-0270

**Mylan Laboratories Inc.**
**Mylan Pharmaceuticals Inc.**
**UDL Laboratories, Inc.**
Gary Greenberg
Louis J. Scerra, Jr.
Greenberg Traurig, LLP
One International Place
Boston, MA 02110

David Long-Daniels
Greenberg Traurig, LLP
3290 Northside Parkway, Suite 400
Atlanta, Georgia 30327

**Novartis Pharmaceuticals Corporation**
Saul Morgenstern
Jane W. Parver
Mark Godler
Kay Scholer LLP
425 Park Avenue
New York, New York 10022-3598

William D. Coleman
James N. Walter, Jr.
Capell & Howard, P.C.
Post Office Box 2069
Montgomery, Alabama 36102-2069

**Novo Nordisk**
Richard Raskin
Michael Doss
Sidley Austin Brown & Wood
Bank One Plaza
10 South Dearborn Street
Chicago, Illinois 60603

F.M. Haston, III
Bradly, Arant Rose & White LLP
One Federal Place
1819 Fifth Avenue North
Birmingham, Alabama 35203

**Organon Pharmaceuticals USA**
William Campos
David Covey
Sedgwick, Detert, Moran & Arnold LLP
125 Broad Street
New York, New York   10004

Edward S. Sledge, III
Archibald T. Reeves, IV
McDowell, Knight, Roedder & Sledge, LLC
Post Office Box 350
Mobile, Alabama  36601

**Par Pharmaceutical, Inc.**
Richard Cooper
Paul K. Dueffert
Thomas J. Roberts
Catherine Levy
Williams & Connolly LLP
725 12th Street, NW
Washington, DC  20005

George W. Walker
Copeland, Franco, Screws & Gill, P.A.
Post Office Box 347
Montgomery, Alabama  36101-0347

**Pfizer Inc.**
**Agouron Pharmaceuticals, Inc.**
**Pharmacia Corporation**
**Pharmacia & Upjohn Company**
**G.D. Searle, LLC**
Scott Stempel
Morgan Lewis & Bockius, LLP
1111 Pennsylvania Avenue, N.W.
Washington, DC  20004

John C. Dodds
Kimberly K. Heuer
Morgan, Lewis & Bockius, LLP
1701 Market Street
Philadelphia, Pennsylvania  19103

Philip H. Butler
George R. Parker
Bradley, Arant, Rose & White LLP
Alabama Center for Commerce Bldg.
401 Adams Avenue, Suite 780
Montgomery, Alabama 36104

**Purdue Pharma, L.P.**
Lori A. Schechter
Morrison & Foerster LLP
425 Market Street
San Francisco, California 94105-2482

Harlan Prater
Lightfoot, Franklin & White, L.L.C.
The Clark Building
400 20th Street North
Birmingham, Alabama 35203-3200

**Roche Laboratories, Inc.**
Kevin Sullivan
Grace Rodriguez
John Shakow
King & Spalding LLP
1700 Pennsylvania Avenue, N.W.
Washington, DC 20006-4706

Edward S. Sledge, III
Archibald T. Reeves, IV
McDowell, Knight, Roedder & Sledge, LLC
Post Office Box 350
Mobile, Alabama 36601

**Sandoz, Inc.**
Wayne Cross
Michael Gallagher
Brendan Woodard
White & Case
1155 Avenue of the Americas
New York, New York 10036-2787

C. Clay Torbert, III
Capell & Howard, P.C.
150 South Perry Street
Montgomery, Alabama 36104

**Sanofi-Synthelabo Inc.**
Kevin Sullivan
Grace Rodriguez
John Shakow
King & Spalding LLP
1700 Pennsylvania Avenue, N.W.
Washington, DC 20006-4706

Richard H. Gill
Copeland, Franco, Screws & Gill, P.A.
Post Office Box 347
Montgomery, Alabama 36101-0347

**Schering-Plough Corporation**
**Warrick Pharmaceuticals Corporation**
Brien T. O'Connor
John T. Montgomery
Ropes & Gray LLP
One International Place
Boston, MA 02110

J. Steven Baughman
Christopher May
Ropes & Gray LLP
One Metro Center
700 12th Street N.W., Suite 900
Washington, D.C. 20005

John A. Henig, Jr.
Copeland, Franco, Screws & Gill, P.A.
P.O. Box 347
Montgomery, AL 36101-0347

