

10492406
Feb 3 2006
11:10AM

## IN THE CIRCUIT COURT OF
## MONTGOMERY COUNTY, ALABAMA

|  |  |
|---|---|
| STATE OF ALABAMA, ) | Civil Action No. 05-219 |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| ABBOTT LABORATORIES, INC.; et al. ) | |
| ) | |
| Defendants. ) | |
| ) | |

### ANSWER AND DEFENSES OF DEFENDANTS HOFFMANN-LA ROCHE INC. AND ROCHE LABORATORIES, INC. TO PLAINTIFF'S SECOND AMENDED COMPLAINT

Defendants Hoffmann-La Roche Inc. and Roche Laboratories, Inc. (together, "Roche"),

by and through their attorneys, answer Plaintiff's Second Amended Complaint ("Complaint") as

follows:

### Introduction

Plaintiff's Complaint contains allegations that are vague, ambiguous, conclusory, or

otherwise improper. The Complaint also includes headings that are not part of the numbered

paragraphs and that contain vague, ambiguous, conclusory, or otherwise improper statements to

which Roche is not required to respond and does not respond. Except where Roche expressly

admits an allegation, Roche denies each and every allegation in the Complaint. For instance, to

the extent that "defendants" are grouped together or an allegation relates to other parties, Roche

is unable to respond to these allegations and denies them. Roche also denies all allegations that

contain legal arguments and conclusions of law, since these allegations do not require a response.

## Answers to Numbered Paragraphs

1.      Roche denies the allegations in paragraph 1 to the extent that they are directed at Roche or its products, and denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 1 as to the other parties.

2.      Roche denies the allegations in paragraph 2 to the extent that they are directed at Roche or its products, and denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 2.

3.      Roche admits that Plaintiff purports to bring this action as alleged in paragraph 3, but denies that there exists any basis in fact or law for the institution or maintenance of this action against Roche and denies the allegations in paragraph 3 to the extent that they are directed at Roche or its products. Roche denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 3.

4.      Roche admits that Plaintiff seeks legal and equitable relief as alleged in paragraph 4, but denies that there exists any basis in fact or law for the institution or maintenance of this action against Roche. Roche denies the allegations in paragraph 4 to the extent that they are directed at Roche or its products, and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 4.

5.      Roche denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 5, but admits that Plaintiff purports to bring the claim in such a capacity.

6.      Roche states that paragraph 6 consists of conclusions of law as to which no response is required, and denies that there exists any basis for the institution or maintenance of this action against Roche.

7.      Roche denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 7.

8.      Roche denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 8.

9.      Roche denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 9.

10.     Roche denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 10.

11.     Roche denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 11.

12.     Roche denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 12.

13.     Roche denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 13.

14.     Roche denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 14.

15.     Roche denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 15.

16.     Roche denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 16.

17.     Roche denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 17.

18.     Roche denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 18.

19.     Roche denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 19.

20.     Roche denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 20.

21.     Roche denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 21.

22.     Roche denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 22.

23.     Roche denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 23.

24.     Roche denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 24.

25.     Roche denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 25.

26.     Roche denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 26.

27.     Roche denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 27.

28.     Roche denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 28.

29.     Roche denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 29.

30.     Roche denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 30.

31.     Roche denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 31.

32.     Roche denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 32.

33.     Roche denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 33.

34.     Roche denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 34.

35.     Roche denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 35.

36.    Roche denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 36.

37.    Roche denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 37.

38.    Roche denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 38.

39.    Roche denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 39.

40.    Roche denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 40.

41.    Roche denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 41.

42.    Roche denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 42.

43.    Roche denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 43.

44.    Roche denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 44.

45.    Roche denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 45.

46.     Roche denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 46.

47.     Roche denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 47.

48.     Roche denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 48.

49.     Roche admits that Hoffmann-La Roche Inc. is a New Jersey corporation with its principal place of business at 340 Kingsland Street, Nutley, New Jersey 07110-1199. To the extent that paragraph 49 contains Plaintiff's characterization of Roche's business, Roche denies the allegations.

