

10450314

Jan 30 2006
2:24PM

# IN THE CIRCUIT COURT OF
# MONTGOMERY COUNTY, ALABAMA

STATE OF ALABAMA,        )
                          )

      **Plaintiff,**        )
                          )

      **v.**                    )   **CV 2005-219**
                          )

**ABBOTT LABORATORIES, INC, et al.,**   )
                          )

      **Defendants.**     )

## ANSWER AND AFFIRMATIVE DEFENSES OF
## DEFENDANT IMMUNEX CORPORATION

Defendant IMMUNEX CORPORATION ("Immunex") answers the Second Amended Complaint ("Complaint") as follows:

1.     Immunex denies the allegations in paragraph 1 of the Complaint to the extent they refer to Immunex. Immunex denies knowledge or information sufficient to admit or deny the allegations in paragraph 1 of the Complaint to the extent that they refer to defendants other than Immunex.

2.     Immunex denies the existence of "Defendants' fraudulent pricing scheme," or that it has been involved in any such scheme. Immunex denies knowledge or information sufficient to admit or deny the remaining allegations in paragraph 2 of the Complaint.

3.     Immunex admits that the State of Alabama purports to bring this action. Immunex denies that there is any basis for the State to do so, denies the existence of any "drug pricing scheme," denies that Immunex is or has been involved in any such scheme, and denies that Immunex has obtained any profits as a result of any such scheme. Immunex denies knowledge or information sufficient to admit or deny the remaining allegations in paragraph 3 of the Complaint.

4.      Immunex admits that the State of Alabama purports to seek legal and equitable redress, but denies there is any basis for it to do so.  Immunex denies the remaining allegations in paragraph 4 of the Complaint.

## PARTIES

5.      Immunex admits that the State of Alabama purports to bring this action in its capacity as sovereign and on behalf of the Alabama Medicaid Agency, but denies that there is any basis for it to do so.

6.      Immunex respectfully refers the Court to Alabama Code § 36-15-12 for a full reading of its provisions.  Immunex denies knowledge or information sufficient to admit or deny the remaining allegations in paragraph 6 of the Complaint.

7.      Immunex states that there are no allegations in paragraph 7 of the Complaint that are directed at Immunex, and it denies knowledge or information sufficient to admit or deny the allegations in paragraph 7 of the Complaint.

8.      Immunex states that there are no allegations in paragraph 8 of the Complaint that are directed at Immunex, and it denies knowledge or information sufficient to admit or deny the allegations in paragraph 8 of the Complaint.

9.      Immunex states that there are no allegations in paragraph 9 of the Complaint that are directed at Immunex, and it denies knowledge or information sufficient to admit or deny the allegations in paragraph 9 of the Complaint.

10.      Immunex states that there are no allegations in paragraph 10 of the Complaint that are directed at Immunex, and it denies knowledge or information sufficient to admit or deny the allegations in paragraph 10 of the Complaint.

11.     Immunex states that there are no allegations in paragraph 11 of the Complaint that are directed at Immunex, and it denies knowledge or information sufficient to admit or deny the allegations in paragraph 11 of the Complaint.

12.     Immunex states that there are no allegations in paragraph 12 of the Complaint that are directed at Immunex, and it denies knowledge or information sufficient to admit or deny the allegations in paragraph 12 of the Complaint.

13.     Immunex states that there are no allegations in paragraph 13 of the Complaint that are directed at Immunex, and it denies knowledge or information sufficient to admit or deny the allegations in paragraph 13 of the Complaint.

14.     Immunex admits that it became a wholly-owned subsidiary of Amgen Inc. ("Amgen") in July 2002 and that its principal place of business as of the date of the service of its Answer was Seattle, Washington. Immunex denies the remaining allegations in paragraph 14 of the Complaint.

15.     Paragraph 15 of the Complaint improperly lumps defendants Immunex and Amgen together as "Amgen Defendants," even though they are separate corporations and are sued as separate defendants. To the extent that the allegations in paragraph 15 refer to Immunex, Immunex answers that it admits that, in the past, it manufactured, distributed, marketed, and sold pharmaceuticals. As to the drugs listed on Exhibit A to the Complaint under the category Amgen "Defendant Group," Immunex admits that it previously marketed and sold the following pharmaceuticals: Enbrel, Hydrea, leucovorin calcium, Leukine, methotrexate sodium, and Novantrone. Immunex acquired the rights to market and sell Hydrea pursuant to a strategic alliance agreement with Bristol Myers Squibb ("BMS"), which BMS terminated in December 1993. In June 2001, Immunex sold the rights to sell and market leucovorin calcium and

methotrexate sodium to Xanodyne Pharmacal, Inc. As a result of the July 2002 merger, Amgen

acquired the rights to market and sell Enbrel. Also in July 2002, shortly after the merger with

Amgen, Immunex closed on an agreement to sell all assets relating to Leukine to Schering AG

Germany, whose U.S. subsidiary is Berlex Laboratories. In November 2002, Immunex entered

into a License and Commercialization Agreement with Ares Trading, S.A., on behalf of its

subsidiary Serono S.A., pursuant to which Immunex licensed the rights to market and sell

Novantrone. Accordingly, Immunex denies that it is currently engaged in the business of

distributing, marketing or selling those prescription drugs. Immunex denies the remaining

allegations in paragraph 15 of the Complaint to the extent that they refer to Immunex. Immunex

denies knowledge or information sufficient to admit or deny the allegations in paragraph 15 of

the Complaint to the extent that they refer to defendants other than Immunex.

16.    Immunex states that there are no allegations in paragraph 16 of the Complaint that

are directed at Immunex, and it denies knowledge or information sufficient to admit or deny the

allegations in paragraph 16 of the Complaint.

17.    Immunex states that there are no allegations in paragraph 17 of the Complaint that

are directed at Immunex, and it denies knowledge or information sufficient to admit or deny the

allegations in paragraph 17 of the Complaint.

