

10450678

Jan 30 2006
2:49PM

## IN THE CIRCUIT COURT OF
## MONTGOMERY COUNTY, ALABAMA

STATE OF ALABAMA,      )
             )
    Plaintiff,      )
             )
vs.            )  **CIVIL ACTION NO.: CV-2005-219**
             )
ABBOTT LABORATORIES, INC., et al. )
             )
    Defendants.     )

## ANSWER OF DEFENDANTS JOHNSON & JOHNSON, ALZA CORPORATION, JANSSEN PHARMACEUTICA PRODUCTS, LP, McNEIL-PPC, INC., ORTHO BIOTECH PRODUCTS, LP, AND ORTHO-McNEIL PHARMACEUTICAL, INC. TO THE STATE OF ALABAMA'S SECOND AMENDED COMPLAINT

Defendants Johnson & Johnson, ALZA Corporation, Janssen Pharmaceutica, LP (sued herein as Janssen Pharmaceutica Products, LP), McNeil-PPC, Inc., Ortho Biotech Products, LP, and Ortho-McNeil Pharmaceutical, Inc. (collectively the "Johnson & Johnson Defendants") for their Answer to the State of Alabama's Second Amended Complaint ("Complaint") in the captioned action, by their undersigned counsel, allege upon knowledge as to themselves, and upon information and belief as to all other matters, as follows:

### INTRODUCTION

1. Deny each and every allegation set forth in paragraph 1 of the Complaint as to the Johnson & Johnson Defendants, and otherwise deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

2. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 2 of the Complaint, except deny the existence of a fraudulent pricing scheme or that the Johnson & Johnson Defendants are or have been involved in any such scheme.

3.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 3 of the Complaint, except admit that the State of Alabama purports to bring this action, deny that there is any basis on which to permit the State to do so, deny the existence of any "drug pricing scheme," deny that the Johnson & Johnson Defendants are or have been involved in any such scheme, and deny that the Johnson & Johnson Defendants have obtained any profits as a result of any such imagined scheme.

4.    Deny each and every allegation set forth in paragraph 4 of the Complaint as to the Johnson & Johnson Defendants, except admit that the State of Alabama purports to seek legal and equitable redress but deny there is any basis on which to permit it to do so, and otherwise deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

## PARTIES

5.    Admit that the State of Alabama purports to bring this action in its capacity as sovereign and on behalf of the Alabama Medicaid Agency but deny that there is any basis on which to permit it to do so.

6.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 6 of the Complaint and further respectfully refer the Court to Alabama Code § 36-15-12 for a full and complete reading of its provisions.

## Defendant Abbott

7.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 7 of the Complaint.

2

## Defendant Alcon

8.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 8 of the Complaint.

## Defendant Allergan

9.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 9 of the Complaint.

## The Alpharma Defendants

10.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 10 of the Complaint.

11.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 11 of the Complaint.

12.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 12 of the Complaint.

## The Amgen Defendants

13.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 13 of the Complaint.

14.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 14 of the Complaint.

15.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 15 of the Complaint.

1250136v2

### Defendant Andrx

16.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 16 of the Complaint.

### The AstraZeneca Defendants

17.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 17 of the Complaint.

18.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 18 of the Complaint.

19.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 19 of the Complaint.

### The Aventis Defendants

20.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 20 of the Complaint.

21.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 21 of the Complaint.

22.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 22 of the Complaint.

23.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 23 of the Complaint.

### Defendant Barr

24.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 24 of the Complaint.

1250136v2

**The Baxter Defendants**

25.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 25 of the Complaint.

26.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 26 of the Complaint.

27.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 27 of the Complaint.

**The Bayer Defendants**

28.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 28 of the Complaint.

29.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 29 of the Complaint.

30.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 30 of the Complaint.

31.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 31 of the Complaint.

**Defendant Biovail**

32.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 32 of the Complaint.

**The Boehringer Defendants**

33.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 33 and lettered subparagraphs a and b of the Complaint.

5

34.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 34 of the Complaint.

### Defendant Bristol-Myers Squibb

35.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 35 of the Complaint.

### Defendant DEY

36.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 36 of the Complaint.

### Defendant Eisai

37.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 37 of the Complaint.

### Defendant Endo

38.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 38 of the Complaint.

### Defendant ETHEX

39.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 39 of the Complaint.

