

10453188

Jan 30 2006
4:23PM

IN THE CIRCUIT COURT OF
MONTGOMERY COUNTY, ALABAMA

STATE OF ALABAMA,

            **Plaintiff,**

    **v.**

**ABBOTT LABORATORIES, et al.,**                    CV – 05-219

            **Defendants.**

---

## ANSWER OF DEFENDANT MEDIMMUNE, INC.
## TO THE STATE OF ALABAMA'S SECOND AMENDED COMPLAINT

---

Defendant MedImmune, Inc. ("MedImmune"), through undersigned counsel, hereby answers Plaintiff's Second Amended Complaint ("Complaint") as follows:

### ANSWER

As its Answer to the Complaint, MedImmune provides the following response to each numbered Paragraph. MedImmune answers solely on its own behalf and is without knowledge and information sufficient to form a belief as to the truth or falsity of the allegations relating to the other defendants and on that basis denies those allegations.

### INTRODUCTION

1.    MedImmune denies the allegations in Paragraph 1 to the extent that they relate to MedImmune. MedImmune is not required to respond to the allegations in Paragraph 1 that relate to other defendants. Paragraph 1 contains conclusions of law to which no response is required.

2.    With respect to second sentence of Paragraph 2, to the extent that the allegations in the second sentence of Paragraph 2 relate to MedImmune, MedImmune denies the allegations in Paragraph 2. MedImmune is not required to respond to the allegations that relate to other defendants. MedImmune is without knowledge or information sufficient to determine the amounts that the State of Alabama and the Alabama Medicaid program spends on pharmaceutical products, and on that basis denies in all respects the remainder of the allegations in Paragraph 2 and demands strict proof thereof. Paragraph 2 contains conclusions of law to which no response is required.

3.    MedImmune denies the Plaintiff is entitled to any relief. In all other respects, MedImmune denies the allegations in Paragraph 3 to the extent that they relate to MedImmune. MedImmune is not required to respond to the allegations in Paragraph 3 that relate to other defendants. Paragraph 3 contains conclusions of law to which no response is required.

4.    MedImmune denies the allegations in Paragraph 4 to the extent that they relate to MedImmune. MedImmune is not required to respond to the allegations in Paragraph 4 that relate to other defendants. Paragraph 4 contains conclusions of law to which no response is required.

## PARTIES

5.     MedImmune admits that the Plaintiff, the State of Alabama,
purports to bring this action in its capacity as sovereign and on behalf of the
Alabama Medicaid Agency but denies that there is any basis which permits it to do
so.

6.     Paragraph 6 contains conclusions of law to which no response is
required.

## Defendants

7-59.  Paragraphs 7 through 59 do not require a response from
MedImmune because they relate exclusively to another defendant.

60.    MedImmune admits that it is a Delaware corporation with its
principal place of business located at One MedImmune Way, Gaithersburg, MD,
20878, and that it manufactures, markets and/or sells prescription drugs and that
some other persons or entities who purchase those drugs may be reimbursed by
state Medicaid agencies.  MedImmune admits that it manufactured, marketed
and/or sold Ethyol® and Synagis® and that these pharmaceuticals may be
reimbursed by Alabama Medicaid.  In all other respects MedImmune denies the
allegations in Paragraph 60.

61-93. Paragraphs 61-93 do not require a response from MedImmune
because they relate exclusively to another defendant.

94.    MedImmune denies the allegations in Paragraph 94 to the
extent that they relate to MedImmune.  MedImmune is not required to respond to

3

the allegations in Paragraph 94 that relate to other defendants. Paragraph 94 contains conclusions of law to which no response is required.

## JURISDICTION AND VENUE

95.    Paragraph 95 contains conclusions of law to which no response is required. To the extent that Paragraph 95 requires a response, MedImmune denies the allegations in Paragraph 95 to the extent that they relate to MedImmune. MedImmune is not required to respond to the allegations in Paragraph 95 that relate to other defendants.

96.    Paragraph 96 contains conclusions of law to which no response is required. To the extent that Paragraph 96 requires a response, MedImmune denies the allegations in Paragraph 96 to the extent that they relate to MedImmune. MedImmune is not required to respond to the allegations in Paragraph 96 that relate to other defendants.

