

IN THE CIRCUIT COURT OF
MONTGOMERY COUNTY, ALABAMA

STATE OF ALABAMA,

    **Plaintiff**

    v.

ABBOTT LABORATORIES, INC., *et al.*,

    **Defendants**

Case No. CV-05-219

## ANSWER OF DEFENDANT MERCK & CO., INC. TO THE STATE OF ALABAMA'S SECOND AMENDED COMPLAINT

Defendant Merck & Co., Inc. ("Merck"), for its Answer to the State of Alabama's Second Amended Complaint ("Complaint") in the captioned action, by its undersigned counsel, alleges upon knowledge as to itself, and upon information and belief as to all other matters, as follows:

### INTRODUCTION[1]

1. Merck denies each and every allegation set forth in paragraph 1 of the Complaint as to Merck, and otherwise states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

2. Merck denies that Merck is or has been involved in any fraudulent pricing scheme, and states that it is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 2 of the Complaint.

3. Merck admits that the State of Alabama purports to bring this action, denies that there is any basis on which to permit the State to do so, denies the existence of any "drug-pricing scheme," denies that Merck is or has been involved in any such scheme, denies that Merck has

---

[1] For ease of reference, Merck has included in this Answer the captions used in the Complaint, but does not thereby admit any inference that could be drawn from those captions.

obtained any profits as a result of any such alleged scheme, and states that it is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 3 of the Complaint.

4.  Merck denies each and every allegation set forth in paragraph 4 of the Complaint as to Merck, except admits that the State of Alabama purports to seek legal and equitable redress but denies there is any basis on which to permit it to do so, and otherwise states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

## PARTIES

5.  Merck admits that the State of Alabama purports to bring this action in its capacity as sovereign and on behalf of the Alabama Medicaid Agency but denies that there is any basis on which to permit it to do so.

6.  Merck states it is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 6 of the Complaint and further respectfully refers the Court to Alabama Code § 36-15-12 for a full and complete reading of its provisions.

7.– 60.  Paragraphs 7 to 60 are plaintiff's party allegations concerning other defendants, as to which Merck lacks knowledge or information sufficient to form a belief as to the truth of the allegations.

61.  Merck admits that it is a New Jersey corporation, that its principal place of business is Whitehouse Station, New Jersey, that Merck's business includes developing, manufacturing, marketing and/or selling prescription pharmaceuticals, and that the following prescription pharmaceuticals, which are identified in Exhibit A to the Complaint as reimbursed by Alabama Medicaid, are now manufactured, distributed, marketed or sold by Merck:

2

Cancidas®, Cosopt®, Cozaar®, Crixivan®, Dolobid®, Fosamax®, Hyzaar®, Maxalt®, Maxalt-MLT®, Mevacor®, Pepcid®, Primaxin®, Prinivil®, Prinzide®, Proscar®, Singulair®, Timoptic®, Timoptic-XE®, Trusopt®, Zocor®; Merck denies that the other pharmaceuticals attributed to Merck in Exhibit A are now manufactured, distributed, marketed or sold by Merck, and denies the remaining allegations set forth in Paragraph 61.

62.– 93. Paragraphs 62 to 93 are plaintiff's party allegations concerning other defendants, as to which Merck lacks knowledge or information sufficient to form a belief as to the truth of the allegations.

94. Merck denies each and every allegation set forth in paragraph 94 of the Complaint as to Merck, and otherwise states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

## JURISDICTION AND VENUE

95. Merck states that paragraph 95 of the Complaint states a conclusion of law as to which no answer is required.

96. Merck admits the allegations set forth in paragraph 96 of the Complaint as to Merck, and otherwise states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

97. Merck states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 97.

## FACTUAL BACKGROUND

### The Alabama Medicaid Program

98. Merck admits that the Alabama Medicaid Program is a state-administered program with federal matching funds which pays for medical care, including prescription drug benefits, for certain Alabama citizens, and states that it is otherwise without knowledge or

3

information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 98 of the Complaint.

