

10450864

Jan 30 2006
2:55PM

IN THE CIRCUIT COURT OF
MONTGOMERY COUNTY, ALABAMA

|  |  |  |
|---|---|---|
| STATE OF ALABAMA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV-05-219 |
| | ) | |
| ABBOTT LABORATORIES, INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |

**ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANTS MYLAN
LABORATORIES INC., MYLAN PHARMACEUTICALS INC., AND UDL
LABORATORIES, INC. TO PLAINTIFF'S SECOND AMENDED COMPLAINT**

Defendants Mylan Laboratories Inc., Mylan Pharmaceuticals Inc., and UDL

Laboratories, Inc. (hereafter "Mylan"), by their undersigned attorneys, as and for their Answer to

the Plaintiff's Second Amended Complaint (the "Complaint"), allege as set forth below:

Mylan specifically denies any and all allegations contained in headings, footnotes,

or unnumbered Paragraphs in the Complaint.

1.      Mylan denies the allegations in Paragraph 1 of the Complaint insofar as

they pertain to Mylan. To the extent the allegations in Paragraph 1 of the Complaint refer to the

knowledge, conduct, or actions of persons, entities, or defendants other than Mylan, Mylan is

without knowledge or information sufficient to form a belief as to the truth of the allegations,

and therefore denies those allegations.

2.      Mylan denies having knowledge or information sufficient to form a belief

as to the truth of the allegations in Paragraph 2 of the Complaint, and therefore, denies those

allegations.

3.    Mylan denies the allegations in Paragraph 3 of the Complaint insofar as they pertain to Mylan. To the extent the allegations in Paragraph 3 of the Complaint refer to the knowledge, conduct, or actions of persons, entities, or defendants other than Mylan, Mylan is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies those allegations.

4.    Mylan denies the allegations in Paragraph 4 of the Complaint insofar as they pertain to Mylan. To the extent the allegations in Paragraph 4 of the Complaint refer to the knowledge, conduct, or actions of persons, entities, or defendants other than Mylan, Mylan is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies those allegations.

5.    Mylan admits that the State of Alabama purports to bring this action in its capacity as sovereign and on behalf of the Alabama Medicaid Agency but denies that there is any basis on which to permit it to do so.

6.    Mylan denies the allegations in Paragraph 6 of the Complaint and respectfully refers the Court to the referenced statute as the best evidence of its terms.

7-61.    Mylan denies having knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraphs 7 through 61 of the Complaint, and therefore, denies those allegations.

62.    Mylan admits the allegations in Paragraph 62 of the Complaint.

63.    Mylan denies the allegations in Paragraph 63 of the Complaint, except admits that Mylan Pharmaceuticals Inc. is a West Virginia corporation and a subsidiary of Mylan Laboratories Inc.

64.    Mylan admits the allegations in Paragraph 64 of the Complaint.

65.     Mylan denies the allegations in Paragraph 65 of the Complaint, except admits Mylan Pharmaceuticals Inc. and UDL Laboratories, Inc. are wholly owned subsidiaries of Mylan Laboratories Inc.; Mylan Pharmaceuticals Inc. develops, manufactures, markets and distributes pharmaceutical products; UDL Laboratories, Inc. packages and markets pharmaceutical products. Mylan Laboratories Inc. affirmatively alleges that it does not manufacture, market, distribute, package or sell any pharmaceutical products in Alabama. To the extent the allegations in Paragraph 65 refer to the knowledge, conduct, or actions of persons, entities, or defendants other than Mylan, Mylan is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies those allegations.

66-93. Mylan denies having knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraphs 66 through 93 of the Complaint, and therefore, denies those allegations.

94.     Mylan denies the allegations in Paragraph 94 of the Complaint insofar as they pertain to Mylan. To the extent the allegations in Paragraph 94 of the Complaint refer to the knowledge, conduct, or actions of persons, entities, or defendants other than Mylan, Mylan is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies those allegations.

95.     Mylan denies the allegations in Paragraph 95 of the Complaint.

96.     Mylan denies the allegations in Paragraph 96 of the Complaint insofar as they pertain to Mylan. To the extent the allegations in Paragraph 96 of the Complaint refer to the knowledge, conduct, or actions of persons, entities, or defendants other than Mylan, Mylan is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies those allegations.

