

Jan 30 2006
4:19PM

**IN THE CIRCUIT COURT OF**
**MONTGOMERY COUNTY, ALABAMA**

**STATE OF ALABAMA,**

**Plaintiff**

**v.**

**ABBOTT LABORATORIES, et al.** **CV – 05-219**

**Defendants**

**ANSWER OF DEFENDANT NOVARTIS PHARMACEUTICALS CORPORATION TO THE STATE OF ALABAMA'S SECOND AMENDED COMPLAINT**

Defendant Novartis Pharmaceuticals Corporation ("Novartis"), for its Answer to the State of Alabama's Second Amended Complaint ("Complaint") in the captioned action, by its undersigned counsel, alleges upon knowledge as to itself, and upon information and belief as to all other matters, as follows:

1. Denies each and every allegation set forth in numbered paragraph 1 of the Complaint as to Novartis, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

2. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in numbered paragraph 2 of the Complaint, except denies the existence of a fraudulent pricing scheme or that Novartis is or has been involved in any such scheme.

3. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in numbered paragraph 3 of the Complaint, except admits that the State of Alabama purports to bring this action, denies that there is any basis on which to permit the State to do so, denies the existence of any "drug pricing scheme," denies that Novartis is or has been involved in any such scheme, and denies that Novartis has obtained any profits as a result of any such imagined scheme.

4. Denies each and every allegation set forth in numbered paragraph 4 of the Complaint as to Novartis, except admits that the State of Alabama purports to seek legal and equitable redress but denies there is any basis on which to permit it to do so, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

5. Admits that the State of Alabama purports to bring this action in its capacity as sovereign and on behalf of the Alabama Medicaid Agency but denies that there is any basis on which to permit it to do so.

6.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in numbered paragraph 6 of the Complaint and further respectfully refers the Court to Alabama Code § 36-15-12 for a full and complete reading of its provisions.

7.    Denies knowledge or in formation sufficient to form a belief as to the truth of the allegations set forth in numbered paragraph 7 of the Complaint.

8.    Denies knowledge or in formation sufficient to form a belief as to the truth of the allegations set forth in numbered paragraph 8 of the Complaint.

9.    Denies knowledge or in formation sufficient to form a belief as to the truth of the allegations set forth in numbered paragraph 9 of the Complaint.

10.    Denies knowledge or in formation sufficient to form a belief as to the truth of the allegations set forth in numbered paragraph 10 of the Complaint.

11.    Denies knowledge or in formation sufficient to form a belief as to the truth of the allegations set forth in numbered paragraph 11 of the Complaint.

12.    Denies knowledge or in formation sufficient to form a belief as to the truth of the allegations set forth in numbered paragraph 12 of the Complaint.

13.    Denies knowledge or in formation sufficient to form a belief as to the truth of the allegations set forth in numbered paragraph 13 of the Complaint.

14.    Denies knowledge or in formation sufficient to form a belief as to the truth of the allegations set forth in numbered paragraph 14 of the Complaint.

15.    Denies knowledge or in formation sufficient to form a belief as to the truth of the allegations set forth in numbered paragraph 15 of the Complaint.

16.    Denies knowledge or in formation sufficient to form a belief as to the truth of the allegations set forth in numbered paragraph 16 of the Complaint.

17.    Denies knowledge or in formation sufficient to form a belief as to the truth of the allegations set forth in numbered paragraph 17 of the Complaint.

18.    Denies knowledge or in formation sufficient to form a belief as to the truth of the allegations set forth in numbered paragraph 18 of the Complaint.

19.    Denies knowledge or in formation sufficient to form a belief as to the truth of the allegations set forth in numbered paragraph 19 of the Complaint.

20.    Denies knowledge or in formation sufficient to form a belief as to the truth of the allegations set forth in numbered paragraph 20 of the Complaint.

21.     Denies knowledge or in formation sufficient to form a belief as to the truth of the allegations set forth in numbered paragraph 21 of the Complaint.

22.     Denies knowledge or in formation sufficient to form a belief as to the truth of the allegations set forth in numbered paragraph 22 of the Complaint.

23.     Denies knowledge or in formation sufficient to form a belief as to the truth of the allegations set forth in numbered paragraph 23 of the Complaint.

24.     Denies knowledge or in formation sufficient to form a belief as to the truth of the allegations set forth in numbered paragraph 24 of the Complaint.

25.     Denies knowledge or in formation sufficient to form a belief as to the truth of the allegations set forth in numbered paragraph 25 of the Complaint.

