

10495385

Feb 3 2006
2:10PM

### IN THE CIRCUIT COURT OF
### MONTGOMERY COUNTY, ALABAMA

STATE OF ALABAMA,
     **Plaintiff,**

  v.                **Case No. CV – 05-219**

ABBOTT LABORATORIES, et al.,
     **Defendants.**

### ANSWER AND DEFENSES OF DEFENDANT PFIZER INC. TO
### THE STATE OF ALABAMA'S SECOND AMENDED COMPLAINT

Defendant Pfizer Inc. ("Pfizer"), by and through its attorneys, answers the Second

Amended Complaint, as follows:

### Preface

The Plaintiff's Second Amended Complaint ("Complaint") contains allegations that are

vague, ambiguous, inflammatory or otherwise improper. Pfizer responds only to the extent that

the Complaint is susceptible to a response and to the extent that Pfizer has information sufficient

to form a belief as to the allegations. Except where an allegation is expressly admitted, Pfizer

denies each and every allegation in the Complaint. For example, to the extent that "Defendants"

are lumped together or an allegation relates to other parties, Pfizer is unable to respond to those

allegations and denies them. Pfizer also denies all allegations that contain legal arguments and

conclusions of law as those allegations do not require a response.

Subject to the foregoing, Pfizer states as follows:

### INTRODUCTION

1.  Denied.

2.  Pfizer is without knowledge or information sufficient to form a belief as to the

truth of the allegations set forth in this paragraph, and therefore denies them.

3.      Admitted in part, denied in part. Pfizer admits only that the State of Alabama purports to bring this action. Pfizer denies that plaintiff has standing to bring this action or is entitled to any relief. Pfizer specifically denies that it engaged in a "drug-pricing scheme" and that it engaged in any "improper" or "unlawful" actions.

4.      Admitted in part, denied in part. Pfizer admits only that the State of Alabama purports to bring this action. Pfizer denies that there is any basis which permits Alabama to bring this action, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

## PARTIES

5.      Admitted in part, denied in part. Pfizer admits that the State of Alabama purports to bring this action in its capacity as sovereign and on behalf of the Alabama Medicaid Agency. Pfizer specifically denies that plaintiff has standing to bring this action or is entitled to any relief.

6.      To the extent that the allegations in this paragraph refer to statutes and regulations, those sources speak for themselves, and any characterizations thereof are denied. Pfizer specifically denies that the State of Alabama has asserted proper claims against Pfizer in t his action or that any relief is appropriate.

7.      This paragraph is directed at a party other than Pfizer, and therefore Pfizer need not respond. To the extent that a response is required of Pfizer, the allegations are denied.

8.      This paragraph is directed at a party other than Pfizer, and therefore Pfizer need not respond. To the extent that a response is required of Pfizer, the allegations are denied.

9.      This paragraph is directed at a party other than Pfizer, and therefore Pfizer need not respond. To the extent that a response is required of Pfizer, the allegations are denied.

10.     This paragraph is directed at a party other than Pfizer, and therefore Pfizer need not respond. To the extent that a response is required of Pfizer, the allegations are denied.

2

11.     This paragraph is directed at a party other than Pfizer, and therefore Pfizer need not respond. To the extent that a response is required of Pfizer, the allegations are denied.

12.     This paragraph is directed at a party other than Pfizer, and therefore Pfizer need not respond. To the extent that a response is required of Pfizer, the allegations are denied.

13.     This paragraph is directed at a party other than Pfizer, and therefore Pfizer need not respond. To the extent that a response is required of Pfizer, the allegations are denied.

14.     This paragraph is directed at a party other than Pfizer, and therefore Pfizer need not respond. To the extent that a response is required of Pfizer, the allegations are denied.

15.     This paragraph is directed at a party other than Pfizer, and therefore Pfizer need not respond. To the extent that a response is required of Pfizer, the allegations are denied.

16.     This paragraph is directed at a party other than Pfizer, and therefore Pfizer need not respond. To the extent that a response is required of Pfizer, the allegations are denied.

17.     This paragraph is directed at a party other than Pfizer, and therefore Pfizer need not respond. To the extent that a response is required of Pfizer, the allegations are denied.

18.     This paragraph is directed at a party other than Pfizer, and therefore Pfizer need not respond. To the extent that a response is required of Pfizer, the allegations are denied.

