

Feb 3 2006
2:15PM

## IN THE CIRCUIT COURT OF
## MONTGOMERY COUNTY, ALABAMA

STATE OF ALABAMA,
        **Plaintiff,**

    v.                            **Case No. CV – 05-219**

**ABBOTT LABORATORIES, et al.,**
        **Defendants.**

## ANSWER AND DEFENSES OF
## DEFENDANT PHARMACIA & UPJOHN COMPANY LLC
## <u>TO THE STATE OF ALABAMA'S SECOND AMENDED COMPLAINT</u>

Defendant Pharmacia & UpJohn Company LLC ("Pharmacia & UpJohn"), by and through its attorneys, answers the Second Amended Complaint, as follows:

### <u>Preface</u>

The Plaintiff's Second Amended Complaint ("Complaint") contains allegations that are vague, ambiguous, inflammatory or otherwise improper. Pharmacia & UpJohn responds only to the extent that the Complaint is susceptible to a response and to the extent that Pharmacia & UpJohn has information sufficient to form a belief as to the allegations. Except where an allegation is expressly admitted, Pharmacia & UpJohn denies each and every allegation in the Complaint. For example, to the extent that "Defendants" are lumped together or an allegation relates to other parties, Pharmacia & UpJohn is unable to respond to those allegations and denies them. Pharmacia & UpJohn also denies all allegations that contain legal arguments and conclusions of law as those allegations do not require a response.

Subject to the foregoing, Pharmacia & UpJohn states as follows:

### <u>INTRODUCTION</u>

1.      Denied.

2.      Pharmacia & UpJohn is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph, and therefore denies them.

3.      Admitted in part, denied in part. Pharmacia & UpJohn admits only that the State of Alabama purports to bring this action. Pharmacia & UpJohn denies that plaintiff has standing to bring this action or is entitled to any relief. Pharmacia & UpJohn specifically denies that it engaged in a "drug-pricing scheme" and that it engaged in any "improper" or "unlawful" actions.

4.      Admitted in part, denied in part. Pharmacia & UpJohn admits only that the State of Alabama purports to bring this action. Pharmacia & UpJohn denies that there is any basis which permits Alabama to bring this action, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

## PARTIES

5.      Admitted in part, denied in part. Pharmacia & UpJohn admits that the State of Alabama purports to bring this action in its capacity as sovereign and on behalf of the Alabama Medicaid Agency. Pharmacia & UpJohn specifically denies that plaintiff has standing to bring this action or is entitled to any relief.

6.      To the extent that the allegations in this paragraph refer to statutes and regulations, those sources speak for themselves, and any characterizations thereof are denied. Pharmacia & UpJohn specifically denies that the State of Alabama has asserted proper claims against Pharmacia & UpJohn in t his action or that any relief is appropriate.

7.      This paragraph is directed at a party other than Pharmacia & UpJohn, and therefore Pharmacia & UpJohn need not respond. To the extent that a response is required of Pharmacia & UpJohn, the allegations are denied.

2

8.    This paragraph is directed at a party other than Pharmacia & UpJohn, and therefore Pharmacia & UpJohn need not respond. To the extent that a response is required of Pharmacia & UpJohn, the allegations are denied.

9.    This paragraph is directed at a party other than Pharmacia & UpJohn, and therefore Pharmacia & UpJohn need not respond. To the extent that a response is required of Pharmacia & UpJohn, the allegations are denied.

10.    This paragraph is directed at a party other than Pharmacia & UpJohn, and therefore Pharmacia & UpJohn need not respond. To the extent that a response is required of Pharmacia & UpJohn, the allegations are denied.

11.    This paragraph is directed at a party other than Pharmacia & UpJohn, and therefore Pharmacia & UpJohn need not respond. To the extent that a response is required of Pharmacia & UpJohn, the allegations are denied.

12.    This paragraph is directed at a party other than Pharmacia & UpJohn, and therefore Pharmacia & UpJohn need not respond. To the extent that a response is required of Pharmacia & UpJohn, the allegations are denied.

13.    This paragraph is directed at a party other than Pharmacia & UpJohn, and therefore Pharmacia & UpJohn need not respond. To the extent that a response is required of Pharmacia & UpJohn, the allegations are denied.

14.    This paragraph is directed at a party other than Pharmacia & UpJohn, and therefore Pharmacia & UpJohn need not respond. To the extent that a response is required of Pharmacia & UpJohn, the allegations are denied.

15.     This paragraph is directed at a party other than Pharmacia & UpJohn, and therefore Pharmacia & UpJohn need not respond. To the extent that a response is required of Pharmacia & UpJohn, the allegations are denied.

16.     This paragraph is directed at a party other than Pharmacia & UpJohn, and therefore Pharmacia & UpJohn need not respond. To the extent that a response is required of Pharmacia & UpJohn, the allegations are denied.

17.     This paragraph is directed at a party other than Pharmacia & UpJohn, and therefore Pharmacia & UpJohn need not respond. To the extent that a response is required of Pharmacia & UpJohn, the allegations are denied.

18.     This paragraph is directed at a party other than Pharmacia & UpJohn, and therefore Pharmacia & UpJohn need not respond. To the extent that a response is required of Pharmacia & UpJohn, the allegations are denied.

