

Jan 30 2006
4:07PM

**IN THE CIRCUIT COURT OF**
**MONTGOMERY COUNTY, ALABAMA**

STATE OF ALABAMA,                    )
                                     )
            Plaintiff,               )
                                     )
    v.                               )        Case No.: CV-05-219
                                     )
ABBOTT LABORATORIES, INC. et al.,    )        Hon. Charles Price
                                     )
            Defendants               )

## ANSWER OF DEFENDANT SANDOZ INC. TO
## THE STATE OF ALABAMA'S SECOND AMENDED COMPLAINT

Defendant Sandoz Inc. ("Sandoz"), by and through its undersigned counsel, hereby answers Plaintiff's Second Amended Complaint, dated January 11, 2006 (the "Complaint") as follows:

1.      Paragraph 1 contains legal conclusions as to which no answer is required. To the extent that an answer may be required, Sandoz denies the allegations of paragraph 1 insofar as they pertain to Sandoz. Sandoz states that it is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 1 and therefore denies them.

2.      Sandoz denies the allegations contained in paragraph 2 insofar as they pertain to Sandoz. Sandoz states that it is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 2 and therefore denies them.

3.      Paragraph 3 contains legal conclusions as to which no answer is required. To the extent that an answer may be required, Sandoz denies the allegations in paragraph 3 insofar as they pertain to Sandoz. Sandoz states that it is without knowledge or information sufficient to

form a belief as to the truth of the remaining allegations of paragraph 3 and therefore denies them.

4.    Sandoz denies the allegations contained in paragraph 4 insofar as they pertain to Sandoz. Sandoz states that it is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 4 and therefore denies them.

5.    Sandoz admits that the State of Alabama purports to bring this action in its capacity as sovereign and on behalf of the Alabama Medicaid Agency, but denies that there is any basis on which to permit it to do so. Sandoz states that it is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 5 and therefore denies them.

6.    Paragraph 6 contains legal conclusions as to which no answer is required. To the extent that an answer may be required, Sandoz denies the allegations contained in paragraph 6 insofar as they pertain to Sandoz and respectfully refers the Court to Alabama Code § 36-15-12 for a full reading of its provisions. Sandoz states that it is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 6 and therefore denies them.

7.    Sandoz responds that the allegations contained in paragraph 7 are directed to another Defendant and do not require an answer from Sandoz. To the extent an answer is required, Sandoz states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 7 and therefore denies them.

8.    Sandoz responds that the allegations contained in paragraph 8 are directed to another Defendant and do not require an answer from Sandoz. To the extent an answer is

2

required, Sandoz states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 8 and therefore denies them.

9.     Sandoz responds that the allegations contained in paragraph 9 are directed to another Defendant and do not require an answer from Sandoz.  To the extent an answer is required, Sandoz states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 9 and therefore denies them.

10.     Sandoz responds that the allegations contained in paragraph 10 are directed to another Defendant and do not require an answer from Sandoz.  To the extent an answer is required, Sandoz states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 10 and therefore denies them.

11.     Sandoz responds that the allegations contained in paragraph 11 are directed to another Defendant and do not require an answer from Sandoz.  To the extent an answer is required, Sandoz states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 11 and therefore denies them.

12.     Sandoz responds that the allegations contained in paragraph 12 are directed to another Defendant and do not require an answer from Sandoz.  To the extent an answer is required, Sandoz states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 12 and therefore denies them.

13.     Sandoz responds that the allegations contained in paragraph 13 are directed to another Defendant and do not require an answer from Sandoz.  To the extent an answer is required, Sandoz states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 13 and therefore denies them.

14.     Sandoz responds that the allegations contained in paragraph 14 are directed to another Defendant and do not require an answer from Sandoz. To the extent an answer is required, Sandoz states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 14 and therefore denies them.

15.     Sandoz responds that the allegations contained in paragraph 15 are directed to another Defendant and do not require an answer from Sandoz. To the extent an answer is required, Sandoz states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 15 and therefore denies them.

16.     Sandoz responds that the allegations contained in paragraph 16 are directed to another Defendant and do not require an answer from Sandoz. To the extent an answer is required, Sandoz states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 16 and therefore denies them.

17.     Sandoz responds that the allegations contained in paragraph 17 are directed to another Defendant and do not require an answer from Sandoz. To the extent an answer is required, Sandoz states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 17 and therefore denies them.

18.     Sandoz responds that the allegations contained in paragraph 18 are directed to another Defendant and do not require an answer from Sandoz. To the extent an answer is required, Sandoz states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 18 and therefore denies them.

19.     Sandoz responds that the allegations contained in paragraph 19 are directed to another Defendant and do not require an answer from Sandoz. To the extent an answer is

required, Sandoz states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 19 and therefore denies them.

20.    Sandoz responds that the allegations contained in paragraph 20 are directed to another Defendant and do not require an answer from Sandoz. To the extent an answer is required, Sandoz states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 20 and therefore denies them.

