

Jan 30 2006
6:29PM

IN THE CIRCUIT COUT OF
MONTGOMERY COUNTY, ALABAMA

STATE OF ALABAMA,                )
                                 )
        Plaintiff                )          CV-05-219
                                 )
v.                               )
                                 )
ABBOTT LABORATORIES, INC.        )
et al.,                          )
                                 )
        Defendants.              )
                                 )

**DEFENDANTS SCHERING-PLOUGH CORPORATION'S
AND WARRICK PHARMACEUTICALS CORPORATION'S ANSWER
AND AFFIRMATIVE DEFENSES TO
PLAINTIFF'S SECOND AMENDED COMPLIANT**

Defendants Schering-Plough Corporation (hereinafter "Schering") and Warrick

Pharmaceuticals Corporation (hereinafter "Warrick"), for their Answer and Counterclaims to

Plaintiff's Second Amended Complaint, respond as follows, with their answers corresponding to

the numbered Paragraphs in Plaintiff's Second Amended Complaint:

## INTRODUCTION

1.    Schering and Warrick deny the allegations in Paragraph 1 with respect to Schering

and Warrick.  Schering and Warrick are without knowledge sufficient to form a belief

as to the truth or falsity of the allegations made in Paragraph 1 with respect to the

remaining Defendants, and therefore Schering and Warrick deny these allegations.

Schering and Warrick deny any remaining allegations in Paragraph 1.

2.    Schering and Warrick deny the allegations concerning "Defendants' fraudulent

pricing scheme" and the existence of any such scheme, and deny that any "action" is

1

"require[d] to ensure fair dealing with respect to Schering and Warrick." Schering and Warrick are without knowledge sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 2, and therefore Schering and Warrick deny any remaining allegations in Paragraph 2. Schering and Warrick deny any remaining allegations in Paragraph 2.

3.     Schering and Warrick admit that the Plaintiff purports to seek various forms of relief in its Second Amended Complaint, which speaks for itself. Schering and Warrick deny that they have engaged in any fraudulent, wanton, improper, or unlawful conduct, including without limitation any "drug-pricing scheme," and deny any remaining allegations in Paragraph 3 with respect to Schering and/or Warrick. Schering and Warrick are without knowledge sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 3 with respect to the remaining Defendants, and therefore Schering and Warrick deny any remaining allegations in Paragraph 3. Schering and Warrick deny any remaining allegations in Paragraph 3.

4.     Schering and Warrick admit that this lawsuit purports to seek legal and equitable redress for the alleged "fraudulent and wanton marketing and pricing conduct of Defendants." Schering and Warrick are without knowledge sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 4 with respect to the remaining Defendants, and therefore Schering and Warrick deny any remaining allegations in Paragraph 4. Schering and Warrick deny any remaining allegations in Paragraph 4.

## PARTIES

5.    Schering and Warrick admit that the Second Amended Complaint identifies Plaintiff as the State of Alabama, and that Plaintiff asserts that it brings this action in its capacity as sovereign and on behalf of the Alabama Medicare Agency. Schering and Warrick deny that Plaintiff is a proper party to this action, and deny any remaining allegations in Paragraph 5.

6.    Schering and Warrick admit that Alabama Code § 36-15-12 "authorizes the Attorney General to institute and prosecute, in the name of the state, all civil actions and other proceedings necessary to protect the rights and interests of the state." Schering and Warrick deny any remaining allegations in Paragraph 6.

### Defendant Abbott

7.    Schering and Warrick are without knowledge sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 7, and therefore Schering and Warrick deny the allegations in Paragraph 7.

### Defendant Alcon

8.    Schering and Warrick are without knowledge sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 8, and therefore Schering and Warrick deny the allegations in Paragraph 8.

### Defendant Allergan

9.    Schering and Warrick are without knowledge sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 9, and therefore Schering and Warrick deny the allegations in Paragraph 9.

<u>The Alpharma Defendants</u>

10. Schering and Warrick are without knowledge sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 10, and therefore Schering and Warrick deny the allegations in Paragraph 10.

11. Schering and Warrick are without knowledge sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 11, and therefore Schering and Warrick deny the allegations in Paragraph 11.

12. Schering and Warrick are without knowledge sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 12, and therefore Schering and Warrick deny the allegations in Paragraph 12.

<u>The Amgen Defendants</u>

13. Schering and Warrick are without knowledge sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 13, and therefore Schering and Warrick deny the allegations in Paragraph 13.

14. Schering and Warrick are without knowledge sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 14, and therefore Schering and Warrick deny the allegations in Paragraph 14.

15. Schering and Warrick are without knowledge sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 15, and therefore Schering and Warrick deny the allegations in Paragraph 15.

<u>Defendant Andrx</u>

16.    Schering and Warrick are without knowledge sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 16, and therefore Schering and Warrick deny the allegations in Paragraph 16.

<u>The AstraZeneca Defendants</u>

17.    Schering and Warrick are without knowledge sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 17, and therefore Schering and Warrick deny the allegations in Paragraph 17.

18.    Schering and Warrick are without knowledge sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 18, and therefore Schering and Warrick deny the allegations in Paragraph 18.

19.    Schering and Warrick are without knowledge sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 19, and therefore Schering and Warrick deny the allegations in Paragraph 19.

