

10450215

Jan 30 2006
2:19PM

## IN THE CIRCUIT COURT OF
## MONTGOMERY COUNTY, ALABAMA

STATE OF ALABAMA,

**Plaintiff**

v.

ABBOTT LABORATORIES, et al.

**Defendants**

Case No. CV-2005-219

## ANSWER OF DEFENDANT SMITHKLINE BEECHAM CORPORATION
## TO THE STATE OF ALABAMA'S SECOND AMENDED COMPLAINT

Defendant SmithKline Beecham Corporation d/b/a GlaxoSmithKline ("GSK"), for its

Answer to the State of Alabama's Second Amended Complaint ("Complaint") in the captioned

action, by its undersigned counsel, alleges upon knowledge as to itself, and upon information and

belief as to all other matters, as follows:

### INTRODUCTION

1.    Denies each and every allegation set forth in numbered paragraph 1 of the
Complaint as to GSK, and otherwise denies knowledge or information sufficient to form a belief
as to the truth of the allegations set forth therein.

2.    Denies knowledge or information sufficient to form a belief as to the truth of the
allegations set forth in numbered paragraph 2 of the Complaint, except denies the existence of a
fraudulent pricing scheme or that GSK is or has been involved in any such scheme.

3.    Denies knowledge or information sufficient to form a belief as to the truth of the
allegations set forth in numbered paragraph 3 of the Complaint, except admits that the State of
Alabama purports to bring this action, denies that there is any basis on which to permit the State
to do so, denies the existence of any "drug pricing scheme," denies that GSK is or has been

involved in any such scheme, and denies that GSK has obtained any profits as a result of any such imagined scheme.

4.    Denies each and every allegation set forth in numbered paragraph 4 of the Complaint as to GSK, except admits that the State of Alabama purports to seek legal and equitable redress but denies there is any basis on which to permit it to do so, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

## PARTIES

5.    Admits that the State of Alabama purports to bring this action in its capacity as sovereign and on behalf of the Alabama Medicaid Agency but denies that there is any basis on which to permit it to do so.

6.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in numbered paragraph 6 of the Complaint and further respectfully refers the Court to Alabama Code § 36-15-12 for a full and complete reading of its provisions.

### Defendant Abbott

7.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in numbered paragraph 7 of the Complaint.

### Defendant Alcon

8.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in numbered paragraph 8 of the Complaint.

### Defendant Allergan

9.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in numbered paragraph 9 of the Complaint.

### The Alpharma Defendants

10.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in numbered paragraph 10 of the Complaint.

11.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in numbered paragraph 11 of the Complaint.

12.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in numbered paragraph 12 of the Complaint.

### The Amgen Defendants

13.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in numbered paragraph 13 of the Complaint.

14.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in numbered paragraph 14 of the Complaint.

15.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in numbered paragraph 15 of the Complaint.

### Defendant Andrx

16.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in numbered paragraph 16 of the Complaint.

### The AstraZeneca Defendants

17.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in numbered paragraph 17 of the Complaint.

18.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in numbered paragraph 18 of the Complaint.

19.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in numbered paragraph 19 of the Complaint.

### The Aventis Defendants

20.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in numbered paragraph 20 of the Complaint.

21.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in numbered paragraph 21 of the Complaint.

22.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in numbered paragraph 22 of the Complaint.

23.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in numbered paragraph 23 of the Complaint.

### Defendant Barr

24.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in numbered paragraph 24 of the Complaint.

### The Baxter Defendants

25.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in numbered paragraph 25 of the Complaint.

26.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in numbered paragraph 26 of the Complaint.

27.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in numbered paragraph 27 of the Complaint.

### The Bayer Defendants

28.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in numbered paragraph 28 of the Complaint.

29.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in numbered paragraph 29 of the Complaint.

30.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in numbered paragraph 30 of the Complaint.

31.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in numbered paragraph 31 of the Complaint.

### Defendant Biovail

32.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in numbered paragraph 32 of the Complaint.

### The Boehringer Defendants

33.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in numbered paragraph 33 and lettered subparagraphs a and b of the Complaint.

34.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in numbered paragraph 34 of the Complaint.

### Defendant Bristol-Myers Squibb

35.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in numbered paragraph 35 of the Complaint.

### Defendant DEY

36.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in numbered paragraph 36 of the Complaint.

**Defendant Eisai**

37.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in numbered paragraph 37 of the Complaint.

**Defendant Endo**

38.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in numbered paragraph 38 of the Complaint.

**Defendant ETHEX**

39.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in numbered paragraph 39 of the Complaint.

