

10450668

Jan 30 2006
2:40PM

**IN THE CIRCUIT COURT OF
MONTGOMERY COUNTY, ALABAMA**

STATE OF ALABAMA,                    )
                                     )
      **Plaintiff,**                )
                                     )
**v.**                               )        **Civil Action No. 2005-219**
                                     )
**ABBOTT LABORATORIES, INC.,** *et al.,*  )
                                     )
      **Defendants.**              )
                                     )

## ANSWER TO SECOND AMENDED COMPLAINT

Defendant TAP Pharmaceutical Products Inc. ("TAP") hereby files its Answer and Affirmative Defenses to Plaintiff State of Alabama's Second Amended Complaint ("Complaint").

## PREFACE

The Complaint improperly and repetitively refers to TAP and certain other defendants and third parties on a collective basis, failing to plead with requisite particularity allegations against TAP or other defendants or third parties. Intentionally ambiguous pleading is improper and insufficient to apprise TAP in any meaningful sense of the allegations asserted against it. TAP nevertheless attempts to respond to Plaintiff's allegations to the extent possible under the circumstances. In answering the Complaint, TAP responds for itself only, even when Plaintiff's allegations refer to alleged conduct by TAP and other persons or entities. To the extent the allegations in the Complaint refer to the knowledge, conduct or actions of persons, entities or defendants other than TAP, TAP is without knowledge or information sufficient to form a belief as to the truth of those allegations, and therefore denies those allegations.

The Complaint also improperly mixes factual allegations with inflammatory rhetoric so as to make it virtually impossible to respond meaningfully. Many of the allegations of the

Complaint are vague or conclusory. The Complaint also includes terms which are undefined and which are susceptible of different meanings, and is therefore ambiguous.

TAP specifically denies the existence of, or its participation in any fraud, fraudulent scheme, fraudulent suppression, concealment, conspiracy or any other wrongdoing. TAP further denies each and every allegation contained in the Complaint, except as specifically admitted, and any factual averment admitted is admitted only as to the specific facts and not as to any conclusions, characterizations, implications, innuendoes or speculations which are contained in any averment or in the Complaint as a whole. Moreover, TAP specifically denies any allegations contained in headings, footnotes or unnumbered paragraphs in the Complaint. TAP also denies all allegations that contain legal arguments and conclusions of law as those allegations do not require a response.

These comments and objections are incorporated, to the extent appropriate, into each numbered paragraph of this Answer.

## INTRODUCTION

1.     TAP denies each and every allegation contained in paragraph 1 of the Complaint. Furthermore, the allegations contained in paragraph 1 contain conclusions of law to which no response is required. To the extent any response is required, TAP denies the allegations. By way of further answer, to the extent the allegations contained in paragraph 1 are directed at defendants other than TAP, TAP is without knowledge or information sufficient to form a belief as to the truth of these allegations. These allegations are, therefore, denied.

2.     TAP denies the existence of a fraudulent pricing scheme or that TAP has been involved in any such scheme. Furthermore, to the extent the allegations contained in paragraph 2 state legal arguments or conclusions of law, no response is required. To the extent a response is required, TAP denies those allegations. After reasonable investigation, TAP is without

knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph regarding the State's expenditures for prescription drugs, the State's Medicaid expenditures or what is or is not of importance to the State. These allegations are, therefore, denied. TAP denies that any action is necessary to ensure fair dealing between TAP and the State. Any remaining allegations of paragraph 2 are denied. By way of further answer, to the extent the allegations contained in paragraph 2 are directed at defendants other than TAP, TAP is without knowledge or information sufficient to form a belief as to the truth of these allegations. These allegations are, therefore, denied.

      3.     TAP admits that the State of Alabama has purported to bring this action, but denies that the State is entitled to maintain this action. TAP further denies that it has engaged in any unlawful conduct or any "drug pricing scheme," and denies that TAP is or has been involved in any such scheme and denies that TAP has obtained any profits as a result of any such imagined scheme. The remainder of the allegations contained in Paragraph 3 are legal arguments or conclusions of law to which no response is required. To the extent a response is required, TAP denies the allegations contained in paragraph 3. By way of further answer, to the extent the allegations contained in paragraph 3 are directed at defendants other than TAP, TAP is without knowledge or information sufficient to form a belief as to the truth of these allegations. These allegations are, therefore, denied.

      4.     TAP admits that the State purports to seek legal and equitable redress for alleged wrongful conduct, but denies that the State is entitled to maintain this action. The remaining allegations are legal arguments or conclusions of law to which no response is required. To the extent that any response is required, TAP denies the remaining allegations of this paragraph. By way of further answer, to the extent the allegations in this paragraph are directed to defendants

other than TAP, TAP is without knowledge or information sufficient to form a belief as to the truth of these allegations. These allegations are, therefore, denied.

