

10452116

Jan 30 2006
3:37PM

## IN THE CIRCUIT COURT OF
## MONTGOMERY COUNTY, ALABAMA

| | |
|---|---|
| STATE OF ALABAMA, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | ) |
| | )   **Civil Action No. 05-219** |
| ABBOTT LABORATORIES, INC., et al., | ) |
| | ) |
| | ) |
|     Defendants. | ) |

### DEFENDANT TEVA PHARMACEUTICAL USA, INC.'S ANSWER
### TO THE SECOND AMENDED COMPLAINT

Defendant Teva Pharmaceuticals USA, Inc. ("Teva"), for its Answer to the Second Amended Complaint (the "SAC"), states as follows:

### INTRODUCTION

1.　　Teva admits that the state of Alabama purports to bring this action against Teva and other defendants named herein. To the extent the allegations of Paragraph 1 of the SAC refer to the knowledge, conduct or actions of persons, entities or defendants other than Teva, Teva is without knowledge or information sufficient to form a belief as to the truth of the allegations. Teva denies each and every allegation contained in Paragraph 1 that pertains to Teva, and specifically denies that it has engaged in false, misleading, wanton, unfair, and deceptive acts and practices in the pricing and marketing of its prescription drug products. Teva further denies that its pricing and marketing of its prescription drugs have impacted elderly, disabled, and poor Alabama citizens covered by the State's Medicaid program ("Alabama Medicaid") by causing the Alabama Medicaid Agency to pay grossly excessive prices for its prescriptive drugs.

2.     To the extent the allegations of Paragraph 2 of the SAC refer to the knowledge, conduct or actions of persons, entities or defendants other than Teva, Teva is without knowledge or information sufficient to form a belief as to the truth of the allegations. Teva is without knowledge or information sufficient to form a belief as to the amount of money the State has spent on prescription drugs or the increase in expenditures since 1990. Teva denies each and every allegation contained in Paragraph 2 that pertains to Teva, and specifically denies that it has engaged in a fraudulent pricing scheme.

3.     Teva admits that the State, by and through its Attorney General, purports to bring this action to recover amounts allegedly overpaid for prescription drugs by Alabama Medicaid, including pharmacy dispensed drugs and co-payments for drugs covered by Medicare, and seeks injunctive relief against Teva. To the extent the allegations of Paragraph 3 of the SAC refer to the responsibilities, knowledge, conduct or actions of persons, entities or defendants other than Teva, Teva is without knowledge or information sufficient to form a belief as to the truth of the allegations. Teva denies each and every allegation contained in Paragraph 3 that pertains to Teva and specifically denies that it has engaged in a "drug-pricing scheme."

4.     To the extent the allegations of Paragraph 4 of the SAC refer to the knowledge, conduct or actions of persons, entities or defendants other than Teva, Teva is without knowledge or information sufficient to form a belief as to the truth of the allegations. Teva denies each and every allegation contained in Paragraph 4 that pertains to Teva and specifically denies that it has engaged in fraudulent and wanton marketing and product conduct.

## PARTIES

5.     On information and belief, Teva admits that the Plaintiff is the State of Alabama and the State purports to bring this action in its capacity as sovereign and on behalf of the Alabama Medicaid Agency.

- 2 -

25163090\V-1

6.      Teva admits the existence of Alabama Code § 36-15-12 and states it is the best evidence of its contents. Teva is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 6.

<u>Defendant Abbott</u>

7.      Teva is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 7 of the SAC.

<u>Defendant Alcon</u>

8.      Teva is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8 of the SAC.

<u>Defendant Allergan</u>

9.      Teva is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9 of the SAC.

<u>The Alpharma Defendants</u>

10.      Teva is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 10 of the SAC.

11.      Teva is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 11 of the SAC.

12.      Teva is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 12 of the SAC.

<u>The Amgen Defendants</u>

13.      Teva is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 13 of the SAC.

14.      Teva is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 14 of the SAC.

251630901V-1

15.    Teva is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 15 of the SAC.

<u>Defendant Andrx</u>

16.    Teva is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 16 of the SAC.

<u>The AstraZeneca Defendants</u>

17.    Teva is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 17 of the SAC.

18.    Teva is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 18 of the SAC.

19.    Teva is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 19 of the SAC.

<u>The Aventis Defendants</u>

20.    Teva is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 20 of the SAC.

21.    Teva is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 21 of the SAC.

22.    Teva is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 22 of the SAC.

23.    Teva is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 23 of the SAC.

<u>Defendant Barr</u>

24.    Teva is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 24 of the SAC.

- 4 -

<u>The Baxter Defendants</u>

25.    Teva is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 25 of the SAC.

26.    Teva is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 26 of the SAC.

27.    Teva is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 27 of the SAC.

<u>The Bayer Defendants</u>

28.    Teva is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 28 of the SAC.

29.    Teva is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 29 of the SAC.

30.    Teva is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 30 of the SAC.

31.    Teva is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 31 of the SAC.

<u>Defendant Biovail</u>

32.    Teva is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 32 of the SAC.

<u>The Boehringer Defendants</u>

33.    Teva is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 33 of the SAC.

    a.    Teva is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 33(a) of the SAC.

- 5 -

b.     Teva is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 33(b) of the SAC.

