

10452573
Jan 30 2006
3:57PM

## IN THE CIRCUIT COURT OF
## MONTGOMERY COUNTY, ALABAMA

**STATE OF ALABAMA,**

**Plaintiff**

v.

**ABBOTT LABORATORIES, et al.**                    CV – 05-219

**Defendants**

### ANSWER OF DEFENDANTS WATSON PHARMACEUTICALS, INC., WATSON PHARMA, INC., AND WATSON LABORATORIES, INC. TO THE STATE OF ALABAMA'S SECOND AMENDED COMPLAINT

Defendants Watson Pharmaceuticals, Inc., Watson Pharma, Inc., and Watson Laboratories, Inc. (collectively "the Watson Defendants"), by their attorneys, hereby assert the following Answer to the State of Alabama's Second Amended Complaint ("Complaint") as follows:

1.    Deny each and every allegation set forth in paragraph 1 of the Complaint as to the Watson Defendants, and otherwise deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

2.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 2 of the Complaint, except deny the existence of a fraudulent pricing scheme or that the Watson Defendants is or has been involved in any such scheme.

3.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 3 of the Complaint, except admit that the State of Alabama purports to bring this action, deny that there is any basis on which to permit the State to do so, deny the existence of any "drug pricing scheme," deny that the Watson Defendants are or have been involved in any such scheme, and deny that the Watson Defendants have obtained any profits as a result of any such imagined scheme.

4.    Deny each and every allegation set forth in paragraph 4 of the Complaint as to the Watson Defendants, except admit that the State of Alabama purports to seek legal and equitable redress but deny there is any basis on which to permit it to do so, and otherwise deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

5.    Admit that the State of Alabama purports to bring this action in its capacity as sovereign and on behalf of the Alabama Medicaid Agency but deny that there is any basis on which to permit it to do so.

6.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 6 of the Complaint and further respectfully refer the Court to Alabama Code § 36-15-12 for a full and complete reading of its provisions.

7.    Deny knowledge or in formation sufficient to form a belief as to the truth of the allegations set forth in paragraph 7 of the Complaint.

8.    Deny knowledge or in formation sufficient to form a belief as to the truth of the allegations set forth in paragraph 8 of the Complaint.

9.    Deny knowledge or in formation sufficient to form a belief as to the truth of the allegations set forth in paragraph 9 of the Complaint.

10.    Deny knowledge or in formation sufficient to form a belief as to the truth of the allegations set forth in paragraph 10 of the Complaint.

11.    Deny knowledge or in formation sufficient to form a belief as to the truth of the allegations set forth in paragraph 11 of the Complaint.

12.    Deny knowledge or in formation sufficient to form a belief as to the truth of the allegations set forth in paragraph 12 of the Complaint.

13.    Deny knowledge or in formation sufficient to form a belief as to the truth of the allegations set forth in paragraph 13 of the Complaint.

14.    Deny knowledge or in formation sufficient to form a belief as to the truth of the allegations set forth in paragraph 14 of the Complaint.

15.    Deny knowledge or in formation sufficient to form a belief as to the truth of the allegations set forth in paragraph 15 of the Complaint.

16.    Deny knowledge or in formation sufficient to form a belief as to the truth of the allegations set forth in paragraph 16 of the Complaint.

17.    Deny knowledge or in formation sufficient to form a belief as to the truth of the allegations set forth in paragraph 17 of the Complaint.

18.    Deny knowledge or in formation sufficient to form a belief as to the truth of the allegations set forth in paragraph 18 of the Complaint.

19.    Deny knowledge or in formation sufficient to form a belief as to the truth of the allegations set forth in paragraph 19 of the Complaint.

20.    Deny knowledge or in formation sufficient to form a belief as to the truth of the allegations set forth in paragraph 20 of the Complaint.

21.     Deny knowledge or in formation sufficient to form a belief as to the truth of the allegations set forth in paragraph 21 of the Complaint.

22.     Deny knowledge or in formation sufficient to form a belief as to the truth of the allegations set forth in paragraph 22 of the Complaint.

23.     Deny knowledge or in formation sufficient to form a belief as to the truth of the allegations set forth in paragraph 23 of the Complaint.

24.     Deny knowledge or in formation sufficient to form a belief as to the truth of the allegations set forth in paragraph 24 of the Complaint.

