JAN-30-2006  17:03      OBER,KALER,GRIMES&SHRIVER                    410 547 0699

10452520

Jan 31 2006
9:10AM

# IN THE CIRCUIT COURT OF
## MONTGOMERY COUNTY, ALABAMA

STATE OF ALABAMA,            )
                             )
    Plaintiff,             )
                             )
v.                           )      CV 2005-219
                             )
ABBOTT LABORATORIES, INC.; et al.,  )
                             )
    Defendants.            )

## DEFENDANTS WYETH, INC. AND WYETH PHARMACEUTICALS INC.'S
## ANSWER TO THE SECOND AMENDED COMPLAINT

Defendants Wyeth, Inc. and Wyeth Pharmaceuticals Inc. (collectively "Wyeth," unless otherwise noted), hereby respond to the numbered paragraphs of the State of Alabama's Second Amended Complaint ("Complaint"). For ease of reference, Wyeth has included in this Answer the captions used in the Complaint, but does not thereby admit any inference that could be drawn from those captions.

### INTRODUCTION

    1.    Wyeth denies the allegations in paragraph 1 to the extent they are directed to Wyeth. Wyeth is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 1.

    2.    Wyeth admits that Plaintiff purports to bring this action to recover amounts paid for prescription drugs by Alabama Medicaid, including pharmacy dispensed drugs and co-payments for drugs covered by Medicare, but denies that there is any basis for this action and that Plaintiff is entitled to any relief from Wyeth. Wyeth denies the existence of and any involvement in a "fraudulent pricing scheme." Wyeth is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 2.

3.    Wyeth denies the existence of and any involvement in a "drug-pricing scheme,"
denies that it has engaged in any unlawful, wanton, fraudulent or improper conduct, and denies
that it has obtained any profits that Plaintiff is entitled to recover. Wyeth is without sufficient
knowledge or information to form a belief as to the truth of the remaining allegations in
paragraph 3.

4.    Wyeth admits that Plaintiff purports to seek legal and equitable redress in this
action but denies that Plaintiff is entitled to any relief from Wyeth. The remaining allegations in
paragraph 4 are denied to the extent they are directed to Wyeth. Wyeth is without sufficient
knowledge or information to form a belief as to the truth of the remaining allegations in
paragraph 4.

## PARTIES

5.    Wyeth admits that Plaintiff purports to bring this action on behalf of the State of
Alabama and the Alabama Medicaid agency. Wyeth denies that there is any basis for this action
and also denies that Plaintiff is entitled to any relief from Wyeth.

6.    The allegations of paragraph 6 constitute legal conclusions to which no response
is required. Wyeth respectfully refers the Court to the statute identified in paragraph 6, which
speaks for itself.

### Defendant Abbott

7.    The allegations of paragraph 7 do not relate to Wyeth and no responsive pleading
is required. To the extent a response is required, Wyeth is without sufficient knowledge or
information to form a belief as to the truth of the allegations.

2

### Defendant Alcon

8.    The allegations of paragraph 8 do not relate to Wyeth and no responsive pleading is required. To the extent a response is required, Wyeth is without sufficient knowledge or information to form a belief as to the truth of the allegations.

### Defendant Allergan

9.    The allegations of paragraph 9 do not relate to Wyeth and no responsive pleading is required. To the extent a response is required, Wyeth is without sufficient knowledge or information to form a belief as to the truth of the allegations.

### The Alpharma Defendants

10.    The allegations of paragraph 10 do not relate to Wyeth and no responsive pleading is required. To the extent a response is required, Wyeth is without sufficient knowledge or information to form a belief as to the truth of the allegations.

11.    The allegations of paragraph 11 do not relate to Wyeth and no responsive pleading is required. To the extent a response is required, Wyeth is without sufficient knowledge or information to form a belief as to the truth of the allegations.

12.    The allegations of paragraph 12 do not relate to Wyeth and no responsive pleading is required. To the extent a response is required, Wyeth is without sufficient knowledge or information to form a belief as to the truth of the allegations.

### The Amgen Defendants

13.    The allegations of paragraph 13 do not relate to Wyeth and no responsive pleading is required. To the extent a response is required, Wyeth is without sufficient knowledge or information to form a belief as to the truth of the allegations.

JAN-30-2006  17:04          OBER,KALER,GRIMES&SHRIVER                    410 547 0699       P.05

14.     The allegations of paragraph 14 do not relate to Wyeth and no responsive pleading is required. To the extent a response is required, Wyeth is without sufficient knowledge or information to form a belief as to the truth of the allegations.

15.     The allegations of paragraph 15 do not relate to Wyeth and no responsive pleading is required. To the extent a response is required, Wyeth is without sufficient knowledge or information to form a belief as to the truth of the allegations.

### Defendant Andrx

16.     The allegations of paragraph 16 do not relate to Wyeth and no responsive pleading is required. To the extent a response is required, Wyeth is without sufficient knowledge or information to form a belief as to the truth of the allegations.

### The AstraZeneca Defendants

17.     The allegations of paragraph 17 do not relate to Wyeth and no responsive pleading is required. To the extent a response is required, Wyeth is without sufficient knowledge or information to form a belief as to the truth of the allegations.

18.     The allegations of paragraph 18 do not relate to Wyeth and no responsive pleading is required. To the extent a response is required, Wyeth is without sufficient knowledge or information to form a belief as to the truth of the allegations.

19.     The allegations of paragraph 19 do not relate to Wyeth and no responsive pleading is required. To the extent a response is required, Wyeth is without sufficient knowledge or information to form a belief as to the truth of the allegations.

JAN-30-2006  17:04        OBER,KALER,GRIMES&SHRIVER                410 547 0699    P.06

### The Aventis Defendants

20.    The allegations of paragraph 20 do not relate to Wyeth and no responsive
pleading is required. To the extent a response is required, Wyeth is without sufficient knowledge
or information to form a belief as to the truth of the allegations.

21.    The allegations of paragraph 21 do not relate to Wyeth and no responsive
pleading is required. To the extent a response is required, Wyeth is without sufficient knowledge
or information to form a belief as to the truth of the allegations.

22.    The allegations of paragraph 22 do not relate to Wyeth and no responsive
pleading is required. To the extent a response is required, Wyeth is without sufficient knowledge
or information to form a belief as to the truth of the allegations.

