

Jan 30 2006
4:11PM

## IN THE CIRCUIT COURT OF
## MONTGOMERY COUNTY, ALABAMA

**STATE OF ALABAMA,**

**Plaintiff**

v.

**ABBOTT LABORATORIES, et al.**                        **CV – 05-219**

**Defendants**

## ANSWER OF DEFENDANT ZLB BEHRING LLC TO
## THE STATE OF ALABAMA'S SECOND AMENDED COMPLAINT

Defendant ZLB Behring LLC ("ZLB Behring"), formerly known as Aventis Behring

LLC, 1/ for its Answer to the State of Alabama's Second Amended Complaint ("Complaint") in

the captioned action, by its undersigned counsel, alleges upon knowledge as to itself, and upon

information and belief as to all other matters, as follows:

### INTRODUCTION

1.      Denies each and every allegation set forth in paragraph 1 of the Complaint as to
ZLB Behring, and otherwise denies knowledge or information sufficient to form a belief as to the
truth of the allegations set forth therein.

2.      Denies knowledge or information sufficient to form a belief as to the truth of the
allegations set forth in paragraph 2 of the Complaint, except denies the existence of a fraudulent
pricing scheme or that ZLB Behring is or has been involved in any such scheme.

3.      Denies knowledge or information sufficient to form a belief as to the truth of the
allegations set forth in paragraph 3 of the Complaint, except admits that the State of Alabama
purports to bring this action, denies that there is any basis on which to permit the State to do so,

---

1/      Even though Aventis Behring no longer exists as a separate corporate entity, and even
though ZLB Behring is the corporate successor of Aventis Behring, the Second Amended
Complaint names both ZLB Behring and Aventis Behring as defendants. To the extent that
Aventis Behring could be deemed to be a proper defendant in this action, this answer is filed on
behalf of both ZLB Behring and Aventis Behring, and references to ZLB Behring herein
therefore refer collectively to ZLB Behring and Aventis Behring unless otherwise indicated.

denies the existence of any "drug pricing scheme," denies that ZLB Behring is or has been involved in any such scheme, and denies that ZLB Behring has obtained any profits as a result of any such alleged scheme.

4.    Denies each and every allegation set forth in paragraph 4 of the Complaint as to ZLB Behring, except admits that the State of Alabama purports to seek legal and equitable redress but denies there is any basis on which to permit it to do so, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

## PARTIES

5.    Admits that the State of Alabama purports to bring this action in its capacity as sovereign and on behalf of the Alabama Medicaid Agency but denies that there is any basis on which to permit it to do so.

6.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 6 of the Complaint and further respectfully refers the Court to Alabama Code § 36-15-12 for a full and complete reading of its provisions.

### Defendant Abbott

7.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 7 of the Complaint.

### Defendant Alcon

8.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 8 of the Complaint.

### Defendant Allergan

9.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 9 of the Complaint.

### The Alpharma Defendants

10.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 10 of the Complaint.

11.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 11 of the Complaint.

12.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 12 of the Complaint.

**The Amgen Defendants**

13.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 13 of the Complaint.

14.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 14 of the Complaint.

15.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 15 of the Complaint.

**Defendant Andrx**

16.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 16 of the Complaint.

**The AstraZeneca Defendants**

17.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 17 of the Complaint.

18.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 18 of the Complaint.

19.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 19 of the Complaint.

**The Aventis Defendants**

20.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 20 of the Complaint.

21.    Denies the allegations in paragraph 21 of the Complaint, and affirmatively states that Aventis Behring no longer exists as a separate corporate entity.

22.    Admits the allegations in paragraph 22 of the Complaint.

23.    Objects to the characterization of Aventis, Aventis Behring, and ZLB Behring as a group or as "Aventis Defendants." Denies each and every allegation as to ZLB Behring, except admits that ZLB Behring (but not Aventis Behring) is engaged in the business of manufacturing, distributing, marketing, and/or selling prescription drugs, and that it distributes, markets, and sells prescription drugs, some of which are identified in Exhibit A of the Complaint, that are reimbursed by state Medicaid agencies. To the extent that the remaining allegations in this paragraph are directed at parties other than ZLB Behring, ZLB Behring need not respond. To the extent that a response is required of ZLB Behring, these allegations are denied.

