

10451260

Jan 31 2006
12:31PM

# IN THE CIRCUIT COURT OF
## MONTGOMERY COUNTY, ALABAMA

| | |
|---|---|
| STATE OF ALABAMA,<br><br>    Plaintiff,<br><br>v.<br><br>ABBOTT LABORATORIES, INC., et al.,<br><br>    Defendants. | Case No. CV 2005-219 |

## ANDRX PHARMACEUTICALS, INC.'S ANSWER
## TO SECOND AMENDED COMPLAINT

Defendant Andrx Pharmaceuticals, Inc. ("Andrx"), by and through its attorneys Sherin and Lodgen LLP and Beers, Anderson, Jackson, Patty & Van Heest, P.C., answers the number paragraphs of the Second Amended Complaint as follows:

### Introduction

1.      To the extent the allegations contained in Paragraph 1 of the Second Amended Complaint refer to the knowledge, conduct or actions of persons, entities or defendants other than Andrx; Andrx is without knowledge or information sufficient to form a belief as to the truth of the allegations.  Andrx denies each and every allegation contained in Paragraph 1 that pertains to Andrx.

2.      Andrx lacks knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 2 of the Second Amended Complaint, and on that basis denies generally and specifically each and every allegation set forth therein.

3.      Paragraph 3 of the Second Amended Complaint consists solely of the State's characterization of its claims and accordingly requires no response by Andrx; to the extent a

SCANNED
BR 10/13/04

response is required, Andrx denies generally and specifically each and every allegation set forth therein.

4.      Paragraph 4 of the Second Amended Complaint consists solely of the State's characterizations of its claims and accordingly requires no response by Andrx; to the extent a response is required, Andrx denies generally and specifically each and every allegation set forth therein.

## Parties

5.      Andrx admits that the Second Amended Complaint is purportedly brought on behalf of the State of Alabama and the Alabama Medicaid Agency, but denies that there is any basis on which to permit it to do so.

6.      Paragraph 6 of the Complaint consists solely of conclusions of law to which no response is required; to the extent that a response is required, Andrx denies generally and specifically each and every allegation contained in Paragraph 6 of the Complaint.

7-15.   The allegations contained in Paragraphs 7-15 of the Second Amended Complaint are directed to other defendants and require no response from Andrx. To the extent that the allegations of Paragraphs 7-15 are deemed to include allegations against Andrx, Andrx denies generally and specifically each and every allegation.

16.     Andrx admits that it is a Florida corporation with its principal place of business located at 4955 Orange Drive, Davie, Florida 33314. Andrx further admits that it is engaged in the business of manufacturing, distributing, marketing, and/or selling pharmaceuticals products, some of which are available by prescription only. Some of the pharmaceutical products identified in Exhibit A attached to the Second Amended Complaint are manufactured,

distributed, marketed and/or sold by Andrx. Except as so admitted, Andrx denies each and every allegation contained in Paragraph 16 of the Second Amended Complaint.

17-93.  The allegations contained in Paragraphs 17-93 of the Second Amended Complaint are directed to other defendants and require no response from Andrx.  To the extent that the allegations of Paragraphs 17-93 are deemed to include allegations against Andrx, Andrx denies generally and specifically each and every allegation.

94.     To the extent the allegations contained in Paragraph 94 of the Second Amended Complaint refer to the knowledge, conduct or actions of persons, entities or defendants other than Andrx; Andrx is without knowledge or information sufficient to form a belief as to the truth of the allegations.  Andrx denies each and every allegation contained in Paragraph 94 that pertains to Andrx.

## Jurisdiction and Venue

95.     Paragraph 95 of the Complaint consists solely of conclusions of law to which no response is required.  To the extent a response is required and to the extent the allegations contained in Paragraph 95 of the Second Amended Complaint refer to the knowledge, conduct or actions of persons, entities or defendants other than Andrx; Andrx is without knowledge or information sufficient to form a belief as to the truth of the allegations and further denies each and every allegation contained in Paragraph 95 that pertains to Andrx.

