

10453353

Jan 30 2006
4:52PM

## IN THE CIRCUIT COURT OF
## MONTGOMERY COUNTY, ALABAMA

| | | |
|---|---|---|
| STATE OF ALABAMA, | ) | |
| | ) | |
|     Plaintiff, | ) | |
| | ) | |
|     v. | ) | CV 2005-219 |
| | ) | |
| ABBOTT LABORATORIES, INC., et al., | ) | |
| | ) | |
|     Defendants. | ) | |

### AMGEN INC.'S ANSWER TO
### PLAINTIFF'S SECOND AMENDED COMPLAINT

Defendant Amgen Inc. ("Amgen"), hereby answers the allegations set forth in Plaintiffs' Second Amended Complaint ("Complaint"), and for its answer, states and alleges as follows:

### Preface

The Complaint contains allegations that are vague, ambiguous, inflammatory or otherwise improper. Amgen responds only to the extent that the Complaint is susceptible to a response and to the extent that Amgen has information sufficient to form a belief as to the allegations. Except where an allegation is expressly admitted, Amgen denies each and every allegation in the Complaint. For example, to the extent that the Complaint makes allegations that refer to the knowledge, conduct or actions of others, Amgen is generally without knowledge or information sufficient to form a belief as to the truth or falsity of those allegations and, on that basis, denies those allegations. Amgen also denies all allegations that contain legal arguments and conclusions of law as those allegations do not require a response.

The Complaint improperly joins defendants Amgen and Immunex Corporation ("Immunex") together as "Amgen Defendants," even though they are separate corporations and

1

are sued as distinct and separate defendants.  To the extent that the allegations in this Complaint

These comments and objections are incorporated, to the extent appropriate, into

1.    To the extent that the allegations in Paragraph 1 are directed to defendants other than Amgen, no response is required.  To the extent that those allegations are directed to

2.    To the extent that the allegations in Paragraph 2 are directed to defendants Amgen, Amgen is without knowledge or information sufficient to form a belief as to the truth of

3.    Amgen admits only that Plaintiff seeks to bring this action as alleged in

the extent that the remaining allegations in Paragraph 3 are directed to defendants other than

denied.

alleged in Paragraph 4 but denies that Plaintiff is entitled to legal or equitable redress.  To the

response is required.  To the extent that those allegations are directed to Amgen, they are denied

## PARTIES

capacity as sovereign and on behalf of the Alabama Medicaid Agency as alleged in Paragraph 5

6.    To the extent that the allegations in Paragraph 6 refer to statutes and

the extent the allegations set forth in Paragraph 6 are legal arguments or conclusions of law, no

further response is required.

other than Amgen, and thus require no response.  To the extent that a response is required of

13.    Amgen admits the allegations in Paragraph 13.

requires no response.  To the extent that a response is required of Amgen, Amgen is without

Therefore, they are denied.

biological therapeutics, including Aranesp, Epogen, Kineret, Neulasta, and Neupogen.  Amgen

Paragraph 15 seeks to attribute to Amgen conduct by Immunex.  Amgen denies such allegations

and was named as such in this action.  Amgen denies all remaining factual allegations set forth in

16-93. The allegations in Paragraphs 16 through 93 are directed to defendants

Amgen, these allegations are denied.

defendants other than Amgen, no response is required.  To the extent that those allegations are

## JURISDICTION AND VENUE

95.    Amgen denies the allegations set forth in Paragraph 95.

defendants other than Amgen, no response is required.  To the extent that those allegations are

97.    To the extent that the allegations in Paragraph 97 refer to statutes and

the extent the allegations set forth in this paragraph are legal arguments or conclusions of law, no

## FACTUAL BACKGROUND

to the truth of the allegations in Paragraph 98.  Therefore, they are denied.

to the truth of the allegations in Paragraph 99.  Therefore, they are denied.

defendants other than Amgen, they are denied.  To the extent the allegations are directed to

Amgen, Amgen admits that, from time to time during the relevant period, it provided price lists

to third-party publications which contained suggested "AWPs" and "WACs" for certain of its

benchmark used throughout the industry and not an average price charged by wholesalers to the

the price at which wholesalers purchase Amgen products prior to any discounts or other terms,

      101.    Amgen admits the allegations set forth in Paragraph 101.

      102.    To the extent that the allegations in Paragraph 102 refer to statutes and

the extent that the allegations in Paragraph 102 are directed to defendants other than Amgen,

of Amgen, they are denied.

defendants other than Amgen, no response is required. Amgen is without information or

allegation is denied. To the extent the remaining allegations are directed to Amgen, they are

      104.    To the extent that the allegations in Paragraph 104 are directed to

defendants other than Amgen, no response is required. To the extent the allegations are directed

to Amgen and a response is required of Amgen, Amgen is without information or knowledge

sufficient to form a belief as to the truth of these allegations. Therefore, they are denied.

