

IN THE CIRCUIT COURT OF
MONTGOMERY COUNTY, ALABAMA

| | |
|---|---|
| STATE OF ALABAMA,<br><br>Plaintiff,<br><br>v.<br><br>ABBOT LABORATORIES, INC. et al.,<br><br>Defendants. | CV 2005-219 |

### BOEHRINGER INGELHEIM CORPORATION AND BOEHRINGER INGELHEIM PHARMACEUTICALS, INC.'S MOTION TO SEVER OR FOR A SEPARATE TRIAL AND OPPOSITION TO THE STATE'S PROPOSED TRIAL TRACKS

Boehringer Ingelheim Corporation ("BIC") and Boehringer Ingelheim Pharmaceuticals, Inc. ("BIPI"), by their undersigned counsel, respectfully move the Court, pursuant to Rules 20, 21, and 42 of the Alabama Rules of Civil Procedure, to enter an Order severing the action against them from the actions against all other Defendants named in the referenced action or, in the alternative, for a separate trial of any claims against BIC and BIPI that remain at the time of trial.

In support of this Motion, BIC and BIPI state as follows:

1.   To the extent relevant to BIC and BIPI, BIC and BIPI adopt and incorporate by reference the grounds, reasons, and arguments for severance as set forth in Aventis Pharmaceuticals Inc.'s Motion to Sever or for a Separate Trial ("Aventis Motion") filed on September 15, 2006.

2.   In further support of this Motion, BIC and BIPI incorporate by reference the Affidavit of Gregory K. Bell ("Bell Affidavit"), submitted with Defendant Novartis Pharmaceutical Corporation's Motion to Sever or for a Separate Trial, which illustrates the diversity of pharmaceutical manufacturer distribution, pricing, and reimbursement practices

within the industry, and how the these differences would cause undue complexity if the multiple Defendants are tried together before a jury.

3. Plaintiff's joinder of its claims against BIC and BIPI with its claims against more than 70 other defendants in this case is improper under Rule 20(a). Plaintiff's Second Amended Complaint does not assert, nor has Plaintiff established, that Plaintiff's claims against BIC or BIPI "aris[e] out of the same transaction, occurrence, or series of transactions or occurrences" as Plaintiff's claims against all other Defendants. Ala. R. Civ. P. 20(a). Accordingly, BIC and BIPI are entitled to severance of the actions against them from the actions against all other Defendants pursuant to Rules 20 and 21.

4. For the same reason, BIC and BIPI also oppose the State's Proposed Trial Track 1, which seeks to compel BIC and BIPI to try their cases in a single proceeding with the following twenty-eight other defendants: Abbott Laboratories, Inc.; AstraZeneca Pharmaceuticals LP; AstraZeneca LP; Baxter Healthcare Corporation; Baxter International, Inc.; Roxane Laboratories, Inc. (n/k/a Boehringer Ingelheim Roxane, Inc.); Bristol-Myers Squibb Company; Dey, L.P.; SmithKline Beecham Corporation d/b/a GlaxoSmithKline; Johnson & Johnson; ALZA Corporation; Janssen Pharmaceutical Products, LP; McNeil-PPC, Inc.; Ortho Biotech Products, LP; Ortho-McNeil Pharmaceutical, Inc.; Mylan Laboratories, Inc.; Mylan Pharmaceuticals, Inc.; UDL Laboratories, Inc.; Novartis Pharmaceuticals Corporation; Sandoz, Inc.; Pfizer, Inc.; Pharmacia Corporation; Pharmacia & Upjohn Company Corporation; G.D. Searle, L.L.C.; Agouron Pharmaceuticals, Inc.; Schering-Plough Corporation; Warrick Pharmaceuticals Corporation; and TAP Pharmaceutical Products, Inc. Plaintiff has presented no evidence which would support joining any of the Defendants in a single trial with BIC or BIPI. Moreover, the Second Amended Complaint contains no allegation that would support the

conclusion that Plaintiff's claims against this group of Defendants "aris[e] out of the same transaction, occurrence, or series of transactions or occurrences." Ala. R. Civ. P. 20(a). Thus, this subset of Defendants does not meet the requirements for permissive joinder pursuant to Rule 20(a).

5. In the alternative, BIC and BIPI should be afforded a separate trial pursuant to Rule 42, because they would be unfairly prejudiced if they are compelled to try their cases jointly with some or all of the other Defendants. Plaintiff's claims relate to the marketing, sale and reimbursement of more than a thousand different drugs—only 12 of which are alleged to have been marketed by BIPI and the subject of reimbursement by the Alabama Medicaid program. (*See* Second Amended Complaint, Ex. A) Plaintiff does not allege that BIC marketed or sold any drugs—instead the State seeks to hold BIC liable for the business of its subsidiaries, including BIPI.[1] (*See* Second Amended Complaint ¶¶ 33-34, & Ex. A). Juror confusion and consequent undue prejudice to both BIC and BIPI are unavoidable if the State's claims against them are permitted to be tried in the same proceeding in which the State will present evidence relating to the marketing practices of dozens of dissimilar companies and the pricing, sale, and reimbursement of hundreds of products that neither BIC nor BIPI manufactured or sold.

WHEREFORE, Boehringer Ingelheim Corporation and Boehringer Ingelheim Pharmaceuticals, Inc. respectfully move the Court to enter an order severing the actions against Boehringer Ingelheim Corporation and Boehringer Ingelheim Pharmaceuticals, Inc. from the actions against any and all other Defendants named in the Second Amended Complaint, or, in the

---

[1] Yet the Second Amended Complaint contains no allegations to support Plaintiffs' apparent alter ego theory of liability against BIC.

alternative for a separate trial of any claims against Boehringer Ingelheim Corporation and Boehringer Ingelheim Pharmaceuticals, Inc. that remain at the time of trial.

Dated: September 29, 2006.

Respectfully submitted,

_____
Sandy G. Robinson (GRI022)
Jarrod J. White (WHI101)
Cabaniss, Johnston, Gardner, Dumas
 & O'Neal LLP
Post Office Box 2906
Mobile, Alabama 36652
(251) 415-7308
(251) 415-7350 (Facsimile)

Helen E. Witt P.C.
Brian P. Kavanaugh
KIRKLAND & ELLIS LLP
200 East Randolph Drive
Chicago, Illinois 60601
(312) 861-2000
(312) 861-2200 (Facsimile)

*Attorneys for Defendants Boehringer Ingelheim Corporation and Boehringer Ingelheim Pharmaceuticals, Inc.*

## CERTIFICATE OF SERVICE

    I hereby certify that I have on this 29th day of September, 2006, electronically served a true and correct copy of the foregoing pleading on counsel of record by transmission to LNFS, pursuant to Case Management Order No. 2.

_____