

IN THE CIRCUIT COURT OF
MONTGOMERY COUNTY, ALABAMA

| | |
|---|---|
| STATE OF ALABAMA,<br><br>Plaintiff,<br><br>v.<br><br>ABBOT LABORATORIES, INC. et al.,<br><br>Defendants. | CV 2005-219 |

### BOEHRINGER INGELHEIM ROXANE, INC.'S
### MOTION TO SEVER OR FOR A SEPARATE TRIAL AND OPPOSITION TO THE
### STATE'S PROPOSED TRIAL TRACKS

Boehringer Ingelheim Roxane, Inc., f/k/a Roxane Laboratories, Inc., ("BIRI"), by its undersigned counsel, respectfully moves the Court, pursuant to Rules 20, 21, and 42 of the Alabama Rules of Civil Procedure, to enter an Order severing the action against it from the actions against all other Defendants named in the referenced action or, in the alternative, for a separate trial of any claims against BIRI that remain at the time of trial.

In support of this Motion, BIRI states as follows:

1. To the extent relevant to BIRI, BIRI adopts and incorporates by reference the grounds, reasons, and arguments for severance as set forth in Aventis Pharmaceuticals Inc.'s Motion to Sever or for a Separate Trial ("Aventis Motion") filed on September 15, 2006.

2. In further support of this Motion, BIRI incorporates by reference the Affidavit of Gregory K. Bell ("Bell Affidavit"), submitted with Defendant Novartis Pharmaceutical Corporation's Motion to Sever or for a Separate Trial, which illustrates the diversity of pharmaceutical manufacturer distribution, pricing, and reimbursement practices within the

industry, and how the these differences would cause undue complexity if the multiple Defendants are tried together before a jury.

3. Plaintiff's joinder of its claims against BIRI with its claims against more than 70 other defendants in this case is improper under Rule 20(a). Plaintiff's Second Amended Complaint does not assert, nor has Plaintiff established, that Plaintiff's claims against BIRI "aris[e] out of the same transaction, occurrence, or series of transactions or occurrences" as Plaintiff's claims against all other Defendants. Ala. R. Civ. P. 20(a). Accordingly, BIRI is entitled to severance of the action against it from the actions against all other Defendants pursuant to Rules 20 and 21.

4. For the same reason, BIRI also opposes the State's Proposed Trial Track 1, which seeks to compel BIRI to try its case in a single proceeding with the following twenty-nine other defendants: Abbott Laboratories, Inc.; AstraZeneca Pharmaceuticals LP; AstraZeneca LP; Baxter Healthcare Corporation; Baxter International, Inc.; Boehringer Ingelheim Corporation; Boehringer Ingelheim Pharmaceuticals, Inc.; Bristol-Myers Squibb Company; Dey, L.P.; SmithKline Beecham Corporation d/b/a GlaxoSmithKline; Johnson & Johnson; ALZA Corporation; Janssen Pharmaceutical Products, LP; McNeil-PPC, Inc.; Ortho Biotech Products, LP; Ortho-McNeil Pharmaceutical, Inc.; Mylan Laboratories, Inc.; Mylan Pharmaceuticals, Inc.; UDL Laboratories, Inc.; Novartis Pharmaceuticals Corporation; Sandoz, Inc.; Pfizer, Inc.; Pharmacia Corporation; Pharmacia & Upjohn Company Corporation; G.D. Searle, L.L.C.; Agouron Pharmaceuticals, Inc.; Schering-Plough Corporation; Warrick Pharmaceuticals Corporation; and TAP Pharmaceutical Products, Inc. Plaintiff has presented no evidence which would support joining any of the Defendants in a single trial with BIRI. Moreover, the Second Amended Complaint contains no allegation that would support the conclusion that Plaintiff's claims against this group of Defendants "aris[e] out of the same transaction, occurrence, or series

of transactions or occurrences." Ala. R. Civ. P. 20(a). Thus, this subset of Defendants does not meet the requirements for permissive joinder pursuant to Rule 20(a).

    5.      In the alternative, BIRI should be afforded a separate trial pursuant to Rule 42, because BIRI would be unfairly prejudiced if it is compelled to try its case jointly with some or all of the other Defendants. Plaintiff's claims relate to the marketing, sale and reimbursement of more than a thousand different drugs—only 32 of which are alleged to have been marketed by BIRI and the subject of reimbursement by the Alabama Medicaid program. (*See* Second Amended Complaint, Ex. A). Juror confusion and consequent undue prejudice to BIRI are unavoidable if the State's claims against BIRI are permitted to be tried in the same proceeding in which the State will present evidence relating to the marketing practices of dozens of dissimilar companies and the pricing, sale, and reimbursement of hundreds of products that BIRI never manufactured or sold.

    WHEREFORE, Boehringer Ingelheim Roxane, Inc. respectfully moves the Court to enter an order severing the action against Boehringer Ingelheim Roxane, Inc. from the actions against any and all other Defendants named in the Second Amended Complaint, or, in the alternative for a separate trial of any claims against Boehringer Ingelheim Roxane, Inc. that remain at the time of trial.

Dated: September 29, 2006.

Respectfully submitted,

/s/

Sandy G. Robinson (GRI022)
Jarrod J. White (WHI101)
Cabaniss, Johnston, Gardner, Dumas
  & O'Neal LLP
Post Office Box 2906
Mobile, Alabama 36652
(251) 415-7308
(251) 415-7350 (Facsimile)

Helen E. Witt P.C.
Brian P. Kavanaugh
KIRKLAND & ELLIS LLP
200 East Randolph Drive
Chicago, Illinois 60601
(312) 861-2000
(312) 861-2200 (Facsimile)

*Attorneys for Defendant Boehringer Ingelheim Roxane, Inc., f/k/a Roxane Laboratories, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that I have on this 29th day of September, 2006, electronically served a true and correct copy of the foregoing pleading on counsel of record by transmission to LNFS, pursuant to Case Management Order No. 2.