**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION**

| | | |
|---|---|---|
| **STATE OF ALABAMA,** | * | |
| | * | |
| **Plaintiff,** | * | |
| | * | |
| **v.** | * | **Civil Action No.: 2:06cv00920-MHT** |
| | * | |
| **ABBOTT LABORATORIES, INC.,** | * | |
| **et al.,** | * | |
| | * | |
| **Defendants.** | * | |

**PLAINTIFF'S MOTION TO REMAND
AND
TO AWARD ATTORNEY FEES AND COSTS**

Plaintiff, the State of Alabama, moves this Honorable Court to remand this action to the Circuit Court of Montgomery County, Alabama, from which it was removed, and to award attorney fees and costs associated with the improper removal of this case.  This is the second non-meritorious removal of this case by Defendant Dey, L.P. ("Dey") and the other Defendants.  In support of this motion, the State of Alabama submits the following:

1.    Dey has filed a Notice of Removal contending that the federal government's service upon Dey of a recently unsealed *qui tam* complaint pursuant to the federal False Claims Act, 31 U.S.C. § 3729, *et seq.*, made this Alabama action removable under 28 U.S.C. § 1441 and 1446(b).  Dey contends that its Notice is timely  "because it has been filed within 30 days of Dey's first receipt of

the pleading, order, and other paper from which Dey was first able to ascertain that the State of Alabama action had become removable." (*See* Notice of Removal, ¶ 38). Dey's Notice of Removal is improper for both substantive and procedural reasons.

2.    The federal statute upon which Dey relies for the new alleged basis of federal jurisdiction, 31 U.S.C. § 3732(b), does not confer original jurisdiction over the State's claims, and, therefore, this case is not removable under 28 U.S.C. § 1441.[1] Section 3732(b) provides supplemental jurisdiction only, providing states, not a defendant, with the option of intervening or joining in a federal False Claims Act action in federal court. It is well-established that supplemental jurisdiction over state law claims is insufficient to establish federal question jurisdiction under 28 U.S.C. § 1331.

3.    Even assuming for purposes of argument that Dey could surmount the original federal jurisdiction obstacle, the federal *qui tam* complaint against Dey is not an "amended pleading, motion, order, or other paper" within the meaning of 28 U.S.C. § 1446(b), and, therefore, a removal based on that provision is improper. The plain meaning, legislative history, and case law interpreting this statute establish that it applies only to an event or occurrence in the state court action being removed that is caused by a voluntary act of the plaintiff. Here, the

---

[1] This Court previously held, on Defendants' first removal, that the State's state-law claims do not "necessarily raise a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." (*See* Order of Remand dated August 11, 2005, *State of Alabama v. Abbott Laboratories, Inc., et al.*, 2:05cv647-T).

filing and unsealing of the federal *qui tam* complaint was an event that neither occurred in the Alabama state action nor was it caused by any act of the State of Alabama (voluntary or otherwise).

4.    Even so, applying Dey's theory (however improper), Dey's removal petition is also untimely because a similar federal *qui tam* action was unsealed and served on Defendant Abbott Laboratories, Inc. on May 26, 2006, and Defendants did not remove this action within 30 days of that occurrence.  (The unsealing was made public on May 18, 2006, by a press release issued by the United States Department of Justice.)  Again following Dey's improper theory of removal, Abbott's failure to remove this action within 30 days of the unsealing the *qui tam* action against it resulted in a waiver of its removal rights, with such waiver extending to all other Defendants in this action and defeating the unanimity requirement.

5.    No attorney of record signed a consent for Defendant Par Pharmaceutical, Inc., as required by Fed. R. Civ. P. 11, and, therefore, there was no unanimity of consent within the 30-day time period.

6.    Even assuming for purposes of argument that original federal jurisdiction exists over the State's claims against Dey (which it does not), this Court may not exercise supplemental jurisdiction over the State's claims against the other Defendants because the right of a district court to assume supplemental jurisdiction over a related state claim under § 1367(a) only applies to cases originally filed in the district court and not to cases removed to district court.

7.    Even assuming for purposes of argument that original federal jurisdiction exists over the State's claims against Dey (which it does not) and this Court were to assume supplemental jurisdiction over the State's claims against the other Defendants (which would be contrary to law), this Court should exercise its discretion to remand the State's claims against the remaining Defendants pursuant to 28 U.S.C. § 1367(c)(2) and (4).

8.    Finally, because there is no objectively reasonable basis for Dey's removal, particularly as it relates to the 28 U.S.C. § 1446(b) issue, the State is entitled to attorney fees and costs.


WHEREFORE, and as more fully explained in Plaintiff's Brief in support of its Motion to Remand filed simultaneously herewith, the State moves that this matter be summarily remanded to the Circuit Court of Montgomery County, Alabama, from which it was improperly removed, with fees and costs assessed.

The State further moves the Court for an expedited ruling on its Motion to Remand due to Defendants' attempt to stall this case in the federal court system, mischaracterize it as a "tag along" case to the judicial panel on multidistrict litigation, and erroneously have it transferred to the United States District Court for the District of Massachusetts *In Re Pharmaceutical Industry Average Wholesale Price Litigation*, MDL No. 1456.[2]  This abusive tactic should not be

---

[2] The State is filing simultaneously a Motion for Expedited Ruling on its Motion to Remand.

tolerated, and the State requests that this Court expedite its review of the Motion to Remand.

s/ Troy King
TROY KING
ATTORNEY GENERAL

STATE OF ALABAMA
300 State House
11 S. Union Street
Montgomery, Alabama 36130

Email: tking@ago.state.al.us

s/ Jere L. Beasley
Jere L. Beasley (BEA020)
W. Daniel "Dee" Miles, III (MIL060)
Clinton C. Carter (CAR112)
Deputy Attorneys General
BEASLEY, ALLEN, CROW, METHVIN,
PORTIS & MILES, P.C.
P. O. Box 4160
Montgomery, AL 36103-4160
(334) 269-2343
(334) 954-7555 (facsimile)

Email: jere.beasley@beasleyallen.com
dee.miles@beasleyallen.com
clint.carter@beasleyallen.com

s/ Caine O'Rear III
Caine O'Rear III (ORE003)
Windy C. Bitzer (BIT005)
Deputy Attorneys General
HAND ARENDALL, L.L.C.
P. O. Box 123
Mobile, AL 36601
(251) 432-5511
(251) 694-6375 (facsimile)

Email: corear@handarendall.com
wbitzer@handarendall.com

Roger L. Bates (BAT006)
Deputy Attorney General
HAND ARENDALL, L.L.C.
1200 Park Place Tower
2001 Park Place North
Birmingham, AL 35203
(205) 324-4400
(205) 322-1163 (facsimile)

Email:  rbates@handarendall.com

Attorneys for the State of Alabama

## CERTIFICATE OF SERVICE

I hereby certify that on October 20, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to counsel.  I further certify that I have, on this day, served this pleading to counsel of record through the LexisNexis File and Serve system, pursuant to Case Management Order No. 2.

s/ Caine O'Rear III_____