## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
## NORTHERN DIVISION

| | | |
|---|---|---|
| **STATE OF ALABAMA,** | * | |
| | * | |
| **Plaintiff,** | * | |
| | * | |
| **v.** | * | **Civil Action No.: 2:06cv00920-MHT** |
| | * | |
| **ABBOTT LABORATORIES, INC,** | * | |
| **et al.,** | * | |
| | * | |
| **Defendants.** | * | |

## MOTION FOR EXPEDITED RULING ON
## PLAINTIFF'S MOTION TO REMAND

Plaintiff, the State of Alabama, moves this Court to conduct an emergency review of Plaintiff's Motion to Remand filed on October 20, 2006.  In support of this Motion, Plaintiff states the following:

1.    On October 11, 2006, Defendant Dey, L.P. removed this case to federal court **for a second time**,[1] with the other 72 named Defendants, less one, consenting.[2]

---

[1] Defendants first removed this case to federal court on July 13, 2005, erroneously contending that a case released on June 13, 2005 by the United States Supreme Court known as *Grable & Sons Metal Prods., Inc. v. Darue Engineering & Manufacturing*, 545 U.S. 308 (2005), created a federal question out of Plaintiff's original and Amended Complaints.  Plaintiff moved to remand the case to state court on July 21, 2005, and this Court quickly remanded the action on August 11, 2005, finding no federal jurisdiction.  (*See* Order of Remand, attached hereto as Exhibit A).

[2] As argued in Plaintiff's Motion to Remand and Supporting Brief, at least one of the other Defendants did not properly consent to the removal, which is a procedural deficiency requiring remand.

2.    Dey contends that the recent unsealing of a federal *qui tam* action against it pursuant to the federal False Claims Act, 31 U.S.C. § 3729, *et seq.*, made this Alabama action removable under 28 U.S.C. § 1441 and 1446(b).

3.    Dey's removal is without merit.  The federal statute upon which Dey relies for the new alleged basis of federal jurisdiction, 31 U.S.C. § 3732(b), does not confer original jurisdiction over the State's claims, and the case is, therefore, not removable under 28 U.S.C. § 1441.

4.    Moreoever, Dey's removal petition is improper because the unsealing of the federal *qui tam* action is not an "amended pleading, motion, order, or other paper" within the meaning of 28 U.S.C. § 1446(b).  The removal is also untimely because, following Dey's improper theory of removal, a federal *qui tam* action was unsealed against another Defendant, Abbott Laboratories, in May 2006, and Abbott's waiver of its right to remove within 30 days of that unsealing extends to all other Defendants in this action and defeats the unanimity requirement for consent.  Unanimity of consent is also lacking because no attorney of record signed a consent on behalf of Defendant Par Pharmaceutical.

5.    This lawsuit was filed by the State of Alabama on January 26, 2005, and has been pending for over twenty (20) months.  Substantial progress has been made in the state court proceeding – a number of substantive and discovery orders have been entered by the trial judge, two special discovery masters have been appointed, discovery efforts are ongoing, and trial has been scheduled to begin on November 26, 2007, just over one year from now.

6.     On these facts alone, the Plaintiff would request that its Motion for Expedited Ruling on the Motion to Remand be granted.  However, there is an additional factor that creates a sense of urgency which Plaintiff asks this Court to acknowledge:  the Defendants misuse the removal petition in an attempt to stall this case in the federal court system just long enough to bring about a transfer of this case to a federal court in Boston by mischaracterizing the Plaintiff's case as a "tag along" in the MDL proceeding known as *In Re Pharmaceutical Industry Average Wholesale Price Litigation*, MDL No. 1456.[3]

7.     A review of Dey's Removal Petition, in conjunction with the Plaintiff's Second Amended Complaint, clearly demonstrates that this second removal is baseless, just as the first removal was.  Defendants' true motive in removing this case is to delay this matter long enough for Defendants to maneuver this case into an MDL proceeding in Boston, Massachusetts, despite the fact that none of the State's claims even remotely resemble the federal causes of action set forth in *In Re Pharmaceutical Industry Average Wholesale Price Litigation*, MDL No. 1456.

8.     It has been the consistent practice of the Middle District of Alabama to swiftly remand cases that have been removed on weak grounds where the removing parties seek a hopeful transfer by the Judicial Panel on Multidistrict Litigation as an alleged "tag-along" to an MDL.  This Court has

---

[3] Defendants filed a "Notice of Related Action," on October 13, 2006 (two days after they filed their Notice of Removal), a copy of which is attached hereto as Exhibit B.

long recognized the rule followed by many other courts that motions to remand should be resolved <u>prior</u> to any transfer.  *See Craft v. United Ins. Co. of Am.*, 2002 WL 32509283, at *1 (S.D. Miss. Jan. 17, 2002)("[M]otions to remand are [to] be considered prior to disposing of motions to stay pending MDL transfer."); *Meyers v. Bayer AG*, 143 F. Supp. 2d 1044, 1049 (E.D. Wis. 2001)("[A] court should first give preliminary scrutiny to the merits of the motion to remand.  If this preliminary assessment suggests that removal was improper, the court should promptly complete its consideration and remand the case to state court."); *McGrew v. Schering-Plough Corp.*, 2001 WL 950790, at *3 (D. Kan. Aug. 6, 2001)("For purposes of judicial economy, the jurisdictional issue should be resolved immediately.  If federal jurisdiction does not exist, the case can be remanded before federal resources are further expended.").

9.    Indeed, this Court dealt with a similar situation in 1997 involving removal/remand, motions to stay, and an MDL proceeding.  At that time, the Prudential Insurance Company of America attempted a maneuver similar to that which the Defendants have attempted to utilize in this case – removing cases based on frivolous grounds, attempting to delay the cases long enough for the MDL to issue a conditional order, and having the cases transferred to the MDL to achieve an indefinite delay.  Prudential removed 16 cases to this very Court, orally argued the issues of "similarity," and begged the Court to issue a stay on any ruling on the Plaintiff's Motion to Remand.

This Court swiftly remanded some 16 cases, declared defendant's motion to stay as moot, and rejected defendant's argument regarding a pending MDL.  This Court wisely rejected Prudential's arguments of issue "similarity" and relied on the opinion of Chief Judge Butler from the Southern District of Alabama in the case of *Baldwin v. Prudential Insurance Company*, Civil Action No. 96-1264-CB-M (S.D. Ala. March 19, 1997)(attached hereto as Exhibit C), and remanded the 16 Prudential cases back to their respective state circuit courts from which they were removed. *Harris v. Prudential Ins. Co. of America*, Civil Action 97-T-263-E (M.D. Ala. April 16, 1997)(attached hereto as Exhibit D); *Smith v. Prudential Ins. Co. of America*, Civil Action No. 97-T-265-N (M.D. Ala. April 16, 1997)(attached hereto as Exhibit E); *Jones v. Prudential Ins. Co. of America*, Civil Action No. 97-T-279-N (M.D. Ala. April 16, 1997)(attached hereto as Exhibit F); *Murphy v. Prudential Ins. Co. of America*, Civil Action No. 97-T-274-S (M.D. Ala. April 16, 1997)(attached hereto as Exhibit G); *Jones v. Prudential Ins. Co. of America*, Civil Action No. 97-T-266-S (M.D. Ala. April 16, 1997)(attached hereto as Exhibit H); *Leroy v. Prudential Ins. Co. of America*, Civil Action No. 97-T-367-N (M.D. Ala. April 16, 1997)(attached hereto as Exhibit I); *Wilson v. Prudential Ins. Co. of America*, Civil Action No. 97-T-325-N (M.D. Ala. April 16, 1997)(attached hereto as Exhibit J); *Hyde v. Prudential Ins. Co. of America*, Civil Action No. 97-T-269-N (M.D. Ala. April 16, 1997)(attached hereto as Exhibit K); *Turner v. Prudential Ins. Co. of America*, Civil Action No. 97-T-282-N (M.D. Ala. April 16, 1997)(attached hereto as Exhibit L); *Jones v. Prudential Ins. Co. of America*, Civil

Action No. 97-T-238-N (M.D. Ala. April 16, 1997)(attached hereto as Exhibit M); *Browder v. Prudential Ins. Co. of America*, Civil Action No. 97-T-276-N (M.D. Ala. April 16, 1997)(attached hereto as Exhibit N); *Smith v. Prudential Ins. Co. of America*, Civil Action No. 97-T-275-N (M.D. Ala. April 16, 1997)(attached hereto as Exhibit O); *Turnipseed v. Prudential Ins. Co. of America*, Civil Action No. 97-T-273-N (M.D. Ala. April 16, 1997)(attached hereto as Exhibit P); *Moseley v. Prudential Ins. Co. of America*, Civil Action No. 97-T-272-N (M.D. Ala. April 16, 1997)(attached hereto as Exhibit Q); *Fenn v. Prudential Ins. Co. of America*, Civil Action No. 97-T-270-N (M.D. Ala. April 16, 1997)(attached hereto as Exhibit R); and *Pittman v. Prudential Ins. Co. of America*, Civil Action No. 97-T-267-N (M.D. Ala. April 16, 1997)(attached hereto as Exhibit S).

10.    More recently, this Court faced yet another similar situation in the case of *Godwin v. Mutual Life Insurance Company of New York*, Civil Action No. 03-T-1258-N (M.D. Ala. Feb. 5, 2004)(attached hereto as Exhibit T), wherein the plaintiff filed a motion to remand, and this Court summarily remanded the case to state court within 15 days of that filing.  In that case, the defendants removed the case in an effort to delay the proceeding and attempted to obtain an MDL transfer before this Court could rule on the plaintiff's motion to remand.  The Court moved swiftly because there was no basis for subject matter jurisdiction in federal court.

11.    This Court's practice of swiftly remanding cases when jurisdiction is obviously lacking is a sound and proven method of preserving the limited jurisdiction of the federal courts.

12.    It would be grossly unfair to reward the Defendants' misconduct with the delay they seek through the use of their second frivolous removal petition.  Plaintiff requests, as it did in August 2005, that this Court grant its Motion for an Expedited Ruling on the Plaintiff's Motion to Remand and further requests that this Court summarily remand this case immediately, based on the pleadings currently filed.  Alternatively, Plaintiff requests that the Court expedite its ruling on the Plaintiff's Motion to Remand and issue a ruling within **ten days** from the date of this Motion so that the MDL Panel will not attempt to transfer this case when this Court has not had an opportunity to determine that subject matter jurisdiction does not exist and removal is improper.[4]

13.    Plaintiff requests that this Court act immediately on Plaintiff's Motion to Remand.

s/ Troy King_____
TROY KING
ATTORNEY GENERAL

STATE OF ALABAMA
300 State House
11 S. Union Street
Montgomery, Alabama  36130

---

[4] This Court promptly acted when the Defendants previously removed this matter on July 13, 2005, issuing a remand order within 28 days from removal.  The Court's prompt response disposed of the "tag along" issues that the removal petition created.  Plaintiff simply requests that this Court again exercise its efficient disposal of this second improper removal.

Email:  tking@ago.state.al.us

s/ Jere L. Beasley_____
Jere L. Beasley (BEA020)
W. Daniel "Dee" Miles, III (MIL060)
Clinton C. Carter (CAR112)
Deputy Attorneys General
BEASLEY, ALLEN, CROW, METHVIN,
PORTIS & MILES, P.C.
P. O. Box 4160
Montgomery, AL  36103-4160
(334) 269-2343
(334) 954-7555 (facsimile)

Email:  jere.beasley@beasleyallen.com
        dee.miles@beasleyallen.com
        clint.carter@beasleyallen.com

s/ Caine O'Rear III_____
Caine O'Rear III (ORE003)
Windy C. Bitzer (BIT005)
Deputy Attorneys General
HAND ARENDALL, L.L.C.
P. O. Box 123
Mobile, AL  36601
(251) 432-5511
(251) 694-6375 (facsimile)

Email:  corear@handarendall.com
        wbitzer@handarendall.com

Roger L. Bates (BAT006)
Deputy Attorney General
HAND ARENDALL, L.L.C.
1200 Park Place Tower
2001 Park Place North
Birmingham, AL  35203
(205) 324-4400
(205) 322-1163 (facsimile)

Email:  rbates@handarendall.com

Attorneys for the State of Alabama

## **CERTIFICATE OF SERVICE**

I hereby certify that on October 20, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to counsel. I further certify that I have, on this day, served this pleading to counsel of record through the LexisNexis File and Serve system, pursuant to Case Management Order No. 2.


s/ Caine O'Rear III_____

IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

```
STATE OF ALABAMA, in its        )
capacity as sovereign and       )
on behalf of the Alabama        )
Medicaid Agency,                )
                                )
        Plaintiff,              )
                                )       CIVIL ACTION NO.
        v.                      )         2:05cv647-T
                                )
ABBOTT LABORATORIES,            )
INC., et al.,                   )
                                )
        Defendants.             )
```

ORDER

After careful consideration of the state-law claims
presented in this case, the court does not believe that the
claims "necessarily raise a stated federal issue, actually
disputed and substantial, which a federal forum may entertain
without disturbing any congressionally approved balance of
federal and state judicial responsibilities." Grable & Sons
Metal Prods., Inc. v. Darue Eng'g. & Mfr., 545 U.S. ___, ___,
125 S. Ct. 2363, 2368 (2005); see also Caterpillar, Inc. v.
Williams, 482 U.S. 386, 107 S.Ct. 2425 (1987); Metropolitan
Life Ins. Co. v. Taylor, 481 U.S. 58, 107 S.Ct. 1542 (1987);

EXHIBIT A

Merrell Dow Pharmaceuticals, Inc. v. Thompson, 478 U.S. 804, 106 S.Ct. 3229 (1986); Franchise Tax Bd. v. Construction Laborers Vacation Trust, 463 U.S. 1, 103 S.Ct. 2841 (1983); Gully v. First National Bank of Meridian, 299 U.S. 109, 57 S.Ct. 96 (1936).

Accordingly, it is the ORDER, JUDGMENT, and DECREE of the court that plaintiff's motion to remand (Doc. no. 69) is granted and that, pursuant to 28 U.S.C.A. § 1447(c), this cause is remanded to the Circuit Court of Montgomery County, Alabama, for want of subject-matter jurisdiction.

It is further ORDERED that plaintiff's and defendants' motions to stay (Doc. nos. 71 & 109) and plaintiff's motion for expedited ruling (Doc. no. 73) are denied.

It is further ORDERED that all other substantive motions are left for disposition by the state court after remand.

The clerk of the court is DIRECTED to take appropriate steps to effect the remand.

DONE, this the 11th day of August, 2005.

    /s/ Myron H. Thompson
UNITED STATES DISTRICT JUDGE

BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

| | |
|---|---|
| In Re Pharmaceutical Industry Average Wholesale Price Litigation | MDL Docket No. 1456 |

## NOTICE OF RELATED ACTIONS

Pursuant to Rule 7.5(e) of the Rules of Procedure for the Judicial Panel on Multidistrict Litigation (the "Panel"), Defendants Dey, Inc. and Dey, L.P. (collectively, "Dey"), hereby notifies the Panel of the pendency of the potential "tag-along" actions noted below and identified on the attached Schedule:

A.    **State of Alabama** v. **Abbott Laboratories, Inc. et al.,** United States District Court for the Middle District of Alabama, Case No. 2:06 CV 920 - MEF.

