# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
### NORTHERN DIVISION

STATE OF ALABAMA,

       Plaintiff,

    -against-

ABBOTT LABORATORIES, INC., et al.,

      Defendants.

Civil Action No. 2:06cv00920-MHT

## DEFENDANT DEY, L.P.'S MEMORANDUM IN SUPPORT OF DEFENDANTS'MOTION TO STAY CONSIDERATION OF PLAINTIFF'S MOTION TO REMAND PENDING TRANSFER TO THE MDL COURT

# TABLE OF CONTENTS

Page

PRELIMINARY STATEMENT ................................................................................................. 1

ARGUMENT
      THIS COURT SHOULD EXERCISE ITS INHERENT POWER TO STAY
      CONSIDERATION OF THE REMAND MOTION PENDING THE ACTION'S
      IMMINENT TRANSFER TO MDL NO. 1456 PENDING IN THE DISTRICT
      OF MASSACHUSETTS ................................................................................................. 3

    A.     A Stay Of The Remand Proceedings Will Promote Judicial Economy................ 5

    B.     A Stay Of Proceedings Will Avoid Inconsistent Rulings By Different
          District Courts...................................................................................................... 6

    C.     Plaintiff Will Not Be Prejudiced If This Court Stays All Proceedings
          Pending The JPML's Decision On Transfer.......................................................... 8

    D.     Defendants Will Be Severely Prejudiced If This Court Does Not Stay
          Proceedings Pending The JPML's Decision On Transfer ..................................... 9

CONCLUSION.......................................................................................................................... 10

# TABLE OF AUTHORITIES

## CASES

Page

Aikins v. Microsoft Corp., No. Civ.A.00-0242, 2000 WL 310391 (E.D. La. Mar.
    24, 2000) ............................................................................................................7

Board of Trustees of the Teachers' Retirement System of the State of Illinois v.
    Worldcom, Inc., 244 F. Supp. 2d 900 (N.D. Ill. 2002).................................................5

Bledsoe v. Jannsen Pharmaceutica et al., No. 4:05 CV 02330 (ERW), 2006 U.S.
    Dist. LEXIS 5524 (E.D. Mo. Feb. 13, 2006).....................................................9

Buie v. Blue Cross & Blue Shield of Kansas City, No. 05-0534-CV-W, 2005 WL.
    2218461 (W.D. Mo. Sept. 13, 2005)..............................................................8

Cline v. Merck & Co., No. Civ. S-06-487, 2006 WL. 1409555 (E.D. Cal. May 19,
    2006) ...............................................................................................................7

County of Erie v. Abbott Labs., Inc. No. 05-CV-6203T (SC)
    (W.D.N.Y. June. 1, 2005) ..................................................................... fn. 1

Digel v. Abbott Labs., Inc. No. 03-2109 BBD (W.D. Tenn. Mar. 11, 2003)................ fn.1

Egon v. Del-Val Finance Corp., Civ. A. No. 90-4338, 1991 WL 13726
    (D.N.J. Feb. 1, 1991)..........................................................................................9

Geller v. Abbot Labs, Inc. No. CV 02-00553 (C.D. Cal. Mar. 21, 2002) ..................... fn. 1

Good v. Prudential Insurance Co. of America, 5 F. Supp. 2d 804 (N.D. Cal. 1998) ..........9

Grable. & Sons Metal Products, Inc. v. Darue Engineeringg & Manufacturing,
    545 U.S. 308, 312 (2005)...................................................................................2

Hawaii v. Abbott Labs., Inc., CV No. 06-00437 (DAE-BMK) (D. Haw.
    Oct. 27, 2006) ..................................................................................................2

In re Amino Acid Lysine Antitrust Litigation, 910 F. Supp. 696 (J.P.M.L. 1995) .............7

In re Immunex Corp. Average Wholesale Price Litigation, 201 F. Supp. 2d 1378
    (J.P.M.L. 2002) ............................................................................................2, 3

In re Ivy, 901 F.2d 7 (2d Cir. 1990)........................................................... 3, 7, 8

NY01/GIULA/1139859.5

In re Pharm. Ind. Average Wholesale Price Litigation, MDL No. 1456, 2006 WL. 3019193 (D. Mass. Oct. 24, 2006)..........................................................................1, 2, 6

In re Rezulin Litig., No. C03-4494, 2003 WL. 23119748 (N.D. Cal. Nov. 24, 2003) .........................................................................................................................7

In re Vioxx Prod. Liab. Cases, No. 05cv0943 (DMS (LSP)), 2005 U.S. Dist. LEXIS 40743 (S.D. Cal. July 11, 2005) .....................................................................4, 6

Int'l Union of Operating Eng'rs Local No. 68 Welfare Fund v. AstraZeneca PLC, No. 03 CV 03230 (SRC) (D. N.J. Jul. 23, 2003) ..................................................... fn. 1

Landis v. N. America Co., 299 U.S. 248 (1936)...................................................................3

Larios v. Perdue, 306 F. Supp. 2d 1190, 1201 (N.D. Ga. 2003)..........................................3

Mangari v. Merck & Co., No. 2:06-CV-00914 (KJD-PAL), 2006 U.S. Dist. LEXIS 67155 (D. Nev. Sept. 19, 2006)...........................................................................3

Med. Soc'y v. Conn. Gen. Corp., 187 F. Supp.2d 89, 92 (S.D.N.Y. 2001).........................7

Meyers v. Bayer AG, 143 F. Supp. 2d 1044 (E.D. Wis. 2001) .......................................3, 7

Michael v. Warner-Lambert Co., No. 03cv1978 (DMS(RBB)), 2003 U.S. Dist. LEXIS 21525 (S.D. Cal. Nov. 20, 2003) ...................................................................4, 7

Montana v. Abbott Labs., Inc., No. CV 02-09-H-DWM (D. Mont. June 21, 2002) .. 4, fn.1

Nevada v. Abbott Labs., Inc., No. CV-N-02-80-ECR (D. Nev. Jul. 26, 2002) .......... 4, fn.1

Nevada v. American Home Products, Inc. No. CV-N-02-202-ECR (D. Nev. Jul. 26, 2002)............................................................................................... fn.1

New Mexico State Investment Council v. Alexander, 317 B.R. 440 (D.N.M. 2004)...................................................................................................................9

Quincy Community Svcs. District v. Atlantic Richfield Co., No. Civ. 5-03-2582 (LKK/DAD), 2004 U.S. Dist. LEXIS 29496 (E.D. Cal. Mar. 25, 2004)......................8

Rice v. Abbott Labs., Inc., No. C 02-3925 (N.D. Cal. Nov. 26, 2002) .......................... fn.1

Rosenfeld v. Hartford Fire Ins. Co., Nos. 88 CIV. 2153 (MJL), 88 CIV. 2252 1988 WL. 49065 (S.D.N.Y. May 12, 1988) ...................................................................9

Swanston v. TAP Pharm. Prods. Inc., No. 03-CV-62-PHX-SMM (D. Ariz. May 16, 2003) ................................................................................................................ fn. 1

Tench v. Jackson National Life Insurance Co., No. 99 C 5182, 1999 WL.
    1044923 (N.D. Ill. Nov. 12, 1999)...................................................................................9

Turner v. Bausch & Lomb Inc., et al., No. 8:06-cv-1088, 2006 U.S. Dist. LEXIS
    48546 (M.D. Fla. July 17, 2006)....................................................................................7

Virag v. Allergan, Inc. No. 02-8417 RSWL (C.D. Cal., Jan. 7, 2003)......................... fn. 1

Woods v. Merck & Co., et al., No. 05-133-T/An, 2005 U.S. Dist. LEXIS 31610
    (W.D. Tenn. Nov. 23, 2005) .....................................................................................5, 7

## STATUTES

31 U.S.C. §3732(b) .........................................................................................................1

28 U.S.C. § 1407.............................................................................................................3

NY01/GIULA/1139859.5

## PRELIMINARY STATEMENT

On October 11, 2006, Defendant Dey, L.P. ("Dey") removed this action and removed or supplemented its removal papers in fourteen other nearly identical actions on the grounds that the filing of a suit by the United States triggered a federal statute, 31 U.S.C. §3732(b), that conferred federal jurisdiction on the respective federal courts to adjudicate the state actions. To date, remand motions have been filed by Alabama, Wisconsin, Illinois, Florida, Hawaii, and Mississippi. Unless stays are granted, it is likely that fifteen District Courts will be considering essentially the same motions to remand. All of the motions will involve common, complex factual and legal issues. This will not only create massive inefficiency and duplication of work by the Courts and counsel, but also will pose a substantial risk of conflicting decisions on the same issue. On the other hand, a stay will not cause any prejudice to plaintiff, as only minimal delay in these proceedings is likely and discovery is proceeding under arrangements previously agreed to by counsel

On October 13, 2006, Dey filed "tag along" notices with the Judicial Panel on Multidistrict Litigation ("JPML") requesting that all the newly removed actions be transferred to Judge Patti Saris of the District of Massachusetts who was appointed in April 2002, by the JPML, to oversee *In re Pharmaceutical Industry Average Wholesale Price Litigation*, MDL No. 1456 (the "AWP Litigation"). The JPML is expected to act in the coming weeks. In appointing Judge Saris, the JPML noted that that "[c]entralization of all actions . . . in the District of Massachusetts will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation…[and] avoid further duplication of discovery, prevent inconsistent or repetitive pretrial rulings, and conserve the resources of the parties, their counsel

and the judiciary." *In re Immunex Corp. Average Wholesale Price Litig.*, 201 F. Supp.2d 1378, 1380 (J.P.M.L. 2002).

As a result of numerous proceedings in her Court, Judge Saris has extensive background on the issues in the AWP Litigation in general and with removal/remand issues in particular. As Judge Saris observed only last week in an order dated October 24, 2006 denying a motion to remand a case filed by the State of Arizona, she is in the best position to uniformly address the important national issues implicated in these cases:

> As the judge assigned the massive multi-district litigation, involving class actions and numerous attorney general suits, I conclude that the issue of the meaning of AWP under the federal Medicare statute has national significance. A federal forum provides experience, solicitude and uniformity on this important federal issue.

*In re Pharm. Ind. Average Wholesale Price Litig.*, MDL No. 1456, 2006 WL 3019193, at *4 (D. Mass. Oct. 24, 2006) (*citing Grable. & Sons Metal Products, Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 312 (2005)).

As Judge Saris points out in her October 24 decision, there are already conflicting remand decisions by different courts looking at the same issue in the same type of case. Indeed, last week, Magistrate Judge Kurren in the District of Hawaii and Judge Saris issued directly contrary opinions on the same subject. *Compare In re Pharm. Ind. Average Wholesale Price Litig.*, 2006 WL 3019193, at *4 (attached hereto as Exhibit A) *with State of Hawaii v. Abbott Labs., Inc.*, Amended Finding and Recommendation That Plaintiff's Motion for Remand be Granted, CV No. 06-00437 (DAE-BMK) (D. Haw. Oct. 27, 2006) (annexed hereto as Exhibit B). In the interest of uniformity, not to mention efficiency, Dey requests that this Court stay the remand motion pending the transfer of this action by the JPML to Judge Saris.

- 2 -

## ARGUMENT

### THIS COURT SHOULD EXERCISE ITS INHERENT POWER TO STAY CONSIDERATION OF THE REMAND MOTION PENDING THE ACTION'S IMMINENT TRANSFER TO MDL NO. 1456 PENDING IN THE DISTRICT OF MASSACHUSETTS

It is axiomatic that "District courts have inherent authority to stay proceedings before them." *Mangari v. Merck & Co.*, No. 2:06-CV-00914 (KJD-PAL), 2006 U.S. Dist. LEXIS 67155, at \*2 (D. Nev. Sept. 19, 2006) (citation omitted). This power is "incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936); *see also Larios v. Perdue*, 306 F. Supp. 2d 1190, 1201 (N.D. Ga. 2003) (quoting *Landis*). In addition, Congress has granted this Court statutory authority to issue a stay "because 28 U.S.C. § 1407 authorizes the JPML to order a case transferred despite the pendency of a jurisdictional objection." *Meyers v. Bayer AG*, 143 F. Supp.2d 1044, 1047 (E.D. Wis. 2001) (citing *In re Ivy*, 901 F.2d 7, 9 (2d Cir. 1990)).

Exercising the power to stay the remand motion pending action by the JPML advances a number of important objectives. The JPML "describes the remedial aim of the MDL statute as an effort to avoid 'pretrial chaos' and 'eliminate the potential for conflicting contemporaneous pretrial rulings by coordinate district and appellate courts in multidistrict related civil actions.'" *Michael v. Warner-Lambert Co.*, No. 03cv1978 (DMS(RBB)), 2003 U.S. Dist. LEXIS 21525, at \*8 (S.D. Cal. Nov. 20, 2003) (citation omitted). To further this goal, the MDL for the AWP Litigation was created, among other reasons, to centralize AWP litigation in order to "avoid [] duplication of discovery, prevent inconsistent or repetitive pretrial rulings, and conserve the resources of the parties, their counsel and the judiciary. . ." *In re Immunex Corp. Average Wholesale Price Litig.*, 201 F. Supp. 2d 1378, 1380 (J.P.M.L. 2002).

The JPML chose to entrust AWP litigation to Judge Saris in the District of Massachusetts because that District "i) already has a broad action pending there, and ii) has the resources available to manage [the] litigation." *Id.* at 1381. Since the April 2002 Order, the JPML has transferred more than ninety related cases in order to "serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation." *Id.* at 1380; *see, e.g.*, Orders Granting Stays Pending the MDL Panel's Ruling on Transfer in *The State of Montana v. Abbott Labs., Inc., et al.*, CV 02-09-H-DWM (D. Mont. June 21, 2002) and *The State of Nevada v. Am. Home Prods. Corp.*, et al., Nos. CV-N-02-202-ECR (RAM), CV-N-02-80-ECR (RAM), at 24 (D. Nev. July 26, 2002) (annexed hereto as Exhibits C and D respectively). Recognizing the need for uniform and efficient disposition of the cases, several District Courts in these pricing litigations have issued stays pending the JPML's decision to transfer to MDL No. 1456.[1]

When considering a motion to stay pending a possible transfer to an MDL court, a district court should consider: "(1) potential prejudice to the non-moving party if the action is stayed; (2) hardship and inequity to the moving party if the action is not stayed; (3) the judicial resources that would be saved by avoiding duplicative litigation if the cases are in fact consolidated; and (4) the potential for conflicting rulings." *In re Vioxx Prod. Liab. Cases*, No.

---

[1]    *See Geller v. Abbott Labs., Inc.*, No. CV 02-00553-DDP (C.D. Cal. Mar. 21, 2002) (Pregerson, J.) ("The Court finds that all factors, including the jurisdictional issues presented and the potentially expansive nature of this litigation, favor granting the stay"); *Montana v. Abbott Labs., Inc.*, No. CV 02-09-H-DWM (D. Mont. June 21, 2002) (Molloy, J.) ("In this case, the benefit of judicial economy and consistency among pretrial rulings outweighs any prejudice plaintiff may suffer as a result of a stay."); *Nevada v. Abbott Labs., Inc.*, No. CV-N-02-80-ECR (D. Nev. Jul. 26, 2002), *as amended*, (Aug. 2, 2002) (Reed, J.) ("*Nevada I*"); *Nevada v. Am. Home Prods., Inc.*, No. CV-N-02-202-ECR (D. Nev. Jul. 26, 2002), *as amended*, (Aug. 2, 2002) (Reed, J.) ("*Nevada II*") (action identical to Nevada I but involving different defendants); *Rice v. Abbott Labs., Inc.*, No. CV 02-3925-MJJ (N.D. Cal. Nov. 26, 2002) (Jenkins, J.); *Virag v. Allergan, Inc.*, No. 02-8417-RSWL (C.D. Cal. Jan. 7, 2003) (Lew, J.); *Digel v. Abbott Labs., Inc.*, No. 03-2109-BBD (W.D. Tenn. Mar. 11, 2003) (Donald, J.); *Swanston v. TAP Pharm. Prods. Inc.*, No. 03-CV-62-PHX-SMM (D. Ariz. May 16, 2003) (McNamee, J.); *Int'l Union of Operating Eng'rs Local No. 68 Welfare Fund v. AstraZeneca PLC*, No. 03 CV 03230-SRC (D.N.J. July 23, 2003) (Chesler, J.); and *County of Erie v. Abbott Labs., Inc.*, No. 05-CV-6203T-MAT (W.D.N.Y. June 1, 2005) (Telesca, J.).

05cv0943 (DMS, (LSP)), 2005 U.S. Dist. LEXIS 40743, at *3-4 (S.D. Cal. July 11, 2005) (staying action pending transfer to MDL). All of these factors in the current remand situation militate strongly in favor of the limited stay Dey is requesting.

A.     **A Stay Of The Remand Proceedings Will Promote Judicial Economy**

The stay that Dey requests will promote judicial efficiency. Instead of fifteen federal courts around the country receiving fifteen sets of briefs and holding hearings to decide fifteen identical motions under the varying decisions in the various Circuits, a single court, the MDL Court, can hear and decide the motions once. In addressing the motions, Judge Saris will bring to bear extensive background on the legal and factual issues in the cases. Judge Saris has devoted substantial time and resources over the past four years in analyzing numerous and complex jurisdictional, factual, and legal issues that have been raised in these AWP cases and is familiar with the legal and factual intricacies presented by the other AWP cases, including those brought by other States alleging violations of state law.

For any court to develop the background that Judge Saris has obtained over four years would require extensive time and resources. In contrast, as one district court has recognized in granting a motion to stay pending a decision from the JPML on transfer in the interest of judicial economy, "[a]lmost by definition, little or no judicial resources are expended during the pendency of a stay." *Bd. of Trs. of the Teachers' Ret. Sys. of the State of Illinois v. Worldcom, Inc.*, 244 F. Supp. 2d 900, 905 (N.D. Ill. 2002).

Courts in other AWP cases have granted stays in the face of a jurisdictional challenge by the plaintiff on a motion to remand. *See supra* p. 4 note 1. In *Woods v. Merck & Co., et al.*, No. 05-133-T/An, 2005 U.S. Dist. LEXIS 31610 (W.D. Tenn. Nov. 23, 2005), the court granted defendant's motion to stay pending the JPML's decision on transfer and deferred plaintiff's motion to remand to the transferee court:

> The Court finds that having the jurisdictional issues decided in one proceeding will promote judicial economy and conserve judicial resources. In addition, the Court finds that any prejudice to the plaintiff resulting from a stay would be minimal. However, in the absence of a stay, the risk to [defendant] of duplicative motions and discovery is significant.

2005 U.S. Dist. LEXIS 31610, at *4.

There is simply no question that a stay will conserve judicial resources pending this action's likely imminent transfer to MDL No. 1456 before Judge Saris.

**B.      A Stay Of Proceedings Will Avoid Inconsistent Rulings By Different District Courts**

One of the principal reasons for the MDL process is to avoid inconsistent rulings on the same or similar issues. *In re Vioxx Prod. Liab. Cases*, 2005 U.S. Dist. Lexis 40743, at *6. Indeed, "[i]f different decisions are made by numerous judges, they have no consistency or predictability." *Id.* (citation omitted).

Without the stay Dey requests, there is a significant chance that the decisions of fifteen courts on the same remand issue will conflict in analysis and/or result. Indeed, there are already remand decisions that directly conflict with each other. For example, as Judge Saris noted in her October 24, 2006 decision, the Eastern District of Pennsylvania granted remand of an AWP case on the grounds that there was no substantial federal question as to the meaning of AWP while Judge Saris denied a similar remand action concluding that "the meaning of AWP under the federal Medicare statute has national significance." *In re Pharm. Ind. Average Wholesale Price Litig.*, 2006 WL 3019193, at *4. As noted above, Magistrate Kurren in Hawaii issued a report and recommendation agreeing with one federal court on the issue of remand while disagreeing with Judge Saris. *See supra* pp. 2-3. The pre-trial chaos that the MDL process is meant to prevent is now underway with conflicting district court decisions on the same remand

- 6 -

issues in identical cases. There is simply no reason to risk further conflicting decisions on these important issues.

Moreover, in granting the limited stay, this Court will be following the accepted general practice for federal courts to defer ruling on pending motions to remand in MDL litigation until after the JPML has transferred the case to the MDL Panel. *See Turner v. Bausch & Lomb Inc.,* No. 8:06-cv-1088, 2006 U.S. Dist. LEXIS 48546, at *2 (M.D. Fla. July 17, 2006) (granting stay pending decision on MDL transfer); *Warner-Lambert*, 2003 U.S. Dist. LEXIS 21525, at *9-10 (same); *Woods*, 2005 U.S. Dist. LEXIS 31610, at *4 (granting stay pending decision on MDL transfer and observing that "[a]lthough some courts have opted to rule on pending motions to remand prior to the MDL Panel's decision on transfer, . . . there are many more that have chosen to grant a stay, even if a motion to remand has been filed.") (citations omitted); *Cline v. Merck & Co.*, No. Civ. S-06-487, 2006 WL 1409555, at *1 (E.D. Cal. May 19, 2006) (same); *In re Rezulin Litig.*, No. C03-4494 (and related cases), 2003 WL 23119748, at *1 (N.D. Cal. Nov. 24, 2003) (same); *Meyers*, 143 F. Supp. 2d at 1046-47 (same); *Med. Soc'y v. Conn. Gen. Corp.*, 187 F. Supp.2d. 89, 92 (S.D.N.Y. 2001) (same); *Aikins v. Microsoft Corp.*, No. Civ.A.00-0242, 2000 WL 310391, at *1 (E.D. La. Mar. 24, 2000) (same); *In re Ivy*, 901 F.2d 7, 9 (2d Cir. 1990) (recognizing court's authority to stay action despite pending jurisdictional issues).

Applying that approach in these cases is even more important here where there are so many duplicative, yet identical, remand motions. These remand motions should be presented to and decided by the transferee judge. *See, e.g., In re Amino Acid Lysine Antitrust Litig.*, 910 F. Supp. 696, 700 (J.P.M.L. 1995) (ordering consolidation and transfer and recognizing that "the pending motion to remand . . . can be presented to and decided by the

- 7 -

transferee judge"); *Buie v. Blue Cross & Blue Shield of Kansas City*, No. 05-0534-CV-W, 2005

WL 2218461, at *1-2 (W.D. Mo. Sept. 13, 2005) (granting stay pending a ruling by the JPML

and noting that "plaintiffs' pending remand motion can be presented to and decided by the

transferee judge.") (internal quotation marks omitted).