**SmithKline Beecham Corporation**
**d/b/a GlaxoSmithKline**
Joseph P. Babington
HELMSING LEACH HERLONG NEWMAN & ROUSE
150 Government St.
Suite 2000
Mobile, Alabama 36602
Telephone: (251) 432-5521
Facsimile: (251) 432-0633

Mark H. Lynch
Geoffrey E. Hobart
Ronald G. Dove, Jr.
COVINGTON & BURLING
1201 Pennsylvania Avenue NW
Washington, D.C. 20004
Telephone: (202) 662-6000
Facsimile: (202) 662-6291

Frederick G. Herold
DECHERT LLP
1117 California Avenue
Palo Alto, CA 94304
Telephone: (650) 813-4930
Facsimile: (650) 813-4848

Thomas H. Lee II
DECHERT LLP
4000 Bell Atlantic Tower
1717 Arch Street
Philadelphia, PA 19103-2793
Telephone: (215) 994-2994
Facsimile: (215) 994-2222

Mark D. Seltzer
HOLLAND & KNIGHT LLP
10 St. James Avenue
Boston, MA 02116
Telephone: (617) 523-2700
Facsimile: (617) 523-6850

Counsel for Defendant SmithKline Beecham
   Corporation dba GlaxoSmithKline

**Takeda Pharmaceuticals North America, Inc.**
Robert Stauffer
Anthony C. Porcelli
Jenner & Block LLP
1 IBM Plaza
Suite 4200
Chicago, Illinois 60611

Joseph C. Espy, III
Melton, Espy & Williams
Post Office Drawer 5130
Montgomery, Alabama 36103

**TAP Pharmaceutical Products, Inc.**
Toni Ann Citera
Jones Day
222 East 41st Street
New York, New York 10017-6702

James R. Daly
Jeremy P. Cole
Jones Day
77 West Wacker Drive, Suite 3500
Chicago, Illinois 60601

Betsy Collins
Leah Poyntner
Alston & Bird LLP
One Atlantic Center
1201 West Peachtree Street
Atlanta, Georgia 30309-3424

**TEVA Pharmaceutical Industries LTD.**
Elizabeth I. Hack
Elizabeth Finberg
Sonnenschein Nath & Rosenthal LLP
1301 K Street, NW
Suite 1600 East Tower
Washington, DC 20005

W. Joseph McCorkle, Jr.
Balch & Bingham, LLP
2 Dexter Avenue
Montgomery, AL 36104

F. Inge Johnstone
Balch & Bingham LLP
1710 6th Avenue North
P.O. Box 306
Birmingham, AL 35201-0306

**Watson Pharmaceuticals, Inc.**
**Watson Laboratories, Inc.**
**Watson Pharma, Inc.**
Douglas B. Farquhar
Hyman, Phelps & McNamara, P.C.
700 Thirteenth Street, N.W., Suite 1200
Washington, DC  20005

Steven F. Casey
Balch & Bingham LLP
Post Office Box 306
Birmingham, Alabama  35201-0306

**Wyeth Pharmaceuticals, Inc.**
**Wyeth, Inc.**
Craig Holden
Kelly Davidson
Ober, Kaler, Grimes & Shriver
120 East Baltimore Street
Baltimore, Maryland  21202-1643

Maibeth J. Porter
Lee E. Bains, Jr.
Maynard, Cooper & Gale, P.C.
2400 AmSouth/Harbert Plaza
1901 Sixth Avenue North
Birmingham, Alabama  35203-2618

Peck Fox
Maynard, Cooper & Gale, P.C.
201 Monroe Street
Suite 1650
Montgomery, Alabama  36104-3720

**State of Alabama**
Troy King, Attorney General
State of Alabama
300 State House
11 South Union Street
Montgomery, Alabama  36130

Roger L. Bates
Hand, Arendall, L.L.C.
1200 Park Place Tower
2001 Park Place North
Birmingham, Alabama 35203

Caine O'Rear III
Windy C. Bitzer
Hand Arendall, L.L.C.
Post Office Box 123
Mobile, Alabama 36601

Jere L. Beasley
W. Daniel Miles, III
Clinton C. Carter
Beasley, Allen Crow, Methvin,
Portis & Miles, PC
P. O. Box 4160
Montgomery, Alabama 36103-4160