50.     Roche admits that Roche Laboratories Inc. is a Delaware corporation with its principal place of business at 340 Kingsland Street, Nutley, New Jersey 07110-1199. To the extent that paragraph 50 contains Plaintiff's characterization of Roche's business, Roche denies the allegations.

51.     Roche admits that it manufactures and distributes pharmaceuticals, and admits that certain of its products are listed in Exhibit A. To the extent that paragraph 51 contains Plaintiff's characterization of Roche's business or suggests wrongdoing by Roche, Roche denies the allegations.

52.     Roche denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 52.

53.     Roche denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 53.

54.     Roche denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 54.

55.     Roche denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 55.

56.     Roche denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 56.

57.     Roche denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 57.

58.     Roche denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 58.

59.     Roche denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 59.

60.     Roche denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 60.

61.     Roche denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 61.

62.     Roche denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 62.

63.     Roche denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 63.

64.    Roche denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 64.

65.    Roche denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 65.

66.    Roche denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 66.

67.    Roche denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 67.

68.    Roche denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 68.

69.    Roche denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 69.

70.    Roche denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 70.

71.    Roche denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 71.

72.    Roche denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 72.

73.    Roche denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 73.

74.    Roche denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 74.

75.    Roche denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 75.

76.    Roche denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 76.

77.    Roche denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 77.

78.    Roche denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 78.

79.    Roche denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 79.

80.    Roche denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 80.

81.    Roche denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 81.

82.    Roche denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 82.

83.    Roche denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 83.

84.     Roche denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 84.

85.     Roche denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 85.

86.     Roche denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 86.

87.     Roche denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 87.

88.     Roche denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 88.

89.     Roche denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 89.

90.     Roche denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 90.

91.     Roche denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 91.

92.     Roche denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 92.

93.     Roche denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 93.

94.    Roche denies the allegations in paragraph 94 to the extent that they allege that Roche or its products were involved in a "fraudulent" or a "wanton pricing scheme," and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 94. Paragraph 94 also contains Plaintiff's generalizations and self-serving conclusions to which no answer is required and none is made. To the extent an answer is deemed to be required, the allegations are denied.

95.    Roche admits that Plaintiff purports to invoke jurisdiction in the Circuit Court of Montgomery County, Alabama, but denies that there exists any basis in fact or law for the institution or maintenance of Plaintiff's claims against Roche. To the extent that paragraph 95 contains conclusions of law, no response is required and none is made.

96.    Roche admits that Plaintiff purports to invoke personal jurisdiction in this Court over Roche, but denies that there exists any basis in fact or law for the institution or maintenance of Plaintiff's claims against Roche. To the extent that paragraph 96 contains conclusions of law, no response is required and none is made.

97.    Roche admits that Plaintiff purports to invoke venue in Montgomery County, Alabama, but denies that Plaintiff has a basis for the institution or maintenance of this action against Roche. To the extent that paragraph 97 contains conclusions of law, no response is required and none is made.

98.    Roche states that paragraph 98 contains conclusions of law as to which no response is required, refers to the contents of the Alabama Medicaid Program for the full contents thereof, and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 98.

99.    Roche states that paragraph 99 contains conclusions of law as to which no response is required, and refers to the contents of the Alabama Medicaid Program for the complete contents thereof. Roche denies knowledge or information sufficient to form a belief as to the actions of Alabama Medicaid.

100.    Roche states that paragraph 100 contains conclusions of law as to which no response is required, and refers to the contents of the Alabama Medicaid Program for the complete contents thereof. Roche denies Plaintiff's characterizations of the price indices referenced in paragraph 100, denies the last sentence in paragraph 100 as to itself, and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 100.

101.    Roche states that paragraph 101 contains conclusions of law as to which no response is required, and refers to the statutes underlying the Medicare program for the complete contents thereof.

102.    Roche denies the last sentence in paragraph 102 to the extent that it purports to allege wrongful action against Roche or is based on Plaintiff's characterization of the Medicaid or Medicare programs. Roche states that paragraph 102 contains conclusions of law as to which no response is required, refers to the statutes underlying the Medicare program for the complete contents thereof, and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 102.

103.    Roche denies the first sentence in paragraph 103 as to itself and denies knowledge or information sufficient to form a belief as to the truth of those allegations as to the other parties. Roche denies knowledge or information sufficient to form a belief as to the truth of the second sentence of paragraph 103.