18.    Immunex states that there are no allegations in paragraph 18 of the Complaint that

are directed at Immunex, and it denies knowledge or information sufficient to admit or deny the

allegations in paragraph 18 of the Complaint.

19.    Immunex states that there are no allegations in paragraph 19 of the Complaint that

are directed at Immunex, and it denies knowledge or information sufficient to admit or deny the

allegations in paragraph 19 of the Complaint.

20.     Immunex states that there are no allegations in paragraph 20 of the Complaint that are directed at Immunex, and it denies knowledge or information sufficient to admit or deny the allegations in paragraph 20 of the Complaint.

21.     Immunex states that there are no allegations in paragraph 21 of the Complaint that are directed at Immunex, and it denies knowledge or information sufficient to admit or deny the allegations in paragraph 21 of the Complaint.

22.     Immunex states that there are no allegations in paragraph 22 of the Complaint that are directed at Immunex, and it denies knowledge or information sufficient to admit or deny the allegations in paragraph 22 of the Complaint.

23.     Immunex states that there are no allegations in paragraph 23 of the Complaint that are directed at Immunex, and it denies knowledge or information sufficient to admit or deny the allegations in paragraph 23 of the Complaint.

24.     Immunex states that there are no allegations in paragraph 24 of the Complaint that are directed at Immunex, and it denies knowledge or information sufficient to admit or deny the allegations in paragraph 24 of the Complaint.

25.     Immunex states that there are no allegations in paragraph 25 of the Complaint that are directed at Immunex, and it denies knowledge or information sufficient to admit or deny the allegations in paragraph 25 of the Complaint.

26.     Immunex states that there are no allegations in paragraph 26 of the Complaint that are directed at Immunex, and it denies knowledge or information sufficient to admit or deny the allegations in paragraph 26 of the Complaint.

27.    Immunex states that there are no allegations in paragraph 27 of the Complaint that are directed at Immunex, and it denies knowledge or information sufficient to admit or deny the allegations in paragraph 27 of the Complaint.

28.    Immunex states that there are no allegations in paragraph 28 of the Complaint that are directed at Immunex, and it denies knowledge or information sufficient to admit or deny the allegations in paragraph 28 of the Complaint.

29.    Immunex states that there are no allegations in paragraph 29 of the Complaint that are directed at Immunex, and it denies knowledge or information sufficient to admit or deny the allegations in paragraph 29 of the Complaint.

30.    Immunex states that there are no allegations in paragraph 30 of the Complaint that are directed at Immunex, and it denies knowledge or information sufficient to admit or deny the allegations in paragraph 30 of the Complaint.

31.    Immunex states that there are no allegations in paragraph 31 of the Complaint that are directed at Immunex, and it denies knowledge or information sufficient to admit or deny the allegations in paragraph 31 of the Complaint.

32.    Immunex states that there are no allegations in paragraph 32 of the Complaint that are directed at Immunex, and it denies knowledge or information sufficient to admit or deny the allegations in paragraph 32 of the Complaint.

33.    Immunex states that there are no allegations in paragraph 33 of the Complaint that are directed at Immunex, and it denies knowledge or information sufficient to admit or deny the allegations in paragraph 33 of the Complaint.

34.    Immunex states that there are no allegations in paragraph 34 of the Complaint that are directed at Immunex, and it denies knowledge or information sufficient to admit or deny the allegations in paragraph 34 of the Complaint.

35.    Immunex states that there are no allegations in paragraph 35 of the Complaint that are directed at Immunex, and it denies knowledge or information sufficient to admit or deny the allegations in paragraph 35 of the Complaint.

36.    Immunex states that there are no allegations in paragraph 36 of the Complaint that are directed at Immunex, and it denies knowledge or information sufficient to admit or deny the allegations in paragraph 36 of the Complaint.

37.    Immunex states that there are no allegations in paragraph 37 of the Complaint that are directed at Immunex, and it denies knowledge or information sufficient to admit or deny the allegations in paragraph 37 of the Complaint.

38.    Immunex states that there are no allegations in paragraph 38 of the Complaint that are directed at Immunex, and it denies knowledge or information sufficient to admit or deny the allegations in paragraph 38 of the Complaint.

39.    Immunex states that there are no allegations in paragraph 39 of the Complaint that are directed at Immunex, and it denies knowledge or information sufficient to admit or deny the allegations in paragraph 39 of the Complaint.

40.    Immunex states that there are no allegations in paragraph 40 of the Complaint that are directed at Immunex, and it denies knowledge or information sufficient to admit or deny the allegations in paragraph 40 of the Complaint.

41.    Immunex states that there are no allegations in paragraph 41 of the Complaint that are directed at Immunex, and it denies knowledge or information sufficient to admit or deny the allegations in paragraph 41 of the Complaint.

42.    Immunex states that there are no allegations in paragraph 42 of the Complaint that are directed at Immunex, and it denies knowledge or information sufficient to admit or deny the allegations in paragraph 42 of the Complaint.

43.    Immunex states that there are no allegations in paragraph 43 of the Complaint that are directed at Immunex, and it denies knowledge or information sufficient to admit or deny the allegations in paragraph 43 of the Complaint.

44.    Immunex states that there are no allegations in paragraph 44 of the Complaint that are directed at Immunex, and it denies knowledge or information sufficient to admit or deny the allegations in paragraph 44 of the Complaint.

45.    Immunex states that there are no allegations in paragraph 45 of the Complaint that are directed at Immunex, and it denies knowledge or information sufficient to admit or deny the allegations in paragraph 45 of the Complaint.

46.    Immunex states that there are no allegations in paragraph 46 of the Complaint that are directed at Immunex, and it denies knowledge or information sufficient to admit or deny the allegations in paragraph 46 of the Complaint.

47.    Immunex states that there are no allegations in paragraph 47 of the Complaint that are directed at Immunex, and it denies knowledge or information sufficient to admit or deny the allegations in paragraph 47 of the Complaint.