### The Forest Defendants

40.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 40 of the Complaint.

1250136v2

41.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 41 of the Complaint.

42.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 42 of the Complaint.

### The Fujisawa Defendants

43.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 43 of the Complaint.

44.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 44 of the Complaint.

45.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 45 of the Complaint.

### Defendant Genzyme

46.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 46 of the Complaint.

### Defendant Gilead

47.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 47 of the Complaint.

### Defendant GlaxoSmithKline

48.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 48 of the Complaint.

7

## The Hoffmann-LaRoche Defendants

49.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 49 of the Complaint.

50.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 50 of the Complaint.

51.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 51 of the Complaint.

## The IVAX Defendants

52.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 52 of the Complaint.

53.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 53 of the Complaint.

54.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 54 of the Complaint.

## The J&J Defendants

55.    Admit in part and deny in part. Admit that Johnson & Johnson is a New Jersey corporation with its principal place of business located at One Johnson & Johnson Plaza, New Brunswick, New Jersey. Admit that ALZA Corporation, which is a subsidiary operating company of Johnson & Johnson, is a Delaware Corporation with its principal place of business located at 1900 Charleston Road, Mountain View, California. Deny that ALZA Corporation was acquired from Abbott Laboratories in 2000 or otherwise. Admit that Janssen Pharmaceutica Products, LP, was formerly a New Jersey limited partnership with its principal place of business

8

at 1125 Trenton-Harbourton Road, Titusville, New Jersey. Admit that McNeil-PPC, Inc., which is a subsidiary operating company of Johnson & Johnson, is a New Jersey corporation with its principal place of business located at 7050 Camp Hill Road, Fort Washington, Pennsylvania. Admit that McNeil Consumer & Specialty Pharmaceuticals is a division of McNeil-PPC, Inc. Admit that Ortho Biotech Products, LP is a New Jersey limited partnership with its principal place of business located at 430 Route 22 East, Bridgewater, New Jersey. Admit that Ortho-McNeil Pharmaceutical, Inc., which is a subsidiary operating company of Johnson & Johnson, is a Delaware corporation with its principal place of business located at 1000 U.S. Route 202 South, Raritan, New Jersey.

56.    Admit in part and deny in part. Admit that McNeil-PPC, Inc., Ortho Biotech Products, LP, and Ortho-McNeil Pharmaceutical, Inc. are engaged in the business of developing marketing and selling brand name prescription drugs in the United States, and that Janssen Pharmaceutica Products, LP formerly engaged in the business of developing marketing and selling brand name prescription drugs in the United States, and that Aciphex®, Concerta®, Doxil®, Ditropan XL®, Duragesic®, Elmiron®, Ethyol®, Flexeril®, Floxin®, Grifulvin V®, Haldol®, Haldol Decanoate®, Hismanal®, Levaquin®, Motrin®, Mycelex®, Nizoral®, Ortho Evra®, Ortho Tri-Cyclen®, Ortho-Cyclen®, Ortho-Novum®, Pancrease®, Pancrease® MT, Pepcid® AC, Procrit®, Propulsid ®, Regranex®, Remicade®, Reminyl®, Risperdal®, Risperdal® Consta™, Spectazole®, Sporanox®, Terazol® 3, Terazol® 7, Tolectin®, Topamax®, Tylox®, Ultracet®, Ultram®, Urispas® are or were sold in Alabama and may have been reimbursed by Alabama Medicaid and/or other Medicaid agencies. Deny that Johnson & Johnson is engaged in the business of developing marketing and selling any brand name

prescription drugs in the United States, and deny that ALZA Corporation is engaged in the business of marketing and selling brand name prescription drugs in the United States.

## The King Defendants

57. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 57 of the Complaint.

58. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 58 of the Complaint.

59. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 59 of the Complaint.

## Defendant MedImmune

60. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 60 of the Complaint.

## Defendant Merck

61. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 61 of the Complaint.

## The Mylan Defendants

62. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 62 of the Complaint.

63. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 63 of the Complaint.

64.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 64 of the Complaint.

65.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 65 of the Complaint.

## The Novartis Defendants

66.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 66 of the Complaint.

67.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 67 of the Complaint.

68.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 68 of the Complaint.