97.    Paragraph 97 contains conclusions of law to which no response is required. To the extent that Paragraph 97 requires a response, MedImmune denies the allegations in Paragraph 97 to the extent that they relate to MedImmune. MedImmune is not required to respond to the allegations in Paragraph 97 that relate to other defendants.

4

## FACTUAL BACKGROUND

### The Alabama Medicaid Program

98.    MedImmune admits the first sentence of Paragraph 98. MedImmune is without knowledge or information sufficient to form a belief as to the truth or falsity of the remainder of the allegations in Paragraph 98, and on that basis denies these allegations and demands strict proof thereof. MedImmune is not required to respond to the allegations in Paragraph 98 that relate to other defendants.

99.    MedImmune is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 99, and on that basis denies these allegations and demands strict proof thereof. MedImmune is not required to respond to the allegations in Paragraph 99 that relate to other defendants.

100.    MedImmune denies the allegations in Paragraph 100 to the extent that they relate to MedImmune. MedImmune is not required to respond to the allegations in Paragraph 100 that relate to other defendants.

101.    Admitted.

102.    Paragraph 102 purports to recite laws and regulations and contains conclusions of law to which no response is required. To the extent that Paragraph 102 requires a response, MedImmune denies the allegations in Paragraph 102 to the extent that they relate to MedImmune. MedImmune is not

required to respond to the allegations in Paragraph 102 that relate to other defendants.

### The Defendants' Reporting of Inflated Price Information

103.    With respect to the second sentence of Paragraph 103, MedImmune is without knowledge or information sufficient to determine whether Alabama Medicaid contracted to receive this information from all or some of these publishing agencies and how Alabama Medicaid used it as a basis to provide Medicaid reimbursement and on that basis denies these allegations and demands strict proof thereof. In all other respects, MedImmune denies the remainder of the allegations in Paragraph 103 to the extent they relate to MedImmune. MedImmune is not required to respond to the allegations in Paragraph 103 that relate to other defendants.

104.    MedImmune is without knowledge or information sufficient to determine from which reporting agencies Alabama Medicaid purchased pricing information and how such reporting information was utilized by Alabama Medicaid, and on that basis denies the allegations in Paragraph 104 and demands strict proof thereof. MedImmune is not required to respond to the allegations in Paragraph 104 that relate to other defendants.

105.    MedImmune denies the allegations in Paragraph 105 to the extent that they relate to MedImmune. MedImmune is not required to respond to the allegations in Paragraph 105 that relate to other defendants. Paragraph 105 contains conclusions of law to which no response is required.

106.    MedImmune denies the allegations in Paragraph 106 to the extent that they relate to MedImmune, except that MedImmune admits that it knows the information it reports for its own particular products at the time that MedImmune reports it to one or more industry reporting services. MedImmune is not required to respond to the allegations in Paragraph 106 that relate to other defendants. Paragraph 106 contains conclusions of law to which no response is required.

107.    MedImmune denies the allegations in Paragraph 107 to the extent that they relate to MedImmune. MedImmune is not required to respond to the allegations in Paragraph 107 that relate to other defendants.

### Defendants' Marketing of the "Spread"

108.    MedImmune denies the allegations in Paragraph 108 to the extent that they relate to MedImmune. MedImmune is not required to respond to the allegations in Paragraph 108 that relate to other defendants. Paragraph 108 contains conclusions of law to which no response is required.

109.    MedImmune denies the allegations in Paragraph 109 to the extent that they relate to MedImmune. MedImmune is not required to respond to the allegations in Paragraph 109 that relate to other defendants.

110.    MedImmune denies the allegations in Paragraph 110 to the extent that they relate to MedImmune. MedImmune is not required to respond to the allegations in Paragraph 110 that relate to other defendants.

111.    MedImmune denies the allegations in Paragraph 111 to the extent that they relate to MedImmune. MedImmune is not required to respond to the allegations in Paragraph 111 that relate to other defendants. Paragraph 111 contains conclusions of law to which no response is required.