99. Merck denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 99 of the Complaint.

100. Merck denies each and every allegation set forth in paragraph 100 of the Complaint as to Merck, except admits that, from time to time during the relevant period, Merck provided its direct or catalog price for certain of its drugs to third party publications and avers that AWP is commonly understood to be a benchmark used in the industry as a point of reference and not an average price charged by wholesalers to the entities identified in paragraph 100, and states that it is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations therein.

101. Merck admits the allegations set forth in paragraph 101 of the Complaint.

102. Merck denies each and every allegation set forth in paragraph 102 of the Complaint as to Merck, denies that paragraph 102 adequately summarizes the Medicare Part B law, and otherwise states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

### The Defendants' Reporting of Inflated Pricing Information

103. Merck denies each and every allegation set forth in paragraph 103 of the Complaint as to Merck, and otherwise states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

104. Merck denies knowledge or information sufficient to form a belief about the truth of the allegations set forth in paragraph 104 of the Complaint.

105. Merck denies each and every allegation set forth in paragraph 105 of the Complaint as to Merck, and otherwise states that it is without knowledge or information

4

sufficient to form a belief as to the truth of the allegations set forth therein.

106. Merck denies each and every allegation set forth in paragraph 106 of the Complaint as to Merck, except admits that Merck knows the WAC and/or Direct Price of its own pharmaceuticals, and otherwise states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

107. Merck denies each and every allegation set forth in paragraph 107 of the Complaint as to Merck, and otherwise states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

**Defendants' Marketing of the "Spread"**

108. Merck denies each and every allegation set forth in paragraph 108 of the Complaint as to Merck, and otherwise states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

109. Merck denies each and every allegation set forth in paragraph 109 of the Complaint as to Merck, and otherwise states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

110. Merck denies each and every allegation set forth in paragraph 110 of the Complaint as to Merck, and otherwise states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

111. Merck denies each and every allegation set forth in paragraph 111 of the Complaint as to Merck, and otherwise states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

**Other Lawsuits, Settlements, Government Investigations, and Criminal Proceedings**

112. Merck denies each and every allegation set forth in paragraph 112 of the Complaint, except admits that other plaintiffs have filed complaints asserting similar claims and

5

that some of the complaints name Merck as a defendant, and avers that the nearly identical complaint in *County of Suffolk v. Abbott Laboratories, Inc.* No. 1:03-cv-10643 was dismissed as to Merck.

113.  Merck denies each and every allegation set forth in paragraph 113 of the Complaint as to Merck, and otherwise states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein, except admits that Merck is one of the defendants named in *The City of New York v. Abbott Laboratories, Inc.*, 04-CV-06054, filed in the United States District Court for the Southern District of New York (August 4, 2004), and avers that the nearly identical complaint in *County of Suffolk v. Abbott Laboratories, Inc.*, No. 1:03-cv-10643 was dismissed as to Merck.

114.  Merck denies each and every allegation set forth in paragraph 114 of the Complaint as to Merck, and otherwise states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

115.  Paragraph 115 of the Complaint appears to contain no allegations as to, or relevant to, any claims against Merck and therefore requires no answer; to the extent Plaintiff purports to make allegations as to Merck, Merck denies each and every allegation set forth in paragraph 115 of the Complaint as to Merck, and otherwise states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

116.  Paragraph 116 of the Complaint appears to contain no allegations as to, or relevant to, any claims against Merck and therefore requires no answer; to the extent Plaintiff purports to make allegations as to Merck, Merck denies each and every allegation set forth in paragraph 115 of the Complaint as to Merck, and otherwise states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

117.  Paragraph 117 of the Complaint appears to contain no allegations as to, or relevant to, any claims against Merck and therefore requires no answer; to the extent Plaintiff purports to make allegations as to Merck, Merck denies each and every allegation set forth in paragraph 117 of the Complaint as to Merck, and otherwise states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