- 3 -

97.    Mylan denies the allegations in Paragraph 97 of the Complaint insofar as they pertain to Mylan. To the extent the allegations in Paragraph 97 of the Complaint refer to the knowledge, conduct, or actions of persons, entities, or defendants other than Mylan, Mylan is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies those allegations.

98.    Mylan denies having knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 98 of the Complaint, and therefore, denies those allegations.

99.    Mylan denies having knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 99 of the Complaint, and therefore, denies those allegations.

100.    Mylan denies the allegations in Paragraph 100 of the Complaint insofar as they pertain to Mylan. To the extent the allegations in Paragraph 100 of the Complaint refer to the knowledge, conduct, or actions of persons, entities, or defendants other than Mylan, Mylan is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies those allegations.

101.    Mylan admits that Medicare is a health insurance program created by the federal government, and refers the Court to the relevant statutes and regulations for a complete and accurate description of the program, and otherwise denies the balance of Paragraph 101 of the Complaint.

102.    Mylan admits that Medicare is a health insurance program created by the federal government, and refers the Court to the relevant statutes and regulations for a complete

- 4 -

and accurate description of the program, and otherwise denies the balance of Paragraph 102 of the Complaint.

103.    Mylan denies the allegations in Paragraph 103 of the Complaint insofar as they pertain to Mylan. To the extent the allegations in Paragraph 103 of the Complaint refer to the knowledge, conduct, or actions of persons, entities, or defendants other than Mylan, Mylan is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies those allegations.

104.    Mylan denies the allegations in Paragraph 104 of the Complaint insofar as they pertain to Mylan. To the extent the allegations in Paragraph 104 of the Complaint refer to the knowledge, conduct, or actions of persons, entities, or defendants other than Mylan, Mylan is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies those allegations.

105.    Mylan denies the allegations in Paragraph 105 of the Complaint insofar as they pertain to Mylan. To the extent the allegations in Paragraph 105 of the Complaint refer to the knowledge, conduct, or actions of persons, entities, or defendants other than Mylan, Mylan is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies those allegations.

106.    Mylan denies the allegations in Paragraph 106 of the Complaint insofar as they pertain to Mylan. To the extent the allegations in Paragraph 106 of the Complaint refer to the knowledge, conduct, or actions of persons, entities, or defendants other than Mylan, Mylan is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies those allegations.

107.    Mylan denies the allegations in Paragraph 107 of the Complaint insofar as they pertain to Mylan. To the extent the allegations in Paragraph 107 of the Complaint refer to the knowledge, conduct, or actions of persons, entities, or defendants other than Mylan, Mylan is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies those allegations.

108.    Mylan denies the allegations in Paragraph 108 of the Complaint insofar as they pertain to Mylan. To the extent the allegations in Paragraph 108 of the Complaint refer to the knowledge, conduct, or actions of persons, entities, or defendants other than Mylan, Mylan is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies those allegations.

109.    Mylan denies the allegations in Paragraph 109 of the Complaint insofar as they pertain to Mylan. To the extent the allegations in Paragraph 109 of the Complaint refer to the knowledge, conduct, or actions of persons, entities, or defendants other than Mylan, Mylan is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies those allegations.

110.    Mylan denies the allegations in Paragraph 110 of the Complaint insofar as they pertain to Mylan. To the extent the allegations in Paragraph 110 of the Complaint refer to the knowledge, conduct, or actions of persons, entities, or defendants other than Mylan, Mylan is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies those allegations.

111.    Mylan denies the allegations in Paragraph 111 of the Complaint insofar as they pertain to Mylan. To the extent the allegations in Paragraph 111 of the Complaint refer to the knowledge, conduct, or actions of persons, entities, or defendants other than Mylan, Mylan is

without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies those allegations.

112.    Mylan denies each and every allegation set forth in Paragraph 112 of the Complaint, except admits that other plaintiffs have filed complaints alleging similarly meritless claims.

113.    Mylan denies the allegations in Paragraph 113 of the Complaint insofar as they pertain to Mylan. To the extent the allegations in Paragraph 113 of the Complaint refer to the knowledge, conduct, or actions of persons, entities, or defendants other than Mylan, Mylan is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies those allegations.