26.     Denies knowledge or in formation sufficient to form a belief as to the truth of the allegations set forth in numbered paragraph 26 of the Complaint.

27.     Denies knowledge or in formation sufficient to form a belief as to the truth of the allegations set forth in numbered paragraph 27 of the Complaint.

28.     Denies knowledge or in formation sufficient to form a belief as to the truth of the allegations set forth in numbered paragraph 28 of the Complaint.

29.     Denies knowledge or in formation sufficient to form a belief as to the truth of the allegations set forth in numbered paragraph 29 of the Complaint.

30.     Denies knowledge or in formation sufficient to form a belief as to the truth of the allegations set forth in numbered paragraph 30 of the Complaint.

31.     Denies knowledge or in formation sufficient to form a belief as to the truth of the allegations set forth in numbered paragraph 31 of the Complaint.

32.     Denies knowledge or in formation sufficient to form a belief as to the truth of the allegations set forth in numbered paragraph 32 of the Complaint.

33.     Denies knowledge or in formation sufficient to form a belief as to the truth of the allegations set forth in numbered paragraph 33 and lettered subparagraphs a and b of the Complaint.

34.     Denies knowledge or in formation sufficient to form a belief as to the truth of the allegations set forth in numbered paragraph 34 of the Complaint.

35.     Denies knowledge or in formation sufficient to form a belief as to the truth of the allegations set forth in numbered paragraph 35 of the Complaint.

36.    Denies knowledge or in formation sufficient to form a belief as to the truth of the allegations set forth in numbered paragraph 36 of the Complaint.

37.    Denies knowledge or in formation sufficient to form a belief as to the truth of the allegations set forth in numbered paragraph 37 of the Complaint.

38.    Denies knowledge or in formation sufficient to form a belief as to the truth of the allegations set forth in numbered paragraph 38 of the Complaint.

39.    Denies knowledge or in formation sufficient to form a belief as to the truth of the allegations set forth in numbered paragraph 39 of the Complaint.

40.    Denies knowledge or in formation sufficient to form a belief as to the truth of the allegations set forth in numbered paragraph 40 of the Complaint.

41.    Denies knowledge or in formation sufficient to form a belief as to the truth of the allegations set forth in numbered paragraph 41 of the Complaint.

42.    Denies knowledge or in formation sufficient to form a belief as to the truth of the allegations set forth in numbered paragraph 42 of the Complaint.

43.    Denies knowledge or in formation sufficient to form a belief as to the truth of the allegations set forth in numbered paragraph 43 of the Complaint.

44.    Denies knowledge or in formation sufficient to form a belief as to the truth of the allegations set forth in numbered paragraph 44 of the Complaint.

45.    Denies knowledge or in formation sufficient to form a belief as to the truth of the allegations set forth in numbered paragraph 45 of the Complaint.

46.    Denies knowledge or in formation sufficient to form a belief as to the truth of the allegations set forth in numbered paragraph 46 of the Complaint.

47.    Denies knowledge or in formation sufficient to form a belief as to the truth of the allegations set forth in numbered paragraph 47 of the Complaint.

48.    Denies knowledge or in formation sufficient to form a belief as to the truth of the allegations set forth in numbered paragraph 48 of the Complaint.

49.    Denies knowledge or in formation sufficient to form a belief as to the truth of the allegations set forth in numbered paragraph 49 of the Complaint.

50.    Denies knowledge or in formation sufficient to form a belief as to the truth of the allegations set forth in numbered paragraph 50 of the Complaint.

51.     Denies knowledge or in formation sufficient to form a belief as to the truth of the allegations set forth in numbered paragraph 51 of the Complaint.

52.     Denies knowledge or in formation sufficient to form a belief as to the truth of the allegations set forth in numbered paragraph 52 of the Complaint.

53.     Denies knowledge or in formation sufficient to form a belief as to the truth of the allegations set forth in numbered paragraph 53 of the Complaint.

54.     Denies knowledge or in formation sufficient to form a belief as to the truth of the allegations set forth in numbered paragraph 54 of the Complaint.

55.     Denies knowledge or in formation sufficient to form a belief as to the truth of the allegations set forth in numbered paragraph 55 and lettered subparagraphs a through e of the Complaint.

56.     Denies knowledge or in formation sufficient to form a belief as to the truth of the allegations set forth in numbered paragraph 56 of the Complaint.