19.     This paragraph is directed at a party other than Pfizer, and therefore Pfizer need not respond. To the extent that a response is required of Pfizer, the allegations are denied.

20.     This paragraph is directed at a party other than Pfizer, and therefore Pfizer need not respond. To the extent that a response is required of Pfizer, the allegations are denied.

21.     This paragraph is directed at a party other than Pfizer, and therefore Pfizer need not respond. To the extent that a response is required of Pfizer, the allegations are denied.

22.    This paragraph is directed at a party other than Pfizer, and therefore Pfizer need not respond. To the extent that a response is required of Pfizer, the allegations are denied.

23.    This paragraph is directed at a party other than Pfizer, and therefore Pfizer need not respond. To the extent that a response is required of Pfizer, the allegations are denied.

24.    This paragraph is directed at a party other than Pfizer, and therefore Pfizer need not respond. To the extent that a response is required of Pfizer, the allegations are denied.

25.    This paragraph is directed at a party other than Pfizer, and therefore Pfizer need not respond. To the extent that a response is required of Pfizer, the allegations are denied.

26.    This paragraph is directed at a party other than Pfizer, and therefore Pfizer need not respond. To the extent that a response is required of Pfizer, the allegations are denied.

27.    This paragraph is directed at a party other than Pfizer, and therefore Pfizer need not respond. To the extent that a response is required of Pfizer, the allegations are denied.

28.    This paragraph is directed at a party other than Pfizer, and therefore Pfizer need not respond. To the extent that a response is required of Pfizer, the allegations are denied.

29.    This paragraph is directed at a party other than Pfizer, and therefore Pfizer need not respond. To the extent that a response is required of Pfizer, the allegations are denied.

30.    This paragraph is directed at a party other than Pfizer, and therefore Pfizer need not respond. To the extent that a response is required of Pfizer, the allegations are denied.

31.    This paragraph is directed at a party other than Pfizer, and therefore Pfizer need not respond. To the extent that a response is required of Pfizer, the allegations are denied.

32.    This paragraph is directed at a party other than Pfizer, and therefore Pfizer need not respond. To the extent that a response is required of Pfizer, the allegations are denied.

33.    This paragraph is directed at a party other than Pfizer, and therefore Pfizer need not respond. To the extent that a response is required of Pfizer, the allegations are denied.

34.    This paragraph is directed at a party other than Pfizer, and therefore Pfizer need not respond. To the extent that a response is required of Pfizer, the allegations are denied.

35.    This paragraph is directed at a party other than Pfizer, and therefore Pfizer need not respond. To the extent that a response is required of Pfizer, the allegations are denied.

36.    This paragraph is directed at a party other than Pfizer, and therefore Pfizer need not respond. To the extent that a response is required of Pfizer, the allegations are denied.

37.    This paragraph is directed at a party other than Pfizer, and therefore Pfizer need not respond. To the extent that a response is required of Pfizer, the allegations are denied.

38.    This paragraph is directed at a party other than Pfizer, and therefore Pfizer need not respond. To the extent that a response is required of Pfizer, the allegations are denied.

39.    This paragraph is directed at a party other than Pfizer, and therefore Pfizer need not respond. To the extent that a response is required of Pfizer, the allegations are denied.

40.    This paragraph is directed at a party other than Pfizer, and therefore Pfizer need not respond. To the extent that a response is required of Pfizer, the allegations are denied.

41.    This paragraph is directed at a party other than Pfizer, and therefore Pfizer need not respond. To the extent that a response is required of Pfizer, the allegations are denied.

42.    This paragraph is directed at a party other than Pfizer, and therefore Pfizer need not respond. To the extent that a response is required of Pfizer, the allegations are denied.

43.    This paragraph is directed at a party other than Pfizer, and therefore Pfizer need not respond. To the extent that a response is required of Pfizer, the allegations are denied.

44.     This paragraph is directed at a party other than Pfizer, and therefore Pfizer need not respond. To the extent that a response is required of Pfizer, the allegations are denied.

45.     This paragraph is directed at a party other than Pfizer, and therefore Pfizer need not respond. To the extent that a response is required of Pfizer, the allegations are denied.

46.     This paragraph is directed at a party other than Pfizer, and therefore Pfizer need not respond. To the extent that a response is required of Pfizer, the allegations are denied.

47.     This paragraph is directed at a party other than Pfizer, and therefore Pfizer need not respond. To the extent that a response is required of Pfizer, the allegations are denied.