19.     This paragraph is directed at a party other than Pharmacia & UpJohn, and therefore Pharmacia & UpJohn need not respond. To the extent that a response is required of Pharmacia & UpJohn, the allegations are denied.

20.     This paragraph is directed at a party other than Pharmacia & UpJohn, and therefore Pharmacia & UpJohn need not respond. To the extent that a response is required of Pharmacia & UpJohn, the allegations are denied.

21.     This paragraph is directed at a party other than Pharmacia & UpJohn, and therefore Pharmacia & UpJohn need not respond. To the extent that a response is required of Pharmacia & UpJohn, the allegations are denied.

22.    This paragraph is directed at a party other than Pharmacia & UpJohn, and therefore Pharmacia & UpJohn need not respond. To the extent that a response is required of Pharmacia & UpJohn, the allegations are denied.

23.    This paragraph is directed at a party other than Pharmacia & UpJohn, and therefore Pharmacia & UpJohn need not respond. To the extent that a response is required of Pharmacia & UpJohn, the allegations are denied.

24.    This paragraph is directed at a party other than Pharmacia & UpJohn, and therefore Pharmacia & UpJohn need not respond. To the extent that a response is required of Pharmacia & UpJohn, the allegations are denied.

25.    This paragraph is directed at a party other than Pharmacia & UpJohn, and therefore Pharmacia & UpJohn need not respond. To the extent that a response is required of Pharmacia & UpJohn, the allegations are denied.

26.    This paragraph is directed at a party other than Pharmacia & UpJohn, and therefore Pharmacia & UpJohn need not respond. To the extent that a response is required of Pharmacia & UpJohn, the allegations are denied.

27.    This paragraph is directed at a party other than Pharmacia & UpJohn, and therefore Pharmacia & UpJohn need not respond. To the extent that a response is required of Pharmacia & UpJohn, the allegations are denied.

28.    This paragraph is directed at a party other than Pharmacia & UpJohn, and therefore Pharmacia & UpJohn need not respond. To the extent that a response is required of Pharmacia & UpJohn, the allegations are denied.

29.     This paragraph is directed at a party other than Pharmacia & UpJohn, and therefore Pharmacia & UpJohn need not respond. To the extent that a response is required of Pharmacia & UpJohn, the allegations are denied.

30.     This paragraph is directed at a party other than Pharmacia & UpJohn, and therefore Pharmacia & UpJohn need not respond. To the extent that a response is required of Pharmacia & UpJohn, the allegations are denied.

31.     This paragraph is directed at a party other than Pharmacia & UpJohn, and therefore Pharmacia & UpJohn need not respond. To the extent that a response is required of Pharmacia & UpJohn, the allegations are denied.

32.     This paragraph is directed at a party other than Pharmacia & UpJohn, and therefore Pharmacia & UpJohn need not respond. To the extent that a response is required of Pharmacia & UpJohn, the allegations are denied.

33.     This paragraph is directed at a party other than Pharmacia & UpJohn, and therefore Pharmacia & UpJohn need not respond. To the extent that a response is required of Pharmacia & UpJohn, the allegations are denied.

34.     This paragraph is directed at a party other than Pharmacia & UpJohn, and therefore Pharmacia & UpJohn need not respond. To the extent that a response is required of Pharmacia & UpJohn, the allegations are denied.

35.     This paragraph is directed at a party other than Pharmacia & UpJohn, and therefore Pharmacia & UpJohn need not respond. To the extent that a response is required of Pharmacia & UpJohn, the allegations are denied.

36.     This paragraph is directed at a party other than Pharmacia & UpJohn, and therefore Pharmacia & UpJohn need not respond. To the extent that a response is required of Pharmacia & UpJohn, the allegations are denied.

37.     This paragraph is directed at a party other than Pharmacia & UpJohn, and therefore Pharmacia & UpJohn need not respond. To the extent that a response is required of Pharmacia & UpJohn, the allegations are denied.

38.     This paragraph is directed at a party other than Pharmacia & UpJohn, and therefore Pharmacia & UpJohn need not respond. To the extent that a response is required of Pharmacia & UpJohn, the allegations are denied.

39.     This paragraph is directed at a party other than Pharmacia & UpJohn, and therefore Pharmacia & UpJohn need not respond. To the extent that a response is required of Pharmacia & UpJohn, the allegations are denied.

40.     This paragraph is directed at a party other than Pharmacia & UpJohn, and therefore Pharmacia & UpJohn need not respond. To the extent that a response is required of Pharmacia & UpJohn, the allegations are denied.

41.     This paragraph is directed at a party other than Pharmacia & UpJohn, and therefore Pharmacia & UpJohn need not respond. To the extent that a response is required of Pharmacia & UpJohn, the allegations are denied.

42.     This paragraph is directed at a party other than Pharmacia & UpJohn, and therefore Pharmacia & UpJohn need not respond. To the extent that a response is required of Pharmacia & UpJohn, the allegations are denied.

43.     This paragraph is directed at a party other than Pharmacia & UpJohn, and therefore Pharmacia & UpJohn need not respond. To the extent that a response is required of Pharmacia & UpJohn, the allegations are denied.

44.     This paragraph is directed at a party other than Pharmacia & UpJohn, and therefore Pharmacia & UpJohn need not respond. To the extent that a response is required of Pharmacia & UpJohn, the allegations are denied.