21.    Sandoz responds that the allegations contained in paragraph 21 are directed to another Defendant and do not require an answer from Sandoz. To the extent an answer is required, Sandoz states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 21 and therefore denies them.

22.    Sandoz responds that the allegations contained in paragraph 22 are directed to another Defendant and do not require an answer from Sandoz. To the extent an answer is required, Sandoz states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 22 and therefore denies them.

23.    Sandoz responds that the allegations contained in paragraph 23 are directed to another Defendant and do not require an answer from Sandoz. To the extent an answer is required, Sandoz states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 23 and therefore denies them.

24.    Sandoz responds that the allegations contained in paragraph 24 are directed to another Defendant and do not require an answer from Sandoz. To the extent an answer is required, Sandoz states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 24 and therefore denies them.

25.    Sandoz responds that the allegations contained in paragraph 25 are directed to another Defendant and do not require an answer from Sandoz.  To the extent an answer is required, Sandoz states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 25 and therefore denies them.

26.    Sandoz responds that the allegations contained in paragraph 26 are directed to another Defendant and do not require an answer from Sandoz.  To the extent an answer is required, Sandoz states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 26 and therefore denies them.

27.    Sandoz responds that the allegations contained in paragraph 27 are directed to another Defendant and do not require an answer from Sandoz.  To the extent an answer is required, Sandoz states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 27 and therefore denies them.

28.    Sandoz responds that the allegations contained in paragraph 28 are directed to another Defendant and do not require an answer from Sandoz.  To the extent an answer is required, Sandoz states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 28 and therefore denies them.

29.    Sandoz responds that the allegations contained in paragraph 29 are directed to another Defendant and do not require an answer from Sandoz.  To the extent an answer is required, Sandoz states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 29 and therefore denies them.

30.    Sandoz responds that the allegations contained in paragraph 30 are directed to another Defendant and do not require an answer from Sandoz.  To the extent an answer is

required, Sandoz states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 30 and therefore denies them.

31.    Sandoz responds that the allegations contained in paragraph 31 are directed to another Defendant and do not require an answer from Sandoz.  To the extent an answer is required, Sandoz states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 31 and therefore denies them.

32.    Sandoz responds that the allegations contained in paragraph 32 are directed to another Defendant and do not require an answer from Sandoz.  To the extent an answer is required, Sandoz states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 32 and therefore denies them.

33.    Sandoz responds that the allegations contained in paragraph 33 are directed to another Defendant and do not require an answer from Sandoz.  To the extent an answer is required, Sandoz states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 33 and therefore denies them.

34.    Sandoz responds that the allegations contained in paragraph 34 are directed to another Defendant and do not require an answer from Sandoz.  To the extent an answer is required, Sandoz states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 34 and therefore denies them.

35.    Sandoz responds that the allegations contained in paragraph 35 are directed to another Defendant and do not require an answer from Sandoz.  To the extent an answer is required, Sandoz states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 35 and therefore denies them.

36.     Sandoz responds that the allegations contained in paragraph 36 are directed to another Defendant and do not require an answer from Sandoz. To the extent an answer is required, Sandoz states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 36 and therefore denies them.

37.     Sandoz responds that the allegations contained in paragraph 37 are directed to another Defendant and do not require an answer from Sandoz. To the extent an answer is required, Sandoz states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 37 and therefore denies them.

38.     Sandoz responds that the allegations contained in paragraph 38 are directed to another Defendant and do not require an answer from Sandoz. To the extent an answer is required, Sandoz states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 38 and therefore denies them.

39.     Sandoz responds that the allegations contained in paragraph 39 are directed to another Defendant and do not require an answer from Sandoz. To the extent an answer is required, Sandoz states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 39 and therefore denies them.

40.     Sandoz responds that the allegations contained in paragraph 40 are directed to another Defendant and do not require an answer from Sandoz. To the extent an answer is required, Sandoz states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 40 and therefore denies them.

41.     Sandoz responds that the allegations contained in paragraph 41 are directed to another Defendant and do not require an answer from Sandoz. To the extent an answer is

8

required, Sandoz states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 41 and therefore denies them.

42. Sandoz responds that the allegations contained in paragraph 42 are directed to another Defendant and do not require an answer from Sandoz. To the extent an answer is required, Sandoz states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 42 and therefore denies them.

43. Sandoz responds that the allegations contained in paragraph 43 are directed to another Defendant and do not require an answer from Sandoz. To the extent an answer is required, Sandoz states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 43 and therefore denies them.

44. Sandoz responds that the allegations contained in paragraph 44 are directed to another Defendant and do not require an answer from Sandoz. To the extent an answer is required, Sandoz states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 44 and therefore denies them.

45. Sandoz responds that the allegations contained in paragraph 45 are directed to another Defendant and do not require an answer from Sandoz. To the extent an answer is required, Sandoz states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 45 and therefore denies them.