<u>The Aventis Defendants</u>

20.    Schering and Warrick are without knowledge sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 20, and therefore Schering and Warrick deny the allegations in Paragraph 20.

21.    Schering and Warrick are without knowledge sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 21, and therefore Schering and Warrick deny the allegations in Paragraph 21.

22.     Schering and Warrick are without knowledge sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 22, and therefore Schering and Warrick deny the allegations in Paragraph 22.

23.     Schering and Warrick are without knowledge sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 23, and therefore Schering and Warrick deny the allegations in Paragraph 23.

<u>Defendant Barr</u>

24.     Schering and Warrick are without knowledge sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 24, and therefore Schering and Warrick deny the allegations in Paragraph 24.

<u>The Baxter Defendants</u>

25.     Schering and Warrick are without knowledge sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 25, and therefore Schering and Warrick deny the allegations in Paragraph 25.

26.     Schering and Warrick are without knowledge sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 26, and therefore Schering and Warrick deny the allegations in Paragraph 26.

27.     Schering and Warrick are without knowledge sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 27, and therefore Schering and Warrick deny the allegations in Paragraph 27.

### The Bayer Defendants

28.  Schering and Warrick are without knowledge sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 28, and therefore Schering and Warrick deny the allegations in Paragraph 28.

29.  Schering and Warrick are without knowledge sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 29, and therefore Schering and Warrick deny the allegations in Paragraph 29.

30.  Schering and Warrick are without knowledge sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 30, and therefore Schering and Warrick deny the allegations in Paragraph 30.

31.  Schering and Warrick are without knowledge sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 31, and therefore Schering and Warrick deny the allegations in Paragraph 31.

### Defendant Biovail

32.  Schering and Warrick are without knowledge sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 32, and therefore Schering and Warrick deny the allegations in Paragraph 32.

### The Boehringer Defendants

33.  Schering and Warrick are without knowledge sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 33, and therefore Schering and Warrick deny the allegations in Paragraph 33.

34.   Schering and Warrick are without knowledge sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 34, and therefore Schering and Warrick deny the allegations in Paragraph 34.

### Defendant Bristol-Myers Squibb

35.   Schering and Warrick are without knowledge sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 35, and therefore Schering and Warrick deny the allegations in Paragraph 35.

### Defendant DEY

36.   Schering and Warrick are without knowledge sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 36, and therefore Schering and Warrick deny the allegations in Paragraph 36.

### Defendant Eisai

37.   Schering and Warrick are without knowledge sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 37, and therefore Schering and Warrick deny the allegations in Paragraph 37.

### Defendant Endo

38.   Schering and Warrick are without knowledge sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 38, and therefore Schering and Warrick deny the allegations in Paragraph 38.

<u>Defendant ETHEX</u>

39.    Schering and Warrick are without knowledge sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 39, and therefore Schering and Warrick deny the allegations in Paragraph 39.

<u>The Forest Defendants</u>

40.    Schering and Warrick are without knowledge sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 40, and therefore Schering and Warrick deny the allegations in Paragraph 40.

41.    Schering and Warrick are without knowledge sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 41, and therefore Schering and Warrick deny the allegations in Paragraph 41.

42.    Schering and Warrick are without knowledge sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 42, and therefore Schering and Warrick deny the allegations in Paragraph 42.

<u>The Fujisawa Defendants</u>

43.    Schering and Warrick are without knowledge sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 43, and therefore Schering and Warrick deny the allegations in Paragraph 43.

44.    Schering and Warrick are without knowledge sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 44, and therefore Schering and Warrick deny the allegations in Paragraph 44.

45.   Schering and Warrick are without knowledge sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 45, and therefore Schering and Warrick deny the allegations in Paragraph 45.

### Defendant Genzyme

46.   Schering and Warrick are without knowledge sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 46, and therefore Schering and Warrick deny the allegations in Paragraph 46.

### Defendant Gilead

47.   Schering and Warrick are without knowledge sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 47, and therefore Schering and Warrick deny the allegations in Paragraph 47.

### Defendant GlaxoSmithKline

48.   Schering and Warrick are without knowledge sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 48, and therefore Schering and Warrick deny the allegations in Paragraph 48.

### The Hoffmann-LaRoche Defendants

49.   Schering and Warrick are without knowledge sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 49, and therefore Schering and Warrick deny the allegations in Paragraph 49.

50.   Schering and Warrick are without knowledge sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 50, and therefore Schering and Warrick deny the allegations in Paragraph 50.

51.   Schering and Warrick are without knowledge sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 51, and therefore Schering and Warrick deny the allegations in Paragraph 51.

### The IVAX Defendants

52.   Schering and Warrick are without knowledge sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 52, and therefore Schering and Warrick deny the allegations in Paragraph 52.

53.   Schering and Warrick are without knowledge sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 53, and therefore Schering and Warrick deny the allegations in Paragraph 53.

54.   Schering and Warrick are without knowledge sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 54, and therefore Schering and Warrick deny the allegations in Paragraph 54.

### The J&J Defendants

55.   Schering and Warrick are without knowledge sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 55, and therefore Schering and Warrick deny the allegations in Paragraph 55.

56.   Schering and Warrick are without knowledge sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 56, and therefore Schering and Warrick deny the allegations in Paragraph 56.