**The Forest Defendants**

40.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in numbered paragraph 40 of the Complaint.

41.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in numbered paragraph 41 of the Complaint.

42.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in numbered paragraph 42 of the Complaint.

**The Fujisawa Defendants**

43.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in numbered paragraph 43 of the Complaint.

44.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in numbered paragraph 44 of the Complaint.

45.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in numbered paragraph 45 of the Complaint.

### Defendant Genzyme

46.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in numbered paragraph 46 of the Complaint.

### Defendant Gilead

47.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in numbered paragraph 47 of the Complaint.

### Defendant GlaxoSmithKline

48.    Denies each and every allegation set forth in numbered paragraph 48 of the Complaint as to GSK, except admits that SmithKline Beecham Corporation d/b/a GlaxoSmithKline, is incorporated under the laws of Pennsylvania, that it maintains one of its principal places of business at One Franklin Plaza, 200 North 16th Street, Philadelphia, Pennsylvania and that GSK is engaged in the business of developing marketing and selling brand name prescription drugs in the United States.  GSK admits that it distributes, markets or sells certain prescription drugs that are reimbursed by Alabama Medicaid, but denies that all of the products listed in Exhibit A of the Complaint fall into that category.

### The Hoffmann-LaRoche Defendants

49.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in numbered paragraph 49 of the Complaint.

50.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in numbered paragraph 50 of the Complaint.

51.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in numbered paragraph 51 of the Complaint.

## The IVAX Defendants

52.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in numbered paragraph 52 of the Complaint.

53.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in numbered paragraph 53 of the Complaint.

54.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in numbered paragraph 54 of the Complaint.

## The J&J Defendants

55.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in numbered paragraph 55 and lettered subparagraphs a through e of the Complaint.

56.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in numbered paragraph 56 of the Complaint.

## The King Defendants

57.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in numbered paragraph 57 of the Complaint.

58.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in numbered paragraph 58 of the Complaint.

59.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in numbered paragraph 59 of the Complaint.

## Defendant MedImmune

60.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in numbered paragraph 60 of the Complaint.

### Defendant Merck

61.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in numbered paragraph 61 of the Complaint.

### The Mylan Defendants

62.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in numbered paragraph 62 of the Complaint.

63.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in numbered paragraph 63 of the Complaint.

64.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in numbered paragraph 64 of the Complaint.

65.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in numbered paragraph 65 of the Complaint.

### The Novartis Defendants

66.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in numbered paragraph 66 of the Complaint.

67.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in numbered paragraph 67 of the Complaint.

68.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in numbered paragraph 68 of the Complaint.

### Defendant Novo Nordisk

69.     Denies knowledge or information sufficient to form a belief as to the allegations set forth in numbered paragraph 69 of the Complaint.

### Defendant Organon

70.    Denies knowledge or information sufficient to form a belief as to the allegations set forth in numbered paragraph 70 of the Complaint.

### Defendant Par

71.    Denies knowledge or information sufficient to form a belief as to the allegations set forth in numbered paragraph 71 of the Complaint.

### The Pfizer Defendants

72.    Denies knowledge or information sufficient to form a belief as to the allegations set forth in numbered paragraph 72 of the Complaint.

73.    Denies knowledge or information sufficient to form a belief as to the allegations set forth in numbered paragraph 73 of the Complaint.

74.    Denies knowledge or information sufficient to form a belief as to the allegations set forth in numbered paragraph 74 of the Complaint.

75.    Denies knowledge or information sufficient to form a belief as to the allegations set forth in numbered paragraph 75 of the Complaint.

76.    Denies knowledge or information sufficient to form a belief as to the allegations set forth in numbered paragraph 76 of the Complaint.

77.    Denies knowledge or information sufficient to form a belief as to the allegations set forth in numbered paragraph 77 of the Complaint.

### Defendant Purdue

78.    Denies knowledge or information sufficient to form a belief as to the allegations set forth in numbered paragraph 78 of the Complaint.

## Defendant Sanofi

79.    Denies knowledge or information sufficient to form a belief as to the allegations set forth in numbered paragraph 79 of the Complaint.

## The Schering Defendants

80.    Denies knowledge or information sufficient to form a belief as to the allegations set forth in numbered paragraph 80 of the Complaint.

81.    Denies knowledge or information sufficient to form a belief as to the allegations set forth in numbered paragraph 81 of the Complaint.

82.    Denies knowledge or information sufficient to form a belief as to the allegations set forth in numbered paragraph 82 of the Complaint.

## Defendant TAP Pharmaceutical

83.    Denies knowledge or information sufficient to form a belief as to the allegations set forth in numbered paragraph 83 of the Complaint.