## PARTIES

5.    TAP admits that the State of Alabama is the plaintiff in this action and that the State has brought this action, but denies that the State is entitled to maintain this action. The remaining allegations in this paragraph are conclusions of law to which no response is required. To the extent that any response is required, TAP denies the remaining allegations in this paragraph.

6.    TAP is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 6 of the Complaint. These allegations are, therefore, denied. Furthermore, to the extent the allegations in this paragraph reference statutes and regulations, those sources speak for themselves, and any characterizations of them are denied. By way of further answer, the allegations in paragraph 6 contain conclusions of law to which no response is required. To the extent any response is required, the allegations are denied.

## Defendant TAP Pharmaceutical

83.    TAP admits that it is a Delaware corporation with its principal place of business at 675 North Field Drive, Lake Forest, IL. TAP also admits that it is a joint venture between Abbott Laboratories and Takeda Pharmaceutical Company, Ltd., fka Takeda Chemical Industries, Ltd. Further, TAP admits that it markets and/or sells prescription drugs and that it marketed and/or sold the drugs identified in Exhibit A to the Complaint. By way of further response, after reasonable investigation, TAP is without knowledge or information sufficient to form a belief as to whether its products were reimbursed by Alabama Medicaid and if so, under what circumstances. These allegations, therefore, are denied. TAP denies each and every remaining allegation of paragraph 83 of the Complaint.

-4-

7-82 and 84-93.    **NOTE:** For the sake of brevity, paragraphs 7-82 and 84-93 have been omitted because they are directed to defendants other than TAP and thus require no response from TAP. To the extent the allegations in paragraphs 7-82 and 84-93 are deemed to include allegations against TAP, TAP is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in these paragraphs. These allegations are, therefore, denied.

94.    TAP admits that it markets, and/or sells drugs other than those listed on Exhibit A to the Complaint, but denies that those drugs (or any of its drugs) are involved in any type of fraudulent or unlawful pricing scheme. Moreover, Plaintiff has already entered into a Stipulation agreeing that Lupron® is not at issue in this litigation because of a settlement agreement between the parties. TAP denies each and every remaining allegation set forth in paragraph 94 of the Complaint. Furthermore, the allegations in this paragraph contain legal arguments and conclusions of law to which no response is required. To the extent any response is required, the allegations are denied. By way of further answer, to the extent the allegations in this paragraph are directed to defendants other than TAP, TAP is without knowledge or information sufficient to form a belief as to the truth of these allegations. These allegations are, therefore, denied.

### JURISDICTION AND VENUE

95.    TAP denies each and every allegation contained in paragraph 95 of the Complaint.

96.    TAP admits that it does business in Alabama. TAP denies the remaining allegations in paragraph 96. Furthermore, the allegations contained in paragraph 96 state legal arguments or conclusions of law, to which no response is required. To the extent any response is required, these allegations are denied. By way of further answer, to the extent the allegations in this paragraph are directed to defendants other than TAP, TAP is without knowledge or information sufficient to form a belief as to the truth of these allegations. These allegations are, therefore, denied.

-5-

97.    TAP denies each and every allegation contained in paragraph 97 of the Complaint. Furthermore, the allegations contained in this paragraph state legal arguments and conclusions of law to which no response is required. To the extent a response is required, TAP denies these allegations. By way of further answer, to the extent the allegations reference statutes or regulations, those sources speak for themselves and any characterizations thereof are denied.

## FACTUAL BACKGROUND

### The Alabama Medicaid Program

98.    TAP admits that the Alabama Medicaid program is a state-administered program with federal matching funds, which pays for medical care, including prescription drug benefits, for certain Alabama citizens. TAP is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 98 of the Complaint. The remaining allegations are, therefore, denied.

99.    TAP is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 99 of the Complaint. These allegations are, therefore, denied.

100.    TAP admits that from time to time during the relevant time period, it provided certain pricing information for its various drug products to certain independent industry reporting services, but denies that Plaintiff has accurately characterized such pricing information. TAP denies each and every remaining allegation contained in paragraph 100 of the Complaint. By way of further answer, to the extent the allegations in this paragraph are directed to defendants other than TAP, TAP is without knowledge or information sufficient to form a belief as to the truth of these allegations. These allegations are, therefore, denied.

101.    TAP admits the allegations contained in paragraph 101 of the Complaint.

-6-

102.    TAP denies each and every allegation contained in paragraph 102 of the Complaint. By way of further answer, to the extent the allegations in this paragraph are directed to defendants other than TAP, TAP is without knowledge or information sufficient to form a belief as to the truth of these allegations. These allegations are, therefore, denied.