34.    Teva is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 34 of the SAC.

## Defendant Bristol-Myers Squibb

35.    Teva is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 35 of the SAC.

## Defendant DEY

36.    Teva is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 36 of the SAC.

## Defendant Eisai

37.    Teva is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 37 of the SAC.

## Defendant Endo

38.    Teva is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 38 of the SAC.

## Defendant ETHEX

39.    Teva is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 39 of the SAC.

## The Forest Defendants

40.    Teva is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 40 of the SAC.

41.    Teva is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 41 of the SAC.

42.    Teva is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 42 of the SAC.

### The Fujisawa Defendants

43.    Teva is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 43 of the SAC.

44.    Teva is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 44 of the SAC.

45.    Teva is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 45 of the SAC.

### Defendant Genzyme

46.    Teva is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 46 of the SAC.

### Defendant Gilead

47.    Teva is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 47 of the SAC.

### Defendant GlaxoSmithKline

48.    Teva is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 48 of the SAC.

### The Hoffmann-LaRoche Defendants

49.    Teva is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 49 of the SAC.

50.    Teva is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 50 of the SAC.

51.    Teva is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 51 of the SAC.

The IVAX Defendants

52.    Teva is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 52 of the SAC.

53.    Teva is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 53 of the SAC.

54.    Teva is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 54 of the SAC.

The J&J Defendants

55.    Teva is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 55 of the SAC.

      a.    Teva is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 55(a) of the SAC.

      b.    Teva is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 55(b) of the SAC.

      c.    Teva is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 55(c) of the SAC.

      d.    Teva is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 55(d) of the SAC.

      e.    Teva is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 55(e) of the SAC.

56.    Teva is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 56 of the SAC.

<u>The King Defendants</u>

57.    Teva is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 57 of the SAC.

58.    Teva is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 58 of the SAC.

59.    Teva is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 59 of the SAC.

<u>Defendant MedImmune</u>

60.    Teva is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 60 of the SAC.

<u>Defendant Merck</u>

61.    Teva is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 61 of the SAC.

<u>The Mylan Defendants</u>

62.    Teva is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 62 of the SAC.

63.    Teva is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 63 of the SAC.

64.    Teva is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 64 of the SAC.

65.    Teva is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 65 of the SAC.

<u>The Novartis Defendants</u>

66.    Teva is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 66 of the SAC.

67.    Teva is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 67 of the SAC.

68.    Teva is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 68 of the SAC.

<u>Defendant Novo Nordisk</u>

69.    Teva is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 69 of the SAC.

<u>Defendant Organon</u>

70.    Teva is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 70 of the SAC.

<u>Defendant Par</u>

71.    Teva is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 71 of the SAC.

<u>The Pfizer Defendants</u>

72.    Teva is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 72 of the SAC.

73.    Teva is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 73 of the SAC.

74.    Teva is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 74 of the SAC.

25163090\V-1

75.    Teva is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 75 of the SAC.

76.    Teva is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 76 of the SAC.

77.    Teva is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 77 of the SAC.

### Defendant Purdue

78.    Teva is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 78 of the SAC.

### Defendant Sanofi

79.    Teva is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 79 of the SAC.

### The Schering Defendants

80.    Teva is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 80 of the SAC.

81.    Teva is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 81 of the SAC.

82.    Teva is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 82 of the SAC.

### Defendant TAP Pharmaceutical

83.    Teva is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 83 of the SAC.

<u>Defendant Takeda Pharmaceuticals</u>

84.    Teva is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 84 of the SAC.

<u>Defendant Teva</u>

85.    Teva admits the allegations contained in Paragraph 85 of the SAC concerning its principal place of business and the fact that it is a wholly-owned subsidiary of Teva Pharmaceutical Industries, Ltd. and formerly Lemmon Pharmaceutical Company. Teva further admits that it manufactures, distributes, markets, and/or sells the drugs identified in Exhibit A. Teva denies and/or is without knowledge or information sufficient to form a belief as to the truth of the allegation that its drugs identified in Exhibit A are reimbursed by Alabama Medicaid.

<u>The Watson Defendants</u>

86.    Teva is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 86 of the SAC.

87.    Teva is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 87 of the SAC.

88.    Teva is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 88 of the SAC.

89.    Teva is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 89 of the SAC.

<u>The Wyeth Defendants</u>

90.    Teva is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 90 of the SAC.

91.    Teva is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 91 of the SAC.

- 12 -

92.    Teva is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 92 of the SAC.

Fictitious Defendants

93.    Teva is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 93 of the SAC.

94.    To the extent the allegations of Paragraph 94 of the SAC refer to the knowledge, intent, conduct or actions of persons, entities or defendants other than Teva, Teva is without knowledge or information sufficient to form a belief as to the truth of the allegations.  Teva denies each and every allegation contained in Paragraph 94 that pertains to Teva.

**JURISDICTION AND VENUE**

95.    Teva admits that this Court has jurisdiction over the State's claims.

96.    To the extent the allegations of Paragraph 96 of the SAC refer to the knowledge, intent, conduct or actions of persons, entities or defendants other than Teva, Teva is without knowledge or information sufficient to form a belief as to the truth of the allegations.  Teva admits that this Court has personal jurisdiction over it.

97.    To the extent the allegations of Paragraph 97 of the SAC refer to the knowledge, conduct or actions of persons, entities or defendants other than Teva, Teva is without knowledge or information sufficient to form a belief as to the truth of the allegations.  Teva admits the existence of Alabama Code § 6-3-7 and states it is the best evidence of its contents.  To the extent the allegations in Paragraph 97 pertain to Teva, Teva admits that venue is proper in Montgomery County.

- 13 -

## FACTUAL BACKGROUND

### The Alabama Medicaid Program

98.    Teva is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 98 of the SAC.

99.    Teva is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 99 of the SAC.

100.    Teva is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 100 of the SAC concerning the Alabama Medicaid program. To the extent the allegations of Paragraph 100 of the SAC refer to the knowledge, conduct or actions of persons, entities or defendants other than Teva, Teva is without knowledge or information sufficient to form a belief as to the truth of the allegations. Teva denies each and every allegation contained in Paragraph 100 that pertains to Teva, except it admits that at times during the relevant time period Teva provided price lists to third party publishers.