25.     Deny knowledge or in formation sufficient to form a belief as to the truth of the allegations set forth in paragraph 25 of the Complaint.

26.     Deny knowledge or in formation sufficient to form a belief as to the truth of the allegations set forth in paragraph 26 of the Complaint.

27.     Deny knowledge or in formation sufficient to form a belief as to the truth of the allegations set forth in paragraph 27 of the Complaint.

28.     Deny knowledge or in formation sufficient to form a belief as to the truth of the allegations set forth in paragraph 28 of the Complaint.

29.     Deny knowledge or in formation sufficient to form a belief as to the truth of the allegations set forth in paragraph 29 of the Complaint.

30.     Deny knowledge or in formation sufficient to form a belief as to the truth of the allegations set forth in paragraph 30 of the Complaint.

31.     Deny knowledge or in formation sufficient to form a belief as to the truth of the allegations set forth in paragraph 31 of the Complaint.

32.     Deny knowledge or in formation sufficient to form a belief as to the truth of the allegations set forth in paragraph 32 of the Complaint.

33.     Deny knowledge or in formation sufficient to form a belief as to the truth of the allegations set forth in paragraph 33 and lettered subparagraphs a and b of the Complaint.

34.     Deny knowledge or in formation sufficient to form a belief as to the truth of the allegations set forth in paragraph 34 of the Complaint.

35.     Deny knowledge or in formation sufficient to form a belief as to the truth of the allegations set forth in paragraph 35 of the Complaint.

36.    Deny knowledge or in formation sufficient to form a belief as to the truth of the allegations set forth in paragraph 36 of the Complaint.

37.    Deny knowledge or in formation sufficient to form a belief as to the truth of the allegations set forth in paragraph 37 of the Complaint.

38.    Deny knowledge or in formation sufficient to form a belief as to the truth of the allegations set forth in paragraph 38 of the Complaint.

39.    Deny knowledge or in formation sufficient to form a belief as to the truth of the allegations set forth in paragraph 39 of the Complaint.

40.    Deny knowledge or in formation sufficient to form a belief as to the truth of the allegations set forth in paragraph 40 of the Complaint.

41.    Deny knowledge or in formation sufficient to form a belief as to the truth of the allegations set forth in paragraph 41 of the Complaint.

42.    Deny knowledge or in formation sufficient to form a belief as to the truth of the allegations set forth in paragraph 42 of the Complaint.

43.    Deny knowledge or in formation sufficient to form a belief as to the truth of the allegations set forth in paragraph 43 of the Complaint.

44.    Deny knowledge or in formation sufficient to form a belief as to the truth of the allegations set forth in paragraph 44 of the Complaint.

45.    Deny knowledge or in formation sufficient to form a belief as to the truth of the allegations set forth in paragraph 45 of the Complaint.

46.    Deny knowledge or in formation sufficient to form a belief as to the truth of the allegations set forth in paragraph 46 of the Complaint.

47.    Deny knowledge or in formation sufficient to form a belief as to the truth of the allegations set forth in paragraph 47 of the Complaint.

48.    Deny knowledge or in formation sufficient to form a belief as to the truth of the allegations set forth in paragraph 48 of the Complaint.

49.    Deny knowledge or in formation sufficient to form a belief as to the truth of the allegations set forth in paragraph 49 of the Complaint.

50.    Deny knowledge or in formation sufficient to form a belief as to the truth of the allegations set forth in paragraph 50 of the Complaint.

51.     Deny knowledge or in formation sufficient to form a belief as to the truth of the allegations set forth in paragraph 51 of the Complaint.

52.     Deny knowledge or in formation sufficient to form a belief as to the truth of the allegations set forth in paragraph 52 of the Complaint.

53.     Deny knowledge or in formation sufficient to form a belief as to the truth of the allegations set forth in paragraph 53 of the Complaint.

54.     Deny knowledge or in formation sufficient to form a belief as to the truth of the allegations set forth in paragraph 54 of the Complaint.

55.     Deny knowledge or in formation sufficient to form a belief as to the truth of the allegations set forth in paragraph 55 and lettered subparagraphs a through e of the Complaint.

56.     Deny knowledge or in formation sufficient to form a belief as to the truth of the allegations set forth in paragraph 56 of the Complaint.