23.    The allegations of paragraph 23 do not relate to Wyeth and no responsive
pleading is required. To the extent a response is required, Wyeth is without sufficient knowledge
or information to form a belief as to the truth of the allegations.

### Defendant Barr

24.    The allegations of paragraph 24 do not relate to Wyeth and no responsive
pleading is required. To the extent a response is required, Wyeth is without sufficient knowledge
or information to form a belief as to the truth of the allegations.

### The Baxter Defendants

25.    The allegations of paragraph 25 do not relate to Wyeth and no responsive
pleading is required. To the extent a response is required, Wyeth is without sufficient knowledge
or information to form a belief as to the truth of the allegations.

26.    The allegations of paragraph 26 do not relate to Wyeth and no responsive pleading is required. To the extent a response is required, Wyeth is without sufficient knowledge or information to form a belief as to the truth of the allegations.

27.    The allegations of paragraph 27 do not relate to Wyeth and no responsive pleading is required. To the extent a response is required, Wyeth is without sufficient knowledge or information to form a belief as to the truth of the allegations.

### The Bayer Defendants

28.    The allegations of paragraph 28 do not relate to Wyeth and no responsive pleading is required. To the extent a response is required, Wyeth is without sufficient knowledge or information to form a belief as to the truth of the allegations.

29.    The allegations of paragraph 29 do not relate to Wyeth and no responsive pleading is required. To the extent a response is required, Wyeth is without sufficient knowledge or information to form a belief as to the truth of the allegations.

30.    The allegations of paragraph 30 do not relate to Wyeth and no responsive pleading is required. To the extent a response is required, Wyeth is without sufficient knowledge or information to form a belief as to the truth of the allegations.

31.    The allegations of paragraph 31 do not relate to Wyeth and no responsive pleading is required. To the extent a response is required, Wyeth is without sufficient knowledge or information to form a belief as to the truth of the allegations.

### Defendant Biovail

32.    The allegations of paragraph 32 do not relate to Wyeth and no responsive pleading is required. To the extent a response is required, Wyeth is without sufficient knowledge or information to form a belief as to the truth of the allegations.

### The Boehringer Defendants

33.    The allegations of paragraph 33 do not relate to Wyeth and no responsive pleading is required. To the extent a response is required, Wyeth is without sufficient knowledge or information to form a belief as to the truth of the allegations.

34.    The allegations of paragraph 34 do not relate to Wyeth and no responsive pleading is required. To the extent a response is required, Wyeth is without sufficient knowledge or information to form a belief as to the truth of the allegations.

### Defendant Bristol-Myers Squibb

35.    The allegations of paragraph 35 do not relate to Wyeth and no responsive pleading is required. To the extent a response is required, Wyeth is without sufficient knowledge or information to form a belief as to the truth of the allegations.

### Defendant DEY

36.    The allegations of paragraph 36 do not relate to Wyeth and no responsive pleading is required. To the extent a response is required, Wyeth is without sufficient knowledge or information to form a belief as to the truth of the allegations.

### Defendant Eisai

37.    The allegations of paragraph 37 do not relate to Wyeth and no responsive pleading is required. To the extent a response is required, Wyeth is without sufficient knowledge or information to form a belief as to the truth of the allegations.

### Defendant Endo

38.    The allegations of paragraph 38 do not relate to Wyeth and no responsive pleading is required. To the extent a response is required, Wyeth is without sufficient knowledge or information to form a belief as to the truth of the allegations.

### Defendant ETHEX

39.    The allegations of paragraph 39 do not relate to Wyeth and no responsive

pleading is required. To the extent a response is required, Wyeth is without sufficient knowledge

or information to form a belief as to the truth of the allegations.

### The Forest Defendants

40.    The allegations of paragraph 40 do not relate to Wyeth and no responsive

pleading is required. To the extent a response is required, Wyeth is without sufficient knowledge

or information to form a belief as to the truth of the allegations.

41.    The allegations of paragraph 41 do not relate to Wyeth and no responsive

pleading is required. To the extent a response is required, Wyeth is without sufficient knowledge

or information to form a belief as to the truth of the allegations.

42.    The allegations of paragraph 42 do not relate to Wyeth and no responsive

pleading is required. To the extent a response is required, Wyeth is without sufficient knowledge

or information to form a belief as to the truth of the allegations.

### The Fujisawa Defendants

43.    The allegations of paragraph 43 do not relate to Wyeth and no responsive

pleading is required. To the extent a response is required, Wyeth is without sufficient knowledge

or information to form a belief as to the truth of the allegations.

44.    The allegations of paragraph 44 do not relate to Wyeth and no responsive

pleading is required. To the extent a response is required, Wyeth is without sufficient knowledge

or information to form a belief as to the truth of the allegations.

JAN-30-2006  17:05        OBER,KALER,GRIMES&SHRIVER              410 547 0699    P.10

45.    The allegations of paragraph 45 do not relate to Wyeth and no responsive pleading is required. To the extent a response is required, Wyeth is without sufficient knowledge or information to form a belief as to the truth of the allegations.

### Defendant Genzyme

46.    The allegations of paragraph 46 do not relate to Wyeth and no responsive pleading is required. To the extent a response is required, Wyeth is without sufficient knowledge or information to form a belief as to the truth of the allegations.

### Defendant Gilead

47.    The allegations of paragraph 47 do not relate to Wyeth and no responsive pleading is required. To the extent a response is required, Wyeth is without sufficient knowledge or information to form a belief as to the truth of the allegations.

### Defendant GlaxoSmithKline

48.    The allegations of paragraph 48 do not relate to Wyeth and no responsive pleading is required. To the extent a response is required, Wyeth is without sufficient knowledge or information to form a belief as to the truth of the allegations.

### The Hoffmann-LaRoche Defendants

49.    The allegations of paragraph 49 do not relate to Wyeth and no responsive pleading is required. To the extent a response is required, Wyeth is without sufficient knowledge or information to form a belief as to the truth of the allegations.

50.    The allegations of paragraph 50 do not relate to Wyeth and no responsive pleading is required. To the extent a response is required, Wyeth is without sufficient knowledge or information to form a belief as to the truth of the allegations.