### Defendant Barr

24.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 24 of the Complaint.

### The Baxter Defendants

25.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 25 of the Complaint.

26.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 26 of the Complaint.

27.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 27 of the Complaint.

### The Bayer Defendants

28.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 28 of the Complaint.

29.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 29 of the Complaint.

30.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 30 of the Complaint.

31.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 31 of the Complaint.

### Defendant Biovail

32.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 32 of the Complaint.

### The Boehringer Defendants

33.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 33 and lettered subparagraphs a and b of the Complaint.

34.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 34 of the Complaint.

### Defendant Bristol-Myers Squibb

35.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 35 of the Complaint.

**Defendant DEY**

36.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 36 of the Complaint.

**Defendant Eisai**

37.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 37 of the Complaint.

**Defendant Endo**

38.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 38 of the Complaint.

**Defendant ETHEX**

39.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 39 of the Complaint.

**The Forest Defendants**

40.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 40 of the Complaint.

41.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 41 of the Complaint.

42.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 42 of the Complaint.

**The Fujisawa Defendants**

43.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 43 of the Complaint.

44.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 44 of the Complaint.

45.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 45 of the Complaint.

**Defendant Genzyme**

46.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 46 of the Complaint.

### Defendant Gilead

47.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 47 of the Complaint.

### Defendant GlaxoSmithKline

48.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 48 of the Complaint.

### The Hoffmann-LaRoche Defendants

49.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 49 of the Complaint.

50.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 50 of the Complaint.

51.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 51 of the Complaint.

### The IVAX Defendants

52.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 52 of the Complaint.

53.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 53 of the Complaint.

54.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 54 of the Complaint.

### The J&J Defendants

55.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 55 and lettered subparagraphs a through e of the Complaint.

56.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 56 of the Complaint.

### The King Defendants

57.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 57 of the Complaint.

58.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 58 of the Complaint.

59.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 59 of the Complaint.

### Defendant MedImmune

60.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 60 of the Complaint.

### Defendant Merck

61.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 61 of the Complaint.

### The Mylan Defendants

62.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 62 of the Complaint.

63.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 63 of the Complaint.

64.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 64 of the Complaint.

65.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 65 of the Complaint.

### The Novartis Defendants

66.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 66 of the Complaint.

67.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 67 of the Complaint.

68.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 68 of the Complaint.

### Defendant Novo Nordisk

69.    Denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 69 of the Complaint.

### Defendant Organon

70.    Denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 70 of the Complaint.

### Defendant Par

71.    Denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 71 of the Complaint.

### The Pfizer Defendants

72.    Denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 72 of the Complaint.

73.    Denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 73 of the Complaint.

74.    Denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 74 of the Complaint.

75.    Denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 75 of the Complaint.

76.    Denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 76 of the Complaint.

77.    Denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 77 of the Complaint.

### Defendant Purdue

78.    Denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 78 of the Complaint.

### Defendant Sanofi

79.    Denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 79 of the Complaint.

### The Schering Defendants

80.    Denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 80 of the Complaint.

81.    Denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 81 of the Complaint.

82.     Denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 82 of the Complaint.

### Defendant TAP Pharmaceutical

83.     Denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 83 of the Complaint.

### Defendant Takeda Pharmaceuticals

84.     Denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 84 of the Complaint.

### Defendant Teva

85.     Denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 85 of the Complaint.

### The Watson Defendants

86.     Denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 86 of the Complaint.

87.     Denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 87 of the Complaint.

88.     Denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 88 of the Complaint.

89.     Denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 89 of the Complaint.

### The Wyeth Defendants

90.     Denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 90 of the Complaint.

91.     Denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 91 of the Complaint.

92.     Denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 92 of the Complaint.

**Fictitious Defendants**

93.    Denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 93 of the Complaint.

94.    Denies each and every allegation set forth in paragraph 94 of the Complaint as to ZLB Behring, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

## JURISDICTION AND VENUE

95.    Denies each and every allegation set forth in paragraph 95 of the Complaint.

96.    Denies the allegations set forth in paragraph 96 of the Complaint as to ZLB Behring except to state that its products are available for sale in Alabama just as in any other state, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding other parties set forth therein.