96.     Paragraph 96 of the Complaint consists solely of conclusions of law to which no response is required.  To the extent a response is required and to the extent the allegations contained in Paragraph 96 of the Second Amended Complaint refer to the knowledge, conduct or actions of persons, entities or defendants other than Andrx; Andrx is without knowledge or

- 3 -

information sufficient to form a belief as to the truth of the allegations and further denies each and every allegation contained in Paragraph 96 that pertains to Andrx.

97.     Paragraph 97 of the Complaint consists solely of conclusions of law to which no response is required. To the extent a response is required and to the extent the allegations contained in Paragraph 97 of the Second Amended Complaint refer to the knowledge, conduct or actions of persons, entities or defendants other than Andrx; Andrx is without knowledge or information sufficient to form a belief as to the truth of the allegations and further denies each and every allegation contained in Paragraph 97 that pertains to Andrx.

### Factual Background

#### The Alabama Medicaid Program

98.     Andrx lacks knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 98 of the Second Amended Complaint, and on that basis denies generally and specifically each and every allegation set forth therein.

99.     Andrx lacks knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 99 of the Second Amended Complaint, and on that basis denies generally and specifically each and every allegation set forth therein.

100.    Andrx is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of Paragraph 100, except that Andrx admits that from time to time during the relevant period, Andrx provided information to third party publications which contained, *inter alia*, pricing information sometimes referred to as average wholesale price or AWP and wholesale acquisition cost or WAC for certain of its drugs and, affirmatively states that Andrx' AWP is commonly understood to be a benchmark used throughout the industry and not an average price charged by wholesalers to the entities identified

- 4 -

in Paragraph 100. Andrx is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the second sentence of Paragraph 100, except that Andrx denies that the State's characterizations of the terms Average Wholesale Price, Wholesale Acquisition Cost and Direct Price constitute any common understanding of those terms. To the extent the allegations contained in Paragraph 100 of the Second Amended Complaint refer to the knowledge, conduct or actions of persons, entities or defendants other than Andrx; Andrx is without knowledge or information sufficient to form a belief as to the truth of the allegations. Andrx denies each and every allegation contained in Paragraph 100, not expressly admitted herein, that pertains to Andrx.

101.    Andrx lacks knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 101 of the Second Amended Complaint, and on that basis denies generally and specifically each and every allegation set forth therein.

102.    To the extent the allegations contained in Paragraph 102 of the Second Amended refer to the knowledge, conduct or actions of persons, entities or defendants other than Andrx; Andrx is without knowledge or information sufficient to form a belief as to the truth of the allegations. Andrx denies each and every allegation contained in Paragraph 102 that pertains to Andrx.

### The Defendants' Reporting of Inflated Pricing Information

103.    To the extent the allegations contained in Paragraph 103 of the Second Amended Complaint refer to the knowledge, conduct or actions of persons, entities or defendants other than Andrx; Andrx is without knowledge or information sufficient to form a belief as to the truth of the allegations. Andrx denies each and every allegation contained in Paragraph 103 that pertains to Andrx.

00099291.DOC / 5

104.    Andrx lacks knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 104 of the Second Amended Complaint, and on that basis denies generally and specifically each and every allegation set forth therein.

105.    To the extent the allegations contained in Paragraph 105 of the Second Amended Complaint refer to the knowledge, conduct or actions of persons, entities or defendants other than Andrx; Andrx is without knowledge or information sufficient to form a belief as to the truth of the allegations. Andrx denies each and every allegation contained in Paragraph 105 that pertains to Andrx.

106.    To the extent the allegations contained in Paragraph 106 of the Second Amended Complaint refer to the knowledge, conduct or actions of persons, entities or defendants other than Andrx; Andrx is without knowledge or information sufficient to form a belief as to the truth of the allegations. Andrx denies each and every allegation contained in Paragraph 106 that pertains to Andrx, except that Andrx admits that it knows the WAC and Direct Price of its own products, and the AWP it listed on its price lists for its own products.