105.    To the extent that the allegations in Paragraph 105 are directed to

to Amgen and a response is required of Amgen, they are denied.

defendants other than Amgen, no response is required.  To the extent the allegations are directed

published by the pricing compendia, for its own products.  Amgen denies the remaining

allegations set forth in Paragraph 106.

are directed to defendants other than Amgen, no response is required.  To the extent the

Amgen, they are denied.

defendants other than Amgen, no response is required.  To the extent the allegations are directed

similarly meritless claims.  Amgen is without information or knowledge sufficient to form a

113.    To the extent that the allegations in Paragraph 113 are directed to

knowledge sufficient to form a belief as to the truth of the remaining allegations. Therefore, they

114-123.    The allegations in Paragraphs 114 through 123 are directed to

directed to Amgen and a response is required of Amgen, they are denied.

defendants other than Amgen, no response is required. To the extent the allegations are directed

to Amgen and a response is required of Amgen, Amgen is without information or knowledge

125.    To the extent that the allegations in Paragraph 125 are directed to

to Amgen and a response is required of Amgen, they are denied. Amgen affirmatively states that

nor impossible for the Plaintiff to allege specifically its claims as to Amgen, which Plaintiff has

126.    To the extent that the allegations in Paragraph 126 are directed to

to Amgen and a response is required of Amgen, they are denied.

CLAIMS

COUNT ONE — FRAUDULENT MISREPRESENTATION

127.    Amgen reasserts and incorporates herein by reference its responses to

Paragraphs 1 through 126 of the Complaint as if fully set forth herein.

128.    To the extent that the allegations in Paragraph 128 are directed to

to Amgen, Amgen admits only that, from time to time during the relevant period, it provided

certain of its biologic therapeutics and, affirmatively states that its AWP was commonly

wholesalers.  Amgen denies the remaining allegations set forth in Paragraph 128.

129.    To the extent that the allegations in Paragraph 129 refer to statutes and

the extent the allegations set forth in this paragraph are legal arguments or conclusions of law, no

no response is required.  To the extent there are factual allegations directed to Amgen and a

130.    To the extent the allegations set forth in Paragraph 130 are legal

directed to defendants other than Amgen, no response is required.  To the extent there are factual

**COUNT TWO – FRAUDULENT SUPPRESSION**

Paragraphs 1 through 130 of the Complaint as if fully set forth herein

Thus, no response is required

140.    To the extent that the allegations in Paragraph 140 are directed to

to Amgen, they are denied.

regulations, those sources speak for themselves, and any characterizations thereof are denied.  To

response is required.  To the extent the allegations are directed to defendants other than Amgen,

no response is required.  To the extent there are factual allegations directed to Amgen and a

142.    To the extent the allegations set forth in Paragraph 142 are legal

directed to defendants other than Amgen, no response is required.  To the extent there are factual

### COUNT THREE – WANTONNESS

Paragraphs 1 through 142 of the Complaint as if fully set forth herein.

defendants other than Amgen, no response is required.  To the extent the allegations are directed

145.    To the extent that the allegations in Paragraph 145 are directed to

to Amgen, they are denied.

146.    To the extent the allegations set forth in Paragraph 146 are legal

directed to defendants other than Amgen, no response is required.  To the extent there are factual

147.    To the extent the allegations set forth in Paragraph 147 are legal

directed to defendants other than Amgen, no response is required.  To the extent there are factual

allegations directed to Amgen and a response is required of Amgen, they are denied.

148.    Amgen reasserts and incorporates herein by reference its responses to

149-152.    To the extent that the allegations in Paragraphs 149 through 152

allegations in Paragraphs 149 through 152 are directed to Amgen, they are denied.

**AND REQUEST FOR JURY TRIAL**

section entitled "PRAYER FOR RELIEF" and unnumbered "WHEREFORE" paragraph

## AFFIRMATIVE DEFENSES

any denial asserted herein, Amgen further responds to the Complaint by stating and alleging as

1.    The Complaint fails to state a claim against Amgen upon which relief may be

2.    Amgen has not acted in a manner that is illegal, oppressive, or fraudulent and in

industry practices and government requirements and policies.

calculation of actual average prices and with no express or implicit definition

contrary to industry practice.  For public policy and other reasons, the federal

calculation of actual average prices.  Among the defenses that arise from those

a) Plaintiff's claims are barred, in whole or in part, by the political question,

plaintiffs would interfere with legislative decisions and functions.

complied with all applicable statutes and regulations.

Amgen's rights under the Due Process and Ex Post Facto clauses of the

insofar as, among other things, Plaintiff seeks to impose liability under

conduct that was not actionable at the time it occurred

d) Plaintiff's claims are barred, in whole or in part, because Amgen did not

   to believe, and did not believe, that any statement was false or misleading

e) The communications and conduct of Amgen and others are protected by

   Alabama, and common law privileges, and it would violate those

   protections to construe AWP as fraudulent.

   contractor and similar defenses because the reimbursement system,

   and approved by the United States Government to serve its purposes.