This action was filed in the Circuit Court of Montgomery County, Alabama on or about January 26, 2005. On April 14, 2005, the Plaintiff filed a First Amended Complaint. On January 11, 2006, the Plaintiff filed a Second Amended Complaint. On October 11, 2006, Dey removed this action to the United States District Court for the Middle District of Alabama. Copies of the Second Amended Complaint and the Notice of Removal[1] are attached as Exhibits 1 and 2 respectively. This action involves questions of fact in common with the other actions that the Panel has transferred to Judge Patti B. Saris of the United States District Court for the District of Massachusetts for coordinated or consolidated pretrial proceedings as part of MDL of No. 1456. The State of Alabama's Second Amended Complaint makes substantially the same allegations as those in cases that are already part of MDL No. 1456. Accordingly, Dey respectfully requests that the Panel transfer this action to Judge Saris as part of MDL No. 1456.

---

[1]    Exhibit C, which contains all of the process, pleadings and orders from the state court action, has been omitted.

**B.** **State of Florida ex rel Ven-A-Care of the Florida Keys, Inc.** v. **Boehringer Ingelheim Corp., et al.**, United States District Court for the Northern District of Florida, Case No. 4:06CV476-SPM/WCS.

  This action was filed in the Court of the Second Judicial Circuit in and for Leon County, Florida on June 1, 1998. On December 30, 2005, the Plaintiff filed an Amended Complaint. On October 11, 2006, Dey removed this action to the United States District Court for the Northern District of Florida. Copies of the Amended Complaint and the Notice of Removal (without exhibits) are attached as Exhibits 3 and 4 respectively. This action involves questions of fact in common with the other actions that the Panel has transferred to Judge Patti B. Saris of the United States District Court for the District of Massachusetts for coordinated or consolidated pretrial proceedings as part of MDL of No. 1456. The State of Florida's Amended Complaint makes substantially the same allegations as those in cases that are already part of MDL No. 1456. Accordingly, Dey respectfully requests that the Panel transfer this action to Judge Saris as part of MDL No. 1456.

**C.** **State of Illinois** v. **Abbott Laboratories, et al.**, United States District Court for the Northern District of Illinois, Case No. 06C 5528.

  This action was filed in the Circuit Court of Cook County, Illinois on February 7, 2005. On August 2, 2006, the Plaintiff filed a First Amended Complaint. On October 11, 2006, Dey removed this action to the United States District Court for the Northern District of Illinois. Copies of the First Amended Complaint and the Notice of Removal (without exhibits) are attached as Exhibits 5 and 6 respectively. This action involves questions of fact in common with the other actions that the Panel has transferred to Judge Patti B. Saris of the United States District Court for the District of Massachusetts for coordinated or consolidated pretrial proceedings as part of MDL of No. 1456. The State of Illinois's First Amended Complaint makes substantially the same allegations as those in cases that are already part of MDL No. 1456. Accordingly, Dey

respectfully requests that the Panel transfer this action to Judge Saris as part of MDL No. 1456.[2]

**D.**    **Commonwealth of Kentucky** v. **Warrick Pharmaceuticals Corporation, et al.**, United States District Court for the Eastern District of Kentucky, Case No. 3:06-CV-69.

This action was filed in the Circuit Court of Franklin County, Kentucky on September 15, 2003. On October 14, 2003, the Plaintiff filed an Amended Complaint. On October 11, 2006, Dey removed this action to the United States District Court for the Eastern District of Kentucky. Copies of the Amended Complaint (without exhibits) and the Notice of Removal are attached as Exhibits 7 and 8 respectively. This action involves questions of fact in common with the other actions that the Panel has transferred to Judge Patti B. Saris of the United States District Court for the District of Massachusetts for coordinated or consolidated pretrial proceedings as part of MDL of No. 1456. The Commonwealth of Kentucky's Amended Complaint makes substantially the same allegations as those in cases that are already part of MDL No. 1456. Accordingly, Dey respectfully requests that the Panel transfer this action to Judge Saris as part of MDL No. 1456.[3]

**E.**    **State of Mississippi** v. **Abbott Laboratories, Inc. et al.**, United States District Court for the Southern District of Mississippi, Case No. 3:06CV566.

This action was filed in the Chancery Court of the First Judicial District of Hinds County, Mississippi on October 25, 2005. On October 5, 2006, the Plaintiff filed a First Amended Complaint, which incorporated by reference allegations in the original Complaint. On

---

[2]    Defendants initially removed the State of Illinois action to the United States District Court for the Northern District of Illinois on July 13, 2005, and the Panel transferred the State of Illinois action to MDL No. 1456 on December 5, 2005. On March 13, 2006, Judge Saris remanded the action to state court on other grounds which are not at issue with respect to Dey's October 11, 2006 notice of removal.

[3]    Defendants initially removed the Commonwealth of Kentucky action to the United States District Court for the Eastern District of Kentucky on July 13, 2005, and the Panel transferred the Commonwealth of Kentucky action to MDL No. 1456 on December 5, 2005. Judge Saris remanded the action to state court on March 13, 2006 on other grounds which are not at issue with respect to Dey's October 11, 2006 notice of removal.

October 11, 2006, Dey removed this action to the United States District Court for the Southern District of Mississippi. Copies of the Complaint, the First Amended Complaint and the Notice of Removal (without exhibits) are attached as Exhibits 9, 10, and 11 respectively. This action involves questions of fact in common with the other actions that the Panel has transferred to Judge Patti B. Saris of the United States District Court for the District of Massachusetts for coordinated or consolidated pretrial proceedings as part of MDL of No. 1456. The State of Mississippi's Complaint and First Amended Complaint make substantially the same allegations as those in cases that are already part of MDL No. 1456. Accordingly, Dey respectfully requests that the Panel transfer this action to Judge Saris as part of MDL No. 1456.

F.    **State of Nevada** v. **Abbott Laboratories, et al.**, United States District Court for the District of Nevada, Case No.3:06-CV-00539 LRH-VPC.

        This action was filed in the Second Judicial District Court in and for the County of Washoe, Nevada on January 17, 2002. On October 31, 2003, the Plaintiff filed a First Amended Complaint. On October 11, 2006, Dey removed this action to the United States District Court for the District of Nevada. Copies of the First Amended Complaint and the Notice of Removal (without exhibits) are attached as Exhibits 12 and 13 respectively. This action involves questions of fact in common with the other actions that the Panel has transferred to Judge Patti B. Saris of the United States District Court for the District of Massachusetts for coordinated or consolidated pretrial proceedings as part of MDL of No. 1456. The State of Nevada's First Amended Complaint makes substantially the same allegations as those in cases that are already part of MDL No. 1456. Accordingly, Dey respectfully requests that the Panel transfer this action to Judge Saris as part of MDL No. 1456.[4]

---

[4]    Defendants initially removed the State of Nevada action to the United States District Court for the District of Nevada on February 15, 2002, and the Panel transferred the State of Nevada action to

**G.**  **State of Ohio** v. **Dey, Inc. et al.,** United States District Court for the Southern District of Ohio, Case No. 1:06CV676.

This action was filed in the Court of Common Pleas of Hamilton County, Ohio on March 9, 2006. On October 11, 2006, Dey removed this action to the United States District Court for the Southern District of Ohio. On February 13, 2006, the Plaintiff filed a Consolidated Amended Complaint. Copies of the Consolidated Amended Complaint and the Notice of Removal (without exhibits) are attached as Exhibits 14 and 15 respectively. This action involves questions of fact in common with the other actions that the Panel has transferred to Judge Patti B. Saris of the United States District Court for the District of Massachusetts for coordinated or consolidated pretrial proceedings as part of MDL of No. 1456. The State of Ohio's Consolidated Amended Complaint makes substantially the same allegations as those in cases that are already part of MDL No. 1456. Accordingly, Dey respectfully requests that the Panel transfer this action to Judge Saris as part of MDL No. 1456.

**H.**  **Commonwealth of Pennsylvania** v. **TAP Pharmaceutical Products, Inc. et al.,** United States District Court for the Eastern District of Pennsylvania, Case No. 2:06-CV-4514.

This action was filed in the Commonwealth Court of Pennsylvania on March 10, 2004. On March 10, 2005, the Plaintiff filed a Corrected Amended Civil Complaint. On October 11, 2006, Dey removed this action to the United States District Court for the Eastern District of Pennsylvania. Copies of the Amended Complaint and the Notice of Removal (without exhibits) are attached as Exhibits 16 and 17 respectively. This action involves questions of fact in common with the other actions that the Panel has transferred to Judge Patti B. Saris of the United States District Court for the District of Massachusetts for coordinated or consolidated pretrial proceedings as part of MDL of No. 1456. The Commonwealth of

---

MDL No. 1456. Judge Saris remanded the action to state court on June 11, 2003 on other grounds which are not at issue with respect to Dey's October 11, 2006 notice of removal.

Pennsylvania's Corrected Amended Civil Complaint makes the substantially the same allegations as those in cases that are already part of MDL No. 1456. Accordingly, Dey respectfully requests that the Panel transfer this action to Judge Saris as part of MDL No. 1456.

I.  **State of South Carolina v. Dey, L.P., f/k/a Dey Laboratories**, United States District Court for the District of South Carolina, Case No. 3:06-av-2925.

This action was filed in the Court of Common Pleas for the Fifth Judicial Circuit, County of Richland, South Carolina (Case No. 06-CP-40-4397) on August 3, 2006. On October 11, 2006, Dey removed this action to the United States District Court for the District of South Carolina. Copies of the Complaint and the Notice of Removal (without exhibits) are attached as Exhibits 18 and 19 respectively. This action involves questions of fact in common with the other actions that the Panel has transferred to Judge Patti B. Saris of the United States District Court for the District of Massachusetts for coordinated or consolidated pretrial proceedings as part of MDL of No. 1456. The State of South Carolina's Complaint makes substantially the same allegations as those in cases that are already part of MDL No. 1456. Accordingly, Dey respectfully requests that the Panel transfer this action to Judge Saris as part of MDL No. 1456.

J.  **State of South Carolina v. Dey, L.P., f/k/a Dey Laboratories**, United States District Court for the District of South Carolina, Case No. 3:06-av-2914.

This action was filed in the Court of Common Pleas for the Fifth Judicial Circuit, County of Richland, South Carolina (Case No. 06-CP-40-4392) on August 3, 2006. On October 11, 2006, Dey removed this action to the United States District Court for the District of South Carolina. Copies of the Complaint and the Notice of Removal (without exhibits) are attached as Exhibits 20 and 21 respectively. This action involves questions of fact in common with the other actions that the Panel has transferred to Judge Patti B. Saris of the United States District Court for the District of Massachusetts for coordinated or consolidated pretrial proceedings as part of MDL of No. 1456. The State of South Carolina's Complaint makes substantially the same

allegations as those in cases that are already part of MDL No. 1456. Accordingly, Dey

respectfully requests that the Panel transfer this action to Judge Saris as part of MDL No. 1456.

**K.**   **State of Wisconsin v. Amgen Inc., et al.,** United States District Court for the Western
District of Wisconsin, 06-C-0582-C.

This action was filed in the Circuit Court in and for Dane County, Wisconsin on

June 3, 2004. On November 1, 2004, the Plaintiff filed a First Amended Complaint. On or

about June 28, 2006, the Plaintiff filed a Second Amended Complaint. On October 11, 2006,

Dey removed this action to the United States District Court for the Western District of

Wisconsin. Copies of the Second Amended Complaint and the Notice of Removal are attached

as Exhibits 22 and 23 respectively. This action involves questions of fact in common with the

other actions that the Panel has transferred to Judge Patti B. Saris of the United States District

Court for the District of Massachusetts for coordinated or consolidated pretrial proceedings as

part of MDL of No. 1456. The State of Wisconsin's Second Amended Complaint makes

substantially the same allegations as those in cases that are already part of MDL No. 1456.

Accordingly, Dey respectfully requests that the Panel transfer this action to Judge Saris as part of

MDL No. 1456.[5]

**L.**   **County of Erie v. Abbott Laboratories, et al.,** United States District Court for the
Western District of New York, Case No. 06 CV 6505T(P).

This action was filed in the Supreme Court of the State of New York on March 8,

2005. On October 11, 2006, Dey removed this action to the United States District Court for the

---

[5]   Defendants initially removed the State of Wisconsin action to the United States District Court for
the Western District of Wisconsin on July 14, 2004. On August 3, 2004, the Panel issued a
conditional transfer order, transferring the State of Wisconsin action to MDL No. 1456. The
action was remanded to state court on October 5, 2004 on other grounds which are not at issue
with respect to Dey's October 11, 2006 notice of removal. Defendants removed the State of
Wisconsin action for a second time on July 13, 2005. On September 29, 2005, the United States
District Court for the Western District of Wisconsin remanded the action to state court on other
grounds which are not at issue with respect to Dey's October 11, 2006 notice of removal.

Western District of New York. Copies of the Complaint and the Notice of Removal (without

exhibits) are attached as Exhibits 24 and 25 respectively. This action involves questions of fact

in common with the other actions that the Panel has transferred to Judge Patti B. Saris of the

United States District Court for the District of Massachusetts for coordinated or consolidated

pretrial proceedings as part of MDL of No. 1456. The County of Eric's Complaint makes

substantially the same allegations as those in cases that are already part of MDL No. 1456.

Accordingly, Dey respectfully requests that the Panel transfer this action to Judge Saris as part of

MDL No. 1456.

M.    **County of Oswego** v. **Abbott Laboratories, et al.,** United States District Court for the
      Northern District of New York, Case No. 06-CV-1240 (FJS/DEP).

      This action was filed in the Supreme Court of the State of New York on May 11,

2006. On October 11, 2006, Dey removed this action to the United States District Court for the

Northern District of New York. Copies of the Complaint and the Notice of Removal (without

exhibits) are attached as Exhibits 26 and 27 respectively. This action involves questions of fact

in common with the other actions that the Panel has transferred to Judge Patti B. Saris of the

United States District Court for the District of Massachusetts for coordinated or consolidated

pretrial proceedings as part of MDL of No. 1456. The County of Oswego's Complaint makes

substantially the same allegations as those in cases that are already part of MDL No. 1456.

Accordingly, Dey respectfully requests that the Panel transfer this action to Judge Saris as part of

MDL No. 1456.

N.    **County of Schenectady** v. **Abbott Laboratories, et al.,** United States District Court for
      the Northern District of New York, Case No. 06-CV-1239 (DNH/RFT).

      This action was filed in the Supreme Court of the State of New York on May 10,

2006. On October 11, 2006, Dey removed this action to the United States District Court for the

Northern District of New York. Copies of the Complaint and the Notice of Removal (without

exhibits) are attached as Exhibits 28 and 29 respectively. This action involves questions of fact in common with the other actions that the Panel has transferred to Judge Patti B. Saris of the United States District Court for the District of Massachusetts for coordinated or consolidated pretrial proceedings as part of MDL of No. 1456. The County of Schenectady's Complaint makes substantially the same allegations as those in cases that are already part of MDL No. 1456. Accordingly, Dey respectfully requests that the Panel transfer this action to Judge Saris as part of MDL No. 1456.