In *Krieger v. Merck & Co.,* No. 05-CV-6338L, 2005 U.S. Dist. LEXIS 27633

(W.D.N.Y. Nov. 4, 2005), the district court granted defendant's motion to stay and deferred

plaintiff's remand motion pending a decision on transfer based on its determination that:

> [I]t is likely that in ruling on remand motions that involve similar issues
> that arise under the laws of many other states, the MDL court will adopt
> an approach that treats like cases in a uniform manner" and that "the
> objectives of the MDL process – namely the avoidance of inconsistent
> rulings and the conservation of judicial resources – are best met by
> allowing the MDL Court to decide plaintiff's motion to remand.

*Id.*, at *5.

As one Court put it, "consideration of the jurisdictional issues in a single court

will result in national uniformity on the question." *Quincy Cmty. Svcs. Dist. v. Atlantic Richfield

Co.*, No. Civ. 5-03-2582 (LKK/DAD), 2004 U.S. Dist. LEXIS 29496, at *13 (E.D. Cal. Mar. 25,

2004) (granting stay and deferring remand motion to transferee judge); *see also Krieger v. Merck

& Co.,* 2005 U.S. Dist. LEXIS 27633, at *3-4 (citing *In re Ivy*, 901 F.2d 7, 9 (2d Cir. 1990) for

the proposition that "the jurisdictional issue in question is easily capable of arising in more than

one court, [and thus] consistency as well as economy is served by transferring and consolidating

cases as to which remand motions are pending").

### C.    Plaintiff Will Not Be Prejudiced If This Court Stays All Proceedings Pending The JPML's Decision On Transfer

Plaintiff will not be prejudiced if the limited stay is granted. Issuance of the

transfer order will occur as soon as the JPML can process the application. In the meantime,

Defendants are not seeking to halt all litigation; on the contrary, discovery is proceeding under

NY01/GIULA/1139859.5

arrangements previously worked out by counsel. Defendants will work with Plaintiff and the JPML to expedite the transfer. *See, e.g., Good v. Prudential Ins. Co. of Am.*, 5 F. Supp.2d 804, 809 (N.D. Cal. 1998) (granting a stay where "a stay pending a final decision by the MDL Panel would likely be brief"); *Tench v. Jackson Nat'l Life Ins. Co.*, No. 99 C 5182, 1999 WL 1044923, at *2 (N.D. Ill. Nov. 12, 1999) (same); *New Mexico State Inv. Council v. Alexander*, 317 B.R. 440, 446 (D.N.M. 2004) (same).

Even assuming some initial delay, the long-run benefits of a stay greatly outweigh the minimal short-run costs of a delay. *See, e.g., Rosenfeld v. Hartford Fire Ins. Co.*, Nos. 88 CIV. 2153 (MJL), 88 CIV. 2252 (MJL), 1988 WL 49065, at *2 (S.D.N.Y. May 12, 1988) ("While [plaintiffs] may suffer some initial delay, once the cases are coordinated and the defendants are able to respond to all the complaints in a coordinated manner, more time may well be saved than lost."); *Egon v. Del-Val Fin. Corp.*, Civ. A. No. 90-4338, 1991 WL 13726, at *1 (D.N.J. Feb. 1, 1991) ("[E]ven if a temporary stay can be characterized as a delay prejudicial to plaintiffs, there are considerations of judicial economy and hardship to defendants that are compelling enough to warrant such a delay."); *Bledsoe v. Jannsen Pharmaceutica et al.*, No. 4:05 CV 02330 (ERW), 2006 U.S. Dist. Lexis 5524, at *3 (E.D. Mo. Feb. 13, 2006) ("[A]lthough Plaintiff might well be subjected to some delay as a result of the issuance of a stay, that prejudice does not outweigh the judicial economy interests described above.").

**D.    Defendants Will Be Severely Prejudiced If This Court Does Not Stay Proceedings Pending The JPML's Decision On Transfer**

If a stay is not granted, Defendants will be prejudiced by the duplication of efforts required and the risk, indeed the likelihood, of conflicting rulings. This is particularly true for Dey which now has a national AWP suit pending in the District of Massachusetts that overlaps with the fifteen cases recently removed.

## CONCLUSION

For the foregoing reasons, Dey requests that this Court stay consideration of

Plaintiff's motion to remand pending the transfer of this action by the JPML to Judge Saris in the

United States District Court for the District of Massachusetts.


Dated this 31st day of October, 2006.


                                    Respectfully Submitted,

                                    [signature]

                                    Joseph W. Letzer (LET002)
                                    Gary M. London (LON001)
                                    BURR & FORMAN LLP
                                    420 North 20th Street
                                    Suite 3100 SouthTrust Tower
                                    Birmingham, Alabama 35203-5206
                                    Telephone: (205) 251-3000
                                    Facsimile: (205) 458-5100

                                    Warren C. Matthews (MAT030)
                                    BURR & FORMAN LLP
                                    Suite 1950, RSA Tower
                                    201 Monroe Street
                                    Montgomery, Alabama 36104
                                    Telephone: (334) 241-7000
                                    Facsimile: (334) 262-0020

                                    *Attorneys for Dey, L.P.*

Of Counsel:

Paul F. Doyle
William A. Escobar
Neil Merkl
Christopher C. Palermo
KELLEY DRYE & WARREN LLP
101 Park Avenue
New York, NY 10178
Phone: (212) 808-7800
Facsimile: (212) 808-7897

## CERTIFICATE OF SERVICE

I hereby certify that on October 31, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to counsel.   I further certify that I have, on this day, served the foregoing on counsel of record shown on the attached Service List through the LexisNexis File and Serve system, pursuant to Case Management Order No. 2.

## SERVICE LIST

Troy King
ATTORNEY GENERAL
STATE OF ALABAMA
300 State House
11 S. Union Street
Montgomery, Alabama 36130
(334) 242-7300

Jere L. Beasley (BEA020)
W. Daniel "Dee" Miles, III (MIL060)
Clinton C. Carter (CARL 12)
Roger L. Bates (BAT006)
Caine O'Rear III (ORE003)
Windy C. Bitzer (BJT005)
DEPUTY ATTORNEY GENERALS

BEASLEY, ALLEN, CROW,
METHVIN, PORTIS & MILES, P.C.
Post Office Box 4160 (36103-4160)
272 Commerce Street
Montgomery, Alabama 36104
(334) 269-2343
(334) 954-7555 – fax

HAND ARENDALL, L.L.C.
1200 Park Place Tower
2001 Park Place North
Birmingham, Alabama 35203
(205) 324-4400
(205) 322-1163 – fax

HAND ARENDALL, L.L.C.
Post Office Box 123
Mobile, Alabama 36601
(251) 432-5511
(251) 694-6375 – fax

*Attorneys for Plaintiff*

Toni-Ann Citera
JONES DAY
222 East 41st Street
New York, New York 10017-6702

James R. Daly
J. Ryan Mitchell
Daniel E. Reidy
JONES DAY
77 West Wacker Drive, Suite 3500
Chicago, Illinois 60601

Betsy Collins
Leah Pointer
ALSTON & BIRD LLP
One Atlantic Center
1201 West Peachtree Street
Atlanta, Georgia 30309-3424

*Attorneys for Defendants Abbott Laboratories, Inc. and TAP Pharmaceutical Products, Inc.*

Philip H. Butler
George R. Parker
BRADLEY ARRANT ROSE & WHITE LLP
Alabama Center for Commerce
401 Adams Avenue, Suite 780
Montgomery, Alabama 36104

John C. Dodds
Kimberly K. Heuer
MORGAN LEWIS & BOCKIUS LLP
1701 Market Street
Philadelphia, Pennsylvania 19103
Scott A. Stempel
MORGAN LEWIS & BOCKIUS LLP
111 Pennsylvania Avenue NW
Washington, DC 20004

*Attorneys for Defendants Agouron Pharmaceuticals, Inc. and G.D. Searle, LLC*

Archibald Reeves, IV
Edward S. Sledge, III
MCDOWELL KNIGHT ROEDDER & SLEDGE, L.L.C.
63 South Royal Street, Suite 900
Mobile, Alabama 36602

*Attorneys for Defendant Alcon Laboratories, Inc.*

Richard Raskin
Michael Doss
SIDLEY AUSTIN BROWN & WOOD
Bank One Plaza
10 South Dearborn Street
Chicago, Illinois 60603

Fred M. (Tripp) Hasten, III
BRADLEY ARANT LLP
One Federal Place
1819 Fifth Avenue North
Birmingham, Alabama 35203

*Attorneys for Defendants Allergan, Inc., Bayer Corporation, Bayer Pharmaceuticals
Corporation, Bayer Healthcare, LLC, and Novo Nordisk Pharmaceuticals, Inc.*

John R. Fleder
HYMAN, PHELPS & MCNAMARA, P.C.
700 Thirteenth Street, N.W., Suite 1200
Washington, D.C. 20005

Steven F. Casey
Christopher F. Heinss
BALCH & BINGHAM LLP
Post Office Box 306
Birmingham, Alabama 35201-0306

Donald R. Jones, Jr.
ATTORNEY AT LAW
2000 Interstate Park Drive, Suite 104
Montgomery, Alabama 36109

*Attorneys for Defendants Alpharma, Inc. and PurePac Pharmaceutical Co.*

Andy Schau
PATTERSON BELKNAP WEBB
& TYLER LLP
1133 Avenue of the Americas
New York, New York 10036-6710

James H. McLemore
Robert F. Northcutt
CAPELL HOWARD, PC
Post Office Box 2069

Montgomery, Alabama 36102-2069

*Attorneys for Defendant ALZA Corporation*

Joseph Hanison "Hank" Young
Steven F. Barley
HOGAN & HARTS ON LLP
111 S. Calvert Street, Suite 1600
Baltimore, Maryland 21202

Anthony A. Joseph
JOHNSTON BARTON PROCTOR & POWELL LLP
2900 AmSouth/Harbert Plaza
1901 Sixth Avenue North
Birmingham, Alabama 35203-2618

*Attorneys for Defendant Amgen, Inc.*

James w. Matthews
Courtney A. Clark
Katy E. Koski
Robert J. Muldoon, Jr.
SHERIN LODGEN LLP
101 Federal Street
Boston, MA 02110

James H. Anderson
BEERS ANDERSON JACKSON
PATTY & VAN HEIST PC
Post Office Box 1988
Montgomery, Alabama 36102-1988

*Attorneys for Defendants Andrx Corporation and Andrx Pharmaceuticals, Inc.*

D. Scott Wise
Michael S. Flynn
Carlos M. Pelayo
Kimberly D. Harris
DAVIS POLK & WARD WELL
450 Lexington Avenue, Room 3055
New York, New York 10017

Thomas W. Christian

Sharon D. Stuart
CHRISTIAN & SMALL
1800 Financial Center
505 North 20th Street
Birmingham, Alabama 35203

*Attorneys for Defendants AstraZeneca Pharmaceuticals LP and AstraZeneca LP*


Carlos B. Provencio
SHOOK HARDY & BACON L.L.P.
Hamilton Square
600 14th Street, N.W., Suite 800
Washington, D.C. 20005-2004

Michael L. Koon
Nicola Heskett
Joseph G. Matye
SHOOK HARDY & BACON L.L.P.
2555 Grand Blvd.
Kansas City, Missouri 641081

Richard H. Gill
Charles N. Gill
COPELAND, FRANCO, SCREWS & GILL, P.A.
Post Office Box 347
Montgomery, Alabama 36101-0347

William D. Nussbaum
Jonathon T. Rees
Gregory M. Petouvis
HOGAN & HARTSON, LLP
555 Thirteenth Street, NW
Washington, DC 20004

*Attorneys for Defendant Aventis Pharmaceuticals, Inc.*


Karen N. Walker
Barak Cohen
Edwin John U
KIRKLAND & ELLIS LLP
655 Fifteenth Street, N.W., Suite 1200
Washington, DC 20005

Bruce F. Rogers

BAINBRIDGE, MIMS, ROGERS & SMITH LLP
600 Luckie Drive
Post Office Box 530886
Birmingham, Alabama 35253

*Attorneys for Defendant Barr Laboratories, Inc.*


Merle M. DeLancey, Jr.
Jason D. Wallach
DICKSTEIN SHAPIRO MORN
  & OSHINSKY LLP
2101 L Street, N.W.
Washington, DC 20037-1 526

Julian R.. McClees
SIROTE & PERMUTE, P.C.
Post Office Box 55727
Birmingham, Alabama 35255-5727

*Attorneys for Defendants Baxter Healthcare Corporation and Baxter International. Inc.*


Fred M. "Tripp" Haston, III
BRADLEY ARANT ROSE & WHITE LLP
One Federal Place
1819 Fifth Avenue North
Birmingham, Alabama 35203

*Attorneys for Defendant Biovail Pharmaceuticals, Inc.*


Paul T. Coval
Alexandra T. Schimmer
VORYS SATER SEYMOUR & PEASE LLP
52 East Gay Street
Post Office Box 1008
Columbus, Ohio 43216-1008

Sandra G. Robinson
Jarrod J. White
CABANISS, JOHNSTON, GARDNER,
  DUMAS & O'NEAL
Post Office Box 2906
Mobile, Alabama 36652

*Attorneys for Defendants Boehringer Ingelheim Corporation, Boehringer Ingelheim Pharmaceuticals, Inc. and Roxane Laboratories, Inc.*

Lyndon M, Tretter
Steven M. Edwards
Thomas J. Sweeney, III
HOGAN & HARTSON LLP
875 Third Avenue, Suite 2600
New York, New York 10022

Harlan I. Prater, IV
Stephen J. Rowe
LIGHTFOOT, FRANKLIN & WHITE LLC
The Clark Building
400 20th Street North
Birmingham, Alabama 35203-3200

*Attorneys for Defendant Bristol-Myers Squibb Company*

Brien T. O'Connor
E. Abim Thomas
Eric Paul Christofferson
ROPES & GRAY LLP
One International Place
Boston, Massachusetts 02110

Julia B. Cooper
BRADLEY ARANT ROSE & WHITE LLP
One Federal Place
1819 Fifth Avenue North, Suite 1100
Birmingham, Alabama 35203

*Attorneys for Defendants Elsai, Inc. and Genzyme Corporation*

William A. Davis
MINTZ LEVIN COHN FERRIS, GLOVSKY & POPEO PC
701 Pennsylvania Avenue, N.W., Suite 900
Washington, DC 20004

Tabor R Novak, Jr.
BALL, BALL, MATTHEWS & NOVAK, P.A.
Post Office Box 2148
Montgomery Alabama 36102-2148

*Attorneys for Defendant Eli Lilly and Company*

Jonathan L. Stern
Nancy L. Perkins
David D. Fauver
Rebecca Lynne Dubin
Jessica Lynne Medina
Joel Ernest Richardson
ARNOLD & PORTER
Thurman Arnold Building
555 Twelfth Street, NW
Washington, DC 20004-1206

Robert S. Litt
Justin S. Antonipillai
Stephen S. Diamond
Emily N. Glatfelter
ARNOLD & PORTER
Thurman Arnold Building
555 Twelfth Street, NW
Washington, DC 20004-1206

Robert D. Eckinger
Lawrence B. Clark
Gilbert C. Steindorff, IV
ADAMS AND REESE/LANGE SIMPSON LLP
2100 Third Avenue, North, Suite 1100
Birmingham, Alabama 35203-3367

*Attorneys for Defendants Endo Pharmaceuticals, Inc., ETHEX Corporation, Gilead Sciences, Inc. and K- V Pharmaceutical Company*

Peter J. Venaglia
Brian Rafferty
DORNBUSH SCHAEFFER, STRONGIN & WEINSTEIN LLP
747 Third Avenue
New York, New York 10017

William H. Hardie, Jr.
JOHNS TONE, ADAMS, BAILEY,
GORDON & HARRIS
Post Office Box 1988
Mobile, Alabama 36633-1988

*Attorneys for Defendants Forest Laboratories. Inc. and Forest Pharmaceuticals. Inc.*

Andrew L. Hurst
REED SMITH LLP
1301 K Street, N.W.
Suite 1100, East Tower
Washington, DC 20005

Michael T. Scott
REED SMITH LLP
2500 One Liberty Place
1650 Market Street
Philadelphia, Pennsylvania 19103-7301

Richard L. Sharff Jr.
BRADLEY ARANT LLP
One Federal Place
1819 5th Avenue North
Birmingham, Alabama 35203-2104

*Attorneys for Defendants Fujisawa Healthcare, Inc. and Fujisawa USA, Inc.*

Joseph P. H. Babington
Patrick C. Finnegan
Jason R. Watkins
HELMSING LEACH HERLONG
  NEWMAN ROUSE, PC
Post Office Box 2767
Mobile, Alabama 36652-2767

Ronald O. Dove, Jr.
Geoffrey D. Hobart
Mark H. Lynch
Jason R.. Litow
COVINGTON & BURLING
1201 Pennsylvania Avenue W
Washington, DC 2004

Frederick G. Herold
Valerie M. Wagner
DECHERT LLP
1117 California Avenue
Palo Alto, California 94304

Thomas H. Lee, III
DECHERT, LLP
4000 Bell Atlantic Tower
1717 Arch Street
Philadelphia, Pennsylvania 19103

Mark D. Seltzer
Sarah Anne Franklin
Mona M. Patel
HOLLAND & KNIGHT, LLP
Commercial Litigation Branch, Civil Div.
10 Saint James Avenue
Boston, MA 02116

*Attorneys for Defendants Glaxo Wellcome, Inc., GlaxoSmithKline, PLC and SmithKline
Beecham Corporation d/b/a GlaxoSmithKline*

Graciela M. Rodriguez
Kevin R. Sullivan
John D. Shakow
KING & SPALDING LLP
1730 Pennsylvania Avenue, NW
Washington, DC 20006-4706

Edward S. Sledge, W.
Archibald T. Reeves, IV
MCDOWELL, KNIGHT, ROEDDEL & SLEDGE, LLC
Post Office Box 350
Mobile, Alabama 36601

*Attorneys for Defendants Hoffman-LaRoche, Inc. and Roche Laboratories, Inc.*

David J. Burman
Kathleen M. O'Sullivan
Zoe Philippides
PERKINS COIE LLP
1201 Third Avenue, Suite 4800
Seattle, Washington 98101-3099

W. Stancil Stames
Laura Howard Peck
STARNES & ATCHISON LLP
Post Office Box 5.8512

Birmingham, Alabama 35259-8512

*Attorneys for Defendant Immunex Corporation*

Bruce Wessel
Brian D. Ledahl
IRELL & MANELLA LLP
1800 Avenue of the Stars, Suite 900
Los Angeles, California 90067-4276

George W. Walker, III
COPELAND FRANCO SCREWS & GILL
Post Office Box 347
Montgomery, Alabama 36101-0347

*Attorneys for Defendants IVAX Corporation and IVAX Pharmaceuticals, Inc.*

Ortho Biotech Products, LP
James H. McLeinore
Robert F. Northcutt
CAPELL & HOWARD PC
Post Office Box 2069
Montgomery, Alabama 36102-2069

Andrew D. Schau
PATTERSON BELKNAP WEBB & TYLER LLP
1133 Avenue of Americas
New York, New York 11215

*Attorneys for Defendants Janssen Pharmaceutica Products, LP, Johnson & Johnson and McNeil-PPC, Inc.*

Gary R. Greenberg.
Louis J. Scerra, Jr.
GREENBERG TRAURIG LLP
One International Place
Boston, MA 02110

Sam B. Blair, Jr.
John B. Starnes
Lisa W. Borden
BAKER DONELSON BEARMAN CALDWELL & BERKOWITZ, P.C.
1600 South Trust Tower, 420 20th Street

Birmingham, Alabama 35203

*Attorneys for Defendants King Pharmaceuticals, Inc. and Monarch Pharmaceuticals, Inc.*


Steven M. Umin
James V. Hayes
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, N.W.
Washington, DC 20005-5901

Lee H. Copeland
COPELAND, FRANCO , SCREWS & GILL, P.A.
Post Office Box 347
Montgomery, Alabama 36101-0347

*Attorneys for Defendant Medimmune, Inc.*


John M. Townsend
Robert P. Reznick
Robert B. Funkhouser
HUGHES HUBBARD & REED LLP
1775 I Street N.W.
Washington, DC 20006-2401

Robert C. (Mike) Brock
Robert A. Huffaker
F. Chadwick Morriss
RUSHTON, STAKELY, JOHNSON & GARRETT, PA.
184 Commerce Street
Montgomery, Alabama 36104

*Attorneys for Defendant Merck & Co., Inc.*


Joseph W. Letzer, Esq.
BURR & FORMAN LLP
3100 Wachovia Tower
420 North 20th Street
South Trust Tower
Suite 3100
Birmingham, AL 35203
(205) 458-5272

William A. Escobar

Neil Merkl
Christopher C. Palermo
KELLEY DRYE & WARREN LLP
101 Park Avenue
New York, New York 10178
(212) 808-7800

*Attorneys for Defendants Mylan Laboratories, Inc., Mylan Pharmaceuticals, Inc. and UDL Laboratories, Inc.*


Saul P. Morgenstern
Jane W. Parver
Mark D. Godler
KAYE SCHOLER LLP
425 Park Avenue
New York, New York 10022-3598

William D. Coleman
James N. Walter, Jr.
CAPELL & HOWARD, P.C.
Post Office Box 2069
Montgomery, Alabama 36102-2069

*Attorneys for Defendant Novartis Pharmaceuticals Corporation*


Edward S. Sledge, III
Archibald T. Reeves, IV
MCDOWELL, KNIGHT, ROEDDER & SLEDGE, LLC
Post Office Box 350
Mobile, Alabama, 36601

*Attorneys for Defendant Organon Pharmaceuticals USA, Inc.*


Richard M. Cooper
Paul K. Dueffert
Thomas J. Roberts
WILLIAMS & CONNOLLY LLP
725 12th Street, NW.
Washington, DC 20005