104.    Roche denies knowledge or information sufficient to form a belief as to the actions of Alabama Medicaid. The allegations in paragraph 104 also include Plaintiff's generalizations and self-serving conclusions to which no answer is required and none is made. To the extent an answer is deemed to be required, the allegations are denied.

105.    Roche denies the allegations in paragraph 105 as to itself, and denies knowledge or information sufficient to form a belief as to the truth of those allegation as to the other parties.

106.    Roche denies the allegations in paragraph 106 as to itself, and denies knowledge or information sufficient to form a belief as to the truth of those allegations as to the other parties. The allegations in paragraph 106 also include Plaintiff's generalizations and self-serving conclusions to which no answer is required and none is made. To the extent an answer is deemed to be required, the allegations are denied.

107.    Roche denies the allegations in paragraph 107 as to itself, and denies knowledge or information sufficient to form a belief as to the truth of these allegations as to the other parties.

108.    Roche denies the allegations in paragraph 108 as to itself and denies knowledge or information sufficient to form a belief as to the truth of these allegations as to the other parties.

109.    Roche denies the allegations in paragraph 109 as to itself, and denies knowledge or information sufficient to form a belief as to the truth of these allegations as to the other parties.

110.    Roche denies the allegations in paragraph 110 as to itself, and denies knowledge or information sufficient to form a belief as to the truth of these allegations as to the other parties.

111.    Roche denies the allegations in paragraph 111 as to itself, and denies knowledge or information sufficient to form a belief as to the truth of these allegations as to the other parties.

112.    Roche denies the allegations in paragraph 112, but admits that certain pharmaceutical companies have been named as defendants in certain actions, and denies Plaintiff's characterization of these actions. The allegations in paragraph 112 also include Plaintiff's generalizations and self-serving conclusions to which no answer is required and none is made. To the extent an answer is deemed to be required, the allegations are denied.

113.    Roche denies the allegations in paragraph 113 as to itself, and denies knowledge or information sufficient to form a belief as to the truth of these allegations as to the other parties. Roche admits that certain pharmaceutical companies have been named in an action filed by New York City, but denies Plaintiff's characterization of this action. The allegations in paragraph 113 also include Plaintiff's generalizations and self-serving conclusions to which no answer is required and none is made. To the extent an answer is deemed to be required, the allegations are denied.

114.    Roche refers to the pleas and settlement agreements referenced in paragraph 114 for the complete contents thereof, denies Plaintiff's characterization of these pleas and agreements, denies the allegations in paragraph 114 to the extent that they imply that Roche participated in any wrongdoing, and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 114. No criminal proceedings have been

15

instituted against Roche. The allegations in paragraph 114 also include Plaintiff's

generalizations and self-serving conclusions to which no answer is required and none is made.

To the extent an answer is deemed to be required, the allegations are denied.

     115.    Roche refers to the agreements referenced in paragraph 115 for the complete

contents thereof, denies Plaintiff's characterization of these agreements, and denies the

allegations in paragraph 115 to the extent that they imply that Roche participated in any

wrongdoing. No criminal proceedings have been instituted against Roche. The allegations in

paragraph 115 also include Plaintiff's generalizations and self-serving conclusions to which no

answer is required and none is made. To the extent an answer is deemed to be required, the

allegations are denied.

     116.    Roche denies the allegations in paragraph 116 to the extent that they purport to

state a claim against Roche. No criminal proceedings have been instituted against Roche.

     117.    Roche denies the allegations in paragraph 117 to the extent that they purport to

state a claim against Roche. No criminal proceedings have been instituted against Roche.

     118.    Roche denies the allegations in paragraph 118 to the extent that they purport to

state a claim against Roche. No criminal proceedings have been instituted against Roche.

     119.    Roche denies the allegations in paragraph 119 to the extent that they purport to

state a claim against Roche. No criminal proceedings have been instituted against Roche.

     120.    Roche denies the allegations in paragraph 120 to the extent that they purport to

state a claim against Roche. No criminal proceedings have been instituted against Roche.