48.     Immunex states that there are no allegations in paragraph 48 of the Complaint that are directed at Immunex, and it denies knowledge or information sufficient to admit or deny the allegations in paragraph 48 of the Complaint.

49.     Immunex states that there are no allegations in paragraph 49 of the Complaint that are directed at Immunex, and it denies knowledge or information sufficient to admit or deny the allegations in paragraph 49 of the Complaint.

50.     Immunex states that there are no allegations in paragraph 50 of the Complaint that are directed at Immunex, and it denies knowledge or information sufficient to admit or deny the allegations in paragraph 50 of the Complaint.

51.     Immunex states that there are no allegations in paragraph 51 of the Complaint that are directed at Immunex, and it denies knowledge or information sufficient to admit or deny the allegations in paragraph 51 of the Complaint.

52.     Immunex states that there are no allegations in paragraph 52 of the Complaint that are directed at Immunex, and it denies knowledge or information sufficient to admit or deny the allegations in paragraph 52 of the Complaint.

53.     Immunex states that there are no allegations in paragraph 53 of the Complaint that are directed at Immunex, and it denies knowledge or information sufficient to admit or deny the allegations in paragraph 53 of the Complaint.

54.     Immunex states that there are no allegations in paragraph 54 of the Complaint that are directed at Immunex, and it denies knowledge or information sufficient to admit or deny the allegations in paragraph 54 of the Complaint.

55.    Immunex states that there are no allegations in paragraph 55 of the Complaint that are directed at Immunex, and it denies knowledge or information sufficient to admit or deny the allegations in paragraph 55 of the Complaint.

56.    Immunex states that there are no allegations in paragraph 56 of the Complaint that are directed at Immunex, and it denies knowledge or information sufficient to admit or deny the allegations in paragraph 56 of the Complaint.

57.    Immunex states that there are no allegations in paragraph 57 of the Complaint that are directed at Immunex, and it denies knowledge or information sufficient to admit or deny the allegations in paragraph 57 of the Complaint.

58.    Immunex states that there are no allegations in paragraph 58 of the Complaint that are directed at Immunex, and it denies knowledge or information sufficient to admit or deny the allegations in paragraph 58 of the Complaint.

59.    Immunex states that there are no allegations in paragraph 59 of the Complaint that are directed at Immunex, and it denies knowledge or information sufficient to admit or deny the allegations in paragraph 59 of the Complaint.

60.    Immunex states that there are no allegations in paragraph 60 of the Complaint that are directed at Immunex, and it denies knowledge or information sufficient to admit or deny the allegations in paragraph 60 of the Complaint.

61.    Immunex states that there are no allegations in paragraph 61 of the Complaint that are directed at Immunex, and it denies knowledge or information sufficient to admit or deny the allegations in paragraph 61 of the Complaint.

62.     Immunex states that there are no allegations in paragraph 62 of the Complaint that are directed at Immunex, and it denies knowledge or information sufficient to admit or deny the allegations in paragraph 62 of the Complaint.

63.     Immunex states that there are no allegations in paragraph 63 of the Complaint that are directed at Immunex, and it denies knowledge or information sufficient to admit or deny the allegations in paragraph 63 of the Complaint.

64.     Immunex states that there are no allegations in paragraph 64 of the Complaint that are directed at Immunex, and it denies knowledge or information sufficient to admit or deny the allegations in paragraph 64 of the Complaint.

65.     Immunex states that there are no allegations in paragraph 65 of the Complaint that are directed at Immunex, and it denies knowledge or information sufficient to admit or deny the allegations in paragraph 65 of the Complaint.

66.     Immunex states that there are no allegations in paragraph 66 of the Complaint that are directed at Immunex, and it denies knowledge or information sufficient to admit or deny the allegations in paragraph 66 of the Complaint.

67.     Immunex states that there are no allegations in paragraph 67 of the Complaint that are directed at Immunex, and it denies knowledge or information sufficient to admit or deny the allegations in paragraph 67 of the Complaint.

68.     Immunex states that there are no allegations in paragraph 68 of the Complaint that are directed at Immunex, and it denies knowledge or information sufficient to admit or deny the allegations in paragraph 68 of the Complaint.

69.     Immunex states that there are no allegations in paragraph 69 of the Complaint that are directed at Immunex, and it denies knowledge or information sufficient to admit or deny the allegations in paragraph 69 of the Complaint.

70.     Immunex states that there are no allegations in paragraph 70 of the Complaint that are directed at Immunex, and it denies knowledge or information sufficient to admit or deny the allegations in paragraph 70 of the Complaint.

71.     Immunex states that there are no allegations in paragraph 71 of the Complaint that are directed at Immunex, and it denies knowledge or information sufficient to admit or deny the allegations in paragraph 71 of the Complaint.

72.     Immunex states that there are no allegations in paragraph 72 of the Complaint that are directed at Immunex, and it denies knowledge or information sufficient to admit or deny the allegations in paragraph 72 of the Complaint.

73.     Immunex states that there are no allegations in paragraph 73 of the Complaint that are directed at Immunex, and it denies knowledge or information sufficient to admit or deny the allegations in paragraph 73 of the Complaint.

74.     Immunex states that there are no allegations in paragraph 74 of the Complaint that are directed at Immunex, and it denies knowledge or information sufficient to admit or deny the allegations in paragraph 74 of the Complaint.

75.     Immunex states that there are no allegations in paragraph 75 of the Complaint that are directed at Immunex, and it denies knowledge or information sufficient to admit or deny the allegations in paragraph 75 of the Complaint.

76.     Immunex states that there are no allegations in paragraph 76 of the Complaint that are directed at Immunex, and it denies knowledge or information sufficient to admit or deny the allegations in paragraph 76 of the Complaint.

77.     Immunex states that there are no allegations in paragraph 77 of the Complaint that are directed at Immunex, and it denies knowledge or information sufficient to admit or deny the allegations in paragraph 77 of the Complaint.