## Defendant Novo Nordisk

69.    Deny knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 69 of the Complaint.

## Defendant Organon

70.    Deny knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 70 of the Complaint.

## Defendant Par

71.    Deny knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 71 of the Complaint.

1250136v2

### The Pfizer Defendants

72.     Deny knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 72 of the Complaint.

73.     Deny knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 73 of the Complaint.

74.     Deny knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 74 of the Complaint.

75.     Deny knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 75 of the Complaint.

76.     Deny knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 76 of the Complaint.

77.     Deny knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 77 of the Complaint.

### Defendant Purdue

78.     Deny knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 78 of the Complaint.

### Defendant Sanofi

79.     Deny knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 79 of the Complaint.

### The Schering Defendants

80.     Deny knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 80 of the Complaint.

12

81.    Deny knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 81 of the Complaint.

82.    Deny knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 82 of the Complaint.

### Defendant TAP Pharmaceutical

83.    Deny knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 83 of the Complaint.

### Defendant Takeda Pharmaceuticals

84.    Deny knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 84 of the Complaint.

### Defendant Teva

85.    Deny knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 85 of the Complaint.

### The Watson Defendants

86.    Deny knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 86 of the Complaint.

87.    Deny knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 87 of the Complaint.

88.    Deny knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 88 of the Complaint.

1250130v2

89.    Deny knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 89 of the Complaint.

## The Wyeth Defendants

90.    Deny knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 90 of the Complaint.

91.    Deny knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 91 of the Complaint.

92.    Deny knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 92 of the Complaint.

## Fictitious Defendants

93.    Deny knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 93 of the Complaint.

94.    Deny each and every allegation set forth in paragraph 94 of the Complaint as to the Johnson & Johnson Defendants, and otherwise deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

## JURISDICTION AND VENUE

95.    Deny each and every allegation set forth in paragraph 95 of the Complaint.

96.    Admit the allegations set forth in paragraph 96 of the Complaint as to the Johnson & Johnson Defendants, and otherwise deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

97.    Admit the allegations set forth in paragraph 97 of the Complaint as to the Johnson & Johnson Defendants and otherwise deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

## FACTUAL BACKGROUND

### The Alabama Medicaid Program

98.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 98 of the Complaint, except admit that the Alabama Medicaid Program is a state-administered program with federal matching funds which pays for medical care, including prescription drug benefits, for certain Alabama citizens.

99.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 99 of the Complaint.

100.    Deny each and every allegation set forth in paragraph 100 of the Complaint as to the Johnson & Johnson Defendants, except admit that, from time to time during the relevant period, certain of the Johnson & Johnson Defendants provided price lists to wholesalers and third party publications which contained, *inter alia*, suggested "AWPs" and "WACs" for certain of their drugs and, affirmatively state that AWP is commonly understood to be a benchmark used throughout the industry and not an average price charged by wholesalers to the entities identified in paragraph 100, and that the relevant Johnson & Johnson Defendants' WAC ex-factory prices are, in fact, the prices the relevant Johnson & Johnson Defendants charge wholesalers for the relevant Johnson & Johnson Defendants' products. and otherwise deny knowledge or information sufficient to form a belief as to the truth of the allegations therein.

101.    Admit the allegations set forth in paragraph 101 of the Complaint.

1250136v2

102.   Denies each and every allegation set forth in paragraph 102 of the Complaint as to the Johnson & Johnson Defendants, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

### The Defendants' Reporting of Inflated Pricing Information

103.   Deny each and every allegation set forth in paragraph 103 of the Complaint as to the Johnson & Johnson Defendants, and otherwise deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

104.   Deny knowledge or information sufficient to form a belief about the truth of the allegations set forth in paragraph 104 of the Complaint.