### Other Lawsuits, Settlements, Government Investigations, and Criminal Proceedings

112.    MedImmune admits that it has been sued by the State of Mississippi, and by certain New York State Counties, and that these lawsuits contain meritless allegations relating to the Average Wholesale Price ("AWP") and Wholesale Acquisition Cost ("WAC") for some of MedImmune's products. In all other respects, MedImmune denies the remainder of the allegations in Paragraph 112 to the extent they relate to MedImmune. MedImmune is not required to respond to the allegations in Paragraph 112 that relate to other defendants.

113.    MedImmune denies the allegations in Paragraph 113 to the extent they relate to MedImmune. MedImmune is not required to respond to the allegations in Paragraph 113 that relate to other defendants. Paragraph 113 contains conclusions of law to which no response is required.

114.    MedImmune states that no federal criminal actions have been brought against MedImmune. MedImmune is not required to respond to the allegations in Paragraph 114 that relate to other defendants. Paragraph 114 contains conclusions of law to which no response is required.

8

115.    Paragraph 115 does not require a response from MedImmune because its allegations relate exclusively to other defendants.  No federal criminal actions have been brought against MedImmune.  Paragraph 115 contains conclusions of law to which no response is required.

116.    Paragraph 116 does not require a response from MedImmune because its allegations relate exclusively to another defendant.

117.    Paragraph 117 does not require a response from MedImmune because its allegations relate exclusively to another defendant.

118.    Paragraph 118 does not require a response from MedImmune because its allegations relate exclusively to another defendant.

119.    Paragraph 119 does not require a response from MedImmune because its allegations relate exclusively to another defendant.

120.    Paragraph 120 does not require a response from MedImmune because its allegations relate exclusively to another defendant.

121.    Paragraph 121 does not require a response from MedImmune because its allegations relate exclusively to other defendants.

122.    Paragraph 122 does not require a response from MedImmune because its allegations relate exclusively to other defendants.  MedImmune has not been the subject of any of the government investigations described in Paragraph 122.  Paragraph 122 contains conclusions of law to which no response is required.

123.    Paragraph 123 does not require a response from MedImmune because its allegations relate exclusively to other defendants.  To the extent that

Paragraph 123 purports to make allegations relating to MedImmune, MedImmune denies the allegations in Paragraph 123. Paragraph 123 contains conclusions of law to which no response is required.

124.    With respect to the first and second sentence of Paragraph 124, MedImmune denies the allegations to the extent that they relate to MedImmune. MedImmune is not required to respond to the allegations in Paragraph 124 that relate to other defendants. MedImmune is without knowledge or information sufficient to form a belief as to the truth or falsity of the remainder of the allegations in Paragraph 124, and on that basis denies them. Paragraph 124 contains conclusions of law to which no response is required.

125.    MedImmune denies the allegations in Paragraph 125 to the extent that they relate to MedImmune, and otherwise denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 125, and affirmatively states that if there were any merit to the claims alleged herein as to MedImmune, it would neither be impractical nor impossible for Plaintiff to allege specifically its claims as to MedImmune, which Plaintiff has entirely failed to do.

126.    MedImmune denies the allegations in Paragraph 126 to the extent that they relate to MedImmune. MedImmune is not required to respond to the allegations in Paragraph 126 that relate to other defendants. Paragraph 126 contains conclusions of law to which no response is required.

## CLAIMS

### COUNT ONE

127.    MedImmune incorporates by reference its responses to Paragraphs 1-126 of the Complaint.

128.    MedImmune denies the allegations in Paragraph 128 to the extent that they relate to MedImmune.  MedImmune is not required to respond to the allegations in Paragraph 128 that relate to other defendants.  Paragraph 128 contains conclusions of law to which no response is required.

129.    MedImmune denies the allegations in Paragraph 129 to the extent that they relate to MedImmune.   MedImmune is not required to respond to the allegations in Paragraph 129 that relate to other defendants.  Paragraph 129 contains conclusions of law to which no response is required.

130.    MedImmune denies the allegations in Paragraph 130 to the extent that they relate to MedImmune.   MedImmune is not required to respond to the allegations in Paragraph 130 that relate to other defendants.  Paragraph 130 contains conclusions of law to which no response is required.