118.  Paragraph 118 of the Complaint appears to contain no allegations as to, or relevant to, any claims against Merck and therefore requires no answer; to the extent Plaintiff purports to make allegations as to Merck, Merck denies each and every allegation set forth in paragraph 118 of the Complaint as to Merck, and otherwise states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

119.  Paragraph 119 of the Complaint appears to contain no allegations as to, or relevant to, any claims against Merck and therefore requires no answer; to the extent Plaintiff purports to make allegations as to Merck, Merck denies each and every allegation set forth in paragraph 119 of the Complaint as to Merck, and otherwise states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

120.  Paragraph 120 of the Complaint appears to contain no allegations as to, or relevant to, any claims against Merck and therefore requires no answer; to the extent Plaintiff purports to make allegations as to Merck, Merck denies each and every allegation set forth in paragraph 120 of the Complaint as to Merck, and otherwise states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

121.  Paragraph 121 of the Complaint appears to contain no allegations as to, or relevant to, any claims against Merck and therefore requires no answer; to the extent Plaintiff purports to make allegations as to Merck, Merck denies each and every allegation set forth in

paragraph 121 of the Complaint as to Merck, and otherwise states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

122. Paragraph 122 of the Complaint appears to contain no allegations as to, or relevant to, any claims against Merck and therefore requires no answer; to the extent Plaintiff purports to make allegations as to Merck, Merck denies each and every allegation set forth in paragraph 122 of the Complaint as to Merck, and otherwise states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

123. Paragraph 123 of the Complaint appears to contain no allegations as to, or relevant to, any claims against Merck and therefore requires no answer; to the extent Plaintiff purports to make allegations as to Merck, Merck denies each and every allegation set forth in paragraph 123 of the Complaint as to Merck, and otherwise states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

124. Merck denies each and every allegation set forth in paragraph 124 of the Complaint as to Merck, and otherwise states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations therein.

125. Merck denies each and every allegation set forth in paragraph 125 of the Complaint as to Merck, and otherwise states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations therein, and avers that if there were any merit to the claims alleged herein as to Merck, it would neither be impractical nor impossible for the Plaintiff to allege specifically its claims as to Merck, which Plaintiff has entirely failed to do.

126. Merck denies each and every allegation set forth in paragraph 126 of the Complaint as to Merck, and otherwise states that it is without knowledge or information

sufficient to form a belief as to the truth of the allegations set forth therein.

## CLAIMS

### COUNT ONE - FRAUDULENT MISREPRESENTATION

127. Merck repeats and incorporates by reference its responses to numbered paragraphs 1 through 126 above.

128. Merck denies each and every allegation set forth in paragraph 128 of the Complaint as to Merck, and otherwise states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein, and avers that from time to time during the relevant period, Merck provided direct or catalog prices for certain of its drugs to third party publications and affirmatively states that such prices accurately reflected Merck's catalog prices.

129. Merck denies each and every allegation set forth in paragraph 129 of the Complaint as to Merck, and otherwise states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations therein.

130. Merck denies each and every allegation set forth in paragraph 130 of the Complaint as to Merck, and otherwise states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

### COUNT TWO - FRAUDULENT SUPPRESSION

131. Merck repeats and incorporates by reference its responses to paragraphs 1 through 130 above.

132. – 139. Paragraphs numbered 132 to 139 are omitted from the Complaint and no response by Merck is required.

140. Merck denies each and every allegation set forth in paragraph 140 of the Complaint as to Merck, and otherwise states that it is without knowledge or information sufficient to form a

belief as to the truth of the allegations set forth therein.

141. Merck denies each and every allegation set forth in paragraph 141 of the Complaint as to Merck, and otherwise states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations therein.