114.    Mylan denies the allegations in Paragraph 114 of the Complaint insofar as they pertain to Mylan. To the extent the allegations in Paragraph 114 of the Complaint refer to the knowledge, conduct, or actions of persons, entities, or defendants other than Mylan, Mylan is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies those allegations.

115.    Mylan denies the allegations in Paragraph 115 of the Complaint insofar as they pertain to Mylan. To the extent the allegations in Paragraph 115 of the Complaint refer to the knowledge, conduct, or actions of persons, entities, or defendants other than Mylan, Mylan is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies those allegations.

116-122.    Mylan denies having knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraphs 116 to 122 of the Complaint, and therefore, denies those allegations.

123.    Mylan denies the allegations in Paragraph 123 of the Complaint.

124.    Mylan denies the allegations in Paragraph 124 of the Complaint.

125.    Mylan denies the allegations in Paragraph 125 of the Complaint.

126.    Mylan denies the allegations in Paragraph 126 of the Complaint insofar as they pertain to Mylan. To the extent the allegations in Paragraph 126 of the Complaint refer to the knowledge, conduct, or actions of persons, entities, or defendants other than Mylan, Mylan is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies those allegations.

## COUNT I

127.    Answering Paragraph 127 of the Complaint, Mylan repeats, restates, realleges, and incorporates by reference its responses to the allegations in Paragraphs 1 through 126 of the Complaint.

128.    Mylan denies the allegations in Paragraph 128 of the Complaint insofar as they pertain to Mylan. To the extent the allegations in Paragraph 128 of the Complaint refer to the knowledge, conduct, or actions of persons, entities, or defendants other than Mylan, Mylan is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies those allegations.

129.    Mylan denies the allegations in Paragraph 129 of the Complaint insofar as they pertain to Mylan. To the extent the allegations in Paragraph 129 of the Complaint refer to the knowledge, conduct, or actions of persons, entities, or defendants other than Mylan, Mylan is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies those allegations.

130.    Mylan denies the allegations in Paragraph 130 of the Complaint insofar as they pertain to Mylan. To the extent the allegations in Paragraph 130 of the Complaint refer to the knowledge, conduct, or actions of persons, entities, or defendants other than Mylan, Mylan is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies those allegations.

## COUNT II

131.    Answering Paragraph 131 of the Complaint, Mylan repeats, restates, realleges, and incorporates by reference its responses to the allegations in Paragraphs 1 through 130 of the Complaint.

132-139.    There are no Paragraphs 132 to 139 in the Complaint.

140.    Mylan denies the allegations in Paragraph 140 of the Complaint insofar as they pertain to Mylan. To the extent the allegations in Paragraph 140 of the Complaint refer to the knowledge, conduct, or actions of persons, entities, or defendants other than Mylan, Mylan is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies those allegations.

141.    Mylan denies the allegations in Paragraph 141 of the Complaint insofar as they pertain to Mylan. To the extent the allegations in Paragraph 141 of the Complaint refer to the knowledge, conduct, or actions of persons, entities, or defendants other than Mylan, Mylan is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies those allegations.

142.    Mylan denies the allegations in Paragraph 142 of the Complaint insofar as they pertain to Mylan. To the extent the allegations in Paragraph 142 of the Complaint refer to the knowledge, conduct, or actions of persons, entities, or defendants other than Mylan, Mylan is

without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies those allegations.

## COUNT III

143.    Answering Paragraph 143 of the Complaint, Mylan repeats, restates, realleges, and incorporates by reference its responses to the allegations in Paragraphs 1 through 142 of the Complaint.

144.    Mylan denies the allegations in Paragraph 144 of the Complaint insofar as they pertain to Mylan. To the extent the allegations in Paragraph 144 of the Complaint refer to the knowledge, conduct, or actions of persons, entities, or defendants other than Mylan, Mylan is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies those allegations.

145.    Mylan denies the allegations in Paragraph 145 of the Complaint insofar as they pertain to Mylan. To the extent the allegations in Paragraph 145 of the Complaint refer to the knowledge, conduct, or actions of persons, entities, or defendants other than Mylan, Mylan is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies those allegations.

146.    Mylan denies the allegations in Paragraph 146 of the Complaint insofar as they pertain to Mylan. To the extent the allegations in Paragraph 146 of the Complaint refer to the knowledge, conduct, or actions of persons, entities, or defendants other than Mylan, Mylan is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies those allegations.