57.     Denies knowledge or in formation sufficient to form a belief as to the truth of the allegations set forth in numbered paragraph 57 of the Complaint.

58.     Denies knowledge or in formation sufficient to form a belief as to the truth of the allegations set forth in numbered paragraph 58 of the Complaint.

59.     Denies knowledge or in formation sufficient to form a belief as to the truth of the allegations set forth in numbered paragraph 59 of the Complaint.

60.     Denies knowledge or in formation sufficient to form a belief as to the truth of the allegations set forth in numbered paragraph 60 of the Complaint.

61.     Denies knowledge or in formation sufficient to form a belief as to the truth of the allegations set forth in numbered paragraph 61 of the Complaint.

62.     Denies knowledge or in formation sufficient to form a belief as to the truth of the allegations set forth in numbered paragraph 62 of the Complaint.

63.     Denies knowledge or in formation sufficient to form a belief as to the truth of the allegations set forth in numbered paragraph 63 of the Complaint.

64.     Denies knowledge or in formation sufficient to form a belief as to the truth of the allegations set forth in numbered paragraph 64 of the Complaint.

65.     Denies knowledge or in formation sufficient to form a belief as to the truth of the allegations set forth in numbered paragraph 65 of the Complaint.

66.     Admits the allegations in numbered paragraph 66 of the Complaint.

67. Denies each and every allegation in numbered paragraph 67, except admits that Sandoz Inc. was formerly known as Geneva Pharmaceuticals, Inc. and is a Colorado Corporation with its principal place of business in Princeton, New Jersey.

68. Denies each and every allegation set forth in numbered paragraph 68 of the Complaint as to Novartis, except admits that Novartis is engaged in the business of developing marketing and selling brand name prescription drugs in the United States and that it distributes, markets or sells the following prescription drugs that are reimbursed by Alabama Medicaid and which are identified in Exhibit A of the Complaint:

**Aredia**
**Cataflam**
**Clozaril**
**Comtan**
**Desferal**
**Diovan**
**Diovan HCT**
**Elidel**
**Estraderm**
**Exelon**
**Famvir**
**Femara**
**Fiorinal with Codeine**
**Focalin**
**Foradil**
**Gleevec**
**Lamisil**
**Lescol**
**Lescol XL**
**Lopressor**
**Loprosser HCT**
**Lotensin**
**Lotensin HCT**
**Lotrel**
**Mellaril**
**Miacalcin**
**Neoral**
**Parlodel**
**Ritalin**
**Ritalin LA**
**Ritalin SR**
**Sandimmune**
**Sandostatin LAR**
**Sandostatin**
**Starlix**

**Tegretol**
**Tegretol XR**
**Trileptal**
**Vivelle**
**Voltaren**
**Zelnorm**
**Zometa**

and affirmatively states that Sandoz is engaged in the entirely separate business of manufacturing and selling generic drugs in the United States and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein concerning Sandoz.

69.     Denies knowledge or information sufficient to form a belief as to the allegations set forth in numbered paragraph 69 of the Complaint.

70.     Denies knowledge or information sufficient to form a belief as to the allegations set forth in numbered paragraph 70 of the Complaint.

71.     Denies knowledge or information sufficient to form a belief as to the allegations set forth in numbered paragraph 71 of the Complaint.

72.     Denies knowledge or information sufficient to form a belief as to the allegations set forth in numbered paragraph 72 of the Complaint.

73.     Denies knowledge or information sufficient to form a belief as to the allegations set forth in numbered paragraph 73 of the Complaint.

74.     Denies knowledge or information sufficient to form a belief as to the allegations set forth in numbered paragraph 74 of the Complaint.

75.     Denies knowledge or information sufficient to form a belief as to the allegations set forth in numbered paragraph 75 of the Complaint.

76.     Denies knowledge or information sufficient to form a belief as to the allegations set forth in numbered paragraph 76 of the Complaint.

77.     Denies knowledge or information sufficient to form a belief as to the allegations set forth in numbered paragraph 77 of the Complaint.

78.     Denies knowledge or information sufficient to form a belief as to the allegations set forth in numbered paragraph 78 of the Complaint.

79.     Denies knowledge or information sufficient to form a belief as to the allegations set forth in numbered paragraph 79 of the Complaint.

80.    Denies knowledge or information sufficient to form a belief as to the allegations set forth in numbered paragraph 80 of the Complaint.

81.    Denies knowledge or information sufficient to form a belief as to the allegations set forth in numbered paragraph 81 of the Complaint.