48.     This paragraph is directed at a party other than Pfizer, and therefore Pfizer need not respond. To the extent that a response is required of Pfizer, the allegations are denied.

49.     This paragraph is directed at a party other than Pfizer, and therefore Pfizer need not respond. To the extent that a response is required of Pfizer, the allegations are denied.

50.     This paragraph is directed at a party other than Pfizer, and therefore Pfizer need not respond. To the extent that a response is required of Pfizer, the allegations are denied.

51.     This paragraph is directed at a party other than Pfizer, and therefore Pfizer need not respond. To the extent that a response is required of Pfizer, the allegations are denied.

52.     This paragraph is directed at a party other than Pfizer, and therefore Pfizer need not respond. To the extent that a response is required of Pfizer, the allegations are denied.

53.     This paragraph is directed at a party other than Pfizer, and therefore Pfizer need not respond. To the extent that a response is required of Pfizer, the allegations are denied.

54.     This paragraph is directed at a party other than Pfizer, and therefore Pfizer need not respond. To the extent that a response is required of Pfizer, the allegations are denied.

55.    This paragraph is directed at a party other than Pfizer, and therefore Pfizer need not respond. To the extent that a response is required of Pfizer, the allegations are denied.

56.    This paragraph is directed at a party other than Pfizer, and therefore Pfizer need not respond. To the extent that a response is required of Pfizer, the allegations are denied.

57.    This paragraph is directed at a party other than Pfizer, and therefore Pfizer need not respond. To the extent that a response is required of Pfizer, the allegations are denied.

58.    This paragraph is directed at a party other than Pfizer, and therefore Pfizer need not respond. To the extent that a response is required of Pfizer, the allegations are denied.

59.    This paragraph is directed at a party other than Pfizer, and therefore Pfizer need not respond. To the extent that a response is required of Pfizer, the allegations are denied.

60.    This paragraph is directed at a party other than Pfizer, and therefore Pfizer need not respond. To the extent that a response is required of Pfizer, the allegations are denied.

61.    This paragraph is directed at a party other than Pfizer, and therefore Pfizer need not respond. To the extent that a response is required of Pfizer, the allegations are denied.

62.    This paragraph is directed at a party other than Pfizer, and therefore Pfizer need not respond. To the extent that a response is required of Pfizer, the allegations are denied.

63.    This paragraph is directed at a party other than Pfizer, and therefore Pfizer need not respond. To the extent that a response is required of Pfizer, the allegations are denied.

64.    This paragraph is directed at a party other than Pfizer, and therefore Pfizer need not respond. To the extent that a response is required of Pfizer, the allegations are denied.

65.    This paragraph is directed at a party other than Pfizer, and therefore Pfizer need not respond. To the extent that a response is required of Pfizer, the allegations are denied.

66.    This paragraph is directed at a party other than Pfizer, and therefore Pfizer need not respond. To the extent that a response is required of Pfizer, the allegations are denied.

67.    This paragraph is directed at a party other than Pfizer, and therefore Pfizer need not respond. To the extent that a response is required of Pfizer, the allegations are denied.

68.    This paragraph is directed at a party other than Pfizer, and therefore Pfizer need not respond. To the extent that a response is required of Pfizer, the allegations are denied.

69.    This paragraph is directed at a party other than Pfizer, and therefore Pfizer need not respond. To the extent that a response is required of Pfizer, the allegations are denied.

70.    This paragraph is directed at a party other than Pfizer, and therefore Pfizer need not respond. To the extent that a response is required of Pfizer, the allegations are denied.

71.    This paragraph is directed at a party other than Pfizer, and therefore Pfizer need not respond. To the extent that a response is required of Pfizer, the allegations are denied.

72.    Pfizer admits that it is a Delaware corporation with its principal place of business at 235 East 42nd Street, New York, New York. The remainder of paragraph 72 is plaintiff's characterization of Pfizer's business, and is therefore deemed denied.

73.    This paragraph is directed at a party other than Pfizer, and therefore Pfizer need not respond. To the extent that a response is required of Pfizer, the allegations are denied.

74.    This paragraph is directed at a party other than Pfizer, and therefore Pfizer need not respond. To the extent that a response is required of Pfizer, the allegations are denied.

75.    This paragraph is directed at a party other than Pfizer, and therefore Pfizer need not respond. To the extent that a response is required of Pfizer, the allegations are denied.