45.     This paragraph is directed at a party other than Pharmacia & UpJohn, and therefore Pharmacia & UpJohn need not respond. To the extent that a response is required of Pharmacia & UpJohn, the allegations are denied.

46.     This paragraph is directed at a party other than Pharmacia & UpJohn, and therefore Pharmacia & UpJohn need not respond. To the extent that a response is required of Pharmacia & UpJohn, the allegations are denied.

47.     This paragraph is directed at a party other than Pharmacia & UpJohn, and therefore Pharmacia & UpJohn need not respond. To the extent that a response is required of Pharmacia & UpJohn, the allegations are denied.

48.     This paragraph is directed at a party other than Pharmacia & UpJohn, and therefore Pharmacia & UpJohn need not respond. To the extent that a response is required of Pharmacia & UpJohn, the allegations are denied.

49.     This paragraph is directed at a party other than Pharmacia & UpJohn, and therefore Pharmacia & UpJohn need not respond. To the extent that a response is required of Pharmacia & UpJohn, the allegations are denied.

50.     This paragraph is directed at a party other than Pharmacia & UpJohn, and therefore Pharmacia & UpJohn need not respond. To the extent that a response is required of Pharmacia & UpJohn, the allegations are denied.

51.     This paragraph is directed at a party other than Pharmacia & UpJohn, and therefore Pharmacia & UpJohn need not respond. To the extent that a response is required of Pharmacia & UpJohn, the allegations are denied.

52.     This paragraph is directed at a party other than Pharmacia & UpJohn, and therefore Pharmacia & UpJohn need not respond. To the extent that a response is required of Pharmacia & UpJohn, the allegations are denied.

53.     This paragraph is directed at a party other than Pharmacia & UpJohn, and therefore Pharmacia & UpJohn need not respond. To the extent that a response is required of Pharmacia & UpJohn, the allegations are denied.

54.     This paragraph is directed at a party other than Pharmacia & UpJohn, and therefore Pharmacia & UpJohn need not respond. To the extent that a response is required of Pharmacia & UpJohn, the allegations are denied.

55.     This paragraph is directed at a party other than Pharmacia & UpJohn, and therefore Pharmacia & UpJohn need not respond. To the extent that a response is required of Pharmacia & UpJohn, the allegations are denied.

56.     This paragraph is directed at a party other than Pharmacia & UpJohn, and therefore Pharmacia & UpJohn need not respond. To the extent that a response is required of Pharmacia & UpJohn, the allegations are denied.

57.    This paragraph is directed at a party other than Pharmacia & UpJohn, and therefore Pharmacia & UpJohn need not respond. To the extent that a response is required of Pharmacia & UpJohn, the allegations are denied.

58.    This paragraph is directed at a party other than Pharmacia & UpJohn, and therefore Pharmacia & UpJohn need not respond. To the extent that a response is required of Pharmacia & UpJohn, the allegations are denied.

59.    This paragraph is directed at a party other than Pharmacia & UpJohn, and therefore Pharmacia & UpJohn need not respond. To the extent that a response is required of Pharmacia & UpJohn, the allegations are denied.

60.    This paragraph is directed at a party other than Pharmacia & UpJohn, and therefore Pharmacia & UpJohn need not respond. To the extent that a response is required of Pharmacia & UpJohn, the allegations are denied.

61.    This paragraph is directed at a party other than Pharmacia & UpJohn, and therefore Pharmacia & UpJohn need not respond. To the extent that a response is required of Pharmacia & UpJohn, the allegations are denied.

62.    This paragraph is directed at a party other than Pharmacia & UpJohn, and therefore Pharmacia & UpJohn need not respond. To the extent that a response is required of Pharmacia & UpJohn, the allegations are denied.

63.    This paragraph is directed at a party other than Pharmacia & UpJohn, and therefore Pharmacia & UpJohn need not respond. To the extent that a response is required of Pharmacia & UpJohn, the allegations are denied.

64.     This paragraph is directed at a party other than Pharmacia & UpJohn, and therefore Pharmacia & UpJohn need not respond. To the extent that a response is required of Pharmacia & UpJohn, the allegations are denied.

65.     This paragraph is directed at a party other than Pharmacia & UpJohn, and therefore Pharmacia & UpJohn need not respond. To the extent that a response is required of Pharmacia & UpJohn, the allegations are denied.

66.     This paragraph is directed at a party other than Pharmacia & UpJohn, and therefore Pharmacia & UpJohn need not respond. To the extent that a response is required of Pharmacia & UpJohn, the allegations are denied.

67.     This paragraph is directed at a party other than Pharmacia & UpJohn, and therefore Pharmacia & UpJohn need not respond. To the extent that a response is required of Pharmacia & UpJohn, the allegations are denied.

68.     This paragraph is directed at a party other than Pharmacia & UpJohn, and therefore Pharmacia & UpJohn need not respond. To the extent that a response is required of Pharmacia & UpJohn, the allegations are denied.

69.     This paragraph is directed at a party other than Pharmacia & UpJohn, and therefore Pharmacia & UpJohn need not respond. To the extent that a response is required of Pharmacia & UpJohn, the allegations are denied.