46. Sandoz responds that the allegations contained in paragraph 46 are directed to another Defendant and do not require an answer from Sandoz. To the extent an answer is required, Sandoz states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 46 and therefore denies them.

47.    Sandoz responds that the allegations contained in paragraph 47 are directed to another Defendant and do not require an answer from Sandoz. To the extent an answer is required, Sandoz states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 47 and therefore denies them.

48.    Sandoz responds that the allegations contained in paragraph 48 are directed to another Defendant and do not require an answer from Sandoz. To the extent an answer is required, Sandoz states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 48 and therefore denies them.

49.    Sandoz responds that the allegations contained in paragraph 49 are directed to another Defendant and do not require an answer from Sandoz. To the extent an answer is required, Sandoz states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 49 and therefore denies them.

50.    Sandoz responds that the allegations contained in paragraph 50 are directed to another Defendant and do not require an answer from Sandoz. To the extent an answer is required, Sandoz states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 50 and therefore denies them.

51.    Sandoz responds that the allegations contained in paragraph 51 are directed to another Defendant and do not require an answer from Sandoz. To the extent an answer is required, Sandoz states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 51 and therefore denies them.

52.    Sandoz responds that the allegations contained in paragraph 52 are directed to another Defendant and do not require an answer from Sandoz. To the extent an answer is

required, Sandoz states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 52 and therefore denies them.

53.    Sandoz responds that the allegations contained in paragraph 53 are directed to another Defendant and do not require an answer from Sandoz. To the extent an answer is required, Sandoz states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 53 and therefore denies them.

54.    Sandoz responds that the allegations contained in paragraph 54 are directed to another Defendant and do not require an answer from Sandoz. To the extent an answer is required, Sandoz states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 54 and therefore denies them.

55.    Sandoz responds that the allegations contained in paragraph 55 are directed to another Defendant and do not require an answer from Sandoz. To the extent an answer is required, Sandoz states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 55 and therefore denies them.

56.    Sandoz responds that the allegations contained in paragraph 56 are directed to another Defendant and do not require an answer from Sandoz. To the extent an answer is required, Sandoz states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 56 and therefore denies them.

57.    Sandoz responds that the allegations contained in paragraph 57 are directed to another Defendant and do not require an answer from Sandoz. To the extent an answer is required, Sandoz states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 57 and therefore denies them.

58.    Sandoz responds that the allegations contained in paragraph 58 are directed to another Defendant and do not require an answer from Sandoz. To the extent an answer is required, Sandoz states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 58 and therefore denies them.

59.    Sandoz responds that the allegations contained in paragraph 59 are directed to another Defendant and do not require an answer from Sandoz. To the extent an answer is required, Sandoz states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 59 and therefore denies them.

60.    Sandoz responds that the allegations contained in paragraph 60 are directed to another Defendant and do not require an answer from Sandoz. To the extent an answer is required, Sandoz states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 60 and therefore denies them.

61.    Sandoz responds that the allegations contained in paragraph 61 are directed to another Defendant and do not require an answer from Sandoz. To the extent an answer is required, Sandoz states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 61 and therefore denies them.

62.    Sandoz responds that the allegations contained in paragraph 62 are directed to another Defendant and do not require an answer from Sandoz. To the extent an answer is required, Sandoz states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 62 and therefore denies them.

63.    Sandoz responds that the allegations contained in paragraph 63 are directed to another Defendant and do not require an answer from Sandoz. To the extent an answer is

required, Sandoz states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 63 and therefore denies them.

64.    Sandoz responds that the allegations contained in paragraph 64 are directed to another Defendant and do not require an answer from Sandoz.    To the extent an answer is required, Sandoz states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 64 and therefore denies them.

65.    Sandoz responds that the allegations contained in paragraph 65 are directed to another Defendant and do not require an answer from Sandoz.    To the extent an answer is required, Sandoz states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 65 and therefore denies them.

66.    Sandoz admits that Novartis Pharmaceuticals Corporation is a Delaware corporation with its principal place of business in East Hanover, New Jersey.  Sandoz denies the remaining allegations contained in paragraph 66.

67.    Sandoz Inc., which is misidentified as "Sandoz, Inc.", admits that it was formerly known as Geneva Pharmaceuticals, Inc. and that its principal place of business is 506 Carnegie Center, Suite 400, Princeton, NJ 08540-6243.  Sandoz states that it is a Colorado corporation. Sandoz denies the remaining allegations contained in paragraph 67.

68.    Sandoz admits that it develops, manufactures and sells generic pharmaceutical products for sale in the United States.  Sandoz further admits that it has sold certain products identified on Exhibit A to the Complaint.  Sandoz states that it is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 68 and therefore denies them.