### The King Defendants

57.    Schering and Warrick are without knowledge sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 57, and therefore Schering and Warrick deny the allegations in Paragraph 57.

58.    Schering and Warrick are without knowledge sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 58, and therefore Schering and Warrick deny the allegations in Paragraph 58.

59.    Schering and Warrick are without knowledge sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 59, and therefore Schering and Warrick deny the allegations in Paragraph 59.

### Defendant MedImmune

60.    Schering and Warrick are without knowledge sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 60, and therefore Schering and Warrick deny the allegations in Paragraph 60.

### Defendant Merck

61.    Schering and Warrick are without knowledge sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 61, and therefore Schering and Warrick deny the allegations in Paragraph 61.

### The Mylan Defendants

62.    Schering and Warrick are without knowledge sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 62, and therefore Schering and Warrick deny the allegations in Paragraph 62.

12

63.    Schering and Warrick are without knowledge sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 63, and therefore Schering and Warrick deny the allegations in Paragraph 63.

64.    Schering and Warrick are without knowledge sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 64, and therefore Schering and Warrick deny the allegations in Paragraph 64.

65.    Schering and Warrick are without knowledge sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 65, and therefore Schering and Warrick deny the allegations in Paragraph 65.

<u>The Novartis Defendants</u>

66.    Schering and Warrick are without knowledge sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 66, and therefore Schering and Warrick deny the allegations in Paragraph 66.

67.    Schering and Warrick are without knowledge sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 67, and therefore Schering and Warrick deny the allegations in Paragraph 67.

68.    Schering and Warrick are without knowledge sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 68, and therefore Schering and Warrick deny the allegations in Paragraph 68.

### Defendant Novo Nordisk

69.    Schering and Warrick are without knowledge sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 69, and therefore Schering and Warrick deny the allegations in Paragraph 69.

### Defendant Organon

70.    Schering and Warrick are without knowledge sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 70, and therefore Schering and Warrick deny the allegations in Paragraph 70.

### Defendant Par

71.    Schering and Warrick are without knowledge sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 71, and therefore Schering and Warrick deny the allegations in Paragraph 71.

### The Pfizer Defendants

72.    Schering and Warrick are without knowledge sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 72, and therefore Schering and Warrick deny the allegations in Paragraph 72.

73.    Schering and Warrick are without knowledge sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 73, and therefore Schering and Warrick deny the allegations in Paragraph 73.

74.    Schering and Warrick are without knowledge sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 74, and therefore Schering and Warrick deny the allegations in Paragraph 74.

75.    Schering and Warrick are without knowledge sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 75, and therefore Schering and Warrick deny the allegations in Paragraph 75.

76.    Schering and Warrick are without knowledge sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 76, and therefore Schering and Warrick deny the allegations in Paragraph 76.

77.    Schering and Warrick are without knowledge sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 77, and therefore Schering and Warrick deny the allegations in Paragraph 77.

<u>Defendant Purdue</u>

78.    Schering and Warrick are without knowledge sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 78, and therefore Schering and Warrick deny the allegations in Paragraph 78.

<u>Defendant Sanofi</u>

79.    Schering and Warrick are without knowledge sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 79, and therefore Schering and Warrick deny the allegations in Paragraph 79.

<u>The Schering Defendants</u>

80.    Schering and Warrick admit the allegations set forth in Paragraph 80.

81.    Schering and Warrick admit that Warrick is a second-tier subsidiary of Schering, and that Warrick is a Delaware corporation that has an address at 12125 Moya Blvd.,

Reno, NV 89506-2600. Schering and Warrick state that Warrick's principal place of business is in New Jersey, and deny any remaining allegations in Paragraph 81.

82. Schering and Warrick admit that Warrick engages in the business of manufacturing, distributing, marketing, and/or selling prescription drugs that are reimbursed by state Medicaid agencies nationwide. Schering and Warrick admit that Exhibit A of Plaintiff's Second Amended Complaint lists pharmaceuticals that are manufactured, distributed, marketed, and/or sold by Warrick or an affiliate of Schering, have been reimbursed by Alabama Medicaid, and for which Plaintiff makes a claim in this litigation. Schering and Warrick deny any remaining allegations in Paragraph 82.

## Defendant TAP Pharmaceutical

83. Schering and Warrick are without knowledge sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 83, and therefore Schering and Warrick deny the allegations in Paragraph 83.

## Defendant Takeda Pharmaceuticals

84. Schering and Warrick are without knowledge sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 84, and therefore Schering and Warrick deny the allegations in Paragraph 84.

## Defendant Teva

85. Schering and Warrick are without knowledge sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 85, and therefore Schering and Warrick deny the allegations in Paragraph 85.

### The Watson Defendants

86.    Schering and Warrick are without knowledge sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 86, and therefore Schering and Warrick deny the allegations in Paragraph 86.

87.    Schering and Warrick are without knowledge sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 87, and therefore Schering and Warrick deny the allegations in Paragraph 87.

88.    Schering and Warrick are without knowledge sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 88, and therefore Schering and Warrick deny the allegations in Paragraph 88.

89.    Schering and Warrick are without knowledge sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 89, and therefore Schering and Warrick deny the allegations in Paragraph 89.

### The Wyeth Defendants

90.    Schering and Warrick are without knowledge sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 90, and therefore Schering and Warrick deny the allegations in Paragraph 90.