## Defendant Takeda Pharmaceuticals

84.    Denies knowledge or information sufficient to form a belief as to the allegations set forth in numbered paragraph 84 of the Complaint.

## Defendant Teva

85.    Denies knowledge or information sufficient to form a belief as to the allegations set forth in numbered paragraph 85 of the Complaint.

## The Watson Defendants

86.    Denies knowledge or information sufficient to form a belief as to the allegations set forth in numbered paragraph 86 of the Complaint.

87.    Denies knowledge or information sufficient to form a belief as to the allegations set forth in numbered paragraph 87 of the Complaint.

88.    Denies knowledge or information sufficient to form a belief as to the allegations set forth in numbered paragraph 88 of the Complaint.

89.    Denies knowledge or information sufficient to form a belief as to the allegations set forth in numbered paragraph 89 of the Complaint.

### The Wyeth Defendants

90.    Denies knowledge or information sufficient to form a belief as to the allegations set forth in numbered paragraph 90 of the Complaint.

91.    Denies knowledge or information sufficient to form a belief as to the allegations set forth in numbered paragraph 91 of the Complaint.

92.    Denies knowledge or information sufficient to form a belief as to the allegations set forth in numbered paragraph 92 of the Complaint.

### Fictitious Defendants

93.    Denies knowledge or information sufficient to form a belief as to the allegations set forth in numbered paragraph 93 of the Complaint.

94.    Denies each and every allegation set forth in numbered paragraph 94 of the Complaint as to GSK, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

### JURISDICTION AND VENUE

95.    Denies each and every allegation set forth in numbered paragraph 95 of the Complaint.

96.    Admits the allegations set forth in numbered paragraph 96 of the Complaint as to GSK, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

97.    Admits the allegations set forth in numbered paragraph 97 of the Complaint as to GSK and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

## FACTUAL BACKGROUND

### The Alabama Medicaid Program

98.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in numbered paragraph 98 of the Complaint, except admits that the Alabama Medicaid Program is a state-administered program with federal matching funds which pays for medical care, including prescription drug benefits, for certain Alabama citizens.

99.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in numbered paragraph 99 of the Complaint.

100.    Denies each and every allegation set forth in numbered paragraph 100 of the Complaint as to GSK and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein, except admits only that, from time to time, GSK provided price communications to third party publications which contained "WACs" or similar list prices for wholesalers for certain of its drugs. GSK affirmatively states that AWP is commonly understood to be a benchmark used throughout the industry and not an average price charged by wholesalers to the entities identified in paragraph 100. "WAC" is an undiscounted wholesale "list price" or "catalogue price" charged by drug companies to wholesalers that is reported by some drug companies, including GSK, to commercial pricing publishers. GSK defines "WAC" in its pricing communications as: "The listed price to wholesalers and warehousing chains, not including prompt pay, stocking or distribution allowances, or other discounts, rebates, or chargebacks. Listed price may not represent prices charged to other customers, including specialty distributors."

13

101.    Admits the allegations set forth in numbered paragraph 101 of the Complaint.

102.    Denies each and every allegation set forth in numbered paragraph 102 of the Complaint as to GSK, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein. To the extent that the allegations set forth in numbered paragraph 102 purport to recite laws or regulations, no response is required.

**The Defendants' Reporting of Inflated Pricing Information**

103.    Denies each and every allegation set forth in numbered paragraph 103 of the Complaint as to GSK, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

104.    Denies knowledge or information sufficient to form a belief about the truth of the allegations set forth in numbered paragraph 104 of the Complaint.

105.    Denies each and every allegation set forth in numbered paragraph 105 of the Complaint as to GSK, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

106.    Denies each and every allegation set forth in numbered paragraph 106 of the Complaint as to GSK, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

107.    Denies each and every allegation set forth in numbered paragraph 107 of the Complaint as to GSK, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

**Defendants' Marketing of the "Spread"**

108.    Denies each and every allegation set forth in numbered paragraph 108 of the Complaint as to GSK, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

14

109.    Denies each and every allegation set forth in numbered paragraph 109 of the Complaint as to GSK, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

110.    Denies each and every allegation set forth in numbered paragraph 110 of the Complaint as to GSK, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

111.    Denies each and every allegation set forth in numbered paragraph 111 of the Complaint as to GSK, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

### Other Lawsuits, Settlements, Government Investigations, and Criminal Proceedings

112.    Denies each and every allegation set forth in numbered paragraph 112 of the Complaint, except admits that other plaintiffs have filed complaints alleging similarly meritless and ill-informed claims from which plaintiff here appears to have largely copied its allegations.