### The Defendants' Reporting of Inflated Pricing Information

103.    TAP admits that certain independent pharmaceutical compendia publish certain pricing information. TAP denies that it knowingly, willfully, wantonly or intentionally provided or caused to be provided any false or inflated pricing information for its various drugs to any industry reporting service. For the remaining allegations of this paragraph, TAP is without knowledge or information sufficient form a belief as to the truth of these allegations. These allegations are, therefore, denied. By way of further answer, to the extent the allegations in this paragraph are directed to defendants other than TAP, TAP is without knowledge or information sufficient to form a belief as to the truth of these allegations. These allegations are, therefore, denied.

104.    TAP is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 104 of the Complaint. These allegations are, therefore, denied.

105.    TAP denies each and every allegation contained in paragraph 105 of the Complaint. By way of further answer, to the extent the allegations in this paragraph are directed to defendants other than TAP, TAP is without knowledge or information sufficient to form a belief as to the truth of these allegations. These allegations are, therefore, denied.

106.    TAP admits that from time to time during the relevant time period it provided certain pricing information for its various drug products to certain independent industry reporting services. TAP denies each and every remaining allegation contained in paragraph 106 of the

-7-

Complaint. By way of further answer, to the extent the allegations in this paragraph are directed to defendants other than TAP, TAP is without knowledge or information sufficient to form a belief as to the truth of these allegations. These allegations are, therefore, denied.

107.    TAP denies each and every allegation contained in paragraph 107 of the Complaint. By way of further answer, to the extent the allegations in this paragraph are directed to defendants other than TAP, TAP is without knowledge or information sufficient to form a belief as to the truth of these allegations. These allegations are, therefore, denied.

### Defendants' Marketing of the "Spread"

108.    TAP denies each and every allegation contained in paragraph 108 of the Complaint. By way of further answer, to the extent the allegations in this paragraph are directed to defendants other than TAP, TAP is without knowledge or information sufficient to form a belief as to the truth of these allegations. These allegations are, therefore, denied.

109.    TAP denies each and every allegation contained in paragraph 109 of the Complaint. By way of further answer, to the extent the allegations in this paragraph are directed to defendants other than TAP, TAP is without knowledge or information sufficient to form a belief as to the truth of these allegations. These allegations are, therefore, denied.

110.    TAP denies each and every allegation contained in paragraph 110 of the Complaint. By way of further answer, to the extent the allegations in this paragraph are directed to defendants other than TAP, TAP is without knowledge or information sufficient to form a belief as to the truth of these allegations. These allegations are, therefore, denied.

111.    TAP denies each and every allegation contained in paragraph 111 of the Complaint. By way of further answer, to the extent the allegations in this paragraph are directed to defendants other than TAP, TAP is without knowledge or information sufficient to form a belief as to the truth of these allegations. These allegations are, therefore, denied.

-8-

## Other Lawsuits, Settlements, Government Investigations, and Criminal Proceedings

112.    TAP admits that other plaintiffs have filed complaints alleging similarly meritless and ill-informed claims from which Plaintiff here appears to have largely copied its allegations, and that TAP is a party to litigation related to Medicaid drug reimbursement in certain states. Except as specifically admitted, TAP denies each and every remaining allegation contained in paragraph 112 of the Complaint. By way of further answer, to the extent the allegations in this paragraph are directed to defendants other than TAP, TAP is without knowledge or information sufficient to form a belief as to the truth of these allegations. These allegations are, therefore, denied.

113.    TAP admits that it is a party to litigation filed by New York City. The remaining allegations contained in paragraph 113 are legal arguments and conclusions of law to which no response is required. To the extent any response is required, TAP denies the allegations in paragraph 113. Furthermore, TAP denies that the State has accurately characterized any alleged finding, opinion, statement or conclusion contained therein, or that such are applicable to TAP. By way of further answer, to the extent the allegations are directed to defendants other than TAP, TAP is without knowledge or information sufficient to form a belief as to the truth of the allegations. These allegations are, therefore, denied.

114.    To the extent that paragraph 114 refers to Lupron®, no response is required because the State has already stipulated that Lupron® is not involved in this action. Therefore, as to TAP, the allegations of this paragraph are deemed denied pursuant to Alabama Rule of Civil Procedure 8(d) and are otherwise irrelevant and should be stricken. To the extent the allegations are directed to defendants other than TAP, TAP is without knowledge or information sufficient to form a belief as to the truth of the allegations. Those allegations are, therefore, denied.