101.    Teva admits that the federal Medicare program provides certain prescription drug benefits for eligible individuals.

102.    Teva admits that the federal Medicare Part B program provides certain prescription drug benefits for eligible individuals, but otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 102 of the SAC. Teva denies each and every allegation contained in Paragraph 102 that pertains to Teva.

### The Defendants' Reporting of Inflated Pricing Information

103.    To the extent the allegations of Paragraph 103 of the SAC refer to the knowledge, conduct or actions of persons, entities or defendants other than Teva, Teva is without knowledge or information sufficient to form a belief as to the truth of the allegations. Teva admits that it has

- 14 -

at times provided pricing information for certain of its drugs to drug industry reporting services. Except as so admitted, Teva denies the remaining allegations of Paragraph 103 that pertain to Teva. Teva specifically denies that it has knowingly, willfully, wantonly and/or intentionally caused to be provided false and inflated drug pricing information to industry reporting services.

104.    To the extent the allegations of Paragraph 104 of the SAC refer to the knowledge, conduct or actions of Alabama Medicaid, or other persons, entities or defendants other than Teva, Teva is without knowledge or information sufficient to form a belief as to the truth of the allegations. Teva admits that it has at times provided pricing information for certain of its drugs to publishers. Except as so admitted, Teva denies the remaining allegations of Paragraph 104 that pertain to Teva.

105.    To the extent the allegations of Paragraph 105 of the SAC refer to the knowledge, conduct or actions of persons, entities or defendants other than Teva, Teva is without knowledge or information sufficient to form a belief as to the truth of the allegations. Teva denies each and every allegation Paragraph 105 that pertains to Teva and specifically denies reporting false and misleading drug prices.

106.    To the extent the allegations of Paragraph 106 of the SAC refer to the knowledge, conduct or actions of persons, entities or defendants other than Teva, Teva is without knowledge or information sufficient to form a belief as to the truth of the allegations. Teva denies each and every allegation of Paragraph 106 that pertains to Teva except to admit that Teva knows the WAC and Direct Price of its own products, and the AWP of its own products which a third party publishes.

107.    To the extent the allegations of Paragraph 107 of the SAC refer to the knowledge, conduct or actions of persons, entities or defendants other than Teva, Teva is without knowledge or information sufficient to form a belief as to the truth of the allegations. Teva admits that it has

at times provided discounts, rebates, and other legal inducements for certain of its drugs to its customers. Except as so admitted, Teva denies the remaining allegations of Paragraph 107. Teva specifically denies that it entered into secret agreements or concealed discounts, rebates, or other legal inducements.

### Defendants' Marketing of the "Spread"

108.    To the extent the allegations of Paragraph 108 of the SAC refer to the knowledge, conduct or actions of persons, entities or defendants other than Teva, Teva is without knowledge or information sufficient to form a belief as to the truth of the allegations. Teva denies each and every allegation in Paragraph 108 that pertains to Teva and specifically denies knowledge of or use of the terms "return to practice" or "return on investment." Further, Teva specifically denies knowingly and intentionally creating a "spread" or inducing physicians, pharmacies, and pharmacy chain stores to make more profit at the expense of Alabama Medicaid.

109.    To the extent the allegations of Paragraph 109 of the SAC refer to the knowledge, conduct or actions of persons, entities or defendants other than Teva, Teva is without knowledge or information sufficient to form a belief as to the truth of the allegations. Teva denies each and every allegation in Paragraph 109 that pertains to Teva and specifically denies manipulating and controlling the size of the "spread."

110.    To the extent the allegations of Paragraph 110 of the SAC refer to the knowledge, conduct or actions of persons, entities or defendants other than Teva, Teva is without knowledge or information sufficient to form a belief as to the truth of the allegations. Teva admits that it has at times provided legal incentives to its customers to purchase certain of its drugs. Except as so admitted, Teva denies the remaining allegations of Paragraph 110 that pertain to Teva. Teva specifically denies manipulating the reported AWP, WAC, and/or Direct Price of its drugs to increase market share and profits at the expense of Alabama Medicaid.

111.    To the extent the allegations of Paragraph 111 of the SAC refer to the knowledge, conduct or actions of persons, entities or defendants other than Teva, Teva is without knowledge or information sufficient to form a belief as to the truth of the allegations. Teva denies each and every allegation in Paragraph 111 that pertains to Teva and specifically denies engaging in unfair, fraudulent, wanton, and deceptive practices, and reporting or causing to be reported false and inflated drug prices. Further, Teva specifically denies engaging in conduct resulting in excessive, unjust, and illegal profits or causing the State to makes excess Medicaid payments.

**Other Lawsuits, Settlements, Government Investigations, and Criminal Proceedings**

112.    To the extent the allegations of Paragraph 112 of the SAC refer to the knowledge, conduct or actions of persons, entities or defendants other than Teva, Teva is without knowledge or information sufficient to form a belief as to the truth of the allegations. Teva admits that it has been named as a defendant in other state lawsuits concerning an alleged Medicaid drug pricing fraud scheme. Except as so admitted, Teva denies the remaining allegations of Paragraph 112 that pertain to Teva.