57.     Deny knowledge or in formation sufficient to form a belief as to the truth of the allegations set forth in paragraph 57 of the Complaint.

58.     Deny knowledge or in formation sufficient to form a belief as to the truth of the allegations set forth in paragraph 58 of the Complaint.

59.     Deny knowledge or in formation sufficient to form a belief as to the truth of the allegations set forth in paragraph 59 of the Complaint.

60.     Deny knowledge or in formation sufficient to form a belief as to the truth of the allegations set forth in paragraph 60 of the Complaint.

61.     Deny knowledge or in formation sufficient to form a belief as to the truth of the allegations set forth in paragraph 61 of the Complaint.

62.     Deny knowledge or in formation sufficient to form a belief as to the truth of the allegations set forth in paragraph 62 of the Complaint.

63.     Deny knowledge or in formation sufficient to form a belief as to the truth of the allegations set forth in paragraph 63 of the Complaint.

64.     Deny knowledge or in formation sufficient to form a belief as to the truth of the allegations set forth in paragraph 64 of the Complaint.

65.     Deny knowledge or in formation sufficient to form a belief as to the truth of the allegations set forth in paragraph 65 of the Complaint.

66.     Deny knowledge or in formation sufficient to form a belief as to the truth of the allegations set forth in paragraph 66 of the Complaint.

67.     Deny knowledge or in formation sufficient to form a belief as to the truth of the allegations set forth in paragraph 66 of the Complaint.

68.     Deny knowledge or in formation sufficient to form a belief as to the truth of the allegations set forth in paragraph 68 of the Complaint.

69.     Deny knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 69 of the Complaint.

70.     Deny knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 70 of the Complaint.

71.     Deny knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 71 of the Complaint.

72.     Deny knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 72 of the Complaint.

73.     Deny knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 73 of the Complaint.

74.     Deny knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 74 of the Complaint.

75.     Deny knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 75 of the Complaint.

76.     Deny knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 76 of the Complaint.

77.     Deny knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 77 of the Complaint.

78.     Deny knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 78 of the Complaint.

79.     Deny knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 79 of the Complaint.

80.     Deny knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 80 of the Complaint.

81.     Deny knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 81 of the Complaint.

82.    Deny knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 82 of the Complaint.

83.    Deny knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 83 of the Complaint.

84.    Deny knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 84 of the Complaint.

85.    Deny knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 85 of the Complaint.

86.    Admit the allegations set forth in paragraph 86 of the Complaint.

87.    Admit the allegations set forth in paragraph 87 of the Complaint.

88.    Admit that Defendant Watson Pharma, Inc. is a wholly-owned subsidiary of Watson Pharmaceuticals, Inc. since 2000 and is a Delaware corporation, but deny that its principal place of business is located at 311 Bonnie Circle, Corona, CA 92880.

89.    Deny each and every allegation set forth in paragraph 89 of the Complaint as to the Watson Defendants, except admit that the Watson Defendants are engaged in the business of developing, marketing, and selling pharmaceuticals in the United States and that they distribute, market, or sell the prescription drugs that are reimbursed by Alabama Medicaid and which are identified in the Watson portion of Exhibit A of the Complaint.

90.    Deny knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 90 of the Complaint.

91.    Deny knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 91 of the Complaint.

92.    Deny knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 92 of the Complaint.

93.    Deny knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 93 of the Complaint.

94.    Deny each and every allegation set forth in paragraph 94 of the Complaint as to the Watson Defendants, and otherwise deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

95.    Deny each and every allegation set forth in paragraph 95 of the Complaint.

96.    Admit the allegations set forth in paragraph 96 of the Complaint as to the Watson Defendants, and otherwise deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

97.    Admit the allegations set forth in paragraph 97 of the Complaint as to the Watson Defendants and otherwise deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

98.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 98 of the Complaint, except admit that the Alabama Medicaid Program is a state-administered program with federal matching funds which pays for medical care, including prescription drug benefits, for certain Alabama citizens.

99.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 99 of the Complaint.