51.    The allegations of paragraph 51 do not relate to Wyeth and no responsive pleading is required. To the extent a response is required, Wyeth is without sufficient knowledge or information to form a belief as to the truth of the allegations.

**The IVAX Defendants**

52.    The allegations of paragraph 52 do not relate to Wyeth and no responsive pleading is required. To the extent a response is required, Wyeth is without sufficient knowledge or information to form a belief as to the truth of the allegations.

53.    The allegations of paragraph 53 do not relate to Wyeth and no responsive pleading is required. To the extent a response is required, Wyeth is without sufficient knowledge or information to form a belief as to the truth of the allegations.

54.    The allegations of paragraph 54 do not relate to Wyeth and no responsive pleading is required. To the extent a response is required, Wyeth is without sufficient knowledge or information to form a belief as to the truth of the allegations.

**The J&J Defendants**

55.    The allegations of paragraph 55 do not relate to Wyeth and no responsive pleading is required. To the extent a response is required, Wyeth is without sufficient knowledge or information to form a belief as to the truth of the allegations.

56.    The allegations of paragraph 56 do not relate to Wyeth and no responsive pleading is required. To the extent a response is required, Wyeth is without sufficient knowledge or information to form a belief as to the truth of the allegations.

## The King Defendants

57.    The allegations of paragraph 57 do not relate to Wyeth and no responsive pleading is required. To the extent a response is required, Wyeth is without sufficient knowledge or information to form a belief as to the truth of the allegations.

58.    The allegations of paragraph 58 do not relate to Wyeth and no responsive pleading is required. To the extent a response is required, Wyeth is without sufficient knowledge or information to form a belief as to the truth of the allegations.

59.    The allegations of paragraph 59 do not relate to Wyeth and no responsive pleading is required. To the extent a response is required, Wyeth is without sufficient knowledge or information to form a belief as to the truth of the allegations.

## Defendant MedImmune

60.    The allegations of paragraph 60 do not relate to Wyeth and no responsive pleading is required. To the extent a response is required, Wyeth is without sufficient knowledge or information to form a belief as to the truth of the allegations.

## Defendant Merck

61.    The allegations of paragraph 61 do not relate to Wyeth and no responsive pleading is required. To the extent a response is required, Wyeth is without sufficient knowledge or information to form a belief as to the truth of the allegations.

## The Mylan Defendants

62.    The allegations of paragraph 62 do not relate to Wyeth and no responsive pleading is required. To the extent a response is required, Wyeth is without sufficient knowledge or information to form a belief as to the truth of the allegations.

63.    The allegations of paragraph 63 do not relate to Wyeth and no responsive pleading is required. To the extent a response is required, Wyeth is without sufficient knowledge or information to form a belief as to the truth of the allegations.

64.    The allegations of paragraph 64 do not relate to Wyeth and no responsive pleading is required. To the extent a response is required, Wyeth is without sufficient knowledge or information to form a belief as to the truth of the allegations.

65.    The allegations of paragraph 65 do not relate to Wyeth and no responsive pleading is required. To the extent a response is required, Wyeth is without sufficient knowledge or information to form a belief as to the truth of the allegations.

**The Novartis Defendants**

66.    The allegations of paragraph 66 do not relate to Wyeth and no responsive pleading is required. To the extent a response is required, Wyeth is without sufficient knowledge or information to form a belief as to the truth of the allegations.

67.    The allegations of paragraph 67 do not relate to Wyeth and no responsive pleading is required. To the extent a response is required, Wyeth is without sufficient knowledge or information to form a belief as to the truth of the allegations.

68.    The allegations of paragraph 68 do not relate to Wyeth and no responsive pleading is required. To the extent a response is required, Wyeth is without sufficient knowledge or information to form a belief as to the truth of the allegations.

**Defendant Novo Nordisk**

69.    The allegations of paragraph 69 do not relate to Wyeth and no responsive pleading is required. To the extent a response is required, Wyeth is without sufficient knowledge or information to form a belief as to the truth of the allegations.

**Defendant Organon**

70.    The allegations of paragraph 70 do not relate to Wyeth and no responsive pleading is required. To the extent a response is required, Wyeth is without sufficient knowledge or information to form a belief as to the truth of the allegations.

**Defendant Par**

71.    The allegations of paragraph 71 do not relate to Wyeth and no responsive pleading is required. To the extent a response is required, Wyeth is without sufficient knowledge or information to form a belief as to the truth of the allegations.

**The Pfizer Defendants**

72.    The allegations of paragraph 72 do not relate to Wyeth and no responsive pleading is required. To the extent a response is required, Wyeth is without sufficient knowledge or information to form a belief as to the truth of the allegations.

73.    The allegations of paragraph 73 do not relate to Wyeth and no responsive pleading is required. To the extent a response is required, Wyeth is without sufficient knowledge or information to form a belief as to the truth of the allegations.

74.    The allegations of paragraph 74 do not relate to Wyeth and no responsive pleading is required. To the extent a response is required, Wyeth is without sufficient knowledge or information to form a belief as to the truth of the allegations.

75.    The allegations of paragraph 75 do not relate to Wyeth and no responsive pleading is required. To the extent a response is required, Wyeth is without sufficient knowledge or information to form a belief as to the truth of the allegations.

76.    The allegations of paragraph 76 do not relate to Wyeth and no responsive pleading is required. To the extent a response is required, Wyeth is without sufficient knowledge or information to form a belief as to the truth of the allegations.

77.    The allegations of paragraph 77 do not relate to Wyeth and no responsive pleading is required. To the extent a response is required, Wyeth is without sufficient knowledge or information to form a belief as to the truth of the allegations.

### Defendant Purdue

78.    The allegations of paragraph 78 do not relate to Wyeth and no responsive pleading is required. To the extent a response is required, Wyeth is without sufficient knowledge or information to form a belief as to the truth of the allegations.

### Defendant Sanofi

79.    The allegations of paragraph 79 do not relate to Wyeth and no responsive pleading is required. To the extent a response is required, Wyeth is without sufficient knowledge or information to form a belief as to the truth of the allegations.

### The Schering Defendants

80.    The allegations of paragraph 80 do not relate to Wyeth and no responsive pleading is required. To the extent a response is required, Wyeth is without sufficient knowledge or information to form a belief as to the truth of the allegations.