97.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

## FACTUAL BACKGROUND

### The Alabama Medicaid Program

98.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 98 of the Complaint, except admits that the Alabama Medicaid Program is a state-administered program with federal matching funds which pays for medical care, including prescription drug benefits, for certain Alabama citizens.

99.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 99 of the Complaint.

100.    Denies each and every allegation set forth in paragraph 100 of the Complaint as to ZLB Behring, except admits that, from time to time during the relevant period, ZLB Behring provided information to third party publications that contained pricing information, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding other parties set forth therein.

101.    Admits the allegations set forth in paragraph 101 of the Complaint.

102.    Denies each and every allegation set forth in paragraph 102 of the Complaint as to ZLB Behring, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

### The Defendants' Reporting of Inflated Pricing Information

103.    Denies each and every allegation set forth in paragraph 103 of the Complaint as to ZLB Behring, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding other parties set forth therein.

104.    Denies knowledge or information sufficient to form a belief about the truth of the allegations set forth in paragraph 104 of the Complaint.

105.    Denies each and every allegation set forth in paragraph 105 of the Complaint as to ZLB Behring, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding other parties set forth therein.

106.    Denies each and every allegation set forth in paragraph 106 of the Complaint as to ZLB Behring, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding other parties set forth therein.

107.    Denies each and every allegation set forth in paragraph 107 of the Complaint as to ZLB Behring, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding other parties set forth therein.

### Defendants' Marketing of the "Spread"

108.    Denies each and every allegation set forth in paragraph 108 of the Complaint as to ZLB Behring, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding other parties set forth therein.

109.    Denies each and every allegation set forth in paragraph 109 of the Complaint as to ZLB Behring, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding other parties set forth therein.

110.    Denies each and every allegation set forth in paragraph 110 of the Complaint as to ZLB Behring, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding other parties set forth therein.

111.    Denies each and every allegation set forth in paragraph 111 of the Complaint as to ZLB Behring, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding other parties set forth therein.

### Other Lawsuits, Settlements, Government Investigations, and Criminal Proceedings

112.    Denies each and every allegation set forth in paragraph 112 of the Complaint, except admits that other plaintiffs have filed complaints alleging similarly meritless and ill-informed claims from which Plaintiff here appears to have largely copied its allegations.

113.    Denies each and every allegation set forth in paragraph 113 of the Complaint as to ZLB Behring, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding other parties set forth therein.

114.    Denies each and every allegation set forth in paragraph 114 of the Complaint as to ZLB Behring, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding other parties set forth therein.

115.    Paragraph 115 of the Complaint appears to contain no allegations as to, or relevant to, any claims against ZLB Behring and therefore requires no answer; to the extent Plaintiff purports to make allegations as to ZLB Behring, ZLB Behring denies each and every allegation set forth in paragraph 115 of the Complaint as to ZLB Behring, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding other parties set forth therein.

116.    Paragraph 116 of the Complaint appears to contain no allegations as to, or relevant to, any claims against ZLB Behring and therefore requires no answer; to the extent Plaintiff purports to make allegations as to ZLB Behring, ZLB Behring denies each and every allegation set forth in paragraph 115 of the Complaint as to ZLB Behring, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding other parties set forth therein.

117.    Paragraph 117 of the Complaint appears to contain no allegations as to, or relevant to, any claims against ZLB Behring and therefore requires no answer; to the extent Plaintiff purports to make allegations as to ZLB Behring, ZLB Behring denies each and every allegation set forth in paragraph 117 of the Complaint as to ZLB Behring, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding other parties set forth therein.

118.    Paragraph 118 of the Complaint appears to contain no allegations as to, or relevant to, any claims against ZLB Behring and therefore requires no answer; to the extent Plaintiff purports to make allegations as to ZLB Behring, ZLB Behring denies each and every allegation set forth in paragraph 118 of the Complaint as to ZLB Behring, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding other parties set forth therein.