107.    To the extent the allegations contained in Paragraph 107 of the Second Amended Complaint refer to the knowledge, conduct or actions of persons, entities or defendants other than Andrx; Andrx is without knowledge or information sufficient to form a belief as to the truth of the allegations. Andrx denies each and every allegation contained in Paragraph 107 that pertains to Andrx.

**Defendants' Marketing of the "Spread**

108.    To the extent the allegations contained in Paragraph 108 of the Second Amended Complaint refer to the knowledge, conduct or actions of persons, entities or defendants other than Andrx; Andrx is without knowledge or information sufficient to form a belief as to the truth

of the allegations. Andrx denies each and every allegation contained in Paragraph 108 that pertains to Andrx.

109.    To the extent the allegations contained in Paragraph 109 of the Second Amended Complaint refer to the knowledge, conduct or actions of persons, entities or defendants other than Andrx; Andrx is without knowledge or information sufficient to form a belief as to the truth of the allegations. Andrx denies each and every allegation contained in Paragraph 109 that pertains to Andrx.

110.    To the extent the allegations contained in Paragraph 110 of the Second Amended Complaint refer to the knowledge, conduct or actions of persons, entities or defendants other than Andrx; Andrx is without knowledge or information sufficient to form a belief as to the truth of the allegations. Andrx denies each and every allegation contained in Paragraph 110 that pertains to Andrx.

111.    To the extent the allegations contained in Paragraph 111 of the Second Amended Complaint refer to the knowledge, conduct or actions of persons, entities or defendants other than Andrx; Andrx is without knowledge or information sufficient to form a belief as to the truth of the allegations. Andrx denies each and every allegation contained in Paragraph 111 that pertains to Andrx.

**Other Lawsuits, Settlements, Government Investigations, and Criminal Proceedings**

112.    Andrx admits that it has been named as a defendant in three civil actions which assert, in some respects, claims similar to those at issue in this case. To the extent the allegations contained in Paragraph 112 of the Second Amended Complaint refer to the knowledge, conduct or actions of persons, entities or defendants other than Andrx; Andrx is without knowledge or information sufficient to form a belief as to the truth of the allegations. Except as so admitted,

- 7 -

Andrx denies each and every remaining allegation contained in Paragraph 112 of the Second Amended Complaint.

113.    Andrx admits that it was a defendant in *The City of New York v. Abbott Laboratories, Inc., USDC SDNY, CA No. 04-CV-06054*, as well as thirty other matters commenced by individual New York Counties. Answering further, Andrx states that it was voluntarily dismissed from each and every one of those actions. To the extent the allegations contained in Paragraph 113 of the Second Amended Complaint refer to the knowledge, conduct or actions of persons, entities or defendants other than Andrx; Andrx is without knowledge or information sufficient to form a belief as to the truth of the allegations. Except as so admitted, Andrx denies each and every remaining allegation contained in Paragraph 113 of the Second Amended Complaint.

114-120.    The allegations contained in Paragraphs 114-120 of the Second Amended Complaint are directed to other defendants and require no response from Andrx. To the extent that the allegations of Paragraphs 114-120 are deemed to include allegations against Andrx, Andrx denies generally and specifically each and every allegation.

121.    Andrx lacks knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 121 of the Second Amended Complaint, and on that basis denies generally and specifically each and every allegation set forth therein.

122.    To the extent the allegations contained in Paragraph 122 of the Second Amended Complaint refer to the knowledge, conduct or actions of persons, entities or defendants other than Andrx; Andrx is without knowledge or information sufficient to form a belief as to the truth of the allegations. Andrx denies each and every allegation contained in Paragraph 122 that pertains to Andrx.

00099291.DOC / 5

123.    To the extent the allegations contained in Paragraph 123 of the Second Amended Complaint refer to the knowledge, conduct or actions of persons, entities or defendants other than Andrx; Andrx is without knowledge or information sufficient to form a belief as to the truth of the allegations. Andrx denies each and every allegation contained in Paragraph 123 that pertains to Andrx.