   governments, and plaintiffs are estopped or otherwise barred from seeking

h) Plaintiff's approach to AWP would discourage legitimate price

i) Plaintiff's claims are barred, in whole or in part, because, *inter alia*, in

   ~~......., .. ........., ...........~ ..... .........~ .. ... ~~............~

   reimbursement and industry context plaintiffs acted recklessly and

   ~~..........~ ... .... .... ...... ....~ ..~ .....~ .........................~ ........~ ... .............~ .. .~

   properly, because they are bound by the government's knowledge and

   ~~..........~ ... ..........~ ...~ ...........~ .. ... ......~ ... .. .. ... .~

4. Plaintiff's state law claims are preempted, in whole or in part, by federal law,

   Security Act of 1974, the Federal Medicare Act, the Federal Medicaid Act,

   Clause of the United States Constitution.

   doctrine to the extent that such claims are premised, in whole or in part, on

   alleged statements or expressive conduct by Amgen, healthcare providers, or

6. Plaintiffs' claims are barred, in whole or in part, by the applicable statutes of

7. Plaintiff's claims are barred, in whole or in part, by the doctrines of laches,

8. Plaintiff lacks standing and privity.

   Alabama common law and/or Alabama Code to prove the alleged claims

   under the law, including standing, lack of direct purchaser, federal preemption,

10. Plaintiff fails to allege facts or a cause of action against Amgen sufficient to

   any other relief.

11.    Plaintiff's claims for declaratory or equitable relief are barred because plaintiff

passage of the 2003 Medicare reform legislation, and due to the doctrine of *in*

12.    To the extent Plaintiff's or any member of the putative class obtain or have

other case or through any other method predicated on the same factual

allegations, that Plaintiff or purported class member is barred from seeking

13.    Plaintiff's claims are barred, in whole or in part, to the extent that Plaintiff has

compromised their claims.

indispensable parties.

cognizable interest by reason of conduct of Amgen as alleged in the Complaint

by Plaintiff was the result of intervening or superseding conduct of third parties

17

18.    Amgen's statements and actions were not the proximate cause or cause in fact

19.    Plaintiff's claims are barred, in whole or in part, because Plaintiff failed to

reduce the recovery of such persons and the allocation of any fault, if any exists,

20.    Plaintiff's claims are barred, in whole or in part, because they would be unjustly

enriched if allowed to recover any portion of the damages alleged in the

21.    Plaintiff's unjust enrichment claims are barred, in whole or in part, because

alleged overpayments as required under Alabama law.

entire amount of all damages or settlement amounts recovered by Plaintiff, with

23.    Any damages recovered by the Plaintiff from Amgen must be limited by the

limitation, Alabama Code 6-11-21.

Amgen to multiple and retroactive liability and would deny Amgen

25.    Plaintiff's claim for punitive damages is barred by federal and state

26.    Plaintiff's claim for punitive and other damages against Amgen cannot be

and severally between or among the defendants and other alleged responsible

each alleged tortfeasor, would violate Amgen's due process and equal protection

Constitution and would be improper under the constitutions, common law, and

public policies of any applicable state.

because the laws regarding the standards for determining liability for and the

which punitive damages may be imposed and the severity of the penalty may be

guaranteed by the Fifth and Fourteenth Amendments to the United States

28.    Plaintiff's claims for punitive damages against Amgen cannot be sustained

Constitution; (2) violate Amgen's right not to be subjected to an excessive award;

the State of Alabama.

29.    Plaintiff's claims for punitive damages against Amgen cannot be sustained

constitutionally adequate standards of sufficient clarity for determining the

(2) is not adequately instructed on the limits of punitive damages imposed by the

from awarding punitive damages, or determining the amount of an award of

punitive damages, in whole or in part on the basis of invidiously discriminatory

status of Amgen; (4) is permitted to award punitive damages under a standard for

define with sufficient clarity the conduct or mental state that makes punitive

proof with respect to each and every element of a claim for punitive damages; and

and furtherance of legitimate purposes on the basis of constitutionally adequate

rights guaranteed by the Fifth and Fourteenth Amendments to the United States

public policies of the State of Alabama

because any award of punitive damages which are penal in nature without

defendants, including the protection against unreasonable searches and seizures,

witnesses, a speedy trial, and the effective assistance of counsel, would violate

incorporated into the Fourteenth Amendment to the United States Constitution

of the State of Alabama.

31.    Plaintiff is not the real parties in interest.

prohibited unlawful practices and trained its relevant employees regarding such

33.    Some or all of the Plaintiff's claims against Amgen arise from the Plaintiff's

properly establish appropriate reimbursement rates.

other defendants and must be severed.

defendant not otherwise pled in this answer. Amgen hereby gives notice that it

become available or appear during, or as a result of the discovery proceedings in

defense.

WHEREFORE, defendant Amgen demands that: (1) the Complaint be in all

reasonable attorneys' fees; and (3) it be awarded such other and further relief as the Court may

Respectfully submitted,

/s/ Steven F. Barley
Anthony A. Joseph
JOHNSTON, BARTON, PROCTOR & POWELL,

Birmingham, Alabama  35203
205-458-9447 (phone)

Joseph H. Young
Steven F. Barley

Baltimore, MD 21202
410-659-2700 (phone)

January 30, 2006

## CERTIFICATE OF SERVICE

true and correct copy of the foregoing pleading on counsel of record by transmission to LNFS, pursuant to Case Management Order No. 2.

/s/ Steve F. Barley