Dated: October 13, 2006

Respectfully submitted,

KELLEY DRYE & WARREN LLP

By _____
Carl F. Lettow II

Washington Harbour, Suite 400
3050 K Street, NW
Washington, DC 20007-5108
(202) 342-8400

William A. Escobar
Neil Merkl
Christopher C. Palermo
KELLEY DRYE & WARREN LLP
101 Park Avenue
New York, NY 10178
(212) 808-7800

*Attorneys for Defendants
Dey, Inc. and Dey, L.P.*

## SCHEDULE OF RELATED ACTIONS

A.    State of Alabama v. Abbott Laboratories, Inc.; Agouron Pharmaceuticals, Inc.; Alcon Laboratories, Inc.; Allergan, Inc.; Alpharma, Inc.; Alza Corporation; Amgen, Inc.; Andrx Pharmaceuticals, Inc.; Astrazeneca Pharmaceuticals LP; Astrazeneca LP; Aventis Pharmaceuticals, Inc.; Aventis Behring, L.L.C.; Barr Laboratories, Inc.; Baxter Healthcare Corporation; Baxter International, Inc.; Bayer Corporation; Bayer Pharmaceuticals Corporation; Bayer Healthcare, LLC; Biovail Pharmaceuticals, Inc.; Boehringer Ingelheim Corporation; Boehringer Ingelheim Pharmaceuticals, Inc.; Bristol-Myers Squibb Company; Dey, L.P.; Eisai, Inc.; Endo Pharmaceuticals, Inc.; Ethex Corporation; Forest Laboratories, Inc.; Forest Pharmaceuticals, Inc.; Fujisawa Healthcare, Inc.; Fujisawa Usa, Inc.; G.D. Searle, L.L.C.; Genzyme Corporation; Gilead Sciences, Inc.; Hoffman-Laroche, Inc.; Immunex Corporation; Ivax Corporation; Ivax Pharmaceuticals, Inc.; Janssen Pharmaceutica Products, LP; Johnson & Johnson; King Pharmaceuticals, Inc.; Mcneil-PPC, Inc.; Medimmune, Inc.; Merck & Co., Inc.; Monarch Pharmaceuticals, Inc.; Mylan Laboratories, Inc.; Mylan Pharmaceuticals, Inc.; Novartis Pharmaceuticals Corporation; Novo Nordisk Pharmaceuticals, Inc.; Organon Pharmaceuticals Usa, Inc.; Ortho Biotech Products, LP; Ortho-Mcneil Pharmaceutical, Inc.; Par Pharmaceutical, Inc.; Pfizer, Inc.; Pharmacia Corporation; Pharmacia & Upjohn Company Corporation; Purdue Pharma, L.P.; Purepac Pharmaceutical Co.; Roche Laboratories, Inc.; Roxane Laboratories, Inc.; Sandoz, Inc.; Sanofi-Synthelabo, Inc.; Schering-Plough Corporation; Smithkline Beecham Corporation D/B/A Glaxo-Smithkline; Takeda Pharmaceuticals North America, Inc.; Tap Pharmaceutical Products, Inc.; Teva Pharmaceuticals USA, Inc.; UDL Laboratories, Inc.; Warrick Pharmaceuticals Corporation; Watson Laboratories, Inc.; Watson Pharma, Inc.; Watson Pharmaceuticals, Inc.; Wyeth, Inc.; Wyeth Pharmaceuticals, Inc.; ZLB Behring, L.L.C., And Fictitious Defendants 1 through 200, whose true names are not presently know, but who are manufacturers, distributors, marketers, and/or sellers of prescription drugs who reported or caused to be reported false and inflated pricing information to industry publishers upon which information the Alabama Medicaid Agency relied in reimbursing providers for the dispensing of such drugs, and whose true names will be added upon discovery, United States District Court for the Middle District of Alabama, Case No. 2:06 CV 920 - MEF.

B.    The State of Florida ex rel Ven-A-Care of the Florida Keys, Inc. v. Boehringer Ingelheim Corporation; Boehringer Ingelheim International Gmbh, a/k/a Boehringer Ingelheim Auslandsbeteilgungs Gmbh; Boehringer Ingelheim Pharmaceuticals, Inc.; C.H. Boehringer Sohn; Dey, Inc.; Dey, L.P.; EMD Pharmaceuticals Inc.; Lipha, S.A.; Merck KGaA; Merck-Lipha, S.A.; Pharma-Investment Limited; Schering Corporation; Schering-Plough Corporation; Roxane Laboratories, Inc., n/k/a Boehringer Ingelheim; Roxane, Inc.; and Warrick Pharmaceuticals Corporation, United States District Court for the Northern District of Florida, Case No. 4:06CV476-SPM/WCS.

C.      State of Illinois v. Abbott Laboratories; Alpharma Branded Products Division Inc.; Alpharma USPD Inc.; Alpha Therapeutic Corp.; Amgen Inc.; Astrazeneca Pharmaceuticals LP; Astrazeneca LP; Aventis Pharmaceuticals Inc.; Aventis Behring, LLC, n/k/a ZLB Behring; B. Braun Medical Inc.; Barr Laboratories, Inc.; Baxter Healthcare Corp.; Ben Venue Laboratories, Inc.; Boehringer Ingelheim Pharmaceuticals, Inc.; Bristol-Myers Squibb Co.; Chiron Corp.; Dey, Inc.; Duramed Pharmaceuticals, Inc.; Elkins-Sinn, Inc.; Forest Laboratories, Inc.; Immunex Corp.; Ivax Corp.; Ivax Pharmaceuticals, Inc.; Janssen Pharmaceutical Products, LP; Johnson & Johnson; McNeil-PPC, Inc.; Merck & Co., Inc.; Mylan Laboratories, Inc.; Mylan Pharmaceuticals Corp.; Ortho Biotech Products, LP; Ortho-McNeil Pharmaceutical, Inc.; Par Pharmaceutical Cos., Inc.; Pfizer Inc.; Pharmacia Corp.; Purepac Pharmaceutical Co.; Roxane, Inc., n/k/a Boehringer Ingelheim, Roxane, Inc.; Sandoz, Inc., f/k/a Geneva Pharmaceuticals, Inc.; Schering-Plough Corp.; Sicor, Inc., f/k/a Sicor Pharmaceuticals, Inc., f/k/a Gensia Sicor; Smithkline Beecham Corp., d/b/a GlaxoSmithKline; Tap Pharmaceutical Products, Inc.; Teva Pharmaceuticals USA, Inc.; Warrick Pharmaceuticals Corporation; Watson Pharma, Inc., f/k/a Schein Pharmaceuticals, Inc.; and Watson Pharmaceuticals, Inc., United States District Court for the Northern District of Illinois, Case No Case No. 06C 5528.

D.      Commonwealth of Kentucky v. Warrick Pharmaceuticals Corporation; Schering-Plough Corporation; Schering Corporation; Dey, Inc., United States District Court for the Eastern District of Kentucky, Case No Case No. 3:06-CV-69.

E.      State of Mississippi v. Abbott Laboratories, Inc.; Abbott Pharmaceuticals; Alcon Laboratories, Inc.; Allergan, Inc.; Alpharma, Inc.; Purepac Pharmaceutical Co.; Alpha Therapeutic Corp.; Amgen, Inc.; Immunex Corporation; Andrx Pharmaceuticals, Inc.; Astrazeneca Pharmaceuticals, L.P.; Astrazeneca L.P.; Aventis Pharmaceuticals, Inc.; Aventis Behring, L.L.C.; ZLB Behring, L.L.C.; Dermik Laboratories, Inc.; Barr Pharmaceuticals, Inc.; Barr Laboratories, Inc.; Baxter International, Inc.; Baxter Healthcare Corporation; Bayer Corporation; Bayer Pharmaceuticals Corporation; Bayer Healthcare, LLC; Biovail Pharmaceuticals, Inc.; Boehringer Ingelheim Corporation; Boehringer Ingelheim Pharmaceuticals, Inc.; Roxane Laboratories, Inc.; Ben Venue Laboratories, Inc.; B. Braun Of American, Inc.; McGraw, Inc.; Bristol-Myers Squibb Company; Oncology Therapeutics Network Corp.; Chiron Corp.; Dey Inc.; Eisai Inc.; Eli Lilly And Company; Elkins-Sinn, Inc.; Endo Pharmaceuticals, Inc.; Forest Laboratories, Inc.; Forest Pharmaceuticals; Fujisawa Healthcare, Inc.; Fujisawa USA, Inc.; Genzyme Corporation; Gilead Sciences, Inc.; Glaxosmithkline, P.L.C.; Smithkline Beecham Corporation; Glaxo Wellcome, Inc.; Hoffman-Laroche, Inc.; Roche Laboratories, Inc.; Ivax Corporation; Ivax Pharmaceuticals Inc.; Johnson & Johnson; Alza Corporation; Janssen Pharmaceutical Products, L.P.; Ortho-McNeil Pharmaceutical Inc.; Ortho Biotech Products, L.P.; McNeil-PPC, Inc.; King Pharmaceuticals, Inc.; Monarch Pharmaceuticals, Inc.; K-V Pharmaceutical Company; Ethex Corporation; Medimmune, Inc.; Merck & Co., Inc.; Mylan Laboratories, Inc.; Mylan Pharmaceuticals, Inc.; UDL Laboratories, Inc.; Novartis

Corporation; Sandoz, Inc.; Novo Nordisk Pharmaceuticals, Inc.; Organon Pharmaceuticals USA, Inc.; Par Pharmaceutical Cos., Inc.; Purdue Pharma, L.P.; Sanofi-Synthelabo, Inc.; Schering-Plough Corp.; Warrick Pharmaceuticals Industries, Ltd.; Serono, Inc.; Takeda Pharmaceuticals North America, Inc.; Tap Pharmaceutical Products, Inc.; Teva Pharmaceuticals USA, Inc.; Novopharm USA, Inc.; Sicor Pharmaceuticals, Inc.; Watson Pharmaceuticals, Inc.; Watson Laboratories, Inc.; Watson Pharma, Inc.; Wyeth, Inc.; Wyeth Pharmaceuticals, Inc.; Otsuka America Pharmaceuticals, Inc.; and Schering Corporation, United States District Court for the Southern District of Mississippi, Case No. 3:06CV566.

F.  State of Nevada v. Abbott Laboratories, Inc.; Baxter International Inc.; Baxter Healthcare Corporation; Bristol-Myers Squibb Company; Oncology Therapeutics Network Corp.; Apothecon, Inc.; Dey, Inc.; Glaxo-SmithKline P.L.C.; SmithKline Beecham Corporation; Glaxo Wellcome, Inc.; Pharmacia Corporation; Pharmacia & Upjohn, Inc.; and Tap Pharmaceutical Products, Inc.; and Does 1 Through 100, United States District Court for the District of Nevada, Case No.3:06-CV-00539 LRH-VPC.

G.  State of Ohio v. Dey, Inc., Warrick Pharmaceuticals Corp., Schering-Plough Corp., Schering Corp., Abbott Laboratories, Inc., Pharmacia Corp., Roxane Laboratories, Inc., Boehringer Ingelheim Pharmaceuticals, Inc., Ben Venue Laboratories, Inc., and Boehringer Ingelheim Corp., United States District Court for the Southern District of Ohio, Case No. 1:06CV676.

H.  Commonwealth of Pennsylvania v. Tap Pharmaceutical Products, Inc.; Abbott Laboratories; Astrazeneca Plc; Zeneca Holdings, Inc.; Astrazeneca Pharmaceuticals LP; Astrazeneca LP; Bayer AG; Bayer Corporation; Smithkline Beecham Corporation d/b/a Glaxosmithkline; Pfizer, Inc.; Pharmacia Corporation; Johnson & Johnson; Alza Corporation; Centocor, Inc.; Ethicon, Inc.; Janssen Pharmaceutical Products, L.P.; McNeil-PPC, Inc.; Ortho Biotech, Inc.; Ortho Biotech Products, L.P.; Ortho-McNeil Pharmaceutical, Inc.; Amgen, Inc.; Immunex Corporation; Bristol-Myers Squibb Company; Baxter International Inc.; Aventis Pharmaceuticals, Inc.; Baxter Healthcare Corporation; Immuno-U.S., Inc.; Aventis Pharmaceuticals, Inc.; Aventis Behring, L.L.C.; Hoechst Marion Roussel, Inc.; Boehringer Ingelheim Corporation; Boehringer Ingelheim Pharmaceuticals, Inc.; Ben Venue Laboratories, Inc.; Bedford Laboratories; Roxane Laboratories; Schering-Plough Corporation; Warrick Pharmaceuticals Corporation; Schering Sales Corporation; Dey, Inc., United States District Court for the Eastern District of Pennsylvania, Case No. 2:06-CV-4514.

I.  State of South Carolina v. Dey, L.P., f/k/a Dey Laboratories United States District Court for the District of South Carolina, Case No. 3:06-av-2925.

J.  State of South Carolina v. Dey, L.P., f/k/a Dey Laboratories United States District Court for the District of South Carolina, Case No. 3:06-av-2914.

K.     State of Wisconsin v. Amgen Inc.; Abbott Laboratories; Astrazeneca
       Pharmaceuticals, LP; Astrazeneca, LP; Aventis Pharmaceuticals, Inc.; Baxter
       Healthcare Corporation; Ben Venue Laboratories, Inc; Boehringer Ingelheim;
       Pharmaceuticals, Inc.; Boehringer Ingelheim; Roxane, Inc.; Bristol-Myers Squibb
       Company; Dey, Inc.; Immunex Corporation; Ivax Corporation; Ivax
       Pharmaceuticals, Inc.; Janssen Pharmaceutical Products, LP; Johnson & Johnson,
       Inc.; McNeil-PPC, Inc.; Merck & Company, Inc.; Mylan Laboratories, Inc.;
       Mylan Pharmaceuticals, Inc.; Novartis Pharmaceuticals Corporation; Ortho
       Biotech Products, LP; Ortho-McNeil Pharmaceutical, Inc.; Pharmacia; Pfizer,
       Inc.; Roxane Laboratories, Inc.; Sandoz, Inc. f/k/a Geneva Pharmaceuticals, Inc.;
       Schering-Plough Corporation; Sicor Inc.; Smithkline Beecham Corporation d/b/a
       Glaxo Smithkline; Tap Pharmaceutical Products, Inc.; Teva Pharmaceuticals
       USA, Inc.; Warrick Pharmaceuticals Corporation, United States District Court for
       the Western District of Wisconsin, 06-C-0582-C.