George W. Walker, III
COPELAND; FRANCO, SCREWS & GILL, P.A.
Post Office Box 347

Montgomery, Alabama 36101-0347

*Attorneys for Defendant Par Pharmaceutical, Inc.*


Scott A. Stempel
MORGAN LEWIS & BOCKIUS LLP
1111 Pennsylvania Avenue, N.W.
Washington, DC 20004

John C. Dodds
Kimberly K. Heuer
MORGAN, LEWIS & BOCKIUS LLP
1701 Market Street
Philadelphia, Pennsylvania 19103

Philip H. Butler
George R. Parker
BRADLEY ARANT ROSE & WHITE LLP
Alabama Center for Commerce Bldg.
401 Adams Avenue, Suite 780
Montgomery, Alabama 36104

*Attorneys for Defendants Pfizer, Inc., Pharmacia Corporation and Pharmacia & Upjohn Company*


Lori A. Schechter
Tiffany Cheung
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105-2482

Harlan L Prater, IV
Derrick A. Mills
Stephen I. Rowe
LIGHTFOOT, FRANKLIN & WHITE L.L.C.
The Clark Building
400 20th Street North
Birmingham, Alabama 35203-3200

*Attorneys for Defendant Purdue Pharma, L.P.*


Wayne A. Cross
J. Michael Gallagher

Brendan Woodard
WHITE & CASE
1155 Avenue of the Americas
New York, New York 10036-2787

C. Clay Torbert, III
Chad W. Bryan
CAPELL & HOWARD, P.C.
Post Office Box 2069
Montgomery, Alabama 36102-2069

*Attorneys for Defendant Sandoz, Inc.*


Graciela M. Rodriguez
Kevin R. Sullivan
John D. Shakow
KING & SPALDING LLP
1730 Pennsylvania Avenue, N.W.
Washington, DC 20006-4706

Richard H. Gill
COPELAND, FRANCO, SCREWS & GILL P.A.
Post Office Box 347
Montgomery, Alabama 36101-0347

*Attorneys for Defendant Sanofi-Synthelabo, Inc.*


Brian T. O'Conner
John T. Montgomery
ROPES & GRAY LLP
One International Place
Boston, MA 02110

Christopher May
I. Steven Baughman
ROPES & GRAY LLP
One Metro Center
700 12th Street, NW
Washington, DC 20005

John A. Henig, Jr.
COPELAND, FRANCO, SCREWS & GILL, P.A.
Post Office Box 347.
Montgomery, Alabama 36101-0347

*Attorneys for Defendants Schering-Plough Corporation and Warrick Pharmaceuticals Corporation*

Robert R. Stauffer
Anthony C. Porcelli
JENNER & BLOCK LLP
1 IBM Plaza, Suite 4200
Chicago, Illinois 60611

Joseph C. Espy, III
MELTON, ESPY & WILLIAMS
Post Office Drawer 5130
Montgomery, Alabama 36103

*Attorneys for Defendant Takeda Pharmaceuticals North America, Inc.*

Elizabeth I. Hack
T. Reed Stephens
SONNBNSCHEIN NATH & ROSENTHAL LLP
B1301 K Street, NW, Suite 1600 North Tower
Washington, DC 20005

W. Joseph McCorkle, Jr.
BALCH & BINGHAM LLP
Post Office Box 78
Montgomery, Alabama 36101-0078

F. Inge Johnstone
BALCH & BINGHAM LLP
Post Office Box 306
Birmingham, Alabama 35201

*Attorneys for Defendant Teva Pharmaceuticals USA, Inc.*

Douglas B. Farquhar
HYMAN PHELPS & MCNAMARA, P.C.
700 Thirteenth Street, N.W., Suite 1200
Washington, DC 20005

Steven F. Casey
Christopher F. Heinss
BALCH & BINGHAM LLP

Post Office Box 306
Birmingham, Alabama 35201-0306

*Attorneys for Defendants Watson Laboratories, Inc., Watson Pharmaceuticals, Inc. and Watson Pharma, Inc.*

S. Craig Holden
Kelly J. Davidson
OBER, KALER, GRIMES & SHRIVER
120 East Baltimore Street
Baltimore, Maryland 21202-1643

Maibeth J. Porter
Lee E. Bains, Jr.
MAYNARD, COOPER & GALE, P.C.
2400 AmSouth/Harbert Plaza
1901 Sixth Avenue North
Birmingham, Alabama 35203-2618

Alvin Latham (Peck) Fox, Jr.
MAYNARD, COOPER & GALE, P.C.
201 Monroe Street, Suite 1650
Montgomery, Alabama 36104-3720

*Attorneys for Defendants Wyeth, Inc. and Wyeth Pharmaceuticals, Inc.*

Richard H. Gill
Charles N. Gill
COPELAND, FRANCO, SCREWS & GILL, PA.
Post Office Box 347
Montgomery, Alabama 36101-0347

William D. Nussbaum
Jonathon T. Rees
Gregory M. Petouvis
HOGAN & HARTSON, LLP
555 Thirteenth Street, NW
Washington, DC 20004

*Attorneys for Defendant ZLB Behring, LLC*

NY01/CYRB/1144223.1

Westlaw.

--- F.Supp.2d ----
--- F.Supp.2d ----, 2006 WL 3019193 (D.Mass.)
**(Cite as: --- F.Supp.2d ----)**

**H**

Briefs and Other Related Documents
In re Pharmaceutical Industry Average Wholesale Price LitigationD.Mass.,2006.Only the Westlaw citation is currently available.
      United States District Court,D. Massachusetts.
      In re PHARMACEUTICAL INDUSTRY
      AVERAGE WHOLESALE PRICE LITIGATION.
            This Document Relates To:
                State of Arizona
                      v.
          Abbott Labs, Inc., et al.
              **MDL No. 1456.**
        **Civil Action No. 01-12257-PBS.**
        **Civ. Action No. 1:06-CV-11069-PBS.**

              Oct. 24, 2006.

**Background:** State of Arizona brought action in its own capacity and as parens patriae on behalf of Medicare beneficiaries, third-party payors, and other state residents in state court against various pharmaceutical companies, alleging that they violated state law by fraudulently misrepresenting prescription drug prices. Defendants removed. State moved to remand.

**Holding:** The District Court, Saris, J., held that Arizona's state-law claims based on the meaning of "average wholesale prices" (AWP) in the federal Medicare statute raised a substantial federal issue.

Motion denied.

**[1] Removal of Cases 334 🔗0**

334 Removal of Cases
A party seeking to remove a case to federal court has the burden of demonstrating the existence of federal jurisdiction.

**[2] Removal of Cases 334 🔗0**

334 Removal of Cases
Because the removal statute should be strictly construed, any doubts about the propriety of removal should be construed against the party seeking removal.

**[3] Removal of Cases 334 🔗0**

334 Removal of Cases
Arizona's state-law claims on behalf of Medicare Part B beneficiaries based on the meaning of "average wholesale prices" (AWP) in the federal Medicare statute raised a substantial federal issue that belonged in the federal court; the government had a strong national interest in prohibiting fraud upon Medicare beneficiaries because fraudulent acts threaten Medicare's integrity, and, once the meaning of AWP was determined, it could be applied to the many pending similar pharmaceutical drug pricing cases in the Medicare context, impacting the viability and effectiveness of the federal Medicare program. Social Security Act, § 1842(o), 42 U.S.C.A. § 1395u(o); A.R.S. § § 36-2901, 44-1522(A).

            **MEMORANDUM AND ORDER**
SARIS, U.S.D.J.

            **I. INTRODUCTION**

*1 The State of Arizona brought this action in its own capacity and as parens patriae on behalf of Medicare beneficiaries, third-party payors, and other state residents in state court against various pharmaceutical companies, alleging that they violated state law by fraudulently misrepresenting prescription drug prices. Defendants removed the suit on the ground that plaintiff bases its claims on a specific interpretation of the term "average wholesale price" in the federal Medicare statute, 42 U.S.C. § 1395u(o). Arguing that there is no substantial and disputed federal issue, plaintiff seeks remand to state court. Plaintiff's motion to remand is *DENIED.*

            **II. BACKGROUND**

The State of Arizona, through its Attorney General, brought suit against more than twenty pharmaceutical manufacturers, alleging that they fraudulently and grossly inflated the prices of drugs to consumers by misstating the "Average Wholesale Prices" ("AWPs") of their drugs in industry publications. (Compl.¶  ¶  1-2.) Plaintiff claims that the inflated drug prices were used for repayment by Arizona's Medicaid program, Medicare Part B beneficiaries,

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

--- F.Supp.2d ----
--- F.Supp.2d ----, 2006 WL 3019193 (D.Mass.)
(Cite as: --- F.Supp.2d ----)

Page 2

third-party payors and Arizona residents purchasing drugs outside these programs. (Compl.¶ 2.) Arizona asserts the claims on behalf of itself, Medicare beneficiaries and other Arizona residents. Plaintiff asserts two state law causes of action: a claim for violation of the Arizona Consumer Fraud Act, Ariz.Rev.Stat. § 44-1522(A) (2006); and racketeering under Arizona's Racketeering Act, Ariz.Rev.Stat. § 13-2301, et seq. (2006). (Compl.¶ ¶ 569-85.)

This Court has entertained many similar AWP claims since 2001, and has fully explained the operation of the drug reimbursement procedures in prior opinions with which the Court assumes familiarity. See, e.g., In re Pharm. Indus. Average Wholesale Price Litig., 230 F.R.D. 61 (D.Mass.2005).

To recap, Medicare is a purely federal program that provides health insurance to individuals age 65 and older, as well as other qualifying individuals. See 42 U.S.C. § 1395c (2006). Until 2005, Medicare Part B covered certain classes of prescription drugs. See id. § § 1395j-1395w. Under Part B, the federal government paid 80 percent of the allowable cost of covered drugs and the beneficiary was responsible for the remaining 20 percent. See id. § 1395l. From 1998 until 2004, the Medicare statute set reimbursement of covered drugs at the lesser of the actual charge on the Medicare claim form or 95 percent of AWP. 42 U.S.C. § 1395u(o); 42 C.F.R. § 405.517(b) (2006). In 2004, reimbursement under the statute was reduced to 85 percent of AWP. 42 U.S.C. § 1395u(o); 42 C .F.R. § 414.707. As of January 1, 2005 the reimbursement rate no longer depends upon AWP. See 42 C.F.R. § 414.904.

Defendant pharmaceutical manufacturers set the AWP for each of their drugs. The manufacturers send their AWPs to industrial publications, such as First DataBank or Red Book, that compile and publish a list of the AWPs for most available drugs. Pursuant to the statute, Medicare reimbursed providers, such as pharmacies and doctors, for a drug based on its published AWP. When the price paid by a provider to the wholesaler or drug manufacturer was less than the reimbursement the provider received, the provider pocketed the difference, or "spread." By creating large spreads, the pharmaceutical companies marketed their drugs to providers, who have great discretion in determining which drugs to administer. Arizona Medicare Part B beneficiaries bore part of the burden of this spread by paying a 20 percent co-payment of a grossly inflated AWP.

*2 Arizona, as well as third-party payors (primarily private insurers and health and welfare plans) reimburse physicians and pharmacies for certain drugs based upon AWP. This includes contractors under Arizona's Medicaid program, the Arizona Health Care Cost Containment System ("AHCCCS"). See Ariz.Rev.Stat. § 36-2901, et seq. (2006). The AHCCCS Administration contracts with health plans and other contractors to provide eligible low-income Arizona residents with a range of health care services, including prescription drugs. Additionally, the AHCCCS Administration directly pays for health care services, including prescription drugs, for persons receiving benefits through the Indian Health Service, the Federal Emergency Services program, Qualified Medicare Beneficiary programs, and the State Emergency Services program. Plaintiff alleges that both the state Medicaid contractors and the AHCCCS Administration paid inflated reimbursement prices for prescription drugs based upon defendants' reported AWPs.

Plaintiff filed this complaint in Arizona state court on December 6, 2005. Arizona seeks to return to its residents the increased medication costs caused by defendants' wrongful conduct, to disgorge defendants "excessive profits" and to enjoin further violations of Arizona law. Defendants removed the case on January 5, 2006 to the District Court for the District of Arizona. On January 30, 2006, the Judicial Panel on Multidistrict Litigation ("JPML") issued a conditional transfer order, which was opposed by plaintiffs. On June 16, 2006, the JPML denied plaintiff's motion to vacate the conditional transfer order and ordered the case to be transferred to this Court. Plaintiff filed a timely motion to remand the case on August 11, 2006.

### III. DISCUSSION

[1][2] A party seeking to remove a case to federal court has the burden of demonstrating the existence of federal jurisdiction. See BIW Deceived v. Local 56, 132 F.3d 824, 831 (1st Cir.1997). Because the removal statute should be strictly construed, any doubts about the propriety of removal should be construed against the party seeking removal. See, e.g., Danca v. Private Health Care Sys., Inc., 185 F.3d 1, 4 (1st Cir.1999). Jurisdiction must be evident from the basis of the well-pleaded complaint; a defense based in federal law is inadequate to confer jurisdiction on this Court. Merrell Dow Pharm. Inc. v. Thompson, 478 U.S. 804, 808, 106 S.Ct. 3229, 92 L.Ed.2d 650 (1986) ("Merrell Dow").

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

--- F.Supp.2d ----
--- F.Supp.2d ----, 2006 WL 3019193 (D.Mass.)
(Cite as: --- F.Supp.2d ----)

Page 3

The Supreme Court's recent decision in *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg., 545 U.S. 308, 125 S.Ct. 2363, 162 L.Ed.2d 257 (2005)* explains the method for determining federal question jurisdiction when, as in this case, a federal question is embedded in state-law claims. Clarifying conflicting interpretations of *Merrell Dow*, the Supreme Court held that a claim need not be brought under federal law for there to be valid federal question jurisdiction. *Id.* at 317-18; *McCready v. White*, 417 F.3d 700, 702-03 (7th Cir.2005) (noting that *Grable* put the "kibosh" on the possibility that a federal cause of action was necessary to establish federal question jurisdiction). The Court laid out a three part inquiry for determining the existence of federal question jurisdiction: "does a state-law claim necessarily raise a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." *Grable, 545 U.S. at 314.* The Court guided lower courts to engage in a "contextual inquiry" that examines "the importance of having a federal forum for the issue, and the consistency of such a forum with Congress's intended division of labor between state and federal courts." *Id.* at 318-19.

*3 Plaintiff alleges that the pharmaceutical companies intentionally inflated the AWP for their drugs, knowing that those inflated figures would be used as the basis for prescription drug co-payments by Arizona Medicare beneficiaries in violation of the Arizona Consumer Fraud Act and the Arizona Racketeering Act, and that these state law claims do not raise any federal issues. Defendants argue that the plaintiff's theory of recovery necessarily raises the substantial federal issue of the meaning of AWP under the Medicare statute, which affects both liability and damages.

This is not the first time that this court has addressed the meaning of "AWP" under Medicare in the context of a motion to remand. In *State of Montana v. Abbott Labs., 266 F.Supp.2d 250 (D.Mass.2003),* the state alleged that its Medicare beneficiaries overpaid based on defendant drug manufacturers' overstatements of AWP. Agreeing with the defendants that an essential element of the parens patriae claim was proof of a discrepancy between the AWPs reported by the pharmaceutical companies and the meaning of AWP under the Medicare statute, the Court held: "The adjudication of whether the term 'average wholesale price' in the Medicare statute embraces a 'spread' could have broad implications

for Medicare reimbursements and co-payments." *Id.* at 255. That case, however, was decided before the *Grable* decision. At that time, under First Circuit precedent, I interpreted *Merrell Dow* to preclude the exercise of federal jurisdiction where the federal statute did not provide a private remedy. *Id.* at 257; *see also Minnesota v. Pharmacia Corp., 278 F.Supp.2d 101, 103 (D.Mass.2003)* ("[T]he First Circuit and a number of other courts read *Merrell Dow* as an instruction to remand state-law claims like Minnesota's, where the right to relief depends on the application of a federal statute that does not provide a private remedy."). Because the Medicare statute did not have a private cause of action, this court therefore remanded the case back to the state court.

[3] It is now clear under *Grable* that the lack of a private federal cause of action does not preclude jurisdiction. This court, recently reviewing the *Montana* decision, reaffirmed that the meaning of the term AWP under the federal Medicare statute is a "weighty federal question." *In re Pharm. Indus. Average Wholesale Price Litig.*, 2006 U.S. Dist. LEXIS 63655, at *24 (Sept. 6, 2006). However, in that case, I remanded the state-law action which sought relief solely under the state Medicaid statute. While that state statute used the term "Average Wholesale Price" there was no indication in the statute, legislative history or caselaw that it should be construed in sync with the federal statute.

Using *Grable* eyes in analyzing this parens patriae action, I (again) conclude that the meaning of AWP in the federal Medicare statute is a substantial federal issue that properly belongs in federal court. The government has a strong national interest in prohibiting fraud upon Medicare beneficiaries because fraudulent acts threaten Medicare's integrity. *Fischer v. United States, 529 U.S. 667, 681, 120 S.Ct. 1780, 146 L.Ed.2d 707 (2000); see Grable, 545 U.S. at 315* (noting that the meaning of the federal tax provision is an "important issue of federal law" because the government has a "strong interest" in the prompt collection of taxes). The interpretation of AWP under the statute determines whether the Arizona Medicare beneficiaries, by definition the sick and elderly, overpaid on their drug co-payments. Furthermore, once the meaning of AWP is determined, it can be applied to the many pending similar pharmaceutical drug pricing cases in the Medicare context. *See Empire HealthChoice Assur., Inc. v. McVeigh, --- U.S. ----, ----, 126 S.Ct. 2121, 2137, 165 L.Ed.2d 131 (2006)* (noting that in *Grable* an important factor favoring jurisdiction was that the resolution of the embedded federal question would

--- F.Supp.2d ----                                                    Page 4
--- F.Supp.2d ----, 2006 WL 3019193 (D.Mass.)
**(Cite as: --- F.Supp.2d ----)**

control numerous similar tax cases). This directly impacts the viability and effectiveness of the federal Medicare program. Arizona's state-law claims on behalf of Medicare Part B beneficiaries based on the meaning of AWP in the federal statute therefore raise a substantial federal issue.

**\*4** Under *Grable,* the federal issue must also be "actually disputed" in the litigation. *Grable,* 545 U.S. at 314. The Medicare statute does not define the term AWP. *See* 42 U.S.C. § 1395u(o); *id.* § 1395x ("Definitions" section). For plaintiff to succeed on the asserted theory of liability, the AWPs reported by defendants must be different from the AWP required under the Medicare statute. From day one of the litigation, defendants have vigorously protested that Congress understood that AWP did not represent the actual cost that providers paid for drugs. The determination of the actual meaning of AWP under the Medicare statute has been hotly disputed in the multi-district litigation and is a crucial component of plaintiff's theory of liability.

The final question under *Grable* is whether granting federal jurisdiction will disturb "any congressionally approved balance of federal and state judicial responsibilities." *Grable,* 545 U.S. at 314. Federal jurisdiction over a matter should not "materially affect, or threaten to affect, the normal currents of litigation." *Id.* at 319. Here, "raising Arizona" from state to federal jurisdiction is unlikely to upset any balance because of the substantial number of similar cases that are already pending in federal courts. The claims that Arizona brings on behalf of its Medicare Part B beneficiaries raise the same issues that are currently before this court in a multi-district litigation that involves over ninety similar pharmaceutical pricing cases. *See In re Pharm. Indus. Average Wholesale Price Litig.,* 230 F.R.D. 61, 66-67 (D.Mass.2005). Medicare Part B beneficiaries make up the first class of plaintiffs in that litigation. *See In re Pharm. Indus. Average Wholesale Price Litig.,* 233 F.R.D. 229, 230 (D.Mass.2006). Finally, as one district court aptly stated: "There is ... no congressionally approved balance of judicial responsibilities in this arena. During the approximately 13 years that the price controls have been in place, both state and federal courts have heard cases related to the statutes directly governing them." *County of Santa Clara v. Astra USA, Inc.,* 401 F.Supp.2d 1022, 1029 (N.D.Cal.2005).

It is true that other district courts reached contrary post-*Grable* decisions in similar cases involving a state's parens patriae claims on behalf of Medicare

Part B beneficiaries. *See Commonwealth of Pennsylvania v. Tap Pharm. Prods.,* 415 F.Supp.2d 516, 524-25 (E.D.Pa.2005) (remanding under *Grable* upon finding that (1) "the term 'average wholesale price' is not 'actually disputed' because the Commonwealth does not premise its parens patriae claim on the construction of these words as they appear in the applicable Medicare statute and regulations" and (2) there is no substantial federal question because "AWP is no longer the standard for reimbursement under Medicare" and "a court would not need to construe the term 'average wholesale price' beyond its plain meaning"); *Wisconsin v. Abbott Labs.,* 390 F.Supp.2d 815, 823 (W.D.Wis.2005) (remanding under *Grable* upon finding that granting jurisdiction would disturb the federal and state court balance because "[a]t best the federal and state interests are equivalent" and "shifting all of these [state filed pharmaceutical pricing cases] ... into federal court would work a significant disruption in the division of labor between federal and state courts"). As the judge assigned the massive multi-district litigation, involving class actions and numerous attorney general suits, I conclude that the issue of the meaning of AWP under the federal Medicare statute has national significance. A federal forum provides experience, solicitude and uniformity on this important federal issue. *See Grable,* 545 U.S. at 312.

**\*5** Citing *Grable* and *Merrell Dow,* plaintiff also argues that the absence of both a federal cause of action and of federal preemption of state remedies weighs heavily against a finding of federal jurisdiction. *See Grable,* 545 U.S. at 318; *Merrell Dow,* 478 U.S. at 811-14. While the presence of a federal cause of action is a welcome mat, its absence is not a deadbolt. Rather, the absence of a federal cause of action or of federal preemption of state remedies is "an *important clue* to Congress's conception of jurisdiction." *Grable,* 545 U.S. at 318 (emphasis added). In *Merrell Dow,* the Court was concerned that the exercise of federal jurisdiction in those circumstances "would have attracted a horde of original filings and removal cases raising other state claims with embedded federal issues." *Id.* As explained above, granting federal jurisdiction in this case does not open the door to a horde: the horde has already stormed the border. Arizona's state law claims on behalf of Medicare Part B beneficiaries raise a substantial, actually disputed federal issue that does not threaten the balance of judicial responsibilities.