     121.    Roche denies the allegations in paragraph 121 to the extent that they imply that

Roche participated in any wrongdoing, denies that Plaintiff has suffered damages as alleged in

paragraph 121, and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 121.

122.    Roche denies the allegations in paragraph 122 to the extent that they purport to state a claim against Roche, and states that it has not been the subject of any government disciplinary action, plea agreement, injunction, or Corporate Integrity Agreement concerning pharmaceutical pricing.

123. Roche denies the allegations in paragraph 123 to the extent that they purport to state a claim against Roche, and denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 123 as they relate to other manufacturers.

124.    Roche denies the allegations in paragraph 124 to the extent that they imply that Roche participated in any wrongdoing, denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 124 as to Plaintiff or other parties, and denies that Plaintiff has suffered any injury as alleged in paragraph 124. The allegations in paragraph 124 also include Plaintiff's generalizations and self-serving conclusions to which no answer is required and none is made. To the extent an answer is deemed to be required, the allegations are denied.

125.    Roche denies the allegations in paragraph 125 to the extent that they imply that Roche participated in any wrongdoing and denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 125 as to the other parties. The allegations in paragraph 125 also include Plaintiff's generalizations and self-serving conclusions to which no answer is required and none is made. To the extent an answer is deemed to be required, the allegations are denied.

126.    Roche denies the allegations in paragraph 126 as to itself and denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 126 as to the other parties.

127.    Roche repeats and incorporates as if fully set forth herein each and every response to the allegations in paragraphs 1 though 126.

128.    Roche denies the allegations in paragraph 128 as to itself, denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 128 as to the other parties, denies that Plaintiff has suffered damages or injuries as alleged in paragraph 128, and states that paragraph 128 contains conclusions of law as to which no response is required.

129.    Roche denies the allegations in paragraph 129 as to itself and denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 129 as to the other parties.

130.    Roche denies the allegations in paragraph 130 as to itself, and denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 130 as to the other parties.

131.    Roche repeats and incorporates as if fully set forth herein its responses to paragraphs 1 through 130.

140. [sic]    Roche denies the allegations in paragraph 140 as to itself, denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 140 as to the other parties, and denies that Plaintiff has suffered damages or injuries as alleged in paragraph 140.

141. [sic]    Roche denies the allegations in paragraph 141 as to itself and denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 141 as to the other parties.

142. [sic]    Roche denies the allegations in paragraph 142 as to itself, and denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 142 as to the other parties.

143. [sic]    Roche repeats and incorporates as if fully set forth herein each and every response to the allegations in paragraphs 1 though 142.

144. [sic]    Roche denies the allegations in paragraph 144 as to itself and denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 144 as to the other parties.

145. [sic]    Roche denies the allegations in paragraph 145 as to itself, denies the allegations in paragraph 145 as to the other parties, and denies that Plaintiff suffered damages or injuries as alleged in paragraph 145.

146. [sic]    Roche denies the allegations in paragraph 146 as to itself, and denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 146 as to the other parties.

147. [sic]    Roche denies the allegations in paragraph 147 as to itself, and denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 147 as to the other parties.

148. [sic]    Roche repeats and incorporates as if fully set forth herein each and every response to the allegations in paragraphs 1 though 147.

149. [sic]    Roche denies the allegations in paragraph 149 as to itself, and denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 149 as to the other parties.

150. [sic]    Roche denies the allegations in paragraph 150 as to itself, and denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 150 as to the other parties.

151. [sic]    Roche denies the allegations in paragraph 151 as to itself, and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 151.

152. [sic]    Roche denies that Plaintiff is entitled to any relief as alleged in paragraph 152, denies the allegations in paragraph 152 as to itself, and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 152.

Roche denies that Plaintiff is entitled to any relief, or to a jury trial, as requested in the unnumbered paragraphs following paragraph 152 [sic].

## **Affirmative Defenses**

Without assuming any burden of proof that it would not otherwise bear, Roche asserts the following:

## **First Defense**

No relief against Roche is proper and any allegation against Roche that is not specifically admitted is denied.

### Second Defense

Plaintiff has not suffered, and will not suffer, any injury to a legally protected or cognizable interest by reason of the conduct of Roche as alleged in the Complaint.