78.     Immunex states that there are no allegations in paragraph 78 of the Complaint that are directed at Immunex, and it denies knowledge or information sufficient to admit or deny the allegations in paragraph 78 of the Complaint.

79.     Immunex states that there are no allegations in paragraph 79 of the Complaint that are directed at Immunex, and it denies knowledge or information sufficient to admit or deny the allegations in paragraph 79 of the Complaint.

80.     Immunex states that there are no allegations in paragraph 80 of the Complaint that are directed at Immunex, and it denies knowledge or information sufficient to admit or deny the allegations in paragraph 80 of the Complaint.

81.     Immunex states that there are no allegations in paragraph 81 of the Complaint that are directed at Immunex, and it denies knowledge or information sufficient to admit or deny the allegations in paragraph 81 of the Complaint.

82.     Immunex states that there are no allegations in paragraph 82 of the Complaint that are directed at Immunex, and it denies knowledge or information sufficient to admit or deny the allegations in paragraph 82 of the Complaint.

83.     Immunex states that there are no allegations in paragraph 83 of the Complaint that are directed at Immunex, and it denies knowledge or information sufficient to admit or deny the allegations in paragraph 83 of the Complaint.

84.     Immunex states that there are no allegations in paragraph 84 of the Complaint that are directed at Immunex, and it denies knowledge or information sufficient to admit or deny the allegations in paragraph 84 of the Complaint.

85.     Immunex states that there are no allegations in paragraph 85 of the Complaint that are directed at Immunex, and it denies knowledge or information sufficient to admit or deny the allegations in paragraph 85 of the Complaint.

86.     Immunex states that there are no allegations in paragraph 86 of the Complaint that are directed at Immunex, and it denies knowledge or information sufficient to admit or deny the allegations in paragraph 86 of the Complaint.

87.     Immunex states that there are no allegations in paragraph 87 of the Complaint that are directed at Immunex, and it denies knowledge or information sufficient to admit or deny the allegations in paragraph 87 of the Complaint.

88.     Immunex states that there are no allegations in paragraph 88 of the Complaint that are directed at Immunex, and it denies knowledge or information sufficient to admit or deny the allegations in paragraph 88 of the Complaint.

89.     Immunex states that there are no allegations in paragraph 89 of the Complaint that are directed at Immunex, and it denies knowledge or information sufficient to admit or deny the allegations in paragraph 89 of the Complaint.

90.     Immunex states that there are no allegations in paragraph 90 of the Complaint that are directed at Immunex, and it denies knowledge or information sufficient to admit or deny the allegations in paragraph 90 of the Complaint.

91.     Immunex states that there are no allegations in paragraph 91 of the Complaint that are directed at Immunex, and it denies knowledge or information sufficient to admit or deny the allegations in paragraph 91 of the Complaint.

92.     Immunex states that there are no allegations in paragraph 92 of the Complaint that are directed at Immunex, and it denies knowledge or information sufficient to admit or deny the allegations in paragraph 92 of the Complaint.

93.     Immunex states that there are no allegations in paragraph 93 of the Complaint that are directed at Immunex, and it denies knowledge or information sufficient to admit or deny the allegations in paragraph 93 of the Complaint.

94.     Immunex states that there are no allegations in paragraph 94 of the Complaint that are directed at Immunex, and it denies knowledge or information sufficient to admit or deny the allegations in paragraph 94 of the Complaint.

## JURISDICTION AND VENUE

95.     Immunex denies the allegations in paragraph 95 of the Complaint.

96.     Immunex admits the allegations in paragraph 96 to the extent they refer to Immunex. Immunex denies knowledge or information sufficient to admit or deny the allegations in paragraph 96 of the Complaint to the extent that they refer to defendants other than Immunex.

97.     Immunex admits the allegations in paragraph 97 to the extent they refer to Immunex. Immunex denies knowledge or information sufficient to admit or deny the allegations in paragraph 97 of the Complaint to the extent that they refer to defendants other than Immunex.

## FACTUAL BACKGROUND

98.    Immunex admits that the Alabama Medicaid Program is a state-administered program that receives federal funds and that pays for medical care, including prescription drug benefits, for certain Alabama citizens. Immunex denies that it marketed or sold prescription drugs and denies knowledge or information sufficient to admit or deny the remaining allegations in paragraph 98 of the Complaint.

99.    Immunex denies knowledge or information sufficient to admit or deny the allegations in paragraph 99 of the Complaint.

100.    Immunex admits that pharmaceutical industry compendia periodically publish AWPs for pharmaceuticals sold in this country and that Immunex periodically provided pricing and other information to the compendia. From at least 1996 until Immunex ceased marketing any products, Immunex provided "list prices" – not AWPs, "suggested AWPs," "WAC" or "Direct Price" – to the compendia. Immunex denies the remaining allegations in paragraph 100 to the extent they refer to Immunex. Immunex denies knowledge or information sufficient to admit or deny the allegations in paragraph 100 of the Complaint to the extent that they refer to defendants other than Immunex.

101.    Immunex admits the allegations in paragraph 101 of the Complaint.

102.    The allegations in paragraph 102 of the Complaint purport to recite federal laws or regulations to which no answer is required. To the extent that the allegations in paragraph 102 of the Complaint contain factual allegations, Immunex denies the allegations.

103.    Immunex denies the allegations in paragraph 103 of the Complaint to the extent they refer to Immunex. Immunex denies knowledge or information sufficient to admit or deny

the allegations in paragraph 103 of the Complaint to the extent that they refer to defendants other than Immunex.

104.    Immunex denies knowledge or information sufficient to admit or deny the allegations in paragraph 104 of the Complaint.

105.    Immunex denies the allegations in paragraph 105 of the Complaint to the extent they refer to Immunex. Immunex denies knowledge or information sufficient to admit or deny the allegations in paragraph 105 of the Complaint to the extent that they refer to defendants other than Immunex.