105.   Deny each and every allegation set forth in paragraph 105 of the Complaint as to the Johnson & Johnson Defendants, and otherwise deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

106.   Denies each and every allegation set forth in paragraph 106 of the Complaint as to the Johnson & Johnson Defendants, except admits that the Johnson & Johnson Defendants that manufacture, market and sell prescription drugs know or have access to the WAC and Direct Price of their own products, and the AWP they listed on their price lists for their own products, and otherwise deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

107.   Deny each and every allegation set forth in paragraph 107 of the Complaint as to the Johnson & Johnson Defendants, and otherwise deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

1250136v2

**Defendants' Marketing of the "Spread"**

108.    Deny each and every allegation set forth in paragraph 108 of the Complaint as to the Johnson & Johnson Defendants, and otherwise deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

109.    Deny each and every allegation set forth in paragraph 109 of the Complaint as to the Johnson & Johnson Defendants, and otherwise deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

110.    Deny each and every allegation set forth in paragraph 110 of the Complaint as to the Johnson & Johnson Defendants, and otherwise deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

111.    Deny each and every allegation set forth in paragraph 111 of the Complaint as to the Johnson & Johnson Defendants, and otherwise deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

**Other Lawsuits, Settlements, Government Investigations, and Criminal Proceedings**

112.    Deny each and every allegation set forth in paragraph 112 of the Complaint, except admit that other plaintiffs have filed complaints alleging similarly meritless and ill-informed claims from which Plaintiff here appears to have largely copied its allegations.

113.    Deny each and every allegation set forth in paragraph 113 of the Complaint as to the Johnson & Johnson Defendants, and otherwise deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein except admit that some of the Johnson & Johnson Defendants herein named in *The City of New York v. Abbott Laboratories, Inc.*, 04-CV-06054, an action in which the plaintiff has made meritless and ill-founded

17

allegations similar to those asserted in this action, and from which Plaintiff here appears to have largely copies its allegations

114.    Deny each and every allegation set forth in paragraph 114 of the Complaint as to the Johnson & Johnson Defendants, and otherwise deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

115.    Paragraph 115 of the Complaint appears to contain no allegations as to, or relevant to, any claims against the Johnson & Johnson Defendants and therefore requires no answer; to the extent Plaintiff purports to make allegations as to the Johnson & Johnson Defendants, the Johnson & Johnson Defendants deny each and every allegation set forth in paragraph 115 of the Complaint as to the Johnson & Johnson Defendants, and otherwise deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

116.    Paragraph 116 of the Complaint appears to contain no allegations as to, or relevant to,. any claims against the Johnson & Johnson Defendants and therefore requires no answer; to the extent Plaintiff purports to make allegations as to the Johnson & Johnson Defendants, the Johnson & Johnson Defendants deny each and every allegation set forth in paragraph 115 of the Complaint as to the Johnson & Johnson Defendants, and otherwise deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

117.    Paragraph 117 of the Complaint appears to contain no allegations as to, or relevant to, any claims against the Johnson & Johnson Defendants and therefore requires no answer; to the extent Plaintiff purports to make allegations as to the Johnson & Johnson Defendants, the Johnson & Johnson Defendants deny each and every allegation set forth in

18

paragraph 117 of the Complaint as to the Johnson & Johnson Defendants, and otherwise deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

118.    Paragraph 118 of the Complaint appears to contain no allegations as to, or relevant to, any claims against the Johnson & Johnson Defendants and therefore requires no answer; to the extent Plaintiff purports to make allegations as to the Johnson & Johnson Defendants, the Johnson & Johnson Defendants deny each and every allegation set forth in paragraph 118 of the Complaint as to the Johnson & Johnson Defendants, and otherwise deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

119.    Paragraph 119 of the Complaint appears to contain no allegations as to, or relevant to, any claims against the Johnson & Johnson Defendants and therefore requires no answer; to the extent Plaintiff purports to make allegations as to the Johnson & Johnson Defendants, the Johnson & Johnson Defendants deny each and every allegation set forth in paragraph 119 of the Complaint as to the Johnson & Johnson Defendants, and otherwise deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

120.    Paragraph 120 of the Complaint appears to contain no allegations as to, or relevant to, any claims against the Johnson & Johnson Defendants and therefore requires no answer; to the extent Plaintiff purports to make allegations as to the Johnson & Johnson Defendants, the Johnson & Johnson Defendants deny each and every allegation set forth in paragraph 120 of the Complaint as to the Johnson & Johnson Defendants, and otherwise deny

knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

121.    Paragraph 121 of the Complaint appears to contain no allegations as to, or relevant to, any claims against the Johnson & Johnson Defendants and therefore requires no answer; to the extent Plaintiff purports to make allegations as to the Johnson & Johnson Defendants, the Johnson & Johnson Defendants deny each and every allegation set forth in paragraph 121 of the Complaint as to the Johnson & Johnson Defendants, and otherwise deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