### COUNT TWO

131.    MedImmune incorporates by reference its responses to Paragraphs 1-130 of the Complaint.

140.[1]  MedImmune denies the allegations in Paragraph 140 to the extent that they relate to MedImmune.  MedImmune is not required to respond to the allegations in Paragraph 140 that relate to other defendants.  Paragraph 140 contains conclusions of law to which no response is required.

141.  MedImmune denies the allegations in Paragraph 141 to the extent that they relate to MedImmune.  MedImmune is not required to respond to the allegations in Paragraph 141 that relate to other defendants.  Paragraph 141 contains conclusions of law to which no response is required.

142.  MedImmune denies the allegations in Paragraph 142 to the extent that they relate to MedImmune.  MedImmune is not required to respond to the allegations in Paragraph 142 that relate to other defendants.  Paragraph 142 contains conclusions of law to which no response is required.

## COUNT THREE

143.  MedImmune incorporates by reference its responses to Paragraphs 1-142 of the Complaint.

144.  MedImmune denies the allegations in Paragraph 144 to the extent that they relate to MedImmune.  MedImmune is not required to respond to the allegations in Paragraph 144 that relate to other defendants.  Paragraph 144 contains conclusions of law to which no response is required.

145.  MedImmune denies the allegations in Paragraph 145 to the extent that they relate to MedImmune.  MedImmune is not required to respond to

---

[1] The Complaint has no Paragraphs numbered 132-139. MedImmune's Answer follows the actual numbers of the Paragraphs in the Complaint.

12

the allegations in Paragraph 145 that relate to other defendants. Paragraph 145 contains conclusions of law to which no response is required.

146. MedImmune denies the allegations in Paragraph 146 to the extent that they relate to MedImmune. MedImmune is not required to respond to the allegations in Paragraph 146 that relate to other defendants. Paragraph 146 contains conclusions of law to which no response is required.

147. MedImmune denies the allegations in Paragraph 147 to the extent that they relate to MedImmune. MedImmune is not required to respond to the allegations in Paragraph 147 that relate to other defendants. Paragraph 147 contains conclusions of law to which no response is required.

## COUNT FOUR

148. MedImmune incorporates by reference its responses to Paragraphs 1-147 of the Complaint.

149. MedImmune denies the allegations in Paragraph 149 to the extent that they relate to MedImmune. MedImmune is not required to respond to the allegations in Paragraph 149 that relate to other defendants. Paragraph 149 contains conclusions of law to which no response is required.

150. MedImmune denies the allegations in Paragraph 150 to the extent that they relate to MedImmune. MedImmune is not required to respond to the allegations in Paragraph 150 that relate to other defendants. Paragraph 150 contains conclusions of law to which no response is required.

151.    MedImmune denies the allegations in Paragraph 151 to the extent that they relate to MedImmune.  MedImmune is not required to respond to the allegations in Paragraph 151 that relate to other defendants.  Paragraph 151 contains conclusions of law to which no response is required.

152.    MedImmune denies the allegations in Paragraph 152 to the extent that they relate to MedImmune.  MedImmune is not required to respond to the allegations in Paragraph 152 that relate to other defendants.  Paragraph 152 contains conclusions of law to which no response is required.

## PRAYER FOR RELIEF

MedImmune denies the allegations set forth in Plaintiff's Prayer for Relief to the extent that they relate to MedImmune and denies that Plaintiff is entitled to any of the relief requested therein, or to any relief whatsoever, from MedImmune.  MedImmune is not required to respond to the Prayer for Relief's allegations that relate to other defendants.

*     *     *

MedImmune denies all allegations in the Complaint (including headings) not specifically admitted above.

*     *     *

14

## AFFIRMATIVE DEFENSES

MedImmune sets forth the following affirmative and other defenses. MedImmune does not intend hereby to assume the burden of proof with respect to those matters as to which, pursuant to law, Plaintiff bears the burden. MedImmune reserves the right to assert in the future such other and further defenses as may become available or apparent during pretrial proceedings.

### FIRST DEFENSE

1.    Plaintiff fails to state a claim upon which relief may be granted.

### SECOND DEFENSE

2.    Plaintiff fails to plead fraud with the requisite specificity required under Ala. Rule Civ. Pro. 9(b).

### THIRD DEFENSE

3.    Plaintiff's claims are barred because of the failure to join indispensable parties, e.g. medical providers who receive reimbursement from Alabama Medicaid.