142. Denies each and every allegation set forth in paragraph 142 of the Complaint as to Merck, and otherwise states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

## COUNT THREE - WANTONNESS

143. Merck repeats and incorporates by reference its responses to paragraphs 1 through 142 above.

144. Merck denies each and every allegation set forth in paragraph 144 of the Complaint as to Merck, and otherwise states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

145. Merck denies each and every allegation set forth in paragraph 145 of the Complaint as to Merck, and otherwise states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

146. Merck denies each and every allegation set forth in paragraph 146 of the Complaint as to Merck, and otherwise states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

147. Merck denies each and every allegation set forth in paragraph 147 of the Complaint as to Merck, and otherwise states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

## COUNT FOUR - UNJUST ENRICHMENT

148. Merck repeats and incorporates by reference its responses to paragraphs 1 through 147 above.

149. Merck denies each and every allegation set forth in paragraph 149 of the Complaint as to Merck, and otherwise states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

150. Merck denies each and every allegation set forth in paragraph 150 of the Complaint as to Merck, and otherwise states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

151. Merck denies each and every allegation set forth in paragraph 151 of the Complaint as to Merck, and otherwise states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

152. Merck denies each and every allegation set forth in paragraph 152 of the Complaint as to Merck, and otherwise states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

Merck further denies that plaintiffs are entitled to a judgment or any other relief requested in their section entitled "PRAYER FOR RELIEF" and the unnumbered "WHEREFORE" paragraph following paragraph 144 of the Complaint.

## DEFENSES OF MERCK & CO., INC.

By alleging the matters set forth below, Merck does not allege or admit that it has the burden of proof and/or the burden of persuasion with respect to any of these matters or that plaintiff is relieved of its burdens to prove each and every element of its claims and the damages, if any, to which it is entitled. As and for its affirmative defenses, Merck alleges as follows:

### First Affirmative Defense

Plaintiff fails to state a claim against Merck upon which relief may be granted.

### Second Affirmative Defense

Plaintiff's claims are barred, in whole or in part, by the political question and separation of powers doctrines.

### Third Affirmative Defense

Plaintiff lacks standing or capacity to bring some or all of the claims raised in this suit to recover Medicaid expenditures or to seek injunctive relief.

### Fourth Affirmative Defense

Plaintiff has not suffered, and will not suffer, any injury to a legally protected or cognizable interest by reason of the conduct of Merck as alleged in the Complaint.

### Fifth Affirmative Defense

To the extent plaintiff obtains recovery in any other case predicated on the same factual allegations, plaintiff is barred from seeking recovery against Merck based on the Complaint pursuant to the doctrines of res judicata and collateral estoppel, and the prohibition on double recovery for the same injury.

### Sixth Affirmative Defense

Plaintiff's claims are barred, in whole or in part, by the First Amendment to the United States Constitution and the analogous provisions of the Constitution of the State of Alabama.

### Seventh Affirmative Defense

Plaintiff's claims are barred, in whole or in part, by the filed rate doctrine.

### Eighth Affirmative Defense

Plaintiff's claims are barred, in whole or in part, to the extent that plaintiff has released, settled, entered into an accord and satisfaction or otherwise compromised its claims.

### Ninth Affirmative Defense

Plaintiff's claims are preempted, in whole or in part, by federal law, including without limitation the Federal Employment Retirement Income and Security Act of 1974, the Federal Medicare Act, and the Federal Medicaid Act, including all amendments to the same and all regulations promulgated thereunder, and by the Commerce Clause of the United States Constitution.

### Tenth Affirmative Defense

Plaintiff's claims against Merck are barred because Merck has complied with all applicable regulations of the federal and state governments.

### Eleventh Affirmative Defense

Plaintiff's claims against Merck are barred, in whole or in part, by the applicable statutes of limitations and repose, and by the doctrines of laches, estoppel and waiver.

### Twelfth Affirmative Defense

Plaintiff's claims are barred, in whole or in part, because they violate Merck's rights under the Due Process and *Ex Post Facto* clauses of the United States Constitution, as well as the Constitution of the State of Alabama, insofar as plaintiff seeks to impose liability retroactively for conduct that was not actionable at the time it occurred.