147.    Mylan denies the allegations in Paragraph 147 of the Complaint insofar as they pertain to Mylan. To the extent the allegations in Paragraph 147 of the Complaint refer to

the knowledge, conduct, or actions of persons, entities, or defendants other than Mylan, Mylan is

without knowledge or information sufficient to form a belief as to the truth of the allegations,

and therefore denies those allegations.

**COUNT IV**

148.    Answering Paragraph 148 of the Complaint, Mylan repeats, restates,

realleges, and incorporates by reference its responses to the allegations in Paragraphs 1 through

147 of the Complaint.

149.    Mylan denies the allegations in Paragraph 149 of the Complaint insofar as

they pertain to Mylan. To the extent the allegations in Paragraph 149 of the Complaint refer to

the knowledge, conduct, or actions of persons, entities, or defendants other than Mylan, Mylan is

without knowledge or information sufficient to form a belief as to the truth of the allegations,

and therefore denies those allegations.

150.    Mylan denies the allegations in Paragraph 150 of the Complaint insofar as

they pertain to Mylan. To the extent the allegations in Paragraph 150 of the Complaint refer to

the knowledge, conduct, or actions of persons, entities, or defendants other than Mylan, Mylan is

without knowledge or information sufficient to form a belief as to the truth of the allegations,

and therefore denies those allegations.

151.    Mylan denies the allegations in Paragraph 151 of the Complaint insofar as

they pertain to Mylan. To the extent the allegations in Paragraph 151 of the Complaint refer to

the knowledge, conduct, or actions of persons, entities, or defendants other than Mylan, Mylan is

without knowledge or information sufficient to form a belief as to the truth of the allegations,

and therefore denies those allegations.

152.    Mylan denies the allegations in Paragraph 152 of the Complaint insofar as
they pertain to Mylan. To the extent the allegations in Paragraph 152 of the Complaint refer to
the knowledge, conduct, or actions of persons, entities, or defendants other than Mylan, Mylan is
without knowledge or information sufficient to form a belief as to the truth of the allegations,
and therefore denies those allegations.

Mylan denies that the State is entitled to judgment or any other relief requested in
the Prayer for Relief on Page 42 of the Complaint.

## AFFIRMATIVE AND OTHER DEFENSES

### First Defense

The Complaint fails to state a claim against Mylan upon which relief can be
granted.

### Second Defense

The Complaint fails to satisfy the pleading requirements of Rule 8(a) of the
Alabama Rules of Civil Procedure.

### Third Defense

Plaintiff has not suffered, and will not suffer, any injury to a legally protected or
cognizable interest by reason of the conduct of Mylan as alleged in the Complaint.

### Fourth Defense

Plaintiff's claims are barred, in whole or in part, by the applicable statutes of
limitations, and the Plaintiff is not entitled to any tolling of any limitations period.

### Fifth Defense

Plaintiff is estopped from claiming entitlement to the sum it seeks because it has
known throughout the relevant time period, from various public sources, including government
reports provided to the Plaintiff, that the AWPs and WACs published in industry sources were

not what Plaintiff now claims them to have been. The Plaintiff was aware that the reimbursement rates it was using to reimburse providers were greater than the estimated acquisition cost of those drugs, and knowingly set their reimbursement rates higher than estimated acquisition cost.

## Sixth Defense

Plaintiff fails to allege with particularity facts to support the fraud and/or fraudulent concealment allegations against Mylan as required by Rule 9(b) of the Alabama Rules of Civil Procedure.

## Seventh Defense

During the relevant time period, the Alabama Medicaid Program did not regard AWP as anything other than a list or "sticker" price which it discounted for both branded and generic drugs when determining reimbursement rates.

## Eighth Defense

During the relevant period, the Alabama Medicaid Program did not regard WAC as anything other than an undiscounted wholesale price, not a net price reflective of all applicable discounts or incentives.

## Ninth Defense

Plaintiff's claims are barred, in whole or in part, by the doctrines of laches, estoppel, waiver, and unclean hands.

## Tenth Defense

Plaintiff's claims are barred to the extent that the claims involve drugs reimbursed without reference to AWP or WAC.

## Eleventh Defense

Plaintiff's claims are barred, in whole or in part, because Mylan's alleged statements, actions, or omissions were not the proximate cause of any alleged loss by the Plaintiff.