82.    Denies knowledge or information sufficient to form a belief as to the allegations set forth in numbered paragraph 82 of the Complaint.

83.    Denies knowledge or information sufficient to form a belief as to the allegations set forth in numbered paragraph 83 of the Complaint.

84.    Denies knowledge or information sufficient to form a belief as to the allegations set forth in numbered paragraph 84 of the Complaint.

85.    Denies knowledge or information sufficient to form a belief as to the allegations set forth in numbered paragraph 85 of the Complaint.

86.    Denies knowledge or information sufficient to form a belief as to the allegations set forth in numbered paragraph 86 of the Complaint.

87.    Denies knowledge or information sufficient to form a belief as to the allegations set forth in numbered paragraph 87 of the Complaint.

88.    Denies knowledge or information sufficient to form a belief as to the allegations set forth in numbered paragraph 88 of the Complaint.

89.    Denies knowledge or information sufficient to form a belief as to the allegations set forth in numbered paragraph 89 of the Complaint.

90.    Denies knowledge or information sufficient to form a belief as to the allegations set forth in numbered paragraph 90 of the Complaint.

91.    Denies knowledge or information sufficient to form a belief as to the allegations set forth in numbered paragraph 91 of the Complaint.

92.    Denies knowledge or information sufficient to form a belief as to the allegations set forth in numbered paragraph 92 of the Complaint.

93.    Denies knowledge or information sufficient to form a belief as to the allegations set forth in numbered paragraph 93 of the Complaint.

94.    Denies each and every allegation set forth in numbered paragraph 94 of the Complaint as to Novartis, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

95. Denies each and every allegation set forth in numbered paragraph 95 of the Complaint.

96. Admits the allegations set forth in numbered paragraph 96 of the Complaint as to Novartis, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

97. Admits the allegations set forth in numbered paragraph 97 of the Complaint as to Novartis and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

98. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in numbered paragraph 98 of the Complaint, except admits that the Alabama Medicaid Program is a state-administered program with federal matching funds which pays for medical care, including prescription drug benefits, for certain Alabama citizens.

99. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in numbered paragraph 99 of the Complaint.

100. Denies each and every allegation set forth in numbered paragraph 100 of the Complaint as to Novartis, except admits that, from time to time during the relevant period, Novartis provided price lists to third party publications which contained, *inter alia*, "AWPs" and "WACs" for certain of its drugs and, affirmatively states their AWP is commonly understood to be a benchmark used throughout the industry and not an average price charged by wholesalers to the entities identified in numbered paragraph 100, that Novartis' WAC ex-factory price is, in fact, the price Novartis charges wholesalers for Novartis products, and that from at least 1997 to the present, Novartis' published price lists have stated that AWP is not intended to be a price charged by Novartis for any product to any consumer, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations therein.

101. Admits the allegations set forth in numbered paragraph 101 of the Complaint.

102. Denies each and every allegation set forth in numbered paragraph 102 of the Complaint as to Novartis, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

103. Denies each and every allegation set forth in numbered paragraph 103 of the Complaint as to Novartis, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

104. Denies knowledge or information sufficient to form a belief about the truth of the allegations set forth in numbered paragraph 104 of the Complaint.

105. Denies each and every allegation set forth in numbered paragraph 105 of the Complaint as to Novartis, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

106.    Denies each and every allegation set forth in numbered paragraph 106 of the Complaint as to Novartis, except admits that Novartis knows the WAC and Direct Price of its own products, and the AWP it listed on its price lists for its own products, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

107.    Denies each and every allegation set forth in numbered paragraph 107 of the Complaint as to Novartis, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

108.    Denies each and every allegation set forth in numbered paragraph 108 of the Complaint as to Novartis, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

109.    Denies each and every allegation set forth in numbered paragraph 109 of the Complaint as to Novartis, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

110.    Denies each and every allegation set forth in numbered paragraph 110 of the Complaint as to Novartis, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

111.    Denies each and every allegation set forth in numbered paragraph 111 of the Complaint as to Novartis, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

112.    Denies each and every allegation set forth in numbered paragraph 112 of the Complaint, except admits that other plaintiffs have filed complaints alleging similarly meritless and ill-informed claims from which Plaintiff here appears to have largely copied its allegations.