76.    This paragraph is directed at a party other than Pfizer, and therefore Pfizer need not respond. To the extent that a response is required of Pfizer, the allegations are denied.

77.    Admitted in part, denied in part.  This paragraph lumps defendants Pfizer, Pharmacia Corporation, Pharmacia & UpJohn Company, G.D. Searle LLC. and Agouron Pharmaceuticals, Inc. together as "Pfizer Defendants" even though they are separate corporations and are sued as separate defendants.  To the extent this paragraph is directed at Pfizer, Pfizer admits that, at some point in time, Pfizer manufactured, distributed, marketed or sold some of the pharmaceuticals listed in Exhibit A.  Pfizer specifically denies that it manufactured, distributed, marketed or sold Omnicef, an Abbott Pharmaceuticals, Inc. product, which is listed in Exhibit A. Pfizer is without knowledge and information sufficient to form a belief as to whether the pharmaceuticals listed on Exhibit A were reimbursed by Alabama Medicaid.  To the extent this paragraph is directed at a party other than Pfizer, Pfizer need not respond.

78.    This paragraph is directed at a party other than Pfizer, and therefore Pfizer need not respond.  To the extent that a response is required of Pfizer, the allegations are denied.

79.    This paragraph is directed at a party other than Pfizer, and therefore Pfizer need not respond.  To the extent that a response is required of Pfizer, the allegations are denied.

80.    This paragraph is directed at a party other than Pfizer, and therefore Pfizer need not respond.  To the extent that a response is required of Pfizer, the allegations are denied.

81.    This paragraph is directed at a party other than Pfizer, and therefore Pfizer need not respond.  To the extent that a response is required of Pfizer, the allegations are denied.

82.    This paragraph is directed at a party other than Pfizer, and therefore Pfizer need not respond.  To the extent that a response is required of Pfizer, the allegations are denied.

83.    This paragraph is directed at a party other than Pfizer, and therefore Pfizer need not respond.  To the extent that a response is required of Pfizer, the allegations are denied.

84.    This paragraph is directed at a party other than Pfizer, and therefore Pfizer need not respond. To the extent that a response is required of Pfizer, the allegations are denied.

85.    This paragraph is directed at a party other than Pfizer, and therefore Pfizer need not respond. To the extent that a response is required of Pfizer, the allegations are denied.

86.    This paragraph is directed at a party other than Pfizer, and therefore Pfizer need not respond. To the extent that a response is required of Pfizer, the allegations are denied.

87.    This paragraph is directed at a party other than Pfizer, and therefore Pfizer need not respond. To the extent that a response is required of Pfizer, the allegations are denied.

88.    This paragraph is directed at a party other than Pfizer, and therefore Pfizer need not respond. To the extent that a response is required of Pfizer, the allegations are denied.

89.    This paragraph is directed at a party other than Pfizer, and therefore Pfizer need not respond. To the extent that a response is required of Pfizer, the allegations are denied.

90.    This paragraph is directed at a party other than Pfizer, and therefore Pfizer need not respond. To the extent that a response is required of Pfizer, the allegations are denied.

91.    This paragraph is directed at a party other than Pfizer, and therefore Pfizer need not respond. To the extent that a response is required of Pfizer, the allegations are denied.

92.    This paragraph is directed at a party other than Pfizer, and therefore Pfizer need not respond. To the extent that a response is required of Pfizer, the allegations are denied.

93.    This paragraph is directed at a party other than Pfizer, and therefore Pfizer need not respond. To the extent that a response is required of Pfizer, the allegations are denied.

94.    Pfizer denies each and every allegation set forth in this paragraph as to Pfizer, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

## JURISDICTION AND VENUE

95.   Denied.

96.   Pfizer admits the allegations set forth in this paragraph as to Pfizer, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

97.   Pfizer denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

## FACTUAL BACKGROUND

98.   Admitted in part, denied in part.  Pfizer admits that the Alabama Medicaid Program is a state-administered program with federal matching funds which pays for medical care, including prescription drug benefits, for certain Alabama citizens.  Pfizer denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in this paragraph.

99.   Pfizer denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph.

100.   Pfizer denies each and every allegation set forth in this paragraph as to Pfizer, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

101.   Admitted.

102.   To the extent that the allegations in this paragraph refer to statutes, regulations or other documents, those sources speak for themselves and are the best evidence of their contents.  Pfizer denies that plaintiff's selective characterization of those statutes and regulations is necessarily complete or accurate, and therefore denies the allegations in this paragraph.