70.     This paragraph is directed at a party other than Pharmacia & UpJohn, and therefore Pharmacia & UpJohn need not respond. To the extent that a response is required of Pharmacia & UpJohn, the allegations are denied.

71.     This paragraph is directed at a party other than Pharmacia & UpJohn, and therefore Pharmacia & UpJohn need not respond. To the extent that a response is required of Pharmacia & UpJohn, the allegations are denied.

72.     This paragraph is directed at a party other than Pharmacia & UpJohn, and therefore Pharmacia & UpJohn need not respond. To the extent that a response is required of Pharmacia & UpJohn, the allegations are denied.

73.     This paragraph is directed at a party other than Pharmacia & UpJohn, and therefore Pharmacia & UpJohn need not respond. To the extent that a response is required of Pharmacia & UpJohn, the allegations are denied.

74.     Admitted in part, denied in part. Pharmacia & UpJohn Company LLC, a subsidiary of Pharmacia Corporation, is a Delaware corporation with its principal place of business located at 7000 Portage Road, Kalamazoo, MI 49001.

75.     This paragraph is directed at a party other than Pharmacia & UpJohn, and therefore Pharmacia & UpJohn need not respond. To the extent that a response is required of Pharmacia & UpJohn, the allegations are denied.

76.     This paragraph is directed at a party other than Pharmacia & UpJohn, and therefore Pharmacia & UpJohn need not respond. To the extent that a response is required of Pharmacia & UpJohn, the allegations are denied.

77.     Admitted in part, denied in part. This paragraph lumps defendants Pfizer Inc., Pharmacia Corporation, Pharmacia & UpJohn Company, G.D. Searle LLC and Agouron Pharmaceuticals, Inc. together as "Pfizer Defendants" even though they are separate corporations and are sued as separate defendants. To the extent this paragraph is directed at Pharmacia & UpJohn, Pharmacia & UpJohn admits that, at some point in time, Pharmacia & UpJohn

manufactured, distributed, marketed or sold some of the pharmaceuticals listed in Exhibit A.

Pharmacia & UpJohn specifically denies that it manufactured, distributed, marketed or sold

Omnicef, an Abbott Pharmaceuticals, Inc. product, which is listed in Exhibit A. Pharmacia &

UpJohn is without knowledge and information sufficient to form a belief as to whether the

pharmaceuticals listed on Exhibit A were reimbursed by Alabama Medicaid. To the extent this

paragraph is directed at a party other than Pharmacia & UpJohn, Pharmacia & UpJohn need not

respond.

      78.     This paragraph is directed at a party other than Pharmacia & UpJohn, and

therefore Pharmacia & UpJohn need not respond. To the extent that a response is required of

Pharmacia & UpJohn, the allegations are denied.

      79.     This paragraph is directed at a party other than Pharmacia & UpJohn, and

therefore Pharmacia & UpJohn need not respond. To the extent that a response is required of

Pharmacia & UpJohn, the allegations are denied.

      80.     This paragraph is directed at a party other than Pharmacia & UpJohn, and

therefore Pharmacia & UpJohn need not respond. To the extent that a response is required of

Pharmacia & UpJohn, the allegations are denied.

      81.     This paragraph is directed at a party other than Pharmacia & UpJohn, and

therefore Pharmacia & UpJohn need not respond. To the extent that a response is required of

Pharmacia & UpJohn, the allegations are denied.

      82.     This paragraph is directed at a party other than Pharmacia & UpJohn, and

therefore Pharmacia & UpJohn need not respond. To the extent that a response is required of

Pharmacia & UpJohn, the allegations are denied.

83.    This paragraph is directed at a party other than Pharmacia & UpJohn, and therefore Pharmacia & UpJohn need not respond. To the extent that a response is required of Pharmacia & UpJohn, the allegations are denied.

84.    This paragraph is directed at a party other than Pharmacia & UpJohn, and therefore Pharmacia & UpJohn need not respond. To the extent that a response is required of Pharmacia & UpJohn, the allegations are denied.

85.    This paragraph is directed at a party other than Pharmacia & UpJohn, and therefore Pharmacia & UpJohn need not respond. To the extent that a response is required of Pharmacia & UpJohn, the allegations are denied.

86.    This paragraph is directed at a party other than Pharmacia & UpJohn, and therefore Pharmacia & UpJohn need not respond. To the extent that a response is required of Pharmacia & UpJohn, the allegations are denied.

87.    This paragraph is directed at a party other than Pharmacia & UpJohn, and therefore Pharmacia & UpJohn need not respond. To the extent that a response is required of Pharmacia & UpJohn, the allegations are denied.

88.    This paragraph is directed at a party other than Pharmacia & UpJohn, and therefore Pharmacia & UpJohn need not respond. To the extent that a response is required of Pharmacia & UpJohn, the allegations are denied.

89.    This paragraph is directed at a party other than Pharmacia & UpJohn, and therefore Pharmacia & UpJohn need not respond. To the extent that a response is required of Pharmacia & UpJohn, the allegations are denied.

90.    This paragraph is directed at a party other than Pharmacia & UpJohn, and therefore Pharmacia & UpJohn need not respond. To the extent that a response is required of Pharmacia & UpJohn, the allegations are denied.