69.    Sandoz responds that the allegations contained in paragraph 69 are directed to another Defendant and do not require an answer from Sandoz. To the extent an answer is required, Sandoz states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 69 and therefore denies them.

70.    Sandoz responds that the allegations contained in paragraph 70 are directed to another Defendant and do not require an answer from Sandoz. To the extent an answer is required, Sandoz states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 70 and therefore denies them.

71.    Sandoz responds that the allegations contained in paragraph 71 are directed to another Defendant and do not require an answer from Sandoz. To the extent an answer is required, Sandoz states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 71 and therefore denies them.

72.    Sandoz responds that the allegations contained in paragraph 72 are directed to another Defendant and do not require an answer from Sandoz. To the extent an answer is required, Sandoz states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 72 and therefore denies them.

73.    Sandoz responds that the allegations contained in paragraph 73 are directed to another Defendant and do not require an answer from Sandoz. To the extent an answer is required, Sandoz states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 73 and therefore denies them.

74.    Sandoz responds that the allegations contained in paragraph 74 are directed to another Defendant and do not require an answer from Sandoz. To the extent an answer is

required, Sandoz states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 74 and therefore denies them.

75.    Sandoz responds that the allegations contained in paragraph 75 are directed to another Defendant and do not require an answer from Sandoz.   To the extent an answer is required, Sandoz states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 75 and therefore denies them.

76.    Sandoz responds that the allegations contained in paragraph 76 are directed to another Defendant and do not require an answer from Sandoz.   To the extent an answer is required, Sandoz states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 76 and therefore denies them.

77.    Sandoz responds that the allegations contained in paragraph 77 are directed to another Defendant and do not require an answer from Sandoz.   To the extent an answer is required, Sandoz states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 77 and therefore denies them.

78.    Sandoz responds that the allegations contained in paragraph 78 are directed to another Defendant and do not require an answer from Sandoz.   To the extent an answer is required, Sandoz states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 78 and therefore denies them.

79.    Sandoz responds that the allegations contained in paragraph 79 are directed to another Defendant and do not require an answer from Sandoz.   To the extent an answer is required, Sandoz states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 79 and therefore denies them.

80.    Sandoz responds that the allegations contained in paragraph 80 are directed to another Defendant and do not require an answer from Sandoz. To the extent an answer is required, Sandoz states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 80 and therefore denies them.

81.    Sandoz responds that the allegations contained in paragraph 81 are directed to another Defendant and do not require an answer from Sandoz. To the extent an answer is required, Sandoz states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 81 and therefore denies them.

82.    Sandoz responds that the allegations contained in paragraph 82 are directed to another Defendant and do not require an answer from Sandoz. To the extent an answer is required, Sandoz states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 82 and therefore denies them.

83.    Sandoz responds that the allegations contained in paragraph 83 are directed to another Defendant and do not require an answer from Sandoz. To the extent an answer is required, Sandoz states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 83 and therefore denies them.

84.    Sandoz responds that the allegations contained in paragraph 84 are directed to another Defendant and do not require an answer from Sandoz. To the extent an answer is required, Sandoz states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 84 and therefore denies them.

85.    Sandoz responds that the allegations contained in paragraph 85 are directed to another Defendant and do not require an answer from Sandoz. To the extent an answer is

required, Sandoz states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 85 and therefore denies them.

86.    Sandoz responds that the allegations contained in paragraph 86 are directed to another Defendant and do not require an answer from Sandoz.    To the extent an answer is required, Sandoz states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 86 and therefore denies them.

87.    Sandoz responds that the allegations contained in paragraph 87 are directed to another Defendant and do not require an answer from Sandoz.    To the extent an answer is required, Sandoz states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 87 and therefore denies them.

88.    Sandoz responds that the allegations contained in paragraph 88 are directed to another Defendant and do not require an answer from Sandoz.    To the extent an answer is required, Sandoz states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 88 and therefore denies them.

89.    Sandoz responds that the allegations contained in paragraph 89 are directed to another Defendant and do not require an answer from Sandoz.    To the extent an answer is required, Sandoz states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 89 and therefore denies them.

90.    Sandoz responds that the allegations contained in paragraph 90 are directed to another Defendant and do not require an answer from Sandoz.    To the extent an answer is required, Sandoz states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 90 and therefore denies them.

91.    Sandoz responds that the allegations contained in paragraph 91 are directed to another Defendant and do not require an answer from Sandoz. To the extent an answer is required, Sandoz states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 91 and therefore denies them.

92.    Sandoz responds that the allegations contained in paragraph 92 are directed to another Defendant and do not require an answer from Sandoz. To the extent an answer is required, Sandoz states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 92 and therefore denies them.

93.    Sandoz responds that the allegations contained in paragraph 93 are directed to other Defendants and do not require an answer from Sandoz. To the extent an answer is required, Sandoz states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 93 and therefore denies them.

94.    Sandoz denies the allegations contained in paragraph 94 insofar as they pertain to Sandoz. Sandoz states that it is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 94 and therefore denies them.