91.    Schering and Warrick are without knowledge sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 91, and therefore Schering and Warrick deny the allegations in Paragraph 91.

92.    Schering and Warrick are without knowledge sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 92, and therefore Schering and Warrick deny the allegations in Paragraph 92.

Fictitious Defendants

93.    Schering and Warrick are without knowledge sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 93, and therefore Schering and Warrick deny the allegations in Paragraph 93.

94.    Schering and Warrick deny the allegations in Paragraph 94 with respect to Schering and Warrick. Schering and Warrick are without knowledge sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 94 with respect to the remaining Defendants, and therefore Schering and Warrick deny the allegations in Paragraph 94. Schering and Warrick deny any remaining allegations in Paragraph 94.

**JURISDICTION AND VENUE**

95.    Schering and Warrick deny the allegations in Paragraph 95.

96.    Schering and Warrick do not contest personal jurisdiction as alleged in Paragraph 96. Schering and Warrick are without knowledge sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 96 with respect to the remaining Defendants, and therefore Schering and Warrick deny the allegations in Paragraph 96.

97.    Schering and Warrick do not contest venue as alleged in Paragraph 97. Schering and Warrick are without knowledge sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 97 with respect to the remaining Defendants, and therefore Schering and Warrick deny the allegations in Paragraph 97.

## FACTUAL BACKGROUND

### The Alabama Medicaid Program

98.    Schering and Warrick admit that the Alabama Medicaid program is a state-
administered program with federal matching funds which pays for medical care,
including prescription drug benefits, for Alabama's low-income and disabled citizens.
Schering and Warrick are without knowledge sufficient to form a belief as to the truth
or falsity of the remaining allegations in Paragraph 98, and therefore Schering and
Warrick deny the allegations in Paragraph 98.

99.    Schering and Warrick are without knowledge sufficient to form a belief as to the truth
or falsity of the allegations in Paragraph 99, and therefore Schering and Warrick deny
the allegations in Paragraph 99.

100.    Schering and Warrick deny that at all times relevant to this action, they were aware of
Alabama Medicaid's drug reimbursement formulas and procedures for pharmacy-
dispensed drugs.  Schering and Warrick are without knowledge sufficient to form a
belief as to the truth or falsity of the allegations in Paragraph 100 with respect to the
remaining Defendants, and therefore Schering and Warrick deny the allegations in
Paragraph 100.  Schering and Warrick deny any remaining allegations in Paragraph
100.

101.    Schering and Warrick admit the allegations set forth in Paragraph 101.

102.    Schering and Warrick are without knowledge sufficient to form a belief as to the truth
or falsity of the statements that for prescription drugs covered by Part B, Medicare
pays 80% of the amount allowable under federal regulations, and that for Alabama

Medicaid beneficiaries who are also qualified to receive Medicaid benefits, Alabama
Medicaid pays the 20% co-payment up to the amount Alabama Medicaid would have
paid if it were the only payor, and therefore Schering and Warrick deny these
allegations. Schering and Warrick deny that at all times relevant to this action, they
were aware of Alabama Medicaid's drug reimbursement formulas and procedures for
Medicare Part B drugs. Schering and Warrick are without knowledge sufficient to
form a belief as to the truth or falsity of the allegations in Paragraph 102 with respect
to the remaining Defendants, and therefore Schering and Warrick deny these
allegations. Schering and Warrick deny any remaining allegations in Paragraph 102.

**The Defendants' Reporting of Inflated Pricing Information**

103.   Schering and Warrick are without knowledge sufficient to form a belief as to the truth
or falsity of the statement that First DataBank (a/k/a Blue Book), Medical Economics,
Inc. (a/k/a Red Book), and Medispan publish pricing information to various
reimbursers, such as Alabama Medicaid, who have contracted to receive the
information as a basis to provide reimbursement to the medical or pharmacy
providers who provide the drugs to patients, and therefore Schering and Warrick deny
this allegation. Schering and Warrick deny that they knowingly, willfully, wantonly,
and/or intentionally provided or caused to be provided false and inflated AWP, WAC
and/or Direct Price information. Schering and Warrick are without knowledge
sufficient to form a belief as to the truth or falsity of the allegations made in
Paragraph 103 with respect to the remaining Defendants, and therefore Schering and
Warrick deny these allegations. Schering and Warrick deny any remaining
allegations in Paragraph 103.

104.  Schering and Warrick are without knowledge sufficient to form a belief as to the truth or falsity of the statements made in Paragraph 104, and therefore Schering and Warrick deny the allegations in Paragraph 104.

105.  Schering and Warrick deny the allegations in Paragraph 105 with respect to Schering and Warrick. Schering and Warrick are without knowledge sufficient to form a belief as to the truth or falsity of the allegations made in Paragraph 105 with respect to the remaining Defendants, and therefore Schering and Warrick deny these allegations. Schering and Warrick deny any remaining allegations in Paragraph 105.

106.  Schering and Warrick deny the allegations in Paragraph 106 with respect to Schering and Warrick. Schering and Warrick are without knowledge sufficient to form a belief as to the truth or falsity of the allegations made in Paragraph 106 with respect to the remaining Defendants, and therefore Schering and Warrick deny these allegations. Schering and Warrick deny any remaining allegations in Paragraph 106.