113.    Denies each and every allegation set forth in numbered paragraph 113 of the Complaint as to GSK, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein except admits that GSK is one of the defendants named in *The City of New York v. Abbott Laboratories, Inc.*, 04-CV-06054 in the United States District Court for the Southern District of New York, an action in which the plaintiff has made meritless and ill-founded allegations similar to those asserted in this action and from which Plaintiff here appears to have largely copied its allegations.

114.    Denies each and every allegation set forth in numbered paragraph 114 of the Complaint as to GSK, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

115. Paragraph 115 of the Complaint appears to contain no allegations as to, or relevant to, any claims against GSK and therefore requires no answer; to the extent Plaintiff purports to make allegations as to GSK, GSK denies each and every allegation set forth in numbered paragraph 115 of the Complaint as to GSK, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

116. Paragraph 116 of the Complaint appears to contain no allegations as to, or relevant to, any claims against GSK and therefore requires no answer; to the extent Plaintiff purports to make allegations as to GSK, GSK denies each and every allegation set forth in numbered paragraph 115 of the Complaint as to GSK, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

117. Paragraph 117 of the Complaint appears to contain no allegations as to, or relevant to, any claims against GSK and therefore requires no answer; to the extent Plaintiff purports to make allegations as to GSK, GSK denies each and every allegation set forth in numbered paragraph 117 of the Complaint as to GSK, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

118. Denies each and every allegation set forth in numbered paragraph 118 of the Complaint as to GSK, except that GSK admits only that in 2003, without admitting liability for any of its actions, GlaxoSmithKline plc entered into civil settlement agreements with the United States and various states, including the State of Alabama, and agreed to pay approximately $87 million to settle certain civil and administrative claims relating to allegations that GSK failed to report its "best price" under the Medicaid Rebate Statute, 42 U.S.C. § 1396r-8, for two of its products for certain quarters. SmithKline Beecham Corporation d/b/a GlaxoSmithKline is a wholly-owned subsidiary of GlaxoSmithKline plc. Plaintiff never defines the business entities

referred to as "GSK Defendants" in the Complaint. To be clear, no other GSK-related business entity (other than SmithKline Beecham Corporation d/b/a GlaxoSmithKline) has been named in the caption of the Complaint, has been properly served, or is a party to this litigation. GSK denies the remainder of this averment and any implication that any GSK-related business entity, other than SmithKline Beecham Corporation d/b/a GlaxoSmithKline, is a party to this litigation. GSK specifically denies that this settlement was related to a "criminal investigation" and that the investigation or settlement was "like Bayer."

119.    Paragraph 119 of the Complaint appears to contain no allegations as to, or relevant to, any claims against GSK and therefore requires no answer; to the extent Plaintiff purports to make allegations as to GSK, GSK denies each and every allegation set forth in numbered paragraph 119 of the Complaint as to GSK, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

120.    Paragraph 120 of the Complaint appears to contain no allegations as to, or relevant to, any claims against GSK and therefore requires no answer; to the extent Plaintiff purports to make allegations as to GSK, GSK denies each and every allegation set forth in numbered paragraph 120 of the Complaint as to GSK, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

121.    Denies each and every allegation set forth in numbered paragraph 121 of the Complaint as to GSK and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein, except that GSK admits only that Alabama's Medicaid program was fully compensated for the claims that were settled by GSK and no other individuals, state agencies, or entities have (or could have) any claims against GSK relating to the Medicaid Rebate Statute.

122.    Paragraph 122 of the Complaint appears to contain no allegations as to, or relevant to, any claims against GSK and therefore requires no answer; to the extent Plaintiff purports to make allegations as to GSK, GSK denies each and every allegation set forth in numbered paragraph 122 of the Complaint as to GSK, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

123.    Paragraph 123 of the Complaint appears to contain no allegations as to, or relevant to, any claims against GSK and therefore requires no answer; to the extent Plaintiff purports to make allegations as to GSK, GSK denies each and every allegation set forth in numbered paragraph 123 of the Complaint as to GSK, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

124.    Denies each and every allegation set forth in numbered paragraph 124 of the Complaint as to GSK, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations therein.

125.    Denies each and every allegation set forth in numbered paragraph 125 of the Complaint as to GSK, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations therein, and affirmatively states that if there were any merit to the claims alleged herein as to GSK, it would neither be impractical nor impossible for the Plaintiff to allege specifically its claims as to GSK, which Plaintiff has entirely failed to do.