CHI-1517288

115. The allegations contained in paragraph 115 are directed to defendants other than TAP, and TAP, therefore, need not respond to this paragraph. To the extent the allegations in this paragraph are deemed to be allegations directed against TAP, TAP denies each and every allegation contained in this paragraph of the Complaint. TAP is otherwise without information or knowledge sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore denies these allegations. By way of further answer, TAP denies that the State has accurately characterized any alleged findings, opinions, statements or conclusions contained therein, or that such are applicable to TAP, and that the settlements referenced therein are in writing and speak for themselves.

116. To the extent that paragraph 116 refers to Lupron®, no response is required because the State has already stipulated that Lupron® is not involved in this action. Therefore, pursuant to Alabama Rule of Civil Procedure 8(d) the allegations of this paragraph are deemed denied and they are otherwise irrelevant and should be stricken.

117. The allegations contained in paragraph 117 are directed to defendants other than TAP, and TAP, therefore, need not respond to this paragraph. To the extent the allegations in this paragraph are deemed to be allegations directed against TAP, TAP denies each and every allegation contained in this paragraph of the Complaint. TAP is otherwise without information or knowledge sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore denies these allegations. By way of further answer, TAP denies that the State has accurately characterized any alleged findings, opinions, statements or conclusions contained therein, or that such are applicable to TAP, and that the settlements referenced therein are in writing and speak for themselves.

-10-

118.    The allegations contained in paragraph 115 are directed to defendants other than TAP, and TAP, therefore, need not respond to this paragraph. To the extent the allegations in this paragraph are deemed to be allegations directed against TAP, TAP denies each and every allegation contained in this paragraph of the Complaint. TAP is otherwise without information or knowledge sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore denies these allegations. By way of further answer, TAP denies that the State has accurately characterized any alleged findings, opinions, statements or conclusions contained therein, or that such are applicable to TAP, and that the settlements referenced therein are in writing and speak for themselves.

119.    The allegations contained in paragraph 119 are directed to defendants other than TAP, and TAP, therefore, need not respond to this paragraph. To the extent the allegations in this paragraph are deemed to be allegations directed against TAP, TAP denies each and every allegation contained in this paragraph of the Complaint. TAP is otherwise without information or knowledge sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore denies these allegations. By way of further answer, TAP denies that the State has accurately characterized any alleged findings, opinions, statements or conclusions contained therein, or that such are applicable to TAP, and that the settlements referenced therein are in writing and speak for themselves.

120.    The allegations contained in paragraph 120 are directed to defendants other than TAP, and TAP, therefore, need not respond to this paragraph. To the extent the allegations in this paragraph are deemed to be allegations directed against TAP, TAP denies each and every allegation contained in this paragraph of the Complaint. TAP is otherwise without information or knowledge sufficient to form a belief as to the truth of the allegations contained in this

paragraph and therefore denies these allegations. By way of further answer, TAP denies that the State has accurately characterized any alleged findings, opinions, statements or conclusions contained therein, or that such are applicable to TAP, and that the settlements referenced therein are in writing and speak for themselves.

121.   TAP admits that the State of Alabama has received settlement proceeds from the various settlements described above. TAP denies each and every remaining allegation contained in paragraph 121 of the Complaint.

122.   The allegations contained in paragraph 122 are directed to defendants other than TAP, and TAP, therefore, need not respond to this paragraph. To the extent the allegations in this paragraph are deemed to be allegations directed against TAP, TAP denies each and every allegation contained in this paragraph of the Complaint. TAP is otherwise without information or knowledge sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore denies these allegations.

123.   It appears the allegations contained in paragraph 123 are directed to defendants other than TAP, and TAP, therefore, need not respond to this paragraph. To the extent the allegations in this paragraph are deemed to be allegations directed against TAP, TAP denies each and every allegation contained in this paragraph of the Complaint. TAP is otherwise without information or knowledge sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore denies these allegations. By way of further answer, to the extent that allegations in paragraph 123 are directed to defendants other than TAP, TAP is without knowledge or information sufficient to form a belief as to the truth of the allegations. These allegations are, therefore, denied.

124.    TAP denies each and every allegation contained in paragraph 124 of the Complaint. By way of further answer, to the extent the allegations in paragraph 124 are directed to defendants other than TAP, TAP is without knowledge or information sufficient to form a belief as to the truth of the allegations. These allegations are, therefore, denied.

125.    The allegations of paragraph 125 contain legal arguments and conclusions of law to which no response is required. To the extent any response is required, TAP denies these allegations. TAP affirmatively states that if there were any merit to the claims alleged herein as to TAP, it would neither be impractical nor impossible for the Plaintiff to allege specifically its claims as to TAP, which Plaintiff has entirely failed to do.