113.    To the extent the allegations of Paragraph 113 of the SAC refer to the knowledge, conduct or actions of persons, entities or defendants other than Teva, Teva is without knowledge or information sufficient to form a belief as to the truth of the allegations. To the extent the allegations of Paragraph 113 of the SAC represent the opinion of the State and/or its counsel or a legal conclusion, no response is required. Teva admits that it has been named as a defendant in an action in New York alleging a fraudulent AWP pricing scheme but denies the remaining allegations of Paragraph 113 as they relate to Teva.

114.    The allegations of Paragraph 114 refer to the knowledge, conduct or actions of persons, entities or defendants other than Teva. No federal criminal action has been instituted

25163090\V-1

against Teva. Teva is without knowledge or information sufficient to form a belief as to the truth of the allegations.

115.    The allegations of Paragraph 115 refer to the knowledge, conduct or actions of persons, entities or defendants other than Teva. To the extent the State purports to make allegations against Teva, Teva denies each and every allegation relating to it. Teva is without knowledge or information sufficient to form a belief as to the truth of the allegations.

116.    The allegations of Paragraph 116 refer to the knowledge, conduct or actions of persons, entities or defendants other than Teva. To the extent the State purports to make allegations against Teva, Teva denies each and every allegation relating to it. Teva is without knowledge or information sufficient to form a belief as to the truth of the allegations.

117.    The allegations of Paragraph 117 refer to the knowledge, conduct or actions of persons, entities or defendants other than Teva. To the extent the State purports to make allegations against Teva, Teva denies each and every allegation relating to it. Teva is without knowledge or information sufficient to form a belief as to the truth of the allegations.

118.    The allegations of Paragraph 118 refer to the knowledge, conduct or actions of persons, entities or defendants other than Teva. To the extent the State purports to make allegations against Teva, Teva denies each and every allegation relating to it. Teva is without knowledge or information sufficient to form a belief as to the truth of the allegations.

119.    The allegations of Paragraph 119 refer to the knowledge, conduct or actions of persons, entities or defendants other than Teva. To the extent the State purports to make allegations against Teva, Teva denies each and every allegation relating to it. Teva is without knowledge or information sufficient to form a belief as to the truth of the allegations.

120.    The allegations of Paragraph 120 refer to the knowledge, conduct or actions of persons, entities or defendants other than Teva. To the extent the State purports to make

allegations against Teva, Teva denies each and every allegation relating to it. Teva is without knowledge or information sufficient to form a belief as to the truth of the allegations.

121.    To the extent the allegations of Paragraph 121 of the SAC refer to the knowledge, conduct or actions of persons, entities or defendants other than Teva, Teva is without knowledge or information sufficient to form a belief as to the truth of the allegations. Teva denies each and every allegation in Paragraph 121 that pertains to Teva.

122.    To the extent the allegations of Paragraph 122 of the SAC refer to the knowledge, conduct or actions of persons, entities or defendants other than Teva, Teva is without knowledge or information sufficient to form a belief as to the truth of the allegations. To the extent the allegations of Paragraph 122 of the SAC represent the opinion of the State and/or its counsel or a legal conclusion, no response is required. To the extent a response is required, Teva denies each and every allegation in Paragraph 122 that pertains to Teva.

123.    To the extent the allegations of Paragraph 123 of the SAC refer to the knowledge, conduct or actions of persons, entities or defendants other than Teva, Teva is without knowledge or information sufficient to form a belief as to the truth of the allegations. Teva denies each and every allegation in Paragraph 123 that pertains to Teva, and specifically denies manipulating its AWP.

124.    To the extent the allegations of Paragraph 124 of the SAC refer to the knowledge, conduct or actions of persons, entities or defendants other than Teva, Teva is without knowledge or information sufficient to form a belief as to the truth of the allegations. Teva denies each and every allegation in Paragraph 124 that pertains to Teva, and specifically denies that it has engaged in any fraudulent scheme.

125.    The allegations of Paragraph 125 of the SAC represent the opinion of the State and/or its counsel, and no response is required. To the extent a response is required and the

25163090\V-1

extent the allegations of Paragraph 125 of the SAC refer to the knowledge, conduct or actions of persons, entities or defendants other than Teva, Teva is without knowledge or information sufficient to form a belief as to the truth of the allegations. To the extent a response is required, Teva denies each and every allegation in Paragraph 125 that pertains to Teva. Teva denies that the State is unable to plead its claims with specificity and that the State's allegations are sufficiently specific under Alabama law.

126.     Teva denies each and every allegation set forth in Paragraph 126 of the SAC as it relates to Teva and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations.

**CLAIMS**

**COUNT ONE - FRAUDULENT MISREPRESENTATION**

127.     Teva incorporates by reference its responses to Paragraphs 1 through 126 of this Answer as though fully set forth herein.

128.     To the extent the allegations of Paragraph 128 of the SAC refer to the knowledge, conduct or actions of persons, entities or defendants other than Teva, Teva is without knowledge or information sufficient to form a belief as to the truth of the allegations. Teva specifically denies it has committed fraud against the State and Alabama Medicaid. Further, Teva denies that its pricing information was false or that it induced Alabama Medicaid into relying upon its pricing information. Teva denies each and every allegation of Paragraph 128 that pertains to Teva.

129.     To the extent the allegations of Paragraph 129 of the SAC refer to the knowledge, conduct or actions of persons, entities or defendants other than Teva, Teva is without knowledge or information sufficient to form a belief as to the truth of the allegations. Teva specifically denies it has engaged in fraudulent acts in violation of Alabama common law and Section 6-5-

- 20 -

101 of the Alabama Code. Teva denies each and every allegation in Paragraph 129 that pertains to Teva.