100.    Deny each and every allegation set forth in paragraph 100 of the Complaint as to the Watson Defendants, except admit that, from time to time during the relevant period, the Watson Defendants provided information to third party publications which included, *inter alia*, "AWPs," "WACs," and Direct Prices for certain of their drugs, that from at least 2001 to the present, the Watson Defendants have provided to third party publications suggested wholesale prices for products rather than AWPs, that the Watson Defendants no longer provide Direct Prices for their products to third party publications, and that the Watson Defendants' WAC price is, in fact, the price the Watson Defendants charge wholesalers for the Watson Defendants' products.

101.    Admit the allegations set forth in paragraph 101 of the Complaint.

102.    Deny each and every allegation set forth in paragraph 102 of the Complaint as to the Watson Defendants, and otherwise deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

103.    Deny each and every allegation set forth in paragraph 103 of the Complaint as to the Watson Defendants, and otherwise deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

104.    Deny knowledge or information sufficient to form a belief about the truth of the allegations set forth in paragraph 104 of the Complaint.

105.    Deny each and every allegation set forth in paragraph 105 of the Complaint as to the Watson Defendants, and otherwise deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

106.    Deny each and every allegation set forth in paragraph 106 of the Complaint as to the Watson Defendants, except admit that the Watson Defendants know the WAC and Direct Price of their own products, and the AWP listed on their price lists for their own products, and

otherwise deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

107.    Deny each and every allegation set forth in paragraph 107 of the Complaint as to the Watson Defendants, and otherwise deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

108.    Deny each and every allegation set forth in paragraph 108 of the Complaint as to the Watson Defendants, and otherwise deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

109.    Deny each and every allegation set forth in paragraph 109 of the Complaint as to the Watson Defendants, and otherwise deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

110.    Deny each and every allegation set forth in paragraph 110 of the Complaint as to the Watson Defendants, and otherwise deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

111.    Deny each and every allegation set forth in paragraph 111 of the Complaint as to the Watson Defendants, and otherwise deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

112.    Deny each and every allegation set forth in paragraph 112 of the Complaint, except admit that other plaintiffs have filed complaints alleging similarly meritless and ill-informed claims from which Plaintiff here appears to have largely copied its allegations.

113.    Deny each and every allegation set forth in paragraph 113 of the Complaint as to the Watson Defendants, and otherwise deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein, except admit that Watson Pharmaceuticals, Inc. and Watson Pharma, Inc. are two of the defendants named in *The City of New York v. Abbott Laboratories, Inc.*, 04-CV-06054, in the United States District Court for the Southern District of New York (August 4, 2004), an action in which the plaintiff has made meritless and ill-founded allegations similar to those asserted in this action, and from which Plaintiff here appears to have largely copies its allegations.

114.    Deny each and every allegation set forth in paragraph 114 of the Complaint as to the Watson Defendants, and otherwise deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

115.    Paragraph 115 of the Complaint appears to contain no allegations as to, or relevant to, any claims against the Watson Defendants and therefore requires no answer; to the extent Plaintiff purports to make allegations as to the Watson Defendants, the Watson Defendants deny each and every allegation set forth in paragraph 115 of the Complaint as to the Watson Defendants, and otherwise deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

116.    Paragraph 116 of the Complaint appears to contain no allegations as to, or relevant to. any claims against the Watson Defendants and therefore requires no answer; to the extent Plaintiff purports to make allegations as to the Watson Defendants, the Watson Defendants deny each and every allegation set forth in paragraph 115 of the Complaint as to the Watson Defendants, and otherwise deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

117.    Paragraph 117 of the Complaint appears to contain no allegations as to, or relevant to, any claims against the Watson Defendants and therefore requires no answer; to the extent Plaintiff purports to make allegations as to the Watson Defendants, the Watson Defendants deny each and every allegation set forth in paragraph 117 of the Complaint as to the Watson Defendants, and otherwise deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

118.    Paragraph 118 of the Complaint appears to contain no allegations as to, or relevant to, any claims against the Watson Defendants and therefore requires no answer; to the extent Plaintiff purports to make allegations as to the Watson Defendants, the Watson Defendants deny each and every allegation set forth in paragraph 118 of the Complaint as to the Watson Defendants, and otherwise deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

119.    Paragraph 119 of the Complaint appears to contain no allegations as to, or relevant to, any claims against the Watson Defendants and therefore requires no answer; to the extent Plaintiff purports to make allegations as to the Watson Defendants, the Watson Defendants deny each and every allegation set forth in paragraph 119 of the Complaint as to the Watson Defendants, and otherwise deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