81.    The allegations of paragraph 81 do not relate to Wyeth and no responsive pleading is required. To the extent a response is required, Wyeth is without sufficient knowledge or information to form a belief as to the truth of the allegations.

JAN-30-2006 17:07        OBER, KALER, GRIMES&SHRIVER                410 547 0699    P.16

82.    The allegations of paragraph 82 do not relate to Wyeth and no responsive pleading is required. To the extent a response is required, Wyeth is without sufficient knowledge or information to form a belief as to the truth of the allegations.

### Defendant TAP Pharmaceutical

83.    The allegations of paragraph 83 do not relate to Wyeth and no responsive pleading is required. To the extent a response is required, Wyeth is without sufficient knowledge or information to form a belief as to the truth of the allegations.

### Defendant Takeda Pharmaceuticals

84.    The allegations of paragraph 84 do not relate to Wyeth and no responsive pleading is required. To the extent a response is required, Wyeth is without sufficient knowledge or information to form a belief as to the truth of the allegations.

### Defendant Teva

85.    The allegations of paragraph 85 do not relate to Wyeth and no responsive pleading is required. To the extent a response is required, Wyeth is without sufficient knowledge or information to form a belief as to the truth of the allegations.

### The Watson Defendants

86.    The allegations of paragraph 86 do not relate to Wyeth and no responsive pleading is required. To the extent a response is required, Wyeth is without sufficient knowledge or information to form a belief as to the truth of the allegations.

87.    The allegations of paragraph 87 do not relate to Wyeth and no responsive pleading is required. To the extent a response is required, Wyeth is without sufficient knowledge or information to form a belief as to the truth of the allegations.

88.     The allegations of paragraph 88 do not relate to Wyeth and no responsive

pleading is required. To the extent a response is required, Wyeth is without sufficient knowledge

or information to form a belief as to the truth of the allegations.

89.     The allegations of paragraph 89 do not relate to Wyeth and no responsive

pleading is required. To the extent a response is required, Wyeth is without sufficient knowledge

or information to form a belief as to the truth of the allegations.

## The Wyeth Defendants

90.     Defendant Wyeth admits that it is incorporated in Delaware and states that its

corporate name in Delaware is Wyeth, not Wyeth, Inc., although Wyeth is registered in Alabama

under the name of Wyeth, Inc. Wyeth admits that it was formerly known as American Home

Products Corporation and that its principal place of business is located at Five Giralda Farms,

Madison, New Jersey, 07940.

91.     Defendant Wyeth Pharmaceuticals Inc. states that its corporate name is Wyeth

Pharmaceuticals Inc., not Wyeth Pharmaceuticals, Inc. Wyeth Pharmaceuticals Inc. denies that it

is a division of Wyeth and states that it is a wholly owned subsidiary corporation of Wyeth.

Defendant Wyeth Pharmaceuticals Inc. admits that it is a Delaware corporation and that its

principle place of business is 500 Arcola Road, Collegeville, Pennsylvania, 19426.

92.     Wyeth admits that it manufactures, distributes, markets or sells prescription drugs

and that some of the prescription drugs it manufactures, distributes, markets or sells are

reimbursed by state Medicaid agencies. Wyeth admits that at some point in time it has

manufactured, distributed, marketed or sold the pharmaceuticals listed in Exhibit A to the

Complaint. Wyeth admits that Plaintiff purports to make a claim in this action based on the

pharmaceuticals listed on Exhibit A but denies that Plaintiff has any basis for such a claim.

**Fictitious Defendants**

93.    The allegations of paragraph 93 do not relate to Wyeth and no responsive pleading is required. To the extent a response is required, Wyeth is without sufficient knowledge or information to form a belief as to the truth of the allegations.

94.    Wyeth denies the allegations in paragraph 94 to the extent they are directed to Wyeth. Wyeth is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 94.

## JURISDICTION AND VENUE

95.    The allegations of paragraph 95 constitute legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

96.    The allegations of paragraph 96 constitute legal conclusions to which no response is required. To the extent a response is required, Wyeth states that it has not challenged that this Court has personal jurisdiction over Wyeth. Wyeth is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 96.

97.    The allegations of paragraph 97 constitute legal conclusions to which no response is required. To the extent a response is required, Wyeth states that it has not challenged the propriety of venue in Montgomery County, Alabama. Wyeth is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 97.

## FACTUAL BACKGROUND

### The Alabama Medicaid Program

98.    Wyeth admits that that the Alabama Medicaid Program is a state-administered program with federal matching funds which pays for medical care, including prescription drug

17

benefits, for certain Alabama citizens. Wyeth is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 98.

99.    Wyeth is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 99.

100.    Wyeth admits that it supplied information to industry reporting services from time to time. Wyeth affirmatively states that AWP is commonly understood to be a benchmark used throughout the industry and not an average price charged by wholesalers to the entities identified in paragraph 100. Wyeth denies the remaining allegations and characterizations in paragraph 100 to the extent they are directed to Wyeth. Wyeth is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 100.

101.    Wyeth admits the allegations in paragraph 101.

102.    To the extent the allegations of paragraph 102 purport to summarize various statutes and regulations, no response by Wyeth is required. If a response is required, Wyeth states that the statutes and regulations referred to in paragraph 102 speak for themselves. Wyeth denies the allegations in the last sentence of paragraph 102 to the extent they are directed to Wyeth. Wyeth is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 102.

### The Defendants' Reporting of Inflated Pricing Information

103.    Wyeth denies the allegations in paragraph 103 to the extent they are directed to Wyeth. Wyeth is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 103.

104.    Wyeth is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 104.

18

105.    Wyeth denies the allegations in paragraph 105 to the extent they are directed to
Wyeth. Wyeth is without sufficient knowledge or information to form a belief as to the truth of
the remaining allegations in paragraph 105.

106.    Wyeth denies the allegations in paragraph 106 to the extent they are directed to
Wyeth. Wyeth is without sufficient knowledge or information to form a belief as to the truth of
the remaining allegations in paragraph 106.

107.    Wyeth denies the allegations in paragraph 107 to the extent they are directed to
Wyeth. Wyeth is without sufficient knowledge or information to form a belief as to the truth of
the remaining allegations in paragraph 107.