119.    Paragraph 119 of the Complaint appears to contain no allegations as to, or relevant to, any claims against ZLB Behring and therefore requires no answer; to the extent Plaintiff purports to make allegations as to ZLB Behring, ZLB Behring denies each and every allegation set forth in paragraph 119 of the Complaint as to ZLB Behring, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding other parties set forth therein.

120.    Paragraph 120 of the Complaint appears to contain no allegations as to, or relevant to, any claims against ZLB Behring and therefore requires no answer; to the extent Plaintiff purports to make allegations as to ZLB Behring, ZLB Behring denies each and every

allegation set forth in paragraph 120 of the Complaint as to ZLB Behring, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding other parties set forth therein.

121.    Paragraph 121 of the Complaint appears to contain no allegations as to, or relevant to, any claims against ZLB Behring and therefore requires no answer; to the extent Plaintiff purports to make allegations as to ZLB Behring, ZLB Behring denies each and every allegation set forth in paragraph 121 of the Complaint as to ZLB Behring, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

122.    Paragraph 122 of the Complaint appears to contain no allegations as to, or relevant to, any claims against ZLB Behring and therefore requires no answer; to the extent Plaintiff purports to make allegations as to ZLB Behring, ZLB Behring denies each and every allegation set forth in paragraph 122 of the Complaint as to ZLB Behring, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding other parties set forth therein.

123.    Paragraph 123 of the Complaint appears to contain no allegations as to, or relevant to, any claims against ZLB Behring and therefore requires no answer; to the extent Plaintiff purports to make allegations as to ZLB Behring, ZLB Behring denies each and every allegation set forth in paragraph 123 of the Complaint as to ZLB Behring, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding other parties set forth therein.

124.    Denies each and every allegation set forth in paragraph 124 of the Complaint as to ZLB Behring, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding other parties therein.

125.    Denies each and every allegation set forth in paragraph 125 of the Complaint as to ZLB Behring, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding other parties therein, and affirmatively states that if there were any merit to the claims alleged herein as to ZLB Behring, it would neither be impractical nor impossible for the Plaintiff to allege specifically its claims as to ZLB Behring, which Plaintiff has entirely failed to do.

126.    Denies each and every allegation set forth in paragraph 126 of the Complaint as to ZLB Behring, denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding other parties set forth therein, and affirmatively states that plaintiff's obligation to provide adequate notice of the allegations against ZLB Behring cannot be met by conclusory allegations that Defendant should know what the case is about.

## CLAIMS

### COUNT ONE - FRAUDULENT MISREPRESENTATION

127.    ZLB Behring repeats and incorporates by reference its responses to numbered paragraphs 1 through 126 above.

128.    Denies each and every allegation set forth in paragraph 128 of the Complaint as to ZLB Behring, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding other parties set forth therein.

129.    Denies each and every allegation set forth in paragraph 129 of the Complaint as to ZLB Behring, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding other parties set forth therein.

130.    Denies each and every allegation set forth in paragraph 130 of the Complaint as to ZLB Behring, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding other parties set forth therein.

## COUNT TWO - FRAUDULENT SUPPRESSION

131.    ZLB Behring repeats and incorporates by reference its responses to paragraphs 1 through 130 above.

132.    Denies each and every allegation set forth in paragraph 140 of the Complaint as to ZLB Behring, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding other parties set forth therein.

133.    Denies each and every allegation set forth in paragraph 141 of the Complaint as to ZLB Behring, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding other parties set forth therein.

134.    Denies each and every allegation set forth in paragraph 142 of the Complaint as to ZLB Behring, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding other parties set forth therein.

## COUNT THREE - WANTONNESS

135.    ZLB Behring repeats and incorporates by reference its responses in paragraphs 1 through 134 above.

136.    Denies each and every allegation set forth in paragraph 144 of the Complaint as to ZLB Behring, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding other parties set forth therein.