124.    To the extent the allegations contained in Paragraph 124 of the Second Amended Complaint refer to the knowledge, conduct or actions of persons, entities or defendants other than Andrx; Andrx is without knowledge or information sufficient to form a belief as to the truth of the allegations. Andrx denies each and every allegation contained in Paragraph 124 that pertains to Andrx.

125.    To the extent the allegations contained in Paragraph 125 of the Second Amended Complaint refer to the knowledge, conduct or actions of persons, entities or defendants other than Andrx; Andrx is without knowledge or information sufficient to form a belief as to the truth of the allegations. Andrx denies each and every allegation contained in Paragraph 125 that pertains to Andrx.

126.    To the extent the allegations contained in Paragraph 126 of the Second Amended Complaint refer to the knowledge, conduct or actions of persons, entities or defendants other than Andrx; Andrx is without knowledge or information sufficient to form a belief as to the truth of the allegations. Andrx denies each and every allegation contained in Paragraph 126 that pertains to Andrx.

**Claims**

**Count One—Fraudulent Misrepresentation**

127.    In answer to Paragraph 127, Andrx incorporates by reference Paragraphs 1 through 126 of this Answer.

128.    To the extent the allegations contained in Paragraph 128 of the Second Amended Complaint refer to the knowledge, conduct or actions of persons, entities or defendants other than Andrx; Andrx is without knowledge or information sufficient to form a belief as to the truth of the allegations.  Andrx denies each and every allegation contained in Paragraph 128 that pertains to Andrx, except that Andrx admits that from time to time during the relevant period, Andrx provided information to third party publications which contained, *inter alia*, pricing information sometimes referred to as average wholesale price or "AWP" and wholesale acquisition cost or "WAC" for certain of its drugs and, affirmatively states that Andrx' AWP is commonly understood to be a benchmark used throughout the industry and not an average price charged by wholesalers to the entities identified in Paragraph 128.

129.    Paragraph 129 of the Complaint consists solely of conclusions of law to which no response is required.  To the extent a response is required and to the extent the allegations contained in Paragraph 129 of the Second Amended Complaint refer to the knowledge, conduct or actions of persons, entities or defendants other than Andrx; Andrx is without knowledge or information sufficient to form a belief as to the truth of the allegations and further denies each and every allegation contained in Paragraph 129 that pertains to Andrx.

130.    Paragraph 130 of the Complaint consists solely of conclusions of law to which no response is required.  To the extent a response is required and to the extent the allegations contained in Paragraph 130 of the Second Amended Complaint refer to the knowledge, conduct

- 10 -

or actions of persons, entities or defendants other than Andrx; Andrx is without knowledge or information sufficient to form a belief as to the truth of the allegations and further denies each and every allegation contained in Paragraph 129 that pertains to Andrx.

## Count Two—Fraudulent Suppression

131.    In answer to Paragraph 131, Andrx incorporates by reference Paragraphs 1 through 130 of this Answer.

140.    [sic] Paragraph 140 of the Complaint consists solely of conclusions of law to which no response is required.  To the extent a response is required and to the extent the allegations contained in Paragraph 140 of the Second Amended Complaint refer to the knowledge, conduct or actions of persons, entities or defendants other than Andrx; Andrx is without knowledge or information sufficient to form a belief as to the truth of the allegations. Andrx denies each and every allegation contained in Paragraph 140 that pertains to Andrx, except that Andrx admits that from time to time during the relevant period, Andrx provided information to third party publications which contained, inter alia, pricing information sometimes referred to as average wholesale price or AWP and wholesale acquisition cost or WAC for certain of its drugs and, affirmatively states that Andrx' AWP is commonly understood to be a benchmark used throughout the industry and not an average price charged by wholesalers to the entities identified in Paragraph 140.

141.    Paragraph 141 of the Complaint consists solely of conclusions of law to which no response is required.  To the extent a response is required and to the extent the allegations contained in Paragraph 141 of the Second Amended Complaint refer to the knowledge, conduct or actions of persons, entities or defendants other than Andrx; Andrx is without knowledge or

00099291.DOC / 5

information sufficient to form a belief as to the truth of the allegations and further denies each and every allegation contained in Paragraph 141 that pertains to Andrx.