L.     County of Erie v. Abbott Laboratories, Inc., Agouron Pharmaceuticals, Inc.,
       Alcon Laboratories, Inc., Allergan, Inc., Alpharma, Inc., Amgen, Inc., Andrx
       Pharmaceuticals, Inc., Astrazeneca Pharmaceuticals L.P., Aventis
       Pharmaceuticals, Inc., Barr Laboratories, Inc., Baxter Healthcare Corp., Baxter
       International, Inc., Bayer Corp., Ben Venue Inc., Berlex Laboratories, Inc.,
       Biogen Idec Inc., Biovail Corp., Biovail Pharmaceuticals, Inc., Boehringer
       Ingelheim Corp., Boehringer Ingelheim Pharmaceuticals, Inc., Bristol-Myers
       Squibb Company, Dermik Laboratories, Inc., Dey Inc., Eisai, Inc., Eli Lilly And
       Company, Endo Pharmaceuticals, Inc., Ethex Corp., Forest Laboratories, Inc.,
       Forest Pharmaceuticals, Inc., Fujisawa Healthcare, Inc., Fujisawa USA, Inc.,
       Genentech Inc., Genzyme Corp., Gilead Sciences, Inc., Glaxosmithkline Plc.,
       Greenstone, Ltd., Hoffman-La Roche, Inc., Immunex Corp., Ivax Corp., Ivax
       Pharmaceuticals, Inc., Jansen Pharmaceutical Products, LP, Johnson & Johnson,
       King Pharmaceuticals, Inc., McNeil-P.P.C., Inc., Medimmune, Inc., Merck & Co.,
       Inc., Monarch Pharmaceuticals, Inc., Mylan Laboratories, Inc., Mylan
       Pharmaceuticals, Inc., Novartis Pharmaceuticals, Inc., Novo Nordisk
       Pharmaceuticals, Inc., Oncology Therapeutics Network, Corp., Organon USA,
       Ortho Biotech Products LP, Ortho-McNeil Pharmaceuticals, Inc. Par
       Pharmaceutical, Inc. Pharmacia Corp., Pfizer, Inc., Purdue Pharma, L.P., Purepac
       Pharmaceutical Co., Reliant Pharmaceuticals, Roche Laboratories, Inc., Roxane
       Laboratories, Inc., Sandoz, Inc., Sanofi-Synthelabo, Inc., Schering-Plough Corp.,
       Serono, Inc., Smithklinebeecham Corp. d/b/a GlaxoSmithKline, Takeda
       Pharmaceuticals North America, Inc., Tap Pharmaceutical Products, Inc., Teva
       Pharmaceutical Industries, Ltd., UCB Pharma, Inc., UDL Laboratories, Inc.,
       Warrick Pharmaceuticals Corp., Watson Pharmaceuticals, Inc., Watson Pharma,
       Inc., and Wyeth., United States District Court for the Western District of New
       York, Case No. 06 CV 6505T(P).

M.     County of Oswego v. Abbott Laboratories, Inc., Agouron Pharmaceuticals, Inc.,
       Alcon Laboratories, Inc., Allergan, Inc., Alpharma, Inc., Amgen, Inc., Andrx

Pharmaceuticals, Inc., Astrazeneca Pharmaceuticals L.P., Aventis Pharmaceuticals Inc., Barr Laboratories, Inc., Baxter Healthcare Corp., Baxter International, Inc., Bayer Corp., Ben Venue Inc., Berlex Laboratories, Inc., Biogen Idec Inc., Biovail Corp., Biovail Pharmaceuticals, Inc., Boehringer Ingelheim Corp., Boehringer Ingelheim Pharmaceuticals, Inc., Bristol-Myers Squibb Company, Dermik Laboratories, Inc., Dey Inc., Eisai, Inc., Eli Lilly And Company, Endo Pharmaceuticals, Inc., Ethex Corp., Forest Laboratories, Inc., Forest Pharmaceuticals, Inc., Fujisawa Healthcare, Inc., Fujisawa USA, Inc., Genentech, Inc., Genzyme Corp., Gilead Sciences, Inc., GlaxoSmithKline Plc, Greenstone, Ltd., Hoffman-La Roche, Inc., Immunex Corp., Ivax Corp., Ivax Pharmaceuticals, Inc., Jansen Pharmaceutical Products, LP, Johnson & Johnson, King Pharmaceuticals, Inc., McNeill-P.P.C., Inc., Medimmune, Inc., Merck & Co., Inc., Monarch Pharmaceuticals, Inc., Mylan Laboratories, Inc., Mylan Pharmaceuticals, Inc., Novartis Pharmaceuticals Corp., Novo Nordisk Pharmaceuticals, Inc. Oncology Therapeutics Network Corp., Organon USA, Ortho Biotech Products LP, Ortho McNeill Pharmaceuticals, Inc., Par Pharmaceutical, Inc., Pharmacia Corp., Pfizer, Inc., Purdue Pharma, L.P., Purepac Pharmaceutical Co., Reliant Pharmaceuticals, Roche Laboratories, Inc., Roxane Laboratories, Inc., Sandoz, Inc., Sanofi-Synthelabo, Inc., Schering-Plough Corp., Serono, Inc., Smithklinebeecham Corp. d/b/a Glaxosmithkline, Takeda Pharmaceuticals North America, Inc., Tap Pharmaceutical Products, Inc., Teva Pharmaceutical Industries, Ltd., UCB Pharma, Inc., UDL Laboratories, Inc., Warrick Pharmaceuticals Corp., Watson Pharmaceuticals, Inc., Watson Pharma, Inc., and Wyeth, United States District Court for the Northern District of New York, Case No. 06-CV-1240 (FJS/DEP).

N.    County of Schenectady v. Abbott Laboratories, Agouron Pharmaceuticals, Inc., Alcon Laboratories, Inc., Allergan, Inc., Alpharma, Inc., Amgen Inc., Andrx Pharmaceuticals, Inc., Astrazeneca Pharmaceuticals LP, Astellas U.S. Holding, Inc., Aventis Pharmacueticals Inc., Barr Laboratories, Inc., Barr Pharmaceuticals, Inc., Baxter Healthcare Corporation, Baxter International Inc., Bayer Corporation, Ben Venue Laboratories, Inc., Berlex Laboratories, Inc., Biogen Idec Inc., Biovail Pharmaceuticals, Inc., Boehringer Ingelheim Corporation, Boehringer Ingelheim Pharmaceuticals, Inc., Boehringer Ingelheim Roxane, Inc., Bristol-Myers Squibb Company, Dey Inc., Eisai Inc., Eli Lilly & Company, Endo Pharmaceuticals, Inc., Ethex Corporation, Forest Laboratories, Inc., Forest Pharmaceuticals, Inc., Genentech, Inc., Genzyme Corporation, Gilead Sciences, Inc., Greenstone, Ltd, Hoffman-La Roche Inc., Immunex Corporation, Ivax Corporation, Ivax Pharmaceuticals, Inc., Jansen Pharmaceutical Products, L.P., Johnson &Johnson, King Pharmaceuticals, Inc., McNeill-P.P.C., Inc., Medimmune, Inc., Merck & Co., Inc., Monarch Pharmaceuticals, Inc., Mylan Laboratories Inc., Mylan Pharmaceuticals Inc., Novartis Pharmaceuticals Corporation, Novo Nordisk Inc. Oncology Therapeutics Network Corporation, Organon USA Inc., Ortho-McNeil Pharmaceuticals, Inc., Ortho Biotech Products L.P., Pfizer Inc., Par Pharmaceutical, Inc., Pharmacia Corporation Purdue Pharma, L.P., Purepac Pharmaceutical Co., Reliant Pharmaceuticals, Inc., Roche Labs, Sandoz, Inc.,

Sanofi-Aventis, Schering-Plough Corporation, Serono, Inc., Smithklinebeecham Corporation d/b/a GlaxoSmithKline, Takeda Pharmaceuticals North America, Inc., Tap Pharmaceutical Products, Inc., Teva Pharmaceuticals USA, Inc., UCB Pharma, Inc., UDL Laboratories, Inc., Warrick Pharmaceuticals Corporation, Watson Pharma, Inc., Watson Pharmaceuticals, Inc., and Wyeth, United States District Court for the Northern District of New York, Case No. 06-CV-1239 (DNH/RFT).

## CERTIFICATE OF SERVICE

I hereby certify that on this 13th day of October, 2006, I caused a true and correct copy of Defendants Dey Inc.'s and Dey, L.P.'s Notice of Related Actions to be served on counsel for all plaintiffs by UPS Overnight (Monday Delivery), as listed below, and counsel for all co-defendants by electronic service on the attorney's listed below:

## COUNSEL FOR PLAINTIFFS

Troy King
ATTORNEY GENERAL
STATE OF ALABAMA
300 State House
11 S. Union Street
Montgomery, AL 36130

Jere L. Beasley
W. Daniel "Dee" Miles, III
Clinton C. Carter
Deputy Attorney Generals
BEASLEY, ALLEN, CROW,
METHVIN, PORTIS & MILES, P.C.
Post Office Box 4160 (36103-4160)
272 Commerce Street
Montgomery, AL 36104

Roger L. Bates
Deputy Attorney General
HAND ARENDALL, L.L.C.
1200 Park Place Tower
2001 Park Place North
Birmingham, AL 35203.

Caine O'Rear III
Windy C. Bitzer
Deputy Attorney Generals
HAND ARENDALL, L.L.C.
Post Office Box 123
Mobile, Alabama 36601
*Counsel for the State of Alabama*

Mark S. Thomas
Mary S. Miller
Assistant Attorneys General
OFFICE OF THE ATTORNEY GENERAL
MEDICAID FRAUD CONTROL UNIT
PL-01, The Capitol

Tallahassee, FL 32399-1 050
*Counsel for the State of Florida*


James J. Breen
Alison W. Simon
THE BREEN LAW FIRM, P.A.
P.O. Box 297470
Pembroke Pines, Florida 33029-1470


Gary L. Azorsky
Susan Thomas
Joy P. Clairmont
BERGER & MONTAGUE, P.C.
1622 Locust Street
Philadelphia, PA 19103


John E. Clark
GOODE, CASSEB, JONES, RIKLIN,
CHOATE & WATSON
2122 North Main Avenue
P.O. Box 120480
San Antonio, TX 78212-9680
*Attorneys for the Relator,*
*Ven-A-Care of the Florida Keys, Inc.*


Benjamin C. Weinberg
Brent Stratton
Paul J. Gaynor
David F. Buysse
Assistant Attorneys General
OFFICE OF THE ATTORNEY GENERAL
100 W. Randolph Street
Chicago, IL 60601


Judson H. Miner
Charles Barnhill, Jr.
George F. Galland, Jr.
Robert S. Libman
Marni Willenson
Special Assistant Attorneys General
Miner, Barnhill & Galland
14 W. Erie St.
Chicago, IL 60610
*Counsel for the State of Illinois*


C. David Johnstone
Barbara Maines Whaley

OFFICE OF THE ATTORNEY GENERAL
1024 Capital Center Drive, Suite 200
Frankfort, KY 40601

Charles Barnhill, Jr.
MINER, BARNHILL & GALLAND, PC
44 East Mifflin Street, Suite 803
Madison, WI 53703

Robert S. Libman
MINER, BARNHILL & GALLAND, PC
14 West Erie Street
Chicago, IL 60610

Michael Winget-Hernandez
WINGET-HERNANDEZ, LLC
2520 Jarratt Avenue
Austin, TX 78703
***Counsel for the Commonwealth of Kentucky***

Honorable Rickey T. Moore
Assistant Attorneys General
OFFICE OF THE ATTORNEY GENERAL
Carroll Gartin Justice Center
450 High Street, 5th Floor
Jackson, MS 39201

Charles Greg Copeland, Esq.
J. Leray McNamara, Esq.
Honorable Ronnie Musgrove
Frank Kolb, Esq.
COPELAND, COOK, TAYLOR
& BUSH, PA
1062 Highland Colony Pkwy, Suite 200
Ridgeland, MS 39158
***Counsel for the State of Mississippi***

Brian Sandoval
Nevada Attorney General
L. Timothy Terry
Chief Deputy Attorney General
198 N. Carson Street
Carson City, NV 89701

Steve W. Berman
Sean R. Matt
HAGENS BERMAN LLP
1301 Fifth Avenue, Suite 2900
Seattle, WA 98101
***Counsel for the State of Nevada***

W.B. Markovits
Robert Heuck II
WAITE, SCHNEIDER, BAYLESS &
CHESLEY CO., L.P.A.
1513 Fourth and Vine Tower
One West Fourth Street
Cincinnati, OH 45202
*Counsel for the State of Ohio*

James A. Donahue, III
Chief Deputy Attorney General
COMMONWEALTH OF PENNSYLVANIA
OFFICE OF THE ATTORNEY GENERAL
Antitrust Section, 14th Floor
Strawberry Square
Harrisburg, PA 17120

Donald E. Haviland, Jr.
The Haviland Law Firm LLC
740 S. Third Street, Third Floor
Philadelphia, PA 19147
*Counsel for the Commonwealth of Pennsylvania*

Henry D. McMaster
Attorney General
John W. McIntosh
Chief Deputy Attorney General
C. Havird Jones
Senior Assistant Attorney General
OFFICE OF THE ATTORNEY GENERAL
Rembert C. Dennis Office Building
Post Office Box 11549
Columbia, SC 29211

T. English McCutchen
William E. Hopkins, Jr.
Charles J. Bridgmon
MCCUTCHEON BLANTON JOHNSON
& BARNETTE, LLP
Post Office Box 11209
Columbia, SC 29211-1209

J. Preston Strom, Jr.
Mario A. Pacella
STROM LAW FIRM, LLC
2110 Beltline Boulevard, Suite A
Columbia, SC 29204

D. Michael Kelly
MIKE KELLY LAW GROUP, LLC
Post Office Box 8113

Columbia, SC 29202

Joseph Stephen Schmutz
SCHMUTZ & SCHMUTZ
24 Broad Street
Charleston, SC 29401

Charles Barnhill
MINER, BARNHILL & GALLAND, PC
44 East Mifflin Street, Suite 803
Madison, WI 53703

P. Jeffrey Archibald
1914 Monroe Street
Madison, WI 53711

Jere L. Allen
W. Daniel Miles, III
Clinton C. Carter
BEASLEY, ALLEN, CROW, METHVIN,
PORTIS & MILES, PC
Post Office Box 4160
Montgomery, AL 36103-4160
***Counsel for the State of South Carolina***


Peggy A. Lautenschlager, Attorney General
Michael R. Bauer, Assistant Attorney General
Cynthia R. Hirsch, Assistant Attorney General
Frank D. Remington, Assistant Attorney General
WISCONSIN DEPARTMENT OF JUSTICE
Post Office Box 7857
Madison, WI 53707-7857

Charles Barnhill
William P. Dixon
Elizabeth J. Eberle
MINER, BARNHILL & GALLAND, P.C.
44 East Mifflin Street, Suite 803
Madison, WI 53703

Jeff Archibald
ARCHIBALD CONSUMER
LAW OFFICE
314 Thompson Street
Verona, WI 53593
***Counsel for the State of Wisconsin***


Daniel C. Burke, Esq.
WEITZ & LUXENBERG, P.C.
180 Maiden Lane
New York, NY 10005
***Counsel for Schenectady County***

*and Oswego County*

Chris Chapman, Esq.
Paul J. Pennock, Esq.
WEITZ & LUXENBERG, P.C.
180 Maiden Lane
New York, NY 10038
***Counsel for Erie County***