The Court has supplemental jurisdiction over

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

--- F.Supp.2d ----                                                              Page 5
--- F.Supp.2d ----, 2006 WL 3019193 (D.Mass.)
**(Cite as: --- F.Supp.2d ----)**

Arizona's claims on behalf of the third-party payors, private payors and state Medicaid contractors making drug payments outside of the Medicare Part B program. *See* 28 U.S.C. § 1367(a) (2006) ("[I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."); *see also City of Chi. v. Int'l College of Surgeons,* 522 U.S. 156, 165, 118 S.Ct. 523, 139 L.Ed.2d 525 (1997) ("Section 1367(a) applies with equal force to cases removed to federal court as to cases initially filed there.").

### *ORDER*

The motion to remand (Docket No. 2974) is **DENIED.**

D.Mass.,2006.
In re Pharmaceutical Industry Average Wholesale Price Litigation
--- F.Supp.2d ----, 2006 WL 3019193 (D.Mass.)

Briefs and Other Related Documents (Back to top)

• 2006 WL 2688940 (Trial Motion, Memorandum and Affidavit) United States' Opposition to Abbott Laboratories, Inc.'s Motion to Dismiss (Sep. 15, 2006) Original Image of this Document (PDF)
• 2006 WL 2688941 (Verdict, Agreement and Settlement) Stipulation for Dismissal of Action Against Hospira, Inc. (Sep. 15, 2006) Original Image of this Document (PDF)
• 2006 WL 2688942 (Trial Motion, Memorandum and Affidavit) United States' Opposition to Abbott Laboratories, Inc.'s Motion to Dismiss (Sep. 15, 2006) Original Image of this Document (PDF)
• 2006 WL 2546094 (Trial Filing) Status Report September 1, 2006 (Sep. 1, 2006) Original Image of this Document (PDF)
• 2006 WL 2546089 (Trial Motion, Memorandum and Affidavit) Plaintiffs' Memorandum in Opposition to the Track 1 Defendants' Motion for Summary Judgment with Respect to Class 3 (Aug. 30, 2006) Original Image of this Document (PDF)
• 2006 WL 2546090 (Trial Motion, Memorandum and Affidavit) Plaintiffs' Memorandum in Opposition to the Johnson & Johnson Defendants' Motion for Summary Judgment on Class 3 (Aug. 30, 2006) Original Image of this Document (PDF)
• 2006 WL 2546091 (Trial Motion, Memorandum

and Affidavit) Plaintiffs' Memorandum in Opposition to BMS Defendants' Motion for Summary Judgment as to Class 3 (Aug. 30, 2006) Original Image of this Document (PDF)
• 2006 WL 2546092 (Trial Motion, Memorandum and Affidavit) Plaintiffs' Response to Schering-Plough's Individual Motion for Summary Judgment as to Class 3 (Aug. 30, 2006) Original Image of this Document (PDF)
• 2006 WL 2546086 (Trial Motion, Memorandum and Affidavit) Memorandum in Support of Defendants' Opposition to Plaintiff State of Arizona's Motion for Remand (Aug. 25, 2006) Original Image of this Document (PDF)
• 2006 WL 2546085 (Trial Motion, Memorandum and Affidavit) Defendants' Reply to the State of Nevada's Opposition to Defendants' Third Motion to Compel Discovery (Aug. 24, 2006) Original Image of this Document (PDF)
• 2006 WL 2400084 (Trial Motion, Memorandum and Affidavit) Class Plaintiffs' Memorandum of Law in Support of Joint Motion for Preliminary Approval of Proposed Nationwide GSK Class Settlement, Certification of Settlement Class and Approval of Notice Plan (Aug. 10, 2006) Original Image of this Document (PDF)
• 2006 WL 2400085 (Proposed Order, Agreement and Settlement) Settlement Agreement and Release of the Glaxosmithkline Defendants (Aug. 10, 2006) Original Image of this Document (PDF)
• 2006 WL 2546088 (Trial Motion, Memorandum and Affidavit) Track Two Defendants' Memorandum in Opposition to Class Certification Redacted Version¨ (Jun. 15, 2006) Original Image of this Document (PDF)
• 2006 WL 2544681 () Expert Report of Zachary Dyckman in Support of Track 2 Defendants' Opposition to Class Certification (Jun. 14, 2006) Original Image of this Document (PDF)
• 2006 WL 1372573 (Trial Motion, Memorandum and Affidavit) Plaintiffs' Reply Memorandum in Support of Motion for Partial Summary Judgment Against all Track 1 Defendants (Apr. 28, 2006) Original Image of this Document (PDF)
• 2006 WL 1372574 (Trial Motion, Memorandum and Affidavit) Reply Memorandum in Support of Schering-Plough Corporation's and Warrick Pharmaceuticals Corporation's Motion for Summary Judgment as to Class 2 Claims (Apr. 28, 2006) Original Image of this Document (PDF)
• 2006 WL 1372575 (Trial Motion, Memorandum and Affidavit) The BMS Defendants' Reply Memorandum of Law in Support of Their Motion for Summary Judgment (Apr. 28, 2006) Original Image of this Document (PDF)

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

• <u>2006 WL 1372576</u> (Trial Motion, Memorandum and Affidavit) Reply Memorandum of Law in Further Support of Track 1 Defendants' Joint Motion for Summary Judgment (Apr. 28, 2006) Original Image of this Document (PDF)

• <u>2006 WL 1372569</u> (Trial Motion, Memorandum and Affidavit) Plaintiffs' Opposition to Defendant Chiron Corporation's Motion to Dismiss (Apr. 24, 2006) Original Image of this Document (PDF)

• <u>2006 WL 1372570</u> (Trial Motion, Memorandum and Affidavit) Plaintiffs' Opposition to Individual Memorandum of Purdue Pharma L.P., Purdue Frederick Company, and Purdue Pharma Company in Support of Motion to Dismiss (Apr. 24, 2006) Original Image of this Document (PDF)

• <u>2006 WL 1372571</u> (Trial Motion, Memorandum and Affidavit) Plaintiffs' Opposition to Eli Lilly and Company's Separate Memorandum in Support of Motion to Dismiss (Apr. 24, 2006) Original Image of this Document (PDF)

• <u>2006 WL 1372572</u> (Trial Motion, Memorandum and Affidavit) Plaintiff Ven-a-Care of the Florida Keys, Inc.'s Opposition to Defendant Bristol-Myers Squibb Company's Motion to Compel (Apr. 24, 2006) Original Image of this Document (PDF)

• <u>2006 WL 1372568</u> (Trial Motion, Memorandum and Affidavit) Plaintiffs' Consolidated Opposition Todefendants' Motion to Dismiss (1) the Consolidated Complaint of the City of New York and New York Counties and (2) Nassau County's Second Amended Complaint (Apr. 20, 2006) Original Image of this Document (PDF)

• <u>2006 WL 1372565</u> (Trial Motion, Memorandum and Affidavit) Opposition to Bayer Corporation's First Motion to Compel Plaintiff the State of Montana to Produce a Rule 30(B)(6) Witness (Apr. 18, 2006) Original Image of this Document with Appendix (PDF)

• <u>2006 WL 1372566</u> (Trial Motion, Memorandum and Affidavit) Oxford Health Plans, Llc's Memorandum of Law in Opposition to Defendants' Motion to Compel (Apr. 18, 2006) Original Image of this Document (PDF)

• <u>2006 WL 1372567</u> (Trial Motion, Memorandum and Affidavit) Opposition to Bayer Corporation's First Motion to Compel Plaintiff the State of Montana to Produce a Rule 30(b)(6) Witness (Apr. 18, 2006) Original Image of this Document with Appendix (PDF)

• <u>2006 WL 1372563</u> (Trial Motion, Memorandum and Affidavit) Plaintiffs' Opposition to Defendant Wyeth's Supplemental Memorandum in Support of Motion to Dismiss (Apr. 17, 2006) Original Image of this Document (PDF)

• <u>2006 WL 1372564</u> (Trial Motion, Memorandum

and Affidavit) New York Counties Consolidated Opposition to Defendants' Motion to Dismiss the Mnycc (Apr. 17, 2006) Original Image of this Document (PDF)

• <u>2006 WL 1372579</u> (Trial Motion, Memorandum and Affidavit) Plaintiffs Opposition to Individual Memorandum of Bayer Corporation in Support of Motion to Dismiss (Apr. 17, 2006) Original Image of this Document (PDF)

• <u>2006 WL 1372580</u> (Trial Motion, Memorandum and Affidavit) Plaintiffs' Opposition to Biogen Idec Inc.'s Separate Memorandum of Law in Support of Motion to Dismiss (Apr. 17, 2006) Original Image of this Document (PDF)

• <u>2006 WL 1372581</u> (Trial Motion, Memorandum and Affidavit) Plaintiffs' Opposition to Separate Memorandum of Defendant Boehringer Ingelheim Corporation in Support of Motion to Dismiss (Apr. 17, 2006) Original Image of this Document (PDF)

• <u>2006 WL 1372582</u> (Trial Motion, Memorandum and Affidavit) Plaintiffs' Opposition to Individual Memorandum of Law in Defendant EMD, Inc. In Support of Motion to Dismiss (Apr. 17, 2006) Original Image of this Document (PDF)

• <u>2006 WL 1372583</u> (Trial Motion, Memorandum and Affidavit) Plaintiffs' Opposition to Defendant Endo Pharmaceutical Inc's Individual Memorandum of Law in Support of Motion to Dismiss (Apr. 17, 2006) Original Image of this Document (PDF)

• <u>2006 WL 1372584</u> (Trial Motion, Memorandum and Affidavit) Plaintiffs' Opposition to Defendants Forest Laboratories Inc. and Forest Pharmaceuticals, Inc.'s Memorandum of Law in Support of Motion to Dismiss (Apr. 17, 2006) Original Image of this Document (PDF)

• <u>2006 WL 1372585</u> (Trial Motion, Memorandum and Affidavit) Plaintiffs' Opposition to Defendant Medimmune, Inc.'s Memorandum of Law in Support of Motion to Dismiss (Apr. 17, 2006) Original Image of this Document (PDF)

• <u>2006 WL 1372586</u> (Trial Motion, Memorandum and Affidavit) Plaintiffs' Opposition to Separate Memorandum of Merck & Co. In Support of Motion to Dismiss (Apr. 17, 2006) Original Image of this Document (PDF)

• <u>2006 WL 1372587</u> (Trial Motion, Memorandum and Affidavit) Plaintiffs' Opposition to the Mylan Defendants' Individual Memorandum of Law in Support of Motion to Dismiss (Apr. 17, 2006) Original Image of this Document (PDF)

• <u>2006 WL 1372588</u> (Trial Motion, Memorandum and Affidavit) Plaintiffs' Opposition to Defendant Novartis Pharmaceuticals Corporation's Memorandum of Law in Support of Moton to Dismiss (Apr. 17, 2006) Original Image of this

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

--- F.Supp.2d ----
--- F.Supp.2d ----, 2006 WL 3019193 (D.Mass.)
**(Cite as: --- F.Supp.2d ----)**

Document (PDF)
• 2006 WL 1372589 (Trial Motion, Memorandum and Affidavit) Plaintiffs' Opposition to Individual Memorandum of Defendants Par Pharmaceutical Companies, Inc. and Par Pharmaceutical, Inc. In Support of Motion to Dismiss (Apr. 17, 2006) Original Image of this Document (PDF)
• 2006 WL 1372590 (Trial Motion, Memorandum and Affidavit) Plaintiffs' Opposition to Separate Memorandum of the ""Pfizer Defendants" in Support of Motion to Dismiss (Apr. 17, 2006) Original Image of this Document (PDF)
• 2006 WL 1372591 (Trial Motion, Memorandum and Affidavit) Plaintiffs' Opposition to the Roche Defendants' Supplemental Memorandum of Law in Support of Motion to Dismiss (Apr. 17, 2006) Original Image of this Document (PDF)
• 2006 WL 1372592 (Trial Motion, Memorandum and Affidavit) Plaintiffs' Opposition to Sanofi-Synthelabo's Individual Memorandum of Law in Support of Motion to Dismiss (Apr. 17, 2006) Original Image of this Document (PDF)
• 2006 WL 1372593 (Trial Motion, Memorandum and Affidavit) Plaintiffs' Opposition to Defendant Tap Pharmaceutical Products Inc.'s Supplemental Memorandum in Support of Defendants's Joint Motion to Dismiss (Apr. 17, 2006) Original Image of this Document (PDF)
• 2006 WL 1372594 (Trial Motion, Memorandum and Affidavit) Plaintiffs' Opposition to Defendant Sandoz Inc's Supplemental Memorandum of Law Regarding Multiple Source Generic Drug Products in Support of Defendants' Motion to Dismiss (Apr. 17, 2006) Original Image of this Document (PDF)
• 2006 WL 1372718 (Trial Motion, Memorandum and Affidavit) Plaintiffs' Sur-Reply to Defendants' Motion to Dismiss the First Amended Complaint (Apr. 17, 2006) Original Image of this Document (PDF)
• 2006 WL 1372719 (Trial Motion, Memorandum and Affidavit) Plaintiffs' Opposition to Astrazeneca Defendants' Individual Memorandum of Law in Support of Motion to Sismiss (Apr. 17, 2006) Original Image of this Document (PDF)
• 2006 WL 1372720 (Trial Motion, Memorandum and Affidavit) Plaintiffs' Opposition to Defendant Amgen Inc's Individual Memorandum in Support of Motion to Dismiss (Apr. 17, 2006) Original Image of this Document (PDF)
• 2006 WL 983924 (Trial Motion, Memorandum and Affidavit) Opposition of Plaintiff Blue Cross and Blue Shield of Massachusetts, Inc. to Defendants' Motion to Compel (Apr. 4, 2006) Original Image of this Document (PDF)
• 2006 WL 983922 (Trial Motion, Memorandum and

Affidavit) Defendants' Opposition to Plaintiffs' Objections Pursuant to Rule 201(e) of the Federal Rules of Evidence to Judicial Notice of Facts and Conclusions Set Forth in Defendants' Motion to Dismiss (Apr. 3, 2006) Original Image of this Document (PDF)
• 2006 WL 983923 (Trial Motion, Memorandum and Affidavit) Defendants' Reply to Plaintiffs' Memorandum in Opposition to Defendants' Joint Motion to Dismiss the First Amended Complaint-in-Intervention (Apr. 3, 2006) Original Image of this Document (PDF)
• 2006 WL 983921 (Trial Motion, Memorandum and Affidavit) Class Plaintiffs' Opposition to Track 2 Defendants' Motion to Strike Portions of the Fourth Amended Master Complaint and Notice of Errata (Mar. 28, 2006) Original Image of this Document (PDF)
• 2006 WL 3025490 () Merits Report and Declaration of Gregory K. Bell, Ph.D., on Behalf of Track 1 Defendants (Mar. 22, 2006) Original Image of this Document (PDF)
• 2006 WL 900609 (Trial Motion, Memorandum and Affidavit) Memorandum in Opposition to Aventis' Motion to Compel and in Support of United States' Cross-Motion to Quash Subpoena of Nhic Employee (Mar. 17, 2006) Original Image of this Document (PDF)
• 2006 WL 900610 (Trial Motion, Memorandum and Affidavit) Memorandum of Law in Support of Defendants' Motion to Compel Third Party Oxford Health Plans to Produce Documents and Witnesses for Deposition Pursuant to Subpoena and for Recovery of Attorney Fees and Costs (Mar. 17, 2006) Original Image of this Document (PDF)
• 2006 WL 900611 (Trial Motion, Memorandum and Affidavit) Reply Memorandum in Support of Plaintiffs' Second Motion to Compel Production By Amgen Inc. (Mar. 17, 2006) Original Image of this Document (PDF)
• 2006 WL 900612 (Trial Motion, Memorandum and Affidavit) Non-Party National Heritage Insurance Company's Memorandum in Opposition to Defendants' Motion to Compel Production of Documents and Witnesses Pursuant to Subpoenas, and in Support of its Cross-Motion to Quash Subpoenas (Mar. 17, 2006) Original Image of this Document (PDF)
• 2006 WL 900605 (Trial Motion, Memorandum and Affidavit) Class Plaintiffs' Motion for Partial Summary Judgment on Defendants' Affirmative Defenses (Mar. 15, 2006) Original Image of this Document (PDF)
• 2006 WL 900606 (Trial Motion, Memorandum and Affidavit) Memorandum in Support of Schering-

--- F.Supp.2d ----                                                          Page 8
--- F.Supp.2d ----, 2006 WL 3019193 (D.Mass.)
**(Cite as: --- F.Supp.2d ----)**

Plough Corporation's and Warrick Pharmaceuticals Corporation's Motion for Summary Judgment as to Class 2 Claims (Mar. 15, 2006) Original Image of this Document (PDF)

• 2006 WL 900607 (Trial Motion, Memorandum and Affidavit) Class Plaintiffs' Memorandum of Law in Support of Motion for Summary Judgment on Defendants' Affirmative Defenses (Mar. 15, 2006) Original Image of this Document (PDF)

• 2006 WL 900608 (Trial Motion, Memorandum and Affidavit) Plaintiffs' Memorandum in Support of Motion for Partial Summary Judgment Against All Track 1 Defendants ŶRedacted Version" (Mar. 15, 2006) Original Image of this Document (PDF)

• 2006 WL 900603 (Trial Motion, Memorandum and Affidavit) Opposition of Plaintiff Blue Cross and Blue Shield of Massachusetts, Inc. to Track Two Defendants' Motion to Compel (Mar. 14, 2006) Original Image of this Document (PDF)

• 2006 WL 900604 (Trial Motion, Memorandum and Affidavit) Track Two Defendants' Motion to Strike Portions of the Fourth Amended Master Consolidated Class Action Complaint and Notice of Errata (Mar. 13, 2006) Original Image of this Document (PDF)

• 2006 WL 900602 (Trial Motion, Memorandum and Affidavit) Non-Party National Heritage Insurance Company's Opposition to Defendants' Emergency Motion to Expedite the Briefing and Hearing on Their Motion to Compel Production of Documents and Witnesses Pursuant to Subpoena (Mar. 8, 2006) Original Image of this Document (PDF)

• 2006 WL 900601 (Trial Motion, Memorandum and Affidavit) Sanofi-Synthelabo's Individual Memorandum of Law in Support of Motion to Dismiss (1) the Consolidated Complaint of New York City and Plaintiff New York Counties Other Than Nassau and (2) the Second Amended Complaint of Nassau County (Mar. 6, 2006) Original Image of this Document (PDF)

• 2006 WL 690405 (Trial Motion, Memorandum and Affidavit) Separate Memorandum of the ""Pfizer Defendants" in Support of Their Motion to Dismiss (1) the Consolidated Complaint of New York City and Plaintiff New York Counties Other Than Nassau and (2) the Second Amended Complaint of Nassau County (Mar. 3, 2006) Original Image of this Document (PDF)

• 2006 WL 690406 (Trial Motion, Memorandum and Affidavit) Defendant Tap Pharmaceutical Products Inc.'s Supplemental Memorandum in Support of Defendants' Joint Motion to Dismiss (Mar. 3, 2006) Original Image of this Document (PDF)

• 2006 WL 690407 (Trial Motion, Memorandum and Affidavit) Defendants Forest Laboratories, Inc. and Forest Pharmaceuticals, Inc.'s Memorandum of Law

of in Support of Motion to Dismiss (1) the Consolidated Complaint of New York City and New York Counties Other Than Nassau and (2) the Second Amended Complaint of Nassau County (Mar. 3, 2006) Original Image of this Document (PDF)

• 2006 WL 690408 (Trial Motion, Memorandum and Affidavit) Astrazeneca Defendants' Individual Memorandum of Law In Support of Their Motion to Dismiss the Consolidated Complaint of New York City and New York Counties other than Nassau and the Second Amended Complaint of Nassau County (Mar. 3, 2006) Original Image of this Document (PDF)

• 2006 WL 690409 (Trial Motion, Memorandum and Affidavit) Defendant Endo Pharmaceuticals Inc.'s Individual Memorandum of Law in Support of Its Motion to Dismiss the Consolidated Complaint of New York City and Plaintiff New York Counties Other than Nassau (Mar. 3, 2006) Original Image of this Document (PDF)

• 2006 WL 690410 (Trial Motion, Memorandum and Affidavit) Separate Memorandum of Defendant Boehringer Ingelheim Corporation in Support of Its Motion to Dismiss (Mar. 3, 2006) Original Image of this Document (PDF)

• 2006 WL 690411 (Trial Motion, Memorandum and Affidavit) Defendant Medimmune, Inc.'s Memorandum of Law in Support of Motion to Dismiss (1) the Consolidated Complaint of New York City and Plaintiff New York Counties Other Than Nassau and (2) the Second Amended Complaint of Nassau County%n1%n (Mar. 3, 2006) Original Image of this Document (PDF)

• 2006 WL 690412 (Trial Motion, Memorandum and Affidavit) Defendant Sandoz Inc's Supplemental Memorandum of Law Regarding Multiple Source Generic Drug Products in Support of Defendants' Motion to Dismiss the Corrected Consolidated Complaint and the Second Amended Complaint of Nassau County (Mar. 3, 2006) Original Image of this Document (PDF)

• 2006 WL 690413 (Trial Motion, Memorandum and Affidavit) The Mylan Defendants' Individual Memorandum of Law in Support of Their Motion to Dismiss (Mar. 3, 2006) Original Image of this Document (PDF)

• 2006 WL 690414 (Trial Motion, Memorandum and Affidavit) Individual Memorandum of Purdue Pharma L.P., Purdue Frederick Company, and Purdue Pharma Company in Support of Their Motion to Dismiss (1) the Consolidated Complaint of New York City and Plaintiff New York Counties Other Than Nassau and (2) the Secon d Amended Complaint of Nassau County (Mar. 3, 2006) Original Image of this Document (PDF)

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

--- F.Supp.2d ----                                                                                    Page 9
--- F.Supp.2d ----, 2006 WL 3019193 (D.Mass.)
**(Cite as: --- F.Supp.2d ----)**