### Third Defense

Any and all actions taken by Roche with respect to any of the matters alleged in the Complaint were taken in good faith and in accordance with established industry practice.

### Fourth Defense

Plaintiff's claims against Roche are barred, in whole or in part, by the filed rate doctrine.

### Fifth Defense

Plaintiff's claims against Roche are barred, in whole or in part, by the applicable statutes of limitation and repose, and by the doctrines of laches, estoppel, and waiver.

### Sixth Defense

Roche's statements or actions were not the proximate cause or cause in fact of any injury to or alleged loss by Plaintiff.

### Seventh Defense

To the extent that Plaintiff attempts to seek equitable relief against Roche, such claims are barred to the extent that Plaintiff has an adequate remedy at law, and because any claims for injunctive relief are barred by the doctrines of *in pari delicto* and unclean hands.

### Eighth Defense

Plaintiff's claims are barred, in whole or in part, by the First Amendment to the United States Constitution to the extent that Plaintiff's claims are premised, in whole or in part, on

alleged statements or conduct in judicial, legislative, or administrative proceedings of any kind or at any level of government.

### Ninth Defense

Plaintiff's claims are barred, in whole or in part, to the extent that Plaintiff has released, settled, entered into an accord and satisfaction, or otherwise compromised its claims.

### Tenth Defense

Plaintiff's claims should be dismissed because Plaintiff lacks standing to bring claims against Roche in that Plaintiff's alleged injuries are speculative and not fairly traceable to any conduct allegedly undertaken by Roche.

### Eleventh Defense

Plaintiff's claims are barred, in whole or in part, because Plaintiff failed to mitigate its damages, and its failure to mitigate damages should proportionately reduce its recovery and the allocation of any fault, if any exists, attributable to Roche.

### Twelfth Defense

Plaintiff's claims are barred, in whole or in part, by the political question and separation of powers doctrines.

### Thirteenth Defense

To the extent that Plaintiff purports to assert claims arising under state law, those claims are precluded and preempted by applicable federal law, including without limitation the federal Medicare Act, the federal Medicaid Act, the federal Employment Retirement Income and Security Act, and the dormant Commerce Clause of the United States.

### Fourteenth Defense

Plaintiff's claims are barred, in whole or in part, due to its failure to join indispensable parties.

### Fifteenth Defense

Plaintiff's claims are barred, in whole or in part, because it would be unjustly enriched if allowed to recover any portion of the damages alleged in the Complaint.

### Sixteenth Defense

Plaintiff's claims are barred, in whole or in part, by the doctrine of consent and/or ratification to the extent that Plaintiff has received and paid for medicines manufactured, marketed, or sold by Roche after the filing of Plaintiff's Complaint.

### Seventeenth Defense

Plaintiff's claims are barred, in whole or in part, because they are speculative and remote, and because it is impossible to ascertain and allocate their alleged damages.

### Eighteenth Defense

Plaintiff's claims are barred, in whole or in part, because they violate Roche's rights under the Due Process and Ex Post Facto clauses of the United States Constitution, as well as all applicable provisions of the Alabama Constitution, insofar as Plaintiff seeks to impose liability retroactively for conduct that was not actionable at the time it occurred.

### Nineteenth Defense

Plaintiff's claims against Roche are barred, in whole or in part, because Plaintiff has suffered no damages as a result of the matters alleged in the Complaint.

### Twentieth Defense

Any damages recovered by Plaintiff from Roche must be limited by any applicable statutory ceilings on recoverable damages, including, without limitation, Alabama Code 6-11-21.

### Twenty-First Defense

Plaintiff fails to state a claim against Roche upon which relief may be granted.

### Twenty-Second Defense

Plaintiff has no standing or capacity to bring the claims raised in this suit to recover Medicaid expenditures or to seek injunctive relief.

### Twenty-Third Defense

To the extent that Plaintiff obtains recovery in any other case predicated on the same factual allegations, Plaintiff is barred from seeking recovery against Roche based on this Complaint pursuant to the doctrines of res judicata and collateral estoppel, and the prohibition on double recovery for the same injury.