106.    Immunex denies the allegations in paragraph 106 of the Complaint to the extent they refer to Immunex. Immunex denies knowledge or information sufficient to admit or deny the allegations in paragraph 106 of the Complaint to the extent that they refer to defendants other than Immunex.

107.    Immunex denies the allegations in paragraph 107 of the Complaint to the extent they refer to Immunex. Immunex denies knowledge or information sufficient to admit or deny the allegations in paragraph 107 of the Complaint to the extent that they refer to defendants other than Immunex.

108.    Immunex denies the allegations in paragraph 108 of the Complaint to the extent they refer to Immunex. Immunex denies knowledge or information sufficient to admit or deny the allegations in paragraph 108 of the Complaint to the extent that they refer to defendants other than Immunex.

109.    Immunex denies the allegations in paragraph 109 of the Complaint to the extent they refer to Immunex. Immunex denies knowledge or information sufficient to admit or deny

the allegations in paragraph 109 of the Complaint to the extent that they refer to defendants other than Immunex.

110.    Immunex denies the allegations in paragraph 110 of the Complaint to the extent they refer to Immunex. Immunex denies knowledge or information sufficient to admit or deny the allegations in paragraph 110 of the Complaint to the extent that they refer to defendants other than Immunex.

111.    Immunex denies the allegations in paragraph 111 of the Complaint to the extent they refer to Immunex. Immunex denies knowledge or information sufficient to admit or deny the allegations in paragraph 111 of the Complaint to the extent that they refer to defendants other than Immunex.

112.    Immunex admits that other plaintiffs have filed complaints (several filed years ago) alleging similar claims as those asserted by the State of Alabama in the Complaint. Immunex denies the remaining allegations in paragraph 112 of the Complaint.

113.    Immunex admits that it was named as one of the many defendants in the case, *The City of New York v. Abbott Laboratories, Inc.*, 04-CV-06054, filed in the United States District Court for the Southern District of New York. Immunex denies the remaining allegations in paragraph 113 of the Complaint to the extent they refer to Immunex. Immunex denies knowledge or information sufficient to admit or deny the allegations in paragraph 113 of the Complaint to the extent that they refer to defendants other than Immunex.

114.    Immunex states that there are no allegations in paragraph 114 of the Complaint that are directed to Immunex. Immunex denies knowledge or information sufficient to admit or deny the allegations in paragraph 114 of the Complaint.

115.    Immunex states that there are no allegations in paragraph 115 of the Complaint that are directed at Immunex. Immunex denies knowledge or information sufficient to admit or deny the allegations in paragraph 115 of the Complaint.

116.    Immunex states that there are no allegations in paragraph 116 of the Complaint that are directed at Immunex. Immunex denies knowledge or information sufficient to admit or deny the allegations in paragraph 116 of the Complaint.

117.    Immunex states that there are no allegations in paragraph 117 of the Complaint that are directed at Immunex. Immunex denies knowledge or information sufficient to admit or deny the allegations in paragraph 117 of the Complaint.

118.    Immunex states that there are no allegations in paragraph 118 of the Complaint that are directed at Immunex. Immunex denies knowledge or information sufficient to admit or deny the allegations in paragraph 118 of the Complaint.

119.    Immunex states that there are no allegations in paragraph 119 of the Complaint that are directed at Immunex. Immunex denies knowledge or information sufficient to admit or deny the allegations in paragraph 119 of the Complaint.

120.    Immunex states that there are no allegations in paragraph 120 of the Complaint that are directed at Immunex. Immunex denies knowledge or information sufficient to admit or deny the allegations in paragraph 120 of the Complaint.

121.    Immunex states that there are no allegations in paragraph 121 of the Complaint that are directed at Immunex. Immunex denies knowledge or information sufficient to admit or deny the allegations in paragraph 121 of the Complaint.

122.    Immunex states that it appears there are no allegations in paragraph 122 of the Complaint that are directed at Immunex, and it denies knowledge or information sufficient to

admit or deny the allegations in paragraph 122 of the Complaint. To the extent that Plaintiff purports to make allegations as to Immunex, Immunex denies the allegations in paragraph 122 of the Complaint.

123.    Immunex admits that it formerly marketed and sold the multi-source product, leucovorin calcium and admits that RedBook published AWPs for many products, including leucovorin calcium sold by Immunex and other companies. Immunex affirmatively states that the published AWPs were commonly understood to be a benchmark used throughout the industry and not an average of the prices charged by wholesalers. Immunex further admits that HCFA released a Program Memorandum (Transmittal AB-00-86) dated September 8, 2000, entitled "An Additional Source of Average Wholesale Price Data in Pricing Drugs and Biologicals Covered by the Medicare Program," which stated that the data attached to the Program Memorandum "have come from the United States Department of Justice (DOJ)" and further stated that "we have some concern about access to care related to DOJ's wholesale prices for 14 chemotherapy drugs and 3 clotting factors (Attachment 2), due to other Medicare payment policies associated with the provision of these drugs for the treatment of cancer and hemophilia." Immunex denies the remaining allegations in paragraph 123 of the Complaint to the extent they refer to Immunex. Immunex denies knowledge or information sufficient to admit or deny the allegations in paragraph 123 of the Complaint to the extent that they refer to defendants other than Immunex.

124.    Immunex denies the allegations in paragraph 124 of the Complaint to the extent they refer to Immunex. Immunex denies knowledge or information sufficient to admit or deny the allegations in paragraph 124 of the Complaint to the extent that they refer to defendants other than Immunex.

125.    Immunex denies the allegations in paragraph 125 of the Complaint to the extent they refer to Immunex. Immunex denies knowledge or information sufficient to admit or deny the allegations in paragraph 125 of the Complaint to the extent that they refer to defendants other than Immunex.

126.    Immunex denies the allegations in paragraph 126 of the Complaint to the extent they refer to Immunex. Immunex denies knowledge or information sufficient to admit or deny the allegations in paragraph 126 of the Complaint to the extent that they refer to defendants other than Immunex.