122.    Paragraph 122 of the Complaint appears to contain no allegations as to, or relevant to, any claims against the Johnson & Johnson Defendants and therefore requires no answer; to the extent Plaintiff purports to make allegations as to the Johnson & Johnson Defendants, the Johnson & Johnson Defendants deny each and every allegation set forth in paragraph 122 of the Complaint as to the Johnson & Johnson Defendants, and otherwise deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

123.    Paragraph 123 of the Complaint appears to contain no allegations as to, or relevant to, any claims against the Johnson & Johnson Defendants and therefore requires no answer; to the extent Plaintiff purports to make allegations as to the Johnson & Johnson Defendants, the Johnson & Johnson Defendants deny each and every allegation set forth in paragraph 123 of the Complaint as to the Johnson & Johnson Defendants, and otherwise deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

1250136v2

124.    Deny each and every allegation set forth in paragraph 124 of the Complaint as to the Johnson & Johnson Defendants, and otherwise deny knowledge or information sufficient to form a belief as to the truth of the allegations therein.

125.    Deny each and every allegation set forth in paragraph 125 of the Complaint as to the Johnson & Johnson Defendants, and otherwise deny knowledge or information sufficient to form a belief as to the truth of the allegations therein, and affirmatively states that if there were any merit to the claims alleged herein as to the Johnson & Johnson Defendants, it would neither be impractical nor impossible for the Plaintiff to allege specifically its claims as to the Johnson & Johnson Defendants, which Plaintiff has entirely failed to do.

126.    Deny each and every allegation set forth in paragraph 126 of the Complaint as to the Johnson & Johnson Defendants, and otherwise deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

## CLAIMS

## COUNT ONE -FRAUDULENT MISREPRESENTATION

127.    The Johnson & Johnson Defendants repeat and incorporate by reference their responses to numbered paragraphs 1 through 126 above.

128.    Deny each and every allegation set forth in paragraph 128 of the Complaint as to the Johnson & Johnson Defendants, and otherwise deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein, except admit that from time to time during the relevant period, certain Johnson & Johnson Defendants provided price lists to wholesalers and third party publications which contained, *inter alia*, suggested "AWPs" and "WACs" for certain of their drugs and affirmatively states that the relevant Johnson & Johnson

21

Defendants' listed WAC (ex-factory) prices accurately reflected the relevant Johnson & Johnson Defendants' prices to wholesalers.

129.   Deny each and every allegation set forth in paragraph 129 of the Complaint as to the Johnson & Johnson Defendants, and otherwise deny knowledge or information sufficient to form a belief as to the truth of the allegations therein.

130.   Deny each and every allegation set forth in paragraph 130 of the Complaint as to the Johnson & Johnson Defendants, and otherwise deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

## COUNT TWO - FRAUDULENT SUPPRESSION

131.   The Johnson & Johnson Defendants repeat and incorporate by reference their responses to paragraphs 1 through 130 above.

132.   Deny each and every allegation set forth in paragraph 140 of the Complaint as to the Johnson & Johnson Defendants, and otherwise deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

133.   Deny each and every allegation set forth in paragraph 141 of the Complaint as to the Johnson & Johnson Defendants, and otherwise deny knowledge or information sufficient to form a belief as to the truth of the allegations therein.

134.   Deny each and every allegation set forth in paragraph 142 of the Complaint as to the Johnson & Johnson Defendants, and otherwise deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

22

## COUNT THREE - WANTONNESS

135.    The Johnson & Johnson Defendants repeat and incorporate by reference their responses to paragraphs 1 through 134 above.

136.    Deny each and every allegation set forth in paragraph 144 of the Complaint as to the Johnson & Johnson Defendants, and otherwise deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

137.    Deny each and every allegation set forth in paragraph 145 of the Complaint as to the Johnson & Johnson Defendants, and otherwise deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

138.    Deny each and every allegation set forth in paragraph 146 of the Complaint as to the Johnson & Johnson Defendants, and otherwise deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

139.    Deny each and every allegation set forth in paragraph 147 of the Complaint as to the Johnson & Johnson Defendants, and otherwise deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

## COUNT FOUR -UNJUST ENRICHMENT

140.    The Johnson & Johnson Defendants repeat and incorporate by reference their responses to numbered paragraphs 1 through 139 above.