### FOURTH DEFENSE

4.    Plaintiff's claims are barred in whole or in part by the defense of laches, because Plaintiff has been fully aware for years that AWP and WAC are benchmark prices and not actual averages as the Plaintiff now claims.

## FIFTH DEFENSE

5.    Plaintiff's claims are barred by the doctrines of unclean hands, estoppel, ratification, *in pari delicto*, and waiver because, in spite of its knowledge of the true nature of AWP and WAC during the relevant time period, Alabama Medicaid claims to have set reimbursement based on AWP.

## SIXTH DEFENSE

6.    The Plaintiff was fully aware of the true nature of AWP and WAC and cannot prove reliance on any allegedly fraudulent statements.

## SEVENTH DEFENSE

7.    Plaintiff's claims against MedImmune for damages are barred, in whole or in part: (1) because it failed to mitigate its damages, and its failure to mitigate damages should proportionately reduce the recovery of Plaintiff and the allocation of any fault, if any exists, attributable to MedImmune; (2) because it would be unjustly enriched if allowed to recover any portion of the damages alleged in the Complaint; (3) by the doctrine of consent and/or ratification to the extent that Plaintiff has paid for products manufactured, marketed and sold by MedImmune after the filing of Plaintiff's original Complaint; and (4) because they are speculative and remote and because of the impossibility of ascertaining and allocating those alleged damages.

## EIGHTH DEFENSE

8.    Should MedImmune be held liable to Plaintiff, which liability is specifically denied, MedImmune is entitled to a set-off, should any damages be

awarded against it, for the entire amount of all damages or settlement amounts recovered by Plaintiff, with respect to the same alleged injuries, in an amount to be determined by the trier of fact, or any other amounts owed to MedImmune.

### NINTH DEFENSE

9.    Plaintiff's claims are barred because they require resolution of a nonjusticiable controversy.

### TENTH DEFENSE

10.    Plaintiff's claims are preempted, in whole or in part, by federal law, including without limitation the Federal Employment Retirement Income and Security Act of 1974, the Federal Medicare Act, and the Federal Medicaid Act, including all amendments to the same and all regulations promulgated thereunder.

### ELEVENTH DEFENSE

11.    Plaintiff's claims are barred in whole or in part by the failure to comply with applicable statutes and regulations.

### TWELFTH DEFENSE

12.    Plaintiff's claims are barred by the failure to exhaust applicable administrative remedies.

### THIRTEENTH DEFENSE

13.    Plaintiff's claims are barred, in whole or in part, by the filed rate doctrine.

### FOURTEENTH DEFENSE

14.    Plaintiff's claims are barred, in whole or in part, to the extent that Plaintiff has released, settled, entered into an accord and satisfaction or otherwise compromised its claims.

### FIFTEENTH DEFENSE

15.    Plaintiff's claims against MedImmune are barred because MedImmune has complied with all applicable regulations of the federal and state governments.

### SIXTEENTH DEFENSE

16.    Any and all actions taken by MedImmune with respect to any of the matters alleged in the Complaint were taken in good faith and in accordance with standard industry practice.

### SEVENTEENTH DEFENSE

17.    To the extent that Plaintiff attempts to seek equitable relief against MedImmune, Plaintiff is not entitled to such relief because it has an adequate remedy at law.

### EIGHTEENTH DEFENSE

18.    Plaintiff's claims against MedImmune are barred, in whole or in part, because it has suffered no damages as a result of the matters alleged in the Complaint.

### NINETEENTH DEFENSE

19.     Plaintiff's claims are barred, in whole or in part, because any injuries sustained by Plaintiff were the result of its own conduct or the intervening or superceding conduct of third parties.

### TWENTIETH DEFENSE

20.     Any damages recovered by the plaintiff from MedImmune must be limited by the applicable statutory ceilings on recoverable damages, including without limitation, Alabama Code § 6-11-21.