### Thirteenth Affirmative Defense

Plaintiff's claims are barred, in whole or in party, because Merck's statements or actions were not the proximate cause or cause in fact of any injury to or alleged loss by plaintiff, and injuries sustained by plaintiff were the result of its own conduct or the intervening or superseding conduct of third parties.

### Fourteenth Affirmative Defense

Plaintiff's claims for equitable relief against Merck are barred by the doctrines of adequate remedy at law, *in pari delicto*, and/or unclean hands, and, with respect to Plaintiff's claims against Merck for injunctive relief, mootness, due to the passage of the Medicare Prescription Drug, Improvement and Modernization Act of 2003.

### Fifteenth Affirmative Defense

Plaintiff's claims against Merck are barred, in whole or in part, due to its failure to join indispensable parties.

### Sixteenth Affirmative Defense

Plaintiff's claims against Merck are barred, in whole or in part, because it has suffered no damages as a result of the matters alleged in the Complaint.

### Seventeenth Affirmative Defense

Plaintiff's claims against Merck for damages are barred, in whole or in part: (1) because it failed to mitigate its damages, and its failure to mitigate damages should proportionately reduce the recovery of plaintiff and the allocation of any fault, if any exists, attributable to Merck; (2) because it would be unjustly enriched if allowed to recover any portion of the damages alleged in the Complaint; (3) by the doctrine of consent and/or ratification to the extent that plaintiff has paid for products manufactured, marketed and sold by Merck after the filing of plaintiff's original Complaint; and (4) because they are speculative and remote and because of the impossibility of ascertaining and allocating of those alleged damages.

### Eighteenth Affirmative Defense

Merck is entitled to a set-off, should any damages be awarded against it, for the entire amount of all damages or settlement amounts recovered by plaintiff, with respect to the same alleged injuries.

### Nineteenth Affirmative Defense

Any damages recovered by the plaintiff from Merck must be limited by the applicable statutory ceilings on recoverable damages.

### Twentieth Affirmative Defense

Plaintiff fails to allege facts or a cause of action against Merck sufficient to support a claim for compensatory damages, attorneys' fees and/or legal fees, or any other relief.

### Twenty-First Affirmative Defense

The Complaint fails to allege the circumstances purportedly constituting fraud as to Merck with the particularity required by Alabama Rule of Civil Procedure 9(b).

### Twenty-Second Affirmative Defense

Some or all of plaintiff's claims against Merck arise from plaintiff's failure to follow its federal and state statutory and regulatory obligations to properly establish appropriate reimbursement rates.

### Twenty-Third Affirmative Defense

Plaintiff's unjust enrichment claims are barred, in whole or in part, because Merck did not retain any money belonging to the State as a result of any alleged overpayments as required under Alabama law, and by the existence of express, written agreements covering the subject matter of plaintiff's claims.

### Twenty-Fourth Affirmative Defense

Plaintiff has by its conduct waived, or is now estopped, to obtain any recovery from Merck.

### Twenty-Fifth Affirmative Defense

Plaintiff did not reasonably rely upon any alleged misrepresentations or omissions by Merck.

### Twenty-Sixth Affirmative Defense

Plaintiff's claims against Merck are barred in whole or in part by the doctrine of voluntary payment.

### Twenty-Seventh Affirmative Defense

Plaintiff has failed to exhaust available statutory and administrative remedies.

### Twenty-Eighth Affirmative Defense

To the extent punitive damages are sought, Plaintiff's punitive damages claims against Merck: (1) have no basis in law or fact; (2) are not recoverable because the allegations of the Complaint are legally insufficient to support a claim for punitive damages against Merck; (3) cannot be sustained because the laws regarding the standards for determining liability for and the amount of punitive damages fails to give Merck prior notice of the conduct for which punitive damages may be imposed and the severity of the penalty that may be imposed, and are void for vagueness in violation of Merck's Due Process rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and the Constitution of the State of Alabama; (4) cannot be sustained because any award of punitive damages exceeding the limits authorized by the laws or other comparable laws would violate Merck's due process and equal protection rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and would be improper under the Constitution, common law and laws of the State of Alabama; (5) cannot be sustained because an award of punitive damages in this case, combined with any prior, contemporaneous, or subsequent judgments against Merck for punitive damages arising from the design, development, manufacture, fabrication, distribution, supply, marketing, sale, or use of Merck's products would constitute impermissible multiple punishments for the same wrong, in violation of Merck's Due Process and Equal Protection rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and would constitute double jeopardy