## Twelfth Defense

Plaintiff was negligent, careless, committed willful misconduct or was otherwise at fault in and about the matter referred to in the Complaint, and such conduct on the part of the Plaintiff caused and contributed to the injury complained of, if any actually occurred.

## Thirteenth Defense

Plaintiff directed, ordered, approved and/or ratified Mylan's conduct, and the Plaintiff is, therefore, barred from asserting any claims based thereon.

## Fourteenth Defense

Any and all actions taken by Mylan with respect to any of the matters alleged in the Complaint were taken in good faith and in accordance with established industry practice. Moreover, publishers, including First Data Bank, rather than Mylan, determine the AWP that they publish for drugs.

## Fifteenth Defense

Plaintiff's claims against Mylan are barred because Mylan has complied with all applicable regulations of the federal government and the State of Alabama.

## Sixteenth Defense

Plaintiff's claims are barred, in whole or in part, because any injuries sustained by the Plaintiff, if any, were the result of its own conduct or intervening or superceding acts or omissions of third parties.

### Seventeenth Defense

Plaintiff's claims against Mylan for damages are barred, in whole or in part, because the Plaintiff failed to mitigate and/or neglected to minimize its damages, and its failure to mitigate damages should proportionately reduce its recovery and the allocation of any fault, if any exists, attributable to Mylan.

### Eighteenth Defense

Plaintiff receives funding from the federal government for a percentage of the prescription drug reimbursements made under the Alabama Medicaid program. Any of Plaintiff's recovery should be substantially if not entirely set off by appropriate percentages of those amounts and should also be reduced by any benefits and rebates they received from Mylan. Plaintiff's claims against Mylan for damages are barred, in whole or in part, because the Plaintiff would be unjustly enriched if allowed to recover any portion of the damages alleged in the Complaint.

### Nineteenth Defense

Mylan is entitled to a set-off, should any damages be awarded against it, for the entire amount of all damages or settlement amounts recovered by the Plaintiff with respect to the same alleged injuries.

### Twentieth Defense

Plaintiff's claims for damages against Mylan are barred, in whole or in part, by the doctrine of consent and/or ratification to the extent that the Plaintiff has received and paid for pharmaceuticals manufactured, marketed and sold by Mylan after the filing of the Plaintiff's Complaint and after first learning of the information that forms the basis for the allegations in the Complaint.

**Twenty-First Defense**

Any damages recovered by the Plaintiff must be limited by the applicable

statutory ceilings on recoverable damages, including without limitation, Alabama Code 6-11-21.

**Twenty-Second Defense**

Plaintiff fails to state a claim against Mylan sufficient to support an award for

investigative costs, treble damages, attorneys' fees and/or legal fees.

**Twenty-Third Defense**

Plaintiff's claims are barred, in whole or in part, by the doctrines of mistake and

mutual mistake.

**Twenty-Fourth Defense**

The civil penalties sought against Mylan cannot be sustained because an award of

the civil penalties sought by the Plaintiff would violate the United States Constitution, Excessive

Fines Clause of the Eighth Amendment, U.S. Const. amend. VIII, and the Due Process Clauses

of the Fifth and Fourteenth Amendments, U.S. Const. amend. V and XIV, and the analogous

provisions in the Constitution of the State of Alabama.

**Twenty-Fifth Defense**

Plaintiff's claims are barred, in whole or in part, because they violate Mylan's

rights under the Due Process and Ex Post Facto clauses of the United States Constitution and the

analogous provisions of the Constitution of the State of Alabama insofar as the Plaintiff seeks to

impose liability retroactively for conduct that was not actionable at the time it occurred.

**Twenty-Sixth Defense**

The granting of relief prayed for in Plaintiff's Complaint is unconstitutional under

the United States Constitution and Constitution of the State of Alabama in that it violates Due

Process and Equal Protection guarantees, places an undue burden on interstate commerce, and violates Constitutional proscriptions against excessive fines.

### Twenty-Seventh Defense

The granting of the relief prayed for in Plaintiff's Complaint is unconstitutional in that it would violate Mylan's right of commercial speech under the United States Constitution and Constitution of the State of Alabama.

### Twenty-Eighth Defense

Plaintiff has failed to join all persons and parties necessary for a just adjudication of the controversy.