113.    Denies each and every allegation set forth in numbered paragraph 113 of the Complaint as to Novartis, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein except admits that Novartis is one of the defendants named in *The City of New York v. Abbott Laboratories, Inc.*, 04-CV-06054, in the United States District Court for the Southern District of New York (August 4, 2004), an action in which the plaintiff has made meritless and ill-founded allegations similar to those asserted in this action, and from which Plaintiff here appears to have largely copied its allegations.

114.    Denies each and every allegation set forth in numbered paragraph 114 of the Complaint as to Novartis, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

115.    Numbered paragraph 115 of the Complaint appears to contain no allegations as to, or relevant to, any claims against Novartis and therefore requires no answer; to the extent Plaintiff purports to make allegations as to Novartis, Novartis denies each and every allegation

set forth in numbered paragraph 115 of the Complaint as to Novartis, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

116.    Numbered paragraph 116 of the Complaint appears to contain no allegations as to, or relevant to, any claims against Novartis and therefore requires no answer; to the extent Plaintiff purports to make allegations as to Novartis, Novartis denies each and every allegation set forth in numbered paragraph 115 of the Complaint as to Novartis, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

117.    Numbered paragraph 117 of the Complaint appears to contain no allegations as to, or relevant to, any claims against Novartis and therefore requires no answer; to the extent Plaintiff purports to make allegations as to Novartis, Novartis denies each and every allegation set forth in numbered paragraph 117 of the Complaint as to Novartis, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

118.    Numbered paragraph 118 of the Complaint appears to contain no allegations as to, or relevant to, any claims against Novartis and therefore requires no answer; to the extent Plaintiff purports to make allegations as to Novartis, Novartis denies each and every allegation set forth in numbered paragraph 118 of the Complaint as to Novartis, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

119.    Numbered paragraph 119 of the Complaint appears to contain no allegations as to, or relevant to, any claims against Novartis and therefore requires no answer; to the extent Plaintiff purports to make allegations as to Novartis, Novartis denies each and every allegation set forth in numbered paragraph 119 of the Complaint as to Novartis, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

120.    Numbered paragraph 120 of the Complaint appears to contain no allegations as to, or relevant to, any claims against Novartis and therefore requires no answer; to the extent Plaintiff purports to make allegations as to Novartis, Novartis denies each and every allegation set forth in numbered paragraph 120 of the Complaint as to Novartis, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

121.    Numbered paragraph 121 of the Complaint appears to contain no allegations as to, or relevant to, any claims against Novartis and therefore requires no answer; to the extent Plaintiff purports to make allegations as to Novartis, Novartis denies each and every allegation set forth in numbered paragraph 121 of the Complaint as to Novartis, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

122. Numbered paragraph 122 of the Complaint appears to contain no allegations as to, or relevant to, any claims against Novartis and therefore requires no answer; to the extent Plaintiff purports to make allegations as to Novartis, Novartis denies each and every allegation set forth in numbered paragraph 122 of the Complaint as to Novartis, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

123. Numbered paragraph 123 of the Complaint appears to contain no allegations as to, or relevant to, any claims against Novartis and therefore requires no answer; to the extent Plaintiff purports to make allegations as to Novartis, Novartis denies each and every allegation set forth in numbered paragraph 123 of the Complaint as to Novartis, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

124. Denies each and every allegation set forth in numbered paragraph 124 of the Complaint as to Novartis, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations therein.

125. Denies each and every allegation set forth in numbered paragraph 125 of the Complaint as to Novartis, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations therein, and affirmatively states that if there were any merit to the claims alleged herein as to Novartis, it would neither be impractical nor impossible for the Plaintiff to allege specifically its claims as to Novartis, which Plaintiff has entirely failed to do.

126. Denies each and every allegation set forth in numbered paragraph 126 of the Complaint as to Novartis, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

127. Novartis repeats and incorporates by reference its responses to numbered paragraphs 1 through 126 above.

128. Denies each and every allegation set forth in numbered paragraph 128 of the Complaint as to Novartis, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein, except admits that from time to time during the relevant period, Novartis provided price lists to third party publications which contained, *inter alia*, "AWPs" and "WACs" for certain of its drugs and affirmatively states that Novartis' listed WAC (ex-factory) prices accurately reflected Novartis' prices to wholesalers, and that from at least 1997 to the present, Novartis' published price lists have stated that AWP is not intended to be a price charged by Novartis for any product to any consumer.

129. Denies each and every allegation set forth in numbered paragraph 129 of the Complaint as to Novartis, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations therein.