103.    Pfizer denies each and every allegation set forth in this paragraph as to Pfizer, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

104.    Pfizer denies knowledge or information sufficient to form a belief about the truth of the allegations set forth in this paragraph.

105.    Pfizer denies each and every allegation set forth in this paragraph as to Pfizer, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

106.    Pfizer denies each and every allegation set forth in this paragraph as to Pfizer, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

107.    Pfizer denies each and every allegation set forth in this paragraph as to Pfizer, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

108.    Pfizer denies each and every allegation set forth in this paragraph as to Pfizer, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

109.    Pfizer denies each and every allegation set forth in this paragraph as to Pfizer, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

110.    Pfizer denies each and every allegation set forth in this paragraph as to Pfizer, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

111.    Pfizer denies each and every allegation set forth in this paragraph as to Pfizer, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

112.    Pfizer denies each and every allegation set forth in this paragraph as to Pfizer, except admits that other plaintiffs have filed complaints alleging similarly meritless and ill-informed claims from which plaintiff here appears to have largely copied its allegations.

113.    Pfizer denies each and every allegation set forth in this paragraph as to Pfizer, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

114.    Pfizer denies each and every allegation set forth in this paragraph as to Pfizer, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

115.    This paragraph appears to contain no allegations as to, or relevant to, any claims against Pfizer and therefore requires no answer; to the extent plaintiff purports to make allegations as to Pfizer, Pfizer denies each and every allegation set forth in this paragraph as to Pfizer, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

116.    This paragraph appears to contain no allegations as to, or relevant to, any claims against Pfizer and therefore requires no answer; to the extent plaintiff purports to make allegations as to Pfizer, Pfizer denies each and every allegation set forth in this paragraph as to Pfizer, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

117.    This paragraph appears to contain no allegations as to, or relevant to, any claims against Pfizer and therefore requires no answer; to the extent plaintiff purports to make allegations as to Pfizer, Pfizer denies each and every allegation set forth in this paragraph as to Pfizer, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

118.    This paragraph appears to contain no allegations as to, or relevant to, any claims against Pfizer and therefore requires no answer; to the extent plaintiff purports to make allegations as to Pfizer, Pfizer denies each and every allegation set forth in this paragraph as to Pfizer, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

119.    Admitted in part, denied in part. Pfizer admits only that it resolved, without admitting liability, an investigation by the Office of the Inspector General of the Department of Human Services related to Lipitor. The investigation did not involve any allegations relating to AWP, or any allegations that Pfizer participated in a "scheme," as alleged herein. Otherwise, denied.

120.    This paragraph appears to contain no allegations as to, or relevant to, any claims against Pfizer and therefore requires no answer; to the extent plaintiff purports to make allegations as to Pfizer, Pfizer denies each and every allegation set forth in this paragraph as to Pfizer, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

121.    This paragraph appears to contain no allegations as to, or relevant to, any claims against Pfizer and therefore requires no answer; to the extent plaintiff purports to make allegations as to Pfizer, Pfizer denies each and every allegation set forth in this paragraph as to

Pfizer, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

122.    This paragraph appears to contain no allegations as to, or relevant to, any claims against Pfizer and therefore requires no answer; to the extent plaintiff purports to make allegations as to Pfizer, Pfizer denies each and every allegation set forth in this paragraph as to Pfizer, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

123.    This paragraph appears to contain no allegations as to, or relevant to, any claims against Pfizer and therefore requires no answer; to the extent plaintiff purports to make allegations as to Pfizer, Pfizer denies each and every allegation set forth in this paragraph as to Pfizer, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

124.    Pfizer denies each and every allegation in this paragraph as to Pfizer, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations therein.

125.    Pfizer denies each and every allegation set forth in this paragraph as to Pfizer, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations therein, and affirmatively states that if there were any merit to the claims alleged herein as to Pfizer, it would neither be impractical nor impossible for the Plaintiff to allege specifically its claims as to Pfizer, which Plaintiff has entirely failed to do.