91.    This paragraph is directed at a party other than Pharmacia & UpJohn, and therefore Pharmacia & UpJohn need not respond. To the extent that a response is required of Pharmacia & UpJohn, the allegations are denied.

92.    This paragraph is directed at a party other than Pharmacia & UpJohn, and therefore Pharmacia & UpJohn need not respond. To the extent that a response is required of Pharmacia & UpJohn, the allegations are denied.

93.    This paragraph is directed at a party other than Pharmacia & UpJohn, and therefore Pharmacia & UpJohn need not respond. To the extent that a response is required of Pharmacia & UpJohn, the allegations are denied.

94.    Pharmacia & UpJohn denies each and every allegation set forth in this paragraph as to Pharmacia & UpJohn, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

## JURISDICTION AND VENUE

95.    Denied.

96.    Pharmacia & UpJohn admits the allegations set forth in this paragraph as to Pharmacia & UpJohn, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

97.    Pharmacia & UpJohn denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

## FACTUAL BACKGROUND

98.    Admitted in part, denied in part.  Pharmacia & UpJohn admits that the Alabama Medicaid Program is a state-administered program with federal matching funds which pays for medical care, including prescription drug benefits, for certain Alabama citizens.  Pharmacia & UpJohn denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in this paragraph.

99.    Pharmacia & UpJohn denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph.

100.    Pharmacia & UpJohn denies each and every allegation set forth in this paragraph as to Pharmacia & UpJohn, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

101.    Admitted.

102.    To the extent that the allegations in this paragraph refer to statutes, regulations or other documents, those sources speak for themselves and are the best evidence of their contents.  Pharmacia & UpJohn denies that plaintiff's selective characterization of those statutes and regulations is necessarily complete or accurate, and therefore denies the allegations in this paragraph.

103.    Pharmacia & UpJohn denies each and every allegation set forth in this paragraph as to Pharmacia & UpJohn, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

104.    Pharmacia & UpJohn denies knowledge or information sufficient to form a belief about the truth of the allegations set forth in this paragraph.

105.    Pharmacia & UpJohn denies each and every allegation set forth in this paragraph as to Pharmacia & UpJohn, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

106.    Pharmacia & UpJohn denies each and every allegation set forth in this paragraph as to Pharmacia & UpJohn, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

107.    Pharmacia & UpJohn denies each and every allegation set forth in this paragraph as to Pharmacia & UpJohn, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

108.    Pharmacia & UpJohn denies each and every allegation set forth in this paragraph as to Pharmacia & UpJohn, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

109.    Pharmacia & UpJohn denies each and every allegation set forth in this paragraph as to Pharmacia & UpJohn, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

110.    Pharmacia & UpJohn denies each and every allegation set forth in this paragraph as to Pharmacia & UpJohn, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

111.    Pharmacia & UpJohn denies each and every allegation set forth in this paragraph as to Pharmacia & UpJohn, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

112.    Pharmacia & UpJohn denies each and every allegation set forth in this paragraph as to Pharmacia & UpJohn, except admits that other plaintiffs have filed complaints alleging similarly meritless and ill-informed claims from which plaintiff here appears to have largely copied its allegations.

113.    Pharmacia & UpJohn denies each and every allegation set forth in this paragraph as to Pharmacia & UpJohn, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

114.    Pharmacia & UpJohn denies each and every allegation set forth in this paragraph as to Pharmacia & UpJohn, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

115.    This paragraph appears to contain no allegations as to, or relevant to, any claims against Pharmacia & UpJohn and therefore requires no answer; to the extent plaintiff purports to make allegations as to Pharmacia & UpJohn, Pharmacia & UpJohn denies each and every allegation set forth in this paragraph as to Pharmacia & UpJohn, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

116.    This paragraph appears to contain no allegations as to, or relevant to, any claims against Pharmacia & UpJohn and therefore requires no answer; to the extent plaintiff purports to make allegations as to Pharmacia & UpJohn, Pharmacia & UpJohn denies each and every allegation set forth in this paragraph as to Pharmacia & UpJohn, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

117.    This paragraph appears to contain no allegations as to, or relevant to, any claims against Pharmacia & UpJohn and therefore requires no answer; to the extent plaintiff purports to make allegations as to Pharmacia & UpJohn, Pharmacia & UpJohn denies each and every allegation set forth in this paragraph as to Pharmacia & UpJohn, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

118.    This paragraph appears to contain no allegations as to, or relevant to, any claims against Pharmacia & UpJohn and therefore requires no answer; to the extent plaintiff purports to

make allegations as to Pharmacia & UpJohn, Pharmacia & UpJohn denies each and every allegation set forth in this paragraph as to Pharmacia & UpJohn, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

119.    This paragraph is directed at a party other than Pharmacia & UpJohn, and therefore Pharmacia & UpJohn need not respond.  To the extent that a response is required of Pharmacia & UpJohn, the allegations are denied.

120.    This paragraph appears to contain no allegations as to, or relevant to, any claims against Pharmacia & UpJohn and therefore requires no answer; to the extent plaintiff purports to make allegations as to Pharmacia & UpJohn, Pharmacia & UpJohn denies each and every allegation set forth in this paragraph as to Pharmacia & UpJohn, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

121.    Pharmacia & UpJohn denies knowledge or information sufficient to form a belief as to the allegations set forth in this paragraph.