95.    Paragraph 95 contains legal conclusions as to which no answer is required. To the extent that an answer may be required, Sandoz denies the allegations of paragraph 95 insofar as they pertain to Sandoz. Sandoz states that it is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 95 and therefore denies them.

96.    Paragraph 96 contains legal conclusions as to which no answer is required. To the extent that an answer may be required, Sandoz denies the allegations of paragraph 96 insofar as they pertain to Sandoz. Sandoz states that it is without knowledge or information sufficient to

form a belief as to the truth of the remaining allegations of paragraph 96 and therefore denies them.

97.    Paragraph 97 contains legal conclusions as to which no answer is required.  To the extent that an answer may be required, Sandoz denies the allegations of paragraph 97 insofar as they pertain to Sandoz.  Sandoz states that it is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 97 and therefore denies them.

98.    Sandoz states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 98 and therefore denies them.

99.    Sandoz states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 99 and therefore denies them.

100.    Sandoz denies the allegations contained in paragraph 100 insofar as they pertain to Sandoz.  Sandoz states that it is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 100 and therefore denies them.

101.    Paragraph 101 contains legal conclusions as to which no answer is required.  To the extent that an answer may be required, Sandoz denies the allegations of paragraph 101 insofar as they pertain to Sandoz.  Sandoz states that it is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 101 and therefore denies them.

102.    Paragraph 102 contains legal conclusions as to which no answer is required.  To the extent that an answer may be required, Sandoz denies the allegations of paragraph 102 insofar as they pertain to Sandoz.  Sandoz states that it is without knowledge or information

sufficient to form a belief as to the truth of the remaining allegations of paragraph 102 and therefore denies them.

103.    Sandoz denies the allegations contained in paragraph 103 insofar as they pertain to Sandoz. Sandoz states that it is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 103 and therefore denies them.

104.    Sandoz states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 104 and therefore denies them.

105.    Sandoz denies the allegations contained in paragraph 105 insofar as they pertain to Sandoz. Sandoz states that it is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 105 and therefore denies them.

106.    Sandoz denies the allegations contained in paragraph 106 insofar as they pertain to Sandoz. Sandoz states that it is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 106 and therefore denies them.

107.    Sandoz denies the allegations contained in paragraph 107 insofar as they pertain to Sandoz. Sandoz states that it is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 107 and therefore denies them.

108.    Sandoz denies the allegations contained in paragraph 108 insofar as they pertain to Sandoz. Sandoz states that it is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 108 and therefore denies them.

109.    Sandoz denies the allegations contained in paragraph 109 insofar as they pertain to Sandoz. Sandoz states that it is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 109 and therefore denies them.

110.   Sandoz denies the allegations contained in paragraph 110 insofar as they pertain to Sandoz. Sandoz states that it is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 110 and therefore denies them.

111.   Paragraph 111 contains legal conclusions as to which no answer is required. To the extent that an answer may be required, Sandoz denies the allegations of paragraph 111 insofar as they pertain to Sandoz. Sandoz states that it is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 111 and therefore denies them.

112.   Sandoz denies the allegations contained in paragraph 112 insofar as they pertain to Sandoz except that Sandoz admits that the State of Alabama, the State of California, the State of Florida, the State of Illinois, the State of Kentucky, the State of Mississippi, the State of Wisconsin, the City of New York, and certain Counties in New York State have each filed suit against Sandoz. Sandoz states that it is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 112 and therefore denies them.

113.   Sandoz denies the allegations contained in paragraph 113 insofar as they pertain to Sandoz. Sandoz further responds that the operative complaint filed in *City of New York* v. *Abbott Laboratories, Inc.*, 04-CV-06054, in the United States District Court of the Southern District of New York (August 4, 2004) speaks for itself and sets forth the allegations in that case, which Sandoz believes to be meritless. Sandoz states that it is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 113 and therefore denies them.

114.    Sandoz denies the allegations contained in paragraph 114 to the extent they pertain to Sandoz. Sandoz states that it is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 114 and therefore denies them.

115.    Sandoz denies the allegations contained in paragraph 115 to the extent they pertain to Sandoz. Sandoz states that it is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 115 and therefore denies them.

116.    Sandoz responds that the allegations contained in paragraph 116 are directed to another Defendant and do not require an answer from Sandoz. To the extent an answer is required, Sandoz states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 116 and therefore denies them.

117.    Sandoz responds that the allegations contained in paragraph 117 are directed to another Defendant and do not require an answer from Sandoz. To the extent an answer is required, Sandoz states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 117 and therefore denies them.

118.    Sandoz responds that the allegations contained in paragraph 118 are directed to another Defendant and do not require an answer from Sandoz. To the extent an answer is required, Sandoz states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 118 and therefore denies them.