107.  Schering and Warrick deny the allegations in Paragraph 107 with respect to Schering and Warrick. Schering and Warrick are without knowledge sufficient to form a belief as to the truth or falsity of the allegations made in Paragraph 107 with respect to the remaining Defendants, and therefore Schering and Warrick deny these allegations. Schering and Warrick deny any remaining allegations in Paragraph 107.

**Defendants' Marketing of the "Spread"**

108.  Schering and Warrick deny the allegations in Paragraph 108 with respect to Schering and Warrick. Schering and Warrick are without knowledge sufficient to form a belief as to the truth or falsity of the allegations made in Paragraph 108 with respect to the

remaining Defendants, and therefore Schering and Warrick deny these allegations. Schering and Warrick deny any remaining allegations in Paragraph 108.

109. Schering and Warrick deny the allegations in Paragraph 109 with respect to Schering and Warrick. Schering and Warrick are without knowledge sufficient to form a belief as to the truth or falsity of the allegations made in Paragraph 109 with respect to the remaining Defendants, and therefore Schering and Warrick deny these allegations. Schering and Warrick deny any remaining allegations in Paragraph 109.

110. Schering and Warrick deny the allegations in Paragraph 110 with respect to Schering and Warrick. Schering and Warrick are without knowledge sufficient to form a belief as to the truth or falsity of the allegations made in Paragraph 110 with respect to the remaining Defendants, and therefore Schering and Warrick deny these allegations. Schering and Warrick deny any remaining allegations in Paragraph 110.

111. Schering and Warrick deny the allegations in Paragraph 111 with respect to Schering and Warrick. Schering and Warrick are without knowledge sufficient to form a belief as to the truth or falsity of the allegations made in Paragraph 111 with respect to the remaining Defendants, and therefore Schering and Warrick deny these allegations. Schering and Warrick deny any remaining allegations in Paragraph 111.

**Other Lawsuits, Settlements, Government Investigations, and Criminal Proceedings**

112. Schering and Warrick admit that Schering and/or Warrick are named or have been named as defendants in actions concerning Medicaid pharmacy reimbursement brought by various states, the City of New York, and/or various counties in New York, and in actions brought in federal court. Schering and Warrick are without

knowledge sufficient to form a belief as to the truth or falsity of the allegations made in Paragraph 112 with respect to the remaining Defendants, and therefore Schering and Warrick deny these allegations. Schering and Warrick deny any remaining allegations in Paragraph 112.

113.    Schering and Warrick admit that they are defendants in an action brought by the City of New York, which speaks for itself. Schering and Warrick are without knowledge sufficient to form a belief as to the truth or falsity of the allegations made in Paragraph 113 with respect to the remaining Defendants, and therefore Schering and Warrick deny these allegations. Schering and Warrick deny any remaining allegations in Paragraph 113.

114.    Schering and Warrick admit that in 2004, Schering-Plough Corporation agreed to settle litigation relating to best price reporting of Claritin®. The settlement agreement reached in that litigation speaks for itself. Schering and Warrick are without knowledge sufficient to form a belief as to the truth or falsity of the allegations made in Paragraph 114 with respect to the remaining Defendants, and therefore Schering and Warrick deny these allegations. Schering and Warrick deny any remaining allegations in Paragraph 114.

115.    Schering and Warrick deny the allegations in Paragraph 115 with respect to Schering and/or Warrick. Schering and Warrick are without knowledge sufficient to form a belief as to the truth or falsity of the statements made in Paragraph 115 with respect to the remaining Defendants, and therefore Schering and Warrick deny the allegations in Paragraph 115. Schering and Warrick deny any remaining allegations in Paragraph 115.

116.    Schering and Warrick are without knowledge sufficient to form a belief as to the truth or falsity of the statements made in Paragraph 116, and therefore Schering and Warrick deny the allegations in Paragraph 116.

117.    Schering and Warrick are without knowledge sufficient to form a belief as to the truth or falsity of the statements made in Paragraph 117, and therefore Schering and Warrick deny the allegations in Paragraph 117.

118.    Schering and Warrick are without knowledge sufficient to form a belief as to the truth or falsity of the statements made in Paragraph 118, and therefore Schering and Warrick deny the allegations in Paragraph 118.

119.    Schering and Warrick are without knowledge sufficient to form a belief as to the truth or falsity of the statements made in Paragraph 119, and therefore Schering and Warrick deny the allegations in Paragraph 119.

120.    Schering and Warrick admit that in 2004, Schering-Plough Corporation agreed to settle litigation relating to best price reporting of Claritin®. The settlement agreement reached in that litigation speaks for itself. Schering and Warrick deny any remaining allegations in Paragraph 120.

121.    Schering and Warrick admit that a portion of the proceeds from the settlement of Schering-Plough's litigation relating to Claritin® was given to Alabama. Schering and Warrick deny that the State has not been fully compensated for its losses from alleged "wrongful conduct" with respect to Schering and Warrick. Schering and Warrick are without knowledge sufficient to form a belief as to whether a portion of the federal proceeds from the actions listed in Paragraphs 115-119 of Plaintiff's

Second Amended Complaint has been given to Alabama, and therefore Schering and Warrick deny this allegation. Schering and Warrick deny any remaining allegations in Paragraph 121.