126.    Denies each and every allegation set forth in numbered paragraph 126 of the Complaint as to GSK, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

## CLAIMS

### COUNT ONE -FRAUDULENT MISREPRESENTATION

127.    GSK repeats and incorporates by reference its responses to numbered paragraphs 1 through 126 above.

128.    Denies each and every allegation set forth in numbered paragraph 128 of the Complaint as to GSK and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein, except admits only that, from time to time, GSK provided price communications to third party publications which contained "WACs" or similar list prices for wholesalers for certain of its drugs.  GSK affirmatively states that AWP is commonly understood to be a benchmark used throughout the industry and not an average price charged by wholesalers to the entities identified in paragraph 100.  "WAC" is an undiscounted wholesale "list price" or "catalogue price" charged by drug companies to wholesalers that is reported by some drug companies, including GSK, to commercial pricing publishers.  GSK defines "WAC" in its pricing communications as:  "The listed price to wholesalers and warehousing chains, not including prompt pay, stocking or distribution allowances, or other discounts, rebates, or chargebacks.  Listed price may not represent prices charged to other customers, including specialty distributors."

129.    Denies each and every allegation set forth in numbered paragraph 129 of the Complaint as to GSK, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations therein.

130.    Denies each and every allegation set forth in numbered paragraph 130 of the Complaint as to GSK, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

## COUNT TWO - FRAUDULENT SUPPRESSION

131.    GSK repeats and incorporates by reference its responses to paragraphs 1 through 130 above.

132.    Denies each and every allegation set forth in numbered paragraph 140 of the Complaint as to GSK, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

133.    Denies each and every allegation set forth in numbered paragraph 141 of the Complaint as to GSK, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations therein.

134.    Denies each and every allegation set forth in numbered paragraph 142 of the Complaint as to GSK, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

## COUNT THREE - WANTONNESS

135.    GSK repeats and incorporates by reference its responses to paragraphs 1 through 134 above.

136.    Denies each and every allegation set forth in numbered paragraph 144 of the Complaint as to GSK, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

137.    Denies each and every allegation set forth in numbered paragraph 145 of the Complaint as to GSK, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

138.    Denies each and every allegation set forth in numbered paragraph 146 of the Complaint as to GSK, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

20

139.    Denies each and every allegation set forth in numbered paragraph 147 of the Complaint as to GSK, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

## COUNT FOUR -UNJUST ENRICHMENT

140.    GSK repeats and incorporates by reference its responses to numbered paragraphs 1 through 139 above.

141.    Denies each and every allegation set forth in numbered paragraph 149 of the Complaint as to GSK, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

142.    Denies each and every allegation set forth in numbered paragraph 150 of the Complaint as to GSK, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

143.    Denies each and every allegation set forth in numbered paragraph 151 of the Complaint as to GSK, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

144.    Denies each and every allegation set forth in numbered paragraph 152 of the Complaint as to GSK, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

## PRAYER FOR RELIEF

GSK further denies that plaintiffs are entitled to a judgment or any other relief requested in their section entitled "PRAYER FOR RELIEF" and unnumbered "WHEREFORE" paragraph following paragraph 152 of the Complaint.

## JURY DEMAND

GSK denies that a jury trial is appropriate on all issues raised by the Complaint.

## SMITHKLINE BEECHAM
## CORPORATION'S AFFIRMATIVE DEFENSES

By alleging the matters set forth below, GSK does not allege or admit that it has the burden of proof and/or the burden of persuasion with respect to any of these matters or that plaintiff is relieved of its burdens to prove each and every element of its claims and the damages, if any, to which it is entitled. As and for its affirmative defenses, GSK alleges as follows:

### FIRST AFFIRMATIVE DEFENSE

145.    Plaintiff fails to state a claim against GSK upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

146.    Plaintiff's claims are barred, in whole or in part, by the political question and separation of powers doctrines.

### THIRD AFFIRMATIVE DEFENSE

147.    Plaintiff has no standing or capacity to bring some or all of the claims raised in this suit to recover Medicaid expenditures or to seek injunctive relief.

### FOURTH AFFIRMATIVE DEFENSE

148.    Plaintiff has not suffered, and will not suffer, any injury to a legally protected or cognizable interest by reason of the conduct of GSK as alleged in the Complaint.

### FIFTH AFFIRMATIVE DEFENSE

149.    To the extent plaintiff obtains recovery in any other case predicated on the same factual allegations, plaintiff is barred from seeking recovery against GSK based on the Complaint pursuant to the doctrines of res judicata and collateral estoppel, and the prohibition on double recovery for the same injury.