126.    The allegations of paragraph 126 contain legal arguments and conclusions of law to which no response is required. To the extent any response is required, TAP denies these allegations. By way of further answer, to the extent the allegations in this paragraph are directed to defendants other than TAP, TAP is without knowledge or information sufficient to form a belief as to the truth of these allegations. These allegations are, therefore, denied.

**CLAIMS**

**COUNT ONE - FRAUDULENT MISREPRESENTATION**

127.    TAP realleges and incorporates by reference its responses to paragraphs 1-126 of the Complaint.

128.    TAP admits that from time to time during the relevant time period, it provided certain pricing information for its drug products to various independent industry reporting services. TAP denies each and every remaining allegation contained in paragraph 128 of the Complaint. Furthermore, the allegations of paragraph 128 contain legal arguments and conclusions of law to which no response is required. To the extent any response is required, TAP denies these allegations. By way of further answer, to the extent that allegations in

-13-

paragraph 128 are directed to defendants other than TAP, TAP is without knowledge or information sufficient to form a belief as to the truth of the allegations. These allegations are, therefore, denied.

129.   TAP denies each and every allegation contained in paragraph 129 of the Complaint.   Furthermore, the allegations of paragraph 129 contain legal arguments and conclusions of law to which no response is required. To the extent any response is required, TAP denies these allegations.  By way of further answer, to the extent that allegations in paragraph 129 are directed to defendants other than TAP, TAP is without knowledge or information sufficient to form a belief as to the truth of the allegations. These allegations are, therefore, denied.

130.   TAP denies each and every allegation contained in paragraph 130 of the Complaint.   Furthermore, the allegations of paragraph 130 contain legal arguments and conclusions of law to which no response is required. To the extent any response is required, TAP denies these allegations.  By way of further answer, to the extent that allegations in paragraph 130 are directed to defendants other than TAP, TAP is without knowledge or information sufficient to form a belief as to the truth of the allegations. These allegations are, therefore, denied.

## COUNT TWO - FRAUDULENT SUPPRESSION

131.   TAP realleges and incorporates by reference its responses to paragraphs 1-130 of the Complaint.

**NOTE: The State's paragraph numbering scheme omits numbers 132 - 139.**

140.   TAP denies each and every allegation contained in paragraph 140 of the Complaint.   Furthermore, the allegations of paragraph 140 contain legal arguments and conclusions of law to which no response is required. To the extent any response is required,

TAP denies these allegations. By way of further answer, to the extent that allegations in paragraph 140 are directed to defendants other than TAP, TAP is without knowledge or information sufficient to form a belief as to the truth of the allegations. These allegations are, therefore, denied.

141. TAP denies each and every allegation contained in paragraph 141 of the Complaint. Furthermore, the allegations of paragraph 141 contain legal arguments and conclusions of law to which no response is required. To the extent any response is required, TAP denies these allegations. By way of further answer, to the extent that allegations in paragraph 141 are directed to defendants other than TAP, TAP is without knowledge or information sufficient to form a belief as to the truth of the allegations. These allegations are, therefore, denied.

142. TAP denies each and every allegation contained in paragraph 142 of the Complaint. Furthermore, the allegations of paragraph 142 contain legal arguments and conclusions of law to which no response is required. To the extent any response is required, TAP denies these allegations. By way of further answer, to the extent that allegations in paragraph 142 are directed to defendants other than TAP, TAP is without knowledge or information sufficient to form a belief as to the truth of the allegations. These allegations are, therefore, denied.

## COUNT THREE - WANTONNESS

143. TAP realleges and incorporates by reference its responses to paragraphs 1-142 of the Complaint.

144. TAP denies each and every allegation contained in paragraph 144 of the Complaint. Furthermore, the allegations of paragraph 144 contain legal arguments and conclusions of law to which no response is required. To the extent any response is required,

-15-

TAP denies these allegations. By way of further answer, to the extent that allegations in paragraph 140 are directed to defendants other than TAP, TAP is without knowledge or information sufficient to form a belief as to the truth of the allegations. These allegations are, therefore, denied.

145. TAP denies each and every allegation contained in paragraph 145 of the Complaint. Furthermore, the allegations of paragraph 145 contain legal arguments and conclusions of law to which no response is required. To the extent any response is required, TAP denies these allegations. By way of further answer, to the extent that allegations in paragraph 145 are directed to defendants other than TAP, TAP is without knowledge or information sufficient to form a belief as to the truth of the allegations. These allegations are, therefore, denied.