130.    To the extent the allegations of Paragraph 130 of the SAC refer to the knowledge, conduct or actions of persons, entities or defendants other than Teva, Teva is without knowledge or information sufficient to form a belief as to the truth of the allegations. Teva specifically denies that it has engaged in conduct that was and is knowing, intentional, gross, oppressive, malicious, wanton, and/or committed with the intention to cause injury. Teva denies each and every allegation in Paragraph 130 that pertains to Teva.

## COUNT TWO - FRAUDULENT SUPPRESSION

131.    Teva incorporates by reference its responses to Paragraphs 1 through 130 of this Answer as though fully set forth herein.

132-139.    The SAC omits Paragraphs 132-139.

140.    To the extent the allegations of Paragraph 140 of the SAC refer to the knowledge, conduct or actions of persons, entities or defendants other than Teva, Teva is without knowledge or information sufficient to form a belief as to the truth of the allegations. Specifically, Teva denies that it has engaged in fraud against the State and Alabama Medicaid by reporting or causing to be reported its AWP, WAC, and Direct Prices. In addition, Teva specifically denies it reported false, incomplete and/or outdated drug pricing information or suppressed and concealed facts relating to the drug prices. Further, Teva specifically denies inducing Alabama Medicaid to rely upon pricing information. Finally, Teva denies engaging in fraudulent conduct causing the State to pay excessive amounts for Teva's prescription drugs. Teva denies each and every allegation of Paragraph 140 that pertains to Teva.

141.    To the extent the allegations of Paragraph 141 of the SAC refer to the knowledge, conduct or actions of persons, entities or defendants other than Teva, Teva is without knowledge

- 21 -

or information sufficient to form a belief as to the truth of the allegations. Teva specifically denies engaging in conduct in violation of Alabama common law and Section 6-5-102 of the Alabama Code. Teva denies each and every allegation in Paragraph 141 that pertains to Teva.

142.    To the extent the allegations of Paragraph 142 of the SAC refer to the knowledge, conduct or actions of persons, entities or defendants other than Teva, Teva is without knowledge or information sufficient to form a belief as to the truth of the allegations. Teva specifically denies engaging in conduct that was and is knowing, intentional, gross, oppressive, malicious, wanton, and/or committed with the intention to cause injury. Teva denies each and every allegation in Paragraph 142 that pertains to Teva.

**COUNT THREE - WANTONNESS**

143.    Teva incorporates by reference its responses to Paragraphs 1 through 142 of this Answer as though fully set forth herein.

144.    To the extent the allegations of Paragraph 144 of the SAC refer to the knowledge, conduct or actions of persons, entities or defendants other than Teva, Teva is without knowledge or information sufficient to form a belief as to the truth of the allegations. Specifically, Teva denies consciously reporting false and inflated pricing information. Teva denies each and every allegation in Paragraph 144 that pertains to Teva.

145.    To the extent the allegations of Paragraph 145 of the SAC refer to the knowledge, conduct or actions of persons, entities or defendants other than Teva, Teva is without knowledge or information sufficient to form a belief as to the truth of the allegations. Specifically, Teva denies causing Alabama Medicaid to pay grossly excessive amounts for its drugs. Teva denies each and every allegation in Paragraph 145 that pertains to Teva.

146.    To the extent the allegations of Paragraph 146 of the SAC refer to the knowledge, conduct or actions of persons, entities or defendants other than Teva, Teva is without knowledge

or information sufficient to form a belief as to the truth of the allegations. Teva specifically denies engaging in repeated wanton acts and practices in violation of Alabama common law. Teva denies each and every allegation in Paragraph 146 that pertains to Teva.

147.    To the extent the allegations of Paragraph 147 of the SAC refer to the knowledge, conduct or actions of persons, entities or defendants other than Teva, Teva is without knowledge or information sufficient to form a belief as to the truth of the allegations. Teva specifically denies engaging in conduct that was and is knowing, intentional, gross, oppressive, malicious, wanton, and/or committed with the intention to cause injury. Teva denies each and every allegation in Paragraph 147 that pertains to Teva.

## COUNT FOUR - UNJUST ENRICHMENT

148.    Teva incorporates by reference its responses to Paragraphs 1 through 147 of this Answer as though fully set forth herein.

149.    To the extent the allegations of Paragraph 149 of the SAC refer to the knowledge, conduct or actions of persons, entities or defendants other than Teva, Teva is without knowledge or information sufficient to form a belief as to the truth of the allegations. Specifically, Teva denies providing Alabama Medicaid with false and misleading drug prices. Teva denies each and    every    allegation    in    Paragraph    149    that    pertains    to    Teva.

150.    To the extent the allegations of Paragraph 150 of the SAC refer to the knowledge, conduct or actions of persons, entities or defendants other than Teva, Teva is without knowledge or information sufficient to form a belief as to the truth of the allegations. Specifically, Teva denies providing inflated reimbursement rates to medical providers. Teva denies each and every allegation in Paragraph 150 that pertains to Teva.

151.    To the extent the allegations of Paragraph 151 of the SAC refer to the knowledge, conduct or actions of persons, entities or defendants other than Teva, Teva is without knowledge

- 23 -

or information sufficient to form a belief as to the truth of the allegations. Specifically, Teva denies use of a "spread" to increase sales and market share for its products. Teva denies each and every allegation in Paragraph 151 that pertains to Teva.

152.    To the extent the allegations of Paragraph 152 of the SAC refer to the knowledge, conduct or actions of persons, entities or defendants other than Teva, Teva is without knowledge or information sufficient to form a belief as to the truth of the allegations. Specifically, Teva denies it obtained profits it was not entitled to and that the State is entitled to restitution. Teva denies each and every allegation in Paragraph 152 that pertains to Teva.