120.    Paragraph 120 of the Complaint appears to contain no allegations as to, or relevant to, any claims against the Watson Defendants and therefore requires no answer; to the extent Plaintiff purports to make allegations as to the Watson Defendants, the Watson Defendants deny each and every allegation set forth in paragraph 120 of the Complaint as to the Watson Defendants, and otherwise deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

121.    Paragraph 121 of the Complaint appears to contain no allegations as to, or relevant to, any claims against the Watson Defendants and therefore requires no answer; to the extent Plaintiff purports to make allegations as to the Watson Defendants, the Watson Defendants deny each and every allegation set forth in paragraph 121 of the Complaint as to the Watson Defendants, and otherwise deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

122.    Paragraph 122 of the Complaint appears to contain no allegations as to, or relevant to, any claims against the Watson Defendants and therefore requires no answer; to the extent Plaintiff purports to make allegations as to the Watson Defendants, the Watson

Defendants deny each and every allegation set forth in paragraph 122 of the Complaint as to the Watson Defendants, and otherwise deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

123.    Deny each and every allegation set forth in paragraph 123 of the Complaint as to the Watson Defendants, and otherwise deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

124.    Deny each and every allegation set forth in paragraph 124 of the Complaint as to the Watson Defendants, and otherwise deny knowledge or information sufficient to form a belief as to the truth of the allegations therein.

125.    Deny each and every allegation set forth in paragraph 125 of the Complaint  as to the Watson Defendants, and otherwise deny knowledge or information sufficient to form a belief as to the truth of the allegations therein, and affirmatively states that if there were any merit to the claims alleged herein as to the Watson Defendants, it would neither be impractical nor impossible for the Plaintiff to allege specifically its claims as to the Watson Defendants, which Plaintiff has entirely failed to do.

126.    Deny each and every allegation set forth in paragraph 126 of the Complaint as to the Watson Defendants, and otherwise deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

127.    The Watson Defendants repeat and incorporate by reference their responses to numbered paragraphs 1 through 126 above.

128.    Deny each and every allegation set forth in paragraph 100 of the Complaint as to the Watson Defendants, except admit that, from time to time during the relevant period, the Watson Defendants provided information to third party publications which included, *inter alia*, "AWPs," "WACs," and Direct Prices for certain of their drugs, that from at least 2001 to the present, the Watson Defendants have provided to third party publications suggested wholesale prices for products rather than AWPs, that the Watson Defendants no longer provide Direct Prices for their products to third party publications, and that the Watson Defendants' WAC price is, in fact, the price the Watson Defendants charge wholesalers for the Watson Defendants' products.

129.    Deny each and every allegation set forth in paragraph 129 of the Complaint as to the Watson Defendants, and otherwise deny knowledge or information sufficient to form a belief as to the truth of the allegations therein.

130.    Deny each and every allegation set forth in paragraph 130 of the Complaint as to the Watson Defendants, and otherwise deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

131.    The Watson Defendants repeat and incorporate by reference their responses to paragraphs 1 through 130 above.

132.    Deny each and every allegation set forth in paragraph 140 of the Complaint as to the Watson Defendants, and otherwise deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

133.    Deny each and every allegation set forth in paragraph 141 of the Complaint as to the Watson Defendants, and otherwise deny knowledge or information sufficient to form a belief as to the truth of the allegations therein.

134.    Deny each and every allegation set forth in paragraph 142 of the Complaint as to the Watson Defendants, and otherwise deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

135.    The Watson Defendants repeats and incorporates by reference its responses to paragraphs 1 through 134 above.

136.    Deny each and every allegation set forth in paragraph 144 of the Complaint as to the Watson Defendants, and otherwise deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

137.    Deny each and every allegation set forth in paragraph 145 of the Complaint as to the Watson Defendants, and otherwise deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

138.    Deny each and every allegation set forth in paragraph 146 of the Complaint as to the Watson Defendants, and otherwise deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

139.    Deny each and every allegation set forth in paragraph 147 of the Complaint as to the Watson Defendants, and otherwise deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

140.    The Watson Defendants repeat and incorporate by reference their responses to numbered paragraphs 1 through 147 above.