**Defendants' Marketing of the Spread**

108.    Wyeth denies the allegations in paragraph 108 to the extent they are directed to
Wyeth. Wyeth is without sufficient knowledge or information to form a belief as to the truth of
the remaining allegations in paragraph 108.

109.    Wyeth denies the allegations in paragraph 109 to the extent they are directed to
Wyeth. Wyeth is without sufficient knowledge or information to form a belief as to the truth of
the remaining allegations in paragraph 109.

110.    Wyeth denies the allegations in paragraph 110 to the extent they are directed to
Wyeth. Wyeth is without sufficient knowledge or information to form a belief as to the truth of
the remaining allegations in paragraph 110.

111.    Wyeth denies the allegations in paragraph 111 to the extent they are directed to
Wyeth. Wyeth is without sufficient knowledge or information to form a belief as to the truth of
the remaining allegations in paragraph 111.

### Other Lawsuits, Settlements, Government Investigations, and Criminal Proceedings

112.    Wyeth acknowledges that Plaintiff's Complaint was not drafted in a vacuum insofar as Plaintiff appears to have copied many of its baseless allegations from documents filed in other litigation. Wyeth denies that any complaint filed against it has any merit and denies the remaining allegations in paragraph 112.

113.    Wyeth admits that it is presently a defendant in *The City of New York v. Abbott Laboratories, Inc.*, 04-CV-06054. Wyeth denies that the allegations in that lawsuit have any merit and also denies that the allegations in that complaint, from which Plaintiff here appears to have copied, provide any support for Plaintiff's claims in this action. Wyeth denies the other allegations in paragraph 113 to the extent they are directed to Wyeth. Wyeth is without sufficient knowledge or information to form a belief as to the truth of the remaining in paragraph 113.

114.    The allegations of paragraph 114 do not relate to Wyeth and no responsive pleading is required. To the extent a response is required, Wyeth is without sufficient knowledge or information to form a belief as to the truth of the allegations.

115.    The allegations of paragraph 115 do not relate to Wyeth and no responsive pleading is required. To the extent a response is required, Wyeth is without sufficient knowledge or information to form a belief as to the truth of the allegations.

116.    The allegations of paragraph 116 do not relate to Wyeth and no responsive pleading is required. To the extent a response is required, Wyeth is without sufficient knowledge or information to form a belief as to the truth of the allegations.

117.    The allegations of paragraph 117 do not relate to Wyeth and no responsive pleading is required. To the extent a response is required, Wyeth is without sufficient knowledge or information to form a belief as to the truth of the allegations.

118.    The allegations of paragraph 118 do not relate to Wyeth and no responsive pleading is required. To the extent a response is required, Wyeth is without sufficient knowledge or information to form a belief as to the truth of the allegations.

119.    The allegations of paragraph 119 do not relate to Wyeth and no responsive pleading is required. To the extent a response is required, Wyeth is without sufficient knowledge or information to form a belief as to the truth of the allegations.

120.    The allegations of paragraph 120 do not relate to Wyeth and no responsive pleading is required. To the extent a response is required, Wyeth is without sufficient knowledge or information to form a belief as to the truth of the allegations.

121.    The allegations of paragraph 121 do not relate to Wyeth and no responsive pleading is required. To the extent a response is required, Wyeth is without sufficient knowledge or information to form a belief as to the truth of the allegations.

122.    The allegations of paragraph 122 do not relate to Wyeth and no responsive pleading is required. To the extent a response is required, Wyeth is without sufficient knowledge or information to form a belief as to the truth of the allegations.

123.    To the extent the allegations of paragraph 123 are directed to Wyeth, those allegations are denied. Wyeth is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 123.

124.    Wyeth denies the allegations in paragraph 124 to the extent they are directed to
Wyeth. Wyeth is without sufficient knowledge or information to form a belief as to the truth of
the remaining allegations in paragraph 124.

125.    Wyeth denies the allegations in paragraph 125 to the extent they are directed to
Wyeth. Wyeth is without sufficient knowledge or information to form a belief as to the truth of
the remaining allegations in paragraph 125. Wyeth states that it would neither be impractical nor
impossible for the Plaintiff to allege specifically its claims as to Wyeth, which Plaintiff has failed
to do.

126.    Wyeth denies the allegations in paragraph 126 to the extent they are directed to
Wyeth. Wyeth is without sufficient knowledge or information to form a belief as to the truth of
the remaining allegations in paragraph 126. Wyeth states that Plaintiff's allegation in the first
sentence of paragraph 126 is insufficient to excuse Plaintiff from its obligation to allege
specifically its claims as to Wyeth, which Plaintiff has failed to do.

## CLAIMS

## COUNT ONE – FRAUDULENT MISREPRESENTATION

127.    Wyeth realleges and incorporates Paragraphs 1 through 126 in response to
Paragraph 127.

128.    The allegation in the first sentence of paragraph 128 constitutes a legal conclusion
to which no response is required. To the extent a response is required, the allegation is denied as
to Wyeth. Wyeth admits that it supplied information to industry reporting services from time to
time. Wyeth denies the other allegations and characterizations directed to Wyeth in paragraph
128. Wyeth is without sufficient knowledge or information to form a belief as to the truth of the
remaining allegations in paragraph 128.

129.    The allegation in paragraph 129 constitutes a legal conclusion to which no response is required. To the extent a response is required, the allegation is denied as to Wyeth.

130.    The allegations in paragraph 130 are denied as to Wyeth. Wyeth is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 130.

## COUNT TWO - FRAUDULENT SUPPRESSION

131.    Wyeth realleges and incorporates Paragraphs 1 through 130 in response to Paragraph 131.

### [Plaintiff has omitted numbered paragraphs 132-139 from the Complaint]

140.    The allegation in the first sentence of paragraph 140 constitutes a legal conclusion to which no response is required. To the extent a response is required, the allegation is denied as to Wyeth. Wyeth denies the other allegations and characterizations directed to Wyeth in paragraph 140. Wyeth is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 140.

141.    The allegation in paragraph 141 constitutes a legal conclusion to which no response is required. To the extent a response is required, the allegation is denied as to Wyeth.