137.    Denies each and every allegation set forth in paragraph 145 of the Complaint as to ZLB Behring, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding other parties set forth therein.

138.    Denies each and every allegation set forth in paragraph 146 of the Complaint as to ZLB Behring, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding other parties set forth therein.

139.   Denies each and every allegation set forth in paragraph 147 of the Complaint as to ZLB Behring, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding other parties set forth therein.

## COUNT FOUR -UNJUST ENRICHMENT

140.   ZLB Behring repeats and incorporates by reference its responses in numbered paragraphs 1 through 139 above.

141.   Denies each and every allegation set forth in paragraph 149 of the Complaint as to ZLB Behring, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding other parties set forth therein.

142.   Denies each and every allegation set forth in paragraph 150 of the Complaint as to ZLB Behring, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding other parties set forth therein.

143.   Denies each and every allegation set forth in paragraph 151 of the Complaint as to ZLB Behring, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding other parties set forth therein.

144.   Denies each and every allegation set forth in paragraph 152 of the Complaint as to ZLB Behring, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding other parties set forth therein.

ZLB Behring further denies that plaintiff is entitled to a judgment or any other relief requested in their section entitled "PRAYER FOR RELIEF" and unnumbered "WHEREFORE" paragraph following paragraph 152 of the Complaint.

## DEFENSES

By alleging the matters set forth below, ZLB Behring does not allege or admit that it has the burden of proof and/or the burden of persuasion with respect to any of these matters or that plaintiff is relieved of its burdens to prove each and every element of its claims and the damages, if any, to which it is entitled.   As and for its affirmative defenses, ZLB Behring alleges as follows:

## FIRST AFFIRMATIVE DEFENSE

Plaintiff fails to state a claim against ZLB Behring upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the political question and separation

of powers doctrines.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff has no standing or capacity to bring some or all of the claims raised in this suit to recover Medicaid expenditures or to seek injunctive relief.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff has not suffered, and will not suffer, any injury to a legally protected or cognizable interest by reason of the conduct of ZLB Behring as alleged in the Complaint.

### FIFTH AFFIRMATIVE DEFENSE

To the extent plaintiff obtains recovery in any other case predicated on the same factual allegations, plaintiff is barred from seeking recovery against ZLB Behring based on the Complaint pursuant to the doctrines of res judicata and collateral estoppel, and the prohibition on double recovery for the same injury.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the First Amendment to the United States Constitution and the analogous provisions of the Constitution of the State of Alabama.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the filed rate doctrine.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, to the extent that plaintiff has released, settled, entered into an accord and satisfaction or otherwise compromised its claims.

### NINTH AFFIRMATIVE DEFENSE

Any and all actions taken by ZLB Behring with respect to any of the matters alleged in the Complaint were taken in good faith and in accordance with established industry practice.

### TENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are preempted, in whole or in part, by federal law, including without limitation the Federal Employment Retirement Income and Security Act of 1974, the Federal Medicare Act, and the Federal Medicaid Act, including all amendments to the same and all regulations promulgated thereunder.

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are preempted by the dormant Commerce Clause of the United States Constitution.

### TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's claims against ZLB Behring are barred because ZLB Behring has complied with all applicable regulations of the federal and state governments.

### THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims against ZLB Behring are barred, in whole or in part, by the applicable statutes of limitations and repose, and by the doctrines of laches, estoppel and waiver.

### FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because they violate ZLB Behring's rights under the Due Process and *Ex Post Facto* clauses of the United States Constitution, as well as the Constitution of the State of Alabama, insofar as plaintiff seeks to impose liability retroactively for conduct that was not actionable at the time it occurred.

### FIFTEENTH AFFIRMATIVE DEFENSE

ZLB Behring's statements or actions were not the proximate cause or cause in fact of any injury to or alleged loss by plaintiff.

## SIXTEENTH AFFIRMATIVE DEFENSE

To the extent that plaintiff attempts to seek equitable relief against ZLB Behring, it is not entitled to such relief because it has an adequate remedy at law.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims against ZLB Behring for injunctive relief were mooted by the passage of the Medicare Prescription Drug, Improvement and Modernization Act of 2003.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims for injunctive relief against ZLB Behring are barred by the doctrines of *in pari delicto* and/or unclean hands.

## NINETEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims against ZLB Behring are barred, in whole or in part, due to its failure to join indispensable parties.

## TWENTIETH AFFIRMATIVE DEFENSE

Plaintiff's claims against ZLB Behring are barred, in whole or in part, because it has suffered no damages as a result of the matters alleged in the Complaint.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because any injuries sustained by plaintiff were the result of its own conduct or the intervening or superseding conduct of third parties.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims against ZLB Behring for damages are barred, in whole or in part: (1) because it failed to mitigate its damages, and its failure to mitigate damages should proportionately reduce the recovery of plaintiff and the allocation of any fault, if any exists, attributable to ZLB Behring; (2) because it would be unjustly enriched if allowed to recover any

portion of the damages alleged in the Complaint; (3) by the doctrine of consent and/or ratification to the extent that plaintiff has paid for products manufactured, marketed and sold by ZLB Behring after the filing of plaintiff's original Complaint; and (4) because they are speculative and remote and because of the impossibility of ascertaining and allocating of those alleged damages.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

ZLB Behring is entitled to a set-off, should any damages be awarded against it, for the entire amount of all damages or settlement amounts recovered by plaintiff, with respect to the same alleged injuries.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

Any damages recovered by the plaintiff from ZLB Behring must be limited by the applicable statutory ceilings on recoverable damages, including without limitation, Alabama Code 6-11-21.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

Plaintiff fails to allege facts or a cause of action against ZLB Behring sufficient to support a claim for compensatory damages, attorneys' fees and/or legal fees, or any other relief.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

To the extent punitive damages are sought, Plaintiff's punitive damages claims against ZLB Behring: (1) have no basis in law or fact; (2) are not recoverable because the allegations of the Complaint are legally insufficient to support a claim for punitive damages against ZLB Behring; (3) cannot be sustained because the laws regarding the standards for determining liability for and the amount of punitive damages fail to give ZLB Behring prior notice of the conduct for which punitive damages may be imposed and the severity of the penalty that may be imposed, and are void for vagueness in violation of ZLB Behring's Due Process rights

guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and the Constitution of the State of Alabama; (4) cannot be sustained because any award of punitive damages exceeding the limits authorized by the laws or other comparable laws would violate ZLB Behring's due process and equal protection rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and would be improper under the Constitution, common law and laws of the State of Alabama; (5) cannot be sustained because an award of punitive damages in this case, combined with any prior, contemporaneous, or subsequent judgments against ZLB Behring for punitive damages arising from the design, development, manufacture, fabrication, distribution, supply, marketing, sale, or use of ZLB Behring's products would constitute impermissible multiple punishments for the same wrong, in violation of ZLB Behring's Due Process and Equal Protection rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and would constitute double jeopardy in violation of the Constitution, common law, and statutory laws of the State of Alabama; (6) cannot be sustained because any award of punitive damages without the apportionment of the award separately and severally between or among the alleged joint tortfeasors, as determined by the alleged percentage of the wrong committed by each alleged tortfeasor, would violate ZLB Behring's Due Process and Equal Protection rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and would be improper under the Constitution, common law, and public policies of the State of Alabama; and (7) cannot be sustained because any award of punitive damages, which are penal in nature, without according ZLB Behring the same protections that are accorded to all criminal defendants, including the protection against unreasonable searches and seizures, the privilege against self-incrimination, and the rights to confront adverse witnesses, a speedy trial, and the effective assistance of counsel, would violate

ZLB Behring's rights guaranteed by the Fourth, Fifth, and Sixth Amendment as incorporated into the Fourteenth Amendment to the United States Constitution and would be improper under the Constitution, common law, and public policies of the State of Alabama.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