142.    Paragraph 142 of the Complaint consists solely of conclusions of law to which no response is required. To the extent a response is required and to the extent the allegations contained in Paragraph 142 of the Second Amended Complaint refer to the knowledge, conduct or actions of persons, entities or defendants other than Andrx; Andrx is without knowledge or information sufficient to form a belief as to the truth of the allegations and further denies each and every allegation contained in Paragraph 142 that pertains to Andrx.

## Count Three--Wantonness

143.    In answer to Paragraph 143, Andrx incorporates by reference Paragraphs 1 through 142 of this Answer.

144.    Paragraph 144 of the Complaint consists solely of conclusions of law to which no response is required. To the extent a response is required and to the extent the allegations contained in Paragraph 144 of the Second Amended Complaint refer to the knowledge, conduct or actions of persons, entities or defendants other than Andrx; Andrx is without knowledge or information sufficient to form a belief as to the truth of the allegations and further denies each and every allegation contained in Paragraph 144 that pertains to Andrx.

145.    Paragraph 145 of the Complaint consists solely of conclusions of law to which no response is required. To the extent a response is required and to the extent the allegations contained in Paragraph 145 of the Second Amended Complaint refer to the knowledge, conduct or actions of persons, entities or defendants other than Andrx; Andrx is without knowledge or information sufficient to form a belief as to the truth of the allegations and further denies each and every allegation contained in Paragraph 145 that pertains to Andrx.

- 12 -

146.    Paragraph 146 of the Complaint consists solely of conclusions of law to which no response is required.  To the extent a response is required and to the extent the allegations contained in Paragraph 146 of the Second Amended Complaint refer to the knowledge, conduct or actions of persons, entities or defendants other than Andrx; Andrx is without knowledge or information sufficient to form a belief as to the truth of the allegations and further denies each and every allegation contained in Paragraph 146 that pertains to Andrx.

147.    Paragraph 147 of the Complaint consists solely of conclusions of law to which no response is required.  To the extent a response is required and to the extent the allegations contained in Paragraph 147 of the Second Amended Complaint refer to the knowledge, conduct or actions of persons, entities or defendants other than Andrx; Andrx is without knowledge or information sufficient to form a belief as to the truth of the allegations and further denies each and every allegation contained in Paragraph 147 that pertains to Andrx.

### Count Four—Unjust Enrichment

148.    In answer to Paragraph 148, Andrx incorporates by reference Paragraphs 1 through 147 of this Answer.

149.    To the extent the allegations contained in Paragraph 149 of the Second Amended refer to the knowledge, conduct or actions of persons, entities or defendants other than Andrx; Andrx is without knowledge or information sufficient to form a belief as to the truth of the allegations.  Andrx denies each and every allegation contained in Paragraph 149 that pertains to Andrx.

150.    To the extent the allegations contained in Paragraph 150 of the Second Amended refer to the knowledge, conduct or actions of persons, entities or defendants other than Andrx; Andrx is without knowledge or information sufficient to form a belief as to the truth of the

allegations. Andrx denies each and every allegation contained in Paragraph 150 that pertains to Andrx.

151.    Paragraph 151 of the Complaint consists solely of conclusions of law to which no response is required. To the extent a response is required and to the extent the allegations contained in Paragraph 151 of the Second Amended Complaint refer to the knowledge, conduct or actions of persons, entities or defendants other than Andrx; Andrx is without knowledge or information sufficient to form a belief as to the truth of the allegations and further denies each and every allegation contained in Paragraph 151 that pertains to Andrx.

152.    Paragraph 152 of the Complaint consists solely of conclusions of law to which no response is required. To the extent a response is required and to the extent the allegations contained in Paragraph 152 of the Second Amended Complaint refer to the knowledge, conduct or actions of persons, entities or defendants other than Andrx; Andrx is without knowledge or information sufficient to form a belief as to the truth of the allegations and further denies each and every allegation contained in Paragraph 152 that pertains to Andrx.