<u>**COUNSEL FOR DEFENDANTS**</u>

Lee Ann Russo
Tina M. Tabacchi
JONES DAY
77 West Wacker
Chicago, IL 60601

Shawn J. Organ
Kasey T. Ingrain
JONES DAY
325 John H McConnell Blvd Ste 600
P.O. Box 165017
Columbus, OH 43216

R. Christopher Cook
JONES DAY
51 Louisiana Avenue, N.W.
Washington, D.C. 20001

Toni-Ann Citera
JONES DAY
222 East 41st Street
New York, NY 10017-6702
***Counsel for Abbott Laboratories, Inc. and TAP Pharmaceutical Products, Inc.***


Archibald Reeves, IV
Edward S. Sledge, III
MCDOWELL KNIGHT ROEDDER & SLEDGE, L.L.C.
63 South Royal Street, Suite 900
Mobile, AL 36602
***Counsel for Alcon Laboratories, Inc.***

John R. Fleder
Dara S. Katcher
HYMAN, PHELPS & MCNAMARA, P.C.
700 Thirteenth Street, N.W., Suite 1200
Washington, DC 20005
*Counsel for Alpharma, Inc. and PurePac Pharmaceutical Co.*


David Ryan
NIXON PEABODY LLP
100 Summer Street
Boston, MA 02110
*Counsel for Alpha Therapeutic Corp. and Serono, Inc.*


Joseph H. Young
Steven F. Barley
Jennifer A. Walker
HOGAN & HARTSON, LLP
111 S. Calvert St., Suite 1600
Baltimore, MD 21202
*Counsel for Amgen, Inc.*


James w. Matthews
Courtney A. Clark
Katy E. Koski
Robert J. Muldoon, Jr.
SHERIN LODGEN LLP
101 Federal Street
Boston, MA 02110
*Counsel for Andrx Corporation and Andrx Pharmaceuticals, Inc.*


D. Scott Wise
Michael S. Flynn
Carlos M. Pelayo
Kimberly D. Harris
DAVIS POLK & WARDWELL
450 Lexington Avenue, Room 3055
New York, NY 10017
*Counsel for AstraZeneca Pharmaceuticals LP, AstraZeneca LP,*
*AstraZeneca, PLC, and Zeneca Holdings*

Michael L. Koon
Nicola R. Heskett
Joseph G. Matye
Tiffany Killoren
SHOOK, HARDY & BACON, LLP
2555 Grand Boulevard
Kansas City, MO 64108
*Counsel for Aventis Pharmaceuticals, Inc., Dermik Laboratories, Inc.*


C. Michael Moore
John P. McDonald
LOCKE LIDDELL & SAPP LLP
2200 Ross Avenue, Suite 2200
Dallas, TX 75201
*Counsel for B. Braun Of America, Inc., and McGraw, Inc.*


Karen N. Walker
Barak Cohen
Edwin John U
KIRKLAND & ELLIS LLP
655 Fifteenth Street, N.W., Suite 1200
Washington, DC 20005
*Counsel for Barr Laboratories, Inc.*


Patrick C. Dunican, Jr.
GIBBONS, DEL DEO, DOLAN, GRIFFINGER & VECCHIONE, P.C.
One Riverfront Plaza
Newark, NJ 07102-5497
*Counsel for Berlex Laboratories, Inc.*


Merle Miller DeLancey, Jr.
Jason D. Wallach
DICKSTEIN SHAPIRO, LLP
1825 Eye Street
Washington, D.C. 20006
*Counsel for Baxter Int'l, Inc., Baxter Healthcare Corp., and Immuno-U.S., Inc.*


Richard D. Raskin
Michael P. Doss
SIDLEY AUSTIN, LLP
One South Dearborn Street

Chicago, IL 60603
*Counsel for Bayer Corporation and Bayer AG, Allergan, Inc., and Novo Nordisk*
*Pharmaceuticals, Inc.*


Jonathan Scott Pressman
WILMER CUTLER PICKERING HALE & DORR LLP
399 Park Avenue
New York NY 10022
*Counsel for Biogen Idec, Inc.*


Michael T. Mervis
PROSKAUER ROSE, LLP
1585 Broadway
New York, NY 10036
*Counsel for Biovail Pharmaceuticals, Inc.*


Helen E. Witt
Brian P. Kavanaugh
Ceylan Ayasli Eatherton
Anne McClain Sidrys
KIRKLAND & ELLIS LISP
200 East Randolph Drive
Chicago, IL 60601-6636
*Counsel for Boehringer Ingelheim Corp., Boehringer Ingelheim Pharmaceuticals, Inc., Ben*
*Venue Laboratories, Inc., Bedford Laboratories, Roxane Laboratories*


Steven M. Edwards
Lyndon M. Tretter
HOGAN & HARTSON LLP
875 Third Avenue, 25th Floor
New York, NY 10022
*Counsel for Bristol-Myers Squibb Company and Oncology Therapeutics Network Corporation*


William A. Davis
MINTZ LEVIN COHN FERRIS GLOVSKY & POPEO PC
701 Pennsylvania Avenue, N.W., Suite 900
Washington, DC 20004

Larri A. Short
D. Jacques Smith
ARENT FOX, PLLC

1050 Connecticut Ave., NW
Washington, DC 20036
***Counsel for Chiron Corp.***


Stephanie Walsh
MINTZ LEVIN COHN FERRIS GLOVSKY & POPEO, PC
666 Third Avenue
New York, NY 10017
***Counsel for Eli Lilly and Company***


Stephen Craig Holden
Kelly J. Davidson
OBER, KALER, GRIMES & SHRIVER
120 East Baltimore St.
Baltimore, MD 21202
***Counsel for Elkins-Sinn, Inc. & Wyeth Pharmaceuticals, Inc., and Wyeth, Inc.***


Brien T. O'Connor
Eric Paul Christofferson
ROPES & GRAY LLP
One International Place
Boston, Massachusetts 02110
***Counsel for Elsai, Inc. and Genzyme Corporation***


Jonathan L. Stern
David D. Fauvre
ARNOLD & PORTER
Thurman Arnold Building
555 Twelfth Street, NW
Washington, DC 20004-1206
***Counsel for Endo Pharmaceuticals, Inc., ETHEX Corporation, Gilead Sciences, Inc.
and K- V Pharmaceutical Company***


Peter J. Venaglia
Brian Rafferty
DORNBUSH SCHAEFFER, STRONGIN & WEINSTEIN LLP
747 Third Avenue
New York, New York 10017
***Counsel for Forest Laboratories. Inc. and Forest Pharmaceuticals. Inc.***

Michael T. Scott
REED SMITH LLP
2500 One Liberty Place
1650 Market Street
Philadelphia, PA 19103-7301

Andrew L. Hurst
REED SMITH LLP
1301 K Street, N.W.
Suite 1100, East Tower
Washington, DC 20005
*Counsel for Fujisawa Healthcare, Inc. and Fujisawa USA, Inc.*

John C. Dodds
Kimberly K. Heuer
Scott A. Stempel
MORGAN LEWIS & BOCKIUS LLP
111 Pennsylvania Avenue NW
Washington, DC 20004
*Counsel for G.D. Searle, LLC and Agouron Pharmaceuticals, Inc.*

Robert J. Miller
REED SMITH, LLP
599 Lexington Avenue
28th Floor
New York NY 10022
*Counsel for Genentech, Inc.*

Robert S. Litt
Rebecca L. Dublin
Geoffrey J. Michael
ARNOLD & PORTER, LLP
555 Twelfth St., NW
Washington, DC 20004-1202
*Counsel for Gilead Sciences, Inc.*

Graciela M. Rodriguez
Kevin R. Sullivan
John D. Shakow
KING & SPALDING LLP
1730 Pennsylvania Avenue, NW

Washington, DC 20006-4706
*Counsel for Hoffman-LaRoche, Inc. and Roche Laboratories, Inc.*


Kathleen M. O'Sullivan
PERKINS COIE
1201 Third Avenue, Suite 4800
Seattle, WA 98101
*Counsel for Immunex Corp.*


Bruce Wessel
Brian D. Ledahl
IRELL & MANELLA LLP
1800 Avenue of the Stars, Suite 900
Los Angeles, California 90067-4276
*Counsel for IVAX Corporation and IVAX Pharmaceuticals, Inc.*


Andrew D. Schau
William F. Cavanaugh, Jr.
Erik Haas
Adeel A. Mangi
PATTERSON, BELKNAP, WEBB & TYLER, LLP
1133 Ave. of the Americas
New York, NY 10036-6710
*Counsel for Johnson & Johnson, Aka Corporation, Cenfocor, Inc., Ethicon, Inc., Janssen
Pharmaceutical Products, L.P., McNeil-PPC, Inc., Ortho Biotech Products, L.P., Ortho-
McNeil Pharmaceutical, Inc., ALZA Corporation*


Gary R. Greenberg.
Louis J. Scerra, Jr.
GREENBERG TRAURIG LLP
One International Place
Boston, MA 02110

Bradley S. Clanton
BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ PC
4268 I-55 North
P. O. Box 14167
Jackson, MS 39236
*Counsel for King Pharmaceuticals Inc. and Monarch Pharmaceuticals Inc.*

Steven M. Umin
James V. Hayes
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, N.W.
Washington, DC 20005-5901
*Counsel for Medimmune, Inc.*

John M. Townsend
Robert B. Funkhouser
HUGHES HUBBARD & REED LLP
1775 I Street N.W.
Washington, DC 20006-2401
*Counsel for Merck & Co., Inc.*

William A. Escobar
Neil Merkl
Christopher C. Palermo
KELLEY DRYE & WARREN LLP
101 Park Avenue
New York, NY 10178
*Counsel for Mylan Laboratories Inc., Mylan Pharmaceuticals Inc.
and UDL Laboratories, Inc.*

Saul P. Morgenstern
KAYE SCHOLER LLP
425 Park Avenue
New York, New York 10022-3598
*Counsel for Novartis Pharmaceuticals Corporation*

William P. Campos
SEDGWICK, DETERT, MORAN & ARNOLD LLP
125 Broad Street
39th Floor
New York, NY 10004-2400
*Counsel for Organon USA*

Richard M. Cooper
Paul K. Dueffert
Thomas J. Roberts
WILLIAMS & CONNOLLY LLP
725 12th Street, NW.

- 13 -

Washington, DC 20005
*Counsel for Par Pharmaceutical, Inc.*


John C. Dodds
Erica J. Smith-Klocek
MORGAN, LEWIS & BOCKIUS, LLP
1701 Market Street
Philadelphia, PA 19103-2921

Scott A. Stempel
MORGAN, LEWIS & BOCKIUS, LLP
1111 Pennsylvania Avenue
Washington, DC 20004-2921
*Counsel for Pfizer, Inc. and Pharmacia Corp.*


Lori A. Schechter
Tiffany Cheung
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105-2482
*Counsel for Purdue Pharma, L.P.*


Patrick C. Dunican, Jr.
GIBBONS, DEL DEO, DOLAN, GRIFFINGER & VECCHIONE, P.C.
One Riverfront Plaza
Newark, NJ 07102-5497
*Counsel for Reliant Pharmaceuticals*


Wayne A. Cross
J. Michael Gallagher
Brendan Woodard
WHITE & CASE
1155 Avenue of the Americas
New York, New York 10036-2787
*Counsel for Sandoz, Inc.*


Graciela M. Rodriguez
Kevin R. Sullivan
John D. Shakow
KING & SPALDING LLP
1730 Pennsylvania Avenue, N.W.

Washington, DC 20006-4706
*Counsel for Sanofi-Synthelabo, Inc.*


Brien T. O'Connor
John T. Montgomery
Carisa A. Klemeyer, Esquire
ROPES & GRAY
One International Place
Boston, MA 02110

Mark D. Meredith
ROPES & GRAY
45 Rockefeller Plaza
New York, NY 10111-0087

J. Steven Baughman
ROPES & GRAY, LLP
One Metro Center
700 12th Street, NW, Suite 900
Washington, DC 20005-9438

C. Michael Moore
John P. McDonald
LOCKE LIDDELL & SAPP LLP
2200 Ross Avenue, Suite 2200
Dallas, TX 75201
*Counsel for Schering-Plough Corp., Schering Corp., Warrick Pharmaceuticals Corporation*


Mark H. Lynch
Ronald G. Dove, Jr.
COVINGTON & BURLING
1201 Pennsylvania Avenue, N.W.
Washington, DC 20044-7566
*Counsel for SmithKline Beecham Corporation d/b/a GlaxoSmithKline and Glaxo Wellcome, Inc.*


Terri Mascherin
Robert R. Stauffer
Anthony C. Porcelli
JENNER & BLOCK LLP
1 IBM Plaza, Suite 4200
Chicago, Illinois 60611
*Counsel for Takeda Pharmaceuticals North America, Inc.*

Elizabeth I. Hack
T. Reed Stephens
SONNENSCHEIN NATH & ROSENTHAL LLP
B1301 K Street, NW, Suite 1600 North Tower
Washington, DC 20005
*Counsel for Teva Pharmaceuticals USA, Inc.*


Grace Rodriguez
John Shakow
Kevin Sullivan
KING AND SPALDING LLP
1700 Pennsylvania Avenue NW
Washington, DC 20006
*Counsel for UCB Pharma, Inc.*


Douglas B. Farquhar
HYMAN PHELPS & MCNAMARA, P.C.
700 Thirteenth Street, N.W., Suite 1200
Washington, DC 20005
*Counsel for Watson Laboratories, Inc., Watson Pharmaceuticals, Inc.
and Watson Pharma, Inc.*

Carl F. Lettow II
Attorney For Dey

IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| LYNN BALDWIN, ET AL., | ) | |
| Plaintiffs, | ) | CIVIL ACTION NO. |
| v. | ) | 96-1264-CB-M |
| THE PRUDENTIAL INSURANCE CO., ET AL., | ) | |
| Defendants. | ) | |
| | ) | |

## ORDER

This matter is before the Court on the motion to remand filed by plaintiffs Lynn and
Karl Baldwin (tab 4), and the motion to stay filed by defendant Prudential Insurance Company
of America ("Prudential") (tab 3). After careful consideration of the motions and the parties'
written submissions, the Court GRANTS the motion to remand and DENIES the motion to
stay for the reasons set forth below.

I. Procedural Background

This dispute arises out of the sale of various insurance policies by the defendants to the
plaintiffs.[1] This case has a rather complicated procedural history, but for the purpose of ruling
on the two motions before the Court, a brief summary will suffice. Prudential has been named
as the defendant in a number of suits throughout the country comparable to the instant action.
Many of these cases have been transferred and consolidated in the United States District Court

---

[1] The individual defendants are all citizens of the State of Alabama for jurisdictional
purposes.

EXHIBIT C

for the District of New Jersey pursuant to 28 U.S.C. § 1407(a) by the Judicial Panel on Multidistrict Litigation ("MDL Panel"). Included in the consolidated cases is a class action pending against Prudential. In the Fall, 1996, the plaintiffs received notices from the United States District Court for the District of New Jersey concerning the pendency of the class action. The notice informed the plaintiffs of their right to "opt out" of the class action. The plaintiffs decided to opt out of the proceedings, and on November 14, 1996, the plaintiffs filed their original complaint in the Circuit Court of Mobile County, Alabama, asserting the following state law causes of action: (1) false representation, (2) concealment and suppression, (3) conversion, (4) breach of fiduciary duty, and (5) civil conspiracy.