• 2006 WL 690415 (Trial Motion, Memorandum and Affidavit) Defendants'%n1%n Joint Memorandum of Law in Support of Motion to Dismiss (1) the Consolidated Complaint of New York City and Plaintiff New York Counties Other Than Nassau and (2) the Second Amended Complaint of Nassau County (Mar. 3, 2006) Original Image of this Document (PDF)

• 2006 WL 690416 (Trial Motion, Memorandum and Affidavit) Separate Memorandum of Merck & Co., Inc. in Support of Its Motion to Dismiss (Mar. 3, 2006) Original Image of this Document (PDF)

• 2006 WL 690417 (Trial Motion, Memorandum and Affidavit) The Roche Defendants' Supplemental Memorandum of Law in Support of Motions to Dismiss (1) the Consolidated Complaint of New York City and Plaintiff New York Counties Other Than Nassau and (2) the Second Amended Complaint of Nassau County (Mar. 3, 2006) Original Image of this Document (PDF)

• 2006 WL 690418 (Trial Motion, Memorandum and Affidavit) Biogen Idec Inc.'s Separate Memorandum of Law in Support of Its Motion to Dismiss (1) the Consolidated Complaint of New York City and Plaintiff New York Counties Other Than Nassau and (2) the Second Amended Complaint of Nassau County (Mar. 3, 2006) Original Image of this Document (PDF)

• 2006 WL 690401 (Trial Motion, Memorandum and Affidavit) Plaintiffs' Memorandum in Opposition to Defendants' Joint Motion to Dismiss the First Amended Complaint in Intervention (Mar. 2, 2006) Original Image of this Document (PDF)

• 2006 WL 690402 (Trial Motion, Memorandum and Affidavit) Plaintiffs' Memorandum in Opposition to Defendant B. Braun of America, Inc.'s Separate Motion to Dismiss the First Amended Complaint (Mar. 2, 2006) Original Image of this Document (PDF)

• 2006 WL 690403 (Trial Motion, Memorandum and Affidavit) Plaintiffs' Memorandum in Opposition to Defendant Abbott Laboratories, Inc.'s Separate Motion to Dismiss the First Amended Complaint (Mar. 2, 2006) Original Image of this Document (PDF)

• 2006 WL 690420 (Trial Pleading) Fourth Amended Master Consolidated Class Action Complaint Amended to Comply With Court's Class Certification Order Redacted Version (Mar. 1, 2006) Original Image of this Document (PDF)

• 2006 WL 900615 (Trial Pleading) Fourth Amended Master Consolidated Class Action Complaint Amended to Comply With Court's Class Certification Order Unredacted Version (Mar. 1, 2006) Original Image of this Document (PDF)

• 2006 WL 690400 (Trial Motion, Memorandum and Affidavit) Memorandum of Law in Support of Track Two Defendants' Motion to Compel Plaintiff Blue Cross Blue Shield of Massachusetts, Inc. and Third-Party National Heritage Insurance Company in Their Capacities as the Medicare Part B Carriers for Massachusetts t o Produce Documents and Witnesses for Deposition Pursuant to Subpoena (Feb. 28, 2006) Original Image of this Document (PDF)

• 2006 WL 690399 (Trial Motion, Memorandum and Affidavit) Memorandum in Support of Plaintiffs' Second Motion to Compel Production by Amgen, Inc., with Request for Expedited Briefing and Disposition (Feb. 27, 2006) Original Image of this Document (PDF)

• 2006 WL 372092 (Trial Motion, Memorandum and Affidavit) Defendants' Second Motion to Compel Discovery from Plaintiffs the State of Nevada and the State of Montana (Jan. 31, 2006) Original Image of this Document (PDF)

• 2006 WL 372090 (Trial Motion, Memorandum and Affidavit) Non-Party Fallon Community Health Plan, Inc.'s Memorandum of Law in Support of its Motion to Quash the Subpoena of Defendant Dey, Inc. (Jan. 27, 2006) Original Image of this Document (PDF)

• 2006 WL 372089 (Trial Motion, Memorandum and Affidavit) Plaintiffs' Reply to Track 1 Defendants' Response to Plaintiffs' Proposed Consolidated Order Re: Motion for Class Certification (Jan. 26, 2006) Original Image of this Document (PDF)

• 2006 WL 372087 (Trial Motion, Memorandum and Affidavit) Defendant Dey, Inc.'s Memorandum of Law in Opposition to Non-Party Fallon Community Health Plan, Inc.'s Motion to Stay Discovery (Jan. 23, 2006) Original Image of this Document (PDF)

• 2006 WL 372085 (Trial Motion, Memorandum and Affidavit) Abbott Laboratories Inc.'s Individual Memorandum in Support of Motion to Dismiss California's First Amended Complaint (Jan. 17, 2006) Original Image of this Document (PDF)

• 2006 WL 372086 (Trial Motion, Memorandum and Affidavit) Defendants' Memorandum of Law in Support of Their Motion to Dismiss the First Amended Complaint-In-Intervention (Jan. 17, 2006) Original Image of this Document (PDF)

• 2006 WL 353283 (Trial Motion, Memorandum and Affidavit) Defendants' Memorandum in Opposition to Plaintiffs' Motion to Participate in January 27th Hearing (Jan. 12, 2006) Original Image of this Document (PDF)

• 2006 WL 372084 (Trial Motion, Memorandum and Affidavit) Brief of Amici Curiae in Opposition to Motion by State of Florida and Ven-A-Care to Participate in January 27th Hearing Regarding Remand (Jan. 12, 2006) Original Image of this

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

--- F.Supp.2d ----
--- F.Supp.2d ----, 2006 WL 3019193 (D.Mass.)
**(Cite as: --- F.Supp.2d ----)**

Document (PDF)
• 2006 WL 372083 (Trial Motion, Memorandum and Affidavit) Plaintiffs' Memorandum in Opposition to the Joint Memorandum of the Attorneys General of Illinois, Kentucky, Wisconsin and Idaho Regarding Plaintiffs' Motion for Class Certification (Jan. 9, 2006) Original Image of this Document (PDF)
• 2006 WL 372082 (Trial Motion, Memorandum and Affidavit) Defendants' Reply Brief in Support of Their Emergency Motion for an Order Holding Plaintiffs in Contempt, for Preservation of Potentially Relevant Documents, and for an Accounting of Spoliated Documents (Jan. 6, 2006) Original Image of this Document (PDF)
• 2006 WL 372091 (Trial Motion, Memorandum and Affidavit) Non-Party Fallon Community Health Plan, Inc.'s Objections to the Subpoena Issued by Dey, Inc. (Jan. 5, 2006) Original Image of this Document (PDF)
• 2005 WL 3534250 (Trial Pleading) Schering-Plough Corporation's Answer to Plaintiffs' Third Amended Master Consolidated Class Action Complaint (Nov. 3, 2005) Original Image of this Document (PDF)
• 2005 WL 3534251 (Trial Pleading) Warrick Pharmaceuticals Corporation's Answer to Plaintiffs' Third Amended Master Consolidated Class Action Complaint (Nov. 3, 2005) Original Image of this Document (PDF)
• 2005 WL 2122060 (Trial Pleading) First Amended Complaint in Intervention for Money Damages and Civil Penalties for Violations of the California False Claims Act (Aug. 24, 2005)
• 2005 WL 4705055 (Trial Deposition and Discovery) Deposition Upon Oral Examination of Marsha Peterson (Apr. 13, 2005) Original Image of this Document (PDF)
• 2005 WL 3979850 () Report of Independent Expert Professor ERNST R. BERNDT (Feb. 9, 2005) Original Image of this Document (PDF)
• 2003 WL 24251803 (Trial Motion, Memorandum and Affidavit) Memorandum in Support of Plaintiffs' Motion for a Protective Order Regarding Subpoenas to Putative Class Members (Dec. 3, 2003) Original Image of this Document (PDF)
• 2003 WL 24251801 (Trial Motion, Memorandum and Affidavit) Consolidated Reply Memorandum in Support of Defendants' Motion to Dismiss the State of Montana's Second Amended Complaint and the State of Nevada's Amended Complaint (Nov. 7, 2003) Original Image of this Document (PDF)
• 2003 WL 24251802 (Trial Motion, Memorandum and Affidavit) Defendants' Supplemental Brief in Support of Opposition to Motion for Remand (Nov. 7, 2003) Original Image of this Document (PDF)

• 2003 WL 24251800 (Trial Motion, Memorandum and Affidavit) Suffolk County's Opposition to the Defendant-Specific Memoranda in Support of Motion to Dismiss (Oct. 30, 2003) Original Image of this Document (PDF)
• 2003 WL 24251875 (Trial Motion, Memorandum and Affidavit) Suffolk's Memorandum of Law in Opposition to Defendants' Consolidated Motion to Dismiss (Oct. 30, 2003) Original Image of this Document (PDF)
• 2003 WL 24251799 (Trial Motion, Memorandum and Affidavit) Plaintiffs' Surreply Brief in Opposition to the Together Rx Defendants' Motion to Dismiss Counts V. VI, VII, VIII and X of the Amended Master Consolidated Class Action Complaint (Oct. 17, 2003) Original Image of this Document (PDF)
• 2003 WL 24251805 (Trial Motion, Memorandum and Affidavit) State of Montana's and State of Nevada's Memorandum in Opposition to Defendant-Specific Memoranda on Motions to Dismiss (Oct. 10, 2003) Original Image of this Document (PDF)
• 2003 WL 24251797 (Trial Motion, Memorandum and Affidavit) The Together Rx Defendants' Reply Brief in Support of Their Motion to Dismiss Counts V, VI, VII, VIII, and X of the Amended Complaint (Sep. 30, 2003) Original Image of this Document (PDF)
• 2003 WL 24251798 (Trial Motion, Memorandum and Affidavit) Plaintiff Robert J. Swanston's Supplemental Memorandum in Support of Motion for Remand (Sep. 30, 2003) Original Image of this Document (PDF)
• 2003 WL 24251795 (Trial Motion, Memorandum and Affidavit) Plaintiffs Rice and Thompsons' Memorandum of Law in Support of Joint Opposition to Motion to Compel Jurisdictional Discovery (Sep. 26, 2003) Original Image of this Document (PDF)
• 2003 WL 24251796 (Trial Motion, Memorandum and Affidavit) Lead Counsel's Reply to Defendant Tap Pharmaceutical Products Inc.'s Motion for Protective Order (Sep. 26, 2003) Original Image of this Document (PDF)
• 2003 WL 24251794 (Trial Motion, Memorandum and Affidavit) Defendants' Memorandum in Opposition to Montana and Nevada's Joint Motion to Compel Discovery and in Support of Case Management Order Coordinating Discovery. (Sep. 15, 2003) Original Image of this Document (PDF)
• 2003 WL 24251793 (Trial Motion, Memorandum and Affidavit) The State of California's and Relator's Supplemental Memorandum of Law in Support of Motion to Remand (Aug. 28, 2003) Original Image of this Document (PDF)
• 2003 WL 24251792 (Trial Motion, Memorandum and Affidavit) The Together Rx Defendants' Brief in

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

--- F.Supp.2d ----
--- F.Supp.2d ----, 2006 WL 3019193 (D.Mass.)
(Cite as: --- F.Supp.2d ----)

Support of Their Motion to Dismiss Counts V, VI, VII, VIII, and X of the Amended Complaint (Aug. 1, 2003) Original Image of this Document (PDF)

• 2003 WL 24251804 (Trial Motion, Memorandum and Affidavit) Individual Memorandum of Fujisawa Healthcare, Inc. and Fujisawa USA, Inc. in Support of The Motion to Dismiss The Amended Master Consolidated Class Action Complaint (Aug. 1, 2003) Original Image of this Document (PDF)

• 2003 WL 24251791 (Trial Motion, Memorandum and Affidavit) Plaintiffs' Memorandum in Support of Motion to Compel Discovery and in Support of Plaintiffs' Proposed CMO No. 7 (Jul. 31, 2003) Original Image of this Document (PDF)

• 2003 WL 24251790 (Trial Motion, Memorandum and Affidavit) Plaintiff Congress of California Senior's Memorandum of Law in Support of Motion to Remand (Jul. 22, 2003) Original Image of this Document (PDF)

• 2003 WL 24251789 (Trial Motion, Memorandum and Affidavit) Memorandum of Law in Support of Plaintiffs' Motion to Remand Actions to California Superior Court (Jul. 18, 2003) Original Image of this Document (PDF)

• 2003 WL 24251788 (Trial Motion, Memorandum and Affidavit) Reply Memorandum in Further Support of Motion for Reconsideration or, in the Alternative, for Certification of an Interlocutory Appeal (Jun. 30, 2003) Original Image of this Document (PDF)

• 2003 WL 24258450 (Trial Motion, Memorandum and Affidavit) Reply Memorandum in Further Support of Motion for Reconsideration or, in the Alternative, for Certification of an Interlocutory Appeal (Jun. 30, 2003) Original Image of this Document (PDF)

• 2003 WL 24251785 (Trial Motion, Memorandum and Affidavit) Memorandum in Support of Motion for Reconsideration, or in the Alternative, for Certification of an Interlocutory Appeal (Jun. 18, 2003) Original Image of this Document (PDF)

• 2003 WL 23675674 (Trial Motion, Memorandum and Affidavit) Plaintiffs' Motion for Leave to Amend the Master Consolidated Class Action Complaint (Jun. 12, 2003)

• 2003 WL 24251784 (Trial Motion, Memorandum and Affidavit) Plaintiffs' Memorandum of Law in Opposition to Motion to Dismiss by Defendant Fujisawa USA, Inc. (Apr. 18, 2003) Original Image of this Document (PDF)

• 2002 WL 32968805 (Trial Motion, Memorandum and Affidavit) Plaintiffs' Memorandum of Law in Opposition to Motion to Strike Paragraphs 155-56 of the Master Complaint and Motion for a More Definite Statement from Certain Paragraphs of the Master Complaint (Dec. 5, 2002) Original Image of this Document (PDF)

• 2002 WL 32968804 (Trial Motion, Memorandum and Affidavit) Abbott Laboratories' Memorandum of Law in Support of Its Motion to Dismiss (Nov. 4, 2002) Original Image of this Document (PDF)


END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| STATE OF HAWAII, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | CV. NO. 06-00437 DAE-BMK |
| | ) | |
| vs. | ) | AMENDED FINDING AND |
| | ) | RECOMMENDATION THAT |
| ABBOTT LABORATORIES, INC.; | ) | PLAINTIFF STATE OF HAWAII'S |
| ALPHARMA USPD, INC.; | ) | MOTION TO REMAND BE |
| APOTHECON, INC.; | ) | GRANTED |
| ASTRAZENECA | ) | |
| PHARMACEUTICALS LP; | ) | |
| ASTRAZENECA LP; AVENTIS | ) | |
| PHARMACEUTICALS, INC.; | ) | |
| AVENTIS BEHRING LLC n/k/a/ | ) | |
| ZLB BEHRING LLC; BARR | ) | |
| LABORATORIES, INC.; BAXTER | ) | |
| HEALTHCARE CORPORATION; | ) | |
| BAYER CORPORATION; BEN | ) | |
| VENUE LABORATORIES, INC.; | ) | |
| BOEHRINGER INGELHEIM | ) | |
| PHARMACEUTICALS, INC.; | ) | |
| BOEHRINGER INGELHEIM | ) | |
| ROXANE, INC. f/k/a ROXANE | ) | |
| LABORATORIES, INC.; BRISTOL- | ) | |
| MYERS SQUIBB CO.; | ) | |
| CENTOCOR, INC.; DEY, INC.; | ) | |
| FOREST PHARMACEUTICALS, | ) | |
| INC.; GLAXOSMITHKLEIN | ) | |
| PHARMACEUTICALS, | ) | |
| HOFFMAN-LAROCHE, INC.; | ) | |
| HOSPRIA, INC.; IVAX | ) | |
| CORPORATION, INC.; IVAX | ) | |
| PHARMACEUTICAL, INC.; | ) | |
| JANSSEN PHARMACEUTICAL | ) | |
| PRODUCTS, LP; JOHNSON & | ) | |

JOHNSON, INC.; MCNEIL-PPC,  )
INC.; MERCK & CO., INC.;  )
MYLAN LABORATORIES, INC.;  )
MYLAN PHARMACEUTICALS,  )
INC.; NOVARTIS  )
PHARMACEUTICALS  )
CORPORATOIN; ORTHO  )
BIOTECH PRODUCTS, LP; PAR  )
PHARMACEUTICAL COS., INC.;  )
PFIZER, INC.; PHARMACIA  )
CORPORATION; ROCHE  )
LABORATORIES, INC.; PUREPAC )
PHARMACEUTICAL CO.;  )
SANDOZ, INC.; SCHERING-  )
PLOUGH CORPORATION; SICOR  )
PHARMACEUTICALS, INC. f/k/a/  )
GENSIA SICOR  )
PHARMACEUTICALS, INC.; TAP  )
PHARMACEUTICAL PRODUCTS,  )
INC.; TEVA  )
PHARMACEUTICALS USA, INC.;  )
WARRICK PHARMACEUTICALS  )
CORPORATION; WATSON  )
PHARMACEUTICALS, INC.;  )
WATSON PHARMA INC., f/k/a  )
SCHEIN PHARMACEUTICALS,  )
INC.; WATSON LABORATORIES,  )
INC.; DOE CORPORATIONS 1-  )
100; DOE ENTITIES 1-100.  )
                                                    )
                    Defendants.          )
_____  )

## FINDING AND RECOMMENDATION THAT PLAINTIFF STATE OF HAWAII'S MOTION FOR REMAND BE GRANTED

Before the Court is Plaintiff State of Hawaii's Motion for Remand. After careful consideration of the Motion, memoranda, and arguments of counsel, the Court hereby FINDS & RECOMMENDS that Plaintiff's Motion be GRANTED.

## BACKGROUND

Plaintiff State of Hawaii (the "State") filed this action in the Circuit Court of the First Circuit of Hawaii, alleging that Defendants "engage[d] in an unlawful scheme to cause Hawaii and its citizens to pay inflated prices for prescription drugs." (Pl.'s Mem. Supp. Mot. 5-6.)  Specifically, the State claims that Defendants published phony "average wholesale prices" ("AWPs") and engaged in other deceptive acts that led to overpayments by both the State Medicaid program and Medicare beneficiaries in Hawaii.  The State alleges that these actions violated the Hawaii False Claims Act, the Hawaii Unfair or Deceptive Practices Act, and constituted common law intentional and/or negligent misrepresentation and unjust enrichment.

The State filed its original Complaint on April 27, 2006. No Defendant was served with the Complaint prior to July 21, 2006. However, on May 25, Defendants Schering-Plough Corporation ("Schering Plough") and its subsidiary Warrick Pharmaceuticals Corporation ("Warrick") served the State with a Notice of Deposition.

Defendants removed this case to federal court on August 10, 2006. On September 12, 2006, a Conditional Transfer Order for this case was filed by the Judicial Panel on Multidistrict Litigation to transfer the case to the District of Massachusetts for consolidated pretrial proceedings with a number of similar cases. (Defs.' Mem. Opp. Mot. Ex. A.)

The State now moves for remand for lack of subject matter jurisdiction and untimely filing of the notice of removal.

## LEGAL STANDARD

District courts of the United States have original subject-matter jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331 (2000). Generally, the plaintiff can only invoke this federal question jurisdiction by pleading a cause of action created by federal law. Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg., 545 U.S.

4

308, 125 S.Ct. 2363, 2366 (2005).

In certain cases, however, federal question jurisdiction exists even absent a federal cause of action. Id. at 2366-67. Federal courts have subject matter jurisdiction over state law claims that "implicate significant federal issues." Id. at 2367. Under Grable, significant federal issues are implicated when the state law claims (1)"necessarily raise a stated federal issue," (2) which are "actually disputed and substantial," (3) and which "a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." Id. In Grable, the meaning of a federal tax provision that implicated the government's ability to satisfy its claims from the property of delinquents constituted a significant federal issue sufficient to create federal jurisdiction. Id. at 2368. A significant federal issue did not exist, however, where a state law tort claim involved an allegation that a drug company had violated a federal branding law. Merrell Dow Pharm., Inc. v. Thomson, 478 U.S. 804 (1986).

When a case involving a federal question is originally filed in state court, the defendants may remove it to federal court. 28 U.S.C. § 1441(b). Removal notices must be filed "within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based . . . ." 28

5

U.S.C. § 1446(b).

Where removal is not proper, the case must be remanded to state court.  See 28 U.S.C. § 1447(c) (2000).  The removal statue is strictly construed in favor of remand and there is a "strong presumption against removal."  Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).  The defendant "always has the burden of establishing that removal is proper."  Id.


## DISCUSSION

The State moves for remand of this case on two grounds: first, that the notice of removal was untimely; second, that the Court lacks subject matter jurisdiction over this case.  Although the State's first argument fails, its second argument prevails.  This case does not implicate federal issues significant enough for this court to exercise subject matter jurisdiction.


## I. TIMELINESS

To be timely, a notice of removal must be filed "within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based . . . ."  28 U.S.C. § 1446(b).  A defendant's right to remove is

6

triggered only by formal process, "not by mere receipt of the complaint unattended by any formal service." Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344, 348 (1999). On its face, Defendants' removal action is timely. The notice of removal was filed on August 10, 2006, less than thirty days after the first Defendant was formally served on July 21.

Nonetheless, the State argues that by serving it with a deposition notice, Schering Plough and Warrick constructively waived service. The State further argues that this waiver of service started the thirty-day removal period for all Defendants, and that therefore the notice of removal was untimely because it was filed more than thirty days after the first Defendant allegedly waived service.

The State's argument fails for two reasons. First, it is not enough for a defendant to constructively waive service. Under Murphy Bros., a defendant must "agree[] to waive service" in order to start the thirty day removal period. 526 U.S. at 348. There was no such agreement to waive service here.

Second, even if one of the Defendants had agreed to waive service, the thirty day removal period would not have commenced. The only United States Court of Appeals to explicitly address the issue since Murphy Bros. held that under Murphy Bros., the thirty day removal period only begins after the last defendant is served. See Marano Enter. of Kansas v. Z-Teca Rests., 254 F.3d 753, 757 (8th Cir.