### Twenty-Fourth Defense

Plaintiff's claims against Roche for injunctive relief were mooted by the passage of the Medicare Prescription Drug, Improvement, and Modernization Act of 2003.

### Twenty-Fifth Defense

Plaintiff's claims against Roche are barred, in whole or in part, because any injuries Plaintiff sustained were the result of Plaintiff's own conduct or the intervening or superseding conduct of third parties.

### Twenty-Sixth Defense

Plaintiff fails to allege facts or a cause of action against Roche sufficient to support Plaintiff's claims for compensatory damages, attorney fees, or any other relief.

### Twenty-Seventh Defense

Some or all of Plaintiff's claims against Roche arise from Plaintiff's failure to follow its federal and state statutory and regulatory obligation to properly establish appropriate reimbursement rates.

### Twenty-Eighth Defense

To the extent that Plaintiff seeks punitive damages against Roche, such claims (a) have no basis in law or fact; (b) are invalid because the allegations against Roche in the Complaint are legally insufficient to support a claim for punitive damages against Roche; (c) cannot be sustained because the laws regarding the standards for determining liability for and amount of punitive damages fail to give Roche prior notice of the conduct for which punitive damages may be imposed and the severity of the penalty that may be imposed, and are therefore void for vagueness in violation of Roche's Due Process rights under the Fifth and Fourteenth Amendments to the United States Constitution and the Constitution of the State of Alabama; (d) cannot be sustained because any award of punitive damages exceeding the limits authorized by the laws of the State of Alabama or other comparable laws would violate Roche's due process and equal protection rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and would be improper under the Constitution, common law and laws of the State of Alabama; (e) cannot be sustained because an award of punitive damages in this case, combined with any prior, contemporaneous, or subsequent judgments against Roche for punitive

damages arising from the design, development, manufacture, fabrication, distribution, supply,

marketing, sale, or use of Roche's products would constitute impermissible multiple

punishments for the same wrong, in violation of Roche's due process and equal protection rights

guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and would

constitute double jeopardy in violation of the Constitution, common law, and statutory laws of

the State of Alabama; (f) cannot be sustained because any award of punitive damages without the

apportionment of the award separately and severally between or among the alleged joint

tortfeasors, as determined by the alleged percentage of the wrong committed by each alleged

tortfeasor, would violate Roche's due process and equal protection rights guaranteed by the Fifth

and Fourteenth Amendments to the United States Constitution and would be improper under the

Constitution, common law, and public policies of the State of Alabama; and (g) are invalid

because the imposition of punitive damages, which are penal in nature, against Roche without

according Roche the protections granted to all criminal defendants, including the protection

against unreachable searches and seizures, the privilege against self-incrimination, and the rights

to the confrontation of adverse witnesses, a speedy trial, and the effective assistance of counsel,

would violate Roche's rights under the Fourth, Fifth, and Sixth Amendments as incorporated into

the Fourteenth Amendment to the United States Constitution and would be improper under the

Constitution, common law, and public policies of the State of Alabama.

### Twenty-Ninth Defense

To the extent that Plaintiff seeks punitive damages, Plaintiff's claims for punitive

damages against Roche cannot be sustained because an award of punitive damages by a jury that:

(a) is not provided constitutionally adequate standards of sufficient clarity for determining the

appropriate imposition of, and the appropriate size of, a punitive damages award; (b) is not

26

adequately instructed on the limits of punitive damages imposed by the applicable principles of deterrence and punishment; (c) is not expressly prohibited from awarding punitive damages, or determining the amount of an award of punitive damages, in whole or in part on the basis of invidiously discriminatory characteristics, including without limitation the residence, wealth, and corporate status of Roche; (d) is permitted to award punitive damages under a standard for determining liability for punitive damages that is vague and arbitrary and does not define with sufficient clarity the conduct or mental state that makes punitive damages permissible; (e) is not properly instructed regarding Plaintiff's burden of proof with respect to each and every element of a claim for punitive damages; and (f) is not subject to trial court and appellate judicial review for reasonableness and furtherance of legitimate purposes on the basis of constitutionally adequate and objective standards, would violate Roche's due process and equal protection rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution, and would be improper under the Constitution, common law, and public policies of the State of Alabama.