## CLAIMS

## COUNT ONE – FRAUDULENT MISREPRESENTATION

127.    In answering paragraph 127, Immunex repeats and incorporates by reference its responses to paragraphs 1 through 126 of the Complaint.

128.    Immunex admits that pharmaceutical industry compendia periodically publish AWPs for pharmaceuticals sold in this country and that Immunex periodically provided pricing and other information to the compendia. From at least 1996 until Immunex ceased marketing any products, Immunex provided "list prices" – not AWPs, "suggested AWPs," "WAC" or "Direct Price" – to the compendia. Immunex denies the remaining allegations in paragraph 128 to the extent they refer to Immunex. Immunex denies knowledge or information sufficient to admit or deny the allegations in paragraph 128 of the Complaint to the extent that they refer to defendants other than Immunex.

129.    Immunex denies the allegations in paragraph 129 of the Complaint to the extent they refer to Immunex. Immunex denies knowledge or information sufficient to admit or deny

the allegations in paragraph 129 of the Complaint to the extent that they refer to defendants other than Immunex.

130.    Immunex denies the allegations in paragraph 130 of the Complaint to the extent they refer to Immunex. Immunex denies knowledge or information sufficient to admit or deny the allegations in paragraph 130 of the Complaint to the extent that they refer to defendants other than Immunex.

## COUNT TWO – FRAUDULENT SUPPRESSION

131.    In answering paragraph 131, Immunex repeats and incorporates by reference its responses to paragraphs 1 through 130 of the Complaint.

140.    Immunex denies the allegations in paragraph 140 of the Complaint to the extent they refer to Immunex. Immunex denies knowledge or information sufficient to admit or deny the allegations in paragraph 140 of the Complaint to the extent that they refer to defendants other than Immunex.

141.    Immunex denies the allegations in paragraph 141 of the Complaint to the extent they refer to Immunex. Immunex denies knowledge or information sufficient to admit or deny the allegations in paragraph 141 of the Complaint to the extent that they refer to defendants other than Immunex.

142.    Immunex denies the allegations in paragraph 142 of the Complaint to the extent they refer to Immunex. Immunex denies knowledge or information sufficient to admit or deny the allegations in paragraph 142 of the Complaint to the extent that they refer to defendants other than Immunex.

## COUNT THREE - WANTONNESS

143.    In answering paragraph 143, Immunex repeats and incorporates by reference its responses to paragraphs 1 through 142 of the Complaint.

144.    Immunex denies the allegations in paragraph 144 of the Complaint to the extent they refer to Immunex. Immunex denies knowledge or information sufficient to admit or deny the allegations in paragraph 144 of the Complaint to the extent that they refer to defendants other than Immunex.

145.    Immunex denies the allegations in paragraph 145 of the Complaint to the extent they refer to Immunex. Immunex denies knowledge or information sufficient to admit or deny the allegations in paragraph 145 of the Complaint to the extent that they refer to defendants other than Immunex.

146.    Immunex denies the allegations in paragraph 146 of the Complaint to the extent they refer to Immunex. Immunex denies knowledge or information sufficient to admit or deny the allegations in paragraph 146 of the Complaint to the extent that they refer to defendants other than Immunex.

147.    Immunex denies the allegations in paragraph 147 of the Complaint to the extent they refer to Immunex. Immunex denies knowledge or information sufficient to admit or deny the allegations in paragraph 147 of the Complaint to the extent that they refer to defendants other than Immunex.

## COUNT FOUR – UNJUST ENRICHMENT

148.    In answering paragraph 148, Immunex repeats and incorporates by reference its responses to paragraphs 1 through 147 of the Complaint.

149.    Immunex denies the allegations in paragraph 149 of the Complaint to the extent they refer to Immunex. Immunex denies knowledge or information sufficient to admit or deny

the allegations in paragraph 149 of the Complaint to the extent that they refer to defendants other than Immunex.

150.    Immunex denies the allegations in paragraph 150 of the Complaint to the extent they refer to Immunex. Immunex denies knowledge or information sufficient to admit or deny the allegations in paragraph 150 of the Complaint to the extent that they refer to defendants other than Immunex.

151.    Immunex denies the allegations in paragraph 151 of the Complaint to the extent they refer to Immunex. Immunex denies knowledge or information sufficient to admit or deny the allegations in paragraph 151 of the Complaint to the extent that they refer to defendants other than Immunex.

152.    Immunex denies the allegations in paragraph 152 of the Complaint to the extent they refer to Immunex. Immunex denies knowledge or information sufficient to admit or deny the allegations in paragraph 152 of the Complaint to the extent that they refer to defendants other than Immunex.

Each and every allegation in the Complaint not expressly and/or specifically admitted herein is denied. Immunex also expressly denies that Plaintiff is entitled to a judgment or any other relief requested in its section entitled "PRAYER FOR RELIEF" and unnumbered "WHEREFORE" paragraph following paragraph 152 of the Complaint.

## IMMUNEX'S AFFIRMATIVE DEFENSES

Immunex alleges the following, which might be affirmative defenses:

## FIRST DEFENSE

The Complaint fails to state a claim against Immunex upon which relief may be granted.

## SECOND DEFENSE

The Complaint and each of the claims asserted therein, to the extent grounded in fraud, fail to allege fraud with specific particularity as required by Ala. R. Civ. P. 9(b).

## THIRD DEFENSE

Immunex has not acted in a manner that is illegal, oppressive, or fraudulent and in fact acted in good faith, with just cause, and in accordance with established industry practices and government requirements and policies.

## FOURTH DEFENSE

The federal government adopted AWP as a reimbursement benchmark with knowledge that it was not a calculation of actual average prices and with no express or implicit definition contrary to industry practice. For public policy and other reasons, the federal government retained AWP as a reimbursement benchmark in the face of years of criticism that it was not a calculation of actual average prices. To the extent the State of Alabama has adopted the federal government's AWP term, Plaintiff is bound by the defenses applicable to the federal government. Among the defenses that arise from those and other relevant circumstances are the following:

A.    Plaintiff's claims are barred, in whole or in part, by the political question, separation of powers, and filed rate doctrines. The relief sought by Plaintiff would interfere with legislative decisions and functions.