141.    Deny each and every allegation set forth in paragraph 149 of the Complaint as to the Johnson & Johnson Defendants, and otherwise deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

1250136v2

142.    Deny each and every allegation set forth in paragraph 150 of the Complaint as to the Johnson & Johnson Defendants, and otherwise deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

143.    Deny each and every allegation set forth in paragraph 151 of the Complaint as to the Johnson & Johnson Defendants, and otherwise deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

144.    Deny each and every allegation set forth in paragraph 152 of the Complaint as to the Johnson & Johnson Defendants, and otherwise deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

The Johnson & Johnson Defendants further deny that plaintiffs are entitled to a judgment or any other relief requested in their section entitled "PRAYER FOR RELIEF" and unnumbered "WHEREFORE" paragraph following paragraph 144 of the Complaint.

## THE JOHNSON AND JOHNSON DEFENDANTS' AFFIRMATIVE DEFENSES

By alleging the matters set forth below, the Johnson & Johnson Defendants do not allege or admit that they have the burden of proof and/or the burden of persuasion with respect to any of these matters or that plaintiff is relieved of its burdens to prove each and every element of its claims and the damages, if any, to which it is entitled. As and for its affirmative defenses, the Johnson & Johnson Defendants allege as follows:

### FIRST AFFIRMATIVE DEFENSE

Plaintiff fails to state a claim against the Johnson & Johnson Defendants upon which relief may be granted.

24

## SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the political question and separation of powers doctrines.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff has no standing or capacity to bring some or all of the claims raised in this suit to recover Medicaid expenditures or to seek injunctive relief.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff has not suffered, and will not suffer, any injury to a legally protected or cognizable interest by reason of the conduct of the Johnson & Johnson Defendants as alleged in the Complaint.

## FIFTH AFFIRMATIVE DEFENSE

To the extent plaintiff obtains recovery in any other case predicated on the same factual allegations, plaintiff is barred from seeking recovery against the Johnson & Johnson Defendants based on the Complaint pursuant to the doctrines of res judicata and collateral estoppel, and the prohibition on double recovery for the same injury.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the First Amendment to the United States Constitution and the analogous provisions of the Constitution of the State of Alabama.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the filed rate doctrine.

1250136v2

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, to the extent that plaintiff has released, settled, entered into an accord and satisfaction or otherwise compromised its claims.

## NINTH AFFIRMATIVE DEFENSE

Any and all actions taken by the Johnson & Johnson Defendants with respect to any of the matters alleged in the Complaint was taken in good faith and in accordance with established industry practice.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are preempted, in whole or in part, by federal law, including without limitation the Federal Employment Retirement Income and Security Act of 1974, the Federal Medicare Act, and the Federal Medicaid Act, including all amendments to the same and all regulations promulgated thereunder.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are preempted by the dormant Commerce Clause of the United States Constitution.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's claims against the Johnson & Johnson Defendants are barred because the Johnson & Johnson Defendants have complied with all applicable regulations of the federal and state governments.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims against the Johnson & Johnson Defendants are barred, in whole or in part, by the applicable statutes of limitations and repose, and by the doctrines of laches, estoppel and waiver.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because they violate the Johnson & Johnson Defendants' rights under the Due Process and *Ex Post Facto* clauses of the United States Constitution, as well as the Constitution of the State of Alabama, insofar as plaintiff seeks to impose liability retroactively for conduct that was not actionable at the time it occurred.

## FIFTEENTH AFFIRMATIVE DEFENSE

The Johnson & Johnson Defendants' statements or actions were not the proximate cause or cause in fact of any injury to or alleged loss by plaintiff.

## SIXTEENTH AFFIRMATIVE DEFENSE

To the extent that plaintiff attempts to seek equitable relief against the Johnson & Johnson Defendants, it is not entitled to such relief because it has an adequate remedy at law.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims against the Johnson & Johnson Defendants for injunctive relief were mooted by the passage of the Medicare Prescription Drug, Improvement and Modernization Act of 2003.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims for injunctive relief against the Johnson & Johnson Defendants are barred by the doctrines of *in pari delicto* and/or unclean hands.

## NINETEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims against the Johnson & Johnson Defendants are barred, in whole or in part, due to its failure to join indispensable parties.