### TWENTY-FIRST DEFENSE

21.     Plaintiff fails to allege facts or a cause of action against MedImmune sufficient to support a claim for compensatory damages, attorneys' fees and/or legal fees, or any other relief.

### TWENTY-SECOND DEFENSE

22.     Some or all of Plaintiff's claims against MedImmune arise from Plaintiff's failure to follow its federal and state statutory and regulatory obligations to properly establish appropriate reimbursement rates.

### TWENTY-THIRD DEFENSE

23.     Plaintiff's unjust enrichment claims are barred, in whole or in part, because MedImmune did not retain any money belonging to the State as a result of any alleged overpayment as required under Alabama law.

## TWENTY-FOURTH DEFENSE

24.    To the extent punitive damages are sought, Plaintiff's punitive damages claims against MedImmune: (1) have no basis in law or fact; (2) are not recoverable because the allegations of the Complaint are legally insufficient to support a claim for punitive damages against MedImmune; (3) cannot be sustained because the laws regarding the standards for determining liability for and the amount of punitive damages fail to give MedImmune prior notice of the conduct for which punitive damages may be imposed and the severity of the penalty that may be imposed, and are void for vagueness in violation of MedImmune's Due Process rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and the Constitution of the State of Alabama; (4) cannot be sustained because any award of punitive damages exceeding the limits authorized by the laws or other comparable laws would violate MedImmune's Due Process and Equal Protection rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and would be improper under the Constitution, common law and laws of the State of Alabama; (5) cannot be sustained because any award of punitive damages without the apportionment of the award separately and severally between or among the alleged joint tortfeasors, as determined by the alleged percentage of the wrong committed by each alleged tortfeasor, would violate MedImmune's Due Process and Equal Protection rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and would be improper under the Constitution, common law, and public policies of the State of Alabama;

and (6) cannot be sustained because any award of punitive damages, which are penal in nature, without according MedImmune the same protections that are accorded to all criminal defendants, including the protection against unreasonable searches and seizures, the privilege against self-incrimination, and the rights to confront adverse witnesses, a speedy trial, and the effective assistance of counsel, would violate MedImmune's rights guaranteed by the Fourth, Fifth, and Sixth Amendment as incorporated into the Fourteenth Amendment to the United States Constitution and would be improper under the Constitution, common law, and public policies of the State of Alabama.

**TWENTY-FIFTH DEFENSE**

25.   To the extent punitive damages are sought, Plaintiff's claims for punitive damages against MedImmune cannot be sustained because an award of punitive damages by a jury that is not provided constitutionally adequate standards of sufficient clarity for determining the appropriate imposition of, and the appropriate size of, a punitive damages award would violate MedImmune's rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and would be improper under the Constitution, common law, and public policies of the State of Alabama.

**TWENTY-SIXTH DEFENSE**

26.   To the extent punitive damages are sought, Plaintiff's claims for punitive damages against MedImmune cannot be sustained because an award of

21

punitive damages that is subject to no predetermined limit, such as a maximum multiple of compensatory damages or a maximum amount of punitive damages that may be imposed, would: (1) violate MedImmune's Due Process rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution; (2) violate MedImmune's right not to be subjected to an excessive award; and (3) be improper under the Constitution, common law, and public policies of the State of Alabama.

## TWENTY-SEVENTH DEFENSE

27.    MedImmune hereby gives notice that it intends to rely upon any other and additional defense that is now or may become available or appear during, or as a result of the discovery proceedings in this action and hereby reserves its right to amend its answer to assert such defense.

## TWENTY-EIGHTH DEFENSE

28.    Plaintiff has no standing or capacity to bring some or all of the claims raised in this suit to recover Medicaid expenditures or to seek injunctive relief.

## TWENTY-NINTH DEFENSE

29.    Plaintiff has not suffered, and will not suffer, any injury to a legally protected or cognizable interest by reason of the conduct of MedImmune as alleged in the Complaint.

### THIRTIETH DEFENSE

30. To the extent Plaintiff obtains recovery in any other case predicated on the same factual allegations, Plaintiff is barred from seeking recovery against MedImmune based on the Complaint pursuant to the prohibition on double recovery for the same injury.