in violation of the Constitution, common law, and statutory laws of the State of Alabama; (6) cannot be sustained because any award of punitive damages without the apportionment of the award separately and severally between or among the alleged joint tortfeasors, as determined by the alleged percentage of the wrong committed by each alleged tortfeasor, would violate Merck's Due Process and Equal Protection rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and would be improper under the Constitution, common law, and public policies of the State of Alabama; and (7) cannot be sustained because any award of punitive damages, which are penal in nature, without according Merck the same protections that are accorded to all criminal defendants, including the protection against unreasonable searches and seizures, the privilege against self-incrimination, and the rights to confront adverse witnesses, a speedy trial, and the effective assistance of counsel, would violate Merck's rights guaranteed by the Fourth, Fifth, and Sixth Amendment as incorporated into the Fourteenth Amendment to the United States Constitution and would be improper under the Constitution, common law, and public policies of the State of Alabama.

### Twenty-Ninth Affirmative Defense

To the extent punitive damages are sought, Plaintiff's claims for punitive damages against Merck cannot be sustained because an award of punitive damages by a jury that: (1) is not provided constitutionally adequate standards of sufficient clarity for determining the appropriate imposition of, and the appropriate size of, a punitive damages award; (2) is not adequately instructed on the limits of punitive damages imposed by the applicable principles of deterrence and punishment; (3) is not expressly prohibited from awarding punitive damages, or determining the amount of an award of punitive damages, in whole or in part on the basis of invidiously discriminatory characteristics, including without limitation the residence, wealth, and corporate status of Merck; (4) is permitted to award punitive damages under a standard for

17

determining liability for punitive damages that is vague and arbitrary and does not define with sufficient clarity the conduct or mental state that makes punitive damages permissible; (5) is not properly instructed regarding plaintiff's burden of proof with respect to each and every element of a claim for punitive damages; and (6) is not subject to trial court and appellate judicial review for reasonableness and furtherance of legitimate purposes on the basis of constitutionally adequate and objective standards, would violate Merck's Due Process and Equal Protection rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution, and would be improper under the Constitution, common law, and public policies of the State of Alabama.

### Thirtieth Affirmative Defense

Merck hereby gives notice that it intends to rely upon any other and additional defense that is now or may become available or appear during, or as a result of the discovery proceedings in this action and hereby reserves its right to amend its answer to assert such defense.

WHEREFORE, defendant Merck & Co., Inc. demands: (1) that the Complaint be in all respects dismissed as to it; (2) its costs of defending this action; and (3) such other and further relief as the Court may deem just and proper.

Dated: January 30, 2006

By _____
Robert C. Brock (BRO040)
Robert A. Huffaker (HUF003)
F. Chadwick Morriss (MOR033)
RUSHTON, STAKELY, JOHNSTON & GARRETT, P.A.
Post Office Box 270
184 Commerce Street
Montgomery, Alabama 36104
Tel: (334) 206-3100
Fax: (334) 481-0801

18

John M. Townsend
Robert P. Reznick
Robert B. Funkhouser
HUGHES HUBBARD & REED LLP
1775 I Street, N.W., Suite 600
Washington, DC 20006-2401
Tel: (202 721-4600
Fax: (202) 721-4646

*Attorneys for Defendant Merck & Co., Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that I have on this 30th day of January, 2006, electronically served a true and correct copy of the foregoing pleading on counsel of record by transmission to LNFS, pursuant to Case Management Order No. 2.

_____
Of Counsel