### Twenty-Ninth Defense

Any or all causes of action in Plaintiff's Complaint are barred because of the lack of privity between the Plaintiff and Mylan.

### Thirtieth Defense

Any or all causes of action in Plaintiff's Complaint are barred because the statutes upon which the Plaintiff relies are vague and ambiguous.

### Thirty-First Defense

Plaintiff's claims for injunctive relief against Mylan are barred by the doctrines of *in pari delicto* and/or unclean hands.

### Thirty-Second Defense

Plaintiff's claims are barred, in whole or in part, because Mylan did not make any statements to the Plaintiff.  As to any statement asserted against Mylan that Plaintiff claims to be false or misleading, Mylan had no reasonable grounds to believe, and did not believe at the time such statements were made, that the statements were false or misleading.

### Thirty-Third Defense

Plaintiff's claims are barred, in whole or in part, by the political question and separation of powers doctrines.

### Thirty-Fourth Defense

Plaintiff's claims are preempted, in whole or in part, by federal law, including without limitation the Federal Employment Retirement Income and Security Act of 1974, the Federal Medicare Act, and the Federal Medicaid Act, including all amendments to the same and all regulations promulgated thereunder.

### Thirty-Fifth Defense

Plaintiff's claims are preempted by the dormant Commerce Clause of the United States Constitution.

### Thirty-Sixth Defense

Mylan did not owe any duty to the Plaintiff and did not breach any duty owed to the Plaintiff.

### Thirty-Seventh Defense

Plaintiff's claims are barred, in whole or in part, by the government contractor and similar defenses because the reimbursement system, including the use of AWP in excess of actual average prices, was designed and approved by the Plaintiff to serve its purposes.

### Thirty-Eighth Defense

Plaintiff's claims against Mylan are barred, in whole or in part, because it has suffered no damages as a result of the matters alleged in the Complaint.

### Thirty-Ninth Defense

Plaintiff's claims for damages are barred, in whole or in part, because its alleged damages, if any, are speculative and because of the impossibility of the ascertainment and allocation of these alleged damages.

### Fortieth Defense

To the extent equitable relief is sought, such claims cannot be sustained because the Plaintiff has an adequate remedy at law.

### Forty-First Defense

Plaintiff's claims are barred, in whole or in part, by the filed rate doctrine.

### Forty-Second Defense

Plaintiff has no standing or capacity to bring some or all of the claims raised in this suit to recover Medicaid expenditures or to seek injunctive relief.

### Forty-Third Defense

Plaintiff's claims against Mylan for injunctive relief were mooted by the passage of the Medicare Prescription Drug, Improvement and Modernization Act of 2003.

### Forty-Fourth Defense

To the extent punitive damages are sought, Plaintiff's punitive damages claims against Mylan: (1) have no basis in law or fact; (2) are not recoverable because the allegations of the Complaint are legally insufficient to support a claim for punitive damages against Mylan; (3) cannot be sustained because the laws regarding the standards for determining liability for and the amount of punitive damages fail to give Mylan prior notice of the conduct for which punitive damages may be imposed and the severity of the penalty that may be imposed, and are void for vagueness in violation of Mylan's Due Process rights guaranteed by the Fifth and Fourteenth

Amendments to the United States Constitution and the Constitution of the State of Alabama; (4)

cannot be sustained because any award of punitive damages exceeding the limits authorized by

the laws or other comparable laws would violate Mylan's Due Process and Equal Protection

rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and

would be improper under the Constitution, common law and laws of the State of Alabama; (5)

cannot be sustained because an award of punitive damages in this case, combined with any prior,

contemporaneous, or subsequent judgments against Mylan for punitive damages arising from the

design, development, manufacture, fabrication, distribution, supply, marketing, sale, or use of

Mylan's products would constitute impermissible multiple punishments for the same wrong, in

violation of Mylan's Due Process and Equal Protection rights guaranteed by the Fifth and

Fourteenth Amendments to the United States Constitution and would constitute double jeopardy

in violation of the Constitution, common law, and statutory laws of the State of Alabama; (6)

cannot be sustained because any award of punitive damages without the apportionment of the

award separately and severally between or among the alleged joint tortfeasors, as determined by

the alleged percentage of the wrong committed by each alleged tortfeasor, would violate Mylan's