130.   Denies each and every allegation set forth in numbered paragraph 130 of the Complaint as to Novartis, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

131.   Novartis repeats and incorporates by reference its responses to numbered paragraphs 1 through 130 above.

132 – 139.   The Second Amended Complaint does not contain paragraphs numbered 132 – 139.

140.   Denies each and every allegation set forth in numbered paragraph 140 of the Complaint as to Novartis, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

141.   Denies each and every allegation set forth in numbered paragraph 141 of the Complaint as to Novartis, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations therein.

142.   Denies each and every allegation set forth in numbered paragraph 142 of the Complaint as to Novartis, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

143.   Novartis repeats and incorporates by reference its responses to numbered paragraphs 1 through 142 above.

144.   Denies each and every allegation set forth in numbered paragraph 144 of the Complaint as to Novartis, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

145.   Denies each and every allegation set forth in numbered paragraph 145 of the Complaint as to Novartis, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

146.   Denies each and every allegation set forth in numbered paragraph 146 of the Complaint as to Novartis, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

147.   Denies each and every allegation set forth in numbered paragraph 147 of the Complaint as to Novartis, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

148.   Novartis repeats and incorporates by reference its responses to numbered paragraphs 1 through 147 above.

149. Denies each and every allegation set forth in numbered paragraph 149 of the Complaint as to Novartis, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

150. Denies each and every allegation set forth in numbered paragraph 150 of the Complaint as to Novartis, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

151. Denies each and every allegation set forth in numbered paragraph 151 of the Complaint as to Novartis, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

152. Denies each and every allegation set forth in numbered paragraph 152 of the Complaint as to Novartis, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

Novartis further denies that plaintiffs are entitled to a judgment or any other relief requested in their section entitled "PRAYER FOR RELIEF" and unnumbered "WHEREFORE" paragraph following numbered paragraph 152 of the Complaint.

**NOVARTIS PHARMACEUTICALS CORPORATION'S AFFIRMATIVE DEFENSES**

By alleging the matters set forth below, Novartis does not allege or admit that it has the burden of proof and/or the burden of persuasion with respect to any of these matters or that plaintiff is relieved of its burdens to prove each and every element of its claims and the damages, if any, to which it is entitled. As and for its affirmative defenses, Novartis alleges as follows:

**FIRST AFFIRMATIVE DEFENSE**

Plaintiff fails to state a claim against Novartis upon which relief may be granted.

**SECOND AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred, in whole or in part, by the political question and separation of powers doctrines.

**THIRD AFFIRMATIVE DEFENSE**

Plaintiff has no standing or capacity to bring some or all of the claims raised in this suit to recover Medicaid expenditures or to seek injunctive relief.

**FOURTH AFFIRMATIVE DEFENSE**

Plaintiff has not suffered, and will not suffer, any injury to a legally protected or cognizable interest by reason of the conduct of Novartis as alleged in the Complaint.

**FIFTH AFFIRMATIVE DEFENSE**

To the extent plaintiff obtains recovery in any other case predicated on the same factual allegations, plaintiff is barred from seeking recovery against Novartis based on the Complaint pursuant to the doctrines of res judicata and collateral estoppel, and the prohibition on double recovery for the same injury.

**SIXTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred, in whole or in part, by the First Amendment to the United States Constitution and the analogous provisions of the Constitution of the State of Alabama.

**SEVENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred, in whole or in part, by the filed rate doctrine.

**EIGHTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred, in whole or in part, to the extent that plaintiff has released, settled, entered into an accord and satisfaction or otherwise compromised its claims.

**NINTH AFFIRMATIVE DEFENSE**

Any and all actions taken by Novartis with respect to any of the matters alleged in the Complaint were taken in good faith and in accordance with established industry practice.

**TENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are preempted, in whole or in part, by federal law, including without limitation, the Federal Employment Retirement Income and Security Act of 1974, the Federal Medicare Act, and the Federal Medicaid Act, including all amendments to the same and all regulations promulgated thereunder.

**ELEVENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are preempted by the dormant Commerce Clause of the United States Constitution.

**TWELFTH AFFIRMATIVE DEFENSE**

Plaintiff's claims against Novartis are barred because Novartis has complied with all applicable regulations of the federal and state governments.

**THIRTEENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims against Novartis are barred, in whole or in part, by the applicable statutes of limitations and repose, and by the doctrines of laches, estoppel and waiver.

**FOURTEENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred, in whole or in part, because they violate Novartis' rights under the Due Process and *Ex Post Facto* clauses of the United States Constitution, as well as the Constitution of the State of Alabama, insofar as plaintiff seeks to impose liability retroactively for conduct that was not actionable at the time it occurred.

**FIFTEENTH AFFIRMATIVE DEFENSE**

Novartis' statements or actions were not the proximate cause or cause in fact of any injury to or alleged loss by plaintiff.

**SIXTEENTH AFFIRMATIVE DEFENSE**

To the extent that plaintiff attempts to seek equitable relief against Novartis, it is not entitled to such relief because it has an adequate remedy at law.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims against Novartis for injunctive relief were mooted by the passage of the Medicare Prescription Drug, Improvement and Modernization Act of 2003.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims for injunctive relief against Novartis are barred by the doctrines of *in pari delicto* and/or unclean hands.

**NINETEENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims against Novartis are barred, in whole or in part, due to its failure to join indispensable parties.

**TWENTIETH AFFIRMATIVE DEFENSE**

Plaintiff's claims against Novartis are barred, in whole or in part, because it has suffered no damages as a result of the matters alleged in the Complaint.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred, in whole or in part, because any injuries sustained by plaintiff were the result of its own conduct or the intervening or superseding conduct of third parties.

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

Plaintiff's claims against Novartis for damages are barred, in whole or in part:  (1) because it failed to mitigate its damages, and its failure to mitigate damages should proportionately reduce the recovery of plaintiff and the allocation of any fault, if any exists, attributable to Novartis; (2) because it would be unjustly enriched if allowed to recover any portion of the damages alleged in the Complaint; (3) by the doctrine of consent and/or ratification to the extent that plaintiff has paid for products manufactured, marketed and sold by Novartis after the filing of plaintiff's original Complaint; and (4) because they are speculative and remote and because of the impossibility of ascertaining and allocating of those alleged damages.

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

Novartis is entitled to a set-off, should any damages be awarded against it, for the entire amount of all damages or settlement amounts recovered by plaintiff, with respect to the same alleged injuries.

**TWENTY-FOURTH AFFIRMATIVE DEFENSE**

Any damages recovered by the plaintiff from Novartis must be limited by the applicable statutory ceilings on recoverable damages, including without limitation, Alabama Code 6-11-21.

**TWENTY-FIFTH AFFIRMATIVE DEFENSE**

Plaintiff fails to allege facts or a cause of action against Novartis sufficient to support a claim for compensatory damages, attorneys' fees and/or legal fees, or any other relief.

**TWENTY-SIXTH AFFIRMATIVE DEFENSE**

To the extent punitive damages are sought, Plaintiff's punitive damages claims against Novartis: (1) have no basis in law or fact; (2) are not recoverable because the allegations of the Complaint are legally insufficient to support a claim for punitive damages against Novartis; (3) cannot be sustained because the laws regarding the standards for determining liability for and the amount of punitive damages fail to give Novartis prior notice of the conduct for which punitive damages may be imposed and the severity of the penalty that may be imposed, and are void for vagueness in violation of Novartis' Due Process rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and the Constitution of the State of Alabama; (4) cannot be sustained because any award of punitive damages exceeding the limits authorized by the laws or other comparable laws would violate Novartis' due process and equal protection rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and would be improper under the Constitution, common law and laws of the State of Alabama; (5) cannot be sustained because an award of punitive damages in this case, combined with any prior,

contemporaneous, or subsequent judgments against Novartis for punitive damages arising from the design, development, manufacture, fabrication, distribution, supply, marketing, sale, or use of Novartis' products would constitute impermissible multiple punishments for the same wrong, in violation of Novartis' Due Process and Equal Protection rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and would constitute double jeopardy in violation of the Constitution, common law, and statutory laws of the State of Alabama; (6) cannot be sustained because any award of punitive damages without the apportionment of the award separately and severally between or among the alleged joint tortfeasors, as determined by the alleged percentage of the wrong committed by each alleged tortfeasor, would violate Novartis' Due Process and Equal Protection rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and would be improper under the Constitution, common law, and public policies of the State of Alabama; and (7) cannot be sustained because any award of punitive damages, which are penal in nature, without according Novartis the same protections that are accorded to all criminal defendants, including the protection against unreasonable searches and seizures, the privilege against self-incrimination, and the rights to confront adverse witnesses, a speedy trial, and the effective assistance of counsel, would violate Novartis' rights guaranteed by the Fourth, Fifth, and Sixth Amendment as incorporated into the Fourteenth Amendment to the United States Constitution and would be improper under the Constitution, common law, and public policies of the State of Alabama.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