126.    Pfizer denies each and every allegation set forth in this paragraph as to Pfizer, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

## CLAIMS

### COUNT ONE -FRAUDULENT MISREPRESENTATION

127.    Pfizer repeats and incorporates by reference its responses to numbered paragraphs 1 through 126 above.

128.    Pfizer denies each and every allegation set forth in this paragraph as to Pfizer, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

129.    Pfizer denies each and every allegation set forth in this paragraph as to Pfizer, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

130.    Pfizer denies each and every allegation set forth in this paragraph as to Pfizer, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

### COUNT TWO - FRAUDULENT SUPPRESSION

131.    Pfizer repeats and incorporates by reference its responses to paragraphs 1 through 130 above.

132.    The Complaint did not contain a paragraph numbered "132," therefore no response from Pfizer is required.

133.    The Complaint did not contain a paragraph numbered "133," therefore no response from Pfizer is required.

134.    The Complaint did not contain a paragraph numbered "134," therefore no response from Pfizer is required.

135.    The Complaint did not contain a paragraph numbered "135," therefore no response from Pfizer is required.

136.    The Complaint did not contain a paragraph numbered "136," therefore no response from Pfizer is required.

137.    The Complaint did not contain a paragraph numbered "137," therefore no response from Pfizer is required.

139.    The Complaint did not contain a paragraph numbered "138," therefore no response from Pfizer is required.

140.    Pfizer denies each and every allegation set forth in this paragraph as to Pfizer, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

141.    Pfizer denies each and every allegation set forth in this paragraph as to Pfizer, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

142.    Pfizer denies each and every allegation set forth in this paragraph as to Pfizer, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

### COUNT THREE - WANTONNESS

143.    Pfizer repeats and incorporates by reference its responses to paragraphs 1 through 142 above.

144.    Pfizer denies each and every allegation set forth in this paragraph as to Pfizer, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

145.    Pfizer denies each and every allegation set forth in this paragraph as to Pfizer, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

146.    Pfizer denies each and every allegation set forth in this paragraph as to Pfizer, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

147.    Pfizer denies each and every allegation set forth in this paragraph as to Pfizer, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

## COUNT FOUR -UNJUST ENRICHMENT

148.    Pfizer repeats and incorporates by reference its responses to numbered paragraphs 1 through 147 above.

149.    Pfizer denies each and every allegation set forth in this paragraph as to Pfizer, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

150.    Pfizer denies each and every allegation set forth in this paragraph as to Pfizer, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

151.    Pfizer denies each and every allegation set forth in this paragraph as to Pfizer, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

152.    Pfizer denies each and every allegation set forth in this paragraph as to Pfizer, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

Pfizer further denies that plaintiff is entitled to a judgment or any other relief requested in their section entitled "PRAYER FOR RELIEF" and unnumbered "WHEREFORE" paragraph following paragraph 152 of the Complaint.

18

## PFIZER INC.'S AFFIRMATIVE DEFENSES

By alleging the matters set forth below, Pfizer does not allege or admit that it has the burden of proof and/or the burden of persuasion with respect to any of these matters or that plaintiff is relieved of its burdens to prove each and every element of its claims and the damages, if any, to which it is entitled. As and for its affirmative defenses, Pfizer alleges as follows:

### FIRST AFFIRMATIVE DEFENSE

Plaintiff fails to state a claim against Pfizer upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the political question and separation of powers doctrines.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff has no standing or capacity to bring some or all of the claims raised in this suit to recover Medicaid expenditures or to seek injunctive relief.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff has not suffered, and will not suffer, any injury to a legally protected or cognizable interest by reason of the conduct of Pfizer as alleged in the Complaint.

### FIFTH AFFIRMATIVE DEFENSE

To the extent plaintiff obtains recovery in any other case predicated on the same factual allegations, plaintiff is barred from seeking recovery against Pfizer based on the Complaint pursuant to the doctrines of *res judicata* and collateral estoppel, and the prohibition on double recovery for the same injury.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the First Amendment to the United States Constitution and the analogous provisions of the Constitution of the State of Alabama.

### SEVENTH AFFIRMATIVE DEFENSE

20

Plaintiff's claims are barred, in whole or in part, by the filed rate doctrine.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, to the extent that plaintiff has released, settled, entered into an accord and satisfaction or otherwise compromised its claims.