122.    This paragraph appears to contain no allegations as to, or relevant to, any claims against Pharmacia & UpJohn and therefore requires no answer; to the extent plaintiff purports to make allegations as to Pharmacia & UpJohn, Pharmacia & UpJohn denies each and every allegation set forth in this paragraph as to Pharmacia & UpJohn, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

123.    This paragraph appears to contain no allegations as to, or relevant to, any claims against Pharmacia & UpJohn and therefore requires no answer; to the extent plaintiff purports to make allegations as to Pharmacia & UpJohn, Pharmacia & UpJohn denies each and every allegation set forth in this paragraph as to Pharmacia & UpJohn, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

124.    Pharmacia & UpJohn denies each and every allegation in this paragraph as to Pharmacia & UpJohn, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations therein.

125.    Pharmacia & UpJohn denies each and every allegation set forth in this paragraph as to Pharmacia & UpJohn, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations therein, and affirmatively states that if there were any merit to the claims alleged herein as to Pharmacia & UpJohn, it would neither be impractical nor impossible for the Plaintiff to allege specifically its claims as to Pharmacia & UpJohn, which Plaintiff has entirely failed to do.

126.    Pharmacia & UpJohn denies each and every allegation set forth in this paragraph as to Pharmacia & UpJohn, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

**CLAIMS**

**COUNT ONE -FRAUDULENT MISREPRESENTATION**

127.    Pharmacia & UpJohn repeats and incorporates by reference its responses to numbered paragraphs 1 through 126 above.

128.    Pharmacia & UpJohn denies each and every allegation set forth in this paragraph as to Pharmacia & UpJohn, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

129.    Pharmacia & UpJohn denies each and every allegation set forth in this paragraph as to Pharmacia & UpJohn, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

130.    Pharmacia & UpJohn denies each and every allegation set forth in this paragraph as to Pharmacia & UpJohn, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

## COUNT TWO - FRAUDULENT SUPPRESSION

131.    Pharmacia & UpJohn repeats and incorporates by reference its responses to paragraphs 1 through 130 above.

132.    The Complaint did not contain a paragraph numbered "132," therefore no response from Pharmacia & UpJohn is required.

133.    The Complaint did not contain a paragraph numbered "133," therefore no response from Pharmacia & UpJohn is required.

134.    The Complaint did not contain a paragraph numbered "134," therefore no response from Pharmacia & UpJohn is required.

135.    The Complaint did not contain a paragraph numbered "135," therefore no response from Pharmacia & UpJohn is required.

136.    The Complaint did not contain a paragraph numbered "136," therefore no response from Pharmacia & UpJohn is required.

137.    The Complaint did not contain a paragraph numbered "137," therefore no response from Pharmacia & UpJohn is required.

139.    The Complaint did not contain a paragraph numbered "138," therefore no response from Pharmacia & UpJohn is required.

140.    Pharmacia & UpJohn denies each and every allegation set forth in this paragraph as to Pharmacia & UpJohn, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

141.    Pharmacia & UpJohn denies each and every allegation set forth in this paragraph as to Pharmacia & UpJohn, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

142.    Pharmacia & UpJohn denies each and every allegation set forth in this paragraph as to Pharmacia & UpJohn, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

## COUNT THREE - WANTONNESS

143.    Pharmacia & UpJohn repeats and incorporates by reference its responses to paragraphs 1 through 142 above.

144.    Pharmacia & UpJohn denies each and every allegation set forth in this paragraph as to Pharmacia & UpJohn, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

145.    Pharmacia & UpJohn denies each and every allegation set forth in this paragraph as to Pharmacia & UpJohn, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

146.    Pharmacia & UpJohn denies each and every allegation set forth in this paragraph as to Pharmacia & UpJohn, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

147.    Pharmacia & UpJohn denies each and every allegation set forth in this paragraph as to Pharmacia & UpJohn, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

## COUNT FOUR -UNJUST ENRICHMENT

148.    Pharmacia & UpJohn repeats and incorporates by reference its responses to numbered paragraphs 1 through 147 above.

149.    Pharmacia & UpJohn denies each and every allegation set forth in this paragraph as to Pharmacia & UpJohn, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

150.    Pharmacia & UpJohn denies each and every allegation set forth in this paragraph as to Pharmacia & UpJohn, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

151.    Pharmacia & UpJohn denies each and every allegation set forth in this paragraph as to Pharmacia & UpJohn, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

152.    Pharmacia & UpJohn denies each and every allegation set forth in this paragraph as to Pharmacia & UpJohn, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

Pharmacia & UpJohn further denies that plaintiff is entitled to a judgment or any other relief requested in their section entitled "PRAYER FOR RELIEF" and unnumbered "WHEREFORE" paragraph following paragraph 152 of the Complaint.