119.    Sandoz responds that the allegations contained in paragraph 119 are directed to another Defendant and do not require an answer from Sandoz. To the extent an answer is required, Sandoz states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 119 and therefore denies them.

120.    Sandoz responds that the allegations contained in paragraph 120 are directed to another Defendant and do not require an answer from Sandoz. To the extent an answer is required, Sandoz states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 120 and therefore denies them.

121.    Sandoz states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 121 and therefore denies them.

122.    Sandoz denies the allegations contained in paragraph 122 to the extent they pertain to Sandoz. Sandoz states that it is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 122 and therefore denies them.

123.    Sandoz denies the allegations contained in paragraph 123 to the extent they pertain to Sandoz. Sandoz states that it is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 123 and therefore denies them.

124.    Sandoz denies the allegations contained in paragraph 124 insofar as they pertain to Sandoz. Sandoz states that it is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 124 and therefore denies them.

125.    Sandoz denies the allegations contained in paragraph 125 to the extent they pertain to Sandoz. Sandoz states that it is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 125 and therefore denies them.

126.    Sandoz denies the allegations contained in paragraph 126 to the extent they pertain to Sandoz. Sandoz states that it is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 126 and therefore denies them.

127.    Sandoz incorporates by reference its answers to paragraphs 1 through 126 above.

128.    Sandoz denies the allegations contained in paragraph 128 insofar as they pertain to Sandoz. Sandoz states that it is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 128 and therefore denies them.

129.    Sandoz denies the allegations contained in paragraph 129 insofar as they pertain to Sandoz. Sandoz states that it is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 129 and therefore denies them.

130.    Sandoz denies the allegations contained in paragraph 130 insofar as they pertain to Sandoz. Sandoz states that it is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 130 and therefore denies them.

131.    Sandoz incorporates by reference its answers to paragraphs 1 through 131 above. [1]

140.    Sandoz denies the allegations contained in paragraph 140 insofar as they pertain to Sandoz. Sandoz states that it is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 140 and therefore denies them.

141.    Sandoz denies the allegations contained in paragraph 141 insofar as they pertain to Sandoz. Sandoz states that it is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 141 and therefore denies them.

142.    Sandoz denies the allegations contained in paragraph 142 insofar as they pertain to Sandoz. Sandoz states that it is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 142 and therefore denies them.

143.    Sandoz incorporates by reference its answers to paragraphs 1 through 142 above.

---

[1]    The Amended Complaint omits paragraphs numbered 132-139. To the extent these paragraphs contain allegations, Sandoz states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 132-139 and therefore denies them.

144.    Sandoz denies the allegations contained in paragraph 144 insofar as they pertain to Sandoz.  Sandoz states that it is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 144 and therefore denies them.

145.    Sandoz denies the allegations contained in paragraph 145 insofar as they pertain to Sandoz.  Sandoz states that it is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 145 and therefore denies them.

146.    Sandoz denies the allegations contained in paragraph 146 insofar as they pertain to Sandoz.  Sandoz states that it is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 146 and therefore denies them.

147.    Sandoz denies the allegations contained in paragraph 147 insofar as they pertain to Sandoz.  Sandoz states that it is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 147 and therefore denies them.

148.    Sandoz incorporates by reference its answers to paragraphs 1 through 147 above.

149.    Sandoz denies the allegations contained in paragraph 149 insofar as they pertain to Sandoz.  Sandoz states that it is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 149 and therefore denies them.

150.    Sandoz denies the allegations contained in paragraph 150 insofar as they pertain to Sandoz.  Sandoz states that it is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 150 and therefore denies them.

151.    Sandoz denies the allegations contained in paragraph 151 insofar as they pertain to Sandoz.  Sandoz states that it is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 151 and therefore denies them.

152.    Sandoz denies the allegations contained in paragraph 152 insofar as they pertain to Sandoz. Sandoz states that it is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 152 and therefore denies them.

Sandoz further denies that Plaintiff is entitled to a judgment or any other relief requested in its section entitled "PRAYER FOR RELIEF" and unnumbered "WHEREFORE" paragraph following paragraph 152 of the Complaint.

**AFFIRMATIVE DEFENSES**

By alleging the matters set forth below, Sandoz does not allege or admit that it has the burden of proof and/or the burden of persuasion with respect to any of these matters or that Plaintiff is relieved of its burdens to prove each and every element of its claims and the damages, if any, to which it is entitled. As and for its affirmative defenses, Sandoz alleges as follows:

**FIRST AFFIRMATIVE DEFENSE**

Plaintiff fails to state a claim against Sandoz upon which relief may be granted.

**SECOND AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred, in whole or in part, by the political question and separation of powers doctrines.

**THIRD AFFIRMATIVE DEFENSE**

Plaintiff has no standing or capacity to bring some or all of the claims raised in this suit to recover Medicaid expenditures or to seek injunctive relief.