122. Schering and Warrick deny that government investigations have revealed fraudulent pricing schemes by Schering and/or Warrick. Schering and Warrick are without knowledge sufficient to form a belief as to the truth or falsity of the allegations made in Paragraph 122 with respect to the remaining Defendants, and therefore Schering and Warrick deny the allegations in Paragraph 122. Schering and Warrick deny any remaining allegations in Paragraph 122.

123. Schering and Warrick deny the allegations in Paragraph 123 with respect to Schering and/or Warrick. Schering and Warrick are without knowledge sufficient to form a belief as to the truth or falsity of the allegations made in Paragraph 123 with respect to the remaining Defendants, and therefore Schering and Warrick deny this allegation. Schering and Warrick deny any remaining allegations in Paragraph 123.

124. Schering and Warrick deny the allegations in Paragraph 124 with respect to Schering and/or Warrick. Schering and Warrick are without knowledge sufficient to form a belief as to the truth or falsity of the statements made in Paragraph 124 with respect to the remaining Defendants, and therefore Schering and Warrick deny the allegations in Paragraph 124. Schering and Warrick deny any remaining allegations in Paragraph 124.

125. Schering and Warrick deny the allegations in Paragraph 125 with respect to Schering and/or Warrick. Schering and Warrick are without knowledge sufficient to form a belief as to the truth or falsity of the statements made in Paragraph 125 with respect to

the remaining Defendants, and therefore Schering and Warrick deny the allegations in Paragraph 125. Schering and Warrick deny any remaining allegations in Paragraph 125.

126.    Schering and Warrick deny the allegations in Paragraph 126 with respect to Schering and/or Warrick. Schering and Warrick are without knowledge sufficient to form a belief as to the truth or falsity of the statements made in Paragraph 126 with respect to the remaining Defendants, and therefore Schering and Warrick deny the allegations in Paragraph 126. Schering and Warrick deny any remaining allegations in Paragraph 126.

## CLAIMS

### COUNT ONE - FRAUDULENT MISREPRESENTATION

127.    Schering and Warrick incorporate by reference Paragraphs 1-126 as if fully set forth herein.

128.    Schering and Warrick deny the allegations in Paragraph 128.

129.    Schering and Warrick deny the allegations in Paragraph 129.

130.    Schering and Warrick deny the allegations in Paragraph 130.

### COUNT TWO - FRAUDULENT SUPPRESSION

131.    Schering and Warrick incorporate by reference Paragraphs 1-130 as if fully set forth herein.*

---

* Paragraphs 132-139 are not present in Plaintiff's Second Amended Complaint, and therefore Schering and Warrick have not responded to these Paragraphs. To the extent Plaintiff at a later time includes additional allegations numbered as Paragraphs 132-139, Schering and Warrick reserve their right to answer.

140.    Schering and Warrick deny the allegations in Paragraph 140.

141.    Schering and Warrick deny the allegations in Paragraph 141.

142.    Schering and Warrick deny the allegations in Paragraph 142.

### COUNT THREE-WANTONNESS

143.    Schering and Warrick incorporate by reference Paragraphs 1-142 as if fully set forth herein.

144.    Schering and Warrick deny the allegations in Paragraph 144.

145.    Schering and Warrick deny the allegations in Paragraph 145.

146.    Schering and Warrick deny the allegations in Paragraph 146.

147.    Schering and Warrick deny the allegations in Paragraph 147.

### COUNT FOUR-UNJUST ENRICHMENT

148.    Schering and Warrick incorporate by reference Paragraphs 1-147 as if fully set forth herein.

149.    Schering and Warrick deny the allegations in Paragraph 149.

150.    Schering and Warrick deny the allegations in Paragraph 150.

151.    Schering and Warrick deny the allegations in Paragraph 151.

152.    Schering and Warrick deny the allegations in Paragraph 152.

Schering and Warrick hereby deny each and every allegation in Plaintiff's Second Amended Complaint not expressly admitted to above.

## AFFIRMATIVE DEFENSES

Schering and Warrick assert the following affirmative defenses without prejudice to their position that Schering and/or Warrick do not have the burden of proof to establish these defenses to the extent that the burden on the issue rests with Plaintiff as a matter of law:

### FIRST AFFIRMATIVE DEFENSE

Plaintiff has failed to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff lacks standing or capacity to bring this action.

### THIRD AFFIRMATIVE DEFENSE

This Court lacks jurisdiction over any and all of Plaintiff's claims.

### FOURTH AFFIRMATIVE DEFENSE

Any and all of Plaintiff's claims are barred by the statute of limitations.

### FIFTH AFFIRMATIVE DEFENSE

Any and all of Plaintiff's claims are barred under the doctrines of *res judicata* and collateral estoppel.

### SIXTH AFFIRMATIVE DEFENSE

Any and all of Plaintiff's claims are barred, in whole or in part, to the extent that plaintiff has released, settled, entered into an accord and satisfaction or otherwise compromised its claims.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because any injuries sustained by plaintiff were the result of its own conduct or the intervening or superceding conduct of third parties.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims against Schering and/or Warrick are barred because Schering and/or Warrick has complied with all applicable regulations of the federal and state governments.

### NINTH AFFIRMATIVE DEFENSE

Any and all actions taken by Schering and/or Warrick with respect to any of the matters alleged in the Complaint were taken in good faith and in accordance with established industry practice.