## SIXTH AFFIRMATIVE DEFENSE

150.    Plaintiff's claims are barred, in whole or in part, by the First Amendment to the United States Constitution and the analogous provisions of the Constitution of the State of Alabama.

## SEVENTH AFFIRMATIVE DEFENSE

151.    Plaintiff's claims are barred, in whole or in part, by the filed rate doctrine.

## EIGHTH AFFIRMATIVE DEFENSE

152.    Plaintiff's claims are barred, in whole or in part, to the extent that plaintiff has released, settled, entered into an accord and satisfaction or otherwise compromised its claims.

## NINTH AFFIRMATIVE DEFENSE

153.    Any and all actions taken by GSK with respect to any of the matters alleged in the Complaint were taken in good faith and in accordance with established industry practice.

## TENTH AFFIRMATIVE DEFENSE

154.    Plaintiff's claims are preempted, in whole or in part, by federal law, including without limitation the Federal Employment Retirement Income and Security Act of 1974, the Federal Medicare Act, and the Federal Medicaid Act, including all amendments to the same and all regulations promulgated thereunder.

## ELEVENTH AFFIRMATIVE DEFENSE

155.    Plaintiff's claims are preempted by the dormant Commerce Clause of the United States Constitution.

## TWELFTH AFFIRMATIVE DEFENSE

156.    Plaintiff's claims against GSK are barred because GSK has complied with all applicable regulations of the federal and state governments.

### THIRTEENTH AFFIRMATIVE DEFENSE

157.    Plaintiff's claims against GSK are barred, in whole or in part, by the applicable statutes of limitations and repose, and by the doctrines of laches, estoppel and waiver.

### FOURTEENTH AFFIRMATIVE DEFENSE

158.    Plaintiff's claims are barred, in whole or in part, because they violate GSK's rights under the Due Process and *Ex Post Facto* clauses of the United States Constitution, as well as the Constitution of the State of Alabama, insofar as plaintiff seeks to impose liability retroactively for conduct that was not actionable at the time it occurred.

### FIFTEENTH AFFIRMATIVE DEFENSE

159.    GSK's statements, actions or omissions were not the proximate cause or cause in fact of any injury to or alleged loss by plaintiff.

### SIXTEENTH AFFIRMATIVE DEFENSE

160.    To the extent that plaintiff attempts to seek equitable relief against GSK, it is not entitled to such relief because it has an adequate remedy at law.

### SEVENTEENTH AFFIRMATIVE DEFENSE

161.    Plaintiff's claims against GSK for injunctive relief were mooted by the passage of the Medicare Prescription Drug, Improvement and Modernization Act of 2003.

### EIGHTEENTH AFFIRMATIVE DEFENSE

162.    Plaintiff's claims for injunctive relief against GSK are barred by the doctrines of *in pari delicto* and/or unclean hands.

### NINETEENTH AFFIRMATIVE DEFENSE

163.    Plaintiff's claims against GSK are barred, in whole or in part, due to its failure to join indispensable parties.

## TWENTIETH AFFIRMATIVE DEFENSE

164.    Plaintiff's claims against GSK are barred, in whole or in part, because it has suffered no damages as a result of the matters alleged in the Complaint.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

165.    Plaintiff's claims are barred, in whole or in part, because any injuries sustained by plaintiff were the result of its own conduct or the intervening or superceding conduct of third parties.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

166.    Plaintiff's claims against GSK for damages are barred, in whole or in part:  (1) because it failed to mitigate its damages, and its failure to mitigate damages should proportionately reduce the recovery of plaintiff and the allocation of any fault, if any exists, attributable to GSK; (2) because it would be unjustly enriched if allowed to recover any portion of the damages alleged in the Complaint; (3) by the doctrine of consent and/or ratification to the extent that plaintiff has paid for products manufactured, marketed and sold by GSK after the filing of plaintiff's original Complaint; and (4) because they are speculative and remote and because of the impossibility of ascertaining and allocating of those alleged damages.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

167.    GSK is entitled to a set-off, should any damages be awarded against it, for the entire amount of all damages or settlement amounts recovered by plaintiff, with respect to the same alleged injuries.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

168.    Any damages recovered by the plaintiff from GSK must be limited by the applicable statutory ceilings on recoverable damages, including without limitation, Alabama Code 6-11-21.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

169.    Plaintiff fails to allege facts or a cause of action against GSK sufficient to support a claim for compensatory damages, attorneys' fees and/or legal fees, or any other relief.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