146. TAP denies each and every allegation contained in paragraph 146 of the Complaint. Furthermore, the allegations of paragraph 146 contain legal arguments and conclusions of law to which no response is required. To the extent any response is required, TAP denies these allegations. By way of further answer, to the extent that allegations in paragraph 146 are directed to defendants other than TAP, TAP is without knowledge or information sufficient to form a belief as to the truth of the allegations. These allegations are, therefore, denied.

147. TAP denies each and every allegation contained in paragraph 147 of the Complaint. Furthermore, the allegations of paragraph 147 contain legal arguments and conclusions of law to which no response is required. To the extent any response is required, TAP denies these allegations. By way of further answer, to the extent that allegations in paragraph 147 are directed to defendants other than TAP, TAP is without knowledge or

information sufficient to form a belief as to the truth of the allegations. These allegations are, therefore, denied.

## COUNT FOUR - UNJUST ENRICHMENT

148.   TAP realleges and incorporates by reference its responses to paragraphs 1-147 of the Complaint.

149.   TAP denies each and every allegation contained in paragraph 149 of the Complaint. Furthermore, the allegations of paragraph 149 contain legal arguments and conclusions of law to which no response is required. To the extent any response is required, TAP denies these allegations. By way of further answer, to the extent that allegations in paragraph 149 are directed to defendants other than TAP, TAP is without knowledge or information sufficient to form a belief as to the truth of the allegations. These allegations are, therefore, denied.

150.   TAP denies each and every allegation contained in paragraph 150 of the Complaint. Furthermore, the allegations of paragraph 150 contain legal arguments and conclusions of law to which no response is required. To the extent any response is required, TAP denies these allegations. By way of further answer, to the extent that allegations in paragraph 150 are directed to defendants other than TAP, TAP is without knowledge or information sufficient to form a belief as to the truth of the allegations. These allegations are, therefore, denied.

151.   TAP denies each and every allegation contained in paragraph 151 of the Complaint. Furthermore, the allegations of paragraph 151 contain legal arguments and conclusions of law to which no response is required. To the extent any response is required, TAP denies these allegations. By way of further answer, to the extent that allegations in paragraph 151 are directed to defendants other than TAP, TAP is without knowledge or

-17-

information sufficient to form a belief as to the truth of the allegations. These allegations are, therefore, denied.

152.   TAP denies each and every allegation contained in paragraph 152 of the Complaint.   Furthermore, the allegations of paragraph 152 contain legal arguments and conclusions of law to which no response is required.   To the extent any response is required, TAP denies these allegations.   By way of further answer, to the extent that allegations in paragraph 152 are directed to defendants other than TAP, TAP is without knowledge or information sufficient to form a belief as to the truth of the allegations.   These allegations are, therefore, denied.

## PRAYER FOR RELIEF

TAP denies Plaintiff is entitled to a judgment or any other relief requested in its Prayer for Relief following Paragraph 152 of the Complaint.

Listed below, TAP has provided a list of defenses without assuming any burden of proof:

## FIRST DEFENSE

The State fails to state a claim against TAP upon which relief may be granted.

## SECOND DEFENSE

The State's claims are barred, in whole or in part, by the political question and separation of powers doctrines.

## THIRD DEFENSE

The State has not suffered, and will not suffer, any injury to a legally protected or cognizable interest by reason of the conduct of TAP as alleged in the Complaint.

## FOURTH DEFENSE

To the extent the State or any of its citizens for whom it is seeking relief obtains recovery in any other case predicated on the same factual allegations, it is barred from seeking recovery

against TAP based on the Complaint pursuant to the doctrines of res judicata and collateral estoppel and the prohibition on double recovery for the same injury.

### FIFTH DEFENSE

The State's claims are barred, in whole or in part, by the First Amendment to the United States Constitution and the analogous provisions of the Constitution of the State of Alabama.

### SIXTH DEFENSE

The State's claims are barred, in whole or in part, to the extent that the State's or any of its citizens for whom it is seeking relief has released, settled, entered into an accord and satisfaction or otherwise compromised its claims.

### SEVENTH DEFENSE

Any and all actions taken by TAP with respect to any of the matters alleged in the Complaint were taken in good faith and in accordance with established industry practice.

### EIGHTH DEFENSE

The State's state law claims are preempted, in whole or in part, by federal law, including without limitation, the Federal Employment Retirement Income and Security Act of 1974, the Federal Medicare Act, and the Federal Medicaid Act, including all amendments to the same and all regulations promulgated thereunder.

### NINTH DEFENSE

The State's claims are preempted by the dormant Commerce Clause of the United States Constitution.