**PRAYER FOR RELIEF**

(1)    To the extent the request for contained in Paragraph (1) of the Prayer for Relief is premised upon the knowledge, conduct or actions of persons, entities or defendants other than Teva, Teva is without knowledge or information sufficient to form a belief as to the appropriateness of the relief requested. Teva denies each and every allegation contained in Paragraph (1) that pertains to Teva, and specifically denies that it has engaged in any unlawful conduct and the State is entitled to any type of injunction.

(2)    To the extent the request for contained in Paragraph (2) of the Prayer for Relief is premised upon the knowledge, conduct or actions of persons, entities or defendants other than Teva, Teva is without knowledge or information sufficient to form a belief as to the appropriateness of the relief requested. Teva denies each and every allegation contained in Paragraph (2) that pertains to Teva, and specifically denies that the State is entitled to compensatory damages, in any amount, whatsoever.

(3)    To the extent the request for contained in Paragraph (3) of the Prayer for Relief is premised upon the knowledge, conduct or actions of persons, entities or defendants other than Teva, Teva is without knowledge or information sufficient to form a belief as to the

- 24 -

appropriateness of the relief requested. Teva denies each and every allegation contained in Paragraph (3) that pertains to Teva, and specifically denies that the State is entitled to punitive damages, in any amount, whatsoever.

(4)    To the extent the request for contained in Paragraph (4) of the Prayer for Relief is premised upon the knowledge, conduct or actions of persons, entities or defendants other than Teva, Teva is without knowledge or information sufficient to form a belief as to the appropriateness of the relief requested. Teva denies each and every allegation contained in Paragraph (4) that pertains to Teva, and specifically denies that the State is entitled to an accounting of any of Teva's profits.

(5)    To the extent the request for contained in Paragraph (5) of the Prayer for Relief is premised upon the knowledge, conduct or actions of persons, entities or defendants other than Teva, Teva is without knowledge or information sufficient to form a belief as to the appropriateness of the relief requested. Teva denies each and every allegation contained in Paragraph (5) that pertains to Teva, and specifically denies that the State is entitled to a constructive trust or a disgorgement of any of Teva's profits.

(6)    To the extent the request for contained in Paragraph (6) of the Prayer for Relief is premised upon the knowledge, conduct or actions of persons, entities or defendants other than Teva, Teva is without knowledge or information sufficient to form a belief as to the appropriateness of the relief requested. Teva denies each and every allegation contained in Paragraph (6) that pertains to Teva, and specifically denies that the State is entitled to any award of costs or prejudgment interest, whatsoever.

(7)    To the extent the request for contained in Paragraph (7) of the Prayer for Relief is premised upon the knowledge, conduct or actions of persons, entities or defendants other than Teva, Teva is without knowledge or information sufficient to form a belief as to the

- 25 -

appropriateness of the relief requested. Teva denies each and every allegation contained in Paragraph (7) that pertains to Teva.

## TEVA'S AFFIRMATIVE DEFENSES

### FIRST DEFENSE

The SAC fails to state facts sufficient to state a claim upon which relief can be granted.

### SECOND DEFENSE

The State has not suffered a legally cognizable injury as a result of Teva's conduct.

### THIRD DEFENSE

The State's claims against Teva are barred in whole or in part by the applicable statute of limitations periods prescribed by state, federal, and common law.

### FOURTH DEFENSE

The State's claims against Teva are barred in whole or in part by the doctrine of ratification.

### FIFTH DEFENSE

The State's claims against Teva are barred in whole or in part by the doctrine of estoppel.

### SIXTH DEFENSE

The State's claims against Teva are barred in whole or in part by the doctrine of waiver.

### SEVENTH DEFENSE

The State's claims against Teva are barred in whole or in part by the doctrine of unclean hands with regard to the matters alleged in the SAC.

25163090\V-1

## EIGHTH DEFENSE

The State's claims against Teva are barred in whole or in part by the doctrine of laches.

## NINTH DEFENSE

Teva acted at all times in accordance with standard industry practice and in the good faith belief that its actions were lawful. Teva also acted in reasonable reliance on statements by government officials that the industry practices complained of herein were lawful.

## TENTH DEFENSE

The State's claims against Teva are barred in whole or in part by its failure to mitigate damages.

## ELEVENTH DEFENSE

Teva's actions violated no law, and were permitted by applicable federal law.

## TWELFTH DEFENSE

The State's state law claims are preempted by federal law.

## THIRTEENTH DEFENSE

The State's claims for injunctive relief are moot as a result of the passage of the 2003 Medicare Modernization Act.

## FOURTEENTH DEFENSE

The State's claims are barred by the political question and separation of powers doctrines.

## FIFTEENTH DEFENSE

The State allegations as to multi-source drugs are not plead with the specificity required by Rule 9(b).

- 27 -

25163090\V-1

### SIXTEENTH DEFENSE

The State has failed to state with particularity facts to support the fraud allegations against Teva contained in the SAC.

### SEVENTEENTH DEFENSE

The State has failed to state with particularity facts to support the fraudulent misrepresentation allegations against Teva contained in the SAC.

### EIGHTEENTH DEFENSE

The State has failed to state with particularity the fraudulent suppression allegations against Teva in the SAC.

### NINETEENTH DEFENSE

Teva asserts all applicable defenses under Alabama law and the Alabama constitution.

### TWENTIETH DEFENSE

The State's claims against Teva for damages are barred, in whole or in part, because it would be unjustly enriched if allowed to recover any portion of the damages alleged in the SAC.