141.    Deny each and every allegation set forth in paragraph 149 of the Complaint as to the Watson Defendants, and otherwise deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

142.    Deny each and every allegation set forth in paragraph 150 of the Complaint as to the Watson Defendants, and otherwise deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

143.    Deny each and every allegation set forth in paragraph 151 of the Complaint as to the Watson Defendants, and otherwise deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

144.    Deny each and every allegation set forth in paragraph 152 of the Complaint as to the Watson Defendants, and otherwise deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

The Watson Defendants further deny that Plaintiffs are entitled to a judgment or any other relief requested in their section entitled "PRAYER FOR RELIEF" and unnumbered "WHEREFORE" paragraph following paragraph 144 of the Complaint.

## AFFIRMATIVE DEFENSES OF WATSON PHARMACEUTICALS, INC., WATSON PHARMA, INC., AND WATSON LABORATORIES, INC.

By alleging the matters set forth below, the Watson Defendants do not allege or admit that they have the burden of proof and/or the burden of persuasion with respect to any of these matters or that Plaintiff is relieved of its burdens to prove each and every element of its claims and the damages, if any, to which it is entitled.  As and for its affirmative defenses, the Watson Defendants allege as follows:

### FIRST AFFIRMATIVE DEFENSE

1.    Plaintiff fails to state a claim against the Watson Defendants upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

2.    Plaintiff's claims are barred, in whole or in part, by the political question and separation of powers doctrines.

### THIRD AFFIRMATIVE DEFENSE

3.    Plaintiff has no standing or capacity to bring some or all of the claims raised in this suit to recover Medicaid expenditures or to seek injunctive relief.

### FOURTH AFFIRMATIVE DEFENSE

4.    Plaintiff has not suffered, and will not suffer, any injury to a legally protected or cognizable interest by reason of the conduct of the Watson Defendants as alleged in the Complaint.

### FIFTH AFFIRMATIVE DEFENSE

5.  To the extent Plaintiff obtains recovery in any other case predicated on the same factual allegations, Plaintiff is barred from seeking recovery against the Watson Defendants based on the Complaint pursuant to the doctrines of res judicata and collateral estoppel, and the prohibition on double recovery for the same injury.

### SIXTH AFFIRMATIVE DEFENSE

6.  Plaintiff's claims are barred, in whole or in part, by the First Amendment to the United States Constitution and the analogous provisions of the Constitution of the State of Alabama.

### SEVENTH AFFIRMATIVE DEFENSE

7.  Plaintiff's claims are barred, in whole or in part, by the filed rate doctrine.

### EIGHTH AFFIRMATIVE DEFENSE

8.  Plaintiff's claims are barred, in whole or in part, to the extent that plaintiff has released, settled, entered into an accord and satisfaction or otherwise compromised its claims.

### NINTH AFFIRMATIVE DEFENSE

9.  Any and all actions taken by the Watson Defendants with respect to any of the matters alleged in the Complaint were taken in good faith and in accordance with established industry practice.

### TENTH AFFIRMATIVE DEFENSE

10. Plaintiff's claims are preempted, in whole or in part, by federal law, including without limitation the Federal Employment Retirement Income and Security Act of 1974, the Federal Medicare Act, and the Federal Medicaid Act, including all amendments to the same and all regulations promulgated thereunder.

## ELEVENTH AFFIRMATIVE DEFENSE

11. Plaintiff's claims are preempted by the dormant Commerce Clause of the United States Constitution.

## TWELFTH AFFIRMATIVE DEFENSE

12. Plaintiff's claims against the Watson Defendants are barred because the Watson Defendants has complied with all applicable regulations of the federal and state governments.

## THIRTEENTH AFFIRMATIVE DEFENSE

13. Plaintiff's claims against the Watson Defendants are barred, in whole or in part, by the applicable statutes of limitations and repose, and by the doctrines of laches, estoppel and waiver.

## FOURTEENTH AFFIRMATIVE DEFENSE

14. Plaintiff's claims are barred, in whole or in part, because they violate the Watson Defendants' rights under the Due Process and *Ex Post Facto* clauses of the United States Constitution, as well as the Constitution of the State of Alabama, insofar as Plaintiff seeks to impose liability retroactively for conduct that was not actionable at the time it occurred.