142.    The allegations in paragraph 142 are denied as to Wyeth. Wyeth is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 142.

## COUNT THREE - WANTONNESS

143.    Wyeth realleges and incorporates Paragraphs 1 through 142 in response to Paragraph 143.

144.    The allegations in paragraph 144 are denied as to Wyeth. Wyeth is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 144.

145.    The allegations in paragraph 145 are denied as to Wyeth. Wyeth is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 145.

146.    The allegation in paragraph 146 constitutes a legal conclusion to which no response is required. To the extent a response is required, the allegation is denied as to Wyeth. Wyeth is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 146.

147.    The allegations in paragraph 147 are denied as to Wyeth. Wyeth is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 147.

### COUNT FOUR -UNJUST ENRICHMENT

148.    Wyeth realleges and incorporates Paragraphs 1 through 147 in response to Paragraph 148.

149.    The allegations in paragraph 149 are denied as to Wyeth. Wyeth is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 149.

150.    The allegations in paragraph 150 are denied as to Wyeth. Wyeth is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 150.

151.    The allegations in paragraph 151 are denied as to Wyeth. Wyeth is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 151.

152.    The allegations in paragraph 152 are denied as to Wyeth. Wyeth is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 152.

Wyeth denies that Plaintiff is entitled to judgment or to any of the relief it seeks in the sections of the Complaint entitled "PRAYER FOR RELIEF" and the unnumbered "WHEREFORE" paragraph that follows paragraph 152 of the Complaint. Wyeth also denies that a jury trial is appropriate on all issues raised in the Complaint.

## ADDITIONAL DEFENSES

Without assuming the burden of proof or persuasion of such defenses that it would not otherwise have, Wyeth asserts the following defenses:

### First Defense

Wyeth generally denies any liability for any and all claims alleged. To the extent Wyeth has not adequately responded to any of the specific allegations in the Complaint, such allegations are denied.

### Second Defense

The Complaint fails to state a claim against Wyeth upon which relief may be granted.

### Third Defense

Plaintiff's claims fail because it has not suffered, and will not suffer, any injury to a legally protected or cognizable interest by reason of the conduct of Wyeth as alleged in the Complaint.

25

### Fourth Defense

Plaintiff has no standing or capacity to bring some or all of the claims raised in this suit to recover Medicaid expenditures or to seek injunctive relief.

### Fifth Defense

Plaintiff's claims fail because it has not suffered any damage as a consequence of any act or omission of Wyeth as alleged in the Complaint.

### Sixth Defense

Wyeth's statements or actions were not the proximate cause or cause in fact of any injury to or alleged loss by Plaintiff.

### Seventh Defense

Any and all actions taken by Wyeth with respect to the matters alleged in the Complaint were taken in good faith and in accordance with established industry practice.

### Eighth Defense

Plaintiff's claims against Wyeth are barred because Wyeth has complied with all applicable regulations of the federal and state governments.

### Ninth Defense

Plaintiff's claims against Wyeth are barred, in whole or in part, by the applicable statutes of limitations and repose, and by the doctrines of laches, estoppel and waiver.

### Tenth Defense

Some or all of Plaintiff's claims against Wyeth arise from Plaintiff's failure to follow its federal and state statutory and regulatory obligations to properly establish appropriate reimbursement rates.

### Eleventh Defense

Plaintiff's equitable claims and claim for injunctive relief against Wyeth are barred by the

doctrines of *in pari delicto* and/or unclean hands.

### Twelfth Defense

To the extent Plaintiff attempts to seek equitable relief, it is not entitled to such relief

because it has an adequate remedy at law.

### Thirteenth Defense

Plaintiff's claims against Wyeth for injunctive relief were mooted by the passage of the

Medicare Prescription Drug, Improvement and Modernization Act of 2003.

### Fourteenth Defense

Plaintiff fails to allege facts or a cause of action against Wyeth sufficient to support a

claim for compensatory damages, attorneys' fees and/or legal fees, or any other relief.

### Fifteenth Defense

Plaintiff's unjust enrichment claims are barred, in whole or in part, because Wyeth did

not retain any money belonging to the State as a result of any alleged overpayments as required

under Alabama law.

### Sixteenth Defense

Plaintiff's claims are barred, in whole or in part, to the extent that plaintiff has released,

settled, entered into an accord and satisfaction or otherwise compromised its claims.

### Seventeenth Defense

Plaintiff's claims are barred, in whole or in part, because any injuries sustained by

Plaintiff were the result of its own conduct or the intervening or superceding conduct of third

parties.

27

### Eighteenth Defense

Plaintiff's claims against Wyeth are barred, in whole or in part, due to its failure to join indispensable parties.

### Nineteenth Defense

Plaintiff's claims against Wyeth for damages are barred, in whole or in part: (1) because it failed to mitigate its damages, and its failure to mitigate damages should proportionately reduce the recovery of plaintiff and the allocation of any fault, if any exists, attributable to Wyeth; (2) because it would be unjustly enriched if allowed to recover any portion of the damages alleged in the Complaint; (3) by the doctrine of consent and/or ratification to the extent that plaintiff has paid for products manufactured, marketed and sold by Wyeth after the filing of plaintiff's original Complaint; and (4) because they are speculative and remote and because of the impossibility of ascertaining and allocating of those alleged damages.

### Twentieth Defense

Plaintiff's claims are preempted, in whole or in part, by federal law, including without limitation the Federal Employment Retirement Income and Security Act of 1974, the Federal Medicare Act, and the Federal Medicaid Act, including all amendments to the same and all regulations promulgated thereunder.

### Twenty-First Defense

Plaintiff's claims are barred, in whole or in part, by the filed rate doctrine.

### Twenty-Second Defense

Plaintiff's claims are barred, in whole or in part, by the First Amendment to the United States Constitution and the analogous provisions of the Constitution of the State of Alabama.

### Twenty-Third Defense

Plaintiff's claims are barred, in whole or in part, by the political question and separation

of powers doctrines.

### Twenty-Fourth Defense

Plaintiff's claims are preempted by the dormant Commerce Clause of the United States

Constitution.