To the extent punitive damages are sought, Plaintiff's claims for punitive damages against ZLB Behring cannot be sustained because an award of punitive damages by a jury that: (1) is not provided constitutionally adequate standards of sufficient clarity for determining the appropriate imposition of, and the appropriate size of, a punitive damages award; (2) is not adequately instructed on the limits of punitive damages imposed by the applicable principles of deterrence and punishment; (3) is not expressly prohibited from awarding punitive damages, or determining the amount of an award of punitive damages, in whole or in part on the basis of invidiously discriminatory characteristics, including without limitation the residence, wealth, and corporate status of ZLB Behring; (4) is permitted to award punitive damages under a standard for determining liability for punitive damages that is vague and arbitrary and does not define with sufficient clarity the conduct or mental state that makes punitive damages permissible; (5) is not properly instructed regarding plaintiff's burden of proof with respect to each and every element of a claim for punitive damages; and (6) is not subject to trial court and appellate judicial review for reasonableness and furtherance of legitimate purposes on the basis of constitutionally adequate and objective standards, would violate ZLB Behring's Due Process and Equal Protection rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution, and would be improper under the Constitution, common law, and public policies of the State of Alabama.

21

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

To the extent punitive damages are sought, Plaintiff's claims for punitive damages against ZLB Behring cannot be sustained because an award of punitive damages that is subject to no predetermined limit, such as a maximum multiple of compensatory damages or a maximum amount of punitive damages that may be imposed, would: (1) violate ZLB Behring's due process rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution; (2) violate ZLB Behring's right not to be subjected to an excessive award; and (3) be improper under the Constitution, common law, and public policies of the State of Alabama.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

Plaintiff is and has been aware that any AWP or similar term for any ZLB Behring drug was not intended to reflect actual price to any customer. Accordingly, plaintiff is estopped from claiming to have been defrauded by virtue of any action by ZLB Behring.

## THIRTIETH AFFIRMATIVE DEFENSE

Some or all of plaintiff's claims against ZLB Behring arise from plaintiff's failure to follow its statutory and regulatory obligation to properly establish appropriate reimbursement rates.

## THIRTY-FIRST AFFIRMATIVE DEFENSE

Plaintiff's unjust enrichment claims are barred, in whole or in part, because ZLB Behring did not retain any money belonging to the State as a result of any alleged overpayments    as required under Alabama law.

## THIRTY-SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the *Noerr-Pennington* doctrine to the extent that such claims are premised, in whole or in part, on alleged statements or conduct by

ZLB Behring in judicial, legislative, or administrative proceedings of any kind or at any level of government.

## THIRTY-THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims against ZLB Behring are misjoined with plaintiff's claims against other defendants and must be severed.

## THIRTY-FOURTH AFFIRMATIVE DEFENSE

ZLB Behring adopts by reference any additional applicable defense pled by any other defendant not otherwise pled. Additionally, ZLB Behring hereby gives notice that it intends to rely upon any other and additional defense that is now or may become available or appear during, or as a result of the discovery proceedings in this action and hereby reserves its right to amend its answer to assert such defense.

WHEREFORE, defendant ZLB Behring LLC demands that: (1) the Complaint be in all respects dismissed as to it; (2) it be awarded its costs of defending this action, including its reasonable attorneys' fees; and (3) it be awarded such other and further relief as the Court may deem just and proper.

Dated: January 30, 2006

Of counsel:

William D. Nussbaum
Jonathan T. Rees
Gregory M. Petouvis
Hogan & Hartson LLP
555 13th Street, N.W.
Washington, DC 20004
Telephone: (202) 637-5600
Facsimile: (202) 637-5910

Respectfully submitted,

Richard H. Gill (GIL007)
Copeland, Franco, Screws & Gill, P.A.
444 South Perry Street (36104)
P.O. Box 347
Montgomery, AL 36101-0347
Telephone: (334) 834-1180
Facsimile: (334) 834-3172

*Attorneys for Defendant ZLB Behring LLC*
*(formerly known as Aventis Behring LLC)*

## CERTIFICATE OF SERVICE

I hereby certify that I have on this 30th day of January, 2006, electronically served a true and correct copy of the foregoing pleading on counsel of record by transmission to LNFS, pursuant to Case Management Order No. 2.