## ANDRX'S AFFIRMATIVE DEFENSES

### FIRST DEFENSE

The Second Amended Complaint fails to state facts sufficient to state a claim upon which relief can be granted.

### SECOND DEFENSE

The State has not suffered injury to a legally cognizable interest as a result of Andrx's conduct.

## THIRD DEFENSE

The State's claims against Andrx are barred in whole or in part since some or all of the claims set forth in the Second Amended Complaint did not accrue within the applicable statute of limitations periods.

## FOURTH DEFENSE

The State's claims against Andrx are barred in whole or in part by the doctrine of ratification.

## FIFTH DEFENSE

The State's claims against Andrx are barred in whole or in part by the doctrine of estoppel.

## SIXTH DEFENSE

The State's claims against Andrx are barred in whole or in part by the doctrine of waiver.

## SEVENTH DEFENSE

The State's claims against Andrx are barred in whole or in part by the doctrine of unclean hands with regard to the matters alleged in the Second Amended Complaint.

## EIGHTH DEFENSE

The State's claims against Andrx are barred in whole or in part by the doctrine of laches.

## NINTH DEFENSE

Andrx acted at all times in accordance with standard industry practice and in the good faith belief that its actions were lawful. Andrx also acted in reasonable reliance on statements by government officials that the industry practices complained of herein were lawful.

### TENTH DEFENSE

The State's claims against Andrx are barred in whole or in part by its failure to mitigate damages.

### ELEVENTH DEFENSE

Andrx's actions violated no law, and were permitted by applicable federal law.

### TWELFTH DEFENSE

The State's state law claims are preempted by federal law.

### THIRTEENTH DEFENSE

The State has not met the various state law standing requirements to sue Andrx.

### FOURTEENTH DEFENSE

The State's claims are barred by the political question and separation of powers doctrines.

### FIFTEENTH DEFENSE

The State's claims are barred by the filed rate doctrine.

### SIXTEENTH DEFENSE

The State's allegations are not plead with the specificity required by Rule 9(b).

### SEVENTEENTH DEFENSE

The State fails to state with particularity facts to support the fraud allegations against Andrx contained in the Second Amended Complaint.

### EIGHTEENTH DEFENSE

The State fails to state with particularity the fraudulent concealment allegations against Andrx in the Second Amended Complaint.

### NINETEENTH DEFENSE

Plaintiff's claims against Andrx are misjoined with plaintiff's claims against other defendants and must be severed.

## TWENTIETH DEFENSE

The State did not rely on the allegedly fraudulent statements or unconscionable conduct of Andrx.

## TWENTY-FIRST DEFENSE

The State's claims are barred, in whole or in part, by the First Amendment to the United States Constitution and the analogous provisions of the Constitutions of the State of Alabama.

## TWENTY-SECOND DEFENSE

The State's claims are barred, in whole or in part, by the *Noerr-Pennington* doctrine to the extent that such claims are premised, in whole or in part, on alleged statements or conduct by Andrx in judicial, legislative or administrative proceedings of any kind or at any level of government.

## TWENTY-THIRD DEFENSE

The State's claims are barred, in whole or in part, to the extent that the State has released, settled, entered into an accord and satisfaction or otherwise compromised its claims.

## TWENTY-FOURTH DEFENSE

The State's claims against Andrx for damages are barred, in whole or in part, because it would be unjustly enriched if allowed to recover any portion of the damages alleged in the Second Amended Complaint.

## TWENTY-FIFTH DEFENSE

Andrx is entitled to a set-off, should any damages be awarded against it, for the entire amount of all damages or settlement amounts recovered by the State, with respect to the same alleged injuries.

## TWENTY-SIXTH DEFENSE

Any damages recovered by the State from Andrx must be limited by the applicable statutory ceilings on recoverable damages.

## TWENTY-SEVENTH DEFENSE

The State fails to alleged facts or a cause of action against Andrx sufficient to support a claim for attorneys' fees, treble damages and/or legal fees.

## TWENTY-EIGHTH DEFENSE

To the extent punitive damages are sought, the State's damages claims against Andrx have no basis in law or fact.