On December 23, the defendants removed this case to this Court, and on December 27, the defendants filed a "notice of related action" with the MDL Panel. The defendants informed the MDL Panel that the instant action represents a potential "tag-along action" to the cases already pending in the District of New Jersey. On December 31, the defendants filed the motion to stay now under consideration, asking this Court "to stay all proceedings in this matter pending review by the [MDL Panel]" (tab 3). On January 10, 1997, the MDL Panel issued a conditional transfer order.[2] The plaintiffs filed a notice of opposition to the proposed transfer, and the MDL Panel scheduled a hearing to consider the propriety of the transfer on

---

[2]The Court notes that the issuance of a conditional transfer order does not affect the jurisdiction of this Court to consider the underlying motions. "The pendency of a . . . conditional transfer order . . . does not affect or suspend orders and pretrial proceedings in the district court in which the action is pending and does not in any way limit the pretrial jurisdiction of that court." Rule of Procedure of the Judicial Panel on Multidistrict Litigation 18.

2

March 21, 1997.[3]

On January 22, the plaintiffs filed the motion to remand now under consideration. On February 7, the plaintiffs filed their brief in opposition to the defendants' motion to stay, and on February 14, the defendants filed their brief in opposition to the plaintiffs' motion to remand. The Court finds that both motions are now ripe for its review.

## I. Legal Analysis

### A. The Plaintiff's Motion to Remand

Unless Congress expressly provides otherwise, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a); see also Tapscott v. MS Dealer Service Corp., 77 F.3d 1353, 1356 (11th Cir. 1996) ("Any civil case filed in state court may be removed by the defendant to federal court if the case could have been brought originally in federal court."). Furthermore, "[a] removing defendant has the burden of proving the existence of federal jurisdiction." Tapscott, 77 F.3d at 1356. The defendants do not contend that this Court has original jurisdiction because the case involves [1] a federal question pursuant to 28 U.S.C. § 1331 or [2] parties of diverse citizenship pursuant to 28 U.S.C. §

---

[3]According to the Rules of Procedure of the MDL Panel, "Conditional transfer orders do not become effective unless and until they are filed with the clerk of the transferee district court," and "[t]he Clerk of the Panel . . . shall not send the order to the clerk of the transferee district court for fifteen days from the entry thereof." Rule of Procedure of the Judicial Panel on Multidistrict Litigation 12(a) and (e). If a party opposing the transfer files a notice of opposition with the Clerk of the Panel during this fifteen-day period, "the Panel shall not transmit said order to the clerk of the transferee district court until further order of the Panel." Id. at Rule 12(c).

1332. Rather, the defendants proffer a rather novel theory to support their contention that this Court has original jurisdiction in this case.

The defendants contend that the supplemental jurisdiction statute, 28 U.S.C. § 1367(a), – when read in conjunction with the removal statute, 28 U.S.C. § 1441(a) – confers removal jurisdiction on this Court.[4] In support of their contention, the defendants put forth the following syllogism. First, original federal jurisdiction exists in at least some of the cases currently pending before the United States District Court for the District of New Jersey. Second, the instant action forms part of the same "case or controversy" as those cases for which federal jurisdiction exists. Therefore, this Court has supplemental jurisdiction over the instant action, and as a result, the case has been properly removed to this Court. Because this is the defendants' only argument to support this Court's removal jurisdiction, the sole issue before this Court is whether 28 U.S.C. § 1367(a) standing alone confers removal jurisdiction upon the Court.

In response, the plaintiffs cite a host of cases which reject the defendant's argument, including a recent decision by the Sixth Circuit addressing the exact issue before this Court.

---

[4]28 U.S.C. § 1337(a) reads as follows:

> [e]xcept as provided in subsection (b) and (c) or as expressly provided otherwise by Federal statute, in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties.

28 U.S.C. § 1337(a).

4

*See* Ahearn v. Charter Township of Bloomfield, 100 F.3d 451 (6th Cir. 1996). In rejecting an argument analogous to the one advanced by the defendants, the Sixth Circuit held as follows:

> The action before us was filed in state court. The removal statute allows removal only of a "civil action brought in a State court of which the district courts have *original jurisdiction* . . . ." 28 U.S.C. § 1441(a) (emphasis added). The supplemental-jurisdiction statute is not a source of original subject-matter jurisdiction, . . . and a removal petition therefore may not base subject-matter jurisdiction on the supplemental-jurisdiction statute, . . . *even if the action which the defendant seeks to remove is related to another action over which the federal district court already has subject-matter jurisdiction*, . . . and even if removal would be efficient.
>
> [T]he plaintiffs in a nondiversity action are masters of their complaint and may avoid federal subject-matter jurisdiction by relying exclusively on state law . . . . At the time of removal, the plaintiffs' complaint asserted no claim giving the district court diversity or federal-question jurisdiction, . . . so the plaintiffs have properly avoided federal subject-matter jurisdiction.
>
> Without proper removal, a state-court action does not belong in federal court in the first place, and it is wrong to even consider supplemental jurisdiction . . . . Neither the facts nor the claims in the action before us "are so related to claims in the action" over which the federal district court already has "original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). But even if they were so related, that would not transform them into claims over which the federal district court has original jurisdiction.

*Id.* at 456 (emphasis added) (some citations omitted); *see also* In re Estate of Tabas, 879 F. Supp. 464, 467 (E.D. Pa. 1995) ("[T]he supplemental jurisdiction statute does not allow a party to remove an otherwise unremovable action to federal court for consolidation with a related federal action."); Sebring Homes v. T.R. Arnold & Associates, Inc., 927 F. Supp. 1098, 1101 (N.D. Ind. 1995) ("The supplemental jurisdiction statute does not confer original jurisdiction on claims or suits," and "[s]ection 1367 provides no original jurisdiction over a separate, but related suit, and does not authorize removal from state court to federal court pursuant to § 1441."); Zewe v. Law Firm of Adams & Reese, 852 F. Supp. 516, 520 (E.D.

5

La. 1993) (rejecting the defendant's argument "that this court has supplemental jurisdiction under 28 U.S.C. § 1367 over the claims [the plaintiff] asserted in his state court suit because they are so factually related to claims in the federal class action that they form part of the same case or controversy," because "a district court does not have supplemental jurisdiction under 28 U.S.C. § 1367 to entertain the merits of claims in a state court suit which was removed without original jurisdiction.").

The plaintiffs also cite a number of identical cases -- cases in which Prudential has removed an action from state court in an effort to have the action consolidated with the cases now pending in the District of New Jersey -- in which District Courts have rejected the precise argument proffered by Prudential in the case *sub judice*. *See, e.g.*, Rutt v. Prudential Ins. Co. Of America, No. CIV.A. 96-3658, 1996 WL 278819, at *3 (E.D. Pa. 1996 May 23, 1996) ("Prudential's only basis for federal subject matter jurisdiction of this action is its assertion that the original jurisdiction of the District of New Jersey confers supplemental jurisdiction of this action on, apparently, all district courts," but "supplemental jurisdiction, by its terms, is not original jurisdiction, and, therefore cannot satisfy the jurisdictional prerequisite of § 1441(a)."); Clark v. Prudential Ins. Co. Of America, No. LR-C-96-590 (E.D. Ark. Sept. 12, 1996) ("Defendants have pointed the Court to no authority for the proposition that a federal district court may properly invoke supplemental jurisdiction in the absence of any jurisdiction *in that same court*," and "[t]he supplemental jurisdiction statute provides supplemental jurisdiction to a federal district court only when there is some basis of original jurisdiction."); Wall v. Prudential Ins. Co. Of America, No. CV-96-TMP-2846-W (N.D. Ala. Nov. 13, 1996) ("[T]he supplemental jurisdiction statute, § 1367, does not create original federal

6

jurisdiction that will support removal of a state action for which no other jurisdictional basis exists," and "[s]ection 1367 does nothing more than extend federal jurisdiction that already exists; it does not create federal jurisdiction where it did not otherwise exist."). The Court finds the reasoning underlying the above cases highly persuasive.

Like many of the above courts, this Court begins its analysis by noting that Congress has expressly authorized the removal of "any civil action brought in a State court of which the district courts of the United States have *original jurisdiction*." 28 U.S.C. § 1441(a) (emphasis added). There can be no dispute that this Court lacks original jurisdiction to hear this case. The parties are not diverse, and the plaintiffs assert no claim arising under federal law. Nevertheless, the defendants contend that -- because the United States District Court for the District of New Jersey has original jurisdiction to hear some of the related cases now pending before it -- this Court has supplemental jurisdiction over the instant action, and therefore the case has been properly removed. This view ignores the plain language of the removal statute which requires the Court to have *original* -- as opposed to supplemental, ancillary, pendent, appellate, etc. -- jurisdiction over the action. See Cole v. Prudential Ins. Co. Of America, No. CV-96-7171-MRP (C.D. Cal. 1997) ("When a state court complaint contains not a single claim over which a federal court has original jurisdiction, removal would clearly contradict section 1441(a) which only authorizes the removal of those cases that fall within the original jurisdiction of the federal district courts.").

The defendants' argument also ignores the plain language of the supplemental jurisdiction statute.

7

> Supplemental jurisdiction is, by its very nature, not original but additional; that is, it relies on the existence of some other original basis of jurisdiction. A case may not be brought in federal court on the grounds of supplemental jurisdiction alone. By definition, such jurisdiction must be attached to another basis of jurisdiction.

Palmer v. Hospital Auth. of Randolph County, 22 F.3d 1559, 1565 (11th Cir. 1994). The defendants' argument also fails because it ignores the distinction between "claims" and "actions" found in the supplemental jurisdiction statute. Again, § 1367(a) states that "in any civil *action* of which the district courts have *original jurisdiction*, the district courts shall have supplemental jurisdiction over all other *claims* . . . ." 28 U.S.C. § 1367(a) (emphasis added). The plain meaning of this provision is that -- if the Court has original jurisdiction over an *action* -- the Court has supplemental jurisdiction over related *claims*. Again, there is no dispute that this Court has no original jurisdiction over this *action*. The fact that some other District Court has jurisdiction over some *actions* involving Prudential does not confer supplemental jurisdiction upon this Court to hear a related *action*, and nothing in § 1367(a) suggests otherwise. See In re Estate of Tabas, 879 F. Supp. at 467 ("On its face [§ 1367(a)] distinguishes between actions and claims. Section 1367 allows plaintiffs to bring federal claims in federal court even though combined with state-law claims that would not otherwise be within a federal court's jurisdiction. The statute itself is not, however, an independent source of removal jurisdiction."); Holt v. Lockheed Support Systems, Inc., 835 F. Supp. 325, 329 (W.D. La. 1993) (Section 1367(a) -- which applies "to supplemental claims within the *same case* as the original jurisdiction claim" -- does not apply when the Court is "dealing with two separate, yet related cases."); Sebring Homes, 927 F. Supp. at 1101 (quoting USA One BV & USA Two BV v. Delmont Fire Protection Serv. Inc., No. 93-1320, 1993 WL 140514

E.D. Pa. May 3, 1993)) ("By its terms, § 1367 'contemplates supplemental jurisdiction arising only from claims within a single action.'"); Wall, No. CV-96-TMP-2846-W ("It is certainly not enough [for the District Court to have jurisdiction] to say that a district court in New Jersey has some consolidated cases against Prudential and, therefore, this court should assume supplemental jurisdiction over the plaintiff's state-law claims."). Thus, after examining the removal statute, the supplemental jurisdiction statute, and the relevant case law, the Court finds that the defendants' removal in this case was improper, because the plaintiff's complaint contains no claim which is within this Court's original jurisdiction.

### B. The Defendants' Motion to Stay

Prudential asks this Court to stay all proceedings — including resolution of the plaintiffs' motion to remand — until the MDL Panel determines whether to transfer this case to the District of New Jersey. In support of its motion, Prudential contends that similar remand motions are pending in cases already transferred to that district. Prudential argues that, by granting the stay and allowing all of the remand issues to be resolved in one setting, the Court would promote consistency, conserve judicial resources, and avoid duplicative discovery. Finally, Prudential cites several cases — including two in this district — in which the Courts have granted the requested stay under identical circumstances. With all due respect to those Courts and the policy considerations identified by Prudential, the Court finds more compelling reasons not to stay these proceedings.

9

The Court notes that the plaintiffs exercised their right to opt out of the class action and pursue their claims individually. More importantly, the plaintiffs chose to pursue their claims in state court. It is axiomatic that "[f]ederal courts are courts of limited jurisdiction," and that "plaintiff is still the master of his own claim." Burns v. Windor Ins. Co., 31 F.3d 1092, 1095 (11th Cir. 1994). To allow this case to be transferred to the District of New Jersey unnecessarily burdens the plaintiffs' right to proceed in the forum of their choosing. Even if the District Court in New Jersey ultimately remanded the case to the Circuit Court of Mobile County, Alabama, the plaintiffs would nevertheless be forced to pursue their claim in a forum not of their choosing one thousand miles from home. In light of the clearly improper removal of this case, such circumstances are simply intolerable. See Cole, No. CV-96-7171-MRP ("As a matter of simple fairness, [plaintiff] should not be required to go to New Jersey to object to this Court's exercise of jurisdiction over his lawsuit.").

Finally, Congress has provided that, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). This Court has determined that it lacks subject matter jurisdiction to hear this case, and pursuant to Congress' mandate, the Court is remanding the case. To stay these proceedings when the Court clearly lacks subject matter jurisdiction is contrary to Congress' intent. Furthermore, it perpetuates federal interference in a case properly brought in state court and runs afoul of the tradition of limited federal jurisdiction.

III. Conclusion

For the aforementioned reasons, the Court DENIES the defendants' motion to stay and GRANTS the plaintiff's motion to remand. This case is REMANDED to the Circuit Court of

Mobile County, Alabama, for any further proceedings.

It is so **ORDERED**.

**DONE** this the 19th day of March, 1997.

CHIEF DISTRICT JUDGE

11

FILED

APR 1 6 1997

CLERK
U. S. DISTRICT COURT
MIDDLE DIST. OF ALA

IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, EASTERN DIVISION

ELDRICK HARRIS, SR.,            )
                                )
        Plaintiff,              )
                                )
    v.                          )    CIVIL ACTION NO. 97-T-263-E
                                )
THE PRUDENTIAL INSURANCE        )
COMPANY OF AMERICA, et al.,     )
                                )
        Defendants.             )

ORDER

For the reasons given by Chief Judge Butler in Baldwin v. Prudential Insurance Co., civil action no. 96-1264-CB-M (S.D. Ala. March 19, 1997),* it is the ORDER, JUDGMENT, and DECREE of the court as follows:

(1) The motion to remand filed by plaintiff on March 10, 1997, is granted.

(2) This cause is remanded to the Circuit Court of Macon County, Alabama, pursuant to 28 U.S.C.A. § 1447(c), for want of subject-matter jurisdiction.