2001). The last-served rule has similarly been followed by Ninth Circuit district courts since Murphy Bros.. See, e.g., Tomlinson Black North Idaho v. Kirk-Hughes, 2006 WL 1663591 (D. Idaho June 8, 2006). Because the last Defendant had not even been formally served by August 10, Defendants' notice of removal was timely filed under § 1446(b).

## II. FEDERAL QUESTION JURISDICTION

The State also moves for remand on the grounds that the Court lacks subject matter jurisdiction over this case. Here, the State prevails.

Defendants seek to remove this case based on the narrow, but long-standing exception that certain cases implicate federal issues significant enough for federal courts to exercise jurisdiction over them although no federal claims or causes of action are stated. Defendants argue that Hawaii's claim to recover Medicare Part B co-payments on behalf of Hawaii Medicare Part B beneficiaries is just such a case, and that "it requires the resolution of issues of federal law under the Medicare statutes and regulations." (Notice of Removal 7.) In particular, Defendants argue that "[t]he meaning of AWP under the Medicare statute is in dispute and will determine whether the State can succeed on its theory of the case." (Defs.' Mem. Opp. 14.)

8

Whether the meaning of AWP under the Medicare statute actually does implicates a significant federal issue is governed by <u>Merrell Dow</u> and the three-part test of <u>Grable</u>. Here, it is not disputed that the state law claims meet the threshold requirement of "necessarily rais[ing] a stated federal issue," <u>Grable</u> 125 S.Ct. 2368. What Defendants bear the burden of showing here is (1) that the meaning of AWP in the Medicare statute is "actually disputed and substantial," <u>id.</u>, and (2) that this is the type of case that "a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities," <u>id.</u> Any doubts will be resolved in favor of remand. <u>Gaus</u>, 980 F.2d at 566.

## A. "Actually Disputed and Substantial"

Defendants are unable to meet their burden of showing that the meaning of the Medicare provisions at issue are either actually disputed or substantial enough to create federal jurisdiction. First, and most importantly, Defendants fail to show that determining the meaning of AWP is "substantial" under <u>Grable</u> and <u>Merrell Dow</u>. Defendants argue that because Medicare is "an entirely federal program," the federal courts "have a special responsibility to entertain claims on behalf of Medicare beneficiaries." (Defs.' Mem. Opp. Mot. 17-

18.) Additionally, they argue, "inconsistent determinations of what AWP was understood to mean under the Medicare statute in these various cases could create collateral confusion and inconsistencies in the administration of federally supported Medicaid programs." (Defs. Mem. Opp. Mot. 18-19.)

Defendants' position receives some support from Judge Saris' recent ruling in State of Arizona v. Abbot Laboratories, Inc., MDL No. 1456, Civ. No. 01-12257-PBS (D. Mass. Oct. 24, 2006). In State of Arizona, Judge Saris concluded that the meaning of AWP is substantial because (1) "[t]he government has a strong national interest in prohibiting fraud upon medicare beneficiaries because fraudulent acts threaten Medicare's integrity"; (2) how AWP is interpreted will greatly effect the Medicare litigants in Arizona and also in other states; and, (3) determining the meaning of AWP "directly impacts the viability and effectiveness of the federal Medicare program." MDL No. 1456, Civ. No. 01-12257-PBS, Slip Opinion at 8-9.

The State, however, contends that it cannot be the case that mere construction of a federal statute, by itself, is sufficient to create federal jurisdiction. If it were, the State argues, "then any time the interpretation of a federal statute arises in the context of a state law claim, federal jurisdiction would exist." (Pl.'s Reply 5.) Moreover, the State argues, the issue is not substantial because AWP is

no longer the standard for reimbursement under Medicare.

The State prevails, Judge Saris' recent ruling notwithstanding. Just like the claims in <u>Merrell Dow</u>, these are state law tort claims that rest in part on a federal standard. This is a far different set of facts than in <u>Grable</u>, where the ability of the Internal Revenue Service to enforce the tax code through tax liens was at issue. Here, the resolution of the meaning of AWP will have little effect on the future viability of the Medicare program since the AWP standard has been abandoned. While it may well be the case that the meaning of AWP is a substantial issue for the parties, it is no longer a substantial issue for the federal government.

Moreover, while Congress's failure to create exclusive federal jurisdiction for cases involving improper notice in tax foreclosure actions might well be attributed to oversight, the same cannot be said for the failure to create exclusive federal jurisdiction for violations of the Medicare statute. In other words, if Congress had thought that AWP and other Medicare provisions implicated a substantial federal interest, it could have ensured that only federal courts would hear such cases. It did not.

Second, in addition to failing to show that the meaning of "AWP" is "substantial," Defendants also fail to show that the meaning of AWP is "actually

11

disputed." Defendants argue that the meaning of AWP is disputed because "there is evidence that Congress understood that AWPs did not represent the actual cost providers paid for the drugs . . . ." (Defs.' Mem. Opp. 15.) However, they neither produce evidence to this effect, nor do they even articulate a possible alternative meaning for "average wholesale price." While the meaning of AWP may be nominally disputed by Defendants, they have not shown that it is actually disputed.

This is the same conclusion reached, albeit for slightly different reasons, in Commonwealth of Pennsylvania v. Tap Pharmaceutical Products, Inc., 2005 U.S. Dist. LEXIS 19967 (E.D. Penn. 2005) (holding that "[t]he term 'average wholesale price' is not 'actually disputed' because the Commonwealth does not premise its claim on the construction of these words as they appear in the applicable Medicare statute and regulations) and Texas v. Abbot Laboratories., Inc. 2005 U.S. dist. LEXIS 42434 (W.D. Tex. 2005) (holding that "[i]t is clear that Plaintiffs do not premise their claims on the definition of the term 'Medicare AWP' . . . [and so] no court need ascribe any meaning to the term for either party to prevail). Defendants fail to meet their burden of showing that the State's claim involves issues that are actually disputed or substantial enough for federal jurisdiction to exist, and so the case must be remanded.

12

## B. Disturbing the Balance

Additionally, it may well be the case that taking cases such as this would "disturb the congressionally approved balance of federal and state judicial responsibilities," Grable 125 S.Ct. 2368. Unlike in Grable, where very few foreclosure cases were likely to implicate a federal interest, here, as in Merrell Dow, a substantial number of state tort cases are likely to implicate a federal statute. This might disturb the congressionally approved balance and lead to the clogging of the federal courts.

In fact, several courts addressing this precise issue have determined just that. See Wisconsin v. Abbott Laboratories, 390 F.Supp.2d 815 (W.D. Wis. 2005); Minnesota v. Pharmacia Corp., 2005 U.S. Dist. LEXIS 27638 (D. Minn. 2005). At least two courts, however, have found to the contrary. In one instance, the decision was distinguished from Wisconsin (and from Merrell Dow) on the grounds that a federal contract was involved. See Santa Clara v. Astra, USA, Inc., 401 F.Supp.2d 1022, 1030 (N.D. Cal. 2005) ("The instant case is also distinct: it involves a federal contract whereas none was at issue in Wisconsin. The instant case therefore has a higher quotient of federal interest. . . . [because this is] the type of task that already falls to federal courts.") Here, as in Wisconsin and Minnesota, no federal contract is at issue.

13

The other case to the contrary is <u>State of Arizona</u>, MDL No. 1456, Civ. No. 01-12257-PBS, Slip Opinion at 9-11. There, Judge Saris found that "granting federal jurisdiction in the case does not open the door to a horde [of cases]: the horde has already stormed the door." <u>Id.</u> While it may be that this particular horde has already stormed the door, the inquiry should rather focus on how many other hordes are gathered in wait on the horizon. Allowing federal jurisdiction here, where only a federal standard is implicated, would likely lead to many other cases in unrelated matters being regularly removed to federal court. Adjudication of this type of case could well disturb the congressionally approved balance between federal courts and state courts, providing an additional grounds for remand.

CONCLUSION

For the foregoing reasons, the Court FINDS and RECOMMENDS

that Plaintiff's Motion for Remand be GRANTED.

DATE: Honolulu, Hawaii, October 27, 2007



/s/ Barry M. Kurren
Barry M. Kurren
United States Magistrate Judge

State of Hawaii v. Abbot Labs., Inc.; AMENDED FINDING AND RECOMMENDATION
THAT PLAINTIFF'S MOTION FOR REMAND BE GRANTED; CV No. 06-00437 DAE-
BMK.

08/28/02 FRI 11:26 FAX 406 587 5144        GOETZ LAW FIRM                            ☑002



FILED
MISSOULA, MT

2002 JUN 21 PM 5: 02

PATRICK E. DUFFY CLERK
BY_____
         DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

HELENA DIVISION

THE STATE OF MONTANA, ex rel. )        CV 02-09-H-DWM
MIKE McGRATH, Attorney         )
General,                       )
                               )
         Plaintiff,            )
                               )
         -vs-                  )        ORDER
                               )
ABBOTT LABORATORIES, INC;      )
AMERICAN HOME PRODUCTS         )
CORPORATION; AMGEN INC.;       )
ASTRAZENECA; AVENTIS PHARMA;   )
CHIRON; BAXTER PHARMACEUTICAL  )
PRODUCTS, INC.; BRISTO-MYERS   )
SQUIBB COMPANY; DEY; INC.;     )
SMITHKLINE BEECHAM CORPORATION )
d/b/a GLAXOSMITHKLINE          )
CORPORATION; PHARMACIA         )
CORPORATION; HOECHST MARION    )
ROUSSEL, INC.; IMMUNEX         )
CORPORATION; ELI LILLY AND     )
COMPANY; SCHERING-PLOUGH       )
CORP.; PHARMACIA & UPJOHN      )
COMPANY; SMITHKLINE BEECHAM    )
CORPORATION; WARRICK           )
PHARMACEUTICALS CORPORATION;   )
AND DOES 1-100; DOES 101-125;  )
DOES 126-150; DOES 151-200,    )
                               )
         Defendants.           )

This action was originally filed in the Montana First

Judicial District in Lewis and Clark County, Montana.  Defendants

1

08/28/02 FRI 11:28 FAX 406 587 5144        GOETZ LAW FIRM                    ☒003

removed it to federal court, from which it was conditionally
transferred by the Judicial Panel on Multidistrict Litigation
("Panel") to the District of Massachusetts pursuant to the
Panel's order governing transfer of all cases involving claims
that pharmaceutical corporations inflated the average wholesale
price of Medicare covered prescription drugs. In re Immunex
Corporation Average Wholesale Price Litigation, ___ F. Supp. ___,
2002 W.L. 857692 (Jud. Pan. Mult. Lit. 2002).

     Plaintiff has filed a motion to remand the action to state
court.  Defendants Smithkline Beecham Corporation d/b/a
Glaxosmithkline, Pharmacia Corporation and Pharmacia & Upjohn
Company ask the Court to stay consideration of the motion to
remand pending a decision in the MDL proceedings.  The other
Defendants join in the motion.

     A pending transfer order does not limit the Court's
authority to rule on the motion to remand. McCrary v. Bayer
Corporation, 2002 WL 1308588 (E.D.La. 2002).  Whether to grant a
stay is within the Court's discretion.  Id.  In deciding whether
to rule, district courts should take into account whether the
motion to remand involves issues unique to the action or whether
it raises issues likely to arise in other actions in the
transferee district should transfer be ordered.

     In addition to judicial efficiency, a key purpose of
consolidating cases before the Panel is to promote consistent

                                2

06/28/02  FRI 11:27 FAX 408 887 3144        GOETZ LAW FIRM                            ☒004

rulings on pretrial matters.  In this case, the benefit of
judicial economy and consistency among pretrial rulings outweighs
any prejudice plaintiff may suffer as a result of a stay.
Therefore, a stay pending the Panel's final decision on transfer
is the best course of action.

Accordingly, IT IS HEREBY ORDERED Defendants' Motions to
Stay (dkt.#57, dkt #64) are GRANTED.

IT IS FURTHER ORDERED that consideration of Plaintiffs'
Motion to Remand (dkt # 45) is STAYED pending the Panel's final
ruling on transfer.

DATED this _____ day of June, 2002.

_____
Donald W. Molloy, Chief Judge
United States District Court

3

07/30/2002 08:21 FAX 212 450 5868    DPW 30-51
Jul-26-02 02:18pm  From-LAXALT & NOMURA,LTD.                   +7753224788          T-252  P.03/07  F-226  ⓔ001

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA
RENO, NEVADA

THE STATE OF NEVADA,

        Plaintiff,                    CV-N-02-202-ECR (RAM)

vs.                                       MINUTES OF COURT

AMERICAN HOME PRODUCTS CORPORATION,       Date:  July 23, 2002
et al.,

        Defendants.

THE STATE OF NEVADA,

        Plaintiff,                    CV-N-02-80-ECR (RAM)

vs.

ABBOTT LABORATORIES, INC., et al.,

        Defendants.

PRESENT: EDWARD C. REED, JR., SENIOR U. S. DISTRICT JUDGE

Deputy Clerk: Colleen Larsen;   Reporter:  Cathy Worken

Counsel for Plaintiffs:  Steve Berman; Sean Matt; David Wasick
L. Timothy Terry

    Counsel for Defendants:  Steve Hudspeth; J. Thomas Susich;
Robert Hubbell; Matthew Larrabee; J. Jorgensen; Joseph Young;
Clark Vellis; Kimberley Harris; Bruce Laxalt; Ellen Winograd; D.
Scott Wise; Paul Schleifman; Alice Campos-Mercado; Rew Goodenow;
Bruce Beasley; David Burman; Patrick Byrne; Marshall Smith;
Ron Castle; Vonn Jenkins; Leigh Goddard; Patricia Halstead;
Kimberly Dunne; Gavin Jangard; Patrick Byrne; Chris Jorgensen
Rick Hsu; Carla Wada;

MINUTES OF HEARING MOTION FOR TEMPORARY STAY (#25), MOTION TO
REMAND (#30) (in CV-N-02-202-ECR), and MOTION FOR REMAND (#19),
MOTION TO STAY (#74), (in CV-N-02-80-ECR):

At 10:16 A. M. Court convenes; counsel Matthew Rossi is present via
telephone conference.

07/30/2002 08:23 FAX 212 450 5988    DPW 30-51    @002
Jul-29-02 03:15pm    From-LAXALT & NOMURA, LTD.    +7753224783    T-283  P.07/07  F-226

CV-N-02-202-ECR
CV-N-02-90-ECR
Page Two

Argument is presented by plaintiffs' counsel Berman in support of the motions to remand (#30 & 19), and motions to stay (#25 & 74).

At 11:15 A. M. Court recesses.

At 11:35 A. M. Court reconvenes.

Responsive argument is presented by defense counsel Larrabee.

At 12:12 P. M. Court recesses.

At 1:37 P. M. Court reconvenes; Matthew Rossi is present via telephone conference.

IT IS ORDERED that the motion to supplement the record, filed July 18, 2002, by defendant Astrazeneca, is GRANTED.

Continued responsive arguments by defense counsel Larrabee, Wise, and Hudspeth; reply by plaintiffs' counsel Berman.

At 3:00 P. M. Court recesses.

At 3:22 P. M. Court reconvenes.

Reply presented by plaintiffs' counsel Matt.

Further comments by counsel Larrabee, and Hudspeth.

At 3:43 P. M. Matter stands submitted; the Court will announce its decision from the Bench on Friday, July 26, 2002, at 1:30 P. M.


LANCE S. WILSON, CLERK
By_____
                      Deputy

07/30/2002 08:22 FAX 212 450 5988        DPW 30-53
Jul-26-02 04:12pm  From-LATALY & NOARR,LTD.         +7753224783        T-282  P.02  F-227  Ⓜ003

```
  1                    UNITED STATES DISTRICT COURT

  2                         DISTRICT OF NEVADA

  3           BEFORE THE HONORABLE EDWARD C. REED, JR., DISTRICT JUDGE

  4                             --oOo--

  5

  6     STATE OF NEVADA,                )
                                         )
  7                                      )
                      PLAINTIFF,         )   NO. CV-N-02-202-ECR(RAM)
  8                                      )
                                         )   JULY 26, 2002
  9              -VS-                    )
                                         )   RENO, NEVADA
 10     AMERICAN HOME PRODUCTS, INC.,    )
        ET AL.,                          )
 11                                      )
                                         )
 12                   DEFENDANTS.        )
        _____)
 13     STATE OF NEVADA,                 )
                                         )
 14                                      )
                      PLAINTIFF,         )   NO. CV-N-02-80-ECR(RAM)
 15              -VS-                    )
                                         )
 16     ABBOTT LABORATORIES, INC.,       )
        ET AL.,                          )
 17                                      )
                                         )
 18                   DEFENDANTS.        )
        _____)
 19                       DECISION OF THE COURT

 20
        APPEARANCES:
 21
        FOR THE PLAINTIFF:
 22                                  L. TIMOTHY TERRY, ESQUIRE
                                     DAVID WASICK, ESQUIRE
 23     BY TELEPHONE:                SEAN MATT, ESQUIRE

 24     FOR THE DEFENDANTS:
        IMMUNEX CORPORATION         BRUCE BEESLEY, ESQUIRE
 25
```

               CATHY K. WORKEN, OFFICIAL REPORTER, (775) 324-6777

07/30/2002 06:22 FAX 212 450 5986        DPW 30-51                                    ☐006
Jul-26-07  04:12pm   From-LATALT & HEMARA,LTD.            +7753324788        T-225  P.05  F-225

|    |    |    |
|----|----|----|
| 1  | DEY, INC. | J. THOMAS SUSICH, ESQUIRE |
| 2  | ASTRAZENECA | ELLEN WINOGRAD, ESQUIRE |
| 3  | BY TELEPHONE: | |
|    | FOR THE DEFENDANTS: | |
| 4  | | |
|    | GLAXOSMITHKLINE | ROBERT HUBBELL, ESQUIRE |
| 5  | | MATTHEW LARRABEE, ESQUIRE |
| 6  | ASTRAZENECA | KIM HARRIS, ESQUIRE |
|    | | ERIC GAILL, ESQUIRE |
| 7  | | |
|    | BAXTER | MATTHEW ROSSI, ESQUIRE |
| 8  | | |
|    | CHIRON CORPORATION | RONALD L. CASTLE, ESQUIRE |
| 9  | | |
|    | SCHERING-PLOUGH | DAVID POTTER, ESQUIRE |
| 10 | | |
|    | BRISTOL-MYERS SQUIB | LYNDON TRETTER, ESQUIRE |
| 11 | | LEE GODDARD, ESQUIRE |
| 12 | ELI LILLY COMPANY | WILLIAM DAVIS, ESQUIRE |
| 13 | BAYER CORPORATION | KIMBERLY DUNN, ESQUIRE |
| 14 | ABBOTT LABORATORIES | CHRISTOPHER COOK, ESQUIRE |
|    | | BOB JENKINS, ESQUIRE |
| 15 | | |
| 16 | TAP PHARMACEUTICALS | LEE ANN RUSSO, ESQUIRE |
| 17 | DEY, INC. | LISA LEWIS, ESQUIRE |
|    | AMERICAN HOME PRODUCTS | CRAIG HOLDEN, ESQUIRE |
| 18 | | DAVID FRANCIS, ESQUIRE |
| 19 | AMGEN | JOSEPH YOUNG, ESQUIRE |
| 20 | | |
| 21 | | |
| 22 | REPORTED BY: | CATHY M. WORKEN, CCR, RPR |
| 23 | | OFFICIAL COURT REPORTER |
|    | | 400 SOUTH VIRGINIA STREET |
| 24 | | RENO, NEVADA 89501 |
|    | | (775) 326-6777 |
| 25 | | COMPUTER-ASSISTED TRANSCRIPTION |

CATHY M. WORKEN, OFFICIAL REPORTER, (775) 324-6777

# EXHIBIT 4

07/30/2002 08:21 FAX 212 450 5988    DPW 30-31
Jul-25-02 03:18am    From-LAXALT & NOMURA,LTD.    +7762824722    T-283 P.08/47 F-228    ☑001

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA
RENO, NEVADA

THE STATE OF NEVADA,

                    Plaintiff,                    CV-N-02-202-ECR (RAM)

vs.                                               MINUTES OF COURT

AMERICAN HOME PRODUCTS CORPORATION,               Date: July 23, 2002
et al.,

                    Defendants.

THE STATE OF NEVADA,

                    Plaintiff,                    CV-N-02-80-ECR (RAM)

vs.

ABBOTT LABORATORIES, INC., et al.,

                    Defendants.

FILED
2002 JUL 24 AM 9:45
LARGES, NEV...
CLERK...

PRESENT: EDWARD C. REED, JR., SENIOR U. S. DISTRICT JUDGE;

Deputy Clerk:  Colleen Larsen;  Reporter:  Cathy Worken

Counsel for Plaintiffs:  Steve Berman; Sean Matt; David Wasick
                         L. Timothy Terry

    Counsel for Defendants:  Steve Rudspath; J. Thomas Susich;
Robert Hubbell; Matthew Larrabee; J. Jorgensen; Joseph Young;
Clark Vellis; Kimberley Harris; Bruce Laxalt; Ellen Winograd; D.
Scott Wise; Paul Schleifman; Alice Campos-Mercado; Rew Goodenow;
Bruce Beasley; David Durman; Patrick Byrne; Marshall Smith;
Ron Castle; Vonn Jenkins; Leigh Goddard; Patricia Halstead;
Kimberly Dunne; Gavin Jangard; Patrick Byrne; Chris Jorgensen
                    Rick Hsu; Carla Wada;

MINUTES OF HEARING MOTION FOR TEMPORARY STAY (#25), MOTION TO
REMAND (#30) (in CV-N-02-202-ECR), and MOTION FOR REMAND (#19),
MOTION TO STAY (#74), (in CV-N-02-80-ECR):

At 10:16 A. M. Court convenes; counsel Matthew Rossi is present via
telephone conference.

07/30/2002 08:22 FAX 212 450 5938    DPW 30-51    @002
Jul-29-02 03:16pm  From-LARABT & NOMURA,LTD.    +7783224783    T-282  P.07/05  F-228

CV-N-02-202-ECR
CV-N-02-90-ECR
Page Two

Argument is presented by plaintiffs' counsel Berman in support of
the motions to remand (#30 & 19), and motions to stay (#25 & 74).

At 11:15 A. M. Court recesses.

At 11:35 A. M. Court reconvenes.

Responsive argument is presented by defense counsel Larrabee.

At 12:12 P. M. Court recesses.