### Thirtieth Defense

To the extent Plaintiff seeks punitive damages, Plaintiff's claims for punitive damages against Roche cannot be sustained because an award of punitive damages that is subject to no predetermined limit, such as a maximum multiple of compensatory damages or a maximum amount of punitive damages that may be imposed, would: (a) violate Roche's due process rights under the Fifth and Fourteenth Amendments to the United States Constitution; (b) violate Roche's right not to be subjected to an excessive award; and (c) be improper under the Constitution, common law, and public policies of the State of Alabama.

### Thirty-First Defense

Plaintiff's claims against Roche are barred because Roche has complied with all applicable regulations of the federal and state governments.

### Thirty-Second Defense

Plaintiff has failed to plead fraud with the requisite particularity.

### Thirty-Third Defense

Plaintiff's claims are barred, in whole or in part, because it lacks standing to sue under the contracts at issue.

### Thirty-Fourth Defense

Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitations.

### Thirty-Fifth Defense

Plaintiff's unjust enrichment claims are barred, in whole or in part, because Roche did not retain any money belonging to the State as a result of any alleged overpayments as required under Alabama law.

### Thirty-Sixth Defense

Plaintiff's claims against Roche are misjoined with plaintiff's claims against other defendants and must be severed.

### Thirty-Seventh Defense

Roche affirmatively states when it references an AWP for one of its products that Roche does not set AWP and that AWP does not represent the price at which Roche sells its products.

Plaintiffs are thus estopped from claiming to have been defrauded through any action undertaken by Roche.

### Thirty-Eighth Defense

Plaintiff fails adequately to allege that Roche enriched itself unjustly.

### Thirty-Ninth Defense

Plaintiff's prayer for damages is improperly overbroad and seeks damages to which Plaintiff is not entitled under Alabama law.

### Fortieth Defense

Plaintiff receives funding from the federal government for a percentage of the prescription drug reimbursements made under the Alabama Medicaid Program. Any of Plaintiff's recovery in this case, if any, should be substantially if not entirely set off by appropriate percentages of those amounts and should also be reduced by any benefits and rebates Plaintiff received from Roche. Plaintiff's claims against Roche are barred, in whole or in part, because Plaintiff would be unjustly enriched if allowed to recover any portion of the damages alleged in the Complaint.

### Forty-First Defense

Plaintiff's claims are barred, in whole or in part, by the doctrines of mistake and mutual mistake.

### Forty-Second Defense

Any or all of Plaintiff's claims are barred because of the lack of privity between Plaintiff and Roche.

### Forty-Third Defense

Any or all of Plaintiff's claims are barred because the statutes upon which Plaintiff relies are vague and ambiguous.

### Forty-Fourth Defense

Plaintiff's fraud and suppression claims against Roche are barred because they are not stated with the particularity required by Alabama Rule of Civil Procedure 9(b).

### Forty-Fifth Defense

Plaintiff's claims are barred, in whole or in part, because Plaintiff designed and approved the AWP-based reimbursement system to serve its own purposes.

### Forty-Sixth Defense

Roche adopts by reference any additional applicable defense pled by any other defendant and not otherwise pled herein.

### Forty-Seventh Defense

Roche hereby gives notice that it intends to rely upon any other additional defense that is now or may become available or appear during or as a result of the discovery proceedings in this action and hereby reserves its right to amend its answer to assert such defense.

February 3, 2006

ARCHIBALD T. REEVES, IV                (REE029)
EDWARD S. SLEDGE, III                  (SLE003)
**Attorneys for Defendants**
**Hoffmann-La Roche Inc. and**
**Roche Laboratories, Inc.**

Of Counsel:

McDOWELL KNIGHT ROEDDER
    & SLEDGE, L.L.C.
Suite 900, Riverview Plaza
63 South Royal (36602)
Post Office Box 350
Mobile, AL 36601
Phone: 251-432-5300
Fax: 251-432-5303

**CERTIFICATE OF SERVICE**

    I hereby certify that I have on **February 3, 2006,** electronically served a true and correct copy of the foregoing pleading on counsel of record by transmission to LNFS pursuant to Case Management Order No. 2.