B.    Plaintiff's claims are barred, in whole or in part, because Immunex has complied with all applicable statutes and regulations.

C.    Plaintiff's claims are barred, in whole or in part, because they violate Immunex's rights under the Due Process and Ex Post Facto clauses of the United States Constitution, as well as the Constitution of the State of Alabama, insofar, among other things, as Plaintiff seeks to impose liability under vague or nonexistent standards or retroactively for conduct that was not actionable at the time it occurred.

D.     Plaintiff's claims are barred, in whole or in part, because Immunex did not make any false statements to Plaintiff or to any Alabama citizen. Immunex had no reasonable grounds to believe, and did not believe, that any statement it made was false or misleading or capable of being false or misleading.

E.     The communications and conduct of Immunex and others are protected by the First Amendment to the United States Constitution and the Alabama Constitution, and common law privileges, and it would violate those protections to construe the AWP practice and term of art as fraudulent.

F.     Plaintiff's claims are barred, in whole or in part, by the government contractor and similar defenses because the reimbursement system, including the use of AWP in excess of actual average prices, was designed and approved by the United States Government to serve its purposes.

G.     Immunex relied on the policies and practices of the federal and Alabama governments, and Plaintiff is estopped or otherwise barred from seeking to impose liability for such reliance.

H.     Plaintiff's approach to AWP would discourage legitimate price competition and is inconsistent with and preempted by the Sherman Act.

## FIFTH DEFENSE

Plaintiff's state law claims are preempted, in whole or in part, by federal law, including without limitation the Federal Employment Retirement Income and Security Act of 1974, the Federal Medicare Act, the Federal Medicaid Act, all regulations promulgated under those acts, and by the dormant Commerce Clause of the United States Constitution.

## SIXTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by the *Noerr-Pennington* doctrine to the extent that such claims are premised, in whole or in part, on alleged statements or expressive conduct by Immunex, healthcare providers, or others directed at judicial, legislative, or administrative bodies of government.

## SEVENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitations and repose. Any failure by Plaintiff to apply the statute of limitations to itself violates Immunex's equal protection rights and privileges and immunities under the Alabama and United States Constitutions.

## EIGHTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrines of laches, estoppel, and waiver.

## NINTH DEFENSE

Plaintiff lacks standing, capacity, or privity to bring some or all of the claims raised in this suit to recover Medicaid expenditures or to seek injunctive relief.

## TENTH DEFENSE

Plaintiff's claims for injunctive relief are barred because the claims were rendered moot by the passage of the Medicare Prescription Drug Improvement and Modernization Act of 2003.

## ELEVENTH DEFENSE

Plaintiff's claims are barred, in whole or part, with respect to any alleged overcharge or supracompetitive price because third party payors passed on any effect of the alleged supracompetitive prices to their customers or employees in the form of higher premiums or in other ways; because such supracompetitive price, if any, was absorbed, in whole or part, by a person or entity that purchased the medicine directly, or by an intermediate indirect purchaser, and was not passed through to Plaintiff and "poor Alabama citizens," because purchasers who paid directly or indirectly on the basis of an allegedly excessive AWP would have paid more with respect to this or other elements of health care pricing in the absence of AWP, or because Alabama has already recovered some or all of its alleged damage through the rebate systems.

**TWELFTH DEFENSE**

To the extent Plaintiff or any Alabama citizen recovers or benefits from another entity's recovery in this or any other case or through any other method predicated on the same factual allegations, that Plaintiff or citizen is barred on the basis of res judicata, collateral estoppel, and the prohibition on double recovery, from seeking recovery against Immunex based on the Complaint.

**THIRTEENTH DEFENSE**

Plaintiff's claims are barred, in whole or in part, to the extent that Plaintiff or any Alabama citizens have released, settled, entered into an accord and satisfaction, or otherwise compromised their claims.

**FOURTEENTH DEFENSE**

Plaintiff's claims are barred, in whole or in part, due to their failure to join indispensable parties.

**FIFTEENTH DEFENSE**

Plaintiff's claims are barred, in whole or in part, because any injuries sustained by Plaintiff or any Alabama citizen were the result of intervening or superceding conduct of third parties or of Plaintiff or their agents or representatives.

**SIXTEENTH DEFENSE**

Plaintiff's claims are barred, in whole or in part, because they are speculative and remote and because of the impossibility of ascertaining and allocating those alleged damages.

**SEVENTEENTH DEFENSE**

Plaintiff's claims are barred, in whole or in part, because it failed to mitigate its damages, and its failure to mitigate damages should proportionately reduce the recovery and the allocation of any fault, if any exists, attributable to Immunex.

## EIGHTEENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because it would be unjustly enriched if allowed to recover any portion of the damages alleged in the Complaint.

## NINETEENTH DEFENSE

Immunex is entitled to a set-off, should any damages be awarded against it, for the entire amount of all damages or settlement amounts recovered by Plaintiff or Alabama citizens, with respect to the same alleged injuries.

## TWENTIETH DEFENSE

Any damages recovered by Plaintiff from Immunex must be limited by any applicable statutory ceilings on recoverable damages, including without limitation, *Ala. Code* § 6-11-21.

## TWENTY-FIRST DEFENSE

Any punitive damages would be excessive, penal in nature, and subject Immunex to multiple and retroactive liability and deny Immunex constitutionally adequate standards, instructions, and procedures.

## TWENTY-SECOND DEFENSE

As to any and all claims made by Plaintiff seeking punitive damages, Immunex pleads the applicability of *Ala. Code* § 6-11-21.