## TWENTIETH AFFIRMATIVE DEFENSE

Plaintiff's claims against the Johnson & Johnson Defendants are barred, in whole or in part, because it has suffered no damages as a result of the matters alleged in the Complaint.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because any injuries sustained by plaintiff were the result of its own conduct or the intervening or superceding conduct of third parties.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims against the Johnson & Johnson Defendants for damages are barred, in whole or in part: (1) because it failed to mitigate its damages, and its failure to mitigate damages should proportionately reduce the recovery of plaintiff and the allocation of any fault, if any exists, attributable to the Johnson & Johnson Defendants; (2) because it would be unjustly enriched if allowed to recover any portion of the damages alleged in the Complaint; (3) by the doctrine of consent and/or ratification to the extent that plaintiff has paid for products manufactured, marketed and sold by the Johnson & Johnson Defendants after the filing of

28

plaintiff's original Complaint; and (4) because they are speculative and remote and because of the impossibility of ascertaining and allocating of those alleged damages.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

The Johnson & Johnson Defendants are entitled to a set-off, should any damages be awarded against them, for the entire amount of all damages or settlement amounts recovered by plaintiff, with respect to the same alleged injuries.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

Any damages recovered by the plaintiff from the Johnson & Johnson Defendants must be limited by the applicable statutory ceilings on recoverable damages, including without limitation, Alabama Code 6-11-21.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

Plaintiff fails to allege facts or a cause of action against the Johnson & Johnson Defendants sufficient to support a claim for compensatory damages, attorneys' fees and/or legal fees, or any other relief.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

To the extent punitive damages are sought, Plaintiff's punitive damages claims against the Johnson & Johnson Defendants: (1) have no basis in law or fact; (2) are not recoverable because the allegations of the Complaint are legally insufficient to support a claim for punitive damages against the Johnson & Johnson Defendants; (3) cannot be sustained because the laws regarding the standards for determining liability for and the amount of punitive damages fail to give the Johnson & Johnson Defendants prior notice of the conduct for which punitive damages may be imposed and the severity of the penalty that may be imposed, and are void for vagueness

29

in violation of the Johnson & Johnson Defendants' Due Process rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and the Constitution of the State of Alabama; (4) cannot be sustained because any award of punitive damages exceeding the limits authorized by the laws or other comparable laws would violate the Johnson & Johnson Defendants' due process and equal protection rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and would be improper under the Constitution, common law and laws of the State of Alabama; (5) cannot be sustained because an award of punitive damages in this case, combined with any prior, contemporaneous, or subsequent judgments against the Johnson & Johnson Defendants for punitive damages arising from the design, development, manufacture, fabrication, distribution, supply, marketing, sale, or use of the Johnson & Johnson Defendants' products would constitute impermissible multiple punishments for the same wrong, in violation of the Johnson & Johnson Defendants' Due Process and Equal Protection rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and would constitute double jeopardy in violation of the Constitution, common law, and statutory laws of the State of Alabama; (6) cannot be sustained because any award of punitive damages without the apportionment of the award separately and severally between or among the alleged joint tortfeasors, as determined by the alleged percentage of the wrong committed by each alleged tortfeasor, would violate the Johnson & Johnson Defendants' Due Process and Equal Protection rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and would be improper under the Constitution, common law, and public policies of the State of Alabama; and (7) cannot be sustained because any award of punitive damages, which are penal in nature, without according the Johnson & Johnson Defendants the same protections that are accorded to all criminal defendants, including the

30

protection against unreasonable searches and seizures, the privilege against self-incrimination, and the rights to confront adverse witnesses, a speedy trial, and the effective assistance of counsel, would violate the Johnson & Johnson Defendants' rights guaranteed by the Fourth, Fifth, and Sixth Amendment as incorporated into the Fourteenth Amendment to the United States Constitution and would be improper under the Constitution, common law, and public policies of the State of Alabama.