### THIRTY-FIRST DEFENSE

31. Plaintiff's claims are barred in whole or in part by the applicable statute(s) of limitations.

### THIRTY-SECOND DEFENSE

32. Plaintiff's claims are barred in whole or in part because the State cannot retroactively revive claims barred by an applicable statute of limitations.

### THIRTY-THIRD DEFENSE

33. Plaintiff's claims are barred in whole or in part because the amounts claimed as damages were voluntary payments by the State.

### THIRTY-FOURTH DEFENSE

34. Plaintiff fails to allege facts sufficient to invoke the savings provision of Alabama Code § 6-2-3.

### THIRTY-FIFTH DEFENSE

35.    Plaintiff's claims of unjust enrichment fail because of their failure to timely bring the claim.

### THIRTY-SIXTH DEFENSE

36.    Plaintiff's claims are barred, in whole or in part, because Plaintiff's damages, if any, are too speculative and uncertain.

### THIRTY-SEVENTH DEFENSE

37.    Plaintiff's claims are barred, in whole or in part, because they violate MedImmune's rights under the Due Process and *Ex Post Facto* clauses of the United States Constitution, as well as the Constitution of the State of Alabama, insofar as Plaintiff seeks to impose liability retroactively for conduct that was not actionable at the time it occurred.

### THIRTY-EIGHTH DEFENSE

38.    Plaintiff's claims against MedImmune for damages are barred, in whole or in part, because Plaintiff would be unjustly enriched if allowed to recover any portion of the damages alleged in the Complaint.

### THIRTY-NINTH DEFENSE

39.    Plaintiffs are estopped from claiming to have been defrauded by virtue of any action by MedImmune because Plaintiff has been fully aware for years that AWP and WAC are benchmark prices and not actual averages as the Plaintiff now claims.

24

### FORTIETH DEFENSE

40.    Plaintiff's unjust enrichment claims are barred, in whole or in part, because MedImmune did not retain any money belonging to the State as a result of any alleged overpayments as required under Alabama law.

### FORTY-FIRST DEFENSE

41.    MedImmune's statements or actions were not the proximate cause or cause in fact of any injury to or alleged loss by plaintiff.

### FORTY-SECOND DEFENSE

42.    Plaintiff's claims against MedImmune for injunctive relief were mooted by the passage of the Medicare Prescription Drug, Improvement and Modernization Act of 2003.

### FORTY-THIRD DEFENSE

43.    Plaintiff's claims against MedImmune are misjoined with Plaintiff's claims against other defendants and must be severed.

### FORTY-FOURTH DEFENSE

44.    MedImmune hereby gives notice that it intends to rely upon any other and additional defense that is now or may become available or appear during, or as a result of the discovery proceedings in this action and hereby reserves its right to amend its answer to assert such defense.

## FORTY-FIFTH DEFENSE

45.    MedImmune adopts, by reference, any applicable defense pleaded by any other defendant not otherwise expressly set forth herein.

WHEREFORE, defendant MedImmune, Inc. demands that: (1) the Complaint be in all respects dismissed as to it; (2) it be awarded its costs of defending this action, including its reasonable attorneys' fees; and (3) it be awarded such other and further relief as the Court may deem just and proper.

Dated:  Montgomery, Alabama
January 30, 2006

Respectfully submitted,

Of counsel:
Steven M. Umin, Esq.
Beth A. Levene, Esq.
James V. Hayes, Esq.
Hannah M. Stott-Bumsted, Esq.
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, N.W.
Washington, D.C. 20005-5901
Telephone: (202) 434-5000
Facsimile: (202) 434-5029

_Lee H. Copeland_ by GWW w/ express permission

Lee H. Copeland, Esq. (COP004)
COPLEAND, FRANCO, SCREWS
& GILL, P.A.
444 South Perry Street
Post Office Box 347
Montgomery, Alabama 36101-0347
Telephone: (334) 834-1180
Facsimile: (334) 834-3172

**_Attorneys for Defendant_**
**_MedImmune, Inc._**

26

## CERTIFICATE OF SERVICE

I hereby certify that I have on this 30th day of January, 2006, electronically served a true and correct copy of the foregoing pleading on counsel of record by transmission to LNFS, pursuant to Case Management Order No. 2.

Of Counsel