Due Process and Equal Protection rights guaranteed by the Fifth and Fourteenth Amendments to

the United States Constitution and would be improper under the Constitution, common law, and

public policies of the State of Alabama; and (7) cannot be sustained because any award of

punitive damages, which are penal in nature, without according Mylan the same protections that

are accorded to all criminal defendants, including the protection against unreasonable searches

and seizures, the privilege against self-incrimination, and the rights to confront adverse

witnesses, a speedy trial, and the effective assistance of counsel, would violate Mylan's rights

guaranteed by the Fourth, Fifth, and Sixth Amendment as incorporated into the Fourteenth

Amendment to the United States Constitution and would be improper under the Constitution,
common law, and public policies of the State of Alabama.

### Forty-Fifth Defense

To the extent punitive damages are sought, Plaintiff's claims for punitive damages
against Mylan cannot be sustained because an award of punitive damages by a jury that: (1) is
not provided constitutionally adequate standards of sufficient clarity for determining the
appropriate imposition of, and the appropriate size of, a punitive damages award; (2) is not
adequately instructed on the limits of punitive damages imposed by the applicable principles of
deterrence and punishment; (3) is not expressly prohibited from awarding punitive damages, or
determining the amount of an award of punitive damages, in whole or in part on the basis of
invidiously discriminatory characteristics, including without limitation the residence, wealth, and
corporate status of Mylan; (4) is permitted to award punitive damages under a standard for
determining liability for punitive damages that is vague and arbitrary and does not define with
sufficient clarity the conduct or mental state that makes punitive damages permissible; (5) is not
properly instructed regarding Plaintiff's burden of proof with respect to each and every element
of a claim for punitive damages; and (6) is not subject to trial court and appellate judicial review
for reasonableness and furtherance of legitimate purposes on the basis of constitutionally
adequate and objective standards, would violate Mylan's Due Process and Equal Protection
rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution, and
would be improper under the Constitution, common law, and public policies of the State of
Alabama.

### Forty-Sixth Defense

To the extent punitive damages are sought, Plaintiff's claims for punitive damages against Mylan cannot be sustained because an award of punitive damages that is subject to no predetermined limit, such as a maximum multiple of compensatory damages or a maximum amount of punitive damages that may be imposed, would: (1) violate Mylan's Due Process rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution; (2) violate Mylan's right not to be subjected to an excessive award; and (3) be improper under the Constitution, common law, and public policies of the State of Alabama.

### Forty-Seventh Defense

Plaintiff's unjust enrichment claims are barred, in whole or in part, because Mylan did not retain any money belonging to the State as a result of any alleged overpayments as required under Alabama law.

### Forty-Eighth Defense

Mylan hereby adopts and incorporates by reference, as if fully set forth herein, any affirmative defenses listed by any other defendant in its answer to Plaintiff's Complaint to the extent that such defenses are factually and/or legally consistent with Mylan's position.

### Forty-Ninth Defense

Subject to confirmation during discovery, Mylan hereby reserves those affirmative defenses required to be specifically pled under Rule 8(b) of the Alabama Rules of Civil Procedure not specifically pled above and incorporates them as if fully set forth in separate paragraphs. Mylan reserves the right to amend its answer to assert additional affirmative defenses and to supplement those asserted herein upon discovery of further information

regarding the claims asserted in the Complaint. These additional defenses cannot be asserted at this time because of the lack of detail in the Complaint concerning Plaintiff's claims.

### Fiftieth Defense

Mylan Laboratories Inc. does not and has not conducted any business in Alabama and there is no basis for personal jurisdiction over Mylan Laboratories Inc. under Alabama law, and personal jurisdiction over Mylan Laboratories Inc. would be improper under the United States Constitution.

### Fifty-First Defense

The State's claims are barred, in whole or in part, by the State's settlement agreement in connection with *FTC v. Mylan Laboratories Inc., et al.*, C.A. No. 98-CV-03114-TFH (D.D.C.) and *State of Connecticut v. Mylan Laboratories Inc., et al.*, C.A. No. 98-CV-03115-TFH (D.D.C.).

### Fifty-Second Defense

The State's claims are barred, in whole or in part, by the State's release of claims in connection with *FTC v. Mylan Laboratories Inc., et al.*, C.A. No. 98-CV-03114-TFH (D.D.C.) and *State of Connecticut v. Mylan Laboratories Inc., et al.*, C.A. No. 98-CV-03115-TFH (D.D.C.).