To the extent punitive damages are sought, Plaintiff's claims for punitive damages against Novartis cannot be sustained because an award of punitive damages by a jury that: (1) is not provided constitutionally adequate standards of sufficient clarity for determining the appropriate imposition of, and the appropriate size of, a punitive damages award; (2) is not

adequately instructed on the limits of punitive damages imposed by the applicable principles of deterrence and punishment; (3) is not expressly prohibited from awarding punitive damages, or determining the amount of an award of punitive damages, in whole or in part on the basis of invidiously discriminatory characteristics, including without limitation the residence, wealth, and corporate status of Novartis; (4) is permitted to award punitive damages under a standard for determining liability for punitive damages that is vague and arbitrary and does not define with sufficient clarity the conduct or mental state that makes punitive damages permissible; (5) is not properly instructed regarding plaintiff's burden of proof with respect to each and every element of a claim for punitive damages; and (6) is not subject to trial court and appellate judicial review for reasonableness and furtherance of legitimate purposes on the basis of constitutionally adequate and objective standards, would violate Novartis' Due Process and Equal Protection rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution, and would be improper under the Constitution, common law, and public policies of the State of Alabama.

**TWENTY-EIGHTH AFFIRMATIVE DEFENSE**

To the extent punitive damages are sought, Plaintiff's claims for punitive damages against Novartis cannot be sustained because an award of punitive damages that is subject to no predetermined limit, such as a maximum multiple of compensatory damages or a maximum amount of punitive damages that may be imposed, would: (1) violate Novartis' due process rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution; (2) violate Novartis' right not to be subjected to an excessive award; and (3) be improper under the Constitution, common law, and public policies of the State of Alabama.

**TWENTY-NINTH AFFIRMATIVE DEFENSE**

Since at least 1997 Novartis has affirmatively stated on its published price lists that the AWP reported on its lists was not intended to be a price charged by Novartis for any product to any customer. Novartis thus disclosed in its price announcements that reported AWPs for Novartis drugs did not, and were not intended to, represent the actual price paid by purchasers of such products. Accordingly, plaintiffs are estopped from claiming to have been defrauded by virtue of any action by Novartis.

**THIRTIETH AFFIRMATIVE DEFENSE**

Some or all of plaintiff's claims against Novartis arise from plaintiff's failure to follow its federal and state statutory and regulatory obligation to properly establish appropriate reimbursement rates.

**THIRTY-FIRST AFFIRMATIVE DEFENSE**

Plaintiff's unjust enrichment claims are barred, in whole or in part, because Novartis did not retain any money belonging to the State as a result of any alleged overpayments as required under Alabama law.

**THIRTY-SECOND AFFIRMATIVE DEFENSE**

Plaintiff's claims against Novartis are misjoined with plaintiff's claims against other defendants and must be severed.

**THIRTY-THIRD AFFIRMATIVE DEFENSE**

Novartis hereby gives notice that it intends to rely upon any other and additional defense that is now or may become available or appear during, or as a result of the discovery proceedings in this action and hereby reserves its right to amend its answer to assert such defense.

WHEREFORE, defendant Novartis Pharmaceuticals Corporation demands that: (1) the Complaint be in all respects dismissed as to it; (2) it be awarded its costs of defending this action, including its reasonable attorneys' fees; and (3) it be awarded such other and further relief as the Court may deem just and proper.

Dated: January 30, 2006

Respectfully submitted,

s/James N. Walter, Jr.
William D. Coleman (COL030)
James N. Walter, Jr. (WAL021)
Capell & Howard, P.C.
P.O. Box 2069
Montgomery, Alabama 36102-2069
(334) 241-8000

Jane W. Parver (admitted *pro hac vice*)
Saul P. Morgenstern (admitted *pro hac vice*)
Mark Godler (admitted *pro hac vice*)
KAYE SCHOLER LLP
425 Park Avenue
New York, New York 10022
(212) 836-8000

*Attorneys for Defendant*
*Novartis Pharmaceuticals Corporation*

**CERTIFICATE OF SERVICE**

I hereby certify that I have on this 30th day of January, 2006, electronically served a true and correct copy of the foregoing pleading on counsel of record by transmission to LNSF, pursuant to Case Management Order No. 2.

s/James N. Walter, Jr
Of Counsel