## NINTH AFFIRMATIVE DEFENSE

Any and all actions taken by Pfizer with respect to any of the matters alleged in the Complaint were taken in good faith and in accordance with established industry practice.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are preempted, in whole or in part, by federal law, including without limitation the Federal Employment Retirement Income and Security Act of 1974, the Federal Medicare Act, and the Federal Medicaid Act, including all amendments to the same and all regulations promulgated thereunder.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are preempted by the dormant Commerce Clause of the United States Constitution.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's claims against Pfizer are barred because Pfizer has complied with all applicable regulations of the federal and state governments.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims against Pfizer are barred, in whole or in part, by the applicable statutes of limitations and repose, and by the doctrines of laches, estoppel and waiver.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because they violate Pfizer's rights under the Due Process and Ex Post Facto clauses of the United States Constitution, as well as the

Constitution of the State of Alabama, insofar as plaintiff seeks to impose liability retroactively

for conduct that was not actionable at the time it occurred.

### FIFTEENTH AFFIRMATIVE DEFENSE

Pfizer's statements or actions were not the proximate cause or cause in fact of any injury

to or alleged loss by plaintiff.

### SIXTEENTH AFFIRMATIVE DEFENSE

To the extent that plaintiff attempts to seek equitable relief against Pfizer, it is not entitled

to such relief because it has an adequate remedy at law.

### SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims against Pfizer for injunctive relief were mooted by the passage of the

Medicare Prescription Drug, Improvement and Modernization Act of 2003.

### EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims for injunctive relief against Pfizer are barred by the doctrines of in pari

delicto and/or unclean hands.

### NINETEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims against Pfizer are barred, in whole or in part, due to its failure to join

indispensable parties.

### TWENTIETH AFFIRMATIVE DEFENSE

Plaintiff's claims against Pfizer are barred, in whole or in part, because it has suffered no

damages as a result of the matters alleged in the Complaint.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because any injuries sustained by

plaintiff were the result of its own conduct or the intervening or superceding conduct of third

parties.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims against Pfizer for damages are barred, in whole or in part: (1) because it failed to mitigate its damages, and its failure to mitigate damages should proportionately reduce the recovery of plaintiff and the allocation of any fault, if any exists, attributable to Pfizer; (2) because it would be unjustly enriched if allowed to recover any portion of the damages alleged in the Complaint; (3) by the doctrine of consent and/or ratification to the extent that plaintiff has paid for products manufactured, marketed and sold by Pfizer after the filing of plaintiff's original Complaint; and (4) because they are speculative and remote and because of the impossibility of ascertaining and allocating of those alleged damages.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

Pfizer is entitled to a set-off, should any damages be awarded against it, for the entire amount of all damages or settlement amounts recovered by plaintiff, with respect to the same alleged injuries.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

Any damages recovered by the plaintiff from Pfizer must be limited by the applicable statutory ceilings on recoverable damages.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

Plaintiff fails to allege facts or a cause of action against Pfizer sufficient to support a claim for compensatory damages, attorneys' fees and/or legal fees, or any other relief.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

To the extent punitive damages are sought, Plaintiff's punitive damages claims against Pfizer: (1) have no basis in law or fact; (2) are not recoverable because the allegations of the Complaint are legally insufficient to support a claim for punitive damages against Pfizer; (3) cannot be sustained because the laws regarding the standards for determining liability for and the

amount of punitive damages fail to give Pfizer prior notice of the conduct for which punitive damages may be imposed and the severity of the penalty that may be imposed, and are void for vagueness in violation of Pfizer's Due Process rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and the Constitution of the State of Alabama; (4) cannot be sustained because any award of punitive damages exceeding the limits authorized by the laws or other comparable laws would violate Pfizer's due process and equal protection rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and would be improper under the Constitution, common law and laws of the State of Alabama; (5) cannot be sustained because an award of punitive damages in this case, combined with any prior, contemporaneous, or subsequent judgments against Pfizer for punitive damages arising from the design, development, manufacture, fabrication, distribution, supply, marketing, sale, or use of Pfizer's products would constitute impermissible multiple punishments for the same wrong, in violation of Pfizer's Due Process and Equal Protection rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and would constitute double jeopardy in violation of the Constitution, common law, and statutory laws of the State of Alabama; (6) cannot be sustained because any award of punitive damages without the apportionment of the award separately and severally between or among the alleged joint tortfeasors, as determined by the alleged percentage of the wrong committed by each alleged tortfeasor, would violate Pfizer's Due Process and Equal Protection rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and would be improper under the Constitution, common law, and public policies of the State of Alabama; and (7) cannot be sustained because any award of punitive damages, which are penal in nature, without according Pfizer the same protections that are accorded to all criminal defendants, including the protection against unreasonable searches

and seizures, the privilege against self-incrimination, and the rights to confront adverse

witnesses, a speedy trial, and the effective assistance of counsel, would violate Pfizer's rights

guaranteed by the Fourth, Fifth, and Sixth Amendment as incorporated into the Fourteenth

Amendment to the United States Constitution and would be improper under the Constitution,

common law, and public policies of the State of Alabama.