## PHARMACIA & UPJOHN COMPNAY'S AFFIRMATIVE DEFENSES

By alleging the matters set forth below Pharmacia & UpJohn does not allege or admit that it has the burden of proof and/or the burden of persuasion with respect to any of these matters or that plaintiff is relieved of its burdens to prove each and every element of its claims and the damages, if any, to which it is entitled. As and for its affirmative defenses, Pharmacia & UpJohn alleges as follows:

### FIRST AFFIRMATIVE DEFENSE

Plaintiff fails to state a claim against Pharmacia & UpJohn upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the political question and separation of powers doctrines.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff has no standing or capacity to bring some or all of the claims raised in this suit to recover Medicaid expenditures or to seek injunctive relief.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff has not suffered, and will not suffer, any injury to a legally protected or cognizable interest by reason of the conduct of Pharmacia & UpJohn as alleged in the Complaint.

### FIFTH AFFIRMATIVE DEFENSE

To the extent plaintiff obtains recovery in any other case predicated on the same factual allegations, plaintiff is barred from seeking recovery against Pharmacia & UpJohn based on the Complaint pursuant to the doctrines of *res judicata* and collateral estoppel, and the prohibition on double recovery for the same injury.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the First Amendment to the United States Constitution and the analogous provisions of the Constitution of the State of Alabama.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the filed rate doctrine.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, to the extent that plaintiff has released, settled, entered into an accord and satisfaction or otherwise compromised its claims.

### NINTH AFFIRMATIVE DEFENSE

Any and all actions taken by Pharmacia & UpJohn with respect to any of the matters alleged in the Complaint were taken in good faith and in accordance with established industry practice.

### TENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are preempted, in whole or in part, by federal law, including without limitation the Federal Employment Retirement Income and Security Act of 1974, the Federal Medicare Act, and the Federal Medicaid Act, including all amendments to the same and all regulations promulgated thereunder.

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are preempted by the dormant Commerce Clause of the United States Constitution.

### TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's claims against Pharmacia & UpJohn are barred because Pharmacia & UpJohn has complied with all applicable regulations of the federal and state governments.

### THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims against Pharmacia & UpJohn are barred, in whole or in part, by the applicable statutes of limitations and repose, and by the doctrines of laches, estoppel and waiver.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because they violate Pharmacia & UpJohn's rights under the Due Process and Ex Post Facto clauses of the United States Constitution, as well as the Constitution of the State of Alabama, insofar as plaintiff seeks to impose liability retroactively for conduct that was not actionable at the time it occurred.

## FIFTEENTH AFFIRMATIVE DEFENSE

Pharmacia & UpJohn's statements or actions were not the proximate cause or cause in fact of any injury to or alleged loss by plaintiff.

## SIXTEENTH AFFIRMATIVE DEFENSE

To the extent that plaintiff attempts to seek equitable relief against Pharmacia & UpJohn, it is not entitled to such relief because it has an adequate remedy at law.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims against Pharmacia & UpJohn for injunctive relief were mooted by the passage of the Medicare Prescription Drug, Improvement and Modernization Act of 2003.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims for injunctive relief against Pharmacia & UpJohn are barred by the doctrines of in pari delicto and/or unclean hands.

## NINETEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims against Pharmacia & UpJohn are barred, in whole or in part, due to its failure to join indispensable parties.

## TWENTIETH AFFIRMATIVE DEFENSE

Plaintiff's claims against Pharmacia & UpJohn are barred, in whole or in part, because it has suffered no damages as a result of the matters alleged in the Complaint.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because any injuries sustained by plaintiff were the result of its own conduct or the intervening or superceding conduct of third parties.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims against Pharmacia & UpJohn for damages are barred, in whole or in part: (1) because it failed to mitigate its damages, and its failure to mitigate damages should proportionately reduce the recovery of plaintiff and the allocation of any fault, if any exists, attributable to Pharmacia & UpJohn; (2) because it would be unjustly enriched if allowed to recover any portion of the damages alleged in the Complaint; (3) by the doctrine of consent and/or ratification to the extent that plaintiff has paid for products manufactured, marketed and sold by Pharmacia & UpJohn after the filing of plaintiff's original Complaint; and (4) because they are speculative and remote and because of the impossibility of ascertaining and allocating of those alleged damages.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

Pharmacia & UpJohn is entitled to a set-off, should any damages be awarded against it, for the entire amount of all damages or settlement amounts recovered by plaintiff, with respect to the same alleged injuries.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

Any damages recovered by the plaintiff from Pharmacia & UpJohn must be limited by the applicable statutory ceilings on recoverable damages.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

Plaintiff fails to allege facts or a cause of action against Pharmacia & UpJohn sufficient to support a claim for compensatory damages, attorneys' fees and/or legal fees, or any other relief.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

To the extent punitive damages are sought, Plaintiff's punitive damages claims against Pharmacia & UpJohn: (1) have no basis in law or fact; (2) are not recoverable because the allegations of the Complaint are legally insufficient to support a claim for punitive damages against Pharmacia & UpJohn; (3) cannot be sustained because the laws regarding the standards for determining liability for and the amount of punitive damages fail to give Pharmacia & UpJohn prior notice of the conduct for which punitive damages may be imposed and the severity of the penalty that may be imposed, and are void for vagueness in violation of Pharmacia & UpJohn's Due Process rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and the Constitution of the State of Alabama; (4) cannot be sustained because any award of punitive damages exceeding the limits authorized by the laws or other comparable laws would violate Pharmacia & UpJohn's due process and equal protection rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and would be improper under the Constitution, common law and laws of the State of Alabama; (5) cannot be sustained because an award of punitive damages in this case, combined with any prior, contemporaneous, or subsequent judgments against Pharmacia & UpJohn for punitive damages arising from the design, development, manufacture, fabrication, distribution, supply, marketing, sale, or use of Pharmacia & UpJohn's products would constitute impermissible multiple punishments for the same wrong, in violation of Pharmacia & UpJohn's Due Process and Equal Protection rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and would constitute double jeopardy in violation of the Constitution, common law,