**FOURTH AFFIRMATIVE DEFENSE**

Plaintiff has not suffered, and will not suffer, any injury to a legally protected or cognizable interest by reason of the conduct of Sandoz as alleged in the Complaint.

### FIFTH AFFIRMATIVE DEFENSE

To the extent Plaintiff obtains recovery in any other case predicated on the same factual allegations, Plaintiff is barred from seeking recovery against Sandoz based on the Complaint pursuant to the doctrines of res judicata and collateral estoppel, and the prohibition on double recovery for the same injury.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the First Amendment to the United States Constitution and the analogous provisions of the Constitution of the State of Alabama.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the filed rate doctrine.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, to the extent that Plaintiff has released, settled, entered into an accord and satisfaction or otherwise compromised its claims.

### NINTH AFFIRMATIVE DEFENSE

Any and all actions taken by Sandoz with respect to any of the matters alleged in the Complaint were taken in good faith and in accordance with established industry practice.

### TENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are preempted, in whole or in part, by federal law, including without limitation the Federal Employment Retirement Income and Security Act of 1974, the Federal Medicare Act, and the Federal Medicaid Act, including all amendments to the same and all regulations promulgated thereunder.

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are preempted by the dormant Commerce Clause of the United States Constitution.

### TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's claims against Sandoz are barred because Sandoz has complied with all applicable regulations of the federal and state governments.

### THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims against Sandoz are barred, in whole or in part, by the applicable statutes of limitations and repose, and by the doctrines of laches, estoppel and waiver.

### FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because they violate Sandoz' rights under the Due Process and *Ex Post Facto* clauses of the United States Constitution, as well as the Constitution of the State of Alabama, insofar as Plaintiff seeks to impose liability retroactively for conduct that was not actionable at the time it occurred.

### FIFTEENTH AFFIRMATIVE DEFENSE

Sandoz' statements or actions were not the proximate cause or cause in fact of any injury to or alleged loss by Plaintiff.

### SIXTEENTH AFFIRMATIVE DEFENSE

To the extent that Plaintiff attempts to seek equitable relief against Sandoz, it is not entitled to such relief because it has an adequate remedy at law.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims against Sandoz for injunctive relief were mooted by the enactment of the Medicare Prescription Drug, Improvement and Modernization Act of 2003.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims for injunctive relief against Sandoz are barred by the doctrines of *in pari delicto* and/or unclean hands.

## NINETEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims against Sandoz are barred, in whole or in part, due to its failure to join indispensable parties.

## TWENTIETH AFFIRMATIVE DEFENSE

Plaintiff's claims against Sandoz are barred, in whole or in part, because it has suffered no damages as a result of the matters alleged in the Complaint.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because any injuries sustained by Plaintiff were the result of its own conduct or the intervening or superceding conduct of third parties.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims against Sandoz for damages are barred, in whole or in part: (1) because it failed to mitigate its damages, and its failure to mitigate damages should proportionately reduce the recovery of Plaintiff and the allocation of any fault, if any exists, attributable to Sandoz; (2) because it would be unjustly enriched if allowed to recover any portion of the damages alleged in the Complaint; (3) by the doctrine of consent and/or ratification to the extent

that Plaintiff has paid for products manufactured, marketed and sold by Sandoz after the filing of Plaintiff's original Complaint; and (4) because they are speculative and remote and because of the impossibility of ascertaining and allocating of those alleged damages.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

Sandoz is entitled to a set-off, should any damages be awarded against it, for the entire amount of all damages or settlement amounts recovered by Plaintiff, with respect to the same alleged injuries.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

Any damages recovered by the Plaintiff from Sandoz must be limited by the applicable statutory ceilings on recoverable damages, including without limitation, Alabama Code 6-11-21.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

Plaintiff fails to allege facts or a cause of action against Sandoz sufficient to support a claim for compensatory damages, attorneys' fees and/or legal fees, or any other relief.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

To the extent punitive damages are sought, Plaintiff's punitive damages claims against Sandoz: (1) have no basis in law or fact; (2) are not recoverable because the allegations of the Complaint are legally insufficient to support a claim for punitive damages against Sandoz; (3) cannot be sustained because the laws regarding the standards for determining liability for and the amount of punitive damages fail to give Sandoz prior notice of the conduct for which punitive damages may be imposed and the severity of the penalty that may be imposed, and are void for vagueness in violation of Sandoz' Due Process rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and the Constitution of the State of Alabama; (4)