### TENTH AFFIRMATIVE DEFENSE

Any and all of Plaintiff's claims are barred because it has failed to join one or more indispensable parties.

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff has improperly joined its claims against Schering and/or Warrick with one or more other Defendants in this case, and these claims must be severed.

### TWELFTH AFFIRMATIVE DEFENSE

Any and all relief for Plaintiff is barred by the doctrines of *in pari delicto* and unclean hands.

## THIRTEENTH AFFIRMATIVE DEFENSE

Any and all of Plaintiff's claims are barred by the doctrines of laches, estoppel, and waiver.

## FOURTEENTH AFFIRMATIVE DEFENSE

Any and all of Plaintiff's claims are barred under the filed-rate doctrine.

## FIFTEENTH AFFIRMATIVE DEFENSE

Any and all of Plaintiff's claims are barred under the state action doctrine.

## SIXTEENTH AFFIRMATIVE DEFENSE

Any and all of Plaintiff's claims are barred under the political question and separation of powers doctrines.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Any and all of Plaintiff's claims are barred under the voluntary payment doctrine.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Any and all of Plaintiff's claims are preempted, in whole or in part, by federal law, including without limitation: (1) the Federal Employment Retirement Income and Security Act of 1974; (2) the Federal Medicare Act; and (3) the Federal Medicaid Act, including all amendments to the same and all regulations promulgated thereunder.

## NINETEENTH AFFIRMATIVE DEFENSE

Some or all of plaintiff's claims against Schering and/or Warrick are barred due to Plaintiff's failure to follow its federal and state statutory and regulatory obligation to establish appropriate reimbursement rates.

### TWENTIETH AFFIRMATIVE DEFENSE

Plaintiff's claims against Schering and/or Warrick for injunctive relief were mooted by the passage of the Medicare Prescription Drug, Improvement and Modernization Act of 2003.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because they violate Schering and/or Warrick's rights under the Due Process and *Ex Post Facto* clauses of the United States Constitution, as well as the Constitution of the State of Alabama, insofar as Plaintiff seeks to impose liability retroactively for conduct that was not actionable at the time it occurred.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

Any and all of Plaintiff's claims are barred under the Due Process Clause of the United States and Alabama Constitutions, as the statutes under which Plaintiff seeks to recover are so vague and standardless regarding both liability and penalties that they leave the public uncertain as to the conduct prohibited and the expected penalty.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are preempted by the dormant Commerce Clause of the United States Constitution.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

Plaintiff's unjust enrichment claims are barred, in whole or in part, because Schering and/or Warrick did not retain any money belonging to the State as a result of any alleged overpayments as required under Alabama law.

31

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

Any and all of Plaintiff's claims against Schering and/or Warrick for damages are barred, in whole or in part: (1) because it failed to mitigate its damages, and its failure to mitigate damages should proportionately reduce the recovery of plaintiff and the allocation of any fault, if any exists, attributable to Schering and/or Warrick; (2) because it would be unjustly enriched if allowed to recover any portion of the damages alleged in the Complaint; (3) by the doctrine of consent and/or ratification to the extent that plaintiff has paid for products manufactured, marketed and sold by Schering and/or Warrick after the filing of plaintiff's original Complaint; and (4) because they are speculative and remote and because of the impossibility of ascertaining and allocating of those alleged damages.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

Schering and/or Warrick is entitled to a set-off, should any damages be awarded against it, for the entire amount of all damages or settlement amounts recovered by plaintiff, with respect to the same alleged injuries.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

Any damages recovered by the plaintiff from Schering and/or Warrick must be limited by the applicable statutory ceilings on recoverable damages, including without limitation, Alabama Code 6-11-21.

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

To the extent punitive damages are sought, Plaintiff's punitive damages claims against Schering and/or Warrick: (1) have no basis in law or fact; (2) are not recoverable because the allegations of the Complaint are legally insufficient to support a claim for punitive damages

against Schering and/or Warrick; (3) cannot be sustained because the laws regarding the

standards for determining liability for and the amount of punitive damages fail to give Schering

and/or Warrick prior notice of the conduct for which punitive damages may be imposed and the

severity of the penalty that may be imposed, and are void for vagueness in violation of Schering

and/or Warrick's due process rights guaranteed by the Fifth and Fourteenth Amendments to the

United States Constitution and the Constitution of the State of Alabama; (4) cannot be sustained

because any award of punitive damages exceeding the limits authorized by the laws or other

comparable laws would violate Schering and/or Warrick's due process and equal protection

rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and

would be improper under the Constitution, common law and laws of the State of Alabama; (5)

cannot be sustained because an award of punitive damages in this case, combined with any prior,

contemporaneous, or subsequent judgments against Schering and/or Warrick for punitive

damages arising from the design, development, manufacture, fabrication, distribution, supply,

marketing, sale, or use of Schering and/or Warrick's products would constitute impermissible

multiple punishments for the same wrong, in violation of Schering and/or Warrick's due process

and equal protection rights guaranteed by the Fifth and Fourteenth Amendments to the United

States Constitution and would constitute double jeopardy in violation of the Constitution,

common law, and statutory laws of the State of Alabama; (6) cannot be sustained because any

award of punitive damages without the apportionment of the award separately and severally

between or among the alleged joint tortfeasors, as determined by the alleged percentage of the

wrong committed by each alleged tortfeasor, would violate Schering and/or Warrick's due

process and equal protection rights guaranteed by the Fifth and Fourteenth Amendments to the