170.    To the extent punitive damages are sought, Plaintiff's punitive damages claims against GSK: (1) have no basis in law or fact; (2) are not recoverable because the allegations of the Complaint are legally insufficient to support a claim for punitive damages against GSK; (3) cannot be sustained because the laws regarding the standards for determining liability for and the amount of punitive damages fail to give GSK prior notice of the conduct for which punitive damages may be imposed and the severity of the penalty that may be imposed, and are void for vagueness in violation of GSK's Due Process rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and the Constitution of the State of Alabama; (4) cannot be sustained because any award of punitive damages exceeding the limits authorized by the laws or other comparable laws would violate GSK's due process and equal protection rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and would be improper under the Constitution, common law and laws of the State of Alabama; (5) cannot be sustained because an award of punitive damages in this case, combined with any prior, contemporaneous, or subsequent judgments against GSK for punitive damages arising from the design, development, manufacture, fabrication, distribution, supply, marketing, sale, or use of

GSK's products would constitute impermissible multiple punishments for the same wrong, in violation of GSK's Due Process and Equal Protection rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and would constitute double jeopardy in violation of the Constitution, common law, and statutory laws of the State of Alabama; (6) cannot be sustained because any award of punitive damages without the apportionment of the award separately and severally between or among the alleged joint tortfeasors, as determined by the alleged percentage of the wrong committed by each alleged tortfeasor, would violate GSK's Due Process and Equal Protection rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and would be improper under the Constitution, common law, and public policies of the State of Alabama; and (7) cannot be sustained because any award of punitive damages, which are penal in nature, without according GSK the same protections that are accorded to all criminal defendants, including the protection against unreasonable searches and seizures, the privilege against self-incrimination, and the rights to confront adverse witnesses, a speedy trial, and the effective assistance of counsel, would violate GSK's rights guaranteed by the Fourth, Fifth, and Sixth Amendment as incorporated into the Fourteenth Amendment to the United States Constitution and would be improper under the Constitution, common law, and public policies of the State of Alabama.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

171.    To the extent punitive damages are sought, Plaintiff's claims for punitive damages against GSK cannot be sustained because an award of punitive damages by a jury that: (1) is not provided constitutionally adequate standards of sufficient clarity for determining the appropriate imposition of, and the appropriate size of, a punitive damages award; (2) is not adequately instructed on the limits of punitive damages imposed by the applicable principles of deterrence

and punishment; (3) is not expressly prohibited from awarding punitive damages, or determining the amount of an award of punitive damages, in whole or in part on the basis of invidiously discriminatory characteristics, including without limitation the residence, wealth, and corporate status of GSK; (4) is permitted to award punitive damages under a standard for determining liability for punitive damages that is vague and arbitrary and does not define with sufficient clarity the conduct or mental state that makes punitive damages permissible; (5) is not properly instructed regarding plaintiff's burden of proof with respect to each and every element of a claim for punitive damages; and (6) is not subject to trial court and appellate judicial review for reasonableness and furtherance of legitimate purposes on the basis of constitutionally adequate and objective standards, would violate GSK's Due Process and Equal Protection rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution, and would be improper under the Constitution, common law, and public policies of the State of Alabama.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

172.    To the extent punitive damages are sought, Plaintiff's claims for punitive damages against GSK cannot be sustained because an award of punitive damages that is subject to no predetermined limit, such as a maximum multiple of compensatory damages or a maximum amount of punitive damages that may be imposed, would: (1) violate GSK's due process rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution; (2) violate GSK's right not to be subjected to an excessive award; and (3) be improper under the Constitution, common law, and public policies of the State of Alabama.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

173.    Plaintiff's claims are barred, in whole or in part, by the doctrine of contributory and/or comparative fault because plaintiff's own actions or failures to act helped to bring about any injuries sustained.

## THIRTIETH AFFIRMATIVE DEFENSE

174.    Some or all of plaintiff's claims against GSK arise from plaintiff's failure to follow its federal and state statutory and regulatory obligation to properly establish appropriate reimbursement rates.

## THIRTY-FIRST AFFIRMATIVE DEFENSE

175.    Plaintiff's unjust enrichment claims are barred, in whole or in part, because GSK did not retain any money belonging to the State as a result of any alleged overpayments as required under Alabama law.

## THIRTY-SECOND AFFIRMATIVE DEFENSE

176.    Plaintiff's fraud and suppression claims must be dismissed because the Complaint fails to plead those claims with the particularity required by Rule 9(b) of the Alabama Rules of Civil Procedure.