### TENTH DEFENSE

The State's claims against TAP are barred because TAP has complied with all applicable regulations of the federal and state governments.

## ELEVENTH DEFENSE

The State's claims against TAP are barred, in whole or in part, by the applicable statutes of limitations and repose, and by the doctrines of laches, estoppel and waiver.

## TWELFTH DEFENSE

The State's claims are barred, in whole or in part, because they violate TAP's rights under the Due Process and *Ex Post Facto* clauses of the United States Constitution, as well as the Constitution of the State of Alabama, insofar as the State seeks to impose liability retroactively for conduct that was not actionable at the time it occurred.

## THIRTEENTH DEFENSE

TAP's statements or actions were not the proximate cause or cause in fact of any injury or alleged loss to the State.

## FOURTEENTH DEFENSE

The State's claims against TAP are barred, in whole or in part, because the State has failed to state with particularity facts to support its fraud allegations.

## FIFTEENTH DEFENSE

The State's claims against TAP are barred, in whole or in part, because the State has no standing or capacity to bring some or all of the claims raised in this suit to recover Medicaid expenditures or to seek injunctive relief.

## SIXTEENTH DEFENSE

The State's claims against TAP are barred, in whole or in part, because TAP did not make any false statements to the State or any of the agencies, departments, or citizens for whom the State is seeking relief. As to any statement asserted against TAP that the State alleges to be false or misleading, TAP had no reasonable grounds to believe, and did not believe at the time such a statement was made, that the statement was false or misleading.

## SEVENTEENTH DEFENSE

The State's claims against TAP are barred because TAP did not directly or indirectly engage in any conduct in violation of state or federal law.

## EIGHTEENTH DEFENSE

To the extent that the State seeks equitable relief against TAP, the State is not entitled to such relief because there is an adequate remedy at law.

## NINETEENTH DEFENSE

The State's claims against TAP for injunctive relief were mooted by the passage of the 2003 Medicare reform legislation.

## TWENTIETH DEFENSE

Some or all of the State's claims for injunctive relief against TAP are barred by the doctrines of in pari delicto and/or unclean hands.

## TWENTY-FIRST DEFENSE

Some or all of the State's claims against TAP arise from The State's failure to follow its federal and state statutory and regulatory obligations to properly establish appropriate reimbursement rates.

## TWENTY-SECOND DEFENSE

The State's claims against TAP are barred, in whole or in part, due to it failure to join indispensable parties.

## TWENTY-THIRD DEFENSE

The State's claims against TAP are barred, in whole or in part, because it suffered no damages as a result of the matters alleged in the Complaint.

### TWENTY-FOURTH DEFENSE

The State's claims are barred, in whole or in part, because any injuries sustained by the State were the result of its own conduct or the intervening or superseding conduct of third parties.

### TWENTY FIFTH DEFENSE

The State's claims against TAP for damages are barred, in whole or in part, because: (1) the State failed to mitigate its damages, and that failure to mitigate damages should proportionately reduce the recovery of such persons and the allocation of any fault, if any exists, attributable to TAP; (2) the State would be unjustly enriched if allowed to recover any portion of the damages alleged in the Complaint; (3) by the doctrine of consent and/or ratification to the extent that Plaintiff has received and paid for medicines manufactured, marketed and sold by TAP after the filing of the State's original complaint; and (4) the State's claims are speculative and remote and because of the impossibility of ascertaining and allocating those alleged damages.

### TWENTY-SIXTH DEFENSE

TAP is entitled to a set-off, should any damages be awarded against it, for the entire amount of all damages or settlement amounts recovered by the State, with respect to the same alleged injuries.

### TWENTY-SEVENTH DEFENSE

The applicable statutory ceilings on recoverable damages, including without limitation, Alabama Code 6-11-21, must limit any damages recovered by the State from TAP.

### TWENTY-EIGHTH DEFENSE

The State's punitive damages claims against TAP: (1) have no basis in law or fact; (2) are not recoverable because the allegations of the Complaint are legally insufficient to support a