### TWENTY-FIRST DEFENSE

Any damages recovered from Teva must be limited by the applicable statutory ceilings on recoverable damages.

### TWENTY-SECOND DEFENSE

The State has failed to allege facts or a cause of action against Teva sufficient to support a claim for attorneys' fees, treble damages and/or legal fees.

- 28 -

### TWENTY-THIRD DEFENSE

The State is neither a party to, nor a third-party beneficiary of, any agreement entered into between Teva and the federal government and therefore lacks standing to pursue the claims asserted herein.

### TWENTY-FOURTH DEFENSE

To the extent the State obtains recovery in any other case predicated on the same factual allegations, the State is barred from seeking recovery against Teva based on the SAC pursuant to the doctrines of res judicata and collateral estoppel, and the prohibition on double recovery for the same injury.

### TWENTY-FIFTH DEFENSE

The State's claims are barred, in whole or in part, by the filed rate doctrine.

### TWENTY-SIXTH DEFENSE

The State's claims are barred, in whole or in part, to the extent that the State has released, settled, entered into an accord and satisfaction or otherwise compromised its claims.

### TWENTY-SEVENTH DEFENSE

Teva's statements or actions were not the proximate cause or cause in fact of any injury to or alleged loss by the State.

### TWENTY-EIGHTH DEFENSE

To the extent that the State attempts to seek equitable relief against Teva, it is not entitled to such relief because it has an adequate remedy at law.

25163090\V-1

## TWENTY-NINTH DEFENSE

The State's claims against Teva are barred, in whole or in part, due to its failure to join indispensable parties.

## THIRTIETH DEFENSE

The State's claims against Teva are barred, in whole or in part, because it has suffered no damages as a result of the matters alleged in the SAC.

## THIRTY-FIRST DEFENSE

The State's claims are barred, in whole or in part, because any injuries sustained by the State were the result of its own conduct or the intervening or superseding conduct of third parties.

## THIRTY-SECOND DEFENSE

Teva is entitled to a set-off, should any damages be awarded against it, for the entire amount of all damages or settlement amounts recovered by the State, with respect to the same alleged injuries.

## THIRTY-THIRD DEFENSE

Teva is not guilty of any act or omission such as would allow punitive damages to be awarded against it.

## THIRTY-FOURTH DEFENSE

*Ala. Code* § 6-11-21(a) (Supp. 2002) bars the State's claim for punitive damages to the extent that it exceeds the greater of $500,000 or three times the State's compensatory damages.

## THIRTY-FIFTH DEFENSE

The State is estopped by *Ala. Code* § 6-11-21(a) (Supp. 2002) from seeking or accepting punitive damages in excess of the statutory maximum established therein.

25163090\V-1

**THIRTY-SIXTH DEFENSE**

*Ala. Code* § 6-11-21(1) by its terms bars the State from recovery of any punitive damages in that it provides that "no portion of a punitive damage award shall be allocated to the state or any agency or department of the state."

**THIRTY-SEVENTH DEFENSE**

*Ala. Code* § 6-11-21(1) (1999) bars the State's claim for punitive damages in that that statute establishes the public policy of this state that no portion of any punitive damage award shall be allocated to the state or any agency or department of the state.

**THIRTY-EIGHTH DEFENSE**

The imposition of punitive damages without a prior prescription of the legal maximum amount which can be awarded violates the ex post facto clause of the Constitution of the United States.

**THIRTY-NINTH DEFENSE**

It is a violation of Teva's due process rights for an Alabama jury who has a financial interest in the outcome of this case to be given standardless discretion to award punitive damages.

**FORTIETH DEFENSE**

Because the Alabama court system has a self interest in the amount of any punitive damage award, allowing that system to impose a punitive damage award on Teva would violate the due process clause of the United States Constitution and Article I, § 13 of the Constitution of Alabama of 1901, which prohibit a state from depriving any person of property by way of a civil trial with a non-disinterested fact finder.

- 31 -

## FORTY-FIRST DEFENSE

Any recovery of punitive damages by the State as Plaintiff in its own courts would violate the due process clause of the Fourteenth Amendment to the United States Constitution and Art. I, § 13 of the Constitution of Alabama, in that the State's legislature has failed to fix and provide notice of the amount and degree of punishment which may be assessed against Teva, and that determination has been left instead to the unfettered discretion of inherently self-interested jurors.

## FORTY-SECOND DEFENSE

It is a violation of Teva's rights under the Sixth and Seventh Amendment to the United States Constitution and Art. I, §§ 6, 11 and 13 of the Constitution of Alabama of 1901 for (i) an Alabama jury who has a financial interest in the outcome of this case to be given standardless discretion to award punitive damages and (ii) to allow the Alabama court system, which has a self interest in the amount of any punitive damage award, to impose such an award on Teva.

## FORTY-THIRD DEFENSE

It is a violation of Teva's due process and equal protection rights to allow the State of Alabama to seek punitive damages against Teva while declaring itself immune to and protected in all circumstances from punitive damages. *See Ala. Code* §§ 6-11-26 (1993).

## FORTY-FOURTH DEFENSE

The State's claim for punitive damages cannot be sustained, because an award of punitive damages under Alabama law by a jury that (1) is not provided a standard sufficient for determining the appropriateness or the appropriate amount of a punitive damages award, (2) is not instructed on the limits on punitive damages imposed by the applicable principles of deterrence and punishment, (3) is not expressly prohibited from awarding punitive damages or determining the amount of an award of punitive damages, in whole or in part, on the basis of

- 32 -

invidiously discriminatory characteristics, including the corporate status of a defendant, (4) is permitted to award punitive damages under a standard for determining liability for punitive damages that is vague and arbitrary as to damages permissible, and (5) is not subject to judicial review on the basis of objective standards, would violate Teva's substantive and procedural due process and equal protection rights guaranteed by the Fourteenth Amendment to the United States Constitution and the Double Jeopardy Clause of the Fifth Amendment as incorporated into the Fourteenth Amendment, and by the Alabama constitutional provisions providing for due process, equal protection and the guarantee against double jeopardy.