## FIFTEENTH AFFIRMATIVE DEFENSE

15. The Watson Defendants' statements or actions were not the proximate cause or cause in fact of any injury to or alleged loss by Plaintiff.

## SIXTEENTH AFFIRMATIVE DEFENSE

16. To the extent that Plaintiff attempts to seek equitable relief against the Watson Defendants, it is not entitled to such relief because it has an adequate remedy at law.

## SEVENTEENTH AFFIRMATIVE DEFENSE

17. Plaintiff's claims against the Watson Defendants for injunctive relief were mooted by the passage of the Medicare Prescription Drug, Improvement and Modernization Act of 2003.

### EIGHTEENTH AFFIRMATIVE DEFENSE

18. Plaintiff's claims for injunctive relief against the Watson Defendants are barred by the doctrines of *in pari delicto* and/or unclean hands.

### NINETEENTH AFFIRMATIVE DEFENSE

19. Plaintiff's claims against the Watson Defendants are barred, in whole or in part, due to its failure to join indispensable parties.

### TWENTIETH AFFIRMATIVE DEFENSE

20. Plaintiff's claims against the Watson Defendants are barred, in whole or in part, because it has suffered no damages as a result of the matters alleged in the Complaint.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

21. Plaintiff's claims are barred, in whole or in part, because any injuries sustained by Plaintiff were the result of its own conduct or the intervening or superceding conduct of third parties.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

22. Plaintiff's claims against the Watson Defendants for damages are barred, in whole or in part: (1) because it failed to mitigate its damages, and its failure to mitigate damages should proportionately reduce the recovery of plaintiff and the allocation of any fault, if any exists, attributable to the Watson Defendants; (2) because it would be unjustly enriched if allowed to recover any portion of the damages alleged in the Complaint; (3) by the doctrine of consent and/or ratification to the extent that plaintiff has paid for products manufactured, marketed, and sold by the Watson Defendants after the filing of plaintiff's original Complaint; and (4) because they are speculative and remote and because of the impossibility of ascertaining and allocating of those alleged damages.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

23. The Watson Defendants are entitled to a set-off, should any damages be awarded against them, for the entire amount of all damages or settlement amounts recovered by Plaintiff, with respect to the same alleged injuries.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

24. Any damages recovered by the Plaintiff from the Watson Defendants must be limited by the applicable statutory ceilings on recoverable damages, including without limitation, Alabama Code 6-11-21.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

25. Plaintiff fails to allege facts or a cause of action against the Watson Defendants sufficient to support a claim for compensatory damages, attorneys' fees and/or legal fees, or any other relief.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

26. To the extent punitive damages are sought, Plaintiff's punitive damages claims against the Watson Defendants: (1) have no basis in law or fact; (2) are not recoverable because the allegations of the Complaint are legally insufficient to support a claim for punitive damages against the Watson Defendants; (3) cannot be sustained because the laws regarding the standards for determining liability for and the amount of punitive damages fail to give the Watson Defendants prior notice of the conduct for which punitive damages may be imposed and the severity of the penalty that may be imposed, and are void for vagueness in violation of the Watson Defendants' Due Process rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and the Constitution of the State of Alabama; (4)  cannot be sustained because any award of punitive damages exceeding the limits authorized by the laws or other comparable laws would violate the Watson Defendants' due process and equal protection

rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and would be improper under the Constitution, common law and laws of the State of Alabama; (5) cannot be sustained because an award of punitive damages in this case, combined with any prior, contemporaneous, or subsequent judgments against the Watson Defendants for punitive damages arising from the design, development, manufacture, fabrication, distribution, supply, marketing, sale, or use of the Watson Defendants' products would constitute impermissible multiple punishments for the same wrong, in violation of the Watson Defendants' Due Process and Equal Protection rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and would constitute double jeopardy in violation of the Constitution, common law, and statutory laws of the State of Alabama; (6) cannot be sustained because any award of punitive damages without the apportionment of the award separately and severally between or among the alleged joint tortfeasors, as determined by the alleged percentage of the wrong committed by each alleged tortfeasor, would violate the Watson Defendants' Due Process and Equal Protection rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and would be improper under the Constitution, common law, and public policies of the State of Alabama; and (7) cannot be sustained because any award of punitive damages, which are penal in nature, without according the Watson Defendants the same protections that are accorded to all criminal defendants, including the protection against unreasonable searches and seizures, the privilege against self-incrimination, and the rights to confront adverse witnesses, a speedy trial, and the effective assistance of counsel, would violate the Watson Defendants' rights guaranteed by the Fourth, Fifth, and Sixth Amendment as incorporated into the Fourteenth Amendment to the United States Constitution and would be improper under the Constitution, common law, and public policies of the State of Alabama.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