### Twenty-Fifth Defense

Plaintiff's claims are barred, in whole or in part, because they violate Wyeth's rights

under the Due Process and *Ex Post Facto* clauses of the United States Constitution, as well as the

Constitution of the State of Alabama, insofar as plaintiff seeks to impose liability retroactively

for conduct that was not actionable at the time it occurred.

### Twenty-Sixth Defense

To the extent Plaintiff obtains recovery in any other case predicated on the same factual

allegations, plaintiff is barred from seeking recovery against Wyeth based on the Complaint

pursuant to the doctrines of *res judicata* and collateral estoppel, and the prohibition on double

recovery for the same injury.

### Twenty-Seventh Defense

Wyeth is entitled to a set-off, should any damages be awarded against it, for the entire

amount of all damages or settlement amounts recovered by Plaintiff, with respect to the same

alleged injuries.

### Twenty-Eighth Defense

Any damages recovered by Plaintiff must be limited by the applicable statutory ceilings

on recoverable damages.

### Twenty-Ninth Defense

Wyeth denies that it has been guilty of any conduct which warrants the issue of punitive damages being submitted to a jury.

### Thirtieth Defense

Any award of punitive damages to Plaintiff in this case would be in violation of the constitutional safeguards provided to Wyeth under the Constitution of the State of Alabama.

### Thirty-First Defense

Any award of punitive damages to Plaintiff in this case would be in violation of the constitutional safeguards provided to Wyeth under the Constitution of the United States of America.

### Thirty-Second Defense

No punitive damages are warranted or allowable that would exceed comparable maximums established for criminal fines.

### Thirty-Third Defense

Punitive damages cannot be sustained because of the lack of clarity in Alabama's standards for awarding punitive damages.

### Thirty-Fourth Defense

Any claim for punitive damages, on its face and/or as applied in this case, is in violation of the Fifth Amendment to the Constitution of the United States; of the right to counsel provided by the Sixth Amendment to the Constitution of the United States; of the right to trial by jury of the Seventh Amendment to the Constitution of the United States; of the proportionality principles contained in the Eighth Amendment to the Constitution of the United States; the due process clause of the Fourteenth Amendment to the Constitution of the United States; and Article

1, Sections 1, 2, 6, 11, 13, 15, 27, and 35 of the Constitution of Alabama of 1901, and is improper under the common law and public policies of the State of Alabama and under applicable court rules and statutes for the following reasons, jointly and separately:

(a)  There are no standards provided by Alabama law for the imposition of punitive damages, and therefore, Wyeth has not been put on notice and given the opportunity to anticipate punitive liability and/or the potential size of the award and to modify or conform its conduct accordingly;

(b)  The procedures to be followed would permit an award of punitive damages against Wyeth upon the satisfaction of a burden of persuasion (standard of proof) less than that applicable to the imposition of criminal sanctions for equal culpability;

(c)  The procedures to be followed could permit the award of multiple punitive damages for the same act or omission;

(d)  There are no provisions or standards for clear and consistent appellate review of any award of punitive damages against Wyeth under present Alabama law;

(e)  The standards of conduct upon which punitive damages are sought against Wyeth are vague and ambiguous;

(f)  The procedures used by courts under Alabama law and the guidelines given by the jurors, jointly and severally, are vague and ambiguous;

(g)  The procedures used by courts under Alabama law and guidelines given to jurors, jointly and separately, are vague and ambiguous and, thus, impermissibly allow jurors broad, unlimited, and undefined power to make determinations on their notions of what the law should be instead of what it is;

31

(h)   The procedures under which punitive damages are awarded and the instructions used under Alabama law, jointly and separately, are vague and ambiguous and, thus, fail to eliminate the effects of, and to guard against, impermissible juror passion;

(i)   Present Alabama law does not provide for sufficiently objective and specific standards to be used by the jury in its deliberations on whether to award punitive damages and, if so, on the amount to be awarded;

(j)   Present Alabama law does not provide a meaningful opportunity for challenging the rational basis for, and any excessiveness of, any award of punitive damages;

(k)   Present Alabama law does not provide for adequate and independent review by the trial court and the appellate court of the imposition of punitive damages by a jury or of the amount of any punitive damage awarded by a jury;

(l)   Present Alabama procedures fail to provide a constitutionally reasonable limit on the amount of any punitive damage award against Wyeth;

(m)   Present Alabama procedures may permit the admission of evidence relative to punitive damages in the same proceeding during which liability is determined;

(n)   Present Alabama procedures permit the imposition of joint and several judgments against multiple co-defendants for different acts of degrees of wrongdoing or culpability;

(o)   An award of punitive damages would compensate Plaintiff for elements of damage not otherwise recognized by Alabama law.

### Thirty-Fifth Defense

Plaintiff's claims for the recovery of punitive damages are limited or barred by *Ala. Code* § 6-11-20 through 6-11-27 (2002 Cum. Supp.).

### Thirty-Sixth Defense

Plaintiff's claims for the recovery of punitive damages are in contravention of Wyeth's rights under each of the following constitutional provisions: (a) Article I, Section 8 of the United States Constitution, as an impermissible burden on interstate commerce; (b) the Contracts Clause of Article 1, Section 10 of the United States Constitution; (c) the Due Process Clause of the Fifth and Fourteenth Amendments to the United States Constitution; (d) the Equal Protection under the laws afforded by the Fourteenth Amendment to the United States Constitution; (e) the constitutional prohibition against vague and overbroad laws; (f) the prohibition against *ex post facto* law in Article 1, Section 22 of the Alabama Constitution; (g) the Contracts Clause of Article 1, Section 22 of the Constitution of Alabama; and (h) the Due Process Clause of Article 1, Section 6 and/or 13 of the Constitution of Alabama.

### Thirty-Seventh Defense

An award of punitive damages in the circumstances of this case would clearly be violative of Wyeth's due process rights as embraced by the Fifth and Fourteenth Amendment to the United States Constitution and by the due process clause of Article 1, Section 6 and/or 13 of the Alabama Constitution, jointly and separately. as such award would constitute a deprivation of property without due process of law for the following reasons as separately stated herein.

    (a)    There is no rational relationship between the punitive damage awards in Alabama and the wrongfulness of a Wyeth's conduct and/or the compensatory damages awarded.

(b)    No rational relationship exists between the extent of punitive damages and legitimate interests to be advanced by the State of Alabama.