## TWENTY-NINTH DEFENSE

To the extent punitive damages are sought, the State's damages claims against Andrx are not recoverable because the allegations of the Second Amended Complaint are legally insufficient to support a claim for punitive damages against Andrx.

## THIRTIETH DEFENSE

To the extent punitive damages are sought, the State's claim for punitive damages against Andrx cannot be sustained because an award of punitive damages by a jury that (1) is not provided constitutionally adequate standards of sufficient clarity for determining the appropriate imposition of, and the appropriate size of, a punitive damages award, (2) is not adequately instructed on the limits of punitive damages imposed by the applicable principles of deterrence

and punishment, (3) is not expressly prohibited from awarding punitive damages, or determining the amount of an award of punitive damages, in whole or in part on the bases of invidiously discriminatory characteristics, including without limitation the residence, wealth, and corporate status of Andrx, (4) is permitted to award punitive damages under a standard for determining liability for punitive damages that is vague and arbitrary and does not define with sufficient clarity the conduct or mental state that makes punitive damages permissible, (5) is not properly instructed regarding the State's burden of proof with respect to each and every element of a claim for punitive damages, and (6) is not subject to trial court and appellate judicial review for reasonableness and furtherance of legitimate purposes on the basis of constitutionally adequate and objective standards, would violate Andrx' Due Process and Equal Protection rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution, and would be improper under the Alabama Constitution.

## THIRTY-FIRST DEFENSE

To the extent punitive damages are sought, the State's claim for punitive damages against Andrx cannot be sustained because laws regarding the standards for determining liability for and the amount of punitive damages fail to give Andrx prior notice of the conduct for which punitive damages may be imposed and the severity of the penalty that may be imposed and are void for vagueness in violation of Andrx' due process rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitutions and the Alabama Constitution.

## THIRTY-SECOND DEFENSE

To the extent punitive damages are sought, the State's claim for punitive damages against Andrx cannot be sustained because an award of punitive damages that is subject to no predetermined limit, such as maximum multiple of compensatory damages or a maximum

amount of punitive damages that may be imposed, would: (1) violate Andrx' due process rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution; (2) violate Andrx' right not to be subjected to an excessive award; and (3) be improper under the Alabama Constitution.

### THIRTY-THIRD DEFENSE

To the extent punitive damages are sought, the State's claim for punitive damages against Andrx cannot be sustained because any award of punitive damages exceeding the limits authorized by the laws or other comparable laws would violate Andrx' due process and equal protection rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and would be improper under the Alabama Constitution.

### THIRTY-FOURTH DEFENSE

To the extent punitive damages against Andrx cannot be sustained because an award of punitive damages in this case, combined with any prior, contemporaneous, of subsequent judgments against Andrx for punitive damages arising from the design, development, manufacture, fabrication, distribution, supply, marketing, sale, or use of Andrx' medicines would constitute impermissible multiple punishments for the same wrong, in violation of Andrx' due process and equal protection rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and would constitute double jeopardy in violation of the constitutions, common law and statutory law of Alabama.

### THIRTY-FIFTH DEFENSE

To the extent punitive damages are sought, the State's claim for punitive damages against Andrx cannot be sustained because any award of punitive damages without the apportionment of the award separately and severally between or among the alleged joint tortfeasors, as determined

by the alleged percentage of the wrong committed by each alleged tortfeasor, would violate

Andrx' due process and equal protection rights guaranteed by the Fifth and Fourteenth

Amendments to the United States Constitution and would be improper under the constitutions,

common law and public policies of Alabama.

### THIRTY-SIXTH DEFENSE

To the extent punitive damages are sought, the State's claims for punitive damages

against Andrx cannot be sustained because any award of punitive damages, which are penal in

nature, without according Andrx the same protections that are accorded to all criminal

defendants, including the protection against unreasonable searches and seizures, the privilege

against self-incrimination, and the rights to confront adverse witnesses, a speedy trial, and the

effective assistance of counsel, would violate Andrx' right guaranteed by the Fourth, Fifth, and

Sixth Amendments as incorporated into the Fourteenth Amendment to the United States

Constitution and would be improper under the constitutions, common law and public policies of

any applicable states' laws.