It is further ORDERED that the motion to stay, etc., filed by defendant Prudential Insurance Company of America on March 3, 1997, is denied.

-------------------------------------------------

*Defendant Prudential Insurance Company of America argues that, because plaintiff alleges a "pattern and practice" of conduct, supplemental jurisdiction based on 28 U.S.C.A. § 1367 is proper because the "pattern and practice" includes claims in other cases over which federal courts have original jurisdiction. The court rejects this argument. The "pattern and practice" conduct would merely be "additional evidence." This mere evidence--in particular, additional evidence--cannot be the basis of original jurisdiction. This evidence is only that--that is, "evidence"--not an additional claim or claims.

EOD 4/16/97

EXHIBIT D

The clerk of the court is DIRECTED to take appropriate steps to effect the remand.

DONE, this the ___16th___ day of April, 1997.

UNITED STATES DISTRICT JUDGE

FILED

APR 16 1997

OMAS C. HAVER, CL

IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

MICHAEL CURTIS SMITH,        )
                             )
        Plaintiff,           )
                             )
    v.                       )    CIVIL ACTION NO. 97-T-265-N
                             )
THE PRUDENTIAL INSURANCE     )
COMPANY OF AMERICA, et al.,  )
                             )
        Defendants.          )

ORDER

For the reasons given by Chief Judge Butler in Baldwin v. Prudential Insurance Co., civil action no. 96-1264-CB-M (S.D. Ala. March 19, 1997),* it is the ORDER, JUDGMENT, and DECREE of the court as follows:

(1) The motion to remand filed by plaintiff on March 10, 1997, is granted.

(2) This cause is remanded to the Circuit Court of Barbour County, Alabama, pursuant to 28 U.S.C.A. § 1447(c), for want of subject-matter jurisdiction.

It is further ORDERED that the motion to stay, etc., filed by defendant Prudential Insurance Company of America on March 3, 1997, is denied.

_____

*Defendant Prudential Insurance Company of America argues that, because plaintiff alleges a "pattern and practice" of conduct, supplemental jurisdiction based on 28 U.S.C.A. § 1367 is proper because the "pattern and practice" includes claims in other cases over which federal courts have original jurisdiction. The court rejects this argument. The "pattern and practice" conduct would merely be "additional evidence." This mere evidence--in particular, additional evidence--cannot be the basis of original jurisdiction. This evidence is only that--that is, "evidence"--not an additional claim or claims.

EOD  4/16/97

EXHIBIT E

The clerk of the court is DIRECTED to take appropriate steps to effect the remand.

DONE, this the ___16th___ day of April, 1997.

_____
UNITED STATES DISTRICT JUDGE

IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

FILED

APR 16 1997

CLERK
U. S. DISTRICT COURT
MIDDLE DIST. OF AL

DANIEL JONES,                    )
                                 )
        Plaintiff,               )
                                 )
        v.                       )    CIVIL ACTION NO. 97-T-279-N
                                 )
THE PRUDENTIAL INSURANCE         )
COMPANY OF AMERICA, et al.,      )
                                 )
        Defendants.              )

ORDER

For the reasons given by Chief Judge Butler in Baldwin v.
Prudential Insurance Co., civil action no. 96-1264-CB-M (S.D. Ala.
March 19, 1997),* it is the ORDER, JUDGMENT, and DECREE of the
court as follows:

(1)  The motion to remand filed by plaintiff on March 10,
1997, is granted.

(2)  This cause is remanded to the Circuit Court of Barbour
County, Alabama, pursuant to 28 U.S.C.A. § 1447(c), for want of
subject-matter jurisdiction.

It is further ORDERED that the motion to stay, etc., filed by
defendant Prudential Insurance Company of America on March 3, 1997,
is denied.

――――――――――――――――

*Defendant Prudential Insurance Company of America argues
that, because plaintiff alleges a "pattern and practice" of
conduct, supplemental jurisdiction based on 28 U.S.C.A. § 1367 is
proper because the "pattern and practice" includes claims in other
cases over which federal courts have original jurisdiction.  The
court rejects this argument.  The "pattern and practice" conduct
would merely be "additional evidence."  This mere evidence--in
particular, additional evidence--cannot be the basis of original
jurisdiction.  This evidence is only that--that is, "evidence"--not
an additional claim or claims.

EOD 4/16/97

EXHIBIT F

The clerk of the court is DIRECTED to take appropriate steps to effect the remand.

DONE, this the 16th day of April, 1997.

_____
UNITED STATES DISTRICT JUDGE

IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, SOUTHERN DIVISION

**FILED**

APR 16 1997

CLERK
U. S. DISTRICT COURT
MIDDLE DIST. OF ALA

CHRISTOPHER D. MURPHY,           )
                                  )
     Plaintiff,                   )
                                  )
v.                                )    CIVIL ACTION NO. 97-T-274-S
                                  )
THE PRUDENTIAL INSURANCE          )
COMPANY OF AMERICA, et al.,       )
                                  )
     Defendants.                  )

ORDER

For the reasons given by Chief Judge Butler in Baldwin v. Prudential Insurance Co., civil action no. 96-1264-CB-M (S.D. Ala. March 19, 1997),* it is the ORDER, JUDGMENT, and DECREE of the court as follows:

(1) The motion to remand filed by plaintiff on March 10, 1997, is granted.

(2) This cause is remanded to the Circuit Court of Henry County, Alabama, pursuant to 28 U.S.C.A. § 1447(c), for want of subject-matter jurisdiction.

It is further ORDERED that the motion to stay, etc., filed by defendant Prudential Insurance Company of America on March 3, 1997, is denied.

─────────────────

*Defendant Prudential Insurance Company of America argues that, because plaintiff alleges a "pattern and practice" of conduct, supplemental jurisdiction based on 28 U.S.C.A. § 1367 is proper because the "pattern and practice" includes claims in other cases over which federal courts have original jurisdiction. The court rejects this argument. The "pattern and practice" conduct would merely be "additional evidence." This mere evidence--in particular, additional evidence--cannot be the basis of original jurisdiction. This evidence is only that--that is, "evidence"--not an additional claim or claims.

EOD   4/16/97

EXHIBIT G

The clerk of the court is DIRECTED to take appropriate steps to effect the remand.

DONE, this the ___16th___ day of April, 1997.

UNITED STATES DISTRICT JUDGE

IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, SOUTHERN DIVISION

FILED

APR 1 6 1997

JMASK CLAYER, Cl

GARY JONES,                        )
                                   )
        Plaintiff,                 )
                                   )
    v.                             )    CIVIL ACTION NO. 97-T-266-S
                                   )
THE PRUDENTIAL INSURANCE           )
COMPANY OF AMERICA, et al.,        )
                                   )
        Defendants.                )

ORDER

For the reasons given by Chief Judge Butler in Baldwin v. Prudential Insurance Co., civil action no. 96-1264-CB-M (S.D. Ala. March 19, 1997),* it is the ORDER, JUDGMENT, and DECREE of the court as follows:

(1) The motion to remand filed by plaintiff on March 10, 1997, is granted.

(2) This cause is remanded to the Circuit Court of Henry County, Alabama, pursuant to 28 U.S.C.A. § 1447(c), for want of subject-matter jurisdiction.

It is further ORDERED that the motion to stay, etc., filed by defendant Prudential Insurance Company of America on March 3, 1997, is denied.

---

*Defendant Prudential Insurance Company of America argues that, because plaintiff alleges a "pattern and practice" of conduct, supplemental jurisdiction based on 28 U.S.C.A. § 1367 is proper because the "pattern and practice" includes claims in other cases over which federal courts have original jurisdiction. The court rejects this argument. The "pattern and practice" conduct would merely be "additional evidence." This mere evidence--in particular, additional evidence--cannot be the basis of original jurisdiction. This evidence is only that--that is, "evidence"--not an additional claim or claims.

EOD 4/16/97

EXHIBIT H

The clerk of the court is DIRECTED to take appropriate steps to effect the remand.

DONE, this the __16th__ day of April, 1997.

UNITED STATES DISTRICT JUDGE

**FILED**

APR 1 6 1997

THOMAS C. CAVER, CLERK
BY _____
DEPUTY CLERK

IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

```
LESLIE LEROY,                     )
                                  )
        Plaintiff,                )
                                  )
        v.                        )    CIVIL ACTION NO. 97-T-367-N
                                  )
THE PRUDENTIAL INSURANCE          )
COMPANY OF AMERICA, et al.,       )
                                  )
        Defendants.               )
```

ORDER

For the reasons given by Chief Judge Butler in Baldwin v. Prudential Insurance Co., civil action no. 96-1264-CB-M (S.D. Ala. March 19, 1997),* it is the ORDER, JUDGMENT, and DECREE of the court that this cause is remanded to the Circuit Court of Barbour County, Alabama, pursuant to 28 U.S.C.A. § 1447(c), for want of subject-matter jurisdiction.

It is further ORDERED that the motion to stay, etc., filed by defendant Prudential Insurance Company of America on March 17, 1997, is denied.

_____

*Defendant Prudential Insurance Company of America argues that, because plaintiff alleges a "pattern and practice" of conduct, supplemental jurisdiction based on 28 U.S.C.A. § 1367 is proper because the "pattern and practice" includes claims in other cases over which federal courts have original jurisdiction. The court rejects this argument. The "pattern and practice" conduct would merely be "additional evidence." This mere evidence--in particular, additional evidence--cannot be the basis of original jurisdiction. This evidence is only that--that is, "evidence"--not an additional claim or claims.

EOD 4

5

EXHIBIT I

The clerk of the court is DIRECTED to take appropriate steps to effect the remand.

DONE, this the __16th__ day of April, 1997.

UNITED STATES DISTRICT JUDGE

EOD

IN THE DISTRICT COURT OF THE UNITED STATES FOR THE FILED

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

APR 16 1997

OMAS L. HAYER, CL

PATRICIA C. WILSON,                    )
                                       )
        Plaintiff,                     )
                                       )
        v.                             )     CIVIL ACTION NO. 97-T-325-N
                                       )
THE PRUDENTIAL INSURANCE               )
COMPANY OF AMERICA, et al.,            )
                                       )
        Defendants.                    )

ORDER

For the reasons given by Chief Judge Butler in Baldwin v. Prudential Insurance Co., civil action no. 96-1264-CB-M (S.D. Ala. March 19, 1997),* it is the ORDER, JUDGMENT, and DECREE of the court as follows:

(1) The motion to remand filed by plaintiff on March 10, 1997, is granted.

(2) This cause is remanded to the Circuit Court of Barbour County, Alabama, pursuant to 28 U.S.C.A. § 1447(c), for want of subject-matter jurisdiction.

It is further ORDERED that the motion to stay, etc., filed by defendant Prudential Insurance Company of America on March 3, 1997, is denied.

_____

*Defendant Prudential Insurance Company of America argues that, because plaintiff alleges a "pattern and practice" of conduct, supplemental jurisdiction based on 28 U.S.C.A. § 1367 is proper because the "pattern and practice" includes claims in other cases over which federal courts have original jurisdiction. The court rejects this argument. The "pattern and practice" conduct would merely be "additional evidence." This mere evidence--in particular, additional evidence--cannot be the basis of original jurisdiction. This evidence is only that--that is, "evidence"--not an additional claim or claims.

EOD  4/16/97     EXHIBIT J

The clerk of the court is DIRECTED to take appropriate steps to effect the remand.

DONE, this the ___16th___ day of April, 1997.

_____
UNITED STATES DISTRICT JUDGE

IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

FILED

APR 1 6 1997

CLERK
U. S. DISTRICT COURT
MIDDLE DIST. OF AL'

WILLIE RUTH HYDE,                          )

    Plaintiff,                             )

    v.                                     )      CIVIL ACTION NO. 97-T-269-N

THE PRUDENTIAL INSURANCE                   )
COMPANY OF AMERICA, et al.,                )

    Defendants.                            )

## ORDER

For the reasons given by Chief Judge Butler in Baldwin v. Prudential Insurance Co., civil action no. 96-1264-CB-M (S.D. Ala. March 19, 1997),* it is the ORDER, JUDGMENT, and DECREE of the court as follows:

(1) The motion to remand filed by plaintiff on March 10, 1997, is granted.

(2) This cause is remanded to the Circuit Court of Elmore County, Alabama, pursuant to 28 U.S.C.A. § 1447(c), for want of subject-matter jurisdiction.

It is further ORDERED that the motion to stay, etc., filed by defendant Prudential Insurance Company of America on March 3, 1997, is denied.

---

*Defendant Prudential Insurance Company of America argues that, because plaintiff alleges a "pattern and practice" of conduct, supplemental jurisdiction based on 28 U.S.C.A. § 1367 is proper because the "pattern and practice" includes claims in other cases over which federal courts have original jurisdiction. The court rejects this argument. The "pattern and practice" conduct would merely be "additional evidence." This mere evidence--in particular, additional evidence--cannot be the basis of original jurisdiction. This evidence is only that--that is, "evidence"--not an additional claim or claims.

EOD __4/16/97__     EXHIBIT K

The clerk of the court is DIRECTED to take appropriate steps to effect the remand.

DONE, this the ___16<u>th</u>___ day of April, 1997.

UNITED STATES DISTRICT JUDGE

IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

FILED

APR 16 1997

CLERK
U.S. DIST. COURT
MIDDLE DIST. OF ALA.
'PUTY CLERK, BY

WILLIAM AND DORIS TURNER,      )
                               )
     Plaintiffs,               )
                               )
     v.                        )    CIVIL ACTION NO. 97-T-282-N
                               )
THE PRUDENTIAL INSURANCE       )
COMPANY OF AMERICA, et al.,    )
                               )
     Defendants.               )

ORDER

For the reasons given by Chief Judge Butler in Baldwin v. Prudential Insurance Co., civil action no. 96-1264-CB-M (S.D. Ala. March 19, 1997),* it is the ORDER, JUDGMENT, and DECREE of the court as follows:

(1)  The motion to remand filed by plaintiffs on March 10, 1997, is granted.

(2)  This cause is remanded to the Circuit Court of Montgomery County, Alabama, pursuant to 28 U.S.C.A. § 1447(c), for want of subject-matter jurisdiction.

It is further ORDERED that the motion to stay, etc., filed by defendant Prudential Insurance Company of America on March 3, 1997, is denied.

---

*Defendant Prudential Insurance Company of America argues that, because plaintiffs allege a "pattern and practice" of conduct, supplemental jurisdiction based on 28 U.S.C.A. § 1367 is proper because the "pattern and practice" includes claims in other cases over which federal courts have original jurisdiction. The court rejects this argument. The "pattern and practice" conduct would merely be "additional evidence." This mere evidence--in particular, additional evidence--cannot be the basis of original jurisdiction. This evidence is only that--that is, "evidence"--not an additional claim or claims.

EOD 4/16/97

EXHIBIT L

The clerk of the court is DIRECTED to take appropriate steps to effect the remand.

DONE, this the ___16th___ day of April, 1997.