At 1:37 P. M. Court reconvenes; Matthew Rossi is present via
telephone conference.

IT IS ORDERED that the motion to supplement the record, filed
July 15, 2002, by defendant Astrazeneca, is GRANTED.

Continued responsive arguments by defense counsel Larrabee, Wise,
and Hudspeth; reply by plaintiffs' counsel Berman.

At 3:00 P. M. Court recesses.

At 3:22 P. M. Court reconvenes.

Reply presented by plaintiffs' counsel Matt.

Further comments by counsel Larrabee, and Hudspeth.

At 3:43 P. M. Matter stands submitted; the Court will announce its
decision from the Bench on Friday, July 26, 2002, at 1:30 P. M.

LANCE S. WILSON, CLERK
By:
                          Deputy

07/30/2002 08:22 FAX 212 450 5956          DPW 30-51
Jul-26-02 04:12am  From-LANAX & NOMRA,LTD.                    +7752224783          T-252  P.02  F-227    @003

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

BEFORE THE HONORABLE EDWARD C. REED, JR., DISTRICT JUDGE

--oOo--

| | | |
|---|---|---|
| STATE OF NEVADA, | ) | |
| | ) | NO. CV-N-02-202-ECR(RAM) |
| PLAINTIFF, | ) | |
| | ) | JULY 26, 2002 |
| -VS- | ) | |
| | ) | RENO, NEVADA |
| AMERICAN HOME PRODUCTS, INC., | ) | |
| ET AL., | ) | |
| | ) | |
| DEFENDANTS. | ) | |

| | | |
|---|---|---|
| STATE OF NEVADA, | ) | |
| | ) | NO. CV-N-02-80-ECR(RAM) |
| PLAINTIFF, | ) | |
| | ) | |
| -VS- | ) | |
| | ) | |
| ABBOTT LABORATORIES, INC., | ) | |
| ET AL., | ) | |
| | ) | |
| DEFENDANTS. | ) | |

DECISION OF THE COURT

APPEARANCES:

FOR THE PLAINTIFF:              L. TIMOTHY TERRY, ESQUIRE
                               DAVID KASICK, ESQUIRE
BY TELEPHONE:                  SEAN MATT, ESQUIRE

FOR THE DEFENDANTS:
IMMUNEX CORPORATION            BRUCE BEESLEY, ESQUIRE

CATHY K. WORKEN, OFFICIAL REPORTER, (775) 324-6777

07/30/2002 06:22 FAX 212 450 5985          DPW 30-51          @006
Jul-25-02 04:12pm  From-LAXALT & NOMURA,LTD.          +7733124788          T-826  P.05  F-237

| 1 | DEY, INC. | J. THOMAS SUSICH, ESQUIRE |
|---|---|---|
| 2 | ASTRAZENECA | ELLEN WINOGRAD, ESQUIRE |
| 3 | BY TELEPHONE:<br>FOR THE DEFENDANTS: | |
| 4 | | |
| 5 | GLAXOSMITHKLINE | ROBERT HUBBELL, ESQUIRE<br>MATTHEW LARRABEE, ESQUIRE |
| 6 | ASTRAZENECA | KIM HARRIS, ESQUIRE<br>ERIC GAILL. ESQUIRE |
| 7 | | |
| 8 | BAXTER | MATTHEW ROSSI, ESQUIRE |
| 9 | CHIRON CORPORATION | RONALD L. CASTLE, ESQUIRE |
| 10 | SCHERING-PLOUGH | DAVID POTTER, ESQUIRE |
| 11 | BRISTOL-MYERS SQUIB | LYNDON TRETTER, ESQUIRE<br>LEE GODDARD, ESQUIRE |
| 12 | ELI LILLY COMPANY | WILLIAM DAVIS, ESQUIRE |
| 13 | BAYER CORPORATION | KIMBERLY DUNN, ESQUIRE |
| 14 | ABBOTT LABORATORIES | CHRISTOPHER COOK, ESQUIRE<br>BOB JENKINS, ESQUIRE |
| 15 | | |
| 16 | TAP PHARMACEUTICALS | LEE ANN RUSSO, ESQUIRE |
| 17 | DEY, INC. | LISA LEWIS, ESQUIRE |
| 18 | AMERICAN HOME PRODUCTS | CRAIG HOLDEN, ESQUIRE<br>DAVID FRANCIS, ESQUIRE |
| 19 | AMGEN | JOSEPH YOUNG, ESQUIRE |
| 20 | | |
| 21 | | |
| 22 | REPORTED BY: | CATHY M. WORKEN, CCR, RPR |
| 23 | | OFFICIAL COURT REPORTER<br>400 SOUTH VIRGINIA STREET |
| 24 | | RENO, NEVADA 89501<br>(775) 324-6777 |
| 25 | | COMPUTER-ASSISTED TRANSCRIPTION |

CATHY M. WORKEN, OFFICIAL REPORTER, (775) 324-6777

07/30/2002 06:22 FAX 212 450 5006        DPW 30-51
JUL-28-02  04:13PM  From-AXALT & NOMURA,LTD.                +7753224783        T-236  P.04        F-227        @ 005

1          RENO, NEVADA, FRIDAY, JULY 26, 2002, 1:30 P.M.

2                              ---oOo---

3                  THE COURT:  MS. CLERK, DO YOU HAVE SOME OF

4     THE ATTORNEYS ON THE TELEPHONE?

5                  THE CLERK:  YES, YOUR HONOR.

6          THERE ARE SEVERAL ATTORNEYS ON THE TELEPHONE, I

7     WOULD ASK COUNSEL ON THE TELEPHONE PLEASE STATE YOUR

8     APPEARANCES.

9                  MR. MATT:  SEAN MATT, LAW FIRM OF HAGENS

10    BERMAN, SEATTLE, SPECIAL COUNSEL TO THE STATE OF NEVADA.

11    GOOD AFTERNOON, YOUR HONOR.

12                 MR. HUBBELL:  THIS IS ROBERT HUBBELL, HELLER,

13    EHRMAN, WHITE & McAULIFFE, FOR GLAXOSMITHKLINE.

14                 MS. HARRIS:  THIS IS KIM HARRIS FROM DAVIS,

15    POLK & WARDELL FOR ASTRAZENECA PHARMACEUTICALS.

16                 MR. ROSSI:  THIS IT MATT ROSSI FROM AKIN,

17    GUMP, STRAUSS, HAUER & FELD, FOR DEFENDANT BAXTER.

18                 MR. CASTLE:  RONALD L. CASTLE, ARENT, FOX,

19    KINTNER, PLOTKIN & KAHN, FOR CHIRON CORPORATION.

20                 MR. POTTER:  THIS IS DAVID POTTER, ROPES AND

21    GRAVES FOR SCHERING-PLOUGH.

22                 MR. TRETTER:  LYNDON TRETTER OF HOGAN &

23    HARTSON FOR BRISTOL-MYERS SQUIBB.

24                 MR. DAVIS:  WILLIAM DAVIS FOR ELI LILLY &

25    COMPANY.

07/30/2002 06:22 FAX 212 450 5988        DPW 30-51
Jul-25-02 04:13am  From-LAXALT & NOMURA,LTD.        +7752234783        T-268  P.56/20  F-227        ⊠006

1            MS. DUNN:  KIMBERLY DUNN OF REALTA (PHON),

2    BROWN & WOOD FOR BAYER CORPORATION.

3            MS. GODDARD:  LEE GODDARD FROM McDONALD

4    CARANO ALSO FOR BRISTOL-MYERS SQUIBB.

5            MR. COOK:  CHRISTOPHER COOK FROM JONES DAY

6    FOR ABBOTT LABORATORIES.

7            MS. RUSSO:  LEE ANN RUSSO FROM JONES DAY FOR

8    TAP PHARMACEUTICALS PRODUCTS, INC.

9            MS. LEWIS:  LISA LEWIS FROM COUDERT BROTHERS

10   FOR DEY, INC.

11           MR. HOLDEN:  CRAIG HOLDEN FROM OBERT TAYLOR

12   FOR AMERICAN HOME PRODUCTS.

13           MR. FRANCIS:  DAVID FRANCIS, LAS VEGAS

14   COUNSEL FOR AMERICAN HOME PRODUCTS.

15           MR. GAILL:  ERIC GAILL FROM DAVIS POLK ALSO

16   FOR ASTRAZENECA.

17           MR. YOUNG:  JOSEPH YOUNG, HOGAN & HARTSON FOR

18   AMGEN.

19           MR. LARRABEE:  GOOD AFTERNOON, YOUR HONOR,

20   MATTHEW LARRABEE FROM KELLER EHRMAN FOR GLAXOSMITHCLINE.

21           MR. JENKINS:  BOB JENKINS FROM BURTON,

22   BARTLETT & GLOGOVAC FOR ABBOTT LABORATORIES AND TAFT

23   HOLDINGS, INC.

24           THE COURT:  IS THAT THE FULL ROLL CALL,

25   MS. CLERK?

CATHY M. WORKEN, OFFICIAL REPORTER, (775) 326-6777

07/30/2002 08:23 FAX 212 430 5988          DPW 30-51                                    ☑007
Jul-25-02  04:13pm  From-LAXALT & NOMURA,LTD.               +7782224782      T-266  P.08/25  F-227

                                                                                    5

 1                    THE CLERK:  THAT SOUNDS LIKE THAT'S IT, YOUR

 2   HONOR.

 3                    THE COURT:  I'M ASSUMING THAT ALL OF YOU CAN

 4   HEAR ME.

 5                    THE COURT AT THIS TIME IS PREPARED TO ANNOUNCE ITS

 6   DECISION.

 7                    I DIDN'T TAKE THE ROLL OF THE MANY ATTORNEYS WHO

 8   ARE IN THE COURTROOM, I INDICATED PREVIOUSLY IT DIDN'T MAKE

 9   ANY DIFFERENCE WHETHER YOU WERE HERE OR NOT OR WERE HERE BY

10   TELEPHONE, THAT'S NOT GOING TO AFFECT THE DECISION IN ANY

11   WAY, AND THERE ARE ATTORNEYS ON BOTH SIDES HERE PRESENT IN

12   THE COURTROOM.

13                    WE ARE AT THIS TIME PREPARED TO ANNOUNCE OUR

14   DECISION ON THE PENDING MOTIONS NOW BEFORE THE COURT.

15                    THESE CASES INVOLVE THE STATE OF NEVADA VERSUS

16   ABBOTT LABORATORIES AND NUMEROUS OTHER DEFENDANTS, THAT'S

17   CASE NUMBER CV-N-02-0080.

18                    I WILL BE REFERRING TO THAT CASE AS THE ABBOTT

19   CASE.

20                    THE SECOND CASE INVOLVES STATE OF NEVADA VERSUS

21   AMERICAN HOME PRODUCTS AND NUMEROUS OTHER DEFENDANTS, AND

22   THAT CASE IS NUMBER 02 -- THAT'S CV-N-02--202.

23                    I'LL BE REFERRING TO THAT CASE AS THE AMERICAN HOME

24   CASE.

25                    ARGUMENTS WERE PRESENTED TO THIS COURT ON JULY 25 IN

              CATHY M. WORKEN, OFFICIAL REPORTER, (775) 324-6777

07/30/2002 06:23 FAX 212 450 5955        DPW 30-51
Jul-29-02 04:13pm  From-LAXULT & KOMARA,LTE.           +7725224799        T-288  P.97/20  F-427

6

1   RESPECT TO THESE MOTIONS.

2        THE MOTIONS ARE IN THE ABBOTT CASE DOCKET NUMBER 88

3   TO RECONSIDER OUR PREVIOUSLY ENTERED STAY ORDER, DOCKET

4   NUMBER 79.

5        WE ALSO HEARD ARGUMENTS IN THE ABBOTT CASE ON THE

6   MOTION TO REMAND, WHICH IS DOCKET NUMBER 19.

7        IN THE AMERICAN HOME CASE WE HEARD ARGUMENTS ON

8   MOTION TO STAY, DOCKET NUMBER 25, AND A MOTION TO REMAND,

9   DOCKET NUMBER 30. ALL.

10       MOTIONS IN BOTH CASES WERE FULLY BRIEFED AND THE

11  COURT CONSIDERED ALL THE PAPERS ON FILE, AS WELL AS THE ORAL

12  ARGUMENTS.

13       THE ORAL ARGUMENTS, AS I COMMENTED AT THE END OF

14  THE ARGUMENTS WERE OUTSTANDING.  IT ISN'T EVERYDAY IN THIS

15  COURT THAT WE HEAR WELL PREPARED, WELL PRESENTED ARGUMENT

16  SUCH AS WE HEARD ON JULY 23RD.  IT'S A TREAT FOR THE COURT TO

17  HAVE THE FINE LAWYERS WHO ARE IN THIS CASE ON BOTH SIDES.

18       THE ARGUMENTS WERE VERY USEFUL, THEY HELPED US TO

19  UNDERSTAND SOME THINGS THAT WE'RE NOT QUITE SO FAMILIAR WITH,

20  PARTICULARLY WHERE AN MDL STAY MAY BE APPROPRIATE, AND THE

21  MEDICARE AND MEDICAID PROGRAMS.

22       WE FREQUENTLY BUMP INTO MDL, BUT I THINK THIS CASE

23  HAS TAUGHT US QUITE A BIT ABOUT MDL THAT WE DID NOT .

24  UNDERSTAND BEFORE.

25       THESE CASES PRESENT A DIFFICULT DILEMMA WHICH

CATHY M. WORKEN, OFFICIAL REPORTER, (775) 324-5777

07/30/2002 08:23 FAX 212 450 5955          DPW 30-51                              ☐ 008
Jul-29-02 04:14pm  From-KAKALT & MAKRA,LTD.      477672247B3      T-855 P.09/28  F-227

                                                                              ?

1    REQUIRES US TO BALANCE TWO COMPETING ASPECTS OF THE FEDERAL

2    COURT SYSTEM.

3           ON THE ONE HAND WE ARE CALLED TO EXAMINE OUR

4    JURISDICTION OVER THIS CASE.  THIS IS AN INQUIRY THAT HAS

5    BEEN REFERRED TO AS A FIRST AND FUNDAMENTAL QUESTION FOR A

6    COURT, CITING STEEL COMPANY VERSUS CITIZENS FOR A BETTER

7    ENVIRONMENT, 523 U.S. 83, AT 94, AND AT 101-2, 1998.

8           THE STATE HAS MADE A STRONG AND PERSUASIVE

9    ARGUMENT, PUTTING FORTH THIS AS A FIRST CONSIDERATION FOR US.

10          ON THE OTHER HAND, WE ARE FACED WITH THE FACT THAT

11   THIS CASE EXISTS WITHIN THE REALM OF MULTIDISTRICT

12   LITIGATION, WHICH I WILL REFER TO GENERALLY AS MDL.

13          MDL PLACES GREAT EMPHASIS ON CONSISTENCY OF

14   DECISIONS, CONSERVATION OF JUDICIAL RESOURCES, AND EFFICIENCY

15   OF THE COURT PROCESS.

16          THE COURT VIEWS THIS SITUATION SOMEWHAT LIKE THE

17   PROVERBIAL CHICKEN AND EGG QUESTION.

18          IF PENDING BEFORE US WERE ONLY A SIMPLE NON-COMPLEX

19   MOTION INVOLVING JURISDICTION, WE WOULD HAVE LITTLE TROUBLE

20   DETERMINING HOW TO PROCEED.

21          IF THERE WERE NO COMPLEX OR DIFFICULT

22   JURISDICTIONAL PROBLEM OUR DECISION ON A STAY WOULD BE MUCH

23   EASIER.

24          IT IS THE INTERSECTION OF THESE TWO IMPORTANT

25   CONSIDERATIONS THAT CAUSES THE DIFFICULTY IN ANALYSIS OF THIS

07/30/2002 08:23 FAX 212 450 5988          DPW 30-51
Jul-26-02 04:14pm  From-LAZALT & BOARDA,LTD.              +77332247E8      T-235  P.08/25  F-227

8

1    CASE.

2         THE PRINCIPAL PURPOSE OF MDL IS TO ENSURE THAT

3    MULTIPLE CASES AROUND THE COUNTRY OF NATIONAL IMPORTANCE

4    WHICH RAISE SIMILAR ISSUES MAY BE DECIDED IN A CONSISTENT AND

5    EFFICIENT MANNER.

6         IN DETERMINING WHETHER TO STAY THESE CASES PENDING

7    THE MDL DECISION ON TRANSFER, WE CONSIDER THE FOLLOWING

8    FACTORS WHICH APPEAR TO BE SPECIFIC TO MDL CONSIDERATION:

9         ONE, CONSISTENCY OF JUDICIAL OUTCOME.

10        TWO, EFFICIENT RESOLUTION OF THE ISSUES.

11        THREE, JUDICIAL ECONOMY.

12        FOUR, CONVENIENCE OF THE PARTIES AND WITNESSES.

13        FIVE, THE COMPLEXITY OF THE JURISDICTIONAL ISSUES.

14        AND SIX, THE SUFFICIENT LIKELIHOOD THAT THE ISSUES

15   WILL ARISE IN MDL.

16        SEE FOR EXAMPLE, KOHL, K-O-H-L, VERSUS AMERICAN

17   HOME PRODUCTS CORP, 78 FED. SUPP. 2d 885, WESTERN DISTRICT OF

18   ARKANSAS, 1999.

19        STATING THAT THE COURT CONSIDERS "WHETHER THE

20   ISSUES ARE EASILY CAPABLE OF ARISING IN MULTIPLE CASES,

21   WHETHER THE ISSUES INVOLVE QUESTIONS OF LAW IN FACT WHICH

22   RELATE TO THE CASES ALREADY TRANSFERRED TO MDL, AND WHETHER

23   IT WOULD SERVE JUDICIAL ECONOMY TO HAVE THE QUESTIONS

24   RESOLVED BY A SINGLE COURT:

25        THESE FACTORS WE HAVE LISTED ARE DRAWN FROM

07/30/2002 08:24 FAX 212 450 5984          DPW 30-51
Jul-29-02 04:14pm  From-LAZALT & NOMURA,LTD.              +775S224783          T-296  P.10/29  F-227     ⌐011

9

1    NUMEROUS CASES HOWEVER, THOSE ARE CASES WHICH HAVE CONSIDERED

2    STAYS PENDING POSSIBLE TRANSFER TO A MULTIDISTRICT COURT.

3              IN OUR ANALYSIS WE ALSO CONSIDER THE FOLLOWING

4    FACTORS APPLICABLE IN GENERAL TO CONSIDERATION OF STAY

5    MOTIONS:

6              ONE, THE POTENTIAL PREJUDICE TO THE NON-MOVING

7    PARTY.

8              TWO, THE HARDSHIP AND INEQUITY TO THE MOVING PARTY

9    IF THE ACTION IS NOT STAYED.

10             AND THREE, THE JUDICIAL RESOURCES THAT WOULD BE

11   SAVED BY AVOIDING DUPLICATIVE LITIGATION.

12             A DISTRICT COURT HAS THE INHERENT POWER TO STAY ITS

13   PROCEEDINGS, RIVERS VERSUS WALT DISNEY COMPANY, 980 FED.

14   SUPP. 1358, AT 1360, CENTRAL DISTRICT, 1997.

15             THIS POWER IS INCIDENTAL TO THE POWER INHERENT IN

16   EVERY COURT TO CONTROL THE DISPOSITION OF THE CAUSES ON ITS

17   DOCKET, CITING LANDIS VERSUS NORTH AMERICAN COMPANY, 299 U.S.

18   248 AT 254, 1936.

19             THE POWER TO STAY IS NOT ELIMINATED BY A PENDING

20   MOTION TO TRANSFER BEFORE A MULTIDISTRICT LITIGATION PANEL.

21             THE RULES OF PROCEDURE OF THE JUDICIAL PANEL ON

22   MULTIDISTRICT LITIGATION, RULE 1.5, CITING SMITH VERSUS MAIL

23   BOXES ETC. U.S.A., INCORPORATED, 191 FED. SUPP. 2d 1155, AT

24   1157, EASTERN DISTRICT OF CALIFORNIA, 2002, RIVERS, 980 FED.

25   SUPP. AT 1360.

CATHY M. WORKEN, OFFICIAL REPORTER, (775) 324-6777

07/30/2002 08:24 FAX 212 450 5966        DPW 30-31                                    ☑013
Jul-29-02 04:14pm   From-LAXALT & NOMURA,LTD.            +7753224792        T-288  P.11/28  F-227

10

1       WE HAVE EXAMINED MANY CASES WHICH SEEM TO INDICATE
2   THAT JURISDICTIONAL ISSUES SHOULD BE RESOLVED FIRST.
3           SEE FOR EXAMPLE, SHERWOOD VERSUS MICROSOFT, 91 FED.
4   SUPP. 2d 1196, MIDDLE DISTRICT OF TENNESSEE, 2000.
5           TORTOLA RESTAURANTS, L.P. VERSUS KIMBERLY-CLARK
6   CORPORATION, 987 FED. SUPP. 1186, NORTHERN DISTRICT OF
7   CALIFORNIA, 1997.
8           AETNA VERSUS HOECHST, THAT'S H-O-E-C-H-S-T, I'M NOT
9   GOING TO TRY TO PRONOUNCE THE SECOND NAME, I'LL SPELL IT,
10  A-K-T-I-E-N-G-E-S-E-L-L-S-C-H-A-F-T, 54 FED. SUPP. 2d 1042,
11  DISTRICT OF KANSAS, 1999.
12          FARKAS VERSUS BRIDGESTONE/FIRESTONE, INCORPORATED,
13  113 FED. SUPP. 2d 1107, WESTERN DISTRICT OF KENTUCKY, 2000.
14          SMITH VERSUS MAIL BOXES, ETC., 1991, FED. SUPP. 2d
15  1155, 1157, EASTERN DISTRICT OF CALIFORNIA, 2002.
16          THAT LATTER CASE COLLECTS CASES WHERE
17  JURISDICTIONAL ISSUES WERE ADDRESSED BEFORE ANY MOTIONS TO
18  STAY.
19          WE HAVE ALSO EXAMINED MANY CASES THAT INDICATE THAT
20  JURISDICTION SHOULD BE DETERMINED IN THESE CIRCUMSTANCES IN
21  THE MULTIDISTRICT COURT, SEE FOR EXAMPLE, WEINKE VERSUS
22  MICROSOFT, 84 FED. SUPP. 2d 989, EASTERN DISTRICT OF
23  WISCONSIN, 2000, STATING THAT BECAUSE MULTIPLE ACTIONS WERE
24  COMMENCED AND PENDING TRANSFER TO MDL WITH THE SAME ISSUES AS
25  THE PRESENT CASE THE COURT WOULD STAY PENDING TRANSFER IN THE

CATHY M. WORKEN, OFFICIAL REPORTER, (775) 324-6777

07/30/2002 06:24 FAX 212 450 5983        DPW 35-61
Jul-29-61 04:15pm  From-LAXALT & NOMURA,LTD.                   +7783234783        T-888  P.12/28  F-225

11

1   INTEREST OF JUDICIAL ECONOMY AND TO AVOID INCONSISTENT

2   RESULTS.

3          IVY V DIAMOND SHAMROCK CHEMICALS COMPANY, 901 F.2d

4   7, SECOND CIRCUIT, 1990.