## TWENTY-THIRD DEFENSE

Plaintiff's claims for punitive damages are barred by the Excessive Fines Clause of the Eighth Amendment to the United States Constitution, the Due Process Clause and Equal Protection Clause of the Fourteenth Amendment to the United States Constitution, the Commerce Clause of the United States Constitution, and the Constitution of the State of Alabama.

## TWENTY-FOURTH DEFENSE

Plaintiff's claim for punitive and other damages against Immunex cannot be sustained because any award without the apportionment of the award separately and severally between or among the defendants and other alleged responsible parties, as determined by the alleged percentage of the wrong committed by each alleged tortfeasor, would violate Immunex's due process and equal protection rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and would be improper under the Alabama Constitution, common law, and public policies.

## TWENTY-FIFTH DEFENSE

To the extent punitive damages are sought, Plaintiff's punitive damages claims against Immunex:  (1) have no basis in law or fact; (2) are not recoverable because the allegations of the Complaint are legally insufficient to support a claim for punitive damages against Immunex; (3) cannot be sustained because the laws regarding the standards for determining liability for and the amount of punitive damages fail to give Immunex prior notice of the conduct for which punitive damages may be imposed and the severity of the penalty that may be imposed, and are void for vagueness in violation of Immunex's Due Process rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and the Constitution of the State of Alabama; (4) cannot be sustained because any award of punitive damages exceeding the limits authorized by the laws or other comparable laws would violate Immunex's due process and equal protection rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and would be improper under the Constitution, common law and laws of the State of Alabama; and (5) cannot be sustained because an award of punitive damages in this case, combined with any prior, contemporaneous, or subsequent judgments against Immunex for punitive damages arising from the design, development, manufacture, fabrication, distribution, supply, marketing, sale, or

use of Immunex's products would constitute impermissible multiple punishments for the same

wrong, in violation of Immunex's Due Process and Equal Protection rights guaranteed by the

Fifth and Fourteenth Amendments to the United States Constitution and would constitute double

jeopardy in violation of the Constitution, common law, and statutory laws of the State of

Alabama.

### TWENTY-SIXTH DEFENSE

Maintenance of this action in one proceeding against dozens of defendants would violate

Immunex's rights as provided by the United States and Alabama Constitutions by denying

Immunex procedural and substantive safeguards.

### TWENTY-SEVENTH DEFENSE

Plaintiff is not the real party in interest.

### TWENTY-EIGHTH DEFENSE

Immunex maintained policies regarding samples, grants, and other issues that prohibited

unlawful or questionable practices.  Immunex regularly instructed relevant employees as to such

policies.  To the extent that Immunex had knowledge of conduct that it believed was improper,

Immunex took prompt and reasonable steps to correct and halt such conduct, including

disciplinary action against employees.

### TWENTY-NINTH DEFENSE

Plaintiff has not suffered, and will not suffer, any injury to a legally protected or

cognizable interested by reason of the conduct of Immunex as alleged in the Complaint.

### THIRTIETH DEFENSE

Plaintiff's claims against Immunex are barred because Immunex has complied with all

applicable regulations of the federal and state governments.

### THIRTY-FIRST DEFENSE

Immunex's conduct was not the proximate cause or cause in fact of any alleged loss or damage sustained by Plaintiff.

### THIRTY-SECOND DEFENSE

To the extent that Plaintiff attempts to seek equitable relief against Immunex, it is not entitled to such relief because it has an adequate remedy at law.

### THIRTY-THIRD DEFENSE

Plaintiff's claims for injunctive relief against Immunex are barred by the doctrines of *in pari delicto* and/or unclean hands.

### THIRTY-FOURTH DEFENSE

Plaintiff's claims against Immunex are barred, in whole or in part, because it has suffered no damages as a result of the matters alleged in the Complaint.

### THIRTY-FIFTH DEFENSE

Plaintiff fails to allege facts or a cause of action against Immunex sufficient to support a claim for compensatory damages, attorneys' fees and/or legal fees, or any other relief.

### THIRTY-SIXTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by the economic loss doctrine.

### THIRTY-SEVENTH DEFENSE

Plaintiff's claims are barred by the voluntary payment doctrine.

### THIRTY-EIGHTH DEFENSE

Plaintiff's claims against Immunex are misjoined with Plaintiff's claims against other defendants and must be severed.

## THIRTY-NINTH DEFENSE

Plaintiff has misjoined certain party defendants and Plaintiffs' claims against those party defendants must be severed and proceeded with separately.

## FORTIETH DEFENSE

Immunex adopts by reference any additional applicable defense pled by any other defendant not otherwise pled in this answer.  Immunex hereby gives notice that it intends to rely upon any other and additional defense that is now or may become available or appear during, or as a result of the discovery proceedings in this action and hereby reserve its right to amend its answer to assert such defense.  Immunex also reserves the right to assert such other and related defenses as may become available in the event of a determination that the action, or some part of it, is governed by the substantive law of a state other than Alabama.

WHEREFORE, defendant Immunex Corporation requests the following relief:

A.    Dismissal of the State's claims with prejudice;

B.    An award of attorneys' fees and costs; and

C.    Such other legal and equitable relief as the Court deems proper.

Dated: Montgomery, Alabama
January 30, 2006

Respectfully submitted,

/s/ Laura Peck
W. Stancil Starnes, STA025
Laura Peck, PEC003
STARNES & ATCHISON LLP
Seventh Floor, 100 Brookwood Place
Post Office Box 598512
Birmingham, AL 35259-8512
(205) 868-6000

David J. Burman
Kathleen M. O'Sullivan

**PERKINS COIE** LLP
1201 Third Avenue, 48th Floor
Seattle, WA 98101-3099
(206) 359-8000

Attorneys for Defendant
Immunex Corporation

### Certificate of Service

I hereby certify that I have on this 30th day of January, 2006, electronically served a true and correct copy of the foregoing pleading on counsel of record by transmission to LNFS, pursuant to Case Management Order No. 2.

**/s/ Laura Peck**
Of Counsel