**TWENTY-SEVENTH AFFIRMATIVE DEFENSE**

To the extent punitive damages are sought, Plaintiff's claims for punitive damages against the Johnson & Johnson Defendants cannot be sustained because an award of punitive damages by a jury that: (1) is not provided constitutionally adequate standards of sufficient clarity for determining the appropriate imposition of, and the appropriate size of, a punitive damages award; (2) is not adequately instructed on the limits of punitive damages imposed by the applicable principles of deterrence and punishment; (3) is not expressly prohibited from awarding punitive damages, or determining the amount of an award of punitive damages, in whole or in part on the basis of invidiously discriminatory characteristics, including without limitation the residence, wealth, and corporate status of the Johnson & Johnson Defendants; (4) is permitted to award punitive damages under a standard for determining liability for punitive damages that is vague and arbitrary and does not define with sufficient clarity the conduct or mental state that makes punitive damages permissible; (5) is not properly instructed regarding plaintiff's burden of proof with respect to each and every element of a claim for punitive damages; and (6) is not subject to trial court and appellate judicial review for reasonableness and furtherance of legitimate purposes on the basis of constitutionally adequate and objective standards, would violate the Johnson & Johnson Defendants' Due Process and Equal Protection

31

rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution, and would be improper under the Constitution, common law, and public policies of the State of Alabama.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

To the extent punitive damages are sought, Plaintiff's claims for punitive damages against the Johnson & Johnson Defendants cannot be sustained because an award of punitive damages that is subject to no predetermined limit, such as a maximum multiple of compensatory damages or a maximum amount of punitive damages that may be imposed, would:  (1) violate the Johnson & Johnson Defendants' due process rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution; (2) violate the Johnson & Johnson Defendants' right not to be subjected to an excessive award; and (3) be improper under the Constitution, common law, and public policies of the State of Alabama.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

The Johnson & Johnson Defendants aver that the Attorney General may not lawfully delegate the prosecution of this action to counsel who are not directly employed by the State.

## THIRTIETH AFFIRMATIVE DEFENSE

Some or all of the State's claims against the Johnson & Johnson Defendants arise from the State's failure to follow its federal and state statutory and regulatory obligations to properly establish appropriate reimbursement rates.

1250136v2

## THIRTY-FIRST AFFIRMATIVE DEFENSE

Plaintiff's unjust enrichment claims are barred, in whole or in part, because the Johnson & Johnson Defendants did not retain any money belonging to the State as a result of any alleged overpayments as required under Alabama law.

## THIRTY-SECOND AFFIRMATIVE DEFENSE

The Johnson & Johnson Defendants hereby gives notice that they intend to rely upon any other and additional defense that is now or may become available or appear during, or as a result of the discovery proceedings in this action and hereby reserves their right to amend their answer to assert such defense.

## THIRTY-THIRD AFFIRMATIVE DEFENSE

Plaintiff has failed to plead fraud or suppression with the degree of specificity required by Ala. R. Civ. P. 9(b) and applicable Alabama case law.

## THIRTY-FOURTH AFFIRMATIVE DEFENSE

The Johnson & Johnson Defendants plead the absence of reasonable or justifiable reliance on the part of Plaintiff.

## THIRTY FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims against each of the Johnson & Johnson Defendants are misjoined with plaintiff's claims against the other Johnson & Johnson Defendants and must be severed from the claims against the other Johnson & Johnson Defendants.

1250136v2

## THIRTY SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims against the Johnson & Johnson Defendants are misjoined with plaintiff's claims against other defendants and must be severed.

**WHEREFORE**, the Johnson & Johnson Defendants demand that: (1) the Complaint be in all respects dismissed as to them; (2) they be awarded their costs of defending this action, including their reasonable attorneys' fees; and (3) they be awarded such other and further relief as the Court may deem just and proper.

Dated this the 30th day of January, 2006.

Respectfully submitted,

**Robert F. Northcutt (NOR015)**
**Attorney for the Johnson & Johnson Defendants**

**OF COUNSEL:**
CAPELL & HOWARD, P.C.
150 South Perry Street (36104)
Post Office Box 2069
Montgomery, Alabama 36102-2069
Telephone:    (334) 241-8000
Facsimile:    (334) 241-8282

William F. Cavanaugh, Jr., Esq.
Andrew D. Schau, Esq.
Erik Haas, Esq.
PATTERSON, BELKNAP, WEBB & TYLER LLP
1133 Avenue of the Americas
New York, New York 10036-6710
Telephone:    (212) 336-2000
Facsimile:    (212) 336-2222

34

1250136v2

## CERTIFICATE OF SERVICE

I hereby certify that I have in this 30th day of January, 2006, served a copy of the foregoing pleading with the Clerk of the Court and with the LNFS system, which will send notification of the filing to all counsel of record.

OF COUNSEL

35