### Fifty-Third Defense

The State's claims are barred, in whole or in part, by an accord and satisfaction between Mylan and the State in connection with *FTC v. Mylan Laboratories Inc., et al.*, C.A. No. 98-CV-03114-TFH (D.D.C.) and *State of Connecticut v. Mylan Laboratories Inc., et al.*, C.A. No. 98-CV-03115-TFH (D.D.C.).

**Fifty-Fourth Defense**

The State's claims are barred, in whole or in part, by Mylan's payment in connection with *FTC v. Mylan Laboratories Inc., et al.*, C.A. No. 98-CV-03114-TFH (D.D.C.) and *State of Connecticut v. Mylan Laboratories Inc., et al.*, C.A. No. 98-CV-03115-TFH (D.D.C.).

**Fifty-Fifth Defense**

The State's claims are barred, in whole or in part, by the State's waiver of claims in connection with *FTC v. Mylan Laboratories Inc., et al.*, C.A. No. 98-CV-03114-TFH (D.D.C.) and *State of Connecticut v. Mylan Laboratories Inc., et al.*, C.A. No. 98-CV-03115-TFH (D.D.C.).

**Fifty-Sixth Defense**

To the extent the State or any of its citizens for whom it is seeking relief has obtained or obtains recovery in any other action or proceeding predicated on the same factual allegations, it is barred from seeking recovery against Mylan based on the Complaint pursuant to the doctrines of res judicata and collateral estoppel and the prohibition on double recovery for the same injury.

**Fifty-Seventh Defense**

Some or all of the State's claims against Mylan arise from the State's failure to follow its federal and state statutory and regulatory obligations to properly establish appropriate reimbursement rates.

**Fifty-Eighth Defense**

The State's Claims are barred, in whole or in part, because the State has not suffered any actual injury or damage as a result of any conduct alleged as a basis of this lawsuit.

### Fifty-Ninth Defense

The State's claims are barred, in whole or in part, because Mylan's alleged conduct was reasonable and based on independent, legitimate business and economic justifications.

### Sixtieth Defense

The State's claims are barred, in whole or in part, because any and all of Mylan's actions alleged by the State were lawful, justified, pro-competitive, carried out in furtherance of Mylan's legitimate business interests, and constitute bona fide business competition.

### Sixty-First Defense

The State's claims are barred, in whole or in part, by the First Amendment of the United States Constitution and the analogous provisions of the Constitution of the State of Alabama.

### Sixty-Second Defense

Plaintiff's claims against Mylan are misjoined with Plaintiff's claims against other defendants and must be severed.

WHEREFORE, Mylan prays for judgment: (i) dismissing the Complaint in its entirety; (ii) awarding to Mylan costs and fees incurred in this action; and (iii) granting to Mylan such other and additional relief, both legal and equitable, as justice and the nature of the cause may require.

Dated:  January 30, 2006

Respectfully submitted,

_____

David W. Long-Daniels (ASB 4593 – 060D)
Greenberg Traurig, LLP
The Forum
3290 Northside Parkway
Suite 400
Atlanta, Georgia  30327
Telephone:  (678) 553-2100
Facsimile:  (678) 553-2212

*Attorneys for Defendants Mylan Laboratories Inc.,*
*Mylan Pharmaceuticals Inc., and*
*UDL Laboratories, Inc.*

*Of Counsel (Admitted Pro Hac Vice)*

Gary R. Greenberg
Louis J. Scerra, Jr.
Jonathan D. Cohen
James M. Vant
Greenberg Traurig, LLP
One International Place, 20th Floor
Boston, Massachusetts  02110
Telephone:  (617) 310-6000
Facsimile:  (617) 310-6001

## CERTIFICATE OF SERVICE

I, David W. Long-Daniels, hereby certify that on January 30, 2006 I caused a true and correct copy of the foregoing, Defendants Mylan Laboratories Inc.'s, Mylan Pharmaceuticals Inc.'s, and UDL Laboratories, Inc.'s Answer to the State of Alabama's Second Amended Complaint, to be served on all counsel of record by electronic service pursuant to this Court's Case Management Order No. 2.

_____
David W. Long-Daniels