**TWENTY-SEVENTH AFFIRMATIVE DEFENSE**

To the extent punitive damages are sought, Plaintiff's claims for punitive damages

against Pfizer cannot be sustained because an award of punitive damages by a jury that: (1) is

not provided constitutionally adequate standards of sufficient clarity for determining the

appropriate imposition of, and the appropriate size of, a punitive damages award; (2) is not

adequately instructed on the limits of punitive damages imposed by the applicable principles of

deterrence and punishment; (3) is not expressly prohibited from awarding punitive damages, or

determining the amount of an award of punitive damages, in whole or in part on the basis of

invidiously discriminatory characteristics, including without limitation the residence, wealth, and

corporate status of Pfizer; (4) is permitted to award punitive damages under a standard for

determining liability for punitive damages that is vague and arbitrary and does not define with

sufficient clarity the conduct or mental state that makes punitive damages permissible; (5) is not

properly instructed regarding plaintiff's burden of proof with respect to each and every element

of a claim for punitive damages; and (6) is not subject to trial court and appellate judicial review

for reasonableness and furtherance of legitimate purposes on the basis of constitutionally

adequate and objective standards, would violate Pfizer's Due Process and Equal Protection rights

guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution, and

would be improper under the Constitution, common law, and public policies of the State of

Alabama.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

To the extent punitive damages are sought, Plaintiff's claims for punitive damages against Pfizer cannot be sustained because an award of punitive damages that is subject to no predetermined limit, such as a maximum multiple of compensatory damages or a maximum amount of punitive damages that may be imposed, would:  (1) violate Pfizer's due process rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution; (2) violate Pfizer's right not to be subjected to an excessive award; and (3) be improper under the Constitution, common law, and public policies of the State of Alabama.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

Some or all of plaintiff's claims against Pfizer arise from plaintiff's failure to follow its federal and state statutory and regulatory obligation to properly establish appropriate reimbursement rates.

## THIRTITH AFFIRMATIVE DEFENSE

Plaintiff's unjust enrichment claims are barred, in whole or in part, because Pfizer did not retain any money belonging to the State as a result of any alleged overpayments as required under Alabama law.

## THIRTY-FIRST AFFIRMATIVE DEFENSE

Pfizer hereby gives notice that it intends to rely upon any other and additional defense that is now or may become available or appear during, or as a result of the discovery proceedings in this action and hereby reserves its right to amend its answer to assert such defense.

WHEREFORE, defendant Pfizer Inc. demands that:  (1) the Complaint be in all respects dismissed as to it; (2) it be awarded its costs of defending this action, including its reasonable

attorneys' fees; and (3) it be awarded such other and further relief as the Court may deem just and proper.

Dated:  February 3, 2006                          Respectfully submitted,

                                                   /s/  George Parker
                                                  Philip H. Butler  (BUT007)
                                                  George Parker  (PAR086)
                                                  Bradley, Arant Rose & White LLP
                                                  Alabama Center for Commerce Building
                                                  401 Adams Avenue, Suite 780
                                                  Montgomery, AL  36104
                                                  (334) 956-7602
                                                  (334) 956-7802 (fax)

                                                  John C. Dodds (admitted *pro hac vice*)
                                                  Kimberly K. Heuer (admitted *pro hac vice*)
                                                  Morgan, Lewis & Bockius LLP
                                                  1701 Market Street
                                                  Philadelphia, PA 19103
                                                  (215) 963-5000
                                                  (215) 963-5001

                                                  Scott C. Stempel (admitted *pro hac vice*)
                                                  Morgan, Lewis & Bockius LLP

                                                  Washington, DC


                                                  *Attorneys for Defendant Pfizer Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that I have on this 3rd day of February, 2006, electronically served a true and correct copy of the foregoing pleading on counsel of record by transmission to LNSF, pursuant to Case Management Order No. 2.

/s/ Kimberly K. Heuer