and statutory laws of the State of Alabama; (6) cannot be sustained because any award of punitive damages without the apportionment of the award separately and severally between or among the alleged joint tortfeasors, as determined by the alleged percentage of the wrong committed by each alleged tortfeasor, would violate Pharmacia & UpJohn's Due Process and Equal Protection rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and would be improper under the Constitution, common law, and public policies of the State of Alabama; and (7) cannot be sustained because any award of punitive damages, which are penal in nature, without according Pharmacia & UpJohn the same protections that are accorded to all criminal defendants, including the protection against unreasonable searches and seizures, the privilege against self-incrimination, and the rights to confront adverse witnesses, a speedy trial, and the effective assistance of counsel, would violate Pharmacia & UpJohn's rights guaranteed by the Fourth, Fifth, and Sixth Amendment as incorporated into the Fourteenth Amendment to the United States Constitution and would be improper under the Constitution, common law, and public policies of the State of Alabama.

**TWENTY-SEVENTH AFFIRMATIVE DEFENSE**

To the extent punitive damages are sought, Plaintiff's claims for punitive damages against Pharmacia & UpJohn cannot be sustained because an award of punitive damages by a jury that: (1) is not provided constitutionally adequate standards of sufficient clarity for determining the appropriate imposition of, and the appropriate size of, a punitive damages award; (2) is not adequately instructed on the limits of punitive damages imposed by the applicable principles of deterrence and punishment; (3) is not expressly prohibited from awarding punitive damages, or determining the amount of an award of punitive damages, in whole or in part on the basis of invidiously discriminatory characteristics, including without limitation the residence, wealth, and corporate status of Pharmacia & UpJohn; (4) is permitted to

award punitive damages under a standard for determining liability for punitive damages that is vague and arbitrary and does not define with sufficient clarity the conduct or mental state that makes punitive damages permissible; (5) is not properly instructed regarding plaintiff's burden of proof with respect to each and every element of a claim for punitive damages; and (6) is not subject to trial court and appellate judicial review for reasonableness and furtherance of legitimate purposes on the basis of constitutionally adequate and objective standards, would violate Pharmacia & UpJohn's Due Process and Equal Protection rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution, and would be improper under the Constitution, common law, and public policies of the State of Alabama.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

To the extent punitive damages are sought, Plaintiff's claims for punitive damages against Pharmacia & UpJohn cannot be sustained because an award of punitive damages that is subject to no predetermined limit, such as a maximum multiple of compensatory damages or a maximum amount of punitive damages that may be imposed, would: (1) violate Pharmacia & UpJohn's due process rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution; (2) violate Pharmacia & UpJohn's right not to be subjected to an excessive award; and (3) be improper under the Constitution, common law, and public policies of the State of Alabama.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

Some or all of plaintiff's claims against Pharmacia & UpJohn arise from plaintiff's failure to follow its federal and state statutory and regulatory obligation to properly establish appropriate reimbursement rates.

## THIRTIETH AFFIRMATIVE DEFENSE

Plaintiff's unjust enrichment claims are barred, in whole or in part, because Pharmacia & UpJohn did not retain any money belonging to the State as a result of any alleged overpayments as required under Alabama law.

### THIRTY-FIRST AFFIRMATIVE DEFENSE

Pharmacia & UpJohn hereby gives notice that it intends to rely upon any other and additional defense that is now or may become available or appear during, or as a result of the discovery proceedings in this action and hereby reserves its right to amend its answer to assert such defense.

WHEREFORE, defendant Pharmacia & UpJohn demands that: (1) the Complaint be in all respects dismissed as to it; (2) it be awarded its costs of defending this action, including its reasonable attorneys' fees; and (3) it be awarded such other and further relief as the Court may deem just and proper.

Dated: February 3, 2006                         Respectfully submitted,

_/s/  George Parker_____
Philip H. Butler (BUT007)
George Parker (PAR086)
Bradley, Arant Rose & White LLP
Alabama Center for Commerce Building
401 Adams Avenue, Suite 780
Montgomery, AL  36104
(334) 956-7602
(334) 956-7802 (fax)

John C. Dodds (admitted *pro hac vice*)
Kimberly K. Heuer (admitted *pro hac vice*)
Morgan, Lewis & Bockius LLP
1701 Market Street
Philadelphia, PA 19103
(215) 963-5000
(215) 963-5001

Scott C. Stempel (admitted *pro hac vice*)

Morgan, Lewis & Bockius LLP

Washington, DC

*Attorneys for Defendant*
*Pharmacia & UpJohn Company LLC*

**CERTIFICATE OF SERVICE**

I hereby certify that I have on this 3rd day of February, 2006, electronically served a true

and correct copy of the foregoing pleading on counsel of record by transmission to LNSF,

pursuant to Case Management Order No. 2.

/s/  Kimberly K. Heuer