cannot be sustained because any award of punitive damages exceeding the limits authorized by the laws or other comparable laws would violate Sandoz' due process and equal protection rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and would be improper under the Constitution, common law and laws of the State of Alabama; (5) cannot be sustained because an award of punitive damages in this case, combined with any prior, contemporaneous, or subsequent judgments against Sandoz for punitive damages arising from the design, development, manufacture, fabrication, distribution, supply, marketing, sale, or use of Sandoz' products would constitute impermissible multiple punishments for the same wrong, in violation of Sandoz' Due Process and Equal Protection rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and would constitute double jeopardy in violation of the Constitution, common law, and statutory laws of the State of Alabama; (6) cannot be sustained because any award of punitive damages without the apportionment of the award separately and severally between or among the alleged joint tortfeasors, as determined by the alleged percentage of the wrong committed by each alleged tortfeasor, would violate Sandoz' Due Process and Equal Protection rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and would be improper under the Constitution, common law, and public policies of the State of Alabama; and (7) cannot be sustained because any award of punitive damages, which are penal in nature, without according Sandoz the same protections that are accorded to all criminal defendants, including the protection against unreasonable searches and seizures, the privilege against self-incrimination, and the rights to confront adverse witnesses, a speedy trial, and the effective assistance of counsel, would violate Sandoz' rights guaranteed by the Fourth, Fifth, and Sixth Amendment as incorporated into the Fourteenth

Amendment to the United States Constitution and would be improper under the Constitution, common law, and public policies of the State of Alabama.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

To the extent punitive damages are sought, Plaintiff's claims for punitive damages against Sandoz cannot be sustained because an award of punitive damages by a jury that: (1) is not provided constitutionally adequate standards of sufficient clarity for determining the appropriate imposition of, and the appropriate size of, a punitive damages award; (2) is not adequately instructed on the limits of punitive damages imposed by the applicable principles of deterrence and punishment; (3) is not expressly prohibited from awarding punitive damages, or determining the amount of an award of punitive damages, in whole or in part on the basis of invidiously discriminatory characteristics, including without limitation the residence, wealth, and corporate status of Sandoz; (4) is permitted to award punitive damages under a standard for determining liability for punitive damages that is vague and arbitrary and does not define with sufficient clarity the conduct or mental state that makes punitive damages permissible; (5) is not properly instructed regarding Plaintiff's burden of proof with respect to each and every element of a claim for punitive damages; and (6) is not subject to trial court and appellate judicial review for reasonableness and furtherance of legitimate purposes on the basis of constitutionally adequate and objective standards, would violate Sandoz' Due Process and Equal Protection rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution, and would be improper under the Constitution, common law, and public policies of the State of Alabama.

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

To the extent punitive damages are sought, Plaintiff's claims for punitive damages against Sandoz cannot be sustained because an award of punitive damages that is subject to no predetermined limit, such as a maximum multiple of compensatory damages or a maximum amount of punitive damages that may be imposed, would: (1) violate Sandoz' due process rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution; (2) violate Sandoz' right not to be subjected to an excessive award; and (3) be improper under the Constitution, common law, and public policies of the State of Alabama.

### TWENTY-NINTH AFFIRMATIVE DEFENSE

Some or all of Plaintiff's claims against Sandoz arise from Plaintiff's failure to follow its federal and state statutory and regulatory obligation to properly establish appropriate reimbursement rates.

### THIRTIETH AFFIRMATIVE DEFENSE

Plaintiff's unjust enrichment claims are barred, in whole or in part, because Sandoz did not retain any money belonging to the State as a result of any alleged overpayments as required under Alabama law.

### THIRTY-FIRST AFFIRMATIVE DEFENSE

Plaintiff's claims against Sandoz are misjoined with Plaintiff's claims against other defendants and must be severed.

33

## THIRTY-SECOND AFFIRMATIVE DEFENSE

Sandoz hereby gives notice that it intends to rely upon any other and additional defense that is now or may become available or appear during, or as a result of the discovery proceedings in this action and hereby reserves its right to amend its answer to assert such defense.

WHEREFORE, Sandoz prays that this Court:

1.    Dismiss the Second Amended Complaint with prejudice and enter judgment in favor of Sandoz and against Plaintiff;

2.    Award Sandoz its costs and expenses; and

3.    Grant such other and further relief for Sandoz as this Court deems just and proper.

/s/C. Clay Torbert III_____
C. Clay Torbert III (TOR006)
Chad W. Bryan (BRY032)

Attorneys for Defendant
Sandoz, Inc.

**OF COUNSEL:**

CAPELL & HOWARD, P.C.
150 South Perry Street (36104)
Post Office Box 2069 (36102-2069)
Montgomery, Alabama
(334) 241-8000

OF COUNSEL:

WAYNE A. CROSS
MICHAEL J. GALLAGHER
WHITE & CASE LLP
1155 Avenue of the Americas
New York, New York 10036-2787
Telephone:    (212) 819-8200
Facsimile:    (212) 354-8113

## CERTIFICATE OF SERVICE

I hereby certify that I have on this the 30th day of January, 2006, served a copy of the foregoing pleading with the Clerk of the Court and with the LNFS system, which will send notification of the filing to all counsel of record.


/s/C. Clay Torbert III_____
C. Clay Torbert III (TOR006)


5413019