United States Constitution and would be improper under the Constitution, common law, and

33

public policies of the State of Alabama; and (7) cannot be sustained because any award of punitive damages, which are penal in nature, without according Schering and/or Warrick the same protections that are accorded to all criminal defendants, including the protection against unreasonable searches and seizures, the privilege against self-incrimination, and the rights to confront adverse witnesses, a speedy trial, and the effective assistance of counsel, would violate Schering and/or Warrick's rights guaranteed by the Fourth, Fifth, and Sixth Amendment as incorporated into the Fourteenth Amendment to the United States Constitution and would be improper under the Constitution, common law, and public policies of the State of Alabama.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

To the extent punitive damages are sought, Plaintiff's claims for punitive damages against Schering and/or Warrick cannot be sustained because an award of punitive damages by a jury that: (1) is not provided constitutionally adequate standards of sufficient clarity for determining the appropriate imposition of, and the appropriate size of, a punitive damages award; (2) is not adequately instructed on the limits of punitive damages imposed by the applicable principles of deterrence and punishment; (3) is not expressly prohibited from awarding punitive damages, or determining the amount of an award of punitive damages, in whole or in part on the basis of invidiously discriminatory characteristics, including without limitation the residence, wealth, and corporate status of Schering and/or Warrick; (4) is permitted to award punitive damages under a standard for determining liability for punitive damages that is vague and arbitrary and does not define with sufficient clarity the conduct or mental state that makes punitive damages permissible; (5) is not properly instructed regarding plaintiff's burden of proof with respect to each and every element of a claim for punitive damages; and (6) is not subject to trial court and appellate judicial review for reasonableness and furtherance of

34

legitimate purposes on the basis of constitutionally adequate and objective standards, would violate Schering and/or Warrick's due process and equal protection rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution, and would be improper under the Constitution, common law, and public policies of the State of Alabama.

### THIRTIETH AFFIRMATIVE DEFENSE

To the extent punitive damages are sought, Plaintiff's claims for punitive damages against Schering and/or Warrick cannot be sustained because an award of punitive damages that is subject to no predetermined limit, such as a maximum multiple of compensatory damages or a maximum amount of punitive damages that may be imposed, would: (1) violate Schering and/or Warrick's due process rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution; (2) violate Schering and/or Warrick's right not to be subjected to an excessive award; and (3) be improper under the Constitution, common law, and public policies of the State of Alabama.

### THIRTY-FIRST AFFIRMATIVE DEFENSE

To the extent that plaintiff attempts to seek equitable relief against Schering and/or Warrick, it is not entitled to such relief because it has an adequate remedy at law.

### THIRTY-SECOND AFFIRMATIVE DEFENSE

Schering and Warrick adopt by reference any additional applicable defense pled by any other defendant in this case, not otherwise pled herein.

### THIRTY-THIRD AFFIRMATIVE DEFENSE

Schering and Warrick hereby give notice that they intend to rely upon any other and additional defense that is now or may become available or appear during, or as a result of, the

discovery proceedings in this action and hereby reserve their right to amend this Answer to assert such defense(s).

WHEREFORE, Defendants Schering and Warrick respectfully request that this Court:

(1) enter an Order to dismiss any and all of Plaintiff's claims against Schering and Warrick with prejudice;

(2) enter an Order requiring Plaintiff to compensate Schering and Warrick for their attorneys' fees and costs; and

(3) grant such other additional relief as this Court may deem appropriate.

## JURY TRIAL DEMANDED

Schering and Warrick request a trial by jury as to all issues so triable.


Dated:  January 30, 2006                 Respectfully submitted,


                                         _____/s/_____
                                         Christopher L. May

                                         John A. Henig
                                         COPELAND FRANCO SCREWS &
                                         GILL P.A.
                                         444 South Perry Street
                                         Post Office Box 347
                                         Montgomery, AL  36101-0347
                                         Tel:  (334) 834-1180
                                         Fax: (334) 834-3171

                                         Of Counsel:

                                         Brien J. O'Connor
                                         John Montgomery
                                         Ropes & Gray LLP
                                         One International Place
                                         Boston, MA  02110-2624
                                         Tel:  (617) 951-7000
                                         Fax: (617) 951-7050

                                         J. Steven Baughman
                                         Christopher L. May
                                         ROPES & GRAY LLP
                                         700 12th Street, N.W.
                                         9th Floor
                                         Washington, DC  20005-3948
                                         Tel:  (202) 508-4600
                                         Fax: (202) 508-4650

                                         *Attorneys for Defendants
                                         Warrick Pharmaceutical
                                         Corporation & Schering-
                                         Plough Corporation*

## **CERTIFICATE OF SERVICE**

I hereby certify that I have, on this 30th day of January, 2006, electronically served a true and correct copy of *Defendants Schering-Plough Corporation's and Warrick Pharmaceuticals Corporation's Answer and Affirmative Defenses to Plaintiff's Second Amended Complaint* upon counsel of record by transmission to Lexis Nexis File & Serve, pursuant to Judge Price's Case Management Order No. 2.

_____/s/_____<br>
Christopher L. May