## THIRTY-THIRD AFFIRMATIVE DEFENSE

177.    GSK specifically incorporates by reference all standards and/or limitations regarding the determination and enforceability of punitive damages as set forth in *BMW of North America v. Gore*, 517 U.S. 559 (1996), *Cooper Industries, Inc. v. Leatherman Tool Group, Inc.*, 532 U.S. 424 (2001), *State Farm Mutual Automobile Insurance Co. v. Campbell*, 538 U.S. 408 (2003) and. *Horton Homes, Inc. Brooks*, 832 So. 2d 44 (Ala. 2001), because determination of the amount or proper circumstances for an award of punitive damages without consideration of these standards and/or limitations would deny GSK due process of the law in violation of the

Fourteenth Amendment to the United States Constitution and in violation of the Alabama Constitution.

## THIRTY-FOURTH AFFIRMATIVE DEFENSE

178.    Any award of punitive damages against GSK would violate Article I, Sections 1, 2, 6, 11, 13, 15, 27 and 35 of the Alabama Constitution.

## THIRTY-FIFTH AFFIRMATIVE DEFENSE

179.    Any award of punitive damages in this case would violate Alabama statutory law, including without limitation, Sections 6-11-20 and 6-11-21 of the Alabama Code.

## THIRTY-SIXTH AFFIRMATIVE DEFENSE

180.    The post-verdict review of punitive damages adopted by the State of Alabama violates the Alabama Constitution because it permits the trial court to consider evidence not presented to the jury and apply legal standards on which the jury was not instructed.

## THIRTY-SEVENTH AFFIRMATIVE DEFENSE

181.    The procedures relating to punitive damages established under Alabama law provide no objective, logical, or reasonable standards or criteria to govern the award of such damages and, thus, deny GSK equal protection of the laws as guaranteed by the Fourteenth Amendment to the United States Constitution, and Article I, Sections 1, 6 and 22 of the Alabama Constitution, separately and severally.

## THIRTY-EIGHTH AFFIRMATIVE DEFENSE

182.    Punitive damages are a punishment, a quasi-criminal sanction for which GSK has not been afforded the specific procedural safeguards prescribed in the Alabama Constitution and the Fifth and Sixth Amendments to the United States Constitution.

## THIRTY-NINTH AFFIRMATIVE DEFENSE

183.    Any award of punitive damages against GSK would be improper because it would exceed comparable maximums established for criminal fines in Sections 13A-5-11 and 13A-5-12 of the Alabama Code.

## FORTIETH AFFIRMATIVE DEFENSE

184.    Plaintiff's claims against GSK are misjoined with plaintiff's claims against other defendants and must be severed.

## FORTY-FIRST AFFIRMATIVE DEFENSE

185.    GSK adopts by reference any additional applicable defense pleaded by any other defendant not otherwise pled herein.

## FORTY-SECOND AFFIRMATIVE DEFENSE

186.    GSK hereby gives notice that it intends to rely upon any other and additional defense that is now or may become available or appear during, or as a result of the discovery proceedings in this action and hereby reserves its right to amend its answer to assert such defense.

WHEREFORE, defendant GSK demands that: (1) the Complaint be in all respects dismissed as to it; (2) it be awarded its costs of defending this action, including its reasonable attorneys' fees; and (3) it be awarded such other and further relief as the Court may deem just and proper.

Respectfully submitted

By: _____

Joseph P.H. Babington (BAB004)
Patrick Finnegan (FIN028)
Helmsing Leach Herlong Newman & Rouse
150 Government St. Suite 2000
Mobile, AL 36602
Phone: (251) 432-5521
Fax: (251) 432-0633

Thomas H. Lee, II
Dechert LLP
4000 Bell Atlantic Tower
1717 Arch Street
Philadelphia, PA  19103
(215) 994-2994

Frederick G. Herold
Valerie M. Wagner
Dechert LLP
1117 California Avenue
Palo Alto, CA 94304-1106
(650) 813-4930

Mark H. Lynch
Geoffrey E. Hobart
Ronald G. Dove, Jr.
Jason R. Litow
Covington & Burling
1201 Pennsylvania Avenue NW
Washington, DC  20004
(202) 662-5317

Mark D. Seltzer
Mona M. Patel
Sarah Anne Franklin
Holland & Knight LLP
10 St. James Avenue
Boston, MA  02116
(617) 523-2700


*Attorneys for Defendant SmithKline
Beecham Corporation, d/b/a
GlaxoSmithKline*


## CERTIFICATE OF SERVICE

I hereby certify that I have on this 30th day of January, 2006, electronically served a true and correct copy of the foregoing pleading on counsel of record by transmission to LNFS pursuant to Case Management Order No. 2.

OF COUNSEL


Doc. 97454


33