CHI-1517288

claim for punitive damages against TAP; (3) cannot be sustained because laws regarding the standards for determining liability for and the amount of punitive damages fail to give TAP prior notice of the conduct for which punitive damages may be imposed and the severity of the penalty that may be imposed and are void for vagueness in violation of TAP's due process rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and the Constitution of the State of Alabama; (4) cannot be sustained because any award of punitive damages exceeding the limits authorized by the laws or other comparable laws would violate TAP's due process and equal protection rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and would be improper under the Constitution, common law and applicable state laws of Alabama; (5) cannot be sustained because an award of punitive damages in this case, combined with any prior, contemporaneous, or subsequent judgments against TAP for punitive damages arising from the design, development, manufacture, fabrication, distribution, supply, marketing, sale, or use of TAP's medicines, would constitute impermissible multiple punishments for the same wrong in violation of TAP's due process and equal protection rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and would constitute double jeopardy in violation of the Constitution, common law and statutory law of Alabama; (6) cannot be sustained because any award of punitive damages without the apportionment of the award separately and severally between or among the alleged joint tortfeasors, as determined by the alleged percentage of the wrong committed by each alleged tortfeasor, would violate TAP's due process and equal protection rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and would be improper under the Constitution, common law and public policies of Alabama; and (7) cannot be sustained because any award of punitive damages, which are penal in nature, without according TAP the

-23-

same protections that are accorded to all criminal defendants, including the protection against unreasonable searches and seizures, the privilege against self-incrimination, and the rights to confront adverse witnesses, a speedy trial, and the effective assistance of counsel, would violate TAP's rights guaranteed by the Fourth, Fifth, and Sixth Amendments as incorporated into the Fourteenth Amendment to the United States Constitution and would be improper under the Constitution, common law and public policies of Alabama.

## TWENTY-NINTH DEFENSE

The State's claim for punitive damages against TAP cannot be sustained because an award of punitive damages by a jury that: (1) is not provided constitutionally adequate standards of sufficient clarity for determining the appropriate imposition of, and the appropriate size of, a punitive damages award; (2) is not adequately instructed on the limits of punitive damages imposed by the applicable principles of deterrence and punishment; (3) is not expressly prohibited from awarding punitive damages, or determining the amount of an award of punitive damages, in whole or in part, on the basis of invidiously discriminatory characteristics, including without limitation, the residence, wealth, and corporate status of TAP; (4) is permitted to award punitive damages under a standard for determining liability for punitive damages that is vague and arbitrary and does not define with sufficient clarity the conduct or mental state that makes punitive damages permissible; (5) is not properly instructed regarding the State's burden of proof with respect to each and every element of a claim for punitive damages; and (6) is not subject to trial court and appellate judicial review for reasonableness and furtherance of legitimate purposes on the basis of constitutionally adequate and objective standards, would violate TAP's Due Process and Equal Protection rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution, and would be improper under the Constitution, common law and public policies of Alabama.

-24-

### THIRTIETH DEFENSE

The State's claim for punitive damages against TAP cannot be sustained because an award of punitive damages that is subject to no predetermined limit, such as a maximum multiple of compensatory damages or a maximum amount of punitive damages that may be imposed, would: (1) violate TAP's Due Process rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution; (2) violate TAP's right not to be subjected to an excessive award; and (3) be improper under the Constitution, common law and public policies of Alabama.

### THIRTY-FIRST DEFENSE

The State's claims are barred, in whole or in part, by the filed rate doctrine.

### THIRTY-SECOND DEFENSE

The State's unjust enrichment claims are barred, in whole or in part, because TAP did not retain any money belonging to the State as a result of any alleged overpayments as required under Alabama law.

### THIRTY-THIRD DEFENSE

The State's claims against TAP are misjoined with the State's claims against other defendants and must be severed.

### THIRTY-FOURTH DEFENSE

TAP adopts by reference any additional applicable defense pled by any other defendant in this case, not otherwise pled herein.

### THIRTY-FIFTH DEFENSE

TAP hereby gives notice that it intends to rely upon any other and additional defense that is now or may become available or appear during, or as a result of the discovery proceedings in this action and hereby reserves its right to amend its answer to assert such defense.

WHEREFORE, TAP prays that this Court:

1.    Dismiss the State of Alabama's Second Amended Complaint with prejudice and enter judgment in favor of TAP and against Plaintiff;

2.    Award TAP its costs and expenses, including its attorney's fees; and

3.    Grant such other and further relief for TAP as this Court deems just and proper.

Dated:  January 30, 2006                          Respectfully submitted,


/s/ Betsy P. Collins
Betsy P. Collins (COL055)
Alston & Bird, LLP
One Atlantic Center
1201 W. Peachtree Street
Atlanta, Georgia 30309-3424
404 881-7000
404 881-7777 (fax)


James R. Daly
J. Ryan Mitchell
Jones Day
77 West Wacker
Chicago, Illinois 60601-1692
(312) 782-3939
(312) 782-8585 (fax)

-26-

## CERTIFICATE OF SERVICE

I hereby certify that I have on this 30th day of January, 2006, electronically served a true and correct copy of the foregoing pleading on counsel of record by transmission to LNFS, pursuant to Case Management Order No. 2.


/s/ Betsy P. Collins_____

CHI-1517288