### FORTY-FIFTH DEFENSE

Any award of punitive damages in this case would violate Teva's rights under the substantive and procedural Due Process Clause of the United States Constitution and corresponding provisions of the Constitution of the State of Alabama, the Excessive Fines Clause of the Eighth Amendment to the United States Constitution, the contract clause of Article Two of the United States Constitution, and the Equal Protection Clause of the United States Constitution, and corresponding provisions of the Constitution of the State of Alabama.

### FORTY-SIXTH DEFENSE

The Alabama punitive damage system, on its face and as applied, violates the Due Process Clause of the Fourteenth Amendment to the United States Constitution. The Alabama system affords juries standardless discretion to impose unlimited punishment and review of such awards is constitutionally deficient. Alabama post-verdict review is neither meaningful, consistent, nor constitutionally adequate to cure this crucial constitutional defect.

### FORTY-SEVENTH DEFENSE

The Alabama punitive damage system, on its face and as applied, violates the Due Process Clause of the Fourteenth Amendment because there are no meaningful standards or

- 33 -

limits for determining the amount of the award, contravening the deeply rooted American tradition that punishment may not be imposed in the absence of pre-existing, express range of penalties established by the legislature.

### FORTY-EIGHTH DEFENSE

The imposition of a punitive damage award in this case in the absence of explicit, particularized guidelines or standards is unfair and constitutionally infirm because an award made in the absence of such guidelines or standards may be grossly excessive, disproportionate, arbitrary and irrational. A punitive damage award in the absence of such guidelines or standards will bear no rational or reasonable relationship to Teva's alleged conduct in this matter or to any alleged harm to the State and could dwarf legislatively established fines for comparable conduct. A punitive damage award in the absence of such guidelines or standards therefore will violate the Due Process Clause of the Fourteenth Amendment to the United States Constitution, and the excessive fines clause of the Alabama Constitution, *Ala. Const.* Art. I, § 15.

### FORTY-NINTH DEFENSE

A punitive damage award in this case will violate the Due Process Clause of the Fourteenth Amendment to the United States Constitution, the Commerce Clause, the Equal Protection Clause and the Privileges and Immunities Clause because the award would be based upon an Alabama state-enforced policy that unconstitutionally discriminates against a defendant in punitive damages cases based upon the defendant's status as an out-of-state, corporate entity.

### FIFTIETH DEFENSE

Any award of punitive damages otherwise permissible must be limited in accordance with *Pacific Mut. Life Ins. Co. v. Haslip*, 499 U.S.1 (1991); *BMW of North America, Inc. v. Gore*, 517 U.S. 559 (1996); *Cooper Industries, Inc. v. Leatherman Tool Group, Inc.*, 121 S. Ct. 1678 (2001); and *State Farm Mut. Automobile Ins. Co. v. Campbell*, 123 S. Ct. 1513 (2003).

2516309O\V-1

**FIFTY-FIRST DEFENSE**

Some or all of the State's claims against Teva arise from the State's failure to follow its federal and state statutory and regulatory obligation to set appropriate reimbursement rates.

**FIFTY-SECOND DEFENSE**

The State's unjust enrichment claims are barred, in whole or in part, because Teva did not retain any money belonging to the State as a result of any alleged overpayments as required under Alabama law.

**FIFTY-THIRD DEFENSE**

The State's claims against Teva are barred, in whole or in part, due to its misjoinder of parties and must be severed.

**FIFTY-FOURTH DEFENSE**

Teva adopts by reference any additional applicable defense pled by any other defendant not otherwise pled herein.

**FIFTY-FIFTH DEFENSE**

Teva hereby gives notice that it intends to rely upon any other and additional defense that is now or may become available or appear during, or as a result of the discovery proceedings in this action and hereby reserves its right to amend its answer to assert such defense.

**PRAYER FOR RELIEF**

WHEREFORE, Defendant Teva Pharmaceuticals USA, Inc. requests:

A.    That the State's SAC be dismissed with prejudice, and

B.    For such further relief as the Court may deem just and proper.

25163090\V-1

Dated: January 30, 2006

TEVA PHARMACEUTICALS USA, INC.

By its attorneys,

_mlL mlL_

W. Joseph McCorkle, Jr. (MCC-056)
BALCH & BINGHAM LLP
2 Dexter Avenue
PO Box 78
Montgomery, AL 36101-0078
Telephone: (334) 834-6500
Facsimile: (334) 269-3115

F. Inge Johnstone
BALCH & BINGHAM LLP
1710 Sixth Ave North
PO Box 306
Birmingham, AL 35201-0306
Telephone: (205) 251-8100
Facsimile: (205) 226-8798

T. Reed Stephens
Elizabeth I. Hack
Sarah M. Minchener
SONNENSCHEIN NATH & ROSENTHAL LLP
1301 K Street, N.W.
Suite 600, East Tower
Washington, D.C. 20005
Telephone: (202) 408-6400
Facsimile: (202) 408-6399

## CERTIFICATEOF SERVICE

I hereby certify that a true and correct copy of the foregoing was electronically served on

counsel of record by transmission to LNFS pursuant to the Order of November 17, 2005.

_mlLmlL_

Of Counsel
_1-30-06_

- 36 -