27. To the extent punitive damages are sought, Plaintiff's claims for punitive damages against the Watson Defendants cannot be sustained because an award of punitive damages by a jury that:    (1) is not provided constitutionally adequate standards of sufficient clarity for determining the appropriate imposition of, and the appropriate size of, a punitive damages award; (2) is not adequately instructed on the limits of punitive damages imposed by the applicable principles of deterrence and punishment; (3) is not expressly prohibited from awarding punitive damages, or determining the amount of an award of punitive damages, in whole or in part on the basis of invidiously discriminatory characteristics, including without limitation the residence, wealth, and corporate status of the Watson Defendants; (4) is permitted to award punitive damages under a standard for determining liability for punitive damages that is vague and arbitrary and does not define with sufficient clarity the conduct or mental state that makes punitive damages permissible; (5) is not properly instructed regarding plaintiff's burden of proof with respect to each and every element of a claim for punitive damages; and (6) is not subject to trial court and appellate judicial review for reasonableness and furtherance of legitimate purposes on the basis of constitutionally adequate and objective standards, would violate the Watson Defendants' Due Process and Equal Protection rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution, and would be improper under the Constitution, common law, and public policies of the State of Alabama.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

28. To the extent punitive damages are sought, Plaintiff's claims for punitive damages against the Watson Defendants cannot be sustained because an award of punitive damages that is subject to no predetermined limit, such as a maximum multiple of compensatory damages or a maximum amount of punitive damages that may be imposed, would:    (1) violate the Watson

Defendants' due process rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution; (2) violate the Watson Defendants' right not to be subjected to an excessive award; and (3) be improper under the Constitution, common law, and public policies of the State of Alabama.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

29. Some or all of Plaintiff's claims against the Watson Defendants arise from the State's failure to follow its federal and state statutory and regulatory obligations to properly establish appropriate reimbursement rates.

## THIRTIETH AFFIRMATIVE DEFENSE

30. Plaintiff's unjust enrichment claims are barred, in whole or in part, because the Watson Defendants did not retain any money belonging to the State as a result of any alleged overpayments  as required under Alabama law.

## THIRTY-FIRST AFFIRMATIVE DEFENSE

31. The Watson Defendants hereby give notice that they intend to rely upon any other and additional defense that is now or may become available or appear during, or as a result of the discovery proceedings in this action and hereby reserve their right to amend their answer to assert such defense.

WHEREFORE, defendants Watson Pharmaceuticals, Inc., Watson Pharma, Inc., and

Watson Laboratories, Inc. demand that: (1) the Complaint be in all respects dismissed as to

them; (2) they be awarded its costs of defending this action, including reasonable attorneys' fees;

and (3) they be awarded such other and further relief as the Court may deem just and proper.

Respectfully submitted,


 /s/ Steven F. Casey
Steven F. Casey
Balch & Bingham LLP
1710 Sixth Avenue North
P.O. Box 306
Birmingham, Alabama  35203
Telephone:  (205) 251-8100
Facsimile:  (205) 226-8798

Douglas B. Farquhar
Hyman, Phelps & McNamara, P.C.
700 Thirteenth Street, N.W., Suite 1200
Washington, D.C.  20005
Telephone:  (202) 737-9624
Facsimile:  (202) 737-9329

Donald R. Jones
2000 Interstate Park Drive, Suite 104
Montgomery, Alabama  36109
Telephone:  (334) 277-3939
Facsimile:  (334) 277-3772

Dated:  January 30, 2006                 *Attorneys for Defendants Watson*
*Pharmaceuticals, Inc., Watson Pharma,*
*Inc., and Watson Laboratories, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that I have on this 30th day of January, 2006, electronically served a true and correct copy of the foregoing pleading on counsel of record by transmission to LNFS pursuant to Case Management Order No. 2.

/s/ Steven F. Casey
Of Counsel