(c)    An award of punitive damages in this case would be penal in nature and thus, would be violative of Wyeth's constitutional rights under the United States Constitution and/or the Alabama Constitution unless Wyeth is granted the procedural safeguards afforded criminal defendants including but not limited to constitutional safeguards against self-incrimination and a heightened standard of proof beyond a reasonable doubt.

(d)    The award of punitive damages on the basis of vicarious liability for the conduct of others violates Wyeth's constitutional rights.

## Thirty-Eighth Defense

The imposition of punitive damages in this case would be in denial of Wyeth's right to equal protection of the laws as guaranteed by the Fourteenth Amendment to the United States Constitution and Article 1, Sections 1, 6, and 22 of the Alabama Constitution. Specifically, Wyeth is treated differently from criminal defendants that are charged for similar or identical culpability. Alternatively, the absence of adequate and objective standards for guiding in the assessment of punitive damages fails to insure the equality of treatment between and among similarly situated civil defendants.

## Thirty-Ninth Defense

The assessment of punitive damages in this action would violate the Commerce Clause of Article 1, Section 8 of the United States Constitution to the extent that such award punishes acts or omissions which have allegedly occurred solely outside of state boundaries.

34

### Fortieth Defense

The imposition of punitive damages in this case would violate Wyeth's rights under Article 1, Section 22 of the Alabama Constitution in that it would impair the contractual obligations of parties to this litigation.

### Forty-First Defense

With respect to Plaintiff's demand for punitive damages, Wyeth specifically incorporates by reference any and all standards or limitations regarding the determination and/or enforceability of punitive damage awards which arose in the decisions of *State Farm Mutual Automobile Insurance Co. v. Campbell*, 538 U.S. 408 (2003); *Cooper Industries, Inc. v. Leatherman Tool Group, Inc.*, 532 U.S. 424 (2001); and *BMW of No. America v. Gore*, 517 U.S. 559 (1996).

### Forty-Second Defense

To the extent Plaintiff's demand for punitive damages may result in multiple punitive damage awards being assessed for the same act or omission against Wyeth, this award contravenes Wyeth's right to due process under the due process clause of Article 1, Section 13 of the Alabama Constitution. In addition, such awards would infringe upon Wyeth's rights against double jeopardy insured by the Fifth Amendment of the United States Constitution and/or Article 1, Section 9 of the Alabama Constitution.

### Forty-Third Defense

The procedures pursuant to which punitive damages are awarded subject civil defendants to punishment for the conduct of others through vicarious liability or through non-apportionment of damages among joint tortfeasors, in violation of the Fifth and Fourteenth Amendments to the United States Constitution and Article I §§ 1 and 6 of the Alabama Constitution.

35

### Forty-Forth Defense

The procedures pursuant to which punitive damages are awarded expose civil defendants to the risk of undefinable, unlimited liability unrelated to actual loss, if any, caused by their conduct, creating a chilling effect on said Wyeth's exercise of the right to a judicial resolution of this dispute.

### Forty-Fifth Defense

Old Code § 6-11-21 of the *Code of Alabama* bars Plaintiff's claims for punitive damages to the extent that it exceeds the amount of $250,000.00, which the Alabama Legislature has established as the outer limit of reasonableness for awards of punitive damages as a matter of public policy in this state. The Alabama Supreme Court acted beyond its scope of authority and violated the separation of powers clause of the United States Constitution and/or the Alabama Constitution in striking down this legislative mandate, and therefore, its action was unconstitutional and without effect. Allowing an award in excess of this legislative cap directly contravenes the express public policy of the State of Alabama.

### Forty-Sixth Defense

To the extent Plaintiff has suffered no physical injury, § 6-11-21 of the *Code of Alabama* bars Plaintiff's claim for punitive damages insofar as said claims exceed the greater of three times Plaintiff's compensatory damages or $500,000, which the Alabama Legislature has established as the outer limit of reasonableness for awards of punitive damages as a matter of public policy in this state. To the extent Plaintiff does claim that they have suffered physical injury, § 6-11-21 of the *Code of Alabama* bars Plaintiff's claim for punitive damages insofar as said claims exceed the greater of three times Plaintiff's compensatory damages or $1,500,000,

36

which the Alabama Legislature has established as the outer limit of reasonableness for awards of punitive damages as a matter of public policy in this State.

## Forty-Seventh Defense

Plaintiff's claims against Wyeth are misjoined with its claims against other defendants and must be severed.

## Forty-Eighth Defense

Wyeth is currently without sufficient knowledge or information to ascertain whether there are additional affirmative or separate defenses available. Wyeth reserves the right to assert additional defenses based upon the facts revealed in discovery and to amend this Answer, if necessary.

## Forty-Ninth Defense

Wyeth adopts by reference any additional applicable defense pled by any other Defendant not otherwise pled herein.

WHEREFORE, Defendants Wyeth and Wyeth Pharmaceuticals, Inc., having fully answered the Complaint, pray that this Court:

1.    Enter an order dismissing the Complaint against Wyeth and Wyeth Pharmaceuticals, Inc. with prejudice and entering judgment in their favor

2.    Award Wyeth and Wyeth Pharmaceuticals, Inc. their costs and expenses.

3.    Grant Wyeth and Wyeth Pharmaceuticals, Inc. such other relief as may be just, necessary and equitable.

37

Dated: January 30, 2006

Of Counsel:

By: _____ /s/ _____

Peck Fox (FOX005)
MAYNARD COOPER & GALE
201 Monroe Street, Suite 1650
Montgomery, AL  36104

S. Craig Holden
Kelly J. Davidson
Ober, Kaler, Grimes & Shriver
A PROFESSIONAL CORPORATION
120 East Baltimore Street
Baltimore, MD 21202-1643

Lee E. Bains, Jr. (BAI005)
MAYNARD COOPER & GALE
2400 AmSouth/Harbert Plaza
1901 Sixth Avenue North
Birmingham, AL 35203

*Attorneys for Defendants Wyeth, Inc. and Wyeth Pharmaceuticals, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that I have on this 30th day of January, 2006, electronically served a true and correct copy of the foregoing pleading on counsel of record by transmission to Lexis Nexis File and Serve pursuant to Case Management Order No. 2.

/s/ Peck Fox _____