### THIRTY-SEVENTH DEFENSE

Andrx adopts by reference any additional applicable defense pled by any other defendant

not otherwise pled herein.

### THIRTY-EIGHT DEFENSE

Andrx hereby gives notice that it intends to rely upon any other and additional defense

that is now or may become available or appear during, or as a result of the discovery proceedings

in this action and hereby reserves its right to amend its answer to assert such defense.  Andrx

also reserves the right to assert such other and related defenses as may become available in the

event of a determination that the action, or some part hereof, is governed by the substantive law of a state other than Alabama.

## THIRTY-NINTH DEFENSE

Plaintiff has no standing or capacity to bring some or all of the claims raised in this suit to recover Medicaid expenditures or seek injunctive relief.

## FORTIETH DEFENSE

Plaintiff's claims are preempted by the dormant commerce clause of the United States Constitution.

## FORTY-FIRST DEFENSE

Plaintiff's claims are barred, in whole or in part, because they violate Andrx' rights under the Due Process and Ex Post Facto Clauses of the United States Constitution, as well as the Constitution of the State of Alabama, insofar as plaintiff seeks to impose liability retroactively for conduct that was not actionable at the time it occurred.

## FORTY-SECOND DEFENSE

Andrx' statements or actions were not the proximate cause or cause in fact of any injury to or alleged loss by plaintiff.

## FORTY-THIRD DEFENSE

To the extent that plaintiff attempts to seek equitable relief against Andrx, it is not entitled to such relief because it has an adequate remedy at law.

## FORTY-FOURTH DEFENSE

Plaintiff's claims against Andrx for injunctive relief were mooted by the passage of the Medicare Prescription Drug, Improvement and Modernization Act of 2003.

- 22 -

### FORTY-FIFTH DEFENSE

Plaintiff's claims against Andrx are barred, in whole or in part, due to its failure to join indispensable parties.

### FORTY-SIXTH DEFENSE

Plaintiff's claims against Andrx are barred, in whole or in part, because it has suffered no damages as a result of the matters alleged in the Complaint.

### FORTY-SEVENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because any injuries sustained by plaintiff were the result of its own conduct or the intervening or superceding conduct of third parties.

### FORTY-EIGHTH DEFENSE

Some or all of plaintiff's claims against Andrx arise from plaintiff's failure to follow its federal and state statutory and regulatory obligation to properly establish appropriate reimbursement rates.

### FORTY-NINTH DEFENSE

Andrx hereby gives notice that it intends to rely upon any other and additional defense that is now or may become available or appear during, or as a result of the discovery proceedings in this action and hereby reserves its right to amend its answer to assert such defense.

## PRAYER FOR RELIEF

WHEREFORE, Defendant Andrx Pharmaceuticals Inc. requests

A. That the State of Alabama's Second Amended Complaint be dismissed with

prejudice, and

B. For such further relief as the Court may deem just and proper.

Dated: Montgomery, Alabama

January 30, 2006

**ANDRX PHARMACEUTICALS, INC.,**
By its attorneys,

James H. Anderson AND021
BEERS, ANDERSON, JACKSON, PATTY
& VAN HEEST, P.C.
250 Commerce Street, Suite 100
P.O. Box 1988
Montgomery, Alabama 36102
Telephone: (334) 834-5311
Facsimile: (334) 834-5362

Robert J. Muldoon, Jr.
James W. Matthews
Katy E. Koski
SHERIN AND LODGEN LLP
101 Federal Street
Boston, Massachusetts 02110
Telephone: (617) 646-2000
Facsimile: (617) 646-2222

- 24 -

00099291.DOC / 5

## CERTIFICATE OF SERVICE

I hereby certify that I have on this 30th day of January, 2006, electronically served a true and correct copy of the foregoing pleading on counsel of record by transmission to LNFS, pursuant to Case Management Order No. 2.

/s/ Katy E. Koski
*Pro Hac Vice*

00099291.DOC / 5