_____
UNITED STATES DISTRICT JUDGE

IN THE DISTRICT COURT OF THE UNITED STATES FOR THE **FILED**

MIDDLE DISTRICT OF ALABAMA, EASTERN DIVISION    APR 16 1997

THOMAS C. CAVER, CLERK
BY _____
DEPUTY CLERK

JAMES J. JONES,                    )
                                   )
        Plaintiff,                 )
                                   )
v.                                 )    CIVIL ACTION NO. 97-T-238-N
                                   )
THE PRUDENTIAL INSURANCE           )
COMPANY OF AMERICA, et al.,        )
                                   )
        Defendants.                )

## ORDER

For the reasons given by Chief Judge Butler in Baldwin v. Prudential Insurance Co., civil action no. 96-1264-CB-M (S.D. Ala. March 19, 1997)(a copy of which is attached),* it is the ORDER, JUDGMENT, and DECREE of the court as follows:

(1)  The motion to remand filed by plaintiff on March 17, 1997, is granted.

(2)  This cause is remanded to the Circuit Court of Macon County, Alabama, pursuant to 28 U.S.C.A. § 1447(c), for want of subject-matter jurisdiction.

It is further ORDERED that the motion to stay, etc., filed by defendant Prudential Insurance Company of America on March 14, 1997, is denied.

_____

*Defendant Prudential Insurance Company of America argues that, because plaintiff alleges a "pattern and practice" of conduct, supplemental jurisdiction based on 28 U.S.C.A. § 1367 is proper because the "pattern and practice" includes claims in other cases over which federal courts have original jurisdiction.  The court rejects this argument.  The "pattern and practice" conduct would merely be "additional evidence."  This mere evidence--in particular, additional evidence--cannot be the basis of original jurisdiction.  This evidence is only that--that is, "evidence"--not an additional claim or claims.

EOD  4/1

EXHIBIT M

The clerk of the court is DIRECTED to take appropriate steps to effect the remand.

DONE, this the ___16th___ day of April, 1997.

_____
UNITED STATES DISTRICT JUDGE

IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

FILED

APR 16 1997

OMAS C. SAVER, Cl

ROBERT L. BROWDER,                    )
                                      )
        Plaintiff,                    )
                                      )
        v.                            )    CIVIL ACTION NO. 97-T-276-N
                                      )
THE PRUDENTIAL INSURANCE              )
COMPANY OF AMERICA, et al.,           )
                                      )
        Defendants.                   )

ORDER

For the reasons given by Chief Judge Butler in Baldwin v. Prudential Insurance Co., civil action no. 96-1264-CB-M (S.D. Ala. March 19, 1997),* it is the ORDER, JUDGMENT, and DECREE of the court as follows:

(1)  The motion to remand filed by plaintiff on March 10, 1997, is granted.

(2)  This cause is remanded to the Circuit Court of Barbour County, Alabama, pursuant to 28 U.S.C.A. § 1447(c), for want of subject-matter jurisdiction.

It is further ORDERED that the motion to stay, etc., filed by defendant Prudential Insurance Company of America on March 3, 1997, is denied.

_____

*Defendant Prudential Insurance Company of America argues that, because plaintiff alleges a "pattern and practice" of conduct, supplemental jurisdiction based on 28 U.S.C.A. § 1367 is proper because the "pattern and practice" includes claims in other cases over which federal courts have original jurisdiction. The court rejects this argument. The "pattern and practice" conduct would merely be "additional evidence." This mere evidence--in particular, additional evidence--cannot be the basis of original jurisdiction. This evidence is only that--that is, "evidence"--not an additional claim or claims.

EOD 4/16/97                                                    2

EXHIBIT N

The clerk of the court is DIRECTED to take appropriate steps to effect the remand.

DONE, this the ___16ᵗʰ___ day of March, 1997.

UNITED STATES DISTRICT JUDGE

*EOD*

IN THE DISTRICT COURT OF THE UNITED STATES FOR THE FILED
MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

APR 16 1997

ᴼMAS C. CARVER, CL

JAMES C. SMITH and          )
ELIZABETH A. SMITH,         )
                            )
        Plaintiffs,         )
                            )
    v.                      )    CIVIL ACTION NO. 97-T-275-N
                            )
THE PRUDENTIAL INSURANCE    )
COMPANY OF AMERICA, et al., )
                            )
        Defendants.         )

ORDER

For the reasons given by Chief Judge Butler in Baldwin v. Prudential Insurance Co., civil action no. 96-1264-CB-M (S.D. Ala. March 19, 1997),* it is the ORDER, JUDGMENT, and DECREE of the court as follows:

(1) The motion to remand filed by plaintiffs on March 10, 1997, is granted.

(2) This cause is remanded to the Circuit Court of Barbour County, Alabama, pursuant to 28 U.S.C.A. § 1447(c), for want of subject-matter jurisdiction.

It is further ORDERED that the motion to stay, etc., filed by defendant Prudential Insurance Company of America on March 3, 1997, is denied.

---

*Defendant Prudential Insurance Company of America argues that, because plaintiffs allege a "pattern and practice" of conduct, supplemental jurisdiction based on 28 U.S.C.A. § 1367 is proper because the "pattern and practice" includes claims in other cases over which federal courts have original jurisdiction. The court rejects this argument. The "pattern and practice" conduct would merely be "additional evidence." This mere evidence--in particular, additional evidence--cannot be the basis of original jurisdiction. This evidence is only that--that is, "evidence"--not an additional claim or claims.

*EOD  4/16/97*

EXHIBIT O

The clerk of the court is DIRECTED to take appropriate steps to effect the remand.

DONE, this the ___16th___ day of April, 1997.

UNITED STATES DISTRICT JUDGE

IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

**FILED**

APR 1 6 1997

CLERK
U. S. DISTRICT COURT
MIDDLE DIST. OF ALA

ROBERT TURNIPSEED,                     )
                                       )
        Plaintiff,                     )
                                       )
        v.                             )     CIVIL ACTION NO. 97-T-273-N
                                       )
THE PRUDENTIAL INSURANCE               )
COMPANY OF AMERICA, et al.,            )
                                       )
        Defendants.                    )

ORDER

For the reasons given by Chief Judge Butler in Baldwin v. Prudential Insurance Co., civil action no. 96-1264-CB-M (S.D. Ala. March 19, 1997),* it is the ORDER, JUDGMENT, and DECREE of the court as follows:

(1)  The motion to remand filed by plaintiff on March 10, 1997, is granted.

(2)  This cause is remanded to the Circuit Court of Pike County, Alabama, pursuant to 28 U.S.C.A. § 1447(c), for want of subject-matter jurisdiction.

It is further ORDERED that the motion to stay, etc., filed by defendant Prudential Insurance Company of America on March 3, 1997, is denied.

---

*Defendant Prudential Insurance Company of America argues that, because plaintiff alleges a "pattern and practice" of conduct, supplemental jurisdiction based on 28 U.S.C.A. § 1367 is proper because the "pattern and practice" includes claims in other cases over which federal courts have original jurisdiction. The court rejects this argument. The "pattern and practice" conduct would merely be "additional evidence." This mere evidence--in particular, additional evidence--cannot be the basis of original jurisdiction. This evidence is only that--that is, "evidence"--not an additional claim or claims.

EOD    4/16/97

EXHIBIT P

The clerk of the court is DIRECTED to take appropriate steps to effect the remand.

DONE, this the ___16th___ day of April, 1997.

UNITED STATES DISTRICT JUDGE

IN THE DISTRICT COURT OF THE UNITED STATES FOR THE FILED
MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

APR 1 6 1997

CLERK
U.S. DIST. COURT
MIDDLE DIST. OF ALA.
'PUTY CLERK, BY

JOHN H. MOSELEY and BONNIE          )
MOSELEY,                            )
                                    )
      Plaintiffs,                   )
                                    )
v.                                  )    CIVIL ACTION NO. 97-T-272-N
                                    )
THE PRUDENTIAL INSURANCE            )
COMPANY OF AMERICA, et al.,         )
                                    )
      Defendants.                   )

ORDER

For the reasons given by Chief Judge Butler in Baldwin v. Prudential Insurance Co., civil action no. 96-1264-CB-M (S.D. Ala. March 19, 1997),* it is the ORDER, JUDGMENT, and DECREE of the court as follows:

(1)  The motion to remand filed by plaintiffs on March 10, 1997, is granted.

(2)  This cause is remanded to the Circuit Court of Montgomery County, Alabama, pursuant to 28 U.S.C.A. § 1447(c), for want of subject-matter jurisdiction.

It is further ORDERED that the motion to stay, etc., filed by defendant Prudential Insurance Company of America on March 3, 1997, is denied.

---

*Defendant Prudential Insurance Company of America argues that, because plaintiffs allege a "pattern and practice" of conduct, supplemental jurisdiction based on 28 U.S.C.A. § 1367 is proper because the "pattern and practice" includes claims in other cases over which federal courts have original jurisdiction. The court rejects this argument. The "pattern and practice" conduct would merely be "additional evidence." This mere evidence--in particular, additional evidence--cannot be the basis of original jurisdiction. This evidence is only that--that is, "evidence"--not an additional claim or claims.

EOD 4/16/97

EXHIBIT Q

The clerk of the court is DIRECTED to take appropriate steps to effect the remand.

DONE, this the ___16th___ day of April, 1997.

_____
UNITED STATES DISTRICT JUDGE

IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

*FILED*

APR 1 6 1997

CLERK
U. S. DISTRICT COUR
MIDDLE DIST. OF A!

BESSIE A. FENN,                    )
                                   )
        Plaintiff,                 )
                                   )
        v.                         )    CIVIL ACTION NO. 97-T-270-N
                                   )
THE PRUDENTIAL INSURANCE           )
COMPANY OF AMERICA, et al.,        )
                                   )
        Defendants.                )

ORDER

For the reasons given by Chief Judge Butler in Baldwin v. Prudential Insurance Co., civil action no. 96-1264-CB-M (S.D. Ala. March 19, 1997),* it is the ORDER, JUDGMENT, and DECREE of the court as follows:

(1)  The motion to remand filed by plaintiff on March 10, 1997, is granted.

(2)  This cause is remanded to the Circuit Court of Barbour County, Alabama, pursuant to 28 U.S.C.A. § 1447(c), for want of subject-matter jurisdiction.

It is further ORDERED that the motion to stay, etc., filed by defendant Prudential Insurance Company of America on March 3, 1997, is denied.

---

*Defendant Prudential Insurance Company of America argues that, because plaintiff alleges a "pattern and practice" of conduct, supplemental jurisdiction based on 28 U.S.C.A. § 1367 is proper because the "pattern and practice" includes claims in other cases over which federal courts have original jurisdiction. The court rejects this argument. The "pattern and practice" conduct would merely be "additional evidence." This mere evidence--in particular, additional evidence--cannot be the basis of original jurisdiction. This evidence is only that--that is, "evidence"--not an additional claim or claims.

EOD  4/16/97

EXHIBIT R

The clerk of the court is DIRECTED to take appropriate steps to effect the remand.

DONE, this the ___16th___ day of April, 1997.

_____
UNITED STATES DISTRICT JUDGE

IN THE DISTRICT COURT OF THE UNITED STATES FOR THE **FILED**

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

APR 16 1997

THOMAS C. CAVER, CLERK

BY _____

DEPUTY CLERK

ANNIE R. PITTMAN,               )
                                )
        Plaintiff,              )
                                )
        v.                      )    CIVIL ACTION NO. 97-T-267-N
                                )
THE PRUDENTIAL INSURANCE        )
COMPANY OF AMERICA, et al.,     )
                                )
        Defendants.             )

### ORDER

For the reasons given by Chief Judge Butler in Baldwin v. Prudential Insurance Co., civil action no. 96-1264-CB-M (S.D. Ala. March 19, 1997),\* it is the ORDER, JUDGMENT, and DECREE of the court as follows:

(1)  The motion to remand filed by plaintiff on March 10, 1997, is granted.

(2)  This cause is remanded to the Circuit Court of Barbour County, Alabama, pursuant to 28 U.S.C.A. § 1447(c), for want of subject-matter jurisdiction.

It is further ORDERED that the motion to stay, etc., filed by defendant Prudential Insurance Company of America on March 3, 1997, is denied.

---

\*Defendant Prudential Insurance Company of America argues that, because plaintiff alleges a "pattern and practice" of conduct, supplemental jurisdiction based on 28 U.S.C.A. § 1367 is proper because the "pattern and practice" includes claims in other cases over which federal courts have original jurisdiction.  The court rejects this argument.  The "pattern and practice" conduct would merely be "additional evidence."  This mere evidence--in particular, additional evidence--cannot be the basis of original jurisdiction.  This evidence is only that--that is, "evidence"--not an additional claim or claims.

EOD 4'

EXHIBIT S

The clerk of the court is DIRECTED to take appropriate steps to effect the remand.

DONE, this the ___16th___ day of April, 1997.

_____
UNITED STATES DISTRICT JUDGE

IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

**FILED**

FEB 5 2004

CLERK
U.S. DISTRICT COURT
MIDDLE DIST. OF ALA.

| | | |
|---|---|---|
| ZACKERAL D. GODWIN and ROSALYN E. GODWIN, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | CIVIL ACTION NO. 03-T-1258-N |
| THE MUTUAL LIFE INSURANCE COMPANY OF NEW YORK, et al., | ) ) ) | |
| Defendants. | ) ) | |

ORDER

This lawsuit, which was removed from state to federal court based on diversity-citizenship jurisdiction, 28 U.S.C.A. §§ 1332, 1441, is now before the court on plaintiffs' motion to remand. The court agrees with plaintiffs that this case should be remanded to state court. First, the court agrees with plaintiffs that there has not been <u>fraudulent joinder</u> of any resident defendant (that is, plaintiffs have colorable claims against such a defendant), <u>Cokex v. Amoco Oil Co.</u>, 709 F.2d 1433, 1440 (11th Cir. 1983); <u>Cabalceta v. Standard Fruit Co.</u>, 883 F.2d 1553, 1561 (11th Cir. 1989). Second, the court agrees with plaintiffs that there has not been <u>fraudulent misjoinder</u> of any resident defendant (that is, plaintiffs have reasonably joined such a defendant with other defendants pursuant to Rule 20 of the Federal Rules of Civil Procedure), <u>Tapscott v. MS Dealer Service Corp.</u>, 77 F.3d 1353, 1360

**EOD** 2-5-04

/5

**EXHIBIT T**

(11th Cir. 1996); see also Wright v. Metropolitan Life Ins. Co., 74 F. Supp 2d 1150 (M.D. Ala. 1999) (Thompson, J.) (the fact that the plaintiff asserted the same claims against both the resident and non-resident defendants suggested that the plaintiff may not have sought to join the resident defendant with the specific intent to defeat removal jurisdiction).

Accordingly, it is the ORDER, JUDGMENT, and DECREE of the court that plaintiffs' motion to remand, filed on January 20, 2004 (Doc. No. 8), is granted and that, pursuant to 28 U.S.C.A. § 1447(c), this cause is remanded to the Circuit Court of Montgomery County, Alabama.

It is further ORDERED that all other pending motions are denied as moot.

The clerk of the court is DIRECTED to take appropriate steps to effect the remand.

DONE, this the ___5TH___ day of February, 2004.

_____
MYRON H. THOMPSON
UNITED STATES DISTRICT JUDGE