5          MEDICAL SOCIETY OF STATE OF NEW YORK VERSUS

6   CONNECTICUT GENERAL CORPORATION, 187 FED. SUPP. 2d 89,

7   SOUTHERN DISTRICT OF NEW YORK, 2001.

8          RIVERS VERSUS WALT DISNEY COMPANY, 980 FED. SUPP.

9   1358, CENTRAL DISTRICT OF CALIFORNIA, 1997.

10         GOOD VERSUS PRUDENTIAL INSURANCE COMPANY OF

11  AMERICA, 5 FED. SUPP. 2d 804, NORTHERN DISTRICT OF

12  CALIFORNIA, 1998.

13         PORTNOY VERSUS ZENITH LAB, 1987, WL 10236, DISTRICT

14  OF COLUMBIA, WHICH STAYED CASES FOR PURPOSES OF COORDINATION

15  OF RELATED CASES AND BECAUSE OF MINIMAL DELAY.

16         HAVING SAID THAT, WE NEXT CONSIDER WHETHER THE

17  ISSUES PRESENTED HERE WOULD LIKELY ARISE IN MDL.

18         IF THE ISSUES HERE ARE UNIQUE ONLY TO THIS CASE,

19  THIS FACTOR WOULD WEIGH STRONGLY IN FAVOR OF DENYING A STAY

20  AND PROCEEDING TO DECIDE THE JURISDICTIONAL QUESTION.

21         THERE DOES NOT SEEM TO BE ANY REAL DEBATE THAT THE

22  UNDERLYING FACTUAL ALLEGATIONS CONCERNING THE ALLEGED

23  MANIPULATIONS OF THE AVERAGE WHOLESALE PRICE AND MEDICAID

24  BEST PRICES ARE LIKELY TO, AND IN FACT HAVE ARISEN IN THE

25  CASES CURRENTLY CONSOLIDATED BEFORE JUDGE SARIS WHO PRESIDES

CATHY M. WORKEN, OFFICIAL REPORTER, (775) 324-6777

07/30/2002 08:24 FAX 212 450 3986        DPW 30-51                              @014
Jul-29-02 04:21pm    From-LATY & NOKIRA,LTC.              +17763214783    T-736  P.12/26  F-227

12

1    OVER THE POTENTIAL MDL TRANSFEREE COURT.

2              THE DEBATE SEEMS TO BE OVER WHETHER THE SPECIFIC

3    JURISDICTIONAL QUESTIONS HERE WILL BE PRESENTED TO JUDGE

4    SARIS.

5              WITH RESPECT TO AMERICAN HOME WE CONCLUDE THAT THE

6    QUESTION OF WHETHER THE CLAIMS MADE HERE ARISE UNDER FEDERAL

7    LAW IS LIKELY TO BE BEFORE JUDGE SARIS IN CONNECTION WITH

8    CASES PENDING BEFORE THE MDL COURT.

9              JUDGE MALLOY IN MONTANA RECENTLY STAYED A VERY

10   SIMILAR CASE IN MONTANA PENDING POSSIBLE TRANSFER TO MDL.

11             THE ORAL ARGUMENTS BROUGHT OUT THE FACT THAT A

12   SIMILAR CASE TO THE MONTANA AND NEVADA CASES HAS BEEN FILED

13   IN MINNESOTA.

14             THE MORE DIFFICULT ISSUE IS WHETHER THE QUESTION OF

15   SEPARATE AND INDEPENDENT CLAIMS WILL ARISE BEFORE JUDGE

16   SARIS.

17             THERE MAY WELL BE A QUESTION AS TO THIS PARTICULAR

18   ISSUE.

19             AS POINTED OUT DURING THE HEARINGS, THE COMBINATION

20   OF ONE FEDERAL CLAIM PLUS MULTIPLE NONREMOVABLE CLAIMS, PLUS

21   FAILURE OF ALL PARTIES TO JOIN IN THE REMOVAL IS NOT A COMMON

22   SITUATION TO BE FOUND IN THIS COURT.

23             SECTION 1441(c) WAS INVOKED IN THE AMERICAN HOME

24   CASE AS A REASON FOR REMOVAL.

25             WE CANNOT TELL IF THIS SPECIFIC ISSUE HAS ARISEN OR

CATHY M. WORKEN, OFFICIAL REPORTER, (775) 324-6777

07/30/2002 08:25 FAX 212 450 5866      DPW 30-51
Jul-29-02  04:21pm  From-DAVIS & KOMURA,LTC.              +17753224783       T-236  P.14/28  F-227

13

1  WILL ARISE IN CONNECTION WITH OTHER MDL CASES, BUT THE
2  PRESENTATION OF THAT ISSUE BY ITSELF IS NOT IN OUR VIEW
3  DETERMINATIVE OF HOW WE SHOULD DECIDE THE STAY ISSUE.
4        IT APPEARS TO THIS COURT THAT THIS CASE MOST
5  CLOSELY RESEMBLES MEDICAL SOCIETY AND IVY IN THAT BOTH ABBOTT
6  AND AMERICA HOME PRESENT COMPLICATED ISSUES LIKELY TO ARISE
7  BEFORE JUDGE SARIS.
8        THIS CASE IS ALSO LIKE MYERS VERSUS BAYER, 143 FED.
9  SUPP. 2d 1044, AT 1049, WESTERN DISTRICT OF WISCONSIN, 2001,
10 WHERE THE DISTRICT COURT'S CONCLUSION WAS THAT BECAUSE THE
11 JURISDICTIONAL ISSUE APPEARS FACTUALLY OR LEGALLY DIFFICULT
12 AND BOTH DIFFICULT AND SIMILAR OR IDENTICAL TO THOSE CASES
13 TRANSFERRED OR LIKELY TO BE TRANSFERRED THAT IT WOULD GRANT A
14 STAY AND ALLOW THE MULTIDISTRICT COURT TO DETERMINE THE
15 JURISDICTIONAL QUESTION.
16       OUR CASE PRESENTS A VIRTUALLY IDENTICAL SITUATION
17 TO MYERS IN OUR VIEW.
18       IN ABBOTT WHETHER THE CLAIMS AGAINST GSK ARE
19 SEPARATE AND INDEPENDENT UNDER 1441(c) IS INDEED A DIFFICULT
20 ISSUE.
21       LIKEWISE IN AMERICAN HOME WHETHER THE MEDICAID
22 FRAUD CLAIM ARISES UNDER FEDERAL LAW IS ALSO A DIFFICULT
23 ISSUE.
24       BECAUSE THE JURISDICTIONAL ISSUES ARE BOTH
25 COMPLICATED AND LIKELY TO ARISE IN OTHER CASES BEFORE THE MDL

CATHY M. WORKEN, OFFICIAL REPORTER, (775) 324-6777

14

1   PANEL, WE BELIEVE A STAY IS THE MOST APPROPRIATE COURSE OF

2   ACTION FOR THESE CASES.

3          IT DOES APPEAR THAT THE CORE OF THE ISSUES BEFORE

4   THIS COURT HAVE ARISEN OR ARE LIKELY TO ARISE IN CASES

5   TRANSFERRED TO THE MDL COURT.

6          THE CLAIMED MANIPULATION OF THE AVERAGE WHOLESALE

7   PRICE AND THE MEDICAID BEST PRICES ARE FACTUALLY AT THE HEART

8   OF THESE CASES.  THE OVERLAP IS SUBSTANTIAL.

9          THIS IS NOT TO SAY THAT THERE MAY NOT BE DISCRETE

10  ISSUES UNIQUE TO THESE CASES WHICH MAY BE UNLIKE OTHER ISSUES

11  BEFORE THE MDL COURT.

12         THESE FACTORS OF CONSISTENCY AND EFFICIENCY WEIGH

13  IN FAVOR OF GRANTING A STAY.

14         IF ANY SUBSTANTIAL NUMBER OF THE ISSUES PRESENTED

15  HERE ARE LIKELY TO ARISE BEFORE JUDGE SARIS, THEN ALLOWING

16  HER TO DETERMINE THEM IN ALL OF THE CASES WILL CERTAINLY

17  PROMOTE CONSIDERATION OF CONSISTENCY.  IT WILL ALSO BE MORE

18  EFFICIENT TO HAVE ONE JUDGE CONSIDER ALL OF THE ISSUES.

19         ON THE QUESTION OF JUDICIAL ECONOMY, THIS FACTOR

20  APPEARS TO WEIGH IN FAVOR OF A STAY.

21         IF MDL TRANSFERS THE CASES THEN JUDGE SARIS WILL BE

22  THE ONE TO EXPEND THE TIME AND RESOURCES TO DETERMINE THE

23  JURISDICTIONAL QUESTION.

24         JUDGE SARIS WILL BE CONSIDERING THESE

25  JURISDICTIONAL ISSUES IN OTHER CASES.

CATHY M. WORKEN, OFFICIAL REPORTER, (773) 326-6777

07/30/2002 08:25 FAX 212 450 5988          DPW 30-81
Jul-29-02  04:21pm   From-LAXALT & NOMURA,LTD.          +7783224782          T-283  P.18/28  F-227          ☑017

15

1       IT WOULD DEFEAT THE PURPOSE OF MULTIDISTRICT

2   CONSOLIDATION WERE WE TO TAKE THE TIME SEPARATELY TO CONSIDER

3   THESE QUESTIONS.

4       WE DO RECOGNIZE THE PERSUASIVE ARGUMENT OF THE

5   STATE, ADOPTED BY SOME COURTS, THAT A DETERMINATION OF THE

6   JURISDICTION FIRST ACTUALLY PROMOTES JUDICIAL ECONOMY BECAUSE

7   IT ALLOWS THE CASE TO PROCEED IN THE PROPER FORM.

8       HOWEVER, WE CONCLUDE IN THESE CASES, WHERE THE

9   JURISDICTIONAL ISSUES ARE DIFFICULT AND LIKELY TO ARISE IN

10  THE MDL CASES, A STAY IS PROPER.

11      THE COURT IN MEDICAL SOCIETY SAID, AND I PARAPHRASE

12  THIS A LITTLE BIT, IF THE UNDERLYING JURISDICTIONAL ISSUE

13  INVOLVES A QUESTION OF LAW OR FACT NOT BOUND UP WITH THOSE

14  INVOLVED IN THE MULTIDISTRICT LITIGATION, OR IF IT WERE

15  FAIRLY OBVIOUS, SUCH AS WHETHER THE PARTIES WERE COMPLETELY

16  DIVERSE, THE PREFERENCE WOULD BE TO RULE ON JURISDICTION IN

17  THE FIRST INSTANCE AND NOT TO WAIT FOR THE MDL PANEL'S

18  TRANSFER DECISION.

19      IN THE VIEW OF THE COURT IF THE JURISDICTIONAL

20  ISSUES WERE SLAM DUNK WE WOULD LIKELY NOT DECIDE THE MOTIONS

21  AS WE ARE DOING.

22      IT IS TO A CONSIDERABLE EXTENT THE COMPLEXITY AND

23  DIFFICULTY OF THESE ISSUES AND THE LIKELIHOOD THAT THE SAME

24  OR SIMILAR ISSUES WILL COME BEFORE THE MDL COURT WHICH MAKES

25  OUR DECISION COME OUT AS IT DOES.

CATHY M. WORKEN, OFFICIAL REPORTER, (775) 324-6777

07/30/2002 05:25 FAX 212 450 5956        DPW 30-51

Jul-29-02 04:21pm   From-LAYALT & MOMBA,LTD.                    +7752214783         T-206  P.17/25  F-237                    016

                                                                                            16

1              I MIGHT NOTE THERE THAT OF COURSE THE TRANSFER IS

2    UP TO THE MDL PANEL, AND I'M NOT TRYING TO DECIDE THAT IN ANY

3    WAY, BUT I THINK WHETHER WE STAY OR NOT DEPENDS ON WHAT MAY

4    LIKELY HAPPEN BEFORE THE MDL PANEL, OR WHAT COULD HAPPEN

5    THERE.

6              THEY MAY DECIDE TO SEND THESE CASES BACK TO US AND

7    NOT TRANSFER THEM, AND WE'RE PREPARED TO PROCEED SHOULD THAT

8    OCCUR.  THAT'S THEIR DECISION TO MAKE.

9              AND OUR STAY WILL SIMPLY WAIT TO SEE WHAT THEIR

10   DECISION IS.

11             THE ISSUE OF CONVENIENCE OF THE PARTIES AND

12   WITNESSES IS NEXT.

13             THIS FACTOR MIGHT WEIGH TO SOME EXTENT AGAINST A

14   STAY.  IT LIKELY WILL BE AN ISSUE THAT THE MDL PANEL WILL

15   CONSIDER IN DETERMINING WHETHER TO TRANSFER THE CASES.

16             CLEARLY IT WOULD BE MORE CONVENIENT FOR THE STATE

17   AND ITS WITNESSES IN NEVADA TO HAVE THE CASES DECIDED IN THIS

18   COURT.

19             THIS CANNOT, HOWEVER, BE SAID NECESSARILY FOR THE

20   DEFENDANTS OR DEFENSE WITNESSES.

21             AT THIS POINT WE CAN'T REALLY TELL WHERE

22   CONVENIENCE LIES.

23             IF THE CASE IS TRANSFERRED TO THE MDL COURT THE

24   STATE WILL HAVE TO PROCEED IN MASSACHUSETTS, YET, AS I WILL

25   COMMENT A LITTLE BIT FURTHER LATER, WITH RAPID AND READY

                 CATHY M. WORKEN, OFFICIAL REPORTER, (775) 326-6777

07/30/2002 06:26 FAX 212 450 5988    DPW 30-51
Ju:-29-02 04:22pm    From-LAULT & KOMBA,LTD.    +7781224785    T-218  P.10/20  F-227

17

1   TRAVEL AND COMMUNICATION IN THIS DAY AND AGE THIS DOES NOT

2   SEEM TO BE A TRULY UNREASONABLE BURDEN.

3       BASED ON CONSIDERATION OF THESE FACTORS, AND WE

4   HAVE CONCLUDED THAT A STAY IS THE CORRECT COURSE OF ACTION, A

5   STAY WILL PROMOTE CONSISTENCY, EFFICIENCY AND JUDICIAL

6   ECONOMY PENDING WHATEVER IS DECIDED BY THE MDL PANEL.

7       IT DOES NOT APPEAR TO THE COURT THAT THE STATE WILL

8   SUFFER ANY REAL PREJUDICE IF JUDGE SARIS RATHER THAN A

9   FEDERAL JUDGE IN NEVADA DECIDES THESE ISSUES OF JURISDICTION.

10      WE DON'T ANTICIPATE THE STATE WOULD BE AFFORDED ANY

11  HOMETOWN ADVANTAGE HERE, AND WE DON'T ANTICIPATE IT WILL BE A

12  DISADVANTAGE TO BE BEFORE JUDGE SARIS, EVEN THOUGH SHE'S NOT

13  A JUDGE SITTING WITHIN THE STATE OF NEVADA AND WILL BE

14  ADDRESSING NEVADA LAW.

15      AND AS I MENTIONED PREVIOUSLY, WE DON'T FIND IT

16  PARTICULARLY PERSUASIVE THAT THE STATE OF NEVADA WILL BE

17  PREJUDICED BY HAVING TO TRAVEL TO BOSTON TO LITIGATE THE CASE

18  SHOULD THAT TRANSFER OCCUR.

19      THE SPECIAL COUNSEL FOR THE STATE OF NEVADA

20  APPARENTLY MAINTAINS OFFICES IN BOSTON AND WILL BE IN BOSTON

21  ALREADY FOR THE OTHER CASES.

22      WE ALSO DO NOT BELIEVE THAT ANY DELAY IN THESE

23  CASES OCCASIONED BY OUR STAY OR BY TRANSFER BY THE MDL WILL

24  UNDULY PREJUDICE THE STATE.

25      THE MDL PANEL WILL HEAR THE CASES ACCORDING TO THE

CATHY M. WORKEN, OFFICIAL REPORTER, (775) 324-5777

07/30/2002 08:28 FAX 212 450 5985          DPW 30-82
Jul-25-02  04:22pm  From-LAXALT & NOMURA,LTD.          +7753224723      T-239  P.18/28  F-327                          ☒020

18

1   INFORMATION PROVIDED AT THE HEARINGS LIKELY IN SEPTEMBER, AND

2   WILL DETERMINE WHETHER TO ENTER A TRANSFER ORDER.

3          THE ISSUES HAVE BEEN FULLY BRIEFED AND IF THE CASES

4   ARE TRANSFERRED TO THE MDL COURT IT SHOULDN'T TAKE THE

5   TRANSFERRE COURT TOO MUCH LONGER THAN IT WOULD TAKE THIS

6   COURT TO DECIDE THESE ISSUES.

7          THEREFORE, MS. CLERK, YOU WILL ENTER THE FOLLOWING

8   ORDERS:

9          THE MINUTES HERE SHOULD BE FILED IN BOTH CASES AND

10  SHOULD BEAR BOTH HEADINGS.

11         IN THE ABBOTT CASE, WHICH IS STATE OF NEVADA VERSUS

12  ABBOTT LABORATORIES, ET AL., CV-N-02-0080, IT IS ORDERED THAT

13  THE MOTION FOR RECONSIDERATION, NUMBER 88, IS DENIED.

14         THE CASE CONTINUES TO BE STAYED PENDING A DECISION

15  ON TRANSFER BY THE MDL PANEL.

16         IN THE AMERICAN HOME CASE, WHICH IS STATE OF NEVADA

17  VERSUS AMERICAN HOME PRODUCTS, ET AL., CV-N-02-0202, REFERRED

18  TO AS THE AMERICAN HOME CASE, IT IS HEREBY ORDERED THAT THE

19  MOTION FOR STAY, NUMBER 25, IS GRANTED.

20         THIS CASE IS STAYED PENDING A DECISION ON TRANSFER

21  BY THE MDL PANEL.

22         AGAIN, I THANK COUNSEL FOR YOUR HELP AND WE WILL

23  STAND ADJOURNED.

24         (COURT ADJOURNED, 2:00 P.M.)

25

CATHY M. WORKEN, OFFICIAL REPORTER, (775) 324-5777

07/30/2006 08:26 FAX 212 450 3988        DPW 30-51
AUG-29-02 04:22pm  From-LAXALT & NOMURA,LTD.              +7783224788      T-251  P.28/29  F-227

                                                                                    19

1        I HEREBY CERTIFY THAT THE FOREGOING IS A TRUE AND
         CORRECT COPY OF THE PROCEEDINGS HELD IN THE
2        ABOVE-ENTITLED ACTION.

3        _____          _____
         DATE                     CATHY M. WORKEN, CCR, RPR
4                                 OFFICIAL COURT REPORTER
                                  400 SOUTH VIRGINIA STREET
5                                 RENO, NEVADA 89501
                                  (775) 324-6777
6

7                                 ---oOo---

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25


         CATHY M. WORKEN, OFFICIAL REPORTER, (775) 324-6777

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA
RENO, NEVADA

THE STATE OF NEVADA,

          Plaintiff,                 CV-N-02-202-ECR (RAM)

vs.                            MINUTES OF COURT

AMERICAN HOME PRODUCTS CORPORATION,    Date:  July 26, 2002
et al.,

          Defendants.

THE STATE OF NEVADA,

          Plaintiff,                 CV-N-02-80-ECR (RAM)

vs.

ABBOTT LABORATORIES, INC., et al.,

          Defendants.

PRESENT: EDWARD C. REED, JR., SENIOR U. S. DISTRICT JUDGE

Deputy Clerk:  Colleen Larsen;  Reporter:  Cathy Worken

Counsel for Plaintiffs:  David Wasick;  L. Timothy Terry

Counsel for Defendants:  Steve Hudspeth;  J. Thomas Susich;
Robert Hubbell;  Matthew Larrabee;  Joseph Young;  Ron Castle;
Clark Vellis;  Kimberley Harris;  Ellen Winograd;  Paul Schleifman;
Ron Castle;  Vonn Jenkins;  Leigh Goddard;  Kimberly Dunne;
Bruce Beesley;  Fred Harold;  David Francis;  Eric Gill;  Doug Brown;
Chris Cook;  David Potter

MINUTES OF CONTINUED HEARING MOTION FOR TEMPORARY STAY (#25),
MOTION TO REMAND (#30) (in CV-N-02-202-ECR), and MOTION FOR REMAND
(#15), MOTION TO STAY (#74), (in CV-N-02-80-ECR):

At 1:39 P. M. Court convenes.

The Court announces its findings and decision for the record.

122

CV-N-02-202-ECR
CV-N-02-80-ECR

IT IS HEREBY ORDERED that the motions to stay (#25 in CV-N-02-202-ECR, and #74, in CV-N-02-80-ECR), are hereby GRANTED, and the cases are stayed pending a decision on transfer by the MDL Panel.

IT IS FURTHER ORDERED that the motions for remand (#19, in CV-N-02-202-ECR, and #74, in CV-N-02-80-ECR), are hereby DENIED.

IT IS FURTHER ORDERED that the motion for reconsideration (#86, in CV-N-02-80-ECR), is hereby DENIED, and the case continues to be stayed pending a decision on transfer by the MDL panel.

At 2:00 P. M. Court adjourns.

LANCE S. WILSON, CLERK
By _____
Deputy